## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL NO.  2327

---------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER #1
(Initial Conference and Case Management)

The court finds that the civil actions transferred to this court as part of this MDL merit

special attention as complex litigation and **ORDERS:**

1.      APPLICABILITY OF ORDER--- Prior to the initial pretrial conference and the entry of a

comprehensive order governing all further proceedings in this case, the provisions of this

Order shall govern the practice and procedure in those actions that were transferred to this

court by the Judicial Panel on Multi District Litigation ("Panel") pursuant to its order of

February 7, 2012, as well as all related actions originally filed, transferred to or removed to

this court.  This Order will also apply to any "tag-along actions" later filed in, removed to

or transferred to this court.

2.      CONSOLIDATION---The civil actions described in paragraph 1 of this Order are

consolidated for pretrial purposes only.  Any "tag-along" actions later filed in, removed to

or transferred to this court, or directly filed in the Southern District of West Virginia, will

automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3.     DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE—Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on **April 13, 2012, at 9:00 a.m.**, in Judge Joseph R. Goodwin's courtroom, Room 7800, United States Courthouse, 300 Virginia St. East, Charleston, West Virginia.  Counsel are expected to familiarize themselves with the *Annotated Manual for Complex Litigation, Fourth*  ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.  The items listed in MCL 4th Sections 22.6, 22.61, 22.62 and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions.  If the parties have any suggestions as to the case management orders or additional agenda items, including suggestions on counsel structure,these should be faxed to (304) 347-3193 or otherwise submitted to the court by April 6, 2012.

4.     POSITION STATEMENT AND NOTICE OF PENDING MOTIONS---The plaintiffs and the defendants shall submit to the court by April 6, 2012, a brief written statement indicating

2

their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues, as well as a list of all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known.  **These statements will not be filed with the Clerk of the court**, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. Each party is limited to one submission. Each party shall submit a courtesy copy of their position statement to opposing counsel. The parties' statements shall also include an attachment detailing the motions pending in the member cases of this MDL at the time of their transfer to this court by the Panel.  Each motion shall be identified by member case number and style, as well as by the document number assigned to the motion.  Counsel shall also file this list with the Clerk's office as "Notice of Pending Motions" in 2-12-md-2327 under Other Documents > Ethicon Notice of Pending Motions. The Notice of Pending Motions filed in this MDL will serve as re-notice for resolution.  The re-noticed motions will be considered pending as of the date of the filing of the Notice of Pending Motions.

5.  APPEARANCE---Each party represented by counsel shall appear at the initial pretrial conference through his or her attorney, who will have primary responsibility for the party's interest in this litigation.  Parties not represented by counsel must appear in person.  To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference.  A party will not by designating an attorney to represent its interest at the conference be precluded from other representation during the litigation.  Attendance at the conference will not waive objections to jurisdiction, venue, or service.

6.    SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on counsel of record appearing in these cases. The docket is the official record of the service list. The Clerk's office maintains a comprehensive Panel Attorney Service List for this MDL as a reference on the court's MDL website. The website posting of this service list is intended as a courtesy to counsel and the information found there is not considered part of the official record of this proceeding. Names are added to this list within five business days of a case being filed; therefore, the website repository may not on any given day include a complete service list of all counsel. Counsel should periodically review the Panel Attorney Service List on the MDL website and advise the Clerk's office of any necessary updates. Any attorney who wishes to have his/her name added to or deleted from the Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on the service list.  Forms to facilitate such requests are available on the court's MDl website.  If counsel submits a request to be removed from the Panel Attorney Service List,  they will remain counsel of record but will no longer receive service via Notice of Electronic Filing (NEF).   The parties shall present to the court at the initial conference a comprehensive list of attorneys and their office addresses, fax numbers and e-mail addresses for purposes of service.  Each attorney must designate with which party they are associated.   Liaison counsel are responsible for assuring service of this order and all future documents on opposing *pro se* parties.

7.    EXTENSION AND STAY---Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this court.  Pending the

initial conference and further orders of this court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.

8.      PREVIOUS ORDERS---Any orders, including protective orders, previously entered by this court or any transferor court, shall remain in full effect unless modified by this court.

9.      MASTER DOCKET FILE---Any pleading or paper shall be filed electronically according to this district's *Administrative Procedures for Electronic Case Filing* available at www.wvsd.uscourts.gov.  The Clerk of the court will maintain a master docket case under the style "In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation" and the identification "MDL No. 2327." All papers filed in these actions shall bear the identification "MDL Docket No. 2327".  When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "THIS DOCUMENT RELATES TO ALL CASES" and shall be filed electronically in 2:12-MD-2327.   When a pleading is intended to apply to less than all cases, this court's civil action number for each individual case to which the document(s)  relate shall appear immediately after the words: "THIS DOCUMENT RELATES TO . . . ."  and shall be filed electronically in each member case to which the document(s) applies.  The following is a sample of the pleading style:

> In Re:  Ethicon, Inc.,
>         Pelvic Repair System                  MDL No. 2327
>         Products Liability Litigation
>
>    THIS DOCUMENT RELATES TO. . . :

10.     FILING---Any pleading or paper filed in any of these actions shall be filed electronically with the Clerk of this court and not with the transferor district court.

11.     DOCKETING---When an action that properly belongs as a part of <u>In re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation</u> is filed in the Southern District of West Virginia or transferred here from another court, the Clerk of this court shall:

      a.     File a copy of this Order in the separate file for such action, and

      b.     Make an appropriate entry on the master docket sheet.

