IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PEVLIC REPAIR SYSTEMS          MDL No. 2327
PRODUCTS LIABILITY LITIGATION
--------------------------------------------------------    JUDGE GOODWIN
This Document Relates to all Cases
--------------------------------------------------------

### RICHARD J. ARSENAULT'S
### PLAINTIFFS' STEERING COMMITTEE APPLICATION

      MDL Judges are encouraged to appoint counsel who are vigorous advocates, constructive problem solvers and civil with each other as well as their adversaries. As the Manual for Complex litigation states, "Few decisions by the court in complex litigation are as difficult and sensitive as the appointment of designated counsel."[1]

      My experience with complex litigation began over 30 years ago. Since that time, I have been consistently litigating, lecturing and writing on the topic.[2] (I have over 300 articles and presentations listed on my CV.) I am the co-author of the chapter on Multidistrict Litigation in a recently published American Bar Association treatise[3] and was also asked by Judge Heyburn, JPML Chair, to participate in the Panel's "Multidistrict Litigation Study Project."

      I have been appointed by state and federal courts throughout the country to serve in leadership capacities, including lead counsel, liaison counsel, settlement counsel and executive committee chair, in some of the most complex litigation in the nation, including over 20 high-profile MDLs.[4] I have been appointed to MDL trial teams, MDL settlement teams and have personally participated in negotiating over $1 billion in MDL-related recoveries in the last five years. I have also been appointed to a variety of MDL Federal/State Coordination Committees.[5]

---

[1] *Manual for Complex Litigation Fourth* provides helpful analyses and recommendations regarding, inter alia, the organization of complex cases such as this one, as the responsibilities and duties of counsel appointed to lead such actions. *See Manual for Complex Litigation Fourth*, Federal Judicial Center West, § 10.2, § 10.21, § 10.221, § 10.224). Similarly, Rule 23(g) of the Federal Rules of Civil Procedure, as well as the *Manual*, provides guidelines for appointment of "interim class counsel" in putative class actions.

[2] My CV is available at http://www.nbalawfirm.com/images/uploads/curriculum_vitae/RJA_Full_CV_Latest.pdf.

[3] A copy of this chapter is available at
http://www.nbalawfirm.com/images/uploads/A_Practitioner_s_Guide_to_Class_Actions.pdf.

[4] What follows is an illustrative list of my PSC appointments by the federal bench: Vioxx MDL No. 1657; Toyota MDL No. 2151; Guidant MDL No. 1708; Educational Testing Service Praxis MDL No. 1643; Propulsid MDL 1355; OCA, Inc. Securities and Derivative MDL No. 2165; Bextra/Celebrex MDL No. 1699; Medtronic MDL No. 1726; High Sulfur Content Gasoline Products Liability MDL No. 1632; Ortho Evra MDL No. 1742; Rice Contamination MDL No. 1811; Medtronic Sprint Fidelis Leads MDL No. 1905; Zicam MDL No. 2096; NuvaRing Products MDL No. 1964; Kaba Simplex Locks MDL No. 2220, Imprelis MDL No. 2284, DePuy Pinnacle MDL No. 2244, and Actos MDL No. 2299.

[5] Examples include: Propulsid, MDL 1355, appointed by Judge Fallon as Chair of the Federal/State Coordination Committee; Vioxx, MDL 1657, served as the PSC Liaison to Federal/State Coordination Committee; and PPA, MDL 1407, appointed by Judge Rothstein to Federal/State Coordination Committee.

I served as co-counsel with Professor Arthur Miller in Baycol, MDL 1408, where the Plaintiff Steering Committee asked us to argue the class certification motion in Minneapolis. Later, at a class action fairness hearing in another federal court, Professor Miller, while testifying regarding class action related issues, described me as one of the "leaders in the area of complex litigation." Similarly, Professor Edward Sherman, former dean of the Tulane Law School, with whom I have participated in CLE panel presentations and for whom I have served as a guest lecturer at Tulane Law School, likewise has described me as one of the "experts" in class actions.

Observations from the bench regarding prior MDL leadership appointments are particularly instructive.  U.S. District Judge Donovan Frank appointed me to serve as Co-Lead Counsel in Guidant MDL 1708. As the litigation came to a close, the court acknowledged lead counsels' significant mass tort experience and explained:  "This experience benefitted immensely the court's ability to effectively and expeditiously move the case along, and more importantly, this experience benefitted the individual plaintiffs."  The Guidant MDL presented many unique challenges and much of my time as Co-Lead Counsel was spent in critical management efforts which were essential to coordinating the litigation. Again, this did not go unnoticed by Judge Frank who remarked:  "The attorneys had superb case management experience that permitted them to efficiently handle this complex case.  Had it not been for the skill of counsel, there may have been no settlement and no recovery for the plaintiffs here at all." As one of the lead negotiators in the Guidant litigation, I was involved in every step of the process, all of which was directly supervised by Magistrate Arthur Boylan, who noted that the negotiations were some of the "most complex" that he had been involved in and praised the "professionalism, competence and skill of counsel" during the settlement process. Judge Frank stated that Magistrate Boylan's observations were consistent with what the court had observed throughout the case as well.

