UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL NO. 2327 |

APPLICATION FOR APPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE

Pursuant to Pretrial Order 1 ("PTO" 1), I, Edward A. Wallace, seek Appointment to the Plaintiffs' Steering Committee ("PSC"), and address the Court's core criteria as follows:

**I. Professional Experience in this Type of Litigation**

I am counsel of record in both federal and state court actions against all the major Defendants in this litigation ("TVM Litigation").[1] My firm has worked with lawyers nationwide on pretrial discovery, and our firm has one of the cases selected for the bellwether trial pool in *In Re: Pelvic Mesh/Gynecare Litigation,* which is pending in Atlantic County, New Jersey. I am working with plaintiffs' counsel (who are also applicants to this PSC) on the many pre-trial procedural issues imperative to efficient litigation of these cases, including briefing and arguing motions in the consolidated AMS Delaware litigation that will help focus some of the early

---

[1] I am actively involved in the following TVM litigation: *In Re: Pelvic Mesh/Gynecare Litig.* and *In Re: Pelvic Mesh/Bard Litigation* pending in Superior Court of New Jersey; *In Re: AMS Pelvic Mesh Product Liability Litig.,* Superior Court of the State of Delaware; *In Re: American Medical Systems, Inc. Litig.*; State of Minnesota, Fourth Judicial District; *In Re: Mentor Corp. ObTape Transobturator Sling Products Liability Litig.*; MDL Case No. 2004; USDC Middle District of Georgia; and *In Re: Specifically Assigned Mesh Implant Cases*; Commonwealth of Massachusetts, Superior Court of Middlesex County.

issues in these MDLs. I continue to work with defense counsel for AMS to resolve the disputed issues without court involvement whenever possible.

In addition to my recent work in the TVM Litigation, I have substantial experience in other mesh cases. I am a member of the PSC in *In re Kugel Mesh Hernia Patch Prod. Liability Litig,* MDL No. 1842 (D.R.I.). In that medical device mass tort, I am the chair of the Law and Briefing Committees in both Rhode Island state court and the consolidated Federal proceedings. I worked every facet of the litigation, from pre-trial motions and all the way through post-trial briefing. I was also a member of the Federal and State bellwether trial teams.

**II. Ability to Work Cooperatively With Others**

I have a strong reputation for working with both co-counsel and defense counsel towards efficient, fair, and just resolution of these types of cases. In addition to working with national defense counsel for AMS to resolve pre-trial procedural issues in the Delaware TVM litigation, my work in the hernia mesh cases has allowed me to serve as co-chairman of the American Association for Justice's Kugel Mesh Litigation Group, where I have worked since 2007 with lawyers around the Country to advance the legal, scientific and medical issues in mesh cases.

Like some of the other applicants, my peers have rated me "AV-Preeminent" by Martindale-Hubbell; I was also selected as a "local litigation star" in the inaugural issue of Benchmark Plaintiffs 2011 and have been recognized by Superlawyers as a "Rising Star." My work ethic and ability to work cooperatively with others, however, is perhaps most recently demonstrated by a case that was referred to me by a prominent defense firm involving the dissipation of trust funds by a Wall Street investment bank. As lead counsel, I worked directly with thirteen different defense firms, the Comptroller of the State of Illinois, and the Office of the Illinois Attorney General. Judge Patrick Murphy described the resolution as a "remarkable

2

settlement under all the circumstances." *Tipsword v. I.F.D.A. Services, Inc. et al.*, 3:09-cv-00390, Transcript of hearing at 9 (S.D. Ill. Feb. 17, 2012) (preliminarily approving $41,250,000 settlement). At our firm, we pride ourselves on this coordination and professionalism; we litigate aggressively and efficiently, but with mutual respect for our colleagues and adversaries.

### III. Willingness and Availability to Commit to a Time-Consuming Project

I have full respect for the resource and time commitment that these cases require.[2] I am fully capable of going the distance with the necessary personnel and financial resources and have done so before. Additionally, my firm is not hindered by an excessive caseload and I have declined the opportunity to work on other matters because I am committed to these cases.

There are many excellent lawyers and firms representing plaintiffs and defendants in this litigation and I would be honored to continue to work with them and the Court as a member of the PSC. I have reviewed and support the *Plaintiffs' Proposed Organizational Structure* plan filed with the Court for MDL 2325, 2326, and 2327 on March 19, 2012. I respectfully request that this Court appoint me as a member of the Plaintiffs' Steering Committee of MDLs 2325, 2326, and 2327.

Dated: March 28, 2012

Respectfully submitted,

/s/ Edward A. Wallace
Edward A. Wallace
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 346-2222 – Telephone
(312) 346-0022 – Facsimile
eaw@wexlerwallace.com

---

[2] *See* e.g., *In re: Pharmaceutical Indus. Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.) (co-leads against twenty-two pharmaceutical manufacturers resulting in approximately $330,000,000 recovery); *New England Carpenters Health Benefits Fund v. First DataBank,* No. 1:05-cv-11148 (D. Mass.) (co-leads in RICO action resulting in a $350,000,000 settlement with one defendant); *In re Medtronic, Inc., Implantable Defibrillators Prod. Liability Litig.*, MDL No. 1726 (D. Minn.).