IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
     PELVIC REPAIR SYSTEM
     PRODUCTS LIABILITY LITIGATION

                                     MDL No. 2327

-----------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 12**
(Master and Short Form Complaint and Master Responsive Pleadings; Direct Filing)

To eliminate the delays associated with the transfer of cases filed in or removed from other federal district courts to this court as part of MDL No. 2327, to promote efficiency and to accommodate plaintiffs who wish to bring claims against defendants in more than one pelvic repair system MDL, it is **ORDERED** as follows:

A.   General.

    (1) The attached Master Long Form Complaint and Jury Demand ("Master Complaint") against Ethicon, Inc. ("Ethicon"), Ethicon, LLC ("Ethicon, LLC") and Johnson & Johnson ("J&J"), the Short Form Complaint against Ethicon and others, and the defendants' Master Answers and Jury Demands ("Answers") have been presented to the court, and the court **DIRECTS** that the Clerk file the same.

    (2) The court refers the parties to Exhibit A, "Filing Instructions for Short Form Complaint," which is appended to this Order.

    (3) All factual allegations pled in the Master Complaint and all responses pled in Ethicon's, Ethicon, LLC's and J&J's Answers are deemed pled in any previously

filed Complaint and Responsive Pleading now pending in this MDL proceeding, and in any Short Form Complaint and Entry of Appearance hereafter filed; provided, however, the Master Complaint is applicable only as against Ethicon, Ethicon, LLC and J&J.

B. Directly Filed Cases.[1]

(1) Subsequent to the filing of this Order, all actions filed directly in this MDL against the defendants named in the Master Complaint, Ethicon, Ethicon, LLC and J&J, shall be filed by the Short Form Complaint.

(2) Subsequent to the filing of this Order, if a plaintiff alleges she was implanted with products manufactured or marketed by defendants in more than one MDL (i.e., plaintiff was implanted with an Ethicon product and a product manufactured by a defendant named in a Master Long Form Complaint in MDL Nos. 2187, 2325 or 2326) and has claims against all such defendants, then the plaintiff may choose in which MDL to initially file. However, such a plaintiff must check off each applicable defendant on the Short Form Complaint.

(3) For those cases filed directly in MDL No. 2327 prior to the entry of this Order, plaintiff shall file the attached Short Form Complaint within 90 days of the entry of this Order so long as the plaintiff names only defendants named in the Master Complaint in this MDL (and any defendant(s) named in the Master Complaints in the three other MDLs cited above). If a plaintiff filed directly in this MDL prior to the entry of this Order and named defendants other than those named in Master Complaints in this or the other three MDLs assigned to the court, direct filing was

---

[1] A "Directly Filed Case" is a case filed in the Southern District of West Virginia for inclusion in this MDL, but the Southern District of West Virginia does not necessarily have personal jurisdiction over the parties.

inappropriate, and the plaintiff should either dismiss the inappropriately named defendants or dismiss the direct filed case without prejudice and pursue her claims in her home district with subsequent transfer through the MDL Panel.

(4) This court shall not be deemed to be the "transferor court" simply by virtue of the action having been directly filed into MDL No. 2327. The direct filing of actions in MDL No. 2327 in the Southern District of West Virginia is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407 and, the parties submit to this court's personal jurisdiction and venue in the Southern District for those purposes only. Upon completion of all pretrial proceedings applicable to a case directly filed in the Southern District, the defendants do not intend to waive their rights to transfer any case in this MDL to a court of proper venue under 28 U.S.C. § 1406(a). At the conclusion of all pretrial proceedings, the court, pursuant to 28 U.S.C. § 1404(a), will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case, or on its own determination after briefing from the parties if they cannot agree. In an effort to avoid serial objections to venue in a single action, plaintiff shall identify in response to a defendant's venue objection, proposed alternative venues in order of preference, so that the court can consider at the same time, any objections to plaintiff's alternative choices.

C. Cases Transferred by the Judicial Panel on Multidistrict Litigation ("MDL Panel").[2]

    (1) For those cases transferred to MDL No. 2327 from another Federal District Court by the MDL Panel prior to the entry of this Order, plaintiffs who only named defendants named in Master Complaints in this or the other three MDLs assigned to the court shall file a Short Form Complaint within 90 days of the entry of this Order. For those cases transferred after the entry of this Order, any plaintiff as described above shall file a Short Form Complaint within 30 days of being assigned a member case number in MDL No. 2327. For those cases transferred to MDL No. 2327 by the MDL Panel before or after the entry of this order, wherein the plaintiff has named defendants named in Master Complaints in this or the other three MDLs **AND** additional defendant(s) other than those named in Master Complaints, the plaintiff need not file a Short Form Complaint.

    (2) Upon completion of the pretrial proceedings relating to a civil action as determined by this court, civil actions in this MDL which were transferred to this court by the MDL Panel shall be transferred for further proceedings to the District Court from which such action was transferred to this MDL.

D. All Cases.

    (1) If a plaintiff files a Short Form Complaint in compliance with this Order that omits a defendant previously named in the prior complaint, it is the responsibility of that plaintiff to dismiss that defendant in compliance with Rule 41 of the Federal Rules of Civil Procedure. The court strongly encourages dismissal by notice or stipulation where permitted by Rule 41(a)(1)(A)(i) or (ii), rather than by court order. If a

---

[2] A "Case Transferred by the MDL Panel" is a case filed in a district other than the Southern District of West Virginia and subsequently transferred to the Southern District by the MDL Panel.

plaintiff names an additional defendant not named in the prior complaint, the plaintiff must comply with Rule 4 as to the new defendant. To the extent any change in parties suggests that the case should be in a different MDL, a Short Form Complaint should be accompanied by a motion to transfer MDLs with a proposed order.

(2) Each Short Form Complaint shall indicate those counts in the Master Complaint that are being asserted in the individual case and the specific consumer protection statute, if any, upon which the plaintiff relies.

(3) The defendants named in the Master Complaint against Ethicon, Ethicon, LLC and J&J are not required to file answers to Short Form Complaints. An Entry of Appearance (including an appearance entered prior to the filing of the Short Form Complaint) by an attorney representing such defendants shall constitute a denial of all allegations in the Short Form Complaint filed against any of the defendants named in the Master Complaint and an assertion of all defenses that are included in the Answers of Ethicon, Ethicon, LLC and J&J.

(4) If a defendant in MDL Nos. 2187, 2325 or 2326 is named in a case in this MDL, an Entry of Appearance (including an appearance entered prior to the filing of the Short Form Complaint) by an attorney representing such a defendant shall constitute a denial of all allegations in the Short Form Complaint filed against any such defendant. In addition, the Master Responsive Pleading filed by that defendant in its designated MDL is deemed to be filed in that particular case.

(5) Upon agreement of the parties, given the large number of Complaints being filed, plaintiffs' counsel will meet and confer with defendants' counsel to advise defendants

      before implementing any default procedures, and will provide defendants ten business days in which to cure any alleged default.

(6) Defendants shall have 30 days from the entry of this Order to file any motion asserting that the Master Complaint fails to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), and plaintiffs shall have 20 days thereafter to respond to the same.

The court **DIRECTS** the Clerk to file a copy of this order in 2-12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2-12-cv-4498.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

                      ENTER:  August 22, 2012

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge