IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

In re Ethicon Inc., Pelvic Repair System           MDL No. 2327
Products Liability Litigation

THIS DOCUMENT RELATES TO ALL CASES
_____

### MOTION TO AMEND MASTER LONG FORM COMPLAINT AND JURY DEMAND

COME NOW the Plaintiffs in the above-styled MDL proceeding, and move the Court for an Order permitting Plaintiffs to amend the Master Long Form Complaint and respectfully state the following:

### I. INTRODUCTION

Plaintiffs seek leave to amend their Master Long Form Complaint to add paragraphs 9, 10 and 11 setting forth allegations regarding jurisdiction and venue which were inadvertently omitted from the original Master Long Form Complaint and Jury Demand at the time it was originally filed. Having discovered the omission, and since amending the Master Long Form Complaint to add these paragraphs on jurisdiction and venue will have no impact on the Short Form Complaint, Plaintiffs seek leave to amend their Master Long Form Complaint to add the proposed paragraphs. The amendment will also clarify and prevent any future inquiries and confusion regarding the Short Form Complaint. Defendant Ethicon, Inc. has agreed to the filing of the proposed Amended Master Long Form Complaint.

### II. PROCEDURAL HISTORY

On August 21, 2012, Plaintiffs' Master Long Form Complaint and Jury Demand was filed. Plaintiffs erroneously and inadvertently omitted paragraphs on jurisdiction and venue. On August 24, 2012, plaintiffs' counsel learned that these paragraphs had been inadvertently

- 1 -

omitted. The Court advised Plaintiffs' counsel that should Plaintiffs wish to amend the original Master Long Form Complaint and Jury Demand, that the instant motion should be filed by August 28, 2012. Plaintiffs' counsel, after learning of the omission and intending to seek leave to amend, met and conferred with counsel for Ethicon, Inc. regarding a proposed Amended Master Long Form Complaint and Jury Demand. Counsel for Defendant agreed to the filing of the proposed Amended Master Long Form Complaint and Jury Demand which is attached hereto as Exhibit A.

### III. ARGUMENT

Federal Rule of Civil Procedure, Rule 15(a)(2) states that before trial "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." (emphasis added). The Supreme Court confirmed that "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Foman v. Davis, (1962) 371 U.S. 178, 182.

> In Foman, the Court held that
>
> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" Id.

The Foman Court found that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id.

The Fourth Circuit noted that "'a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.'" Burton v. U.S., (S.D. W. Va. 2001)199 F.R.D. 194, 200 (citing Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497). The Fourth Circuit also stated "that district courts have the discretion 'to deny leave to amend based upon a balancing of the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained.'" Id.

In this case, no grounds exist to deny Plaintiffs' motion for leave to amend the original Master Long Form Complaint and Jury Demand. Plaintiffs seek to leave amend the original Complaint to correct an inadvertent omission and to prevent further confusion in the filings of Short Form Complaints. Plaintiffs have not unduly delayed and are not acting in bad faith in seeking to amend their complaint at this time to add three short paragraphs on jurisdiction and venue and have acted immediately and promptly and in accordance with the deadline set by this Court to cure the specific defect of omitted sections. Defendant will not be prejudiced by the filing of the Amended Master Long Form Complaint and Jury Demand, no additional discovery will be required, and the Court's docket will not be strained by this amendment.

Further, Defendant has not objected to Plaintiffs' amendment. In fact, Defendant and Plaintiffs have met and conferred regarding the proposed Amended Complaint and defendant has agreed to the language to be added and the amendment.

## IV. CONCLUSION

Plaintiffs have demonstrated that Plaintiffs' request for leave to amend is not accompanied by prejudice, delay, bad faith, or any objection by Defendant. Thus, Plaintiffs request that the Court grant Plaintiffs' motion for leave to file the Amended Master Long Form Complaint and Jury Demand.

Dated:  August 28, 2012

Respectfully submitted,

/s/ D. Renee Baggett
D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com

/s/ Thomas P. Cartmell
THOMAS P. CARTMELL

Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/

*Plaintiffs' Co-Lead Counsel*