**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  ETHICON, INC.,
       PELVIC REPAIR SYSTEM
       PRODUCTS LIABILITY LITIGATION

                                                                     MDL No. 2327

------------------------------------------------
THIS DOCUMENT RELATES TO ALL CASES

**EXHIBIT A**

**STIPULATION FOR THE PRODUCTION OF HARDCOPY DOCUMENTS
AND ELECTRONICALLY STORED INFORMATION**

**I. GENERAL PROVISIONS**

      The parties will prepare their discovery disclosure and production documents in accordance with the agreed-upon specifications set forth below:

      **A. Prior Productions.** If there are instances where a party is asked to produce physically-stored information (hardcopy documents) or electronically-stored information (ESI) that was previously produced in another case, proceeding or government investigation, the producing party should make best efforts to comply with this Stipulation. If for some reason the producing party believes compliance with this Stipulation is too burdensome for the instances of previous productions, the parties will meet to arrive at a mutually acceptable format that provides the receiving party with a production that can be reasonably accessed and used by the receiving party.

      **B. Privilege Log.** The parties shall provide privilege logs in accordance with Fed. R. Civ. P. 26(b)(5).

## II. PRODUCTION OF PHYSICALLY STORED INFORMATION

**A. TIFFs.** Each hardcopy document shall be scanned as single page, Group IV compression TIFF images using a print setting of at least 300 dots per inch (DPI). Each image shall have a unique file name, which is the Bates number of the image. To the extent technically available through the use of purely automated methods, and provided that no extra costs be incurred, original document orientation shall be maintained (*i.e.,* portrait to portrait and landscape to landscape). Each document shall be produced intact (single documents shall not be split into multiple records).

**B. Index Fields.** For each hardcopy document, the following information shall be produced and provided in the data load file at the same time that the TIFF images and the Optical Character Recognition (OCR) acquired text files are produced. Each index field shall be labeled as listed below:

(a) Beginning Production Number (ProdBeg),

(b) Ending Production Number (ProdEnd),

(c) Beginning Attachment Production Number (BegAttach),

(d) End Attachment Production Number (EndAttach),

(e) Custodian_Source,

(f) Confidentiality,

(g) Document Type, and

(h) DocDate (consistent with the date and time fields in Appendix 2).

       **C. OCR Acquired Text Files.** For each hardcopy document, a single text file containing the OCR acquired text shall be provided along with the image file and metadata. The text file name shall be the same as the Bates number of the first page of the document to which it corresponds.

       **D. Unitizing of Documents.** Distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records (*i.e.,* hardcopy documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the BegAttach and EndAttach fields. The parties will make their best efforts to unitize documents.

## III. PRODUCTION OF ELECTRONICALLY STORED INFORMATION

       **A. Culling.** The parties shall meet and confer to discuss the following in an effort to reduce the number of documents to be reviewed during the discovery process: search term culling, file type culling, de-duplication of documents, and date restrictions. In the event of a dispute regarding the search methodology or technology, the parties shall meet and confer to discuss any methodology or technologies being employed to conduct searches for and production of ESI.

       **B. System Files.** Common systems and program files need not be processed, reviewed or produced. To the extent collected, the producing party shall keep an inventory of the system files not being produced and the criteria (*e.g.,* non-human readable file, etc.) for not processing

the files.  In the event of a dispute regarding such matter, the parties shall meet and confer to discuss disclosure of inventory of non-produced files and criteria for non-processing of same.

**C. De-duplication.** Removal of duplicate documents shall only be done on exact duplicate documents (based on MD5 or SHA-1 hash values at the document level) and may be done across custodians and sources. Near-duplicate documents shall be produced rather than removed.  The custodian associated with the first copy of a document processed will be considered the "pivot" custodian for that document (the custodian who will be used as the basis for determining which other collected documents are duplicates).  After each production, the producing party shall produce an "other sources" listing of all other custodians or sources who or which possessed each duplicate document.  In addition, after each production, the producing party will produce a de-duplication log that contains the Bates number of the produced version of each de-duplicated document (for lookup purposes), and the de-duplicated custodian or source,.

**D. Metadata Fields and Processing.** Each of the metadata and index fields set forth in Appendix 2 that can be reasonably extracted from a document shall be produced for that document.  If either of the parties become aware of a problem extracting metadata or any other problem with the metadata fields or processing, the party who becomes aware of the problem will notify the other party and use the party's best efforts to meet and confer with the other party to arrive at a mutually acceptable resolution to the issue.   The parties are not obligated to populate manually any of the fields in Appendix 2 if such fields cannot be extracted from a document.  The Custodian-Source shall be identified for produced documents.

