MINUTE ENTRY
GOODWIN, J.
SEPTEMBER 21, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation | MDL No. 2187 |
| In re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation | MDL No. 2325 |
| In re: Boston Scientific Corporation Pelvic Repair System Products Liability Litigation | MDL No. 2326 |
| In re: Ethicon Inc., Pelvic Repair System Products Liability Litigation | MDL No. 2327 |

**THIS DOCUMENT RELATES TO ALL CASES**

On September 13, 2012, the court conducted a status conference in the above-referenced MDLs. The following is a brief summary of the status conference:

1. <u>Direct Filing Orders.</u>  The court entered Direct Filing Orders on August 22, 2012, and since then, parties have not fully complied with the provisions of the Orders. The court enumerated a variety of problems related to filings following entry of the Direct Filing Orders, including: (1) parties in existing cases are filing Short Form Complaints that remove defendants without following Rule 41 practice properly or at all; (2) parties are using Short Form Complaints that do not match those found on the court's website and attached to the court's Direct Filing Orders; and (3) parties are adding defendants not

named in the Master Long Form Complaints in any MDL. While the last practice currently is permitted in Bard, that process will soon change with the filing of a new Direct Filing Order in Bard. Many of these problems have bogged down the Clerk's office and created administrative difficulties for staff that the court must alleviate to keep this litigation and the filing of pleadings moving smoothly.

To address these issues, the court will enter Pretrial Orders vacating the Direct Filing Orders as follows: the court will require parties filing Short Form Complaints in existing cases pursuant to paragraphs B(3) and C(1) of the Direct Filing Orders to use an **Amended** Short Form Complaint found on the court's website. The Clerk's office will terminate parties named in the original complaint but not named on the Amended Short Form Complaint and add MDL defendants named on the Amended Short Form Complaint so that the parties named in the Amended Short Form Complaint are reflected properly on the docket for that particular case; thus eliminating the need for Rule 41 practice. While the parties await entry of the order, the court encouraged the parties to begin filing **Amended** Short Form Complaints in existing cases.

The court stressed the importance of using the Short Form Complaint and soon to be added Amended Short Form Complaint on the court's website – the locations of commas, party names, etc. matter greatly to the Clerk's office and the proper naming of parties in these cases.

The court indicated that Short Form Complaints and Amended Short Form Complaints naming defendants not named in Master Complaints in the 4 MDLs (Bard, AMS, Boston Scientific and Ethicon) are inappropriate. That practice continues and it

must stop. The court will strike pleadings where that occurs, and when that happens in a newly filed case, the party will have to file a short form complaint and pay a second filing fee. As indicated in the Direct Filing Order, if a plaintiff wishes to name a non MDL defendant, the plaintiff must do so by filing in the appropriate district with transfer through the MDL Panel to this District.

Finally, the court reiterated concerns regarding improperly named defendants vis-a-vis the parties' obligations under Rule 11 of the Federal Rules of Civil Procedure. Counsel for Cook Inc. and related cases asked to be put on the agendas because he does not believe his client belongs in these pelvic mesh MDLs. The court did not speak to the validity of those claims, but noted Cook, Inc. had been dismissed in a good many cases. In addition, the court noted that many plaintiffs, up against statute of limitations deadlines and without proper product identification in hand, were filing lawsuits naming all defendants, including non MDL defendants. The court indicated it would entertain Rule 11 motions. It is not appropriate for plaintiffs to blindly name defendants in these cases without proper investigation and reverence to Rule 11(b)'s obligations, including that the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

2. <u>Amended Master Complaints</u>. In Boston Scientific, Plaintiffs wish to name two new defendants, Proxy and MedVenture, and are investigating the possibility of naming two additional defendants. Boston Scientific opposes this. Plaintiffs' motion to amend the Master Long Form Complaint to name Proxy and MedVenture is due **Friday, September 21, 2012,** and Boston Scientific's response is due **Friday, September 28, 2012.** If the

parties prefer different deadlines, they should advise the court. The court wishes to avoid multiple amendments to the Master Complaint.

