**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  ETHICON, INC.,
      PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION

                                          MDL No. 2327

-------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 15**
(New Direct Filing Order; Amended Master Complaint, Short Form Complaint, Amended Short
Form Complaint and Master Responsive Pleadings)

On August 22, 2012, the court entered PTO # 12.[1]  For reasons appearing to the court, it

is **ORDERED** that PTO # 12 is **VACATED.**

To eliminate the delays associated with the transfer of cases filed in or transferred from

other federal district courts to this court as part of MDL No. 2327, to promote efficiency and to

accommodate plaintiffs who wish to bring claims against defendants in more than one pelvic

repair system MDL, it is **ORDERED** as follows:

  A.  General.

    (1) The attached First Amended Master Long Form Complaint and Jury Demand

        ("Master Complaint") against Ethicon, Inc. ("Ethicon"), Ethicon, LLC ("Ethicon,

        LLC") and Johnson & Johnson ("J&J") (Exhibit A), the Short Form Complaint for

        new cases against Ethicon and others (Exhibit B), the Amended Short Form

---

[1] The court entered similar PTOs in MDLs 2325 and 2326 and they too will be vacated.  The court will enter PTOs
similar to the instant order in MDLs 2187, 2325 and 2326, but not MDL 2387.

Complaint for existing cases (Exhibit C), and the Answers of Ethicon, Ethicon, LLC and J & J ("Answers") (Exhibit D, E and F) have been presented to the court, and the court **DIRECTS** that the Clerk file the same.  Exhibits A, B, and D-F are not new pleadings, they were attached to PTO # 14.  Exhibit C differs from Exhibit B only insofar as it is titled an "Amended" Short Form Complaint.

(2) The court refers the parties to Exhibit G, "Amended Filing Instructions for Short Form Complaints and Amended Short Form Complaints," which is appended to this Order.  **To the extent plaintiffs have questions about this Order, they are instructed to contact plaintiffs' co-liaison counsel (Harry Bell, Paul Farrell, Carl N. Frankovitch).**

(3) All factual allegations pled in the Master Complaint and all responses pled in Ethicon's, Ethicon, LLC's and J&J's Answers are deemed pled in any previously filed Complaint and Responsive Pleading now pending in this MDL proceeding, and in any Short Form or Amended Short Form Complaint and Entry of Appearance hereafter filed; provided, however, the Master Complaint is applicable only as against Ethicon, Ethicon, LLC and J&J.

B. Directly Filed Cases.[2]

(1) Subsequent to the filing of this Order, all actions initially filed directly in the Southern District of West Virginia in MDL 2327 against all defendants named in the Master Complaint, Ethicon, Ethicon, LLC and J&J, shall be filed by the Short Form Complaint.  **If a Short Form Complaint is not utilized, the complaint will be**

---

[2]  A "Directly Filed Case" is a case filed in the Southern District of West Virginia for inclusion in this MDL, but the Southern District of West Virginia does not necessarily have personal jurisdiction over the parties.

**struck from the docket; the plaintiff will have to file a Short Form Complaint and pay a second filing fee.**

(2) Subsequent to the filing of this Order, if a plaintiff filing a new case alleges she was implanted with products manufactured or marketed by defendants in more than one MDL (i.e., plaintiff was implanted with an Ethicon product and a product manufactured by a defendant named in a Master Long Form Complaint in MDL Nos. 2187, 2325 or 2326) and has claims against such defendants, then the plaintiff may choose in which MDL to initially file. However, such a plaintiff must check off each applicable defendant on the Short Form Complaint.

(3) For those cases filed directly in the Southern District of West Virginia in this MDL prior to the entry of this Order, plaintiff shall file the attached **Amended** Short Form Complaint within 90 days of the entry of this Order if and only if the plaintiff names defendants named in the Master Complaint in this MDL (and any defendant(s) named in the Master Complaints in the three other MDLs cited above, 2187, 2325 or 2326). Even if a plaintiff intends to name the same party or parties, plaintiff must file an Amended Short Form Complaint. A plaintiff need not move to amend.

(4) If a plaintiff filed directly in the Southern District of West Virginia in this MDL prior to the entry of this Order and named defendants other than those named in Master Complaints in this or the other three MDLs cited above, direct filing was inappropriate, and the plaintiff should either dismiss the inappropriately named defendants and file an Amended Short Form Complaint within 90 days of the entry of this Order or dismiss the direct filed case without prejudice and pursue her claims in her home district with subsequent transfer to this District through the MDL Panel.

(5) This court shall not be deemed to be the "transferor court" simply by virtue of the action having been directly filed in this District in this MDL.   The direct filing of actions in MDL No. 2327 in the Southern District of West Virginia is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407; the parties submit to this court's personal jurisdiction and venue in the Southern District for those purposes only.   Upon completion of all pretrial proceedings applicable to a case directly filed in the Southern District, the defendants do not intend to waive their rights to transfer any case in this MDL to a court of proper venue under 28 U.S.C. § 1406(a).   At the conclusion of all pretrial proceedings, the court, pursuant to 28 U.S.C. § 1404(a), will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case, or on its own determination after briefing from the parties if they cannot agree.  In an effort to avoid serial objections to venue in a single action, plaintiff shall identify in response to a defendant's venue objection, proposed alternative venues in order of preference, so that the court can consider at the same time, any objections to plaintiff's alternative choices.

