```
 1            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
 2                        AT CHARLESTON

 3                  TRANSCRIPT OF PROCEEDINGS

 4
     ------------------------------------------
 5

 6   IN RE:  C.R. BARD, INC., PELVIC REPAIR      MDL NO.
     SYSTEM PRODUCTS LIABILITY LITIGATION        2:10-MD-2187
 7

 8   ------------------------------------------

 9   IN RE:  AMERICAN MEDICAL SYSTEMS, INC.,     MDL NO.
     PELVIC REPAIR SYSTEM PRODUCTS               2:12-MD-2325
10   LIABILITY LITIGATION

11   ------------------------------------------

12   IN RE:  BOSTON SCIENTIFIC CORPORATION       MDL NO.
     PELVIC REPAIR SYSTEM PRODUCTS               2:12-MD-2326
13   LIABILITY LITIGATION

14   ------------------------------------------

15   IN RE:  ETHICON INC., PELVIC REPAIR SYSTEM  MDL NO.
     PRODUCTS LIABILITY LITIGATION               2:12-MD-2327
16

17   ------------------------------------------

18   IN RE:  COLOPLAST CORP. PELVIC SUPPORT      MDL NO.
     SYSTEMS PRODUCTS LIABILITY LITIGATION       2:12-MD-2387
19

20   ------------------------------------------

21                       STATUS CONFERENCE

22                       December 6, 2012

23
        BEFORE THE HONORABLE MARY E. STANLEY, Magistrate Judge
24

25
```

1 **APPEARANCES**

2 **For the Plaintiffs:**

3

4 **MR. HENRY G. GARRARD, III**
Blasingame, Burch, Garrard, Ashley, P.C.
5 P.O. Box 832
Athens, GA  30603

6

7 **MR. BRYAN F. AYLSTOCK**
Aylstock, Witkin, Kreis & Overholtz, PLLC
8 17 East Main Street, Suite 200
Pensacola, FL  32502

9

10 **MR. FRED THOMPSON, III**
Motley Rice, LLC
11 28 Bridgeside Boulevard
Mt. Pleasant, SC  29464

12

13 **For the Defendants:**

14

15 **MR. ROBERT T. ADAMS**
Shook, Hardy & Bacon
16 2555 Grand Boulevard
Kansas City, MO  64108-2613

17

18 **MS. CHRISTY D. JONES**
Butler Snow
19 P.O. Box 6010
Ridgeland, MS  39158

20

21 **MS. DEBORAH A. MOELLER**
Shook, Hardy & Bacon, LLP
22 2555 Grand Boulevard
Kansas City, MO  64108-2613

23

24

25

**APPEARANCES** (Continued):

**For the Defendants:**

**MR. RICHARD B. NORTH, JR.**
Nelson, Mullins, Riley & Scarborough
201 17th Street, NW
Suite 1700
Atlanta, GA  30363

**MR. DUSTIN B. RAWLIN**
Tucker Ellis
925 Euclid Avenue
Suite 1150
Cleveland, OH  44115

**MS. BARBARA R. BINIS**
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

**MS. LANA K. VARNEY**
Fulbright & Jaworski, LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX  78701-4255

Court Reporter:          Lisa A. Cook, RPR-RMR-CRR-FCRR

                         (304)347-3198
                         lisa_cook@wvsd.uscourts.gov

Proceedings recorded by mechanical stenography; transcript produced by computer.

```
 1                    P R O C E E D I N G S
 2          MAGISTRATE JUDGE STANLEY:  Okay.  Thank you all
 3  very much for appearing here today.  I have a couple of
 4  matters that I need to discuss with you.
 5      First, so that we have a complete record, would you
 6  please note your appearances.  We'll just go all the way
 7  around the room for Lisa.
 8          MR. ADAMS:  Sure.  Robert Adams from Shook, Hardy
 9  & Bacon and I'm here for Boston Scientific.
10          MS. JONES:  I'm Christy Jones with Butler Snow for
11  Ethicon and Johnson & Johnson.
12          MS. MOELLER:  Debbie Moeller from Shook, Hardy &
13  Bacon for Sofradim and TSL.
14          MR. NORTH:  Richard North from Nelson Mullins for
15  C.R. Bard.
16          MR. RAWLIN:  Dustin Rawlin from Tucker Ellis for
17  Mentor Worldwide, LLC.
18          MS. BINIS:  Barbara Binis from Reed Smith for
19  American Medical Systems.
20          MS. VARNEY:  Lana Varney, Fulbright & Jaworski,
21  for Coloplast Corp.
22          MR. AYLSTOCK:  Bryan Aylstock, Aylstock, Witkin &
23  Sasser, for the plaintiffs.  Or it's now Kreis and
24  Overholtz.  I'm sorry.
25          MR. THOMPSON:  Fred Thompson from Motley Rice for
```

1 the plaintiffs.

