IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

---------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

MDL No. 2327

### ORDER APPLICABLE TO ALL CASES IN MDL NOs. 2187, 2325, 2326, 2327 AND 2387

Having reviewed the proposed Order Dismissing Defendants Endo Pharmaceuticals, Inc., American Medical Systems Holdings, Inc., and Endo Health Solutions, Inc. (hereinafter collectively "Endo Entities") Without Prejudice jointly submitted by the parties and attached hereto as Exhibit A, as well as the Joint Motion For Order To Show Cause Applicable To All Cases Why The Court Should Not Enter Stipulated Order Dismiss Certain Defendants From All Cases Without Prejudice, including all documents referenced therein (MDL 2325, Docket Nos. 253, 254, and 272), it is ORDERED that counsel of record for any plaintiff and any *pro se* plaintiff in any case currently pending in MDLs 2187, 2325, 2326, 2327, and 2387 shall file any written opposition to entry of the Order set forth in Exhibit A, by the _____ day of January, 2013, and shall thereafter be ordered to appear and show cause before this Court on the _____ day of _____, 2013 why the Court should not enter the Order set forth in Exhibit A in MDL Nos. 2187, 2325, 2326, 2327, and 2387.

It is further ORDERED that a copy of this Order, together with the papers upon which it is granted, shall be electronically filed and served concurrently with entry of this Order and that such filing and service shall be deemed good and sufficient.

IT IS SO ORDERED.

This _____ day of January, 2013.

_____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

--------------------------------------------------------------  MDL No. 2327
THIS DOCUMENT RELATES TO ALL CASES

ORDER APPLICABLE TO ALL
CASES IN MDL NOs. 2187, 2325, 2326, 2327 AND 2387

Upon request of the parties Defendants Endo Pharmaceuticals Inc., American Medical Systems Holdings, Inc., and Endo Health Solutions Inc. (hereinafter collectively "Endo Entities"), Defendant American Medical Systems, Inc. ("AMS") and plaintiffs, IT IS HEREBY ORDERED as follows:

1. Plaintiffs shall dismiss all claims pending in MDLs 2187, 2325, 2326, 2327, and 2387 against the Endo Entities without prejudice;

2. Any future Plaintiff(s) that name(s) any Endo Entity in a Complaint or Short Form Complaint that is transferred to or directly filed in MDLs 2187, 2325, 2326, 2327, and 2387 shall have all claims dismissed without prejudice as to the Endo Entities automatically upon service on AMS.;

3. If Plaintiffs seek to add any of the Endo Entities prior to trial in an MDL action or in a state court action that has been remanded from the MDL, the Endo Entities may not object on the basis of timeliness or the statute of limitations unless the same timeliness or statute of limitations defense exists for the existing defendants in the case.

4. AMS's responses to Plaintiffs' discovery requests in MDLs 2187, 2325, 2326, 2327, and 2387 shall include all responsive, non-privileged documents and information in the possession or control of each of the Endo Entities;

5. Notwithstanding the provisions of Paragraph 4 above, discovery regarding the financial worth of any Endo Entity is reserved until the scope of such discovery, if any, is determined by a trial court at the appropriate time. The Endo Entities may not object to the production of such information on the basis that any such entity is not a party to the lawsuit; however, any and all other objections are reserved.

6. AMS's counsel shall accept service for a subpoena to any witness in the employ or control of Endo Entities, or who will be represented or given advice by counsel retained by AMS or the Endo Entities.

7. Endo Health, directly or through an Endo Entity, will stand in the shoes of AMS solely for the purpose of making a financial payment and/or satisfying any judgment against AMS in the event that, for any reason whatsoever, AMS is financially unable to satisfy any final judgment against AMS and/or to satisfy any financial obligation agreed to by AMS pursuant to the terms of any settlement agreement to which AMS is a party. Absent a need generated by a motion or proceeding to enforce any obligation of any of the Endo entities or AMS pursuant to this Order, no discovery relating to the payment of any final judgment or financial obligation described in this Order shall be permitted in any lawsuit or proceeding subject to this Order. Plaintiffs may not seek payment of any final judgment or financial obligation described in this Order from the Endo Entities except as expressly provided herein.

8. Endo Health, directly or by causing another Endo Entity to make such payment, shall satisfy any final judgment and/or financial obligation it undertakes to satisfy pursuant to

this Order as if any of the Endo Entities were themselves a party to such action and without the need for the commencement of any enforcement proceedings. Notwithstanding any dispute that may arise as between or among the Endo Entities and AMS, or AMS and its insurers, relating to the subject matter of this Order, this Court shall have the right to enter a final judgment against Endo Health in the event of a failure on the part of AMS to satisfy said judgment or financial obligation pursuant to a settlement agreement for any reason within 30 days from the time the judgment becomes final or the financial obligation for payment pursuant to a settlement agreement is due and owing.

9. The Endo Entities may not object to the use of the financial worth of an Endo Entity on the basis that such entity is not a party to the lawsuit but reserve all other objections.

10. Counsel of record for Plaintiffs in the MDL proceedings and the Endo Entities shall execute this type of agreement with respect to any state court actions raising similar claims, to the extent counsel for Plaintiffs are currently counsel of record in such state court proceedings.

11. Nothing herein shall be construed as an admission that any of the Endo Entities are a proper party to any lawsuit, that the Endo Entities have ever or will ever assume[d] any of AMS's liability, that the Endo Entities stand in the shoes of AMS's insurers, or that discovery relating to the Endo Entities is appropriate, relevant, or admissible in any lawsuit. Nothing in this paragraph shall be construed to alter or change any of the obligations created by this Order in paragraphs 1-10 herein.

12. Nothing herein shall be construed to relieve any insurers of AMS of their obligations to AMS, nor AMS of any obligations to the Endo Entities. AMS expressly

preserves its rights to the full extent of its insurance coverage notwithstanding this Order. The Endo Entities expressly reserve the right to seek reimbursement from AMS to the extent of any proceeds that AMS receives from its insurers.

13. The Parties reserve any and all objections not otherwise expressly limited by this Order.

14. The Endo Entities are subject to the personal jurisdiction of this Court for entry and enforcement of this Joint Stipulation and Order.

15. Any cases filed in this MDL subsequent to the date of this Order shall be subject to this Order.

This _____ day of January, 2013.