# Exhibit "F"

# COHEN / PLACITELLA / ROTH pc
### ATTORNEYS AT LAW



CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

September 17, 2012

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Allen M. Gardner, Esq.
Latham & Watkins, LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004-1304

    RE:    **In re: Pelvic Mesh/Gynecare Litigation**, New Jersey 291 CT

              **In re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation**, MDL No. 2327

Dear Mr. Gardner:

    I am in receipt of your September 7, 2012, letter. Frankly, I am surprised at your unwillingness to produce AdvaMed's proposal which you had pledged to Plaintiffs during our meet and confer on July 27, 2012. This refusal combined with the fact that Plaintiffs have made every good faith effort to address your objections (indeed have patiently discussed with you for two months), lead us to conclude that AdvaMed has no intention on serving any response without court order.

    Particularly, Plaintiffs find it unacceptable that your letter rehashes original objections that you had previously assured Plaintiffs' counsel would not prevent AdvaMed's production. Without citing any case law, you make the perfunctory statement that Plaintiffs request "capture[s] core protected speech" and therefore cannot be a permissible subject of a discovery request. Procedurally, such an objection is not a proper ground for limiting discovery pursuant to Rule 26(b)(1). Substantively, Plaintiffs consider your claim that the subpoenas "chill" AdvaMed and its members' rights to associate and petition the government to misunderstand both the nature of the information sought as well as the First Amendment.

    AdvaMed is a nonparty who faces no liability from any of the information sought through Plaintiffs' discovery requests. Instead, the subpoenas are narrowly tailored to seek documents

Allen M. Gardner, Esq.
September 17, 2012
Page Two

and information regarding the defendant pelvic mesh manufacturer's knowledge of the dangers of its products that are now the subject of the above referenced state and federal litigation. In fact, a reading of Plaintiffs' master complaints (which were forwarded to your office on July 12, 2012), clearly demonstrate that Plaintiffs are not seeking to hold the defendants liable for its lobbying activities, but rather for negligently selling a harmful product that resulted in the personal injuries of thousands of women. The United States Supreme Court as well as state courts have expressly stated that such information is relevant on the issue of a manufacturer's failure to warn. See United Mine Workers v. Pennington, 381 U.S. 657, 670 n. 3 (1965) (holding such evidence is admissible to show "purpose and character"); accord Snyder v. Am. Ass'n of Blood Banks, 144 N.J. 269, 296 (1996) (stating that a defendant manufacturer's liability does not rest on its right to petition government, but rather on principles of negligence).

In addition, Plaintiffs find that the only possible "core protected speech" invoked by Plaintiffs' requests is the right of injured persons to pursue non-frivolous lawsuits. See Hudson v. Palmer, 468 U.S. 517, 523 (1984) (stating that the First Amendment includes a reasonable right of access to the courts). Certainly part of this constitutional right is the ability to obtain permissible and routine discovery that is "not privileged, that is relevant to the claim or defense of any party." D.C. Civ. Rule 26(b)(1).

Therefore, the fact that you now renege on your promise to produce a proposal and instead return to objections easily proved meritless, Plaintiffs are left to conclude that despite our best efforts, AdvaMed does not intend on responding to either litigation's issued subpoenas. Therefore, Plaintiffs require that AdvaMed either produce the discovery requests in full within ten (10) days of this letter or Plaintiffs will proceed by filing a motion to compel the discovery with the court.

Very truly yours,

RAYNA E. KESSLER

REK/tr

cc: D. Renee Baggett, Esq. (via electronic mail)
    Adam Slater, Esq. (via electronic mail)
    Jeffrey Grand, Esq. (via electronic mail)
    Tom Cartmell, Esq. (via electronic mail)