# Exhibit "G"

Allen Gardner
Direct Dial: 202.637.2270
allen.gardner@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

September 24, 2012

**VIA EMAIL**

Rayna E. Kessler, Esq.
Cohen, Placitella & Roth PC
127 Maple Avenue
Red Bank, NJ 07701

Re:   In re: Pelvic Mesh/Gynecare Litigation
      New Jersey 291 CT

      In re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation
      MDL No. 2327

Dear Ms. Kessler:

I have received your September 17, 2012, letter and am responding in hopes of avoiding recourse to the courts in connection with these subpoenas. AdvaMed remains willing to produce documents in response to these subpoenas if we are able to agree on the proper scope of your requests. Following our initial meet and confer conference in July, AdvaMed agreed to consider whether there were any categories of documents clearly falling within the scope of the subpoena that it would be prepared to produce. Unfortunately, given the subpoenas' extensive scope and degree of vagueness, AdvaMed's conclusion that many of the documents sought by the subpoena are protected by its First Amendment privilege, and Plaintiffs' refusal to provide any commitment to help offset AdvaMed's—a non-party to the litigation—costs of production, AdvaMed has been unable to begin the process of gathering non-objectionable documents.

Given your recent letter, it also seems necessary to further clarify our objections. AdvaMed is not a party to the litigation. As such, discovery is governed by Rule 45, which provides that the serving party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1); *accord* D.C. R. Civ. P. 45(c)(1) ("A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."). The subpoenas, as issued, make no attempt to meet this standard.

First, the subpoenas are exceedingly vague and overbroad. They contain no limitation on date, and do not even attempt to limit the scope by subject matter. The first request is the worst offender in this regard, seeking "any and all original documents . . ., including but not limited to diaries and notes pertaining to the claims raised by Plaintiffs in the matter of In Re: Pelvic

**LATHAM&WATKINS**LLP

Mesh/Gynecare Litigation." (emphasis added). By its plain terms, this request appears to demand production of every document in AdvaMed's possession. While we suspect this is not what you intended, it is what the request appears to demand given how you drafted it. Additionally, the subpoenas make no effort to define the content that is being sought, choosing instead to leave that determination to AdvaMed. As a non-party to the litigation, it is unreasonably burdensome to require AdvaMed to discern what sorts of documents may or may not be relevant to Plaintiffs' claims in the litigation; instead, it is incumbent upon Plaintiffs to delineate the scope of what they are seeking so that AdvaMed may respond. Simply put, before AdvaMed can meaningfully respond to these subpoenas beyond lodging objections, it must understand the scope and content requested and that scope and content must be reasonable.

More problematically, however, much of the material that the subpoenas appear to seek is protected by the First Amendment privilege. In reviewing your September 17 letter, we are concerned that you misunderstand our objection. AdvaMed is not concerned that Plaintiffs are "seeking to hold the defendants liable for [AdvaMed's] lobbying activities." That would also be a violation of AdvaMed's First Amendment rights but that is not our current objection. Instead, AdvaMed is concerned that were it to disclose much of the information requested by Plaintiffs' subpoena, AdvaMed's members would no longer speak to or through the association. In other words, the disclosure of the private speech you seek—which was made for the purpose of developing a public political dialogue—would limit future speech and AdvaMed's ability to exist as an association advocating on its members' behalf. As the disclosure requested in the subpoenas would "frustrate the group's decisions as to how to . . . effectively select its message and the best means to promote that message," it cannot be compelled due to the resulting chilling effect on AdvaMed's First Amendment rights. *AFL-CIO v. FEC*, 333 F.3d 168, 177 (D.C. Cir. 2003).

In sum, AdvaMed remains willing and prepared to respond further to Plaintiffs' subpoenas, but it is unwilling to guess as to exactly what Plaintiffs are seeking and it is unwilling to forfeit its First Amendment rights.

I look forward to your response to these concerns.

Sincerely,

Allen M. Gardner
of LATHAM & WATKINS LLP

cc: D. Renee Baggett, Esq. (via email)
Adam Slater, Esq. (via email)
Jeffrey Grand, Esq. (via email)
Tom Cartmell, Esq. (via email)