# Exhibit "H"

## COHEN / PLACITELLA / ROTH pc
ATTORNEYS AT LAW



CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

September 26, 2012

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Allen M. Gardner, Esq.
Latham & Watkins, LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004-1304

RE: **In re: Pelvic Mesh/Gynecare Litigation**, New Jersey 291 CT

**In re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation**, MDL No. 2327

Dear Mr. Gardner:

In response to your September 24, 2012, letter, Plaintiffs' counsel requested yesterday's meet and confer to once again attempt resolving our discovery dispute without court involvement. Instead, you explained for the first time that regardless of Plaintiffs' willingness to provide a new subpoena that would address your concerns regarding scope, cost, and vagueness, your client nevertheless refuses to produce any nonpublic internal communications. For these documents, you stand by the assertion that the First Amendment excuses your client from complying with what is otherwise a routine discovery request.

As previously explained by Plaintiffs, such a broad constitutional pronouncement is not a proper ground for limiting discovery pursuant to the D.C. Court Rules and is unsubstantiated by any case law. Specifically, your September 24, 2012, letter provides the citation of AFL-CIO v. FEC, 333 F.3d 168 (D.C. Cir. 2003), which is the only case that you have provided to date that purportedly supports your position. Yet you agreed with me yesterday that this case is irrelevant since the issue in AFL-CIO was whether the Federal Election Commission's administrative enforcement procedures (as promulgated by Congress) violated the First Amendment by requiring the public disclosure of closed case files. Id. Indeed, the opinion begins its first

Allen M. Gardner, Esq.
September 26, 2012
Page Two

sentence with the notable avowal that "[u]nique among federal administrative agencies, the Federal Election Commission has as its sole purpose the regulation of core constitutionally protected activity . . ." Id. Here, Plaintiffs are private individuals seeking relevant discovery from a private trade association whose documents it is being asked to produce are subject to both litigation's protective orders which prohibit their public dissemination. This case therefore has no import into our current dispute.

Since AdvaMed's First Amendment privilege claim remains meritless, Plaintiffs are once again left to conclude that AdvaMed will only continue to palter unless there is court intervention. Plaintiffs' counsel will thus proceed by preparing their respective motions to compel. However, if your client should change its position on producing nonpublic internal communications, Plaintiffs' counsel remains willing to address the remaining issues of scope, cost, and vagueness, without court involvement.

Thank you for your attention to this matter.

Very truly yours,

RAYNA E. KESSLER

REK/tr

cc: D. Renee Baggett, Esq. (via electronic mail)
Adam Slater, Esq. (via electronic mail)
Jeffrey Grand, Esq. (via electronic mail)
Tom Cartmell, Esq. (via electronic mail)