# Exhibit "I"

**BERNSTEIN LIEBHARD LLP**

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

(212) 779-1414

FAX: (212) 779-3218

www.bernlieb.com

JEFFREY S. GRAND
jgrand@bernlieb.com

November 7, 2012

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Allen M. Gardner, Esq.
Latham & Watkins, LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004-1304

      RE:    In re: Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation, MDL, No. 2327

Dear Allen,

      I'm writing to follow-up on our October 22, 2012, telephonic meet and confer and in hope of narrowing our areas of disagreement over the scope of discovery served on AdvaMed by the Plaintiffs' Steering Committee. As you may recall, during the meeting, you raised concerns about service of the subpoena and whether the presiding MDL court would have jurisdiction over this discovery dispute.

      Certainly, we are not adverse to reissuing the Subpoena Duces Tecum in the District of Columbia. We are confident, however, that any arguments regarding a Motion to Quash the discovery will be heard by the MDL court in West Virginia. Indeed, it is quite common for the court handling an MDL litigation to resolve discovery disputes arising from subpoenas served in other districts. For example, federal law provides that an MDL judge may "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). Further, the vast majority of federal courts to consider the issue have interpreted § 1407(b) as conferring jurisdiction on the MDL judge over disputes relating to non-party document subpoenas. *See., e.g., U.S. ex. Rel. Pogue v. Diabetes Treatment Ctrs. Of American, Inc.,* 444 F.3d 462, 469 n. 4 (6th Cir. 2006) ("the rationale underlying the MDL statute . . . requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas")' *In re Welding Rod Prods. Liab. Litig.,* 406 F. Supp. 2d 1064, 1066-7 (N.D. Cal. 2005) (transferring motion to quash document subpoena to MDL judge, who was "readily

BERNSTEIN LIEBHARD LLP

familiar with the underlying issues" and explaining that "most courts" apply Section 1407(b) to document subpoenas); *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 2 (D.D.C. 2003) (remitting motion to quash subpoena duces tecum to MDL judge, who was "already familiar with [the] massive litigation" and had consented to hearing motions to quash).

As discussed during our call, in a good faith effort to resolve our dispute in advance of the next MDL status conference, we are revising the subpoena to narrow our requests, and will have that to you shortly. Please advise as to your availability next week to further discuss these issues.

Sincerely,

*Jeffrey S. Grand*

Jeffrey S. Grand

cc: Bryan F. Aylstock, Esq.
Thomas P. Cartmell, Esq.
Renee Baggett, Esq.
Rayna E. Kessler, Esq.