**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: ETHICON, INC. PELVIC     MDL No. 2327
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO


Civil Action No.:_____   _____
                **Name of Plaintiff**


**PLAINTIFF FACT SHEET**

   Each plaintiff who allegedly suffered injury as a result of a pelvic mesh product manufactured or sold by Ethicon, Inc. must complete this Plaintiff Fact Sheet. In completing this Fact Sheet, you are under oath and must answer every question and provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can and then state that your answer is incomplete and explain why as appropriate. If you select an "I Don't Know" answer, please state all that you do know about that subject. If any information you need to complete any part of the Fact Sheet is in the possession of your attorney, please consult with your attorney so that you can fully and accurately respond to the questions set out below. If you are completing the Fact Sheet for someone who cannot complete the Fact sheet herself, please answer as completely as you can.

   The Fact Sheet shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect. The questions and requests for production contained in the Fact Sheet are non-objectionable and shall be answered without objection. This Fact Sheet shall not preclude Defendants from seeking additional documents and information on a reasonable, case-by-case basis pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

   In filling out this form, please use the following definition: "healthcare provider" means any doctor, physician, surgeon, pharmacist, hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical care or advice, and any pharmacy, x-ray department, radiology department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities involved in the diagnosis, care and/or treatment of you.

In filling out this form, the terms "You" or "Your" refer to the person who received pelvic mesh product(s) manufactured or sold by Ethicon, Inc. and who is identified in Question I.1 (a) below.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary.

## I. <u>BACKGROUND INFORMATION</u>

1)   Please state:

      a.     Full name of the person who received the pelvic mesh product(s), including maiden name:

      b.     Full name of the person completing this form, if different from the person listed in 1 (a) above, and the relationship of the person completing this form to the person listed in 1 (a) above: _____

      c.     The name and address of your primary attorney:_____

2)   Your Social Security Number: _____

3)   Your date of birth: _____

4)   Your current residence address:_____

If you have lived at this address for less than 10 years, provide each of your prior residence addresses from 2000 to the present:

| Prior Address | Dates You Lived At This Address |
|---|---|
|  |  |
|  |  |
|  |  |

5)     Have you ever been married?  **Yes** ____  **No** ____

If yes, provide the names and addresses of each spouse and the inclusive dates of your marriage to each person.

_____

_____

6)     Do you have children?  **Yes** ____  **No** ____

**If Yes**, please provide the following information with respect to each child:

| Full Name of Child | Date of Birth | Home Address (if different from yours) | Whether Biological/Adopted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7)     Identify the name and age of any person who currently resides with you and their relationship to you:

_____

_____

_____

8)     Identify all secondary and post-secondary schools you attended, starting with high school and please provide the following information with respect to each:

| Name of School | Address | Dates of Attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

3

| | | | | |
|---|---|---|---|---|
| | | | | |

9)   Please provide the following information for your employment history over the past 10 years up until the present:

| Employer Name | Addresses | Job Title/ Description of Duties | Dates of Employment | Salary/Rate of Pay |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

10)   Have you ever served in any branch of the military? **Yes ___   No ___**

**If Yes**, please provide the following information:

a.   Branch and dates of service, rank upon discharge and the type of discharge you received: _____

_____

b.   Were you discharged from the military at any time for any reason relating to your medical, physical, or psychiatric condition?  **Yes ___   No ___**

**If Yes**, state what that condition was: _____

_____

11)   Within the last ten years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? **Yes ___   No ___**

**If Yes**, please set forth where, when and the felony and/or crime:

_____

_____

## II. CLAIM INFORMATION

1) Please complete the following chart for each implanted Ethicon, Inc. pelvic mesh product.  Insert additional lines as necessary.

| Pelvic Mesh Product and lot number (if sticker affixed, so indicate) | Date and Location of Implant | Reason for Implant | Implanting Doctor and Address |
|---|---|---|---|
| Product No. 1: | | | |
| Product No. 2: | | | |
| Product No. 3: | | | |

2) For each pelvic mesh product identified above, describe your understanding of the medical condition for which you received the pelvic mesh product(s): _____

_____

_____

3) For each Ethicon, Inc. pelvic mesh product identified above, indicate if, prior to implantation, you received any written and/or verbal information or instructions, including any risks or complications that might be associated with the use of the product(s)? **Yes ___  No ___ Don't Know ___**

**If Yes:**

a. Provide the date you received the written and/or verbal information or instructions:

_____

_____

b. Identify by name and address the person(s) who provided the information or instructions: _____

_____

c. What information or instructions did you receive? _____

_____

_____

      d.  If you have copies of the written information or instructions you received, please attach copies to your response.

