IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC.,
     PELVIC REPAIR SYSTEM
     PRODUCTS LIABILITY LITIGATION

MDL No. 2327

--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 42
(*AGREED* ORDER RE: DISMISSAL OF ENDO ENTITIES IN ALL CASES)

Upon request and with the agreement of the defendants Endo Pharmaceuticals Inc., American Medical Systems Holdings, Inc., and Endo Health Solutions Inc. (collectively referred to as the "Endo Entities"), Defendant American Medical Systems, Inc. ("AMS") and co-lead plaintiffs' counsel in AMS, co-coordinating co-lead counsel for plaintiffs, the plaintiffs' executive committee and the co-leads in MDLs 2187, 2325, 2326 and 2387, **IT IS ORDERED** as follows:

    1.    As to cases pending as of the entry of this order against the Endo Entities[1] in MDLs 2187, 2325, 2326, 2327, and 2387, whether filed directly or transferred, all claims pending against the Endo Entities (as defined above and in Exhibit 1) will be dismissed without prejudice. The Clerk is instructed to terminate the Endo Entities (as defined above and in Exhibit 1) in each pending member case in which such entities are named.

---

[1] Parties in this and the other MDLs have named the Endo Entities in variations other than those named above. Exhibit 1 contains the current list of variations for the Endo Entities, which parties the court considers as Endo Entities. Reference in this order to "Endo Entities" includes the entities listed in Exhibit 1. To the extent new parties are named after the entry of this order that may be considered Endo Entities, the court will amend Exhibit 1.

2. The Endo Entities are **DISMISSED** from the Master Complaint in the AMS MDL without prejudice.

3. As to cases directly filed in the Southern District after the entry of this order, the Short Form and Amended Short Form Complaints will be amended to remove the Endo Entities and effective immediately, the Endo Entities shall not be named by Short Form or Amended Short Form Complaint.

4. As to cases transferred by the Judicial Panel on Multidistrict Litigation after the entry of this order, for any plaintiff(s) that name the Endo Entities in MDLs 2187, 2325, 2326, 2327, and 2387, the court will, upon notification by AMS, enter a show cause order.

5. If plaintiffs seek to add any of the Endo Entities prior to trial in an MDL action or in a state court action that has been remanded from the MDL, the Endo Entities may not object on the basis of timeliness or the statute of limitations unless the same timeliness or statute of limitations defense exists for the existing defendants in the case.

6. AMS's responses to plaintiffs' discovery requests in MDLs 2187, 2325, 2326, 2327, and 2387 shall include all responsive, non-privileged documents and information in the possession or control of each of the Endo Entities;

7. Notwithstanding the provisions of Paragraph 6 above, discovery regarding the financial worth of any Endo Entity is reserved until the scope of such discovery, if any, is determined by a trial court at the appropriate time. The Endo Entities may not object to the production of such information on the basis that any such entity is not a party to the lawsuit; however, any and all other objections are reserved.

8. AMS's counsel shall accept service for a subpoena to any witness in the employ or control of Endo Entities, or who will be represented or given advice by counsel retained by AMS or the Endo Entities.

9. Endo Health, directly or through an Endo Entity, will stand in the shoes of AMS solely for the purpose of making a financial payment and/or satisfying any judgment against AMS in the event that, for any reason whatsoever, AMS is financially unable to satisfy any final judgment against AMS and/or to satisfy any financial obligation agreed to by AMS pursuant to the terms of any settlement agreement to which AMS is a party. Absent a need generated by a motion or proceeding to enforce any obligation of any of the Endo entities or AMS pursuant to this order, no discovery relating to the payment of any final judgment or financial obligation described in this order shall be permitted in any lawsuit or proceeding subject to this order. Plaintiffs may not seek payment of any final judgment or financial obligation described in this order from the Endo Entities except as expressly provided herein.

