UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' POSITION STATEMENT REGARDING USE OF CONFIDENTIAL DISCOVERY IN LITIGATION AGAINST OTHER MANUFACTURERS**

Defendants Ethicon, Inc. and Johnson & Johnson ("Defendants") oppose plaintiffs' proposal to use confidential discovery produced in one mesh MDL in the depositions conducted in a different manufacturer's MDL. Plaintiffs filed the same position statement in three other MDLs pending before this Court. Defendants concur in the positions submitted by American Medical Systems, Inc. ("AMS") and C.R. Bard, Inc. ("Bard") setting forth the confidentiality and practical concerns presented. Ethicon, Inc. and Johnson & Johnson file their own position statement to further explain the impropriety of plaintiffs' request.

Plaintiffs' request is not supported by the cited law, and plaintiffs have not shown these unusual provisions necessary for the effective representation of their clients. Defendants agree with AMS and Bard that substantial prior notice should be given where a party intends to use non-confidential documents with a non-party witness. They also agree that no deposition should be used in a different manufacturer's MDL absent a showing of exigent circumstances. Finally, any deposition questioning using the subject documents should be limited to witnesses with personal knowledge regarding the documents.

## ARGUMENT

**A.  Plaintiffs' Request Is Unorthodox and Not Required to Prosecute Their Claims**

Plaintiffs' primary argument is that the state of the art defense requires sharing of confidential discovery.  "The term state of the art is defined as the level of relevant scientific, technological and safety knowledge existing and reasonably feasible at the time of design, and also as the contemporaneous practical skill in performance exercised by the designers of products."  63A AM JUR 2D PRODUCTS LIABILITY § 984.  "Parsing evidence of state-of-the-art scientific knowledge . . . require[s] interpretation of scientific publications and data then available to the supplier."  *Roney v. Gencorp*, No. 3:05-0788, 2009 U.S. Dist. LEXIS 84859 (S.D. W. Va. Sept. 16, 2009).  The state of the art thus cannot be determined through a competitor's confidential documents, which presumably were not "available to the supplier."

Plaintiffs have cited numerous cases involving the sharing of discovery among plaintiffs in actions regarding the *same defendant*.  These cases do not support plaintiffs' claim of entitlement to materials in the possession of a competitor defendant as evidence in litigation related to another manufacturer's products.  Rather, they address the situation where the parties would otherwise re-do discovery they would ultimately be entitled to in the course of discovery.

Plaintiffs' request is in essence a request to have these MDLs operate as a single "super MDL."  They allege that their request is in the interest of efficiency and cite the Judicial Panel on Multidistrict Litigation's order centralizing these MDL proceedings.  *In re: Am. Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359, 2012 U.S. Dist. LEXIS 16532, 2012 WL 432533 (J.P.M.L. Feb. 7, 2012).  However, the JPML did *not* order a single MDL, but rather separated the MDLs by manufacturer.  This is consistent with the JPML's repeated position that coordinated pretrial proceedings among diverse manufacturers do not serve the

purposes behind consolidation.  *See, e.g., In re Shoulder Pain Pump-Chondrolysis Prods. Liab. Litig.*, 571 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008) (denying centralization of pain pump litigation involving multiple products and manufacturers); *In re Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F. Supp. 2d 1375 (J.P.M.L. 2010) (same); *In re Table Saw Prods. Liab. Litig.*, 641 F. Supp. 2d 1384 (J.P.M.L. 2009) (denying centralization of product liability litigation involving multiple different table saws manufactured by multiple different defendants).

In addition, plaintiffs wrongly claim that this "sharing" of documents is proper because a manufacturer is held to the standard of an expert.  Plaintiffs' argument misapprehends the cited legal concept.  While some states' laws say that a manufacturer is considered an expert, the expert standard depends on the publicly-known "field" generally and not the confidential documents of all of the manufacturers' competitors.  As stated by the Ninth Circuit applying California law, "[a] manufacturer is held to the knowledge and skill of *an expert in the field*; it is obliged to keep abreast of any scientific discoveries and is presumed to know the results of all such advances.  A manufacturer cannot defeat liability because it did not review *the relevant scientific literature*."  *Rosa v. TASER Int'l, Inc.*, 684 F.3d 941, 946 (9th Cir. 2012) (citation and internal quotation marks omitted) (emphasis added).   A requirement that a manufacturer be aware of the relevant scientific literature does not transform that manufacturer into an omniscient being, cognizant of all knowledge possessed by its competitors.

