**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM,
PRODUCTS LIABILITY LITIGATION                    MDL NO. 2327
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS DOCUMENT RELATES TO ALL CASES

<u>**NOTICE TO TAKE VIDEO DEPOSITION OF SANDY SAVIDGE**</u>

TO:    Defendant ETHICON, INC., and Johnson & Johnson, Inc., (hereinafter "Defendants")

and its Attorneys of Record.

Please take notice that in accordance with the Rules of Civil Practice and Procedure,

Plaintiffs, by and through their counsel, will take the videotaped deposition of SANDY

SAVIDGE to begin on July 24, 2013, at 9:00 a.m., at the offices of Riker Danzig at One

Speedwell Avenue in Morristown, New Jersey.  The deposition will be taken before a person

authorized by law to administer oaths, pursuant to the Federal Rules of Civil Procedure.  The

deposition will be recorded by both stenographic and audiovisual means by Golkow

Technologies, Inc., and will continue day-to-day until the examination is completed.

You are hereby requested to produce within 10 days in advance of the date of the

deposition, the documents and information set forth in Exhibit "A" annexed hereto, to the extent

such documents and information have not already been produced.

This 6th day of May, 2013.

**PLAINTIFFS' CO-LEAD COUNSEL**


By: _____/s/Thomas P. Cartmell_____
    THOMAS P. CARTMELL
    Wagstaff & Cartmell LLP
    4740 Grand Avenue, Suite 300
    Kansas City, MO  64112
    816-701-1100
    Fax 816-531-2372
    tcartmell@wcllp.com


    D. RENEE BAGGETT
    Aylstock, Witkin, Kreis and Overholtz, PLC
    17 E. Main Street, Suite 200
    Pensacola, FL  32563
    850-202-1010
    850-916-7449
    Rbaggett@awkolaw.com
    *Plaintiffs' Co-Lead Counsel*

## DEFINITIONS AND INSTRUCTIONS

The following Definitions and Instructions shall apply to the Notice of Deposition.  To the extent a term commonly in use in the medical device industry is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the medical device industry.

1.      "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.  Document shall also include any and all items defined under Fed. R. Civ. P. 34(a)(l).

2.      "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex,

discussion, release, personal delivery, or otherwise.  Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda, slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

3.      "Person" means any natural or artificial person, including business entities and other legal entities.

4.      "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

5.      Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

6.      "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, alluding to, referring to, contradicting, comprising or concerning.

7.      All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you, or your attorneys, representatives, or other agents.

8.      All documents are to be produced in their entirety, without abbreviation or redaction, including both front and back thereof, and all attachments or other matters affixed thereto.

9.      These requests shall be deemed continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents between the time of responding to this subpoena and the time of any hearing or trial.

4

10.     "Defendants", "Ethicon", "Ethicon, Inc.", "Johnson & Johnson Inc.", "you" or "your" refers to, without limitation, Ethicon, Inc., and Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

11.     "You" and "your" mean Defendants and any of its directors, officers, sales representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other person purporting to act on its behalf.  In the case of business entities, these defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities, related entities, or any other entity acting or purporting to act on your behalf.

12.      "TVT" or "TVT products" means the TVT "classic" Tension Free Vaginal Tape System, as well as the TVT-Obturator, TVT-Secur, TVT-Exact, and TVT-Abbrevo which were developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI).  The term "TVT" or "TVT products" also includes any kits or tools designed to be sold with the TVT products including, but not limited to the TVT-AA and TVT-D.

13     "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

14.      You are to produce all responsive documents to the undersigned counsel no later than 10 days before the deposition.

5

## EXHIBIT "A"

## DOCUMENT REQUESTS

From any electronic or physical files kept, maintained, controlled or accessible by the deponent or the Defendants, please produce the following:

1.      All documents relied upon by the deponent in preparing for this deposition.

2.      A copy of the current resume and/or curriculum vitae for the deponent.

3.      A copy of the personnel file and/or employment file for the deponent.

4.      All documents relating to the TVT products that are in the deponent's personal possession, meaning documents stored or maintained in the deponent's dwelling, home, garage, or any other property owned, rented, leased, maintained or lived in by defendant as well as any documents or electronic media related to the TVT products which is stored or maintained on the defendant's personal property including but not limited to, personal computers, cell phones, flash drives, or any potable storage media device.

5.      All documents, notes, videos, or other information relating to TVT products that the deponent sponsored, supported, edited, posted, and/or linked websites, FaceBook pages, MySpace pages, Twitter pages, Wikipedia, or pages on any other websites.