UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

RESPONSES AND OBJECTIONS TO PLAINTIFFS'
"NOTICE TO TAKE VIDEO DEPOSITION OF DR. RAMY MAHMOUD" AND
ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Video Deposition of Dr. Ramy Mahmoud" (the "Notice") and Exhibit A to the same. The Notice was filed and served on April 5, 2013, and the deposition of Dr. Mahmoud is noticed for July 17, 2013. Exhibit A to the Notice is a request for production of documents. Both the Notice and Exhibit A to the Notice are attached hereto as Exhibit 1.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

As previously communicated to Plaintiffs' Counsel in this litigation, Defendants object to the deposition of Dr. Mahmoud, as the witness is an "apex" witness. The "apex doctrine" prohibits a party from examining any high-ranking corporate officer of a company where the

officer does not have unique personal knowledge relevant to the party's claim that is not otherwise available through a lower-ranking employee or by other less intrusive methods. *See, e.g.*, *Performance Sales & Mktg. LLC v. Lowe's Cos., Inc.*, No. 5:07-cv-00140, 2012 U.S. Dist. LEXIS 131394, 2012 WL 4061680 * 4 (W.D.N.C. Sept. 14, 2012); *Roman v. Cumberland Ins. Group*, 2007 U.S. Dist. LEXIS 96775 (E.D. Pa. Oct. 26, 2007) ("Courts throughout the country have prohibited the deposing of corporate executives who have no direct knowledge of a plaintiff's claim when other employees with superior knowledge are available to testify.") (citing cases); *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995). Moreover, scores of lower level witnesses have been or will be deposed in this litigation, and per Pretrial Order 38 paragraph (D)(2), the deposition transcripts of additional scores of witnesses already deposed in the New Jersey Litigation may be utilized in MDL 2327 as if the deposition were originally taken in these proceedings. As such, the witness will not be produced for deposition as noticed, unless the Plaintiffs demonstrate that this witness has unique personal knowledge/involvement with a product relevant to the party's claim that is not otherwise available through a lower-ranking employee or by other less intrusive methods.

## SPECIFIC RESPONSES AND OBJECTIONS TO NOTICE AND EXHIBIT A

**Document Request No. 1:** All documents relied upon by the deponent in preparing for this deposition.

**Responses and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness]

constitutes opinion work product because [counsel's] section and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)). Subject to and without waiving any objection, Defendants note that each and every document relied upon by the deponent in preparing for this deposition has already been produced to Plaintiffs.

**Document Request No. 2:**  A copy of the current resume and/or curriculum vitae for the deponent.

**Responses and Objections to Document Request No. 2:**  Defendants object that there is no Rule of Civil Procedure that requires a witness to create a resume or curriculum vitae for production. In an effort to cooperate and facilitate this deposition, however, Defendants will provide Plaintiffs a copy of the deponent's current resume to the extent one exists.

**Document Request No. 3:**  A copy of the personnel file and/or employment file for the deponent.

**Responses and Objections to Document Request No. 3:**  Defendants object that the personnel file includes confidential, personal information, the disclosure of which would result in an unnecessary intrusion into the privacy of the deponent. Specifically, the personnel file includes compensation records that are private and have no relevancy to the issues in litigation. The disclosure of this information would substantially intrude on the witness's legitimate privacy

interests. Moreover, Defendants object to the request for these documents unless the Plaintiffs demonstrate that this witness has unique personal knowledge/involvement with a product relevant to the party's claim that is not otherwise available through a lower-ranking employee or by other less intrusive methods. Upon such a showing, Defendants will produce a copy of the personnel file from the deponent's employment with Defendants limited to the time period for which the deponent has unique personal knowledge/involvement with a product relevant to Plaintiffs' claims. Defendants will also redact any information regarding the deponent's compensation. *See, e.g.*, *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 500237 (S.D. W. Va. Feb. 11, 2013) (authorizing production of redacted personnel files).

**Document Request No. 4:** All documents relating to the TVT products that are in the deponent's personal possession, meaning documents stored or maintained in the deponent's dwelling, home, garage, or any other property owned, rented, leased, maintained or lived in by defendant [sic] as well as any documents or electronic media related to the TVT products which is stored or maintained on the defendant's [sic] personal property including but not limited to, personal computers, cell phones, flash drives, or any potable [sic] storage media device.

**Responses and Objections to Document Request No. 4:** Defendants object to this request to the extent that it is overbroad and unduly burdensome. Subject to and without waiving their objections, Defendants have made diligent and good faith inquiry to identify documents responsive to this request that exist in business environments. To the extent that non-privileged documents responsive to this request were identified in such environments, such documents have been or will be produced to Plaintiffs. Should additional responsive documents maintained outside of identified business environments be identified during the process of preparing for

scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 5:** All documents, notes, videos, or other information relating to TVT products that the deponent sponsored, supported, edited, posted, and/or linked websites, FaceBook [sic] pages, MySpace pages, Twitter pages, Wikipedia, or pages on any other websites.

**Responses and Objections to Document Request No. 5:** Defendants object to this request to the extent that it is overbroad and unduly burdensome. Subject to and without waiving their objections, Defendants have made diligent and good faith inquiry to identify documents responsive to this request that exist in business environments. To the extent that non-privileged documents responsive to this request were identified in such environments, such documents have been or will be produced to Plaintiffs. Should additional responsive documents maintained outside of identified business environments be identified during the process of preparing for scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

                Respectfully submitted,

                ETHICON, INC. AND
                JOHNSON & JOHNSON

                */s/ David B. Thomas*
                David B. Thomas (W. Va. Bar No. 3731)
                Thomas Combs & Spann, PLLC
                300 Summers Street, Suite 1380
                P.O. Box 3824
                Charleston, WV 25338-3824
                (304) 414-1800

        */s/ Christy D. Jones*
        Christy D. Jones
        Butler, Snow, O'Mara, Stevens & Cannada, PLLC
        1020 Highland Colony Parkway
        Suite 1400 (39157)
        P.O. Box 6010
        Ridgeland, MS  39158-6010
        (601) 985-4523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on May 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800
dthomas@tcspllc.com