UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | : : : : | CIVIL ACTION NO. 2:12-md-02327<br><br>MDL No. 2327 |
| ------------------------------------------------------------ | : | |
| This Document Applies To All Actions | : | Judge Joseph R. Goodwin |
| ------------------------------------------------------------ x | | |

**PLAINTIFFS' STEERING COMMITTEE'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANT ETHICON, INC.**

**COME NOW** Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in accordance with the Local Rules of the United States District Court for the Southern District of West Virginia, and file their Memorandum of Law in Support of Plaintiffs' Motion to Compel Responses from Defendant Ethicon Inc. (hereafter "Ethicon") to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production. In support thereof, Plaintiffs state as follows:

**I. INTRODUCTION**

This motion to compel respectfully requests the Court's intervention in obtaining critical discovery, and moves for an Order compelling Ethicon to comply with its discovery obligations in response to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production. Plaintiffs served Ethicon with the aforementioned discovery on July 25, 2012. *See* Exhibit A (Plainitiffs' First Set of Interrogatories) and Exhibit B (Plaintiffs' First Set of Requests for Production).

Over the last nine months, Plaintiffs have granted Ethicon several extensions within which to respond, engaged in numerous meet and confers via email and telephone (as required by LR Civ P 37.1(b)) in a good faith attempt to resolve the matter without judicial intervention, and given Ethicon two opportunities to amend its responses to conform to the requirements of the Federal Rules of Civil Procedure and the Local Rules. As a result of these efforts, many of Ethicon's deficient discovery responses have been cured. Unfortunately, however, numerous deficiencies remain that require judicial intervention.

## II.  PROCEDURAL BACKGROUND

The PSC served Ethicon with its First Set of Interrogatories and First Set of Requests for Production on July 25, 2012. After granting Ethicon's multiple requests for extensions of time in which to respond, Ethicon served its responses on October 9, 2012. Because the responses were blatantly deficient, the PSC was prompted to request a meet and confer which took place shortly thereafter, in a good faith attempt to resolve the issues without court intervention. During this meet and confer, Ethicon was made aware of the PSC's concerns. Ethicon agreed to supplement its discovery responses and served its responses and objections to the interrogatories on December 4, 2012. Ethicon did not supplement its responses to Plaintiffs' requests for production at that time.

Following a review of the December 4th production, it was evident that numerous deficiencies remained so the PSC held another extensive meet and confer with Ethicon's counsel via telephone. The PSC reiterated its concerns and requested that Ethicon supplement its responses to comply with the Federal Rules. Once again, Ethicon agreed to supplement and, after many requests by the undersigned counsel for Ethicon to serve its amended discovery responses, Ethicon finally served its responses to the interrogatories and requests for production on April 8,

2013. As was made clear by the undersigned, these responses represent Ethicon's "best and final efforts to comply" with the Federal Rules of Civil Procedure following our many meet and confers on these issues. *See* Exhibit C (emails requesting counsel to serve the amended discovery responses).

Unfortunately, Ethicon's supplemental responses (attached hereto as Exhibits D and E, respectively) remain deficient and only minimally address the concerns from the prior meet and confers. For instance, Ethicon responds to virtually every interrogatory "subject to" its objections in violation of the Federal Rules; it asserts ambiguous "and/or" objections on claims of attorney-client privilege, work product immunity, confidential/ proprietary business information and trade secrets; and it asserts boilerplate objections that the discovery is overbroad, unduly burdensome, vague, ambiguous, and confusing—all in violation of the Federal Rules' requirement that objections be stated with specificity.

These examples, which represent only a fraction of the lengths to which Ethicon has gone to frustrate the Plaintiffs' legitimate discovery efforts, are intellectually disingenuous non-responses to simple and unambiguous discovery requests that seek information going to the very heart of the Plaintiffs' case, and reveals an unacceptable strategy of tactical gamesmanship and delay.

### III. ARGUMENT

Fed. R. Civ.P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Relevancy has been interpreted by the Supreme Court to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Consistent with this rule,

3

"relevancy" is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case, as a variety of factual issues may arise during litigation. *Id. Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (noting that "relevancy" under Rule 26(b) is broadly construed). Thus, it is not grounds for an objection that the information sought will be inadmissible at trial so long as there is "any possibility that the information sought may be relevant to the general subject matter of the action." *Beckman v. T.K. Stanley, Inc*., 2012 WL 1085803 (N.D.W.Va. March 12, 2012) (citations omitted) (emphasis added).

