# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE ETHICON, INC., PELVIC REPAIR
SYSTEM PRODUCTS LIABILITY
LITIGATION                                          CIVIL ACTION NO. 2:12-md-02327

                                                    MDL No. 2327

                                                    Judge Joseph R. Goodwin

This Document Applies To All Actions

To:     Thomas P. Cartmell
        Wagstaff & Cartmell LLP
        4740 Grand Avenue, Suite 300
        Kansas City, MO 64112
        816-701-1102

**DEFENDANT ETHICON, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

        Defendant Ethicon, Inc. ("Ethicon") submits the following subpplemental objections and

responses to Plaintiffs' First Set of Requests for Documents.

**DEFINITION OBJECTION**

        Plaintiffs define "Pelvic Mesh Products" to include Prolene mesh and Prolene Soft Mesh.

Ethicon objects to each and every interrogatory related to Prolene mesh, Prolene Soft Mesh,

and any other hernia mesh.  Ethicon objects to the production of any documents or

information related to Prolene mesh, Prolene Soft Mesh, and any other hernia mesh other

than as set out in the following:  non-privileged, responsive documents from the following

centrally-stored files: Regulatory, Design History File, Trial Master Files, Quality Systems

(including Complaints, Complaint Reviews, Product Quality Investigations, Corrective

Action Preventative Actions, and field actions), to the extent they exist.  Ethicon objects to

the production of documents related to UltraPro Mesh other than certain non-privileged,

responsive documents from the Trial Master Files, CAPA Reports, Non-Conformance Reports and complaint files from CHATS, as well as certain design history files and preclinical studies.  Ethicon objects to the production of any other documents and information related to hernia mesh products.  As these products are indicated for a hernia repair application, and given that they may potentially have been or will be used in a gynecological application in only a handful of cases in this litigation, the burden on Ethicon to respond to interrogatories related to these products unreasonably exceeds the possibility that any significant information relevant to these matters will be obtained.  Ethicon further objects to Plaintiffs' definitions to the extent that Plaintiffs list the TVT-Catheter Guide and TVT-Introducer as "Pelvic Mesh" or "Pelvic Mesh Products."  However, based on the meet and confers between Plaintiffs and Ethicon, Ethicon invites Plaintiffs to narrow the scope of their requests concerning these hernia mesh application products.

**DEFENDANT ETHICON INC.'S RESPONSES TO**

**PLAINTIFFS' DOCUMENT REQUESTS**

***Corporate Organization and Policies and Litigation-Related Documents***

**Request for Production No. 1:**

Corporate organization charts that identify each Defendants' corporate organizational structure during the relevant time period, including, but not limited to, charts that set forth the organization of the various departments, divisions and subdivisions, and the heads and/or employees of each such department, division or subdivision, and the relationship and/or overlap, if any, among and between defendants.

**Supplemental Response to Request for Production No. 1:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it

2

seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request to the extent that it seeks production of corporate organizational charts and chain of command charts related to Johnson & Johnson, which are neither relevant nor reasonably calculated to lead to the production of admissible evidence as Johnson & Johnson is a holding company that does not manufacture, market, distribute or sell any products.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs pursuant to Fed. R. Civ. P. 33(d)  in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prod. 10, ETH.MESH.00336375 – ETH.MESH.0338028; Prod. 13, ETH.MESH.00523159 – ETH.MESH.00523196; Prod. 41, ETH.MESH.03793342- ETH.MESH.03793399; Prods. 1, 3, 7, 8, 12, 14, 15, 16, 19, 33, 36, 40, 54.  In addition, documents responsive to this Request may be found within the Custodial Productions for Lacey Elberg, Gary Pruden, Mike Underwood, and Alex Gorsky.[1]

**Request for Production No. 2:**

Documents sufficient to identify the role of each defendant with regard to Pelvic Mesh Products or Hernia Mesh Products (e.g., manufacturer, designer, distributor, marketer, etc.).

---

[1] For all listed Custodial Productions, Ethicon refers Plaintiffs to the attached Appendix, which provides the specific production numbers for each custodian.

**Supplemental Response to Request for Production No. 2:**

Ethicon objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to, documents related to hernia mesh products, which is the subject of the ongoing meet and confer concerning hernia mesh products.

Consistent with Federal Rule Civ. P. 33(d), and the Protective Order entered by the Court, documents responsive to this Request have been produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Production 10, ETH.MESH.00336375 – ETH.MESH.0338028; Production 13, ETH.MESH.00523159 – ETH.MESH.00523196; Production 41, ETH.MESH.03793342- ETH.MESH.03793399.

**Request for Production No. 3:**

Any agreements among and between Defendants or any other person or entity relating to the development, manufacturing, marketing and/or sale of Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 3:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ethicon further objects to this request on the grounds that it seeks the production of documents that are not in the possession of Ethicon.

4

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  Ethicon has produced documents relating to the consulting contracts for identified implanting physicians, as well as study contracts to the extent they are contained within the Trial Master File (TMF).  *See*  Prod. 60, ETH.MESH.04474212- ETH.MESH.04474272; Prod. 62, ETH.MESH.04476324 – 04529711; *see also* Prods, 5, 12, 19, 70.

**Request for Production No. 4:**

All documents relating to all executive or board of director meetings, including copies of any reports, analyses, or presentations presented at such meetings, pertaining to the safety, complications, adverse events, efficacy, design, regulation, marketing, and sale of Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 4:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request to the extent that it seeks production of minutes of board of directors meetings related to Johnson & Johnson, which are neither relevant nor reasonably calculated to lead to the production of admissible evidence as

Johnson & Johnson is a holding company that does not manufacture, market, distribute or sell any products.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Prod. 6, ETH.MESH.00223268 – ETH.MESH.00223303 and ETH.MESH.00223682 – ETH.MESH.00223777; Prod. 14, ETH.MESH. 00750823 – 00751186, ETH.MESH.00758412 – 00758531, ETH.MESH.00758595 – 00758608, ETH.MESH.00758611 – 00758634, ETH.MESH.00758653 – 00758824, and ETH.MESH.00758892 – 00758977; Prod. 19, ETH.MESH.01320649 – 01320805, ETH.MESH.01435232 – 01435269, ETH.MESH.01458300 – 01458242, ETH.MESH.01501740 – 01502051, ETH.MESH.01538120 – 01538221, ETH.MESH.01567856 – 01567956, ETH.MESH.01583058 – 01583125, and ETH.MESH.01583268 – 01583295; Prod. 29, ETH.MESH.02345803 – ETH.MESH.02345807; Prod. 36, ETH.MESH.03717472 – ETH.MESH.03717535; Prod. 38, ETH.MESH.03718942 – ETH.MESH.03719161; Prod. 40, ETH.MESH.03789353 – 03789353; Prod. 54, ETH.MESH.04182321 – ETH.MESH.04183027, ETH.MESH.04190961 – ETH.MESH.04192345; ETH.MESH.04193974 – EHT.MESH.04194030; Prod. 61, ETH.MESH. 04474273 – ETH.MESH.04476322; Prod. 65; Prod. 66, ETH.MESH.04666999- ETH.MESH.04680216; Prod. 67, ETH.MESH.04680217 – ETH.MESH.04680328.

**Request for Production No. 5:**

All DOCUMENTS that reflect the policies and procedures that Defendants has had and/or has in place for the storage, deletion, and back-up of DOCUMENTS and emails generated by Defendants' employees and agents.

**Supplemental Response to Request for Production No. 5:**

Ethicon objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, Ethicon objects to the production of documents relating to network infrastructure, backup tapes, and backup policies and schedules and network retention policies, as well as electronically archived materials not maintained in active working environments. Ethicon objects to the production of such information as impermissible "discovery on discovery."  Further, Ethicon's backup tapes are used solely for disaster recovery and not for archival or active storage purposes.  Discovery of such data is not reasonably accessible because of the undue burden and cost that would be involved and is therefore protected from disclosure. *Major Tours, Inc. v. Colorel*, 720 F. Supp. 587, 619-20 (D.N.J. 2010) ("A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.").  Accessing, reviewing, and culling through backup tapes would present a substantial and undue burden and cost to Defendants, particularly given the fact that backup tapes are not organized in any fashion that enables them to be searched in any reasonable manner, such as by product.

