# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1871<br>07-md-01871-CMR<br><br>Honorable Cynthia M. Rufe |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | |

THIRD REPORT AND RECOMMENDATION
OF THE SPECIAL MASTER AS TO
PLAINTIFFS' MOTIONS TO COMPEL AND GSK'S PRIVILEGE LOG

Pretrial Order Number 28 sets forth the procedures regarding discovery disputes and directs the parties first to present discovery disputes to the Special Discovery Master for informal mediation efforts. Prior to the Court's entry of Pretrial Order Number 28, the PSC filed three motions to compel: (1) a Motion to Compel Full and Complete Admissions from GSK; (2) a Motion to Compel Responses to Plaintiffs' Requests for Production of Documents from GSK; and (3) a Motion to Compel Full and Complete Answers to Interrogatories from GSK (collectively, the "Discovery Disputes").

Thereafter, counsel for the parties met and conferred in an attempt to reach agreement on the Discovery Disputes and on issues relating to a Privilege Log created by GSK and produced in rolling fashion with the document production. Conferences were held with the Special Master in an effort to resolve differences. The parties had time to

present their arguments and did so in briefing memoranda and in the meetings with the Special Master. It bears noting that counsel for both parties have worked hard to resolve discovery disputes by mutual agreement and have successfully done so with respect to most of the disputes. The remaining disputes are discussed in this Report.

1. Motion to Compel Full and Complete Admissions from GSK

PSC filed a series of Requests for Admissions. PSC, in its Motion, stated that answers provided by GSK were inadequate. Counsel for the parties met and conferred under the guidance of the Special Master and were able to resolve most of the disputes. As a result, PSC intends to withdraw its Motion to Compel Full and Complete Admissions from GSK.

2. Motion to Compel Response to Plaintiffs' Request for Production from GSK

PSC filed a Request for Production of Documents. PSC, in its Motion, stated that answers provided by GSK were inadequate. Counsel for the parties met and conferred under the guidance of the Special Master and were able to resolve most of the disputes. As a result, PSC intends to withdraw its Motion to Compel Responses to Plaintiffs' Request for Production from GSK.

3. Motion to Compel Full and Complete Answers to Interrogatories from GSK

(a) Objections

GSK has raised objections as to some of the interrogatories on the basis that the interrogatories are "unduly burdensome" or "vague" or "ambiguous" (see GSK's Third

Amended Answers and Objections to PSC's Fist Set of Interrogatories Nos. 5-7, 13, 14, 22, 23). These objections do not meet the standard of specificity that would validate them. See Fed. R. Civ. P. 33(b)(4); ACLU v. Gonzalez, 237 F.R.D. 120 (E.D. Pa. 2006); Haring v. Eckerd Corp., No. 01-3988, 2002 U.S. Dis. Lexis 11654 (E.D. Pa. May 16, 2002). Moreover, even though such a litany of objections was recited, partial answers were nevertheless given, which makes the objections pointless. Those objections should therefore be deemed waived.

Some of GSK's responses to Interrogatories include objections to the Interrogatories as not reasonably calculated to lead to the discovery of admissible evidence or some similar formulation based on relevance (see GSK's Third Amended Answers and Objections to PSC's Fist Set of Interrogatories Nos. 5-7, 11, 13, 14, 26, 27, 30). These objections only muddy GSK's responses and are not acceptable. Objections to relevance or admissibility are available to be used at trial, but for the purposes of discovery, the scope of relevance is far broader than that allowed for evidentiary purposes. See Pacitti by Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (employing a liberal standard regarding material deemed "relevant" for the purpose of discovery requests).

(b) Supplemental Answers

In some answers, GSK has reserved the right to supplement its responses and conduct further investigation. That type of answer confuses any response and could be interpreted as a reason for not doing promptly what is necessary to answer the

interrogatories with the information that the respondent has obtained or should obtain. That answer, if accepted, can also be viewed as an effort to create an open-ended time frame for responding, and such effort interferes with time limits that have been set in pretrial orders. See F.R.C.P. 29(b). Accordingly, the answers should therefore simply give the information that is available or reasonably obtainable. Subsequently, if there is a need to supply additional or corrective information, the responses can be supplemented. See F.R.C.P. 26(a)(1); Stabilus v. Haynsworth, 144 F.R.D. 258, 264 (E.D. Pa. 1992).

