**MINUTE ENTRY**
**GOODWIN, J.**
**September 17, 2013**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| In re: C.R. Bard, Inc., Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2187 |
| In re: American Medical Systems, Inc., Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2325 |
| In re: Boston Scientific Corporation Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2326 |
| In re: Ethicon Inc., Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2327 |
| In re: Coloplast Corp. Pelvic Support Systems<br>Products Liability Litigation<br>_____ | MDL No. 2387 |

**THIS DOCUMENT RELATES TO ALL CASES**

On May 23, 2013, the court conducted a status conference in the above-referenced MDLs. The following is a brief summary of the status conference:

1.   **General & Specific MDL Issues – Judge Goodwin**

   a.   Tolling agreement – Mr. Garrard, counsel for the plaintiffs, stated that he would submit the agreement to the court shortly. Judge Goodwin expressed his gratitude to counsel in working on the agreement.

b. Case management/Scheduling Orders for 2014 cases – Mr. Garrard stated that in Bard, the parties have done some work on the trial set for April. Mr. Garrard and Ms. Moeller, counsel for TSL and Sofradim, are close to submitting an order to the court for entry. However, the parties continued to work on an issue related to preservation.

Mr. Garrard stated that after the first round of bellwether trials in December, January and February in AMS, Ethicon and Boston Scientific, plaintiffs believe that in the second and third rounds of cases, there should be trials that involve multiple products and an individual plaintiff and potentially multiple defendants. As a result, he suggested adding ten cases per side to the trial group pools for each MDL. He reported that plaintiffs had been unable to reach agreement with defendants on this issue.

Ms. Moeller stated that she would like for only one of her two foreign clients to be worked up for trial scheduled in April. Noting that there are three plaintiffs with one product and a fourth with the second product, Ms. Moeller would like to avoid the time and expense of having to work up both products. Judge Goodwin stated that he would get back to counsel on this.

Ms. Binis, counsel for AMS, advocated in favor of not expanding the pool, but instead, picking from the existing pool for the second and third rounds, as the court's orders currently contemplate.

Judge Goodwin agreed to consider the issues raised by plaintiffs.

c. Agenda Issues for MDL 2325 (American Medical Systems, Inc.)

1. Scheduling of hearing on bellwether picks – There was no discussion on this topic.

d. Agenda Issues for MDL 2327 (Ethicon, Inc.)

1. Ethicon/J&J Stipulation – The parties continued to work on this issue and were hopeful that it would be worked out soon.

2. Involvement of Plaintiffs' Executive Committee Members in State Court proceedings/coordination of discovery – Ms. Jones, counsel for Ethicon, clarified that this agenda item referred to involvement of members of the Plaintiffs' Steering Committee, rather than members of the Executive Committee, in coordinating State court depositions. She noted the number of depositions noticed in this MDL, and the fact that counsel involved in this litigation are also arbitrarily noticing depositions of key witnesses, noticing them a second time and demanding that the witnesses be made available for a second day in the State court litigation.

        Judge Goodwin stated that he expected plaintiffs' leadership not to interfere with the MDL discovery process.

    3. Scheduling of hearing on bellwether picks – Bellwether presentations in Ethicon are scheduled for July 25, 2013, at 10:00 a.m.

e.     Agenda Issues for MDL 2326 (Boston Scientific Corporation)

    1. Scheduling of hearing on bellwether picks – Bellwether presentations in Boston Scientific are scheduled for August 1, 2013, immediately following the status conference.

f.     Agenda Issues for MDL 2387 (Coloplast)

    1. Progress report on early case assessment program – Ms. Varney, counsel for Coloplast, reported that the parties were making good progress in finding expeditious, effective and economical resolution of the litigation. The parties reached a stipulation on foreign entity service, identified key medical records needed for early case assessment and created a process for receiving those medical records. Plaintiffs are providing those medical records, and defendants are reviewing them. The parties have begun meeting to discuss their claims and exchange evaluations of the cases. The parties have discussed how best to structure an end-game resolution. The parties will meet in June and July. Defendants need (1) more medical records; (2) additional time to assess those records; and (3) information gathered from bellwether trials which will provide data points.

        Mr. Salim, counsel for plaintiffs, agreed with Ms. Varney's assessment, but stated that in the event no agreement was reached by August, they would propose a docket control order at the next status conference.

    2. Discussion regarding deadline for submission of docket control order – Judge Goodwin stated that without a firm settlement or firm outline for settlement of these cases by Labor Day, he would consider entry of a scheduling order.

