IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL NO. 2327

THIS DOCUMENT RELATES TO ALL CASES

_____

PRETRIAL ORDER # 49
STIPULATED AGREED ORDER
REGARDING DELAYED FILING AND
APPLICATION TO THE STATUTE OF LIMITATIONS

**DEFINITIONS:**

A.  "Defendants" shall mean all manufacturing entities named as defendants in the Master or Amended Master Complaint in the following actions:

  (1)  In re: C. R. Bard, Inc. Pelvic Repair System Products Liability Litigation, MDL No. 2187, pending in the United States District Court for the Southern District of West Virginia;

  (2)  In re: American Medical Systems, Inc. Pelvic Repair System Products Liability Litigation, MDL No. 2325, pending in the United States District Court for the Southern District of West Virginia;

  (3)  In re: Boston Scientific Corp. Pelvic Repair Systems Products Liability Litigation, MDL No. 2326, pending in the United States District Court for the Southern District of West Virginia; and

  (4)  In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation, MDL No. 2327, pending in the United States District Court for the Southern District of West Virginia.

The term "Defendants" shall specifically exclude any other defendants named in individual actions filed in these four MDL proceedings that are not manufacturers or sellers of pelvic mesh products, such as physicians and health care facilities.

B.  "Claimant" and "Claimants" mean any person desiring to file an action in one of the above-referenced MDL's. This Agreement does not apply to any claimant or plaintiff wishing to file an action in any state court and is expressly limited to actions to be filed in the four MDL's referenced above.

C. "Claim" means each Claimant's claim against the Defendants with respect to the alleged use of the pelvic mesh products manufactured and/or sold by the Defendants.

D. "MDL Proceedings" means MDL No. 2187, MDL No. 2325, MDL No. 2326, and MDL No. 2327 described above.

E. "Effective Date" means May 15, 2013.

## AGREEMENT

The Defendants and Claimants agree as follows:

A. Claimants and Defendants agree that from the Effective Date of this Agreement until and including October 1, 2013, all new complaints either (1) effectively served, or (2) forwarded to Defendants pursuant to the Pre-Trial Orders applicable in each MDL Proceeding for waivers of service (hereinafter "the date of service") shall be deemed filed as of that date. No further filing in the court is necessary during that period of time. During that period of time, the date of service shall be treated as the date of filing for the claims specifically asserted in the complaint with regard to the application of any statute of limitations, statutes of repose, or any other laws, statutes or codes of any jurisdiction anywhere that define, limit, proscribe and/or restrict the time period within which a lawsuit, claim and/or proceeding may be commenced.

B. This Agreement is not intended to be, and shall not constitute, an admission on the part of either Claimants or the Defendants that any claims, allegations, defenses or theories relevant to the dispute are valid, enforceable or true, or that either party hereto is entitled to any relief based on such claims, allegations, defenses or theories. Similarly, this Agreement is not intended to be, nor shall it constitute, an admission or indication on the part of either Claimants or Defendants that the claims and/or defenses are not valid and actionable. The parties agree that neither the statements reflected in this Agreement nor the existence thereof shall be used as evidence or otherwise against any party in any lawsuit, claim and/or proceeding which ultimately may involve either the parties hereto, except with respect to the enforcement of the provision herein, including, but not limited to, the application of any limitation, definition, proscription and/or limitation of the time within which any lawsuit, claim and/or proceeding may be commenced and/or the application of any toll thereof.

C. This Agreement is not intended to waive, and does not constitute a waiver of, any statute of limitations, statute of repose, or other defense existing at the time of the effective date of this Agreement, or at the time of the date of service.

D. The parties further agree that the execution of this Agreement shall not constitute a waiver of any rights of any party that existed at the time of its execution, nor of any defenses of any party that existed at the time.

2

E.         This Agreement is "Confidential," but may be used or referred to by either party to seek relief from any breach hereof by the other party.

