IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

---

THIS DOCUMENT RELATES TO ALL CASES

MDL No. 2327

**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) AND DOCUMENT REQUESTS PURSUANT TO RULE 34 TO DEFENDANT ETHICON, INC. REGARDING DOCUMENT COLLECTION AND PRESERVATION**

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through their undersigned attorneys, will take the deposition(s) of Defendant Ethicon, Inc. ("Ethicon") with regard to the matters described in Schedule A at 9:00 a.m. on Monday, July 1, 2013, at Riker Danzig, One Speedwell Avenue, Morristown, NJ. The deposition, if not completed on the specified date, will continue on a mutually agreeable date from day-to-day, excluding Saturdays, Sundays, and court-recognized holidays, until the examination is completed.

The deponent(s) will be requested to testify on the subject matters specified in Schedule A. Ethicon shall designate one or more officers, directors, partners, managing agents, employees, or other persons knowledgeable about each of the matters set forth in Schedule A, and may set forth, for each person it designates, the matters on which the person will testify.

Further, pursuant to Rule 34 of the Rules of Civil Procedure Ethicon shall produce any documents and items responsive to the subject matters identified in Schedule B to undersigned counsel no later than seven (7) calendar days prior to the date of the deposition.

The deposition will be taken before a notary public or other officer authorized to administer oaths, for the purposes of discovery, for use at trial, or for such other purposes as permitted by the Federal Rules of Civil Procedure. The deposition will be recorded by stenographic means and by videotape. You are invited to attend and cross-examine the witness(es).

Dated: May 30, 2013

/s/ D. Renee Baggett
D. RENEE BAGGETT
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com

THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

*Plaintiffs' Co-Lead Counsel*

## DEFINITIONS

The following definitions apply to this Notice of Deposition, including Schedules A and B hereto:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "Defendant" "Ethicon" "You," or "Your" refers to Defendant Ethicon, Inc. and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with Ethicon, Inc.  The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.  The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

3. "Person" means natural person, as well as corporate and/or governmental entity.

4. "Mesh" refers to implantable monofilament polypropylene mesh manufactured by Ethicon.

5. "Pelvic Mesh" means any product that you developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Pelvic Organ Prolapse (POP) or Stress Urinary Incontinence (SUI).

6. "Relating to" or "related to" mean constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, evaluating, critiquing, dealing with or pertaining to.

7. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

8. The following rules of construction apply to all discovery requests:

   a. The terms "all" and "each" shall be construed as all and each.

   b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   c. The use of a singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions apply to this Notice of Deposition including Schedules A and Schedule B hereto:

1. Whenever any reference is made to any person or entity by name, such reference includes all of the person's or entity's agents, employees, attorneys and others working on that person's or entity's behalf, and the entity's subsidiaries, affiliates, merged, consolidated or acquired predecessors, divisions and holding or parent companies and includes present and former officers, directors, shareholders, agents, employees and attorneys.

2. With respect to any category of Documents, the production of which you

contend is in some way "burdensome" or "oppressive," state the specific reasons for that objection.

    3.    In responding to a request for documents, if applicable, furnish documents as they are kept in the usual course of business or organize them to correspond with the categories requested.

    4.    All documents must be produced in electronic form and in native format, including all meta-data. Documents that exist only in hard copy form must be produced in PDF format.

    5.    Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined.

    6.    File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

    7.    Documents attached to each other in the usual course of business shall not be separated.

    8.    A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

    9.    In accordance with Fed. R. Civ. P. 26(b)(5)(A), if any document is withheld on grounds of privilege, you must (i) expressly make the claim and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

10. If Your response to a particular request is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed to have possession, custody, or control of that information or category of information is to be identified.

11. Requests for documents shall be deemed to be continuing so as to require further and supplemental responses by You in the event that You obtain or discover additional information after the time of Your initial response.

# SCHEDULE A: MATTERS UPON WHICH TESTIMONY IS REQUIRED

## DEPOSITION SUBJECT MATTERS

1. Your procedures and efforts to preserve documents potentially relevant to this litigation, including: (1) Your document retention and destruction policies; and (2) how these procedures and efforts are applied to sales representatives and other sales department personnel.

2. The identification of documents, whether hard copy or electronically stored, that are customarily created by Your sales representatives to record information obtained through the following means, which includes but is not limited to: call notes, visits with physicians, presence in OR during implanting procedures, and other in person interactions with physicians.

3. The identification, description and operation of documents provided to, created by, or used by Your sales representatives and other sales department personnel in the course of their employment.

4. The identification, description and preservation practices relating to patient consent forms, sales materials, and other standard operating procecures for the preservation and collection of such documents.

