# BUTLER | SNOW

April 2, 2013

**VIA EMAIL TRANSMISSION**

Anthony Irpino
Irpino Law Firm
216 Magazine Street
New Orleans, Louisiana 70130

      RE:    *In re: Ethicon, Inc. Pelvic Repair System*, Products Liability Litigation, MDL No. 2327

Dear Anthony:

    Please accept this letter in response to Renee Baggett's letter regarding issues with Ethicon's privilege claims. Based on our conversations, it is my understanding that you are the point person for Plaintiffs coordinating the privilege issues.

    We reviewed the eight points raised in your letter and respond to each as follows. The following is a summary of our position on each of the documents and/or issues. We are of course, happy to discuss these issues with you as part of our ongoing meet and confer, but think that the following will help facilitate any discussions that may be warranted.

    We note that many of plaintiffs' challenges are based on an incorrect assessment of the log, re-raise documents that have been previously addressed in connection with prior challenges, or simply assert that a certain number of lines or pages were redacted without providing any substantive basis for why such redactions are believed to be improper. We have made a good faith effort to address all of plaintiffs' challenges here, and will continue to do so going forward. In exchange, we ask that plaintiffs make efforts to streamline their challenges to take into account these as we move forward.

**1)    Privilege Pre-Trial Order**

    You and I have exchanged several drafts of the proposed Privilege Order and I believe we are very close to an agreement. If you agree to the language that I send last week concerning Sections 2(c) and 2(d), then I think our only place where we agree to disagree is the introductory language you want in Section 8. Please let me know if there are any other issues we need to discuss with respect to this order.

Post Office Box 6010
Ridgeland, MS 39158-6010

BENJAMIN M. WATSON
601.985.4551
ben.watson@butlersnow.com

Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157

T 601.948.5711 • F 601.985.4500 • www.butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

2) **Vague Privilege Descriptions**

Plaintiffs claim that the information contained in the "Privilege Narrative" section of the log is too vague. We disagree with that characterization. There are 20 columns of information provided on the privilege log. Taken together, this information provides enough detail for plaintiffs to assess the applicability of the privileged material and comports with the Rules and the spirit of the privilege order we have been discussing. While Defendants are certainly willing to address specific log entries that plaintiffs may raise that may present unique issues, we do not believe that the log as whole warrants additional detail. As to the particular example, you raise, without conceding that the description was deficient, Defendants have agreed to withdraw its claim of privilege regarding that document in connection with the challenge.

3) **Unidentified or "Redacted" Authors and Recipients**

Plaintiffs challenge the privilege claim on documents for which no author and/or recipient is identified on the privilege log, or for which the author or recipient is listed on the privilege log as "[Redacted]." There are several reasons why an author and/or recipient might not be listed on the privilege log, such as a draft email that does not contain recipients or draft Office documents that are not attached to emails. Redactions in the "To," "From/Author," "CC" and "BCC" fields are patient-identifying redactions.

Of the twelve examples Plaintiffs provided, below is a summary of treatment following our re-review:

- Seven documents are challenged because the privilege log entries do not contain an author or recipient. Defendants agree to produce two of these documents and to update the author and recipient, based on available information, on one of these documents. The remaining four documents will continue to be listed on the privilege log as originally produced because the author and recipient relating to these documents was proper based on available information, and thus no adjustment is required.

- The remaining five documents are challenged because the privilege log entries contain redactions. That assertion is incorrect. We have confirmed that the privilege log entries for these documents do not contain any redactions, and thus no adjustment is required. One of these documents is also challenged in section 5 below.

4) **To, From, CC and Subject Lines**

Defendants have previously agreed to remove email header redactions on a going-forward basis, including any document identified in Plaintiffs' February 8, 2013, letter. (Note that in some instances, content in the subject line itself may warrant protection (e.g., patient-identifying information) and may thus continue to be redacted.) Plaintiffs provided five examples, two of which are duplicates of documents identified in earlier challenged letters and for which a response has already been provided. The remaining three are also specifically

challenged in section 5 below.

## 5) Specific Privilege Challenges

Of the 285 documents that were the listed on Exhibit B of Plaintiffs' February 8, 2013, below is a summary of treatment following our re-review:

- Ten documents are duplicate copies of documents identified in earlier challenge letters and for which a response has already been provided.

- Sixty documents are challenged because the email header was redacted. Two additional documents are challenged because the date/time was redacted. Defendants agree to remove these redactions. (See response to #4 above.) In addition, Defendants agree to downgrade three of these documents and to modify the content redactions in three of these documents. One header challenge was to a wholly privileged document. (See next bullet point.)

