

May 8, 2013

**VIA E-MAIL**
Bryan Aylstock
Aylstock, Witkin, Kreis & Overholtz, PLLC
Post Office Box 12630
Pensacola, Florida 32591

       RE:    *In re: Ethicon, Inc. Pelvic Repair System*, Products Liability Litigation, MDL No. 2327

Dear Bryan:

      I am writing in response to your May 6, 2012 e-mail to Christy Jones regarding certain outstanding discovery issues.

      Since your letter, we have reached out to you to try to set up a call or an in-person discussion regarding the issues you raise. We appreciate the opportunity to discuss these issues with you and believe that a meeting will go a long way towards addressing many, if not all, of them, and obviate the need for you to file a motion to compel. Indeed, we are hopeful that a discussion will help cut through what appears to be a growing misunderstanding of what we have produced and what we are willing to produce. At the risk of compounding that misunderstanding further, the following is an overview of the issues we think would benefit from discussion.

      With respect to ex-US documents, we have always looked for a reasonable compromise, and in no way are we now, or have we ever, drawn a line in the sand. As I explained in my April 23, 2013 letter, we have produced the custodial files for numerous ex-US custodians and we have produced numerous ex-US central sources. In addition, we have collected the things that you specifically requested – the regulatory documents for Australia, France and Japan, and the unique marketing documents for the 32 countries that you listed.

      That said, if there are additional documents that you truly feel that you need, we are certainly willing to discuss that with you. However, in order to understand what it is you want, we ask that you give us some specificity so that we are not dealing in the abstract. For example, if you say that you want "all" ex-US documents, we simply don't know how to evaluate and act on that request.

      We again renew our offer for a 30(b)(6) deposition on ex-US document issues. As you know, we have devoted substantial time to preparing a witness and we hope that you will follow through on our offer, as we think it will help give you a better understanding of the issue.

      As for the copy review concerns that you raise, please review my March 29, 2013 letter addressing many of these issues. We are also enclosing an index that should help you quickly locate the hard copy review materials in the production.

As for your reference to Bryan Lisa's testimony concerning a "file cabinet" that supposedly holds the copy review materials, I have reviewed his testimony and I don't believe this is what he said. We have followed up with Mr. Lisa to ask him about this and the point that he was trying to make was that prior to 2009, copy review files were maintained in hard copy format. Once they reach a certain age, they are moved to offsite storage. It was from these materials that are in storage that we located and produced many of the relevant hard copy copy review files. Accordingly, there is no central file cabinet that we are aware of. Hopefully, the enclosed index will help you locate these materials in the production and will resolve your concerns.

With respect to SOPs, we have sent you a spreadsheet of approximately 800 procedures, and you have requested that we produce 171 of them along with all historical versions. We have that in the works and are working to get them to you as quickly as possible. We are also working on Tom's request for all SOPs related to design and development. I understand that you need these procedures and I assure you that I am pulling out all of the stops to get them to you.

As for your request that we produce the entire database of SOPs, my understanding is that it contains approximately 98,000 documents (and I am not sure if this does or does not count the various revisions of the documents), so we are dealing with a large universe of data. Nevertheless, we are in the process of exploring whether that is a feasible option and/or whether there are other options that might address plaintiffs' needs.

As stated above, the foregoing is simply an overview of the issues that we believe warrant discussion. As you can see, we don't think that we are at a point where we are at an impasse over any of these issues. We look forward to working with you in an effort to address them. I have enclosed a chart that will hopefully give you more information on these issues, particularly on the production volume.

        Sincerely,

        BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

        Benjamin M. Watson

BMW:fsw
cc:    Tom Cartmell
       Renee Baggett
       Christy Jones

ButlerSnow 16328445v1