UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**MOTION FOR PROTECTIVE ORDER REGARDING SEQUENCE AND TIMING OF DEPOSITIONS**

Defendants Johnson & Johnson and Ethicon, Inc. hereby move for a Protective Order regarding the sequence of depositions in this litigation. Defendants do not oppose separate depositions of fact and 30(b)(6) witnesses for the same individual in all circumstances, but hereby request that the Court exercise its discretion to order these depositions be conducted consecutively. This solution clearly serves the interests of efficiency and convenience and is appropriate given the extraordinary number of depositions requested by the plaintiffs in this litigation.[1]

---

[1] As Defendants advised the Court at the last case management conference, Defendants anticipate it may eventually be necessary to seek relief regarding the number and length of the depositions requested by plaintiffs. For purposes of this motion, however, Defendants solely address the issue on which the Court requested briefing in the last Case Management Conference, that is whether 30(b)(6) and fact witness depositions can be ordered to run consecutively.

BACKGROUND

Plaintiffs in this case have requested the depositions of 73 fact witnesses.[2] *See* Appendix A (chart of fact witnesses requested for MDL 2327). Plaintiffs also have served substantive 30(b)(6) notices that collectively include more than 100 topics of inquiry, some of which apply separately to multiple products. Presently, five witnesses designated by Defendants to testify as 30(b)(6) representatives also have been requested for a separate deposition as a fact witness. *See* Appendix B (chart of 30(b)(6) witnesses for MDL 2327).

Defendants do not contest that plaintiffs may in some circumstances conduct separate fact and 30(b)(6) depositions of the same individual, and have not opposed separate depositions for the witnesses presently impacted by plaintiffs' requests. Defendants simply propose that these depositions be conducted consecutively for the convenience of the witnesses, parties, and the attorneys. This is consistent with the Federal Rules, which encourage discovery to proceed in an efficient manner and expressly authorize the Court to order the sequence and timing of discovery.

ARGUMENT

A. The Court Is Vested With Broad Discretion in Ordering the Sequence of Discovery

Rule 26(d) expressly provides that the Court has the authority to order the timing and sequence of discovery in the interests of justice and convenient. FED. R. CIV. P. 26(d)(2). Under Rule 26, the Court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 573, 598, (1998); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 595 n.13 (2007) ("Rule 26 confers broad discretion to control the

---

[2] This number does not include the depositions of Bob Roda and Cliff Volpe, which were requested and scheduled but ultimately not taken. This number does include certain French witnesses, who are not Ethicon employees, whose depositions were requested and subsequently placed on the "back burner" by plaintiffs.

2

combination of interrogatories, requests for admissions, production requests, and depositions permitted in a given case; the sequence in which such discovery devices may be deployed; and the limitations imposed upon them"); *Agence Fr. Presse v. Morel*, 2011 U.S. Dist. LEXIS 126027 (S.D.N.Y. Oct. 27, 2011) (conducting 30(b)(6) depositions six months after fact depositions was deemed a "wasteful procedure" where the areas of inquiry had already been covered in the first depositions). The exercise of this discretion to manage discovery is particularly important in the context of multidistrict litigation. "Discovery control in complex litigation may take a variety of forms, including time limits, restrictions on scope and quantity, and sequencing." MANUAL FOR COMPLEX LITIGATION § 11.422 (4th ed. 2004)

Defendants do not dispute that for purposes of the durational limit, the fact and Rule 30(b)(6) deposition may be considered separately. *See See* FED. R. CIV. P. 30(d)(1); Advisory Comm. Note to 2000 Amendment, subdivision (d). This principle does not in any way limit the Court's discretion under Rule 26 to fashion the timing and sequence of discovery.

Rather, it is well-settled that the court has wide discretion to order the timing of discovery. *See Pro Billiard Tour Ass'n v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D. N.C. 1999) (protective orders "which seek to regulate the terms, conditions, time or place of discovery are wholly within the court's discretion"); *see also Mutual Federal Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ("[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders."). "This is as it should be because such relief has the least finality or irreversible consequences compared to other provisions of Rule 26(c) which allow the total prohibition of discovery or allow discovery only by certain methods." *Pro Billiard Tour Ass'n*, 187 F.R.D. at 230.

Plaintiffs can offer no compelling reason why a witness's fact deposition cannot be conducted immediately following his 30(b)(6) deposition. This would make scheduling and preparation more efficient, and minimize the travel and preparation time for the attorneys and witnesses.

