# EXHIBIT L

## Andrew N. Faes

| | |
|---|---|
| **From:** | Tom P. Cartmell |
| **Sent:** | Wednesday, March 06, 2013 6:45 PM |
| **To:** | Donna Jacobs; Christy Jones; Phil Combs (PCombs@tcspllc.com) (PCombs@tcspllc.com); Chad Hutchinson |
| **Cc:** | 'RBaggett@awkolaw.com'; Bryan Aylstock (BAylstock@awkolaw.com); Andrew N. Faes; Tom P. Cartmell; Michelle Goldwasser |
| **Subject:** | RE: Ethicon - Regulatory 30(b)(6) [IWOV-ButlerSnow.FID2545579] |

Donna:

I am writing to respond to your letter after my fairly quick review of what you sent. We appreciate your response, but additional matters need to be resolved before we can agree to go forward Ms. Lin's deposition. It is unfortunate that we are having to spend this time doing this now, when you have had the notice since January. Although you are correct that some of the items on the document request were added on February 20th, several of the document requests were served on you on January 24th. It is our position that those requests should be complied with, at the very least. Frankly, it was pretty clear from our conversation yesterday, that you had not intended to bring any documents to the deposition or even respond to our requests. While we are appreciative that we brought this up yesterday and you decided to produce some documents, your objections to nearly every document request now put us in the position of needing to spend time trying to resolve these issues less than one week before the deposition. We are also now in the position that we have to worry about you taking the position that we have somehow waived our right to testimony or documents if we proceed with the deposition of Ms. Lin. The following are the issues we feel need to be resolved in order to proceed:

1. We need you to agree to remove your objections to the topics for which you have designated Ms. Lin. I thought we had an agreement, but now you have simply objected to virtually every topic with vague objections. In fact, you have told us repeatedly that Ms. Lin will testify to various topics and, now, less than a week before her deposition, you have objected to the same topics. We do not want to be in a position of moving forward and you later taking the position that we have waived our right to any of the testimony we have asked for. Either you remove the objection, or agree that we are not waiving any arguments we have that we are entitled to the requested testimony by going forward;

2. We also need you to remove your objections to the document requests to the extent you are producing documents and an agreement that by going forward we are not somehow waiving our arguments that we are entitled to the other documents requested. Your last minute objections to all these document requests have put us in a bind. For example, you routinely object to the request for the information we are seeking, but then state that "without waiving your objections" you will provide a few things (i.e. some org charts, some SOPs, etc.). But, with these broad, overarching objections to nearly all the document requests, how can we be sure that you are providing all of the relevant org charts or the other documents you have chosen to produce, versus relying on your objection to prevent you from making a complete production?

3. With respect to document request 6, we cannot agree that you should only produce a handful of regulatory SOPs, and only the current version. We would like the regulatory SOPs during the life of these products. Clearly, because Ms. Lin is designated to talk about the regulatory clearance process for the products, interactions with the FDA about the products, the corporate structure and organization of the regulatory affairs department, the companies policies and procedures related to labeling regulations (including adverse reactions and contraindications), and 510(k) compliance, submission, preparation, decision making or any other issues related to 510(k) compliance or submission, the company SOPs related to those topics should be produced or bates

1

ranges provided for those SOPs. A possible compromise would be that if you have an index or indexes of SOPs for the regulatory department, we will go through it and tell you what we want. However, we will want the policies from the relevant time period. We obviously cannot agree to simply allow your witnesses to tell us that they don't know whether the SOPs you produced were in effect at relevant times. There might be another compromise that I'm not thinking about, but if you can only provide the current policies, we need to take this up with the Court;

4. We asked you to produce bates ranges for the document requests, but your responses rarely provide that information. Rather, you have typically only identified custodial files that you say contain responsive documents. We are willing to go forward with Ms. Lin's deposition, but we want to be clear that we are not waiving our right to seek Court intervention to obtain more specific responses in accordance with the Federal Rules of Civil Procedure and we would like you to agree;

5. With respect to the 510k submissions, we do not believe that you have provided us with the actual submissions. For example, the bates range you provided for the TVT-Secur 510k submission is obviously not Ethicon's submission because it has correspondence from the FDA included. It also includes a freedom of information bates # on the pages. We have not yet been through all of the bates ranges you provided, but to the extent you did not provide the actual 510k submission for any of the products, please do so; and

6. With respect to Ms. Lin's personnel file, we would like you to agree that you will supplement the production of her personnel file with her compensation information as soon as it is available.

These are the unresolved issues related to Ms. Lin's deposition that we need to resolve as soon as possible. Let us know in the morning if you can agree to the above. I don't think anything we are asking for should be a problem. If it is, however, we will contact Kate tomorrow to see if we can get an expedited ruling on some of this stuff from Judge Stanley. Thanks and have a good evening.

**Thomas P. Cartmell**
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com

---

**From:** Linda Jones [mailto:Linda.Jones@butlersnow.com]
**Sent:** Wednesday, March 06, 2013 2:58 PM
**To:** Tom P. Cartmell; BAylstock@awkolaw.com
**Cc:** 'RBaggett@awkolaw.com'
**Subject:** Ethicon - Regulatory 30(b)(6) [IWOV-ButlerSnow.FID2545579]

Please find attached a letter regarding regulatory 30(b)(6).

Thanks,
Linda Jones
Assistant to Donna Brown Jacobs

*Linda L. Jones*
**Legal Secretary Arthur D. Spratlin, Jr., Donna Brown Jacobs, Kyle V. Miller, Michael L. Brown**
Butler, Snow, O'Mara, Stevens & Cannada, PLLC

2

Direct: (601) 985-4668
Fax: (601) 985-4500
Linda.Jones@butlersnow.com

# BUTLER | SNOW


About Butler Snow

P.O. Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

CIRCULAR 230 DISCLOSURE: Pursuant to Treasury guidelines, any federal tax advice contained in this communication, or any attachment, does not constitute a formal tax opinion. Accordingly, any federal tax advice contained in this communication, or any attachment, is not intended or written to be used, and cannot be used, by you or any other recipient for the purpose of avoiding penalties that may be asserted by the Internal Revenue Service.