# EXHIBIT T

# Andrew N. Faes

| | |
|---|---|
| **From:** | Tom P. Cartmell |
| **Sent:** | Saturday, June 01, 2013 12:12 AM |
| **To:** | Chad Hutchinson |
| **Cc:** | Phil Combs; Renee Baggett; Bryan Aylstock; 'aslater@mskf.net'; Jeffrey Grand; Rich Freese; Andrew N. Faes; Sean Keith; Zonies, Joe |
| **Subject:** | RE: Dan Smith's Deposition -- June 4 & 5 |

Chad:

Just when I thought we were getting somewhere after our call yesterday, you send this email. We talked extensively about Dan Smith's deposition yesterday, and you never mentioned any of this. As you know, there isn't a fact witness deposition noticed for Mr. Smith. Next week we are continuing the design 30 b 6 deposition related to 7 products and 20 some topics for which you have identified Mr. Smith. Surely you recall that he is being produced pursuant to 5 different notices that were filed for these depositions – we won't even have spent a day per product by the time we finish on the 5th. As you know (because we have told you and your team repeatedly), we will be noticing his fact witness deposition separately when we are done with the 30 b 6 deposition. We will apparently be forced to unilaterally notice that deposition because you have told us repeatedly that it is your position that we are done with both the 30 b 6 deposition and the fact witness deposition on June 5th. That is simply not fair given that we have the duty in the MDL to discover 7 different products for lawyers all over America. It has become increasingly clear that you simply over designated Mr. Smith in hopes that you could insulate him from a fact witness deposition. In addition, I am not sure why you think you can end the deposition without letting lawyers from New Jersey and all the other cases you cross noticed ask questions? Obviously, you know that we cannot speak for the lawyers outside the MDL. We have repeatedly shown you, however, that we are working to coordinate with all lawyers outside the MDL. You should know, though, that your tactics of continually trying to cut off depositions without including lawyers from other jurisdictions who you chose to cross notice makes it extremely difficult for us to get cooperation,

Finally, you are once again changing a 30 b 6 witnesses' designation only a few days before the deposition. You did the same thing with Susan Lin a few days before her first deposition, again a few days before her second deposition, and before Dan Smith's first deposition as well. I now have a tough time believing that this is not intentional in an effort to affect our ability to prepare. You have had these 30 b 6 notices for over 3 months. Why are you just now telling us that Dan Smith will cover the topic of consultants? Obviously, we will not be able to prepare for this topic at this point and will make this as well as all the other last minute changes and additions to your designations known to the Court if we are forced to seek a ruling from the Court. In addition, this last minute addition is interesting given that just yesterday I reminded you that we notified you more than once during the last several weeks that you have failed to produce various contracts with consultants, including Dr. Ulmsten, the inventor of the TVT. Are you planning to produce all of those materials that should have been produced pursuant to Rule 26 and our document requests nearly a year ago ? If so, do you plan to produce them a day or two before the deposition or on the day of the deposition as you have so many times before when we have told you that documents are missing from your production? That tactic has to stop as well.

I have included New Jersey liason counsel and counsel from Texas who attended the first few days of Dan Smith's deposition so that they are informed of your position that the 30 b 6 deposition is concluding on the 4th and that the 5th is the one and only day that you will make Mr. Smith available for a fact witness deposition. They should also know about your last minute additional designation.

Tom

**Thomas P. Cartmell**
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com

---

**From:** Chad Hutchinson [mailto:Chad.Hutchinson@butlersnow.com]
**Sent:** Friday, May 31, 2013 10:23 AM
**To:** Tom P. Cartmell
**Cc:** Phil Combs
**Subject:** Dan Smith's Deposition -- June 4 & 5

Tom:

As you know, Plaintiffs have accepted the dates of June 4 and 5 for the continuation of Dan Smith's deposition. Please be advised that June 5 will be for a fact deposition. We will conduct our re-direct of Smith after you finish on June 5.

In addition to the topics listed in our letter dated April 9, 2013, Dan Smith will be Ethicon's corporate designee on an additional topic contained within Plaintiffs' Amended Notice. That topic is "t" which states: "The identify of and financial compensation paid to any consultants retained during the design and development of the TVT products." Dan will be prepared to testify regarding the identity of the consultants, but not the financial compensation. A spreadsheet of the consultants referenced in topic "t" will be produced prior to the deposition.

Pursuant to Judge Eifert's order, Mr. Smith will be prepared to testify regarding the completeness of the Bates ranges of the Design History Files for each of the TVT products. A spreadsheet of the Bates ranges will be produced prior to the deposition.

I look forward to seeing you next week.

Thanks
Chad
**Chad R. Hutchinson**
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Direct: (601) 985-4401
Fax: (601) 985-4500
Chad.Hutchinson@butlersnow.com



| About Butler Snow | Bio | V-Card |

P.O. Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

CIRCULAR 230 DISCLOSURE: Pursuant to Treasury guidelines, any federal tax advice contained in this communication, or any attachment, does not constitute a formal tax opinion. Accordingly, any federal tax advice contained in this communication, or any attachment, is not intended or written to be used, and cannot be used, by you or any other recipient for the purpose of avoiding penalties that may be asserted by the Internal Revenue Service.