IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No 2:12-MD-02327 MDL No. 2327 |
| ---------------------------------------------------------------- THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER REGARDING SEQUENCE AND TIMING OF DEPOSITIONS**

Plaintiffs, through Co-lead Counsel, for their Opposition to Motion for Protective Order Regarding Sequence and Timing of Depositions, state as follows:

**INTRODUCTION**

Through this Motion, contrary to Pre-trial Order #38 (PTO #38) and the case law discussed below, Defendants seek to require that Plaintiffs take "fact witness" or "individual capacity" depositions at the same time (back-to-back dates) as Rule 30(b)(6) depositions whenever Defendants have unilaterally decided to designate a fact witness as the person most knowledgeable on a topic.

Both the Deposition Protocol (PTO #38) entered in this case and federal case law make it clear that while the parties may *agree* to combine a Rule 30(b)(6) deposition with the witness' individual capacity depositions, a party producing a witness may not unilaterally insist upon it. As such, Defendants' attempt to do so in this litigation runs contrary to this Court's Order and applicable federal law. In their Motion, Defendants *claim* to recognize that Rule 30(b)(6) and individual capacity depositions are separate in nature and should not be combined; however, in the next sentence, they insist that these depositions should occur "consecutively." Defs' Br. at 2.

1

Requiring Plaintiffs to take individual capacity and Rule 30(b)(6) depositions "consecutively" whenever it suits Defendants schedule or strategy effectively combines the two depositions and nullifies the distinction or separation that Defendants, themselves, acknowledge.

If granted, Defendants' motion would prejudice the Plaintiffs' ability to take discovery in the order and manner that they see necessary. Plaintiffs have the burden of proof in this litigation (involving 11 different Ethicon/Johnson & Johnson pelvic mesh products) and are responsible for taking discovery on behalf of the thousands of individual plaintiffs in this MDL. It is essential that, at a minimum, they are given the flexibility and discretion generally provided by the Federal Rules of Civil Procedure to determine what discovery should be taken—and when to take it. The purpose of many Rule 30(b)(6) depositions is not only to obtain testimony on behalf of the corporation, but to also gain general corporate information that will allow the attorneys to prepare for individual capacity depositions—*e.g.*, the functions of the various departments and the identities of people responsible for certain tasks. In many cases, individual capacity depositions cannot be effectively completed until this type of background information is obtained and digested. Additionally, requiring consecutive depositions would only serve to create additional scheduling conflicts that would not occur if individual capacity and Rule 30(b)(6) depositions are truly treated separately.

Where the circumstances allow, Plaintiffs will work with Defendants to take Rule 30(b)(6) depositions and individual capacity depositions consecutively; however, Defendants cannot force them to do so whenever they find it convenient or strategic. That is the procedure that what was agreed to by the parties and entered by this Court in PTO #38. That is the procedure that is provided for in the case law discussed below. The Court should not grant Defendants' Motion and enter an Order to the contrary.

# ARGUMENT

## I. Defendants' Motion Seeks to Nullify the Recognized Distinction and Separation Between Rule 30(b)(6) and Individual Capacity Depositions

In passing, Defendants acknowledge that fact witness depositions and Rule 30(b)(6) depositions are "separate" depositions. Defs' Br. at 2. However, the practical effect of Defendants' Motion would be to render the separation and distinction between the two types of depositions completely meaningless. As discussed further below, often one of the main purposes of taking a Rule 30(b)(6) deposition is to obtain foundational or background information that will allow the party to prepare for and take the individual capacity depositions of key employees. In essence, Rule 30(b)(6) depositions allow a party to find out how a corporation is structured, who performs what tasks and responsibilities, and what issues should be explored with each witness. Requiring Plaintiffs to take a witness' individual capacity deposition directly after—effectively, at the same time as—a Rule 30(b)(6) deposition prevents Plaintiffs from using the Rule 30(b)(6) mechanism as an effective discovery tool. Indeed, in some cases, it would only serve to prevent Plaintiffs from adequately preparing for the individual capacity depositions of the people at the heart of this litigation. As such, while Defendants' Motion may acknowledge the separation between the two types of depositions, it seeks to undermine the purpose of that separation.

## II. The Deposition Protocol Does Not Permit Defendants to Force Plaintiffs to Combine 30(b)(6) and Individual Capacity Depositions

Defendants cite to cases dealing generally with the "broad discretion" to manage discovery provided to this Court by Rule 26.[1] Defs' Br. at 2-3. Plaintiffs certainly do not

---

[1] As discussed below, Defendants have not cited to a single case where a court has required a party to take Rule 30(b)(6) and individual capacity depositions "consecutively."

