EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE ETHICON, INC., PELVIC REPAIR
SYSTEM PRODUCTS LIABILITY
LITIGATION                                        CIVIL ACTION NO. 2:12-md-02327

                                                                    MDL No. 2327

                                                        Judge Joseph R. Goodwin

This Document Applies To All Actions

To:    Thomas P. Cartmell
       Wagstaff & Cartmell LLP
       4740 Grand Avenue, Suite 300
       Kansas City, MO 64112
       816-701-1102

**DEFENDANT ETHICON, INC.'S SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

        Defendant Ethicon, Inc. ("Ethicon") submits the following second supplemental

objections and responses[1] to Plaintiffs' First Set of Requests for Documents.

**SPECIFIC OBJECTIONS**

        Rather than repeating Ethicon's specific objections in full in response to each request,

where applicable, Ethicon will incorporate by reference the following specific objections as

follows:

        1.      **Hernia Mesh**.  Plaintiffs define "Pelvic Mesh Products" to include Prolene mesh

and Prolene Soft Mesh.  Ethicon objects to the requests related to those products for any

indication other than pelvic floor repair, as well as any other hernia mesh product, as those are

---

[1] By submitting these responses, Ethicon does not concede that Plaintiffs' characterizations in their discovery requests are correct.

products not at issue in this litigation and it would be unduly burdensome and expensive to collect those documents.  (Hereinafter "Specific Objection No. 1.)

2.     **Scope**.  Ethicon objects to those requests that seek "any" or "all" documents related to a particular subject matter (or similar language) on the grounds that they are overly broad and unduly burdensome, exceed the scope of permissible discovery and may call for documents protected by the attorney-client privilege, the attorney work product doctrine or both. To the extent that any documents are withheld based on privilege, Ethicon has complied with its obligations under the Federal Rules of Civil Procedure.  Furthermore, Ethicon has taken reasonable steps to identify, collect and produce on a rolling basis documents from its business records responsive to Plaintiffs' requests.  This includes, to date, the production of approximately 8,500,000 pages and more than 1,250,000 documents.  Attached hereto as Appendix 1 and Appendix 2 are the 290 custodians and 136 central sources produced to date which reflects the current scope of searches conducted by Ethicon and which Ethicon believes are the appropriate sources to identify documents, if any, responsive to Plaintiffs' requests.  As discussed with Plaintiffs, Ethicon has not limited its search for documents to the named Defendants but has considered other affiliates or subsidiaries it has a reasonable and good faith belief may have responsive documents.  Accordingly, Plaintiffs' repeated requests for "any" or "all" documents related to a specific topic are unreasonable given the extensive efforts by Ethicon to produce responsive documents.  (Hereinafter "Specific Objection No. 2.)

3.     **Ex-US Documents**.  Ethicon objects to those requests that seek ex-US documents related to a particular topic beyond the extensive ex-US discovery already produced by Ethicon, on the grounds that suck requests are unduly burdensome and expensive and seek documents that are not relevant to the subject matter.  Ethicon has made extensive efforts to produce ex-US

documents, including identifying those sources responsible for the development and testing of the products at issue.  For example, Ethicon has produced over one million pages of documents from ex-US custodians and numerous central sources and databases, including worldwide adverse events. These custodians and central sources are attached hereto as Appendix 3. Furthermore, in response to the extensive meet and confer efforts over this issue, Ethicon has produced at Plaintiffs' request regulatory documents from Japan, France and Australia.  In addition, at Plaintiffs' request, Ethicon has produced unique marketing documents that have been located for 32 countries requested by Plaintiffs.  To the extent that Plaintiffs desire additional ex-US materials, such a request is unreasonable and unduly burdensome.  Notwithstanding this objection, Ethicon is willing to continue to meet and confer with Plaintiffs to discuss appropriately tailored requests that do not impose undue burden and expense.  (Hereinafter "Specific Objection No. 3.")

## DEFENDANT ETHICON INC.'S RESPONSES TO PLAINTIFFS' DOCUMENT REQUESTS[2]

### *Corporate Organization and Policies and Litigation-Related Documents*

### Request for Production No. 1:

Corporate organization charts that identify each Defendants' corporate organizational structure during the relevant time period, including, but not limited to, charts that set forth the organization of the various departments, divisions and subdivisions, and the heads and/or employees of each such department, division or subdivision, and the relationship and/or overlap, if any, among and between defendants.

---

[2]  Ethicon objects to each and every one of Plaintiffs' definitions, instructions, and requests for production to the extent they seek to impose obligations upon Ethicon in excess and beyond the scope of those contained in the Federal Rules of Civil Procedure and applicable case law, as well as beyond the scope of the ESI Protocol entered in this case.

**Supplemental Response to Request for Production No. 1:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prod. 10, ETH.MESH.00336375 – ETH.MESH.0338028; Prod. 13, ETH.MESH.00523159 – ETH.MESH.00523196; Prod. 41, ETH.MESH.03793342-ETH.MESH.03793399; Prods. 1, 3, 7, 8, 12, 14, 15, 16, 19, 33, 36, 40, 54.  In addition, documents responsive to this Request may be found within the Custodial Productions for Lacey Elberg, Gary Pruden, Mike Underwood, and Alex Gorsky.[3]

**Request for Production No. 2:**

Documents sufficient to identify the role of each defendant with regard to Pelvic Mesh Products or Hernia Mesh Products (e.g., manufacturer, designer, distributor, marketer, etc.).

**Supplemental Response to Request for Production No. 2:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Production 10, ETH.MESH.00336375 – ETH.MESH.0338028; Production 13, ETH.MESH.00523159 – ETH.MESH.00523196; Production 41, ETH.MESH.03793342- ETH.MESH.03793399.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

---

[3] For all listed Custodial Productions, Ethicon refers Plaintiffs to the attached Appendix 4, which provides the specific production numbers for each custodian.

**Request for Production No. 3:**

Any agreements among and between Defendants or any other person or entity relating to the development, manufacturing, marketing and/or sale of Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 3:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  Ethicon has produced documents relating to the consulting contracts for identified implanting physicians, as well as study contracts to the extent they are contained within the Trial Master File (TMF).  *See*  Prod. 60, ETH.MESH.04474212-ETH.MESH.04474272; Prod. 62, ETH.MESH.04476324 – 04529711; *see also* Prods, 5, 12, 19, 70.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 4:**

All documents relating to all executive or board of director meetings, including copies of any reports, analyses, or presentations presented at such meetings, pertaining to the safety, complications, adverse events, efficacy, design, regulation, marketing, and sale of Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 4:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prod. 6, ETH.MESH.00223268 – ETH.MESH.00223303 and ETH.MESH.00223682 – ETH.MESH.00223777; Prod. 14, ETH.MESH. 00750823 –

00751186, ETH.MESH.00758412 – 00758531, ETH.MESH.00758595 – 00758608,

ETH.MESH.00758611 – 00758634, ETH.MESH.00758653 – 00758824, and

ETH.MESH.00758892 – 00758977; Prod. 19, ETH.MESH.01320649 – 01320805,

ETH.MESH.01435232 – 01435269, ETH.MESH.01458300 – 01458242, ETH.MESH.01501740

– 01502051, ETH.MESH.01538120 – 01538221, ETH.MESH.01567856 – 01567956,

ETH.MESH.01583058 – 01583125, and ETH.MESH.01583268 – 01583295; Prod. 29,

ETH.MESH.02345803 – ETH.MESH.02345807; Prod. 36, ETH.MESH.03717472 –

ETH.MESH.03717535; Prod. 38, ETH.MESH.03718942 – ETH.MESH.03719161; Prod. 40,

ETH.MESH.03789353 – 03789353; Prod. 54, ETH.MESH.04182321 – ETH.MESH.04183027,

ETH.MESH.04190961 – ETH.MESH.04192345; ETH.MESH.04193974 –

EHT.MESH.04194030; Prod. 61, ETH.MESH. 04474273 – ETH.MESH.04476322; Prod. 65;

Prod. 66, ETH.MESH.04666999-ETH.MESH.04680216; Prod. 67, ETH.MESH.04680217 –

ETH.MESH.04680328.  To the extent that Plaintiffs seek additional documents, Ethicon

incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 5:**

All DOCUMENTS that reflect the policies and procedures that Defendants has had

and/or has in place for the storage, deletion, and back-up of DOCUMENTS and emails generated

by Defendants' employees and agents.

