UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY TO DEFENDANT ETHICON, INC.'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

The Plaintiffs' Steering Committee respectfully submits the following reply to Defendant Ethicon, Inc.'s ("Ethicon") Supplemental Response in Opposition to Plaintiffs' Motion to Compel.

Ethicon's supplemental response is a prime example of procedural gamesmanship that has no place in any litigation, much less this one. Plaintiffs' Motion to Compel has been fully briefed by the parties and is ripe for the Court's consideration.

Apparently unsatisfied—either by its own response and/or about its chances of prevailing on the issues—Ethicon seeks to undercut Plaintiff's arguments by serving an additional round of supplemental responses after the motion has been filed. The putative basis for filing its "supplemental response" are the presence of "new facts"—facts that have been intentionally "created" by Ethicon in an attempt to fulfill its own agenda and which reflect a not-so-subtle attempt to run (quickly) away from its previous discovery responses. But Ethicon cannot simply undo what has been done based on a desire to avoid the consequences of its actions. This is particularly true with respect to objections that have already been waived under applicable law,

1

as argued in Plaintiffs' motion.  Apparently, Ethicon believes it can prevent a court from resolving a discovery dispute by simply re-casting objections in supplemental responses without ever addressing the fundamental deficiencies in the original responses which become the subject of a motion to compel. Such tactics have been soundly rejected.  *See Hunt v. McNeil Consumer Healthcare* , 2012 WL 2871211, at *5 (E.D. La. July 12, 2012). Once waived, objections to discovery are gone. They cannot be reasserted. Yet, Ethicon seeks to do exactly that. In its supplemental discovery responses, Ethicon seeks to re-raise objections to discovery as though the pending motion to compel raising waiver had never been filed. Not surprisingly, Ethicon fails to cite a single case supporting such a novel approach—an approach that would effectively allow one party to strip another party of its waiver claims as though they never existed. Indeed, such an illogical approach has been expressly rejected by courts, including the Eastern District of Pennsylvania:

> The plaintiffs argue in their Memo in Opposition that Jefferson Bank's Motion to Compel was rendered moot with respect to the self-executing discovery because they have now produced that discovery. The law does not support the plaintiffs' contention. As Jefferson Bank correctly points out, a party can not [sic] avoid the consequences of its action (or more appropriately, inaction) by making a response to discovery requests that should have been made earlier, only after a motion to compel has been filed. The purpose of self-executing discovery would be defeated if parties could—without consequence—produce such discovery for the first time as an exhibit to a memorandum in opposition to a motion to compel.

*Wolk v. Cohen*, No. 94-5096, 1995 WL 214412, at *2 (E.D. Pa. April 7, 1995) (citations omitted).

A more recent case from the District of Minnesota is also applicable to the present situation. *See Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012). In that case, the defendant, National Interstate, argued that plaintiff Cargill's motion to compel was moot because National Interstate had responded to discovery.  However, Cargill argued that

National Interstate had waived its discovery objections and further argued that the production was incomplete. The court agreed with Cargill, holding that National Interstate had waived all of its objections due to untimely responses, and declined to declare the issue moot because it was unclear to the court whether the responses were complete. *Id*. at 428-29. As in *Cargill*, Plaintiffs have asked for a ruling that Ethicon has waived its discovery objections. And, the history of Ethicon's productions, as described in prior briefing, makes clear that Ethicon's production to date is incomplete, at best.

Ethicon also complains in its supplemental response that Plaintiffs are unwilling to continue negotiations, which is completely absurd. Plaintiffs' counsel has and will continue to meet and confer with Ethicon on discovery issues. However, as more fully described in the motion to compel, for purposes of the present set of discovery it is Plaintiff's contention that Ethicon's objections have been waived. Until this Court decides that issue as well as the other inadequacies identified in the motion to compel, there is a stalemate. For obvious reasons, Plaintiffs are unwilling to give up their waiver arguments so that Ethicon can continue to assert objections to discovery, and Ethicon is likewise unwilling to concede that it has waived its objections. For these reasons, Plaintiffs request that the Court enter an order on the issues raised in the motion to compel. The motion has been fully briefed and is ripe for consideration.

Finally, despite Ethicon's attempt to make Plaintiffs' counsel sound unreasonable, Plaintiffs' counsel has made its position clear in correspondence. For instance, Bryan Aylstock's letter to defense counsel Ben Watson of July 5, 2013 begins as follows:

> As you know, and as I stated in my letter of July 1, 2013, our Motion to Compel takes the position that your client has waived its objections. Specifically, by answering discovery "subject to" objections and by responding to discovery with boilerplate objections. Under these circumstances, it defies logic to suggest that we should surrender our waiver arguments, among others, so that your client can continue to assert objections to discovery. Moreover, we do not envision your

>latest supplemental responses (filed only after the Motion to Compel had been filed) as a viable escape hatch to avoid a ruling on the motion.

(Alystock letter of July 5, 2013, attached as Exhibit A). Plaintiffs have had to endure delay after delay with respect to discovery issues over the last several months. This frustration is borne out in Mr. Aylstock's email to Mr. Watson on April 6, 2013, wherein he said: "You have promised us revised discovery responses following our multiple meet and confers for weeks. We simply cannot keep waiting as the delay is already affecting our ability to complete our discovery in line with the trial schedule." (Aylstock e-mail of April 6, 2013, attached as Exhibit B). Over three months later, the Plaintiffs are still seeking the same discovery while Ethicon is essentially seeking to have Plaintiffs "start over" while it continues to assert objections to production. Such a position is untenable.

Given the issues currently before the Court, and given Ethicon's history of dragging its feet on discovery, the Court should not expect Plaintiffs' counsel to accept Ethicon's invitation to "go through the responses one-by-one to work out any remaining differences." (Def. Supp. Br. at 1-2). The parties have been down that road before in numerous meet and confers, to no avail. Instead, consistent with the caselaw, the Court should rule that Ethicon has waived its objections and that it must complete its production. Then, if necessary, the parties can go through the responses together to work on completing the discovery process.

As this Court has written, "a party should not be left in the position of doubting the thoroughness and implication of a discovery answer." *Kelly v. FedEx Ground Package System, Inc.*, No. 3:10-cv-01265, 2011 WL 2582517, at *1 (S.D. W. Va. June 29, 2011). Plaintiffs were in that exact position <u>before</u> Ethicon's supplemental discovery responses, and they remain in that position <u>after</u> Ethicon's supplemental responses. As such, the Court should not delay in ruling on Plaintiff's Motion to Compel.

4

Dated: July 15, 2013 Respectfully submitted,

/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com


/s/ Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1102
F: 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/


*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2013, I electronically filed the foregoing document, using the Court's CM/ECF filing system, thereby sending notice of said filing to all counsel of record for this matter.

/s/ D. Renee Baggett_____
D. RENEE BAGGETT
**Attorney for Plaintiffs**