# EXHIBIT A



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)

*States in which attorney is licensed to practice law

Aylstock, Witkin, Kreis & Overholtz, PLLC
www.AWKOLAW.com
17 EAST MAIN STREET, SUITE 200 · PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 · FAX: (850) 916-7449

NATHAN C. BESS (FL)
E. SAMUEL "SAM" GEISLER (FL, IL)
JAMES D. BARGER (PA, NJ)
ANGEL N. STULL (FL, NY)
CHELSIE R. WARNER (MT, NV)
MARY LIU (CA, FL)
BEN H. ANDERSON (OH, CA)†
DONNA TAYLOR-KOLIS (OH)†
CHRISTOPHER J. ZIMMERMAN (OH)†

†Of counsel

July 5, 2013

**VIA E-MAIL**

Ben Watson
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS  39158-6010

      RE:    *In re:  Ethicon, Inc. Pelvic Repair System*
                Products Liability Litigation MDL No. 2327

Dear Ben:

      As you know, and as I stated in my letter of July 1, 2013, our Motion to Compel takes the position that your client has waived its objections. Specifically, by answering discovery "subject to" objections and by responding to discovery with boilerplate objections.  Under these circumstances, it defies logic to suggest that we should surrender our waiver arguments, among others, so that your client can continue to assert objections to discovery.  Moreover, we do not envision your latest supplemental responses (filed only after the Motion to Compel had been filed) as a viable escape hatch to avoid a ruling on the motion.  Not only are such procedural tactics frowned upon by courts, but your client cannot avoid the consequences of its actions by attempting to undo its putative acts of waiver.

      This is particularly true here, where: (1) we had made clear since the very beginning in our multiple meet and confer sessions that "subject to" and boilerplate objections were improper under the rules; (2) your responses served on April 8th were served many weeks late, and only after we had to threaten to file a motion to compel; (3) we had made clear prior to these responses that this would be our "final" meet and confer on these issues; and (4) we had specifically requested on multiple occasions and in writing that you make the responses that were eventually served on April 8th your "best and final and best efforts to comply" and the "most your clients are willing to do following our extensive meet and confers…"  *See* emails from March 19, 2013 and April 6, 2013, attached hereto.

P.O. BOX 12630
PENSACOLA, FLORIDA 32591
PHONE: (850) 202-1010

11440 NORTH KENDALL DRIVE, PENTHOUSE 400
MIAMI, FLORIDA 33176
PHONE: (305) 220-2956 · FAX: (305) 227-2956

Mr. Ben Watson
July 5, 2013
Page 2

      Thus, unless your client is willing to waive all of its objections to discovery as argued in our motion, I do not see any meaningful purpose in engaging in further meet and confers on this issue. The matter has been fully briefed and is ripe for review.

      We have contacted Laura about potential dates to hear this matter and the following dates and times work with the Court and our schedules for either an in-person or a telephonic hearing: July 11th (any time), July 12th (early to mid-afternoon), and July 17th (from 11:30 a.m. into the afternoon). Please let us know if any of these dates or times work for you.

Sincerely,

Bryan Aylstock

cc:   Tom Cartmell (via email)
       Renee Baggett (via email)
       Christy Jones (via email)

P.O. Box 12630
Pensacola, Florida 32591
Phone: (850) 202-1010

11440 North Kendall Drive, Penthouse 400
Miami, Florida 33176
Phone: (305) 220-2956 · Fax: (305) 227-2956