IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION                MDL No. 2327

---------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 55**
(Defendants' Motion for Protective Order Regarding
Sequence and Timing of Depositions)

      Defendants, Johnson & Johnson and Ethicon, Inc., move the court for an order pursuant to Federal Rule of Civil Procedure 26(c) requiring Plaintiffs to take Rule 30(b)(6) and fact witness depositions in tandem when they involve the same individual. (ECF No. 633). Defendants contend that Plaintiffs have requested the depositions of 73 fact witnesses and have also served notices of Rule 30(b)(6) depositions identifying over 100 topics of inquiry. At present, five individuals that are slated for deposition in their individual capacities have also been designated as corporate representatives pursuant to Rule 30(b)(6). Defendants argue that Federal Rule of Civil Procedure 26(d) allows the court broad discretion to order the sequence of discovery when necessary to effect justice. According to Defendants, the large number of depositions requested by Plaintiffs combined with the anticipated length of each deposition (at least one is expected to last as long as nine days) makes it critically important that the depositions be scheduled efficiently. In addition, Defendants emphasize the disruption to their business operations and to the schedules of the witnesses when they are required to appear more

1

than once, days or weeks apart, to testify in this litigation. For these reasons, Defendants ask the court to order Plaintiffs to take the fact witness depositions of individuals, who are also designated as a Rule 30(b)(6) corporate representatives, on the next business day following completion of the individuals' Rule 30(b)(6) depositions.

In response, Plaintiffs argue that this issue has already been addressed and resolved in the deposition protocol negotiated by the parties. (ECF No. 643). Plaintiffs point to language in the protocol that allows the parties to agree to the consecutive depositions of an individual who is both a fact witness and a Rule 30(b)(6) designee, but does not *require* such scheduling. Plaintiffs contend that by ordering "back-to-back" depositions, the court would effectively combine two separate depositions and eliminate Plaintiffs' opportunity to digest the corporation's testimony for use in the fact witness deposition.

Federal Rule of Civil Procedure 26(c) allows the court, for good cause, to issue an order specifying the terms of discovery, including time and place, when necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The burden of demonstrating good cause rests with the party seeking to regulate the discovery. *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 124 (D.Md. 2009). "In order to establish good cause, the movant must present a "particular and specific demonstration of fact," as to why a protective order is appropriate and may not rely upon "stereotyped and conclusory statements."  Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2035 (1994) (citations omitted). Thus, "the standard for issuance of a protective order is high," *Minter,* 258 F.R.D. at 125.

While Defendants raise some valid points, they have failed to show through a specific demonstration of fact that a blanket protective order is needed. The court is

disinclined to enter an order that mandates, without context, a particular deposition sequence whenever an individual is identified as both a fact witness and a Rule 30(b)(6) designee. The deposition protocol governing this litigation anticipates that the parties will schedule depositions in a manner and sequence designed to reduce the burdens on the witnesses and to prevent duplication of testimony. The court expects the parties to respect those goals. Therefore, Defendants' motion for protective order (ECF No. 633) is **DENIED**.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-20096. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

        **ENTERED:** July 16, 2013.

        Cheryl A. Eifert
        United States Magistrate Judge