IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.
        PELVIC REPAIR SYSTEMS
        PRODUCT LIABILITY LITIGATION            MDL No. 2327

---------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 56**
(Plaintiff's' Motion to Compel Responses to First Set of Interrogatories
And First Set of Requests for Production of Documents)

Pending before the court is Plaintiffs' motion to compel discovery responses. (ECF No. 585). The parties fully briefed the issues, (ECF Nos. 632, 639, 662, 663), and on July 17, 2013, the undersigned conducted a lengthy hearing with counsel for the parties. Having considered the arguments of counsel, the court **GRANTS**, **in part,** and **DENIES, in part**, Plaintiffs' motion to compel responses to the first set of requests for production of documents; takes under advisement Plaintiffs' motion to compel responses to interrogatories; and holds in abeyance, for further briefing, issues regarding (1) the relevance of information pertaining to hernia mesh; (2) the scope and breadth of discovery relating to documents located outside of the United States; (3) the relevance of patent information; and (4) the propriety of compelling the production of Defendant Ethicon, Inc.'s financial information at this stage of the litigation.

## Motion to Compel Production of Documents-In General

In addition to specific criticisms of individual discovery answers, Plaintiffs express several fundamental concerns with the overall quality of the responses filed by Ethicon.

1

First, Plaintiffs argue that Ethicon asserts boilerplate objections to every discovery request. Notwithstanding these objections, Ethicon produces documents. As a result, Plaintiffs are left in the position of doubting the thoroughness of the production and the significance of the objections. Second, Plaintiffs question Ethicon's diligence in searching for responsive documents, pointing to perceived gaps, inconsistences, and delays in the productions. Finally, Plaintiffs complain that many of Ethicon's answers refer Plaintiffs to the universe of previously produced electronic documents with a recommendation that Plaintiffs search the database to find relevant materials; thus, dodging the requisite commitment associated with supplying a complete and unambiguous answer to the individual requests. The undersigned will address each of these concerns in turn.

### *Boilerplate Objections*

On June 14, 2013, approximately one month after Plaintiffs filed the motion to compel, Ethicon filed a second supplemental response to Plaintiffs' first requests for production of documents. (ECF No. 662-1). In the supplemental response, Ethicon abandons most of its general objections, reserving only three. The first objection involves the relevancy of information pertaining to hernia mesh products. Ethicon objects to Plaintiffs' inclusion of Prolene mesh and Prolene Soft Mesh, two hernia mesh products, in the definition of "pelvic mesh products" for the purpose of requesting documents.

The second objection involves the scope of Plaintiffs' requests. According to Ethicon, Plaintiffs routinely seek "any" and "all" documents on a given subject matter, which, on its face, constitutes an overly broad and unduly burdensome demand. In addition, Plaintiffs request detailed information regarding Ethicon's patents for pelvic mesh products. Ethicon contends that patent information is irrelevant to the issues in dispute.

The last objection pertains to documents located outside of the United States ("OUS" documents). Ethicon asserts that it currently possesses millions of documents located in more than one hundred countries, which arguably are responsive to Plaintiffs' broad discovery requests, but which are entirely irrelevant to the claims and defenses in this multidistrict litigation. Ethicon argues that it should not be forced to collect, review, and produce these OUS documents as the burden far outweighs the potential benefit of the discovery.

At the hearing, Ethicon clarified that its second supplemental responses to Plaintiffs' first set of document requests were intended to *replace* its prior responses rather than merely *add to* them. That being the case, many of Plaintiffs' concerns over boilerplate objections are resolved by the amended answers. Regarding Ethicon's remaining objections, the court construes Ethicon's arguments as a request for a protective order under Federal Rule of Civil Procedure 26(c). Consequently, the court **ORDERS** Ethicon to file on or before **July 31, 2013** a memorandum in support of a protective order that (1) prohibits Plaintiffs' requests for information regarding hernia mesh; (2) limits the scope of Ethicon's OUS document production; and (3) prohibits the production of patent information. Plaintiffs shall have **fourteen (14) days** after service of Ethicon's memorandum in which to respond, and Ethicon shall have **seven (7) days** after service of the response in which to reply.

