IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
       PELVIC REPAIR SYSTEMS
       PRODUCT LIABILITY LITIGATION          MDL No. 2327

----------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 58**
(Plaintiff's' Motion to Compel Responses to First Set of Interrogatories)

On Monday, July 22, 2013, the undersigned entered Pretrial Order # 56 in which the court took under advisement Plaintiffs' motion to compel responses to interrogatories. (ECF No. 585). Having considered the motion and the positions of the parties, the court **GRANTS** same as set forth below.

On July 25, 2012, Plaintiffs served their first set of interrogatories on Defendant, Ethicon, Inc. ("Ethicon"). Since that time, the parties have worked together diligently trying to resolve disagreements over the discovery requests and the sufficiency of Ethicon's responses. On April 8, 2013, Ethicon supplied Plaintiffs with second supplemental responses to the first set of interrogatories. However, Plaintiffs continue to find the responses inadequate and have presented the remaining disputes to the court for resolution.

Plaintiffs have two major problems with Ethicon's responses. First, virtually every response is prefaced with nonspecific objections based on scope, burdensomeness, ambiguity, and privilege. The privilege objections are not supported by a contemporaneous privilege log. Second, Ethicon frequently exercises its right to refer

1

Plaintiffs to documents pursuant to Federal Rule of Civil Procedure 33(d), but fails to identify the pertinent documents with sufficient detail to allow Plaintiffs to easily identify them. In response, Ethicon argues that its objections are necessitated by the breadth and ambiguity of the requests; it has submitted a privilege log containing more than 18,000 entries; and its practice of referring Plaintiffs to the entire database of electronically stored documents is perfectly acceptable, because the database is searchable. Ethicon asserts that the documents are formatted in the manner requested by Plaintiffs and may be searched by more than thirty identifying fields. Therefore, the burden of searching the database for responsive information is the same for both parties.

I. **Relevant Legal Standards**

   A. *Specificity*

Federal Rule of Civil Procedure 33(b)(4) requires objections to interrogatories to "be stated with specificity." As such, "[g]eneral objections to discovery, without more, do not satisfy the burden of the responding party … to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Hager v. Graham,* 267 F.R.D. 486, 492 (N.D.W.Va. 2010). "In other words, objections to interrogatories must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 356 (D.Md. 2012). Moreover, objections on the grounds of burdensomeness or breadth must be supported by more than mere conclusory and unsubstantiated arguments. The court will only consider these objections when the objecting party demonstrates how the discovery is overly broad, burdensome, or oppressive by submitting affidavits or other evidence revealing the precise nature of the burden. *Convertino v. United States Department of Justice,* 565 F.

Supp.2d 10, 14 (D.D.C. 2008). *See also Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery.); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

### B. Rule 33(d)

Federal Rule of Civil Procedure 33(d) provides as follows:

If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Thus, four criteria must be met by the responding party to satisfy its obligations under Rule 33(d). First, the information sought by the interrogatory must be available in the records. *Minter v. Wells Fargo Bank, N.A.* 286 F.R.D. 273, 277 (D.Md. 2012) (citations omitted). Second, the producing party must specify where in the records the information may be found. *Id.* "Third, the producing party must demonstrate that answering the interrogatory in the more traditional manner would impose a burden. ... Finally, the responding party must demonstrate, as the rule requires, that the burden of acquiring or

3

compiling the information is substantially the same for both parties." *Id.* Clearly, the comparative burden envisioned by the rule is not the burden of identifying which records contain the responsive information, but instead, is the expense and inconvenience of reviewing the designated records and ascertaining the answer from within them. *See* Fed.R.Civ.P., Notes of the Advisory Committee, 1980 Amendment.[1]

