# Exhibit 1

# BUTLER | SNOW

April 23, 2013

**VIA E-MAIL ONLY**
Bryan Aylstock
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502

    RE:    *In re: Ethicon, Inc. Pelvic Repair System*
               Products Liability Litigation MDL No. 2327

Dear Bryan:

    Thank you for your April 19, 2013 letter concerning the production of ex-US documents. There are a few points that need clarification.

    First, your letter suggests that the French regulatory documents are the only ex-US documents that have been produced in this litigation. That is certainly not the case as there have been significant productions of information from ex-US custodians and central sources/databases. For example, we have produced responsive documents collected from the following ex-US custodians:

1. Natalie Abt
2. Axel Arnaud
3. Boris Batke
4. Ophelie Bertheier
5. Julie Bird
6. Adriano Caldas
7. Ivete Camarago
8. Susan Cooper
9. Dieter Engel
10. Harry Forster
11. Marcos Fujihara
12. Judi Gauld
13. Isabelle Guynot-Mund
14. Denise Griffiths
15. Angela Harder

1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, MS 39158-6010
T 601.948-5711
F 601-985-4500
www.butlersnow.com

Bryan Aylstock
April 23, 2013
Page 2

16. Brigitte Hellhammer
17. Joseph Herron
18. Martin Heupel
19. Jurgen Hofer
20. Ole Hoffman
21. Jorg Holste
22. Sven Korseck
23. Carolin Korupp
24. Martina Laporte
25. Chris McEleney
26. Peter Meier
27. Andreas Meister
28. Laurent Metz
29. Jochim Meyn
30. Marita Mueller
31. Lucy Paterson
32. Ruth Pfeiffer
33. James Phillips
34. Keike Quedens
35. Guenter Raddatz
36. Monika Rindle
37. Juergen Ruthenberg
38. Gernot Samsen
39. Barbara Schuldt
40. Graeme Scott
41. Karen Sinclair
42. Ailie Smith
43. Kerstin Spychaj
44. Raimo Sump
45. Colin Urqhart
46. Euzebio Viana
47. David Wilson
48. Elke von Felde
49. Christoph Walther
50. Anke Winter
51. Stephen Wohlert
52. Anja Zimmerman

    As for ex-US central sources/databases, we have produced to you relevant documents collected from Norderstedt ACMS Agile (including Neuchatel Agile), EU Clinical Research Data Entry Group Share, EU Health Care Compliance Group Share, UK 522 Order Group Share, UK TMF Paper Files, and UK Trial Master File Group Share. In addition, we have produced the worldwide adverse events stored in Remetrex/CHATS. Therefore, the scope of the ex-US production is much broader than your letter suggests.

Bryan Aylstock
April 23, 2013
Page 3

With respect to the specific regulatory materials that you requested from Japan and France, these materials are scheduled to be produced by April 30, 2013. Australian regulatory materials that were collected on March 22, April 11 and April 12, 2013 were shipped from Australia and were delivered to the vendor on April 19, 2013, where they currently are in processing for review. We are making every effort to produce these materials by May 15, 2013. We are continuing to work with our Australian contacts regarding potential additional categories of documents, and to the extent any such documents are identified, they will be collected.

With respect to the marketing materials from the 32 countries referenced in my August 16, 2013 letter, that will likely take longer into May as this has been a very involved undertaking given the number of countries that you requested.

I want to emphasize again that obtaining these regulatory and marketing materials has not been an easy task, and it has been an expensive and time consuming process. As I have repeatedly stated, there is no central file for these materials. Instead, we have to go to each country of origin.

Your letter next suggests that there has been an agreement to produce "all ex-US materials" and that there has been no communication with you since your February 8, 2013 e-mail. This is certainly not the case. What your letter does not reference is our agreement that you would conduct a 30(b)(6) deposition of a witness to understand how ex-US materials are stored and what the burden would be to retrieve them on a blanket basis.

Although we immediately began to prepare our witness, we were operating without a 30(b)(6) notice from your team, so there was no way for us to know what the scope of the examination would be. Despite our repeated requests for a notice beginning on January 30, 2013, you did not send it until over a month later on March 2, 2013.

After we received the notice and reviewed the 41 topics and 98 subtopics, Donna Jacobs wrote you two days later on March 4, 2013 advising you that given the breadth of the notice, it would be impossible to prepare the witness prior to the March 18, 2013 deposition date. Accordingly, we offered to make the witness available the week of April 8, 2013. Donna also advised you in that letter that the purpose of this deposition was to facilitate discussions "concerning what additional ex-US materials will be produced . . . ." As far as I am aware, we never received any correspondence from you in response to this letter, nor did you advise of an acceptable date for the deposition.

On March 21, 2013, William Gage again wrote to you concerning ex-US document production. In addition to detailing our ongoing efforts concerning the regulatory and marketing documents that we agreed to produce, William advised you that "after the ex-US 30(b)(6) deposition, we should sit down to continue our discussions over what more should be produced, and the priority of those productions." I don't have any record of having received a response from you to this letter.

Bryan Aylstock
April 23, 2013
Page 4

      On April 1, 2013, I sent to you Ethicon's responses and objections to the 30(b)(6) notice. I advised you that Jim Mittenthal would be covering topics 19-40, and I suggested that he cover those in his deposition that is currently set for May 7, 2013. I also advised that Pam Downs would be covering topics 1-18 and 41, and that she could be available May 2-3. Again, I don't have any record of having received a response from you. I am not sure if those dates are still good for Pam, but I have since learned that my son has a school program May 3, so I would very much appreciate it if we could set it for perhaps May 10 or sometime the week of May 13.

      Finally, your letter suggests that your not having certain unspecified ex-US documents has somehow prejudiced your ability to take depositions. As we have discussed numerous times, as far as we are aware, the plaintiffs involved in this MDL all had their procedures performed in the United States. That is certainly true for the bellwethers. Therefore, the documents applicable to other countries do not to have any relevance to this litigation.

      Despite this, and as detailed above, we have already produced significant information from ex-US sources. We are and have been willing to reach a reasonable compromise to produce additional documents that balances your perceived need with our cost and burden of producing documents related to countries not at issue in this litigation. Rather than continue to exchange letters on this, we think it would be productive to have a meaningful discussion about what has been done, what more Plaintiffs are seeking, and how the 30(b)(6) deposition can be used to help crystalize any outstanding issues. Please let me know when it would be convenient to discuss this.

                                            Sincerely,

                                            BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

                                            Benjamin M. Watson

BMW:fsw

cc:   Renee Baggett
       Tom Cartmell
       Christy Jones
       William Gage
       Donna Jacobs

ButlerSnow 16133559v1