**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM,
PRODUCTS LIABILITY LITIGATION                    MDL NO. 2327

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS DOCUMENT RELATES TO ALL CASES

**NOTICE TO TAKE ORAL DEPOSITION
OF DEFENDANT THROUGH DESIGNATED WITNESSES**

TO:   Defendant ETHICON, INC., and Johnson & Johnson, Inc., (hereinafter "Defendants") and its Attorneys of Record.

Please take notice that pursuant Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendants corporate designees at an agreed upon date and location.  The witness(es) shall be prepared to testify concerning the subject matters identified in Exhibit "A," attached hereto.  The witness shall produce documents identified in Exhibit "B," attached hereto, prior to the deposition.  The deposition will be taken before a person authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure and will continue day-to-day until the examination is completed.

**DEFINITIONS**

All definitions and rules of instructions set forth in Fed. Rule Civ. P. 30(b)(6) shall apply to all requests for information herein. To the extent a term commonly in use in the medical device industry is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the medical device industry.

1.    "Concerning" means referring to, describing, evidencing, or constituting.  See LR Civ. P 26.2(c)(7).

2. "Defendants," "Ethicon, Inc.," "Johnson & Johnson Inc.," "you" or "your" refers to, without limitation, Ethicon, Inc. and Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity, as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

3. "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. A draft or non-identical copy is a separate document. *See* LR Civ. P. 26.2(c)(2); *see also* FR Civ. P 34(a).

4. "TVT" means the TVT (the original base product) Tension Free Vaginal Tape System device cleared by the FDA on or about January 01, 1998 which was developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI). The term "TVT" also includes any kits or tools designed to be sold with the TVT including, but not limited to the TVT-AA and TVT-D.

5. "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

Dated: August 15, 2013

**PLAINTIFFS' CO-LEAD COUNSEL**

By: \_\_\_\_/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com


D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com
 *Plaintiffs' Co-Lead Counsel*

# EXHIBIT "A"

## DEPOSITION SUBJECT MATTER

Pursuant to Rule 30(b)(6), the deponent(s) must have knowledge and shall be able to testify concerning the following subject matters:

1. The identify of, the location of, and the substance of any and all studies, data and/or other evidence that form the basis of the following claim/statement included in the attached Instructions for Use for the TVT product:

> "Animal studies show that implantation of PROLENE mesh elicits a minimal inflammatory reaction in tissues, which is transient and is followed by the deposition of a thin fibrous layer of tissue which can grow through the interstices of the mesh, thus incorporating the mesh to adjacent tissue."

2. Any and all reasons why the claim/statement contained in paragraph 1 above was changed in 2010.

3. The identify of, the location of, and the substance of any and all studies, data and/or other evidence that form the basis of the following claim/statement included in the attached Instructions for Use for the TVT product:

> "The material is not absorbed nor is it subject to degradation or weakening by the action of tissue enzymes."

4. The identity of, the location of, and the substance of any and all studies, data and/or other evidence that form the basis of the following claim/statement included in the attached Instructions for Use for the TVT product:

> "Transitory local irritation at the wound site and a transitory foreign body response may occur."

## EXHIBIT "B"

## DOCUMENT REQUESTS

Please produce:

1. All documents relied upon by the deponent in preparing for this deposition.

2. All studies, data and/or other evidence that form the basis for the statements include in the attached Instructions for Use for the TVT product and identified in Exhibit A above.