# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH P. GOODWIN U.S. DISTRICT JUDGE |

## STIPULATION OF THE PARTIES

Based on the mutual agreements made after "meet-and-confer" sessions conducted in good faith, and in lieu of seeking judicial intervention to resolve every discovery dispute, Ethicon, Inc. ("Defendant") and the Plaintiffs' Steering Committee ("PSC") (collectively "The Parties") have reached the following agreements regarding discovery of information concerning Defendant's sales representatives who promoted or otherwise discussed Defendant's transvaginal-mesh products that are the subject of this litigation ("The Products") with any physician.

Defendant will produce the full file of any sales representative who called upon or met, at any time, with any physician involved in the decision to implant The Products in any woman who (a) has a case set for trial, (b) has a case already determined to be a case potentially to be set for trial and/or (c) has been chosen as part of a discovery pool, (d) is deceased but whose estate has a representative who falls within either (a), (b) or (c) (hereafter "Bellwether Cases"). "Full file" includes, but is by no means limited to, all call notes or other documents reflecting meetings with physicians, regardless of whether or not the documents at issue involve Bellwether Cases,

all training materials in the sales representatives' files, all material evaluating the sales representatives' performance, all materials involving bonus or incentive programs involving the sales representative, all documents provided by Defendant to sales representatives concerning the Products, all documents provided by the physicians or those with whom they work to the sales representatives, and any other document relating to the sales representatives' work relating to The Products, including but certainly not limited to all summary documents.

Defendant will produce any and all centrally located documents (meaning documents kept in one or more common places anywhere in the nation) relating to any sales representatives involved in The Products, including but by no means limited to production of the full contents of a database called, at least colloquially, the Goldmine Database or its functional equivalent, including but not limited to all centrally located information relating to sales representatives.

For all documents not centrally located, as defined above, the Plaintiffs' Steering Committee ("PSC") will identify, once a month, 100 sales representatives who called upon physicians treating plaintiffs (or decedents whose interests are represented by live plaintiffs) with cases on file involving The Products. Defendants will have 30 days from such identification to produce the same documents for these cases as defendants are obliged, by court order, the rules of procedure or the provisions outlined above, to produce for the Bellwether Cases. If the PSC at any time determines this production, or any of the production described herein, warrants a broadening of discovery, the PSC may so move the Court.

Should any document identified above be redacted, Defendant will produce simultaneously a privilege log of any redaction identifying the following regarding the document at issue: date, nature (e.g., correspondence, internal memo), sender, recipient and general subject matter of the document in a manner comprehensive enough to enable courts to

evaluate any claims of privilege. Given the extensive protective order in this case, no redaction for any reason other than privilege is authorized. The PSC reserves the right, at any time, to move the Court to evaluate the claims of privilege either based on Defendant's purportedly inadequate designation or an *in camera* inspection of the documents.

Nothing in this stipulation shall affect Defendant's obligations under the Defendants Fact Sheet.

In the event there are no documents responsive to the materials requested above, Defendants shall certify that a diligent search has been performed and no responsive documents exist.  Additionally, Defendants shall provide certification upon the completion of document production regarding each sales representative when all documents have been produced after diligent inquiry and that Defendants "rolling production" has been completed.

Dated this _____ day of August, 2013.


_____
Attorney for Defendant, Ethicon, Inc.


_____
Attorney for the Plaintiffs' Steering Committee