UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### RESPONSES AND OBJECTIONS TO PLAINTIFFS' "NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANTS THROUGH DESIGNATED WITNESSES" AND <u>ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Oral Deposition of Defendants Through Designated Witnesses" (the "Notice").  The Notice was filed and served on August 5, 2013, and the deposition is noticed for September 5, 2013.  The Notice is attached hereto as Exhibit 1.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses.  Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

Defendants generally object to the specific requests to produce contained in the Notice. Plaintiffs have repeatedly requested materials that would impose a much greater burden on Defendants than is required by the agreed-upon Defendants' Fact Sheet. Defendants have

corresponded with Plaintiff's counsel on this topic. Defendants object to the broad scope of the requests to produce attached to this Notice. These broad requests go far beyond the case-specific depositions and related discovery authorized in Pre-Trial Order 33.

### SPECIFIC RESPONSES AND OBJECTIONS
### TO NOTICE AND REQUESTS TO PRODUCE

**Document Request No. 1:** All documents relied upon by the deponent in preparing for this deposition.

**Responses and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] section and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)). Subject to and without waiving any objection, Defendants note that each and every document relied upon by the deponent in preparing for this deposition has already been produced to Plaintiff.

**Document Request No. 2:** All communications between Defendants and Ulf Ivar Ulmsten, Contape S.A., Medscand Medical A.B. and/or their representatives concerning Defendants' acquisition of TVT.

**Responses and Objections to Document Request No. 2:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 3:** All agreements between Defendants and Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Medscand Medical A.B., and/or Contape S.A. concerning TVT including but not limited to license and supply agreements, asset purchase agreements, manufacturing agreements, consulting agreements, consulting and technology agreements, cancellation agreements, settlement letters, and any amendments thereto.

**Responses and Objections to Document Request No. 3:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 4:** All communications between Defendants and Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Medscand Medical A.B. and/or Contape S.A. and/or their representatives concerning the above referenced agreements.

**Responses and Objections to Document Request No. 4:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous

productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 5:** All documents provided by Ulf Ivar Ulmsten, Contape S.A. and/or Medscand Medical A.B. to Defendants as required by the above referenced agreements including but not limited to all studies, data and other materials related to TVT as referenced in ETH.MESH.08696089-ETH.MESH.08696090.

**Responses and Objections to Document Request No. 5:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 6:** All documents reflecting amounts paid by Defendants to Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Contape S.A., Medscand Medical A.B. in connection with above referenced agreements.

**Responses and Objections to Document Request No. 6:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 7:** All agreements between Defendants and Carl Gustaf Nilsson or any entity or corporation in which he is an owner or shareholder including but not limited to consulting agreements and any amendments thereto.

**Responses and Objections to Document Request No. 7:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous

productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 8:**  All agreements between Defendants and Christian Falconer, M.D., Masoumah Rezapour, M.D., Ingegerd Olsson, M.D., or Nina Kuuva, M.D., or any entity or corporation in which they are owners or shareholders including but not limited to consulting agreements and any amendments thereto.

**Responses and Objections to Document Request No. 8:**  To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 9:**  All communications between Defendants and Carl Gustaf Nilsson concerning the above referenced agreements.

**Responses and Objections to Document Request No. 9:**  To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 10:**  All documents reflecting amounts paid by Defendants to Carl Gustaf Nilsson.

**Responses and Objections to Document Request No. 10:**  To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 11:**  All documents reflecting amounts paid by Defendants to Christian Falconer, M.D., Masoumah Rezapour, M.D., Ingegerd Olsson, M.D., or Nina Kuuva, M.D.

**Responses and Objections to Document Request No. 11:**  To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 12:**  All exemplars of any products obtained by Defendants from Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Contape S.A., Mescand Medical A.B.

**Responses and Objections to Document Request No. 12:**  Defendants have made reasonable inquiries regarding the existence of these exemplars and will continue to do so. In the event that the exemplars exist and are located, Defendants will make them available for inspection.

>Respectfully submitted,
>
>ETHICON, INC. AND
>JOHNSON & JOHNSON
>
>*/s/ David B. Thomas*
>David B. Thomas (W. Va. Bar No. 3731)
>Thomas Combs & Spann, PLLC
>300 Summers Street, Suite 1380
>P.O. Box 3824
>Charleston, WV  25338-3824
>(304) 414-1800

                    */s/ Christy D. Jones*  
                    Christy D. Jones  
                    Butler, Snow, O'Mara, Stevens & Cannada, PLLC  
                    1020 Highland Colony Parkway  
                    Suite 1400 (39157)  
                    P.O. Box 6010  
                    Ridgeland, MS  39158-6010  
                    (601) 985-4523

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO ALL CASES** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on August 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800
dthomas@tcspllc.com