IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION            MDL NO. 2327
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 62
(AGREED ORDER ESTABLISHING MDL 2327 FUND TO COMPENSATE AND
REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES
INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT)

This Agreed Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by "participating counsel" acting for MDL administration and common benefit of all plaintiffs in this complex litigation. This Agreed Order specifically incorporates by reference herein, and makes binding upon the parties, the procedures and guidelines referenced in Pretrial Order #18 (Agreed Order Regarding Management of Timekeeping, Cost Reimbursement and Related Common Benefit Issues).

1. **MDL 2327 Attorney Participation Agreement**

Attached hereto as **Exhibit "A"** and incorporated herein is a voluntary "*MDL 2327 Attorney Participation Agreement*" (sometimes referred to as the "*Participation Agreement*") between the Plaintiffs' Steering Committee ("PSC") and other plaintiffs' attorneys. The *Participation Agreement* is a private and cooperative agreement between plaintiffs' attorneys only. It is not an agreement with defendant Ethicon, Inc., Ethicon, LLC, Johnson & Johnson, American Medical Systems, Inc., Boston Scientific Corporation, C.R. Bard, Inc., Sofradim Production SAS, Tissue Science Laboratories Limited, Mentor Worldwide LLC, Coloplast Corp. or Cook Medical, Inc. (collectively "Defendants"). All PSC members are deemed to have

executed the *Participation Agreement*. "Participating Counsel," as that term is used in the *Participation Agreement*, include: (1) all members of the PSC and (2) any other plaintiffs' attorneys who sign the *Participation Agreement*. Participating Counsel are entitled to receive the MDL common-benefit work-product and the state court work-product of those attorneys who have also signed the *Participation Agreement* and shall be entitled to seek disbursements as Eligible Counsel as provided in section 4 of this Agreed Order. In return, Participating Counsel agree to pay the assessment amount provided in section 3 of this Agreed Order on all filed and unfiled cases or claims in state or federal court in which they share a fee interest. Counsel who choose not to execute the *Participation Agreement within ninety (90) days of entry of this Agreed Order*, are not entitled to receive Common-Benefit Work Product (as defined in the *Participation Agreement*) and may be subject to an increased assessment on all MDL 2327 cases in which they have a fee interest for the docket management and the administrative services provided by the PSC and if they receive Common-Benefit Work-Product or any other work-product created pursuant to this Agreed Order, or otherwise benefit by the work performed by the MDL and other counsel working with the MDL pursuant to this Agreed Order.

2. **<u>Covered Claims</u>**

This Agreed Order applies to the following Ethicon, Inc., Ethicon, LLC, Johnson & Johnson, American Medical Systems, Inc., Boston Scientific Corporation, C.R. Bard, Inc., Sofradim Production SAS, Tissue Science Laboratories Limited, Mentor Worldwide LLC, Coloplast Corp., or Cook Medical claims (hereinafter collectively referred to as "mesh injury claims"), whether direct or derivative:

    a.    All mesh injury claims now (as of the date of the entry of this Agreed Order) or hereafter subject to the jurisdiction of MDL 2327, whether

disposed of before or after remand, regardless of whether counsel holding a fee interest in such mesh injury claims have signed the *MDL 2327 Attorney Participation Agreement*, including but not limited to:

i. All mesh injury claims settled pursuant to an MDL supervised Settlement Agreement between the parties;

ii. All mesh injury claims participating in MDL 2327 or on tolling agreement;

iii. All mesh injury claims where attorneys who receive Common-Benefit Work-Product or otherwise benefit by the work performed by the PSC or common-benefit counsel working with the PSC (including all firms that accessed the PSC document database prior to the date of this Agreed Order) either agree or have agreed – for monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages (hereinafter a "Settlement"), with respect to any mesh injury claim are subject to an assessment on the "Gross Monetary Recovery," as provided herein; and

iv. All mesh injury claims in which any PSC member or participating counsel has a financial interest.

b. All mesh injury claims, in which the plaintiffs' attorneys have either:

i. Received the benefit of MDL 2327 work-product (including all firms that accessed the PSC document database prior to the date of

      this Agreed Order);

    ii.    Signed the *MDL 2327 Attorney Participation Agreement*, attached hereto as Exhibit "A"; or

    iii.    Are members of the PSC.

(collectively hereinafter referred to as the "Covered Claims").

