## EXHIBIT A TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO MEDICAL DEVICE AUDITING & CONSULTING, INC.

### DEFINITIONS

1. For purposes of this subpoena and the Requests contained herein, the following terms shall have the following meanings:

    a. "Medical Device Auditing & Consulting," "MDACI," "You," or "Your" refers to Medical Device Auditing & Consulting, Inc., and any of its predecessors in interest, successors in interest, parent-companies, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including attorneys and accountants.

    b. "Defendants" refers to Ethicon, Inc. and Johnson & Johnson as well as any of its predecessors in interest, successors in interest, parent companies, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including attorneys and accountants.

    c. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    d. "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

    e. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic data or computerized data compilations including all information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and Metadata. This term also refers, without limitation, to the original and all copies, prior drafts and

translations, written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications, data compilations, or representations of every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, whether prepared by manual, mechanical, electronic, magnetic, photographic, or other means, as well as audio, video or other recordings of communications, oral statements, conversations, or events. Furthermore, this term includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, news articles, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. A draft or non-Identical Copy is a separate document within the meaning of this term.

    f. "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-Identical Copies of writings and data compilations in any form, and of every kind and description, including electronically stored information or "ESI", whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, but is not limited to, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing files generated using programs such as Word or WordPerfect; spreadsheets and tables such as Excel or Lotus 123 worksheets; accounting application

data such as QuickBooks, Money, or Peachtree data; databases such as Access, Oracle, SQL Server data, or SAP; charts, graphs and outlines; electronic mail and other digital communications such as e-mail, voicemail and instant messaging; images and facsimile files; sound recordings such as .WAV and .MP3 files; video and animation such as AVI and .MOV files; contact and relationship management data such as Outlook and ACT; calendar and diary application data such as Outlook PST and blog entries; online access data such as Temporary Internet Files, History and Cookies; presentations such as PowerPoint and Corel Presentations; network access and server activity logs; project management application data; computer aided design/drawing files; backup and archival files such as VERITAS, Zip and .GHO; operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data also includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, e-mail server stores such as Lotus Domino .NSF or Microsoft Exchange .EDB, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. Furthermore, the term electronic data includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

  g. "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes

and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

    h. "Identical Copy" means:

        i. A full and complete copy of the original Document that does not differ from the original paper Document because of highlights, comments, annotations, marks, transmission notations, underlining, marginalia, total pages, attachments, notes, markings or other alterations of any kind. Each such differing copy shall itself be considered an original paper Document and not an Identical Copy. For example, where there are two documents with identical content but one has highlighting and the other does not, in such a situation, the two documents shall not be considered identical.

        ii. An electronic Document that is a copy of the original electronic Document including Metadata. Identical copies of the original electronic Document will generate the same MD5 Hash value. For example, and Identical Copy would include copies of the same Document saved on an individual custodian's local hard drive or an accessible network shared drive. An Identical Copy would not include copies of the same Document found in two individual custodians' produced Documents.

    i. "Including" or "includes" means including, without limitation.

    j. "Metadata" means: (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file; and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is

created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

k. "Person" means any natural person or any business, legal, or governmental entity or association.

2. The following rules of construction apply to all discovery requests:

a. The terms "all" and "each" shall be construed as all and each;

b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

c. The use of the singular form of any word includes the plural and vice versa; and

d. Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

## INSTRUCTIONS

1. Each Request refers to documents in the custody, control, and possession of MEDICAL DEVICE AUDITING & CONSULTING, INC., or known to MEDICAL DEVICE AUDITING & CONSULTING, INC., as well as in the custody, control, and possession of or known to MEDICAL DEVICE AUDITING & CONSULTING, INC.'s counsel, representatives, agents, servants, investigators, contractors, and consultants, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, contractors, and consultants.

2. If any document responsive to these requests is unavailable, because it was lost, altered, deleted, or destroyed by MEDICAL DEVICE AUDITING & CONSULTING, INC. or its agents, or for any other reason, MEDICAL DEVICE AUDITING & CONSULTING, INC. shall fully identify the document and also state:

   a. When and where it was lost, altered, deleted, or destroyed, or why it is otherwise unavailable;

   b. The name and address of each person who lost, altered, deleted, or destroyed it, or who otherwise caused it to be unavailable;

   c. The name and address of each person who directed, approved, or knew of its alteration, deletion, or destruction, and

   d. The name and address of each person who has knowledge of this document.

3. If you cannot produce a document that is responsive to these requests for any other reason, please respond to the extent possible, stating each reason why you cannot respond in full.

4. These requests shall be deemed to be continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when MEDICAL DEVICE AUDITING & CONSULTING, INC. or its agents obtain access, custody, possession, or control of any document not previously produced, which is responsive to any of these Requests.

5. Pursuant to FRCP 26(b)(5), any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in writing and must include: a statement of the ground alleged for withholding such document; the Bates range of the document; its date; the identity of its author, recipients,

and signatories; the type of document (e.g., letter); a summary of its contents; its present location; and, its custodian(s). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

6. Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with these Requests, unless such documents are properly redacted pursuant to a valid claim of privilege or work product as set forth in paragraph 5 above.

7. All documents produced in response to these Requests shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business.

8. Unless otherwise set forth, the relevant time-period for each Request is from the beginning of time to the present.

**DOCUMENTS TO BE PRODUCED**

1. Policies, procedures, rules and/or guidelines regarding Your document and record management, including the retention, storage and/or destruction of relevant (or potentially relevant) documents for such time that there exists a reasonable expectation of foreseeable litigation in connection with such documents.

2. Communications, invoices, purchase orders, agreements, or other documents between You and Defendants related to work performed by You for Defendants.

3. All audits performed for Defendants and the communications related thereto.

4. All communications between You and Defendants.

5. All communications between You and Berkley L. Pollard.

6. All communications between You and Obron Sims.

7. All communications between You and Rita C. McIntyre.

8. All communications between You and Michael Mortellaro.

9. All communications between You and Susan N. Hevey.

10. Any and all documents evidencing any indemnification agreements between You and Defendants.

11. Any and all documents related to Defendants' pelvic mesh products.

12. For each of the documents produced in response to this subpoena, all documents necessary to understand and interpret the meaning of all codes, symbols, or other methods of identification contained within.