UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**RESPONSES AND OBJECTIONS TO PLAINTIFFS'
"NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANTS THROUGH
DESIGNATED WITNESSES" AND
<u>ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Oral Deposition of Defendants Through Designated Witnesses" (the "Notice").  The Notice was filed and served on August 29, 2013.  The Notice is attached hereto as Exhibit 1.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses.  Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO DEPOSITION SUBJECT MATTER AND DOCUMENT REQUESTS

Defendants do not object to the Deposition Subject Matters 1-6. Defendants reserve the right to revise, supplement, correct, or add to this response at any time.

**Document Request No. 1:** All documents relied upon by the deponent in preparing for this deposition.

**Responses and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] section and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)). Subject to and without waiving any objection, Defendants note that each and every document relied upon by the deponent in preparing for this deposition has already been produced to Plaintiff.

**Document Request No. 2:** All documents, product exemplars and retained products provided by Medscand Medical, Cooper Surgical Inc., or any previous manufacturer or distributor of TVT product or components and/or their representatives to Defendants including

but not limited to all studies, data and other records related to TVT as referenced in ETH.MESH.05220458-ETH.MESH.05220464.

**Responses and Objections to Document Request No. 2:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 3:** All communications between Defendants, Medscand Medical, Cooper Surgical Inc., or any previous manufacturer or distributor of TVT product or components and/or their representatives concerning transfer of TVT documents and retained product.

**Responses and Objections to Document Request No. 3:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 4:** All agreements between Defendants and Medscand Medical, Cooper Surgical Inc., or any previous manufacturer or distributor of TVT product or components and/or their representatives concerning TVT including but not limited to transfer agreements, manufacturing agreements, license agreements, purchase orders, and any amendments thereto.

**Responses and Objections to Document Request No. 4:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 5:** All documents concerning testing, maintenance, and storage of TVT exemplars and retained product, including but not limited to: manifests or inventories, storage conditions, storage locations, testing methods and test results.

**Responses and Objections to Document Request No. 5:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 6:** All documents provided by Medscand Medical, Cooper Surgical Inc., or any previous manufacturer or distributor of TVT product or components and/or their representatives to Defendant as required by the above referenced agreements.

**Responses and Objections to Document Request No. 6:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 7:** All documents reflecting amounts paid by Defendants to Medscand Medical, Cooper Surgical Inc., or any previous manufacturer or distributor of TVT product or components and/or their representatives to. [SIC] in connection with above referenced agreements.

**Responses and Objections to Document Request No. 7:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

**Document Request No. 8:** All documents and/or communications referencing the decision as to whether or not to retain or destroy documents or exemplars received from Medscand Medical, Cooper Surgical Inc., or any previous manufacturer or distributor of TVT product or component.

**Responses and Objections to Document Request No. 8:** To the extent that documents responsive to this request, if any, have not already been produced in Defendants' previous productions, Defendants will make a reasonable inquiry and produce any such responsive, non-privileged documents in advance of the deposition.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800

*/s/ Christy D. Jones*
Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on September 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David B. Thomas
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800
dthomas@tcspllc.com