MINUTE ENTRY
GOODWIN, J.
September 30, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| In re: C.R. Bard, Inc., Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2187 |
| In re: American Medical Systems, Inc., Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2325 |
| In re: Boston Scientific Corporation Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2326 |
| In re: Ethicon Inc., Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2327 |
| In re: Coloplast Corp. Pelvic Support Systems<br>Products Liability Litigation<br>_____ | MDL No. 2387 |
| In re: Cook Medical, Inc., Pelvic Repair System<br>Products Liability Litigation<br>_____ | MDL No. 2440 |

**THIS DOCUMENT RELATES TO ALL CASES**

On September 19, 2013, the court conducted a status conference in the above-referenced MDLs. The following is a brief summary of the status conference:

1. **Agenda Issues Common to MDL Nos. 2187, 2325, 2326, 2327, 2387, 2440.**

    a. Tolling Issues/Timing and Volume of Filing Complaints. Judge Goodwin stated that he was generally agreeable to an extension of the January 15th deadline contained in the delayed filing agreement. Henry Garrard, counsel for plaintiffs, requested a sixty-day extension or an increase in the number of filings per week (recognizing the latter option may pose a burden on the Clerk's office).

    Christy Jones, counsel for Ethicon, noted that when cases are filed under the delayed filing agreement, they are not being served on defendants, nor are defendants advised of the filings. Ms. Jones requested that when plaintiffs file under the delayed filing agreement, they serve defendants with a copy of the filed complaint.

    Judge Goodwin stated he was willing to consider a thirty-day extension and an increase in the number of filings if there is a large volume. Mr. Garrard indicated a willingness to work together with Ms. Jones on the service issue, which Judge Goodwin encouraged. The parties agreed to work with Judge Goodwin's law clerk on the details.

    b. General Status of Bellwether Process. Mr. Garrard reported that the next bellwether trial is set in Jones v. C. R. Bard, Inc., 2:11-cv-00114, for November 12, 2013. The AMS cases have been moved from the December, 2013, trial date also.

    Judge Goodwin expressed his displeasure in general with the bellwether process, but stated that he would continue down that path until a better option presents itself. He stated that the court would be in touch in the next few days with a revised bellwether trial schedule.

    c. Consolidation of Cases for Handling and Trial. Mr. Garrard presented the plaintiffs' argument for consolidation. Plaintiffs asserted that bellwethers should continue, that there is a human element to these MDLs that should not be forgotten, and that cases should be consolidated, beginning with West Virginia plaintiffs and Bard products in February. Consolidations in the remaining MDLs would follow. Mr. Garrard encouraged Judge Goodwin to put both parties' feet to the fire by continuing the bellwethers and consolidating cases as well.

Lori Cohen, counsel for Bard, stated that while counsel represents many sympathetic plaintiffs and defendants are compassionate and sympathetic to their plights, defendants wish to remind the court that there are cases where there is no injury, no causation, no product identified. Defendants believe this is the starting point and that there are techniques, including motion practice to deal with this issue. Regarding consolidation of Bard products, Ms. Cohen challenged the number of Bard Avaulta cases in West Virginia and further stated that the largest number of cases filed involve Bard's SUI products, which have not yet been developed. Ms. Cohen questioned whether consolidation of cases on design defect would work, given individual factual issues, such as date of implant and the implanting physician, all of which go to state-of-the-art and state of mind. Ms. Cohen indicated that defendants remained in favor of the bellwether process. Finally, Ms. Cohen pointed out that as a matter of efficiency, consolidating on design defect would not reduce the number of trials, because after the consolidated design defect portion is tried, causation and damages potentially remain for each plaintiff.

Stephen McConnell, counsel for AMS, also spoke regarding AMS's position on consolidation. Mr. McConnell expressed an interest in briefing the issue more fully. He noted that while plaintiffs propose consolidation on AMS's POP products, the parties have almost completed discovery on the SUI cases.

Ms. Jones, on behalf of Ethicon, stated that consolidation was premature at this juncture in the litigation. She noted that there are many claims that may be barred by judicial estoppel in light of bankruptcy filings and the statute of limitations and that many cases are unsupported by any medical evidence. Ms. Jones asserted that there were not enough West Virginia Prolift cases for consolidation.

Rob Adams, counsel for Boston Scientific, joined in Ms. Jones's sentiment that consolidation is premature and that there are not enough Pinnacle cases in West Virginia appropriate for consolidation. Mr. Adams also requested an opportunity for further briefing.

Judge Goodwin commented that the parties were best at telling him what he could not do, rather than what he could do to further the litigation. Judge Goodwin planned to move forward with consideration of consolidation and other ideas. He would not make up his mind tomorrow or next week.

Clayton Clark, plaintiffs' counsel in Boston Scientific, responded on behalf of plaintiffs. Mr. Clark pointed out that unlike Vioxx, these MDLs involve over 80 different products with filings that could rise to 50,000 or 60,000. Mr. Clark asserted that the bellwether process was modeled for a single product case. Mr. Clark conceded that there needs to be a summary judgment motion filed on statute of limitations at some point. However, this is not an argument against consolidation.

Judge Goodwin noted that filing lawsuits with no information or foundation is a clear violation of Rule 11, and he would take appropriate action when a motion is filed.

Mr. Clark continued that the numbers in West Virginia are low. He conceded the Judge's point that the numbers are higher in Texas. Mr. Clark suggested a plan that involves other Article III Judges and those districts with higher filings to determine whether or not Judge Goodwin can either travel to other districts or other District Court Judges can accept part of the MDL docket. Mr. Clark noted that currently, this is the largest MDL in the country [when considering the 6 MDLs combined].

Judge Goodwin encouraged Mr. Clark to take the lead. He noted that he had considered consolidating Ethicon TVT cases in Texas. He encouraged the plaintiffs to stay engaged in moving the ball forward instead of thinking that the defendants were going to simply pay without knowing for what they were paying.

Mr. Clark encouraged Judge Goodwin to create a level of discomfort on both sides.

**2.     Agenda for MDL No. 2327-ETHICON.**

a.     Prolift Selections. Ms. Jones stated that the issue likely had been resolved.

b.     Update on Stipulations Entered. Judge Goodwin noted two stipulations that had been entered, one related to corporate structure and another related to documents in the hernia mesh litigation. Bryan Aylstock, counsel for plaintiffs, stated that the parties also were working on a pathology protocol.

Mr. Aylstock raised the issue of the first bellwether trial, noting that Ms. Lewis, the first bellwether plaintiff in Ethicon, recently underwent explant surgery. Mr. Aylstock stated that this flowed into a request to move the trial date and corresponding expert deadlines. Judge Goodwin noted that in the second bellwether trial, set for May 27th, Brown v. Ethicon, a motion to dismiss is pending without prejudice. However, he has made clear he does not intend to grant the motion to dismiss without prejudice unless Ethicon does not oppose it. Ms. Jones stated that Ethicon does intend to oppose the motion. Ms. Jones noted offered to try the case in Alabama where plaintiff resides. Judge Goodwin stated he would consider the filings in Brown related to dismissal.

Regarding the remaining topics, Mr. Aylstock stated that to the extent the court is amenable to moving the deadlines in Lewis, the rest of the agenda need not be addressed. Ms. Jones agreed, stating that if in fact the deadline is moved three or four weeks, that eliminates the problem.

    c.       Update on Lewis and Brown (Bellwether Cases), "including Brown's Motion to Dismiss Without Prejudice".
    d.       Request to Allow for Supplementation of Expert Reports.
    e.       Amended Complaint.
    f.        Update on Discovery and Deposition Scheduling.
    g.       Expert Discovery.
    h.       Case Management for Early Resolution.
    i.        Docket Control Orders.

**3.**     **Agenda for MDL No. 2326-BSC.**

    a.       General Update on Progress Towards Trial. Mr. Adams stated that he had submitted a docket control order for entry.

**4.**     **Agenda for MDL No. 2187-C.R. BARD/SOFRADIM/TSL.**

    a.       Report on Upcoming Trial. Ms. Cohen proposed meeting with Mr. Garrard to put together a new schedule for discovering additional cases. Ms. Cohen stated that Bard stood ready to submit to the court, proposed consolidated cases to try and bellwether cases as well.

    b.       General Status Report. See above.

    c.       Shotgun Complaints. Richard North, counsel for Bard, reported that Bard has approximately 5800 plaintiffs and of those, 1600 have no identified product.

**5.**     **Agenda for MDL No. 2325-AMS.**

    a.       New Schedule for First Bellwether Trial and Adjusted Internal Deadlines. Judge Goodwin stated that he had a very productive meeting with the parties in AMS the day before the status conference. With regard to rescheduling the December trial, the court would be in touch with a trial date, most likely in early spring.

**6.**     **Agenda for MDL No. 2387-COLOPLAST.**

    a.       Status of Case Resolution Program. Judge Goodwin stated that he met earlier with the parties in Coloplast and was pleased to report they had developed a protocol for moving forward in their MDL that seems to be well thought out and complete.

    b.       Update on Settlement Discussions and Protocol. See above.

    c.       90-day Extension to Meet and Confer Regarding Docket Control Order. Judge Goodwin explained that if the parties' efforts have not resulted in "substantial

resolution" by the end of the year, he will enter an extraordinarily abbreviated scheduling order.

7. **Agenda for MDL No. 2440-COOK.**

   a. Status/result of 30(b)(6) Corporate Defendant Deposition regarding Proper Party Defendants. Ben Anderson, plaintiffs' counsel in Cook, reported that the Rule 30(b)(6) deposition occurred less than 48 hours ago. Judge Goodwin instructed the parties to get this done by Tuesday.

   b. Protective Order. Martin Crump, counsel for plaintiffs in Cook, reported that the parties had reached impasse on the protective order. Judge Goodwin indicated that Judge Eifert would meet with the parties immediately following the status conference on this issue.

   c. PTO #7 (PPF, PFS, DFS). Doug King, counsel for Cook, reported that the parties had agreed to a PTO related to the plaintiff profile form, plaintiff fact sheet, etc.

8. Next Status Conference – November 7, 2013. The next status conference is scheduled for Thursday, November 7, 2013, at 12:00 p.m.