IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

*In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*

*MDL No. 2327*

Civil Action No. _____

---

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

**I.     Background**

Plaintiffs filed this action seeking relief of sustained injuries and damages as a result of implanting Defendants' Pelvic Mesh product(s). This MDL 2327 was brought against Defendants Ethicon, Inc. and Pelvic Repair System Products Liability Litigation. As it is stated in Paragraph 18 of the First Amended Master Long Form Complaint and Jury Demand, dated 08/31/2012, (hereinafter, Complaint), the list of Pelvic Mesh Products includes Prolene Mesh, Gynemesh, Prolift, Prosima, Prolift+M, and TVT. In Paragraph 7 of Ethicon Inc.' answer, dated 08/30/2012, Defendant has admitted that it has designed, manufactured, tested, trained, marketed, promoted, packaged, labelled, advertised, promoted and/or sold Prolene Mesh/Prolene Soft Mesh, Gynemesh, Gynemesh PS, TVT, TVT-Obturator, TVT-SECUR, TVT Exact, TVT Abbrevo, Prolift, Prolift+M, and Prosima. One of the Defendants' products, Prolene Soft Mesh, was implanted in proposed Intervenor, Mr. James C. Bell.  The implanted product was made by Ethicon Inc., lot number THE499. The product was implanted by surgeon Charles R. Byrd, M.D. at the Willis-Knighton Medecal Center, LA on 10/04/04. The reason for implantation was right inguinal hernia. As well as Plaintiffs in the MDL 2327, Mr. James C. Bell has been suffering pain as a result of implanting Defendants' product. He has sent many requests since first symptoms occurred to hospitals for replacing Ethicon Inc.'s devise. However, he was refused in surgery as soon as physicians got to know details

about implanted product. Unfortunately, his pain is not limited to the physical one, as he has been sustaining emotional and psychological problems including but not limited to the problems in the marital life. Inervenors, Mr. and Mrs. Bell, have uniquely interest in the subject matter of the MDL 2327, and support all the Plaintiffs' Counts of the Complaint.

    **II.**    **Argument**

    **A. The Intervenors Satisfy the Requirements for Intervention as of Right as Set Forth in Federal Rules of Civil Procedure 24(a)(2).**

Fer. R. Civ. P. 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:…(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the Fourth Circuit, the party seeking to intervene must "show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by existing parties." <u>Georgia-P. Consumer Products v. Von Drehle Corp.</u>, 815 F. Supp. 2d 927, 930 (E.D.N.C. 2011) citing <u>Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n</u>, 646 F.2d 117 (4th Cir.1981) (citing <u>Virginia v. Westinghouse Electric Corp.</u>, 542 F.2d 214, 216 (4th Cir.1976)). See also <u>Cooper Technologies, Co. v. Dudas</u>, 247 F.R.D. 510, 514 (E.D. Va. 2007), <u>Bragg v. Robertson</u>, 183 F.R.D. 494, 496 (S.D.W. Va. 1998). Applicants meet all three prongs of the test to establish the right to intervene. Each of these requirements for intervention as of right is addressed below.

    **1. The Intervenors Have an Interest in the Subject Matter of the Action.**

Although

Federal Rule of Civil Procedure 24(a) does not articulate the nature of the interest in an action which is sufficient to permit intervention as of right, ... the Supreme Court of the United States has held that "[w]hat is obviously meant ... is a significantly protectable interest." <u>Donaldson v. United States</u>, 400 U.S. 518[517, 91 S.Ct. 534, 27 L.Ed.2d 580] (1971).... To be protectable, the putative intervener's claim must bear a close relationship to the dispute between the existing litigants and therefore must be direct, rather than remote or contingent.

<u>Cooper Technologies, Co. v. Dudas</u>, 247 F.R.D. 510, 514 (E.D. Va. 2007) citing <u>Dairy Maid Dairy, Inc. v. United States</u> 147 F.R.D. 109 (E.D.Va.1993).

Supreme Court of Appeals of West Virginia in <u>State ex rel. Ball v. Cummings</u>, 540 S.E.2d 917, 923 (W. Va. 1999) agreed with the prompt that

> "Interest" means a concern which is more than mere curiosity, or academic or sentimental desire. One interested in an action is one who is interested in the outcome or result thereof because he or she has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree therein.

The Intervenors clearly have an interest relating to the "property or transaction which is the subject of the action." In addition, Applicants' claim bears a close relationship to the dispute between the existing litigants. Plaintiffs of the MDL 2327 action are injured women who had one or more of Defendants' Pelvic Mesh Products inserted in their bodies to treat medical conditions and their spouses and intimate partners of the aforesaid women. Ethicon, Inc. and Pelvic Repair System Products Liability Litigation are named Defendants in the action. The litigation was brought because of injuries and damages as a result of implanting Defendants'Pelvic Mesh Product(s) including Prolene Mesh, Gynemesh, Prolift, Prosima, Prolift+M, and TVT. In the answer to the Complaint, Defendant Ethicon Inc. has admitted that it has designed, manufactured, tested, trained, marketed, promoted, packaged, labelled, advertised, promoted and/or sold Prolene Mesh/Prolene Soft Mesh, Gynemesh, Gynemesh PS, TVT, TVT-Obturator, TVT-SECUR, TVT Exact, TVT Abbrevo, Prolift, Prolift+M, and Prosima.

Mr James C. Bell was prescribed to surgery (right inguinal hernia). Surgery was provided at the Willis-Knighton Medecal Center, LA on 10/04/04 by Charles R. Byrd, M.D.  In order to treat medical conditions, Prolene Soft Mesh was implanted in Mr. James C. Bell's body. Prolene Soft Mesh was made by Ethicon Inc., lot number THE499.

The outcome of that implantation has turned to be catastrophic. Mr. James C. Bell has been suffering the consequences for a long period of time. The attributed outcome includes but is not limited to pain, infection, urinary problems, bowel problems, recurrence, and bleeding. Mr. James C. Bell is 44 years old and used to have very active life. The consequences of the implanted Ethicon Inc.' Prolene Soft Mesh have deprive him from

freedom of choices in daily business activities as well as from enjoyment of living. Mr. James C. Bell is married man, and his beloved wife, Mrs. Kimberly K. Bell, is deprived, too. The Bells' family was forced to face difficulties in all levels of their relationship since each of spouses is emotionally and psychologically injured beyond usual pain and suffering. And all of this is the result of implanting Defendants' Prolene Soft Mesh product.

All at all, Intervenors have significant and direct interest in the subject matter of MDL 2327, and their claim bears a close relationship to the dispute between the existing litigants. A direct interest has been described as one "of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment to be rendered between the original parties." State ex rel. Ball v. Cummings, 540 S.E.2d 917, 924 (W. Va. 1999) citing 59 Am.Jur.2d, Parties § 135, pp. 593-594 (footnote omitted). See also 67A C.J.S. Parties § 75 (1978); 26 Fed.Proc. L.Ed. Parties § 59:273 (1984); and U.S. v. Metropolitan Dist. Com'n, 147 F.R.D. 1 (D.Mass.1993). In fact, Supreme Court of Appeals of West Virginia in State ex rel. Ball v. Cummings, established that

> …the interest claimed by the proposed intervenor must be direct and substantial. A direct interest is one of such immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment to be rendered between the original parties. A substantial interest is one that is capable of definition, protectable under some law, and specific to the intervenor.

State ex rel. Ball v. Cummings, *Id.*

Mr. and Mrs. Bell have direct and substantial interest in the action. The outcome of the MDL 2327 action will have direct impact on Mr. and Mrs. Bell' ability to assert their rights. If Defendants prevail in this action, Intervenors would be estopped from asserting their claims and thus would be prevent from the justice. As this court has pointed out in Teague v. Bakker, 931 F.2d 259, 261 (4th Cir.1991), "Where the intervenor stands "to gain or lose by the direct legal operation of the district court's judgment" on the plaintiff's complaint, the intervenor's interest in the subject matter of the litigation is significantly protectable." Moreover, the Intervenors' interest is also substantial since it can be defined, is protected by laws, and is specific to the applicants. Applying all the

principles to the instant case and because of the impact that the outcome of this litigation would have on Intervenors, their interest in MDL 2327 is sufficient to merit intervention as of right in this matter.

   **2. Disposition of the Action May Practically Impair or Impede the Intervenors' Ability to Protect That Interest.**

The Intervenors are so situated that the disposition of this action may, as a practical matter, may impair or impede their ability to protect their interest.

> In determining whether an interest of a movant seeking to intervene may be impaired, courts ask whether disposition of the action will impair as a practical matter the absentee's ability to protect his or her interest in the transaction upon which the suit is based, and this inquiry focuses on the adverse consequences that a movant will suffer if not permitted to intervene, and where these consequences are serious, such as where the decision of a legal question would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding, the rationale for allowing intervention is strong.

59 Am. Jur. 2d Parties § 166

If Defendants, Ethicon, Inc. and Pelvic Repair System Products Liability Litigation, prevail in the MDL 2327, the Intervenors would be estopped from asserting their rights and, thus, to receive justifiable relief for injures and damages sustained as the result of using Defendants' Prolene Soft Mesh product. If Defendants would be held not liable, principles of res judicata and/or collateral estoppel would prevent the Intervenors from filing their one action. Disposition of this action will result in applicants' loss of their right to participate in proceedings in which they have direct and substantial interest. As Fourth Circuit has pointed out in Cooper Technologies, Co. v. Dudas, 247 F.R.D. 510, 515 (E.D. Va. 2007) by citing 6-24 James Wm. Moore et al., Moore's Federal Practice-CivilLLL § 24.03 (3d ed. Supp.2007), "An applicant's interest is plainly impaired if disposition of the action in which intervention is sought will prevent any future attempts by the applicant to pursue its interest." In the instant case, the decision of a legal question, as a practical matter, could foreclose the rights of the proposed intervenors and, thus, may impair or impede their ability to protect direct and substantial interest in MDL 2327. Based on foregoing, the rationale for allowing intervention is strong.

3. **The Intervenors' Interest is Not Adequately Represented by Existing Parties.**

Although the Plaintiffs and the Intervenors both have an interest in seeing the relief because of sustained injures and damages as a result of using Defendants' Perlic Mesh Products, it is foreseeable that Intervenors will have different approaches to the litigation. Therefore, it is proper to find that the Plaintiffs in MDL 2327 do not adequately represent the interest of the applicants. "The requirement of [ ] Rule [24(a)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). "There is good reason in most cases to suppose that the applicant is the best judge of the representation of his own interest and to be liberal in finding that one who is willing to bear the cost of separate representation may not be adequately represented by the existing parties." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane; Federal Practice & Procedure: Civil § 1909 (2d ed.1986). When a party to an existing suit must represent multiple and distinct interests, those multiple interests may dictate a different approach to the litigation, and a party representing one of those interests exclusively should be allowed to intervene. United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund. Soc., 819 F.2d 473, 475-76 (4th Cir.1987).

To create some kind of test to determine "adequacy" of intervenor's representation by existing parties, Fourth Circuit in State ex rel. Ball v. Cummings, 540 S.E.2d 917, 927 (W. Va. 1999) has pointed out that

> generally courts compare the interests asserted by the proposed intervenor with the interests of the existing party. See 59 Am.Jur.2d Parties § 141. If the proposed intervenor's interest is not represented by the existing party, or the existing party's interests are adverse to those of the proposed intervenor, intervention should be granted. If the interests of the proposed intervenor and the existing party are similar, "a discriminating judgment is required on the circumstances of the particular case, but [the proposed intervenor] ordinarily should be allowed to intervene unless it is clear that the [existing] party will provide adequate representation for the absentee." 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1909, p. 319 (footnote omitted). See also 26 Fed.Proc. L.Ed. Parties § 59:303.

In MDL 2327 the claimed plaintiffs are (1) injured women who had one or more of Defendants' Pelvic Mesh Products inserted in their bodies to treat medical conditions, primarily pelvic organ prolapse and stress unitary incontinence and (2) their spouses and intimate partners of the aforesaid women. The Intervenors are (1)

Mr. James C. Bell, in whose body was implanted Defendants' Pelvic Mesh Product, Prolene Soft Mesh (lot number THE499) to treat right inguinal hernia and (2) his spouse, Mrs. Kimberly K. Bell. Although both Plaintiffs and Intervenors have similar interests in litigation since both have sustained injuries and damages as a result of implanting Defendants' products, the applicants are not adequately represented by existing parties. Taken all in consideration, the applicants meet third prong of the test to establish the right to intervene.

**B. Timeliness.**

Courts have wide discretion in deciding whether the timeliness requirement has been satisfied. Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir.1981); see also Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir.1989). In determining the timeliness of an application for intervention, the Court should consider "how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness for moving to intervene." Gould, 883 F.2d at 286 (citing Commonwealth of Pa. v. Rizzo, 530 F.2d 501, 506 (3rd Cir.1976)).

Even though Final Master Complaint is dated August 31, 2012, the case is still on its early stage. According to Pretrial Order #66 (Agreed Order and Stipulation Regarding Hernia Mesh Documents), entered on September 6, 2013, "Ethicon is still in the early stages in the hernia mesh litigation". See Paragraph 6.

Defendants, Ethicon, Inc. and Pelvic Repair System Products Liability Litigation would not be prejudiced by the grant of leave to intervene. Defendants would not be prejudiced because the suit is trying as if Intervenors's rights would be adjudicated on their merits. Presumably all of the evidence, if any, against Defendants and all of evidence, if any, in their defense is already part of the record. On the Other hand, if the denial of intervention is upheld, the applicants may well be prejudiced. As a minimum, it would be required to file a new lawsuit and to retry issues that will have been already thoroughly litigated. In addition, it would be significantly hard to defend successfully against pleas of limitations or laches in the new suit.

**C. In the Alternative, Intervenors Satisfy the Requirements for Permissive Intervention as Set Forth in Federal Rules of Civil Procedure 24(b).**

Alternatively, permissive intervention is available when "an applicant's claim or defense and the main action have a question of law or fact in common…" Fed.R.Civ.P. 24(b)(2). "In exercising its discretion the court shall consider whether the intervention will unduly prejudice the adjudication of the rights of the original parties." Cooper Technologies, Co. v. Dudas, 247 F.R.D. 510, 514 (E.D. Va. 2007). In addition, the Cooper court citing Hill Phoenix, Inc. v. Systematic Refrigeration, Inc. 117 F.Supp.2d 508, 514 (E.D.Va.2000) noted

> [A] party may be permitted to intervene pursuant to Rule 24(b)(2), at the discretion of the court, provided the motion is timely and the applicant presents a question of law or fact in common with that presented by the litigation ... Whether a motion to intervene was timely must be determined based on all the circumstances. Factors to consider include the point to which the suit has progressed at the time the motion to intervene was filed; the length of time the applicant knew, or should have known, of the litigation before filing its motion to intervene; and prejudice to existing parties that would result from allowing the intervention. The Fourth Circuit has stated that the most important factor in determining whether a motion to intervene is timely is the prejudice caused to the other parties by the delay.

*Id.*, at 516.

In the instant case, the Intervenors satisfy requirements for Fed.R.Civ.P. 24(b)(2). The timeliness requirement is discussed above. Both the applicants and Plaintiffs in MDL 2327 have been suffering from injuries and damages as a result of implanting Deffendants' Pelvic Mesh Product(s). Thus, there are common facts and/or question of law in the Intervenors' case and in the pending MDL 2327.

The Intervenors clearly have an interest in the outcome of this matter. Since the case is still young and the ultimate issues have yet to be placed before this Court, cannot and will not prejudice or delay the rights of any of the existing parties. The Intervenors, therefore, request that the Court grant permissive intervention under Federal Rule of Civil Procedure 24(b), should the Court decide not to grant intervention as of right.

Hill Phoenix, Inc. v. Systematic Refrigeration, Inc. 117 F.Supp.2d 508, 514 (E.D.Va.2000).

### III.   Conclusion

For the forgoing reasons, proposed Intervenors, Mr. James C. Bell and Mrs. Kimberly K. Bell, request that their motion be GRANTED, and that they be permitted to intervene in the instant action.

Dated: October 9, 2013

Respectfully submitted,

s/ Cameron N.E. Landry

CAMERON N. E. LANDRY (LSBA 32541)

405 South Broad Street

New Orleans, Louisiana 70119

Telephone: (504) 821-5000

Fax: (888) 550-1220

Attorney for Intervenors Mr. James C. Bell and Mrs. Kimberly K. Bell