# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

In Re Ethicon, Inc., Pelvic Repair System ) MDL No. 2327
Products Liability Litigation )
) Action Pending in United States District Court
) for the Southern District of West Virginia
)
)
) NOTICE OF SUBPOENA

TO:

Christy D. Jones
Christy.jones@butlersnow.com
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
601/948-5711
601/985-4500 (fax)

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Plaintiffs intend to serve a Subpoena, in the form attached hereto, on Becker & Associates Consulting, Inc. via its Executive Vice President, Elaine C. Messa, on October 10, 2013 or as soon thereafter as service may be effectuated.

Dated this October 10, 2013

/s/ P. Ann Trantham

P. ANN TRANTHAM
Louisiana Bar No. 30972
Texas Bar No. 24067910
Illinois Bar No. 6305301
Telephone: (713) 275-4056
Facsimile: (713) 275-4046
Email: patrantham@gmail.com

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that, on October 10, 2013, on behalf of the Plaintiffs' Steering Committee, In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327, I served the foregoing *Notice of Subpoena* by Certified Mail upon:

**_CMRRR: #7012 3460 0000 1897 9971_**

Christy D. Jones
Christy.jones@butlersnow.com
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
601/948-5711
601/985-4500 (fax)

P. Ann Trantham

Case 2:12-md-02327   Document 867   Filed 10/10/13   Page 3 of 14 PageID #: 10220

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

|  |  |
|---|---|
| Plaintiff<br>v.<br>In Re Ethicon Pelvic Repair System Products Liability Litigation<br>Defendant | Civil Action No.   MDL No. 2327<br><br>(If the action is pending in another district, state where:<br>____Southern ____District of ____West Virginia____ ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Becker & Associates Consulting, Inc.; 2001 Pennsylvania Avenue NW Suite 950; Washington, DC 20006
Executive VP - Elaine C. Messa

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: | Ashcraft & Gerel, LLP; c/o Michelle Parfitt<br>2000 L. Street, NW, Suite 400<br>Washington, D.C. 20036 | Date and Time:<br>11/11/2013 10:00 AM |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  10/10/2013

| CLERK OF COURT |  |
|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR   *[signature]*<br>_____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Plaintiffs,____
P. Ann Trantham, Ann Trantham Law Office P.L.L.C., 5020 Montrose, Suite 300, Houston, TX 77007, patrantham@gmail.com, 713-757-2590 , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   MDL 2327

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed

information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO BECKER & ASSOCIATES CONSULTING, INC.

### DEFINITIONS

1.  For purposes of this subpoena and the Requests contained herein, the following terms shall have the following meanings:

    a.  "You," or "Your" refers to BECKER & ASSOCIATES CONSULTING, INC., and any of its predecessors in interest, successors in interest, parent-companies, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including attorneys and accountants.

    b.  "Defendant" refers to Ethicon, Inc. and any of its predecessors in interest, successors in interest, parent companies, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including attorneys and accountants.

    c.  "AdvaMed" refers to Advanced Medical Technology Association.

    d.  "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    e.  "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

    f.  "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic data or computerized data compilations including all information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and Metadata.

This term also refers, without limitation, to the original and all copies, prior drafts and translations, written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications, data compilations, or representations of every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, whether prepared by manual, mechanical, electronic, magnetic, photographic, or other means, as well as audio, video or other recordings of communications, oral statements, conversations, or events. Furthermore, this term includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, news articles, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. A draft or non-Identical Copy is a separate document within the meaning of this term.

   g. "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-Identical Copies of writings and data compilations in any form, and of every kind and description, including electronically stored information or "ESI", whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, but is not limited to, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing files generated using programs such as Word or WordPerfect;

spreadsheets and tables such as Excel or Lotus 123 worksheets; accounting application data such as QuickBooks, Money, or Peachtree data; databases such as Access, Oracle, SQL Server data, or SAP; charts, graphs and outlines; electronic mail and other digital communications such as e-mail, voicemail and instant messaging; images and facsimile files; sound recordings such as .WAV and .MP3 files; video and animation such as AVI and .MOV files; contact and relationship management data such as Outlook and ACT; calendar and diary application data such as Outlook PST and blog entries; online access data such as Temporary Internet Files, History and Cookies; presentations such as PowerPoint and Corel Presentations; network access and server activity logs; project management application data; computer aided design/drawing files; backup and archival files such as VERITAS, Zip and .GHO; operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data also includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, e-mail server stores such as Lotus Domino .NSF or Microsoft Exchange .EDB, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. Furthermore, the term electronic data includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

       h. "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices include, but are not limited to, computer

memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

    i. "Identical Copy" means:

        i. A full and complete copy of the original Document that does not differ from the original paper Document because of highlights, comments, annotations, marks, transmission notations, underlining, marginalia, total pages, attachments, notes, markings or other alterations of any kind. Each such differing copy shall itself be considered an original paper Document and not an Identical Copy. For example, where there are two documents with identical content but one has highlighting and the other does not, in such a situation, the two documents shall not be considered identical.

        ii. An electronic Document that is a copy of the original electronic Document including Metadata. Identical copies of the original electronic Document will generate the same MD5 Hash value. For example, and Identical Copy would include copies of the same Document saved on an individual custodian's local hard drive or an accessible network shared drive. An Identical Copy would not include copies of the same Document found in two individual custodians' produced Documents.

    j. "Including" or "includes" means including, without limitation.

    k. "Metadata" means: (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file; and/or (ii) information generated automatically by

the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

    1. "Person" means any natural person or any business, legal, or governmental entity or association.

    2. The following rules of construction apply to all discovery requests:

    a. The terms "all" and "each" shall be construed as all and each;

    b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    c. The use of the singular form of any word includes the plural and vice versa; and

    d. Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

## INSTRUCTIONS

    1. Each Request refers to documents in the custody, control, and possession of BECKER & ASSOCIATES CONSULTING, INC., or known to BECKER & ASSOCIATES CONSULTING, INC., as well as in the custody, control, and possession of or known to BECKER & ASSOCIATES CONSULTING, INC.'s counsel, representatives, agents, servants, investigators, contractors, and consultants, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, contractors, and consultants.

2. If any document responsive to these requests is unavailable, because it was lost, altered, deleted, or destroyed by BECKER & ASSOCIATES CONSULTING, INC. or its agents, or for any other reason, BECKER & ASSOCIATES CONSULTING, INC. shall fully identify the document and also state:

    a. When and where it was lost, altered, deleted, or destroyed, or why it is otherwise unavailable;

    b. The name and address of each person who lost, altered, deleted, or destroyed it, or who otherwise caused it to be unavailable;

    c. The name and address of each person who directed, approved, or knew of its alteration, deletion, or destruction, and

    d. The name and address of each person who has knowledge of this document.

3. If you cannot produce a document that is responsive to these requests for any other reason, please respond to the extent possible, stating each reason why you cannot respond in full.

4. These requests shall be deemed to be continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when BECKER & ASSOCIATES CONSULTING, INC. or its agents obtain access, custody, possession, or control of any document not previously produced, which is responsive to any of these Requests.

5. Pursuant to FRCP 26(b)(5), any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in writing and must include: a statement of the ground alleged for withholding such document; the Bates range of the document; its date; the identity of its author, recipients,

and signatories; the type of document (e.g., letter); a summary of its contents; its present location; and, its custodian(s). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

6. Documents are to be produced in full and in their unexpurgated form. Redacted documents shall not constitute compliance with these Requests, unless such documents are properly redacted pursuant to a valid claim of privilege or work product as set forth in paragraph 5 above.

7. All documents produced in response to these Requests shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business.

8. Unless otherwise set forth, the relevant time-period for each Request is from the beginning of time to the present.

## DOCUMENTS TO BE PRODUCED

1. Policies, procedures, rules and/or guidelines regarding Your document and record management, including the retention, storage and/or destruction of relevant (or potentially relevant) documents for such time that there exists a reasonable expectation of foreseeable litigation in connection with such documents.

2. Invoices, purchase orders, agreements, or other documents between You and Defendant.

3. Invoices, purchase orders, agreements, or other documents between You and AdvaMed.

4. Any and all documents concerning, addressing, or related to the FDA Ad Com Panel which occurred on September 8-9, 2011.

5. Any and all documents concerning, addressing, or related to any literature reviews performed in advance of the September 8-9, 2011 FDA Ad Com Panel.

6. All communications between You and Defendant concerning surgical mesh.

7. All communications between You and the following entities concerning surgical mesh:

   a. AdvaMed

   b. 3D Communications

   c. NewsPRos

8. All communications between You and AdvaMed's Jeffrey Secunda.

9. Any and all documents evidencing any indemnification agreements between You and Defendant.

10. Any and all documents evidencing any indemnification agreements between You and AdvaMed.

11. For each of the documents produced in response to this subpoena, all documents necessary to understand and interpret the meaning of all codes, symbols, or other methods of identification contained within.