UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| --------------------------------------------------------- | x | |
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | : : : | CIVIL ACTION NO. 2:12-md-02327  MDL No. 2327 |
| --------------------------------------------------------- | : : | |
| This Document Applies To All Actions | : | Judge Joseph R. Goodwin |
| --------------------------------------------------------- | x | |

## MOTION TO AMEND FIRST AMENDED MASTER LONG FORM COMPLAINT AND JURY DEMAND AND AMENDED MASTER SHORT FORM COMPLAINT

Plaintiffs in the above-styled MDL proceeding move the Court for leave to amend their First Amended Master Long Form Complaint and Amended Master Short Form Complaint.

## I. INTRODUCTION

Plaintiffs seek leave to amend their First Amended Master Long Form Complaint[1] to remove, revise and/or add the following:

1) Remove paragraph 5 to exclude Defendant Ethicon, LLC;
2) Add more specificity to paragraphs 18, 24, 40, 50, and 51;
3) Add paragraphs 28, 30, 141 (a) – (f), 155 (a) – (f), 161 (a) – (f), 162, 256 (a) – (f); and
4) Add Count XIX, Negligent Training.

Plaintiffs obtained information necessary to plead their fraud claims with greater specificity from their review of numerous depositions and thousands of documents produced in the litigation to date.  Plaintiffs also discovered new evidence to support a claim for negligent training.

The proposed amended complaint necessitates changes to the Amended Master Short Form Complaint.[2] In particular, the short form complaint should exclude contents about

---

[1]     The proposed amended long form complaint is attached as Appendix A.

– 1 –

Defendant Ethicon, LLC and include Count XIX on negligent training. The proposed revised

short form complaint also includes Defendant, Cook because the Court indicated this defendant

should be added.[3]

## II. PROCEDURAL HISTORY

On August 21, 2012, Plaintiffs filed their Master Long Form Complaint and Jury

Demand. Plaintiffs inadvertently omitted paragraphs on jurisdiction and venue and on August 28,

2012, with Defendants' agreement, Plaintiffs filed their First Amended Master Long Form

Complaint and Jury Demand.

Plaintiffs also filed their Master Short Form Complaint on August 21, 2012. On May 29,

2013, the Court entered PTO No. 50 allowing Plaintiffs to amend their Short Form Complaint to

remove defendants that had been dismissed without prejudice. These companies are Endo

Pharmaceuticals Inc., American Medical Systems Holdings, Inc. and Endo Health Solutions Inc.

(collectively referred to as the "Endo Entities") along with Coloplast A/S, Coloplast

Manufacturing US, LLC, and Porges S.A.

Plaintiffs have neither sought nor been ordered to make any other changes to the long

form or short form complaints.

## III. ARGUMENT

The Court should freely grant leave to amend "when justice so requires." FED. R. CIV. P.

15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has held that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits. In the absence of any apparent or declared reason-such as undue delay,

---

[2]      The proposed amended short form complaint is attached as Appendix B.

[3]      Plaintiffs have consulted with Defendant, Ethicon, Inc. Ethicon opposes the filing of the
proposed Second Amended Master Long Form Complaint.

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*

The Supreme Court found that "the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

The Fourth Circuit has held that "'a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.'" *Burton v. U.S.*, 199 F.R.D. 194, 200 (S.D.W. Va. 2001) (*citing Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). The court held further "that district courts have the discretion 'to deny leave to amend based upon a balancing of the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained.'" *Id.*

In this case, no grounds exist to deny Plaintiffs' motion for leave to amend the First Amended Master Long Form Complaint and Amended Short Form Complaints. Plaintiffs seek leave to amend to add additional factual allegations that have been uncovered during the initial phase of discovery. Further, Plaintiffs seek leave to add an additional count for negligent failure to train.  Defendants voluntarily assumed a duty by educating physicians on its products and procedures because they knew training was necessary to protect the patients who would have their devices permanently implanted in their bodies, and by doing so, Defendants were required

to exercise reasonable care in conducting such training.  Defendants' failure to exercise

reasonable care in their training of implanting physicians caused harm to the Plaintiffs.

Plaintiffs have not unduly delayed and are not acting in bad faith in seeking to amend

their First Amended Complaint at this time to add these allegations.  Defendant will not be

prejudiced by the filing of the Second Amended Master Long Form Complaint and Jury

Demand, no additional discovery will be required, and the Court's docket will not be strained by

this amendment.

Plaintiffs advised Defendants of their intent to file this motion, and provided them with a

copy of the proposed amended complaint.  Defendants have indicated that they will likely

oppose this motion.

## IV. CONCLUSION

Plaintiffs have demonstrated that their request for leave to amend is not accompanied by

prejudice, delay, or bad faith. Thus, Plaintiffs request that the Court grant Plaintiffs' Motion for

Leave to File the Second Amended Master Long Form Complaint and Jury Demand and Second

Amended Short Form Complaint.

Dated: October 22, 2013

Respectfully submitted,

/s/ D. Renee Baggett
D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com


/s/ Thomas P. Cartmell
THOMAS P. CARTMELL

Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

-------------------------------------------------------- x

**IN RE ETHICON, INC., PELVIC REPAIR** :    **CIVIL ACTION NO. 2:12-md-02327**
**SYSTEM PRODUCTS LIABILITY** :
**LITIGATION** :    **MDL No. 2327**

-------------------------------------------------------- :

This Document Applies To All Actions      :    Judge Joseph R. Goodwin

-------------------------------------------------------- x

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on October 22, 2013, I electronically filed the foregoing document

with the Clerk of the court using CM/ECF system which will send notification of such filing to

the CM/ECF participants registered to receive service in this MDL.

                     /s/ D. Renee Baggett
                     D. RENEE BAGGETT
                     Aylstock, Witkin, Kreis and Overholtz, PLC
                     17 E. Main Street, Suite 200
                     Pensacola, FL 32563
                     P: 850-202-1010
                     F: 850-916-7449
                     Rbaggett@awkolaw.com