UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES ONLY TO: JAMES C. BELL AND KIMBERLY K. BELL v. ETHICON, INC., et al.<br>CASE NO. 2:13-cv-24991 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO INTERVENE

Defendants Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson (collectively "Ethicon"), by and through the undersigned counsel, hereby respond in opposition to Plaintiffs' Motion to Intervene, filed in MDL No. 2327 on October 9, 2013.[1]

### BACKGROUND

On October 9, 2013, James C. Bell and his wife, Kimberly K. Bell, filed a Short Form Complaint in MDL No. 2327. *See* Short Form Complaint, ECF No. 1, *James C. Bell et al. v. Ethicon, Inc., et al.*, Civil Action No. 2:13-cv-24991 (S.D. W. Va. Oct. 9, 2013) (hereinafter "Short Form Complaint"). According to the Short Form Complaint, Mr. Bell—who is listed as "the plaintiff"—was allegedly implanted with Prolene Soft Mesh, a product manufactured by

---

[1] As explained below, in addition to filing their Motion to Intervene, Plaintiffs also filed a Short Form Complaint. Plaintiffs have yet to serve Ethicon, however, and Ethicon appears specially, solely for the purpose of presenting this response in opposition to the Motion to Intervene. By presenting this response, Ethicon does not seek to litigate the merits of Plaintiffs' case, and Ethicon hereby asserts and preserves any and all defenses available under the law, with said defenses to be raised at the appropriate time.

Ethicon. *See* Short Form Complaint ¶¶ 1, 8. Mr. and Mrs. Bell assert each of the eighteen counts set forth in the Short Form Complaint. *Id.* ¶ 13.

For whatever reason, in addition to filing their Short Form Complaint, Plaintiffs also filed a Motion to Intervene (ECF No. 861) in *In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327. Plaintiffs acknowledge in their supporting memorandum (ECF No. 862) that the plaintiffs of MDL No. 2327 "are injured women who had one or more of Defendants' Pelvic Mesh Products inserted in their bodies to treat medical conditions and their spouses and intimate partners of the aforesaid women." Supp. Memo. at 2. Plaintiffs further acknowledge that Mr. Bell, by contrast, is a male who was implanted with Prolene Soft Mesh to repair a right inguinal hernia. *Id.* at 1. Nevertheless, Plaintiffs maintain that they "have uniquely interest [sic] in the subject matter of the MDL 2327," and thus seek to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) or, alternatively, as a permissive matter pursuant to Rule 24(b).

## ARGUMENT

### A. Intervention as of Right

Rule 24(a)(2) provides that, on timely motion, "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Fourth Circuit has interpreted Rule 24(a)(2) to entitle an applicant to intervention as of right if the applicant can demonstrate "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991).

Plaintiffs' Motion to Intervene should be denied because they have failed to demonstrate any of the three factors necessary for intervention as of right. First, Plaintiffs do not have an interest in MDL No. 2327. As set forth more fully below, whereas MDL No. 2327 involves the use of transvaginal mesh products in women for the treatment of pelvic organ prolapse and stress urinary incontinence, Plaintiffs' claims involve a hernia mesh product implanted in Mr. Bell's abdomen. Because of this difference, Plaintiffs have no protectable interest in MDL No. 2327. Second, Plaintiffs will not be impaired or prejudiced by the resolution of MDL No. 2327. Again, Plaintiffs' claims involve a different product implanted for a different reason. As a result, the MDL bellwether proceedings—no matter the outcome—will have no impact on Plaintiffs' claims. Third, Plaintiffs' assertion that their interests are not adequately represented by the female plaintiffs in MDL No. 2327 only underscores the fact that they (the Bells) have no interest in the MDL. For each of these reasons, Plaintiffs' Motion to Intervene should be denied to the extent Plaintiffs seek intervention as of right.

B. **Permissive Intervention**

Rule 24(b)(1)(B) authorizes a court to allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Plaintiffs ask the Court to allow them to intervene because, like the plaintiffs in MDL No. 2327, Mr. Bell complains of injury allegedly resulting from a mesh product manufactured by Ethicon.

MDL No. 2327, to use the words of Judicial Panel on Multidistrict Litigation (the "JPML"), consists of cases "involving allegations of defects in various models of *pelvic* surgical mesh products" manufactured by Ethicon. *In Re: American Medical Systems, Inc.*, 844 F. Supp. 2d 1359, 1359 (J.P.M.L. 2012) (emphasis added). Indeed, the JPML ordered centralization of MDL No. 2327 in the Southern District of West Virginia because of this Court's "unique" experience in presiding over similar mesh MDLs, all of which this Court has described as

concerning the "use of *transvaginal* surgical mesh to treat *pelvic organ prolapse or stress urinary incontinence.*" *In re C.R. Bard, Inc.*, MDL No. 2187, 2013 WL 2432918 at *1 (S.D. W. Va. June 4, 2013) (emphasis added); *see also Flores v. Ethicon, Inc.*, Civil Action No. 2:12-cv-01804, 2013 WL 1561115 at *1 (S.D. W. Va. Apr. 10, 2013) (describing member case of MDL No. 2327 as "involv[ing] the use of transvaginal surgical mesh to treat pelvic organ prolapse ('POP') and stress urinary incontinence ('SUI')").

Consistent with these descriptions, the parties and the Court have focused this litigation on the use of Ethicon's transvaginal surgical mesh products to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). For example, the parties agreed to use a Master Long Form Complaint that described the plaintiffs in MDL No. 2327 as follows: "Plaintiffs include *women* who had one or more of Defendants' *Pelvic* Mesh Products . . . inserted in their bodies to treat medical conditions, primarily *pelvic organ prolapse and stress urinary incontinence.*" *See* Pretrial Order # 12, Master Long Form Complaint ¶ 1 (emphasis). The Master Long Form Complaint identified the defendants as manufacturers and distributors of various "pelvic floor repair" products. *Id.* ¶ 7. Similarly, by Pretrial Order # 17, the Court ordered that the parties use a Plaintiff Profile Form ("PPF") and Plaintiff Fact Sheet ("PFS"), each of which was clearly aimed at a female plaintiff implanted with pelvic mesh products. *See* Pretrial Order # 17. The PPF, for example, asks for the number of pregnancies, the number of live births, the date of any hysterectomy performed, and identification of the plaintiff's OB-GYN. And the PFS seeks identification of the "pelvic mesh product" at issue, the number of vaginal births and cesarean section births the plaintiff has had, and information concerning the plaintiff's experience with menopause and with vaginal estrogen therapy. In short, MDL No. 2327 has turned out to be exactly what the JPML understood it to be: claims involving the use of transvaginal surgical mesh to treat POP and SUI.

Plaintiffs' case, by contrast, concerns the use of a mesh product to repair a hernia in Mr. Bell's abdomen. In other words, his case involves a different product implanted into a different body cavity to treat a different medical condition. Under these circumstances, it cannot be said that Plaintiffs' case presents questions of law or fact in common with those presented by MDL No. 2327. Accordingly, Plaintiffs' Motion to Intervene should be denied to the extent they seek permissive intervention.

## CONCLUSION

Pursuant to the foregoing, Ethicon respectfully requests that the Court enter an order denying Plaintiffs' Motion for Intervention and order that Plaintiffs' Short Form Complaint be dismissed.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON


*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

*/s/ Christy D. Jones*
Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES ONLY TO: JAMES C. BELL AND KIMBERLY K. BELL v. ETHICON, INC., et al.<br>CASE NO. 2:13-cv-24991 | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on October 24, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

COUNSEL FOR DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON