UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | | |
|---|---|---|
| IN RE: | Civil Action No. MDL 2327 | Master File No. 2:12-MD-02327 |
| ETHICON, INC., PELVIC REPAIR SYSTEM | | Southern District of West Virginia |
| PRODUCTS LIABILITY LITIGATION | | Charleston Division |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF PLAINTIFFS' SUBPOENA PENDING A DETERMINATION OF THE APPLICABILITY OF THE BAAA TO SECANT**

### I.   INTRODUCTION

Secant is a biomaterials supplier as defined by the BAAA. The BAAA protects such suppliers from liability in claims involving harm from an implant and imposes limits on discovery, applicable here. As explained in more detail below, Secant was served with third party discovery in these actions. Prior to responding to the third party subpoena, it became a defendant in these actions. Secant recognizes that it may have discovery obligations whether it is a third party or a defendant. However, the nature and scope of those obligations may differ, depending on its status. Therefore, Secant seeks a ruling on the applicability of BAAA now, so that it may properly understand its role in this litigation *before* expending time, money and resources to respond to discovery.

### II.   BACKGROUND

On September 11, 2013, Plaintiffs served Secant with a third-party subpoena pursuant to F.R.C.P. 45(c), seeking documents in connection with MDL No. 2327, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, pending before Chief Judge Goodwin in the Southern District of West Virginia. At the time Plaintiffs served the subpoena, Secant was not a party to this MDL. By agreement, Secant's responses to the subpoena were due October 28, 2013.

On October 17, 2013 the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred *Hammons v. Ethicon* (2:13-cv-26259), *Musewicz v. Ethicon* (2:13-cv-26024), and *Delacruz v. Ethicon* (2:13-cv-26032) to MDL No. 2327. *See* Transfer Order, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, MDL No. 2327 (JPML Oct. 17, 2013), Doc. 1311. In *Hammons*, *Musewicz*, and *Delacruz*, Plaintiffs seek compensatory and punitive damages for harm they allegedly suffered following the implantation of pelvic mesh devices manufactured by Ethicon, Inc. In each case, they name Secant as a defendant based on its role in supplying Ethicon with a component part used in the manufacturer of Ethicon's devices. By operation of the JPML's 10/17/13 transfer order, Secant is now a defendant in MDL No. 2327.

Plaintiffs originally filed *Hammons*, *Musewicz*, and *Delacruz* in the Philadelphia County Court of Common Pleas. Ethicon timely removed these cases to the Eastern District of Pennsylvania based on Plaintiffs' fraudulent joinder of Secant. As Ethicon explained in its removal papers, Secant's joinder was fraudulent because the BAAA protects biomaterials suppliers like Secant from liability in "any civil action brought by a claimant, whether in Federal or State court, on the basis of any legal theory, for harm allegedly caused, directly or indirectly, by an implant." 21 U.S.C. § 1603(b)(1). The Act also contains an express preemption provision that bars any finding of liability under state law where the BAAA precludes it. *See* 21 U.S.C. § 1603(c)(1) ("This [Act] supersedes any State law regarding recovery for harm caused by an implant and any rule of procedure applicable to a civil action to recover damages for such harm only to the extent that this [Act] establishes a rule of law applicable to the recovery of such damages.").

Following Ethicon's removal of *Hammons*, *Musewicz* and *Delacruz*, Secant moved to dismiss each case in part on the ground that the BAAA bars Plaintiffs' claims. Given the

JPML's subsequent transfer of *Hammons*, *Musewicz*, and *Delacruz* to MDL No. 2327, Secant's motions to dismiss these cases are now pending in the MDL.[1] Thus, Secant stands in the confusing and unique position where it is subject to a third-party subpoena despite being a defendant in MDL No. 2327. Accordingly, Secant seeks a stay until the Court resolves the issue of Secant's status in the MDL.

### III. LEGAL ANALYSIS

A stay is necessary and proper because Secant's status in MDL No. 2327 should be clarified before it is required to engage in burdensome discovery. Although Secant was not a party to the MDL at the time Plaintiffs served it with their subpoena, Secant is now a defendant in the MDL based on the JPML's 10/17/13 transfer order. Thus, Plaintiffs' subpoena and any other attempts to conduct discovery given the present procedural posture in these matters are premature.

Secant's motions to dismiss in *Hammons*, *Musewicz*, and *Delacruz*, which are pending in MDL No. 2327, each raise the issue of Secant's immunity under the BAAA. The plain language of the Act requires the dismissal of Secant based upon its status as a biomaterials supplier. *See* 21 U.S.C. §§ 1603(b)(1), 1603(c)(1). Further, under the BAAA, discovery is permitted during the pendency of a motion to dismiss only under limited circumstances not present here. 21 *U.S.C.* § 1605(c)(1). In light of the BAAA's limitations on discovery prior to the resolution of a motion to dismiss, Secant is not required at this time to produce any documents to Plaintiffs. Furthermore, depending on Secant's role in this litigation Secant may have different discovery obligations in this action. For example, as a procedural matter, depending on its status, it will be responding pursuant to either F.R.C.P. 34 (as a party) or Rule F. R. C. P. 45(c) (as a third party).

---

[1] Plaintiffs filed motions to remand in *Hammons*, *Musewicz*, and *Delacruz*. Plaintiffs' motions to remand, like Secant's motions to dismiss, also hinge on the applicability of the BAAA to Secant.

Its obligations under both rules differ. In addition, there are orders entered in the MDL action -- for example the ESI protocol -- that apply to defendants, but do not apply to third parties. Therefore the electronic form of production will differ depending upon its status. Moreover, the scope of its discovery will likely differ depending on whether it is a defendant or third party. Therefore, approaching discovery in a piecemeal matter before Secant knows its status in this litigation will necessarily increase costs and burdens for Secant in responding to discovery.

The instant motion is not an attempt by Secant to avoid any obligation to produce responsive documents in the future. Rather, as stated above, Secant files this motion simply to stay further action on Plaintiffs' subpoena until the Court clarifies Secant's status in this MDL. Secant respectfully submits that such clarification can be achieved only through a decision by the Court on Secant's pending motions to dismiss in *Hammons*, *Musewicz* and *Delacruz*.

## IV. CONCLUSION

Secant respectfully requests that this Court grant the motion to stay enforcement of Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises pending a determination of the applicability of the BAAA.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: October 28, 2013

/s/ V. Amanda Witts
Joe H. Tucker, Jr., Esquire
V. Amanda Witts, Esquire
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
Attorneys for Secant Medical Inc., Secant Medical LLC and Prodesco, Inc.

5