UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO: [see attached list of cases] | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED BASES UPON LACK OF STANDING AND/OR JUDICIAL ESTOPPEL**

Defendants Johnson & Johnson and Ethicon move for entry of an order to show cause why Plaintiff's claims should not be dismissed for lack of standing and/or because Plaintiff is judicially estopped from asserting the claims.  In support of this Motion, Defendant states as follows:

I.     INTRODUCTION

The J.P.M.L. established MDL 2327 in February 2012; in less than two years the MDL has grown to over 18,000 filed cases, and another 7,000 cases served pursuant to the Delayed Filing Order are not yet filed.

In September 2013, Defendants filed a Motion for Case Management Order identifying certain broad classifications of potentially barred or otherwise meritless claims.  A mechanism to identify and efficiently address such cases early in the litigation is essential, as Plaintiffs in large coordinated proceedings are afforded an opportunity to "park" cases with minimal risk that they will be subjected to individual attention.  This allows for inflated inventories with little risk that the infirmities associated with weak (or even meritless) cases will be brought to light.  Under

Exhibit C

ordinary circumstances, these cases will only be exposed if the case is one of the few selected for discovery and trial. These inflated inventories impede the ultimate resolution of the litigation -- Defendants cannot realistically assess settlement when a significant percent of cases are believed to be barred due to lack of standing, judicial estoppel, or the statute of limitations, or otherwise are without merit; such cases should not be considered in the resolution equation. This motion is Defendants' first effort to assist the Court in identifying claims that should be dismissed.

Plaintiff stated under oath in her Plaintiff Profile Form that she had earlier filed for bankruptcy protection.[1] To the extent that Plaintiff sought bankruptcy protection after the personal injury claim asserted in this litigation arose, the cause of action is the property of the bankruptcy estate, and that Plaintiff lacks standing to purse the claim. Further, if Plaintiff sought bankruptcy protection after her claim arose but did not disclose that claim in the bankruptcy action, and received either a discharge of debts or a repayment plan approved by the bankruptcy court, then Plaintiff is judicially estopped from asserting claims against Defendants for monetary relief. Plaintiff's position in this litigation--that she is entitled to monetary relief against Defendants -- is inconsistent with her positions before the bankruptcy court—that no such claims existed.

A United States District Court has broad power to manage litigation, especially complex litigation, for the purpose of affording the parties a "just, speedy, and inexpensive" disposition of the action. *See* F. R. Civ. P. 1, 16, 26, 37, 42, 53 and 83; F. R. Ev. 706 (court-appointed experts); **see generally** Manual for Complex Litigation, Fourth §§ 10.1, 11, 20, 22 & 23 (citing inherent authority cases as well as Rules. Among other things, the Court has inherent authority and charge to identify, define, and resolve issues. *See, e.g.*, F.R. Civ. P. 16©(2) (specifically

---

[1] Defendants have endeavored to exclude Plaintiffs whose only disclosed bankruptcy filing was closed prior to her implant surgery.

addressing complex litigation, and authorizing the judge to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issue, multiple parties, difficult legal questions, or unusual proof problem").

A Plaintiff's filing or maintenance of a bankruptcy proceeding after her implant surgery calls into question her standing to pursue the claims asserted here. The information necessary to establish Plaintiff's standing to pursue her claims is information that Plaintiff and her counsel should have possessed before her claim was filed. Defendants ask that the Court enter an Order to Show Cause why Plaintiff's claim should not be dismissed for lack of standing and/or under the doctrine of judicial estoppel, and requiring Plaintiff to produce documentary evidence showing: (1) That the claim asserted by her in these proceedings arose after her bankruptcy proceeding was closed; or (2) That the claim was disclosed in the bankruptcy proceeding and the Trustee abandoned the claim to the Plaintiff.

## II. LEGAL ARGUMENTS AND AUTHORITY

### 1. Legal Authority to Support Dismissal Based on Lack of Standing

"Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004)(citing 11 U.S.C. § 541(a)(1)(providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case")). S*ee e.g. Little v. United States,* 41 Fed. Appx. 446, 447 (Fed. Cir. 2002)(citations omitted). "Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case." *Parker,* 365 F.3d at 1272 (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)). *See e.g. Little v. United States,* 41 Fed. Appx. 446, 447 (Fed. Cir. 2002)(citing *Sender v. Simon*, 84 F.3d

3

1299, 1304-05 (10th Cir. 1996)); *Steele v. Heard*, 487 B.R. 302 (Bankr. S.D. Al. 2013)("The scope of §541(a)(1) is broad and includes property of all types, tangible and intangible, as well as causes of actions.")(citing *Meehan v. Wallace (In re Meehan)*, 102 F.3d 1209, 1210 (11th Cir. 1997)); *Nissim v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 50476, *12-13 (N.D. Cal. Apr. 8, 2013)("'Upon a declaration of bankruptcy, 'all of a petitioner's property becomes the property of the bankruptcy estate,' including 'all legal or equitable interests of the debtor in property,' which has been interpreted to include causes of action.")(quoting *Flowers v. Wells Fargo Bank,* 2011 U.S. Dist. LEXIS 75429, at * 7-9 (N.D. Cal.)(citations omitted)). "Causes of action that accrue *after* the filing of the bankruptcy petition are [also] included in the bankruptcy estate if they accrue before termination of the bankruptcy proceedings." *Tilley v. Anixter Inc.*, 332 B.R. 501, 507 (D. Conn. 2005)(emphasis added)(citing 11 U.S.C. § 541(a)(7)(listing "any interest in property that the estate acquired after the commencement of the case" among components of a bankruptcy estate)).

"Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Parker,* 365 F.3d at 1272 (citing 11 U.S.C. §554(a)-(c)). *See e.g. Little*, 41 F. Appx. at 447; *Darrah v. Franklin Credit (In re Darrah),* 337 B.R. 313, 316 (Bankr. N.D. Ohio 2005)(holding that "so long as a chose-in-action remains part of a debtor's bankruptcy estate, this authority to sue is exclusive to the trustee; a debtor may not, independent of the trustee, exercise legal authority over estate property"); *Tilley*, 332 B.R. at 507 ("The debtor may not pursue a cause of action accruing before or during the bankruptcy proceeding unless it has been properly abandoned by the estate.")(citing *Seward v. Devine,* 888 F.2d 957 (2nd Cir. 1989)); *Everett v. Verizon Wireless, Inc.*, 361 F. Supp. 2d 698, 703 (N.D. Ohio 2005). "A trustee, as a

4

representative of the bankruptcy estate, is the proper party in interest, and is *the only party with standing to prosecute causes of action belonging to the estate*." *Parker,* 365 F.3d at 1272 (citing 11 U.S.C. § 323 and *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003))(emphasis added). *See e.g. Little*, 41 Fed. Appx. at 447-48(citing 11 U.S.C. § 323; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994); *Schertz-Cibolo-Universal City v. Wright (In re Educators Group Health Trust),* 25 F.3d 1281, 1284 (5th Cir. 1994)); *Kilgore v. Wells Fargo Home Mortg.*, 2013 U.S. Dist. LEXIS 2339 (E.D. Cal. Jan. 4, 2013) (holding that upon filing the bankruptcy, plaintiff was no longer the real party in interest in the lawsuit and lacked standing to pursue her claims because the claims were the property of the bankruptcy estate); *Martez v. Incharge Inst. of Am., Inc.*, 2012 U.S. Dist. LEXIS 59670 (M.D. Fla. Apr. 30, 2012); *Burroughs v. Honda Mfg. of Ala., LLC,* 2011 U.S. Dist. LEXIS 155628 (N.D. Ala. Nov. 1, 2011); *Romas v. Bonilla (In re Bonilla)*, 2006 Bankr. LEXIS 4101 *6 ( Bankr. D.N.J. Apr. 12, 2006)(adversary proceedings)("[I]n a Chapter 7 bankruptcy case the trustee is the only proper party in interest with standing to prosecute causes of action belonging to the bankruptcy estate.")(citing *In re Upshur*, 317 B.R. 446, 452 (Bankr. N.D. Ga. 2004)).

"At the close of the bankruptcy case, property of the estate that is not abandoned under §554 and that is not administered in the bankruptcy proceedings remains the property of the estate." *Parker,* 365 F.3d at 1272 (citing 11 U.S.C. § 554(d)). *See also Little*, 41 Fed. Appx. at 448(citing 11 U.S.C. § 554(d)). "Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Parker,* 365 F.3d at 1272 (citing *Mobility Sys. & Equip. Co. v. United States*, 51 Fed. Cl. 233, 236 (2001)). *See e.g. Little*, 41 Fed. Appx. at 448; *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525-6 (8th Cir. 1991); *Clementson v. Countrywide Fin. Corp.*, 2011 U.S. Dist. LEXIS 53308 (D. Col. Jan. 27, 2011).

Courts across the country recognize these principles to invalidate legal claims brought by plaintiffs who failed to disclose those claims in their bankruptcy proceedings. *See e.g. Baxley v. Pediatric Services of Am., Inc.,* 147 Fed. Appx. 59 (11th Cir. 2005)(unpublished) (dismissing plaintiff/debtor's employment claims because the claims were the property of the Chapter 7 bankruptcy estate, and plaintiff/debtor lacked standing to pursue those claims); *Nissim v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 50476 (N.D. Cal. Apr. 8, 2013)(granting motion to dismiss for lack of standing where the plaintiff failed to disclose claim as asset in Chapter 7 bankruptcy proceedings.); *Clementson v. Countrywide Fin. Corp.*, 2011 U.S. Dist. LEXIS 53308 (D. Col. Jan. 27, 2011)(dismissing plaintiff's claims for monetary damages because the plaintiff lacked standing and the cause of action was the property of the bankruptcy estate); *Stan v. Byrd*, 306 B.R. 559 (N.D. Miss. 2002)(plaintiff/debtor lacked standing to bring employment law claims because the claims became property of the bankruptcy estate upon filing his Chapter 7 Petition); *Welsh v. Quabbin Timber, Inc.* 199 B.R. 224 (D. Mass. 1996)(holding that the plaintiff/debtor lacked standing on undisclosed employment claims because the claims remained in the bankruptcy estate after discharge, preventing the employee from subsequently asserting those claims in his own name).

If Plaintiff's claim accrued before she initiated her bankruptcy actions, or during the bankruptcy proceedings, the claim became part of the bankruptcy estate. If the claim for monetary damages was not disclosed in the Voluntary Petition and attached schedules, and abandoned by the trustee to Plaintiff, the claim remained part of the bankruptcy estate. Only the trustee – not Plaintiff – has standing to pursue such claims.

### 2. Legal Authority Supporting the Application of Judicial Estoppel

Bankruptcy law vests nearly all of the assets of the debtor in the bankruptcy estate, and the debtor's bankruptcy estate includes all causes of action which have accrued at the time the bankruptcy action is commenced, even if no legal action has formally commenced based upon those actions. 11 U.S.C. § 541. *See, e.g. United States v. Whitting Pools, Inc.*, 426 U.S. 198, 205 n.9 (1983); *Krystal Cadillac-Oldsmobile GMC Truck, Inc., v. GMC*, 337 F.3d 314, 332 (3rd 2003); *Harvey v. Sothern MN Beet Sugar Coop.,* 2004 US. Dist. LEXIS 2923, *5 (D. Minn. Feb. 26, 2004)("A potential legal claim is undisputedly an asset and should be claimed as such in a bankruptcy petition.").[2] A Chapter 7 debtor has an affirmative duty to fully and accurately disclose all interests and assets of the bankruptcy estate through a schedule of assets and liabilities filed, under oath, with the bankruptcy court. 11 U.S.C. § 521(1); *see e.g. Krystal*, 337 F.3d at 332 ("A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights")(quoting *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 (3$^{d}$ Cir. 1988)). "'[I]f the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed.'" *Krystal*, 337 F.3d at 332 (quoting *Browning Mfg. v. Mims (In re Costal Plains, Inc.),* 179 F.3d 197, 208 (5th Cir. 1999)). Furthermore, "the duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action" to the bankruptcy court. *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005)(quoting *Browning Mfg. v. Mims (In*

---

[2] Furthermore, in Chapter 13 proceedings, legal claims and causes of actions that are acquired "after the commencement of the [bankruptcy] case but before the case is closed, dismissed, or converted," also vest in and are property of the bankruptcy estate. *In re Dowell*, 1998 U.S. Dist. LEXIS 22029, * 21 (D.N.J. August 26, 1998); *United States v. Harchar*, 371 B.R. 254 (N.D. Ohio June 6, 2007). *See Sower v. Van Ru Fin. Servs.,* 1995 U.S. Dist. LEXIS 11746 (D. Minn. June 28, 1995).

*re Coastal Plains, Inc.),* 179 F.3d 197, 208 (5th Cir. 1999)); *see e.g. Thompson v. Davidson Transit Org.*, 725 F. Supp. 2d 701, 708 (M.D. Tenn. 2010).

Because the integrity of the bankruptcy court depends on full and honest disclosure by debtors of all of their assets, courts have consistently held that a debtor may not pursue a claim that was not disclosed in the schedule of assets filed in the bankruptcy proceedings, and courts across the country routinely apply the doctrine of judicial estoppel to dismiss such undisclosed claims.[3] The doctrine of judicial estoppel stands for the proposition that a litigant is not entitled to take inconsistent or mutually contradictory positions with respect to the same matter in the

---

[3] *See e.g. Eastman v. Union Pacific R.R.*, 493 F.3d 1151 (10th Cir. 2007); *State Farm Fire & Cas. Co. v. Simmons*, 2007 U.S. App. LEXIS 2878 (11th Cir. 2007)(affirming district court's dismissal of plaintiff's claim base on judicial estoppel)(citing *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002)); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005)(Title VII claims barred by judicial estoppel); *De Leon v. Comcar Indus.,*, 321 F.3d 1289 (11th Cir. 2003)(holding that the district court did not error in dismissing plaintiff's case based on judicial estoppel where plaintiff failed to disclose claim in bankruptcy proceeding); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC,* 337 F.3d 314 (3d Cir. 2002)(court applied judicial estoppel in dismissing plaintiff's claims); *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778 (9th Cir. 2001)(holding that the insured was precluded from pursuing claims no disclosed during bankruptcy proceedings)(citing *Hay v. First Interstate Bank N.A.,* 978 F.2d 555, 557 (9th Cir. 1992)(failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action); *Payless Wholesale Distribs., Inc. v. Alberto Culver Inc.,* 989 F.2d 570, 572 (1st Cir), cert. denied, 528 U.S. 931 (1992)); *Seus v. Kohler Co.,* 2012 U.S. Dist. LEXIS 43756 (E.D. Tenn. March 29, 2012)(holding that the court did not error in dismissing claims not disclosed to the bankruptcy court); *Guerra v. Lehman Commercial Paper, Inc.,* 2007 U.S. Dist. LEXIS 7940 (S.D. Tex. 2007)(granting summary judgment on judicial estoppel for debtor's failure to disclose claims in bankruptcy schedules); *Helson v. Nuvell Financial Servs. Corp.*, 2006 U.S. Dist. LEXIS 43322 (M.D. Fla. 2006)(granting summary judgment to creditor based on the doctrine of judicial estoppel); *Negron v. Weiss*, 2006 U.S. Dist. LEXIS 69906 (E.D.N.Y. 2006)(advice of counsel not to disclose claim in bankruptcy schedule was not a defense to the application of judicial estoppel); *Clark v. Strober-Haddonfield Group, Inc.*, 2008 LEXIS 58865( D.N.J. July 29, 2008)(granting motion to dismiss plaintiff's monetary damages where claims were not disclosed to bankruptcy court); *Romano*, 2012 N.J. Super. Unpub. LEXIS 73, *6-7 (citing *Cummings v. Bahr*, 685 A.2d 60 (N.J. Super.Ct.App.Div 1996)); *Barzda*, 2010 LEXIS 426, *5-6; *DePiano v. Atlantic County*, 2004 U.S. Dist. LEXIS 31501, * 5 (D.N.J. Dec. 3, 2004)(finding that plaintiff's omission in his bankruptcy filings warranted invocation of the doctrine of judicial estoppel and entered judgment in favor of the defendant); *Lewis*, 141 Fed. Appx. at 424 (affirming district court's dismissal of claims not disclosed to the bankruptcy court based on the doctrine if judicial estoppel); *Harvey v. Southern Minn. Beet Sugar Coop.,* 2004 US. Dist. LEXIS 2923, *7 (D. Minn. February 26, 2004)(granting summary judgment where plaintiff failed to disclose claims in bankruptcy proceeding).

same or a successive series of suits. *See e.g. Lewis*, 141 Fed. Appx. at 424 (affirming district court's dismissal of claims not disclosed to the bankruptcy court based on the doctrine if judicial estoppel); *Clark v. Strober-Haddonfield Group, Inc.*, 2008 LEXIS 58865( D.N.J. July 29, 2008)(citing *In re Chambers Dev. Co.,* 148 F.3d 214, 229 (3d Cir. 1998)); *Harvey v. Southern Minn. Beet Sugar Coop.,* 2004 US. Dist. LEXIS 2923, *7 (D. Minn. Feb. 26, 2004) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.")(quoting *New Hampshire v. Main*, 532 U.S. 742 (2001)). In short, judicial estoppel bars a party from making factual assertions when "(1) the party made a contrary assertion in an earlier proceeding, and (2) that tribunal relied upon or accepted that contrary assertion."[4] *Romano*, 2012 N.J. Super. Unpub. LEXIS 73, *6-7 (citing *Ali v. Rutgers*, 765 A.2d 714 (N.J. Super.Ct.App.Div. 2000)). "The party

---

[4] Similarly, the Third Circuit has identified the following criteria for the application of judicial estoppel:

> First, the party to be estopped must have taken two positions that are *irreconcilably inconsistent*. Second, judicial estoppel is unwarranted unless the party *changed his or her position "in bad faith* –i.e., with intent to play fast and loose with the court." Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and *no lesser sanction would adequately remedy the damage* done by the litigant's misconduct.

*Krystal*, 337 F.3d at 319 (quoting *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773 (3rd Cir. 2001)). Many courts who use a similar standard to that of the Third Circuit recognize that a rebuttable inference of bad faith on the part of a plaintiff who failed to disclose to a claim in the bankruptcy court "arises when the plaintiff had knowledge of the claim and a 'motive to conceal the claim in the face of an affirmative duty to disclose." *Clark v. Stronber-Haddonfield Group Inc.*, 108 U.S. Dist. LEXIS 58865, *5 ( District of New Jersey July 29, 2008)(quoting *Krystal*, 337 F.3d 319-20). *See also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F2d 414, 416-18 (3d Cir. 1988); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,* 81 F.3d 355, 363 (3d Cir. 1996); "The Fifth and Eleventh Circuits similarly infer bad faith, or "intentional manipulation," when the plaintiff/debtor had knowledge of a claim and a motive to conceal that claim." *DePiano v. Atlantic County*, 2004 U.S. Dist. LEXIS 31501, *4-5 (D.N.J. Dec. 3, 2004)(citing *Barger v. City of Catersville,* 348 F.3d 1289, 1294 (11th Cir. 2003); *In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999)).

invoking the doctrine [of judicial estoppel] need not have been a creditor or otherwise involved in the bankruptcy proceedings." *Davidowski v. Davidowski, 2012 N.J. Super. Unpub. Lexis 192, *17 (January 30, 2012)* (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,* 81 F.3d 359-60 (3d Cir. 1996).

The purpose of the doctrine of judicial estoppel is "to protect the integrity of the judicial process." *See e.g. Romano*, 2012 N.J. Super. Unpub. LEXIS 73, *6-7 (citing *Cummings v. Bahr*, 685 A.2d 60 (N.J. Super.Ct.App.Div 1996); *Barzda*, 2010 LEXIS 426, *5-6; *Lewis*, 141 Fed. Appx. at 424 ("Judicial estoppel 'preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.")(quoting *Browning v. Levey*, 283 F.3d 761, 776 (6th Cir. 2003); *DePiano v. Atlantic County*, 2004 U.S. Dist. LEXIS 31501, * 5 (D.C. N.J. December 3, 2004)(citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,* 81 F.3d 355, 363 (3d Cir. 1996)). "The basic principle of judicial estoppel . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Krystal*, 337 F.3d at 10 (quoting *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773 (3rd Cir. 2001)). S*ee e.g. Romano*, 2012 N.J. Super. Unpub. LEXIS 73, *6-7; *Barzda*, 2010 LEXIS 426, *5-6. The doctrine of judicial estoppel recognizes the "intrinsic ability" of the court to dismiss a litigant's complaint "without considering the merits of the underlying claims when such dismissal is necessary to prevent a litigant from 'playing fast and loose with the courts.'" *Krystal*, 337 F.3d at 319 (citing *Scarano v. Central R. Co. of N.J.,* 203 F.2d 510 (3rd Cir. 1953)); *Barzda*, 2010 LEXIS 426, *5-6 (citing *State v. Jenkins*, 840 A.2d 242 (2004).

The bankruptcy court relied upon Plaintiff's representations about her assets when it granted Plaintiffs a discharge of their debts or confirmed the repayment plans in bankruptcy. Plaintiff

cannot deny the existence of claims to the bankruptcy court and her creditors and pursue recovery on those claims in this litigation. If Plaintiff who did not fulfill her duty to disclose her claims to the bankruptcy court, she is judicially estopped from pursuing the claims asserted in this proceeding, and her Complaint should be dismissed.

## CONCLUSION

Defendants respectfully request that the Court enter a Show Cause Order requiring Plaintiff to provide, within 20 days of the date of the Order, documentary evidence showing that (1) her claim asserted in this proceeding arose after her bankruptcy proceeding was closed, or (2) the claim asserted in these proceedings was disclosed in the bankruptcy proceeding and the Trustee abandoned the claim to Plaintiff.

        Respectfully submitted,

        ETHICON, INC., ETHICON LLC, AND
        JOHNSON & JOHNSON

        _____
        David B. Thomas (W. Va. Bar No. 3731)
        Thomas Combs & Spann, PLLC
        300 Summers Street, Suite 1380
        P.O. Box 3824
        Charleston, WV 25338-3824
        (304) 414-1800


        _____
        Christy D. Jones
        Butler, Snow, O'Mara, Stevens & Cannada, PLLC
        1020 Highland Colony Parkway
        Suite 1400 (39157)
        P.O. Box 6010
        Ridgeland, MS 39158-6010
        (601) 985-4523

# CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on November __, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                                                                      _____

                                                                                                       Christy D. Jones
                                                                                                       Butler, Snow, O'Mara, Stevens & Cannada, PLLC
                                                                                                       1020 Highland Colony Parkway
                                                                                                        Suite 1400 (39157)
                                                                                                        P.O. Box 6010
                                                                                                        Ridgeland, MS  39158-6010
                                                                                                        (601) 985-4523

                                                                                  Counsel for ETHICON, INC., JOHNSON &
                                                                                  JOHNSON, and ETHICON LLC

ButlerSnow 18187667v1