AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. MDL No. 2327 |
| In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation | ) |
| | ) (If the action is pending in another district, state where: |
| Defendant | ) Southern District of West Virginia ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Daniel J. Christensen, MedStar Funding, 7301 RR 620 North, Suite 155-344, Austin, Texas 78726

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: Laura Dixon c/o Butler Snow<br>1020 Highland Colony Parkway, Suite 1400<br>Ridgeland, MS 39157 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/5/13

CLERK OF COURT

_____        OR        _____
Signature of Clerk or Deputy Clerk                         Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
Laura Dixon, Butler Snow, 1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157 Telephone: 601-948-5711 laura.dixon@butlersnow.com

Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL No. 2327

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 2:12-md-02327   Document 915-1   Filed 11/05/13   Page 3 of 9 PageID #: 10699

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION          MDL No. 2327

---

THIS DOCUMENT RELATES TO ALL CASES

EXHIBIT A TO SUBPOENA
FOR PRODUCTION OF DOCUMENTS TO DANIEL J. CHRISTENSEN,
MEDSTAR FUNDING

INSTRUCTIONS

For purposes of this Subpoena to Produce Documents, Information or Objects and the document requests contained herein, the term "document" includes all writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained related to Otto Fisher, Physicians Surgical Group, One Point Orthopedic and Neurosurgical Group, and any other entity operated by Mr. Fisher, to the extent that the documents involve, arise from, or are pertinent to treatment rendered to or arranged for Plaintiffs in this litigation. *See* Fed. R. Civ. P. 34(a). *See also In re American Medical Systems, Inc., Pelvic Repair Systems Products Liability Litigation*, MDL No. 2325, PTO No. 88 (S.D.W. Va. Oct. 11, 2013).

If any responsive information, document or thing is withheld on the ground that it is privileged, that information, document or thing shall be described with sufficient particularity pursuant to Fed. R. Civ. P. 26(b)(5) (including date, author, recipient(s), subject matter, and factual and legal basis for privilege) to permit a determination as to whether respondent has demonstrated entitlement to and application for the protection invoked.

These instructions and definitions should be construed to require responses based upon the knowledge of, and information available to, the responding party as well as agents and representatives.

These Requests include all documents and information in the possession, custody, or control, of you, your agents, and your representatives, including but not limited to your attorneys.

If you object to any of the definitions or instructions applicable to these Requests, state your objection in your response and clearly indicate whether you are complying with the definition or instruction, notwithstanding your objection.

For each document requested, produce the entire document, including all appendices, exhibits or other attachments. For each document requested, produce all non-identical copies of a document. Any alteration of a document, including but not limited to any handwriting, underlining, highlighting, stamps, drafts, revisions or modifications, is a separate and distinct document and must be produced.

If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged materials. If a privilege is asserted with regard to part of the material contained in a document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, you shall identify, as to each document, the reason for redaction or alteration, the date of redaction or alteration and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

If you object to any part of any Request, you shall produce all documents that are responsive to the portions of any of the Requests to which the objection does not apply.

You shall construe the request for a document to include a request for all copies, versions and drafts of the requested document, and all transmittal sheets, cover letters, enclosures or attachments relating to the requested document.

## DEFINITIONS

A. "The bellwether plaintiffs" or "a bellwether plaintiff" shall mean Carolyn Lewis, Tonya Edwards, and Jo Huskey, individually or collectively.

B. "Ethicon and J&J" shall mean Ethicon, Inc. and Johnson and Johnson and any of their directors, agents, servants, employees, or representatives.

C. "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document.

D. "Funds" or "Funding" shall mean any offer of payment, compensation, and/or other incentive, including monetary or non-monetary benefits.

E. "Identify" when referring to a person means to give, to the extent known, the person's full name and present or last known address. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

F. "Identify" when referring to documents means to give, to the extent known, the

1. type of document,
2. general subject matter,
3. author(s), addressee(s), and recipients(s), and
4. date the document was prepared.

G. "Person" means any natural person or any business, legal or governmental entity or association.

3

H. "You" and "Your" shall mean Medstar Funding and its employees, agents, officers, directors, members, shareholders, managers, partners, attorneys and any other individual acting or purporting to act on its behalf, including Daniel J. Christensen.

### DOCUMENTS TO BE PRODUCED

1. Any and all documents referencing mesh revision or excision surgery in the case of a bellwether plaintiff including, but not limited to:

   a. A copy of any agreement to provide funding between you and the funding recipient;

   b. Documents referencing the amount of funds disbursed by you to the funding recipient to date;

   c. A copy of any and all correspondence between you and the funding recipient; and

   d. A copy of any and all correspondence between you and the bellwether plaintiffs or counsel for the bellwether plaintiffs.

2. Any and all documents referencing referrals for revision or excision surgery in the case of a bellwether plaintiff including, but not limited to:

   a. Documents identifying the name of the physician to whom a bellwether plaintiff was referred;

   b. Documents identifying the date of surgery;

   c. A copy of the operative report;

   d. A copy of any and all correspondence between you and the physician to whom a bellwether plaintiff was referred; and

   e. A copy of any and all correspondence between you and a bellwether plaintiff or counsel for a bellwether plaintiff.

3. Any and all documents referencing mesh revision or excision surgery for any other woman who has filed or served a lawsuit against Ethicon and J&J with regard to Ethicon and J&J's female pelvic mesh products utilized for the treatment of stress urinary incontinence or pelvic organ prolapse, including those women with cases currently consolidated before the United States District Court for the Southern District of West Virginia (MDL No. 2327) as

identified in the attached Exhibit B (also referred to as "the patient") including, but not limited to:

    a. A copy of any agreement to provide funding between you and the funding recipient;
    b. Documents referencing the amount of funds disbursed by you to the funding recipient to date;
    c. A copy of any and all correspondence between you and the funding recipient; and
    d. A copy of any and all correspondence between you and the patient or counsel for the patient.

4. Any and all documents referencing referrals for revision or excision surgery for any other woman who has filed or served a lawsuit against Ethicon and J&J with regard to Ethicon and J&J's women's pelvic mesh products utilized for the treatment of stress urinary incontinence or pelvic organ prolapse, including those women with cases currently consolidated before the United States District Court for the Southern District of West Virginia (MDL No. 2327) as identified in the attached Exhibit B (also referred to as "the patient") including, but not limited to:

    a. Documents identifying the name of the patient;
    b. Documents identifying the name of the physician to whom the patient was referred;
    c. Documents identifying the date of surgery;
    d. A copy of the operative report;
    e. A copy of any and all correspondence between you and the physician to whom the patient was referred; and
    f. A copy of any and all correspondence between you and the patient or counsel for the patient.

5. Any and all documents referencing the physicians who have agreed or refused to take referrals for mesh revision or excision surgery from you, including, but not limited to:

a. Documents, including lists, identifying those physicians by name and address; and

b. Documents identifying the number of cases you have referred to each physician.

Dated: *Nov 5*, 2013.

Respectfully submitted,

/s/Christy D. Jones
Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
Christy.jones@butlersnow.com

/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON