**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**"NOTICE TO TAKE VIDEO DEPOSITION OF**
**B. TODD HENIFORD, MD" AND**
**ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Video Deposition of B. Todd Heniford, MD" (the "Notice"). The Notice was filed and served on October 29, 2013, and the deposition of Dr. Heniford is noticed for November 20-21, 2013. The Notice is attached hereto as Exhibit 1.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

Defendants generally object to the specific requests to produce contained in the Notice. Plaintiffs have repeatedly requested materials that would impose a much greater burden on Defendants than is required by the agreed-upon Defendants' Fact Sheet. Defendants have

corresponded with Plaintiff's counsel on this topic. Defendants object to the broad scope of the requests to produce attached to this Notice. These broad requests go far beyond the case-specific depositions and related discovery authorized in Pre-Trial Order 33.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO NOTICE AND REQUESTS TO PRODUCE

**Document Request No. 1:** A complete copy of deponent's curriculum vitae.

**Responses and Objections to Document Request No. 1:** Defendants object that there is no Rule of Civil Procedure that requires a witness to create a resume or curriculum vitae for production. In an effort to cooperate and facilitate this deposition, however, Defendants will provide Plaintiffs a copy of the deponent's current resume to the extent one exists.

**Document Request No. 2:** All documents reviewed by you in preparation for this deposition.

**Responses and Objections to Document Request No. 2:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] section and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the

party's counsel and is protected work product." (internal quotation marks and alterations omitted)). Subject to and without waiving any objection, Defendants note that the documents relied upon by the deponent in preparing his expert report has already been produced to Plaintiff.

**Document Request No. 3:** All documents and data in deponent's possession which is subject to the Ethicon confidentiality/non-disclosure agreement.

**Responses and Objections to Document Request No. 3:** Defendants object to this request as vague, overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, any responsive non-privileged documents that are reasonably available will be produced.

**Document Request No. 4:** All Ethicon hernia, pelvic floor and/or SUI mesh pathology, including but not limited to tissue blocks and slides in deponents [sic] possession, custody and control.

**Responses and Objections to Document Request No. 4:** Defendants object to this request to the extent that it seeks protected patient information. To the extent that responsive documentation concerning such pathology is identified the witness may not have authority to release such information.

**Document Request No. 5:** All other mesh pathology from other manufacturers in deponent's possession, custody or control (including those mesh manufacturers for whom deponents serves as a consultant).

**Response to Document Request No. 5:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object as Dr. Heniford may not be in possession or control of such pathology, and Dr. Heniford may be prohibited from producing such materials.

**Document Request No. 6**: All documents and data concerning either the Ethicon or non-Ethicon pathology in deponent's possession, control or custody.

**Response to Document Request No. 6:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object as Dr. Heniford may not be in possession or control of such pathology, and Dr. Heniford may be prohibited from producing such materials and it may contain protected patient information. Without waiving said objection, any non-privileged responsive Ethicon documents that are reasonably available will be produced.

**Document Request No. 7:** All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral) with any employees of Defendants.

**Response to Document Request No. 7:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, any non-privileged responsive documents that are reasonably available will be produced.

**Document Request No. 8:** All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral), meetings, or correspondence with any other expert witness, consulting expert, fact witness, or non-retained expert involved in this litigation, including but not limited to: Thomas A. Barocci, PhD; Jeffrey Brent, M.D., PhD; Brian A. Feigens, M.D.; Brian J. Flynn, M.D.; Michael I. Greenberg, M.D., M.P.H.; B. Todd Heniford, M.D.; Christina Klein Pramjudji, M.D.; Kevin Ong, PhD, P.E.; Heather Rosencrans; Daniel J. Sexton, M.D.; Shelby F. Thames, PhD; Timothy A. Ulatowski; David Jay Weber, M.D., M.P.H.; Wenxin Zheng, M.D.; Dr. Muriel Boreham; Dr. Eron Church; Dr. Abbey Ghermany; Dr. Douglas Hibbs; Dr. Jon A. Krumerman; Dr. Alan Menter; Janquilyn Merida, DNP; Dr. Jordan Mitchell; Dr. Phillipe Zimmern; Dr. Axel Arnaud; Thomas A. Barbolt, PhD, D.A.B.T.; Dr. Piet Hinoul; and Dr. David Robinson.

**Response to Document Request No. 8:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, any non-privileged responsive documents that are reasonably available will be produced.

**Document Request No. 9:** Copies of Schedule C and Form 1099 of Dr. Heniford's tax records for the proceeding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants (with personal information and any other information unrelated to consulting fees redacted).

**Response to Document Request No. 9:** Defendants object to this request as overly broad, intrusive and as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, if available, any responsive Form 1099s will be produced subject to the Stipulated Protective Order in this case redacted to protect private information.

**Document Request No. 10:** Copies of Schedule C and Form 1099 of Carolinas Surgical Specialty Center tax records for the proceeding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants (with personal information and any other information unrelated to consulting fees redacted).

**Response to Document Request No. 10:** Defendants object to this request as overly broad, intrusive and as not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, such documents are not the property of Dr. Heniford. Without waiving this objection, if available, any responsive Form 1099s will be produced subject to the Stipulated Protective Order in this case redacted to protect private information.

**Document Request No. 11:** All documents, including, but not limited to emails, consulting agreements (including payments), billing statements, billing records, time records and/or invoices that pertain to deponent's work as an Ethicon consultant.

**Response to Document Request No. 11:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, any non-privileged responsive documents that are reasonably available will be produced.

**Document Request No. 12:** All documents related to deponent's involvement with Ethicon's professional education, including but limited to any and all videos or presentations,

6

course materials, live surgical presentations, marketing evaluations created by or provided to deponent.

**Response to Document Request No. 12:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, any non-privileged responsive documents that are reasonably available will be produced. .

**Document Request No. 13:** All documents, recordings, DVDs, video clips or other media related to mesh and/or the lightweight large pore construction of mesh.

**Response to Document Request No. 13:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, any non-privileged responsive documents that are reasonably available will be produced. .

**Document Request No. 14:** All materials, including, but not limited to, protocols, results, adverse events, minutes for study meeting related to any clinical trials and/or studies of any type related to deponent's work as an Ethicon consultant in any capacity.

**Response to Document Request No. 14:** Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, any non-privileged responsive documents that are reasonably available will be produced. .

**Document Request No. 15:**  All documents related to payments/compensation to deponent and Carolinas Surgical Specialty Center at any time related to studies, consulting work, cadaver labs, professional education training and any other work that has been compensated by defendants.

**Response to Document Request No. 15:**  Defendants object to this request as overly broad and as not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, such documents may not the property of Dr. Heniford.  Without waiving this objection, if available, any responsive Form 1099s will be produced subject to the Stipulated Protective Order in this case.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON


*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

*/s/ Christy D. Jones*
Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

I, David B. Thomas, certify that on November 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David B. Thomas
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

dthomas@tcspllc.com