# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST
VIRGINIA AT CHARLESTON

| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
|---|---|
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### NOTICE TO TAKE DEPOSITION OF B. TODD HENIFORD, MD

TO: All Counsel of Record

**PLEASE TAKE NOTICE** that the undersigned attorneys for Plaintiffs, pursuant to the Federal Rules of Civil Procedure, will take the deposition upon oral examination of the following person on the date, at the time, and at the place set forth below. The deposition will be taken before a person authorized by law to administer oaths, pursuant to the Federal Rules of Civil Procedure.

**Deponent:** B. Todd Heniford, M.D.

**Date & Time:** November 20 and 21, 2013
@8:30 a.m. EST

**Location:** Carolinas Surgical
Specialty Center
1025 Morehead
Medical Drive
Suite 300
Charlotte, NC 28204

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce within 14 days in advance of the deposition all documents and responsive items set forth in Schedule "A" attached hereto.

Dated: October 29, 2013.

                          Respectfully submitted,

                          */s/ D. Renee Baggett*
                          D. RENEE BAGGETT
                          Aylstock, Witkin, Kreis and Overholtz, PLC
                          17 E. Main Street, Suite 200
                          Pensacola, FL 32563
                          850-202-1010
                          850-916-7449
                          Rbaggett@awkolaw.com

                          */s/Benjamin H. Anderson*
                          Anderson Law Offices
                          1360 W. 9th Street
                          Suite 215
                          Cleveland, Ohio 44113
                          (216) 589-0256
                          Ben@andersonlawoffices.net

                          */s/ Thomas Cartmell*
                          Wagstaff & Cartmell, LLP
                          4740 Grand Avenue
                          Suite 300
                          Kansas City, MO 64112
                          (816) 701-1100
                          tcartmell@wcllp.com

                          COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 29, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ D. Renee Baggett*
D. RENEE BAGGETT

## INSTRUCTIONS

1. If you assert that any document requested herein is privileged, provide the following information with respect to each such document:

    (a) its date;

    (b) its author;

    (c) all addressees or recipients of the original or copies thereof, including blind copies;

    (d) a brief description of its subject matter, number of pages, and attachments or appendices;

    (e) all persons to whom the document was distributed, shown or explained;

    (f) its present custodian; and

    (g) the nature of the privilege claimed.

2. If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge or separation from your possession or control and the circumstances surrounding its loss, destruction, purge or separation from your possession or control.

3. Unless the request specifically states otherwise, references to the singular include the plural and vice versa; references to one gender include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa. The term "including" shall be construed without limitation.

4. This Request for Production of Documents shall be deemed continuing in order to require supplemental answers if you obtain further information between the time of responding to this Request for Production of Documents and the time of trial.

# **DEFINITIONS**

1. "You," "your" and "plaintiffs" refers to plaintiffs in In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation MDL 2327, and any and all persons acting or purporting to act on their behalf.

2. "Defendants" means defendants Ethicon, Inc. and Johnson & Johnson.

3. "Document(s)" means the original and any non-identical copy thereof, regardless of origin, location, or form of storage (whether hardcopy, electronic, digital or other format), including but not limited to the following: books, pamphlets, periodicals, memoranda, letters, reports, handwritten or other notes, newsletters, telegrams, records, diaries, messages (including reports of telephone conversations or conferences), minutes, bulletins, circulars, brochures, studies, instructions, or other communications (including interoffice or intra-office communications), working papers, computer disks and/or computer printouts, charts, work assignments, drawings, prints, flow sheets, graphs, photographs, photomicrographs, microfilm, medical and hospital records and reports, X-ray film or photographs, drafts, advertisements, catalogs, purchase orders, bills of lading, bill tabulations, questionnaires, surveys, contracts, options to purchase, memoranda of agreement, assignments, licenses, books of account, orders, invoices, statements, bills (including telephone bills), checks, vouchers, papers, indices, tapes, disks, data sheets or data processing materials, or any hand-written, printed, typed, transcribed, punched, taped, filmed or other graphic material of any nature and all mechanical and electronic sound recordings thereof, however produced or reproduced, in defendants' possession, custody or control, or known by defendants to exist, or to which defendants now have or have ever had access. It shall also mean all copies of documents by whatever means made, and all drafts whether or not later finalized; and shall include any marginal notes or other markings appearing on any such "document" or "writing."

4. "Person" or "Persons" mean any individual, including accountants or

5

attorneys, committee or group of individuals, corporation, partnership, proprietorship, trust, association, governmental agency (whether federal, state, local or any agency of the government of a foreign country), company or any other form of business, professions or commercial enterprise or any other entity.

5. "Relate" and its derivations means to concern, consist of, show, summarize, refer to, involve, reflect or have any legal, logical or factual connection with the designated matter of topic.

6. "Relating to" shall mean consisting of, referring to, reflecting, involving, summarizing, concerning or being in any way legally, logically or factually connected with the matter or topic discussed.

## SCHEDULE A

1. A complete copy of deponent's current curriculum vitae.

2. All documents reviewed by you in preparation for this deposition.

3. All documents and data in deponent's possession which is subject to the Ethicon confidentiality/non-disclosure agreement.

4. All Ethicon hernia, pelvic floor and/or SUI mesh pathology, including but not limited to tissue blocks and slides in deponents possession, custody and control.

5. All other mesh pathology from other manufacturers in deponent's possession, custody or control (including those mesh manufacturers for whom deponent serves as a consultant).

6. All documents and data concerning either the Ethicon or non-Ethicon pathology in deponent's possession, custody or control.

7. All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral) with any employees of Defendants.

8. All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral), meetings, or correspondence with any

other expert witness, consulting expert, fact witness or non-retained expert involved in this litigation, including but not limited to: Thomas A. Barocci, PhD; Jeffrey Brent, M.D., PhD; Brian A. Feigens, M.D.; Brian J. Flynn, M.D.; Michael I. Greenberg, M.D., M.P.H.; B. Todd Heniford, M.D.; Christina Klein Pramudji, M.D.; Kevin Ong, PhD, P.E.; Heather Rosencrans; Daniel J. Sexton, M.D.; Shelby F. Thames, PhD; Timothy A. Ulatowski; David Jay Weber, M.D., M.P.H.; Wenxin Zheng, M.D.; Dr. Muriel Boreham; Dr. Eron Church; Dr. Abbey Ghermany; Dr. Douglas Hibbs; Dr. Jon A. Krumerman; Dr. Alan Menter; Janquilyn Merida, DNP; Dr. Jordan Mitchell; Dr. Phillipe Zimmern; Dr. Axel Arnaud; Thomas A. Barbolt, PhD, D.A.B.T.; Dr. Piet Hinoul; and Dr. David Robinson.

9. Copies of Schedule C and Form 1099 of Dr. Heniford's tax records for the proceeding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants (with personal information and any other information unrelated to consulting fees redacted).

10. Copies of Schedule C and Form 1099 of Carolinas Surgical Specialty Center tax records for the proceeding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants (with personal information and any other information unrelated to consulting fees redacted).

11. All documents, including, but not limited to emails, consulting agreements (including payment), billing statements, billing records, time records and/or invoices that pertain to deponent's work as an Ethicon consultant.

12. All documents related to deponent's involvement with Ethicon's professional education, including, but not limited to any and all videos or presentations, course materials, live surgical presentations, marketing evaluations created by or provided to deponent

13. All documents, recordings, DVDs, video clips or other media related to mesh and/or the lightweight large pore construction of mesh.

14. All materials, including, but not limited to, protocols, results, adverse events, minutes for study meeting related to any clinical trials and/or studies of any type related to

7

deponent's work as an Ethicon consultant in any capacity.

15. All documents related to payments/compensation to deponent and Carolinas Surgical Specialty Center at any time related to studies, consulting work, cadaver labs, professional education training and any other work that has been compensated by defendants.