UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**MOTION TO STAY ON DEFENDANTS' "MOTION FOR AN ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED BASE[D] UPON LACK OF STANDING AND/OR JUDICIAL ESTOPPEL" AND FOR EXPEDITED RULING**

COME NOW, Plaintiffs in the above-styled MDL proceeding, by and through the undersigned, and file their Motion to Stay on Defendants' "Motion for an Order to Show Cause Why Claims Should Not Be Dismissed Base[d] Upon Lack of Standing and/or Judicial Estoppel," and for Expedited Ruling and in furtherance thereof, show the Court the following:

On November 1, 2013, the Defendants filed what they styled as their "Notice of Intent to File Defendants' Motion for an Order to Show Cause Why Claims Should Not Be Dismissed Base[d] Upon Lack of Standing and/or Judicial Estoppel" (Dkt. No. 906), and therein stated their intent to file the same motion in 568 individual cases. The Defendants state that in each individual case listed in the attachment to their Notice (Dkt. No. 906-1), they will be asking for identical relief: for the Court to enter an Order requiring the Plaintiff(s) in each of those cases to "show cause" why their claims should not be dismissed. In other words, the Defendants are seeking to shift the burden to the Plaintiffs to show why their cases are not subject to dismissal, rather than the Defendants – as the actual movants – being required to prove whether and how any of these Plaintiffs' cases may actually be subject to dismissal.

1

Defendants have filed one motion asking for identical relief from the Court. The motion is not addressed to the facts of any specific case (and does not discuss the facts of any case), nor is the motion tailored to the law applicable in any individual case. Indeed, the motion does not even attempt to identify the law that would be applicable to any given case. The motion is couched entirely in equivocal terms like "[t]o the extent that…" and "[i]f Plaintiff sought bankruptcy protection…," and thus concedes on its face that it may not even be applicable to any given case in which it is to be filed. The fact that Defendants have stated their intent to file this same motion in 568 separate cases does not change the fact that this is one motion seeking the same relief in every case.

There are several other problems with this type of "shotgun" motion, which include the failure of Defendants to meet and confer with any of the individual Plaintiffs that are listed as the targets for this motion, identifying Plaintiffs who have never filed for bankruptcy or who filed for bankruptcy before ever receiving any mesh implant, and disregarding an attempt by Plaintiffs' leadership to potentially help "clear the underbrush" so that any motion practice addressing these issues could be properly tailored to actual facts and based upon good cause. See, Affidavit of Bryan Aylstock attached hereto as "**Exhibit 1**." The Defendants' failure to meet and confer with any individual plaintiff's counsel prior to filing its motion has only compounded the problem inherent in this shotgun motion. The Defendants simply attempted to create their own rules, and in the process, have wasted the Court's and the parties' limited time and resources. At bottom, this motion suffers from the same legal and procedural flaws no matter how many times it may be filed, and Plaintiffs will show that it is a legal nullity.

Defendants' burden-shifting motion is an unprecedented attempt to circumvent the Federal Rules of Civil Procedure and motion practice generally. The threshold question that must

be addressed and answered is whether Defendants' motion is legally and procedurally proper, and thus, whether 568 Plaintiffs can be forced to shoulder the Defendants' burden as movant. This is an issue and a motion that have potentially far-reaching ramifications on this litigation generally.  As such this is a motion and an issue that must be addressed by the leadership in this MDL, and it should be addressed one time in the MDL, not in the context of individual motions argued by counsel on behalf of individual plaintiffs. Plaintiffs further show that time is of the essence, and an expedited ruling is sought in order to provide clarification and guidance to the Plaintiffs in the numerous individual cases where this motion has been filed or where the Defendants have stated their intent to file before those individual responses are due. The Court should not be burdened with considering and deciding the same question in 568 separate cases unless and until there has been a determination that this motion is well-founded procedurally and legally. Counsel for the Plaintiffs have met and conferred with Defendants' counsel to seek an extension of time in the individual cases so that this important issue can be addressed, but were unable to reach an agreement.

      Accordingly, Plaintiffs seek:  (1) an Order that the Plaintiffs in the 568 cases identified in Dkt. No. 906-1, and any other individual cases, should not be required to respond to the motion filed therein unless and until the Court has addressed the initial question of whether Defendants' motion is procedurally and legally valid; (2) an Order to allow MDL leadership to file one omnibus response on or before December 10, 2013, that addresses the procedural and factual flaws in Defendants' motion; (3) an Order requiring Defendants to meet and confer with Plaintiffs' Lead Counsel regarding the issues raised by Defendants' motion to design a reasonable and efficient alternative plan, which shall be presented at the January status conference (or to explain why such a plan cannot be designed).

Dated: November 11, 2013

/s/ D. Renee Baggett
D. RENEE BAGGETT
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com

THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>―――――――――――――――――――――<br><br>**THIS DOCUMENT RELATES TO ALL CASES** | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>**JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2013, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ D. Renee Baggett_____
D. RENEE BAGGETT
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
