# Exhibit B

# IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA D. DELACRUZ and SERGIO DELACRUZ, h/w<br><br>Plaintiffs,<br><br>vs.<br><br>ETHICON, INC., Individually and/or d/b/a, ETHICON WOMEN'S HEALTH AND UROLOGY, A Division of ETHICON, INC., GYNECARE, JOHNSON & JOHNSON, SECANT MEDICAL, INC., and SECANT MEDICAL, LLC,<br><br>Defendants. | Case No. 2:13-cv-4088<br><br>JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### INTRODUCTION

Defendants Secant Medical, Inc., for itself and as successor by merger to Secant Medical LLC and Prodesco, Inc. (collectively "Secant"), bring this motion to dismiss with prejudice all claims asserted against Secant in this action.

Plaintiffs Maria D. Delacruz and Sergio Delacruz (collectively "Plaintiffs") bring this products liability suit against defendants Ethicon, Inc. ("Ethicon"), Ethicon's former business units, Ethicon Women's Health & Urology and Gynecare; Johnson & Johnson; and Secant seeking compensatory and punitive damages for harms they allegedly suffered following the implantation of the Gynecare Prolift device in Ms. Delacruz. Secant, however, is a biomaterials supplier as defined by the Biomaterials Accessibility Assurance Act, 21 U.S.C. §§ 1601-1606 ("BAAA"), which protects such suppliers from liability in claims involving harm from an implant. As a result, Secant is immune from liability in this action, and all claims

particular issue," and this determination is made not by "a mere counting of contacts," but rather by a qualitative analysis. In re Estate of Agostini, 457 A.2d 861, 871 (Pa. 1983).

In making this qualitative assessment, Pennsylvania courts will take into account the contacts outlined in the *Restatement (Second) of Conflicts* Section 145(2):

> (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

The relevant inquiry, then, is "the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law." Troxel v. A.I. duPont Inst., 636 A.2d 1179, 1181 (Pa. Super. Ct. 1994).

During the relevant time period, Plaintiffs resided in Texas but have chosen to file this lawsuit in Pennsylvania. The laws of these states differ and conflict in many respects. As a result, this Court must determine which state, Texas or Pennsylvania, has the most significant contact with Plaintiffs' claims. At its roots, Plaintiffs' multi-count Complaint is a personal injury action. It is well-settled that, in personal injury actions, the most important factor in the choice-of-law analysis is the location where the plaintiff was injured. See e.g. LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1082 (3d Cir. 1996) (noting Pennsylvania choice-of-law analysis dictates that "[w]here the site of an accident is not fortuitous, the place of injury assumes much greater importance, and in some instances may be determinative" (internal quotations and citation omitted)); Bearden v. Wyeth, 482 F. Supp. 2d 614, 619 (E.D. Pa. 2006) ("[T]he fact that Arkansas was the place of injury – and not merely a "fortuitous" one as plaintiff contends – is entitled to considerable weight.").

11

Texas has the strongest ties to this case. The Plaintiffs currently reside in Texas, the practice of the surgeon who implanted Ms. Delacruz's device is in Texas, and her Prolift implant surgery took place at Mission Regional Medical Center, which is, upon information and belief, located in Mission, Texas. (Compl. at ¶ 18). As a result, the place of the alleged "injury" and the location of the documents and records relating to Plaintiffs' claims are located in Texas. Moreover, Defendants Ethicon and Johnson & Johnson are New Jersey corporations. Thus, the only connection Pennsylvania has with the claims alleged in Plaintiffs' Complaint is that it is the principal place of business of Secant. This connection alone is not enough to justify application of Pennsylvania law to this case. See Duchesneau v. Cornell Univ., No. 08-4856, 2012 U.S. Dist. LEXIS 106412 (E.D. Pa. July 31, 2012). Accordingly, Texas law should be applied to Plaintiffs' substantive claims because Texas has the most significant contacts. Even if Pennsylvania law were to apply, however, Plaintiffs have not established a colorable claim for relief and, therefore, must be dismissed.

### B. Plaintiffs' Claims Fail to State Claims Upon Which Relief can be Granted Under Texas Law.

Plaintiffs bring claims for strict liability defective manufacture and design, strict liability failure to warn, negligence, common law fraud, negligent misrepresentation, negligent infliction of emotional distress, breach of express warranty, breach of implied warranty, violation of consumer protection law, gross negligence, and loss of consortium. (Compl. at ¶¶ 38-142.) Accepting Plaintiffs' allegations as true and construing the claims in the light most favorable to the Plaintiffs, each of these claims is plainly without merit as to Secant. Indeed, "a pleading must not only apprise the opposing party of the asserted claim, 'it must also formulate the issues by summarizing those facts essential to support the claim.'" Corestates Bank, NA v. Curillo, 723 A.2d 1053 (Pa. Sup. 1999) (quoting Sevin v. Kelshaw, 611 A.2d 1232, 1235 (Pa. Sup. 1992)).

As discussed above, Ms. Delacruz's claims on the basis of strict liability, negligence, breach of warranty, common law fraud, and the Texas Deceptive Trade Practices Act have no merit. Mr. Delacruz's consortium claims, therefore, must also be dismissed.

## CONCLUSION

For the reasons stated above, Secant respectfully submits that it is a biomaterials supplier as defined by the BAAA and is, therefore, immune from liability in this action. Secant further submits in the alternative that, even if this Court were to conclude that the BAAA does not apply, Plaintiffs' Complaint on its face fails to assert any colorable claims against Secant and must be dismissed.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated:   July 18, 2013

/s/ Joe H. Tucker
Joe H. Tucker, Jr., Esquire
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA  19103
Attorney for Secant Medical Inc., Secant Medical LLC and Prodesco, Inc.

18