# Exhibit E

**KLINE & SPECTER, P.C.**            Attorneys for Plaintiffs
By:  Lee B. Balefsky, Esquire/Atty. No. 25321     Bernice Hansen and
      Michelle L. Tiger, Esquire/Atty. No.43872    Michael Hansen
      Identification Nos. 25321 and 43872
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000

| | |
|---|---|
| **BERNICE P. HANSEN and** <br> **MICHAEL HANSEN,** <br><br> PLAINTIFFS <br><br> v. <br><br> **ETHICON WOMEN'S HEALTH** <br> **AND UROLOGY, et al.,** | **PHILADELPHIA COUNTY** <br> **COURT OF COMMON PLEAS** <br> **TRIAL DIVISION - CIVIL** <br> **MAY TERM, 2013** <br><br> **No. 3785** <br><br> **JURY TRIAL DEMANDED** <br><br> **ASSESSMENT OF DAMAGES** <br> **HEARING IS REQUIRED** |

<u>**NOTICE OF DEPOSITION OF ERIC J. NADEAU**</u>

TO:    All Counsel and Unrepresented Parties of Record

PLEASE TAKE NOTICE that, pursuant to Pa. R. Civ. P. 4007.1, Plaintiffs Bernice P. Hansen and Michael Hansen, through their attorneys, Kline & Specter, P.C., will take the oral deposition of **Erik J. Nadeau** (the "Deponent"), Secant Medical, Inc., 700 West Park Avenue, Perkasie, Pennsylvania, 18944, before a Notary Public or other officer, who is authorized by law to administer oaths, on **November 5 and 6, 2013,** beginning at **9:00 am** at the offices of Kline & Specter, P.C. 19th Floor, 1525 Locust Street, Philadelphia, Pennsylvania 19102.

PLEASE TAKE FURTHER NOTICE that, pursuant to Pa. R. Civ. P. 4017.1 the deposition will be taken as a video deposition, simultaneously recorded by stenographic means, by a video operator designated by Golkow Technologies, Inc.

PLEASE TAKE FURTHER NOTICE that, pursuant to Pa. R. Civ. P. 4007.1 and 4009.1, et seq., the Deponent shall produce on or before October 22, 2013 at such offices of Kline &

Specter, P.C. the original documents and other things within the scope of Pa. R. Civ. P. 4003.1 et seq., including but not limited to those documents and things described in Exhibit A to this Notice.

PLEASE TAKE FURTHER NOTICE that this deposition will continue from day to day until completed.

KLINE & SPECTER, P.C.

Dated: 9/18/13

By: *[signature]*
Lee B. Balefsky, Esquire
Michele L. Tiger, Esquire

Attorneys for Plaintiffs

2

## CERTIFICATE OF SERVICE

I, Lee B. Balefsky, Esquire, hereby certify that on the date appearing below, I caused a true and correct copy of Plaintiffs' Notice of Deposition of Erik J. Nadeau, to be served upon all counsel of record and unrepresented parties by electronic means and U.S. first class, postage prepaid, in envelopes addressed as follows:

| | |
|---|---|
| Kenneth A. Murphy, Esquire<br>Melissa Graff, Esquire<br>Andrew Reeve, Esquire<br>Drinker Biddle & Reath LLP<br>One Logan Square, Suite 2000<br>Philadelphia, PA 19103-6996<br>Kenneth.murphy@dbr.com<br>Melissa.graff@dbr.com<br>Andrew.reeve@dbr.com<br><br>*Attorney for Defendants Ethicon Women's Health and Urology, Gynecare, Ethicon, Inc. and Johnson & Johnson* | Joe H. Tucker, Jr., Esquire<br>V. Amanda Witts, Esquire<br>Tucker Law Group, LLC<br>One Penn Center at Suburban Station<br>1617 John F. Kennedy Boulevard, Suite 1700<br>Philadelphia PA 19103<br>jtucker@tlgattorneys.com<br>awitts@tlgattorneys.com<br><br>*Attorneys for Secant Medical, Inc., Secant Medical, LLC, Prodesco, Inc., and Secant Medical* |

Date: 9/18/13

Lee B. Balefsky, Esquire

## EXHIBIT A TO
## PLAINTIFFS' NOTICE OF DEPOSITION OF ERIK J. NADEAU

1. All documents and things that the Deponent reviewed in preparation for the noticed deposition;

2. All documents and things that the Deponent reviewed and/or relied upon in support of the averments set forth in his various affidavits submitted in support of any Notice of Removal, Motion to Dismiss, Preliminary Objections, and/or other motions or pleadings submitted to the Court in this action or any other civil action concerning TVT, TVT-O, TVT-Secur, TVT Exact, TVT Abbreva, Prolift, Prolift+ M, Protogen, Advantage, Advantage Fit, Obtryx, Prefyx, Solyx, Pinnacle, Uphold, Lite and/or any other artificial mesh intended for implantation into humans in connection with hernia repairs and/or pelvic floor repairs for incontinence and/or prolapse (collectively, the "Relevant Products") before the Philadelphia Court of Common Pleas, the United States District Court for the Eastern District of Pennsylvania, the United States Judicial Panel for Multidistrict litigation, or any other court;

3. The employment file for the Deponent;

4. The Deponent's current resume or curriculum vitae;

5. All documents and things that refer or relate to or set forth the Articles of Incorporation of Secant Medical, LLC, Secant Medical, Inc., Secant Medical, and/or Prodesco, Inc. (the "Secant Medical Defendants"), and/or, including by not limited to, their board of director meetings, minutes, resolutions, authorizations, and other actions in connections with the incorporation and registration of any of the Secant Medical Defendants, any mergers and/or acquisitions of any of the Secant Medical Defendants by or with any other of the Secant Medical Defendants;

6. All documents and things that refer or relate to or set forth the acquisition of and/or merger by and/or between Fenner, LLC and any of the Secant Medical Defendants, including but not limited, their board of director meetings, minutes, resolutions, authorizations, and other actions in connections with such acquisition and/or merger;

7. All patent applications and/or patents issued worldwide concerning any of the Relevant Products;

8. Any pleadings filed in any court in any patent litigation relating to any of the Relevant Products;

9. Any documents produced by any of the Secant Medical Defendants in any patent litigation relating to any of the Relevant Products;

10. Any documents produced to any of the Secant Medical Defendants in any patent litigation relating to any of the Relevant Products;

11. Any documents produced by any of the Secant Medical Defendants in any personal injury litigation related to any of the Relevant Products;

12. All submissions, applications, correspondence, analyses, reports, memorandum, notes, telephonic and/or in-person meeting minutes to any United States government agency, including but not limited to the Food and Drug Administration, relating to any of the Relevant Products;

13. All submissions, applications, correspondence, analyses, reports, memorandum, notes, telephonic and/or in-person meeting minutes to any foreign government agency, including but not limited to the European Agency for the Evaluation of Medicinal Products (EMEA), European Union (EU)-Therapeutic Goods Administration (TGA), Federal Institute for Drugs and

Medical Devices (BfArm), Agence de Medicament, and the Medicines and Medical Devices Safety Authority, relating to the safety and/or efficacy of any of the Relevant Products;

14. All documents relating to any Form FDA 483 Letters and/or FDA Warning Letters to any of the Secant Medical Defendants concerning any of the Relevant Products;

15. All documents concerning standards imposed or recommended by the FDA or any foreign regulatory agency regarding mesh products for use in the human body, including but not limited to any proposed, draft, and/or final regulations regarding particle loss;

16. All documents concerning or relating to any criminal investigations of any of the Secant Medical Defendants involving any of the Relevant Products in any country, including any English translations that exist if the documents are written in any language other than English.

17. All documents pertaining to the safety, adverse events, problems, injuries, malfunctions, complications, and/or defects of the Relevant Products;

18. All pertaining to the efficacy or lack thereof of any of the Relevant Products;

19. Any electronic database, electronic spreadsheet, or other electronic program concerning or comprising adverse event reports generated concerning the use of any of the Relevant Products in their native format;

20. All correspondence, including emails, between the Secant Medical Defendants and Ethicon Women's Health and Urology, Gynecare, Ethicon, Inc., and Johnson & Johnson (the "J&J Defendants") and/or Boston Scientific Corp. ("BSC");

21. All invoices from the Secant Medical Defendants to the J&J Defendants and/or from the Secant Medical Defendants to BSC;

22. All documents and things that refer or relate to or record or constitute the design, manufacturing, testing, validation, verification, sampling, production and/or creation of any and

all artificial meshes sold for or intended to be used by any person in connection with the Relevant Products;

23. All documents and things that refer or relate to or record or constitute the Secant Medical Defendants' receipt, testing, validation, verification, and/or sampling of any raw material that the Secant Medical Defendants used in connection with the Relevant Products;

24. All documents in any of the Secant Medical that refer or relate to or set forth or constitute any Standard Operating Procedure ("SOP") and policy and procedure or manuals or practices relating to the creation of the Relevant Products;

25. All internal communications regarding adverse events, malfunctions, and/or complications related to any of the Relevant Products;

26. All scientific, clinical, and medical literature and bibliographies of such concerning the safety and/or efficacy of the Relevant Products;

27. All scientific, clinical, and medical literature concerning the safety and/or efficacy of the Relevant Products;

28. All documents concerning pre-clinical testing of the Relevant Products including but not limited to all data concerning animal studies, in vitro studies, competitive studies, scientific studies, registries, head-to-head studies, parallel studies, randomized controlled trials, and/or double blind studies;

29. All documents that refer or relate or reflect or constitute communications internal to the Secant Medical Defendants pertaining to the safety and/or efficacy of any of the Relevant Products;

30. All internal communications concerning what information should be provided to consumer, physicians or other healthcare professionals concerning the safety risks and/or efficacy of any of the Relevant;

31. All documents that refer or relate to or set forth or constitute minutes from meetings, summaries of the minutes of such meetings, agendas for such meetings, presentations made at any such meetings (in their native format) and/or summaries of such meetings with any and all physicians and investigators involved with clinical and pre-clinical trials for any of the Relevant Products;

32. All documents comprising or regarding the retention and/or use of any third-parties who have analyzed or re-analyzed the safety and/or efficacy of any of the Relevant Products;

33. All documents concerning any changes to the manufacturing process utilized in making any of the relevant products, including but not limited to any Core Data Sheets, relating to any of the Relevant Products that were considered and/or proposed but were not implemented;

34. All documents that index or catalog Defendants' approved or draft advertising, sales and marketing materials, and print and broadcast advertisements, sales aids, visuals, sales scripts, sales guides, and reminder pieces relating to any of the Relevant Products;

35. Video files (in video format) of all television advertisements, including drafts, for any of the Relevant Products, the Secant Medical Defendants, the J&J Defendants and/or BSC, produced on DVD;

36. Video files (in video format) of all television advertisements, including drafts, for any of the Relevant Products, the Secant Medical Defendants, the J&J Defendants and/or BSC;

37. Copies of all print advertisements, including drafts, for any of the Relevant Products, the Secant Medical Defendants, the J&J Defendants and/or BSC;

38. Copies in electronically navigatable format of any Web page or Website maintained by or on behalf of the Secant Medical Defendants that contains any content relating to any of the Relevant Products, the Secant Medical Defendants, the J&J Defendants and/or BSC;

39. Screenshots of all Internet based advertisements (including but not limited to Web sites, blogs, bulletin boards, and pod-casts) or e-commerce information relating to any of the Relevant Products, the Secant Medical Defendants, the J&J Defendants and/or BSC, sponsored by or on behalf of the Secant Medical Defendants, including every screen within any Website;

40. All documents used in the training of any of the Secant Medical Defendants sales force and sales representatives who promoted or sold any of the Relevant Products and/or the Secant Medical Defendants;

41. All documents used in the training of any of the Secant Medical Defendants sales force and sales representatives who promoted or sold any of the Relevant Products and/or the Secant Medical Defendants;

42. All documents relating to any SOP and policy and procedure manuals relating to the content and format of labeling for any of the Relevant Products;

43. All documents concerning any of the Secant Medical Defendants annual sales revenue derived from any of the Relevant Products in the United States, including but not limited to such sales broken down by State for every year since any of the Relevant Products was first marketed and sold in the United States;

44. Any and all media and/or news reports relating to any of the Relevant Products in their native format;

45. All documents concerning or relating to marketing plans for any of the Relevant Products and/or the Secant Medical Defendants;

46. All documents and things that refer or relate to or record or constitute Material Safety Data Sheets that the Secant Medical Defendants obtained, created, or provided to or received from any person in connection with any raw material used in the creation of any the Relevant Products;

47. Any insurance policies, under which the Secant Medical Defendants have, are or expect to make claims for the defense and/or satisfaction of any claim in this action or any other action concerning the Relevant Products;

48. Any indemnification agreements, whether oral or written, pursuant to which the Secant Medical Defendants have are or expect to make demand from any person for the payment of their costs, including attorneys fees, of defending and/or the satisfaction of any claim in this action or any other action concerning the Relevant Products;

49. All charts and other things that identify each of the Secant Medical Defendants' corporate organizational structure from 1997 to the present, including, but not limited to, charts that set forth the organization of the various departments, divisions and subdivisions, and the heads and/or employees of each such department, division or subdivision, and the relationship and/or overlap, if any, among and between the Secant Medical Defendants;

50. Any documents that refer or relate to or set forth the role of each Defendant with regard to the creation of any of the Relevant Products;

51. Any documents that refer or relate to or set forth or constitute any agreements among and between Defendants or any other person or entity relating to the development, manufacturing, marketing and/or sale of the Relevant Products;

52. All documents relating to all executive or board of director meetings, including any reports, analyses, or presentations presented at such meetings, pertaining to the safety, complications, adverse events, efficacy, design, regulation, marketing, and sale of any of the Relevant Products;

53. All documents concerning any inquiries or investigations by governmental or regulatory organizations within the United States (either state or federal) related to any of the Relevant Products, including but not limited to any documents submitted to or received from such organizations;

54. All discovery responses provided by the Secant Medical Defendants in connection with any court or administrative proceeding involving any of the Relevant Products;

55. All documents concerning the actions taken by any of the Secant Medical Defendants to preserve all documents concerning, regarding, or pertaining to any of the Relevant Products;

56. All documents that reflect the identity and location of any documents regarding to any of the Relevant Products;

57. All documents that reflect the identity and location of any documents described or identified by this Exhibit A;

58. Documents that identify all databases containing information and documents described, identified and/or requested by this Exhibit;

8

59. All documents that refer or relate to or set forth or constitute or reflect the policies and procedures that the Secant Medical Defendants have had and/or have in effect for the storage, deletion, and back-up of documents and emails generated by the Secant Medical Defendants' employees and agents.

61. All documents that refer or relate to or set forth or constitute or reflect the document retention policies and practices of the Secant Medical Defendants; and

62. All documents that refer or relate to or set fourth or constitute or reflect any Litigation Hold Notice that the Secant Medical Defendants issued to any of its officers, employees and/or agents in connection with this action or any other civil action concerning any of the Relevant Documents.