EXHIBIT L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM,
PRODUCTS LIABILITY LITIGATION                    MDL NO. 2327
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS DOCUMENT RELATES TO ALL CASES

### NOTICE TO TAKE ORAL DEPOSITION
### OF DEFENDANTS THROUGH DESIGNATED WITNESSES

TO:    Defendants ETHICON, INC. and Johnson & Johnson, Inc. (hereinafter "Defendants")

and their Attorneys of Record.

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendants'

corporate designees on September 5, 2013 at the offices of Riker Danzig in Morristown, New

Jersey. The witness(es) shall be prepared to testify concerning the subject matters identified in

Exhibit "A", attached hereto. The witness shall produce documents identified in Exhibit "B",

attached hereto, prior to the deposition. The deposition will be taken before a person authorized

by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will

continue day-to-day until the examination is completed.

### DEFINITIONS

All definitions and rules of instructions set forth in Fed. Rule Civ. P. 30(b)(6) shall apply

to all requests for information herein. To the extent a term commonly in use in the medical

device industry is not defined herein, it shall be understood to be consistent with the meaning

commonly ascribed to that term in the medical device industry.

1.      "Concerning" means referring to, describing, evidencing, or constituting. See LR

Civ. P 26.2(c)(7).

EXHIBIT
I- 3177
9/16/13

2.      "Defendants", "Ethicon, Inc.", "Johnson & Johnson Inc.", "you" or "your" refers to, without limitation, Ethicon, Inc., Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

3.      "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. A draft or non-identical copy is a separate document. *See* LR Civ. P. 26.2(c)(2); *see also* FR Civ. P 34(a).

4.      "TVT" includes the TVT "classic" Tension Free Vaginal Tape System device cleared by the FDA on or about January 1, 1998, the TVT-Obturator, TVT-Secur, TVT-Abbrevo, TVT-Exact, TVT SCION, and the IVS (Intravaginal slingplasty device) which was developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI). The term "TVT" also includes any kits or tools designed to be sold with the TVT including, but not limited to the TVT-AA and TVT-D.

5.      "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

This 5th Day of August, 2013.

**PLAINTIFFS' CO-LEAD COUNSEL**

By: _____/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com
*Plaintiffs' Co-Lead Counsel*

## EXHIBIT "A"

## DEPOSITION SUBJECT MATTER

Pursuant to Rule 30(b)(6), the deponent(s) must have knowledge and shall be able to testify concerning the following subject matters:

1.      The identity of and the terms and conditions of any and all agreements between Defendants and Medscand Medical A.B. or any other corporation or entity in which Medscand Medical A.B. has an ownership interest concerning TVT including but not limited to any license and supply agreements, asset purchase agreements, manufacturing agreements, research or study related agreements, and any amendments thereto.

2.      The identity of and the terms and conditions of any and all agreements between Defendants and Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Contape S.A., or any other corporation or entity in which Ulf Ivar Ulmsten had an ownership interest, including but not limited to, any consulting agreements, consulting and technology agreements, investigator related agreements, research or study related agreements, cancellation agreements, settlement agreements, and any amendments thereto.

3.      The identity of and the terms and conditions of any and all agreements between Defendants and Professor Carl Gustaf Nilsson or any corporation or entity in which he has/had an ownership interest, including but not limited to, any consulting agreements, consulting and technology agreements, investigator related agreements, research or study related agreements, cancellation agreements, settlement agreements, and any amendments thereto.

4.      The identity of and the terms and conditions of any and all agreements between Defendants and Christian Falconer, M.D., Masoumah Rezapour, M.D., Ingegerd Olsson, M.D., or Nina Kuuva, M.D.,  or any corporations or entities in which they have an ownership interest,

4

including but not limited to, any consulting agreements, consulting and technology agreements, investigator related agreements, research or study related agreements, cancellation agreements, settlement agreements, and any amendments thereto.

5.      Amounts paid by Defendants to Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Contape S.A., and/or Medscand Medical A.B and the reason for the payments.  This includes but is not limited to payments made in connection with the following: (1) milestone payments as referenced in ETH.MESH.08696090-ETH.MESH.08696091; (2) purchase price; (3) additional payments as referenced in ETH.MESH.05972841-ETH.MESH.05972842; (4) royalties or similar payments as referenced in ETH.MESH.08692681-ETH.MESH.08692683; (5) professional and consulting fees; (6) consideration for agreement not to compete as referenced in ETH.MESH.08692681; (7) consideration for exclusive relationship with Defendants as referenced in ETH.MESH.08692681; (8) consideration for assignment of rights as referenced in ETH.MESH.08692682; (9) consideration for assistance in locating an experimental lab as referenced in ETH.MESH.08692683; and (10) out-of-pocket business and travel expenses and costs.

6.      All amounts paid by Defendants to Carl Gustaf Nilsson or to any corporation or entity in which Carl Gustaf Nilsson is an owner or shareholder and the reason for such payments.

7.      All amounts paid by Defendants to Christian Falconer, M.D., Masoumah Rezapour, M.D., Ingegerd Olsson, M.D., or Nina Kuuva, M.D, or to any corporation or entity in which any of them are owners or shareholders, and the reasons for such payments.

8.      Services rendered by Ulf Ivar Ulmsten or Contape S.A., or any other corporation or entity owned by Ulf Ivar Ulmsten or Contape S.A. including but not limited to participation in any advisory boards and performance of any studies, research or testing of any medical devices

including but not limited to services rendered in connection with obtaining regulatory approval of TVT as referenced in ETH.MESH.08696089-ETH.MESH.08696090.

9.      Services rendered by Carl Gustaf Nilsson or any other corporation or entity owned by Carl Gustaf Nilsson including but not limited to participation in any advisory boards and performance of any studies, research or testing of any medical devices..

10.     Services rendered by Christian Falconer, M.D., Masoumah Rezapour, M.D., Ingegerd Olsson, M.D., or Nina Kuuva, M.D, or any corporation or entity owned by them or in which they are shareholders.

11.     Location, retention, storage and organization of documents and exemplars related to the above subject matters.

**EXHIBIT "B"**

**DOCUMENT REQUESTS**

Please produce or if already produced, identify exact bates ranges with a brief identification of each document:

1.     All documents relied upon by the deponent in preparing for this deposition.

2.     All communications between Defendants and Ulf Ivar Ulmsten, Contape S.A., Medscand Medical A.B. and/or their representatives concerning Defendants' acquisition of TVT.

3.     All agreements between Defendants and Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Medscand Medical A.B., and/or Contape S.A. concerning TVT including but not limited to license and supply agreements, asset purchase agreements, manufacturing agreements, consulting agreements, consulting and technology agreements, cancellation agreements, settlement letters, and any amendments thereto.

4.     All communications between Defendants and Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Medscand Medical A.B., and/or Contape S.A. and/or their representatives concerning the above referenced agreements.

5.     All documents provided by Ulf Ivar Ulmsten, Contape S.A. and/or Medscand Medical A.B. to Defendants as required by the above referenced agreements including but not limited to all studies, data and other materials related to TVT as referenced in ETH.MESH.08696089-ETH.MESH.08696090.

6.     All documents reflecting amounts paid by Defendants to Ulf Ivar Ulmsten, the

7

Estate of Ulf Ivar Ulmsten, Contape S.A., Medscand Medical A.B. in connection with above referenced agreements.

7.     All agreements between Defendants and Carl Gustaf Nilsson or any entity or corporation in which he is an owner or shareholder including but not limited to consulting agreements and any amendments thereto.

8.     All agreements between Defendants and Christian Falconer, M.D., Masoumah Rezapour, M.D., Ingegerd Olsson, M.D., or Nina Kuuva, M.D., or any entity or corporation in which they are owners or shareholders including but not limited to consulting agreements and any amendments thereto.

9.     All communications between Defendants and Carl Gustaf Nilsson concerning the above referenced agreements.

10.    All documents reflecting amounts paid by Defendants to Carl Gustaf Nilsson.

11.    All documents reflecting amounts paid by Defendants to Christian Falconer, M.D., Masoumah Rezapour, M.D., Ingegerd Olsson, M.D., or Nina Kuuva, M.D

12.    All exemplars of any products obtained by Defendants from Ulf Ivar Ulmsten, the Estate of Ulf Ivar Ulmsten, Contape S.A., Medscand Medical A.B.

8