EXHIBIT P

Confidential - Subject to Protective Order

1                  IN THE UNITED STATES DISTRICT COURT

2              FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

3                        CHARLESTON DIVISION

4

5

6

7

8

9                                  )

    IN RE: ETHICON, INC.           )

10  PELVIC REPAIR SYSTEM,          )

    PRODUCTS LIABILITY             )

11  LITIGATION                     ) MDL NO. 2327

    _____)

12

13

14

15

16          THIS DOCUMENT RELATES TO ALL CASES

17       CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

18              VIDEOTAPED DEPOSITION OF:

19                   PRICE ST. HILAIRE

20                       VOLUME 2

21          Thursday, July 12, 2013;  9:12 a.m.

22

23

24  Reported By:

    Cathy A. Wood, RMR, RPR

25  CSR No. 2825

Confidential - Subject to Protective Order

```
 1    preparation for this deposition he's being instructed

 2    not to answer 'cause it's attorney-client or work

 3    product?

 4          MS. MAIMBOURG:  Right.

 5    BY MR. MIRACLE:

 6       Q    Have you ever been deposed before --

 7       A    I have not.

 8       Q    -- this deposition?

 9       A    I have not.

10       Q    Are you familiar with the term litigation hold,

11    Mr. St. Hilaire?

12       A    Uh, vaguely, yes.

13       Q    Okay.  And how is it you're familiar with that

14    phrase?

15       A    Just through my career I've heard litigation

16    hold, uh, around, uh, the company says you have to hold

17    on to documents or not destroy documents, that's the

18    context.

19       Q    And why is it they're telling you, to your

20    understanding, not to destroy documents or to hold on to

21    data or documents?

22       A    So I can use example within my current employ,

23    it's because of either pending or current litigation and

24    they want to make sure documents are held.

25       Q    All right.  And during your time with -- with
```

Confidential - Subject to Protective Order

1    Ethicon, do you recall being made aware of any

2    litigation holds?

3        A    I don't recall specifically.

4        Q    How about generally, as we sit here today, do

5    you recall ever being -- hold on just a second.

6        A    Sorry.

7        Q    Ever being made aware that there was a

8    litigation hold and that you shouldn't destroy or

9    otherwise erase emails, documents, Power Points,

10   whatever the case may be?

11       A    I don't have a specific recollection, but it's

12   reasonable in the time that I was there that -- that a

13   litigation hold notice would have -- would have come to

14   me, so I don't remember specifically what or when.

15       Q    So you're saying in the eight or nine years you

16   were with Gynecare or Ethicon, it's reasonable to assume

17   that you would have been subject to a litigation hold at

18   some point during that time frame?

19       A    It's reasonable.  I just don't remember

20   specifically when.

21           MR. MIRACLE:  Need 1500.

22           MR. SMITH:  This is marked as T2083.

23           THE WITNESS:  Thank you.

24   BY MR. MIRACLE:

25       Q    I'm going to give you a second to look at that.

Confidential - Subject to Protective Order

```
1      A     Okay.

2      Q     Okay.  Have you had a chance to look at that?

3      A     Yes, at the time of this e-mail, just to be

4    clear, I wasn't in Marketing at the time, I was in the

5    sales force.

6      Q     Sure.

7            (The above-referred to document was marked

8            Deposition Exhibit No. T2083 for identification

9            by the Court Reporter, and a copy is attached

10           hereto.)

11   BY MR. MIRACLE:

12     Q     I guess my question to you would be now I have

13   shown you this document, you've had a chance to look at

14   it, do you recall ever seeing this particular document,

15   this particular email?

16     A     I certainly don't recall this specific email.

17           MR. MIRACLE:  What did we mark this?

18           MR. SMITH:  T2083.

19   BY MR. MIRACLE:

20     Q     And, just for the record, the document we're

21   talking about is a May 22nd, 2003, email which purports

22   to be a preservation notice that was issued by J & J Law

23   Department, and it's been marked as T2083, and it's your

24   testimony that you don't recall seeing this.

25     A     Not specifically, okay.
```

Confidential - Subject to Protective Order

1    Q    Do me a favor, look down towards the bottom of

2    the first page below where it says May 22nd, 2003, do

3    you see that?

4    A    Yes, I do, sir.

5    Q    Could you read the paragraph below that into

6    the record?

7    A    Sure.  "Hold notice for Kandell versus Ethicon,

8    Inc., et als.  Ethicon, Inc. has been named in a lawsuit

9    arising out of the alleged use of TVT.  In connection

10   with this matter, it is vital to preserve all documents

11   relating in any way to the below-listed subject matters

12   until contrary written notice is received from the J & J

13   Law Department.  Failure to preserve these materials

14   could result in court-imposed penalties or sanctions on

15   both the company and/or individual employees."

16   Q    If you flip the page and read the first page on

17   the next page, please.

18   A    Starting from, "Do not discard"?

19   Q    Please.

20   A    "Do not discard, destroy or alter in any

21   way" -- "in any way any of the documents, electronic or

22   paper, described below.  Please ensure that these

23   instructions are followed."

24   Q    As we sit here today, do you recall, after

25   reading that to help refresh your memory, on receiving

Confidential - Subject to Protective Order

1    any specific litigation hold notice or a preservation

2    notice during your employment with Ethicon?

3        A    Again, I don't -- I don't specifically remember

4    a specific preservation hold.  Do I remember these

5    coming across, it's reasonable that these have come

6    across, but I don't remember a specific one.

7        Q    All right.

8        A    And I certainly don't remember this one

9    specifically.

10       Q    And certainly as an employee for either -- for

11   Ethicon, you would follow the letter and the intent of

12   any preservation notice or hold notice that would come

13   across your email account or across your desk, right?

14       A    Certainly, to the best of my ability,

15   absolutely.

16       Q    And as we sit here today, do you recall ever,

17   aside from these hold notices, do you recall ever having

18   occasion to or -- or necessarily having done -- erased

19   emails you've either sent or received from the database

20   or from -- from your hard drives or your computers?

21       A    Not to my recollection.

22       Q    Would you have ever had any need or necessity

23   to do so?

24       A    Not to my recollection.

25       Q    And were you ever directed by anyone within the

Confidential - Subject to Protective Order

1    specifically.

2        Q    You could have done it, you just don't

3    remember?

4        A    Sure, yeah.

5        Q    As we sit here today, you certainly don't

6    remember proactively destroying any of the documents

7    that would have been subject to this specific

8    preservation --

9        A    No, sir.

10       Q    -- notice?

11            And to that extent, when you left the company

12   in 2008, it would be your assumption that any of the

13   documents in the categories we have read from this

14   preservation notice would have been either in your

15   computer, in your hard drive, in your phone, any of the

16   things you handed back in at the time of your

17   separation --

18       A    That's correct.

19       Q    -- from the company; is that right?

20       A    That's correct.

21       Q    So in any event, the fact that we have been

22   produced nothing that was in your computer or hard drive

23   or anything else that you've submitted to the company on

24   your separation with the company in 2008 --

25       A    Uh-huh.

Confidential - Subject to Protective Order

1      Q    -- certainly in your time with the company for

2  eight or nine years, there would be more than zero

3  documents that should have been produced, is that an

4  accurate assessment?

5      A    I think that's reasonable.

6           MS. MAIMBOURG:  Objection.

7  BY MR. MIRACLE:

8      Q    But as far as you know, those documents or

9  emails or data or emails or any of the things that are

10  listed in this preservation notice that would apply to

11  yourself, those would have disappeared after your

12  separation from the company?

13           MS. MAIMBOURG:  Objection.

14           THE WITNESS:  I'm sorry, I didn't understand

15  your question.

16  BY MR. MIRACLE:

17      Q    Those would have disappeared after your

18  separation from the company?

19           MS. MAIMBOURG:  Objection to the term

20  disappear.

21  BY MR. MIRACLE:

22      Q    That those were present when you left?

23      A    So I tendered my laptop, and I left everything

24  in my office.  So everything was on my laptop when I

25  separated from the company.  What happened after I left

Confidential - Subject to Protective Order

1   the company with the laptop, I can't speak to or

2   speculate to.

3       Q    Do you recall in 2008 when you left the company

4   what the procedure was, or if there was a procedure, for

5   turning in all the company materials, computers,

6   laptops, tablets, phones whatever the case may be?

7       A    I don't remember the specific procedure.  To

8   the best of my recollection, I turned in my -- my laptop

9   and my badge and my AMEX and things of that nature to my

10  supervisor.  So I don't remember the specific procedure,

11  but -- but that's -- to my recollection, that's what I

12  did.

13          MR. MIRACLE:  Let's take a five-minute break.

14  We may be pretty close to being done.

15          THE VIDEOGRAPHER:  Videotape deposition off

16  record at 12:10 p.m.

17              (Brief recess was taken.)

18          THE VIDEOGRAPHER:  Videotape deposition is now

19  returning to record at 12:23 p.m.

20  BY MR. MIRACLE:

21      Q    Mr. St. Hilaire, over the last two days of

22  giving this deposition, uh, you stated several times

23  that it's been -- in all fairness to you, it's been

24  awhile since you've worked for Ethicon, it's been four

25  to five years since you separated from the company; is