UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL NO. 2327

------------------------------------------------

THIS DOCUMENT RELATES TO          JOSEPH R. GOODWIN
CIVIL ACTION NO.                  U.S. DISTRICT JUDGE
2:13-cv-28986

PRETRIAL ORDER # 83
(Order Regarding Severance of Actions)

The complaint filed in the above-referenced action joined multiple plaintiffs whose only apparent connection with one another is that they were implanted with an Ethicon pelvic mesh product. I **FIND** that multiple plaintiff complaints, except those complaints in which only one individual alleges using an Ethicon product but another derivative plaintiff is named as well (e.g. cases in which a spouse is asserting only a loss of consortium claim), should be severed. Accordingly, to resolve any misjoinder concerns and to facilitate the efficient administration of these actions, it is **ORDERED** as follows:

1. Except for the first named plaintiff (and derivative plaintiff(s) claiming under her, if any) listed in each case in Exhibit A, attached hereto, **and** any plaintiff(s) who objects to severance (see paragraph 7), the remaining plaintiffs in the aforementioned cases shall be dismissed without prejudice on **December 23, 2013**.

2. Within thirty (30) days after the entry of this Pretrial Order ("PTO"), each individual plaintiff dismissed pursuant to paragraph 1 of this PTO who did not object to severance and any

derivative plaintiff claiming under her, may file an individual severed complaint to continue the prosecution of the claims they alleged in the dismissed civil action. Each such plaintiff may choose to file in this court, a Short Form Complaint in the form available on the court's website.

      3. Any Short Form Complaint filed by a severed plaintiff must be accompanied by the appropriate filing fee, and assigned a separate civil action number determined by the Clerk.

      4. Any severed plaintiff who wishes to name as defendants parties who are not listed in the current Master Long Form Complaint as defendants must file an individual complaint in the District Court where such action properly can be filed and await transfer by the Judicial Panel on Multidistrict Litigation (the "Panel").

      5. Any re-filed action (whether filed in another district or in the Southern District of West Virginia) shall refer to the dismissed civil action and its original filing date. This information must be added to the Short Form Complaint immediately under the Civil Action Number or to the style of the long form complaint immediately under the Civil Action Number assigned by the Clerk in the district where the action is filed. (*See* Exhibit B, attached hereto.)

      6. Any individual Complaint filed within the time provided by this PTO will be deemed to have been filed on and relate back to the original filing date of the applicable multi-plaintiff civil action. Any statute of limitations defense that existed as of the filing dates of the original multi-plaintiff complaints shall be preserved.

      7. Any plaintiff(s) who objects to this PTO must do so within ten (10) days of entry of this PTO or by **December 18, 2013**. Such plaintiff should file her objections in the Southern District of West Virginia in the original multi-plaintiff case, with any objection not to exceed

two (2) pages. Any plaintiff(s) who objects shall not be severed until such objection is resolved by the court.

8. The court **DIRECTS** the Clerk to place a copy of this PTO in each re-filed action filed pursuant to this PTO that is directly filed in the Southern District and in each re-filed action filed pursuant to this PTO that is transferred by the Panel on the date the case is opened in the Southern District.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-02327 and in member case **2:13-cv-28986**. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at ww.wvsd.uscourts.gov.

ENTER: December 6, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE