# Exhibit A

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CIVIL TRIAL DIVISION

| | |
|---|---|
| BERNICE P. HANSEN and <br> MICHAEL HANSEN <br>       **Plaintiffs** <br> <br> vs. <br> <br> ETHICON, INC.; ETHICON WOMEN'S <br> HEALTH AND UROLOGY; GYNECARE; <br> JOHNSON & JOHNSON; SECANT MEDICAL, <br> INC., and SECANT MEDICAL, LLC <br>       **Defendants** | : <br> : <br> : <br> : <br> : <br> :   MAY TERM, 2013 <br> : <br> :   NO. 3785 <br> : <br> : <br> : <br> : |

### ORDER

And Now, this 5th day of December, 2013, after consideration of Plaintiffs' Motion to Compel the Deposition of Erik J. Nadeau, and the Secant Defendants' Response thereto, and after Oral Argument held November 26, 2013, and for the reasons set forth in Court Exhibit "A", attached hereto, the Motion of Plaintiffs is **GRANTED in PART**, and 1. Erik J. Nadeau shall be produced for deposition within forty-five (45) days of the date of this Order; and, 2. The Secant Defendants shall produce all documents responsive to the Request for Production without objection within twenty (20) days from the date of this Order.

Additional Memoranda and/or Supplemental Memoranda may be filed after Mr. Nadeau's deposition, if appropriate.

BY THE COURT:

DOCKETED

DEC - 5 2013

R. POSTELL
DAY FORWARD

Hansen Etal Vs Ethicon, Inc. Etal-ORDER

FREDERICA A. MASSIAH-JACKSON, J.

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)   13050378500062

## Court Exhibit "A"

The narrow issue presented is Plaintiff's Motion to Compel the Deposition of Erik J. Nadeau. 21 U.S.C.A. §1605(c)(1)(A) provides:

> "(1) Effect of motion to dismiss on discovery
>
> (A) In general
>
> Except as provided in subparagraph (B), if a defendant files a motion to dismiss under subsection (a) of this section, no discovery shall be permitted in connection with the action that is the subject of the motion, other than discovery necessary to determine a motion to dismiss for lack of jurisdiction, until such time as the court rules on the motion to dismiss."

The deposition discovery has been requested, to explore the Secant Defendants claim that they are a "biomaterial supplier" under the BAAA and therefore immune from suit. Plaintiff-Hansen argues that not only is Secant a "manufacturer of the implant", as per the BAAA, "the Secant mesh **is** the implant" (emphasis in original). See, §1602, 1604.

This Court has been presented with two Affidavits from the Secant Defendants -- each affiant with distinct backgrounds and areas of expertise. Thus, Erik J. Nadeau's deposition is relevant to the BAAA issues raised by the Secant Defendants. Ultimately, it will be the Secant Defendants' burden of proof to demonstrate that they are not subject to litigation for their "minimal contribution to a medical device ultimately designed, made and sold by the manufacturer." Mattern v. Biomet, 2013 U.S. Dist. LEXIS 44054 (D. N.J. 2013), quoting Marshall v. Zimmer, 1999 U.S. Dist. LEXIS 23594 (S.D. Cal. 1999).

1

2

In order for this Court to determine the motion to dismiss and jurisdiction issues, it will be necessary for all the parties to engage in limited discovery directly related to the Hansen case and the thirteen additional Secant cases filed in the Court of Common Pleas of Philadelphia, presently assigned to the 2013 Team in the Civil Trial Division. Sales revenue, insurance policies, indemnification, etc. are not relevant to that inquiry.