## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:  ETHICON, INC.
      PELVIC REPAIR SYSTEMS
      PRODUCT LIABILITY LITIGATION        MDL No. 2327

-------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER #85
(Hearing on Motion to Stay Enforcement of Plaintiffs' Subpoena)

Pending before the court is the Motion of Secant Medical, Inc. to Stay Enforcement of Plaintiffs' Subpoena Pending a Determination of the Applicability of the BAAA to Secant. (ECF No. 898). The issues have been fully briefed, and after conducting a hearing, the court **DENIES** the Motion to Stay.

Secant Medical, Inc. ("Secant") has been named as a defendant in a small portion of the cases pending in this multidistrict litigation. Secant asserts that it is a biomaterials supplier entitled to the protections of the Biomaterials Access Assurance Act of 1998 ("BAAA"), 21 U.S.C. § 1601, *et seq.* Under certain circumstances, the BAAA provides biomaterials suppliers with immunity from suit for harm caused, directly or indirectly, by a medical implant. The BAAA also contains limitations on discovery when a biomaterials supplier has been named as a defendant and a dispositive motion is pending seeking the dismissal of the biomaterials supplier under the provisions of the BAAA. When the biomaterials supplier is not a defendant and, thus, no dispositive

1

motion is pending, the supplier is subject to discovery to the same extent permitted by the applicable Federal or State rules for discovery against any nonparty.

Although Secant is entitled to the limitations of discovery set forth in the BAAA for those cases in which it is a named defendant, and in which it has a pending motion to dismiss under the BAAA, in the remaining cases, discovery against it is limited only by the Federal Rules of Civil Procedure. Therefore, this court cannot issue a blanket order staying discovery against Secant.

After some discussion, counsel for Plaintiffs and counsel for Secant agreed that Secant will begin a rolling production of documents requested by Plaintiffs in a previously served subpoena *duces tecum.* It is hereby **ORDERED** that Secant shall begin its document production no later than **December 24, 2013** and shall complete production on **January 3, 2014.** It is further **ORDERED** that Plaintiffs and Secant shall meet and confer regarding a form for the production of electronically stored information.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327, and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-31747. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered

by the court. The orders may be accessed through the CM/ECF system or the court's

website at **http://www.wvsd.uscourts.gov.**

                    **ENTERED:** December 11, 2013.

Cheryl A. Eifert
United States Magistrate Judge