# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: ETHICON, INC.
       PELVIC REPAIR SYSTEMS
       PRODUCT LIABILITY LITIGATION       MDL No. 2327

----------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER #87
(Motion to Establish Order of Discovery and Request for In-Person Hearing)

    In a civil action pending in this multidistrict litigation, Plaintiff filed a Motion to Establish Order of Discovery and Request for In-Person Hearing.[1] Because the subject matter of the motion potentially applies to other cases filed in this MDL, the court finds it necessary to enter this pretrial order.

    On September 26, 2013, Dr. Andrew Cassidenti, an obstetrician and gynecologist board certified in female pelvic medicine and reconstructive surgery, signed an affidavit expressing his concern that certain funding companies were working with plaintiffs' counsel to arrange unnecessary mesh removal or revision surgeries for the purpose of increasing the value of the plaintiffs' claims. According to Dr. Cassidenti, his concerns stemmed from his personal communications with the principals of two such companies.

    Based on Dr. Cassidenti's statements, Defendant Ethicon, Inc. served deposition subpoenas on the principals, Otto Fisher and Daniel Christensen, and subpoenas *duces tecum* on the two companies identified by Dr. Cassidenti. Plaintiff now moves the court

---

[1] *See* Allen v. Ethicon, Inc., 2:13-cv-29497 at ECF No. 3.

1

to enter an order delaying discovery against Fisher, Christensen, and their business entities until Plaintiff has the opportunity to depose Dr. Cassidenti and determine "the veracity, full nature, breadth, and facts giving rise" to the allegations in his affidavit. The court **GRANTED** Plaintiff's request for a hearing, which was conducted on December 12, 2013.

After having considered the arguments of the parties, the court **DENIES** Plaintiff's motion to establish the order of discovery. Federal Rule of Civil Procedure 26(d)(2) allows the court to set the sequence of discovery "for the parties' and witnesses' convenience and in the interests of justice." Here, requiring Defendant to delay discovery it previously initiated in order to allow Plaintiff an opportunity to depose Dr. Cassidenti achieves neither purpose. The undersigned is not persuaded by Plaintiff's contention that deposing Dr. Cassidenti is the logical first step in unraveling the facts regarding Fisher and Christensen and the involvement of their companies, if any, in funding mesh revision or removal surgeries. To the contrary, the best information can be obtained by going directly to the individuals who have personal knowledge of the arrangements; that being, Fisher and Christensen.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327, and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-32031. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the

responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:**  December 13, 2013.

Cheryl A. Eifert
United States Magistrate Judge