UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### RESPONSES AND OBJECTIONS TO PLAINTIFFS' "NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT THROUGH DESIGNATED WITNESSES" AND <u>ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Oral Deposition of Defendant Through Designated Witnesses" (the "Notice"). The Notice was filed and served on November 14, 2013.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated. Defendants also note that this Notice is the subject of an ongoing meet-and-confer process between the parties.

**SPECIFIC RESPONSES AND OBJECTIONS**
**TO DEPOSITION SUBJECT MATTER AND DOCUMENT REQUESTS**

1. Professional education materials.

    a. Dates of use for all Professional education materials. How they were archived.

    b. Manner in which training is created, updated, and communicated.

        i. How physician training is tracked.

        ii. How the company tracks which physician training materials are tracked for each physician who attends a training session is tracked.

        iii. Manner in which physicians were selected for training.

        iv. How physicians are paid/incentivized.

        v. How they were evaluated/monitored/followed.

    c. Identities of all persons who had input into creating training.

    d. Methods used to train physicians.

        i. Preceptorships/proctorships

            1. Identities of the preceptors/proctors

            2. How they were paid, incentivized, etc.

            3. How they were selected, evaluated, monitored, followed.

        ii. Cadaver labs

        iii. Telesurgeries

            1. How and by whom these materials are created, updated, communicated, disseminated and archived.

        iv. Speaker events

        v. Webcasts

            1. How and by whom these materials are created, updated, communicated, disseminated and archived

        vi. Sales representatives

            1. Their role in training and updating physicians.

2

   vii. Written materials

    1. How and by whom these materials are created, updated, communicated, disseminated and archived.

 e. Any and all credentialing programs supported by Ethicon.

 f. Policies and procedures for certifying physicians trained are qualified to implant the TVT device.

  i. How and by whom these policies are created, updated, communicated, disseminated and archived.

**Response and Objections to Topic No. 1:** Defendants object to this subject matter and each of the subtopics as overly broad and unduly burdensome. Defendants further object to the extent that this subject matter and subtopics call for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this subject matter and subtopics seek testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of inquiry concerning this deposition. Testimony in response to this request, if any, will be based on any agreement reached during the meet and confer process.

2. Sales Representative education materials.

 a. Dates of use for all Sales Representative education materials. How they were archived.

 b. Manner in which training is created, updated, and communicated.

  i. How sales representative training is tracked.

  ii. Manner in which sales reps were selected for training.

  iii How sales reps are paid/incentivized.

  iv. How they were evaluated/monitored/followed.

      c.      Identities of all persons who had input into creating training.

      d.      Methods used to train sales reps.

            i.      Materials/resources available to sales representatives

                  1.      Databases for storing, communicating and tracking sales representative training materials

**Response and Objections to Topic No. 2:** Defendants object to this subject matter and each of the subtopics as overly broad and unduly burdensome. Defendants further object to the extent that this subject matter and subtopics call for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this subject matter and subtopics seek testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of inquiry concerning this deposition. Testimony in response to this request, if any, will be based on any agreement reached during the meet and confer process.

3. Communications with physicians including Dear doctor letters and the method of distribution.

**Response and Objections to Topic No. 3:** Defendants object to this subject matter as overly broad and unduly burdensome. Defendants further object to the extent that this subject matter calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this subject matter seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process

to narrow the areas of inquiry concerning this deposition. Testimony in response to this request, if any, will be based on any agreement reached during the meet and confer process.

**DOCUMENT REQUESTS**

**Document Request No. 1:** All documents relied upon by the deponent in preparing for this deposition.

**Response and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] section and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)). Subject to and without waiving these objections, Defendants state that the documents relied upon by the deponent in preparing for this deposition have been or will be produced to Plaintiffs.

**Document Request No. 2:** The following documents for the training and education of physicians, including but not limited to:

    a. Final and draft versions of all professional education materials provided in index on June 26, 2013.

    b. Copy approval forms for all professional education materials.

**Response and Objections to Document Request No. 2:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request

5

seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants further object to the extent that this requests calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of inquiry concerning this deposition. Documents produced in response to this request, if any, will be based on any agreement reached during the meet and confer process.

**Document Request No. 3:** Final versions of all additional professional education materials identified subsequent to the index provided on June 26, 2013.

**Response and Objections to Document Request No. 3:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants further object to the extent that this requests calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of inquiry concerning this deposition. Documents produced in response to this request, if any, will be based on any agreement reached during the meet and confer process.

**Document Request No. 4:** Video and audio recordings of all live training sessions including the names of the surgeons involved.

**Response and Objections to Document Request No. 4:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants further object to the extent that this requests calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of inquiry concerning this deposition. Documents produced in response to this request, if any, will be based on any agreement reached during the meet and confer process.

**Document Request No. 5:** Written notes taken from all live training sessions.

**Response and Objections to Document Request No. 5:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants further object to the extent that this requests calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of

inquiry concerning this deposition. Documents produced in response to this request, if any, will be based on any agreement reached during the meet and confer process.

**Document Request No. 6:** Copy approval forms for all professional education materials.

**Response and Objections to Document Request No. 6:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants further object to the extent that this requests calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of inquiry concerning this deposition. Documents produced in response to this request, if any, will be based on any agreement reached during the meet and confer process.

**Document Request No. 7:** The tracking and recordation documents for physician training including specifications of the program, the physicians who attended and physician training materials provided.

**Response and Objections to Document Request No. 7:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants further object to the extent that this requests calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this

8

request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the parties are currently engaged in a meet and confer process to narrow the areas of inquiry concerning this deposition.  Documents produced in response to this request, if any, will be based on any agreement reached during the meet and confer process.

                              Respectfully submitted,

                              ETHICON, INC. AND
                              JOHNSON & JOHNSON

                              */s/ Christy D. Jones*
                              Christy D. Jones
                              Butler Snow LLP
                              1020 Highland Colony Parkway
                              Suite 1400 (39157)
                              P.O. Box 6010
                              Ridgeland, MS  39158-6010
                              (601) 985-4523

                              */s/ David B. Thomas*
                              David B. Thomas (W. Va. Bar No. 3731)
                              Thomas Combs & Spann, PLLC
                              300 Summers Street, Suite 1380
                              P.O. Box 3824
                              Charleston, WV  25338-3824
                              (304) 414-1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on December 13, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                                */s/ Christy D. Jones*
                                                                Christy D. Jones
                                                                Butler Snow LLP
                                                                1020 Highland Colony Parkway
                                                                Suite 1400 (39157)
                                                                P.O. Box 6010
                                                                Ridgeland, MS  39158-6010
                                                                (601) 985-4523
                                                                christy.jones@butlersnow.com

ButlerSnow 18736368v1