UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### RESPONSES AND OBJECTIONS TO PLAINTIFFS' "NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT THROUGH DESIGNATED WITNESSES" AND <u>ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Oral Deposition of Defendant Through Designated Witnesses" (the "Notice"). The Notice was filed and served on November 14, 2013.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO DEPOSITION SUBJECT MATTER AND DOCUMENT REQUESTS

**Subject Matter No. 1:** The sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O in the United States, including but not limited to the cost per unit sold and the number of units sold.

**Response and Objections to Subject Matter No. 1:** Defendants object to this subject matter on the grounds that it seeks testimony, information and/or documents that (a) are not relevant to the issue of punitive damages, (b) pertain to jurisdictions other than Plaintiff's home state and are therefore overly broad and unduly burdensome, and (c) are confidential, commercially sensitive and proprietary. To the extent this subject matter is seeking testimony, information and/or documents separate from the issue of punitive damages, Defendants object on the additional grounds that it seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this subject matter on the grounds that it is more appropriately the subject of written discovery and/or written stipulations.

Subject to and without waiving these objections, Defendants state that they will produce any documents cited in and/or relied on by their expert economist whose report will be served in the appropriate action. In addition, without waiving their objections to the admissibility of such evidence, Defendants state that they will meet and confer with Plaintiffs in an effort to develop stipulations as to this subject matter for the appropriate jurisdiction, and any remaining need for testimony.

**Subject Matter No. 2:** The sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O world-wide, including but not limited to the cost per unit sold and the number of units sold.

**Response and Objections to Subject Matter No. 2:** Defendants object to this subject matter on the grounds that it seeks testimony, information and/or documents that (a) are not relevant to the issue of punitive damages, (b) pertain to jurisdictions other than Plaintiff's home state and are therefore overly broad and unduly burdensome, and (c) are confidential, commercially sensitive and proprietary. To the extent this subject matter is seeking testimony, information and/or documents separate from the issue of punitive damages, Defendants object on the additional grounds that it seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this subject matter on the grounds that it is more appropriately the subject of written discovery and/or written stipulations.

Subject to and without waiving these objections, Defendants state that they will produce any documents cited in and/or relied on by their expert economist whose report will be served in the appropriate action. In addition, without waiving their objections to the admissibility of such evidence, Defendants state that they will meet and confer with Plaintiffs in an effort to develop stipulations as to this subject matter for the appropriate jurisdiction, and any remaining need for testimony.

**Document Request No. 1:** All documents relied upon by the deponent in preparing for this deposition.

**Response and Objections to Document Request No. 1:** Defendants object to the extent that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] section and compilation of these

particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)). Subject to and without waiving these objections, Defendants refer Plaintiffs to their Response and Objections to the Subject Matters.

**Document Request No. 2:** Any and all documents reflecting the sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O in the United States, including but not limited to the cost per unit sold and the number of units sold.

**Response and Objections to Document Request No. 2:** Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants object to this request on the grounds that it seeks testimony, information and/or documents that (a) are not relevant to the issue of punitive damages, (b) pertain to jurisdictions other than Plaintiff's home state and are therefore overly broad and unduly burdensome, and (c) are confidential, commercially sensitive and proprietary. To the extent this request is seeking testimony, information and/or documents separate from the issue of punitive damages, Defendants object on the additional grounds that it seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it is more appropriately the subject of written discovery and/or written stipulations.

Subject to and without waiving these objections, Defendants state that they will produce any documents cited in and/or relied on by their expert economist whose report will be served in the appropriate action. In addition, without waiving their objections to the admissibility of such evidence, Defendants state that they will meet and confer with Plaintiffs in an effort to develop stipulations as to this request for the appropriate jurisdiction, and any remaining need for testimony.

**Document Request No. 3:** Any and all documents reflecting the sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O world-wide, including but not limited to the cost per unit sold and the number of units sold.

**Response and Objections to Document Request No. 3:** Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product doctrine. Defendants object to this request on the grounds that it seeks testimony, information and/or documents that (a) are not relevant to the issue of punitive damages, (b) pertain to jurisdictions other than Plaintiff's home state and are therefore overly broad and unduly burdensome, and (c) are confidential, commercially sensitive and proprietary. To the extent this request is seeking testimony, information and/or documents separate from the issue of punitive damages, Defendants object on the additional grounds that it seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it is more appropriately the subject of written discovery and/or written stipulations.

Subject to and without waiving these objections, Defendants state that they will produce any documents cited in and/or relied on by their expert economist whose report will be served in the appropriate action. In addition, without waiving their objections to the admissibility of such evidence, Defendants state that they will meet and confer with Plaintiffs in an effort to develop stipulations as to subject matter for the appropriate jurisdiction, and any remaining need for testimony.

Defendants reserve the right to revise, supplement, correct, or add to this response at any time.

>Respectfully submitted,
>
>ETHICON, INC. AND
>JOHNSON & JOHNSON
>
>*/s/ Christy D. Jones*
>Christy D. Jones
>Butler Snow LLP
>1020 Highland Colony Parkway
>Suite 1400 (39157)
>P.O. Box 6010
>Ridgeland, MS 39158-6010
>(601) 985-4523
>
>*/s/ David B. Thomas*
>David B. Thomas (W. Va. Bar No. 3731)
>Thomas Combs & Spann, PLLC
>300 Summers Street, Suite 1380
>P.O. Box 3824
>Charleston, WV 25338-3824
>(304) 414-1800

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on December 13, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                                               */s/ Christy D. Jones*
                                                                               Christy D. Jones
                                                                               Butler Snow LLP
                                                                               1020 Highland Colony Parkway
                                                                               Suite 1400 (39157)
                                                                               P.O. Box 6010
                                                                               Ridgeland, MS  39158-6010
                                                                               (601) 985-4523
                                                                               christy.jones@butlersnow.com

ButlerSnow 18598480v1