UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

In re: Ethicon, Inc., Pelvic Repair System        )
Products Liability Litigation                              )    MDL No. 2327
_____  )

THIS DOCUMENT RELATES TO: ALL CASES

PRETRIAL ORDER # _____
(SHOW CAUSE ORDER REGARDING
DISMISSAL OF ADDITIONAL COOK ENTITIES)

Pending is a Joint Motion for Order to Show Cause Applicable to All Cases Why the Court Should Not Enter a Stipulated Order Dismissing Certain Cook Defendants from All Cases Without Prejudice, filed December 18th, 2013. In the motion, Co-Lead Counsel for Plaintiffs and Lead Counsel for Defendants Cook Incorporated, Cook Biotech Incorporated, and Cook Medical Incorporated (collectively referred to as the "Cook Defendants") request that the Court issue an Order to Show Cause why the Court should not enter an Order dismissing without prejudice Cook Group Incorporated, Cook Ireland, Ltd., Cook (Canada), Inc., William A. Cook Australia, Pty., Ltd., and Vance Products Incorporated d/b/a Cook Urological Incorporated (collectively referred to as the "Additional Cook Defendants"). Parties in this and the other MDLs have named the Additional Cook Defendants in variations other than those named above. Exhibit A referenced below contains its own Exhibit 1, which includes the current variations on file. Reference in the proposed Agreed Order to the Additional Cook Defendants includes the entities listed in this Exhibit. To the extent new parties are named after the entry of the Agreed Order dismissing Additional Cook Defendants, the court will amend the Exhibit.

1

Having reviewed the proposed Order dismissing the Additional Cook Defendants without prejudice which was jointly submitted by the parties and attached hereto as **Exhibit A**, as well as the Joint Motion for Show Cause Applicable to All Cases Why the Court Should Not Enter a Stipulated Order Dismissing Certain Cook Defendants from All Cases Without Prejudice, it is **ORDERED** that the Joint Motion for Order to Show Cause [Docket #___] is **GRANTED**.  It is further **ORDERED** that counsel of record for any plaintiff and any *pro se* plaintiff in any case currently pending in MDL Nos. 2187, 2325, 2326, 2327, 2387, and 2440 shall file any written opposition to entry of the Order set forth in **Exhibit A**, by **January 6, 2014**, and shall thereafter be ordered to appear and show cause before this Court on **January 9, 2014,** at 10:00 a.m. why the Court should not enter the Order set forth in **Exhibit A** in MDL Nos. 2187, 2325, 2326, 2327, 2387, and 2440.

It is further **ORDERED** that a copy of this Order, together with the papers upon which it is granted, shall be electronically filed and served concurrently with entry of this Order and that such filing and service shall be deemed good and sufficient.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-_____.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial

orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

**IT IS SO ORDERED**.

ENTER:		December ____, 2013.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

In re: Ethicon, Inc., Pelvic Repair System )
Products Liability Litigation ) MDL No. 2327
)

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER # _____
(AGREED ORDER RE: DISMISSAL OF ADDITIONAL COOK ENTITIES IN ALL CASES)**

Upon request and with the agreement of the defendants Cook Group Incorporated, Cook Ireland, Ltd., Cook (Canada), Inc., William A. Cook Australia, Pty., Ltd., and Vance Products Incorporated d/b/a Cook Urological Incorporated and each of their respective insurers[1], (collectively referred to as the "Additional Cook Entities"), Defendants Cook Incorporated, Cook Biotech Incorporated, and Cook Medical Incorporated (collectively referred to as the "Cook Defendants") and co-lead plaintiffs' counsel in MDL 2440, **IT IS ORDERED** as follows:

1. As to cases pending as of the entry of this Order against the Additional Cook Entities in MDLs 2187, 2325, 2326, 2327, 2387, and 2440, whether filed directly or transferred, all claims pending against the Additional Cook Entities (as defined above and also in the attached Exhibit A) will be dismissed without prejudice. The Clerk is instructed to terminate the Additional Cook Entities (as defined above and also in the attached Exhibit A) in each pending member case in which such entities are named.

---

[1] The term "insurers" shall be interpreted in the broadest sense and shall include, but not be limited to, any and all third party or self-funded entities whether private or public which are obligated by contract or otherwise to satisfy all or part of a possible judgment in the action at issue or to indemnify or reimburse for payments made to satisfy the judgment. The term includes insurers under a primary or any excess coverage policy.

1

2.      The Additional Cook Entities shall not be named in the Master Complaint filed in MDL 2387.

3.      As to cases directly filed in the Southern District after the entry of this Order and the entry of an order in MDL 2387 permitting direct filing, the Short Form and Amended Short Form Complaints will not name the Additional Cook Entities.

4.      As to cases transferred by the Judicial Panel on Multidistrict Litigation after the entry of this Order, for any plaintiff(s) that name the Additional Cook Entities in MDLs 2187, 2325, 2326, 2327, 2387, and 2440, the Court will, upon notification by the Cook Defendants, enter a show cause order.

5.      If, based on later obtained discovery, it is determined that any of the Additional Cook Entities and/or any other Cook entity are proper party defendants in this pelvic repair litigation and plaintiffs seek to add such entity prior to trial in an MDL action or in a state court action that has been remanded from the MDL, said entity may not object on the basis of timeliness or the statute of limitations unless the same timeliness or statute of limitations defense exists for the existing defendants in the case.

6.      The Cook Defendants' responses to plaintiffs' discovery requests in MDLs 2187, 2325, 2326, 2327, 2387, and 2440 shall include all responsive, non-privileged documents and information in the possession or control of each of the Additional Cook Entities. Nothing in this agreement shall be interpreted to preclude additional discovery to the Additional Cook Entities or any other Cook entities in accordance with the Federal Rules of Civil Procedure.

7.      Notwithstanding the provisions of Paragraph 6 above, discovery regarding the financial worth of any Additional Cook Entity is reserved until the scope of such discovery, if any, is determined by a trial court at the appropriate time. The Additional Cook Entities may

not object to the production of such information on the basis that any such entity is not a party to the lawsuit; however, any and all other objections are reserved.

8. Co-lead counsel for the Cook Defendants in MDL 2440 shall accept service for a subpoena to any witness in the employ or control of Additional Cook Entities, or who will be represented or given advice by counsel retained by the Cook Defendants.

9. The Additional Cook Entities shall stand in the shoes of the Cook Defendants solely for the purpose of making a financial payment and/or satisfying any judgment, including, but not limited to, judgment for punitive damages, against any or all of the Cook Defendants in the event that, for any reason whatsoever, the Cook Defendants are financially unable to satisfy any final judgment, including, but not limited to, judgment for punitive damages, against them and/or to satisfy any financial obligation agreed to by them pursuant to the terms of any settlement agreement to which any or all of the Cook Defendants are a party. Absent a need generated by a motion or proceeding to enforce any obligation of any of the Additional Cook Entities or the Cook Defendants pursuant to this Order, no discovery relating to the payment of any final judgment or financial obligation described in this Order shall be permitted in any lawsuit or proceeding subject to this Order. Plaintiffs may not seek payment of any final judgment or financial obligation described in this Order from the Additional Cook Entities except as expressly provided herein.

10. The Additional Cook Entities shall satisfy any final judgment, including, but not limited to judgment for punitive damages, and/or financial obligation it undertakes to satisfy pursuant to this Order as if any of the Additional Cook Entities were themselves a party to such action and without the need for the commencement of any enforcement proceedings. Notwithstanding any dispute that may arise as between or among the Additional Cook Entities

3

and the Cook Defendants and their insurers, relating to the subject matter of this Order, the Court shall have the right to enter a final judgment, including, but not limited to judgment for punitive damages, against the Additional Cook Entities in the event of a failure on the part of the Cook Defendants to satisfy said judgment or financial obligation pursuant to a settlement agreement for any reason within 30 days from the time the judgment becomes final or the financial obligation for payment pursuant to a settlement agreement is due and owing.

11. The Additional Cook Entities may not object to the use of the financial worth of any Additional Cook Entity on the basis that such entity is not a party to the lawsuit but reserve all other objections.

12. Counsel of record for plaintiffs in the MDL proceedings and the Additional Cook Entities shall execute this type of agreement with respect to any state court actions raising similar claims, to the extent counsel for plaintiffs are currently counsel of record in such state court proceedings.

13. Nothing herein shall be construed as an admission that any of the Additional Cook Entities are a proper party to any lawsuit, that the Additional Cook Entities have ever or will ever assume[d] any of the Cook Defendants' liability, that the Additional Cook Entities stand in the shoes of the Cook Defendants' insurers, or that discovery relating to the Additional Cook Entities is appropriate, relevant, or admissible in any lawsuit. Nothing in this paragraph shall be construed to alter or change any of the obligations created by this Order in paragraphs 1-17 herein.

14. Nothing herein shall be construed to relieve any insurers of the Cook Defendants and the Additional Cook Entities of their obligations to the Cook Defendants and the Additional Cook Entities, nor the Cook Defendants of any obligations to the Additional Cook Entities. The

Cook Defendants and Additional Cook Entities expressly preserve their rights to the full extent of their insurance coverage notwithstanding this Order.

15. The Parties reserve any and all objections not otherwise expressly limited by this Order.

16. The Additional Cook Entities are subject to the personal jurisdiction of this Court for entry and enforcement of this order.

17. Any cases filed in this MDL subsequent to the date of this Order shall be subject to this Order.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-_____.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

**IT IS SO ORDERED**

ENTER: December ___, 2013

_____
JOSEPH P. GOODWIN
UNITED STATES DISTRICT JUDGE

AGREED TO BY:

**Lead Counsel for the Cook Defendants in MDL 2440**

/s/ Douglas B. King
Douglas B. King
dking@woodmclaw.com
**Wooden & McLaughlin LLP**
211 N. Pennsylvania St., Suite 1800
Indianapolis, IN 46204
Telephone: (317) 639-6151
Facsimile: (317) 639-6444


**Co-Lead Counsel for Plaintiffs**

/s/ Benjamin H. Anderson
Benjamin H. Anderson, Esq.
ben@andersonlawoffices.net
**Anderson Law Offices LLC**
1360 W 9th Street, Suite 215
Cleveland, OH 44113
Telephone: (216) 589-0256
Facsimile: (216) 916-0988


/s/ Martin Crump
Martin Crump
martincrump@daviscrump.com
**Davis & Crump, P.C.**
1712 15th St
Gulfport, MS 39501
Telephone: (228) 863-6000
Facsimile: (228) 864-0907

# **Exhibit 1**

<u>Variations of Cook (Canada), Inc.</u>

Cook Canada, Inc.

<u>Variations of William A. Cook Australia Pty., Ltd.</u>

Cook Australia Pty. Ltd.

<u>Variations of Vance Products Incorporated d/b/a Cook Urological Incorporated</u>

COOK UROLOGICAL, INC.
Cook Urologic Incorporated
Cook Urological Inc..
Cook Urological Incorporated
Cook Urological, Inc.
Vance Products Incorporated
Vance Products Inc.
Vance Incorporated

<u>Variations of Cook Group Incorporated</u>

Cook Group Inc.
Cook Group, Inc.
Cook Group, Incorporated

<u>Variations of Cook Ireland, Ltd.</u>

None