UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

---------------------------------------------------------- x
IN RE ETHICON, INC., PELVIC REPAIR : CIVIL ACTION NO. 2:12-md-02327
SYSTEM PRODUCTS LIABILITY : MDL No. 2327
LITIGATION :
---------------------------------------------------------- : Judge Joseph R. Goodwin
This Document Applies To All Actions :
---------------------------------------------------------- X

**FIRST AMENDED NOTICE TO TAKE ORAL DEPOSITION
OF DEFENDANT THROUGH DESIGNATED WITNESSES**

TO:   Defendant ETHICON, INC., and Johnson & Johnson, Inc., (hereinafter "Defendants") and its Attorneys of Record.

Please take notice that pursuant Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendants corporate designees at an agreed upon date and location.  The witness(es) shall be prepared to testify concerning the subject matters identified in Exhibit "A," attached hereto.  The witness shall produce documents identified in Exhibit "B," attached hereto, prior to the deposition.  The deposition will be taken before a person authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure and will continue day-to-day until the examination is completed.

**DEFINITIONS**

All definitions and rules of instructions set forth in Fed. Rule Civ. P. 30(b)(6) shall apply to all requests for information herein.  To the extent a term commonly in use in the medical device industry is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the medical device industry.

1. "Concerning" means referring to, describing, evidencing, or constituting. See LR Civ. P 26.2(c)(7).

2. "Defendants," "Ethicon, Inc.," "Johnson & Johnson Inc.," "you" or "your" refers to, without limitation, Ethicon, Inc. and Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity, as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

3. "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. A draft or non-identical copy is a separate document. *See* LR Civ. P. 26.2(c)(2); *see also* FR Civ. P 34(a).

4. "TVT-O" means the TVT Obturator device cleared by the FDA on or about December 08, 2003, which was developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI).

5. "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT-O anywhere in the world to the present.

**PLAINTIFFS' CO-LEAD COUNSEL**

Dated: December 20, 2013 By: /s/Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com
*Plaintiffs' Co-Lead Counsel*

## EXHIBIT "A"

## DEPOSITION SUBJECT MATTER

Pursuant to Rule 30(b)(6), the deponent(s) must have knowledge and shall be able to testify concerning the following subject matters:

1. The sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O in the United States, including but not limited to the cost per unit sold and the number of units sold.

2. The sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O world-wide, including but not limited to the cost per unit sold and the number of units sold.

3. The annual unit sales for the TVT-O sold with mechanically cut mesh in the United States from 2003 to the present.

4. The annual unit sales for the TVT-O sold with mechanically cut mesh world-wide in the United States from 2003 to the present.

5. The annual unit sales for the TVT-O sold with laser-cut mesh in the United States from 2003 to the present.

6. The annual unit sales for the TVT-O sold with laser-cut mesh world-wide from 2003 to the present.

7. The annual unit sales for the TVT-O sold with clear mesh in the United States from 2003 to the present.

8. The annual unit sales for the TVT-O sold with clear mesh world-wide from 2003 to the present.

9. The annual unit sales for the TVT-O sold with blue mesh in the United States from 2003 to the present.

10. The annual unit sales for the TVT-O sold with blue mesh world-wide from 2003 to the present.

## EXHIBIT "B"

## DOCUMENT REQUESTS

Please produce:

1. All documents relied upon by the deponent in preparing for this deposition.

2. Any and all documents reflecting the sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O in the United States, including but not limited to the cost per unit sold and the number of units sold.

3. Any and all documents reflecting the sales, revenues, profits, and income you generated, earned, and/or received annually from 2003 to the present due to sales of the TVT-O world-wide, including but not limited to the cost per unit sold and the number of units sold.