**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

IN RE: ETHICON, INC.,
    PELVIC REPAIR SYSTEM
    PRODUCTS LIABILITY LITIGATION

                                                                                           MDL No. 2327

------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 91
(THIRD AMENDED ORDER REGARDING DELAYED FILING AND
APPLICATION TO THE STATUTE OF LIMITATIONS)**

        While the parties had originally agreed to a delayed filing agreement in this MDL (PTO # 49), I subsequently amended that PTO twice unilaterally (PTO ## 65 and 72) and find it necessary to do so again. In this PTO, (1) the amendments to the original PTO have been incorporated by referenced (paragraph L) and to the extent they are not, they are incorporated by reference; (2) paragraph J contains clarification language related to the Notice of Service under Delayed Filing Agreement; (3) and paragraphs I and K have been amended for clarification and to extend the filing deadline for complaints served under this PTO by **thirty (30) days**.

**DEFINITIONS:**

    A. "Defendants" shall mean all manufacturing entities named as defendants in the Master or Amended Master Complaint in the following actions:

        (1) In re: C. R. Bard, Inc. Pelvic Repair Systems Products Liability Litigation, MDL No. 2187, pending in the United States District Court for the Southern District of West Virginia.

        (2) In re: American Medical Systems, Inc. Pelvic Repair Systems Products Liability Litigation, MDL No. 2325, pending in the United States District Court for the Southern District of West Virginia.

(3) In re: Boston Scientific Corp. Pelvic Repair Systems Products Liability Litigation, MDL No. 2326, pending in the United States District Court for the Southern District of West Virginia.

(4) In re: Ethicon, Inc. Pelvic Repair Systems Products Liability Litigation, MDL No. 2327, pending in the United States District Court for the Southern District of West Virginia.

The term "defendants" shall specifically exclude any other defendants named in individual actions filed in these four MDL proceedings that are not manufacturers or sellers of pelvic mesh products, such as physicians and health care facilities.

B. "Claimant," "claimants," "plaintiff" or "plaintiffs" shall mean any person desiring to file an action in one of the above-referenced MDLs. This Agreement does not apply to any claimant or plaintiff wishing to file an action in any state court and is expressly limited to actions to be filed in the four MDLs referenced above.

C. "Claim" or "complaint" means each claimant's claim against the defendants with respect to the alleged use of the pelvic mesh products manufactured and/or sold by the defendants.

D. "MDL Proceedings" means MDL No. 2187, MDL No. 2325, MDL No. 2326, and MDL No. 2327 described above.

E. "Effective Date" means May 15, 2013.

## AGREEMENT

The defendants and claimants agree as follows:

A. Claimants and defendants agree that from the Effective Date of this Agreement until and including October 1, 2013, all new complaints either (1) effectively served, or (2) forwarded to defendants pursuant to the Pre-Trial Orders applicable in each MDL Proceeding for waivers of service (hereinafter "the date of service") shall be deemed filed as of that date. No further filing in the court is necessary during that period of time. During that period of time, the date of service shall be treated as the date of filing for the claims specifically asserted in the complaint with regard to the application of any statute of limitations, statutes of repose, or any other laws, statutes or codes of any jurisdiction anywhere that define, limit, proscribe and/or restrict the time period within which a lawsuit, claim and/or proceeding may be commenced.

B. Implicit in the original PTO and in this amended PTO is the requirement that all complaints effectively served or forwarded (as outlined herein) to a defendant(s) must comply with Rule 11(b) of the Federal Rules of Civil Procedure. Specifically, at the time of service or forwarding, all complaints must identify a specific product implanted in the plaintiff that corresponds to a named defendant as defined above (*see* Definitions). Any

complaint submitted to a defendant(s) that fails to allege a specific product implanted in the plaintiff and a corresponding defendant is not subject to the protective provisions of this Agreement. In effect, when a plaintiff submits a complaint without identifying the specific product(s) and by whom it was manufactured, no tolling of the applicable statute of limitations has occurred. Qualified complaints will be deemed served on the date on which they are submitted to a defendant identifying the specific product or products implanted in the plaintiff and the manufacturer of the product.

C. This agreement shall not apply to claims submitted by foreign citizens after July 22, 2013.

D. This Agreement is not intended to be, and shall not constitute, an admission on the part of either claimants or the defendants that any claims, allegations, defenses or theories relevant to the dispute are valid, enforceable or true, or that either party hereto is entitled to any relief based on such claims, allegations, defenses or theories. Similarly, this Agreement is not intended to be, nor shall it constitute, an admission or indication on the part of either claimants or defendants that the claims and/or defenses are not valid and actionable. The parties agree that neither the statements reflected in this Agreement nor the existence thereof shall be used as evidence or otherwise against any party in any lawsuit, claim and/or proceeding which ultimately may involve either the parties hereto, except with respect to the enforcement of the provision herein, including, but not limited to, the application of any limitation, definition, proscription and/or limitation of the time within which any lawsuit, claim and/or proceeding may be commenced and/or the application of any toll thereof.

E. This Agreement is not intended to waive, and does not constitute a waiver of, any statute of limitations, statute of repose, or other defense existing at the time of the effective date of this Agreement, or at the time of the date of service.

F. The parties further agree that the execution of this Agreement shall not constitute a waiver of any rights of any party that existed at the time of its execution, nor of any defenses of any party that existed at the time.

G. This Agreement is "Confidential," but may be used or referred to by either party to seek relief from any breach hereof by the other party.

H. Coordinating Co-Lead and Lead Counsel for the claimants in the MDL Proceedings and the plaintiffs' Executive committee shall use their best efforts to ensure that the service of new complaints is evenly paced such that no law firm serves more than 65 cases per week per defendant during the pendency of this Agreement. If a law firm has a potential Statute of Limitations problem that necessitates serving cases at a greater rate than 65 per week per defendant, that firm in conjunction with the Coordinating co-Leads and the Co-Leads in the affected MDL will attempt to work out a solution with the affected defendant(s), and if there is no agreement for handling the problem, the parties will involve the Court to resolve the issues. In the event that any law firm begins serving complaints in a larger amount than 65 per week per defendant, that defendant may request a meeting that shall

include Coordinating Co-Lead counsel, the individual firm and Lead Counsel in that MDL Proceeding and the Court to devise a plan to more evenly pace the number of complaints being served by that law firm. If the Parties and the Court are unable to devise a satisfactory plan to pace the complaints, the Court will determine the relief to be granted that defendant, including potential termination of this agreement as to that firm, upon reasonable notice. It is expected that the parties will work diligently to ensure that this tolling agreement works to meet the needs of the parties and the Court.

I. This Agreement shall automatically terminate on October 1, 2013. Following that date, the claimants shall have until **February 14, 2014** to file with the clerk any action served, but not previously filed, pursuant to the terms of this Agreement.

J. The claimants will commence filing the complaints on or before **September 1, 2013**. *At the time of filing, a plaintiff must also file a Notice of Service under Delayed Filing Agreement with the complaint which reflects the date the complaint was served or forwarded to defendant(s) (not the date of filing in federal court). A copy of this Notice is attached hereto and can be found at [www.wvsd.uscourts.gov](www.wvsd.uscourts.gov) under the applicable MDL's form section.* **To the extent a complaint served or forwarded under this PTO did not identify a specific product implanted in the plaintiff that corresponds to a named defendant that complaint should not be filed with the Clerk, as no tolling occurred. If a plaintiff files such a complaint, a defendant may seek Rule 11 sanctions. The appropriate course where a plaintiff served or forwarded a complaint under this PTO without product and defendant identification is to serve or file a new and proper complaint that complies with Rule 11(b).**

K. **Plaintiffs who have not yet filed their cases served under the original PTO should begin filing complaints immediately in a manner which will allow them to complete the task of filing those cases they wish to file by February 14, 2014. The court will no longer impose weekly or per firm limits. Instead, the court expects these filings to proceed forthwith and expeditiously. Filings delayed to the last minute will be looked upon with disfavor. If a complaint previously served or forwarded is not actually filed with the Court by February 14, 2014 (or any extended deadline agreed upon by the parties in writing), the complaint will no longer be deemed filed as of the date of service or forwarding, but will instead, be treated as filed on the actual date of filing.** Any issues or disputes arising out of this agreement that the parties cannot resolve will be submitted to the court for resolution.

L. **At the time of filing of Complaints, the plaintiffs shall notify the defendants of the filing by serving a weekly list identifying the affected defendant and name of the case filed. This list must be accompanied by a "filed" copy of each complaint identified on that list. To the extent there is a delay in plaintiff's receipt of a case number, plaintiff need not include the case on the weekly list for that week, but rather, may include it on the weekly list for the week when her counsel receives a case number for that case. The weekly list and the accompanying complaints must be emailed to defendants at the following addresses:**

[ewaivers@tcspllc.com](mailto:ewaivers@tcspllc.com).

M.  The claimants and defendants may further extend the time periods set forth in this Agreement by mutual consent.

N.  If a plaintiff's case is filed in one of the MDLs in accordance with this agreement after being served on a defendant as part of this agreement, the defendants agree not to contest federal subject matter jurisdiction in the case.

The court **DIRECTS** the Clerk to file a copy of this order in 2-12-md-2327 and it shall apply to each case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-33655. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at [www.wvsd.uscourts.gov](http://www.wvsd.uscourts.gov).

ENTER: January 3, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE