UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO: ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE<br><br>Case No. 2:12-CV-04301 |

### B. TODD HENIFORD, M.D.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF B. TODD HENIFORD, M.D.

B. Todd Heniford, M.D. hereby responds and object to Plaintiffs' "First Amended Notice to Take Deposition of B. Todd Heniford, MD" (the "Notice"), which was served on December 5, 2013.[1]

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses.  Further, the Notice provides a definition of "you" that does not include Dr. Heniford, including instead the Plaintiffs in the MDL.  Dr. Heniford will answer assuming that "you" refers to Dr. Heniford.

### GENERAL OBJECTIONS TO DOCUMENT REQUESTS

1. Dr. Heniford objects to the definition of "you" "your" and "plaintiffs" as Dr. Heniford would not have such documents on Plaintiffs.  Dr. Heniford will respond as if "you" refers to Dr. Todd Heniford.

---

[1] Defendants Ethicon, Inc. and Johnson & Johnson have withdrawn B. Todd Heniford, M.D. as one of their testifying experts in the Carolyn Lewis case.  As such, the expert deposition has been cancelled.  Therefore, Dr. Heniford interprets this Amended Notice and its accompanying document requests as applying to Dr. Heniford solely in his capacity as a third party fact witness.

2. Dr. Heniford objects to these Requests to the extent they fail to identify a reasonable time period to which these responses can be confined.

3. Dr. Heniford objects to these requests to the extent they seek the production of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the doctor-patient privilege, the self-critical analysis privilege, privacy laws, or any other applicable privileges, immunities, and/or doctrines of state or federal law. Such information will be withheld.

4. Dr. Heniford objects to any Request seeking documents that are not in his possession, custody, or control but are in the possession, custody, or control of third parties.

5. Dr. Heniford objects to the extent any Request seeks information or documents that contain the identities of patients, research subjects, researchers, adverse event reporters and other individuals on the grounds that any such identities are confidential pursuant to FDA regulation, Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. To the extent any such information is provided, the names and other identifying information of patients, researchers, adverse event reporters and other individuals will be withheld and/or redacted.

6. Dr. Heniford objects to these Requests as overbroad, vague and ambiguous where they purport to seek production of "all" documents "related to", "relating to", "relating in any manner", or "applicable to" a given subject.

7. Dr. Heniford objects to these Requests to the extent they purport to place obligations on Dr. Heniford that are broader than the scope contemplated by the Federal Rules of Civil Procedure or other applicable law.

8. The production of any documents will be made subject to and in accordance with the Protective Order entered by the Court.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

1.  A complete copy of deponent's current curriculum vitae.

**RESPONSE:** Subject to and without waiving his General Objections, Dr. Heniford states that it is his understanding that Ethicon, Inc. and Johnson & Johnson ("Defendants") have produced Dr. Heniford's curriculum vitae.

2.  All documents reviewed by you in preparation for this deposition.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overbroad and unduly burdensome. Dr. Heniford further objects to the extent that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] section and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)).

3. All documents and data in deponent's possession which is subject to the Ethicon confidentiality/non-disclosure agreement.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it seeks documents or information protected by HIPAA, and to the extent it violates any constitutional, statutory, or common law privacy right of any person or entity.

Subject to the foregoing and without waiving his objections, Dr. Heniford states that he is willing to meet and confer with the Plaintiffs regarding the documents sought in this Request in order to determine appropriate limitations on any production of responsive documents, if any.

4. All Ethicon hernia, pelvic floor and/or SUI mesh pathology, including but not limited to tissue blocks and slides in deponents [sic] possession, custody and control.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and confusing. Dr. Heniford further objects to this Request on the grounds that it seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it seeks documents or information protected by HIPAA, and to the extent it violates any constitutional, statutory, or common law privacy right of any person or entity.

Subject to the foregoing and without waiving his objections, Dr. Heniford states that he has a reasonable and good faith belief that he has no materials responsive to this Request as it relates to pelvic floor or SUI.

5. All other mesh pathology from other manufacturers in deponent's possession, custody or control (including those mesh manufacturers for whom deponent serves as a consultant).

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and confusing. Dr. Heniford further objects to this Request on the grounds that it seeks information or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it seeks documents or information protected by HIPAA, and to the extent it violates any constitutional, statutory, or common law privacy right of any person or entity.

6. All documents and data concerning either the Ethicon or non-Ethicon pathology in deponent's possession, custody or control.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and confusing. Dr. Heniford further objects to this Request on the grounds that it seeks information or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it seeks documents or information protected by HIPAA, and to the extent it violates any constitutional, statutory, or common law privacy right of any person or entity.

Subject to the foregoing and without waiving his objections, Dr. Heniford states that he has a reasonable and good faith belief that he has no documents responsive to this Request as it relates to pelvic floor or SUI. Dr. Heniford further states that he is willing to meet and confer

with the Plaintiffs to clarify the information sought in this Request and to determine the appropriate limit on any production, if any, as it relates to Ethicon's hernia mesh.

7. All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral) with any employees of Defendants.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overbroad, unduly burdensome, and is not limited in scope or time. Dr. Heniford further objects to this Request on the grounds that it seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it seeks documents or information protected by HIPAA, and to the extent it violates any constitutional, statutory, or common law privacy right of any person or entity. Subject to and without waiving these objections, Dr. Heniford has made available for production documents relating to his communications with Ethicon.

8. All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral), meetings, or correspondence with any other expert witness, consulting expert, fact witness or non-retained expert involved in this litigation, including but not limited to: Thomas A. Barocci, PhD; Jeffrey Brent, M.D.; Brian A. Feigens, M.D.; Brian J. Flynn, M.D.; Michael I. Greenberg, M.D., M.P.H.; B. Todd Heniford, M.D.; Christina Klein Pramudji, M.D.; Kevin Ong, PhD., P.E.; Heather Rosencrans; Daniel J. Sexton, M.D.; Shelby F. Thames, PhD.; Timothy A. Ulatowski,; David Jay Weber, M.D., M.P.H.; Wenxin Zheng, M.D.; Dr. Muriel Boreham; Dr. Eron Church; Dr. Abbey Ghermany; Dr. Douglas Hibbs; Dr. Jon A. Krumerman; Dr. Alan Menter; Janquilyn

Merida, DNP; Dr. Jordan Mitchell; Dr. Phillipe Zimmern; Dr. Axel Arnaud; Thomas A. Barbolt, PhD., D.A.B.T.; Dr. Piet Hinoul and Dr. David Robinson.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overbroad, unduly burdensome, and is unlimited in scope and time. Dr. Heniford further objects to this Request to the extent it seeks documents or information protected by HIPAA, and to the extent it violates any constitutional, statutory, or common law privacy right of any person or entity. Subject to and without waiving these objections, Dr. Heniford has a reasonable and good faith belief that he has no documents that are responsive to this request.

9. Copies of Schedule C and Form 1099 of Dr. Heniford's tax records for the proceeding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants (with personal information and any other information unrelated to consulting fees redacted).

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overly broad and unduly burdensome. Dr. Heniford further objects on the grounds that this Request seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to the extent this Request seeks information or documents that are confidential, and to the extent the production of which would violate any constitutional, statutory, or common law privacy right of any person or entity. Subject to the foregoing and without waiving his objections, Dr. Heniford will provide a Form 1099 from Ethicon to Dr. Heniford for the last 3 years, if such exist.

10. Copies of Schedule C and Form 1099 of Carolinas Surgical Specialty Center tax records for the proceeding five (5) tax years, as well as any other documentation that reflects

consulting and/or expert fees charged to Defendants (with personal information and other information unrelated to consulting fees redacted).

**RESPONSE:** In addition to its General Objections, Dr. Heniford objects to this Request on the grounds that it is overbroad and unduly burdensome. Dr. Heniford further objects to this Request on the grounds that it seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible information. Dr. Heniford further objects to this Request on the grounds that it seeks documents that are in the possession or control of third parties. Dr. Heniford further objects to the extent this Request seeks information or documents that are confidential, and to the extent the production of which would violate any constitutional, statutory, or common law privacy right of any person or entity.

11. All documents, including, but not limited to emails, consulting agreements (including payment), billing statements, billing records, time records and/or invoices that pertain to deponent's work as an Ethicon consultant.

**RESPONSE:** In addition to its General Objections, Dr. Heniford objects to this request on the grounds that it is overly broad, unduly burdensome, and unlimited in scope and time. Dr. Heniford also objects on the grounds that this request seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving his objections, Dr. Heniford states that he will provide the most recent consulting contracts in his possession.

12. All documents related to deponent's involvement with Ethicon's professional education, including, but not limited to any and all videos or presentations, course materials, live surgical presentations, marketing evaluations created by or provided to deponent.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overly broad, unduly burdensome, and unlimited in scope and time. Dr. Heniford further objects on the grounds that this Request seeks the production of information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and without waiving his objections, Dr. Heniford states that he will produce video clips and presentations pertaining to Ethicon's products.

13. All documents, recordings, DVDs, video clips or other media related to mesh and/or the lightweight large pore construction of mesh.

**RESPONSE**: In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overly broad, unduly burdensome, and unlimited in scope and time. Dr. Heniford further objects on the grounds that this Request seeks the production of information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it is not limited to documents related to Ethicon's products.

Subject to the foregoing and without waiving his objections, Dr. Heniford states that he will produce video clips and presentations pertaining to Ethicon's products.

14. All materials, including but not limited to, protocols, results, adverse events, minutes for study meeting related to any clinical trials and/or studies of any type related to deponent's work as an Ethicon consultant in any capacity.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overly broad, unduly burdensome, and unlimited in scope and time. Dr. Heniford further objects on the grounds that this Request seeks the production of information or

documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it is not limited to documents related to Ethicon's products. Dr. Heniford further objects to this Request to the extent it seeks documents or information protected by HIPAA, and to the extent it violates any constitutional, statutory, or common law privacy right of any person or entity.

Subject to the foregoing and without waiving his objections, Dr. Heniford states that he will produce documents responsive to this request pertaining to Ethicon's products.

15. All documents related to payments/compensation to deponent and Carolinas Surgical Specialty Center at any time related to studies, consulting work, cadaver labs, professional education training and other work that has been compensated by defendants.

**RESPONSE:** In addition to his General Objections, Dr. Heniford objects to this Request on the grounds that it is overly broad, unduly burdensome, and is unlimited in scope and time. Dr. Heniford further objects to this Request because it seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Heniford further objects to this Request to the extent it seeks documents in the possession or control of third parties such as Carolinas Surgical Specialty Center.

> Respectfully submitted,
>
> B. Todd Heniford, M.D.
>
>   /s/ David B. Thomas
> David B. Thomas (W. Va. Bar No. 3731)
> Thomas Combs & Spann, PLLC
> 300 Summers Street, Suite 1380
> P.O. Box 3824
> Charleston, WV 25338-3824
> (304) 414-1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE<br><br>Case No. 2:12-CV-04301 |

**CERTIFICATE OF SERVICE**

      I, David B. Thomas, certify that on January 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

      __/s/ David B. Thomas_____
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800