UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO: ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE<br><br>Case No. 2:12-CV-04301 |

**DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' "NOTICE TO TAKE VIDEO DEPOSITION OF PIET HINOUL, M.D." AND ACCOMPANYING REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Video Deposition of Piet Hinoul, M.D." (the "Notice") and Exhibit A to the same. The Notice was filed and served on January 8, 2014, and the deposition of Dr. Hinoul is noticed for January 13, 2014. Exhibit A to the Notice is a request for production of documents.  Both the Notice and Exhibit A to the Notice are attached hereto as Exhibit 1.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses.  Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

**GENERAL OBJECTIONS TO DOCUMENT REQUESTS**

1. Defendants object to these Requests to the extent they fail to identify a reasonable time period to which these responses can be confined.

2. Defendants object to these requests to the extent they seek the production of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the doctor-patient privilege, the self-critical analysis privilege, privacy laws, or any other applicable privileges, immunities, and/or doctrines of state or federal law.  Such information will be withheld.

3. Defendants object to any Request seeking documents that are not in their possession, custody, or control but are in the possession, custody, or control of third parties.

4. Defendants object to the extent any Request seeks information or documents that contain the identities of patients, research subjects, researchers, adverse event reporters and other individuals on the grounds that any such identities are confidential pursuant to FDA regulation, Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. To the extent any such information is provided, the names and other identifying information of patients, researchers, adverse event reporters and other individuals will be withheld and/or redacted.

5. Defendants object to these Requests as overbroad, vague and ambiguous where they purport to seek production of "all" documents "related to", "relating to", "relating in any manner", or "applicable to" a given subject.

6. Defendants object to these Requests to the extent they purport to place obligations on the Defendants that are broader than the scope contemplated by the Federal Rules of Civil Procedure or other applicable law.

7. Defendants object to these Requests to the extent they are duplicative of prior document requests and/or request documents that have already been produced to the Plaintiffs.

8. The production of any documents will be made subject to and in accordance with the Protective Order entered by the Court.

**SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS**

1. A complete copy of the current resume and/or curriculum vitae for the deponent.

**RESPONSE:** Subject to and without waiving their General Objections, Defendants object that there is no Rule of Civil Procedure that requires a witness to create a resume or curriculum vitae for production. In an effort to cooperate and facilitate this deposition, however, Defendants will provide Plaintiffs a copy of the deponent's current resume, to the extent it was not already provided to the Plaintiffs.

2. A copy of the personnel file and/or employment file for the deponent.

**RESPONSE:** In addition to their General Objections, Defendants object that the personnel file includes confidential, personal information, the disclosure of which would result in an unnecessary intrusion into the privacy of the deponent. Specifically, the personnel file includes compensation records that are private and have no relevance to the issues in litigation. The disclosure of this information would substantially intrude on the witness's legitimate privacy interests. To the extent it was not already provided to the Plaintiffs, Defendants have agreed to produce a copy of the personnel file from the deponent's employment with Defendants, but will redact any information regarding the deponent's compensation. *See, e.g.*, *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 500237 (S.D. W. Va. Feb. 11, 2013) (authorizing production of redacted personnel files).

3. All documents relating to the TVT products that are in the deponent's personal possession, meaning documents stored or maintained in the deponent's dwelling, home, garage, or any other property owned, rented, leased, maintained or lived in by defendant [sic] as well as any documents or electronic media related to the TVT products which is stored or maintained on the defendant's [sic] personal property including but not limited to, personal computers, cell phones, flash drives, or any potable [sic] storage media device.

**RESPONSE:** In addition to their General Objections, Defendants object to this request to the extent that it is overbroad and unduly burdensome. Subject to and without waiving their objections, Defendants have a reasonable and good faith belief that responsive documents, if any, would have been identified in connection with the collection process and would have been or will be produced. To the extent that additional documents, if any, are identified during the process of preparing for scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

4. All documents, notes, videos, or other information relating to TVT products that the deponent sponsored, supported, edited, posted, and/or linked websites, FaceBook [sic] pages, MySpace pages, Twitter pages, Wikipedia, or pages on any other websites.

**RESPONSE:** In addition to their General Objections, Defendants object to this request to the extent that it is overbroad and unduly burdensome. Subject to and without waiving their objections, Defendants have a reasonable and good faith belief that responsive documents, if any, would have been identified in connection with the collection process and would have been or will be produced. To the extent that additional documents, if any, are identified during the process of preparing for scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON


\_\_/s/ David B. Thomas_____
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800


\_\_/s/ Christy D. Jones_____
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523

## CERTIFICATE OF SERVICE

      I, David B. Thomas, certify that on January 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                              /s/ David B. Thomas
                                       David B. Thomas (W. Va. Bar No. 3731)
                                       Thomas Combs & Spann, PLLC
                                       300 Summers Street, Suite 1380
                                       P.O. Box 3824
                                       Charleston, WV 25338-3824
                                       (304) 414-1800