UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED, OR ALTERNATIVELY, TO COMPEL**

Defendants submit this brief in support of their motion to deem their Requests for Admissions admitted, or alternatively, to compel Plaintiffs to respond to Defendants' requests.

**Background**

On November 1, 2013, Defendants served on liaison counsel and counsel for Carolyn Lewis their first set of Requests for Admissions ("RFAs").  (Exh. A).  These RFAs posed 138 requests to Plaintiffs, focused exclusively on the regulatory history of TVT products and PROLENE® Polypropylene Mesh.  On December 2, 2013, Plaintiffs responded by objecting and refusing to answer each and every one of the 138 RFAs.[1]

By letter dated December 5, 2013, Defendants promptly asked Plaintiffs to withdraw their objections and provide responsive answers to the requests.  (Exh. B).  On December 16, 2013, Plaintiffs amended their initial responses to the RFAs not by providing responsive answers, but instead, by concocting new objections to each one of the 138 requests.  After the parties' counsel conferred about this dispute over the telephone, Plaintiffs amended their

---

[1] In the interest of brevity, Defendants have not filed Plaintiffs' previous versions of their responses to the RFAs, but those versions are available upon request.

response once again on January 7, 2014, yet (with few exceptions) have continued to refuse to respond to the RFAs.  (Exh. C).

In essence, Plaintiffs' responses to each one of the requests include some variation of the following six objections:

(1) The RFA "violates Pretrial Order No. 4 entered in MDL 2327 and Pretrial Order No. 8 entered in MDL 2187";

(2) "Plaintiffs have never examined the genuine originals of the documents referenced in the Request";

(3) The RFA "calls for a purely legal conclusion";

(4)  The RFA is "overbroad, non-specific and vague because it does not point to specific provisions of the governing regulation";

(5) The RFA "calls for speculation and is vague and ambiguous as it does not identify whose intent is referenced;" and/or

(6) The RFA is "unduly burdensome."

Plaintiffs provide an unequivocal response—a denial—in response to only two of the RFAs— Nos. 17 and 67.  In response to only 13 of the RFAs,[2] Plaintiffs offer a partial, qualified admission; however, they do so only after setting forth an improper objection.

None of the objections proffered by Plaintiffs has merit.  Accordingly, Defendants now ask the Court to strike Plaintiffs' objections and deem all of the RFAs at issue admitted.

## Legal Argument

"The purpose of Rule 36 requests for admissions is to allow for the narrowing of issues, to permit facilitation in presenting cases to the fact finder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute."  *Louis v. Martinez,* 2011 U.S. Dist. LEXIS 51744, at *5 (N.D. W.Va. May 13, 2011).   Rule 36(a)(4) sets forth the circumstances in which a party may decline to admit a RFA:

---

[2] RFA Nos. 76, 77, 88, 94, 95, 100, 101, 111-115, and 125.

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain in insufficient to enable it to admit or deny.

This Court has found that the "the Federal Rules of Civil Procedure permit the following responses to a request for admission: (1) an objection on the grounds that the matter demanded to be admitted is beyond the scope of discovery permitted by *Fed. R. Civ. P. 26(b)(1)*; (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer to the rest. *Fed. R. Civ. P. 36(a)*." *United States v. Gwinn,* 2008 U.S. Dist. LEXIS 27974, at *4 (S.D. W.Va. Mar. 31, 2008) (quoting *Michael v. Wes Banco Bank, Inc.,* 2006 U.S. Dist. LEXIS 40585, at *5 (N.D.W.Va. June 15, 2006)). "[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of *Fed. R. Civ. P. 36(a)* if the answering party has not, in fact, made reasonable inquiry, or if information readily obtainable is sufficient to enable him to admit or deny the matter." *Louis*, at *5-6 (quoting *Asea, Inc. v. Southern Pacif. Transp. Co.,* 669 F.2d 1242, 1247 (9th Cir. 1981)).

Courts have routinely admonished parties not to engage in gamesmanship in responding to RFAs. As noted by the court in *Susko v. City of Weirton*, 2010 U.S. Dist. LEXIS 45086, *38 (N.D. W. Va. May 7, 2010):

> "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Medical Center*, 22 F.3d 933, 936 (9th Cir. 1994). Courts should not permit responding parties "to undermine the efficacy of the rule by creating disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party." *Xeel Energy, Inc. v. U.S.*, 237 F.R.D. 416, 421 (D. Minn. 2006).

3

*See also House v. Giant of Md., LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005) (stating that a party served with RFAs "acts at his own peril when answering or objecting" and "[g]amesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted or in a post-trial award of monetary sanctions *without* prior opportunity to correct the deficiency") (emphasis in original); *Louis*, at *8 (noting that "the discovery process is still subject to the overriding limitation of good faith" and that a party may not "abuse[] the discovery process by answering with multiple evasive and meritless responses").

A propounding party may challenge the sufficiency of a response or objection under Rule 36(a)(6), which provides in pertinent part:  "Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer may be served." Courts may deem RFAs admitted in instances in which respondents are "evasive or fail to respond to the substance of the question, and the evidence establishes that the request should have been admitted."  *Lynn v. Monarch Recovery Mgmt.*, 285 F.R.D. 350, 353 (D. Md. 2012).

Given the evasiveness of Plaintiffs' responses and complete lack of merit to their objections, Defendants respectfully request that the Court deem each one of the 138 RFAs admitted.  The erroneous and fallacious nature of each one of Plaintiffs' objections is addressed below.

**I.      Defendants' RFAs do not violate any Pretrial Orders.**

Plaintiffs argue that Defendants' RFAs violate this Court's Pretrial Orders.  According to Plaintiffs, Pretrial Order No. 4 incorporates the discovery parameters set forth in MDL 2187, and

4

Pretrial Order No. 8 in that case prevents the parties from serving any individual plaintiff with written discovery.

Plaintiffs' objection is wholly lacking in merit.  The RFAs were served only on Plaintiffs' Co-Lead Counsel in this MDL (who also includes Plaintiff Carolyn Lewis's counsel), and the RFAs do not seek any admission that is specific to any individual plaintiff.  In Paragraph D of Pretrial Order No. 4, the Court explicitly encouraged "the parties to be creative and devise proposed approaches to discovery which will accomplish discovery of the material facts in an efficient and economical manner."[3]  Defendants' RFAs are a good faith attempt to follow the Court's directive, to promote judicial economy and efficiency, and to streamline the discovery process and the evidentiary proof for trial.  Plaintiffs, however, have responded in an entirely dilatory manner to this good faith attempt.

In any event, even if Plaintiffs' position were correct – and it is not – Defendants are entitled to propound "two sets of Master Written Discovery for each product line . . . ." (MDL 2187 PreTrial Order No. 8, ¶5(c)).  Thus, these RFAs otherwise qualify as one of those master sets.  Therefore, Plaintiffs have no valid justification for their laggard, blanket objection.

## II.     Plaintiffs may not object on the basis that they have not examined the original documents.[4]

Plaintiffs improperly object to many of the RFAs on the basis that Plaintiffs have not reviewed the original documents referenced in the RFAs.  This is a *prima facie* invalid objection. Under Rule 36(a)(4), Plaintiffs are expressly required to state that they have made a reasonable inquiry and that the information they know or can reasonably obtain is insufficient to enable

---

[3] The Court also empowered Plaintiffs' Co-Lead Counsel to "[n]egotiate and enter into stipulations with defendants regarding this litigation."  (Pretrial Order No. 4, p. 5).  RFAs are essentially a form of stipulations.

[4] Plaintiffs set forth this objection in response to RFA Nos. 1, 2, 3, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 25, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 72, 74, 75, 79, 81, 82, 83, 84, 87, 89, 91, 92, 93, 96, 98, 99, 103, 109, 110, 116, 123, 124, 126, 133, 135, and 137.

5

them to admit or deny the request.  Plaintiffs do not state that they ever requested to view the original documents, because they did not do so.

In *Tustin v. Motorists Mutual Ins.,* 2009 U.S. Dist. LEXIS 95947 (N.D. W.Va. Oct. 14, 2009), the district court found that a similar objection lacked merit.  The plaintiff in that case requested that the defendant admit that an accident report was a true copy of the original retained by law enforcement.  The court stated as follows:

> Defendant objects to the Request, stating that  it was not in possession of the originals; however, it admits "to the extent that Exhibit N appears to be a similar copy of the West Virginia uniform traffic crash report obtained in discovery the defendant admits the same." The Court first notes there is no authority for objecting on the grounds that the responding party is not in possession of the originals. Through its answer, Defendant essentially is qualifying its answer by stating that it has not seen or possessed the original, but it appears to be a similar copy. However, Defendant qualified its answer improperly. Defendant does not indicate a reasonable inquiry was made into whether Exhibit N was a true, accurate, and authentic copy. The response did not comply with *Fed. R. Civ. P. 36*. Ordered that Exhibit N is a true, accurate and authentic copy of the original West Virginia Uniform Traffic Crash Report prepared in the regular course of business by a representative of the Ohio County Sheriff's Department as a result of the subject motor vehicle accident. Admitted per *Fed. R. Civ. P. 36(a)(6)*.

*Id.* at *20-21 (emphasis added); *see also id.* at *5-8 (same type of objection rejected by court).

As with *Tunstin*, the Court should find that there is no basis for Plaintiffs' similar objection to the RFAs at issue, and it should order that each one is deemed admitted pursuant to Fed. R. Civ. P. 36(a)(6).

## III.    The Court should reject Plaintiffs' objection that certain RFAs call for a purely legal conclusion.[5]

Plaintiffs also improperly object to many of Defendants' RFAs on the purported basis that they call for a purely legal conclusion.  Although a party may not request that an adverse party admit a "'pure matter of law,' i.e., requests for admissions of law unrelated to the facts of

---

[5] Plaintiffs set forth this objection in response to RFA Nos. 4, 5, 9, 11, 13, 15, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 69, 71, 73, 78, 80, 85, 86, 90, 97, 104, 105, 106, 107, 108, 117, 119, 120, 121, 122, 127, 129, 130, 131, 132, 134, 136, and 138

the case," Rule 36(a)(1)(A) expressly authorizes requests to admit "facts" and "the application of law to fact . . . ."  *See also Reliance Ins. Co. v. Marathon LeTourneau Co.*, 152 F.R.D. 524, 525 n. 2 (S.D. W.Va. 1994).  In most of the RFAs at issue, Defendants properly and simply ask Plaintiffs to admit that the FDA had approved or cleared certain products and labeling.  Whether or not the FDA approved or cleared something is not a legal question; it is a factual question, and it certainly is not a pure matter of law unrelated to the facts of the case.  *Id.*; *Alberts v. Wheeling Jesuit Univ.*, 2010 U.S. Dist. LEXIS 80841, at *5-6 (N.D. W.Va. Aug. 9, 2010) (finding that a request to admit that the EEOC made a certain determination was appropriate and "nothing more than a request as to the accuracy of textual material from a particular document relevant to the case").  Accordingly, Plaintiffs' objection lacks merit and each one of the foregoing RFAs should be deemed to be admitted.

**IV.    The Court should reject Plaintiffs' objection that certain RFAs are overly broad, nonspecific or vague.[6]**

Plaintiffs have made a blanket objection to each of these same RFAs on the basis that it is "overbroad, non-specific and vague because it does not point to specific provisions of the governing regulation."  In fact, it is Plaintiffs' objection that is broad and ambiguous, and wholly unfounded.  Each request is simple and straightforward.  *See Lynn*, 285 F.R.D. at 363 (stating each RFA "should be phrased simply and directly so that it can be admitted or denied without explanation").  Defendants properly ask Plaintiffs to admit that the FDA approved or cleared certain specified things.  There is no need to identify any precise government regulation:  either the FDA did or did not approve or clear them.  The Court should reject this objection.  *Tustin*,

---

[6] Plaintiffs set forth this objection in response to RFA Nos. 4, 5, 9, 11, 13, 15, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 44, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 69, 71, 73, 78, 80, 85, 86, 90, 97, 104, 105, 106, 107, 108, 118, 119, 120, 121, 122, 127, 129, 130, 131, 132, 134, 136, and 138.

2009 U.S. Dist. LEXIS 95947, at *11-12 ("A broad objection that the request was 'overly broad, burdensome, oppressive and irrelevant['] is not adequate to voice a successful objection").

**V.     The Court should reject Plaintiffs' objection that certain RFAs call for speculation and are ambiguous.**

In RFAs 102, 118, and 128, Defendants asked Plaintiffs to admit that certain parts of Defendants' medical devices – the mesh – are the only parts intended to be left in the patient's body during an implant procedure.  Plaintiffs purport to be confused by these straightforward RFAs, claiming that each "calls for speculation and is vague and ambiguous as it does not identify whose intent is referenced."  During the parties' meet and confer session, however, Defendants' counsel reinforced—consistent with a common sense reading of the RFAs—that they are plainly referring to anyone who either has performed the surgery (surgeon) or had the surgery performed (patient).  *See also EEOC v. Baltimore County,* 2011 U.S. Dist. LEXIS 128483, at *5-6 (D. Md. Nov. 7, 2011) (finding that such an objection is improper if the disputed term's meeting is clear from the context of the RFA).  Inasmuch as the mesh – *without question or dispute* – is the only part of the device left in the body, Plaintiffs' contrived objections lack merit.

**VI.    The Court should reject Plaintiffs' objection that RFA No. 7 is unduly burdensome.**

In Plaintiffs' second amended joint responses, Plaintiffs submit the following objection to RFA No. 7:

> 7.     For each of the supplements to NDA #16-374 listed in Exhibit 2, admit that the applications were submitted to the FDA on or about the date(s) identified in Exhibit 2 under the "Application Date(s)" column.

> Answer:     Plaintiffs object that this Request is overbroad in that it violates Pretrial Order No. 4 entered in MDL 2327 and pretrial Order No. 8 entered in MDL 2187, which limit service of written discovery to cases selected as the bellwether trial pool.  Plaintiffs further object that this request is unduly burdensome in that it contains 35 separate parts and that the incorporation by reference in the request to dozens of other documents is improper.  *See Sparton*

8

*Corp. v. United States*, 77 Fed. Cl, 10, 2007 U.S. Claims LEXIS 185 (Fed. Cl. 2007)

(Exh. C).

Plaintiffs bear the burden of showing that this request is unduly burdensome and potentially may only do so by coming forward with affidavits or other proof demonstrating the burden with specificity, such as by setting forth with credibility the anticipated time and expense. *Amick v. Ohio Power Co.*, 2013 U.S. Dist. LEXIS 177616, at *4-5 (S.D. W.Va. Dec. 18, 2013) (Eifert, M.J.). Plaintiffs have not and cannot meet their burden.

As set forth in Exhibit 2 to the RFAs, Defendants identified each by Bates-number and included dates so that Plaintiffs could readily access them. Even if more than a nominal amount of time were required to respond, such a burden would not be undue given the gravity of the request and this litigation. Large and complex cases such as this require large efforts in discovery. *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1100 (5th Cir. 1977).

Having brought suit for failure to warn related to an FDA approved prescription Class II medical device, Plaintiffs have no basis whatsoever to complain about being asked to admit this request. Defendants are merely making a good faith attempt to streamline the litigation process, and in fact, it would be overly burdensome for Defendants to be faced with submitting proof at trial (and a waste of the district court's time) establishing the basic information set forth in this straightforward request.

## Conclusion

The Court should reject Plaintiffs' dilatory, transparent gamesmanship, strike all of Plaintiffs' objections, and deem all of Defendants' RFAs at issue admitted. Alternatively, Defendants respectfully request that Plaintiffs fully respond to all of the RFAs immediately and that Defendants be awarded any other general or special relief as may be appropriate.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON


/s/ David B. Thomas
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

/s/ Christy D. Jones
Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on January 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800
dthomas@tcspllc.com

Error! Unknown document property name.