# EXHIBIT B



December 5, 2013

**VIA EMAIL**

Bryan Aylstock
Renee Baggett
Aylstock, Witkin Kreis and Overholtz, PLC
17 East Main Street
Suite 200
Pensacola, FL 32502
rbaggett@awkolaw.com
baylstock@awkolaw.com

Thomas P. Cartmell
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
tcartmell@wcllp.com

Rich Freese
Freese & Goss
3031 Allen Street, suite 200
Dallas, Texas 75204
rich@freeseandgoss.com

      Re: *In re: Ethicon, Inc. Pelvic Repair System* Products Liability Litigation, MDL
        No. 2327
        Requests for Admissions

Dear Bryan, Renee, Tom, and Rich,

  On November 1, 2013, Defendants served on liaison counsel and counsel for Carolyn Lewis their first set of Requests for Admissions (RFAs) in MDL 2327. Plaintiffs refused to answer a single request and instead responded by objecting to all 138 requests with one of the following two variations of objections:

> Plaintiffs object to the request on the grounds that it calls for speculation, is unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence in that the document identified is one of Defendants' internal documents. Therefore, Defendants, rather than Plaintiffs, know or should know whether the copy identified is genuine. Further objecting, this request seeks information protected by the attorney-client privilege and the work product doctrine.

Post Office Box 6010
Ridgeland, MS 39158-6010

**CHRISTY D. JONES**
601.985.4523
christy.jones@butlersnow.com

Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157

T 601.948.5711 • F 601.985-4500 • www.butlersnow.com
**BUTLER SNOW LLP**

December 5, 2013
Page 2

>Plaintiffs object to the request on the grounds that it calls for speculation, is unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence in that the request seeks information that Defendants, rather than Plaintiffs, know or should know. Further objecting, this request calls for an expert opinion and/or a legal conclusion. Further objecting, this request seeks information protected by the attorney-client privilege and the work product doctrine.

We believe Plaintiffs' objections are inappropriate. For example, Plaintiffs object on the basis that the requests call for an expert opinion/legal conclusion. Courts have repeatedly held, however, that such an objection is invalid. *See Baugh v. Bayer Corp.*, 2012 U.S. Dist. LEXIS 131867 (D.S.C. Sept 17, 2012); *House v. Giant of Maryland, LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005). Additionally, Plaintiffs repeatedly object that the requests invade the attorney/client and/or work product privileges even though they address matters of public record, such as publically available 510(k) clearances. Plaintiffs also claim that Pretrial Order No. 8 in MDL 2187 prohibits service of discovery on every individual plaintiff. This objection is without merit. Only Plaintiffs' Co-Lead Counsel were served with this master set of discovery, which seeks no information or admission specific to any individual plaintiff. Pretrial Order No. 4 in <u>this</u> MDL makes clear that liaison counsel are the "voice" for all plaintiffs on matters within the sphere of the responsibilities of Lead Counsel. All parties also have a duty to accomplish discovery of the material facts in an efficient and economical manner, and service of these requests addressing material facts applicable to all plaintiffs achieves that goal.

Finally, Plaintiffs object on the basis that the requests concern Defendants' documents and information that Defendants should know. That is irrelevant. Plaintiffs did not assert, as Rule 36 requires, that *they* do not have knowledge sufficient to admit or deny the requests after making reasonable inquiry. This last objection, too, is insufficient. In short, rather than make a good faith effort to provide specific responses consistent with full and efficient discovery, Plaintiffs copied and pasted the same inappropriate objections 138 times.

We ask that you admit or deny each request in the first set of RFAs. We are willing to meet and confer to discuss your objections. However, in the absence of any substantive response to these RFAs by Monday, December 16, we will have no choice but to file a motion with the court asking that our RFAs be deemed admitted.

Sincerely,

BUTLER SNOW LLP

Christy D. Jones