# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## DECLARATION OF PAMELA DOWNS

Pamela Downs declares and says:

     1.     My name is Pamela Downs. I am over twenty-one years of age and of sound mind. I am competent to affirm all of the matters set out in this Declaration.

     2.     I am employed as a Senior Director at Epiq Systems, Inc., eDiscovery and Litigation Solutions.  During my 26 year career supporting the legal services industry, I have developed extensive experience in the assessment, collection and production of hard copy and electronically stored information in litigated matters.

     3.     In 2013, on behalf of Ethicon, Inc. ("Ethicon"), I was retained to examine the nature and scope of documents outside of the United States  ("ex-US documents") maintained by Ethicon, including documents provided to Ethicon by MedScand Medical ("MedScand"), the original  manufacturer of TVT based in Sweden.

     4.     In connection with my examination of MedScand related issues, I have interviewed over 25 Ethicon employees and reviewed numerous documents.

5.      It is my understanding that in November of 1999, Ethicon purchased from MedScand the rights to manufacture and sell TVT.  It is my understanding that in 2005, CooperSurgical purchased MedScand and sought to determine the disposition of a pallet of 12 cases, weighing approximately 600 pounds, which were believed to contain TVT-related MedScand materials.

6.      It is my understanding that in November 2005, CooperSurgical sent the pallet of 12 cases to the Johnson & Johnson International Shared Services Distribution Center Site in Sweden.

7.      In 2006, seven of these cases -- which contained product retains -- were disposed of as they no longer served any business purpose.

8.      As to the MedScand manufactured product retains, I have confirmed that the shelf life for the original TVT product was five years.  In 2000, Ethicon began manufacturing TVT and maintaining its own product retains.  Therefore, by 2006, any MedScand manufactured product retains from prior to 2000 would have been past the product's shelf life.

9.      Colin Yuill, the current Quality Manager in Neuchatel, confirmed that a product retain past its shelf life would not have been retained as it no longer served a business function.

10.     Four of the 12 cases contained lot documentation from the period during which MedScand manufactured TVT.  While the continuing business purpose of these materials to Ethicon in 2005 or 2006 is unclear, it appears that Ethicon decided that this lot documentation should be sent to Ethicon SARL in Neuchatel, Switzerland.  I have been unable to determine whether these records were actually sent; however, I understand that Ethicon has been unable to locate these records.

11. It is my understanding that in February 2006, the 12th case, which contained boxes that included documents regarding clinical studies, was shipped from the Johnson & Johnson International Shared Services Distribution Center Site in Sweden to Ethicon SARL in Neuchatel, Switzerland and stored at an offsite facility maintained by Secur'Archiv, a third party vendor.

12. On or around September 24, 2009, a fire occurred inside the Secur'Archiv offsite facility destroying thousands of boxes including all but one of the boxes from the 12th case. This box, along with other surviving boxes, were reassigned to other offsite storage facilities in Switzerland. It is my understanding that this box contained only a single binder of patient data from the Scandinavian Multicenter Study, which Ethicon has produced to Plaintiffs in this litigation.

13. It is also my understanding that Ethicon has produced documents related to Ulmsten's clinical studies aside from the binder including Ulmsten's published articles and the October 17, 1997 report of Margareta Eriksson on the Scandinavian Multicenter Study.

14. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this the 9th day of January, 2014.

*Pamela Downs*
PAMELA DOWNS