# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DECLARATION OF PHU DAO

Phu Dao declares and says:

1. My name is Phu Dao. I am over twenty-one years of age and of sound mind. I am competent to affirm all of the matters set out in this Declaration.

2. I have been employed by Johnson & Johnson Shared Services, Inc. ("ITSS"), since 2006. I am currently Director, End User Services for North America and Latin America. Between approximately 2008 and 2010, I provided support to Ethicon at its Somerville, New Jersey location. During that period, ITSS had a contract with International Business Machines ("IBM") under which IBM provided end-user company issued desktop and laptop computer ("PC Device") support to all levels of Ethicon employees including upper management, contractors, consultants, and temporary staff (collectively referred to below as "Associates").

3. As described further below, the IBM contractors acted as representatives of ITSS. I had overall responsibility for oversight of the IBM contract which outlined the responsibilities of these ITSS representatives.

4. I am submitting this declaration to describe the roles and responsibilities of ITSS representatives and to clarify that I am unaware of circumstances in which data known to be

relevant to pelvic mesh litigation was intentionally deleted or destroyed. I also submit this declaration to explain one of several steps that have been taken since mid-2012 to minimize the risk of loss of data in the future.

5. ITSS representatives have and have had responsibility for retrieving an Associate's PC Device upon his or her departure.

6. During the period prior to mid-2012, upon retrieving the departed Associate's hardware, ITSS representatives retained the hard drive for 14 days. If within that 14-day period, ITSS received a request to facilitate a manager's access to or preservation of the departed Associate's data, ITSS accommodated the request by providing the departed Associate's manager with access to the data. Only after any such requests to facilitate access to or preservation of the departed Associate's data were satisfied, or, if no requests were submitted, at the end of the 14-day period, the PC Device would either be (a) recycled, if it was at the end of its lifecycle, or (b) re-imaged and re-deployed in the ordinary course of business.

7. I am not aware of anyone employed by ITSS or IBM having intentionally deleted or destroyed any data that was known at that time to be relevant to the Ethicon pelvic mesh litigation.

8. Indeed, in June 2012, in order to minimize the risk of loss of departing Associates' data, I understand that Ethicon's Somerville, New Jersey site adopted the practice of indefinitely preserving the data from departing Associates' PC Device(s), which remains Ethicon's practice today and now includes all Ethicon locations within the United States.

I represent that the foregoing statements are true under penalties of perjury.

Dated: January 8, 2014

_____
Phu Dao