UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327<br>MDL No. 2327<br>JUDGE JOSEPH R. GOODWIN |

*This Document Applies to All Actions*

**PLAINTIFF PRO SE LANA C. KEETON, Case No. 2:13cv24276**, MEMORANDUM IN SUPPORT OF **PLAINTIFF'S MOTION FOR A FINDING OF SPOLIATION AND FOR SANCTIONS, DE#952**

*"Yet, Defendants' spoliation has been longstanding, highly prejudicial and the product of at least negligence, if not a deliberate plan."* Civil Action No. 2:12-md-02327, *IN RE Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, DE#996, page 5, footnote 12

**ETHICON INC** *doing business as* Gynecare, Inc. *doing business as* Ethicon Women's Health and Urology and **JOHNSON AND JOHNSON, "DEFENDANTS"** are represented in this Civil Action No. 2:12-md-02327, by Jeffrey B. Shapiro and Neville Malcolm Leslie, among others, and listed on the docket as:

**Jeffrey B. Shapiro**
ARNSTEIN & LEHR
Suite 3600
201 South Biscayne Boulevard
Miami, FL 33131
305/374-3330
Fax: 305/374-4744
Email: jbshapiro@arnstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neville Malcolm Leslie**
ARNSTEIN & LEHR
Suite 3600
200 South Biscayne Boulevard
Miami, FL 33131
305/374-3330
Fax: 305/374-4744
Email: nmleslie@arnstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICE*

Mr. Shapiro and Mr. Leslie were the defense attorneys in Case 1:06-cv-21116-UU, **Lana C. Keeton**, Plaintiff Pro Se, vs. **Ethicon Inc** (d/b/a **Gynecare Worldwide**, now known as Ethicon Women's Health and Urology) a New Jersey corporation and **Johnson and Johnson**, a New Jersey corporation, a product liability lawsuit re: the inherently defective Gynecare TVT System, exactly the same product at issue in MDL 2327. [Emphasis added.]

Mr. Shapiro, a member of the International Lawyers Network, www.iln.com, is a recognized leader among defense attorneys in Spoliation, Electronic Discovery and the Avoidance of Sanctions. **See Exhibit #1, Medical Device & Drug Manufacturing Litigation Group, 2006 roundtable series,** "How to Lose a Lawsuit by Not Keeping Track of Your E-mails and Documents: Spoliation, Electronic Discovery and the Avoidance of Sanctions".

<u>Excerpts below are Mr. Shapiro's comments for the roundtable series:</u>

What special problems exist regarding emails? Page 3



<u>Jeff Shapiro</u>: Special problems exist because individuals, for the most part, do not maintain e-mails and/or print hard copies. E-mails are more likely to be discarded than hard copies of documents because they are typically deleted once sent and read. E-mails should be treated like any other document knowing they may one day be disclosed. Also,

Page 2

individuals at every organizational level have a tendency to be far more informal in e-mails than in letters. As a result, e-mails may prove to be more damaging than an official letter or memorandum.

**What sanctions exist for spoliation by a party to litigation? Page 4**
Jeff Shapiro: Striking of pleadings (answer or complaint), the imposition of monetary sanctions, and a jury instruction whereby the jury is instructed to draw a negative inference that the spoliated evidence was damning to the party that discarded it.

**What remedies exist when a non-party to the litigation engages in spoliation? Page 5**
Jeff Shapiro: Under Florida law, a party may institute a lawsuit for spoliation of evidence against the spoliating "non-party" and recover the damages to which it would have been entitled if it had succeeded on its underlying claims. Further, a defendant may assert an affirmative defense of spoliation which, if proven, could act as a complete bar to a plaintiff's claims if the spoliation significantly hindered the defendant's inability to defend.

**Draft a Request for Documents which includes electronically stored data. Page 6**
Jeff Shapiro: Documents, materials, correspondence, notes, charts, and e-mails, including all metadata and prior versions/forms of the documents, materials, correspondence, notes, charts. Another request would be for "all electronically stored and maintained documents, whether on-site or off-site, including all hard drives, Blackberries, cell phone data, and the like, that contain information regarding the issues in the case."

**At what point should the attorney expecting to defend a claim take action regarding client data? Page 7** Jeff Shapiro: At the outset of the litigation or, at a minimum, immediately upon the receipt of discovery requests, the attorney must find out if the company has document maintenance/ retention procedures in place and, if so, their substance. <u>If the attorney has an ongoing relationship with the company, the attorney could help the company create its document maintenance/retention procedures.</u>

**Describe the roles of in-house and outside counsel regarding their client's data. Page 7/8** Jeff Shapiro: <u>In-house and outside counsel must coordinate</u> efforts to ensure that appropriate procedures are in place for document maintenance/retention <u>whereby the employees understand their responsibilities with respect to electronic data retention and/or retrieval.</u>

**What are some sources of information and guidelines regarding the management of electronic data? Page 8/9**
Jeff Shapiro: Westlaw and Lexis-Nexis maintain articles and reports regarding the management of electronic data. Further, there are IT companies that devise systems and put procedures in place in accordance with the client company's needs.

Page 3

**Describe some technical issues such as embedded data and duplicate data and how to resolve them? Page 10**
Jeff Shapiro: These issues can be resolved by having an IT department that is aware of what data is required to be retained and maintained. Thus, embedded data will be accessible, if necessary.

**How can privileged information and communication be protected? Page 11**
Jeff Shapiro: Privileged information and communication does not lose its privilege by virtue of it being electronic. However, policies should be in place to see to it that the privilege is not destroyed by sharing the document with someone whose status could eliminate the privilege. For example, electronic documents should not be shared with non-employees (IT technicians) if that would destroy the privilege.

**Are the Zubulakes the first and last word? Critique Judge Scheindlin's decisions. How has your jurisdiction dealt with the issues addressed in the Zubulakes? Page 12/13**
Jeff Shapiro: The Zubulakes, although groundbreaking, are not necessarily the last word in the production of electronic documents and data. Judge Scheindlin's decisions may not be applicable to every case involving electronic data and documents. The Zubulake decisions contain a punitive element directed against UBS Warburg due to its discovery violations (note that Zubulake herself had documents that she kept that UBS Warburg did not produce, and UBS Warburg operates in a heavily regulated industry relative to document retention). Despite the factual peculiarities of the Zubulakes, they provide a solid baseline for a discovery approach particularly when faced with an overwhelmingly large document production. Currently, no Florida state court cases reference or interpret the Zubulakes.

**How does all this impact clients in jurisdictions outside the United States? Page 14**
Jeff Shapiro: Clients outside of but subject to suit within the United States will likely be confronted with the same spoliation standards as American companies if sued in the United States. Thus, they should also be made aware of the potential risks of spoliation and take necessary precautions.

Despite Attorney Shapiro's obvious legal expertise in "Spoliation, Electronic Discovery and Avoidance of Sanctions" evidenced by his comments and participation in the roundtable series, his longstanding clients, Ethicon Inc and Johnson and Johnson, are either ill-advised by Shapiro and his firm, Arnstein and Lehr, or they have not heeded the legal counsel provided by Mr. Shapiro and his firm, Arnstein and Lehr in regard to Spoliation of Evidence, thus

necessitating the current *"Plaintiff's Motion for a Finding of Spoliation and for Sanctions"* in MDL2327, DE#952.

In fact, Plaintiff Pro Se Lana Keeton filed a similar motion in Case#06-21116, *"Motion for Contempt of Court Against Defendants and for Sanctions for Spoliation of Evidence"*, DE#155, Sealed Document. (ra) filed on 08/03/2007 and entered on the docket 08/06/2007. **EXHIBIT #2** attached. Also see **EXHIBIT #3**, "CIVIL DOCKET FOR CASE #:1:06-cv-21116-UU.

Based on reading of the motions available through the Pacer Sysetm, **DEFENDANTS** Ethicon Inc and Johnson and Johnson provided Plaintiff Keeton with discovery in 2007 which has not yet been made available in MDL 2327, in particular related to Medscand Medical AB and Medscand's relationship with Ethicon Inc, Ethicon Sarl, Ethicon Ltd, Johnson and Johnson Neuchatel and Johnson and Johnson International which dates back to at least 1996.

It also seems DEFENDANTS have been remiss in providing information they have themselves made publicly available. Certainly the fact that Mark Yale of Ethicon Inc, Route 22 West, Somerville, NJ 08876 filed Adverse Event MDR#40082 on 05/20/2002 with the FDA for 25 patients over a 6 year period (1996-2002) which lists Medscand Medical AB on page 1 of 3 as one of the two manufacturing sites would indicate a legal relationship between Ethicon and Medscand as early as 1996. **EXHIBIT #4.**

More important, Johnson and Johnson Securities and Exchange Commission FORM 10-K for the year ended January 2, 2000 reported "The 1999 acquisitions included......certain assets of Medscand related to the TVT incontinence product..." Page 34. **EXHIBIT #5** *cut and paste excerpt of Form 10K.* The continuing position of Ethicon Inc that it *knows not* how Medscand

Page 5

Medical AB was involved in the design and manufacturing process of the Gynecare TVT is untenable. Johnson and Johnson has been the OWNER of the Medscand "TVT incontinence product" for 15 years and was directly involved with the manufacture of the TVT incontinence product for at least 18 years.

Pro Se Plaintiff Lana Keeton wants to provide this Honorable Court with some further historical factual insight into the ongoing spoliation of evidence by Ethicon Inc, Johnson and Johnson and its subsidiaries, divisions, etc. in relation to physician training.

Please see **EXHIBIT #6**, a printout from the GYNECARE NETWORK website dated 10/13/2007. The page was removed from the website subsequent to a hearing before Judge John O'Sullivan in Case #06-21116 on July 9, 2007. **EXHIBIT #6** clearly demonstrates Gynecare's involvement in physician training.

**EXHIBIT #7** is a compilation further showing Gynecare (Ethicon) and Johnson and Johnson's involvement in physician training.

> First is a page from the website of Dr. Yitzhak Berger, Associates in Urology (which was removed from that website) where it states *"In 1998, Dr. Berger was among the few American specialists who went to Sweden, on behalf of Gynecare of Johnson & Johnson, to assess this procedure."*
>
> Second are two pages from "LookSmart" where it states *"He (Dr. Vincent Lucente) is one of eight surgeons who were flown to Sweden by the product's U.S. distributor, Gynecare, a division of Ethicon in Somerville, N.J. to learn the procedure."*
>
> Third are two pages from OBGYN.net: The Universe of Women's Health where it states *"Dr. (John) Miklos traveled to Sweden in October 1998, learned the operation and was the first surgeon in the Southeastern United States to perform the surgical procedure. Since that time approximately 200 surgeons have traveled to Atlanta to learn the surgical procedure from Dr. Miklos."* Note: Dr. Miklos was for some time a paid Medical Consultant to Ethicon.
>
> **EXHIBIT #8**, *Excerpts from the July 9, 2007* hearing in Case 306-21116 before Judge

John O'Sullivan is probably the most telling. Testimony by Attorneys Vinick and Mirabel

Page 6

clearly shows the involvement in the training of surgeons by Dr. Yitzhak Berger and Dr. Alan Garely for Ethicon Inc and Johnson and Johnson.

FURTHER, the Excerpts show the clear intimate involvement and knowledge of discovery and documents available from DEFENDANTS, Ethicon Inc and Johnson and Johnson, by two of their lead attorneys of record, Mr. Jeffrey B. Shapiro and Mr. Neville Malcolm Leslie.

Loss of custodial files of major executives is only the tip of the iceberg when it comes to Spoliation of Evidence by Ethicon Inc and Johnson and Johnson. It seems apparent from the **EXHIBITS** attached to this motion DEFENDANTS have a long standing habit of shoddy housekeeping in their document retention policy.

Plaintiff Pro Se Lana C. Keeton prays this Honorable Court will hold DEFENDANTS responsible for their egregious actions through the following actions requested in DE#952.

> "WHEREFORE, Plaintiffs respectfully request the following relief from the Court:
> (1) Granting default judgments to Plaintiff Carolyn Lewis, as well as the Plaintiffs in the first TVT-O bellwether trial and the first Prolift bellwether trial;
> (2) Declaring that the Court will issue a spoliation instruction to the jury at every bellwether trial;
> (3) Striking Defendant's learned intermediary defense for every trial;
> (4) Striking any statute-of-limitations defenses for every trial; and
> (5) Charging Plaintiffs' reasonable costs and attorney's fees associated with this motion to Defendant."

Plaintiff thanks this Honorable Court for its time and attention to this matter.

Dated: January 6, 2014
Miami, Florida 33139

*Lana C. Keeton*
LANA C. KEETON
Plaintiff Pro Se
1602 Alton Road, #423
Miami Beach, FL 33139
305-538-4501 phone; 800-509-9917 fax
Lana@LanaKeeton.com

By: *Lana C. Keeton*
Lana C. Keeton, Plaintiff Pro Se

Page 7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via FedEx shipment this ___6___ day of January 2014 to the U.S. District Court in Charleston, WV thereby delivering it to all counsel of record for this matter through the Court's CMECF filing system.

*Lana C. Keeton*

LANA C. KEETON
Plaintiff Pro Se
1602 Alton Road, #423
Miami Beach, FL 33139
305-538-4501 phone; 800-509-9917 fax
Lana@LanaKeeton.com

By: *Lana C. Keeton*
Lana C. Keeton, Plaintiff Pro Se