UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

---

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327<br><br>MDL No. 2327<br><br>Judge Joseph R. Goodwin |
| This Document Applies To All Actions | |

---

**PLAINTIFFS' REPLY RE: MOTION TO DETERMINE THE SUFFICIENCY OF ETHICON, INC.'S AND JOHNSON & JOHNSON, INC.'S ANSWERS AND <u>OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION</u>**

Plaintiffs submit this reply brief to address a couple of arguments made by Defendants in their opposition [Doc. 1046]. In all other respects, Plaintiffs rest on their Motion Determine the Sufficiency of Defendants' Answers and Objections to Plaintiffs' First Requests for Admission ("Motion") [Doc. 1020].

**A. Plaintiffs' Inadvertent Failure to Meet and Confer Prior to Filing Their Discovery Motion Does Not Bar Consideration of Their Motion**

On January 9, 2014, Plaintiffs filed their Motion and Memorandum of Law in Support of their Motion. As required by Local Rule 37.1(b), Plaintiffs' represented in the Motion that they had attempted to meet and confer with defense counsel on the matter before filing. *See id*, at p. 1. Plaintiffs made this representation based on the (mistaken) belief that they had fulfilled their meet and confer obligations.

Specifically, Plaintiffs' counsel drafted a letter to Defendants' counsel on December 17, 2013, outlining their concerns with Defendants' objections to Plaintiffs' Requests for Admissions ("RFAs). *See* Exhibit A (draft letter to attorney Jones). The letter requested that Defendants amend their responses by December 30, 2013, or, alternatively, call to discuss the issue. *See id.* Absent an amended response, the letter provided that Plaintiffs would be filing a

1

motion with the Court for appropriate relief. *See id*. Unfortunately, in the email approving the letter to be sent out, Plaintiffs' counsel inadvertently failed to copy the legal assistant who was supposed to send out the letter. *See* Exhibit B (email from Aylstock asking his legal assistant "Betsy" to send out the letter "today" but inadvertently failing to copy "Betsy" on the email). As a result, the letter was inadvertently never sent. After the December 30th deadline, Plaintiffs' counsel, believing the letter had been delivered and that Defendants' had simply decided to stand on their objections, began working on the Motion and filed on January 9, 2014.[1]

Plaintiffs' inadvertent failure to meet and confer does not provide independent grounds for denial of the Motion. The Federal rules of Civil Procedure and the Local Rules do not provide that the failure to conduct a meet and confer prior to filing a motion automatically results in denial of the motion. Instead, the Court has discretion to consider the substantive issues raised in the motion. *See Susko v. City of Weirton*, 2010 U.S. LEXIS 95103, at *6 (exercising discretion to hear substance of motion even though defendants failed to confer or attempt to confer with other party prior to filing their motion). Plaintiffs would respectively request that the Court exercise its discretion here, particularly since it appears that a meet and confer would have been futile. This futility is evidenced by Defendants' opposition brief, where Defendants' substantively defend each of the arguments raised in Plaintiffs' Motion and fail to concede ground on any issue [Doc. 1046]. Because the parties' disagreements appear to remain unresolved and all substantive issues having been fully briefed, the Court should rule. Moreover, it would be a waste of judicial resources to have the parties "start over" just to end up at the same impasse tomorrow as we are today.

---

[1] Contrary to Defendants' claim, Plaintiffs' Motion was not a "tit for tat" response to Defendants' motion—although it is understandable why Defendants' may have held that belief given that the Plaintiffs' meet and confer letter was not delivered. In any event, as a practical matter, it would not even be possible for Plaintiffs' counsel to have drafted such a detailed "tit for tat" Motion within a few hours of Defendants' having filed their own motion to compel responses to RFAs.

**B. Plaintiffs' Motion is Timely Under Local Rule 37.1(c)**

Defendants' claim that the Motion is untimely under Local Rule 37.1(c) is believed to be rest on Defendants' lack of knowledge regarding the existence of Plaintiffs' December 17 meet and confer letter (discussed above).[2] As noted, this meet and confer letter requested that Defendants submit amended responses by December 30, 2013. In light of Plaintiffs' good faith extension of the discovery deadline, Plaintiffs' Motion was timely.

Specifically, Plaintiffs received Defendants' answers and objections to the RFAs and believed they were deficient. As part of the meet and confer process, Plaintiffs sought to provide Defendants with a reasonable opportunity (approximately 2 weeks up to December 30th) to amend their responses before seeking relief from the Court.[3] This would make Defendants discovery responses "due" under Rule 37.1(c) on December 30th, with any discovery motion to be filed 30 days thereafter. Because Plaintiffs filed their motion on January 9, 2014, their motion is timely.

WHEREFORE, Plaintiffs respectively request that their Motion be granted.

---

[2] Hence, Plaintiffs *do not* construe Defendants' argument to be that Local Rule 37.1(c) requires a party to file its discovery motion within 30 days after the *original* due date for the discovery response. Of course, to read the Rule in this way would essentially nullify any agreements between the parties to extend discovery response dates following a meet and confer, which is clearly contrary to the goal of narrowing the areas of disagreement to the greatest possible extent. Local Rule 37.1(b). Moreover, if Rule 37.1(c) was construed in such an obscure manner, Defendants' motion would be considered untimely as well. This is because Defendants served their RFAs on November 1, 2013; Plaintiffs served their *original* answers and objections on December 2, 2013. This would make Defendants' discovery motion due January 3, 2014. Yet Defendants did not file their motion in aid of discovery until January 9, 2014, more than 30 days after the *original* due date.

[3] Again, Plaintiffs acknowledge that their December 17, 2013 letter was inadvertently not provided to the defense, so the referenced extension to December 30th is simply used to establish Plaintiffs' good faith belief that the discovery response date had been extended.

Dated: February 3, 2014  Respectfully submitted,


/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com


/s/ Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1102
F: 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/


*Plaintiffs' Co-Lead Counsel*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327 <br><br> MDL No. 2327 <br><br> Judge Joseph R. Goodwin |
| This Document Applies To All Actions | |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on February 3, 2014, using the Court's CM-ECF filing system, thereby sending of the filing to all counsel of record for this matter.

/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com

5