# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

---------------------------------------------------------------x
IN RE ETHICON, INC., PELVIC REPAIR  :  CIVIL ACTION NO. 2:12-md-02327
SYSTEM PRODUCTS LIABILITY           :
LITIGATION                          :  MDL No. 2327
----------------------------------------------------- :
                                    :  Judge Joseph R. Goodwin
This Document Applies To All Actions :
                                    :
---------------------------------------------------------------x

## NOTICE OF ISSUANCE OF SUBPOENA TO
## PHYSICIAN SURGICAL GROUP OF BOCA RATON, LLC

PLEASE TAKE NOTICE, pursuant to *Federal Rule of Civil Procedure 45* and to the Subpoena and Proof of Service, attached hereto as Exhibit A, that the undersigned attorney for defendants Ethicon, Inc. and Johnson & Johnson have issued a Subpoena to Physician Surgical Group of Boca Raton, LLC, to produce copies of all documents set out in Exhibit A to the attached Subpoena.

Dated: February 12, 2014

                                                       Respectfully submitted,

                                                       */s/ Christy D. Jones*
                                                       CHRISTY D. JONES
                                                       Butler Snow, LLP
                                                       1020 Highland Colony Parkway, Suite 1400
                                                       Ridgeland, MS 39157
                                                       Phone: (601) 985-4567 Fax: (601) 985-4500
                                                       christy.jones@butlersnow.com
                                                       COUNSEL FOR DEFENDANTS
                                                       ETHICON, INC. AND JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on <u>February 12, 2014,</u> I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/*Christy D. Jones*_____
CHRISTY D. JONES

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE ETHICON, INC. PELVIC
SUPPORT SYSTEMS PRODUCTS
LIABILITY LITIGATION

MDL Case No. 2327

**EXHIBIT A TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS TO PHYSICIAN SURGICAL GROUP OF BOCA RATON, LLC**

**DEFINITIONS**

1. The terms "you" and "your" refer to Physician Surgical Group of Boca Raton, LLC, and all predecessors, successors, assigns, and present and former agents, servants, employees, representatives and attorneys, collectively and singly, and all other persons acting or purporting to act on its behalf.

2. The term "Defendants" refers to Defendant Ethicon, Inc. and Johnson & Johnson and all predecessors, successors, assigns, and present and former agents, servants, employees, representatives and attorneys, collectively and singly, and all other persons acting or purporting to act on its behalf.

3. The term "pertaining to" means evidencing, mentioning, memorializing, describing, constituting, containing, concerning, reflecting, summarizing, referring to, relating to, supporting, refuting and purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, relate to, support, refute, and in any way being relevant to, in whole or in part, the subject matter referred to in the particular document request in which the term is used.

1

4.	The term "communication" or "communications" means the giving or exchanging of information by verbal expression, gesture, writings, or any other means of conveying information or any request for information by such means.

5.	The term "document" or "documents" means and includes the original form of a writing, however produced or reproduced, including the following, which is listed by way of example, and without limitation: correspondence, memoranda (including internal or interoffice memoranda), transmittals, advertisements, sales brochures, audit request forms, audit responses, audit reports, statements, agreements, contracts, deeds and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, notes, reports, studies, analyses, records, evaluations, checks, charts, ledgers, checkbooks, canceled checks, check stubs, cash receipts, check registers, bank statements, invoices, journals and other business, financial or budget records, band card statements, credit or charge card statements, tables, tabulations, compilations, summaries, indices, information stored on magnetic media such as a floppy diskettes, computer disk, hard computer disk, or other computer storage system, abstracts, applications, licenses, drawings, blueprints, labels, tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, personal records, diaries, notebooks, minutes, employment applications, resumes, personnel records, medical records, employment references, diplomas, orders, photographs, moving pictures, all sound recordings, video or film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, and other matter which contains any form of "communication" or representation.

6. The term "document" also includes each and every draft or version, and all non-identical copies of any document, including, but not limited to, those that contain markings, symbols, interlineation, comments, or notations of any kind on the front or back thereof.

7. The term "person" or "persons" as used herein means all natural persons, corporations, partnerships or other business associations, organizations, government or governmental subdivisions and all other legal entities (including you), including all members, officers, directors, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8. "Payment" shall mean any compensation and/or other incentive, including monetary or non-monetary benefits.

9. "Identify" when referring to documents means to give, to the extent known, the

    a. type of document,

    b. general subject matter,

    c. author(s), addressee(s), and recipients(s), and,

    d. date the document was prepared.

10. "Mesh product" means any product intended for the treatment of pelvic organ prolapse or stress urinary incontinence.

## INSTRUCTIONS

1. For purposes of this Subpoena to Produce Documents, Information or Objects and the document requests contained herein, the term "document" includes all writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained. See Fed. R. Civ. P. 34(a).

2. If any responsive information, document or thing is withheld on the ground that it is privileged, that information, document or thing shall be described with sufficient particularity pursuant to Fed. R. Civ. P. 26(b)(5) (including date, author, recipient(s), subject matter, and factual and legal basis for privilege) to permit a determination as to whether respondent has demonstrated entitlement to and application for the protection invoked.

3. These instructions and definitions should be construed to require responses based upon the knowledge of, and information available to, the responding party as well as agents and representatives.

4. These Requests include all documents and information in the possession, custody, or control, of you, your agents, and your representatives, including but not limited to your attorneys.

5. If you object to any of the definitions or instructions applicable to these Requests, state your objection in your response and clearly indicate whether you are complying with the definition or instruction, notwithstanding your objection.

6. For each document requested, produce the entire document, including all appendices, exhibits or other attachments.

7. For each document requested, produce all non-identical copies of a document. Any alteration of a document, including but not limited to any handwriting, underlining, highlighting, stamps, drafts, revisions or modifications, is a separate and distinct document and must be produced.

8. If a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without disclosing the privileged materials. If a privilege is asserted with regard to part of the material contained in a

document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted, or altered in any fashion, you shall identify, as to each document, the reason for redaction or alteration, the date of redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

9. If you object to any part of any Request, you shall produce all documents that are responsive to the portions of any of the Requests to which the objection does not apply.

10. You shall construe the request for a document to include a request for all copies, versions, and drafts of the requested document, and all transmittal sheets, cover letters, enclosures, or attachments relating to the requested document.

## **DOCUMENT REQUESTS AND REQUESTS FOR THINGS**

**DOCUMENT REQUEST NO. 1:**

All documents, including, but not limited to, communications and other records, relating in any way to the following individuals:

a. Deborah Allen

b. Kathleen Alsbury

c. Constance Amica

d. Diane Bauta

e. Traci Cooper

f. Stephanie Dudley

g. Daisy Fernandez

h. Tania Garcia

i. Jessica Hall

j. Kathleen Maddox

k. Maria Muniz

l. Margaret Riggs

m. Maria Rodriguez

n. Blanca Rodriguez

o. Janet Simpson

p. Patricia Slaven

q. Cristina Veliz

r. Gracy Hancock

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:**   All documents, including communications, relating in any way to any litigation involving Ethicon, Inc., and/or any mesh products manufactured by Ethicon, Inc. This request includes any and all communications with any lawyer involved in any way in such litigation.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:**   All documents, including agreements, contracts, and/or communications, relating to One Point Orthopedic and Neurological Group, LLC, and any of its principals, employees, representatives, or agents, including, but not limited to, Otto Fisher or Gina Marie Fiorese.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All documents, including agreements, contracts, and/or communications, relating to Medstar Funding and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Dan Christensen, Lisa Christensen, Denise Roman, or Maria Reyes.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All documents relating to or evidencing payments made from Medstar Funding and any of its subsidiaries, principals, employees, representatives, or agents to Physician Surgical Group or Physician Surgical Group of Boca Raton LLC, including, but not limited to Christopher Liva, Mark Fritz, Amanda McLaughlin, Matt Lister or Carolyn Via, or any of its affiliates.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All documents, including agreements, contracts, and/or communications, relating to Women's Continence and Robotic Surgery Center and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Dr. Earle Pescatore, and that involve any surgery or procedure relating to a mesh product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All documents, including agreements, contracts, and/or communications, relating to Falany and Hulse Women's Center, Inc. and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Dr. Michael Hulse, and that involve any surgery or procedure relating to a mesh product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All documents, including agreements, contracts, and/or communications, relating to Perimeter Surgery Center and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Cindy Smith, and that involve any surgery or procedure relating to a mesh product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** All documents, including agreements, contracts, and/or communications, relating to Plantation Surgery Center and any of its subsidiaries, principals, employees, representatives, or agents, and that involve any surgery or procedure relating to a mesh product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** All documents, including agreements, contracts, and/or communications, relating to Sanctuary Surgical and Anesthesia Center, and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to Christopher Liva, Mark Fritz, Amanda McLaughlin, Matt Lister, or Carolyn Via, and that involve any surgery or procedure relating to a mesh product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** All documents relating to or evidencing payments made from Physician Surgical Group or Physician Surgical Group of Boca Raton LLC or any of its affiliates, subsidiaries, principals, employees, representatives, or agents to Michael Hulse, M.D.,

Falany and Hulse Women's Center, Earle Pescatore, M.D., Women's Continence and Robotic Surgery Center, Otto Fisher, One Point Orthopedic and Neurological Group, LLC, Sanctuary Surgical and Anesthesia Center, or any of their affiliates.

**RESPONSE:**


Date:  February 12, 2014

          **BUTLER SNOW, LLP**

          /s/ Christy D. Jones
          CHRISTY D. JONES
          1020 Highland Colongy Pkwy, Ste 1400
          Ridgeland, MS  39157
          P: (601) 985-4523  F: (601) 985-4500
          Christy.Jones@butlersnow.com
          *Attorney for Defendant Ethicon, Inc. &*
          *Johnson & Johnson*

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>February 12, 2014</u>, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

**BUTLER SNOW, LLP**

/s/ Christy D. Jones
CHRISTY D. JONES