UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| In re: C.R. Bard, Inc., Pelvic Repair System<br>Products Liability Litigation | 2:10-md-2187 |
| In re: American Medical Systems, Inc., Pelvic Repair System<br>Products Liability Litigation | 2:12-md-2325 |
| In re: Boston Scientific Corp, Pelvic Repair System<br>Products Liability Litigation | 2:12-md-2326 |
| In re: Ethicon Inc., Pelvic Repair System<br>Products Liability Litigation | 2:12-md-2327 |
| In re: Coloplast Corp., Pelvic Repair System<br>Products Liability Litigation | 2:12-md-2387 |
| In re: Cook Medical Inc., Pelvic Repair System<br>Products Liability Litigation | 2:12-md-2440 |

THIS DOCUMENT RELATES TO ALL CASES

### MOTION TO APPOINT LIEN RESOLUTION ADMINISTRATOR

The Court-appointed Plaintiffs' Coordinating Lead Counsel and Plaintiffs' Executive Committee in the Transvaginal Mesh ("TVM") Consolidated Multi-District Litigation ("MDL") (hereinafter "Plaintiffs' Executive Committee"), move this Court for an Order to appoint The Garretson Resolution Group, Inc., doing business as Garretson Resolution Group ("GRG"), as the Lien Resolution Administrator ("LRA") across all six consolidated matters listed above in the TVM litigation. The grounds for this motion are set forth in the accompanying memorandum

1

in support. In brief, the purpose of the LRA is to establish a single, uniform consolidated lien resolution program to identify and resolve the Medicare reimbursement claims related to federal Medicare Parts A and B, as contemplated by the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b), arising from this litigation (the "Consolidated Lien Resolution Program"). Given the large number of potential claimants, establishing a uniform lien resolution program is an important component for, and creates efficiencies that inure to, the benefit of all claimants. The Plaintiffs' Executive Committee submits that a single, consolidated lien resolution program with uniform application to all claimants who may receive settlements in any of the aforementioned MDLs will ensure that similarly-situated claimants achieve parallel outcomes and fair reimbursement amounts for each compensable injury category.

Plaintiffs' Executive Committee recognizes that settling parties may prefer to use different lien processing vendors to handle activities related to the Consolidated Lien Resolution Program or, further, that the terms of any Settlement Agreement to which claimants agree may require the use of a specific vendor, claims administrator and/or lien processor. As a result, for purposes of the requested Order, Plaintiffs' Executive Committee requests that this Court appoint the LRA to work with the Centers for Medicare and Medicaid Services ("CMS") to: (1) identify and secure with CMS the global repayment procedures and associated values that will create the greatest efficiencies, regardless of the lien processing vendor involved; (2) establish a consolidated conduit for submitting information from claimants' authorized representatives as may be required for purposes of verifying with CMS entitlement to Medicare Part A and/or Part B for the limited purpose of participating in the Consolidated Lien Resolution Program; (3) provide consolidated reporting to this court, the Plaintiffs' Executive Committee, and any participating settling parties as may be required under the terms of any settlement agreement; (4) create processes to account, and ensure payment, to CMS consistent with the global repayment

values associated with claimants who are or were Medicare entitled beneficiaries (for Medicare Part A and /or Part B); and (5) such other duties as further described herein. It is not the intent of the requested Order to mandate that any particular lien processing vendor must handle the other activities related to the Consolidated Lien Resolution Program necessary to enable claimants to participate therein.

Plaintiffs' Executive Committee further recognizes that the benefits to be obtained through a Consolidated Lien Resolution Program are derived from agreements with CMS that are on terms that are as efficient and as favorable as possible to the claimants pursuant to the terms of any settlement agreements applicable. However, the Plaintiffs' Executive Committee requires independent assurances that the Consolidated Lien Resolution Program accomplishes these objectives. Accordingly, Plaintiffs Executive Committee respectfully requests this Court appoint Fred Thompson, III, and Bryan Aylstock, two of the three coordinating co-lead counsel and members of the Executive Committee, as its representatives to participate with the LRA in any discussions with CMS, and to review and approve any decisions being contemplated by the LRA and CMS.

As the LRA, GRG would have, among other powers, duties and rights (1) the exclusive authority to meet and confer with the Centers for Medicare and Medicaid Services ("CMS") for the purpose of pursuing the Consolidated Lien Resolution Program and, as necessary, to provide lists of claimants to, and to receive lists of claimants from, CMS for the purpose of identifying whether CMS has or may have a Medicare Part A and B reimbursement claim against each claimant for injury-related medical items, and/or services paid on his or her behalf; (2) the authority to meet and confer with any TVM defendant, at the defendant's request, to discuss the coordination of mandatory insurer reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8) ("MMSEA"); and (3) the

authority to establish such other processes, programs, procedures, and protocols as are necessary or convenient, in GRG's reasonable discretion, for ensuring that the Consolidated Lien Resolution Program is utilized by all settling claimants in the above-referenced actions, with which all attorneys who are representing such claimants must comply.

GRG is well qualified to serve as the LRA, having been appointed to this role in a broad variety of national mass tort, multi-district litigation ("MDL"), and class action matters, including *In Re: Vioxx Products Liability Litigation*, MDL No. 1657-L (E.D. La.). Accordingly, for the foregoing reasons, and as set forth more fully in the accompanying memorandum in support, Plaintiffs' Coordinating Lead Counsel and Plaintiffs' Executive Committee respectfully request the entry of an Order, a proposed form of which accompanies the parties' motion, appointing GRG as the LRA across all six consolidated matters listed above in the TVM litigation.

February 14, 2014

Respectfully Submitted,

*s/Fred Thompson III*
Fred Thompson, III, on behalf of the
PLAINTIFFS' COORDINATING CO-LEAD COUNSEL AND
MEMBER OF PLAINTIFFS EXECUTIVE COMMITTEE
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9118
Facsimile: (843) 216-9450

Bryan F. Aylstock
PLAINTIFFS' COORDINATING CO-LEAD COUNSEL AND
MEMBER OF PLAINTIFFS EXECUTIVE COMMITTEE
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
Facsimile: (850) 916-7449