# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

---------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | : : : : | CIVIL ACTION NO. 2:12-md-02327<br><br>MDL No. 2327 |
| | : | Judge Joseph R. Goodwin |
| This Document Applies To All Actions | : : | |

---------------------------------------------------------------x

## NOTICE OF ISSUANCE OF SUBPOENA TO MICHAEL HULSE, M.D.

PLEASE TAKE NOTICE, pursuant to *Federal Rule of Civil Procedure 45* and to the Subpoena and Proof of Service, attached hereto as Exhibit A, that the undersigned attorney for defendants Ethicon, Inc. and Johnson & Johnson have issued a Subpoena to Michael Hulse, M.D., to produce copies of all documents set out in Exhibit A to the attached Subpoena.

Dated: February 14, 2014

                                                   Respectfully submitted,

                                                   */s/ Christy D. Jones*\_\_\_\_
                                                   CHRISTY D. JONES
                                                   Butler Snow, LLP
                                                   1020 Highland Colony Parkway, Suite 1400
                                                   Ridgeland, MS 39157
                                                   Phone: (601) 985-4567 Fax: (601) 985-4500
                                                   christy.jones@butlersnow.com
                                                   COUNSEL FOR DEFENDANTS
                                                   ETHICON, INC. AND JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Christy D. Jones
Christy D. Jones

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

     ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

     ❒ I returned the subpoena unexecuted because: _____
_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

     I declare under penalty of perjury that this information is true.

Date: _____

                                                      _____
                                                      *Server's signature*

                                                      _____
                                                      *Printed name and title*

                                                      _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

Case 2:12-md-02327   Document 1091   Filed 02/14/14   Page 5 of 15 PageID #: 14391

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE ETHICON, INC.  PELVIC
SUPPORT SYSTEMS PRODUCTS
LIABILITY LITIGATION

MDL Case No. 2327

## EXHIBIT A TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO MICHAEL HULSE, M.D.

### DEFINITIONS

1. The terms "you" and "your" refer to Michael Hulse, M.D., and all predecessors, successors, assigns, and present and former agents, servants, employees, representatives and attorneys, collectively and singly, and all other persons acting or purporting to act on its behalf, including, but not limited to, Falany & Hulse Women's Center and Dr. Angela Falany.

2. The term "Defendants" refers to Defendant Ethicon, Inc. and Johnson & Johnson and all predecessors, successors, assigns, and present and former agents, servants, employees, representatives and attorneys, collectively and singly, and all other persons acting or purporting to act on its behalf.

3. The term "pertaining to" means evidencing, mentioning, memorializing, describing, constituting, containing, concerning, reflecting, summarizing, referring to, relating to, supporting, refuting and purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, relate to, support, refute, and in any way being relevant to, in whole or in part, the subject matter referred to in the particular document request in which the term is used.

1

4. The term "communication" or "communications" means the giving or exchanging of information by verbal expression, gesture, writings, or any other means of conveying information or any request for information by such means.

5. The term "document" or "documents" means and includes the original form of a writing, however produced or reproduced, including the following, which is listed by way of example, and without limitation: correspondence, memoranda (including internal or interoffice memoranda), transmittals, advertisements, sales brochures, audit request forms, audit responses, audit reports, statements, agreements, contracts, deeds and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, notes, reports, studies, analyses, records, evaluations, checks, charts, ledgers, checkbooks, canceled checks, check stubs, cash receipts, check registers, bank statements, invoices, journals and other business, financial or budget records, band card statements, credit or charge card statements, tables, tabulations, compilations, summaries, indices, information stored on magnetic media such as a floppy diskettes, computer disk, hard computer disk, or other computer storage system, abstracts, applications, licenses, drawings, blueprints, labels, tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, personal records, diaries, notebooks, minutes, employment applications, resumes, personnel records, medical records, employment references, diplomas, orders, photographs, moving pictures, all sound recordings, video or film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, and other matter which contains any form of "communication" or representation.

6. The term "document" also includes each and every draft or version, and all non-identical copies of any document, including, but not limited to, those that contain markings, symbols, interlineation, comments, or notations of any kind on the front or back thereof.

7. The term "person" or "persons" as used herein means all natural persons, corporations, partnerships or other business associations, organizations, government or governmental subdivisions and all other legal entities (including you), including all members, officers, directors, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8. "Identify" when referring to documents means to give, to the extent known, the:

   a. type of document;

   b. general subject matter;

   c. author(s), addressee(s), and recipients(s), and

   d. date the document was prepared.

9. "Mesh product" means any product intended for the treatment of pelvic organ prolapse or stress urinary incontinence.

## INSTRUCTIONS

1. Produce all requested documents which are in your possession, custody or control, or which are within the possession, custody or control of your legal counsel, accountant, agents, other representatives, employees or all other persons acting on your behalf. In the event that you cannot produce all of the documents designated in particular request, you shall produce those documents which you can produce and describe in detail each reason for your failure or inability to produce each of the remaining documents.

2. Produce each and every requested document regardless of the date of its creation, unless otherwise specified in a particular document request.

3. Produce the original of any document requested. Each non-identical version of any document shall constitute a separate document. Each draft or version of any document shall also constitute a separate document.

4. Documents in the form of any magnetic tapes, discs, diskettes, drives, data cards, data-processing files and other computer-readable records or programs must be produced in a reasonably usable form (*e.g.*, by printing or downloading such documents onto paper without alteration, and/or by producing such documents, without alteration, on a CD or DVD in Rich Text Format or any other format readable by a personal computer using Microsoft Word for Windows).

5. If you do not produce any document because of a claim of confidentiality, privilege, or any other protection from production including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, your response shall state the following information regarding the document in sufficient detail and with sufficient particularity to enable a court to adjudicate the validity of such claim:

    a. Which privilege and/or protection is claimed;

    b. A statement of the facts upon which such claim of privilege and/or protection is based;

    b. Whether any non-privileged or non-protected matter is included in the document;

    c. The following information as to each purportedly privileged and/or protected document, to the extent known:

        i. Its type (*e.g.*, letter, memorandum, photograph, tape, etc.).

        ii. The date on which it was prepared.

    iii. The date it bears.

    iv. The date on which it was sent.

    v. The date on which it was received.

    vi. The identity of the person or persons sending it.

    vii. The identity of each person to whom it was sent, directed or furnished, together with their job title at the time they obtained the document.

    viii. The identity of the person or persons who prepared it, who signed it, and/or over whose name it was sent or issued.

    ix. A statement as to whom each person represented or purported to represent.

    x. A statement of the subject matter of the document.

    xi. A precise description of the place where said document is kept, including:

      i. The title or description of the file in which said document may be found; and

      ii. The exact location of such file.

    xii. The number of pages in the document.

    xiii. The identity of each person who has custody or control over the document and each copy thereof.

6.  Whenever you object to a particular request or portion thereof, you must produce all documents called for that are not subject to that objection. Similarly, whenever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, and/or information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

7.  For the convenience of the Court and the parties, please set forth each document request in full immediately preceding your response thereto.

5

8. You are required to produce the requested documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

9. In answering a request, the use of a plural term shall be read to include the singular (and vice versa).

10. The connectives "and" and "or" throughout this Request shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Produce all documents identified in any Document Request.

## DOCUMENT REQUESTS AND REQUESTS FOR THINGS

**DOCUMENT REQUEST NO. 1:** All documents, including, but not limited to, communications or other records, relating in any way to the following individuals:

  a. Stephanie Dudley
  b. Jessica Hall
  c. Kathleen Maddox

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All documents, including communications, relating in any way to any litigation involving Defendants, and/or any mesh products manufactured by Defendants. This request includes any and all communications with any lawyer involved in any way in such litigation.

6

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All documents, including agreements, contracts, and/or communications, relating to One Point Orthopedic and Neurological Group, LLC, and any of its principals, employees, representatives, or agents, including, but not limited to, Otto Fisher or Gina Marie Fiorese.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All documents, including agreements, contracts, and/or communications, relating to Medstar Funding and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Dan Christensen, Lisa Christensen, Denise Roman, or Maria Reyes.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All documents, including agreements, contracts, and/or communications, relating to Physicians Surgical Group or Physicians Surgical Group of Boca Raton and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Christopher Liva, Mark Fritz, Amanda McLaughlin, Matt Lister, or Carolyn Via.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All documents, including agreements, contracts, and/or communications, relating to Perimeter Surgery Center and any of its subsidiaries, principals,

7

employees, representatives, or agents, including, but not limited to, Cindy Smith, and that involve any surgery or procedure relating to a mesh product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All documents, including agreements, contracts, and/or communications, relating to Sanctuary Surgical and Anesthesia Center, LLC, and any of its subsidiaries, principals, employees, representatives, or agents, and that involve any surgery or procedure relating to a mesh product, including, but not limited to, Christopher Liva, Mark Fritz, Amanda McLaughlin, Matt Lister, or Carolyn Via.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All documents, including communications, contracts or agreements related to any attempt by you, your employees, representatives, or agents, to recruit, enroll, or involve any doctors or other medical professional in any plan or program related to vaginal mesh surgery.

**RESPONSE:**

Date: February 14, 2014

**BUTLER SNOW, LLP**

/s/ Christy D. Jones
CHRISTY D. JONES
1020 Highland Colongy Pkwy, Ste 1400
Ridgeland, MS 39157
P: (601) 985-4523 F: (601) 985-4500
Christy.Jones@butlersnow.com
*Attorney for Defendant Ethicon, Inc. & Johnson & Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

          **BUTLER SNOW, LLP**

          /s/ Christy D. Jones
          CHRISTY D. JONES