# EXHIBIT 2



February 17, 2014

**VIA ELECTRONIC MAIL**

Honorable Cheryl A. Eifert
United States Magistrate Judge
United States District Court for the
    Southern District of West Virginia
Sidney L. Christie Federal Building
845 Fifth Avenue, Room 109
Huntington, West Virginia 25701

      Re:    *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, MDL No. 2327

Dear Judge Eifert:

    We are writing to bring to your attention information we identified over the last few days in connection with investigating an issue regarding Ethicon's hernia mesh cases. While we do not believe that this information changes Your Honor's analysis regarding plaintiffs' spoliation motion, we nevertheless are bringing it to your attention in an abundance of caution.

    By way of background, following your Honor's February 4, 2014, ruling on plaintiffs' Spoliation Motion ("PTO 100"), Ethicon received a request from plaintiffs in the New Jersey consolidated proceedings for "any and all lawsuits filed against Johnson & Johnson, Ethicon, Gynecare, or their affiliates, arising from the use of Gynemesh PS, Prolene Mesh, or similar devices, prior to March 2008." This request is extremely broad and arguably calls for lawsuits resulting from complications with *hernia procedures* in which hernia mesh products were used. While we do not believe that such lawsuits (or other lawsuits involving hernia mesh that do not involve pelvic applications) have any bearing on the current round of pelvic mesh litigation, in an effort to be as complete and responsive as possible in its response to that inquiry, Ethicon is nevertheless making best efforts to identify such cases and plans to include them in its response to plaintiffs in New Jersey once Ethicon completes its investigation. We will provide Your Honor with a copy of Ethicon's letter in response to the New Jersey inquiry when it is completed in the next several days.

    In connection with its search efforts to respond to the New Jersey plaintiffs' request, Ethicon identified three pre-2008 cases: Two cases in which hernia meshes (Prolene Mesh and Mersilene Mesh) were used for *pelvic* application and one foreign TVT case that did not involve any Ethicon or Johnson & Johnson entity. Each of these cases resulted in a legal hold. We are bringing these cases to your attention now, prior to our completion of our investigation of the New Jersey inquiry regarding other possible hernia mesh cases, because of the pendency of the *Lewis* trial, although we believe this information is irrelevant to that case. Ethicon has been trying to complete its investigation, but the winter storms over the last several days have

Post Office Box 6010
Ridgeland, MS 39158-6010

WILLIAM M. GAGE
601.985.4561
william.gage@butlersnow.com

Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157

T 601.948.5711 • F 601.985.4500 • www.butlersnow.com

BUTLER SNOW LLP

Honorable Cheryl A. Eifert
February 17, 2014
Page 2

impeded that effort. The following is a summary of the three cases.

As to TVT, Ethicon identified a 2001 lawsuit in Australia to which neither Ethicon nor Johnson & Johnson was a party.[1] The case was a medical malpractice action alleging that the doctor left behind a portion of the plastic sheath cover which should have been removed from the tape during the operation. There were no product liability claims alleged in the complaint. Nevertheless, in connection with the searches described above, we recently learned that a legal hold was issued and have not found any evidence that it was released. Ethicon's records reflect that the matter was resolved between the doctor and the patient in or about April of 2002.

Next, Ethicon identified a 2003 case[2] that involved Prolene Mesh -- a mesh indicated for the repair of abdominal wall hernias and other fascial defects. The case is reflected in the company's system as "Neely, Floyd v. Ethicon" and we believe it may have been assumed to be a hernia mesh case, given that the system reflected that the plaintiff was a male and that the product was a hernia product. Upon investigation to respond to the New Jersey requests, we learned that the case involved a 69 year old woman who underwent various surgical procedures involving the pelvic floor and the implantation of Prolene Mesh, and who died less than a week later as a result of surgical complications. Ethicon was granted summary judgment on or about March 18, 2005. A legal hold was issued for that case. We have not found any evidence that this Prolene Mesh hold was released.

Finally, Ethicon identified another case[3] involving mesh that is used primarily for hernias (Mersilene Mesh -- a polyester mesh) in a pelvic application.[4] Records reflect that, as a result of injury to plaintiff's ureter and massive scarring, plaintiff filed a medical malpractice case in 2000 pertaining to her stress urinary incontinence surgery. Neither Ethicon nor any Johnson & Johnson entity were parties. The malpractice case was settled and discontinued in or about January 2004. During the malpractice lawsuit, records reflect that plaintiff learned that the scarring was claimed to have been secondary to the use of Mersilene Mesh. Eight months later, plaintiff initiated an action against Ethicon and Johnson & Johnson in connection with the same

---

[1] *Keli Francesca Sponner vs. Dr. Jilliam Woinarksi*, brought in the County Court of Victoria at Melbourne, February 1, 2001.

[2] *Floyd Neely, Individually, and as the Administrator of the Estate of Donna J. Neely v. Johnson & Johnson, Inc., Ethicon, Inc., St. Mary's Health Care System, Inc., d/b/a "St. Mary's Hospital"; Mark F. Ellison, MD, Louis Michael Thompson, MD, and Gregory A. Delaurier, MD*, Superior Court of Athens-Clarke County State of Georgia, Civil Action No. Su-03-cv-2340-SW, filed on or about December 3, 2003.

[3] *Marie Hartey and Earle Harris v. Johnson & Johnson, Inc. and Ethicon, Inc.*, Commonwealth of Pennsylvania, City and County of Philadelphia, Court of Common Pleas, Civ. Action No. 003087, filed on or about September 28, 2004.

[4] As Your Honor may recall, Ethicon referenced a 2002 legal hold for a case involving Mersilene Mesh in its opposition papers: *Brenda and Walter E. Holley v. S. Kam Otey, M.D.; Physicians and Surgeons Clinic Corporation of Amory, Mississippi and John Doe Defendants A through D*, Civil Action No. CV02-113-PFM, filed in Mississippi in March 2002.

Honorable Cheryl A. Eifert
February 17, 2014
Page 3

surgery that was the subject of her first lawsuit.  Ethicon was granted summary judgment on March 20, 2006.  Records reflect that legal holds were issued on October 13, 2004, October 19, 2004, and July 26, 2005.  The latter hold was updated to include the Mersilene product code and the lot number of the product at issue.  We have not found any evidence that this Mersilene Mesh hold was released prior to December 2013.

      We can assure Your Honor that significant efforts were taken by the Company and the defense team to identify all legal holds that would be pertinent to Your Honor's analysis prior to the filing of Ethicon's opposition to plaintiffs' motion.  However, the foregoing holds were not identified in connection with those efforts.  Furthermore, none of the holds described above were relied upon by Ethicon for the triggering date for each product identified in the February 18, 2011, consolidated pelvic mesh litigation hold that Your Honor discussed in PTO 100.

      We also bring to Your Honor's attention a lawsuit from 2003 involving TVT which did not result in a legal hold.[5]  The lawsuit was brought against Johnson & Johnson only and was settled approximately nine months later for a small sum.  Ethicon did not reference this single lawsuit in its opposition to plaintiffs' spoliation motion insofar as it had not resulted in a legal hold and Ethicon did not believe it was relevant to the issue of the applicable date of its existing legal holds, given the overlap with the *Kandell* lawsuit and that the *Kandell* hold was not released.  However, it appears from PTO 100 that Your Honor interpreted Ethicon's submission as a comprehensive listing of all lawsuits (rather than legal holds), so we are bringing this to your attention now.  It is the only other pelvic mesh lawsuit of which we are aware for the period prior to 2008.  Again, we do not believe that this affects Your Honor's analysis, but wanted to bring it to your attention for completeness.

---

[5]   *Mary Stowers v. Johnson & Johnson*, Commonwealth of Kentucky, Kenton Circuit Court 1st Division. Case No. 03-01-2219, filed in or about September 2003.

Honorable Cheryl A. Eifert
February 17, 2014
Page 4

      While we do not anticipate finding additional information, if we do, we will immediately bring it to your attention. We are also bringing this matter to the attention of Judge Goodwin, who we are copying on this letter. If you wish to have a conference to discuss these matters, please let us know and we will make ourselves available at your convenience.

                                Respectfully submitted,

                                BUTLER SNOW LLP

                                William M. Gage

WMG:heo
cc:    Honorable Joseph R. Goodwin (via electronic mail)
       Bryan F. Aylstock, Esq. (via electronic mail)
       Thomas P. Cartmell, Esq. (via electronic mail)
       D. Renee Baggett, Esq. (via electronic mail)
       Richard A. Freese, Esq. (via electronic mail)

ButlerSnow 19664311v1