UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

------------------------------------------------------------ x
IN RE ETHICON, INC., PELVIC REPAIR : CIVIL ACTION NO. 2:12-md-02327
SYSTEM PRODUCTS LIABILITY :
LITIGATION : MDL No. 2327
------------------------------------------------------------ :
 : Judge Joseph R. Goodwin
This Document Applies To All Actions :
------------------------------------------------------------ X

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR REQUEST FOR
CLARIFICATION AND RECONSIDERATION OR, IN THE ALTERNATIVE,
THEIR OBJECTION TO MAGISTRATE JUDGE EIFERT'S PRETRIAL
ORDER # 100 GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR A FINDING OF SPOLIATION AND FOR SANCTIONS**

Ethicon's opposition does little to "oppose" Plaintiffs' motion at all. Focusing on only one of Plaintiffs' arguments, Ethicon states that it will brief the remaining issues raised by the Plaintiffs "at such time as Judge Goodwin indicates that he will be hearing argument on these issues." (Ethicon Opp. at 1.) Ethicon's game of "keep-away" is improper: it cannot pick and choose the arguments that it wishes to respond to now and ask to have a second bite at the apple to fully-brief its response later.

Further, the arguments that Ethicon does make only serve to highlight the numerous problems concerning its litigation hold practices and preservation of documents in this litigation. Additional evidence continues to raise serious questions regarding Ethicon's anticipation of litigation, and the Court should revisit Pretrial Order No. 100 in order to address those questions.

**A.     Ethicon has Waived Argument on Plaintiffs' Rule 72(a) Motion**

Ethicon tries to delay responding to Plaintiffs' request to set aside or modify this Court's Pretrial Order No. 100 in order to get a second attempt at drafting a response. (Ethicon Opp. at 1 n. 1.) Ethicon states that, because Plaintiffs' Rule 72(a) requests are "directed to Judge

Goodwin," it does not need to respond to them now. (*Id.*) However, Plaintiffs' presentment of Rule 72(a) arguments in the alternative is proper and does not excuse Ethicon's failure to respond. *See*, *e.g.*, *Burdine v. Covidien Inc.*, No. 10-CV-1942, 2011 U.S. Dist. LEXIS 79306, *2 (E.D. Tenn. July 21, 2011) (plaintiffs filed a "Motion for Reconsideration and Clarification" "or, in the Alternative" "Objections"). It is not customary, nor is it contemplated by the Local Rules of this Court, for a party to wait for some signal from the Court indicating that a response to arguments made in an opposing party's motion is required. See L.R. Civ. P. 7.1(a)(7) (providing 14 days for response briefs and instructing parties to seek leave of court only for the filing of sur-replies). Indeed, the failure to address an opponent's argument typically results in waiver. *See*, *e.g.*, *Keys v. Dart Container Corp.*, No. 1:08-CV-00138-JHM, 2012 U.S. Dist. LEXIS 93755, *19 (W.D. Ky. July 6, 2012) ("a non-moving party waives an argument by failing to address the argument in its response brief"); *Sullivan v. Alcatel-Lucent USA, Inc.*, No. 12 C 7528, 2013 U.S. Dist. LEXIS 82407, *30 (N.D. Ill. June 12, 2013) (failure to address an argument in support of application of the attorney-client privilege to documents resulted in waiver); *McCready v. Title Servs. of Ill., Inc.*, No. 06 C 6280, 2008 U.S. Dist. LEXIS 46520, *7-8 (N.D. Ill. June 16, 2008) ("When a party fails to address an argument in his summary judgment brief, it is deemed a waiver."). The Court should not allow Ethicon to delay briefing on this topic by responding with untimely arguments.

      **B.    Additional Documents Continue to Raise Serious Questions Regarding Ethicon's Anticipation of Litigation**

In its response in opposition, Ethicon excuses the fact that it did not present the Court with litigation holds with respect to three additional cases filed between 2001 and 2005 because the holds "involved hernia mesh products" and were not TVT or Prolift products. (Ethicon Opp. at 3.) Ethicon also argues that, because neither Ethicon nor Johnson & Johnson were named

2

defendants in one of the actions, they could not have reasonably anticipated litigation with respect to their products.  (Ethicon Opp. at 4.)  However, as Ethicon itself acknowledges, those cases involved mesh "*used in a pelvic application*"—and thus were relevant to the inquiry regarding spoliation.  (Ethicon Opp. at 3, emphasis added.)  *See Livingston v. Isuzu Motors, Ltd.*, 910 F. Supp. 1473, 1494 (D. Mont. 1995) (duty triggered by industry-wide events); *Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp. 2d 1173, 1191 (D. Utah 2009) (noting that "computer and component manufacturers were sensitized" to litigation while other lawsuits against other companies related to defects were filed, and during this time, those companies and manufacturers should have been preserving documents); *In re Actos Prods. Liab. Litig.*, No. 11-md-2299, 2014 U.S. Dist. LEXIS 13307, *89 (W.D. La. Jan. 27, 2014) ("Takeda's related argument that reasonable anticipation of other Actos-related products liability litigation did not give rise to a duty to preserve evidence related *to the bladder cancer patients involved in this multi-district litigation* is specious, at best." (emphasis original)).

      All three cases, triggering multiple litigation holds from 2001-2005, involve the *pelvic implant* of an Ethicon mesh product.  Ethicon's classification of these products as "hernia mesh" products is irrelevant.  Ethicon's representative James Mittenthal recently admitted that other mesh litigation, though not necessarily TVT litigation, could put a company on notice that it needed to preserve mesh-related information. (Plaintiffs' Motion, Exhibit 4, Aug. 13, 2013 Mittenthal Dep. 100:3-9.)  And Ethicon appears to have been engaged in litigation involving its mesh products as early as 2001.

      But in addition to these three litigation holds, *six additional* previously-undisclosed litigation holds were recently discovered by Plaintiffs' counsel after the filing of their Motion involving Prolene Mesh (used in Gynecare TVT products), Tension Free Vaginal Tape ("TVT,"

3

the very product at issue in this litigation), Mersilene Mesh, and Mersilene Tape. (Composite Exhibit A, Litigation Holds.) Not only do these litigation holds—like the other previously-undisclosed litigation holds—relate to the pelvic application of Ethicon's products (*see, e.g.*, Exhibit B, *Hartey v. Ethicon, Inc.*, No. 04-cv-05111 (RBS) (E.D. Pa.), First Amended Complaint), they relate directly to the mesh used in the TVT line of products, and to the TVT itself.[1] Even after Plaintiffs believed they had fully-briefed their spoliation motion, Ethicon continued to move the goalposts, raising more questions than answers concerning when Ethicon reasonably anticipated litigation related to its pelvic mesh products, and what documents it should have preserved.[2] This is especially problematic, given that Ethicon failed to produce complete litigation holds to its own witness.

> Q. And you would agree with me that one of the important things for your investigation was to be given everything that was relevant right up front so you could do a complete investigation, right?
> A. My understanding was that I was there to address a certain set of litigation matters, and I was -- I was given the materials to address those matters.
> Q. Well, you were -- you assumed when you were given these documents that you were given all the hold notices. It turned out later you had not been given the earliest hold notice that actually remained in effect regarding the TVT, right?
> A. As I said, I presumed that I was given the hold notices that were applicable to my -- to my assignment.

(Plaintiffs' Motion, Exhibit 3, Feb. 10, 2014 Mittenthal Dep. 725:13-726:5.) This is not an isolated incident of Ethicon failing to provide the Court and Plaintiffs' counsel with a few,

---

[1] Although Plaintiffs originally argued that Ethicon should have reasonably anticipated litigation since at least 2003, these litigation holds suggest that Ethicon was on notice since at least 2001. (Composite Exhibit A.)

[2] Ethicon states that Plaintiffs were being "misleading" by referencing the potential for destroyed laboratory notebooks in their brief. (*See* Ethicon Opp. at 7-8.) However, these notebooks were listed in Mr. Mittenthal's declaration. (Plaintiffs' Motion, Exhibit 3, Feb. 10, 2014 Mittenthal Dep. 748:11-749:14.) And Mr. Mittenthal testified that laboratory notebooks "are part of the design process" (*id*. at 748:9-10), and Mr. Mittenthal could not say that "no documents that would be very important to. . . prove a design defect claim were destroyed." (*Id.* at 733:22-734:9.)

irrelevant litigation holds. Plaintiffs reasonably believe that, as they continue to comb through Ethicon's productions, more litigation holds will be discovered. Ethicon's repeated failure to disclose these holds (even to its own witness) raises serious issues that this Court should address by reconsidering Pretrial Order No. 100.

## CONCLUSION

Plaintiffs' request for clarification and reconsideration should be granted, or, in the alternative, this Court should modify or set aside PTO 100 and find that Ethicon had a duty to preserve documents since at least 2003.

Dated this 19th day of March 2014.

        Respectfully submitted,

        /s/ D. Renee Baggett
        D. RENEE BAGGETT
        BRYAN F. AYLSTOCK
        Aylstock, Witkin, Kreis and Overholtz, PLC
        17 E. Main Street, Suite 200
        Pensacola, Florida 32563
        Phone: (850) 202-1010
        Fax: (850) 916-7449
        rbaggett@awkolaw.com
        baylstock@awkolaw.com

        /s/ Thomas P. Cartmell
        THOMAS P. CARTMELL
        Wagstaff & Cartmell LLP
        4740 Grand Avenue, Suite 300
        Kansas City, Missouri 64112
        Phone: (816) 701-1102
        Fax: (816) 531-2372
        tcartmell@wcllp.com

        *Plaintiffs' Co-Lead Counsel*

        /s/ Edward A. Wallace
        EDWARD A. WALLACE
        MARK R. MILLER

AMY E. KELLER
DAWN M. GOULET
COREY G. RAINES
Wexler Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Phone: (312) 346-2222
eaw@wexlerwallace.com
mrm@wexlerwallace.com
aek@wexlerwallace.com
dmg@wexlerwallace.com
cgr@wexlerwallace.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing via electronic mail to counsel of record on March 20, 2014, after experiencing problems with the Court's CM-ECF filing system on March 19, 2014. I hereby certify that the foregoing will be filed promptly on the Court's CM-ECF system, and that my colleagues have been in contact with the Clerk of the Court in order to cure any filing errors.

/s/ Edward A. Wallace
Edward A. Wallace