# Exhibit B

| DUGAN, BRINKMANN, MAGINNIS AND PACE<br>By:    MARK C. CAVANAUGH, ESQUIRE<br>        ATTORNEY I.D. NO. 44034<br>1880 John F. Kennedy Boulevard, 14th Floor<br>Philadelphia, PA 19103<br>(215) 563-3500 | MAJOR CASE<br>JURY TRIAL<br><br>Attorneys for Plaintiff |
|---|---|
| MARIE HARTEY and EARLE HARRIS,<br>wife and husband,<br>108 Muirfield Drive<br>Blue Bell, PA 19422<br><br>        Plaintiff<br><br>    vs.<br><br>ETHICON, INC.<br>Route 22 West<br>Somerville, NJ 08876<br><br>        Defendant | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br><br>Civil Action No. 04-CV-05111(RBS) |

## FIRST AMENDED COMPLAINT

1.     Plaintiffs, Marie Hartey and Earle Harris are wife and husband and are citizens of the Commonwealth of Pennsylvania, residing at 108 Muirfield Drive, Blue Bell, PA 19422.

2.     Defendant, Ethicon, Inc., is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of New Jersey, with a principal place of business located at Route 22 West, Somerville, NJ 08933.

3.     At all times material hereto, defendant Ethicon, Inc., performed continuous and substantial business in the Commonwealth of Pennsylvania and the County of Philadelphia.

4.     At all times material hereto, defendant Ethicon, was the manufacturer and distributor of Mersilene mesh, a material used as an alternative to human tissue during particular types of reconstructive surgery.

5. Federal Jurisdiction in this matter is upon predicated diversity of citizenship of the parties pursuant to 28 USC § 1332 and the amount in controversy exceeds the sum of $75,000.00.

6. On or about December 9, 1999, plaintiff Marie Hartey came under the care of Marvin Grody, M.D. for treatment of, among other things, urinary incontinence and difficulty with bowel movements.

7. On December 20, 1999, plaintiff Marie Hartey underwent extensive vaginal surgery by Dr. Grody at Temple University Hospital, in the nature of a pelvic floor reconstruction, including, but not limited to; vaginal hysterectomy, intracardinal imbrication repair of central distention cystocele, periurethral fascial sling urethropexy, cystoscopy, cystotomy, full extent anal sphincteroplasty, and significantly, Mersiliene mesh suburethral reenforcement.

8. From December 20, 1999, through June 2000, plaintiff Marie Hartey suffered excruciating pain, increased bladder incontinence and continued difficulty with bowel movements.

9. From December 20, 1999 through June 2000, plaintiff Marie Hartey suffered numerous bladder and urinary tract infections, and as a result was forced to seek treatment for kidney problems.

10. On June 20, 2000, plaintiff Marie Hartey underwent additional surgery for an enlarged kidney. During that surgery, it was learned that Ms. Hartey had suffered an injury to her ureter and that there was massive scarring.

11. Later, plaintiff learned that the scarring was secondary to the use of Mersilene mesh.

12. From December 20, 1999 to the present time, plaintiff Marie Hartey has been forced to undergo, among other things, continuing medical treatment, numerous surgical procedures, daily self-catheterization, and has been forced to endure excruciating pain, fear and humiliation, all to her great detriment and loss.

13. As a result of the negligence, carelessness and other liability-producing conduct of the defendant, plaintiff Marie Hartey has been forced to suffer severe and permanent injuries, including but not limited to injury to her ureter, injury to her kidneys, injuries to her internal organs, urinary incontinence, injury to her bowel, including constipation and/or incontinence; sexual dysfunction; scarring; injuries to her bones, muscles, ligaments, tendons, blood vessels, nerves and nervous system; and emotional, psychological and psychiatric injuries, some or all of which are permanent in nature.

14. The injuries and damages suffered by plaintiff were caused by the negligence, carelessness and other liability-producing conduct of the defendants and were due, in no manner whatsoever, to any act or failure to act on the part of the plaintiffs.

15. The negligence, carelessness and other liability-producing conduct of the defendant increased the risk of harm and the injuries and damages suffered by the plaintiffs.

<u>**COUNT I**</u>
<u>**NEGLIGENCE**</u>
<u>***Plaintiff Marie Hartey vs. Defendant Ethicon***</u>

16. Plaintiffs incorporate by reference paragraphs 1 through 15 above as though fully set forth at length herein.

17. The negligence and carelessness of Defendant Ethicon, by and through their agents, servants, employees and/or ostensible agents consisted of the following:

    a. Designing, manufacturing, supplying and distributing Mersilene mesh in a defective condition when they knew or should have known of said defects;

- 3 -

b. Failing to act reasonably to identify, eliminate or reduce the risks or hazards associated with the intended and foreseeable uses of Mersilene mesh;

c. Failing to utilize existing technology or to apply established engineering, scientific and medical principles to eliminate or reduce the risks and hazards associated with the intended and foreseeable uses of Mersilene mesh;

d. Designing, manufacturing, supplying and distributing Mersilene mesh for use in surgery without the necessary and proper instructions;

e. Designing, manufacturing, supplying and distributing Mersilene mesh which was unreasonably dangerous;

f. Designing, manufacturing, supplying and distributing Mersilene mesh that was unsafe and defective;

g. Designing, manufacturing, supplying and distributing Mersilene mesh that was unsafe for all of its intended and foreseeable purposes and uses;

h. Designing, manufacturing, supplying and distributing Mersilene mesh without proper safeguards, safety devices, safety appliances and safety equipment;

i. Designing, manufacturing, supplying and distributing Mersilene mesh that was improper for the purpose for which Defendant knew it would be used;

j. Designing, manufacturing, supplying and distributing Mersilene mesh without adequate warnings;

k. Negligently designing Mersilene mesh;

l. Negligently manufacturing Mersilene mesh;

m. Negligently supplying Mersilene mesh;

n. Negligently distributing Mersilene mesh;

    o.    Failing to comply with standards, specifications and regulations in the industry; and

    p.    Failing to comply with federal and state statutes and regulations.

18.    As a direct and proximate result of the negligence and carelessness of defendant, Plaintiff Marie Hartey sustained severe and disabling personal injuries, including, but not limited to, injury to her ureter; injury to her kidneys, injury to her internal organs, urinary incontinence; injury to her bowel, including constipation and/or incontinence; sexual dysfunction; scarring; injuries to her bones, muscles, ligaments, tendons, blood vessels, nerves and nervous system; and emotional, psychological and psychiatric injuries, some or all of which are permanent in nature.

19.    As a direct and proximate result of the negligence and carelessness of defendant, Plaintiff Marie Hartey has in the past and will in the future suffer excruciating and agonizing aches, pains, mental anguish, pain and suffering and humiliation.

20.    As a direct and proximate result of the negligence and carelessness of defendant, Plaintiffs have in the past and will in the future be forced to expend vast sums of money for medical care which would otherwise be unnecessary.

21.    As a further direct and proximate result of the negligence and carelessness of defendants, Plaintiff Marie Hartey has been and will be disabled from performing her usual duties, activities and occupations with a consequent loss of earnings and earning power.

WHEREFORE, Plaintiff Marie Hartey demands judgment in her favor and against Defendant, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs of suit.

## COUNT II
## BREACH OF EXPRESS WARRANTY
### *Plaintiff Marie Hartey vs. Defendant Ethicon*

22. Plaintiffs incorporate by reference paragraphs 1 through 21 above as though fully set forth herein at length.

23. Defendant expressly warranted that Mersilene mesh was safe and suitable for use as a substitute for human tissue in certain types of reconstructive surgery.

24. The Mersilene mesh failed to conform to the express warranties created by defendant.

WHEREFORE, Plaintiff Marie Hartey demands judgment in her favor and against Defendant, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs of suit.

## COUNT III
## LOSS OF CONSORTIUM
### *Plaintiff Earle Harris vs. Ethicon*

25. Plaintiff Earle Harris incorporates by reference the allegations contained in paragraphs 1 through 24 above as though each were fully set forth at length herein.

26. The injuries which plaintiff Marie Hartey has suffered as a result of the negligence, carelessness and other liability-producing conduct of the defendants have resulted in her husband Earle Harris' loss of companionship, affections, society and other aspects of his marital relationship.

27. Plaintiff Earle Harris' loss of consortium is a direct and proximate result of the negligence, carelessness and other liability-producing conduct of the defendants.

WHEREFORE, Plaintiff Earle Harris demands judgment in his favor and against defendant in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

Respectfully submitted,

DUGAN, BRINKMANN, MAGINNIS AND PACE

By: _____
MARK C. CAVANAUGH, ESQUIRE

Dated: 7/27/05

- 7 -

## VERIFICATION

I, Mark C. Cavanaugh, Esquire, counsel for the Plaintiff in this matter, avers that the allegations contained in the foregoing **Complaint** are true and correct to the best of my knowledge, information and belief; and that the statements in said **Complaint** are made subject to the penalties of 18 Pa. C. S. §4904 relating to unsworn falsifications to authorities.

_____
MARK C. CAVANAUGH, ESQUIRE

*Verified this* __27th__

*day of* __July__, 2005

## CERTIFICATE OF SERVICE

I, **MARK C. CAVANAUGH, ESQUIRE**, attorney for **PLAINTIFF**, hereby certify that I am duly authorized to make this certification; that on this 27th day of July, 2005, I did cause a true and correct copy of the foregoing Complaint to be served by Certified Mail, postage prepaid, to counsel for Defendant addressed as follows:

Matthew Frey, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996


BY: _____
MARK C. CAVANAUGH, ESQUIRE