UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

-------------------------------------------------------x

| | | |
|---|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | : | CIVIL ACTION NO. 2:12-md-02327 |
| | : | MDL No. 2327 |
| | : | |
| This Document Applies To All Actions | : | Judge Joseph R. Goodwin |
| | : | |
| | : | |

-------------------------------------------------------x

<u>NOTICE OF ISSUANCE OF AMENDED SUBPOENA TO
MARK E. LEO, M.D.</u>

PLEASE TAKE NOTICE, pursuant to *Federal Rule of Civil Procedure 45* and to

the Amended Subpoena and Proof of Service, attached hereto as Exhibit A, that the

undersigned attorney for defendants Ethicon, Inc. and Johnson & Johnson have issued a

Amended Subpoena to Mark E. Leo, M.D., to produce copies of all documents set out in

Exhibit A to the attached Amended Subpoena.

Dated May 2, 2014.

Respectfully submitted,

*/s/Christy D. Jones*____
CHRISTY D. JONES
Butler Snow, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Phone: (601) 985-4567 Fax: (601) 985-4500
christy.jones@butlersnow.com
COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>May 2, 2014,</u> I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/*Christy D. Jones*_____
Christy D. Jones

ButlerSnow 20791391v1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| Plaintiff<br>v.<br>In Re: Ethicon, Inc. Pelvic Repair System Products<br>Liability Litigation<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No.   MDL No. 2327<br><br>AMENDED |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Mark E. Leo, M.D. c/o Urology Specialists of Nevada, 5701 W. Charleston Blvd., Las Vegas, NV 89146
(702) 877-0814

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Exhibit A to Subpoena

| Place: Butler Snow LLP (c/o Jordan Walker)<br>1020 Highland Colony Pkwy, Suite 1400<br>Ridgeland, MS 39157 (jordan.walker@butlersnow.com) | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      5/2/14

CLERK OF COURT

_____          OR          *Jordan Walker*
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendants,
Ethicon, Inc. & Johnson & Johnson, Jordan Walker, Butler Snow LLP      , who issues or requests this subpoena, are:
1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157 (601) 985-4643

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL No. 2327

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE ETHICON, INC. PELVIC
SUPPORT SYSTEMS PRODUCTS
LIABILITY LITIGATION

MDL Case No. 2327

## EXHIBIT A TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO MARK E. LEO, M.D.

### DEFINITIONS

1.      The terms "you" and "your" refer to Mark E. Leo, M.D. and all predecessors, successors, assigns, and present and former agents, servants, employees, representatives and attorneys, collectively and singly, and all other persons acting or purporting to act on its behalf.

2.      The term "Defendants" refers to Defendant Ethicon, Inc. and Johnson & Johnson and all predecessors, successors, assigns, and present and former agents, servants, employees, representatives and attorneys, collectively and singly, and all other persons acting or purporting to act on its behalf.

3.      The term "pertaining to" means evidencing, mentioning, memorializing, describing, constituting, containing, concerning, reflecting, summarizing, referring to, relating to, supporting, refuting and purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, relate to, support, refute, and in any way being relevant to, in whole or in part, the subject matter referred to in the particular document request in which the term is used.

4.      The term "communication" or "communications" means the giving or exchanging of information by verbal expression, gesture, writings, or any other means of conveying information or any request for information by such means.

5.     The term "document" or "documents" means and includes the original form of a writing, however produced or reproduced, including the following, which is listed by way of example, and without limitation: correspondence, memoranda (including internal or interoffice memoranda), transmittals, advertisements, sales brochures, audit request forms, audit responses, audit reports, statements, agreements, contracts, deeds and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, notes, reports, studies, analyses, records, evaluations, checks, charts, ledgers, checkbooks, canceled checks, check stubs, cash receipts, check registers, bank statements, invoices, journals and other business, financial or budget records, band card statements, credit or charge card statements, tables, tabulations, compilations, summaries, indices, information stored on magnetic media such as a floppy diskettes, computer disk, hard computer disk, or other computer storage system, abstracts, applications, licenses, drawings, blueprints, labels, tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, personal records, diaries, notebooks, minutes, employment applications, resumes, personnel records, medical records, employment references, diplomas, orders, photographs, moving pictures, all sound recordings, video or film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, and other matter which contains any form of "communication" or representation.

6.     The term "document" also includes each and every draft or version, and all non-identical copies of any document, including, but not limited to, those that contain markings, symbols, interlineation, comments, or notations of any kind on the front or back thereof.

7.     The term "person" or "persons" as used herein means all natural persons, corporations, partnerships or other business associations, organizations, government or

governmental subdivisions and all other legal entities (including you), including all members, officers, directors, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8.    "Identify" when referring to documents means to give, to the extent known, the

    a.   Type of document;

    b.   General subject matter;

    c.   Author(s), addressee(s), and recipient(s) and

    d.   Date the document was prepared.

9.    "Mesh product" means any product intended for the treatment of pelvic organ prolapse or stress urinary incontinence.

## INSTRUCTIONS

1.    Produce all requested documents which are in your possession, custody or control, or which are within the possession, custody or control of your legal counsel, accountant, agents, other representatives, employees or all other persons acting on your behalf. In the event that you cannot produce all of the documents designated in this particular request, you shall produce those documents which you can produce and describe in detail each reason for your failure or inability to produce each of the remaining documents.

2.    Produce each and every requested document regardless of the date of its creation, unless otherwise specified in a particular document request.

3

3.     Produce the original of any document requested. Each non-identical version of any document shall constitute a separate document. Each draft or version of any document shall also constitute a separate document.

4.     Documents in the form of any magnetic tapes, discs, diskettes, drives, data cards, data-processing files and other computer-readable records or programs must be produced in a reasonably usable form (*e.g.*, by printing or downloading such documents onto paper without alteration, and/or by producing such documents, without alteration, on a CD or DVD in Rich Text Format or any other format readable by a personal computer using Microsoft Word for Windows).

5.     If you do not produce any document because of a claim of confidentiality, privilege, or any other protection from production including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, your response shall state the following information regarding the document in sufficient detail and with sufficient particularity to enable a court to adjudicate the validity of such claim:

      a.     Which privilege and/or protection is claimed;

      b.     A statement of the facts upon which such claim of privilege and/or protection is based;

      b.     Whether any non-privileged or non-protected matter is included in the document;

      c.     The following information as to each purportedly privileged and/or protected document, to the extent known:

            i.     Its type (*e.g.*, letter, memorandum, photograph, tape, etc.).

            ii.    The date on which it was prepared.

            iii.   The date it bears.

            iv.    The date on which it was sent.

4

v.    The date on which it was received.

vi.    The identity of the person or persons sending it.

vii.    The identity of each person to whom it was sent, directed or furnished, together with their job title at the time they obtained the document.

viii. The identity of the person or persons who prepared it, who signed it, and/or over whose name it was sent or issued.

ix.    A statement as to whom each person represented or purported to represent.

x.    A statement of the subject matter of the document.

xi.    A precise description of the place where said document is kept, including:

    i.    The title or description of the file in which said document may be found; and

    ii.    The exact location of such file.

xii.    The number of pages in the document.

xiii. The identity of each person who has custody or control over the document and each copy thereof.

6.    Whenever you object to a particular request or portion thereof, you must produce all documents called for that are not subject to that objection. Similarly, whenever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, and/or information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

7.    For the convenience of the Court and the parties, please set forth each document request in full immediately preceding your response thereto.

5

8.      You are required to produce the requested documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

9.      In answering a request, the use of a plural term shall be read to include the singular (and vice versa).

10.      The connectives "and" and "or" throughout this Request shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.      Produce all documents identified in any Document Request.

## DOCUMENT REQUESTS AND REQUESTS FOR THINGS

**DOCUMENT REQUEST NO. 1:**

All documents, including communications, relating in any way to Kathleen Alsbury.

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:**   All documents, including communications, relating in any way to any litigation involving the Defendants and/or any mesh products manufactured by Ethicon, Inc.. This request includes any and all communications with any lawyer involved in any way in such litigation.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:**    All documents, including agreements, contracts, and/or communications, relating to One Point Orthopedic and Neurological Group, LLC, and any of its principals, employees, representatives, or agents, including, but not limited to, Otto Fisher or Gina Marie Fiorese.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:**    All documents, including agreements, contracts and/or communications, relating to Medstar Funding and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Dan Christensen, Lisa Christensen, Denise Roman, or Maria Reyes.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:**    All documents, including agreements, contracts, and/or communications, relating to Physicians Surgical Group or Physicians Surgical Group of Boca Raton and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Christopher Liva, Mark Fritz, Amanda McLaughlin, Matt Lister, or Carolyn Via.

**RESPONSE:**

7

**DOCUMENT REQUEST NO. 6:**    All documents, including agreements, contracts, and/or communications, relating to Perimeter Surgery Center and any of its subsidiaries, principals, employees, representatives, or agents, including, but not limited to, Cindy Smith, and that involve any surgery or procedure relating to a mesh product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:**    All documents, including agreements, contracts, and/or communications, relating to Sanctuary Surgical and Anesthesia Center, LLC, and any of its subsidiaries, principals, employees, representatives, or agents, and that involve any surgery or procedure relating to a mesh product, including, but not limited to, Christopher Liva, Mark Fritz, Amanda McLaughlin, Matt Lister or Carolyn Via.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:**   All documents, including communications, contracts or agreements related to any attempt by you, your employees, representatives, or agents, to recruit, enroll, or involve any doctors or other medical professional in any plan or program related to vaginal mesh surgery.

**RESPONSE:**

8

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian above-named entity to disclose to
_The Marker Group, Inc._          13105 Northwest Freeway, Suite 300, Houston, TX 77040    ,
any and all medical records, including those that may contain protected health information (PHI) regarding
_Kathleen A. Alsbury_      , whether created before or after the date of signature. This authorization
specifically does not permit      The Marker Group, Inc.      to discuss any aspect of medical care or
circumstances ex parte and without the presence of my attorney. Records requested may include, but are
not limited to:

    a)    all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and
            histories, laboratory reports, operating room records, discharge summaries, progress notes, patient
            intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records,
            communicable disease testing and treatment records, correspondence, prescription records, medication
            records, orders for medications, therapists' notes, social worker's records, insurance records, consent
            for treatment, statements of account, itemized bills, invoices and any other papers relating to any
            examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents
            containing information regarding amendment of protected health information (PHI) in the medical
            records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other
            radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and
            requisition records, and any other written materials in its possession relating to any and all medical
            diagnoses, medical examinations, medical and surgical treatments or procedures. I expressly request
            that all covered entities under HIPAA identified above disclose full and complete protected medical
            information. This authorization and release does not allow    The Marker Group, Inc.
            to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or
            hematology slides, wet tissue or tissue blocks.

    b)    complete copies of all prescription profile records, prescription slips, medication records, orders for
            medication, payment records, insurance claims forms correspondence and any other records. I
            expressly request that all covered entities under HIPAA identified above disclose full and complete
            protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
_Kathleen A. Alsbury, et ano._  v. _Ethicon, Inc., et ano._ or (ii) five (5) years after the date of signature of the
undersigned below. The purpose of this authorization is for civil litigation.

**NOTICE**

- The individual signing this authorization has the right to revoke this authorization at any time, provided the
  revocation is in writing to     The Marker Group, Inc.     except to the extent that the entity has already
  relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is
  directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the
  individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed
  pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the
  disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS
  records and information to     The Marker Group, Inc.     .
- The individual signing this authorization understands information authorized for release may include records
  that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that she/he shall be entitled to receive a copy of all
  documents requested via this authorization within a reasonable period of time after such records are
  received by _____ The Marker Group, Inc. _____.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to
The Marker Group, Inc.

| | |
|---|---|
| Kathleen A. Alsbury | _Koatlee A. Alsbury_ |
| **Name of Patient** | **Signature of Patient or Individual** |
| Kathleen Alonzo; Kathleen Maleski; Kathleen Martini | |
| **Former/Alias/Maiden Name of Patient** | **Date** |
| 9/1/1948 | |
| **Patient's Date of Birth** | **Name of Patient Representative** |
| 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 | |
| **Patient's Social Security Number** | **Description of Authority** |
| 257 Glasgow St., Henderson, NV 89015 | |
| **Patient's Address** | |

**AUTHORIZATION AND CONSENT**
**TO RELEASE PSYCHOTHERAPY NOTES**

Name of Individual: Kathleen A. Alsbury
Social Security Number: 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
Date of Birth: 9/1/1948
Provider Name:

TO:        All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

        The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and
employees

        The Social Security Administration

        Open Records, Administrative Specialist, Department of Workers' Claims

        All employers or other persons, firms, corporations, schools and other educational institutions

        The undersigned individual herby authorizes each entity included in any of the above categories to
furnish and disclose to  The Marker Group, Inc.      13105 Northwest Freeway, Suite 300, Houston, TX 77040
and its authorized representatives, with true and correct copies of all "psychotherapy notes", as such term is
defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term
"psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health
professional documenting or analyzing the contents of conversation during a private counseling session or a
group, joint or family counseling session and that are separated from the rest of the individual's record. This
authorization does not authorize ex parte communication concerning same.

-    This authorization provides for the disclosure of the above-named patient's protected health
  information for purposes of the following litigation matter: Kathleen A. Alsbury, et ano.       v.
  Ethicon, Inc., et ano.

-    The undersigned individual is hereby notified and acknowledges that any health care provider or
  health plan disclosing the above requested information may not condition treatment, payment,
  enrollment or eligibility for benefits on whether the individual signs this authorization.

-    The undersigned individual is hereby notified and acknowledges that he or she may revoke this
  authorization by providing written notice to either Butler, Snow, O'Mara, Stevens & Cannada, PLLC
  1200 Jefferson Avenue  Oxford, MS 38655 and to  The Marker Group, Inc.           and/or to one or
  more entities listed in the above categories, except to the extent that any such entity has taken
  action in reliance on this authorization.

-    The undersigned is hereby notified and acknowledges that he or she is aware of the potential that
  protected health information disclosed and furnished to the recipient pursuant to this
  authorization is subject to redisclosure by the recipient for the purposes of this litigation in a
  manner that will not be protected by the Standards for the Privacy of Individually Identifiable
  Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

-    The undersigned is hereby notified that he/she is aware that any and all protected health
  information disclosed and ultimately furnished to  The Marker Group, Inc.          in
  accordance with orders of the court pursuant to this authorization will be shared with any and all

co-defendants in the matter of Kathleen A. Alsbury, et ano.   v. Ethicon, Inc., et ano.

- and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of Kathleen A. Alsbury, et ano.   v. Ethicon, Inc., et ano or (ii) five (5) years after the date of signature of the undersigned below.

I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to _____ The Marker Group, Inc. _____ and its authorized representatives, by any entities included in the categories listed above.

Date: _____        _Kathleen A. Alsbury_____

                                                     Signature of Individual or Individual's Representative

Individual's Name and Address:
Kathleen A. Alsbury

                                                     _____

                                                     Printed Name of Individual's Representative (If applicable)

257 Glasgow St.

                                                     _____

                                                     Relationship of Representative to Individual (If applicable)

Henderson, NV 89015

                                                     _____

                                                     Description of Representative's authority to act for Individual (If applicable)

This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").

## AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to The Marker Group, Inc.        13105 Northwest Freeway, Suite 300, Houston, TX 77040        , any and all records containing insurance information, including those that may contain protected health information (PHI) regarding   Kathleen A. Alsbury        , whether created before or after the date of signature.  Records requested may include, but are not limited to:

    applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of Kathleen A. Alsbury, et ano.        v. Ethicon, Inc., et ano or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

### NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to the** ___The Marker Group, Inc.___ **, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by** ___The Marker Group, Inc.___ **.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to ___The Marker Group, Inc.___ .

Kathleen A. Alsbury
_____
Name of Individual

Kathleen Alonzo; Kathleen Maleski; Kathleen Martini
_____
Former/Alias/Maiden Name of Individual

9/1/1948
_____
Individual's Date of Birth

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
_____
Individual's Social Security Number

257 Glasgow St., Henderson, NV 89015
_____
Individual's Address

Kathleen A. AlsBury
_____
Signature of Individual or Individual Representative

_____
Date

_____
Name of Individual Representative

_____
Description of Authority

**AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of ___The Marker Group, Inc.___ 13105 Northwest Freeway, Suite 300, Houston, TX 77040___, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding ___Kathleen A. Alsbury___, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of ___The Marker Group, Inc.___ to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of ___Kathleen A. Alsbury___; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of ___Kathleen A. Alsbury, et ano.___ v. ___Ethicon, Inc., et ano___ or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by ___The Marker Group, Inc.___ without the presence of my attorney.

> **NOTICE**
> - The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to ___The Marker Group, Inc.___, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
> - The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
> - The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
> - The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
> - The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by ___The Marker Group, Inc.___.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI
to ___The Marker Group, Inc.___ .

| | |
|---|---|
| Kathleen A. Alsbury | _Kathleen A. Alsbury_ (signature) |
| Name of Individual | Signature    of    Individual    or    Individual |
| Kathleen Alonzo; Kathleen Maleski; Kathleen Martini | |
| Former/Alias/Maiden Name of Individual | Date |
| 9/1/1948 | |
| Individual's Date of Birth | Name of Individual Representative |
| 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 | |
| Individual's Social Security Number | Description of Authority |
| 257 Glasgow St., Henderson, NV 89015 | |
| Individual's Address | |

**AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose
_____The Marker Group, Inc._____13105 Northwest Freeway, Suite 300, Houston, TX 77040_____, any
and all records containing employment information, including those that may contain protected health
information (PHI) regarding _____Kathleen A. Alsbury_____, whether created before or after the date
of signature. Records requested may include, but are not limited to:

> all applications for employment, resumes, records of all positions held, job descriptions of positions
> held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and
> reports of fellow employees, attendance records, worker's compensation files; all hospital, physician,
> clinic, infirmary, nurse, dental records; test results, physical examination records and other medical
> records; any records pertaining to medical or disability claims, or work-related accidents including
> correspondence, accident reports, injury reports and incident reports; insurance claim forms,
> questionnaires and records of payments made; pension records, disability benefit records, and all
> records regarding participation in company-sponsored health, dental, life and disability insurance plans;
> material safety data sheets, chemical inventories, and environmental monitoring records and all other
> employee exposure records pertaining to all positions held; and any other records concerning
> employment with the above-named entity. I expressly request that all covered entities under HIPAA
> identified above disclose full and complete protected medical information. By signing this authorization,
> I expressly do not authorize any ex parte interview or oral communication about me or my employment
> history by ____The Marker Group, Inc._____ without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
Kathleen A. Alsbury, et ano.  v. Ethicon, Inc., et ano. or (ii) five (5) years after the date of signature
of the undersigned below. A copy of this authorization may be used in place of and with the same
force and effect as the original. The purpose of this authorization is for civil litigation.

**NOTICE**
- The individual signing this authorization has the right to revoke this authorization at any
  time, provided the revocation is in writing to _____The Marker Group, Inc._____,
  except to the extent that the entity has already relied upon this Authorization to disclose
  protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom
  this authorization is directed may not condition treatment, payment, enrollment or
  eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information
  (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the
  recipients and that, in such case, the disclosed PHI no longer will be protected by federal
  privacy regulations.
- The individual signing this authorization understands information authorized for release
  may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that they shall be entitled to
  receive a copy of all documents requested via this authorization within a reasonable
  period of time after such records are received by _____The Marker Group, Inc._____.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to ___The Marker Group, Inc._____.

Kathleen A. Alsbury
**Name of Employee**

Kathleen Alonzo; Kathleen Maleski; Kathleen Martini
**Former/Alias/Maiden Name of Employee**

9/1/1948
**Employee's Date of Birth**

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
**Employee's Social Security Number**

257 Glasgow St., Henderson, NV 89015
**Employee's Address**

Kathleen A. Alsbury
**Signature of Employee or Employee Representative**

**Date**

**Name of Employee Representative**

**Description of Authority**

**AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
___The Marker Group, Inc.___ ___13105 Northwest Freeway, Suite 300, Houston, TX 77040_____, any
and all records containing Workers' Compensation information, including those that may contain protected
health information (PHI) regarding ___Kathleen A. Alsbury___, whether created before or after the date
of signature.  Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records,
> transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident
> reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made;
> investigatory reports and records; applications for employment; records of all positions held; job descriptions of any
> positions held; salary records; performance evaluations and reports; statements and comments of fellow employees;
> attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health
> or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments
> made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or
> invoices; and any other records relating to the above-named individual.  Copies (NOT originals) of all x-rays, CT
> scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any
> corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and
> complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
___Kathleen A. Alsbury, et ano.___ **v.** ___Ethicon, Inc., et ano.___ or (ii) five (5) years after the date of signature of the
undersigned below. The purpose of this authorization is for civil litigation.  This authorization is for the
release of records only and does not allow for ex parte communications regarding the subject matter of this
release and without the presence of my attorney.

NOTICE
- The individual signing this authorization has the right to revoke this authorization at any
  time, provided the revocation is in writing to ___The Marker Group, Inc._____,
  except to the extent that the entity has already relied upon this Authorization to disclose
  protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom
  this authorization is directed may not condition treatment, payment, enrollment or
  eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information
  (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the
  recipients and that, in such case, the disclosed PHI no longer will be protected by federal
  privacy regulations.
- The individual signing this authorization understands information authorized for release
  may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that they shall be entitled to
  receive a copy of all documents requested via this authorization within a reasonable
  period of time after such records are received by ___The Marker Group, Inc._____.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to The Marker Group, Inc.

| | |
|---|---|
| Kathleen A. Alsbury | *Kathleen Alsbury* |
| Name of Individual | Signature of Individual or Individual Representative |
| Kathleen Alonzo; Kathleen Maleski; Kathleen Martini | |
| Former/Alias/Maiden Name of Individual | Date |
| 9/1/1948 | |
| Individual's Date of Birth | Name of Individual Representative |
| 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 | |
| Individual's Social Security Number | Description of Authority |
| 257 Glasgow St., Henderson, NV 89015 | |
| Individual's Address | |

**Social Security Administration**
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

## TO: Social Security Administration

| Kathleen A. Alsbury | 9/1/1948 | 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 |
|---|---|---|
| *Name | *Date of Birth | *Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

| *NAME | *ADDRESS |
|---|---|
| Butler, Snow, O'Mara, Stevens & Cannada, PLLC | 1200 Jefferson Avenue, Oxford, MS 38655 |
| The Marker Group, Inc. | 13105 Northwest Freeway, Suite 300, Houston, TX 77040 |

**\*I want this information released because:**
*There may be a charge for releasing information.*

**\*Please release the following information selected from the list below:**
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

- [ ] Social Security Number
- [ ] Current monthly Social Security benefit amount
- [ ] Current monthly Supplemental Security Income payment amount
- [ ] My benefit/payment amounts from _____ to _____
- [ ] My Medicare entitlement from _____ to _____
- [ ] Medical records from my claims folder(s) from _____ to _____
  *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*
- [ ] Complete medical records from my claims folder(s)
- [ ] Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.)

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

| *Signature: *Kathleen A. Alsbury* | *Date: _____ |
|---|---|
| Relationship *(if not the individual)*: _____ | *Daytime Phone: (702) 522-7813 |

Form SSA-3288 (07-2010) EF (07-2010)

### 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

| | | |
|---|---|---|
| Kathleen A. Alsbury | | 9/1/1948 |

1. **Print Name**           **Medicare Number**           **Date of Birth**
   (First and last name of the person with Medicare) (Exactly as shown on the Medicare Card) (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   **2A:  Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   **2B:  Complete <u>only</u>  if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment  information)

   _____

3. **Check only <u>one</u> box below indicating how long Medicare can use this  authorization to disclose your personal health information** (subject to applicable  law—for example, your State may limit how long Medicare may give out your  personal health information):

   ☐ Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only
      beginning: (mm/dd/yyyy)_____ and ending: (mm/dd/yyyy) _____

4. **Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:**

    1. Name:   Butler, Snow, O'Mara, Stevens & Cannada, PLLC

       Address:   1200 Jefferson Avenue

                 Oxford, MS 38655

    2. Name:   The Marker Group, Inc.

       Address:   13105 Northwest Freeway, Suite 300

                 Houston, TX 77040

    3. Name:   _____

       Address:   _____

                 _____

5.

> **I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**
>
> *[signature]*    702-522-7873      _____
> Signature           Telephone Number    Date (mm/dd/yyyy)
>
> Print the address of the person with Medicare  (Street Address, City, State, and ZIP)
>
> 257 Glasgow St., Henderson, NV 89015
>
> _____
>
> ☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This _only_ applies if someone other than the person with Medicare signed above.
>
> Print the Personal Representative's Address (Street Address, City, State, and ZIP)
>
> _____
>
> _____
>
> Telephone Number of Personal Representative: _____
>
> Personal Representative's Relationship to the Beneficiary: _____