IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2327<br><br>Judge: Joseph R. Goodwin |

## MOTION FOR ENTRY OF PRETRIAL ORDER FOR CENSUS SPREADSHEET

Defendants JOHNSON & JOHNSON ("J&J") and ETHICON, INC. ("Ethicon"), hereinafter collectively referred to as "Defendants," by and through their attorneys, hereby move for the entry of an Order requiring plaintiffs' counsel to submit a Census Spreadsheet in the form attached to this motion. In support of this motion, Defendants state as follows:

1. Roughly 20,000 cases are now pending in MDL 2327. These cases fall generally into two categories: those involving devices used to treat pelvic organ prolapse, and those involving devices used to treat stress urinary incontinence. Ethicon's prolapse devices were decommercialized in June 2012 and thus are no longer available to physicians. Ethicon's SUI products (with one exception) continue to be used daily in the treatment of that condition; indeed, they are the standard of care. Approximately one third of Plaintiffs in this MDL claim injury from a decommercialized product.

2. The Court has made known its desire to move this litigation towards resolution, and has encouraged the parties to consider mechanisms by which large numbers of cases might be addressed together. Significant disparity exists between an individual plaintiffs' counsel's

CH01/ 26179073.1

ability to obtain and analyze information about his clients' claims, as compared to the Defendants.  In October 2013, the Court entered PTO #17, requiring each Plaintiff to complete and submit a Plaintiff Profile Form.  This PPF was intended to provide basic product identification and injury information to be used primarily to select and eliminate cases for discovery in the Discovery Pool; only those Plaintiffs selected to the Discovery Pool were required to submit the more complete Plaintiff Fact Sheet.  PTO #17 also requires each Plaintiff to provide medical records in her "possession or control" but does not obligate those Plaintiffs to provide with the PPF all medical records supporting their injury claims.  As a result, many Plaintiffs have complied with PTO #17 by providing records related primarily or exclusively to product identification and implantation.  Thus, in order to understand and evaluate the injury claims of most Plaintiffs, Defendants presently must use authorizations to collect medical records and then conduct their own review and analysis of these often voluminous records.  This is information the individual Plaintiff's counsel would be expected to have prepared for each client; the burden on Plaintiffs' counsel to provide that information in a specified format is minimal compared to the burden on Defendants to gather and analyze the necessary medical records for more than 10,000 claimants.

      The PPF specifically requests certain information about "removal/revision surgery."  When the PPF was drafted, the Parties did not anticipate the variety of procedures that later could and would be broadly characterized as "removal/revision surgery."  In practice, the "removal/revision surgery" information provided in the PPFs tells little more than the Plaintiff had some sort of procedure on a given date, as Plaintiffs' counsel differ in the criteria by which they categorize individual claims as "surgical cases."  It is almost impossible to discern, even from a fully completed PPF, whether a given plaintiff had a partial or full explant under general

anesthesia of an Ethicon product, or an "in office" procedure requiring no anesthesia at all, or simply the implantation of another device due to recurrence (or even a de novo condition) rather than an alleged mesh-related complication.

This disparity in the availability of information, combined with the uncertainty as to what "surgery" or "explant" or "revision" actually means in a given case, have made it nearly impossible for Defendants to effectively evaluate large numbers of cases, and have hampered Defendants in their efforts to devise appropriate resolution strategies. If the parties are to achieve the Court's goals, there must be an accurate census of pending cases and the true nature of the claims asserted by those plaintiffs.

3. In order to provide such a census, Defendants request that a Pretrial Order be entered requiring the registration of all cases served and filed in MDL 2327 on or before February 15, 2014, that involve one or more of Ethicon's decommercialized devices (Prolift, Prolift+M, Prosima, TVT-Secur, and Gynemesh PS used transvaginally) – whether alone or in combination with another Ethicon or non-Ethicon device.

4. Defendants request that the Order require Primary Counsel, as defined in Paragraph 5, to register all claims in which they have an Interest, as defined in Paragraph 6, relating to transvaginal surgical mesh products manufactured by Ethicon, Inc. (the requested order would not apply to claims that do not involve an Ethicon product).

5. "Primary Counsel" shall mean the Counsel of Record, if a case has been filed by one law firm. If a case has been filed by more than one firm, the firms filing such a case shall designate one firm among them as Primary Counsel, solely for the purpose of this registration.

6. Counsel shall be deemed to have an "Interest" in a claim against Ethicon, Inc. if Counsel or any person affiliated with, or related in any way to, Counsel:

    a) Has an engagement or retainer agreement with a person to represent that person in relation to an Ethicon, Inc. transvaginal surgical mesh product;

    b) Is listed as the counsel of record for a plaintiff in a filed pleading related to an Ethicon, Inc. transvaginal surgical mesh product;

    c) Has entered an appearance for a plaintiff in any legal action related to an Ethicon, Inc. transvaginal surgical mesh product;

    d) Would benefit directly or indirectly from any claim payment connected with an Ethicon, Inc. transvaginal surgical mesh product; or

    e) Otherwise has any financial interest of any kind whatsoever in any claim of such plaintiff connected with an Ethicon, Inc. transvaginal mesh product.

7. Defendants request that registration of claims by Primary Counsel shall be provided completely and accurately in the form of a Census Spreadsheet attached as Exhibit A to this Motion for Pretrial Order.

8. The submission of information in the requested format should enable Defendants to expedite the evaluation of cases, and also insures that MDL Plaintiffs Liaison Counsel has access to the same information as Defendants regarding the cases filed in this MDL.

8. Defendants request that the Order require Primary Counsel to serve the Census Spreadsheet via email on one or more plaintiffs' liaison counsel in MDL 2327, and Christy Jones, counsel for Ethicon, Inc., by no later than June 15. 2014.

9. Defendants request that the Order require Primary Counsel to certify, pursuant to 28 U.S.C. § 1746, that the information contained in the Census Spreadsheet (Exhibit A) is true, complete and correct to his or her knowledge and that submission of the Census Spreadsheet (Exhibit A) constitutes a representation to the court that the list of claimants and information

provided therein is true, complete and correct.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court enter the requested Pretrial Order for Census Spreadsheet attached to this motion.

Dated: May 8, 2014.

Respectfully submitted,

*Is! Christy D. Jones*____
CHRISTY D. JONES
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Phone: (601) 985-4567 Fax: (601) 985-4500
christy.jones@butlersnow.com
COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/*Christy D. Jones*_____
Christy D. Jones
