UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

---

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327 |
| | MDL No. 2327 |
| This Document Applies To All Actions | Judge Joseph R. Goodwin |

---

**RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR ORDER REQUIRING PRESERVATION OF EXPLANTED MESH**

As this Court is aware, there are over 20,000 cases currently pending in MDL No. 2327 against Ethicon and Johnson & Johnson (hereinafter "Defendants") concerning injuries plaintiffs have suffered following their use of Defendants' pelvic mesh products. After unsuccessfully attempting to negotiate with Defendants concerning a protocol on preserving explant materials, Defendants filed a wholesale motion requiring preservation of explanted meshes and other pathology. While Plaintiffs agree generally that a preservation order would assist the Parties, Plaintiffs oppose the broad scope and ambiguity proposed by Defendants in their motion, which requires plaintiffs to advise their healthcare providers to not only preserve explant material but to use "*appropriate measures for doings so*" and "*in a condition that enables Defendants to do their own testing.*"

Defendants make no effort whatsoever to define events that might trigger an obligation to notify plaintiffs' healthcare providers to preserve explant material or other pathology nor have they provided any details concerning what "measures" Defendants unilaterally deem appropriate to enable Defendants' experts to do testing. Defendants' approach is not only impractical but is insufficiently detailed on what methods Defendants are proposing and will lead to confusion,

delay, inappropriate handling of evidence and undue burden on already overburdened pathology departments around the country.  Accordingly, Defendants' motion must be denied.

Rather than grant Defendants' overly broad and highly ambiguous motion, Plaintiffs instead respectfully request that this Court adopt, in large part, the preservation order already entered by this Court in IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION.[1]  See MDL No. 2187, Pretrial Order #121, Doc No. 863 attached hereto as Exhibit A.  The proposed preservation order attached by Plaintiffs here as Exhibit B proposes a commonsense approach that uses reliable methods already in place at explant facilities.  Unlike the Defendants' motion, Plaintiffs' proposed preservation order defines when a particular plaintiff's counsel will be required to send letters to healthcare facilities regarding the need to collect and preserve histology and explant materials and the manner in which those materials should be preserved.

Specifically, Plaintiffs' proposed order would apply to "all current and future actions selected for trial preparation in MDL 2327 pursuant to order of the Court, as well as any similar future Pretrial Orders designating individual action for trial preparation" and will trigger the particular plaintiff's counsel to send preservation letters, instructions for collection and preservation as well as chain of custody forms once the plaintiff's attorney is put on notice of: 1) a scheduled or planned surgical procedure to revise, excise or explant the mesh device or 2) that explant material exists.  Unlike what the Defendants propose in their motion, Plaintiffs' proposed order, like the similar Bard Order, PTO 121, also details, with specificity, the manner and methods by which the explant materials should be preserved and divided so that both Parties have equal access to the material for their respective experts' analyses.

---

[1] Plaintiffs' proposed preservation order adopts, in large part, the order entered by this Court in the Bard MDL except the Plaintiffs here have removed the requirement to preserve explant material in common saline which is not a reliable method for preserving human tissue and explanted polypropylene material under the circumstances.

Accordingly, the Plaintiffs respectfully ask that Defendants' motion be denied and that Plaintiffs' proposed order on preservation of explant materials, attached hereto as Exhibit B, be adopted and entered by this Court.

Finally, due to the complexities involved in the preservation of tissue and explant material as well as the importance of the within motion to literally tens of thousands of plaintiffs who will be affected by this protocol, Plaintiffs request that oral arguments on Defendants' motion and Plaintiffs' Opposition be heard by Judge Eifert in Huntington, WV on a date and at a time that is convenient for the Court.

Dated: May 12, 2014

Respectfully submitted,

/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com

/s/ Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1102
F: 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/

*Plaintiffs' Co-Lead Counsel*

/s/ Benjamin H. Anderson
BENJAMIN H. ANDERSON (0067466)
Anderson Law Offices
1360 West 9th Street, Suite 215
Cleveland, Ohio 44113
P: 216-589-0256
F: 216-916-0988
ben@andersonlawoffices.net
http://www.andersonlawoffices.net/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327 |
| | MDL No. 2327 |
| This Document Applies To All Actions | Judge Joseph R. Goodwin |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on May 12, 2014, using the Court's CM-ECF filing system, thereby sending of the filing to all counsel of record for this matter.

/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com