# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## NOTICE TO TAKE ORAL DEPOSITION
## OF DEFENDANTS THROUGH DESIGNATED WITNESSES

TO:   Defendants Ethicon, Inc. and Johnson & Johnson, Inc. (hereinafter "Defendants") and their Attorneys of Record.

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendants' corporate designees on June 19, 2014 at the offices of Riker Danzig in Morristown, New Jersey. The witness(es) shall be prepared to testify concerning the subject matters identified in Exhibit "A", attached hereto. The witness shall produce documents identified in Exhibit "B", attached hereto, prior to the deposition. The deposition will be taken before a person authorized by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day-to-day until the examination is completed.

## DEFINITIONS

All definitions and rules of instructions set forth in Fed. Rule Civ. P. 30(b)(6) shall apply to all requests for information herein. To the extent a term commonly in use in the medical device industry is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the medical device industry.

1.     "Concerning" means referring to, describing, evidencing, or constituting.  See LR Civ. P 26.2(c)(7).

2.     "Defendants", "Ethicon, Inc.", "Johnson & Johnson Inc.", "you" or "your" refers to, without limitation, Ethicon, Inc., Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

3.     "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.  A draft or non-identical copy is a separate document.  *See* LR Civ. P. 26.2(c)(2); *see also* FR Civ. P 34(a).

4.     "TVT" includes the TVT "classic" Tension Free Vaginal Tape System device cleared by the FDA on or about January 1, 1998, the TVT-Obturator, TVT-Secur, TVT-Abbrevo, TVT-Exact, TVT SCION, TVTO-PA and the IVS (Intravaginal slingplasty device) which was developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI).  The term "TVT" also includes any prototypes or components of the TVT products, as well as any kits or tools designed to be sold with the TVT including, but not limited to the TVT-AA and TVT-D.

5.     "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

This 20th Day of May, 2014.

**PLAINTIFFS' CO-LEAD COUNSEL**

By: \_\_\_\_/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com
 *Plaintiffs' Co-Lead Counsel*

**EXHIBIT "A"**

**DEPOSITION SUBJECT MATTER**

Pursuant to Rule 30(b)(6), the deponent(s) must have knowledge and shall be able to testify concerning the following subject matters:

1. The identity of and the terms and conditions of any and all agreements between Defendants and the following individuals during the Relevant Time Period:

- a. Pia Heinonen
- b. Seija Ala-Nissila
- c. Pentti Kiiholma
- d. Eija Laurikainen
- e. Menahem Neuman
- f. Igor But
- g. Metka Faganelj
- h. Maurizio Serati
- i. Fabio Ghezzi
- j. Elena Cattoni
- k. Andrea Braga
- l. Gabriele Siesto
- m. Marco Torella
- n. Antonella Cromi
- o. Domenico Vitobello
- p. Stefano Salvatore
- q. Rune Svenningsen

r.  Anne Staff

s.  Hjalmar Schiotz

t.  Kari Western

u.  Sigurd Kulseng-Hanssen

v.  Starvos Athanasiou

w.  Themos Grigoriadis

x.  Dimitrios Zacharakis

y.  Nikolaos Skampardonis

z.  Dionysia Lourantou

aa. Aris Antsaklis

bb. Ulla-Beth. Kroon

cc. Thomas Aigmueller

dd. Gerda Trutnovsky

ee. Karl Tamussino

ff.  Julia Kargl

gg. Anna Wittmann

hh. Milana Surtov

ii.  Petra Kern

jj.  Andrea Frudinger

kk. Andrea Frudinger

ll.  Vesna Bjelic-Redisic

mm.   Ingegerd Olsson

nn. Anna-Karin Abrahamsson

2. All amounts paid by Defendants during the Relevant Time Period to the individuals identified in Subject #1 above and the reason for the payments.

3. Services rendered to the Defendants during the Relevant Time Period by the individuals identified in Subject #1 above including but not limited to participation in any advisory boards, performance of any studies, research or testing of any medical devices, professional education, or other services rendered in connection with any Johnson & Johnson or Ethicon product.

4. The identity of and the terms and conditions of any and all consulting, research, professional education, publishing, intellectual property or other agreements between Defendants and any physicians in connection any TVT, Pelvic Organ Prolapse, or surgical mesh product, prototype, or component during the Relevant Time Period in the following countries:

    a. Austria

    b. Belgium

    c. Czech Republic

    d. Denmark

    e. Finland

    f. France

    g. Germany

    h. Greece

    i. Hungary

    j. Ireland

    k. Israel

    l. Norway

      m. Poland

      n. Portugal

      o. Slovenia

      p. Spain

      q. Sweden

      r. Taiwan

      s. Turkey

      t. United Kingdom

5.    All amounts paid by Defendants during the Relevant Time Period under the agreements identified in Subject #4 above and the reason for the payments.

6.    Services rendered to the Defendants during the Relevant Time Period under the agreements identified in Subject #4 above including but not limited to participation in any advisory boards, performance of any studies, research or testing of any medical devices, promotion, professional education or other services rendered in connection with any TVT, Pelvic Organ Prolapse, or surgical mesh product, prototype, or component.

7.    The reasons why payments to consultants, including but limited to Professor Ulmsten and Dr. Carl Nilsson, Christian Falconer, Masoumeh Rezapour, Ingegerd Olsson and Nina Kuuva prior to 2003 cannot be located by Defendants.

8.    The reasons why signed consultant agreements, including but limited to Professor Ulmsten and Dr. Carl Nilsson, Christian Falconer, Masoumeh Rezapour, Ingegerd Olsson and Nina Kuuva prior to 2003 cannot be located by Defendants.

9. The reasons why only 3 small payments to Dr. Carl Nilsson between 2003 and the present can be located by Defendants, despite the fact that Ethicon and Johnson & Johnson knows that many more payments would have been received by Dr. Carl Nilsson.

10. The reasons why Defendants cannot locate records of actual payments to Dr. Ulmsten or Dr. Ulmsten's estate including but not limited to, records of payment by check or wire transfer.

11. The degree to which Johnson & Johnson Affiliates utilized the ICD database prior to and after 2009, including the name and location of each affiliate, and policies and procedures regarding the use of the database prior to and after 2009 for each affiliate, the nature and type of agreements stored in the ICD database both prior to 2009 and after 2009 for each affiliate, and the location, retention, storage, and organization of any commercial agreements in connection with any TVT, Pelvic Organ Prolapse, or surgical mesh product, prototype, or component that were not entered into the ICD database for each affiliate.

12. The degree to which Johnson & Johnson Affiliates utilized the VIEWS/ARIBA system and database prior to and after 2003, including the name and location of each affiliate, and policies and procedures regarding the use of the system and database prior to and after 2003 for each affiliate, the nature and type of payments, agreements, or other data stored and accessible through the VIEWS/ARIBA system and database both prior to 2003 and after 2003 for each affiliate, and the location, retention, storage, and organization of any data regarding payments, monetary transfers, physicians, or commercial agreements in connection with any TVT, Pelvic Organ Prolapse, or surgical mesh product, prototype, or component that were not entered into the VIEWS/ARIBA system and database for each affiliate.

13. Location, retention, storage, and organization of all consulting agreements in connection with any TVT, Pelvic Organ Prolapse, or surgical mesh product, prototype, or component signed prior to 2006 which were not entered into the ACCURATE database.

14. Location, retention, storage and organization of documents related to the above subject matters, including the identity and location of any databases utilized in the storage or analysis of said documents and data.

15. The identity of the person(s), including name and address, assigned by Defendants to obtain documents, information, and data responsive to subjects #1 through #14 above, and the search methodology, dates, physical locations, databases, and other electronic sources searched by the person(s).

16. Any conclusions reached by Defendants or by the person(s) identified in response to subject #15 above regarding any missing documents, information, or data responsive to subjects #1 through #14 above including but not limited to reasons why the documents, information, or data is missing or cannot be located, and the date the Defendants first discovered the documents, information or data were missing or cannot be located.

**EXHIBIT "B"**

**DOCUMENT REQUESTS**

Please produce or if already produced, identify exact bates ranges with a brief identification of each document:

1. All documents relied upon by the deponent in preparing for this deposition.

2. All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" concerning Defendants' promotion, professional education, research, development, study, or acquisition of any TVT, Pelvic Organ Prolapse, or surgical mesh product, components, prototypes, or intellectual property.

3. All agreements between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, component, or prototype including but not limited to consulting agreements, investigator related agreements, research or study related agreements, intellectual property agreements, royalty agreements, publication agreements or any other agreements.

4. All drafts and final reports, studies, or work product created by individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, component, or prototype.

5. All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A"

concerning the above referenced agreements.

6. All documents reflecting amounts paid by Defendants to individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" in connection with above referenced agreements.

7. All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" concerning any proposed publications or manuscripts regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, component, or prototype.

8. All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" concerning any actual or proposed payments for manuscripts for publication or assistance in drafting potential manuscripts for publication regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, component, or prototype.

9. All drafts and final reports, conclusions, notes or other work product created by individuals identified in response to subject #15 of Exhibit "A" regarding efforts obtain documents, information, and data responsive to subjects #1 through #14 of Exhibit "A".

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM  PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS  DOCUMENT  RELATES  TO  ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2014, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

PLAINTIFFS' CO-LEAD COUNSEL

By:   /s/Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
816-701-1100
Fax 816-531-2372
tcartmell@wcllp.com

12