UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING PRESERVATION OF EXPLANTED MESH**

In their response to Defendants' motion [Doc. 1178], Plaintiffs seek to shift the burden to *Defendants* to detail: (1) when they should preserve their evidence, and (2) how they should preserve their evidence. In addition, Plaintiffs seek an order providing that they are only required to preserve this crucial evidence for cases selected for bellwether trial preparation, without any explanation as to why their duty to preserve should be suspended in the thousands of other cases.

Neither the Defendants nor the Court is required to outline for Plaintiffs how specifically they should preserve their evidence. All Defendants seek is an order requiring that preservation occur for *all* cases pending against them in MDL 2327, and that ultimately, once cases are selected for trial preparation, that Defendants be given equal access to the evidence.

**ARGUMENT**

Plaintiffs propose that the Court enter an order similar to what was stipulated between the parties in PTO #121 in MDL 2187, *In re C.R. Bard, Inc. Pelvic Repair Sys. Liab. Litig.* This approach is fundamentally flawed for two primary reasons: (1) the *Bard* order only requires preservation for cases that have been selected for trial workup, neglecting the thousands of other

1

cases for which this key evidence should be preserved, and (2) Plaintiffs' request puts the onus on Defendants to determine the particulars of how and when evidence should be preserved.

### A. Plaintiffs' argument that they need only preserve explant evidence in bellwether trial cases ignores the purpose of an MDL proceeding.

In their response, Plaintiffs do not dispute the importance of the explanted mesh evidence to their claims or that they have a duty to preserve it. Nevertheless, Plaintiffs propose that out of the over 20,000 cases pending in this MDL, only the handful that are selected for bellwether trial preparation should be subject to preservation of the explanted mesh material. This distinction is not tenable.

Under 28 U.S.C. § 1407, cases are consolidated for pretrial proceedings, with the expectation that any case not resolved at the conclusion of the pretrial proceedings shall be remanded to the district from which it was transferred. Each case remains at all times its own live controversy, and there is no logical reason that the duty to preserve evidence should be suspended for any pending case.

Moreover, Plaintiffs' proposal would compromise the potential bellwether pool. As this Court has previously observed, "[a]ny individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with his own suit, if so selected." *Brooks v. Ethicon*, No. 2:12-cv-02330, Doc. 20 (S.D. W. Va. July 17, 2013) (quoting *In re: FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 160 (5th Cir. 2010)). However, under Plaintiffs' proposal, by the time a case has been identified, key evidence may be already lost, thus compromising the pool of potential Plaintiffs standing ready for trial.

**B.      It is not Defendants' or the Court's duty to define the time, method, or manner for preservation of Plaintiffs' evidence.**

Plaintiffs do not dispute that the duty to preserve this evidence is theirs.  Yet they seek to shift the burden to the Defendants to delineate the particulars for when and how they should preserve their evidence.

For instance, in their response, Plaintiffs argue that "Defendants make no effort whatsoever to define events that might trigger an obligation to notify plaintiffs' healthcare providers to preserve explant material."  [Doc. 1178, p. 1].  However, the relevant triggering event is already provided in Fourth Circuit law.  *See, e.g.*, *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) (duty to preserve evidence arises "when a party reasonably should know that the evidence may be relevant to anticipated litigation.") (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)).  For women who already have filed suit, the triggering event has clearly already occurred; Plaintiffs who have already filed lawsuits should be required to preserve explanted mesh material.

Likewise, in their response, Plaintiffs propose that hospitals should be directed to contact counsel for Defendants "[s]hould you have any questions or concerns regarding this matter." [Doc. 1178-2.]  Indeed, Plaintiffs have already begun notifying hospitals that counsel for Defendants should be contacted with questions about preservation of the evidence.  *See* Exhibit A.

Counsel for Defendants should not be placed in a position where hospitals look to them for the particulars of the preservation of Plaintiffs' evidence.  Further, any suggestion or direction from Defendants' counsel would be subject to criticism or challenge for interfering with evidence that is crucial to each case.  For these reasons, it is Plaintiffs' duty to preserve, not

Defendants'. And Plaintiffs should be charged not only with the responsibility and obligation to preserve the evidence, but also to address any issues associated with that preservation.

With their proposed order, Plaintiffs seek to have this Court determine as a matter of fact the best method for preserving explanted mesh material. Yet this is a matter on which even the experts disagree. For example, the method proposed by Plaintiffs here – preservation in formalin – is one that has been criticized by defense expert Shelby Thames. And the parties in the *Bard* litigation clearly believed preservation in saline to be the best method. Even though Plaintiffs' Lead Counsel here are on the steering committee in MDL 2187 and vice-versa, Plaintiffs now proclaim as though it is self-evident that saline preservation "is not a reliable method for preserving human tissue and explanted polypropylene material under the circumstances." [Doc. 1178, p. 2 n.1]. The immediate issue is whether the preservation of mesh in formalin for pathologic analysis compromises the analysis of that same mesh for alleged degradation. Other issues may arise as the theories of liability and methods of testing evolve over the course of this litigation. Defendants must not be placed in the position of acceding to an order which approves the proposed method of preservation which also prejudices their ability to conduct the testing necessary to contest Plaintiffs' claims.

The Court need not wade into these waters and put its imprimatur on a specific preservation method. It is not the role of the Defendants or the Court to advise Plaintiffs as to how to preserve their evidence. Plaintiffs must take whatever steps may be appropriate to preserve this evidence for whatever testing may be required by both Plaintiffs and Defendants. Plaintiffs' proposed order should be rejected.

## CONCLUSION

For these reasons, and those stated in Defendants' motion [Doc. 1159], Defendants request the Court enter an order (1) requiring Plaintiffs to advise their healthcare providers of the duty to preserve the explanted mesh material, and the appropriate measures for doing so; and (2) requiring that once the cases are selected for trial preparation, Defendants shall have access to one half of any explanted material in a condition that enables Defendants to do their own testing.

Dated:  May 20, 2014

Respectfully submitted,

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ Christy D. Jones_____
Christy D. Jones

ButlerSnow 21244264v1

6