# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### NOTICE TO TAKE ORAL DEPOSITION
### OF DEFENDANTS THROUGH DESIGNATED WITNESSES

TO:  Defendants Ethicon, Inc. and Johnson & Johnson, Inc. (hereinafter "Defendants") and their Attorneys of Record.

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendants' corporate designees on June 24, 2014 at the offices of Riker Danzig in Morristown, New Jersey. The witness(es) shall be prepared to testify concerning the subject matters identified in Exhibit "A", attached hereto. The witness shall produce documents identified in Exhibit "B", attached hereto, prior to the deposition. The deposition will be taken before a person authorized by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day-to-day until the examination is completed.

### DEFINITIONS

All definitions and rules of instructions set forth in Fed. Rule Civ. P. 30(b)(6) shall apply to all requests for information herein. To the extent a term commonly in use in the medical device industry is not defined herein, it shall be understood to be consistent with the meaning

commonly ascribed to that term in the medical device industry.

1. "Concerning" means referring to, describing, evidencing, or constituting. See LR Civ. P 26.2(c)(7).

2. "Defendants", "Ethicon, Inc.", "Johnson & Johnson Inc.", "you" or "your" refers to, without limitation, Ethicon, Inc., Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

3. "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. A draft or non-identical copy is a separate document. *See* LR Civ. P. 26.2(c)(2); *see also* FR Civ. P 34(a).

4. "TVT" includes the TVT retropubic Tension Free Vaginal Tape System device cleared by the FDA on or about January 1, 1998, the TVT-Obturator, TVT-Secur, TVT-Abbrevo, TVT-Exact, TVT SCION, TVTO-PA and the IVS (Intravaginal slingplasty device) which was developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI). The term "TVT" also includes any prototypes or components of the TVT products, as well as any kits or tools designed to be sold with the TVT including, but not limited to the TVT-AA and TVT-D.

5. "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

This 23rd Day of May, 2014.

**PLAINTIFFS' CO-LEAD COUNSEL**

By: \_\_\_\_/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com
*Plaintiffs' Co-Lead Counsel*

**EXHIBIT "A"**

**DEPOSITION SUBJECT MATTER**

Pursuant to Rule 30(b)(6), the deponent(s) must have knowledge and shall be able to testify concerning the following subject matters:

1. The identity of and the terms and conditions of any and all agreements between Defendants and AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery at any time during the Relevant Time Period including but not limited to: memberships, event sponsorships, society sponsorships, general sponsorships, grants, agreements to provide services or materials, and any amendments thereto.

2. All amounts paid by Defendants to AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery during the Relevant Time Period and the reason for the payments.

3. All goods and services provided by Defendants during the Relevant Time Period to AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery including but not limited to assistance in drafting or distribution of position statements, literature, promotional material, or other society materials, providing legal advice or services, materials provided either free of charge or at a reduced rate including but not limited to medical devices or supplies, or other services provided such as meeting or event space, travel, or lodging either free or at a reduced charge.

4.  All goods and services provided by AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery to Defendants during the Relevant Time Period to including but not limited to assistance in drafting or distribution of position statements, literature, or promotional materials, providing legal advice or services, meeting or event space, advertising, speaking time, or other promotional considerations.

5.  The membership and position within AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery, of any of your current or former employees, including but not limited to any committee, subcommittee, or board of directors of such organization.

6.  All communications between Defendants and the New England Journal of Medicine, AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society regarding position statements or treatment guidelines for stress urinary incontinence procedures or devices, pelvic organ prolapse procedures or devices, or the use of surgical mesh issued by those organizations during the Relevant Time Period.

7.  Location, retention, storage and organization of documents related to the above subject matters.

## EXHIBIT "B"

## DOCUMENT REQUESTS

Please produce or if already produced, identify exact bates ranges with a brief identification of each document:

1. All documents relied upon by the deponent in preparing for this deposition.

2. All communications between Defendants and AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery.

3. All agreements between Defendants and AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery including but not limited to memberships, event sponsorships, society sponsorships, general sponsorships grants or study related payments, agreements to provide services or materials, and any amendments thereto.

4. All documents reflecting amounts paid by Defendants or goods and services provided by Defendants to AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery in connection with above referenced agreements.

5. All documents reflecting goods and services provided by AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery to Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

**PLAINTIFFS' CO-LEAD COUNSEL**

By: ____/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
Fax 816-531-2372
tcartmell@wcllp.com

7