IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL PLAINTIFFS | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**THE PSC'S MOTION FOR LEAVE TO FILE SUR-REPLY TO REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING PRESERVATION OF EXPLANTED MESH**

The PSC seeks leave to file a sur-reply brief in opposition to defendants' preservation motion. Plaintiffs' original opposition brief advocated that the Court adopt the order it entered in the *Bard* MDL proceedings (with one minor exception regarding saline storage). Defendants' reply brief makes clear that defendants will not agree to such an order, even though the *Bard* order was issued by this very Court and mirrors an order to which the Ethicon defendants had previously agreed in this litigation. While defendants had informally sought a different agreement with plaintiffs in April of this year, just days after the parties conferred, this Court entered the *Bard* order. Plaintiffs thus assumed defendants would ultimately agree to that order notwithstanding that their initial motion sought more.

In their reply brief, Defendants have not only made clear that they oppose an order limited to bellwether cases, significantly, they oppose any criteria at all for preservation practice. Because plaintiffs anticipated concurrence in the *Bard* order, and did not object to the preservation mandates contained therein (with the exception noted above), the PSC did not

1

contest defendants' claim to entitlement for relief. Now that defendants have made clear their opposition to the prior orders of this Court, the PSC is compelled to challenge defendants' claims which, frankly, are without merit.

The PSC had every reason to conclude defendants would accept the *Bard* order. First, this this Court issued the order. Plaintiffs did not anticipate defendants would oppose this Court's decision from two months ago on precisely the same issue. Second, the *Bard* order was issued after the parties conferred on the instant motion. Third, the *Bard* order runs parallel to an order to which the parties here had already agreed. In fact, on September 6, 2013, the PSC and the Ethicon defendants jointly submitted such an order. (Ex. 1) The order applied to bellwether cases only and specified how preservation was to occur. For technical reasons related to an incorrect "minimum sample size" as listed in that proposed pathology protocol, at plaintiffs' request, the order was withdrawn shortly after being filed and before being entered by the Court. Despite not having a formal pathology protocol in place, the parties have operated under the constructs of that order for the last year, without the need for Court intervention.[1]

The PSC's sur-reply brief challenges defendants' claim that plaintiffs are obliged to preserve explant material in all cases. It also provides testimony revealing that the protocol suggested by defendants will be (and indeed, has been) unduly burdensome to health care providers and has actually undermined preservation efforts in other mesh litigations. But it does not backtrack from the PSC's commitment to follow the *Bard* order already entered by this Court

---

[1] PSC Counsel Ben Anderson and Ethicon counsel, Burt Snell have worked together such that the explanted specimens in the Lewis case and the Batiste case were sent by Steelgate to plaintiffs's expert, Dr. Howard Jordi. Ethicon's experts, Dr. Shelby Thames and Dr. Kevin Ong were invited to Jordi Labs for the unpacking, photographing and dividing of the mesh specimen. This method has proceeded with zero fanfare or need for Court intervention on any disputed matter concerning this informal but effective process.

(with the minor exception noted above), if the Court is inclined to adopt a preservation order in this litigation.

     For these reasons, the PSC respectfully requests that the Court grant the PSC leave to file the sur-reply brief attached as Exhibit 2. The PSC further requests all other relief to which it is entitled.

Dated: June 4, 2013                     Respectfully submitted,

/s/ D. Renee Baggett_____
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com

/s/ Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1102
F: 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/

s/Benjamin H. Anderson_____
BENJAMIN H. ANDERSON
Anderson Law Offices, LLC
1360 W. 9th Street, Suite 215
Cleveland, OH 44113
P: 216-589-0256
F: 216-916-0955
ben@andersonlawoffices.net
http://www.andersonlawoffices.net

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327 <br><br> MDL No. 2327 <br><br> Judge Joseph R. Goodwin |
| This Document Applies To All Actions | |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on June 4, 2014, using the Court's CM-ECF filing system, thereby sending of the filing to all counsel of record for this matter.

/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com