# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DEFENDANTS' RESPONSE, REQUEST FOR MEET-AND-CONFER, AND IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' "NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANTS THROUGH DESIGNATED WITNESSES" AND ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond to Plaintiffs' "Notice to Take Oral Deposition of Defendants Through Designated Witnesses" (the "Notice"). The Notice was filed and served on May 23, 2014 [Document 1189].

Defendants state that the majority of topics in the Notice, including but not limited to topics that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery. As to Topics 1-6 in particular, without any adoptive admissions, Defendants refer Plaintiffs to the documents and prior testimony identified in their Responses to Plaintiffs' Requests for Production, which are set out below. In addition, Defendants agree to meet-and-confer with Plaintiffs regarding the proper scope of testimony, if any, regarding the topics in this Notice.

To the extent that Defendants and Plaintiffs are unable to reach agreement as part of the meet-and-confer process, Defendants conditionally move for a protective order on the grounds set forth below.

Defendants object to the Notice's Deposition Topics (including but not limited to the Definitions incorporated by reference therein) to the extent that they seek testimony regarding information and/or documents that contain personal or private information about individuals other than Plaintiffs.

In addition, Defendants object to the Deposition Topics on the grounds that they (a) are vague and ambiguous, (b) are overly broad, (c) seek testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (d) are unduly burdensome and oppressive, and (e) are duplicative of extensive discovery, including depositions, already taken.  Defendants further object to the Deposition Topics on the grounds that the majority of topics, including but not limited to topics that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery.  Defendants additionally object to the Definitions set forth in the Notice on the grounds that such Definitions are improper in the context of a deposition notice seeking oral testimony and, if taken literally, would create burdens on any witness that are not contemplated by Fed. R. Civ. P. 30(b)(6).

In addition, Defendants object to Topic 5 on the ground that it is not limited to the Relevant Time Period.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses.  Defendants note that no

documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

1.  All documents relied upon by the deponent in preparing for this deposition.

**Responses and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] section and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)).

Subject to and without waiving any objection, Defendants have a reasonable and good faith belief that responsive documents, if any, would have been identified in connection with the collection process and have been or will be produced. To the extent that additional documents, if any, are identified during the process of preparing for any scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

2. All communications between Defendants and AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery.

**Responses and Objections to Document Request No. 2:** Subject to and without waiver of the objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the documents previously produced in the MDL, which are in a searchable format, and which Defendants have a reasonable and good faith belief would include at least some documents that relate in a reasonably direct manner to the entities specifically identified in this Request. In addition, Defendants are continuing to make reasonable searches for responsive documents relating to the entities specifically identified in this Request and will produce documents that are located pursuant to such searches, if any, on a rolling basis. Defendants further refer Plaintiffs to the following deposition testimony given in these actions: Dharini Amin (08/13/13), Giselle M. Bonet (03/05/12, 03/06/12), Allison London Brown (09/11/13), Bruno Delacroix (01/16/14), Judith Gauld (09/06/12, 04/26/12, 04/27/12, 11/08/13), Jim Hart (09/17/13, 09/18/13), Matt Henderson (05/30/13, 10/04/11), Price St. Hilaire (07/11/13), Piet Hinoul (04/06/12, 01/13/14, 01/14/14), Richard Isenberg (11/06/13), Scott Hamilton Jones (01/25/12), Marianne Kaminski (02/17/12), Aaron Kirkemo (01/06/14, 01/07/14), Vincente Lucente (11/02/12), Brian Luscombe (07/30/13), Kevin L. Ong, Ph.D. (04/25/14), Paul J. Parisi (12/14/11, 01/24/12), Gregory L. Prine (10/08/13), Zenobia Walji (03/07/12, 03/08/12).

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and

harassing because it seeks "all communications" between Defendants and eleven named professional societies as well as "any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery." In addition, Defendants object to this Request on the basis that it is not limited to the Relevant Time Period. Defendants further object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. All agreements between Defendants and AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery including but not limited to memberships, event sponsorships, society sponsorships, general sponsorships grants or study related payments, agreements to provide services or materials, and any amendments thereto.

**Responses and Objections to Document Request No. 3:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all agreements" between Defendants and eleven named professional societies as well as "any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery." In addition, Defendants object to this Request on the basis that it is not limited to the Relevant Time Period. Defendants further object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. All documents reflecting amounts paid by Defendants or goods and services provided by Defendants to AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or

any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery in connection with above referenced agreements.

**Responses and Objections to Document Request No. 4:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all documents" reflecting amounts paid and or goods and services provided by Defendants to eleven named professional societies as well as "any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery." In addition, Defendants object to this Request on the basis that it is not limited to the Relevant Time Period. Defendants further object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. All documents reflecting goods and services provided by AAGL, ACOG, AUA, AUGS, BAUS, EUA, ICS, IUGA, NICE, SGS, SUFU, or any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery to Defendants.

**Responses and Objections to Document Request No. 5:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all documents" reflecting goods and services provided to Defendants

by eleven named professional societies as well as "any other professional society related to pelvic, gynecological, or urinary tract conditions or surgery." In addition, Defendants object to this Request on the basis that it is not limited to the Relevant Time Period. Defendants further object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

        Respectfully submitted,

        ETHICON, INC. AND
        JOHNSON & JOHNSON

        */s/ Christy D. Jones*
        Christy D. Jones
        Butler Snow LLP
        1020 Highland Colony Parkway
        Suite 1400 (39157)
        P.O. Box 6010
        Ridgeland, MS 39158-6010
        (601) 985-4523

        */s/ David B. Thomas*
        David B. Thomas (W. Va. Bar No. 3731)
        Thomas Combs & Spann, PLLC
        300 Summers Street, Suite 1380
        P.O. Box 3824
        Charleston, WV 25338-3824
        (304) 414-1800

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on June 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

>/s/ David B. Thomas
>David B. Thomas (W. Va. Bar No. 3731)
>Thomas Combs & Spann, PLLC
>300 Summers Street, Suite 1380
>P.O. Box 3824
>Charleston, WV  25338-3824
>(304) 414-1800