IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE TO TAKE VIDEO DEPOSITION OF BOB ROUSSEAU

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Video Deposition of Bob Rousseau" (the "Notice") and Exhibit "A" to the same. The Notice was filed and served on May 29, 2014 [Document 1201], and the deposition of Mr. Rousseau is scheduled for June 30, 2014. Exhibit A to the Notice is a request for production of documents.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

### SPECIFIC RESPONSES AND OBJECTIONS TO NOTICE AND EXHIBIT A

1. A copy of the current resume and/or curriculum vitae for the deponent.

**Responses and Objections to Document Request No. 1:** Defendants object that there is no Rule of Civil Procedure that requires a witness to create a resume or curriculum vitae for production.  In an effort to cooperate and facilitate this deposition, however, Defendants will provide Plaintiffs a copy of the deponent's most recent curriculum vitae, to the extent that it can be located after a good faith and reasonable search.

2. A copy of the personnel file and/or employment file for the deponent.

**Responses and Objections to Document Request No. 2:** Defendants object that the personnel file includes confidential, personal information, the disclosure of which would result in an unnecessary intrusion into the privacy of the deponent. Specifically, the personnel file includes compensation records that are private and have no relevancy to the issues in litigation. The disclosure of this information would substantially intrude on the witness's legitimate privacy interests. Accordingly, Defendants have agreed to produce a copy of the personnel file from the deponent's employment with Defendants, but will redact any information regarding the deponent's compensation. *See, e.g.*, *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 500237 (S.D. W. Va. Feb. 11, 2013) (authorizing production of redacted personnel files).

3. All documents relating to the TVT products that are in the deponent's personal possession, meaning documents stored or maintained in the deponent's dwelling, home, garage, or any other property owned, rented, leased, maintained or lived in by defendant as well as any documents or electronic media related to the TVT products which is stored or maintained on the defendant's personal property including but not limited to, personal computers, cell phones, flash drives, or any potable storage media device.

**Responses and Objections to Document Request No. 3:** Subject to and without waiving any objections, Defendants state that, upon information and belief, they are unaware of

any documents relating to the TVT products in the deponent's personal possession. Defendants will supplement this response to the extent it becomes necessary to do so.

   4.  All documents, notes, videos, or other information relating to TVT products that the deponent sponsored, supported, edited, posted, and/or linked websites, FaceBook pages, MySpace pages, Twitter pages, Wikipedia, or pages on any other websites.

**Responses and Objections to Document Request No. 4:** Subject to and without waiving any objections, Defendants state that, upon information and belief, the deponent has not sponsored, supported, edited, posted, and/or linked any documents, notes, videos, or other information relating to TVT products on any social media site. Defendants will supplement this response to the extent it becomes necessary to do so.

         Respectfully submitted,

         ETHICON, INC. AND
         JOHNSON & JOHNSON


         */s/ Christy D. Jones*
         Christy D. Jones
         Butler Snow LLP
         1020 Highland Colony Parkway
         Suite 1400 (39157)
         P.O. Box 6010
         Ridgeland, MS 39158-6010
         (601) 985-4523

         */s/ David B. Thomas*
         David B. Thomas (W. Va. Bar No. 3731)
         Thomas Combs & Spann, PLLC
         300 Summers Street, Suite 1380
         P.O. Box 3824
         Charleston, WV 25338-3824
         (304) 414-1800

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on June 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David B. Thomas
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800