UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' OBJECTIONS, RESPONSE, AND REQUEST FOR MEET-AND-CONFER REGARDING, PLAINTIFFS'
"NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT THROUGH DESIGNATED WITNESSES" AND
ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants" hereby respond and object to Plaintiffs' "Notice to Take Oral Deposition of Defendant Through Designated Witnesses" (the "Notice"). The Notice was filed and served on June 6, 2014 [Document 1216].

Defendants state that a number of topics in the Notice, including but not limited to topics that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery. As to Topics 1, 2 and 3 in particular, without any adoptive admissions, Defendants refers Plaintiffs to deposition testimony previously taken, e.g., Paul Parisi, Bart Pattison, Stacy Hoffman, Matt Henderson and Piet Hinoul, and documents identified in its Responses to Plaintiffs' Requests for Production. Accordingly, Defendants object to the Notice as unduly burdensome, oppressive, and harassing on the grounds that the deposition sought is duplicative of extensive discovery already taken. In addition, Defendants

1

agree to meet-and-confer with Plaintiffs regarding the proper scope of testimony, if any, regarding the topics in this Notice.

Defendants object to the Deposition Subject Matter and Topics on the grounds that they (a) are vague and ambiguous, (b) are overly broad, (c) seek testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (d) are unduly burdensome and oppressive, and (e) are duplicative of extensive discovery, including depositions, already taken. Defendants further object to the Deposition Subject Matter and Topics on the grounds that the majority of substantive subject matter requests and topics, including but not limited to those that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery. Defendants additionally object to the Definitions set forth in the Notice on the grounds that such Definitions are improper in the context of a deposition notice seeking oral testimony and, if taken literally, would create burdens on any witness that are not contemplated by Fed. R. Civ. P. 30(b)(6).

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated. Defendants also note that this Notice is the subject of an ongoing meet-and-confer process between the parties.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

1. All documents relied upon by the deponent in preparing for this deposition.

**Response and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product privilege. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I. du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)).

Subject to and without waiving these objections, Defendants have a reasonable and good faith belief that responsive documents, if any, would have been identified in connection with the collection process and have been or will be produced. To the extent that additional documents, if any, are identified during the process of preparing for any scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

2. The following documents for the training and education of physicians, including but not limited to:

   a. Final and draft versions of all professional education materials provided in index on June 26, 2013.

   b. Copy approval forms for all professional education materials.

**Response and Objections to Document Request No. 2:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request

seeks the production of any document or information that is protected by the attorney client privilege and/or work product privilege. Defendants further object to the extent that this request calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the documents previously produced in the MDL, which are in a searchable format, and which Defendants have a reasonable and good faith belief would include at least some documents that relate in a reasonably direct manner to the areas specifically identified in this Request. In addition, Defendants are continuing to make reasonable searches for responsive documents relating to the areas specifically identified in this Request and will produce documents that are located pursuant to such searches, if any, on a rolling basis.

3. Final versions of all additional professional education materials identified subsequent to the index provided on June 26, 2013.

**Response and Objections to Document Request No. 3:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product privilege. Defendants further object to the extent that this request calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the

objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the documents previously produced in the MDL, which are in a searchable format, and which Defendants have a reasonable and good faith belief would include at least some documents that relate in a reasonably direct manner to the areas specifically identified in this Request. In addition, Defendants are continuing to make reasonable searches for responsive documents relating to the areas specifically identified in this Request and will produce documents that are located pursuant to such searches, if any, on a rolling basis.

4. Video and audio recordings of all live training sessions including the names of the surgeons involved.

**Response and Objections to Document Request No. 4:** Defendants object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "video and audio recordings of all live training sessions" and "the names of the surgeons involved." Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product privilege. Defendants further object to the extent that this request calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the documents previously produced in the MDL, which are in a searchable format, and which Defendants have a reasonable and good faith belief would include at least some documents that relate in a reasonably direct manner to the areas specifically

5

identified in this Request. In addition, Defendants are continuing to make reasonable searches for responsive documents relating to the areas specifically identified in this Request and will produce documents that are located pursuant to such searches, if any, on a rolling basis.

    5.     Written notes taken from all live training sessions.

**Response and Objections to Document Request No. 5:** Defendants object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "written notes taken from all live training sessions." Defendants further object to the extent that this request seeks documents outside of the Defendants' possession, custody or control. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product privilege. Defendants further object to the extent that this request calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants agree to meet and confer with Plaintiffs regarding the proper scope of documents to be produced, if any.

    6.     Copy approval forms for all professional education materials.

**Response and Objections to Document Request No. 6:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the extent the request seeks the production of any document or information that is protected by the attorney client privilege and/or work product privilege. Defendants further object to the extent that this request calls for the production of confidential, commercially sensitive and/or proprietary information, or

information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the documents previously produced in the MDL, which are in a searchable format, and which Defendants have a reasonable and good faith belief would include at least some documents that relate in a reasonably direct manner to the areas specifically identified in this Request.  In addition, Defendants are continuing to make reasonable searches for responsive documents relating to the areas specifically identified in this Request and will produce documents that are located pursuant to such searches, if any, on a rolling basis.

7. The tracking and recordation documents for physician training including specifications of the program, the physicians who attended and physician training materials provided.

**Response and Objections to Document Request No. 7:** Defendants object to this request as overly broad and unduly burdensome.  Defendants further object to the extent that this request calls for the production of confidential, commercially sensitive and/or proprietary information, or information that has already been produced. Defendants object on the additional ground that this request seeks testimony, information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the documents previously produced in the MDL, which are in a searchable format, and which Defendants have a reasonable and good faith belief would include at least some documents that relate in a reasonably direct manner to the areas

specifically identified in this Request. In addition, Defendants are continuing to make reasonable searches for responsive documents relating to the areas specifically identified in this Request and will produce documents that are located pursuant to such searches, if any, on a rolling basis.

        Respectfully submitted,

        ETHICON, INC. AND
        JOHNSON & JOHNSON


        */s/ Christy D. Jones*
        Christy D. Jones
        Butler Snow LLP
        1020 Highland Colony Parkway
        Suite 1400 (39157)
        P.O. Box 6010
        Ridgeland, MS 39158-6010
        (601) 985-4523

        *David B. Thomas*
        David B. Thomas (W. Va. Bar No. 3731)
        Thomas Combs & Spann, PLLC
        300 Summers Street, Suite 1380
        P.O. Box 3824
        Charleston, WV 25338-3824
        (304) 414-1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on June 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON


/s/ Christy D. Jones
Christy D. Jones

~~21584017 v1~~

~~21596801 v1~~

ButlerSnow 21614606v1

9