IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' AMENDED OBJECTIONS, RESPONSE, AND REQUEST FOR MEET-AND-CONFER REGARDING PLAINTIFFS'
"NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANTS THROUGH DESIGNATED WITNESSES" AND
<u>ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond to Plaintiffs' "Notice to Take Oral Deposition of Defendants Through Designated Witnesses" (the "Notice").  The Notice was filed and served on May 20, 2014 [Document 1185].  Defendants filed their original response and objections to the Notice on June 5, 2014 [Document 1212].  This amended response is filed in substitution of the original response, which was withdrawn without prejudice on June 24, 2014 [Document 1239].

Defendants state that the majority of topics in the Notice, including but not limited to topics that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery.  As to Topics 1-6 in particular, without any adoptive admissions, Defendants refer Plaintiffs to the documents and prior testimony identified in their Responses to Plaintiffs' Requests for Production, which are set out below.  In addition, Defendants agree to meet-and-confer with Plaintiffs regarding the proper scope of testimony, if any, regarding the topics in this Notice.

In addition, Defendants object to the Deposition Topics on the grounds that they (a) are vague and ambiguous, (b) are overly broad, (c) seek testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (d) are unduly burdensome and oppressive, and (e) are duplicative of extensive discovery, including depositions, already taken.  Defendants further object to the Deposition Topics on the grounds that the majority of substantive topics, including but not limited to topics that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery.  Defendants additionally object to the Definitions set forth in the Notice on the grounds that such Definitions are improper in the context of a deposition notice seeking oral testimony and, if taken literally, would create burdens on any witness that are not contemplated by Fed. R. Civ. P. 30(b)(6).

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses.  Defendants also note that this Notice is the subject of an ongoing meet-and-confer process between the parties.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

1. All documents relied upon by the deponent in preparing for this deposition.

**Responses and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] selection and compilation of these

particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)).

Subject to and without waiving any objection, Defendants have a reasonable and good faith belief that responsive documents, if any, would have been identified in connection with the collection process and have been or will be produced. To the extent that additional documents, if any, are identified during the process of preparing for any scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

2. All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" concerning Defendants' promotion, professional education, research, development, study, or acquisition of any TVT, Pelvic Organ Prolapse, or surgical mesh product, components, prototypes, or intellectual property.

**Responses and Objections to Document Request No. 2:** Subject to and without waiver of the objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the documents previously produced in the MDL, which are in a searchable format, and which Defendants have a reasonable and good faith belief would include at least some documents that relate in a reasonably direct manner to individuals specifically identified in Topic No. 1 of the Notice regarding the subject matters specifically identified in that topic. In addition, Defendants are continuing to make reasonable searches for

responsive documents relating to payments to individuals specifically identified in Topic No. 1 of the Notice and will produce documents that are located pursuant to such searches, if any, on a rolling basis. Defendants further refer Plaintiffs to the following deposition testimony given in these actions: Laura Angelini (09/16/13), Judith M. Gauld (11/08/13), and David Brown Robinson, M.D. (09/11/13).

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all communications" with more than 40 named individuals and innumerous unnamed physicians in 20 different countries. In addition, Defendants object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are confidential and/or proprietary business information and/or trade secrets.

3.   All agreements between Defendants and identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, components, or prototype including but not limited to consulting agreements, investigator related agreements, research or study related agreements, intellectual property agreements, royalty agreements, publication agreements or any other agreements.

**Responses and Objections to Document Request No. 3:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all agreements" with more than 40 named individuals and innumerable unnamed physicians in 20 different countries. In addition, Defendants object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are confidential and/or proprietary business information and/or trade secrets.

4. All drafts and final reports, studies, or work product created by individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, component, or prototype.

**Responses and Objections to Document Request No. 4:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all" reports and other documents by more than 40 named individuals

and innumerous unnamed physicians in 20 different countries. In addition, Defendants object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are confidential and/or proprietary business information and/or trade secrets.

5. All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" concerning the above referenced agreements.

**Responses and Objections to Document Request No. 5:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all communications" regarding agreements with more than 40 named individuals and innumerous unnamed physicians in 20 different countries. In addition, Defendants object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request on the grounds that it seeks the

production of documents that are confidential and/or proprietary business information and/or trade secrets.

    6.    All documents reflecting amounts paid by Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" in connection with the above referenced agreements.

**Responses and Objections to Document Request No. 6:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all documents" reflecting amounts paid to more than 40 named individuals and innumerous unnamed physicians in 20 different countries. In addition, Defendants object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are confidential and/or proprietary business information and/or trade secrets.

    7.    All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A"

concerning any proposed publications or manuscripts regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, component, or prototype.

**Responses and Objections to Document Request No. 7:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all communications" regarding publication issues with more than 40 named individuals and innumerous unnamed physicians in 20 different countries. In addition, Defendants object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are confidential and/or proprietary business information and/or trade secrets.

8. All communications between Defendants and individuals identified in response to subject #1 of Exhibit "A" or physicians identified in response to subject #4 of Exhibit "A" concerning any actual or proposed payments for manuscripts for publication or assistance in drafting potential manuscripts for publication regarding any TVT, Pelvic Organ Prolapse, or surgical mesh product, component, or prototype.

**Responses and Objections to Document Request No. 8:** Without conceding any characterizations contained in this Request, Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is vague and ambiguous. Defendants further object to this Request on the grounds that it is so overbroad and unduly burdensome as to be oppressive and harassing because it seeks "all communications" regarding publication and payment issues with more than 40 named individuals and innumerable unnamed physicians in 20 different countries. In addition, Defendants object to this Request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request on the grounds that it seeks the production of documents that are confidential and/or proprietary business information and/or trade secrets.

9. All drafts and final reports, conclusions, notes or other work product created by individuals identified in response to subject #15 of Exhibit "A" regarding efforts obtain documents, information, and data responsive to subjects #1 through #14 of Exhibit "A".

**Responses and Objections to Document Request No. 9:** Defendants object to this Request on the grounds that it seeks documents that are protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, duplicative, vague and ambiguous. Defendants further object to this Request on the grounds that it seeks the production

9

of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

        Respectfully submitted,

        ETHICON, INC. AND
        JOHNSON & JOHNSON


        */s/ Christy D. Jones*
        Christy D. Jones
        Butler Snow LLP
        1020 Highland Colony Parkway
        Suite 1400 (39157)
        P.O. Box 6010
        Ridgeland, MS  39158-6010
        (601) 985-4523

        */s/ David B. Thomas*
        David B. Thomas (W. Va. Bar No. 3731)
        Thomas Combs & Spann, PLLC
        300 Summers Street, Suite 1380
        P.O. Box 3824
        Charleston, WV  25338-3824
        (304) 414-1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on June 24, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

          */s/ Christy D. Jones*
          Christy D. Jones
          Butler Snow LLP
          1020 Highland Colony Parkway
          Suite 1400 (39157)
          P.O. Box 6010
          Ridgeland, MS 39158-6010
          (601) 985-4523
          christy.jones@butlersnow.com