# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DEFENDANTS' AMENDED OBJECTIONS, RESPONSE, AND REQUEST FOR MEET-AND-CONFER REGARDING PLAINTIFFS' "NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANTS THROUGH DESIGNATED WITNESSES" AND ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond to Plaintiffs' "Notice to Take Oral Deposition of Defendants Through Designated Witnesses" (the "Notice").  The Notice was filed and served on May 1, 2014 [Document 1162].  Defendants filed their original response and objections to the Notice on May 12, 2014 [Document 1177].  This amended response is filed in substitution of the original response, which was withdrawn without prejudice on June 24, 2014 [Document 1239].

Defendants state that the majority of topics in the Notice, including but not limited to topics that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery.  As to Topics 1-11 in particular, Defendants refer Plaintiffs to the documents and prior testimony identified in their Responses to Plaintiffs' Requests for Production, which are set out below.  In addition, Defendants agree to meet-and-confer with Plaintiffs regarding the proper scope of testimony regarding the topics in this Notice.

Defendants object to the Notice's Deposition Topics (including but not limited to the Definitions incorporated by reference therein) to the extent that they (a) seek testimony regarding information and/or documents protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, the self-critical analysis privilege, and/or any other privilege recognized by law, (b) seek testimony regarding information and/or documents that are confidential, commercially sensitive and proprietary, and (c) seek testimony regarding information and/or documents that contain personal or private information about individuals other than Plaintiffs.

In addition, Defendants object to the Deposition Topics on the grounds that they (a) are vague and ambiguous, (b) are overly broad, (c) seek testimony that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (d) are unduly burdensome and oppressive, and (e) are duplicative of extensive discovery, including depositions, already taken. Defendants further object to the Deposition Topics on the grounds that the majority of topics, including but not limited to topics that primarily seek the identification of specific documents and/or the contents thereof, are more appropriately the subject of written discovery. Defendants additionally object to the Definitions set forth in the Notice on the grounds that such Definitions are improper in the context of a deposition notice seeking oral testimony and, if taken literally, would create burdens on any witness that are not contemplated by Fed. R. Civ. P. 30(b)(6).

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this

Response unless expressly stated. Defendants also note that this Notice is the subject of an ongoing meet-and-confer process between the parties.

    1.    All documents relied upon by the deponent in preparing for this deposition.

**Responses and Objections to Document Request No. 1:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)).

Subject to and without waiving any objection, Defendants have a reasonable and good faith belief that responsive documents, if any, would have been identified in connection with the collection process and have been or will be produced. To the extent that additional documents, if any, are identified during the process of preparing for any scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

    2.    All communications between Defendants and Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University

Hospital of Liege and/or their representatives concerning Defendants' research, development, study, or acquisition of any TVT product, components, or intellectual property.

**Responses and Objections to Document Request No. 2:**

Subject to the objections stated herein, and pursuant to the Protective Order entered by the Court in this matter, Defendants refer Plaintiffs to the following Bates ranges of documents, which include documents identified to date that relate in a reasonably direct manner to the subject matter of this Request: ETH.MESH.03906976 to ETH.MESH.03906991; ETH.MESH.00862750 to ETH.MESH. 00862753; ETH.MESH.00862953 to ETH.MESH.00862954; ETH.MESH.00863841 to ETH. MESH.00863842; ETH.MESH.00864850; ETH.MESH.00864888 to ETH.MESH.00864890; ETH.MESH.00864971 to ETH.MESH.00864972; ETH.MESH.00865108 to ETH.MESH. 00865113; ETH.MESH.01811945 to ETH.MESH.01811947; ETH.MESH.02180663 to ETH. MESH.02180665; ETH.MESH.03801970 to ETH.MESH.03801986; ETH.MESH.03802333 to ETH.MESH.03802334; ETH.MESH.03911146 to ETH.MESH.03911148; ETH.MESH.039 11222; ETH.MESH.03918547 to ETH.MESH.03918548; ETH.MESH.03918666; ETH. MESH.03918670 to ETH.MESH.03918671; ETH.MESH.03928540 to ETH.MESH.03928542; ETH.MESH.03934952 to ETH.MESH.03934967; ETH.MESH.03935193 to ETH.MESH. 03935194; ETH.MESH.03935202 to ETH.MESH.03935208; ETH.MESH.06880156 to ETH.MESH.06880157; ETH.MESH.06885348; ETH.MESH.06886269; ETH.MESH.06886287 to ETH.MESH.06886289; ETH.MESH.07692583 to ETH.MESH.07692586; ETH. MESH.07693172 to ETH.MESH.07693174; ETH.MESH.07693182 to ETH.MESH.07693183; ETH.MESH.07693233 to ETH.MESH.07693238; ETH.MESH.07931180 to ETH.MESH. 07931186; ETH.MESH.07931192 to ETH.MESH.07931195; ETH.MESH.09669780 to

ETH.MESH.09669781; ETH.MESH.09669821 to ETH.MESH.09669823; ETH.MESH.01811903 to ETH.MESH.01811904; ETH.MESH.01813096 to ETH.MESH.01813129; ETH.MESH.01815608 to 01815609; ETH.MESH.01815621 to ETH.MESH.01815631; ETH.MESH.07693143 to ETH.MESH.07693146; ETH.MESH.07693284 to ETH.MESH.07693306; ETH.MESH.07931152.  In addition, Defendants are continuing their search for responsive documents and will produce documents that are located pursuant to such searches, if any, on a rolling basis.  Defendants further refer Plaintiffs to the following deposition testimony given in these actions: Axel Arnaud (9/9/13), Amy Godwin (9/24/13 and 9/25/13), Martin Weisberg (5/30/13 and 8/8/13), Sean O'Bryan (6/7/13), Piet Hinoul (1/14/14), Aaron Kirkemo (1/7/14), and Dharini Amin (8/12/13).

    To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, duplicative, vague and ambiguous.  Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or "work product" immunity.  Defendants further object to this request on the grounds that it seeks the production of documents that are confidential and/or proprietary business information and/or trade secrets.

    3.    All agreements between Defendants and Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege regarding any TVT product including but not limited to consulting agreements, investigator related agreements, research or study related agreements,

intellectual property agreements, royalty agreements, settlement or cancellation agreements, and any amendments thereto.

**Responses and Objections to Document Request No. 3:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

4. All communications between Defendants and Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege. and/or their representatives concerning the above referenced agreements.

**Responses and Objections to Document Request No. 4:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

5. All documents provided by Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege to Defendants as required by any of the above referenced agreements.

**Responses and Objections to Document Request No. 5:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

6. All documents reflecting amounts paid by Defendants to Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege in connection with above referenced agreements.

**Responses and Objections to Document Request No. 6:** Defendants refer to and incorporate herein their Response and Objections to Request No. 2.

7. All documents reflecting any deliberations, conclusions, or decisions by Defendants with regard to whether or to what extent conduct by Dr. Jean De Leval or Dr. David

6

Waltregny violated any government or regulatory rules, laws or regulations in connection with the study of any TVT product, component, or prototype.

**Responses and Objections to Document Request No. 7:** Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, duplicative, vague and ambiguous. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8. All documents reflecting any communications made by Defendants regarding violations of any regulations or laws by Dr. Jean De Leval or Dr. David Waltregny to any government or regulatory authority.

**Responses and Objections to Document Request No. 8:** Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, duplicative, vague and ambiguous. Defendants further object to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. All exemplars of any products, prototypes, components, or raw materials obtained by Defendants from Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege.

**Responses and Objections to Document Request No. 9:** Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, duplicative, vague and ambiguous. Defendants further object to this request on the grounds that it seeks the production

of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800


*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on June 24, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

>*/s/ David B. Thomas*
>David B. Thomas (W. Va. Bar No. 3731)
>Thomas Combs & Spann, PLLC
>300 Summers Street, Suite 1380
>P.O. Box 3824
>Charleston, WV 25338-3824
>(304) 414-1800

9