LAW OFFICES
# WAGSTAFF & CARTMELL LLP

| | | |
|---|---|---|
| **THOMAS W. WAGSTAFF**<br>**THOMAS P. CARTMELL**<br>**MARC K. ERICKSON**<br>**JONATHAN P. KIEFFER**<br>**THOMAS L. WAGSTAFF\*\***<br>**ERIC D. BARTON†††**<br>**BRIAN J. MADDEN**<br>**JEFFREY M. KUNTZ**<br>**THOMAS J. PREUSS**<br>**THOMAS A. ROTTINGHAUS** | 4740 GRAND AVENUE – SUITE 300<br>KANSAS CITY, MISSOURI 64112<br>───────<br>(816) 701-1100<br>FAX (816) 531-2372<br>─────── | **TYLER W. HUDSON\*\*\*\*†**<br>**DIANE K. WATKINS\*\*\***<br>**BRANDON D. HENRY**<br>**SARAH B. RUANE**<br>**CHRISTOPHER L. SCHNIEDERS††**<br>**VANESSA H. GROSS**<br>**ADAM S. DAVIS**<br>**JACK T. HYDE ∆**<br>**DAVID M. MCMASTER\***<br>**JOAN D. TOOMEY**<br>**ANDREW N. FAES ∆**<br>**ASHLEY D. DOPITA\*** |
| ─────<br>**JOHN P. O'CONNOR ∆ †**<br>**P.J. O'CONNOR ∆ †**<br>**DANIEL LOBDELL ∆†** | **ADMITTED IN MISSOURI AND KANSAS**<br>**∆ ADMITTED IN MISSOURI**<br>**\*ADMITTED IN KANSAS**<br>**\*\*ADMITTED IN MISSOURI, KANSAS AND ARKANSAS**<br>**\*\*\*ADMITTED IN MISSOURI, KANSAS AND COLORADO**<br>**††ADMITTED IN MISSOURI, KANSAS AND ILLINOIS**<br>**\*\*\*\*ADMITTED IN MISSOURI, KANSAS AND DISTRICT OF COLUMBIA**<br>**†††ADMITTED IN MISSOURI, KANSAS AND UTAH**<br>**†OF COUNSEL** | ─────<br>**SCOTT M. CROCKETT†**<br>**PHILLIP P. ASHLEY\*†**<br>**DARYL J. DOUGLAS ∆†** |

June 27, 2014

Benjamin Watson
Butler Snow
PO Box 6010
Ridgeland, MS 39158-6010

RE:   *In re: Ethicon, Inc. Pelvic Repair System*
         Products Liability Litigation

Dear Mr. Watson:

     I am following up on your June 11, 2014 letter regarding Plaintiff's request for the production Piet Hinoul's un-redacted HR file.  First, as an initial matter, let me confirm your understanding that Plaintiffs do not seek personal information such as Dr. Hinoul's social security number.  Plaintiffs seek complete, un-redacted compensation information and amounts for Dr. Hinoul, including, but not limited to: salary amounts, stock option award and amounts, and any other awards or bonuses received by Dr. Hinoul during his employment with Ethicon.

     Dr. Hinoul's compensation is relevant and discoverable in this case as it is relevant to the bias of the witness.  The single, unpublished case that you cite in support of your position that Dr. Hinoul's compensation is not discoverable is readily distinguishable from the facts of this case.  In the *Nadel* case, the court found that the compensation of the expert witness was not discoverable because the witness received no compensation other than his regular salary, and that the salary and benefits the expert received were not any way tied to the options in their expert report.  *SEC v. Nadel*, 2012 WL 11268297, (E.D.N.Y. 2012).  Neither of these unique facts are applicable to Dr. Hinoul.  In fact, Dr. Hinoul has indicated that serving as the designated corporate witness in the multidistrict litigation is a regular part of his duties at Ethicon, and that he has received awards for his work at two FDA panel meetings where he made statements regarding the products as issue, and an award for his exit strategy on the products at issue.  Dr. Hinoul is also a member of the board of directors for Ethicon Women's

Benjamin Watson
June 27, 2014
Page 2

Health and Urology, and unlike the expert in *Nadel*, Dr. Hinoul is testifying in litigation which could result in substantial monetary liability against his employer, potentially having a substantial impact on his ownership interest in the company, and even his potential for continued employment with the company. In the *Nadel* case, the witness in question was an employee of Iowa State University who was testifying on behalf of the SEC, thus unlike Dr. Hinoul, he was a public employee who was not offering testimony which supported his own employers' monetary interests. You have not met your burden to show that Dr. Hinoul's compensation information is not relevant or not discoverable here.

As an additional matter, we have received your supplemental production of Dr. Hinoul's file in your June 19, 2014 production, but it does not appear to be complete. For example, it does not appear to contain any performance reviews for the years 2012 or 2013, not does it appear to include an updated version of Dr. Hinoul's compensation sheet, previously produced at ETH.MESH.08471616-1617. We request that those items, as well as any other items which have been omitted from Dr. Hinoul's HR file be produced immediately. I would also note that several items in this supplemental production appear to pre-date the previous production of Dr. Hinoul's file, and thus should have been provided to Plaintiffs prior to his scheduled depositions in June of last year and January of this year.

     This will be Plaintiff's final communication on this matter as this request has been pending for nearly two months now. Please let us know if your June 11 letter represents your final position as to the production of Dr. Hinoul's complete, un-redacted compensation information by close of business on July 1, so we can take up the matter with Judge Eifert.

Very truly yours,

/s/ Andrew Faes

Andrew N. Faes

cc: Christy Jones
    William Gage
    Renee Baggett
    Bryan Aylstock