| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' "NOTICE TO TAKE VIDEO DEPOSITION OF NOAH PAPPAS" AND ACCOMPANYING DOCUMENT REQUESTS**

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond to Plaintiffs' "Notice to Take Video Deposition of Noah Pappas" and accompanying document requests (the "Notice"). The Notice was filed and served on September 9, 2014 [Document 1316], and the deposition of Mr. Papas[1] is scheduled for October 2, 2014.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

1. A copy of the current resume and/or curriculum vitae for the deponent.

**Objections and Response to Request No. 1:** Defendants object that there is no Rule of Civil Procedure that requires a witness to create a resume or curriculum vitae for production. Subject to and without waiving any objections, Defendants state that Plaintiffs have been provided a copy of Mr. Papas' most recent curriculum vitae.

---

[1] Plaintiffs' notice incorrectly refers to Mr. Papas as "Mr. Pappas."

1

    **2.** A copy of the personnel file and/or employment file for the deponent.

    **Objections and Response to Request No. 2:** Defendants object that the human resources file includes confidential, personal information, the disclosure of which would result in an unnecessary intrusion into the privacy of the deponent. Specifically, the human resources file includes compensation records that are private and have no relevancy to the issues in litigation. The disclosure of this information would substantially intrude on the witness's legitimate privacy interests. Accordingly, Defendants have agreed to produce a copy of the human resources file from the deponent's employment with Defendants, but will redact any information regarding the deponent's compensation. *See, e.g* ., *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 500237 (S.D. W. Va. Feb. 11, 2013) (authorizing production of redacted personnel files). Defendants refer Plaintiffs to Mr. Papas' human resources file produced at Prod. 229 (ETH.MESH.16257357 – ETH.MESH.16257562) and to Mr. Papas' custodial file produced at Prod. 232 (ETH.MESH.16425483- ETH.MESH.16440103). To the extent that additional documents, if any, are identified during the process of preparing for scheduled depositions, Defendants will make a good faith effort to produce such responsive, non-privileged documents in advance of the deposition.

    **3.** All documents relating to the TVT products that are in the deponent's personal possession, meaning documents stored or maintained in the deponent's dwelling, home, garage, or any other property owned, rented, leased or maintained or lived in by defendant as well as any documents or electronic media related to the TVT products which is stored or maintained on the defendant's personal property including but not limited to, personal computers, cell phones, flash drives, or any potable storage media device.

    **Objections and Response to Request No. 3:** Defendants object to this Request on the grounds and to the extent that it is overbroad and seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving any objections, Defendants state that Mr. Papas has a TVT-Abbrevo product in his possession, including the IFU, which he kept as a memento when he left Ethicon.

**4.** All documents, notes, videos, or other information relating to TVT products that the deponent sponsored, supported, edited, posted, and/or linked websites, FaceBook pages, MySpace pages, Twitter pages, Wikipedia, or pages on any other websites.

**Objections and Response to Request No. 4:**  Subject to and without waiving any objections, Defendants state that, upon information and belief, the deponent has not sponsored, supported, edited, posted, and/or linked any documents, notes, videos, or other information relating to TVT products on any social media site. Defendants will supplement this response to the extent it becomes necessary to do so.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on September 19, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

>  */s/ Christy D. Jones*
> Christy D. Jones
> Butler Snow LLP
> 1020 Highland Colony Parkway
> Suite 1400 (39157)
> P.O. Box 6010
> Ridgeland, MS 39158-6010
> (601) 985-4523
> christy.jones@butlersnow.com

22721902 v1

4