# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF ORAL AND VIDEOTAPED DEPOSITION DUCES TECUM OF LAURA ANGELINI

Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice of Oral and Videotaped Deposition Duces Tecum of Laura Angelini" (the "Notice") and Exhibit "A" to the same. The Notice was filed and served on November 19, 2014 [Document 1383], and the deposition of Ms. Angelini is scheduled for December 10, 2014. Exhibit "A" to the Notice is a request for production of documents.

Defendants object to the Notice on the grounds that it does not accurately reflect the parties' agreement concerning the limited nature and scope of Ms. Angelini's deposition. The parties agreed that Plaintiffs' counsel will be limited to 5 hours of questioning, Defense counsel will be limited to 2 hours of questioning, and the subject matter of the examination is limited to certain documents identified by Plaintiffs' counsel.[1] Defendants further object to the Notice insofar as it is directed at Ethicon, LLC, which has been dismissed from the Long Form

---
[1] The bates ranges for these documents were attached as spreadsheets to Calle Mendenhall's email dated November 18, 2014.

Complaint and the Short Form and Amended Short Form Complaints (PTO # 117, Document 1196).

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

### SPECIFIC RESPONSES AND OBJECTIONS TO NOTICE AND EXHIBIT A

1. All letters, e-mails, telecopies or other documents (including any attachments thereto) reflecting any communication that relates to this litigation and that was exchanged between Defendant manufacturers or any attorneys for or other agents for Defendants to the extent not already produced.

**Responses and Objections to Document Request No. 1:** Defendants object to this Request on the grounds that it is outside the agreed scope of the deposition. Defendants further object to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work-product doctrine.

2. A copy of your current curriculum vitae.

**Responses and Objections to Document Request No. 2:** Defendants object to this Request on the grounds that it is outside the agreed scope of the deposition. Defendants further object that there is no Rule of Civil Procedure that requires a witness to create a resume or curriculum vitae for production. Subject to and without waiving any objections, Defendants state that Ms. Angelini does not have a curriculum vitae and her biography was previously produced on September 12, 2013.

3. All documents relied upon by the deponent in preparing for this deposition.

**Responses and Objections to Document Request No. 3:** Defendants object that this request seeks information protected by the attorney work product doctrine. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (observing that "choice and arrangement [of documents in witness's personnel file by counsel for witness] constitutes opinion work product because [counsel's] selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Rhodes v. E.I du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 671 (S.D. W. Va. 2008) (Goodwin, C.J.) ("Courts acknowledge that the document selection process represents the mental impressions of the party's counsel and is protected work product." (internal quotation marks and alterations omitted)). Subject to and without waiving any objection, Defendants refer to the bates ranges attached as spreadsheets to Calle Mendenhall's email dated November 18, 2014.

4. A copy of the personnel file and/or employment file for the deponent.

**Responses and Objections to Document Request No. 4:** Defendants object to this Request on the grounds that it is outside the agreed scope of the deposition. Defendants further object that the human resource files include confidential, personal information, the disclosure of which would result in an unnecessary intrusion into the privacy of the deponent. Specifically, the human resource files include compensation records that are private and have no relevancy to the issues in litigation. The disclosure of this information would substantially intrude on the witness's legitimate privacy interests. Subject to and without waiving any objections, Defendants state that Ms. Angelini's human resource files were redacted for privacy purposes and previously produced at Prod. 129 (ETH.MESH.08562491 - ETH.MESH.08562505), Prod. 172 (ETH.MESH.10527791 - ETH.MESH.10527943), Prod. 180 (ETH.MESH.10591884 – ETH.MESH.10591915), and Prod. 181 (ETH.MESH.10591918 - ETH.MESH.10591949).

    1 [sic]. All documents relating to the TVT products that are in the deponent's personal possession, meaning documents stored or maintained in the deponent's dwelling, home, garage, or any other property owned, rented, leased, maintained or lived in by defendant as well as any documents or electronic media related to the TVT or pelvic floor products which are stored or maintained on the deponent's personal property including but not limited to, personal computers, cell phones, flash drives, or any potable storage media device.

**Responses and Objections to Document Request No. 1:** Defendants object to this Request on the grounds that it is outside the agreed scope of the deposition. Subject to and without waiving any objections, Defendants state that, upon information and belief, they are unaware of any documents relating to the TVT products in the deponent's personal possession.

    2 [sic]. All documents, notes, videos, or other information relating to TVT or pelvic floor products that the deponent sponsored, supported, edited, posted, and/or linked websites, FaceBook pages, MySpace pages, Twitter pages, Wikipedia, or pages on any other websites.

**Responses and Objections to Document Request No. 2:** Defendants object to this Request on the grounds that it is outside the agreed scope of the deposition. Subject to and without waiving any objections, Defendants state that, upon information and belief, the deponent has not sponsored, supported, edited, posted, and/or linked any documents, notes, videos, or other information relating to TVT or pelvic floor products on any social media site.

    Respectfully submitted,

    ETHICON, INC. AND
    JOHNSON & JOHNSON

    */s/ Christy D. Jones*
    Christy D. Jones
    Butler Snow LLP
    1020 Highland Colony Parkway
    Suite 1400 (39157)
    P.O. Box 6010
    Ridgeland, MS  39158-6010
    (601) 985-4523

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on November 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

23165920 v1