# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM  PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

### NOTICE TO TAKE ORAL DEPOSITION
### OF DEFENDANTS THROUGH DESIGNATED WITNESSES

TO:   Defendants ETHICON, INC. and Johnson & Johnson, Inc. (hereinafter "Defendants") and their Attorneys of Record.

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendants' corporate designees at 9:00 a.m. on January 8, 2015 at the offices of Riker Danzig in Morristown, New Jersey.  The witness(es) shall be prepared to testify concerning the subject matters identified in Exhibit "A", attached hereto.  The witness shall produce documents identified in Exhibit "B", attached hereto, prior to the deposition.  The deposition will be taken before a person authorized by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day-to-day until the examination is completed.

### DEFINITIONS

All definitions and rules of instructions set forth in Fed. Rule Civ. P. 30(b)(6) shall apply to all requests for information herein. To the extent a term commonly in use in the medical device industry is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the medical device industry.

1. "Concerning" means referring to, describing, evidencing, or constituting. See LR Civ. P 26.2(c)(7).

2. "Defendants", "Ethicon, Inc.", "Johnson & Johnson Inc.", "you" or "your" refers to, without limitation, Ethicon, Inc., Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

3. "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. A draft or non-identical copy is a separate document. *See* LR Civ. P. 26.2(c)(2); *see also* FR Civ. P 34(a).

4. "TVT" includes the TVT "classic" Tension Free Vaginal Tape System device cleared by the FDA on or about January 1, 1998, the TVT-Obturator, TVT-Secur, TVT-Abbrevo, TVT-Exact, TVT SCION, TVTO-PA and the IVS (Intravaginal slingplasty device) which was developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI). The term "TVT" also includes any prototypes or components of the TVT products, as well as any kits or tools designed to be sold with the TVT including, but not limited to the TVT-AA and TVT-D.

5. "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

This 4th Day of December, 2014.

**PLAINTIFFS' CO-LEAD COUNSEL**

By: ____/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

D. RENEE BAGGETT

Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com
 *Plaintiffs' Co-Lead Counsel*

# EXHIBIT "A"

## DEPOSITION SUBJECT MATTER

Pursuant to Rule 30(b)(6), the deponent(s) must have knowledge and shall be able to testify concerning the following subject matters:

1. The identity of and the terms and conditions of any and all agreements between Defendants and The University of Liege or University Hospital of Liege or any other corporation or entity in which The University of Liege or University Hospital of Liege has an ownership interest concerning TVT, including but not limited to any royalty agreements, licensing agreements, distribution agreements, intellectual property agreements, manufacturing agreements, research or study related agreements, and any amendments thereto.

2. The identity of and the terms and conditions of any and all agreements between Defendants and Dr. Frederic Daoud or Medalliance or any subsidiary or parent organization of Medalliance concerning TVT, including but not limited to any consulting agreements, auditing agreements, royalty agreements, intellectual property agreements, manufacturing agreements, research or study related agreements, and any amendments thereto.

3. The identity of and the terms and conditions of any and all agreements between Defendants and Dr. Jean De Leval, or any other corporation or entity in which Jean De Leval has had an ownership interest, including but not limited to, any consulting agreements, investigator related agreements, research or study related agreements, intellectual property agreements, royalty agreements, settlement or cancellation agreements, and any amendments thereto.

4. The identity of and the terms and conditions of any and all agreements between Defendants and Dr. David Waltregny or any corporation or entity in which he has had an ownership interest, including but not limited to, any consulting agreements, investigator related

agreements, research or study related agreements, intellectual property agreements, royalty agreements, settlement or cancellation agreements, and any amendments thereto.

5. All amounts paid by Defendants to The University of Liege and/or University Hospital of Liege and the reason for the payments.

6. All amounts paid by Defendants to Dr. Jean De Leval or to any corporation or entity in which Dr. Jean De Leval is an owner or shareholder and the reason for such payments.

7. All amounts paid by Defendants to Dr. David Waltregny or to any corporation or entity in which Dr. David Waltregny is an owner or shareholder and the reason for such payments.

8. All amounts paid by Defendants to Dr. Frederic Daoud or Medalliance or to any subsidiary or parent organization of Medalliance and the reason for such payments.

9. Services rendered by Dr. Jean De Leval, or any other corporation or entity owned by Dr. Jean De Leval including but not limited to participation in any advisory boards, performance of any studies, research or testing of any medical devices, or services rendered in connection with obtaining regulatory approval of any TVT product or component.

10. Services rendered by Dr. David Waltregny, or any other corporation or entity owned by Dr. David Waltregny including but not limited to participation in any advisory boards, performance of any studies, research or testing of any medical devices, or services rendered in connection with obtaining regulatory approval of any TVT product or component.

11. Services rendered by Dr. Frederic Daoud or Medalliance, or any other subsidiary or parent organization including but not limited to research or testing of any medical devices, development of medical devices or components, supply of medical device components or raw materials, auditing or inspecting the work of Dr. Jean De Leval, Dr. David Waltregny, or other

employees or agents of the University of Liege and/or University Hospital of Liege, or services rendered in connection with obtaining or evaluating regulatory compliance of any TVT product or component.

      12.    Location, retention, storage and organization of documents and exemplars related to the above subject matters.

**EXHIBIT "B"**

**DOCUMENT REQUESTS**

Please produce or if already produced, identify exact bates ranges with a brief identification of each document:

1. All documents relied upon by the deponent in preparing for this deposition.

2. All communications between Defendants and Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege and/or their representatives concerning Defendants' research, development, study, or acquisition of any TVT product, components, or intellectual property.

3. All agreements between Defendants and Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege regarding any TVT product including but not limited to consulting agreements, investigator related agreements, research or study related agreements, intellectual property agreements, royalty agreements, settlement or cancellation agreements, and any amendments thereto.

4. All communications between Defendants and Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege. and/or their representatives concerning the above referenced agreements.

5. All documents provided by Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege to Defendants as required by any of the above referenced agreements

6. All documents reflecting amounts paid by Defendants to Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege in connection with above referenced agreements.

7

7. All documents reflecting any deliberations, conclusions, or decisions by Dr. Frederic Daoud or Medalliance with regard to whether or to what extent conduct by Dr. Jean De Leval or Dr. David Waltregny violated any government or regulatory rules, laws or regulations in connection with the study of any TVT product, component, or prototype.

8. All documents reflecting any communications made by Dr. Frederic Daoud or Medalliance regarding violations of any regulations or laws by Dr. Jean De Leval or Dr. David Waltregny to Defendants or to any government or regulatory authority.

9. All exemplars of any products, prototypes, components, or raw materials obtained by Defendants from Dr. Jean De Leval, Dr. David Waltregny, Dr. Frederic Daoud, Medalliance, The University of Liege, or University Hospital of Liege.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2014, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

## PLAINTIFFS' CO-LEAD COUNSEL

By: ____/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
Fax 816-531-2372
tcartmell@wcllp.com