**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO ALL CASES** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

**PRETRIAL ORDER # 162**
**(Order re: List of Cases Related to Compliance with PTO #17)**

Pending before this court is defendants' Motion to Revise Case Management Procedures and for Discovery Related to Plaintiff Solicitation ("Motion") [Docket 1418]. To aid in addressing this Motion, it is **ORDERED** as follows:

By PTO #17, this court directed each plaintiff who files a case as part of this MDL to submit a completed Plaintiff Profile Form ("PPF") to the defendants within 60 days of filing a Short Form Complaint. (PTO # 17, ¶ 1b). I stated that the PPF must be "substantially complete in all respects" and "signed by plaintiff under penalty of perjury." (*Id.*). Along with the PPF, I ordered each plaintiff to provide the defendants with (1) "hard copies or electronic files of all medical records in their possession or control, including, in particular, records that support product identification," (*id.* ¶ 1d); and (2) signed authorizations for the release of health care information to an identified records collection vendor, (*id.* ¶ 1e).

In the event that a plaintiff does not submit a PPF within the 60-day period, PTO # 17 allows the defendants to "move immediately to dismiss that plaintiff's case," (*id.* ¶ 1g). In

addition, PTO # 17 contains provisions for action to be taken when a PPF is not "substantially complete." (*Id.* ¶ 1b). That is, if a plaintiff "fails to comply with the PPF obligations under [PTO # 17]," the defendants may move for sanctions. (*Id.* ¶ 1i). On or before **Monday, February 2, 2015**, it is **ORDERED** that the defendants compile and file a list (by case name and number) of the following: (1) cases in which no PPF has been filed as required by PTO # 17; and (2) cases in which the plaintiffs have failed to file a "substantially complete" PPF as required by PTO # 17, ¶ 1b. For each case listed, the defendants should also indicate (by docket number) any motions to dismiss or for sanctions filed pursuant to PTO #17, ¶¶ 1g, i.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:15-cv-00933. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: January 22, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE