# EXHIBIT 24

```
 1                 IN THE UNITED STATES DISTRICT COURT
 2              FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
 3                            AT HUNTINGTON
 4                       TRANSCRIPT OF PROCEEDINGS
 5
 6   _____
 7
 8   IN RE:  ETHICON, INC., PELVIC
 9   REPAIR SYSTEM PRODUCTS LIABILITY     MDL NO.
10   LITIGATION                           2:12-md-2327
11
12   _____
13
14                           MOTION HEARING
15                           JUNE 13, 2014
16              BEFORE THE HONORABLE **CHERYL A. EIFERT**,
17                 UNITED STATES MAGISTRATE JUDGE
18
19             Sidney L. Christie Federal Building
20                  845 Fifth Avenue, Room 109
21                Huntington, West Virginia  25701
22
23
24
25
```

Case 2:12-md-02327   Document 1428-24   Filed 01/22/15   Page 3 of 5 PageID #: 17205

2

**A P P E A R A N C E S**

**FOR THE PLAINTIFFS:**

**MR. BENJAMIN H. ANDERSON**
Anderson Law Offices, LLC
1360 West 9th Street, Suite 215
Cleveland, OH  44113

**MR. ERIK WALKER**
Hissey Kientz, LLP
Arboretum Plaza One
9442 Capital of Texas Highway North, Suite 400
Austin, TX  78759

**FOR THE DEFENDANTS:**

**MR. DAVID B. THOMAS**
Thomas Combs & Spann, PLLC
P.O. Box 3824
Charleston, WV  25338-3824

Court Reporter:           Carol Farrell, CRR, RMR, CCP, RPR
                          (304)347-3188
                          carol_farrell@wvsd.uscourts.gov

Proceedings recorded by Courtflow; transcript produced by computer.

*United States District Court*
*Southern District of West Virginia*

1    PROCEEDINGS had before The Honorable Cheryl A. Eifert,
2 Magistrate Judge, United States District Court, Southern
3 District of West Virginia, in Huntington, West Virginia, on
4 June 13, 2014, at 10:00 a.m., as follows:
5    THE COURT: Good morning.
6    RESPONSE: Good morning, Your Honor.
7    THE COURT: In re: Ethicon, Inc., Pelvic Repair
8 System Products Liability litigation, Case Number
9 2:12-md-2327.
10    Counsel, please note your appearance.
11    MR. ANDERSON: Ben Anderson for the plaintiffs.
12    MR. WALKER: Erik Walker for the plaintiffs.
13    MR. THOMAS: David Thomas for defendants, Your Honor.
14    THE COURT: Thank you.
15    Okay. I have read all of the materials and let me
16 tell you what I'm thinking, and then I'll let you all say
17 whatever you want to say.
18    So, I think we all agree that any tissue that's
19 removed that might include the mesh is going to be evidence,
20 correct?
21    MR. ANDERSON: Correct.
22    MR. THOMAS: Yes.
23    THE COURT: And most likely will be critical
24 evidence, maybe not always, but likely in some cases; we don't
25 know which. Would you agree?

1           MR. ANDERSON:  Some cases, it may be --
2           THE COURT:  Yes.
3           MR. ANDERSON:  -- additional evidence of pathology.
4           MR. THOMAS:  We certainly believe it's critical
5  evidence, Your Honor.
6           THE COURT:  All right.  We don't agree, as I
7  understand it, that the plaintiffs have control over it.  I
8  think the defendant says that the plaintiffs do have control
9  over it; plaintiff says plaintiffs do not have control over
10 this evidence.  Right?
11          MR. ANDERSON:  Yes, Your Honor.
12          THE COURT:  I'm going to tell you that I looked at
13 your argument regarding the medical records and I don't agree
14 with that argument, and I'll tell you why I don't agree with
15 it.
16          I think that tissue is completely different from
17 medical records because my understanding of medical records is
18 that those records belong to the medical provider.  The
19 medical provider creates the records.  It's the thought
20 process of the medical provider.  And from the beginning of
21 time, those records have belonged to the medical provider.
22 The patient has had an interest in the record, since the
23 record is about the patient, but it's always been the work
24 product of the provider.  And so that makes records a little
25 different, in my mind, than, for example, my tissue taken out