# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### JOHNSON & JOHNSON'S AND ETHICON INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REVISE CASE MANAGEMENT PROCEDURES AND FOR DISCOVERY RELATED TO PLAINTIFF SOLICITATION

Johnson & Johnson and Ethicon, Inc. are disappointed that plaintiffs have decided not to join in the effort to stop the fraudulent solicitation of women and the misappropriation of their federally protected private medical information. While condemning such tactics in passing, plaintiffs' counsel spend most of the response attempting to distance themselves from such activities, condemning Johnson & Johnson and Ethicon, and referencing sound bites from documents that are taken out of context and have nothing to do with the misconduct set out in the motion. When clear evidence of continuous, potentially illegal, and ongoing fraudulent solicitation efforts became apparent, we reported it to the Court, requested that the Court or an appropriate federal agency investigate, and suggested reasonable steps to help unearth and cull potentially baseless claims so that non-fraudulent cases can be more efficiently addressed. Instead of working together towards that laudable goal, plaintiffs appear more interested in

redoubling their efforts to portray Johnson & Johnson and Ethicon as wrongdoers.[1] Nevertheless, Johnson & Johnson and Ethicon stand behind the decision to report the evidence of significant misconduct to the Court in order to protect the integrity of the judicial system and this MDL, and to enable non-fraudulent cases to be more efficiently addressed.

- **The Solicitations and Misrepresentations Continue.**

Just since this motion was filed, three more women have come forward voluntarily – they were not sought out by Johnson & Johnson and Ethicon or counsel – and have provided similar reports. As one woman noted earlier this week:

> *Beginning approximately a year ago or more, I began receiving unsolicited phone calls to my home phone. The callers insisted that I or someone in my household had undergone a bladder sling surgery. I have never had bladder surgery. I repeatedly told the callers that I had not had the surgery, but they continued to call about once a day or sometimes even twice a day. A few months ago, the calls stopped and I thought the issue was closed. But I began receiving calls again last week. …*
>
> *During the most recent spate of calls, I asked for whom the caller was making the calls. He told me he was doing it for Johnson & Johnson. . . .*
>
> *The callers have never asked me for money. ….*
>
> *When I received the earlier set of calls, the callers told me something along the lines that I was entitled to compensation or that I could or should file a lawsuit because of the bladder surgery. I repeatedly told them I never had undergone the surgery. …*

Reply Affidavit 1 (attached).

The inappropriate, unethical, and potentially illegal activities outlined in the initial motion, now further buttressed by these subsequent solicitations, is indeed distressing. It constitutes an abuse of the judicial system. Instead of exhibiting similar concern about the

---

[1] Plaintiffs claim that every jury has found against Johnson & Johnson and Ethicon. They neglected to mention that the only TVT case tried in federal court resulted in a directed verdict against plaintiff on all claims before defendants called the first witness. They also failed to mention that (1) the same court earlier granted defendants summary judgment on the warnings claim, (2) other courts have directed verdicts in favor of defendants on claims for punitive damages and failure to warn, and (3) juries have separately decided in favor of Johnson & Johnson and Ethicon on design defect, fraudulent misrepresentation, and failure to warn claims.

2

misconduct and its potential impact on this litigation, plaintiffs cavalierly brushed it off as "emanating from cubicles in New Delhi" or from "call centers half a world away." Johnson & Johnson and Ethicon do not know from where the activity is originating, who is involved, or the extent of its impact on the MDL. Here is what *is* known:

(1) strangers are calling women repeatedly;

(2) in some cases they already have women's federally protected medical information or they try to get it during the calls;

(3) some callers falsely align themselves with Johnson & Johnson or with the FDA;

(4) the callers do not ask for money,[2] but try to persuade the women to file lawsuits – even suggesting that the women falsify information to collect money.

This inappropriate and unethical conduct continues. But what could be fueling it? There is no logical answer other than the pecuniary gain to be had for lining up more lawsuits in order to collect money when those cases are resolved, most likely through settlement, and without a thorough vetting of each claim.

- **In Light of the Fraudulent Solicitation Efforts, Deficiencies in Proof are Suspicious.**

This misconduct has tarnished the MDL and deficiencies in proof carry more weight when viewed in this context. There are a significant number of plaintiffs in this MDL who have not offered any evidence that they received an Ethicon mesh device or had a revision surgery. And there are a significant percentage of plaintiffs who have chosen to dismiss their claims when confronted with having to participate in discovery. While Johnson & Johnson and Ethicon have no legal burden to prove anything in this MDL, plaintiffs do. What Johnson & Johnson and Ethicon have asked for – proof of implantation with an Ethicon device and proof of a

---

[2] While there appears to be a separate ongoing scam where money is solicited, the women being harassed about filing lawsuits apparently are not asked to send any money.

compensable injury – is the basic "evidentiary support" required by Rule 11 to exist and to have been reviewed before a suit ever is filed.

Plaintiffs point to the results of a "random sampling" process as proof that fraud does not pervade the MDL. First, as the Court is aware, this procedure was not designed to ferret out fraud (*see* Plaintiffs' Response at 4). The parties merely agreed upon a protocol for obtaining and reviewing more extensive medical records for a sampling of 400 plaintiffs allegedly implanted with only certain Ethicon devices – those intended to treat pelvic organ prolapse and the TVT Secur. Second, some plaintiffs who were identified as part of the random sample have *not* provided their medical records and have otherwise refused to participate. In fact, just this week, a plaintiff sought to dismiss her case without prejudice, having never provided her medical records and basic proof that she was implanted with an Ethicon prolapse device.

Where there is evidence of misconduct, fraudulent activities, or potentially illegal behavior such as we have here, coupled with a large number of plaintiffs that appear to lack the proof necessary to have sued in the first place, steps such as those suggested by Johnson & Johnson and Ethicon that place no additional burdens on plaintiffs or their counsel should be taken. Without taking a serious look at potentially spurious claims, Johnson & Johnson and Ethicon cannot accurately number, value, and otherwise efficiently address any non-fraudulent claims.

- **Answers to Discovery are Necessary.**

Unless and until the Court intervenes, Johnson & Johnson and Ethicon can investigate only the reports voluntarily provided them by women receiving the calls. Without the answers that only plaintiffs and plaintiffs' counsel can provide, the challenge of stopping the misconduct and determining its impact in the MDL is almost insurmountable. For example, only a plaintiff

who was directly solicited can provide the information concerning who solicited her and to which counsel she eventually was directed. Likewise, if plaintiffs' counsel obtained plaintiffs from lead-generating services, then only they can identify those services to allow investigation by either the Court or law enforcement agencies to ensure that such lead generators are not thwarting both ethics rules and the law to enroll plaintiffs in this litigation.

The proposed discovery is narrowly tailored and Johnson & Johnson and Ethicon suggested that counsel provide answers only to the Court. Because of the gravity of the situation with clear evidence of unethical or illegal conduct, discovery of this limited nature is warranted.

- **Johnson & Johnson and Ethicon Want to Move Forward with Discovery and Trials.**

Contrary to plaintiffs' claim that filing the motion was some sort of delay tactic, Johnson & Johnson and Ethicon suggested double tracking the efforts to uncover potentially fraudulent claims in parallel with continuing discovery and proceeding with trials, including the case next set in March. Indeed, we actually proposed accelerating merits discovery. Regardless of whether the Court allows any solicitation discovery or requires production of medical records showing implantation and injury, Johnson & Johnson and Ethicon reiterate a desire to move this litigation forward. The proposal to proceed with discovery in 200 randomly selected TVT and/or TVT-O cases is the most efficient approach since nearly half of the cases pending in MDL 2327 involve only the TVT or TVT-O devices.

Further, although plaintiffs complain that the requested relief would grind the MDL to a halt, Johnson & Johnson's and Ethicon's request for proof of implant and a compensable injury should pose no obstacle to plaintiffs (or their counsel) as they are the types of evidence that any pre-suit investigation would require.

- **Conclusion**

Women's rights are being violated by fraudulent solicitation calls where strangers know their private medical information and try to harass them into filing (sometimes baseless) lawsuits.  Evidence of this misconduct rightfully impacts how all the cases in the MDL are viewed and valued– particularly where so much basic proof is lacking – and presents a major obstacle to identifying and evaluating non-fraudulent cases.

Meanwhile, instead of addressing the gravity of the situation, plaintiffs' response reads more like a closing argument than a sober consideration of potentially criminal conduct.  Simply put, Johnson & Johnson and Ethicon felt compelled to inform the Court of these fraudulent activities and had hoped for plaintiffs' cooperation.  We all should have the same interest in preserving a fair judicial system that affords equal justice to all parties.  Left unchecked, these activities threaten to undermine the integrity of this MDL and the judicial system.

Respectfully submitted,

/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com


/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*Counsel for Ethicon, Inc. and Johnson & Johnson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL 2327 |
| **THIS DOCUMENT RELATES TO ALL CASES** | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### CERTIFICATE OF SERVICE

I certify that on January 30, 2015, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com