UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | United States District Court, S.D. W. Va. Master File No. 2:12-MD-02327 MDL No. 2327 |
| **THIS DOCUMENT RELATES TO ALL CASES** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**MOTION FOR ORDER DIRECTING PARTIES TO COORDINATE RESOLUTION OF DISCOVERY DISPUTES BETWEEN STATE AND FEDERAL COURTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AND

DISTRICT COURT
95TH JUDICIAL DISTRICT
DALLAS COUNTY, TEXAS

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | United States District Court, S.D. W. Va.<br>Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
| CAROL CAVNESS,<br>Plaintiff<br><br>v.<br><br>TERESA KOWALCZYK, M.D., HUNT MEMORIAL HOSPITAL DISTRICT CHARITABLE HEALTH FOUNDATION d/b/a HUNT REGIONAL HEALTHCARE FOUNDATION and HUNT REGIONAL MEDICAL CENTER AT GREENVILLE, BAYLOR HEALTH CARE SYSTEM, JOHNSON & JOHNSON and ETHICON, INC. | District Court of Dallas County, Texas<br>Cause No. DC-14-04220<br><br>KEN MOLBERG<br>DISTRICT COURT JUDGE |

**MOTION FOR ORDER DIRECTING PARTIES TO COORDINATE RESOLUTION OF DISCOVERY DISPUTES BETWEEN STATE AND FEDERAL COURTS**

Defendants respectfully submit this motion jointly to both the federal district court overseeing the coordinated proceedings in *In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation* in the Southern District of West Virginia (the MDL), and the Texas District Court for the 95th Judicial District, which is presiding over *Cavness v. Kowalczyk*, a pelvic mesh

2

suit pending in state court and scheduled for trial in April 2015.  Defendants seek coordination by the two courts to resolve a group of privilege challenges that was originally limited to a discrete group of documents but appears to be growing to encompass every privilege claim on defendants' privilege log, which was created for the MDL proceeding and made available to plaintiffs in the above-captioned Texas state court action.  (*See* Pl.'s Mot. For *In Camera* Inspection Of Withheld Docs. By Defs. Johnson & Johnson and Ethicon, Inc. Based On Assertions Of Privilege at 2, *Cavness v. Kowalczyk*, No. DC-14-04220 (Tex. Dist. Ct., 95th Jud. Dist., filed Dec. 12, 2014) (attached as Ex. A).)  State-federal coordination is appropriate because the privilege challenges at issue present cross-cutting issues with potential ramifications far beyond the *Cavness* case.  After all, a ruling in one court that a document is no longer privileged could well decide the status of that document across the litigation in every jurisdiction.  In addition, the parties have a longstanding cooperative procedure for resolving privilege challenges in the federal MDL proceeding.  Nevertheless, one of the plaintiff's counsel in *Cavness* (who holds a leadership position in the MDL) is pursuing privilege challenges on Ethicon's documents in the *Cavness* case, and deliberately trying to sidestep the MDL procedure in an apparent effort to pit the two courts against each other.  Under these circumstances, the most efficient and equitable approach is for the two courts to work together to resolve the parties' ongoing disputes.

For these reasons, discussed further below, defendants request that the courts direct the parties to meet and confer on the establishment of a coordinated approach to resolving privilege disputes including, but not limited to, considering the appointment by the *Cavness* Court of a state-court special master selected by the parties who can coordinate with Judge Eifert, the

magistrate judge overseeing discovery in the MDL proceeding.[1] Defendants also ask the Courts to defer consideration of the *Cavness* plaintiff's motion[2] until such a coordinated approach has been established.

## ARGUMENT

Congress enacted 28 U.S.C. § 1407 in part to "eliminate duplicative discovery" and "conserve the resources of the parties, their counsel and the judiciary." *In re Am. Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359, 1360 (J.P.M.L. 2012). Although federal coordination often exists alongside parallel proceedings in state courts, *see, e.g.*, *Manual for Complex Litigation (Fourth)* ("MCL") § 22.4, at 376 (2004) ("[S]ome state court cases . . . may not be removable . . . and will not be subject to section 1407 transfer."), it has long been recognized that when multiple cases are filed asserting similar defect allegations regarding a group of products, "duplicative proceedings . . . produce great expense and delay," William W. Schwarzer et al., *Judicial Federalism in Action: Coordination of Litigation in State and Federal Courts*, 78 Va. L. Rev. 1689, 1692 (1992) (footnotes omitted).

To avoid this potential expense and delay, "[f]ederal and state court judges frequently cooperate informally and effectively to coordinate discovery and pretrial proceedings in mass tort cases." MCL § 22.4, at 377; *see also* James G. Apple et al., *Manual for Cooperation Between State and Federal Courts* at 15 (1997), *available at* https://bulk.resource.org/courts.gov/fjc/stfedman.pdf ("There is perhaps no area in which state and federal court cooperation has greater potential for success than in complex,

---

[1] Defendants have made numerous attempts to meet and confer with plaintiff's counsel on the coordination issue over the last month, but to date they have not participated in such a discussion, thus necessitating this motion.

[2] Plaintiff's Motion for *In Camera* Inspection of Withheld Documents by Defendants Johnson & Johnson and Ethicon, Inc., Based on Assertions of Privilege, dated December 12, 2014, and presently scheduled for hearing on February 17, 2015.

4

multijurisdictional litigation."). "By coordinating discovery in complex and multijurisdictional cases, state and federal courts reduce duplicative discovery, minimize the resource expenditures associated with discovery for both parties, effectively manage judicial caseloads, and enhance the likelihood of global settlements." *Id.* at 16. As one commentator (a prominent plaintiffs' attorney) explained, the practice of coordinating discovery between federal and state courts "[is] not only permissible and proper, but advantageous in the definitive resolution of related litigation in multiple fora." Elizabeth J. Cabraser, *Products Liability Class Actions: Essential Jurisprudence*, SG030 Products Liability: ALI-ABA Course of Study Materials 61, 77 (2001) (attached as Ex. B).

Recognizing these efficiencies, the Court in the MDL proceedings has already indicated its desire to work in cooperation with state courts, expressly directing attorneys in a pretrial order to "coordinate to the extent possible with the judges and counsel involved in state pelvic mesh cases." (Pretrial Order No. 4 at 11, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327 (S.D. W. Va. Apr. 17, 2012) (attached as Ex. C); *see also* Status Conference Tr., *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327 at 39:16-23 (Dec. 6, 2012) ("There are a number of cases set for trial in 2013 . . . . To the extent that the lawyers involved in those cases also have federal cases in this MDL, I would ask you to be considerate of the MDL process.") (attached as Ex. D).) Similarly, other federal courts have repeatedly noted that absent coordination, discovery issues can give rise to needless friction between federal and state courts, particularly where plaintiffs press for rulings in single state-court actions before the federal court with responsibility for a much larger load of cases has had a chance to address the issue. *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202-03 (7th Cir. 1996); *see also, e.g.*, *Newby*

*v. Enron Corp.*, 338 F.3d 467, 474-75 (5th Cir. 2003) (noting conflict created between discovery requests in state and federal court).

State courts have likewise repeatedly recognized the benefits of coordinating discovery efforts with federal MDL courts. *See, e.g.*, *Battard v. Custom Bus Charters, Inc.*, 755 So. 2d 241, 241 (La. 2000) (Traylor, J., concurring) (instructing trial court to consider coordinating discovery with other pending state and federal class actions arising out of the same incident); *Werlinger v. Champion Healthcare Corp.*, 598 N.W.2d 820, 831 (N.D. 1999) (complex litigation requires cooperation between state and federal courts); *In re Okla. Breast Implant Cases*, 847 P.2d 772, 773 (Okla. 1993) (in breast implant cases, appointing judge to coordinate discovery in the state actions with the MDL court for purposes of "promot[ing] . . . just and efficient conduct of th[e] litigation"); *Cosgrove v. Merrell Dow Pharm., Inc.*, 788 P.2d 1293 (Idaho 1989) (approving limitations placed on state-court discovery and recognizing the value of coordinated discovery). For example, Judge Brian R. Martinotti, who is also overseeing pelvic-mesh litigation in New Jersey state court, has recognized that coordination with other courts in multidistrict litigation can "'reduce duplication and potential conflicts'" and "'further efficiency and economy through . . . sharing resources.'" *See* Opinion at 3-4, *In re DePuy ASR Hip Implants Litig.*, No. BER-L-3971-11 (N.J. Super. Ct. Law Div. Oct. 18, 2011) (quoting The New Jersey Mass Tort (Non-Asbestos) Resource Book (3d ed. Nov. 2007)) (order denying plaintiffs' motion to compel production of documents in a format different from that required by the MDL Protocol) (attached as Ex. E).

Consistent with these views, federal and state courts routinely coordinate efforts on discovery matters. For example, in connection with litigation concerning the drugs Yasmin and Yaz, the MDL judge – Judge David R. Herndon – worked with state-court judges to implement

.


detailed discovery protocols to promote uniformity across forums. Among other things, the MDL court and state courts in Pennsylvania, California and New Jersey entered case management orders detailing how parties were to proceed with any deposition-related disputes. *See* Case Mgmt. Order No. 38, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF (S.D. Ill. Sept. 1, 2011) (attached as Ex. F); Case Mgmt. Order No. 16, *In re Yaz, Yasmin, Ocella Prod. Liab. Litig.*, No. 1307 (Pa. Ct. Com. Pl. Mar. 1, 2011) (attached as Ex. G). With respect to disputes arising before or after depositions, the parties were required to file a motion in the court in which their cases were pending and to email a copy of that motion to Judge Herndon in the MDL. According to the case management orders Judge Herndon would take the lead on resolving the dispute after conferring with the other court in which the case at issue was pending. With respect to disputes arising during a deposition that required expedited resolution, the moving party was required to send a short email to both the state-court judge and Judge Herndon describing the dispute, and those two judges were tasked with consulting the judges from other jurisdictions before reaching a ruling. In cases where the state-court judge was unavailable to participate in a decision requiring expedited consideration in a case pending in state court, Judge Herndon was to resolve the dispute, and the losing party was permitted to file a motion within 24 hours challenging that ruling in state court.

Likewise, in litigation involving the drugs Bextra and Celebrex, both the MDL court and the New York state court presiding over that state's proceedings appointed the same retired federal district judge to serve as a special master. *See* Pretrial Order No. 5, *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, MDL No. 1699 (N.D. Cal. Feb. 7, 2006) (attached as Ex. H); Case Mgmt. Order No. 5, *In re N.Y. Bextra & Celebrex Prod. Liab. Litig.*,

No. 560001/2005 (N.Y. Sup. Ct.  Apr. 21, 2006) (attached as Ex. I).  As a result, discovery in both proceedings was overseen by one individual who could ensure efficient coordination.

A similar approach would work well here.  Plaintiff in the *Cavness* state-court case originally sought review of privilege claims in connection with approximately 1,500 documents.  Defendants expended considerable effort on an expedited basis to resolve the dispute without Court involvement by identifying for plaintiffs which documents were duplicates and releasing documents as to which there is arguably a disagreement among the courts as to privilege status.  Despite these efforts, plaintiffs have indicated that they intend to continue challenging the remaining documents that are still being disputed by the parties – and to challenge ***every single one of the thousands of document on the defendants' privilege logs*** (many of which have already been challenged and addressed under the parties' informal privilege procedure in the MDL proceeding).[3]

Any such privilege review could have ramifications not only for the *Cavness* case but also for the ***tens of thousands*** of cases pending in federal court.  After all, the documents at issue and the subject matters of the deposition notice pertain to significant and complex issues regarding, *inter alia*, FDA Health and Safety communications, the FDA's September 2011 Advisory Committee regarding pelvic mesh products, the 2012 FDA 522 orders to Ethicon regarding each of its pelvic mesh products, and Ethicon's de-commercialization of certain products.  These issues are not specific to the Prosima product that is the subject matter of the *Cavness* litigation; rather, they implicate significant, cross-cutting legal issues that affect many of the products at issue in the MDL proceeding and other state-court litigation.  Moreover, the parties already have an established procedure in the MDL proceeding for meeting and conferring

---

[3] From time to time, plaintiffs have also raised the idea of a deposition regarding privilege claims.  While defendants disagree that any such deposition is necessary, any determination regarding such a deposition should be made in coordination with the MDL proceeding.

with respect to privilege challenges – and have successfully resolved all of their disagreements to date without court involvement (a procedure that plaintiff's counsel in *Cavness* chose to avoid despite his role on the MDL Plaintiffs' Steering Committee). As such, it makes sense to include the MDL proceeding and all of its stakeholders in resolving any dispute over matters of privilege before that opportunity is lost based on a ruling in a single pending case. *See, e.g.*, MCL § 20.313, at 237 ("It is important to remember that the rulings of a single court can become preemptive; for example, the first court to reject a particular privilege claim likely will cause the material sought to be protected to become discoverable for the entire litigation.").

In addition, under the choice-of-law principles applicable in each proceeding, the law of the state in which the communication at issue occurred will govern the parties' privilege claims both for federal- and state-court cases. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, 2011 WL 1375011, at *9 (S.D. Ill. Apr. 12, 2011) (explaining that every state would most likely apply the privilege law of the "state where the communication took place, *i.e*., 'the state where an oral interchange between persons occurred, where a written statement was received or where an inspection was made of a person or thing'") (quoting Restatement (Second) of Conflict of Laws § 139 cmt. e (1971)); *see also Manual for Cooperation Between State and Federal Courts* at 17 (explaining that one way in which state and federal judges have successfully coordinated discovery in multijurisdictional litigation is by "resolving differences between state and federal applications of law governing discovery"). For this reason too, coordination will conserve judicial resources and ensure consistent treatment of privilege issues across the mesh litigation.

## **CONCLUSION**

For the foregoing reasons, defendants ask the Courts to: (1) order the parties to meet and confer on a proper procedure for resolving privilege challenges jointly in the MDL and state-court proceedings; and (2) defer consideration of the *Cavness* plaintiff's motion until that procedure has been established.

Dated: February 3, 2015

Respectfully submitted,

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*Counsel for Defendants Ethicon, Inc. and Johnson & Johnson in In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation (MDL)*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

                                                *s/ David B. Thomas*_____
                                                David B. Thomas (W.Va. Bar #3731)