# EXHIBIT E

FILED

OCT [illegible]

BRIAN R. MARTINOTTI, J.S.C.

This Order has been prepared and filed by the Court.

| In re DePuy ASR™ Hip Implants LITIGATION | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BERGEN COUNTY DOCKET NO. BER-L-3971-11 CIVIL ACTION |
|---|---|

### ORDER

**THIS MATTER** having been opened to the Court upon application of the Maglio Firm, attorneys for Plaintiffs, for an Order compelling production of electronic documents in a format different than the MDL Protocol.

The Court having reviewed the moving papers, oppositions, replies, having heard arguments of counsel, for the reasons set forth in the accompanying decision;

**IT IS** on this 18th day of October 2011,

**ORDERED** that the application of the Maglio Firm to compel production in a format different than the MDL Protocol is denied.

**ORDERED** that a copy of this Order shall be served upon all parties within seven (7) days of the receipt hereof.

_____
BRIAN R. MARTINOTTI, J.S.C.

NOT TO BE PUBLISHED WITHOUT
THE APPROVAL OF THE COMMITTEE ON OPINIONS

**FILED**

OCT 18 2011

BRIAN R. MARTINOTTI, J.S.C.

| |
|---|
| In re DePuy ASR™ Hip Implants<br>LITIGATION |

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION

BERGEN COUNTY

DOCKET NO. BER-L-3971-11

CIVIL ACTION

Submitted: October 12, 2011
Decided: October 18, 2011

ARGUED BY:

F. John Caldwell, Jr. Esq. (Magio, Christopher & Toale, P.A. Law Firm)

Susan M. Sharko, Esq. (Drinker, Biddle & Reath LLP)

**MARTINOTTI, J.S.C.**

Before this Court is the application of the law firm Maglio, Christopher & Toale, P.A., (hereinafter referred to as "the Maglio Firm") for an Order Compelling Defendants to produce documents in a format which is different than the format presently being used in the Multi-District Litigation ("MDL") and other jurisdictions [hereinafter referred to as "MDL Protocol"]. It is undisputed that the MDL Protocol was a product of negotiations between defense counsel, the leadership in the MDL, and liaison counsel in various jurisdictions including New Jersey.[1]

---

[1] Though liaison counsel in New Jersey have agreed to the MDL Protocol as it currently exists, there are other Plaintiffs who have not or will not agree. The Maglio Firm is representing their interests in this motion.

Maglio Firm's Argument

The Maglio Firm argues that Defendants should produce copies of their electronic documents in their ordinarily maintained format (native files). It is argued that the software needed to search and review the documents as produced under the MDL Protocol are expensive and the quality of the documents is poor. Furthermore, the documents produced pursuant to the MDL Protocol are not in a "reasonably usable" format because the documents are not easily searchable and to do so requires the use of expensive, difficult-to-use, litigation software.

Defendants' Argument

Defendants argue that the MDL Protocol was a product of numerous "meet and confer" sessions by and between Plaintiffs' counsel, defense counsel and their respective technical advisors. The format is word searchable, broadly compatible with off the shelf litigation support software tools, and includes voluminous metadata. The purpose behind the MDL Protocol was to set up a singular consistent approach to discovery that would accommodate the greatest number of interests and could be applied across the board to all ASR Hip Implant cases. Lastly, two of the alternative MDL Protocols discussed by the Maglio Firm were previously reviewed and rejected by Plaintiffs and Defendants who negotiated the MDL Protocol.

## Decision

On June 1, 2011, this Court hosted a Joint MDL/State Court Case Management Conference with the Honorable David Katz, U.S.D.J. and other State judges who appeared telephonically. This conference was attended by lawyers from all over the

country who have cases in the MDL as well as other jurisdictions. The purpose of this conference was to illustrate to counsel that this Court is committed to the coordination of this litigation not only with the MDL but also with other jurisdictions. In fact, this judicial philosophy is not only unique to this litigation but can also be evidenced by other pending matters before this Court. [See, In Re:Yaz®, Yasmin®, Ocella® Product Liability Litigation, BER-L-3572-10 (CMO#23, Joint Deposition Protocol with Judge Herndon); In Re: Nuvaring Litigation, BER-L-3081-09 (CMO#14, referencing coordination with Judge Sippel); and In Re: Digitek Litigation, BER-L-459-10 (CMO#7 staying matter pending resolution before Judge Goodwin)].

The MANUAL FOR COMPLEX LITIGATION (FOURTH) §20.31 (2009) (hereinafter referred to as "the Manual"), encourages cooperation by and between MDL and State Court judges. ("At a minimum, judges should exchange case management orders, master pleadings, questionnaires, and discovery protocols. This simple step can encourage judges to adopt the same or similar approaches to discovery and pretrial managements."). Furthermore, the Manual states "Federal and State Court Judges frequently cooperate informally and effectively to coordinate discovery and pre-trial proceedings in mass tort cases." Id. at §22.4 The New Jersey Mass Tort (non-asbestos) Resource Book, (3d. Ed.), November 2007, embraces this concept and states:

> Coordination of Counsel in Related Litigation.
>
> If related litigation is pending in federal or other state courts, the judge should consider the feasibility of coordination among counsel in the various cases. It may be possible through consultation with other judges to bring about the designation of common committees or of counsel and to enter joint or parallel orders governing their function and compensation. Where this is not feasible, the judge may direct counsel to coordinate with the attorneys involved in the other cases to reduce duplication and

> potential conflicts and to further efficiency and economy through coordination and sharing of resources. In any event, it is desirable for the judges involved to exchange information and copies of orders that might affect proceedings in their courts. In approaching these matters, the court will want to consider the status of the respective actions (some may be close to trial while others are in their early stages), as well as the possibility that some later filed actions may have been filed in other courts by counsel seeking to gain a more prominent and lucrative role.
> Id. at p. 12 (citing The Manual, supra, at 229-241).

However, coordination and cooperation does not mean that this Court will automatically cede decision-making authority to the MDL or other jurisdictions.[2] This Court must ensure that the New Jersey Court Rules and State Court Jurisprudence is respected and followed when a Plaintiff has chosen New Jersey as their forum state. Therefore a balance must be struck between the goal of coordination and consistency among jurisdictions against the right of a party to have New Jersey substantive and procedural law followed.

R.4:18-1(b)(2)(B) states as follows: "If a request does not specify the form or forms for producing electronically stored information, a responding party shall produce the information in a form or forms in which it is ordinarily maintained *or in a form or forms that are reasonably usable.*" (Emphasis added). Furthermore, R.4:18-1(b)(2)(C) provides that "a party need not produce the same electronically stored information in more than one form."

This Court is satisfied that the MDL Protocol is reasonable. It is clear that the MDL Protocol is the result of a "give and take" by and between highly skilled counsel in the MDL and other State court jurisdictions. The MDL Protocol is not the format initially proposed by defense counsel but, as indicated above, presents a reasonable

---

[2] See generally, Frances McGovern, Rethinking Cooperation Among Judges in Mass Tort Litigation, 44 UCLA L. REV. 1851 (1997).

accommodation after negotiations by and between counsel, all of whom were on equal footing. There was considerable time spent with counsel and technical consultants from both Plaintiffs' and Defendants' firms discussing various alternatives for document production. In fact, two of the alternative formats now requested by the Maglio firm were considered and rejected. It is clear that the current MDL Protocol for production is more than "reasonably usable." See, R.4:18-1(b)(2)(B).

To permit or otherwise Order a format unique to New Jersey would cause an undue hardship on the Defendants, including an expense of almost $1,000,000,00, additional logistical hurdles, the slowing down of document production and most notably, the Defendants would be required to produce the approximately ten million pages of documents in different formats. This production would be of no ascertainable benefit to the Maglio Firm, or other plaintiffs, and would only serve to be unduly burdensome to the Defendants. The MDL Protocol comports with the New Jersey Court rules and therefore will be utilized in the New Jersey cases.

For the reasons set forth above, the Maglio Firm's motion is DENIED.