# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

)
IN RE:  YASMIN AND YAZ                      )        3:09-md-02100-DRH-
(DROSPIRENONE) MARKETING, SALES            )        PMF
PRACTICES AND PRODUCTS LIABILITY           )
LITIGATION                                 )        MDL No. 2100

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NO. 38
### REGARDING EXPERT DEPOSITION PROTOCOL

This order, with the agreement of counsel, controls the depositions of

expert witnesses designated in this MDL. The purpose of this order is to gain the

highest degree of efficiencies in the taking of these depositions.

### A.      General Provisions and Objectives

1.      Counsel and all parties (both represented and pro se) shall

comply with this order, and to the extent consistent with this order, with the

applicable Rules of Civil Procedure and the Local Rules of the presiding court.

Unless specifically modified herein, nothing in this order shall be construed to

abrogate the Rules of Civil Procedure or the Local Rules.

2.      Counsel are reminded that the Court considers depositions to

be official court procedures, and the conduct of all participants in depositions

shall be in accordance with the customs and practices expected of lawyers and witnesses, as if each was appearing personally before the Court at the time of the depositions. Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Court. Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

3.    There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

4.    Plaintiffs and Bayer have named the same generic experts for the bellwether trials in the coordinated proceedings in this Court, Pennsylvania, and New Jersey. Disputes relating to generic expert depositions shall be resolved jointly by the Courts, wherever possible. Where possible, Chief Judge Herndon will coordinate communications among the Courts. More specifically:

*If a dispute arises before or after a deposition of a generic expert*: Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows: Sandy Pannier, Courtroom Deputy (Sandy_Pannier@ilsd.uscourts.gov); Debra Ward, Chambers Counsel

2

(Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov). Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction, as noted below.[1] Judge Herndon will coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

*If a dispute arises during a deposition that requires expedited consideration*: The moving party will send a short email to the state court judge and Chief Judge Herndon, his staff, the parties' leadership groups as set forth above, and counsel attending the deposition describing briefly the nature of the dispute. The state court judge and Judge Herndon will consult with the judges from the other jurisdictions, provided that each such judge is available and that the inherent need of the dispute for an immediate ruling does not prevent such consultation. The acting judicial officer shall issue a ruling resolving the dispute in a timely manner,

---

[1] Notices to plaintiffs shall be made by e-mail to each of the following: for the MDL, Roger Denton (rdenton@uselaws.com), Michael Burg (mburg@burgsimpson.com), Michael London (mlondon@douglasandlondon.com), and Mark Niemeyer (niemeyer@onderlaw.com); for New Jersey state court coordinated actions Richard Meadow (rdm@lanierlawfirm.com); and for the Pennsylvania state court consolidated actions Dianne M. Nast (dnast@rodanast.com) and Michael M. Weinkowitz (MWeinkowitz@lfsblaw.com).. Notices to the Bayer defendants shall be emailed to Adam Hoeflich (adam.hoeflich@bartlit-beck.com); Doug Marvin (dmarvin@wc.com); Susan Weber (saweber@sidley.com); and John Galvin (jgalvin@foxgalvin.com). Notice to Barr/Teva should be sent to Joseph Thomas (jthomas@ulmer.com).

advising the parties which of the state judicial officers participated in the decision. If a state judge is unable to participate in a decision requiring expedited consideration and the aggrieved party's case is pending in that state, Judge Herndon may resolve the dispute but the losing party may within 24 hours file a motion in that state's coordinated proceeding explaining the basis for that party's disagreement with the ruling. A copy of the motion promptly shall be emailed to Judge Herndon, each state court judge and the parties' leadership groups, as set forth above.

*If a dispute arises relating to the deposition of a case-specific witness in a federal court case,* that dispute will be resolved by this Court. Counsel shall use the procedures set forth above to notify the Court of such a dispute.[2]

     5.    The Honorable Dan Stack (Ret.) will serve as Special Master for the purpose of mediating and, if necessary, issuing preliminary suggested rulings on disputes that arise during the course of depositions of expert witnesses. The Special Master shall have the rights, powers and duties provided in Rule 53, and may adopt such procedures as are not inconsistent with that Rule or with this or other Orders of the Court. The Special Master shall endeavor first to mediate a resolution to disputes that may arise. Should mediation fail to result

---

[2] This order does not apply to case-specific expert witness in a state court case, unless the state court adopts this order and then any disputes arising during a state case-specific witness deposition shall be considered by the state court judge or discovery master ie. Discovery Master Bock in the Pennsylvania litigation.

in an agreed upon resolution, the Special Master shall make preliminary rulings that, at the election of any party, may be referred to this Court. If judicial review of the Special Master's suggested preliminary rulings is required, the parties shall bring their disputes to the Court pursuant to the procedures set forth above. The Special Master's fees and expenses shall be paid in accordance with CMO 30 ¶ 2.B.

**B.     Notices/Scheduling**

1.     Content of Notice.  Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition.

2.     Cooperation   in   Scheduling.     Absent   extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.   Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.     Location.  Counsel shall cooperate in determining the location of expert witness depositions, which shall take place in the deponent's home district or another district convenient to the deponent, counsel and the parties. The party presenting an expert for deposition will make office space available, along with break-out rooms for both sides whenever possible.  If office space is

not available and the deposition needs to take place in a hotel, the cost of renting the deposition room shall be borne equally and the cost of any break-out room will be borne by the party desiring a break-out room.

4.     Adequacy of Notice.  After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location.

5.     Production of Documents.  No later than fourteen (14) days prior to a scheduled deposition, the party deposing an expert witness may request production of documents relied upon by the expert that are not (a) publically available or (b) among the documents produced in this litigation.  The request shall be made for specific documents via email to Roger Denton (Rdenton@uselaws.com) and Megan Vanderbeek (Mvanderbeek@uselaws.com) for Plaintiffs' experts and Joseph Piorkowski (jpiorkowski@lawdoc1.com) and Brian Prestes (brian.prestes@bartlit-beck.com) for Defendants' experts.  Said documents shall be produced five (5) days prior to a deposition scheduled in the United States and seven (7) days prior to a deposition scheduled outside the United States.  This obligation does not limit or replace otherwise existing discovery obligations,  does not include drafts of reports or disclosures protected pursuant to Fed. R. Civ. P. 26(b)(4)(B), and does not make otherwise privileged or work product materials discoverable.

6.     Attendance.  In order for counsel to make arrangements for adequate deposition space, Liaison Counsel for the jurisdiction from which the notice was served and shall confer with the party presenting an expert witness regarding the expected attendance at least three business days before the scheduled date.

7.     Payment.  The party deposing an expert witness shall be responsible for paying that witness for her/his time at any deposition and reasonable travel expenses.  Such payment shall be made within thirty days of presentation of a bill and W-9 to Roger Denton (Rdenton@uselaws.com) for plaintiffs and to Susan Weber (saweber@sidley.com) for Bayer.

8.     Remote Participation.  In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition.  Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and agree not to re-record the deposition, by video or audio means.

9.     Means of Recording.

a.     Stenographic Recording. A certified Court reporter shall stenographically record all deposition proceedings and testimony.  The Court reporter shall administer the oath or affirmation to the deponent.  A written

7

transcript by the Court reporter shall constitute the official record of the deposition for purposes of FED. R. CIV. P. 30(e); N.J. COURT RULES R. 4:16-4; PA. R.C.P NO. 4017(c) (rules addressing submission of transcript to the deponent) and 30(f); N.J. COURT RULES R. 4:14-6; PA. R.C.P NO. 4017 (rules addressing filing, retention, certification and the like). The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to the document depository.

b. Telephonic Depositions. By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under FED. R. CIV. P. 30(b)(7) or to have otherwise moved for such an order as permitted in Pennsylvania and New Jersey. Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

c. Videotaping. Deposition notices shall state whether the deposition is to be videotaped. All videotape depositions shall proceed pursuant to the provisions of section I, *infra*.

8

**C.    Coordination   with   State   Court   Actions/Cross-Noticing   of Depositions[3]**

      1.    Cross-Notices.   Generic expert witness depositions in this litigation subject to this Order will be cross-noticed in Pennsylvania, New Jersey and California state court cases.[4]

      2.    Coordination of Depositions.   Counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent.  In the interest of efficiency, the fewest number of attorneys possible should be used at each deposition.

      a.    Generic Experts.   Under no circumstances shall more than one attorney from each jurisdiction in which the deposition is noticed question a witness.  It is the obligation of the examining attorneys to confer prior to the deposition concerning allocation of time to question.     Under no

---

[3] Nothing in this order is intended to contravene or change state court rules or case management orders governing the availability of expert depositions including Pa.R.Civ.P. 4003.5.

[4] The parties to the coordinated California state court proceedings have not yet disclosed experts or agreed to a Case Management Order regarding expert disclosures and discovery.   The parties have nevertheless agreed that:  1) the depositions of the generic experts taken in these proceedings will be cross-noticed for the California proceedings to avoid unnecessary duplication of efforts without prejudice to either party; 2)  depositions of these experts shall not proceed independently in California except for good cause shown (which is defined for these purposes as (i) the expert has new or supplemental generic opinions; or (ii) the expert is offering case-specific opinions supplemental to his generic opinions); 3) the parties reserve the right to designate these experts and/or additional generic experts in the California proceedings, and to negotiate a separate Case Management Order in California regarding expert disclosures and discovery; and 4) because expert discovery is premature in California at this time, the parties reserve their rights to challenge the MDL generic experts at a later time under the appropriate California standard.

circumstances will the failure of the examining attorneys to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition. At no time shall any lawyer ask questions previously asked by another counsel

   b. Case-Specific Experts. Questioning shall be limited to one attorney per side per case.

   3. Subsequent Depositions of Generic Experts. A party may not take a subsequent deposition of a generic expert witness except for good cause shown. Any subsequent deposition shall be restricted to inquiry related to the developments that necessitated the subsequent deposition, as stipulated to by the parties, or as permitted by the Courts.

**D. Length of Depositions**

   Unless otherwise ordered by the Courts, or agreed to by the parties, the following provisions shall govern depositions subject to this order:

   1. Generic Experts. Depositions of generic experts shall be limited to seven (7) hours of opening examination on the video record by the party who noticed the deposition, which may be followed by an examination by the producing party that is limited to (1) the scope of initial questioning and (2) no more than 15 percent of the time of the initial examination. The party who noticed the deposition may then conduct a re-cross examination limited in scope

and duration to the producing party's examination. No breaks will be taken while a question is pending except to confer about an issue related to a claim of privilege.

        2.     Case-Specific Experts.

        a.     Depositions of case-specific experts who have also submitted a generic report will be limited to three (3) hours of opening examination on the video record per case by the party who noticed the deposition, which may be followed by an examination by the producing party that is limited to (1) the scope of initial questioning and (2) no more than 15 percent of the time of the initial examination. The party who noticed the deposition may then conduct a re-cross examination limited in scope and duration to the producing party's examination. No breaks will be taken while a question is pending except to confer about an issue related to a claim of privilege.

        b.     The first deposition of a case-specific expert who has **not** also submitted a generic report will be limited to seven (7) hours of opening examination on the video record per case by the party who noticed the deposition, which may be followed by an examination by the producing party that is limited to (1) the scope of initial questioning and (2) no more than 15 percent of the time of the initial examination. The party who noticed the deposition may then conduct a re-cross examination limited in scope and duration to the producing party's examination. No breaks will be taken while a question is pending except to confer

about an issue related to a claim of privilege.   Any subsequent case-specific deposition of such an expert will be limited to three (3) hours of opening examination on the video record per case by the party who noticed the deposition, which may be followed by an examination by the producing party that is limited to (1) the scope of initial questioning and (2) no more than 15 percent of the time of the initial examination.   The party who noticed the deposition may then conduct a re-cross examination limited in scope and duration to the producing party's examination.   No breaks will be taken while a question is pending except to confer about an issue related to a claim of privilege.

3     In the event that a deposition involves a translator, the maximum length of the deposition shall be increased as reasonably necessary by up to 75%.

**E.     Translation of Documents**

Objections as to the accuracy of translations shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

**F.     Copies of Transcripts and Recordings**

1.     Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.    Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

**G.    Postponements**

Once a deposition has been scheduled pursuant to Part B., *supra*, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party witness or by leave of the Courts for good cause.

**H.    Attendance**

1.    Permitted Attendees.    Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, attorneys of record in MDL-2100 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel.    Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

2.    Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.    Counsel who have only

13

marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel, should not attend.

      3.    Examination Regarding Confidential Documents.  While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited.  Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality when the transcript, videotape or disk is placed in the document depository.

### I.    Image Recorded Depositions

      Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

      1.    Simultaneous Stenographic Recording.  All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (9), above.

      2.    Cost of the Deposition.  The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.     Videotape   Operator.     The   operator(s)   of   the   videotape
recording equipment shall be subject to the applicable provisions of FED. R. CIV.
P. 28(c); N.J. COURT RULES R. 4:14-9; PA. R.C.P. No. 4017.1.

4.     At the commencement of the deposition the operator(s) shall
swear or affirm to record the proceedings fairly and accurately.   The operator
shall produce both video and DVD formats of each deposition.

5.     Standards.  Unless physically incapacitated, the deponent shall
be seated at a table except when reviewing or presenting demonstrative materials
for which a change in position is needed.  To the extent practicable, the deposition
will be conducted in a neutral setting, against a solid background, with only such
lighting as is required for accurate video recording.  Lighting, camera angle, lens
setting, and field of view will be changed only as necessary to record accurately
the natural body movements of the deponent or to portray exhibits and materials
used during the deposition.   Sound levels will be altered only as necessary to
record satisfactorily the voices of counsel and the deponent.

6.     Index.  The videotape operator(s) shall use a counter on the
recording equipment and after completion of the deposition shall prepare a log,
cross-referenced to counter numbers, that identifies the depositions on the tape at
which examination by different counsel begins and ends, at which objections are
made and examination resumes, at which exhibits are identified, and at which any

15

interruption of continuous tape-recording occurs, whether for recesses, "off-the record" discussions, mechanical failure, or otherwise.

7.     Filing.  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

8.     Objections and instructions not to answer at videotape depositions are subject to the provisions of section J., *infra*.  If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

9.     Technical Data.  Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

**J.     Objections and Directions Not to Answer**

1.     Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

a.     Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff

16

2327  Document 1441-6  Filed 02/03/15  Page 18 of 19 PageID #: 17478

shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

    b.    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

    c.    Counsel shall refrain from engaging in colloquy during depositions. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

    2.    Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

**K.    Preservation of Testimony.**

    If a party desires to present expert testimony from its own retained expert by video at trial, a separate trial preservation deposition notice shall be issued.

shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

    b.    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

    c.    Counsel shall refrain from engaging in colloquy during depositions. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

    2.    Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

**K.    Preservation of Testimony.**

    If a party desires to present expert testimony from its own retained expert by video at trial, a separate trial preservation deposition notice shall be issued.

**J.      Correcting and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within forty-five (45) days after the end of the deposition, unless the court allows a supplemental deposition pursuant to section C (3). If no corrections are made during this time, the transcript will be presumed accurate. Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

**So Ordered**

David R. Herndon
2011.09.01
13:55:11 -05'00'

**Chief Judge**                                    **Date:  September 1, 2011**
**United States District Court**