12.     APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this court.  Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rule of Civil Procedure 83.6 are waived.  Association of local counsel is not required.  Counsel in a newly filed or transferred action will be required to complete (1) the Electronic Case Filing System Attorney Registration Form ("Registration Form"), and (2) the Notice of Attorney Appearance and Counsel Contact Form ("Notice") available at <u>www.wvsd.uscourts.gov</u>. After completing the Registration Form, counsel will receive a CM/ECF login enabling them to electronically file the Notice.

13.     HEARINGS---The court does not conduct motion hearings.  If the court deems a hearing necessary, it will be scheduled in due course.

14.     REMAND STIPULATIONS---In the event that a case is remanded, counsel shall jointly furnish to the Clerk in this District a designation, by document number, of the contents of the record to be transmitted for remand to the transferor court.

15.     PRESERVATION OF EVIDENCE---All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents,

data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

16.    DISCOVERY---All discovery disputes are referred to the Honorable Mary E. Stanley, United States Magistrate Judge.

17.    FILING OF DISCOVERY REQUESTS---In accordance with Local Rule of Civil Procedure

26.3(a), discovery requests and responses are not to be filed with the Clerk nor sent to the undersigned, except when specifically directed by the court. Certificates of service of discovery materials shall be filed.

18. LIAISON COUNSEL AND DEFENSE COUNSEL---**Prior to the initial conference**, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on three recommendations for the position of plaintiffs' liaison counsel and one nomination for defendants' liaison counsel. The parties should submit to the undersigned in writing the recommendations along with each nominees' resume or curriculum vitae, educational background, licensing status, a short list of relevant experience with cases in similar areas, and a certificate of good standing from the highest court from the individuals' jurisdiction. **These recommendations should not be filed with the Clerk of the court**. At this stage, liaison counsel will be responsible for coordinating administrative matters. The duties of liaison counsel are enumerated in the MCL 4th. The court will give great weight to the recommendations submitted and supporting materials when selecting liaison counsel. Counsel for the defendants shall also, to the extent they have not already done so, confer and seek consensus on recommendations for the position of defendant's lead counsel. The defendants should submit to the undersigned in writing the recommendations along with the information set forth above.

19. PLAINTIFFS STEERING COMMITTEE AND LEAD COUNSEL---It is the court's intention to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. Lead Counsel will be appointed by the court from among the members of the PSC. Applications

8

or nominations for the PSC positions must be electronically filed with the Southern District of West Virginia's Clerk's Office using the event *"Application or Nomination for Plaintiffs' Steering Committee"* found under *Civil>Other Filings>Other Documents* in CM/ECF, **on or before March 30, 2012**. The main criteria for PSC membership will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant considerations. No submissions longer than three (3) pages will be considered. Only those attorneys who have instituted a civil action in this litigation will be considered for PSC service.

Written objections may be made to the appointment of a proposed applicant or nominee. Objections must be electronically filed with the Clerk using the event *"Objections to Application or Nomination"* found under *Civil>Other Filings>Other Documents* in CM/ECF, **on or before April 6, 2012**. Any objections should be concise yet thorough and have any necessary documentation attached.

The PSC will have the following responsibilities:

**Discovery**

(1)     Initiate, coordinate and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multidistrict litigation.

(2)     Develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)     Cause to be issued in the name of all plaintiffs the necessary discovery requests,

motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)　Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. With regard to depositions, only two members of the PSC or counsel duly authorized by them may question each deponent, provided that the second questioner avoids repetitiveness.  No attorney for a plaintiff may be excluded from attending the examination of witnesses or other proceedings. Plaintiff attorneys may also suggest questions to be posed to deponents through the designated PSC members provided that  the questions are not repetitious.

**Hearings and Meetings**

(1)　Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or to the court.

(2)　Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(3)　Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(4)　Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**Miscellaneous**

10

(1)    Submit and argue any verbal or written motions presented to the court or Magistrate Judge on behalf of the PSC as well as oppose when necessary any motions submitted by the defendants or other parties that involve matters within the sphere of the responsibilities of the PSC.

(2)    Negotiate and enter into stipulations with defendants regarding this litigation.  All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for court approval and will not be binding until the court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall file with the court a written objection within ten (10) business days, without further time for mailing, after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the time allotted shall be deemed a waiver, and the stipulation will bind the dilatory party.

(3)    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case instituted in this litigation.

(4)    Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

(5)    Prepare periodic status reports summarizing the PSC's work and progress.  These reports shall be submitted to the Plaintiff's Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

(6)    Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the court's orders.

(7)    Perform such other functions as may be expressly authorized by further orders of this

court.

Co-Liaison Counsel and PSC members shall be entitled to seek reimbursement for fees and costs expended at the time and in a manner approved by the court.

20.    COMMUNICATIONS---Unless otherwise ordered, counsel must communicate with the court in writing, with courtesy copies to all counsel. Communications with the court and submissions which are not to be filed with the Clerk may be sent to angie_volk@wvsd.uscourts.gov. The communication of information among and between plaintiffs' and defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded counsel's work product.

Significant orders and opinions will be published on the court's website at www.wvsd.uscourts.gov/MDL/ethicon.   The website repository may not include a complete inventory of all orders and opinions entered by the undersigned. The website posting of these orders and opinions is intended as a courtesy to counsel and the documents found there not considered part of the official record of this proceeding.  The official record is available via PACER or at the public terminal located in the reception area of the Clerk's office.

The court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation, and counsel of record.

ENTER:        February 29, 2012

Joseph R. Goodwin, Chief Judge

12