I served as co-lead counsel in the New Iberia Train Derailment litigation before U.S. District Judge Rebecca Doherty. At a fairness hearing, Judge Doherty made the following remarks:  "This is a matter where counsel took it upon themselves to take this out of the norm and to handle it creatively, and they have handled it efficiently, … and it has been reflective of the collective talent, experience, and ability of the attorneys involved..."  "I think the novel manner in which this was handled is extremely laudable…"  "The experience, reputation, and ability of the attorneys is exemplary.  I think the curriculum vitaes point that out, and I don't think it's every day that you have someone of Mr. Arthur Miller's stature who says that you have some of the best in the country working in a given case.  That is high praise not unnoted by this Court..."  Judge Doherty later asked us to make a presentation at a Fifth Circuit Judicial Conference to share the creative and unique techniques employed in the litigation.

My commitment to legal excellence is reflected in decades of service which has included teaching at law schools, publishing law review articles, lecturing at Judicial Colleges and Fifth Circuit Judicial conferences and assuming leadership roles in both local, as well as national bar associations.  I have been appointed to numerous editorial boards and have made presentations throughout the U.S. and Canada on a variety of mass tort, class action and complex litigation related topics.  I have authored many Law review articles, including one published in the Federal Courts Law Review.[6]

---

[6] Other recent publications include: "The Increasing Central Role of Bellwether Trials and MDL's" published in *The Brief*, quarterly magazine of the ABA Tort Trial & Insurance Practice Section. "Settlement Strategies for Complex

I support the structure recommended by Bryan F. Aylstock, Henry G. Garrard, III and Fred Thompson, III.   More specifically, I have a close working relationship with Harry Bell, the Liaison Counsel they propose.  I have great respect for Harry and I am confident that his professionalism, collegiality and leadership skills will serve this MDL very well.  I have been active in the Trans-Vaginal Mesh litigation through my participation in many organizational meetings and regular conference calls. [7] I chaired Trans-Vaginal Mesh symposiums in Savannah and Miami with over 200 plaintiff and defense lawyers in the audience on each occasion.  Additionally, I am chairing a similar symposium in San Diego later this week. This has provided a unique opportunity to network nationwide with counsel involved in this litigation.

No doubt the Plaintiff Steering Committee will face many challenging issues.  The good news is that complex litigation, for both the bench and bar, always provides an opportunity for creative thinking.  MDL 2325 will be no different.

Your Honor indicated the main criteria for PSC membership will be (a) a willingness and availability to commit to a time consuming project; (b) the ability to work cooperatively with others; and (c) professional experience in this type of litigation.  I respectfully submit I possess these qualifications.  As an officer of the court, and as a member of the Louisiana, Texas, Colorado and Washington, D.C. Bars, I respectfully submit that I have the requisite experience and resources to serve on the Plaintiffs' Steering Committee and am willing to commit to this challenging MDL process.

Dated: March 26, 2012                              Respectfully,

**NEBLETT, BEARD & ARSENAULT**

By: */s/ Richard J. Arsenault*
Richard J. Arsenault (LA Bar Roll #02563)
rarsenault@nbalawfirm.com
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA  71309
Telephone:  (318) 561-2500
Facsimile:  (318) 561-2592

---

Global Litigation" published in "*TRIAL*", the Journal of the American Association of Justice. "Class Action Settlement of 'Future Claims'" which appeared in a recent edition of the Louisiana Trial Lawyers Association publication. "Gathering Digital Data" published in "*TRIAL*", the Journal of the American Association of Justice. "Daubert in Class Certification" published in the Louisiana Bar Journal. "Will Daubert Challenge Your Class Certification?" published in *"TRIAL",* the Journal of the American Association of Justice. "Precertification Discovery: A User's Guide" published in the Tulane Law Review, 80 Tul. L. Rev. "Multidistrict Litigation and Bellwether Trials: Leading Litigants to Resolution in Complex Litigation" published in *The Brief*, quarterly magazine of the ABA Tort Trial & Insurance Practice Section.

[7] I represent Marcia and Mark Stone in claims against Ethicon, Inc., Ethicon Women's Health & Urology, a Division of Ethicon, Inc., Gynecare and Johnson & Johnson, Case No. 2:12-cv-00274 in D. Arizona.