**E. Native File Productions.** To the extent that this Stipulation indicates that ESI is to be produced in its native format, the parties will reserve specific Bates ranges for documents produced in native format. Any native files that are produced shall be produced with the Source File Path provided, as well as all applicable metadata fields set forth in Appendix 2. To the extent that the receiving party requests any custom slip sheets to accompany native files that are produced, the receiving party shall pay for the programming charges for developing those custom slip sheets.

**F. TIFFs.** Single page group IV compression TIFF images shall be provided using at least 300 DPI print setting. Each image shall have a unique file name, which is the Bates number of the image. The producing party will make reasonable efforts to produce these TIFF images consistent with the appearance of the documents as kept in the ordinary course of business.

**G. Microsoft "Auto" Feature and Macros.** Microsoft Word (.doc) Microsoft Excel (.xls) and Microsoft PowerPoint (.ppt) documents should be analyzed for the "auto" features, where documents have an automatically updated date and time in the document that when processed would be inaccurate for how the document was used in the ordinary course of business. If an "auto date" is identified, the producing party will make reasonable efforts to produce document branded with the words "Auto-updating field."

**H. Embedded Objects.** Objects embedded in Microsoft Word and RTF documents that have been embedded with the "Display as Icon" feature shall be extracted as separate documents and treated like attachments to the document.

**I. Compressed Files.** Compressed file types (*e.g.,* CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the

lowest possible compression resulting in individual folders and/or files.

**J. Text Files.** For each document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates number of the first page of the document to which it corresponds. File names shall not have any special characters or embedded spaces. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or any other native electronic file that does not contain text to extract (e.g., non-searchable PDFs). In these instances, a text file shall be created using OCR and shall be produced in lieu of extracted text. *See* Section II.C for OCR requirements. Except in the case of redacted documents, the receiving party shall not be required to rely upon a less accurate version of the text than the producing party.

**K. Spreadsheets. Unless redacted,** spreadsheets shall be produced in native form.

**L. Microsoft PowerPoint or slide programs.** Unless redacted, PowerPoint presentations shall be produced in native format.

**M. Color Copies**. On a going forward basis for documents that have not been previously produced in the consolidated New Jersey litigation, if an original document contains color, the Producing Party will place a mark on the document indicating that the original contains color. Upon reasonable request, the Producing Party shall provide a color copy of any such marked requested document that was produced in black and white.

**N. Structured Data.** The parties agree to negotiate separately regarding the production of structured database files and shared drives.

**O. Audio and Video Files.** All audio files and video files shall be produced in their native format with the Source File Path provided. For the purposes of identifying metadata to be collected in Appendix 2, audio and video files will be considered electronic documents.

**P. Exceptions.** The producing party shall make reasonable efforts to limit the extent of documents that cannot be processed.

## IV. ADDITIONAL PRODUCTION PROTOCOLS REGARDING ESI AND HARDCOPY DOCUMENTS

**A. Bates Numbering.** All images must be assigned a Bates number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter accompanying the production.

**B. Attachments – Parent-Child Relationships.** The parent-child relationships (the association between an attachment and its parent document) shall be preserved. When attachments and embedded files are combined with their parent documents, the "BegAttach" and "EndAttach" fields, listing the unique beginning and ending number for each attachment or embedded document, must be included in the data load file.

**C. Database Load Files/Cross-Reference Files.** Documents shall be provided with (a) a delimited metadata file (.dat or .txt) and (b) an image load file (.lfp, .opt or .dii), as detailed in Appendix 1.

**D. File Size Limitation/Non-Standard Files.** The format of production of unusually large files and non-standard electronic files, large oversized documents (*e.g.,* blueprints) etc., will be discussed before production to determine the optimal production format.

**E. Replacements.** With the exception of documents that have been produced prior to the implementation of this protocol, all files that are replaced for any reason must be annotated with an "-R" designation appended to the original Bates number. Any Replacement files that are

7

produced shall be accompanied with an indication within the letter or correspondence accompanying the production that the production contains "Replacements."

      **F. Clawback Procedure.** The parties incorporate herein the clawback procedure contained in the Protective Order entered by the Court in this matter.

      **G. Date Scope.** The parties agree to negotiate separately regarding any date scope limitation regarding ESI and hardcopy documents. However, it is recognized that the parties have a duty and responsibility to supplement their responses to discovery as set forth in the Federal Rules of Civil Procedure.

**V. SUPPLEMENTAL SEARCH TERMS AND ADDITIONAL CUSTODIANS**

      (A) If words, phrases, abbreviations, terms of art, idiomatic expressions, alternate spellings (or misspellings), or particular linguistic styles which are recurrent or that are unique to the Defendants, or which are otherwise not presently known to Plaintiffs, and such terms are reasonably calculated to lead to the discovery of information relevant to this litigation, then Plaintiffs may propose a search of the Defendants' electronically stored information using such additional search term or methodology. As with any Request for Production or for implementation of search methodologies, any such request may be the subject of objection, conferring and, if necessary, direction from the Court.

      (B) If in the course of discovery, additional custodians or sources who/which are recurrent, who/which are otherwise not presently known to Plaintiffs, or who/which Plaintiffs determine may possess materials reasonably calculated to lead to the discovery of relevant evidence, are identified, Plaintiffs may request the custodial files of those additional custodians and materials from these additional sources. As with any Request for Production, any such requests may be the subject of objection, conferring and, if necessary, direction from the Court.

## VI. ARCHIVED AND BACKUP DATA

Collection and production of responsive, non-privileged ESI will include archived data that is reasonably accessible.  If a producing party takes the position that any responsive backup or archived data that may contain discoverable information is not "reasonably accessible" as described by the Federal Rules of Civil Procedure, such sources shall be identified with sufficient particularity that the requesting party may make a motion with respect thereto.

## VII. COST OF ESI

Each party will bear its costs related to the production of its own hardcopy documents and ESI. However, each party reserves the right to seek costs, including but not limited to cost shifting and cost sharing, related to document production and discovery pursuant to the Federal Rules and case law.  Document production is defined to include, for example, processing, collection, review and production.

## VIII. AGREEMENT DOES NOT WAIVE OR SUPERSEDE PARTIES' DISCOVERY RIGHTS AND/OR OBLIGATIONS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

This agreement is without waiver or limitation of any rights of any party to discovery under the Federal Rules of Civil Procedure.  The obligations of any party to this agreement to provide discovery under the Federal Rules of Civil Procedure are not limited or superseded by this agreement.

So stipulated this 3rd day of August, 2012.

*/s/ Donna Brown Jacobs*
*Attorney for Defendants Johnson & Johnson and Ethicon, Inc.*


/s/ *Bryan Aylstock*
*Plaintiffs Lead Counsel*

**APPENDIX 1: FILE FORMATS**

Image Load Files

- Every document referenced in a production image load file shall have all available corresponding

    images, text and data.

- Documents shall be produced in only one image load file throughout the productions, unless that document is noted as being a replacement document in the Replacement field of the data load file.

- The name of the image load file shall mirror the name of the delivery volume, and should

    have an .LFP, .OPT or .DII extension (*e.g.,* ABC001.LFP).

- The volume names shall be consecutive (*e.g.,* ABC001, ABC002, . . .).

- The load file shall contain one line per image.

- Every image in the delivery volume shall be contained in the image load file.

- The image key shall be named the same as the Bates number of the image.

- Load files shall not span across media (CDs, DVDs, hard drives, etc.). A separate volume

    shall be created for each piece of media delivered.

Metadata Load Files

- The metadata load file shall use the following delimiters:

    -Column delimiter: Pipe | (ASCII 124)

    -Text qualifier: Caret ^ (ASCII 94)

    -New line: Registered sign ® (ASCII 174)

- Data for documents shall be produced in only one data load file throughout the

    productions.

- The first record shall contain the field names in the order of the data set forth in <u>Appendix 2</u>.
- All date/time fields shall be produced in "YYYYMMDD HH:MM AM/PM (GMT)" format.
- All date fields shall be produced in "YYYYMMDD" format.
- All time fields shall be produced in "HH:MM AM/PM (GMT)" format.
- A carriage-return line-feed shall be used to indicate the start of the next document.
- Load files shall not span across media (CDs, DVDs, hard drives, etc.). A separate volume shall be created for each piece of media delivered.
- The name of the metadata load file shall mirror the name of the delivery volume, and shall have a .DAT extension (*e.g.,* ABC001.DAT).
- The volume names shall be consecutive (*e.g.,* ABC001, ABC002, . . .).

## APPENDIX 2: ESI AND HARDCOPY METADATA AND INDEX FIELDS

| File Name | Field Description | Populated for (email, e-documents, e-attachments, physicals) | Sample Values |
|---|---|---|---|
| ProdBeg | Bates number for the first page of the document | All | Prefix-0000001 |
| ProdEnd | Bates number for the last page of the document | All | Prefix-0000002 |
| BegAttach | Bates number for the first document of the attachment | All | Prefix-0000003 |
| EndAttach | Bates number for the last document of the attachment | All | Prefix-0000005 |
| PgCount | Number of printed pages of the document | All | 2 |
| AttachmentCount | The total number of produced attachments. | All | 3 |
| Custodian_Source | Custodian name produced in format: Lastname, Firstname. Where redundant names occur, individuals should be distinguished by an initial which is kept constant throughout productions (*e.g.*, Smith, John A. and Smith, John B. A non-human name (i.e., server name or data name) or designation such as "loose files" can be used. | All | Smith, Jane; Smith, John A.; Smith, John B.; Taylor, Michael |
| Confidentiality | Indicates if the document has been designated as "Confidential" pursuant to any applicable Protective Order | All | Consistent with the markings specified by the Protective Order |

| File Name | Field Description | Populated for (email, e-documents, e-attachments, physicals) | Sample Values |
|---|---|---|---|
| Document Type | Descriptor for the type of document: "File" for electronic documents not attached to emails; "Email" for all emails; "Attachment" for files that were attachments to emails; and "Physicals" for hard copy physical documents that have been scanned and converted to an electronic image. | All | Email |
| EmailSubject | Subject line of an email. | | Text of the subject line |
| To | To extent available, all SMTP addresses of all recipients that were included on the "To" line of the email. Multiple recipients should be delimited by a semicolon. | Email | Larry.murphy@email.com |
| CC | To extent available, the email addresses of all recipients that were included on the "CC" line of the email. | Email | Sstephens44@email.com |
| BCC | To extent available, the email addresses of all recipients that were included on the "BCC" line of the email. | Email | Ceo-gs@email.com |

13

| File Name | Field Description | Populated for (email, e-documents, e-attachments, physicals) | Sample Values |
|---|---|---|---|
| Attach | The file name(s) of the produced documents attached to emails or e-documents. E-documents with embedded documents such as documents contained in a .ZIP file should have the embedded document name(s) listed here. Multiple files should be delimited by a semicolon. | Email, e-documents | AttachFilename1.ext |
| | [We will substitute the below 7 date fields that are being produced in NJ] | | |
| DateSent | Sent date of an email message. | Email | YYYYMMDD |
| DateRcvd | Sent date of an email message. | Email | YYYYMMDD |
| DateCreated | Creation date of native file. | E-documents | YYYYMMDD |
| Date/TimeLastMod | Date and time a native file was last modified. | E-documents | YYYYMMDD |
| TimeSent | Time an email message was sent. | Email | HH:MM AM/PM |
| TimeCreated | Creation time of a native file. | E-documents | HH:MM AM/PM |
| ReceivedTime | An email's date and time when the email was received. | Email | HH:MM AM/PM |
| Title | Any value populated in the Title field of the document properties. | E-documents, e-attachments | Title |
| Subject | Any value populated in the Subject field of the document properties. | E-documents, e-attachments | Subject |

14

| File Name | Field Description | Populated for (email, e-documents, e-attachments, physicals) | Sample Values |
|---|---|---|---|
| Author | Any value populated in the Author field of the document properties | E-documents, e-attachments | Author |
| DocExt | The file extension of the document is defined as the substring of the file name which follows but does not include the last occurrence of the dot character. | Email, e-documents, e-attachments | Htm |
| Size | Size (in bytes) of the original file. | Email, e-documents, e-attachments | 1408 |
| | | | |
| EdFolder/EDSource | Full path to source files (if e-docs or loose email) or folder path contained with a mail source (if NSF or PST) | | |
| Hash Value | Checksum for a file, a 128-bit value. | Email, E-documents, e-attachments | e4d909c290d0fb1ca068ff addf22cbd0 |
| Other Sources | Since global de-duping is being used – this field will track all other custodians that had possession of this file. | Email; E-Documents; e-Attachments | Last Name, First Name |
| From | The name and email address of the sender of the email | Email | Bart.Cole@email.com |