3. <u>Authorizations attached to Plaintiff Profile Sheets</u>. The parties will submit authorizations attached to the Plaintiff Profile Sheet ("PPS") on **Monday, September 17, 2012.** The plaintiffs and Bard have not discussed the use of PPSs in Bard, but will do so and advise the court.

4. <u>Waiver of Service Orders</u>. The court has encouraged the parties to enter into waiver of service orders similar to those entered in Bard. The parties confirmed that any waiver of service order will be submitted within **two weeks**.

5. <u>AMS Discovery Issue</u>. AMS and plaintiffs have a potential dispute related to the production of AMS documents outside of the United States and proposed a briefing schedule, which the court adopted. Plaintiffs will file a motion on **September 21, 2012**, AMS will respond on **October 5, 2012**, and plaintiffs will reply on **October 12, 2012**. Judge Stanley encouraged the parties to read her decision in *Mount Hawley Ins. Co. v. Felman Prod., Inc.*, Civ. Act. No. 3:09-0481, 269 F.R.D. 609 (S.D. W. Va. 2010).

6. <u>ECF Issues</u>. The court reported that the Clerk's office is in the process of working on an "all plaintiffs" selection in ECF.

7. <u>Deposition Protocol</u>. The parties are working on Deposition Protocols, using the Bard Deposition Protocol as a starting point.

8. <u>Endo Health Solutions, et al.'s Motion to Dismiss</u>. The court indicated that any reply in support of this Motion is due within seven days of the filing of the response.

9. <u>Bard Direct Filing Order</u>.  The court is in receipt of the Bard Proposed Direct Filing Order and new Short Form Complaint and is in the process of reviewing both.  The Direct Filing Order will conform to the changes made to the Direct Filing Orders in the other 3 MDLs as noted above.

10. <u>Multiparty Filings</u>.  There are cases which name multiple plaintiffs, with the majority in Ethicon and AMS.  This is a practice the court has indicated in the past is not acceptable.  Ms. Jones, counsel for Ethicon, indicated that she has spoken with Mr. Aylstock, co-coordinating co-lead counsel for the plaintiffs, and she will provide a list of the cases, along with a motion to sever.  The court stated that this process was acceptable.  Counsel in Boston Scientific and AMS agreed to the same procedure.

11. <u>Bard – Group 1</u>.  The parties reported that they have finished all plaintiffs' depositions for Group 1 and all treating physician depositions.

12. <u>Bard – Group 2</u>.  The parties must submit their list of 6 cases each for inclusion into Group 2 by September 21, 2012.  However, the parties indicated that there is no provision in PTO # 49 for the parties to submit argument as to why the court should select their proposed cases.  The court granted the parties 7 days to submit argument in support of their submission.  Thus, arguments in support of each parties' group of proposed cases shall be due on **Friday, September 28, 2012**.

13. <u>State Cases</u>.  Mr. Aylstock reported on the status of ongoing Ethicon litigation in New Jersey.  Judge Goodwin expressed an interest in conducting joint *Daubert* hearings with Judge Higbee in New Jersey.  Ms. Wagstaff, counsel for plaintiffs in Boston Scientific,

reported on litigation in Massachusetts, and Ms. Fitzpatrick, counsel for plaintiffs in AMS, reported on litigation in Minnesota and Delaware.

14. <u>Plan for Future</u>.  At the next status conference, the parties plan to propose trial dates next year for AMS, Boston Scientific and Ethicon.

15. <u>Future Status Conferences</u>.  The next status conferences are scheduled for November 1, 2012, and December 6, 2012, at 1:00 p.m.  The parties requested a rescheduling of the November 1st status conference, and the court agreed to work with the parties to reschedule.  The court scheduled future status conferences on January 10, 2013 and February 7, 2013, at 1:00 p.m.

_____
Joseph R. Goodwin, Chief Judge