C.  Cases Transferred by the Judicial Panel on Multidistrict Litigation ("MDL Panel").[3]

(1) For those cases transferred to MDL No. 2327 from another Federal District Court by the MDL Panel prior to the entry of this Order, those plaintiffs, who only named defendants named in Master Complaints in this or in one or more of the other three MDLs cited above (2187, 2325, 2326), shall file an **Amended** Short Form Complaint

---

[3] A "Case Transferred by the MDL Panel" is a case filed in a district other than the Southern District of West Virginia and subsequently transferred to the Southern District by the MDL Panel.

within 90 days of the entry of this Order.  For those cases transferred after the entry of this Order, any plaintiff as described in this paragraph shall file an **Amended** Short Form Complaint within 30 days of receipt of the member case number in MDL No. 2327.  For those cases transferred to MDL No. 2327 by the MDL Panel before or after the entry of this order, wherein the plaintiff has named defendants named in Master Complaints in this or the other three MDLs noted above **AND** additional defendant(s) other than those named in Master Complaints, the plaintiff may not file an Amended Short Form Complaint, unless the plaintiff chooses to dismiss the additional defendants.

(2) Upon completion of the pretrial proceedings relating to a civil action as determined by this court, civil actions in this MDL which were transferred to this court by the MDL Panel shall be transferred for further proceedings to the District Court from which such action was transferred to this MDL.

D.  All Cases.

(1) If a plaintiff in an existing case files an Amended Short Form Complaint in compliance with this Order that omits a defendant previously named in the prior complaint, the plaintiff is relieved of complying with Rule 41 of the Federal Rules of Civil Procedure in order to properly dismiss that defendant.  Rather, where a plaintiff files an Amended Short Form Complaint, the court instructs the Clerk, until further notice, to add defendants named in MDLs 2187, 2325, 2326 and 2327 as indicated on the Amended Short Form Complaints and to terminate any defendant not so

indicated.[4]  If a plaintiff names an additional defendant listed on a Short Form Complaint but not named in the prior complaint, the plaintiff must comply with Rule 4 as to the new defendant.

(2) To the extent any change in parties on an Amended Short Form Complaint suggests that the case should be in a different MDL, an Amended Short Form Complaint should be accompanied by a motion to transfer MDLs.  Attached hereto as Exhibit H is a PDF fillable form entitled "Motion to Transfer MDL," which also can be found on the court's website.  The court strongly encourages use of this form.

(3) **Plaintiffs should not add parties to the Short Form or Amended Short Form Complaints or file versions of the Short Form or Amended Short Form Complaints that do not exactly match such complaints found on the court's website.  The court will strike Short Form and Amended Short Form Complaints adding any party not named in a Master or Amended Master Complaint in MDLs 2187, 2325, 2326 or 2327, including Coloplast and Mentor Worldwide.  In the event a directly filed Short Form Complaint contains defendants not named in Master or Amended Master Complaints, the striking of such a pleading filed in a new case will require refiling and payment of a second filing fee.**

(4) **Plaintiffs must file the Amended Short Form Complaint in their member case, not in the main MDL case.**

---

[4] At this time, because of the posture of the fifth MDL assigned to this court, In re Coloplast Corp. Pelvic Support Systems Products Liability Litigation, MDL 2387, Coloplast and other defendants from that MDL are not included on the Short Form and Amended Short Form Complaints.  Parties must file in the Coloplast MDL to name Coloplast Corp. or Mentor Worldwide or proceed through the MDL Panel until a Master Long Form Complaint and Master Answers are filed in the Coloplast MDL.

(5) In existing cases where a plaintiff filed a Short Form Complaint or Amended Short Form Complaint after the entry of PTO # 12, but prior to the entry of this Order, and it substantially complied with the provisions outlined herein, an Amended Short Form Complaint need not be refiled.  The Clerk is instructed to add and terminate defendants in those cases in compliance with this Order.

(6) Each Short Form Complaint shall indicate those counts in the Master Complaint that are being asserted in the individual case and the specific consumer protection statute, if any, upon which the plaintiff relies.

(7) The defendants named in the Master Complaint, Ethicon, Ethicon, LLC and J&J, are not required to file answers to Short Form or Amended Short Form Complaints.  An Entry of Appearance (including an appearance entered prior to the filing of the Short Form Complaint) by an attorney representing such defendants shall constitute a denial of all allegations in the Short Form or Amended Short Form Complaint filed against any of the defendants named in the Master Complaint and an assertion of all defenses that are included in the Answers of Ethicon, Ethicon, LLC and J&J.

(8) If a defendant in MDL Nos. 2187, 2325 or 2326 is named in a case in this MDL, an Entry of Appearance (including an appearance entered prior to the filing of the Short Form or Amended Short Form Complaint) by an attorney representing such a defendant shall constitute a denial of all allegations in the Short Form or Amended Short Form Complaint filed against any such defendant.  In addition, the Master Responsive Pleading filed by that defendant in its designated MDL is deemed to be filed in that particular case.

(9) Upon agreement of the parties, given the large number of Complaints being filed, plaintiffs' counsel will meet and confer with defendants' counsel to advise defendants before implementing any default procedures, and will provide defendants ten business days in which to cure any alleged default.

(10)   Defendants shall have 30 days from the entry of this Order to file any motion asserting that the Master Complaint fails to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), and plaintiffs shall have 20 days thereafter to respond to the same.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:12-cv-05724.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER:  September 26, 2012

Joseph R. Goodwin, Chief Judge

- 8 -