2 MR. GARRARD: Henry Garrard from Blasingame,
3 Burch, Garrard & Ashley for plaintiffs.

4 MAGISTRATE JUDGE STANLEY: The first item has to
5 do with a family matter. I have three children. My
6 youngest son, Matthew Feinberg, is a lawyer in Bethesda,
7 Maryland. He is at a tiny little law firm called
8 Finkelstein & Goldman, Goldberg [sic], and he is an
9 associate.

10 They have a pelvic mesh case. It has recently been
11 filed. I can't remember whether it was filed in District
12 Court in Maryland or District Court in D.C. It's one of the
13 two I'm pretty sure. And, so, it will be making its way
14 through the panel to here.

15 The partners know that I am assigned to these MDLs. I
16 cannot remember the products involved. And I can't --
17 actually, I can't remember if it's one product or two
18 products and I can't remember which ones they are. I just
19 said, "Matt, you can't work on it. You have to build a
20 Chinese wall."

21 He is an associate on salary, has no financial interest
22 in the profits of the firm. However, I did want you to be
23 aware of that. And I will be providing to you a copy of an
24 advisory opinion from the Judicial Conference Committee on
25 the Codes of Conduct which address having a family member

1  who is involved in a case which is, quote, before the Court.
2       So -- but, basically, all of this information that I am
3  providing for you today I wanted you to have a chance to
4  think about it over the lunch hour and to have a chance to
5  discuss this with your colleagues.  I will expect you to
6  communicate this information to those involved in all of
7  this litigation.  I want complete disclosure as you deem
8  appropriate.
9       I don't know what your communication systems are.  But
10 my job is to serve the court, to do so in accordance with
11 the Code of Conduct and applicable statutes and regulations.
12 And that's what I'm doing.  And, so, I'll provide you that
13 information.
14      The second matter is a bit more troubling.  And, first,
15 you need to have some context.
16      I've lived here in Charleston for a long time.  This is
17 a small town.  And it's a relatively small legal community.
18 I live in a neighborhood which is friendly, neighborly, and
19 I'm surrounded by a bunch of lawyers.  I've been there in
20 that particular house almost 12 years.
21      The neighbors who are around me who are lawyers, I've
22 known some of them 30 years.  When the power goes out, we're
23 more than likely to put all our food together and eat
24 together.  And the power's been out repeatedly including in
25 October in the snow which was unheard of.  So -- and, and on

1    the weekends in good weather we help each other out in our
2    yards.  It's that kind of a neighborhood.
3         And my across-the-street neighbor is a fellow named
4    Sprague Hazard who is a lawyer who has done med mal most of
5    his life, both defense and plaintiffs.  Within the past
6    year, he went to work -- gave up his solo practice and went
7    to work for Harry Bell.  I don't really know what the
8    circumstances are.  It was kind of my impression that Harry
9    Bell had an on-going practice area of nursing home abuse,
10   and when he got involved with the transvaginal mesh he
11   couldn't give all of his attention to the nursing home cases
12   and he needed some help.  And, so, Sprague Hazard was
13   filling that bill.  And that's -- I don't know.  I don't
14   talk about his cases.  We talk about how come my tree died
15   or who cuts your yard or whatever.
16        So, last -- this past weekend, nice weather, we're out
17   working in the yard and Sprague needed some help with
18   something.  And then he said, "I have an e-mail for you from
19   Harry Bell."  And I didn't think much about it.  And then he
20   provided me the e-mail.
21        And, so, I'm going to pass all this stuff out and
22   you'll have a chance to see it.  I need one of those.
23        (Pause)
24             MAGISTRATE JUDGE STANLEY:  I've also given you a
25   copy of Title 28, U.S. Code, Sections 144 and 455.  I'll

1  give you a minute to scan over that e-mail.
2       (Pause)
3            MAGISTRATE JUDGE STANLEY:  As you can imagine, I
4  was very concerned when I read this.  And there are several
5  things that I think are important as far as these MDLs go.
6       We have a potentially completely unwieldy circumstance
7  with five MDLs in a relatively small court with limited
8  resources.  And we do the very best we can to stay on top of
9  things and get matters ruled upon and well organized.  And
10 part of it is because of experience and familiarity.
11      And I know that you know that Judge Goodwin and I hold
12 leadership counsel in the highest regard, and that we have
13 completely understood that it was important for you to feel
14 that you could contact chambers to work out problems or to
15 give us a heads up if you think that there's going to be a
16 problem and whether or not -- should, should we file a
17 motion or should we just wait for the next status conference
18 or whatever.
19      It's very important for you to continue to feel that
20 you can contact chambers to get help so that things don't
21 become completely unwieldy and out of control.
22      This particular e-mail, which I guess I have to file on
23 the record in each MDL, though I wasn't -- I'll welcome your
24 advice in a minute -- shows a fundamental misunderstanding
25 of my role.

1 I mean, I serve the court. I am duty-bound to serve
2 the court until I retire. And thereafter if Judge Goodwin
3 needs me, we will work on that. But it is not just simply
4 the question of whether or not somebody serves as a special
5 master or a recall magistrate judge or anything else. It's
6 way more complicated than that. It involves important
7 decisions regarding HR matters and ethical considerations.
8 It's not just as simple as some lawyers might think.
9 The other thing that was very troubling about this is
10 that it was accompanied by a remark along the lines of
11 Sprague said to me, "Harry says you can really get rich on
12 this."
13 And, so, let me just say that there is strong evidence
14 of a complete lack of recognition of the issues involved
15 here. I assume that the three lead -- leadership counsel
16 among the plaintiffs did not suggest that Harry Bell do
17 this.
18     MR. AYLSTOCK: That is correct, Your Honor.
19     MR. GARRARD: Correct, Your Honor.
20     MAGISTRATE JUDGE STANLEY: And I never thought
21 that you did.
22 And I'm also sure that counsel as a whole didn't do
23 this. I think Mr. Bell in his clumsy way was trying to be
24 helpful. But I think any reasonable person reading this
25 e-mail would consider it to be an *ex parte* contact with a

1   very strong suggestion that the person is trying to
2   influence an impartial judicial officer.
3       So, of course, I showed it to Judge Goodwin so that if
4   he just wanted to throw me off, he could.  You know he
5   doesn't like to do that.  He wholeheartedly supports my
6   meeting with you.
7       I, I want the, the sunshine to beam down on this issue.
8   I want you to have a chance to think about it, to review it
9   with the other materials that I have given you, to consult
10  among yourselves as you wish and with other people who would
11  have an interest.
12      You will note that there are no Charleston lawyers in
13  this room, and that was on purpose.  I have not taken
14  offense about this matter because, frankly, I don't think it
15  was a planned attempt to do what -- how it reads, in other
16  words.
17      So -- now, I'm not expecting a response now.  I mean,
18  what's your thought -- I would be interested in your
19  thoughts about whether this should just be filed on the
20  record in each MDL.  And if you want to think about that
21  until later in the afternoon, that's okay too.
22      The problem is, obviously, it has people's names, but
23  it is what it is.  And I am going to be asking the court
24  reporter to transcribe this little session and to file it in
25  each MDL so that anybody who wants to go on line and look at

1 any of this stuff, they can.

2 And that's what I have to say. So, would you-all like
3 to go eat some lunch?

4 MR. ADAMS: That would be great. I think
5 everybody appreciates -- yeah, everybody appreciates your
6 candor. And I think this is a really difficult issue that
7 clearly you didn't bring on. So, on behalf of everybody,
8 thank you.

9 MS. JONES: We do appreciate it.

10 MAGISTRATE JUDGE STANLEY: I think any judge would
11 have done the same thing. And if I had known what the
12 e-mail said, I wouldn't have taken it and read it. But, you
13 know, once that bell's rung -- I'm just glad that the status
14 conference is taking place so quickly and that I had an
15 opportunity to speak with you.

16 MS. JONES: Well, thank you, Judge. We do
17 appreciate it and echo what Rob said.

18 Let me ask one question because I don't know how the
19 Court feels about it and, obviously, we need to talk about
20 this. And I understand your concern about placing on the
21 record the, the e-mail itself given the fact that it
22 identifies people and all that.

23 My question is, if we were to ask, can you -- does,
24 does the Court have an objection to placing it on the record
25 in a sealed form so it's there but it's not, it's not there?

```
1            MAGISTRATE JUDGE STANLEY:  We have a very strict
2  local rule about sealing things.  And I cannot think that
3  this particular matter is worthy of the special treatment.
4  I mean, if the newspaper wants to get ahold of this -- I
5  mean, they've shown an absolute lack of interest in any of
6  this.
7            MS. JONES:  Uh-huh.
8            MAGISTRATE JUDGE STANLEY:  But, I mean, this is
9  all out in the light of day.  And every lawyer, every party,
10 all 8,000 of them, have the right to challenge my
11 participation.
12           MS. JONES:  I appreciate that, Judge.  Thank you.
13           MAGISTRATE JUDGE STANLEY:  So, anyway, I'll
14 welcome your thoughts after lunch if you care to share them.
15 And it can either be at the status conference or it can be
16 by letter with copy to the others or e-mail by copy to
17 others or anything else, whatever you want to do.  But --
18 okay?
19           MS. JONES:  Okay.  Thank you, Judge.
20           MAGISTRATE JUDGE STANLEY:  Okay.
21      (Proceedings concluded at 11:50 a.m.)
22
23
24
25
```

1    I, Lisa A. Cook, Official Reporter of the United
2    States District Court for the Southern District of West
3    Virginia, do hereby certify that the foregoing is a true and
4    correct transcript, to the best of my ability, from the
5    record of proceedings in the above-entitled matter.

8        s\Lisa A. Cook                    December 10, 2012
9           Reporter                              Date