4)      For each Ethicon, Inc. pelvic mesh product(s) that remains implanted in you:

      a.  Has any doctor recommended removal of the pelvic mesh product(s)?
**Yes** \_\_\_ **No** \_\_\_

      **If Yes,** Identify by name and address the doctor who recommended removal and state your understanding of why the doctor recommended removal:

      _____

5)      Have any of the Ethicon, Inc., pelvic mesh product(s) been removed, in whole or in part?
**Yes** \_\_\_ **No** \_\_\_ **Don't Know** \_\_\_

      **If Yes, for each pelvic mesh product removed provide:**

      a.  On what date, where and by whom (doctor) was the pelvic mesh product(s), or any portion of it, removed? _____

      b.  Explain why you consented to have the pelvic mesh product(s), or any portion of it, removed?_____

      c.  Does any medical treater, physician or anybody else on your behalf have possession of any portion of the pelvic mesh product® that was previously implanted in you and removed? **Yes** \_\_\_ **No** \_\_\_ **Don't Know** \_\_\_

      **If Yes,** please state name and address of the person or entity having possession of same. _____

6)      Do you claim that you suffered bodily injuries as a result of the implantation of any Ethicon, Inc., pelvic mesh product(s)? **Yes** \_\_\_ **No** \_\_\_

      **If Yes:**

      a.  Describe the bodily injuries, including any emotional of psychological injuries, that you claim resulted from the implantation of the pelvic mesh product(s).

      _____
      _____
      _____

      b.  When is the first time you experienced symptoms of any of the bodily injuries you claim in your lawsuit to have resulted from the pelvic mesh product(s)?
      _____

_____
_____
_____

c.    When did you first attribute these bodily injuries to the pelvic mesh product(s)?

_____
_____
_____

d.    To the best of your knowledge and recollection, please state approximately when you first saw a health care provider for each of those bodily injuries you claim to have experienced relating to the pelvic mesh product(s):

_____
_____
_____

e.    Are you currently experiencing symptoms related to your claimed bodily injuries? **Yes ___  No ___**

**If Yes**, please describe your current symptoms in detail

_____
_____

f.    Are you currently seeing, or have you ever seen a doctor or healthcare provider for each of the bodily injuries or symptoms listed above? **Yes ___  No ___**

**If Yes,** please list all doctors you have seen for treatment of any of the bodily injuries you have listed above.

| Provider Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

7

|  |  |  |
|--|--|--|
|  |  |  |

     g.     Were you hospitalized at any time for the bodily injuries you listed above? **Yes ___ No ___**

          **If Yes**, please provide the following:

| Hospital Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

7)    Other than the Ethicon, Inc. pelvic mesh product(s) that are the subject of your lawsuit, have you been implanted with any other pelvic mesh products?    **Yes ___ No ___**

    **If Yes**, please provide the following information:

        a.  Product Name(s): _____

             _____

        b.  Date of implantation procedure(s) and name and address of implanting doctor(s):

        _____

        c.  Condition(s) sought to be treated through placement of the device(s):

        _____

        _____

        d.  Whether the product(s) remain implanted inside of you today? **Yes ___ No ___**

8)    Are you making a claim for lost wages or lost earning capacity?

    **Yes ___ No ___**

**If Yes**, state the annual gross income you derived from your employment for each year, beginning five years prior to the implantation of the pelvic mesh product(s) until the present:

_____

_____

9)      Are you making a claim for lost out-of-pocket expenses?

**Yes** ____  **No** ____

**If Yes**, please identify and itemize all out-of-pocket expenses you have incurred**:**

_____

_____

10)     Has anyone filed a loss of consortium claim in connection with your lawsuit regarding the pelvic mesh product(s)?

**Yes** ____  **No** ____

**If Yes,** identify by name and address the person who filed the loss of consortium claim, state the relationship of that person to you, and state the nature of the claim:

_____

_____

_____

11)     Please indicate whether the consortium plaintiff is alleging any of the claimed damages set forth below and itemize the alleged damages/expenses:

| Claims | Yes/ No | Itemized Damages/Expenses |
|---|---|---|
| Loss of services of spouse | | **Not applicable** |
| Impaired sexual relations | | **Not applicable** |
| Lost wages/ lost earning capacity | | |
| Lost out-of-pocket expenses | | |
| Physical injuries | | **Not applicable** |
| Psychological Injuries/ Emotional Injuries | | **Not applicable** |
| Other | | **Not applicable** |

12)   Please list the name and address of any healthcare providers the consortium plaintiff has seen for treatment for any physical, emotional, or psychological injuries or symptoms alleged to be related to the loss of consortium claim.

_____

_____

_____

_____

_____

13)   Have you or anyone acting on your behalf had any communication, oral or written, with any of the defendants or their representatives, other than your attorneys?

**Yes ___   No ___  Don't Know ___**

**If Yes**, set forth the date of the communication, the method of communication, the name of the person with whom you communicated, and the substance of the communication between you and any defendants or their representatives:

_____

_____

## III.  <u>MEDICAL BACKGROUND</u>

1)   Provide your current age: _____  Height _____  Weight _____

2)   At the time you received each pelvic mesh product(s), please state:

Your age _____  Your approximate weight _____

3)   State number of vaginal births you have had? _____

4)   State the number of cesarean section births you have had? _____

5)   In chronological order, list any and all surgeries, procedures, or hospitalizations you had in the 10 year period **BEFORE** implantation of the pelvic mesh product(s); identifying by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and providing the approximate date(s) for each.  Insert additional rows as necessary.

| Doctor or Healthcare Provider Involved (including address) | Description of Surgery Hospitalization | Approximate. Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

6)      In chronological order, list any and all surgeries, procedures, or hospitalizations you had **AFTER** the implantation of the pelvic mesh product(s); identifying by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and provide the approximate date(s) for each.   Insert additional rows as necessary.

| Doctor or Healthcare Provider Involved (including address) | Description of Surgery/ Hospitalization | Approximate Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

11

7)   To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital, or other health care provider from which you have received medical advice and/or treatment for the past **10 years**.  Insert additional rows as necessary.

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

8)   Please describe your physical activities associated with daily living, physical fitness, household tasks, and employment-related activities *before* the implantation of each pelvic mesh product.

_____

_____

9)   Please describe your physical activities associated with daily living, physical fitness, household tasks, and employment-related activities *after* the implantation of the pelvic mesh product(s).

10)     To the best of your knowledge, have you suffered from any of the following:

| Medical Condition | Sought treatment for? | | Indicate whether condition occurred pre-implant, post-implant or both (explain, if necessary) |
|---|---|---|---|
| Adhesions | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Bleeding or Clotting Disorders<br><br>If **Yes**, please specify disorder: | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Bowel Obstruction | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Bowel Perforation | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Cancer<br><br>If **Yes**, please specify type: | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Chronic Constipation | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Collagen Disorder/Deficiency | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Connective Tissue Disorder<br><br>If **Yes**, please specify disorder: | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |
| Crohn's Disease, Irritable Bowel Syndrome, Ulcerative Colitis, or Chronic Diarrhea | Yes ____ No ____ | Yes ____ No ____ | Pre ____ Post ____ |

13

| If **Yes**, please specify which condition and treatment prescribed: | | | |
|---|---|---|---|
| Cystocele | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Diabetes | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Diverticulitis | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Dyspareunia | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Enterocele | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Fistulas | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Hernias | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Hypertension or High Blood Pressure | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Hypotension or Low Blood Pressure | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Immune System Disease or Dysfunction including HIV/AIDS  If **Yes**, please specify condition: | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Malnutrition | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Muscle or Muscle-Wasting Disorder  If **Yes**, please specify disorder: | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Neuromuscular Disease or Disorder | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |

| If **Yes**, please specify disorder: | | | |
|---|---|---|---|
| Obesity | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Pelvic Trauma<br><br>If **Yes**, please describe trauma: | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Pelvic Tumors or Fibroids | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Peritonitis/Sepsis | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Rectocele | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Recurrent or Chronic Vaginal or Bladder Infections<br><br>If **Yes**, please specify location and nature of infections: | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Recurrent Vaginal Pain<br><br>If **Yes**, please describe the nature of pain experienced: | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Urinary Incontinence | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Urinary Retention | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Uterine Prolapse | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |
| Vaginal Vault Prolapse | **Yes** ___ **No** ___ | **Yes** ___ **No** ___ | **Pre** ___ **Post** ___ |

| | | | |
|---|---|---|---|
| Wound Healing Problems<br><br>If **Yes**, please explain: | **Yes** \_\_\_\_<br>**No** \_\_\_\_ | **Yes** \_\_\_\_<br>**No** \_\_\_\_ | **Pre** \_\_\_\_ **Post** \_\_\_\_ |
| Any other disease of the gut, intestines, or bowels<br><br>If **Yes**, please specify condition (s): | **Yes** \_\_\_\_<br>**No** \_\_\_\_ | **Yes** \_\_\_\_<br>**No** \_\_\_\_ | **Pre** \_\_\_\_ **Post** \_\_\_\_ |

16

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THE FOLLOWING QUESTIONS ARE CONFIDENTIAL AND SUBJECT TO THE PROTECTIVE ORDER APPLICABLE TO THIS CASE.**

a) **Were you diagnosed with and/or treated for Sexually Transmitted Diseases for the five year period prior to the implantation of the pelvic mesh product(s) through the present?**

**Yes \_\_\_  No \_\_\_**

**If Yes, specify the disease, date of onset, medication/treatment, treating physician and current status of condition:**

_____

_____

b) **Have you been diagnosed with and/or treated for any alcohol or chemical dependency for the one year prior to the implantation of the pelvic mesh product(s) through the present?**          **Yes \_\_\_  No \_\_\_**

**If Yes, specify type and time period of dependency, type of treatment received, name of treatment provider, and current status of condition:**

_____

_____

c) **Have you experienced, been diagnosed with or been treated for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders in the 5 year period before implantation of the pelvic mesh product(s) through the present?**

**Yes \_\_\_  No \_\_\_**

**If Yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:**

_____

_____

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

11)   Have you experienced menopause?                **Yes ___  No ___**

      **If Yes**, at what age did it begin? _____

12)   Have you undergone vaginal estrogen therapy, hormone therapy, or systemic estrogen replacement therapy (ERT)?                    **Yes ___  No ___**

      **If Yes**, please provide the type of therapy you received, date(s) of the therapy, and the name and address of the healthcare provider providing the therapy.

      _____

      _____

13)   Do you now or have you ever smoked tobacco products?   **Yes ___  No ___**

      **If Yes**:

      a)  How long have/did you smoke?

      _____

      _____

14)   List each prescription medication you have taken **for more than 3 months at a time, within the last 5 years prior to implant to present,** giving the name and address of the pharmacy where you received/filled the medication, the reason you took the medication, and the approximate dates of use.

| Medication and Dosage | Pharmacy (Name and Address) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## IV.  <u>INSURANCE INFORMATION</u>

1)     Provide the following information for any past or present medical insurance coverage within the last 10 years:

| Insurance Company (Name and Address) | Policy Number | Name of Policy Holder/Insured (if different than you) | Approx. Dates of Coverage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2)     Have you ever been denied life insurance for reasons relating to your health?

**Yes ___  No ___  Don't Know ___**

**If Yes**, please state when the denial occurred, the name of the life insurance company, and the company's reason for denial: _____
_____
_____

3)     To the best of your knowledge, have you been approved to receive or are you receiving Medicare benefits due to age, disability, condition or any other reason or basis?

**Yes ___  No ___**

**If Yes**, please specify the following:

a)     The date on which you first became eligible: _____

*[Please note:  if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations.  See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

## V. <u>PRIOR CLAIM INFORMATION</u>

1)    Have you filed a lawsuit or made a claim in the last 10 years, other than in the present suit relating to any bodily injury?

**Yes** ___  **No** ___

**If Yes**, please specify the following:

   a)    Court in which suit/claim filed or made: _____

   b)    Case/Claim Number: _____

   c)    Nature of Claim/Injury: _____

2)    Have you applied for workers' compensation (WC), Social Security disability (SSI or SSD) benefits, or other state or federal disability benefits within the past 10 years?

**Yes** ___  **No** ___

**If Yes**, please specify the following:

   a)    Date (or year) of application: _____

   b)    Type of benefits sought _____

   c)    Agency/Insurer from which you sought the benefits: _____

   d)    The nature of the claimed injury/disability: _____

   e)    Whether the claim was accepted or denied: _____

   _____

20

## VI.  FACT WITNESSES

1)      Please identify all persons who you believe possess information concerning your injury(ies) and current medical conditions, other than your healthcare providers, and please state their name address and his/her/their relationship to you:

| Name | Address | Relationship to You | Information you Believe Person Possesses |
|------|---------|---------------------|------------------------------------------|
|      |         |                     |                                          |
|      |         |                     |                                          |
|      |         |                     |                                          |
|      |         |                     |                                          |
|      |         |                     |                                          |
|      |         |                     |                                          |

## VII.      IDENTIFICATION OF DOCUMENTS AND OTHER ELECTRONICALLY STORED INFORMATION

For the period beginning three years prior to implantation of the pelvic mesh product(s) to present, please identify all research, including on-line research, you have conducted regarding the subjects of this litigation, including the implantation of the pelvic mesh product(s), the injuries and/or damages you claim resulted from the implantation of the pelvic mesh product(s), or your medical or physical condition. Identify date, time, and source, including any websites visited. Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.

_____

_____

_____

_____

_____

_____

_____

_____

_____

## VIII.  <u>DOCUMENT REQUESTS</u>

1)      **RELEASES**.

       **NOTE:   Please sign and attach to this Fact Sheet the authorizations for the release of records appended hereto.**

2)      **DOCUMENTS.** State whether you have any of the following documents in your possession, custody, and/or control. If you do, please provide a true and correct copy of any such documents with this completed Fact Sheet.

    a)      If you were appointed by a court to represent the plaintiff in this lawsuit, produce any documents demonstrating your appointment as such.

        i.      Not Applicable _____

        ii.      The documents are attached _____ [OR] I have no documents _____

    b)      If you represent the estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).

        i.      Not Applicable _____

        ii.      The documents are attached _____ [OR] I have no documents _____

    c)      Produce any communications (sent or received)  in your possession, which shall include materials  accessible to you from any computer on which you have sent or received such communications, concerning the pelvic mesh product(s) or subject litigation, including but not limited to all letters, e-mails, blogs, Facebook posts, tweets, newsletters, etc. sent or received by you. Research conducted to

understand the legal and strategic advice of your counsel is not considered responsive to this request.

    i.    Not Applicable \_\_\_\_\_

    ii.    The documents are attached _____ [OR] I have no documents_____

d)    Produce all documents (including journal entries, lists, memoranda, notes, diaries), photographs, video, DVDS or other media, including all copies, discussing or referencing the subjects of this litigation including the pelvic mesh product(s), the injuries and/or damages you claim resulted from the pelvic mesh product(s), or evidencing your physical  condition from three years prior to the implantation of the pelvic mesh product(s) to present, including but not limited to the injuries for which you claim relief in this lawsuit. Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.

    i.    Not Applicable \_\_\_\_\_

    ii.    The documents are attached _____ [OR] I have no documents _____

e)    Produce any pelvic mesh product packaging, labeling, advertising, or any other pelvic mesh product product-related items in your possession, custody or control.

    i.    Not Applicable \_\_\_\_\_

    ii.    The documents are attached _____ [OR] I have no documents _____

f)    Produce all documents concerning any communication between you and the Food and Drug Administration (FDA) or between you and any employee or agent of the Defendants, regarding the pelvic mesh product(s) at issue, except as to those communications which are attorney client/work product privileged.

    i.    Not Applicable \_\_\_\_\_

    ii.    The documents are attached _____ [OR] I have no documents _____

g)    Produce all documents in your possession, custody or control evidencing or relating to any correspondence or communication between Ethicon, Inc., (or any of its related companies or divisions) and any of your doctors, healthcare providers, and/or you relating to the pelvic mesh  product(s), except as to those communications which are attorney client/work product privileged.

   i.  Not Applicable \_\_\_\_\_

   ii.  The documents are attached _____ [OR] I have no documents _____

h)  Produce any and all documents in your possession, custody or control reflecting, describing, or in any way relating to any instructions or warnings you received prior to implantation of any pelvic mesh product(s) concerning the risks and/or benefits of your surgery, including but not limited to any risks and/or benefits associated with the pelvic mesh product(s).

   i.  Not Applicable \_\_\_\_\_

   ii.  The documents are attached _____ [OR] I have no documents _____

i)  Produce any and all documents reflecting the model number and lot number of the pelvic mesh product(s) you received.

   i.  Not Applicable \_\_\_\_\_

   ii.  The documents are attached _____ [OR] I have no documents _____

j)  If you underwent surgery to explant in whole or in part the pelvic mesh product(s) that you received: produce any and all documents in your possession, custody or control aside from documents that may have been generated by experts retained by your counsel for litigation purposes, relating to any evaluation of the pelvic mesh product(s) and any other material that was (were) surgically removed from you.

   i.  Not Applicable \_\_\_\_\_

   ii.  The documents are attached _____ [OR] I have no documents _____

k)  If you claim lost wages or lost earning capacity, copies of your federal and state tax returns for the  two years prior to implantation of the pelvic mesh product(s) to the present.

   i.  Not Applicable \_\_\_\_\_

   ii.  The documents are attached _____ [OR] I have no documents _____

If you do not produce the required tax returns, you must provide fully completed authorizations for the release of federal and state tax returns.

l)  All documents in your possession, custody or control concerning payment by Medicare on the injured party's behalf relating to the injuries claimed in this lawsuit, including but not limited to Interim Conditional Payment summaries

24

and/or estimates prepared by Medicare or its representatives regarding payments made on your behalf for medical expenses relating to the subject of this litigation.

i.      Not Applicable _____

ii.     The documents are attached _____ [OR] I have no documents _____

*[Please note:  if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations.  See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

**VERIFICATION**

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
**Signature of Plaintiff**

**VERIFICATION OF LOSS OF CONSORTIUM**

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
**Signature of Consortium Plaintiff**

**APPENDIX "A"**

**(Authorization Forms)**

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

To:

I, the undersigned, hereby authorize and request the Custodian above-named entity to disclose to
<u>The Marker Group, Inc.                13105 Northwest Freeway, Suite 300, Houston, TX 77040</u>                          ,
any and all medical records, including those that may contain protected health information (PHI) regarding
_____, whether created before or after the date of signature.  This authorization
specifically does not permit <u>The Marker Group, Inc.</u>                to discuss any aspect of medical care or
circumstances ex parte and without the presence of my attorney.  Records requested may include, but are
not limited to:

a)   all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and
histories, laboratory reports, operating room records, discharge summaries, progress notes, patient
intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records,
communicable disease testing and treatment records, correspondence, prescription records, medication
records, orders for medications, therapists' notes, social worker's records, insurance records, consent
for treatment, statements of account, itemized bills, invoices and any other papers relating to any
examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents
containing information regarding amendment of protected health information (PHI) in the medical
records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other
radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and
requisition records, and any other written materials in its possession relating to any and all medical
diagnoses, medical examinations, medical and surgical treatments or procedures.  I expressly request
that all covered entities under HIPAA identified above disclose full and complete protected medical
information.  This authorization and release does not allow <u>The Marker Group, Inc.</u>
to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or
hematology slides, wet tissue or tissue blocks.

b)   complete copies of all prescription profile records, prescription slips, medication records, orders for
medication, payment records, insurance claims forms correspondence and any other records. I
expressly request that all covered entities under HIPAA identified above disclose full and complete
protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
_____ **v.** Ethicon, Inc., et al.    or (ii) five (5) years after the date of signature of the
undersigned below.  The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the
revocation is in writing to** <u>The Marker Group, Inc.</u>        **except to the extent that the entity has already
relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is
directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the
individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed
pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the
disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS
records and information to** <u>The Marker Group, Inc.</u>        .
- **The individual signing this authorization understands information authorized for release may include records
that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all
documents requested via this authorization within a reasonable period of time after such records are
received by** <u>The Marker Group, Inc.</u>        .

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to
_The Marker Group, Inc._____ .

| | |
|---|---|
| Name of Patient | Signature   of   Patient   or   Individual |
| Former/Alias/Maiden Name of Patient | Date |
| Patient's Date of Birth | Name of Patient Representative |
| Patient's Social Security Number | Description of Authority |
| Patient's Address | |

### AUTHORIZATION AND CONSENT
### TO RELEASE PSYCHOTHERAPY NOTES

Name of Individual:
Social Security Number:
Date of Birth:
Provider Name:

TO:         All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

            The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and
            employees

            The Social Security Administration

             Open Records, Administrative Specialist, Department of Workers' Claims

            All employers or other persons, firms, corporations, schools and other educational institutions

        The undersigned individual herby authorizes each entity included in any of the above categories to
furnish and disclose to  The Marker Group, Inc.              13105 Northwest Freeway, Suite 300, Houston, TX 77040
and its authorized representatives, with true and correct copies of all "psychotherapy notes", as such term is
defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term
"psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health
professional documenting or analyzing the contents of conversation during a private counseling session or a
group, joint or family counseling session and that are separated from the rest of the individual's record. This
authorization does not authorize ex parte communication concerning same.

- •    This authorization provides for the disclosure of the above-named patient's protected health
  information for purposes of the following litigation matter: _____ v.
   Ethicon, Inc., et al.

- •    The undersigned individual is hereby notified and acknowledges that any health care provider or
  health plan disclosing the above requested information may not condition treatment, payment,
  enrollment or eligibility for benefits on whether the individual signs this authorization.

- •    The undersigned individual is hereby notified and acknowledges that he or she may revoke this
  authorization by providing written notice to either  Butler, Snow, O'Mara, Stevens & Cannada, PLLC
   1200 Jefferson Avenue  Oxford, MS 38655      and to  The Marker Group, Inc.                and/or to one or
  more entities listed in the above categories, except to the extent that any such entity has taken
  action in reliance on this authorization.

- •    The undersigned is hereby notified and acknowledges that he or she is aware of the potential that
  protected health information disclosed and furnished to the recipient pursuant to this
  authorization is subject to redisclosure by the recipient for the purposes of this litigation in a
  manner that will not be protected by the Standards for the Privacy of Individually Identifiable
  Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- •    The undersigned is hereby notified that he/she is aware that any and all protected health
  information disclosed and ultimately furnished to  The Marker Group, Inc.               in
  accordance with orders of the court pursuant to this authorization will be shared with any and all

co-defendants in the matter of _____ v. Ethicon, Inc., et al.
- and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Ethicon, Inc., et al.   or (ii) five (5) years after the date of signature of the undersigned below.

**I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to** The Marker Group, Inc. **and its authorized representatives, by any entities included in the categories listed above.**

Date: _____

_____
Signature of Individual or Individual's Representative

Individual's Name and Address:

_____          _____
Printed Name of Individual's Representative (If applicable)

_____          _____
Relationship of Representative to Individual (If applicable)

_____          _____
Description of Representative's authority to act for Individual (If applicable)

**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").**

**AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
The Marker Group, Inc.             13105 Northwest Freeway, Suite 300, Houston, TX 77040            , any and
all records containing insurance information, including those that may contain protected health
information (PHI) regarding _____, whether created before or after the
date of signature.  Records requested may include, but are not limited to:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit
> schedules regarding the insured's coverage, including supplemental coverage; health and physical
> examination records that were reviewed for underwriting purposes, and any statements,
> communications, correspondence, reports, questionnaires, and records submitted in connection with
> applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports,
> prescriptions, correspondence, test results, radiology reports and any other medical records that were
> submitted for claims review purposes; any claim record filed; records of any claim paid; records of all
> litigation; and any other records of any kind concerning or pertaining to the insured.  I expressly request
> that all covered entities under HIPAA identified above disclose full and complete protected medical
> information.  By signing this authorization, I expressly do not authorize any ex parte interview or oral
> communication about me or any information contained in the materials produced without the presence
> of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
_____ v. Ethicon, Inc., et al.    or (ii) five (5) years after the date of
signature of the undersigned below.  The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any
  time, provided the revocation is in writing to the** The Marker Group, Inc.                     **,
  except to the extent that the entity has already relied upon this Authorization to disclose
  protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom
  this authorization is directed may not condition treatment, payment, enrollment or
  eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information
  (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the
  recipients and that, in such case, the disclosed PHI no longer will be protected by federal
  privacy regulations.**
- **The individual signing this authorization understands information authorized for release
  may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to
  receive a copy of all documents requested via this authorization within a reasonable
  period of time after such records are received by** The Marker Group, Inc.                     **.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>The Marker Group, Inc.</u> .

| | |
|---|---|
| Name of Individual | Signature of Individual or Individual Representative |
| Former/Alias/Maiden Name of Individual | Date |
| Individual's Date of Birth | Name of Individual Representative |
| Individual's Social Security Number | Description of Authority |
| Individual's Address | |

**AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of   The Marker Group, Inc._____ 13105 Northwest Freeway, Suite 300, Houston, TX 77040_____, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.     This authorization should also be construed to permit agents or designees of  The Marker Group, Inc._____   to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of _____; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Ethicon, Inc., et al.     or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by  The Marker Group, Inc._____   without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to** The Marker Group, Inc._____**, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by** The Marker Group, Inc._____**.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>The Marker Group, Inc.</u> .

| | |
|---|---|
| _____ | _____ |
| Name of Individual | Signature of Individual or Individual |
| _____ | _____ |
| Former/Alias/Maiden Name of Individual | Date |
| _____ | _____ |
| Individual's Date of Birth | Name of Individual Representative |
| _____ | _____ |
| Individual's Social Security Number | Description of Authority |
| _____ | |
| Individual's Address | |

**AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose The Marker Group, Inc.               13105 Northwest Freeway, Suite 300, Houston, TX 77040               , any and all records containing employment information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.  Records requested may include, but are not limited to:

> all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my employment history by The Marker Group, Inc.               without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v.** Ethicon, Inc., et al.     or (ii) five (5) years after the date of signature of the undersigned below.  A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to** The Marker Group, Inc.               , **except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by** The Marker Group, Inc.               .

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to _The Marker Group, Inc._____.


_____          _____
Name of Employee                          Signature of Employee or Employee Representative

_____          _____
Former/Alias/Maiden Name of Employee          Date

_____          _____
Employee's Date of Birth                       Name of Employee Representative

_____          _____
Employee's Social Security Number          Description of Authority

_____
Employee's Address

**AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
<u>The Marker Group, Inc.              13105 Northwest Freeway, Suite 300, Houston, TX 77040              </u>, any
and all records containing Workers' Compensation information, including those that may contain protected
health information (PHI) regarding _____, whether created before or after the date
of signature.  Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records,
> transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident
> reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made;
> investigatory reports and records; applications for employment; records of all positions held; job descriptions of any
> positions held; salary records; performance evaluations and reports; statements and comments of fellow employees;
> attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health
> or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments
> made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or
> invoices; and any other records relating to the above-named individual.  Copies (NOT originals) of all x-rays, CT
> scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any
> corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and
> complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
_____ **v.** Ethicon, Inc., et al.    or (ii) five (5) years after the date of signature of the
undersigned below.  The purpose of this authorization is for civil litigation.  This authorization is for the
release of records only and does not allow for ex parte communications regarding the subject matter of this
release and without the presence of my attorney.

**N**OTICE
- **The individual signing this authorization has the right to revoke this authorization at any
  time, provided the revocation is in writing to** <u>The Marker Group, Inc.                    </u>**,
  except to the extent that the entity has already relied upon this Authorization to disclose
  protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom
  this authorization is directed may not condition treatment, payment, enrollment or
  eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information
  (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the
  recipients and that, in such case, the disclosed PHI no longer will be protected by federal
  privacy regulations.**
- **The individual signing this authorization understands information authorized for release
  may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to
  receive a copy of all documents requested via this authorization within a reasonable
  period of time after such records are received by** <u>The Marker Group, Inc.                    </u>**.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to
The Marker Group, Inc. .

| | |
|---|---|
| Name of Individual | Signature of Individual or Individual Representative |
| Former/Alias/Maiden Name of Individual | Date |
| Individual's Date of Birth | Name of Individual Representative |
| Individual's Social Security Number | Description of Authority |
| Individual's Address | |

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security Administration

_____          _____          _____
\*Name                                          \*Date of Birth                                  \*Social Security Number

I authorize the Social Security Administration to release information or records about me to:

\*NAME                                                    \*ADDRESS

Butler, Snow, O'Mara, Stevens & Cannada, PLLC   1200 Jefferson Avenue  Oxford, MS 38655   ____

The Marker Group, Inc. _____          13105 Northwest Freeway, Suite 300, Houston, TX 77040

_____          _____

\*I want this information released because:
*There may be a charge for releasing information.*          _____

_____

\*Please release the following information selected from the list below:
*You must check at least one box.  Also, SSA will not disclose records unless applicable date ranges are included.*

☐ Social Security Number

☐ Current monthly Social Security benefit amount

☐ Current monthly Supplemental Security Income payment amount

☐ My benefit/payment amounts from _____ to _____

☐ My Medicare entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
  *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

☐ Complete medical records from my claims folder(s)

☐ Other record(s) from my file (e.g. applications, questionnaires, consultative examination
  reports, determinations, etc.) _____

_____

**I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge.  I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000.  I also understand that any applicable fees must be paid by me.**

\*Signature: _____          \*Date: _____

Relationship *(if not the individual)*: _____          \*Daytime Phone: _____

_____

Form SSA-3288 (07-2010) EF (07-2010)

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

### Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

**NOTE:**   Do not use this form to:

- Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778), or

- Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

- Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

- Fill in the name and address of the individual (or organization) to whom you want us to release your information.

- Indicate the reason you are requesting us to disclose the information.

- Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

- You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

- If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT  STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov  or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov.  Offices are also listed under U.S. Government agencies in your telephone directory or you may call  1-800-772-1213 (TTY 1-800-325-0778).** *You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401.* **Send only comments relating to our time estimate to this address, not the completed form.**

Form **SSA-3288**  (07-2010) EF (07-2010) Destroy Prior Editions



# Medicare

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/ TDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information*, even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.**

**Instructions for Completing Section 2B of the Authorization Form:**
*Please select one of the following options.*

- **Option 1** To **include** all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2** To **exclude** the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

**Information to Help You Fill Out the**
**"1-800-MEDICARE Authorization to Disclose Personal Health Information" Form**

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare.  Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

## 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1.  _____     _____     _____

    **Print Name**                            **Medicare Number**                        **Date of Birth**
    (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2.  Medicare will only disclose the personal health information you want disclosed.

    2A:  **Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

    ☐ Limited Information (go to question 2b)

    ☐ Any Information (go to question 3)

    2B:  **Complete <u>only</u>  if you selected "limited information". Check all that apply:**

    ☐ Information about your Medicare eligibility

    ☐ Information about your Medicare claims

    ☐ Information about plan enrollment (e.g. drug or MA Plan)

    ☐ Information about premium payments

    ☐ Other Specific Information (please write below; for example, payment  information)

    _____

3.  **Check only <u>one</u> box below indicating how long Medicare can use this  authorization to disclose your personal health information** (subject to applicable  law—for example, your State may limit how long Medicare may give out your  personal health information):

    ☐ Disclose my personal health information indefinitely

    ☐ Disclose my personal health information for a specified period only
       beginning:  (mm/dd/yyyy)_____   and ending: (mm/dd/yyyy) _____

**4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information.  Please provide the specific name of the person(s) for any organization you list below:**

1. Name: Butler, Snow, O'Mara, Stevens & Cannada, PLLC

   Address: 1200 Jefferson Avenue  Oxford, MS 38655

   _____

2. Name: The Marker Group, Inc.

   Address: 13105 Northwest Freeway, Suite 300, Houston, TX 77040

   _____

3. Name: _____

   Address: _____

   _____

**5.**

> **I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form.  I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**
>
> _____     _____     _____
> Signature                    Telephone Number        Date (mm/dd/yyyy)
>
> Print the address of the person with Medicare  (Street Address, City, State, and ZIP)
>
> _____
>
> _____
>
> ☐ Check here if you are signing as a personal representative and complete below.
>    Please attach the appropriate documentation (for example, Power of Attorney).
>    This <u>only</u> applies if someone other than the person with Medicare signed above.
>
> Print the Personal Representative's Address (Street Address, City, State, and ZIP)
>
> _____
>
> _____
>
> Telephone Number of Personal Representative: _____
>
> Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to**:

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission.  If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.