10. Endo Health, directly or by causing another Endo Entity to make such payment, shall satisfy any final judgment and/or financial obligation it undertakes to satisfy pursuant to this order as if any of the Endo Entities were themselves a party to such action and without the need for the commencement of any enforcement proceedings. Notwithstanding any dispute that may arise as between or among the Endo Entities and AMS, or AMS and its insurers, relating to the subject matter of this order, this court shall have the right to enter a final judgment against Endo Health in the event of a failure on the part of AMS to satisfy said judgment or financial obligation pursuant to a settlement agreement for any reason within 30 days from the time the judgment becomes final or the financial obligation for payment pursuant to a settlement agreement is due and owing.

11. The Endo Entities may not object to the use of the financial worth of an Endo Entity on the basis that such entity is not a party to the lawsuit but reserve all other objections.

12. Counsel of record for plaintiffs in the MDL proceedings and the Endo Entities shall execute this type of agreement with respect to any state court actions raising similar claims, to the extent counsel for plaintiffs are currently counsel of record in such state court proceedings.

13. Nothing herein shall be construed as an admission that any of the Endo Entities are a proper party to any lawsuit, that the Endo Entities have ever or will ever assume[d] any of AMS's liability, that the Endo Entities stand in the shoes of AMS's insurers, or that discovery relating to the Endo Entities is appropriate, relevant, or admissible in any lawsuit. Nothing in this paragraph shall be construed to alter or change any of the obligations created by this order in paragraphs 1-17 herein.

14. Nothing herein shall be construed to relieve any insurers of AMS of their obligations to AMS, nor AMS of any obligations to the Endo Entities. AMS expressly preserves its rights to the full extent of its insurance coverage notwithstanding this order. The Endo Entities expressly reserve the right to seek reimbursement from AMS to the extent of any proceeds that AMS receives from its insurers.

15. The Parties reserve any and all objections not otherwise expressly limited by this order.

16. The Endo Entities are subject to the personal jurisdiction of this court for entry and enforcement of this order.

17. Any cases filed in this MDL subsequent to the date of this order shall be subject to this order.

4

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-0 6337. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: 4/03/13

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

AGREED TO BY:

By: _____
Henry G. Garrard, III
hgg@bbgbalaw.com
Plaintiffs' Coordinating
Co-Lead Counsel, Co-Lead Counsel and
Member of Executive Committee for Bard

Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, GA 30603
706-354-4000

By: /s/ *Henry G. Garrard, III for* **Fred Thompson, III,** with express permission
fthompson@motleyrice.com
Plaintiffs' Coordinating
Co-Lead Counsel and Member of
Executive Committee for Bard

Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-216-9118

By: /s/ *Henry G. Garrard, III for* **Bryan F. Aylstock,** with express permission
BAylstock@awkolaw.com
Plaintiffs' Coordinating
Co-Lead Counsel and Member of
Executive Committee for Bard

Aylstock, Witkin, Kreis & Overholtz
17 E. Main Street, Suite 200
Pensacola, Florida 32502
877-810-4808

By: /s/ Henry G. Garrard, III for **Derek H. Potts,** with express permission
dpotts@potts-law.com
Plaintiffs' Co-Lead Counsel and Member of Executive Committee for Bard

The Potts Law Firm, LLP
908 Broadway, 3rd Floor
Kansas City, Missouri 64105
816-931-2230

By: /s/ Henry G. Garrard, III for **Thomas P. Cartmell,** with express permission
tcartmell@wagstaffcartmell.com
Member of Executive Committee and
Plaintiffs' Co-Lead Counsel for Ethicon

Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100

6

|  |  |
|---|---|
|  | By: _____ <br> Henry G. Garrard, III for **Aimee H. Wagstaff**, with express permission <br> Aimee.wagstaff@ahw-law.com <br> Member of Executive Committee and Plaintiffs' Co-Lead Counsel for Boston Scientific |
| Andrus, Hood & Wagstaff, PC <br> 1999 Broadway, Suite 4150 <br> Denver, CO 80202 <br> 303-376-6360 |  |
|  | By: _____ <br> Henry G. Garrard, III for **Clayton A. Clark**, with express permission <br> clark@triallawfirm.com <br> Member of Executive Committee and Plaintiffs' Co-Lead Counsel for Boston Scientific |
| Clark, Love & Hutson, G.P. <br> 440 Louisiana Street, Suite 1600 <br> Houston, TX 77002 <br> 713-757-1400 |  |
|  | By: _____ <br> Henry G. Garrard, III for **Amy Eskin**, with express permission <br> aeskin@levinsimes.com <br> Member of Executive Committee and Plaintiffs' Co-Lead Counsel for AMS |
| Levin Simes, LLP <br> 353 Sacramento Street <br> 20th Floor <br> San Francisco, CA 94111 <br> 415-426-3126 |  |
|  | By: _____ <br> Henry G. Garrard, III for **Renee Baggett**, with express permission <br> RBaggett@awkolaw.com <br> Plaintiffs' Co-Lead Counsel for Ethicon |
| Aylstock, Witkin, Kreis & Overholtz <br> Suite 200 <br> 17 East Main Street <br> Pensacola, FL 32502 <br> 850-202-1010 |  |

7

|  |  |
|---|---|
| Motley Rice<br>321 South Main Street<br>Providence, RI 02903<br>401-457-7700 | By: _____<br>Henry G. Garrard, III for **Fidelma Fitzpatrick**, with express permission<br>ffitzpatrick@motleyrice.com<br>Plaintiffs' Co-Lead Counsel for AMS |
| Burnett Law Firm<br>55 Waugh Drive, Suite 803<br>Houston, TX 77007<br>832-413-4410 | By: _____<br>Henry G. Garrard, III for **Riley L. Burnett, Jr.**, with express permission<br>rburnett@rburnettlaw.com<br>Plaintiffs' Co-Lead Counsel for Coloplast |
| Mueller Law<br>404 West 7th Street<br>Austin, TX 78701<br>512-478-1236 | By: _____<br>Henry G. Garrard, III for **Mark Mueller**, with express permission<br>mark@muellerlaw.com<br>Plaintiffs' Co-Lead Counsel for Coloplast |
| Law Offices of Robert L. Salim<br>1901 Texas Street<br>Natchitoches, LA 71457<br>318-352-5999 | By: _____<br>Henry G. Garrard, III for **Robert Salim**, with express permission<br>robertsalim@cp-tel.net<br>Plaintiffs' Co-Lead Counsel for Coloplast |
| Reed Smith LLC<br>1650 Market St.<br>Philadelphia, PA 19103<br>215-241-7948 | By: _____<br>Henry G. Garrard, III for **Barbara Binis**, with express permission<br>Bbinis@reedsmith.com<br>Defendants' Lead Liaison Counsel for American Medical System, Inc. |

8

# Exhibit 1

**Variations of Endo Health Solutions Inc. (f/k/a Endo Pharmaceuticals Holdings, Inc.) and Endo Pharmaceuticals, Inc.**

Endo Health Solutions
Endo Health Solutions Inc.
Endo Health Solutions Incorporated
Endo Health Solutions, Inc.

Endo Pharmaceutical Holdings
Endo Pharmaceutical Holdings, Inc.
Endo Pharmaceuticals
Endo Pharmaceuticals Holding Inc.
Endo Pharmaceuticals Holdings
Endo Pharmaceuticals Holdings Inc.
Endo Pharmaceuticals Holdings Incorporated
Endo Pharmaceuticals Holdings, Inc.
Endo Pharmaceuticals Inc.
Endo Pharmaceuticals Solutions, Inc.
Endo Pharmaceuticals, Inc.
Endo Pharmaceuticals, Inc.

**Variations of American Medical Systems Holdings, Inc.**

American Medical Systems Holding, Inc.
American Medical Systems Holdings Inc.
American Medical Systems Holdings Incorporated
American Medical Systems Holdings, Inc.
American Medical Systems, Holdings Inc.
American Medical Systems, Holdings, Inc.