Plaintiffs' contention is that the discovery designations have rendered them unable to fully represent their clients.  However, plaintiffs are not in any detrimental position as compared with the typical products liability litigation, where the parties do not have wholesale access to the confidential materials of the manufacturers' competitors.  The purpose of an MDL is not to give

the parties access to a broader set of evidence than they would otherwise be entitled to had their cases proceeded in their home district court. Rather, the parties remain bound by the Federal Rules of Civil Procedure governing the discovery of documents from nonparties. Though non-parties may be obligated to provide discovery under Rule 26, 34, and 45, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (affirming order denying motion to compel academic research materials from a non-party).

Here, plaintiffs seek to gain a tactical advantage from the fact that there exist concurrent litigation proceedings regarding similar mesh products. Though plaintiffs contend that the documents will remain confidential, they ignore that part of the very purpose of the confidentiality designations is to keep trade secret information from the manufacturers' competitors. The wholesale access to and use of confidential information across MDLs without regard to these confidentiality concerns, especially given that little if any of the evidence should be admissible in any other defendant's MDL proceeding, should not be permitted.

### B. In the Alternative, Defendants Request Notice Be Given In Advance of Any Deposition at Which Their Documents Are Used, Along with Other Restrictions

Defendants oppose the wholesale production of confidential material across all transvaginal mesh MDLs. In the alternative, however, defendants request the Court enter limitations on the use of such information:

(1) **Notice.** Defendants agree with the positions of defendants AMS and Bard that where a party wishes to use non-confidential documents from one defendant manufacturer at a deposition in a different manufacturer's proceedings, the producing manufacturer should be given at least 10 business days actual written notice of the intent to use the specific document(s) at issue and should be permitted to participate in the deposition. In addition, defendants agree with the

request of Bard that the notice specifically identify the documents by Bates number and that any manufacturer have the opportunity to petition the Court to block the use of the documents.

(2) **Use of Depositions.** Even with the provision of notice, however, defendants would be prejudiced by having to expend resources to monitor depositions at which their documents are used in order to ensure that confidentiality is being preserved. Accordingly, defendants concur with the request of Bard that the Court clarify by order that no deposition of a witness (whether a fact witness or expert witness) taken in a manufacturer's MDL can be used against another manufacturer, absent prior order of the Court entered upon a showing of exigent circumstances.

(3) **Questioning Should Be Limited to Designated Experts or Witnesses With Personal Knowledge.** In addition, defendants request that in order to minimize threats to the confidentiality of the documents, the Court order that non-expert witnesses shall not be questioned regarding documents about which they have no personal knowledge. Such questioning would be beyond the purview of FED. R. EVID. 701. Likewise, these documents in the possession of third-party competitor manufacturers are outside the company's knowledge for purposes of 30(b)(6) testimony. Accordingly, defendants request that the Court limit the use of these materials to the questioning of designated expert witnesses or witnesses with personal knowledge of the documents.

## CONCLUSION

For the foregoing reasons, defendants Ethicon, Inc. and Johnson & Johnson's position is that the Court should not permit the wholesale sharing of confidential discovery across the transvaginal mesh MDLs. In the alternative, any use of such materials should be subject to strict notice requirements. Moreover, no deposition of a witness taken in one manufacturer's MDL should be used against a different manufacturer in a different MDL, absent a showing of exigent circumstances. Finally, defendants request the Court order that documents and information


produced by a competitor manufacturer be limited to the questioning of designated expert witnesses or witnesses with personal knowledge.

Dated: April 23, 2013

                                                Respectfully submitted,

/s/ Christy D. Jones
Christy D. Jones
Donna Brown Jacobs
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com
donna.jacobs@butlersnow.com

/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/Christy D. Jones_____

ButlerSnow 16146213v1