### 1. ANSWERING DISCOVERY "SUBJECT TO" OBJECTIONS IS IMPROPER AND RESULTS IN A WAIVER OF THE OBJECTIONS

In response to Interrogatory Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 16, 17,[1] 18, 19, 20, 21 and 22 and Requests for Production Nos. 5, 8, 11, 14, 22, 25, 26, 35, 88, 104 and 110, Ethicon asserts a litany of boilerplate objections and then purports to respond "subject to" or "subject to and without waiving" its objections.

This practice is universally condemned by courts and commentators alike, and constitutes a waiver of Ethicon's objections. *See Norton v. Assisted Living Concepts, Inc*., 786 F. Supp. 2d 1173, 1178 (E.D. Tex. 2011) ("The court finds that because Norton responded to the interrogatories, he waived his objections to them."); *Pepperwood of Naples Condominium Association, Inc. v. Nationwide Mutual Fire Ins. Co*., 2011 WL 4382104, *4-5 (M.D. Fla. 2011) (if a party objects to a question or request but then answers, the objection has been waived despite the claimed reservation of the objection); *Meese v. Eaton Mfg. Co*., 35 F.R.D. 162, 166 (N.D. Ohio 1964) ("Whenever an answer accompanies an objection, the objection is deemed

---

[1] In response to Interrogatory No. 17, Ethicon purports to answer "without waiving these objections," which is substantively the same as answering "subject to" objections.

waived and the answer, if responsive, stands."). *See also* WRIGHT & MILLER §2173 (Supp. 2008) ("A voluntary answer to an interrogatory is also a waiver of the objection."); ABA CIVIL DISCOVERY STANDARDS 24 (2004) (condemning practice of answering Rule 33 and Rule 34 discovery "subject to" or "without waiving" objections).

The underlying rationale for why this practice is improper is two-fold. First, "[t]here is no authority in the Federal Rules of Civil Procedure for reserving objections." *Jones v. Forrest City Grocery, Inc.*, 2007 WL 841676, at *1 (E.D. Ark. Mar. 16, 2007). *See also Casson Construction Co., Inc. v. Armco Steel Corp.*, 91 F.R.D. 376, 378-79 (D. Kan. 1980) ("There is no provision in the Federal Rules for preserving objections."); *Herdlein Technologies, Inc. v. Century Contractors, Inc.,* 147 F.R.D. 103, 108 (W.D.N.C. 1993) ("Other than the reservation of the right to supplement responses with new information, a responding party should not use any language that indicates a reservation of rights.").

Second, this type of objection hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. *Pro Fit Management, Inc. v. Lady of America Franchise Corp.*, 2011 WL 939246 (D.Kan. Feb. 25, 2011). As stated by the Southern District of Florida,

> The Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a Party to object on the basis of any of the above reasons, and then state that 'notwithstanding the above,' the Party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.

*ABM Financial Services, Inc. v. Express Consolidation, Inc*., 2007 WL 2572322, at *2 (S.D. Fla. Sept. 5, 2007).

5

*Mann v. Island Resorts Dev., Inc.,* 2009 WL 6409113, at *2 (N.D. Fla. Feb. 27, 2009) similarly noted:

> [A]nswering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. What this response really says is that counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. In this court, however, no objections are "reserved" under the rules; they are either raised or they are waived.

Such findings are consistent with Fed.R.Civ.P. 37, which provides that "an evasive or incomplete disclosure, answer, or response *must be* treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4) (emphasis added).[2]

Accordingly, if Ethicon has fully responded to Plaintiffs' discovery it should be ordered to say so. Conversely, if Ethicon has only partially responded to the discovery in reliance on its asserted objections, it should be ordered to disclose, answer, and respond to all such discovery in full without consideration of its objections.

### 2. ASSERTING BOILERPLATE OBJECTIONS DO NOT COMPLY WITH THE SPECIFICITY REQUIREMENT OF THE FEDERAL RULES

Beyond waiving its objections for the reasons noted above, Ethicon also has waived its objections by asserting a litany of boilerplate objections. *See Mills v. East Gulf Coal Preparation Company, LLC.*, 259 F.R.D. 118, 132 (S.D.W.V. 2009). "The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation." *Id*. *Mills* makes clear that to conform to the

---

[2] A finding of waiver is proper regardless of whether this offending practice takes place in the context of an individual case or in an MDL. *See In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871 (Report & Recommendation No. 3, attached as Exhibit F, at p. 3 ("[E]ven though such a litany of objections was recited [by defendant GlaxoSmithKline], partial objections were nevertheless given, which makes the objections pointless. Those objections should therefore be deemed waived.").

Rules, the objection should contain "a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose." *Id*. That is, a "statement" supporting the claimed objections must be provided. The mere recitation of a litany of boilerplate objections, without more, is insufficient. "Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections." *Id*. Ethicon is in violation of these principles underlying the Federal Rules.

In response to Interrogatory Nos. 1, 4, 5, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 20, and 22, Ethicon asserts in a conclusory fashion that the questions are "ambiguous, overly broad, unduly burdensome and seeks information that is not reasonably calculated to lead to evidence admissible at trial." In response to Interrogatory Nos. 2, 3, 6, 7, 19 and 21, Ethicon claims that the question is "ambiguous, overly broad, and unduly burdensome." And for Interrogatory No. 14, Ethicon simply objects that the questions is "vague, ambiguous and overbroad."

Likewise, in response to Requests for Production Nos. 1, 3, 4, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 33, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117,[3] 118, 119, 120, 121, 122, 123 and 124, Ethicon asserts the same boilerplate objection: "Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing." In response to Request for Production No. 32, Ethicon merely asserts that the request is "unduly burdensome."

---

[3] Ethicon also objects to Request No. 117 on the basis that it is "duplicative of multiple requests" but fails to identify which ones.

7

Ethicon generically objects to the following Requests on the basis that they are neither relevant nor reasonably likely to lead to the discovery of admissible evidence: Requests Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 36, 37, 38, 39, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123 and 124.

Insofar as Ethicon asserts nothing more than boilerplate objections devoid of any factual basis, its objections have been waived. *See Mills,* 259 F.R.D. at 132; *Stevens v. Federated Mut. Ins. Co.*, 2006 WL 2079503, at *4 (N.D.W.Va. July 25, 2006) ("Mere recitation of familiar litany that interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as specific objection.") (internal quotations omitted).

In the few instances where Ethicon does try to bolster its objections with a modicum of factual support, it falls short. For example, Ethicon objects to Interrogatory No. 1 on the basis that it is "overly broad, unduly burdensome and oppressive insofar as it seeks information relating to foreign regulatory submissions." Ethicon asserts a similar objection to Request for Production Nos. 16, 17, 21, 22, 23, 24, 25, 60, 65 and 82 concerning the production of documents relating to any "foreign activities or any non-U.S. entities." But these objections should be overruled as well.

On October 30, 2012, this Court issued an Order on Plaintiff's Motion to Compel Production of Documents Outside the United States as it relates to defendant American Medical Systems, Inc. (AMS). *See* Pretrial Order #24 (Doc. 326). In overruling AMS' objections and granting Plaintiffs' Motion to Compel, this Court recognized, among other things, that "Rule 34

8

of the Federal Rules of Civil Procedure is not limited to documents and things which are stored in the United States." *Id.* at p. 1. For the same reasons set forth in that Order, Ethicon's objections to production of foreign regulatory submissions and foreign activities should be overruled.[4]

### 3. ETHICON'S ATTORNEY-CLIENT *AND/OR* WORK PRODUCT IMMUNITY *AND/OR* CONFIDENTIAL, PROPRIETY BUSINESS INFORMATION *AND/OR* TRADE SECRETS OBJECTIONS HAVE BEEN WAIVED

Ethicon asserts dozens of objections on the basis of "attorney-client privilege and/or work product immunity" and "confidential, proprietary business information and/or trade secrets."

Specifically, the "attorney-client privilege and/or work product immunity" has been asserted for Request Nos.: 6, 7, 12, 13, 18, 19, 20, 21, 22, 23, 25, 26, 33, 39, 41, 42, 43, 46, 57, 61, 95, and 111.

"Confidential, proprietary business information and/or trade secrets" objections have been asserted for Request Nos. 13, 23, 24, and 33.

Ethicon has waived the aforementioned objections—for three specific reasons, any one of which, standing alone, support waiver. First, a Stipulated Protective Order was entered in this litigation on July 30, 2012, five days after Plaintiffs served Ethicon with the interrogatories and requests for production at issue. *See* Pretrial Order # 11 (Doc. 204); *see also* Exhibit A (Certificate of Service of First Set of Interrogatories) and Exhibit B (Certificate of Service of First Request for Production).

According to the terms of the Protective Order, it "will apply to all actions that are or become a part of MDL 2327." Pretrial Order # 11, at p. 1. The Order also specifically protects

---

[4] It should be noted that the issue of the foreign production has been the subject of extensive discussions between counsel, and the Plaintiffs have agreed to limit certain foreign marketing discovery beyond that which would be required under the Rules and under PTO 24, and have further provided Ethicon with certain categories of foreign documents that should be on the "front burner" for production. However, Plaintiffs have consistently made clear that Ethicon should produce all of the foreign regulatory, design, testing, and manufacturing documents.

9

"confidential, proprietary, and private information," as well as "trade secret" information, that may be disclosed in this litigation. *Id*. at p. 1, 2. As a result, Ethicon's refusal to produce documents on the basis that the information is protected by "confidential, proprietary business information and/or trade secrets" is unfounded as the information sought is subject to a Stipulated Protective Order.

Second, Ethicon's "and/or" objections are ambiguous and do not sufficiently identify the basis for withholding the information. *See Hughes v. Sears, Roebuck and Co.,* 2010 WL 4978996, at *5 (N.D.W.Va. Dec. 2, 2010); *see also* L.R. Civ. P. 34.1(b)(1) and L.R. Civ. P. 37.1(a). As noted in *Hughes*, "asserting the privilege *and/or* the work product doctrine . . . leaves the Court and with the impression [that defendant] has not determined which privilege to assert so it attempts to reserve its right to both. This is outside the both the Federal Rules of Civil Procedure and Local Rules which require specificity." *Hughes*, 2010 WL 4978996, at *5 (emphasis in original). Ethicon's objections, therefore, have been waived. *Id*. at *6.

Third, even assuming Ethicon had complied with the Rules and specifically articulated the grounds upon which it was withholding documents, its responses remain deficient. Fed.R.Civ.P. 26(b)(5) requires a party claiming privilege or protection to expressly make the claim *and* provide information sufficient to enable parties to assess the claim. *Hughes*, 2010 WL 4978996, at *6. Ethicon did not provide any information—beyond merely asserting protection— upon which to assess the claims. Nor did Ethicon produce a privilege log describing the documents withheld and the basis therefor. Ethicon did not even indicate that it intended to provide a privilege log at a later date. It simply decided not to provide one.

The advisory committee notes to Rule 26(b)(5) of the Federal Rules make clear that failure to comply with the Rule may constitute a waiver of the privilege. Applicable case law is

also clear that when a responding party fails to provide a privilege log, particularly in the absence of any justifiable reason for not doing so, finding waiver of privilege is appropriate. *Hughes*, 2010 WL 4978996, at *6. ("[T]his Court finds [defendant's] generalized objections and non-existent privilege log insufficient to properly oppose Plaintiff's discovery requests."); *Susko v. City of Wierton*, 2010 WL 1881933, at * (N.D.W.Va. May 7, 2010) (party's privilege and work product doctrine objections waived because party did not provide a privilege log); *Ruran v. Beth El Temple of W. Hartford, Inc.,* 226 F.R.D. 165, 168-69 (D.Conn.2005) (finding attorney-client privilege waived because defendant failed to provide a privilege log and consequently failed to perfect privilege claim). As a result, Ethicon has waived its attorney-client privilege and work product immunity claims. Any documents withheld on the basis of attorney-privilege or work product immunity or confidentiality or trade secrets should be produced.

### 4. ETHICON'S RULE 33 RESPONSES WHICH REFERENCE DOCUMENTS ALREADY PRODUCED DO NOT COMPLY WITH THE FEDERAL RULES

In response to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 18, 19, 20 and 21, Ethicon asserts virtually the same objection: "documents that may be responsive to this interrogatory to the extent they exist have been produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this interrogatory."

This response is insufficient under the Federal Rules and applicable law. While Rule 33(d) allows a party to produce business records in lieu of answering interrogatories where the answer may be derived or ascertained from those records, the rule has the following express limitation: "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be

11

ascertained." *Id.; see also Ayers v. Continental Cas. Co.,* 240 F.R.D. 216, 227 (N.D.W.Va. 2007) (while "Plaintiffs may respond [to interrogatories] by referring Defendant to specific documents, they must identify the documents with sufficient detail to allow Defendant to easily identify them."). Thus, a party does not comply with this obligation under Rule 33(d) when it simply refers the propounding party to a mass of business records and instructs them to "go fish." *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 182 F.R.D. 486, 491 (W.D.N.C. 1998) ("References to broad categories of files are inadequate.").

As contemplated by the Rule, the requirement to provide "sufficient detail" would, at minimum, include identifying "all directories, compilations, abstracts, indexes, or summaries that will aid in finding such information." *Capacchione,* 182 F.R.D. at 491; *see also Herdlein Techs., Inc. v. Century Contractors, Inc.,* 147 F.R.D. 103, 105 (W.D.N.C.1993) (the responding parties failed to respond to interrogatories with the requisite "candor and specificity that the rules of discovery require … [when it] merely stated the information is available from documents it has produced already…."). After all, these are Ethicon's records which have been organized and maintained by the company throughout the relevant time period. *Capacchione,* 182 F.R.D. at 490. To vaguely refer to a mass of electronic documents from which Plaintiff is somehow expected to locate responsive material, Ethicon is sending Plaintiffs on a fishing expedition with no clear direction. *Id.*; *Ayers v. Continental Cas. Co.,* 240 F.R.D. at 226-228.

Consequently, Ethicon should be ordered "to instruct [Plaintiffs] how to retrieve such information in the most efficient way possible" and to identify "all directories, compilations, abstracts, indexes, or summaries that will aid in finding such information." *Capacchione,* 182 F.R.D. at 491.

    **5. ETHICON'S MISCELLANEOUS OBJECTIONS SHOULD BE OVERRULED**

Ethicon asserts numerous other miscellaneous objections to Plaintiffs' interrogatories and requests for production. Each such objection should be overruled for the reasons set forth below.

### a. Objections based on undefined words or phrases

Ethicon objects to some discovery requests on the basis that certain words or phrases are not defined. For instance, Ethicon objects to providing final "Core Data Sheets" relating to mesh products because the request "is overbroad, unduly burdensome, vague, ambiguous and confusing as 'Core Data Sheet' is not defined." *See* Supplemental Response Request for Production No. 79. A "Core Data Sheet" is one of the most fundamental internal company documents that exists in industry and this phrase is one of the most commonly used and understood phrases in the entire manufacturing sector. For Ethicon to claim that this phrase is somehow vague or confusing borders on the ridiculous.

Courts expect that the responding party will give the terms used their ordinary meaning and exercise reason and common sense to determine what is sought. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 298 (E.D. Pa. 1980) (to the extent discovery requests do "not assign[] a particular meaning to . . . phrases, the ordinary, everyday usage and meaning must have been intended."); *Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 310 (D.Kan.1996) ("Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases in interrogatories. To clarify their answers, respondents may include any necessary, reasonable definition of such terms or phrases."). Moreover, a party that objects on the basis of vagueness or ambiguity as it relates to undefined words or phrases bears the burden of demonstrating how the question is vague or ambiguous. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 662 (D. Kan. 2004); *Hertz v. Luzenac America, Inc.*, 2006 WL 994431, *12 (D. Colo. 2006). Ethicon has made no attempt to satisfy its burden in this

regard. Accordingly, Ethicon's objection that certain words or phrases are not defined is not well-founded and should be overruled.

### b. Objections based on temporality

Ethicon objects to numerous requests on the basis that they are not limited to any relevant time period. However, the objecting party has the burden to support its overbreadth objection, which includes any objection to the temporal scope of the request. *Clere v. GC Serv., L.P.*, 2011 WL 2181176, at *5 (S.D.W.Va. June 3, 2011); *Daneshvar v. Graphic Tech., Inc.,* No. 97–2304–JWL, 1998 WL 726091, at *1 (D.Kan. Oct. 9, 1998)). This entails offering a factual basis for the claimed overbreadth. *Clere*, 2011 WL 2181176, at *5 (citing *Daneshvar*, *supra*, at *1). Ethicon has not offered any factual support to support its claims of overbreadth. For this reason, Ethicon's objections should be overruled.

### c. Objections based on equal access to material

Ethicon objects to various interrogatories and requests on the basis that the information is "equally available" to Plaintiffs. *See, e.g.,* Response to Interrogatory No. 16; Response to Request for Production Nos. 14, 47 and 121.

Rule 33(d) contains the *only* exception found by the federal courts which allows the limited option to produce business records instead of answering an interrogatory "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Even where Rule 33(d) applies, on its face the Rule pertains only to *interrogatories.* This objection is not available in response to Rule 34 requests. Indeed, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *Jackson v. West Virginia Univ. Hosp., Inc.*, 2011 WL 1831591, at * 2 (N.D.W.Va. May 12, 2011) (citing *City Consumer Services v. Horne,* 100 F.R.D. 740, 747 (D.Utah 1983) (stating that it is "not usually a ground for

objection that the information is equally available to the interrogator or is a matter of public record.") (citing *Petruska v. Johns–Manville*, 83 F.R.D. 32, 35 (E.D.Pa.1979)); *Associated Wholesale Grocers, Inc. v. U.S.*, 1989 WL 110300, *3 (D.Kan. June 7, 1989) (stating that defendant's argument of equal accessibility is not sufficient to resist discovery) (citing *City Consumer Services*). Accordingly, this objection is inapplicable to Plaintiff's Rule 34 requests and it should be overruled for that reason.

This objection is also insufficient under Rule 33, however. "The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable." *Clean Earth of Maryland, Inc. v. Total Safety, Inc.,* 2011 WL 4832381, at *7 (N.D.W.Va. Oct. 12, 2011) (citing *Rogers v. Tri-State Materials, Corp*., 51 F.R.D. 234, 245 (N.D.W.Va. 1970). It cannot be said that the burden of deriving or ascertaining the answer to Interrogatory No. 16 will be substantially the same for either party.

Interrogatory No. 16 asks: "When did You acquire information that provided evidence of a causal association between Pelvic Mesh Products and any Complications[?]"

Ethicon objects that "any such evidence if it exists would be equally available to Plaintiffs in the form of data from published studies regarding the Pelvic Mesh Products."

This interrogatory clearly seeks information relating to when *Ethicon* claims it acquired information providing evidence of a causal association with its product. The burden of deriving or ascertaining the answer cannot be the same for either party because the date *Ethicon* will claim it acquired such information from the published studies is unknowable to Plaintiffs. For this reason, Ethicon's objection to Interrogatory No. 16 should be overruled and it should be ordered to answer this question.

    **d. Objections based on undue burden and costs**

Request for Production No. 5 seeks documents reflecting Ethicon's policies and procedures for storing documents and emails of employees and agents. One of the many objections Ethicon raises is "the undue burden and cost that would be involved" in producing the information. However, Rule 26(b)(2)(B) imposes an affirmative duty on the objecting party to particularize with facts, not conclusory statements, the basis for claiming unreasonable cost or burden. *See Clere v. GC Services, L.P.,* 2011 WL 2181176, at *5 (S.D.W.Va. June 3, 2011) ("Any objections that discovery is unduly burdensome or overly broad must contain a factual basis for the claim (i.e., time it would take to collect the evidence requested or exorbitant costs of retrieving the information requested.)"); *Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 191 F.R.D. 495, 498 (D.Md.2000) ( "The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence. A conclusory assertion of burden and expense is not enough."). Because Ethicon has failed to provide any support—whether by affidavit or other reliable evidence—for its undue burden and costs claim, its objection should be overruled.

WHEREFORE, for the foregoing reasons, the PSC respectively requests that this Court enter an Order compelling Ethicon to respond to Plaintiffs' First Set of Interrogatories and produce the discovery called for in Plaintiffs' First Set of Requests for Production.

Dated: May 9, 2013                                  Respectfully submitted,

                                                              /s/ D. Renee Baggett
                                                              D. RENEE BAGGETT
                                                              BRYAN F. AYLSTOCK

        Aylstock, Witkin, Kreis and Overholtz, PLC
        17 E. Main Street, Suite 200
        Pensacola, FL 32563
        P: 850-202-1010
        F: 850-916-7449
        Rbaggett@awkolaw.com
        Baylstock@awkolaw.com


        /s/ Thomas P. Cartmell
        THOMAS P. CARTMELL
        Wagstaff & Cartmell LLP
        4740 Grand Avenue, Suite 300
        Kansas City, MO 64112
        P: 816-701-1102
        F: 816-531-2372
        tcartmell@wcllp.com
        http://www.wagstaffcartmell.com/


        *Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327<br><br>MDL No. 2327 |
| This Document Applies To All Actions | Judge Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2013, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ D. Renee Baggett_____
D. RENEE BAGGETT
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com