Subject to the foregoing Specific Objections and pursuant to the Protective Order entered by the Court, Ethicon has produced responsive and non-privileged documents and information related to this Request to the extent they exist.  *See* James Mittenthal Deposition Transcript/ Exhibits, Dec. 7, 2011, New Jersey Case No. 291; *see also* Prod. 3.

**Request for Production No. 6:**

All logs, ledgers, and other such indices that reflect the identity and location of DOCUMENTS regarding PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 6:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, to the extent they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. *See* James Mittenthal Deposition Transcript/ Exhibits, Dec. 7, 2011, New Jersey Case No. 291; Prod. 9, ETH.MESH.00335621-ETH.MESH.00335704.

**Request for Production No. 7:**

All DOCUMENTS concerning the steps taken by YOU to preserve all DOCUMENTS concerning, regarding, or pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 7:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Response to Request for Production No. 5; *see also* Prod. 3 (ETH.MESH.00125210-ETH.MESH.00125223;  ETH.MESH.00125227-ETH.MESH.00125240; ETH.MESH.00125629-ETH.MESH.00125635;  ETH.MESH.00154135-ETH.MESH.00154144); Prod. 50 (ETH.MESH.03981378-ETH.MESH.03981391).

**Request for Production No. 8:**

All insurance policies, excess coverage policies, or any other type of insurance coverage, that YOU believe may potentially cover claims related to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 8:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the objections, Ethicon maintains product liability insurance through Middlesex Assurance Company Ltd., Burlington, Vermont, a wholly-owned subsidiary of Johnson & Johnson.  Ethicon is a substantial corporation and is able to satisfy any verdict in this matter.

9

**Request for Production No. 9:**

Any deposition or other testimony provided by Defendants' employees or corporate representatives in connection with the In re Pelvic Mesh/Gynecare litigation, Case No. 291, coordinated before Judge Higbee in the Superior Court of New Jersey Law Division, Atlantic County, and/or any other court or administrative proceeding involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 9:**

Pursuant to the Protective Order entered by the Court, the relevant testimony relating to Case No. 291, pending in the Superior Court of New Jersey Law Division, Atlantic County is available to the PSC.

**Request for Production No. 10:**

All discovery responses provided by Defendants in connection with the In re Pelvic Mesh/Gynecare litigation, Case No. 291, coordinated before Judge Higbee in the Superior Court of New Jersey Law Division, Atlantic County, and/or any other court or administrative proceeding involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 10:**

Pursuant to the Protective Order entered by the Court, the discovery responses for Case No. 291, pending in the Superior Court of New Jersey Law Division, Atlantic County is available to the PSC.

**Request for Production No. 11:**

Documents sufficient to identify all databases containing information responsive to these requests or otherwise relating to Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 11:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections and pursuant to the Protective Order entered by the Court, *see* Response to Interrogatory No. 17.

**Request for Production No. 12:**

All DOCUMENTS concerning any inquiries or investigations by governmental or regulatory organizations within the United States (either state or federal) related to PELVIC MESH PRODUCTS, including documents submitted to or received from such organizations.

**Supplemental Response to Request for Production No. 12:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may

11

fall within this Request.   *See* Prods. 12, 33, 36, 43, 57, 61: central source files for Regulatory Affairs; Custodial Productions for Bryan Lisa, Jennifer Paine, Catherine Beath, and Brian Kanerviko.

### Request for Production No. 13:

Any documents produced by YOU in any patent litigation relating to Pelvic Mesh Products.

### Supplemental Response to Request for Production No. 13:

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are confidential, proprietary business information and/or trade secrets.

### Request for Production No. 14:

Any documents produced by YOU in any personal injury litigation related to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 14:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Subject to the foregoing objections and pursuant to the Protective Order entered by the Court, Ethicon states that the vast majority of documents produced in Case No. 291, pending in the Superior Court of New Jersey Law Division, Atlantic County have been produced or otherwise are available to the PSC.

***Documents Relating to Regulation of Pelvic Mesh Products***

**Request for Production No. 15:**

All submissions, applications, correspondence, analyses, reports, memorandum, notes, telephonic and/or in-person meeting minutes to any United States government agency, including but not limited to the Food and Drug Administration, relating to any Pelvic Mesh Product or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 15:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon objects to the wholesale production of such material as related to Hernia Mesh Products, but is engaging in a meet and confer process with Plaintiffs to address this issue.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the

13

particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been or will be produced to Plaintiffs that may fall within this Request.  *See* Prods. 12, 33, 36, 43, 57, 61: central source files for Regulatory Affairs;  Custodial Productions for Bryan Lisa, Jennifer Paine, Sergio Gadaleta, Catherine Beath, Brian Kanerviko, Dan Lamont, and Mark Yale; *see also* Post Market Surveillance central source files, Prods. 6, 14, 19, 24, 33.

**Request for Production No. 16:**

All submissions, applications, correspondence, analyses, reports, memorandum, notes, telephonic and/or in-person meeting minutes to any foreign government agency, including but not limited to the European Agency for the Evaluation of Medicinal Products (EMEA), European Union (EU)-Therapeutic Goods Administration (TGA), Federal Institute for Drugs and Medical Devices (BfArm), Agence de Medicament, and the Medicines and Medical Devices Safety Authority, relating to the safety and/or efficacy of any Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 16:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon objects to the wholesale production of such material as related to Hernia Mesh Products, but is involved in a meet and confer process with counsel fo Plaintiffs. Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities

14

that are located outside the United States.  Ethicon is providing regulatory documents from non-US countries that have been requested by Plaintiffs.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 2, 20, 33, 54, 62, 64, 70.

**Request for Production No. 17:**

Documents sufficient to identify all countries in which YOUR Pelvic Mesh Products or Hernia Mesh Products have been approved for sale and the date on which each was approved and/or cleared for use in the human body.

**Supplemental Response to Request for Production No. 17:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon objects to the wholesale production of such material as related to Hernia Mesh Products.   Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities, although Ethicon is involved in an ongoing meet and confer with Plaintiffs concerning this issue.  Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

15

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Prods. 2, 3, 6, 7, 12, 14, 19, 20, 22, 24, 32, 33, 35, 36, 39, 40, 43, 50, 54, 57, 58, 64, 70; custodial file productions for Catherine Beath, Jennifer Paine, Sergio Gadaleta, Bryan Lisa, Sean O'Bryan; *see also* Response to Request for Production No. 15.  See also the chart of pelvic mesh products produced prior to the deposition of Susan Lin.

**Request for Production No. 18:**

All DOCUMENTS relating to any Postmarket Surveillance Studies recommended or required by the FDA or any foreign regulatory body for YOUR Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 18:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some

examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 61, 64, 66, 70, 71; custodial file productions for Catherine Beath, Brian Kanerviko; *see also* Response to Request for Production No. 15.

**Request for Production No. 19:**

All DOCUMENTS relating to any Form FDA 483 Letters and/or FDA Warning Letters for YOUR Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 19:**

Ethicon objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Prods. 7, 24, 70; Custodial Productions for Catherine Beath, Dan Lamont and Mark Yale; *see also* Response to Request for Production No. 15.

**Request for Production No. 20:**

All DOCUMENTS relating to YOUR decision to cease commercialization or withdraw from market any YOUR Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 20:**

Ethicon objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  In addition, Ethicon objects to the use of the word "withdraw," as it implies a recall of the subject products, which has not occurred.

Consistent with Fed. R. Civ. P. 33(d), and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 61, 63, 64, 66, 70, 71; Custodial Productions for Catherine Beath, Gary Pruden, Alex Gorsky, and Brian Kanerviko; *see also* Responses to Requests for Production Nos. 15 and 18.

**Request for Production No. 21:**

All DOCUMENTS concerning any governmental agency in any country worldwide that declined to approve an application to market PELVIC MESH PRODUCTS or for any indication, including, but not limited to, communications between the sponsor of PELVIC MESH PRODUCTS and the agency, and any English translations that exist if the DOCUMENTS are written in any language other than English.

**Supplemental Response to Request for Production No. 21:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities that are located outside the United States.  Such information is neither

18

relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  However, Ethicon and Plaintiffs continue to meet and confer concerning non-US documents.

**Request for Production No. 22:**

All DOCUMENTS that concern, or involve discussion about, the potential or actual submission of PELVIC MESH PRODUCTS for approval and/or the approval of PELVIC MESH PRODUCTS in another county besides the U.S. including, but not limited to, communications regarding foreign governmental agencies and their drug approval procedures, rules and/or standards, and including any English translations that exist if the DOCUMENTS are written in any language other than English.

**Supplemental Response to Request for Production No. 22:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities that are located outside the United States.  Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  However, Ethicon and Plaintiffs continue to meet and confer concerning non-US documents.

Subject to the objections and consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be

19

produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Prods. 2, 20, 33, 54, 62, 64, 70.

**Request for Production No. 23:**

All DOCUMENTS concerning deferred approval and/or clearance of PELVIC MESH PRODUCTS in any country, including any English translations that exist if the DOCUMENTS are written in any language other than English.

**Supplemental Response to Request for Production No. 23:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are confidential, proprietary business information and/or trade secrets.  Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities that are located outside the United States.  Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  However, Ethicon and Plaintiffs continue to meet and confer concerning non-US documents.

**Request for Production No. 24:**

All DOCUMENTS concerning standards imposed or recommended by the FDA or any foreign regulatory agency regarding mesh products for use in the human body, including but not limited to any proposed, draft, and/or final regulations regarding particle loss.

**Supplemental Response to Request for Production No. 24:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are confidential, proprietary business information and/or trade secrets.  Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities that are located outside the United States.  Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  However, Ethicon and Plaintiffs continue to meet and confer concerning non-US documents.  To the extent the request seeks FDA guidance documents or FDA regulations, such documents are publically available.

**Request for Production No. 25:**

All DOCUMENTS concerning or relating to any criminal investigations of YOU involving PELVIC MESH PRODUCTS and/or HERNIA MESH PRODUCTS in any country, including any English translations that exist if the DOCUMENTS are written in any language other than English.

**Supplemental Response to Request for Production No. 25:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  Ethicon also objects to this Interrogatory to the extent it calls for the production of confidential patient information protected from disclosure under the applicable federal regulations.   Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities that are located outside the United States.  Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  However, Ethicon and Plaintiffs continue to meet and confer concerning non-US documents.

Subject to those objections, the only information of which Ethicon is aware regarding any criminal investigation is that identified in the deposition of  Daniel Minsker taken on July 13, 2012, or in oblique references in letters to Ethicon by persons identified in the Minsker deposition.

**Request for Production No. 26:**

All DOCUMENTS concerning any regulatory actions or investigations, whether criminal or civil, involving any allegations involving failure to seek or obtain regulatory approval prior to marketing any of YOUR products, including but not limited to PELVIC MESH PRODUCTS and/or HERNIA MESH PRODUCTS. This request includes, but is not limited to, all such

22

documents involving YOUR failure to seek regulatory approval for the ULTRAPRO Hernia Mesh System, and the PROLIFT hernia mesh system.

**Supplemental Response to Request for Production No. 26:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  Ethicon also objects to the request for information regarding the "PROLIFT hernia mesh system," as no such product exists.

Subject to the foregoing Specific Objections and pursuant to the Protective Order entered by the Court, Ethicon is unaware of any such criminal investigation.  Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 15.

***Development, Testing and Manufacture of Pelvic Mesh Products***

**Request for Production No. 27:**

Any agreements among and between Defendants and any other entity or individuals relating to the development, testing, manufacturer, design and/or patents for Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 27:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See also* Response to Request for Production No. 3.

**Request for Production No. 28:**

All DOCUMENTS in YOUR possession, custody, or control pertaining to the safety, adverse events, problems, injuries, malfunctions, complications, and/or defects of Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 28:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents , including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic

24

production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Production 35, ETH.MESH.03589421-ETH.MESH.03589491; Productions 6, 7, 14, 19, 20: Post Market Surveillance central source files; Custodial Productions for Dan Lamont, Mark Yale, Aran Maree, Axel Arnaud, Dr. David Robinson, Dr. Piet Hinoul, Dr. Aaron Kirkemo, Dr. Martin Weisberg, Dr. Meng Chen, Cary Brennan, Jeffrey Everett, Jacob Edwards, Linda McNelis, Sungyoon Rha, Patricia Ricicki, and David Wilson.  Finally, Ethicon has provided a copy of the complaint / adverse events database (Remetrex CHATS) to the MDL Plaintiffs Steering Committee.  Prod. 32 (ETH.MESH.02620354-ETH.MESH.02658254); Prod. 35 (ETH.MESH.03574657-ETH.MESH.03577912).

**<u>Request for Production No. 29:</u>**

All DOCUMENTS in YOUR possession, custody, or control pertaining to the efficacy or lack thereof of Pelvic Mesh Products or Hernia Mesh Products.

**<u>Supplemental Response to Request for Production No. 29:</u>**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties are currently involved in a meet and confer process concerning hernia mesh documens.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in

the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 28.

**Request for Production No. 30:**

Any DOCUMENTS that identify or list (including in summary format) any completed, proposed, planned, considered, or conceived preclinical studies as well as clinical trials that assess the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 30:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Custodial Productions for of Pat Beach, Cyrus Guidry, Joerg Holste, Richard Hutchinson, Chris McEleney, David Shah, Allie Smith, Elizabeth Vailhe, Karen Sinclair, Judi Gauld, Jessica Shen, Daniel Burkley, and Jim Oldham; *see also* Ethicon's Response to Plaintiffs' Interrogatory No. 7.

26

**Request for Production No. 31:**

All Preclinical and Clinical Study reports relating to PELVIC MESH PRODUCTS, including all drafts of the same.

**Supplemental Response to Request for Production No. 31:**

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. *See* Response to Request for Production No. 30; *see also* Clinical Data, Prods. 25 (ETH.MESH.02330766-ETH.MESH.02330777), 26 (ETH.MESH.02330778- ETH.MESH.02340249), 31 (ETH.MESH.02347255-ETH.MESH.02577459), 33 (ETH.MESH.03368493-ETH.MESH.03378248); Pre-Clinical Data, Prods. 54 (ETH.MESH.04184606-ETH.MESH.04184617), 57 (ETH.MESH.04380444-ETH.MESH.04381614), 70 (ETH.MESH.05302769-ETH.MESH.05319171); Design History File, Prods. 6 (ETH.MESH.00218063-ETH.MESH.00218063, ETH.MESH.00218097- ETH.MESH.00218102, ETH.MESH.00222464- ETH.MESH.00223267, ETH.MESH.00223649- ETH.MESH.00223655, ETH.MESH.00223801-ETH.MESH.00223828), 14 (ETH.MESH.00748299-ETH.MESH.00748309, ETH.MESH.00750804-ETH.MESH.00750817, ETH.MESH.00755753-ETH.MESH.00755775, ETH.MESH.00759159-ETH.MESH.00759161), 19 (ETH.MESH.01310576-ETH.MESH.01310577, ETH.MESH.01320540- ETH.MESH.01320551, ETH.MESH.01425114-ETH.MESH.01425135, ETH.MESH.01594756-ETH.MESH.01594780), 22 (ETH.MESH.02223555-ETH.MESH.02225631), 24 (ETH.MESH.02312298-ETH.MESH.02312299, ETH.MESH.02313041- ETH.MESH.02313042), 32

(ETH.MESH.02615242-ETH.MESH.02615248), 43 (ETH.MESH.03846755-

ETH.MESH.03846798, ETH.MESH.03878631-ETH.MESH.03880729); and Trial Master File

(Prods. 12, 33, 36, 39, 40, 43, 50, 54, 57, 63, and 70).

**Request for Production No. 32:**

All Preclinical and Clinical Study protocols relating to PELVIC MESH PRODUCTS,

including all drafts of the same.

**Supplemental Response to Request for Production No. 32:**

Ethicon objects to this request on the grounds that it is unduly burdensome.  Ethicon

further objects to this request on the ground that it seeks the production of documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court,

documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in

the manner in which they were kept in the ordinary course of business.  The electronic

production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs

can locate the particular electronic documents responsive to this Request.  Notwithstanding, set

forth are some examples of documents, though not all of the documents, which have been

produced to Plaintiffs that may fall within this Request.  *See* Prods. 12, 19, 32, 33, 39, 58, 62, 70;

custodial file productions of Dr. Jessica Shen, Dr. Judi Gauld; *see also* Response to Request for

Production No. 30.

**Request for Production No. 33:**

Any DOCUMENTS that identify or list (including in summary format) any completed,

proposed, planned, considered, or conceived preclinical studies as well as clinical trials that

assess, evaluate or discuss the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 33:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are confidential, proprietary business information and/or trade secrets.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 30, 31; Ethicon's Response to Plaintiffs' Interrogatory No. 7.

**Request for Production No. 34:**

All DOCUMENTS that reflect written procedures for the collection, evaluation or dissemination of adverse event reports concerning PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 34:**

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set

forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prod. 40 (ETH.MESH.03738946-ETH.MESH.03750798); Custodial Productions for Mark Yale, Dan Lamont, and Dr. Meng Chen.

**Request for Production No. 35:**

Any electronic database, electronic spreadsheet, or other electronic program in YOUR possession, custody, or control concerning or comprising adverse event reports generated concerning the use of PELVIC MESH PRODUCTS.  Responsive materials are to be produced in their native format.

**Supplemental Response to Request for Production No. 35:**

Ethicon objects to any production outside the parameters of the ESI Protocol.  Subject to this objection and pursuant to the Protective Order entered by the Court, Ethicon has provided a copy of the complaint / adverse events database (Remetrex/ CHATS) to the MDL Plaintiffs Steering Committee. Prod. 32 (ETH.MESH.02620354-ETH.MESH.02658254); Prod. 35 (ETH.MESH.03574657-ETH.MESH.03577912); *see also* Clinical SOPs, Prod. 37 (ETH.MESH.03717536-ETH.MESH.03718941).

**Request for Production No. 36:**

All Documents relating to the manufacture of Pelvic Mesh Products, including but not limited to inspection reports and compliance reports.

**Supplemental Response to Request for Production No. 36:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Manufacturing SOPs, Prods. 56 (ETH.MESH.04316563-ETH.MESH.04333697) and 59 (ETH.MESH.04456226-ETH.MESH.04474211); *see also* Prods. 7 (ETH.MESH.00329690-ETH.MESH.00329690; ETH.MESH.00329691-ETH.MESH.00329698; ETH.MESH.00332709-ETH.MESH.00332714;), 24 (ETH.MESH.02252211-ETH.MESH.02252224; ETH.MESH.02250819-ETH.MESH.02250830; ETH.MESH.02252633-ETH.MESH.02252633; ETH.MESH.02250902-ETH.MESH.02250910; ETH.MESH.02252210-ETH.MESH.02252210; ETH.MESH.02251013-ETH.MESH.02251022), and 70 (ETH.MESH.02249327-ETH.MESH.02249327; ETH.MESH.05264605-ETH.MESH.05264613; ETH.MESH.05265430-ETH.MESH.05265444; ETH.MESH.05271533-ETH.MESH.05271570; ETH.MESH.05328894-ETH.MESH.05328894; ETH.MESH.05329032-ETH.MESH.05329040; ETH.MESH.05328383-ETH.MESH.05328392; ETH.MESH.05220084-ETH.MESH.05220093); *see also* Response to Request for Production No. 19.

**Request for Production No. 37:**

All documents relating to the design of Pelvic Mesh Products, including but not limited to Design Validation Protocols and Patent Applications.

**Supplemental Response to Request for Production No. 37:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  See Design History File, Prods. 6 (ETH.MESH.00218063-ETH.MESH.00218063, ETH.MESH.00218097- ETH.MESH.00218102, ETH.MESH.00222464- ETH.MESH.00223267, ETH.MESH.00223649- ETH.MESH.00223655, ETH.MESH.00223801-ETH.MESH.00223828), 14 (ETH.MESH.00748299-ETH.MESH.00748309, ETH.MESH.00750804-ETH.MESH.00750817, ETH.MESH.00755753-ETH.MESH.00755775, ETH.MESH.00759159-ETH.MESH.00759161), 19 (ETH.MESH.01310576-ETH.MESH.01310577, ETH.MESH.01320540- ETH.MESH.01320551, ETH.MESH.01425114-ETH.MESH.01425135, ETH.MESH.01594756-ETH.MESH.01594780), 22 (ETH.MESH.02223555-ETH.MESH.02225631), 24 (ETH.MESH.02312298-ETH.MESH.02312299, ETH.MESH.02313041- ETH.MESH.02313042), 32 (ETH.MESH.02615242-ETH.MESH.02615248), 43 (ETH.MESH.03846755-ETH.MESH.03846798, ETH.MESH.03878631-ETH.MESH.03880729); and Trial Master File (Prods. 12, 33, 36, 39, 40, 43, 50, 54, 57, 63, and 70).

**Request for Production No. 38:**

All DOCUMENTS in YOUR possession, custody, or control relating to any Standard Operating Procedure ("SOP") and policy and procedure manuals relating to the manufacture of Pelvic Mesh Products during the relevant time period.

**Supplemental Response to Request for Production No. 38:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with Fed. R. Civ. P. 33(d), and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Manufacturing SOPs, Prods. 56 (ETH.MESH.04316563-ETH.MESH.04333697) and 59 (ETH.MESH.04456226-ETH.MESH.04474211); *see also* Response to Request for Production No. 36.

**Request for Production No. 39:**

All DOCUMENTS constituting and/or summarizing Defendants' post-marketing adverse event reports for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 39:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it

seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with Fed. R. Civ. P. 33(d), and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 35.

**Request for Production No. 40:**

All MedWatch forms and updates that concern or reference PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 40:**

Consistent with Fed. R. Civ. P. 33(d), and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 35.

**Request for Production No. 41:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding user complaints or concerns pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 41:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with Fed. R. Civ. P. 33(d), and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 35.

**Request for Production No. 42:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding physician or health care provider complaints or concerns pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 42:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with Fed. R. Civ. P. 33(d), and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs

can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 35.

**Request for Production No. 43:**

All internal communications regarding adverse events, malfunctions, and/or complications related to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 43:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Response to Request for Prod. 35; custodial file productions for Mark Yale, Dan Lamont, Dr. Meng Chen, Drs. Piet Hinoul, David Robinson.

**Request for Production No. 44:**

All DOCUMENTS received by Defendants that report an adverse event to Defendants, regardless of the source of such documents, in the original form received by Defendants,

excluding any pleadings that initiated litigation against defendants for personal injuries resulting from the use of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 44:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Responses to Requests for Production Nos. 28 and 35.

**Request for Production No. 45:**

All correspondence and/or other communication received from doctors, hospitals, healthcare providers, sales representatives, procurement officers and/or PELVIC MESH PRODUCTS users regarding complaints with PELVIC MESH PRODUCTS and/or adverse events with PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 45:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. *See* Responses to Requests for Production Nos. 28 and 35.

**Request for Production No. 46:**

All correspondence and/or other communication prepared and/or sent in response to communication received from doctors, hospitals, healthcare providers, and/or PELVIC MESH PRODUCTS users regarding complaints with PELVIC MESH PRODUCTS and/or adverse events with the PELVIC MESH PRODUCTS, including any and all internal communications.

**Supplemental Response to Request for Production No. 46:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. *See* Responses to Requests for Production Nos. 28 and 35.

**Request for Production No. 47:**

All scientific, clinical, and medical literature in YOUR possession, custody or control concerning the safety and/or efficacy of Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 47:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly as directed to hernia mesh products.  Ethicon objects as unduly burdensome to the production of documents that are equally available to the Plaintiffs in the public domain.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.

**Request for Production No. 48:**

All bibliographies relating to Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 48:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing as to what is meant by "bibliographies."  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon and Plaintiffs continue to meet and confer concerning the scope of production concerning hernia mesh products.

**Request for Production No. 49:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding any communication with journals, authors, or publications about any articles, registries, or studies relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 49:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Custodial File Productions for Dr. Judi Gauld, Dr. Jessica Shen, Dr. Piet Hinoul, Dr. David Robinson.

**Request for Production No. 50:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding all published and unpublished medical and scientific articles, abstracts, registries, and/or research papers pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 50:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it

seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Response to Request for Production No. 47, 51; see also custodial file productions for Dr. Judi Gauld, Dr. Jessica Shen, Dr. David Robinson, Dr. Piet Hinoul.

**Request for Production No. 51:**

All DOCUMENTS relating, referring to or embodying any epidemiological studies relating to the PELVIC MESH PRODUCTS and the actual or possible health effects of such products on humans and/or animals.

**Supplemental Response to Request for Production No. 51:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been

produced to Plaintiffs that may fall within this Request.  *See* Custodial Production for Dr. Judi

Gauld, Dr. Jessica Shen; *see also* Clinical Data, Prods. 25 (ETH.MESH.02330766-

ETH.MESH.02330777), 26 (ETH.MESH.02330778- ETH.MESH.02340249), 31

(ETH.MESH.02347255-ETH.MESH.02577459), 33 (ETH.MESH.03368493-

ETH.MESH.03378248); Pre-Clinical Data, Prods. 54 (ETH.MESH.04184606-

ETH.MESH.04184617), 57 (ETH.MESH.04380444-ETH.MESH.04381614), 70

(ETH.MESH.05302769-ETH.MESH.05319171); Design History File, Prods. 6

(ETH.MESH.00218063-ETH.MESH.00218063, ETH.MESH.00218097- ETH.MESH.00218102,

ETH.MESH.00222464- ETH.MESH.00223267, ETH.MESH.00223649- ETH.MESH.00223655,

ETH.MESH.00223801-ETH.MESH.00223828), 14 (ETH.MESH.00748299-

ETH.MESH.00748309, ETH.MESH.00750804-ETH.MESH.00750817, ETH.MESH.00755753-

ETH.MESH.00755775, ETH.MESH.00759159-ETH.MESH.00759161), 19

(ETH.MESH.01310576-ETH.MESH.01310577, ETH.MESH.01320540- ETH.MESH.01320551,

ETH.MESH.01425114-ETH.MESH.01425135, ETH.MESH.01594756-ETH.MESH.01594780),

22 (ETH.MESH.02223555-ETH.MESH.02225631), 24 (ETH.MESH.02312298-

ETH.MESH.02312299, ETH.MESH.02313041- ETH.MESH.02313042), 32

(ETH.MESH.02615242-ETH.MESH.02615248), 43 (ETH.MESH.03846755-

ETH.MESH.03846798, ETH.MESH.03878631-ETH.MESH.03880729); and Trial Master File

(Prods. 12, 33, 36, 39, 40, 43, 50, 54, 57, 63, and 70); *see also* Responses to Requests for

Production Nos. 30-33.

**Request for Production No. 52:**

All DOCUMENTS in YOUR possession, custody or control containing any data or

information relating to published studies (whether sponsored by YOU or not sponsored by YOU)

involving PELVIC MESH PRODUCTS.

42

**Supplemental Response to Request for Production No. 52:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  See Responses to Requests for Production Nos. 49, 50, 51.

**Request for Production No. 53:**

All DOCUMENTS in YOUR possession, custody or control containing any data or information relating to unpublished and discontinued studies (whether sponsored by YOU or not sponsored by YOU) involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 53:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs

can locate the particular electronic documents responsive to this Request.  See Responses to Requests for Production Nos. 49, 50, 51.

**Request for Production No. 54:**

All DOCUMENTS in YOUR possession, custody or control containing any data or information relating to ongoing, past, future, or potential studies and/or registries (whether sponsored by YOU or not sponsored by YOU) involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 54:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  See Responses to Requests for Production Nos. 49, 50, 51; see also Ethicon's Response to Interrogatory No. 7.

**Request for Production No. 55:**

All DOCUMENTS in YOUR possession, custody or control related to pre-clinical testing conducted that involves PELVIC MESH PRODUCTS including but not limited to all data concerning animal studies, in vitro studies, competitive studies, scientific studies, registries, head-to-head studies, parallel studies, randomized controlled trials, and/or double blind studies.

**Supplemental Response to Request for Production No. 55:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Production 22, 43, 57: Preclinical central source files; Production 31, 33: US Clinical Study CRF/PQ Files; Production 32, 33, 57: Clinical Development central source files; Production 37: ETH.MESH.03717536 – ETH.MESH.03718941.  See also Responses to Requests for Production Nos. 49, 50, 51.

**Request for Production No. 56:**

All DOCUMENTS, including, but not limited to, notebooks and electronic notebooks in YOUR possession, custody or control, provided to clinical investigators or scientists that pertain to past, present, and future pre-clinical and clinical studies of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 56:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Responses to Requests for Production Nos. 49, 50, 51, and 55; see Ethicon's Response to Plaintiffs' Interrogatory No. 7.

**Request for Production No. 57:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding YOUR internal communications pertaining the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 57:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  *See* Responses to Requests for Production Nos. 4, 28, 29, 33, and 47; see Custodial Productions for Dr. Judi Gauld, Dr. Jessica Shen, Dr. Piet Hinoul, Dr. David Robinson, Dr. Aaron Kirkemo, Dr. Axel Arnaud.

46

**Request for Production No. 58:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to YOUR post-marketing surveillance for PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 58:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Production 40: ETH.MESH.03738946 – ETH.MESH.03750798; *See* Production 35, ETH.MESH.03589421-ETH.MESH.03589491; Production 6, 7, 14, 19, 20: Post Market Surveillance central source files; Custodial Production for Dan Lamont, Mark Yale, and Catherine Beath.

**Request for Production No. 59:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to YOUR clinical and pre-clinical trials for PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 59:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Clinical SOPs (Prod. 37, ETH.MESH.03717536 – ETH.MESH.03718941; Custodial Productions for Dr. Judi Gauld, Dr. Jessica Shen, Rich Hutchinson, and Elizabeth Vailhe; *see also* central source files of Prod. 22, ETH.MESH.02216675-ETH.MESH.02217276; Prod. 26, ETH.MESH.02330778-ETH.MESH.02340249, ETH.MESH.PM.000068; Prod. 31, ETH.MESH.02347255-02577459; Prod. 32; Prod. 57, ETH.MESH.04385120-ETH.MESH.04385131; Prod. 58, ETH.MESH.04385948-ETH.MESH.04456225; Prod. 62, ETH.MESH.04525971-ETH.MESH.04529711.

**Request for Production No. 60:**

All DOCUMENTS in YOUR possession, custody, or control setting forth any SOP, policy, and procedure concerning adverse event reporting, complaints, or concerns from physicians, health care facilities, sales persons and representatives, and consumers, and the

reporting of such concerns within YOUR company, and to the FDA, and/or to any other regulatory body, during the relevant time period.

**Supplemental Response to Request for Production No. 60:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities.  Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. However, the parties continue to meet and confer concerning the scope of production of documents located outside of the U.S.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  See Response to Request for Production No. 58.

**Request for Production No. 61:**

All internal communications concerning what information should be provided to consumer, physicians or other healthcare professionals concerning the safety risks and/or efficacy of PELVIC MESH PRODUCTS including, but not limited to, draft and approved informed consent forms.

**Supplemental Response to Request for Production No. 61:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See, e.g.,* Agile Labeling production (Prod. 27, ETH.MESH.02340250-ETH.MESH.02342290); Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); Custodial Productions for Catherine Beath, Sean O'Bryan, Jennifer Paine, Bryan Lisa, David Bourdeu, Paul Parisi, Julie Bird, Ivete Camargo, Ken Pagel, Bart Pattyson, Susie Chilcoat, Lissette Caro-Rosado, Marcos Fujihara, Jim Gatewood, Marianne Kaminski, Dr. Aran Maree, Dr. Axel Arnaud, Dr. David Robinson, Dr. Piet Hinoul, Dr. Aaron Kirkemo, and Dr. Martin Weisberg.

**Request for Production No. 62:**

All DOCUMENTS in YOUR possession, custody, or control constituting minutes from meetings, summaries of the minutes of such meetings, agendas for such meetings, presentations made at any such meetings (in their native format) and/or summaries of such meetings with any

and all physicians and investigators involved with clinical and pre-clinical trials for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 62:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Productions 22, 43, 57: Preclinical central source files; Production 31, 33: US Clinical Study CRF/PQ Files; Production 32, 33, 57: Clinical Development central source files; Production 37: ETH.MESH.03717536-ETH.MESH.03718941; Production 62.

**Request for Production No. 63:**

All DOCUMENTS in YOUR possession, custody, or control from physicians and/or investigators concerning all PELVIC MESH PRODUCTS clinical or pre-clinical trials provided to YOU, whether provided to the FDA or not.

**Supplemental Response to Request for Production No. 63:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it

seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.   The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  See Responses to Requests for Production Nos. 30-33, 47, 55, and 62.

**Request for Production No. 64:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding the retention and/or use of any third-parties who have analyzed or re-analyzed the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 64:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.   The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Production 22, 43, 57: Preclinical

central source files; Production 31, 33: US Clinical Study CRF/PQ Files; Production 32, 33, 57: Clinical Development central source files; Production 37: ETH.MESH.03717536 – ETH.MESH.03718941; *see also* Responses to Requests for Production Nos. 3, 57, and 63.

**Request for Production No. 65:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding compensation, honoraria, grants, scholarships, or gifts, offered or paid, to individuals or institutions for work associated with PELVIC MESH PRODUCTS, including, but not limited to, the promotion, marketing, research, pre-clinical and clinical trial investigation, and the authorship of articles related to or concerning PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 65:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities. Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. However, the parties continue to meet and confer concerning the scope of production of documents located outside of the U.S.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set

53

forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  See ETH.MESH. 04474212-ETH.MESH.04474272 (Prod. 60).

**Request for Production No. 66:**

All DOCUMENTS and/or databases in YOUR possession, custody, or control comprising or regarding any committee, task force, or group YOU created or participated in to address or handle questions or concerns related to the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 66:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  See Responses to Requests for Production Nos. 3, 57, and 63.

**Request for Production No. 67:**

All DOCUMENTS relating to any meetings of the Global Safety Board or predecessor organization relating to or concerning PELVIC MESH PRODUCTS or HERNIA MESH PRODUCTS, including but not limited to final and draft minutes from meetings, summaries of the minutes of such meetings, and agendas for such meetings.

**Supplemental Response to Request for Production No. 67:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.   *See* Prod. 70 (ETH.MESH.05356426- ETH.MESH.05356436, ETH.MESH.05356439- ETH.MESH.05356439).

**Request for Production No. 68:**

All DOCUMENTS concerning the manufacturing process utilized in making PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 68:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic

production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs

can locate the particular electronic documents responsive to this Request.  Notwithstanding, set

forth are some examples of documents, though not all of the documents, which have been

produced to Plaintiffs that may fall within this Request.  *See* Production 59:

ETH.MESH.04459288-ETH.MESH.04474211; ETH.MESH.04456226-ETH.MESH.04459287;

*see also*  Custodial Production for Daniel Burkley; *see also* Responses to Requests for

Production Nos. 3, 27, 28, 36, and 38.

**Request for Production No. 69:**

All DOCUMENTS concerning any changes to the manufacturing process utilized in

making PELVIC MESH PRODUCTS that were considered and/or proposed but were not

implemented.

**Supplemental Response to Request for Production No. 69:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome,

vague, ambiguous, and confusing and duplicative of Request for Production No. 68.  Ethicon

further objects to this request on the ground that it seeks the production of documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court,

documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in

the manner in which they were kept in the ordinary course of business.  The electronic

production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs

can locate the particular electronic documents responsive to this Request.  See Response to

Request for Production No. 68.

**Request for Production No. 70:**

All DOCUMENTS concerning the design of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 70:**

Ethicon objects to this Request as duplicative of Request for Production No. 37 and hereby incorporates its response to that request.

**Request for Production No. 71:**

All DOCUMENTS concerning any changes to the design of PELVIC MESH PRODUCTS that were considered and/or proposed but were not implemented.

**Supplemental Response to Request for Production No. 71:**

Ethicon objects to this Request as duplicative of Request for Production No. 37 and hereby incorporates its response to that request.

**Request for Production No. 72:**

All DOCUMENTS concerning a comparison of the safety between PELVIC MESH PRODUCTS and other treatments and/or products used for pelvic floor repair or stress urinary incontinence.

**Supplemental Response to Request for Production No. 72:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 4, 28, 30, 33, 47, 57, and 61,  and hereby incorporates its responses to those requests.

**Request for Production No. 73:**

All DOCUMENTS concerning a comparison of the efficacy between PELVIC MESH PRODUCTS and other treatments and/or products used for pelvic floor repair or stress urinary incontinence.

**Supplemental Response to Request for Production No. 73:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 4, 28, 29, 30, 33, 47, 57, and 61,  and hereby incorporates its responses to those requests.

**Request for Production No. 74:**

All DOCUMENTS comparing the safety and/or efficacy of YOUR PELVIC MESH PRODUCTS to each other, or to those of another manufacturer.

**Supplemental Response to Request for Production No. 74:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 72 and 73, and hereby incorporates its responses to those requests.

**Request for Production No. 75:**

All DOCUMENTS concerning or relating to any studies, including but not limited to all phases, drafts, protocols, notes, comments, interim reports, final reports, and versions thereof, whether published or not, that suggest, raise question about, indicate or demonstrate a result that evaluates the safety of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 75:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 29, 30, and 33, and hereby incorporates its responses to those requests.

**Request for Production No. 76:**

All consulting agreements, engagement agreements, employment agreements, or any other agreement, however titled, relating in any way the testing, research, development, and/or evaluation that in any way relates or concerns PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 76:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 3, 27, and 65, and hereby incorporates its responses to those requests.

**Request for Production No. 77:**

All Quality Control and/or Quality Assurance policies and/or procedures in place at any time YOU developed, marketed or sold PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 77:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* QA SOPs (Prod. 40, ETH.MESH.03738946-ETH.MESH.03750798); Custodial Productions for Catherine Beath, Dan Lamont, and Mark Yale; *see also* Responses to Requests for Production Nos. 34 and 58.

### *Marketing, Promotion, and Training Relating to Pelvic Mesh Products*

**Request for Production No. 78:**

All draft and final package inserts, product labels, and instructions for use provided for any Pelvic Mesh Products and Hernia Mesh Products during the relevant time period.

**Supplemental Response to Request for Production No. 78:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

59

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See, e.g.,* Prod. 13 (ETH.MESH.00521869 – ETH.MESH.00523158), Prod. 27 (ETH.MESH.02340250 – ETH.MESH.02342290), Prod. 44 (ETH.MESH.03924613-ETH.MESH.03925203, Agile Labeling production (Prod. 27, ETH.MESH.02340250-ETH.MESH.02342290); Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); *see also* Response to Request for Production No. 15 and Response to Interrogatory No. 2.

**Request for Production No. 79:**

All final Core Data Sheets relating to Pelvic Mesh Products and Hernia Mesh Products approved during the relevant time period.

**Supplemental Response to Request for Production No. 79:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing as "Core Data Sheet" is not defined. Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 80:**

All draft and final form Dear Doctor/Healthcare Provider Letters prepared by Defendants regarding Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 80:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents, including but not limited to documents related to hernia mesh products, that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Prods. 2, 7, 35, 54, 57, 61, 63, 64.

**Request for Production No. 81:**

All draft and final patient and/or consumer information sheets and brochures relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 81:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); *see also* Response to Request for Production No. 15 and Response to Interrogatory No. 2.

**Request for Production No. 82:**

All draft and final detail aids, physician information sheets, physician brochures, and/or physician marketing and promotional materials relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 82:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive insofar as it seeks documents relating to foreign activities or any non-U.S. entities.  Such information is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  However, Ethicon and Plaintiffs continue to meet and confer concerning this issue.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); *see also* Response to Request for Production No. 15 and  Response to Interrogatory No. 2.

**Request for Production No. 83:**

All documents, including promotional and marketing materials, intended to be left by sales representatives in the offices of healthcare professionals relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 83:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 81 and 82, and hereby incorporates its response to those requests.

**Request for Production No. 84:**

All draft and final documents and/or materials relating to physician training for Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 84:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it

seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); Custodial Productions for David Bourdeu, Paul Parisi, Julie Bird, Ivete Camargo, Ken Pagel, Bart Pattyson, Susie Chilcoat, Lissette Caro-Rosado, Marcos Fujihara, Jim Gatewood, and Marianne Kaminski.

## Request for Production No. 85:

All documents that index or catalog Defendants' approved or draft advertising, sales and marketing materials, and print and broadcast advertisements, sales aids, visuals, sales scripts, sales guides, and reminder pieces relating to Pelvic Mesh Products.

## Supplemental Response to Request for Production No. 85:

Ethicon objects to this request as duplicative of requests numbered 81-84 and hereby incorporates its responses to those requests.

**Request for Production No. 86:**

All documents relating to, submitted to, created by, or concerning any committee that reviews and approves any labeling, advertising, sales and marketing materials, or external communications relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 86:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Agile Labeling production (Prod. 27, ETH.MESH.02340250-ETH.MESH.02342290); Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30)

**Request for Production No. 87:**

All documents concerning or relating to marketing plans for PELVIC MESH PRODUCTS, including but not limited to the Global Launch Plans for each PELVIC MESH PRODUCT.

**Supplemental Response to Request for Production No. 87:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Custodial Productions for Lissette Caro-Rosado, Robin Osman, Gisselle Bonet, Zenobia Walji, Jonathan Meek, Lesley Fronio, Evelyn Hall, Marc Feinberg, Jason Hernandez, George Callen, Julie Bird, Stacy Meyer, Adriano Caldas, and Melissa Murguruza; Marketing and/or Sales & Marketing central source files (Prods. 3, 7, 12, 14, 19, 20, 21, 24, 36, 39, 43, 54); Copy Review central source files (Prods. 3, 4, 7, 14, 19, 22, 23, 25, 28, 30, 32, 34, 35, 39).

**Request for Production No. 88:**

Video files (in video format) of all television advertisements, including drafts, for PELVIC MESH PRODUCTS, produced on DVD.

**Supplemental Response to Request for Production No. 88:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it

66

seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Ethicon submits it does not have information responsive to this Request.

**Request for Production No. 89:**

Audio files (in audio format) of all radio advertisements, including drafts, for PELVIC MESH PRODUCTS on CD or DVD.

**Supplemental Response to Request for Production No. 89:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 14 (ETH.MESH.00770300-ETH.MESH.00770300, ETH.MESH.00770306-ETH.MESH.00770306, ETH.MESH.00770329-ETH.MESH.00770329), 19 (ETH.MESH.01625779-ETH.MESH.01625779), and 33 (ETH.MESH.03021838-ETH.MESH.03021838).

**Request for Production No. 90:**

Documents sufficient to identify all advertising agencies or public relations firms utilized by Defendants in connection with PELVIC MESH PRODUCTS in the United States.

**Supplemental Response to Request for Production No. 90:**

Ethicon objects to this request on the grounds that it is duplicative, overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Custodial Production for Evelyn Hall; *see also* Hall Deposition Transcript (March 1, 2012).

**Request for Production No. 91:**

All DOCUMENTS showing or proving that an PELVIC MESH PRODUCTS advertisement was run on either television or radio, or placed in print media, including but not limited to affidavits received from the media outlets, media buyers, or YOUR advertising agencies or public relations firms.

**Supplemental Response to Request for Production No. 91:**

Ethicon objects to this request on the grounds that it is duplicative, overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the

68

ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.

**Request for Production No. 92:**

All Documents relating to any Direct-to-Consumer marketing and/or advertising campaigns relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 92:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Custodial Productions for Lissette Caro-Rosado, Robin Osman, Gisselle Bonet, Zenobia Walji, Jonathan Meek, Lesley Fronio, Evelyn Hall, Marc Feinberg, Jason Hernandez, George Callen, Julie Bird, Stacy Meyer, Adriano

Caldas, and Melissa Murguruza; Marketing and/or Sales & Marketing central source files (Prods. 3, 7, 12, 14, 19, 20, 21, 24, 36, 39, 43, 54); Copy Review central source files (Prods. 3, 4, 7, 14, 19, 22, 23, 25, 28, 30, 32, 34, 35, 39).

**Request for Production No. 93:**

Copies of all print advertisements, including drafts, for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 93:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 91 and 92, and hereby incorporates its response to those requests.

**Request for Production No. 94:**

All DOCUMENTS relating to event advertising for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 94:**

Ethicon objects to this request on the grounds that it is duplicative, overbroad, unduly burdensome, vague, ambiguous, and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.

**Request for Production No. 95:**

All DOCUMENTS pertaining to any focus groups or surveys relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 95:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See, e.g.*, ETH.MESH.0059476.

**Request for Production No. 96:**

Copies in electronic/navigatable format of any Web page or Website maintained by or on behalf of Defendants that contains any content relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 96:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, Defendant objects to the production of material in a manner inconsistent with the agreed-upon ESI Protocol.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); and Prod. 69.

### Request for Production No. 97:

Screenshots of all Internet based advertisements (including but not limited to Web sites, blogs, bulletin boards, and pod-casts) or e-commerce information relating to PELVIC MESH PRODUCTS sponsored by or on behalf of Defendants, including every screen within any Website.

### Supplemental Response to Request for Production No. 97:

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, Defendant objects to the production of material in a manner inconsistent with the agreed-upon ESI Protocol.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic

production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prod. 2 (ETH.MESH.00027891-ETH.MESH.00027891,  ETH.MESH.00028505-ETH.MESH.00028505,  ETH.MESH.00100441-ETH.MESH.00100441); Prod. 69.

**Request for Production No. 98:**

All DOCUMENTS that identify former and/or present sales representatives or detail persons responsible for, or involved with, the marketing or selling of PELVIC MESH PRODUCTS, including the territory each was responsible for.

**Supplemental Response to Request for Production No. 98:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prod. 3 (ETH.MESH.00140070-ETH.MESH.00140073, ETH.MESH.00149896-ETH.MESH.00149899, ETH.MESH.00149937-ETH.MESH.00149975), 14 (ETH.MESH.00764673-ETH.MESH.00764676), 34

(ETH.MESH.03411506-ETH.MESH.03411506, ETH.MESH.03411523-ETH.MESH.03411524), 70 (ETH.MESH.05149983-ETH.MESH.05149984, ETH.MESH.05158934-ETH.MESH.05158934, ETH.MESH.05185366-ETH.MESH.05185367, ETH.MESH.05185420-ETH.MESH.05185421, ETH.MESH.05186435-ETH.MESH.05186436).

**Request for Production No. 99:**

All DOCUMENTS used in the training of YOUR sales force and sales representatives who promoted or sold PELVIC MESH PRODUCTS at any point in time.

**Supplemental Response to Request for Production No. 99:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prod. 3; Prod. 4: ETH.MESH. 00170123- ETH.MESH. 00170148; Custodial Production for Stacey Hoffman.

**Request for Production No. 100:**

All audio files and video files (in native format) used in the training of your sales force and sales representatives relating to PELVIC MESH PRODUCTS, produced on separate DVD.

**Supplemental Response to Request for Production No. 100:**

Ethicon objects to this Request as duplicative of Request for Production No. 99, and hereby incorporates its response to that request.

**Request for Production No. 101:**

All transcripts of any audio files and video files used in the training of your sales force and sales representatives relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 101:**

Ethicon objects to this Request as duplicative of Request for Production No. 99, and hereby incorporates its response to that request.

**Request for Production No. 102:**

All audio communications (both in audio file format and a transcript of the same) between YOU and YOUR sales force relating to PELVIC MESH PRODUCT.

**Supplemental Response to Request for Production No. 102:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been

produced to Plaintiffs that may fall within this Request.  *See* Prod. 3; Prod. 4: ETH.MESH. 00170123- ETH.MESH. 00170148.

**Request for Production No. 103:**

All email or other written communications between YOU and YOUR sales force relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 103:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Production 3; Production 4: ETH.MESH. 00170123- ETH.MESH. 00170148.

**Request for Production No. 104:**

Any database maintained by or on behalf of Defendants that contains sales call notes and field notes relating to PELVIC MESH PRODUCTS by your sales force.

**Supplemental Response to Request for Production No. 104:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it

seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections and pursuant to the Protective Order and ESI Protocol entered by the Court, Ethicon will agree to discuss the production of the data collected from the Sales Call Notes Database, Goldmine.

**Request for Production No. 105:**

Any database maintained by or on behalf of Defendants that contains data concerning the number of prescriptions or orders written by any physician or health care provider relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 105:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 106:**

All DOCUMENTS that contain information created by any sales representative or detail person concerning PELVIC MESH PRODUCTS that were created related to a meeting or conversation with any doctor, pharmacist or healthcare professional.

**Supplemental Response to Request for Production No. 106:**

Ethicon objects to this Request as duplicative of Request for Production No. 104, and hereby incorporates its response to that request.

**Request for Production No. 107:**

All DOCUMENTS that reflect warnings, objections or criticisms by any United States governmental or regulatory entity of YOUR marketing and/or promotional materials or practices for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 107:**

Ethicon objects to this request as duplicative of Requests for Production Nos. 12, 15, 18, 19, 21, 22, 23, 24, 25, and 26 and incorporates its responses to those requests.

**Request for Production No. 108:**

All DOCUMENTS that reflect written procedures or guidelines for sales persons or detail people for recording information about doctor and healthcare provider detail visits.

**Supplemental Response to Request for Production No. 108:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.  Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Production 3; Production 4: ETH.MESH. 00170123- ETH.MESH. 00170148; see Response to Request for Production No. 99.

**Request for Production No. 109:**

All DOCUMENTS concerning or regarding the training of YOUR sales persons or detail people who worked on PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 109:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 99, 103, 104, 105, 106, 108, and hereby incorporates its response to those requests.

**Request for Production No. 110:**

All DOCUMENTS concerning or regarding the compensation scheme for YOUR sales person or detail people who worked on PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 110:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the objections and consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business. The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request. Notwithstanding, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Custodial File Productions for Stacey Hoffman, Matt Henderson, and Erika Lane.

**Request for Production No. 111:**

DOCUMENTS sufficient to identify Defendants' thought leaders and/or key opinion leaders including, but not limited to, doctors and healthcare providers who were offered and/or receive payment or honoraria from Defendants for preparation of scientific papers, posters, medical articles, speeches, lectures, and/or presentations regarding PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 111:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ethicon further objects to this request on the grounds that it seeks the production of documents that are protected by the attorney-client privilege and/or work product immunity.

**Request for Production No. 112:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding YOUR internal communications pertaining to PELVIC MESH PRODUCTS's past, present, and future anticipated market share and/or sales in the United States.

**Supplemental Response to Request for Production No. 112:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing. Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 113:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding YOUR internal communications pertaining to PELVIC MESH PRODUCTS's past, present, and future anticipated market share and/or sales worldwide.

**Supplemental Response to Request for Production No. 113:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 114:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to the content and format of labeling for PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 114:**

Ethicon objects to this request on the grounds that it is duplicative, overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.

**Request for Production No. 115:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to Dear Doctor or Health Advisory Letters concerning or regarding PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 115:**

Ethicon objects to this request on the grounds that it is duplicative, overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.

**Request for Production No. 116:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to the content and format of package inserts, patient information sheets, and other information pertaining to or concerning PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 116:**

Ethicon objects to this request on the grounds that it is duplicative, overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

82

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.

**Request for Production No. 117:**

All DOCUMENTS in YOUR possession, custody, or control intended to be provided to prescribing physicians regarding PELVIC MESH PRODUCTS and its intended use, contraindications, and potential complications.

**Response to Request for Production No. 117:**

Ethicon objects to this request on the grounds that it is duplicative of multiple requests, overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Consistent with the Federal Rules, and the Protective Order entered by the Court, documents responsive to this Request, if they exist, have been or will be produced to Plaintiffs in the manner in which they were kept in the ordinary course of business.  The electronic production is in searchable format and, as such and consistent with the Federal Rules, Plaintiffs can locate the particular electronic documents responsive to this Request.

**Request for Production No. 118:**

All DOCUMENTS concerning the relationship between Defendants and any outside person or entity involved in the market analysis, marketing, advertising, or promotion of PELVIC MESH PRODUCTS, including but not limited to the contracts between Defendants and such person or entity, communications, and any invoices for services rendered.

**Supplemental Response to Request for Production No. 118:**

Ethicon objects to this request as duplicative of Requests Nos. 87, 90, and 92 and hereby incorporates its responses to those requests.

**Request for Production No. 119:**

All DOCUMENTS concerning YOUR annual sales revenue derived from PELVIC MESH PRODUCTS in the United States and broken down by State for every year since PELVIC MESH PRODUCTS was first marketed and sold in the United States.

**Supplemental Response to Request for Production No. 119:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 120:**

All DOCUMENTS concerning YOUR annual profits derived from PELVIC MESH PRODUCTS in the United States and broken down by State for every year since PELVIC MESH PRODUCTS was first marketed and sold in the United States.

**Supplemental Response to Request for Production No. 120:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 121:**

Any and all media and/or news reports relating to PELVIC MESH PRODUCTS in YOUR possession, custody or control.  If responsive materials are television news reports (e.g. 20/20, Dateline, local evening news, etc.) produce the native video file of such reports.

**Supplemental Response to Request for Production No. 121:**

Ethicon objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and confusing.  Ethicon further objects to this request on the ground that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The documents requested by Plaintiffs, to the extent they exist, are publically available.

**Request for Production No. 122:**

All DOCUMENTS or information relating to the marketing of PELVIC MESH PRODUCTS through any internet-based website, email campaign, or any other use of the internet or electronic communication.

**Supplemental Response to Request for Production No. 122:**

Ethicon objects to this Request as duplicative of Requests for Production Nos. 96, 97 and hereby incorporates its response to that request.

**Request for Production No. 123:**

All DOCUMENTS, notes, videos, or other information relating to PELVIC MESH PRODUCTS on Defendant sponsored, supported, edited, and/or linked websites, FaceBook pages, MySpace pages, Twitter pages, Wikipedia or pages on any other websites.

**Supplemental Response to Request for Production No. 123:**

Ethicon objects to this Request as duplicative of Request for Production No. 122, and hereby incorporates its response to that request.

**Request for Production No. 124:**

Copies of all information relating to the marketing of PELVIC MESH PRODUCTS by Defendants through chat rooms and women's health-related websites or forums, and other social networking media.

**Supplemental Response to Request for Production No. 124:**

Ethicon objects to this Request as duplicative of Request for Production No. 122, and hereby incorporates its response to that request.

This the 8th day of April, 2013.


Respectfully submitted,

*/s/Christy D. Jones*_____

CHRISTY D. JONES
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
1020 Highland Colony Parkway
Suite 1400
P.O. Box 6010
Ridgeland, MS  39158-6010
Telephone: (601) 985-4523
Fax: (601) 985-4500
Email: christy.jones@butlersnow.com

KARI L. SUTHERLAND
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
1200 Jefferson Avenue
Oxford, MS 38655
Telephone: (662) 236-7481
Fax: (662) 513-8001
Email: kari.sutherland@butlersnow.com

**ATTORNEYS FOR DEFENDANT
ETHICON, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on counsel for Plaintiffs via electronic mail this the 8th day of April, 2013.


*/s/ Kari L. Sutherland*

ButlerSnow 15877216v1