(c) Answers Referring to Other Documents

The answers to Interrogatories 4, 8-11, 13, 14, and 27-29 state that answers are provided in other documents either scheduled to be produced or produced as part of the IND/NDA documents. PSC has objected that such references do not constitute valid answers.

Judges and Magistrate Judges deciding discovery issues in more than one case have stated that failure to identify sufficiently the documents that provide the desired information is not acceptable. See, e.g., Martin v. Easton Publishing Co., 85 F.R.D. 312 (E.D. Pa. 1980); Thompson v. Glenmede Trust Co., 1995 WL 752443 (E.D. Pa. Dec. 19, 1995); Chiaradonna v. Rosemont College, 20065 WL 3742777 (E.D. Pa. Dec. 11, 2006). Federal Rule of Civil Procedure 33(d) is of the same import, although its wording is limited to "business records." So, too, the Third Circuit has previously stated: "The general rule is that answers to interrogatories should be complete in and of themselves and should not refer to other pleadings, depositions or other documents."

Roman v. City of Reading, 121 Fed. Appx. 955 (3d Cir. 2005)[1] (citing DiPietro v. Jefferson Bank, 144 F.R.D. 279 (E.D. Pa. 1992). Hence, answers that state that responsive information will be provided in response to Requests for Production are not acceptable.

With respect to IND/NDA materials, GSK has supplied considerable information regarding the location of documents within the IND/NDA, such as a fifty-page index and text-searching capacity. However, the PSC maintains that the information responsive to its Interrogatories is not sufficiently identified.

GSK has pinpointed the remaining disputes in the following interrogatories:

Interrogatory No. 9 requests identification of written or electronic GSK correspondence to and from the FDA or its employee concerning Advandia. GSK's response refers PSC to the IND/NDA file and claims that it is unduly burdensome and abusive to make GSK read and summarize thousands of documents. I do not believe the requests for identification should be read that broadly. Moreover, GSK additionally states that responding information will be contained in documents produced in response to the PSC's Request for Production, which is hardly informative. As it now stands, the Response is subject to a Motion to Compel.

Interrogatory No. 10 requests GSK to describe various details regarding pre-marketing testing done with the product. GSK claims that this is overly broad and unreasonably burdensome (without specifics). If so, supplying the IND/NDA files for

---

[1] While that case is not precedential, the above statement correctly states the best practice.

the answer is also unduly burdensome to PSC. It may be that part of the request is objectionable, such as asking for the number of animals in each test. However, in that case, GSK should answer the portion not objectionable and try to reach agreement on that point with PSC. (See Federal Civil Judicial Procedure and Rules, 2008 ed., p. 191).

Interrogatory No. 11 requests a description of any application for regulatory action filed with the U.S. F.D.A. regarding the product. Here, again, GSK's response refers to IND/NDA files and GSK claims that describing the FDA applications, which took years to complete and are the subject of hundreds of thousands of pages of documents, would be meaningless and unduly burdensome. To be sure, a description can be endless and made meaningless by excess, but a short identifying description does not seem unduly burdensome. At the least, if the responses are in the IND/NDA documents, they can be better pinpointed than GSK has presently agreed to do.

Interrogatory No. 13 requests information regarding post-marketing testing of the product and compilation of adverse event information. GSK objects that the request is unduly broad, vague, and not calculated to lead to discovery of admissible evidence, and refers to IND/NDA documents and unidentified documents to come. In a subsequent communication (November 5, 2008), GSK states that there is no basis or logic in having GSK forced to have scientific experts read and summarize scientific tests and reports that GSK is producing in the future and that PSC's experts will have to read. The answer is

not tenable. At the least, a partial answer can be given. See my comments as to Interrogatory No. 10.

Interrogatory No. 14 requests identification of any scientists, physicists or other technical or medical personnel with whom GSK consulted regarding the safety and effectiveness of the product or comparable products. GSK's response refers PSC to the IND/NDA files. GSK also objects to the terms "similar or comparable products" and objects because of the burden of providing a list containing hundreds or thousands of names of participants. However, even if comparable products are eliminated and only scientists and physicists are identified, a partial answer is feasible.

Interrogatories 27 through 29 request (1) information given to Plaintiffs and the public regarding the safety and efficacy of Avandia; (2) identification of Phase IV studies of Avandia; and (3) information regarding GSK's efforts to enhance warnings for Avandia. Here, again, GSK has responded by referring PSC to the IND/NDA documents and, as discussed above, these responses are not acceptable.

If the burden of more specific identification would be substantially the same for either party, the responding party should supply sufficient detail to enable the interrogating party to locate and identify the information. See, F.R.C.P. 33(d). That rule appears applicable here. See also Thompson v. Glenmede Trust Co., 1995 WL 752443 (E.D. Pa. Dec. 19, 1995), which the Special Master recognizes as distinguishable, but which essentially supports the weighing of burdens.

Because the parties have shown a commendable willingness to reach agreement on disputed issues and make appropriate revisions, the Special Master will defer his Recommendation on Nos. 4, 8-11, 13, 14, and 27-29 with respect to the Motion to Compel Responses to Interrogatories, and recommends that following the pretrial conference on November 10, 2008, the parties meet promptly to resolve the dispute with respect information located within the IND/NDA as to production of other documents. If agreement is not reached within one week, the Special Master will respectfully make a recommendation to the Court.

  (d) <u>Other Interrogatories:</u>

    (i) <u>Interrogatory Nos. 7, 15, 16, 23, 30</u>: As to these interrogatories, the parties have agreed to revise the requests and answers, which remains to be done.

    (ii) <u>Interrogatory Nos. 12 and 22</u>: The answers may be limited in scope to the United States.

    (iii) <u>Interrogatory Nos. 17-20</u>: The responses have been deferred by agreement of the parties.

    (iv) <u>Interrogatory Nos. 21, 24, 25</u>: The responses are premature.

4. <u>Privilege Log</u>

The parties have resolved the initial disputes regarding the privilege log with two exceptions.

First, the PSC seeks a different format for the privilege log than the one supplied by GSK. While PSC's format may be one that it finds easier to use, there is no reason to make GSK adopt that format, so long as the one that is used adequately presents the required information, which it does.

Second, the PSC seeks the inclusion of job descriptions for all individuals listed in the privilege log. The PSC argues that identifying the job descriptions would reduce the number of challenges involving the privilege log and would be a more efficient and less burdensome way of reducing challenges to the log. GSK believes that such identification would be burdensome and costly. It further argues that this procedure is not legally required and has not been required of it in other MDL cases. As a compromise, GSK has agreed to identify job descriptions or titles of people whose names appear in the documents as to which the PSC challenges the asserted privilege. For the time being, this procedure should suffice.

5. Other Disputes

The Special Discovery Master has been notified that a dispute exists regarding Third-Party Subpoenas served by the PSC. Counsel for the Third Parties asks that the dispute be referred to the Electronic Discovery Master. The PSC disagrees. The Special Master expects that the Court will address this question at the Court's next pretrial conference.

_____
Jerome J. Shestack
Special Discovery Master

Date: November 6, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1871<br>07-md-01871-CMR<br><br>Honorable Cynthia M. Rufe |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | |

PRETRIAL ORDER NO. _____

AND NOW, this _____ day of November, 2008, upon consideration of the Special Discovery Master's Third Report and Recommendation, the Court hereby enters the following Pretrial Order:

The Court will defer ruling on PSC's Motion to Compel Full and Complete Responses to Interrogatories pending a further Report and Recommendation by the Special Master following additional and prompt efforts of the parties to agree on the remaining disputed issues.

BY THE COURT:

_____
HONORABLE CYNTHIA M. RUFE

## CERTIFICATE OF SERVICE

I, Jerome J. Shestack, hereby certify that on this date the foregoing Third Report and Recommendation of the Special Master as to Discovery Plan and Initial Scheduling Order and proposed Order were filed electronically and are available for viewing and downloading from the Court's ECF system. I further certify that the foregoing document was served by ECF upon the following counsel:

Sean P. Fahey, Esquire
Joseph C. Crawford, Esquire
Nina M. Gussack, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103

Thomas E. Mellon, Jr., Esquire
Stephen A. Corr, Esquire
MELLON WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA  18901

Bryan Aylstock, Esquire
AYLSTOCK, WITKIN, KREIS
  & OVERHOLTZ, PLLC
803 North Palafox Street
Pensacola, Florida  32501

Vance R. Andrus, Esquire
ANDRUS BOUDREAUX, PLC
1775 Sherman Street, Suite 3100
Denver, CO  80203

Richard D. Meadow, Esquire
W. Mark Lanier, Esquire
THE LANIER LAW FIRM, PC
6810 FM 1960 West
Houston, TX  77069

_____
Jerome J. Shestack
Special Discovery Master

Date:  November 6, 2008