    3. Show Cause Order/Dismissal of Certain Coloplast Entities – Judge Goodwin entered an order to show cause by May 15, 2013, why he should not enter an order dismissing certain Coloplast entities from the master complaint. There were no objections and, as a result, Judge Goodwin indicated that he would enter the order dismissing the Coloplast entities and amending the short form complaints to omit the Coloplast and ENDO entities.

    g.     Upcoming deadlines – The next status conference is scheduled for August 1, 2013 at 10:00 a.m.

**2.     General & Specific MDL Issues – Judge Eifert**

    a. Agenda Issues for MDL 2326 (Boston Scientific Corporation)

        1. Report on deposition and discovery progress – Mr. Strongman, counsel for Boston Scientific, reported that the parties were making good progress in terms of company witness discovery and document production.

        Judge Eifert addressed an issue related to the scheduling of treating physician depositions in the trial pool cases. Judge Eifert instructed that each side was to schedule the treating physician deposition for their picks, with no *ex parte* discussions with the physicians beyond setting the date.

    b. Agenda Issues for MDL 2325 (American Medical Systems, Inc.) – Ms. Binis reported productive discussions regarding the issues listed below and asked to put them off for the time being. Ms. Fitzpatrick, counsel for plaintiffs, reported progress as well. Judge Eifert suggested an in person or telephone conference in two weeks to make sure the parties continue to move forward.

        1. Motion pertaining to Dr. Robert Moore

        2. Discovery and deposition scheduling

        3. Sales representative depositions

        4. Documents to be used at treater depositions

        5. Protocol for preserving mesh pathology

    c. Agenda Issues for MDL 2327 (Ethicon, Inc.)

        1.     Pending Motion to Compel – This motion is not yet ripe. Ms. Jones reported that she hopes to work out this motion. Mr. Cartmell, counsel for plaintiffs, stated that he hoped to have this issue addressed sooner rather than later. The parties agreed to find an acceptable date for a telephonic hearing and, if the motion is resolved, the hearing would be cancelled.

        2.     Deposition scheduling issues – The parties discussed issues related to difficulty in scheduling depositions.

        3.     Third party protective order – This issue relates to third party subpoenas and whether the third parties would produce documents that might be confidential. Ms. Jones reported the parties had worked out a stipulation.

4. Sales representative production issues – Bryan Aylstock, counsel for the plaintiffs, stated that when litigation hold letters went out to the sales representatives, not all representatives complied with them. Mr. Aylstock asked for a date certain for the end of the sales representative production within the next week.

   In response, Ms. Jones indicated that the litigation hold relates to former employees who left the company at some point in time and those materials were not preserved. When Ethicon learned of this, counsel notified Mr. Aylstock immediately and produced information. To date, Ethicon has produced all the material it has on sales representatives, except for one. Ms. Jones learned yesterday of another database that may have some information. Ms. Jones stated that by June 1st, Ethicon will be able to answer any questions.

   Mr. Aylstock asked Ethicon to tell him what was missing from the files, and Ms. Jones indicated she would work with Mr. Aylstock, but was unsure she could do this.

   Judge Eifert stated that she did not understand how Ms. Jones could inform Mr. Aylstock about what was not in the file, other than to speculate. Ms. Jones was willing to share information about standard things that are found in every sales representative's file, to the extent information about this exists. Also, Ms. Jones offered to produce a Rule 30(b)(6) witness on the litigation holds.

5. Identification of final version physician training materials and direct to consumer advertisements – The parties discussed issues related to professional education materials used to train physicians and consumer advertisements. For the most part, all information has been produced. The parties agreed that Ethicon would produce some additional information on these issues by June 1st, though Ms. Jones asked that she be permitted to follow up on the issue of whether Ethicon had already produced information on where and when advertisements were run as she believed that had already been done.

6. Rule 30(b)(6) deposition status – This issue relates to the development and design Rule 30(b)(6) deposition witness and was placed on the agenda by Judge Eifert. Mr. Cartmell reported that Judge Eifert's order related to the witness was followed. The deposition occurred, but was not completed. The parties still needed to meet and confer on some issues.

Mr. Cartmell asked about whether they must do the fact witness deposition at the same time as the Rule 30(b)(6) deposition or whether they can be done separately.

Ms. Jones does not object to a separate fact witness deposition, but does object to it being conducted at a separate time from the Rule 30(b)(6) deposition.

Judge Eifert suggested that because this issue was applicable in other MDLs, motion practice was appropriate. Ms. Jones agreed to make a motion by June 3rd. Counsel in Boston Scientific, Ethicon and AMS would also file a motion.