F.         Coordinating Co-Lead and Lead Counsel for the Claimants in the MDL Proceedings and the Plaintiff's Executive committee shall use their best efforts to ensure that the service of new complaints is evenly paced such that no law firm serves more than 65 cases per week per defendant during the pendency of this Agreement. If a law firm has a potential Statute of Limitations problem that necessitates serving cases at a greater rate than 65 per week per defendant, that firm in conjunction with the Coordinating co-Leads and the Co-Leads in the affected MDL will attempt to work out a solution with the affected Defendant(s), and if there is no agreement for handling the problem, the parties will involve the Court to resolve the issues. In the event that any law firm begins serving complaints in a larger amount than 65 per week per defendant, that Defendant may request a meeting that shall include Coordinating Co-Lead counsel, the individual firm and Lead Counsel in that MDL Proceeding and the Court to devise a plan to more evenly pace the number of complaints being served by that law firm. If the Parties and the Court are unable to devise a satisfactory plan to pace the complaints, the Court will determine the relief to be granted that defendant, including potential termination of this agreement as to that firm, upon reasonable notice. It is expected that the parties will work diligently to ensure that this tolling agreement works to meet the needs of the parties and the Court.

G.         This Agreement shall automatically terminate on October 1, 2013. Following that date, the Claimants shall have until November 1, 2013 to file with the clerk any action served, but not previously filed, pursuant to the terms of this Agreement. At the time of filing of Complaints, the Plaintiffs shall notify the Defendants of the filing by serving a weekly list identifying the affected Defendant and name of the case filed. Coordinating Co-Lead and Lead Counsel for the Claimants in the MDL Proceedings and the Plaintiffs' Executive Committee shall coordinate the Claimants' filings to ensure that no more than 10 complaints each week are filed by any one law firm. In the event that the complaints served, but not filed, during the pendency of this Agreement exceed 2,000 in number, the Parties agree to extend the filing grace period so that the complaints to be filed can be evenly spaced at 10 per week per firm. If more than 2,000 cases are served on the collective Defendants by July 31, 2013, then the Defendants will notify Coordinating Co-Lead Counsel of such, through Richard North, Lead Counsel in the Bard MDL, by August 2nd and the parties will meet and confer within 7 days to devise a plan to insure that no more than 500 cases per week are filed in the collective MDLs. If a complaint previously served is not actually filed with the Court by November 1, 2013 (or any extended deadline agreed upon by the parties in writing), the complaint will no longer be deemed filed as of the date of service, but will instead, be treated as filed on the actual date of filing. Any issues or disputes arising out of this agreement that the parties cannot resolve will be submitted to the court for resolution.

H.         The Claimants and Defendants may further extend the time periods set forth in this Agreement by mutual consent.

I.      If a plaintiff's case is filed in one of the MDLs in accordance with this agreement after being served on a defendant as part of this agreement, the defendants agree not to contest federal subject matter jurisdiction in the case.

The court **DIRECTS** the Clerk to file a copy of this order in this MDL and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-12011.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTERED:  May 29, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

By:    */s/ Henry G. Garrard, III*
       Henry G. Garrard, III
       hgg@bbgbalaw.com
       Plaintiffs' Coordinating Co-Lead Counsel and Co-Lead Counsel in MDL 2187

Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, GA  30603
706-354-4000

|  |  |
|---|---|
|  | By: */s/ Fred Thompson, III, by Henry G. Garrard, III*<br>**Fred Thompson, III** by Henry G. Garrard, III, with express permission<br>fthompson@motleyrice.com<br>Plaintiffs' Coordinating<br>Co-Lead Counsel in MDL 2187 |
| Motley Rice LLC<br>Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>843- 216-9118 |  |
|  | By: */s/ Bryan F. Aylstock, by Henry G. Garrard, III*<br>**Bryan F. Aylstock** by Henry G. Garrard, III, with express permission<br>BAylstock@awkolaw.com<br>Plaintiffs' Coordinating<br>Plaintiffs' Co-Lead Counsel in MDL 2187<br>Aylstock, Witkin, Kreis & Overholtz |
| 17 E. Main Street, Suite 200<br>Pensacola, Florida 32502<br>877-810-4808 |  |
|  | By: */s/ Derek H. Potts, by Henry G. Garrard, III*<br>**Derek H. Potts** by Henry G. Garrard, III, with express permission<br>dpotts@potts-law.com<br>Plaintiffs' Coordinating<br>Co-Lead Counsel in MDL 2187 |
| The Potts Law Firm, LLP<br>908 Broadway, 3rd Floor<br>Kansas City, Missouri 64105<br>816/931-2230<br>816/931-7030 (fax) |  |
|  | By: */s/ Thomas P. Cartmell, by Henry G. Garrard, III*<br>**Thomas P. Cartmell** by Henry G. Garrard, III, with express permission<br>tcartmell@wagstaffcartmell.com<br>Plaintiffs' Co-Lead Counsel in MDL 2327 |
| Wagstaff & Cartmell, LLP<br>4740 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>816-701-1100 |  |

|  |  |
|---|---|
|  | By: */s/ Renee Baggett, by Henry G. Garrard, III*<br>**Renee Baggett** by Henry G. Garrard, III, with express permission<br>RBaggett@awkolaw.com<br>Plaintiffs' Co-Lead Counsel in MDL 2327 |
| Aylstock Witkin Kreis & Overholtz<br>Suite 200, 17 East Main Street<br>Pensacola, FL 32502<br>850-202-1010 |  |
|  | By: */s/ Clayton A. Clark, by Henry G. Garrard, III*<br>**Clayton A. Clark** by Henry G. Garrard, III, with express permission<br>cclark@triallawfirm.com<br>Plaintiffs' Co-Lead Counsel in MDL 2326 |
| Clark, Love & Hutson, G.P.<br>440 Louisiana Street, Suite 1600<br>Houston, TX 77002 |  |
|  | By: */s/ Aimee H. Wagstaff, by Henry G. Garrard, III*<br>**Aimee H. Wagstaff** by Henry G. Garrard, III, with express permission<br>Aimee.wagstaff@ahw-law.com<br>Plaintiffs' Co-Lead Counsel in MDL 2326 |
| Andrus, Hood & Wagstaff, PC<br>1999 Broadway, Suite 4150<br>Denver, CO 80202<br>303-376-6360 |  |
|  | By: */s/ Fidelma Fitzpatrick, by Henry G. Garrard, III*<br>**Fidelma Fitzpatrick,** by Henry G. Garrard, III, with express permission<br>ffitzpatrick@motleyrice.com<br>Plaintiffs' Co-Lead Counsel in MDL 2325 |
| Motley Rice<br>321 South Main Street<br>Providence, RI 02903<br>401-457-7700 |  |
|  | By: */s/ Amy Eskin, by Henry G. Garrard, III*<br>**Amy Eskin** by Henry G. Garrard, III, with express permission<br>aeskin@levinsimes.com<br>Plaintiffs' Co-Lead Counsel in MDL 2325 |
| Levin Simes<br>353 Sacramento Street, Ste. #2000<br>San Francisco, California 94111<br>415-426-3000 |  |

6

|   |   |   |
|---|---|---|
|   | By: | */s/ Barbara R. Binis, by Henry G. Garrard, III*<br>**Barbara R. Binis,** by Henry G. Garrard, III, with express permission<br>Bbinis@reedsmith.com<br>Counsel for Defendant American Medical System, Inc. |

Reed Smith LLC
1650 Market St.
Philadelphia, PA 19103
215-241-7948

|   |   |   |
|---|---|---|
|   | By: | */s/ Christy Jones, by Henry G. Garrard, III*<br>**Christy Jones** by Henry G. Garrard, III, with express permission<br>christy.jones@butlersnow.com<br>Counsel for Defendant Ethicon, Inc. |

Butler Snow O'Mara Stevens &
Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)/ P. O. Box 6010
Ridgeland, MS 39158-6010
601-948-5711

|   |   |   |
|---|---|---|
|   | By: | */s/ Richard B. North, Jr., by Henry G. Garrard, III*<br>**Richard B. North, Jr.** by Henry G. Garrard, III, with express permission<br>richard.north@nelsonmullins.com<br>Counsel for Defendant C. R. Bard, Inc. |

Nelson Mullins Riley & Scarborough LLP
Suite 1700, 201 17th Street, NW
Atlanta, GA 30363
404-322-6000

|   |   |   |
|---|---|---|
|   | By: | */s/ Deborah A. Moeller, by Henry G. Garrard, III*<br>**Deborah A. Moeller** by Henry G. Garrard, III, with express permission<br>dmoeller@shb.com<br>Counsel for Defendants Sofradim Production SAS |

and Tissue Science Laboratories
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
816-474-6550

7

                By:    */s/ Jon Strongman, by Henry G. Garrard, III*
                       **Jon Strongman** by Henry G. Garrard, III, with express permission
                       jstrongman@shb.com
                       Counsel for Defendant Boston Scientific

Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
816-474-6550