5. The identification, description and operation of all servers or other network storage devices, desktop computers, laptop or notebook computers, tablet devices, personal digital assistants (PDAs), cellular phones, hard drives, removable storage media and other similar electronic data storage devices or media used by Your sales representatives and other sales department personnel in the course of their employment, including personal devices or media.

6. The procedures employed by You to search for, locate, gather, review, and produce documents, whether in paper, electronic or computerized form, and including email, and whether located in the United States or abroad, documents from any Ethicon sales representative or other sales department personnel in response to the discovery requests previously served by the Plaintiffs in this action; including: (a) the location and identification of all document repositories

searched, including electronic or computer depositories or servers; (b) the identity of all files searched; (c) all search terms used to search for electronic information; (d) Your search for, and production of, responsive or potentially responsive email or other documents in electronic or computerized form that may have been "deleted" or "archived" but, nevertheless, may be retrievable or restorable from a backup server or by other means; and (e) the identity of all persons involved with the identification and preservation of relevant documents in the possession of current and former sales representatives or other sales department personnel.

       7.      All litigation hold notices relating to any pelvic mesh litigation; including: (a) the process by which litigation hold notices are created, distributed, and implemented; (b) any and all communications between You and any sales representatives or other sales department personnel regarding the litigation hold notices; (b) the identification of employees who would receive litigation hold notices or be expected to possess relevant documents and information; (c) any document collection or preservation efforts undertaken by You in connection with the litigation hold notices; and (c) the identity of any employees or agents responsible for any litigation hold efforts and their tasks and responsibilities.

       8.      All steps taken by You to ensure that Your preservation policies were followed, and to ensure that all documents related to this litigation were preserved, including: (a) the methodology used to select key words or determine whether key words would be used in identifying or searching for responsive materials would in fact result in identifying most of if not all of the responsive materials in Your possession, custody, or control; (b) the persons responsible for carrying out the preservation policies on Your behalf; (c) the form and method of providing notice of the duty to preserve to persons identified as custodians of documents, data, and tangible things; (d) whether preservation would require suspending or modifying routine business processes or procedures; (e) the methods to preserve any volatile but potentially discoverable material, such as voicemail, active data in databases, or electronic messages; (f) the mechanisms

in place, if any, to insure, review and modify Your employees' or agents' preservation of documents pursuant to these preservation policies; (g) the date(s) that You commenced each evidence preservation measure; and (h) the locations You have identified as having potentially responsive materials.

9. The failure, if any, of You or Your employees or agents to follow Your preservation policies or litigation hold procedures.

10. When and how You discovered that sales representative or other sales department employees' documents had been destroyed; the identity and nature of all documents destroyed; the identity of all persons responsible for any investigation into the preservation and destruction of documents in the possession of sales department personnel; and the identity and nature of all documents relating to any such investigation.

11. Any Corrective And Preventative Action ("CAPA") relating to Your litigation hold procedures and/or document retention procedures; including: (a) the reasons for the CAPA; (b) the identity of persons involved; (c) the identity, nature and results of any investigations conducted; (d) the identity and nature of documents or information that could not be collected, preserved or recovered; and (e) any corrective action that was taken by You as a result of the CAPA.

12. All interviews or investigation conducted by You or your attorneys to determine (a) whether sales representative or other sales department personnel and their managers understood hold notices and policies, (b) whether sales representative or other sales department personnel and their managers complied with hold notices and policies, (c) whether sales representatives' or other sales department personnel's and their managers' documents were retained following their departure from Your employ, (d) whether documents that should have been preserved and produced were lost or destroyed, and (e) the nature and extent of the documents that may have been lost or destroyed.

13. Your contractual or other rights to obtain from Your former employees documents in their possession, custody, or control that were made or maintained by them during the course of their employment by You, including, without limitation, employment contracts, employment policies, or employee manuals.

14. Any efforts You have made to obtain from your former employees documents in their possession, custody, or control that were made or maintained by them during the course of their employment by You that may be relevant to this litigation.

## SCHEDULE B: REQUEST FOR DOCUMENTS

1. All documents referred to by the Deponent(s) or anyone assisting the Deponent(s) in preparing for his or her testimony on the above deposition topics.

2. All documents concerning whether documents of sales representative or other sales department personnel or their managers relevant to this litigation may not have been preserved.

3. All documents concerning interviews or investigation conducted by You or your attorneys to determine (a) whether sales representative or other sales department personnel and their managers understood hold notices and policies, (b) whether sales representative or other sales department personnel and their managers complied with hold notices and policies, (c) whether sales representatives' or other sales department personnel's and managers' documents were retained following their departure from Your employ, (d) whether documents that should have been preserved and produced were lost or destroyed, and (e) the nature and extent of the documents that may have been lost or destroyed.

4. All documents provided to you by any former employee in response to any formal or informal request by you relating to this litigation.