- Four documents were withheld in full. Three of these documents are challenged because the privilege log entries do not contain production Bates numbers. When a document is withheld in its entirety, there is no corresponding production Bates number on the privilege log because the document does not undergo production processing. This is standard customary practice to avoid, as much as possible, gaps in the production ranges and to avoid unnecessary processing costs for documents that are not required to be produced. These documents are easily identified and tracked on the privilege log by log number. The remaining one document was clawed back in August 2012. The original challenge to this document came after it had been clawed back. This document will continue to be withheld in full.

- The remaining 210 documents were redacted for privilege. Defendants agree to:
  - modify the header and/or date/time redactions on 74 of these documents;
  - modify the content redactions on 31 of these documents; and
  - downgrade 43 of these documents.

  The remaining 62 documents will continue to be redacted as originally produced, because the redaction decisions relating to these documents were proper and thus no adjustment is required.

## 6) Privilege Claims Involving 3rd Parties

Plaintiffs challenge the privilege claim of documents for which third parties are identified on the privilege log. Third party names may appear in the To, From, CC and BCC sections of the privilege log when in fact these parties are not in the part of communication withheld for privilege. The privilege narrative describes the parties in the portion of the communication withheld for privilege. Third party names may also appear in the To, From, CC and BCC

sections of the privilege log where privilege is claimed based on context.

For the five documents Plaintiffs provided as examples, Defendants agree to produce four and modify the content redactions on one.

### 7) List of Individuals Identified on Privilege Log

Defendants agree to provide plaintiffs a list of individuals identified with an "*" on the privilege log (i.e., privileged names). We will provide their name, title and employer, based on available information.

### 8) Other Privilege Challenges

    A)    FDA & AdvaMed Surgical Mesh WG Meetings
Plaintiffs are challenging documents shared with or made in collaboration with AdvaMed, AMS, Bard and Boston Scientific regarding the meetings they had together and the documents they collaborated together to prepare. It is Defendants' position that these documents are properly withheld on the basis of joint defense and/or common interest privilege.

Plaintiffs are also challenging documents that relate to meetings with the FDA, for which they provided one example. Upon re-review, Defendants agree to produce this document.

    B)    The FDA's Section 522 Order
Plaintiffs are challenging documents regarding the FDA's 522 Order as business related. Defendant disagrees with that characterization as a general proposition. Where there is attorney involvement, those communications are privileged. I can't image that would be in dispute.

Plaintiffs challenged two documents. The first, Exhibit C (PL09020, ETH.MESH.04925687-ETH.MESH.04925689), is challenged on two grounds: first that it is shared with the FDA, and second that its primary purpose is business-related and incorrectly withheld as privileged. Removal of the email header redactions, which Defendants agree to do, reveals that this email does not claim privilege over a communication with the FDA. Upon re-review, Defendants agree to modify the content redaction on this document.

The second, Exhibit D (PL12139, ETH.MESH.05603815-ETH.MESH.05603821), is challenged for three reasons: first that entire emails have been redacted and the redactions are therefore overly broad, second that the communication is neither written to nor sent from any identified attorney, and third that the document not legal in nature.

Defendants agree to remove the email headers, but this document (which was also challenged in section 5 above) will continue to be redacted as originally produced,

because the redaction decisions relating to this document were proper and thus no adjustment is required. Two Ethicon attorneys, Shane Freedman and Deidre Meehan, appear in the To, From, CC and Privilege Narrative sections of the privilege log entry.

C) Worldwide Discontinuation of GYNECARE Products
Plaintiffs are challenging documents regarding the worldwide discontinuation of GYNECARE products as not having a primary purpose of seeking legal advice. Again, it is Defendants' position that where there is attorney involvement, those communications are privileged.

Plaintiffs provided one example, Exhibit F. Defendants agree to remove the email headers, but this document will continue to be redacted as originally produced, because the redaction decisions relating to this document were proper and thus no adjustment is required. While this document originates from the British regulatory authority, it is subsequently internalized. Ethicon attorney Dirk Brinckman appears in the To, From and Privilege Narrative sections of the privilege log entry.

As discussed above, we are happy to continue to discuss and review in this manner reasonable numbers of specifically-identified documents about which Plaintiffs have concerns regarding privilege issues. To the extent we have agreed to modify any of the documents challenged, it shall not be considered to be a waiver of any privilege assertion made or the subject matter of any other privilege assertion. It also shall not be a waiver of Defendants' position that we do not agree to conduct any whole-scale re-review of documents over which privileges are claimed, or to re-process and alter the privilege log and redaction log entries as they have been handled to date.

Very truly yours,

Sincerely,

BUTLER, SNOW, O'MARA, STEVENS &CANNADA, PLLC

/s/ *Benjamin M. Watson*
Benjamin M. Watson

BMW:fsw

ButlerSnow 15905121v1