### B. The Consecutive Conduct of These Depositions Is Necessary Because of the Sheer Number of Depositions Requested

The consecutive scheduling of the fact and 30(b)(6) witness depositions would be more convenient for all involved. This is especially critical in the light of the number of depositions requested by plaintiffs and the need to schedule deposition discovery in a manageable, efficient manner.

In this MDL, plaintiffs' counsel have requested the deposition of 73 fact witnesses. This number is far greater than the number of depositions taken in the Bard proceedings, where trial is scheduled to begin next month. In addition, many of these witnesses were already deposed on at least one pelvic mesh product in the New Jersey litigation.[3] Moreover, plaintiffs have insisted upon scheduling two consecutive days for each fact witness, and rejected out of hand defendants' request that certain identified witnesses be scheduled for only one day based upon their level of involvement with the products. If each requested fact witness deposition is scheduled for two days, that is nearly **150 total days of depositions** for this MDL proceeding alone. The enormity of the deposition burden is highlighted by the Court's admonition that plaintiffs are expected to present their case in six trial days.

In addition to this nearly 150 days of depositions, 30(b)(6) depositions are still being scheduled. Defendants anticipate the Regulatory Affairs 30(b)(6) deposition will require nine days to complete, based upon experience to date. Defendants anticipate at least double that

---

[3] Of the 73 witnesses requested in the MDL, 25 of them have already been deposed in the New Jersey litigation, generally for multiple days.

amount of time to address the breadth of the Design 30(b)(6) notice. Moreover, the list of requested fact witnesses continued to grow as recently as last week. Given this context, relief is necessary to aid in the efficient conduct of these remaining depositions in the time available. Moreover, as this Court noted in the Bard MDL proceedings, under Rule 26 "all permissible discovery must be measured against the yardstick of proportionality." *In re: C.R. Bard, Inc.*, 2013 U.S. Dist. LEXIS 57003 (Apr. 22, 2013) (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012)).

Scheduling these witnesses alongside case-specific depositions has been an enormous undertaking for all concerned. The difficulty in scheduling depositions is compounded by the fact that lawyers in state court actions, sometimes including lawyers active in MDL leadership, have unilaterally noticed certain depositions or opposed taking depositions in conjunction with the MDL or at the same time of the MDL. Plaintiffs' expressed desire to come back "later" for another deposition of a witness who already is sitting for a 30(b)(6) deposition further complicates the scheduling landscape. The disruption to a deponent's normal work responsibilities is significant under the best of circumstances. Here, where a given witness sits for four or five deposition days as a corporate representative, and then faces the prospect of having to set aside more days at some yet-to-be-determined time in the future, both the scheduling investment (including the inability to reliably schedule other professional and personal commitments) and the emotional investment can be crushing. Defendants believe one path to a fairer, more efficient completion of discovery is for plaintiffs to schedule the requested "fact witness" deposition of any 30(b)(6) designee for a single day to follow immediately upon the conclusion of the 30(b)(6) testimony of that witness.

Defendants also request the Court order, as in the *Bard* litigation, that defendants may exercise the option to designate testimony from fact witness depositions as the corporate position where available.

## CONCLUSION

In the interest of efficiency and to spare the witnesses and parties undue expense and burden, an order requiring fact depositions to occur immediately after 30(b)(6) depositions of the same witness is proper.  Defendants request that a protective order be entered ordering that the deposition be scheduled to occur on the next business day following the completion of the 30(b)(6) testimony of that witness, and for any other relief that may be appropriate.  In addition, defendants request that they be permitted to designate testimony from individual witness depositions as their corporate position for purposes of satisfying plaintiffs' 30(b)(6) notices, consistent with the Court's earlier Order in the *Bard* litigation.

Dated:  June 3, 2013

Respectfully submitted,

*/s/ Christy D. Jones*_____
Christy D. Jones
Donna Brown Jacobs
Butler, Snow, O'Mara, Stevens &
Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com
donna.jacobs@butlersnow.com


*/s/ David B. Thomas*_____
David B. Thomas (W.Va. Bar #3731)

Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*_____
Christy D. Jones

# APPENDIX A

Fact Witnesses Requested by Plaintiffs in MDL 2327

|  | Witness Requested | Deposed Previously in NJ Proceedings |
|---|---|---|
| 1. | **Amin, Dharini** | X (1 day) |
| 2. | **Angelini, Laura** | |
| 3. | **Arnaud, Axel** | X (2 days – cross-noticed in MDL) |
| 4. | **Austin, Chuck** | |
| 5. | **Balagio, Sheryl** | |
| 6. | **Barbolt, Thomas** | X (2 days – cross-noticed in MDL) |
| 7. | **Batke, Boris** | |
| 8. | **Baylor-Henry, Minnie** | |
| 9. | **Beach, Pat** | |
| 10. | **Beath, Catherine** | X (4 days) |
| 11. | **Bell, Steve** | |
| 12. | **Bird, Julie** | |
| 13. | **Bogardus, Cheryl** | |
| 14. | **Borkes, Gary** | |
| 15. | **Brown, Allison London** | |
| 16. | **Burkley, Daniel** | X (2 days) |
| 17. | **Burns, Janice** | |
| 18. | **Cecchini, Peter** | |
| 19. | **Chen, Meng** | X (2 days – cross-noticed in MDL) |
| 20. | **Clay, John** | |
| 21. | **Cosson, Michel** | |
| 22. | **Cronin, Juli** | |
| 23. | **Crosby, Cindy** | |
| 24. | **Debodiance, Philippe** | |
| 25. | **Divilio, Tom** | |
| 26. | **Elbert, Katrin** | |
| 27. | **Finley, Scott** | |
| 28. | **Goodwin, Amy** | |
| 29. | **Guidry, Cyrus** | |
| 30. | **Hart, Jim** | |
| 31. | **Helhammer, Bridgette** | |

|  | **Witness Requested** | **Deposed Previously in NJ Proceedings** |
|---|---|---|
| 32. | **Henderson, Matt** | X (2 days) |
| 33. | **Hinoul, Piet** | X (4 days) |
| 34. | **Hojnoski, Patricia** |  |
| 35. | **Holste, Joerg** | X (2 days – cross-noticed in MDL) |
| 36. | **Isenberg, Richard** |  |
| 37. | **Jacquetin, Bernard** |  |
| 38. | **Jones, Gregory** |  |
| 39. | **Kaminski, Marianne** | X (1 day) * |
| 40. | **Kammerer, Gene** | X (1 day – cross-noticed in MDL) |
| 41. | **Kirkemo, Aaron** | X (1 day) |
| 42. | **Laguna, Kristina** |  |
| 43. | **Lamont, Dan** | X (2 days) |
| 44. | **Lessig, Karen** |  |
| 45. | **Lin, Susan** |  |
| 46. | **Lisa, Bryan** | X (2 days) |
| 47. | **Lucot, Jean Phillipe** |  |
| 48. | **Luscombe, Brian** |  |
| 49. | **Mahar, Kevin** | X (1 day) |
| 50. | **Mahmoud, Ramy** |  |
| 51. | **Maree, Aran** |  |
| 52. | **McCabe, Barbara** |  |
| 53. | **Meier, Peter** |  |
| 54. | **Munchel, Kendra** |  |
| 55. | **O'Bryan, Sean** | X (1 day) |
| 56. | **Owens, Charlotte** | X (2 days– cross-noticed in MDL) |
| 57. | **Paine, Jennifer** | X (3 days) |
| 58. | **Parisi, Paul** | X (3 days) |
| 59. | **Pattyson, Bart** |  |
| 60. | **Robinson, David** | X (3 days) |
| 61. | **Salyer, Jon S.** |  |
| 62. | **Savage, Sandy** |  |
| 63. | **Selman, Renee** |  |
| 64. | **Smith, Dan** |  |

|  | Witness Requested | Deposed Previously in NJ Proceedings |
|---|---|---|
| 65. | **St. Hilaire, Price** | |
| 66. | **Steele, Jon** | |
| 67. | **Sump, Raimo** | |
| 68. | **Trzewik, Juergen** | |
| 69. | **Vailhe, Christopher** | |
| 70. | **Walji, Zenobia** | X (2 days) |
| 71. | **Weisberg, Martin** | X (1 day) |
| 72. | **Weismann, Harlan** | |
| 73. | **Yale, Mark** | X (2 days) |

## APPENDIX B

<u>30(b)(6) Witnesses for MDL 2327 Also Requested For Individual Deposition</u>

| Witness | Subject Area | Days Already Deposed as 30(b)(6) Witness |
|---|---|---|
| Barbolt, Tom | Design | - |
| Hinoul, Piet | Medical Affairs | - |
| Lamont, Dan | Quality Assurance | 2 (with 1 more requested) |
| Lin, Susan | Regulatory Affairs | 4 (with 1 more scheduled) |
| Smith, Dan | Design | 2 (with 2 more scheduled) |

ButlerSnow 16579793v1

12