3

contest that general rule.[2] Indeed, the Court has already exercised its discretion under Rule 26 and issued several Orders directing the manner in which discovery is to be conducted in this litigation—including the entry of a Deposition Protocol ("PTO #38"). Remarkably, Defendants' Motion provides no discussion of this Court's prior orders dealing with this very subject: the combination of Rule 30(b)(6) and individual capacity depositions.

The Deposition Protocol agreed to by the parties and entered by the Court in this litigation specifically requires agreement of counsel before a deposition can be designated both a 30(b)(6) deposition and an individual capacity deposition. More specifically, the deposition protocol reads: "The parties *may agree* to designate a 30(b)(6) witness also in his or her individual capacity." PTO #38 at 2 (italics added). As such, the production of a witness can only serve both purposes by agreement of the parties. Here, for the reasons discussed below, Plaintiffs have not agreed to take all individual capacity depositions at the same time as the 30(b)(6) depositions they have noticed. And absent Plaintiffs' agreement, Defendants cannot unilaterally designate the depositions as both a Rule 30(b)(6) corporate representative deposition and an individual capacity deposition.

Similarly, absent Plaintiffs' agreement, Defendants should not be allowed to force Plaintiffs to take Rule 30(b)(6) and fact witness depositions "consecutively" or back-to-back. To do so effectively combines the two depositions and contradicts the very purpose of the Order. PTO #38 requires that Plaintiffs' agree to combining individual capacity and 30(b)(6) depositions because, in some cases, Plaintiffs may be able to accomplish both at the same time. However, PTO #38 recognizes that in other circumstances the status of discovery will require that Plaintiffs hold-off on a certain witnesses' deposition until after other facts and testimony

---

[2] However, the burden of showing good cause for a protective order rests on the party requesting relief. *Brittain v. Stroh Brewing Co.*, 136 F.R.D. 408 (M.D.N.C. 1991).

have first been developed.  To allow Defendants to unilaterally require Plaintiffs take a witness's individual capacity depositions on a certain day simply because Defendants, themselves, have decided to name the witness as a corporate representative on a subject effectively nullifies Plaintiffs' right to keep the depositions separate.  Therefore, granting Defendants' Motion would render PTO #38's requirement that Plaintiffs' must agree to the combination of the depositions completely meaningless.[3]

### III. Federal Case Law Makes Clear that Parties are Allowed to take Rule 30(b)(6) and Individual Capacity Depositions on Separate Occasions

Defendants have not cited to a single case where a court has issued an order requiring a party to take consecutive individual capacity and Rule 30(b)(6).  On the contrary, federal courts routinely allow parties to take separate depositions (*on separate occasions*) of the same person— once as an individual, and once as a 30(b)(6) witness.  *See, e.g., Williams v. Sprint/United Mgmt, Co.*, No. 03-2200, 2008 WL 334643 at *1 (D. Kan. Feb. 8, 2006) (witness previously deposed as 30(b)(6) witness could be redeposed in individual capacity); *LaSalle Natl. Assn. v. Nomura Asset Capital Corp.*, No. 03 C 4065, 2003 WL 21688225, at *l (ND. Ill. July 16, 2003) (allowing 30(b)(6) deposition of corporation owned by person already deposed in his individual capacity is not unduly burdensome); *LendingTree, Inc. v. LowerMyBills*, Inc., No. 3:05CV153-C, 2006 WL 2443685 at *2 (W.D.N.C. Aug. 22, 2006) (prior deposition testimony by a witness in his or her individual capacity does not preclude a Rule 30(b)(6) deposition of the same witness); *Alfadda v. Fenn v. Fenn*, 149 F.R.D. 28, 30 (S.D.N.Y. 1993) (the court denied one of the defendants'

---

[3] Defendants also fail to discuss this Court's recent order in the Bard MDL—holding that a second deposition of a witness (on a separate occasion) is not contrary to the deposition protocol because Rule 30(b)(6) depositions and individual capacity depositions are separate and serve different purposes.  MDL 2187, Dkt. No. 201 at 2.

motion to quash notices on the grounds that it would be burdensome for defendants to be deposed repeatedly in both his individual and corporate capacity.).[4]

In fact, in *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632, 2006 WL 2734289 at *2-3 (N.D. Cal. Sept. 25, 2006), Judge Illston ordered the witness would testify a total of *three* separate occasions, once for seven hours in his individual capacity and twice as the Rule 30(b)(6) designee of each of two separate but interlocking corporations. Likewise, in *In re Pradaxa*, Case 3:12-md-02385-DRH-SCW (S.D. Ill.), Chief Judge Herndon issued a CMO (in that product liability MDL) specifically recognizing the fact that a witness could be deposed up to *three* separate times: once as a 30(b)(6) corporate designee, once in his individual capacity, and once as an expert. Exhibit A at p. 10, *In Re Pradaxa* CMO No. 8 [MDL 2385]. Plaintiffs in this litigation should likewise be permitted to take corporate representative and individual capacity depositions on separate occasions, and should not be forced to take these depositions consecutively.

---

[4] *See also*, *CFTC v. Midland Rare Coin Exch., Inc*., No. 97-7422, 1999 U.S. Dist. LEXIS 16939 (S.D. Fla. July 28, 1999) (allowing second deposition relating to witness' individual capacity, after witness had already been deposed as 30(b)(6) designee); *Taylor v. Shaw*, No. 04-cv-01668, 2007 WL 710186 at *2 (D. Nev. Mar. 7, 2007) (rule 30(b)(6) permits deposition of person regardless of whether individual was previously deposed as fact witness); *Alloc, Inc. v. Unilin Decor N.V.*, No. 02-C-1266, 2006 WL 2527656 at *2 (E.D. Wis. Aug. 29, 2006) (party may be required to produce witness as 30(b)(6) representative despite witness having previously testified in individual capacity); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (imposing sanctions and fees for refusing to produce 30(b)(6) witnesses because the issuing party "had in early stages of the case already deposed the employees"); *Southwestern Bell Tel., L.P. v. UTEX Communs. Corp.,* No. A-07-CV-435, 2009 U.S. Dist. LEXIS 131706 (W.D. Tex. Sept. 30, 2009) ("The undersigned finds relevant legal authority clearly permits an individual to be subject to two depositions where one is taken in a representative capacity and the other in an individual capacity."); *Provide Commerce, Inc. v. Preferred Commerce, Inc.,* No. 07-80185, 2008 WL 360588 (S.D. Fla. 2008) ("Mr. Ferraro has only testified as an individual and not on behalf of the corporation. At this point, the corporation has yet to testify. As such, Plaintiff is entitled to the Rule 30(b)(6) discovery."); *Sabre v. First Dominion Capital*, LLC, 2002 WL 31556379 at *1, 2 (S.D.N.Y. Nov. 15, 2002) (observing that the fact that a witness has previously "testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject").

### IV. Plaintiffs will be Prejudiced if Forced to Take Individual Capacity Depositions "Consecutively" (Back-to-Back) with Rule 30(b)(6) Depositions

Plaintiffs are attempting to take discovery in this litigation in the most productive, efficient, and reasonable way that they see fit. Due to the vast amount of discovery that must be taken and the complexities involved in these cases, to the extent possible, Plaintiffs believe it necessary to take depositions in a specific manner and order.[5] More specifically, Plaintiffs intend to take early Rule 30 (b)(6) depositions on issues that will lay the foundation for their later individual capacity depositions—such as Rule 30(b)(6) depositions on corporate structure, policy, and procedures relating to issues like: design and development; regulatory; marketing and clinical. It is vital for Plaintiffs to be able to take these 30(b)(6) depositions, in order to better understand Defendants' internal workings and mechanisms. Only after they have obtained this base of knowledge are Plaintiffs best able to complete the depositions of key Ethicon and Johnson & Johnson employees in each of these areas. Plaintiffs merely ask to be able to assess and digest what has been said on behalf of the company before questioning individual witnesses on their conduct within this framework.

Neither Defendants nor the witnesses will be unduly prejudiced by Plaintiffs taking separate Rule 30(b)(6) and individual capacity depositions. First, it is Defendants, not Plaintiffs, who are choosing to designate the fact witnesses identified by Plaintiffs as corporate representatives on Rule 30(b)(6) topics—despite the fact that Plaintiffs had informed them that they intend to take individual capacity depositions in a particular order. *See* Ex. B. Defendants should not be allowed claim that they will be burdened by their own decisions. Moreover, in the vast majority of cases (if not all), the Rule 30(b)(6) depositions and individual capacity

---

[5] Indeed, when Plaintiffs requested deposition dates for Defendants' employees, they specifically requested that the depositions occur (to the extent possible) in a certain order. Exhibit B, 1/28/13 Letter from Tom Cartmell.

depositions cannot possibly be completed in one day. Indeed, due to the breadth of the topics that need to be covered (on behalf of the company) in most of the Rule 30(b)(6) depositions, and the amount of personal knowledge and involvement in the relevant issues that must be explored in the witnesses' individual capacity depositions, these depositions will certainly extend for a total of several days. As such, there is no reason why the subsequent individual capacity deposition day(s) could not, or should not, be scheduled for a later date.

Defendants point to the number of depositions that will be necessary in order to complete discovery in this MDL. Defs' Br. at 4-5. Plaintiffs are well aware of the amount of work ahead of them. Plaintiffs have the burden of proof in this litigation (involving 11 different pelvic mesh products) and are responsible for taking discovery on behalf of the thousands of individual plaintiffs in this MDL. Defendants' arguments do not change the fact that discovery must be taken and these depositions must occur; Defendants' requested relief will do nothing to reduce the total amount of time that any particular witness will sit for a deposition.[6] And contrary to Defendants' assertions, it will only serve to complicate the scheduling process.

Requiring individual capacity and Rule 30(b)(6) depositions to be conducted consecutively will require the attorneys and witnesses involved to have multiple additional (consecutive) days available for the depositions. It is certainly much easier to find a day where all the participants are available for a deposition, and then schedule a subsequent date (if necessary), than to find large blocks of days when all of the attorneys and witnesses are free. Additionally, there are currently depositions scheduled on consecutive days where the lead attorney is the same for both witnesses. To require Rule 30(b)(6) depositions and individual capacity depositions to occur consecutively when other depositions are already schedule to occur

---

[6] If a single person is deposed in both a personal and corporate representative capacity, two separate seven hour periods presumptively apply. Siegrun D. Kane, Trademark Law: A Practitioner's Guide §14.17.3 (4th ed. 2002) (citing Fed. R. Civ. P. 30(d) Advisory Committee note.).

consecutively only creates scheduling issues for the lead attorneys involved—they cannot be in two places at once. Scheduling difficulties are also likely to occur for Plaintiffs' counsel when one attorney is preparing to take a Rule 30(b)(6) deposition on a certain topic within his or her knowledge or expertise and another attorney is preparing to take the individual capacity deposition of the witness, because if Defendants decide to designate as the person most knowledgeable on the Rule 30(b)(6) topic, then those two Plaintiffs' attorneys must have availability on consecutive days in order for both depositions to occur. Finally, there may be instances where, after Plaintiffs have completed a Rule 30(b)(6) deposition (and have had a chance to review and process the testimony given), they may decide that an individual capacity deposition of a witness is not necessary. If Defendants' Motion is granted, Plaintiffs will be denied the time to review the Rule 30(b)(6) testimony and consider whether that individual capacity deposition is even necessary—and instead will be forced to just go ahead with all individual capacity depositions for fear of being precluded from doing so at a later date. Forcing Plaintiffs' counsel to go ahead with depositions in those circumstances would only serve to needlessly increase the cost of litigation and the burdens on counsel and the witnesses. Simply put, the relief requested by Defendants' Motion only serves to deny the parties and witnesses the flexibility necessary to schedule and complete depositions in the MDL.

Finally, requiring Plaintiffs to take individual capacity depositions back-to-back with Rule 30(b)(6) depositions allows Defendants to unilaterally direct the order, schedule and timing of Plaintiffs' discovery in this litigation. Defendants, alone, are in charge of designating Rule 30(b)(6) representatives. Therefore, requiring Plaintiffs to take individual capacity and Rule 30(b)(6) depositions back-to-back allows Defendants to determine when and in what order

discovery is conducted. While the Court certainly has the power to determine sequence and order of discovery under Rule 26, Defendants should not be given that same power.

### V. Defendants' (After-thought) Request to Designate Fact Witness Testimony as Corporate Position Testimony Should be Denied

In a single sentence at the end of their Motion, Defendants state: "Defendants also request the Court order, as in the *Bard* litigation, that defendants may exercise the option to designate testimony from fact witness depositions as the corporate position where available." Defs' Br. at 6. Defendants provide no argument in support of that request. The Order entered in the *Bard* litigation was based upon the posture and status of that litigation, the discovery requests issued by plaintiffs, and the discovery that had already been taken. Defendants, here, have provided absolutely no discussion of why a similar Order is necessary or justified in this case, or even what affect it would have on the parties' ability to take discovery going forward. However, to the extent the Court is willing to consider Defendants' request, Plaintiffs object and adopt the opposition brief being filed by plaintiffs in the AMS litigation (to a similar request made by AMS in that MDL) as if fully stated, herein.

### CONCLUSION

For the reasons above, Plaintiffs respectfully request an Order denying Defendants' Motion for Protective Order Regarding Sequence and Timing of Depositions.

Dated: June 13, 2013                 Respectfully submitted,

                                         /s/ D. Renee Baggett
                                         D. RENEE BAGGETT
                                         BRYAN F. AYLSTOCK
                                         Aylstock, Witkin, Kreis and Overholtz, PLC
                                         17 E. Main Street, Suite 200
                                         Pensacola, FL 32563
                                         P: 850-202-1010, F: 850-916-7449
                                         Rbaggett@awkolaw.com
                                         Baylstock@awkolaw.com

/s/ Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1102
F: 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/

*Plaintiffs' Co-Lead Counsel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No 2:12-MD-02327<br>MDL No. 2327 |
| ------------------------------------------------------------------<br>THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2013, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ D. Renee Baggett_____
D. RENEE BAGGETT
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com