**Supplemental Response to Request for Production No. 5:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  In addition, Ethicon

refers to the deposition testimony of James Mittenthal and the exhibits thereto.  *See* James

Mittenthal Deposition Transcript and Exhibits, Dec. 7, 2011, New Jersey Case No. 291; James

Mittenthal Deposition Transcript and Exhibits Dec. 4, 2012; and James Mittenthal Deposition

Transcript and Exhibits May 14, 2013; *see also* Prod. 3.  To the extent that Plaintiffs seek additional documents, Plaintiffs incorporate Specific Objection No. 2.

**Request for Production No. 6:**

All logs, ledgers, and other such indices that reflect the identity and location of DOCUMENTS regarding PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 6:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Ethicon refers to the production letters for each of the 127 productions in this litigation (to date), which detail for Plaintiffs what has been produced and from what source.  Ethicon also refers to the metadata provided in connection with the ESI protocol negotiated by Plaintiffs which provides extensive information regarding the sources of potentially relevant documents.  In addition, Ethicon refers to the deposition testimony of James Mittenthal and the exhibits thereto.  *See* James Mittenthal Deposition Transcript and Exhibits, Dec. 7, 2011, New Jersey Case No. 291; James Mittenthal Deposition Transcript and Exhibits Dec. 4, 2012; and James Mittenthal Deposition Transcript and Exhibits May 14, 2013; *see also* Prod. 3; Prod. 9, ETH.MESH.00335621-ETH.MESH.00335704.   To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 7:**

All DOCUMENTS concerning the steps taken by YOU to preserve all DOCUMENTS concerning, regarding, or pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 7:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Ethicon has produced

the litigation holds issued in response to this and other litigation.  Additionally, Ethicon has presented the deposition testimony of a witness concerning this topic.  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* James Mittenthal Deposition Transcript and Exhibits, Dec. 7, 2011, New Jersey Case No. 291; James Mittenthal Deposition Transcript and Exhibits Dec. 4, 2012; and James Mittenthal Deposition Transcript and Exhibits May 14, 2013; *see also* Prod. 3 (ETH.MESH.00125210-ETH.MESH.00125223; ETH.MESH.00125227-ETH.MESH.00125240; ETH.MESH.00125629-ETH.MESH.00125635; ETH.MESH.00154135-ETH.MESH.00154144); Prod. 50 (ETH.MESH.03981378-ETH.MESH.03981391).  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 8:**

All insurance policies, excess coverage policies, or any other type of insurance coverage, that YOU believe may potentially cover claims related to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 8:**

Ethicon maintains product liability insurance through Middlesex Assurance Company Ltd., Burlington, Vermont, a wholly-owned subsidiary of Johnson & Johnson.  To the extent Plaintiffs seek further information, Ethicon states that this policy is unlikely to be implicated in this litigation, and therefore, Ethicon objects to production of the policy.  Nevertheless, Ethicon will meet and confer with Plaintiffs to the extent  additional information is sought with respect to this policy.

**Request for Production No. 9:**

Any deposition or other testimony provided by Defendants' employees or corporate representatives in connection with the In re Pelvic Mesh/Gynecare litigation, Case No. 291, coordinated before Judge Higbee in the Superior Court of New Jersey Law Division, Atlantic

County, and/or any other court or administrative proceeding involving PELVIC MESH
PRODUCTS.

**Supplemental Response to Request for Production No. 9:**

Pursuant to the Protective Order entered by the Court, the requested testimony relating to
Case No. 291, pending in the Superior Court of New Jersey Law Division, Atlantic County is
available to the PSC.

**Request for Production No. 10:**

All discovery responses provided by Defendants in connection with the In re Pelvic
Mesh/Gynecare litigation, Case No. 291, coordinated before Judge Higbee in the Superior Court
of New Jersey Law Division, Atlantic County, and/or any other court or administrative
proceeding involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 10:**

Pursuant to the Protective Order entered by the Court, the discovery responses for Case
No. 291, pending in the Superior Court of New Jersey Law Division, Atlantic County are
available to the PSC.

**Request for Production No. 11:**

Documents sufficient to identify all databases containing information responsive to these
requests or otherwise relating to Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 11:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the
documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* James Mittenthal
Deposition Transcript andExhibits, Dec. 7, 2011, New Jersey Case No. 291; James Mittenthal
Deposition Transcript and Exhibits Dec. 4, 2012; and James Mittenthal Deposition Transcript
and Exhibits May 14, 2013; *see also* Response to Interrogatory No. 17 which details Ethicon

databases.   To the extent Plaintiffs seek additional documents, Ethicon incorporates Specific

Objection No. 1.

**Request for Production No. 12:**

All DOCUMENTS concerning any inquiries or investigations by governmental or

regulatory organizations within the United States (either state or federal) related to PELVIC

MESH PRODUCTS, including documents submitted to or received from such organizations.

**Supplemental Response to Request for Production No. 12:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  To the extent that

Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.


**Request for Production No. 13:**

Any documents produced by YOU in any patent litigation relating to Pelvic Mesh

Products.

**Supplemental Response to Request for Production No. 13:**

Ethicon has a reasonable and good faith belief that there has not been patent litigation

over the products at issue.

**Request for Production No. 14:**

Any documents produced by YOU in any personal injury litigation related to PELVIC

MESH PRODUCTS.

**Supplemental Response to Request for Production No. 14:**

Documents produced in Case No. 291, pending in the Superior Court of New Jersey Law

Division, Atlantic County, except for plaintiff-specific documents, have been produced or

otherwise are available to the PSC.  Ethicon has a reasonable and good faith belief that the

documents produced in New Jersey would include most documents produced in other litigation except for plaintiff-specific documents.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**_Documents Relating to Regulation of Pelvic Mesh Products_**

**Request for Production No. 15:**

All submissions, applications, correspondence, analyses, reports, memorandum, notes, telephonic and/or in-person meeting minutes to any United States government agency, including but not limited to the Food and Drug Administration, relating to any Pelvic Mesh Product or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 15:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been or will be produced to Plaintiffs that may fall within this Request.  *See* Prods. 12, 33, 36, 43, 57, 61: central source files for Regulatory Affairs;  Custodial Productions for Bryan Lisa, Jennifer Paine, Sergio Gadaleta, Catherine Beath, Brian Kanerviko, Dan Lamont, and Mark Yale; *see also* Post Market Surveillance central source files, Prods. 6, 14, 19, 24, 33.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 & .

**Request for Production No. 16:**

All submissions, applications, correspondence, analyses, reports, memorandum, notes, telephonic and/or in-person meeting minutes to any foreign government agency, including but not limited to the European Agency for the Evaluation of Medicinal Products (EMEA), European Union (EU)-Therapeutic Goods Administration (TGA), Federal Institute for Drugs and Medical Devices (BfArm), Agence de Medicament, and the Medicines and Medical Devices Safety

Authority, relating to the safety and/or efficacy of any Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 16:**

As a result of the meet and confer process with Plaintiffs, in addition to U.S. regulatory documents, Ethicon has produced at Plaintiffs' request regulatory documents for Japan, France and Australia.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 17:**

Documents sufficient to identify all countries in which YOUR Pelvic Mesh Products or Hernia Mesh Products have been approved for sale and the date on which each was approved and/or cleared for use in the human body.

**Supplemental Response to Request for Production No. 17:**

Ethicon states that it has produced a chart of the countries that have granted regulatory approval and the countries where the pelvic mesh products at issue are sold.  This chart was produced prior to the deposition of Susan Lin.  To the extent that Plaintiffs seek anything additional, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 18:**

All DOCUMENTS relating to any Postmarket Surveillance Studies recommended or required by the FDA or any foreign regulatory body for YOUR Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 18:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 61, 64, 66, 70, 71; custodial file productions for

12

Catherine Beath, Brian Kanerviko; *see also* Response to Request for Production No. 15.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 19:**

All DOCUMENTS relating to any Form FDA 483 Letters and/or FDA Warning Letters for YOUR Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 19:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Prods. 7, 24, 70; Custodial Productions for Catherine Beath, Dan Lamont and Mark Yale; *see also* Response to Request for Production No. 15.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 20:**

All DOCUMENTS relating to YOUR decision to cease commercialization or withdraw from market any YOUR Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 20:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 61, 63, 64, 66, 70, 71; Custodial Productions for Catherine Beath, Gary Pruden, Alex Gorsky, and Brian Kanerviko; *see also* Responses to Requests for Production Nos. 15 and 18.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objections Nos. 1, 2 and 3.

13

**Request for Production No. 21:**

All DOCUMENTS concerning any governmental agency in any country worldwide that declined to approve an application to market PELVIC MESH PRODUCTS or for any indication, including, but not limited to, communications between the sponsor of PELVIC MESH PRODUCTS and the agency, and any English translations that exist if the DOCUMENTS are written in any language other than English.

**Supplemental Response to Request for Production No. 21:**

Consistent with the Protective Order entered by the Court, documents responsive to this Request have been or will be produced to Plaintiffs pursuant to Fed. R. Civ. P. 33(d).  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 22:**

All DOCUMENTS that concern, or involve discussion about, the potential or actual submission of PELVIC MESH PRODUCTS for approval and/or the approval of PELVIC MESH PRODUCTS in another county besides the U.S. including, but not limited to, communications regarding foreign governmental agencies and their drug approval procedures, rules and/or standards, and including any English translations that exist if the DOCUMENTS are written in any language other than English.

**Supplemental Response to Request for Production No. 22:**

As a part of the meet and confer process with Plaintiffs, in addition to U.S. regulatory documents, Ethicon has produced at Plaintiffs' request regulatory documents for Japan, France and Australia.  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 2, 20, 33,

54, 62, 64, 70.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates

Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 23:**

All DOCUMENTS concerning deferred approval and/or clearance of PELVIC MESH

PRODUCTS in any country, including any English translations that exist if the DOCUMENTS

are written in any language other than English.

**Supplemental Response to Request for Production No. 23:**

As a part of the meet and confer process with Plaintiffs, in addition to U.S. regulatory

documents, Ethicon has produced at Plaintiffs' request regulatory documents for Japan, France

and Australia.  Set forth are some examples of documents, though not all of the documents,

which have been produced to Plaintiffs that may fall within this Request.  *See* Prods. 2, 20, 33,

54, 62, 64, 70.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates

Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 24:**

All DOCUMENTS concerning standards imposed or recommended by the FDA or any

foreign regulatory agency regarding mesh products for use in the human body, including but not

limited to any proposed, draft, and/or final regulations regarding particle loss.

**Supplemental Response to Request for Production No. 24:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  To the extent that

Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 25:**

All DOCUMENTS concerning or relating to any criminal investigations of YOU

involving PELVIC MESH PRODUCTS and/or HERNIA MESH PRODUCTS in any country,

15

including any English translations that exist if the DOCUMENTS are written in any language other than English.

**Supplemental Response to Request for Production No. 25:**

Ethicon has a reasonable and good faith belief that it is not aware of any such criminal investigations.  To the extent that Ethicon may become aware of any such investigations, it will meet and confer with Plaintiffs to discuss the scope of any such production.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 26:**

All DOCUMENTS concerning any regulatory actions or investigations, whether criminal or civil, involving any allegations involving failure to seek or obtain regulatory approval prior to marketing any of YOUR products, including but not limited to PELVIC MESH PRODUCTS and/or HERNIA MESH PRODUCTS. This request includes, but is not limited to, all such documents involving YOUR failure to seek regulatory approval for the ULTRAPRO Hernia Mesh System, and the PROLIFT hernia mesh system.

**Supplemental Response to Request for Production No. 26:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  This document was produced because it was part of a responsive parent email/attachment family group.  To the extent that Plaintiffs seek anything more, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

***Development, Testing and Manufacture of Pelvic Mesh Products***

**Request for Production No. 27:**

Any agreements among and between Defendants and any other entity or individuals relating to the development, testing, manufacture, design and/or patents for Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 27:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Ethicon has produced documents relating to the consulting contracts for identified implanting physicians, as well as study contracts to the extent they are contained within the Trial Master File (TMF). *See* Prod. 60, ETH.MESH.04474212-ETH.MESH.04474272; Prod. 62, ETH.MESH.04476324 – 04529711; *see also* Prods, 5, 12, 19, 70. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2, particularly as the request relates to patents.

**Request for Production No. 28:**

All DOCUMENTS in YOUR possession, custody, or control pertaining to the safety, adverse events, problems, injuries, malfunctions, complications, and/or defects of Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 28:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Production 35, ETH.MESH.03589421-ETH.MESH.03589491; Productions 6, 7, 14, 19, 20: Post Market Surveillance central source files; Custodial Productions for Dan Lamont, Mark Yale, Aran Maree, Axel Arnaud, Dr. David

Robinson, Dr. Piet Hinoul, Dr. Aaron Kirkemo, Dr. Martin Weisberg, Dr. Meng Chen, Cary

Brennan, Jeffrey Everett, Jacob Edwards, Linda McNelis, Sungyoon Rha, Patricia Ricicki, and

David Wilson.  Finally, Ethicon has provided a copy of the complaint / adverse events database

(Remetrex CHATS) to the MDL Plaintiffs Steering Committee.  Prod. 32

(ETH.MESH.02620354-ETH.MESH.02658254); Prod. 35 (ETH.MESH.03574657-

ETH.MESH.03577912).  To the extent that Plaintiffs seek additional documents, Ethicon

incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 29:**

All DOCUMENTS in YOUR possession, custody, or control pertaining to the efficacy or

lack thereof of Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 29:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of the documents, which have been produced to Plaintiffs

that may fall within this Request.  *See* Production 35, ETH.MESH.03589421-

ETH.MESH.03589491; Productions 6, 7, 14, 19, 20: Post Market Surveillance central source

files; Custodial Productions for Dan Lamont, Mark Yale, Aran Maree, Axel Arnaud, Dr. David

Robinson, Dr. Piet Hinoul, Dr. Aaron Kirkemo, Dr. Martin Weisberg, Dr. Meng Chen, Cary

Brennan, Jeffrey Everett, Jacob Edwards, Linda McNelis, Sungyoon Rha, Patricia Ricicki, and

David Wilson.  Finally, Ethicon has provided a copy of the complaint / adverse events database

(Remetrex CHATS) to the MDL Plaintiffs Steering Committee.  Prod. 32

(ETH.MESH.02620354-ETH.MESH.02658254); Prod. 35 (ETH.MESH.03574657-

ETH.MESH.03577912).  To the extent that Plaintiffs seek additional documents, Ethicon

incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 30:**

Any DOCUMENTS that identify or list (including in summary format) any completed, proposed, planned, considered, or conceived preclinical studies as well as clinical trials that assess the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 30:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Custodial Productions for of Pat Beach, Cyrus Guidry, Joerg Holste, Richard Hutchinson, Chris McEleney, David Shah, Allie Smith, Elizabeth Vailhe, Karen Sinclair, Judi Gauld, Jessica Shen, Daniel Burkley, and Jim Oldham; *see also* Ethicon's Response to Plaintiffs' Interrogatory No. 7. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 31:**

All Preclinical and Clinical Study reports relating to PELVIC MESH PRODUCTS, including all drafts of the same.

**Supplemental Response to Request for Production No. 31:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* Response to Request for Production No. 30; *see also* Clinical Data, Prods. 25 (ETH.MESH.02330766-ETH.MESH.02330777), 26 (ETH.MESH.02330778- ETH.MESH.02340249), 31 (ETH.MESH.02347255-ETH.MESH.02577459), 33 (ETH.MESH.03368493-ETH.MESH.03378248); Pre-Clinical Data, Prods. 54 (ETH.MESH.04184606-ETH.MESH.04184617), 57 (ETH.MESH.04380444-ETH.MESH.04381614), 70

(ETH.MESH.05302769-ETH.MESH.05319171); Design History File, Prods. 6

(ETH.MESH.00218063-ETH.MESH.00218063, ETH.MESH.00218097- ETH.MESH.00218102,

ETH.MESH.00222464- ETH.MESH.00223267, ETH.MESH.00223649- ETH.MESH.00223655,

ETH.MESH.00223801-ETH.MESH.00223828), 14 (ETH.MESH.00748299-

ETH.MESH.00748309, ETH.MESH.00750804-ETH.MESH.00750817, ETH.MESH.00755753-

ETH.MESH.00755775, ETH.MESH.00759159-ETH.MESH.00759161), 19

(ETH.MESH.01310576-ETH.MESH.01310577, ETH.MESH.01320540- ETH.MESH.01320551,

ETH.MESH.01425114-ETH.MESH.01425135, ETH.MESH.01594756-ETH.MESH.01594780),

22 (ETH.MESH.02223555-ETH.MESH.02225631), 24 (ETH.MESH.02312298-

ETH.MESH.02312299, ETH.MESH.02313041- ETH.MESH.02313042), 32

(ETH.MESH.02615242-ETH.MESH.02615248), 43 (ETH.MESH.03846755-

ETH.MESH.03846798, ETH.MESH.03878631-ETH.MESH.03880729); and Trial Master File

(Prods. 12, 33, 36, 39, 40, 43, 50, 54, 57, 63, and 70).  To the extent that Plaintiffs seek

additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 32:**

     All Preclinical and Clinical Study protocols relating to PELVIC MESH PRODUCTS,

including all drafts of the same.

**Supplemental Response to Request for Production No. 32:**

     Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of th*e* documents, which have been produced to Plaintiffs

that may fall within this Request.  *See* Prods. 12, 19, 32, 33, 39, 58, 62, 70; custodial file

productions of Dr. Jessica Shen, Dr. Judi Gauld; *see also* Response to Request for Production

No. 30.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific

Objection Nos. 1.

**Request for Production No. 33:**

Any DOCUMENTS that identify or list (including in summary format) any completed,

proposed, planned, considered, or conceived preclinical studies as well as clinical trials that

assess, evaluate or discuss the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 33:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of th*e* documents, which have been produced to Plaintiffs

that may fall within this Request.  *See* Prods. 12, 19, 32, 33, 39, 58, 62, 70; custodial file

productions of Dr. Jessica Shen, Dr. Judi Gauld; *see also* Response to Request for Production

No. 30, 31; Ethicon's Response to Plaintiffs' Interrogatory No. 7.  To the extent that Plaintiffs

seek additional documents, Ethicon incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 34:**

All DOCUMENTS that reflect written procedures for the collection, evaluation or

dissemination of adverse event reports concerning PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 34:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Prod. 40

(ETH.MESH.03738946-ETH.MESH.03750798); Custodial Productions for Mark Yale, Dan

Lamont, and Dr. Meng Chen.  To the extent that Plaintiffs seek additional documents, Ethicon

incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 35:**

Any electronic database, electronic spreadsheet, or other electronic program in YOUR

possession, custody, or control concerning or comprising adverse event reports generated

concerning the use of PELVIC MESH PRODUCTS.  Responsive materials are to be produced in

their native format.

**Supplemental Response to Request for Production No. 35:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Specifically, Ethicon

has provided the relevant information from the complaint/adverse events database (Remetrex/

CHATS) to the MDL Plaintiffs Steering Committee. Prod. 32 (ETH.MESH.02620354-

ETH.MESH.02658254); Prod. 35 (ETH.MESH.03574657-ETH.MESH.03577912); *see also*

Clinical SOPs, Prod. 37 (ETH.MESH.03717536-ETH.MESH.03718941).  To the extent that

Plaintiffs seek additional materials, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 36:**

All Documents relating to the manufacture of Pelvic Mesh Products, including but not

limited to inspection reports and compliance reports.

**Supplemental Response to Request for Production No. 36:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of the documents, which have been produced to Plaintiffs

that may fall within this Request.  *See* Manufacturing SOPs, Prods. 56 (ETH.MESH.04316563-

ETH.MESH.04333697) and 59 (ETH.MESH.04456226-ETH.MESH.04474211); *see also* Prods.

7 (ETH.MESH.00329690-ETH.MESH.00329690; ETH.MESH.00329691-

ETH.MESH.00329698; ETH.MESH.00332709-ETH.MESH.00332714;), 24

(ETH.MESH.02252211-ETH.MESH.02252224; ETH.MESH.02250819-ETH.MESH.02250830;

ETH.MESH.02252633-ETH.MESH.02252633; ETH.MESH.02250902-ETH.MESH.02250910;

ETH.MESH.02252210-ETH.MESH.02252210; ETH.MESH.02251013-ETH.MESH.02251022),

and 70 (ETH.MESH.02249327-ETH.MESH.02249327; ETH.MESH.05264605-

ETH.MESH.05264613; ETH.MESH.05265430-ETH.MESH.05265444; ETH.MESH.05271533-

ETH.MESH.05271570; ETH.MESH.05328894-ETH.MESH.05328894; ETH.MESH.05329032-

ETH.MESH.05329040; ETH.MESH.05328383-ETH.MESH.05328392; ETH.MESH.05220084-

ETH.MESH.05220093); *see also* Response to Request for Production No. 19.  To the extent that

Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 37:**

All documents relating to the design of Pelvic Mesh Products, including but not limited

to Design Validation Protocols and Patent Applications.

**Supplemental Response to Request for Production No. 37:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request with respect to Design Validation Protocols pursuant to

Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the

documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Design

History File, Prods. 6 (ETH.MESH.00218063-ETH.MESH.00218063, ETH.MESH.00218097-

ETH.MESH.00218102, ETH.MESH.00222464- ETH.MESH.00223267, ETH.MESH.00223649-

ETH.MESH.00223655, ETH.MESH.00223801-ETH.MESH.00223828), 14

(ETH.MESH.00748299- ETH.MESH.00748309, ETH.MESH.00750804-ETH.MESH.00750817,

ETH.MESH.00755753-ETH.MESH.00755775, ETH.MESH.00759159-ETH.MESH.00759161),

19 (ETH.MESH.01310576-ETH.MESH.01310577, ETH.MESH.01320540-

ETH.MESH.01320551, ETH.MESH.01425114-ETH.MESH.01425135, ETH.MESH.01594756-

ETH.MESH.01594780), 22 (ETH.MESH.02223555-ETH.MESH.02225631), 24

(ETH.MESH.02312298-ETH.MESH.02312299, ETH.MESH.02313041-

ETH.MESH.02313042), 32 (ETH.MESH.02615242-ETH.MESH.02615248), 43

(ETH.MESH.03846755-ETH.MESH.03846798, ETH.MESH.03878631-ETH.MESH.03880729);

and Trial Master File (Prods. 12, 33, 36, 39, 40, 43, 50, 54, 57, 63, and 70).  To the extent that

Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2, and

objects to further collection and production as unduly burdensome.

**Request for Production No. 38:**

All DOCUMENTS in YOUR possession, custody, or control relating to any Standard

Operating Procedure ("SOP") and policy and procedure manuals relating to the manufacture of

Pelvic Mesh Products during the relevant time period.

**Supplemental Response to Request for Production No. 38:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Additionally, Plaintiffs

and Ethicon continue to meet and confer concerning this subject.  Set forth are some examples of

documents, though not all of the documents, which have been produced to Plaintiffs that may fall

within this Request.  *See* Manufacturing SOPs, Prods. 56 (ETH.MESH.04316563-

ETH.MESH.04333697) and 59 (ETH.MESH.04456226-ETH.MESH.04474211); *see also*

Response to Request for Production No. 36.  To the extent that Plaintiffs seek additional

documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 39:**

All DOCUMENTS constituting and/or summarizing Defendants' post-marketing adverse

event reports for PELVIC MESH PRODUCTS.

24

**Supplemental Response to Request for Production No. 39:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Speifically, Ethicon has produced adverse event information, including source files, from the Remetrex/CHATS system. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 40:**

All MedWatch forms and updates that concern or reference PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 40:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Speifically, Ethicon has produced adverse event information, including source files and MedWatch forms, from the Remetrex/CHATS system.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 41:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding user complaints or concerns pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 41:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Speifically, Ethicon has produced adverse event information, including source files, from the Remetrex/CHATS system. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 42:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding physician or health care provider complaints or concerns pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 42:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Speifically, Ethicon has produced adverse event information, including source files, from the Remetrex/CHATS system. To the extent that Plaintiffs seek additional documents, Ethicon Incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 43:**

All internal communications regarding adverse events, malfunctions, and/or complications related to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 43:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Response to Request for Prod. 35; custodial file productions for Mark Yale, Dan Lamont, Dr. Meng Chen, Drs. Piet Hinoul, David Robinson. Speifically, Ethicon has produced adverse event information, including source files, from the Remetrex/CHATS system.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 44:**

All DOCUMENTS received by Defendants that report an adverse event to Defendants, regardless of the source of such documents, in the original form received by Defendants, excluding any pleadings that initiated litigation against defendants for personal injuries resulting from the use of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 44:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Speifically, Ethicon has produced adverse event information, including source files, from the Remetrex/CHATS system. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 45:**

All correspondence and/or other communication received from doctors, hospitals, healthcare providers, sales representatives, procurement officers and/or PELVIC MESH PRODUCTS users regarding complaints with PELVIC MESH PRODUCTS and/or adverse events with PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 45:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Speifically, Ethicon has produced adverse event information, including source files, from the Remetrex/CHATS system, as well as relevant custodial files. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 46:**

All correspondence and/or other communication prepared and/or sent in response to communication received from doctors, hospitals, healthcare providers, and/or PELVIC MESH PRODUCTS users regarding complaints with PELVIC MESH PRODUCTS and/or adverse events with the PELVIC MESH PRODUCTS, including any and all internal communications.

**Supplemental Response to Request for Production No. 46:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Speifically, Ethicon has produced adverse event information, including source files, from the Remetrex/CHATS system as well as relevant central source and custodial files.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 47:**

All scientific, clinical, and medical literature in YOUR possession, custody or control concerning the safety and/or efficacy of Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 47:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).   To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 48:**

All bibliographies relating to Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 48:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).   To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 & 2.

**Request for Production No. 49:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding any communication with journals, authors, or publications about any articles, registries, or studies relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 49:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Custodial File Productions for Dr. Judi Gauld, Dr. Jessica Shen, Dr. Piet Hinoul, Dr. David Robinson.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 50:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding all published and unpublished medical and scientific articles, abstracts, registries, and/or research papers pertaining to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 50:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Response to Request for Production No. 47, 51; *see also* custodial file productions for Dr. Judi Gauld, Dr. Jessica Shen, Dr. David Robinson, Dr. Piet Hinoul.  To the extent that Plaintiffs  seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 51:**

All DOCUMENTS relating, referring to or embodying any epidemiological studies relating to the PELVIC MESH PRODUCTS and the actual or possible health effects of such products on humans and/or animals.

**Supplemental Response to Request for Production No. 51:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Custodial Production for Dr. Judi Gauld, Dr. Jessica Shen; *see also* Clinical Data, Prods. 25 (ETH.MESH.02330766-ETH.MESH.02330777), 26 (ETH.MESH.02330778- ETH.MESH.02340249), 31 (ETH.MESH.02347255-ETH.MESH.02577459), 33 (ETH.MESH.03368493-ETH.MESH.03378248); Pre-Clinical Data, Prods. 54 (ETH.MESH.04184606- ETH.MESH.04184617), 57 (ETH.MESH.04380444-ETH.MESH.04381614), 70 (ETH.MESH.05302769-ETH.MESH.05319171); Design History File, Prods. 6 (ETH.MESH.00218063-ETH.MESH.00218063, ETH.MESH.00218097-ETH.MESH.00218102, ETH.MESH.00222464- ETH.MESH.00223267, ETH.MESH.00223649-ETH.MESH.00223655, ETH.MESH.00223801-ETH.MESH.00223828), 14 (ETH.MESH.00748299- ETH.MESH.00748309, ETH.MESH.00750804-ETH.MESH.00750817, ETH.MESH.00755753-ETH.MESH.00755775, ETH.MESH.00759159-ETH.MESH.00759161), 19 (ETH.MESH.01310576-ETH.MESH.01310577, ETH.MESH.01320540-ETH.MESH.01320551, ETH.MESH.01425114-ETH.MESH.01425135, ETH.MESH.01594756-ETH.MESH.01594780), 22 (ETH.MESH.02223555-ETH.MESH.02225631), 24 (ETH.MESH.02312298-ETH.MESH.02312299, ETH.MESH.02313041-ETH.MESH.02313042), 32 (ETH.MESH.02615242-ETH.MESH.02615248), 43

(ETH.MESH.03846755-ETH.MESH.03846798, ETH.MESH.03878631-ETH.MESH.03880729); and Trial Master File (Prods. 12, 33, 36, 39, 40, 43, 50, 54, 57, 63, and 70); *see also* Responses to Requests for Production Nos. 30-33.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 52:**

All DOCUMENTS in YOUR possession, custody or control containing any data or information relating to published studies (whether sponsored by YOU or not sponsored by YOU) involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 52:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Responses to Requests for Production Nos. 49, 50, 51.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 53:**

All DOCUMENTS in YOUR possession, custody or control containing any data or information relating to unpublished and discontinued studies (whether sponsored by YOU or not sponsored by YOU) involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 53:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Responses to Requests for Production Nos. 49, 50, 51.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 54:**

All DOCUMENTS in YOUR possession, custody or control containing any data or information relating to ongoing, past, future, or potential studies and/or registries (whether sponsored by YOU or not sponsored by YOU) involving PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 54:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Additionally, Ethicon has produced the Lucente database as specifically requested by Plaintiffs.  *See* Responses to Requests for Production Nos. 49, 50, 51; *see also* Ethicon's Response to Interrogatory No. 7. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 55:**

All DOCUMENTS in YOUR possession, custody or control related to pre-clinical testing conducted that involves PELVIC MESH PRODUCTS including but not limited to all data concerning animal studies, in vitro studies, competitive studies, scientific studies, registries, head-to-head studies, parallel studies, randomized controlled trials, and/or double blind studies.

**Supplemental Response to Request for Production No. 55:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Production 22, 43, 57: Preclinical central source files; Production 31, 33: US Clinical Study CRF/PQ Files; Production 32, 33, 57: Clinical Development central source files; Production 37: ETH.MESH.03717536 – ETH.MESH.03718941.  *See also* Responses to Requests for Production Nos. 49, 50, 51.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 56:**

All DOCUMENTS, including, but not limited to, notebooks and electronic notebooks in YOUR possession, custody or control, provided to clinical investigators or scientists that pertain to past, present, and future pre-clinical and clinical studies of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 56:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* Responses to Requests for Production Nos. 49, 50, 51, and 55; *see* Ethicon's Response to Plaintiffs' Interrogatory No. 7. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 57:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding YOUR internal communications pertaining the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 57:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* Responses to Requests for Production Nos. 4, 28, 29, 33, and 47; *see* Custodial Productions for Dr. Judi Gauld, Dr. Jessica Shen, Dr. Piet Hinoul, Dr. David Robinson, Dr. Aaron Kirkemo, Dr. Axel Arnaud. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 58:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and

policy and procedure manuals relating to YOUR post-marketing surveillance for PELVIC

MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 58:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of the documents, which have been produced to Plaintiffs

that may fall within this Request.  *See* Production 40: ETH.MESH.03738946 –

ETH.MESH.03750798; *See* Production 35, ETH.MESH.03589421-ETH.MESH.03589491;

Production 6, 7, 14, 19, 20: Post Market Surveillance central source files; Custodial Production

for Dan Lamont, Mark Yale, and Catherine Beath.   The parties continue to discuss the

production of SOPs.  To the extent that Plaintiffs seek additional documents, Ethicon

incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 59:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and

policy and procedure manuals relating to YOUR clinical and pre-clinical trials for PELVIC

MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 59:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of the documents, which have been produced to Plaintiffs

that may fall within this Request.  *See* Clinical SOPs (Prod. 37, ETH.MESH.03717536 –

ETH.MESH.03718941; Custodial Productions for Dr. Judi Gauld, Dr. Jessica Shen, Rich

34

Hutchinson, and Elizabeth Vailhe; *see also* central source files of Prod. 22,

ETH.MESH.02216675-ETH.MESH.02217276; Prod. 26, ETH.MESH.02330778-

ETH.MESH.02340249, ETH.MESH.PM.000068; Prod. 31, ETH.MESH.02347255-02577459;

Prod. 32; Prod. 57, ETH.MESH.04385120-ETH.MESH.04385131; Prod. 58,

ETH.MESH.04385948-ETH.MESH.04456225; Prod. 62, ETH.MESH.04525971-

ETH.MESH.04529711.  The parties continue to negotiate concerning the production of SOPs.

To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection

Nos. 1 and 2.

**Request for Production No. 60:**

    All DOCUMENTS in YOUR possession, custody, or control setting forth any SOP,

policy, and procedure concerning adverse event reporting, complaints, or concerns from

physicians, health care facilities, sales persons and representatives, and consumers, and the

reporting of such concerns within YOUR company, and to the FDA, and/or to any other

regulatory body, during the relevant time period.

**Supplemental Response to Request for Production No. 60:**

    Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Response to

Request for Production No. 58.  The parties continue to negotiate concerning the production of

SOPs.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific

Objection Nos. 1, 2 and 3.

**Request for Production No. 61:**

    All internal communications concerning what information should be provided to

consumer, physicians or other healthcare professionals concerning the safety risks and/or

efficacy of PELVIC MESH PRODUCTS including, but not limited to, draft and approved informed consent forms.

### Supplemental Response to Request for Production No. 61:

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See, e.g.,* Agile Labeling production (Prod. 27, ETH.MESH.02340250-ETH.MESH.02342290); Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); Custodial Productions for Catherine Beath, Sean O'Bryan, Jennifer Paine, Bryan Lisa, David Bourdeu, Paul Parisi, Julie Bird, Ivete Camargo, Ken Pagel, Bart Pattyson, Susie Chilcoat, Lissette Caro-Rosado, Marcos Fujihara, Jim Gatewood, Marianne Kaminski, Dr. Aran Maree, Dr. Axel Arnaud, Dr. David Robinson, Dr. Piet Hinoul, Dr. Aaron Kirkemo, and Dr. Martin Weisberg.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

### Request for Production No. 62:

All DOCUMENTS in YOUR possession, custody, or control constituting minutes from meetings, summaries of the minutes of such meetings, agendas for such meetings, presentations made at any such meetings (in their native format) and/or summaries of such meetings with any and all physicians and investigators involved with clinical and pre-clinical trials for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 62:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Productions 22, 43, 57: Preclinical central source files; Production 31, 33: US Clinical Study CRF/PQ Files; Production 32, 33, 57: Clinical Development central source files; Production 37: ETH.MESH.03717536-ETH.MESH.03718941; Production 62.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 63:**

All DOCUMENTS in YOUR possession, custody, or control from physicians and/or investigators concerning all PELVIC MESH PRODUCTS clinical or pre-clinical trials provided to YOU, whether provided to the FDA or not.

**Supplemental Response to Request for Production No. 63:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  *See* Responses to Requests for Production Nos. 30-33, 47, 55, and 62.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 64:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding the retention and/or use of any third-parties who have analyzed or re-analyzed the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 64:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Production 22, 43, 57: Preclinical central source files; Production 31, 33: US Clinical Study CRF/PQ Files; Production 32, 33, 57: Clinical Development central source files; Production 37: ETH.MESH.03717536 – ETH.MESH.03718941; *see also* Responses to Requests for Production Nos. 3, 57, and 63. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 65:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding compensation, honoraria, grants, scholarships, or gifts, offered or paid, to individuals or institutions for work associated with PELVIC MESH PRODUCTS, including, but not limited to, the promotion, marketing, research, pre-clinical and clinical trial investigation, and the authorship of articles related to or concerning PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 65:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* ETH.MESH. 04474212-ETH.MESH.04474272 (Prod. 60); ETH.MESH.00365966 to ETH.MESH.00521868 (Prod. 12); and ETH.MESH.05973074 to ETH.MESH.05973866 (Prod. 90). Materials that pertain to contracts with particular surgeons are

also provided as a part of the Defendant Fact Sheet Process. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 66:**

All DOCUMENTS and/or databases in YOUR possession, custody, or control comprising or regarding any committee, task force, or group YOU created or participated in to address or handle questions or concerns related to the safety and/or efficacy of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 66:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* Responses to Requests for Production Nos. 3, 57, and 63. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 67:**

All DOCUMENTS relating to any meetings of the Global Safety Board or predecessor organization relating to or concerning PELVIC MESH PRODUCTS or HERNIA MESH PRODUCTS, including but not limited to final and draft minutes from meetings, summaries of the minutes of such meetings, and agendas for such meetings.

**Supplemental Response to Request for Production No. 67:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* Prod. 70 (ETH.MESH.05356426- ETH.MESH.05356436, ETH.MESH.05356439- ETH.MESH.05356439). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 68:**

All DOCUMENTS concerning the manufacturing process utilized in making PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 68:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Production 59: ETH.MESH.04459288-ETH.MESH.04474211; ETH.MESH.04456226-ETH.MESH.04459287; *see also* Custodial Production for Daniel Burkley; *see also* Responses to Requests for Production Nos. 3, 27, 28, 36, and 38. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 69:**

All DOCUMENTS concerning any changes to the manufacturing process utilized in making PELVIC MESH PRODUCTS that were considered and/or proposed but were not implemented.

**Supplemental Response to Request for Production No. 69:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* Response to Request for Production No. 68. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 70:**

All DOCUMENTS concerning the design of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 70:**

This Request is duplicative of Request for Production No. 37 and hereby incorporates its response to that request.

**Request for Production No. 71:**

All DOCUMENTS concerning any changes to the design of PELVIC MESH PRODUCTS that were considered and/or proposed but were not implemented.

**Supplemental Response to Request for Production No. 71:**

This Request is duplicative of Request for Production No. 37 and Ethicon hereby incorporates its response to that request.

**Request for Production No. 72:**

All DOCUMENTS concerning a comparison of the safety between PELVIC MESH PRODUCTS and other treatments and/or products used for pelvic floor repair or stress urinary incontinence.

**Supplemental Response to Request for Production No. 72:**

This Request is duplicative of Requests for Production Nos. 4, 28, 30, 33, 47, 57, and 61, and Ethicon incorporates its responses to those requests.

**Request for Production No. 73:**

All DOCUMENTS concerning a comparison of the efficacy between PELVIC MESH PRODUCTS and other treatments and/or products used for pelvic floor repair or stress urinary incontinence.

**Supplemental Response to Request for Production No. 73:**

This Request is duplicative of Requests for Production Nos. 4, 28, 29, 30, 33, 47, 57, and 61, and Ethicon incorporates its responses to those requests.

**Request for Production No. 74:**

All DOCUMENTS comparing the safety and/or efficacy of YOUR PELVIC MESH

PRODUCTS to each other, or to those of another manufacturer.

**Supplemental Response to Request for Production No. 74:**

This Request is duplicative of Requests for Production Nos. 72 and 73, and Ethicon

incorporates its responses to those requests.

**Request for Production No. 75:**

All DOCUMENTS concerning or relating to any studies, including but not limited to all

phases, drafts, protocols, notes, comments, interim reports, final reports, and versions thereof,

whether published or not, that suggest, raise question about, indicate or demonstrate a result that

evaluates the safety of PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 75:**

This Request is duplicative of Requests for Production Nos. 29, 30, and 33, and Ethicon

incorporates its responses to those requests.

**Request for Production No. 76:**

All consulting agreements, engagement agreements, employment agreements, or any

other agreement, however titled, relating in any way the testing, research, development, and/or

evaluation that in any way relates or concerns PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 76:**

This Request is duplicative of Requests for Production Nos. 3, 27, and 65, and Ethicon

incorporates its responses to those requests.

**Request for Production No. 77:**

All Quality Control and/or Quality Assurance policies and/or procedures in place at any

time YOU developed, marketed or sold PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 77:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* QA SOPs (Prod. 40, ETH.MESH.03738946-ETH.MESH.03750798); Custodial Productions for Catherine Beath, Dan Lamont, and Mark Yale; *see also* Responses to Requests for Production Nos. 34 and 58.  The parties continue to negotiate concerning the production of SOPs.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

***Marketing, Promotion, and Training Relating to Pelvic Mesh Products***

**Request for Production No. 78:**

All draft and final package inserts, product labels, and instructions for use provided for any Pelvic Mesh Products and Hernia Mesh Products during the relevant time period.

**Supplemental Response to Request for Production No. 78:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See, e.g.,* Prod. 13 (ETH.MESH.00521869 – ETH.MESH.00523158), Prod. 27 (ETH.MESH.02340250 – ETH.MESH.02342290), Prod. 44 (ETH.MESH.03924613-ETH.MESH.03925203, Agile Labeling production (Prod. 27, ETH.MESH.02340250-ETH.MESH.02342290); Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); *see also* Response to Request for Production No.

43

15 and Response to Interrogatory No. 2.  Ethicon has provided Plaintiffs with a spreadsheet of

IFUs and their copy approval dates.  To the extent that Plaintiffs seek additional documents,

Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 79:**

All final Core Data Sheets relating to Pelvic Mesh Products and Hernia Mesh Products

approved during the relevant time period.

**Supplemental Response to Request for Production No. 79:**

Ethicon states that it has a good faith belief that Core Data Sheets are applicable to

pharmaceutical products as opposed to medical devices.

**Request for Production No. 80:**

All draft and final form Dear Doctor/Healthcare Provider Letters prepared by Defendants

regarding Pelvic Mesh Products or Hernia Mesh Products.

**Supplemental Response to Request for Production No. 80:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of the documents, which have been produced to Plaintiffs

that may fall within this Request.  *See* Prods. 2, 7, 35, 54, 57, 61, 63, 64.   To the extent that

Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 81:**

All draft and final patient and/or consumer information sheets and brochures relating to

Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 81:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the

documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some

examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); *see also* Response to Request for Production No. 15 and Response to Interrogatory No. 2.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 82:**

All draft and final detail aids, physician information sheets, physician brochures, and/or physician marketing and promotional materials relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 82:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); *see also* Response to Request for Production No. 15 and  Response to Interrogatory No. 2.  Ethicon also states that it has made a reasonable search for documents responsive to this request, and has provided Plaintiffs with a spreadsheet of professional education materials and copy approval dates to assist locating the materials in the production.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 83:**

All documents, including promotional and marketing materials, intended to be left by sales representatives in the offices of healthcare professionals relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 83:**

This Request as duplicative of Requests for Production Nos. 81 and 82, and Ethicon hereby incorporates its response to those requests.

**Request for Production No. 84:**

All draft and final documents and/or materials relating to physician training for Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 84:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); Custodial Productions for David Bourdeu, Paul Parisi, Julie Bird, Ivete Camargo, Ken Pagel, Bart Pattyson, Susie Chilcoat, Lissette Caro-Rosado, Marcos Fujihara, Jim Gatewood, and Marianne Kaminski.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 85:**

All documents that index or catalog Defendants' approved or draft advertising, sales and marketing materials, and print and broadcast advertisements, sales aids, visuals, sales scripts, sales guides, and reminder pieces relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 85:**

This request is duplicative of requests numbered 81-84, and Ethicon hereby incorporates its responses to those requests.   Additionally, Ethicon has provided to Counsel for Plaintiffs a spreadsheet listing the available copy review materials for the products at issue along with the copy review dates and bates numbers.

**Request for Production No. 86:**

All documents relating to, submitted to, created by, or concerning any committee that reviews and approves any labeling, advertising, sales and marketing materials, or external communications relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 86:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Agile Labeling production (Prod. 27, ETH.MESH.02340250-ETH.MESH.02342290); Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30).  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 87:**

All documents concerning or relating to marketing plans for PELVIC MESH PRODUCTS, including but not limited to the Global Launch Plans for each PELVIC MESH PRODUCT.

**Supplemental Response to Request for Production No. 87:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Custodial Productions for Lissette Caro-Rosado, Robin Osman, Gisselle Bonet, Zenobia Walji, Jonathan Meek, Lesley Fronio, Evelyn Hall, Marc Feinberg, Jason Hernandez, George Callen, Julie Bird, Stacy Meyer, Adriano Caldas, and Melissa Murguruza; Marketing and/or Sales & Marketing central source files (Prods. 3, 7, 12, 14, 19, 20, 21, 24, 36, 39, 43, 54); Copy Review central source files (Prods. 3, 4, 7, 14, 19, 22, 23, 25, 28, 30, 32, 34, 35, 39). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 88:**

Video files (in video format) of all television advertisements, including drafts, for PELVIC MESH PRODUCTS, produced on DVD.

**Supplemental Response to Request for Production No. 88:**

Ethicon states that it has a reasonable and good faith belief that is does not have information subject to this request.

**Request for Production No. 89:**

Audio files (in audio format) of all radio advertisements, including drafts, for PELVIC MESH PRODUCTS on CD or DVD.

**Supplemental Response to Request for Production No. 89:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs

that may fall within this Request. *See* Prods. 14 (ETH.MESH.00770300-ETH.MESH.00770300, ETH.MESH.00770306-ETH.MESH.00770306, ETH.MESH.00770329-ETH.MESH.00770329), 19 (ETH.MESH.01625779-ETH.MESH.01625779), and 33 (ETH.MESH.03021838-ETH.MESH.03021838). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 90:**

Documents sufficient to identify all advertising agencies or public relations firms utilized by Defendants in connection with PELVIC MESH PRODUCTS in the United States.

**Supplemental Response to Request for Production No. 90:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Custodial Production for Evelyn Hall; *see also* Hall Deposition Transcript (March 1, 2012). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 91:**

All DOCUMENTS showing or proving that an PELVIC MESH PRODUCTS advertisement was run on either television or radio, or placed in print media, including but not limited to affidavits received from the media outlets, media buyers, or YOUR advertising agencies or public relations firms.

**Supplemental Response to Request for Production No. 91:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

Ethicon also incorporates herein its responses to Requests 88, 89 and 93.

**Request for Production No. 92:**

All Documents relating to any Direct-to-Consumer marketing and/or advertising campaigns relating to PELVIC MESH PRODUCTS.

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Custodial Productions for Lissette Caro-Rosado, Robin Osman, Gisselle Bonet, Zenobia Walji, Jonathan Meek, Lesley Fronio, Evelyn Hall, Marc Feinberg, Jason Hernandez, George Callen, Julie Bird, Stacy Meyer, Adriano Caldas, and Melissa Murguruza; Marketing and/or Sales & Marketing central source files (Prods. 3, 7, 12, 14, 19, 20, 21, 24, 36, 39, 43, 54); Copy Review central source files (Prods. 3, 4, 7, 14, 19, 22, 23, 25, 28, 30, 32, 34, 35, 39). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 93:**

Copies of all print advertisements, including drafts, for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 93:**

This Request is duplicative of Requests for Production Nos. 91 and 92, and Ethicon hereby incorporates its response to those requests.

**Request for Production No. 94:**

All DOCUMENTS relating to event advertising for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 94:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 95:**

All DOCUMENTS pertaining to any focus groups or surveys relating to Pelvic Mesh Products.

**Supplemental Response to Request for Production No. 95:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See, e.g.*, ETH.MESH.0059476.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 96:**

Copies in electronic/navigable format of any Web page or Website maintained by or on behalf of Defendants that contains any content relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 96:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Ethicon has produced numerous web-sites to Plaintiffs including www.pelvichealthsolutions.com, www.beatsui, and others.  Set forth are some examples of additional documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-

ETH.MESH.04182320); other Copy Review productions (Prod. 23, 28, 30); and Prod. 69.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 97:**

Screenshots of all Internet based advertisements (including but not limited to Web sites, blogs, bulletin boards, and pod-casts) or e-commerce information relating to PELVIC MESH PRODUCTS sponsored by or on behalf of Defendants, including every screen within any Website.

**Supplemental Response to Request for Production No. 97:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Ethicon has produced numerous web-sites to Plaintiffs including www.pelvichealthsolutions.com, www.beatsui, and others.  Set forth are some examples of additional documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Copy Review paper file (Prods. 2, 3,4 , 7, 14, 19, 22, 32, 35, 39, 70); Copy Review databases (Prod. 34, ETH.MESH.03378249-ETH.MESH.03456669 , and Prod. 54, ETH.MESH.04182320-ETH.MESH.04182320); ETH.MESH.00027891-ETH.MESH.00027891, ETH.MESH.00028505-ETH.MESH.00028505, ETH.MESH.00100441-ETH.MESH.00100441) other Copy Review productions (Prod. 23, 28, 30); and Prod. 69.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 98:**

All DOCUMENTS that identify former and/or present sales representatives or detail persons responsible for, or involved with, the marketing or selling of PELVIC MESH PRODUCTS, including the territory each was responsible for.

**Supplemental Response to Request for Production No. 98:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Further, set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Prod. 3 (ETH.MESH.00140070-ETH.MESH.00140073, ETH.MESH.00149896-ETH.MESH.00149899, ETH.MESH.00149937-ETH.MESH.00149975), 14 (ETH.MESH.00764673-ETH.MESH.00764676), 34 (ETH.MESH.03411506-ETH.MESH.03411506, ETH.MESH.03411523-ETH.MESH.03411524), 70 (ETH.MESH.05149983-ETH.MESH.05149984, ETH.MESH.05158934-ETH.MESH.05158934, ETH.MESH.05185366-ETH.MESH.05185367, ETH.MESH.05185420-ETH.MESH.05185421, ETH.MESH.05186435-ETH.MESH.05186436). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 99:**

All DOCUMENTS used in the training of YOUR sales force and sales representatives who promoted or sold PELVIC MESH PRODUCTS at any point in time.

**Supplemental Response to Request for Production No. 99:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Prod. 3; Prod. 4: ETH.MESH. 00170123- ETH.MESH. 00170148; Custodial Production for the sales representatives that have been produced pursuant to the Defendant Fact Sheet process. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objections Nos. 1 and 2.

**Request for Production No. 100:**

All audio files and video files (in native format) used in the training of your sales force and sales representatives relating to PELVIC MESH PRODUCTS, produced on separate DVD.

**Supplemental Response to Request for Production No. 100:**

This Request is duplicative of Request for Production No. 99, and Ethicon hereby incorporates its response to that request.

**Request for Production No. 101:**

All transcripts of any audio files and video files used in the training of your sales force and sales representatives relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 101:**

This Request as duplicative of Request for Production No. 99, and Ethicon hereby incorporates its response to that request.

**Request for Production No. 102:**

All audio communications (both in audio file format and a transcript of the same) between YOU and YOUR sales force relating to PELVIC MESH PRODUCT.

**Supplemental Response to Request for Production No. 102:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Prod. 3; Prod. 4: ETH.MESH. 00170123- ETH.MESH. 00170148. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 103:**

All email or other written communications between YOU and YOUR sales force relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 103:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request. *See* Production 3; Production 4: ETH.MESH. 00170123-ETH.MESH. 00170148. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 104:**

Any database maintained by or on behalf of Defendants that contains sales call notes and field notes relating to PELVIC MESH PRODUCTS by your sales force.

**Supplemental Response to Request for Production No. 104:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). *See* Prod. 84; ETH.MESH.PM.00000132. To the extent that Plaintiffs seek additional information, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 105:**

Any database maintained by or on behalf of Defendants that contains data concerning the number of prescriptions or orders written by any physician or health care provider relating to PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 105:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).   To the extent that Plaintiffs seek additional information, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 106:**

All DOCUMENTS that contain information created by any sales representative or detail person concerning PELVIC MESH PRODUCTS that were created related to a meeting or conversation with any doctor, pharmacist or healthcare professional.

**Supplemental Response to Request for Production No. 106:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).   *See* Prod. 84; ETH.MESH.PM.00000132 and productions of Sales Representative custodial files.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 107:**

All DOCUMENTS that reflect warnings, objections or criticisms by any United States governmental or regulatory entity of YOUR marketing and/or promotional materials or practices for PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 107:**

This request as duplicative of Requests for Production Nos. 12, 15, 18, 19, 21, 22, 23, 24, 25, and 26 and Ethicon incorporates its responses to those requests.

**Request for Production No. 108:**

All DOCUMENTS that reflect written procedures or guidelines for sales persons or detail people for recording information about doctor and healthcare provider detail visits.

**Supplemental Response to Request for Production No. 108:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Set forth are some examples of documents, though not all of the documents, which have been produced to Plaintiffs that may fall within this Request.  *See* Production 3; Production 4: ETH.MESH. 00170123- ETH.MESH. 00170148; *see* Response to Request for Production No. 99.   To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No.2.

**Request for Production No. 109:**

All DOCUMENTS concerning or regarding the training of YOUR sales persons or detail people who worked on PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 109:**

This Request is duplicative of Requests for Production Nos. 99, 103, 104, 105, 106, 108, and Ethicon hereby incorporates its response to those requests.

**Request for Production No. 110:**

All DOCUMENTS concerning or regarding the compensation scheme for YOUR sales person or detail people who worked on PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 110:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  Specifically, Ethicon points Plaintiffs to the personnel files for sales representatives produced in this action.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 111:**

DOCUMENTS sufficient to identify Defendants' thought leaders and/or key opinion leaders including, but not limited to, doctors and healthcare providers who were offered and/or receive payment or honoraria from Defendants for preparation of scientific papers, posters, medical articles, speeches, lectures, and/or presentations regarding PELVIC MESH PRODUCTS.

**Supplemental Response to Request for Production No. 111:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection No. 1.

**Request for Production No. 112:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding YOUR internal communications pertaining to PELVIC MESH PRODUCTS's past, present, and future anticipated market share and/or sales in the United States.

**Supplemental Response to Request for Production No. 112:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 113:**

All DOCUMENTS in YOUR possession, custody, or control comprising or regarding YOUR internal communications pertaining to PELVIC MESH PRODUCTS's past, present, and future anticipated market share and/or sales worldwide.

**Supplemental Response to Request for Production No. 113:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1, 2 and 3.

**Request for Production No. 114:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to the content and format of labeling for PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 114:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  The parties continue to discuss the production of SOPs.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 115:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to Dear Doctor or Health Advisory Letters concerning or regarding PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 115:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  The parties continue to discuss the production of SOPs.  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 116:**

All DOCUMENTS in YOUR possession, custody, or control relating to any SOP and policy and procedure manuals relating to the content and format of package inserts, patient information sheets, and other information pertaining to or concerning PELVIC MESH PRODUCTS during the relevant time period.

**Supplemental Response to Request for Production No. 116:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). The parties continue to discuss the production of SOPs. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 117:**

All DOCUMENTS in YOUR possession, custody, or control intended to be provided to prescribing physicians regarding PELVIC MESH PRODUCTS and its intended use, contraindications, and potential complications.

**Supplemental Response to Request for Production No. 117:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d). Ethicon states that it has produced the copy review files for IFUs, professional educational materials and patient brochures. To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and  2.

**Request for Production No. 118:**

All DOCUMENTS concerning the relationship between Defendants and any outside person or entity involved in the market analysis, marketing, advertising, or promotion of

PELVIC MESH PRODUCTS, including but not limited to the contracts between Defendants and such person or entity, communications, and any invoices for services rendered.

**Supplemental Response to Request for Production No. 118:**

This request is duplicative of Requests Nos. 87, 90, and 92 and hereby incorporates its responses to those requests.

**Request for Production No. 119:**

All DOCUMENTS concerning YOUR annual sales revenue derived from PELVIC MESH PRODUCTS in the United States and broken down by State for every year since PELVIC MESH PRODUCTS was first marketed and sold in the United States.

**Supplemental Response to Request for Production No. 119:**

Ethicon objects to providing this information as premature and is not reasonably calculated to lead to the discovery of admissible evidence.  Ethicon also incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 120:**

All DOCUMENTS concerning YOUR annual profits derived from PELVIC MESH PRODUCTS in the United States and broken down by State for every year since PELVIC MESH PRODUCTS was first marketed and sold in the United States.

**Supplemental Response to Request for Production No. 120:**

Ethicon objects to providing this information as premature and it is not reasonably calculated to lead to the discovery of admissible evidence.  Ethicon also incorporates Specific Objection Nos. 1 and 2.

**Request for Production No. 121:**

Any and all media and/or news reports relating to PELVIC MESH PRODUCTS in YOUR possession, custody or control.  If responsive materials are television news reports (e.g. 20/20, Dateline, local evening news, etc.) produce the native video file of such reports.

**Supplemental Response to Request for Production No. 121:**

Consistent with the Protective Order entered by the Court, Ethicon is producing the documents responsive to this Request pursuant to Fed. R. Civ. P. 33(d).  To the extent that Plaintiffs seek additional documents, Ethicon incorporates Specific Objection Nos. 1 and  2.

**Request for Production No. 122:**

All DOCUMENTS or information relating to the marketing of PELVIC MESH PRODUCTS through any internet-based website, email campaign, or any other use of the internet or electronic communication.

**Supplemental Response to Request for Production No. 122:**

This Request is duplicative of Requests for Production Nos. 96, 97 and Ethicon incorporates its response to that request.

**Request for Production No. 123:**

All DOCUMENTS, notes, videos, or other information relating to PELVIC MESH PRODUCTS on Defendant sponsored, supported, edited, and/or linked websites, FaceBook pages, MySpace pages, Twitter pages, Wikipedia or pages on any other websites.

**Supplemental Response to Request for Production No. 123:**

This Request is duplicative of Request for Production Nos. 96, 97 and 122, and Ethicon incorporates its response to that request.

**Request for Production No. 124:**

Copies of all information relating to the marketing of PELVIC MESH PRODUCTS by Defendants through chat rooms and women's health-related websites or forums, and other social networking media.

**Supplemental Response to Request for Production No. 124:**

This Request as duplicative of Request for Production Nos. 96, 97 and 122, and Ethicon incorporates its response to that request.

This the 14th day of June, 2013.

Respectfully submitted,

*/s/Christy D. Jones*
CHRISTY D. JONES
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
1020 Highland Colony Parkway
Suite 1400
P.O. Box 6010
Ridgeland, MS  39158-6010
Telephone: (601) 985-4523
Fax: (601) 985-4500
Email: christy.jones@butlersnow.com

KARI L. SUTHERLAND
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
1200 Jefferson Avenue
Oxford, MS 38655
Telephone: (662) 236-7481
Fax: (662) 513-8001
Email: kari.sutherland@butlersnow.com

**ATTORNEYS FOR DEFENDANT
ETHICON, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on counsel for Plaintiffs via electronic mail this the 14th day of June, 2013.

*/s/ Christy D. Jones*

ButlerSnow 16712237v2