Ethicon represented to the court that, apart from documents specific to hernia mesh or OUS documents, it has not withheld any responsive documents on the basis of the scope of the request. Therefore, the court overrules Ethicon's scope objection as to all documents produced to date, but grants Ethicon leave to assert a scope-based objection for documents collected and either produced or withheld in the future, as long as the

objection is specific and provides a reasonable explanation of the grounds underlying the objection.

### *Adequacy of Ethicon's Search for Documents*

Plaintiffs take the position that Ethicon's search for responsive documents has been woefully inadequate. In support of their contention, Plaintiffs provide detailed examples of instances in which documents are missing from productions; documents represented to be final drafts are later replaced with different "final" drafts; documents that supposedly do not exist appear during depositions; documents are produced without key attachments such as appendices; documents which clearly existed at some point in the past inexplicably disappear; and documents that allegedly are the subject of intensive and unsuccessful searches are suddenly found in open and obvious locations.

In response, Ethicon argues that it has fully fulfilled its duty to conduct a diligent search for documents as proven by its production of over 8.5 million pages in electronic form, over 1 million pages of OUS documents, 171 policies and procedures, and a privilege log containing over 18,000 entries. Ethicon indicates that its production has been completed on a rolling basis, and it continues to produce relevant documents as they are located.

Federal Rule of Civil Procedure 34 requires a party responding to a request for production of documents to conduct a reasonable and diligent search for responsive materials. *See Hock Foods, Inc. v. William Blair & Co., L.L.C.,* Case No. 09–2588–KHV, 2011 WL 884446, at *8 (D.Kan. March 11, 2011) (collecting cases). At a minimum, the Rule requires a corporation to question key employees about the existence and location of relevant documents. *Id; see also Autery v. SmithKline Beecham Corp.,* Case No. 05-0982, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (When responding to discovery, a party

4

is charged with the knowledge of information possessed by its agents); *Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 189 (C.D.Cal. 2006) ("[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and, based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control") (citations and quotation omitted); *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 929 (1st Cir.1988) ("Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by ... failing to examine records within its control"); *In re Independent Service Organizations Antitrust Litigation,* 168 F.R.D. 651, 653 (D.Kan. 1996) (A party cannot meet its discovery obligations by "sticking its head in the sand and refusing to look for the answer and then saying it does not know the answer"); *Finkelstein v. District of Columbia,* Case No. 85-2616, 1987 WL 14976, *6 (D.D.C. 1987) (Rule 34 contemplates that a party will conduct a diligent search through all likely repositories of records). The failure of a responding party to conduct a reasonable and diligent search under Rule 34 creates the basis of a motion to compel and ultimately may result in the imposition of sanctions. Federal Rule of Civil Procedure 37(c) supplies the court with broad discretion, as well as a variety of sanctions, to punish a party that fails to supplement an incomplete or incorrect discovery response, ranging from monetary sanctions to rendering judgment against the disobedient party.

      Plaintiffs suspect that Ethicon has failed to conduct a thorough search of its records to promptly respond to discovery requests and has unnecessarily delayed the provision of critical information; however, Plaintiffs do not move for sanctions, and the record is entirely insufficient to justify punitive measures by the court. Accordingly, the

court shall not look further into Plaintiffs' suspicions at this time. Ethicon is reminded of its duties under Rule 34, as well as its duty to supplement under Rule 26(e).

### *Duty to Specify Location of Responsive Documents*

Plaintiffs' final concern involves Ethicon's manner of responding to discrete requests by referring Plaintiffs to the electronic database of previously produced documents and then providing "examples" of where in the database some, but not all, of the responsive documents may be found. Ethicon counters that it has provided documents in an electronically-searchable format that was negotiated by the parties and contains at least 30 agreed-upon index fields; therefore, Ethicon should not be compelled to conduct the document search for Plaintiffs.

Rule 34(b)(2)(B) provides as follows: "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." While Rule 34 does not require a responding party to organize and label responsive documents for the convenience of the requesting party, "Rule 34 is generally designed to facilitate discovery of relevant information by preventing 'attempts to hide a needle in a haystack' by mingling responsive documents with large numbers of nonresponsive documents." *Armor Screen Corp. v. Storm Catcher, Inc.,* Case No. 07-81091-Civ., 2009 WL 291160, at *2 (S.D.Fla. Feb.5, 2009) (quoting *Williams v. Taser Int'l, Inc.,* 1:06-cv-0051-RMS, 2006 WL 1835437 (N.D.Ga. June 30, 2006) (internal brackets omitted). "A producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect." *City of Colton v. Am. Promotional Events, Inc.,* 277 F.R.D. 578, 584-85 (C.D.Cal. 2011).

The undersigned finds that Ethicon does not meet its obligations under Rule 34 when it refers Plaintiffs to "some" of the previously produced documents as "examples" of materials responsive to individual requests. As Ethicon emphasizes, it has produced over 8.5 million pages. Considering that the documents belong to Ethicon and were collected by Ethicon for production, Ethicon certainly is in the best position to identify where, generally, in the database Plaintiffs may find all of the responsive documents. In fact, Ethicon substantiates this conclusion by referring Plaintiffs to certain custodial files and Bates-stamp ranges as containing some of the requested materials. Therefore, the court **ORDERS** Ethicon to supplement its previous responses to provide Plaintiffs with more complete information regarding where in the database documents responsive to specific requests may be or are located.

### Motion to Compel Production of Documents-Specifically

After addressing Plaintiffs' general concerns, the parties reviewed each request for production of documents to determine the adequacy of Ethicon's responses. Bearing in mind that (1) the issues relating to hernia mesh and OUS documents remain outstanding; (2) Ethicon must supplement its answers as indicated above; and (3) Ethicon retains its right to assert objections based on the scope of future productions, but all existing objections on scope are overruled, the parties agreed that the following responses are generally sufficient: Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 28, 29, 30, 32, 33, 35, 36, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 61, 62, 63, 64, 66, 67, 68, 69, 77, 78, 79, 80, 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 105, 111, 112, 113, 114, 117, and 120.

In regard to Request Nos. 8, 34, 38, 58, 59, 60, 82, 84, 114, 115, 116 the parties will continue to meet and confer to resolve any outstanding issues. Request Nos. 98-104, 106,

108, 110 involve information relating to Ethicon's sales representatives. Plaintiffs request materials pertinent to all of Ethicon's pelvic mesh sales representatives, while Ethicon contends that only information relevant to the representatives involved in the Discovery Pool cases should be produced at this time. According to Ethicon, the parties reached an understanding during extensive negotiations over Defendants' fact data sheets that information regarding Ethicon's sales representatives would be limited to those in the Discovery Pool cases. The record available to the court is inadequate to resolve this dispute. Thus, the court **ORDERS** the parties to meet and confer and, if the issue cannot be promptly resolved, to file memoranda on the same schedule outlined above for the matters of hernia mesh, OUS documents, and patents.

Ethicon is also **ORDERED** to review its answers to Request Nos. 12, 25, 26, and 56 and provide supplemental responses, if any, on or before **July 24, 2013**. In addition, no later than **July 31, 2013**, Ethicon is **ORDERED** to provide Plaintiffs with in-use dates for final patient and consumer information sheets and brochures as requested in Request No. 81, or confirm that final dates cannot be determined. Regarding Request No. 31, Ethicon is **ORDERED** to provide Plaintiffs with any written materials not previously provided underlying or supporting Ethicon's degradation studies by the end of business on **July 24, 2013**. As to non-written materials, such as pathology slides, the parties are **ORDERED** to meet and confer on a protocol to share these materials. If an agreed protocol cannot be negotiated by **July 31, 2013**, the parties shall so advise the court.

On or before **July 24, 2013**, Plaintiffs are **ORDERED** to serve Ethicon with a revision to Request for Production No. 65 that is more focused. Plaintiffs further agree to withdraw their motion to compel Request Nos. 71, 72, 73, 74, 75, 76, 83, 93, 107, 109, 122, 123, and 124, as they are duplicative of other requests. Finally, Plaintiffs seek the

production of Ethicon's annual sales revenue and annual profits derived from pelvic mesh products for every year since the products were first marketed and sold in the United States, (Request Nos. 119, 120). Ethicon objects to these requests as being irrelevant and premature. The parties agree that the issue requires briefing and argument. Accordingly, Plaintiffs are **ORDERED** to supply a memorandum in support of the production of Ethicon's financial information on or before **August 16, 2013.** Ethicon shall have through and including **August 30, 2013** in which to respond, and Plaintiffs shall have **seven (7) days** after service of the response in which to file a reply memorandum.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327, and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-20735. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:** July 22, 2013.

Cheryl A. Eifert
United States Magistrate Judge

9