Consequently, referring an interrogating party to an entire database of electronically stored information does not meet the specificity requirement of Rule 33(d)(1). *See Hillyard Enterprises, Inc. v. Warren Oil Co., Inc.*, No. 5:02–CV–329, 2003 WL 25904133, at *2 (E.D.N.C. Jan. 31, 2003) ("Rule 33(d) is meant to 'make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.'") (*quoting American Rockwool v. Owens–Corning Fiberglas Corp.,* 109 F.R.D. 263, 266 (E.D.N.C. 1985); *F.D.I.C. v. Willets*, No. 7:11–CV–165–BO, 2013 WL 1943461, at *2 (E.D.N.C. May 9, 2013) ("Merely, 'directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery.'") (citations omitted); *SEC v. Elfindepan, S.A.,* 206 F.R.D. 574, 576–77 (M.D.N.C. 2002) (The producing party must adequately and precisely specify for each interrogatory, "the actual documents where information will be found.); *Mullins v. Prudential Ins. Co. of America,* 267 F.R.D. 504, 514-15 (W.D.Ky. 2010) ("Rule 33(d) is not intended to be used as 'a procedural device for avoiding the duty

---

[1] The Committee noted the following:

[P]arties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option … [under the Rule], a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.

4

to give information.'") (citation omitted); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 320, 325–26 (N.D. Ill. 2005) ("[T]here must be a sufficiently detailed specification of the records to permit the interrogating party to find the document as readily as can the party served. These are not optional requirements."); *Sungjin FoMa, Inc. v. Chainworks, Inc.,* No. 08–CV–12393, 2009 WL 2022308, at *4 (E.D.Mich. Jul. 8, 2009) ("[D]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery.") (internal quotation marks and citations omitted); *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir. 1983) (When using Rule 33(d), a party must "specify where in the records that answers can be found.").

With this legal framework in mind, the undersigned examines Ethicon's responses to the interrogatories.

## II. <u>Responses</u>

Ethicon objects to interrogatories seeking information related to hernia mesh and to the manufacturing and distribution of pelvic mesh outside of the United States. In light of the court-ordered briefing schedule on these matters, which is outlined in Pretrial Order # 56, the court holds in abeyance its ruling on these specific objections.

Nevertheless, the court overrules Ethicon's general objections, asserted at the outset of every response, which claim that the interrogatories are "ambiguous," "overly broad," "unduly burdensome," "irrelevant," "not reasonably calculated to lead to admissible evidence," and "not limited to the relevant time frame." These objections simply are not stated with sufficient particularity and, therefore, are improper. Moreover, to the extent that Ethicon claims attorney-client privilege, work product protection, or the privilege that attaches to confidential commercial information, objections based on these

grounds will be deemed waived unless the responsive information is included on a privilege log. Therefore, Ethicon is **ORDERED** to supplement its responses and its privilege log, within **fourteen (14) days**, to include any information that has been withheld on any of these grounds.

In answer to many of the interrogatories, Ethicon refers Plaintiffs to its prior production of over 9 million pages, submitted in electronic format, and instructs Plaintiffs to search the documents for the requested information, using the index fields negotiated by the parties. Ethicon also provides examples of where in the electronic database some, but not all, of the relevant information is located. Plaintiffs object, not so much to Ethicon's use of Rule 33(d), but to its failure to comply with the requirement that Ethicon specify which records in the electronic database contain the information from which the answers can be ascertained.[2] The court agrees with Plaintiffs and finds Ethicon's responses to be insufficient. Rule 33(d) relieves a responding party of the burden of locating, reviewing, and compiling an answer to an interrogatory when that answer can be determined from a document or documents, and the burden of ascertaining the answer from the documents is the same for both parties. However, Rule 33(d) does not relieve the responding party from pointing out the documents from which the answer may be discovered. Ethicon has only partially fulfilled its duties under Rule 33(d). Consequently, the court **ORDERS** Ethicon to supplement its answers by directing Plaintiffs to the specific sets, categories, or Bates-stamped ranges of electronic documents

---

[2] Generally, in the Fourth Circuit, "district courts have adopted a two-part test when analyzing a Rule 33(d) dispute. First, the moving party on a motion to compel must 'make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering discovery.' If plaintiff makes such a showing, 'the burden then shifts to the producing party to justify the use of Rule 33(d) instead of answering the interrogatories.'" *Minter,* 286 F.R.D. at 277. (internal citations and quotations omitted). Here, the two-part test is not essential to the analysis, because Plaintiff complains about the manner in which Ethicon uses Rule 33(d), not the adequacy of using Rule 33(d) to answer the interrogatories.

in which the information responsive to each discrete interrogatory request can be located and determined. Plaintiffs shall then be responsible for searching the designated documents and ascertaining the answer.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327, and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-20999. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:** July 26, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge

.