### 3. Assessments and Payments into the MDL 2327 Fund for All Covered Claims

  a.    A total assessment for payment of attorneys' fees and approved common-benefit and MDL expenses of five percent (5%) of the Gross Monetary Recovery shall apply to all Covered Claims (the "Assessment").

  b.    In measuring the Gross Monetary Recovery:

    i.    Include all sums to be paid in settlement of the claim;

    ii.    Exclude court costs that are to be paid by any Defendant;

    iii.    Exclude any payments made directly by any Defendant on a formal intervention asserted directly against the Defendant by third-parties, such as to physicians, hospitals, and other health-care providers on Court recognized valid subrogation claims related to treatment of plaintiff; and,

    iv.    Include the present value of any fixed and certain payments to be made in the future.

  c.    Defendants are directed to withhold the Assessment from amounts paid on any Covered Claim and to pay the Assessment directly into the MDL 2327 Fund as a credit against the Settlement or Judgment. If for any reason the Assessment is not or has not been so withheld, the Defendants as well as

        the plaintiff and his or her counsel are jointly responsible for paying the Assessment into the MDL 2327 Fund promptly.

d. From time to time, the PSC shall provide a list of all then-known Covered Claims to the Administrator of the MDL 2327 Fund, Defendant's Liaison Counsel, plaintiffs' counsel, and the Court or its designee. In connection therewith, Defendant shall, upon request from the PSC, supply to the PSC a list of all then-known Covered Claims, including the name of each plaintiff and his or her attorney, if any.

e. A Defendant and its counsel shall not distribute any potential common benefit portion of any settlement proceeds with respect to any Covered Claims until: (1) Defendant's counsel notifies the PSC in writing of the existence of a settlement and the name of the individual plaintiff's attorney holding such Covered Claims and (2) Plaintiffs' Liaison Counsel has confirmed to Defendant's counsel in writing that the individual plaintiff attorney's cases or claims are subject to an Assessment pursuant to this Agreed Order.

f. Information regarding the amount of an Assessment paid or to be paid into the MDL 2327 Fund will be provided only to the individual plaintiff's attorney holding the Covered Claim, the court-appointed Certified Public Accountant, and the Court, and shall otherwise remain confidential and shall not be disclosed to the PSC or any of its members or to any other person unless ordered by the Court.

    g.    The Assessment represents a hold-back (*In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d Cir. 2006)) and shall not be altered in any way unless this Court, upon good cause shown, amends this Agreed Order.

    h.    Nothing in this Agreed Order is intended to increase the attorneys' fee paid by a client, nor to in any way impair the attorney/client relationship or any contingency fee contract deemed lawful by the attorneys' respective state bar rules and/or state court orders.

    i.    Upon payment of the Assessment into the MDL 2327 Fund, Defendants shall be released from any and all responsibility to any person, attorney, or claimant with respect to the Assessment placed into the MDL 2327 Fund. Any person, attorney, or claimant allegedly aggrieved by an Assessment pursuant to this Agreed Order shall seek recourse as against the MDL 2327 Fund.

    j.    The Court directs for purposes of this Assessment, that the CPA previously appointed by the Court, Chuck Smith, shall oversee the handling of such funds working in conjunction with plaintiff's co-liaison counsel. Such funds shall be held separate and apart as the CPA, who shall act as Administrator of the fund, in an appropriate account.

**4.**   **<u>Disbursements from the MDL 2327 Fund for Common Benefit Work</u>**

    a.    From time to time the Executive Committee may make application for disbursements for the MDL 2327 Fund for common benefit work and expenses. Upon a proper showing and Order of the Court, payments may be made from the MDL 2327 Fund to attorneys who have provided

        services or incurred expenses for the joint and common benefit of plaintiffs and claimants whose claims have been treated by this Court as a part of these proceedings in addition to their own client or clients. Such "Eligible Counsel" include:

        i.     Plaintiffs' Liaison Counsel and members of the PSC;

        ii.    Attorneys who have signed the *MDL 2327 Attorney Participation Agreement*; and

        iii.   Other attorneys performing similar responsibilities in state court actions, provided that all cases in which any putative common-benefit attorneys have a financial interest are subject to this Agreed Order.

    b.    In apportioning any fee award to Eligible Counsel, appropriate consideration will be given to the experience, talent, and contribution made by Eligible Counsel, and to the time and effort expended by each as well as to the type, necessity, and value of the particular legal services rendered.

    c.    If the MDL 2327 Fund exceeds the amount needed to make payments as provided in this Agreed Order, the Court may order a refund to plaintiffs and their attorneys who were subject to the Assessment. Any such refund will be made in proportion to the amount that was assessed.

**5.**   <u>**Incorporation by Reference**</u>

The MDL 2327 Attorney Participation Agreement is attached hereto as Exhibit A and is incorporated by reference and has the same effect as if fully set forth in the body of this Agreed Order.

6.    **No Objection to Order**

Defense counsel having reviewed this proposed order express no objection to the same.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-20783.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: August 26, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

**Submitted and Approved by the Plaintiffs' Coordinating Co-Leads, Executive Committee and Co-liaison Counsel, who have consulted and approved the same among all PSC Counsel**

By:    /s/Harry F. Bell, Jr.
       Harry F. Bell, Jr.
       Plaintiffs' Co-Liaison Counsel
       hfbell@belllaw.com
       West Virginia Bar No. 297

The Bell Law Firm, PLLC
P. O. Box 1723
Charleston, WV 25326
(304) 345-1700

8

By: /s/Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
Plaintiffs' Co-Liaison Counsel
paul@greeneketchum.com
West Virginia Bar No. 7433

Greene Ketchum Bailey Walker Farrell & Tweel
P. O. Box 2389
Huntington, WV 25724-2389
(304) 525-9115

By: /s/Carl N. Frankovitch
Carl N. Frankovitch
Plaintiffs' Co-Liaison Counsel
carln@facslaw.com
West Virginia Bar No. 4746

Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062
(304) 723-4400

By: /s/Henry G. Garrard, III
Henry G. Garrard, III
Plaintiffs' Coordinating
Co-Lead Counsel and Executive Committee
hgg@bbgbalaw.com
Georgia Bar No. 286300

Blasingame Burch Garrard & Ashley, PC P. O.
Box 832
Athens, GA 30603
(706) 354-4000

By: /s/Fred Thompson, III
Fred Thompson, III
Plaintiffs' Coordinating
Co-Lead Counsel and Executive Committee
fthompson@motleyrice.com
South Carolina Bar No. 5548

Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9118

By: /s/Bryan F. Aylstock
Bryan F. Aylstock
Plaintiffs' Coordinating

9

                                                                                                                      Co-Lead Counsel and Executive Committee
                                                                                                                      BAylstock@awkolaw.com
                                                                                                                      Florida Bar No. 078263

Alystock Witkin Kreis & Overholtz
17 E. Main Street, Suite 200
Pensacola, FL 32502
(877) 810-4808

                                                                       By:    /s/Clayton A. Clark
                                                                                  Clayton A. Clark
                                                                                  Plaintiffs' Executive Committee
                                                                                  cclark@triallawfirm.com
                                                                                  Texas Bar No. 04275750

Clark, Love & Hutson, G.P.
440 Louisiana Street, Suite 1600
Houston, TX 77002
(713) 757-1400

                                                                      By:    /s/Amy Eskin
                                                                                  Amy Eskin
                                                                                  Plaintiffs' Executive Committee
                                                                                  aeskin@levinsimes.com
                                                                                 California Bar No. 127668

Levin Simes LLP
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
(415) 426-3000

                                                                       By:    /s/Derek H. Potts
                                                                                  Derek H. Potts
                                                                                  Plaintiffs' Executive Committee
                                                                                  dpotts@potts-law.com
                                                                                 Missouri Bar No. 44882

The Potts Law Firm, LLP
908 Broadway, 3rd Floor
Kansas City, MO 64105
(816) 931-2230

|  |  |  |
|---|---|---|
|  | By: | /s/Aimee H. Wagstaff |
|  |  | Aimee H. Wagstaff |
|  |  | Plaintiffs' Executive Committee |
|  |  | Aimee.wagstaff@ahw-law.com |
|  |  | Colorado Bar No. 36819 |

Andrus Hood & Wagstaff, PC
1999 Broadway, Suite 4150
Denver, CO 80202
(303) 376-6360

|  |  |  |
|---|---|---|
|  | By: | /s/Thomas P. Cartmell |
|  |  | Thomas P. Cartmell |
|  |  | Plaintiffs' Executive Committee |
|  |  | tcartmell@wagstaffcartmell.com |
|  |  | Missouri Bar No. 45366 |

Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100

|  |  |  |
|---|---|---|
|  | By: | /s/Fidelma P. Fitzpatrick |
|  |  | Fidelma P. Fitzpatrick |
|  |  | Plaintiffs' Co-Lead Counsel |
|  |  | ffitzpatrick@motleyrice.com |
|  |  | Rhodes Island Bar No. 5417 |

Motley Rice, LLC
321 South Main Street, Suite 200
Providence, RI 02903
(401) 457-7700

|  |  |  |
|---|---|---|
|  | By: | /s/Renee Baggett |
|  |  | Renee Baggett |
|  |  | Plaintiffs' Co-Lead Counsel |
|  |  | RBaggett@awkolaw.com |
|  |  | Florida Bar No. 0038186 |

Aylstock, Witkin, Kreis & Overholtz
17 East Main Street, Suite 200
Pensacola, FL 32502
(850) 202-1010

By: /s/Mark C. Mueller
Mark C. Mueller
Plaintiffs' Co-Lead Counsel
mark@muellerlaw.com
Texas Bar No. 14623000

Mueller Law
404 West 7th Street
Austin, TX 78701
(512) 478-1236

By: /s/Robert Salim
Robert Salim
Plaintiffs' Co-Lead Counsel
robertsalim@cp-tel.net
Louisiana Bar No. 11663

Law Offices of Robert L. Salim
1901 Texas Street
Natchitoches, LA 71457
(318) 352-5999

By: /s/Riley Burnett
Riley Burnett
Plaintiffs' Co-Lead Counsel
rburnett@TrialLawFirm.com
Texas Bar No. 03428900

Law Offices of Riley L. Burnett, Jr.
440 Louisiana, Suite 1600
Houston, TX 77002
(713) 757-1400

By: /s/Benjamin H. Anderson
Benjamin H. Anderson
Plaintiffs' Co-Lead Counsel
ben@andersonlawoffices.net
Ohio Bar No. 0067466

Anderson Law Offices, LLC
1360 West 9th Street, Suite 215
Cleveland, OH 44113
(216) 589-0256

12

By: /s/Martin D. Crump
Martin D. Crump
Plaintiffs' Co-Lead Counsel
martincrump@daviscrump.com
Mississippi Bar No. 10652

Davis & Crump
1712 15th Street, Suite 300
Gulfport, MS 39501
(228) 863-6000

13

# EXHIBIT "A"

# MDL 2327 ATTORNEY PARTICIPATION AGREEMENT

This Attorney Participation Agreement is made this _____ day of _____, 20____, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Southern District of West Virginia MDL Docket No. 2327 and: _____

_____

(hereinafter "Participating Counsel").

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs (the "Eligible Counsel") have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims of mesh-related injuries (the "Common Benefit Work Product"); and

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1. This Agreement incorporates by reference any Order of the Court regarding assessments and incorporates fully herein all defined terms from such Order(s).

2. This Agreement applies to each and every claim, case, or action arising from the use of Mesh Products in which the Participating Counsel has a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement (hereinafter collectively the "Covered Claims").

3. With respect to each and every Covered Claim, Participating Counsel understand and agree that Defendant and its counsel will hold back a percentage proportion of the gross recovery that is equal to five percent (5%) of the Gross Monetary Recovery ("the Assessment"). Defendants or their counsel will deposit the Assessment in the MDL 2327 Common Benefit Fund ("the Fund"). Should Defendants or their counsel fail to hold back the Assessment for any Covered Claim, Participating Counsel and their law firms shall deposit or cause to be deposited the Assessment in the Fund. It is the intention of the parties that absent extraordinary circumstances recognized by MDL 2327 Court Order, such Assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the PSC, Participating Counsel, and/or any other counsel eligible to receive disbursements from the Fund pursuant to an Order of the Court regarding assessments or the Fund.

4. The Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent or in which they have a financial interest in connection with any mesh-related injury, to the full extent permitted by law, in order to secure payment of the Assessment. The Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

5. The amounts deposited in the MDL 2327 Fund shall be available for distribution to Participating Counsel pursuant and subject to any Order of the Court regarding assessments or the Fund. Participating Counsel may apply to the Court for common-benefit fees and

reimbursement of expenses, provided that Participating Counsel:

    a. were called upon by the Co-Lead Counsel to assist them in performing their responsibilities;

    b. appointed by the Court as Co-liaison counsel to perform such services and assist in the overall prosecution of the claims and administration of the combined and coordinated efforts;

    c. expended time and efforts for the common benefit either in MDL 2327 and other state litigation; and

    d. timely submitted such time and expenses in accordance with the Court's orders and the procedures established by the PSC.

6. This Agreement is without prejudice to the amount of fees or costs to which Participating Counsel may be entitled to in such an event.

7. Upon request of the Participating Counsel, the PSC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common Benefit Work Product, including access to the PSC's virtual depository, and, if and when developed a complete trial package.

8. As the litigation progresses and Common Benefit Work Product continues to be generated, the PSC will provide Participating Counsel with such work-product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

9. No assessments will be due by the Participating Counsel on any recoveries resulting from a medical malpractice claims against treating physicians.

10. Both the PSC and the Participating Counsel recognize the importance of

3

individual cases and the relationship between case-specific clients and their attorneys. The PSC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PSC to urge the Court to not interfere with any such agreements so long as they comport with the applicable state bar rules and/or state court orders.

                              PLAINTIFFS' STEERING COMMITTEE

                              By: _____

                              PARTICIPATING ATTORNEYS
                              By: