# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>**THIS DOCUMENT RELATES TO**<br>_____ | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>**JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

[Proposed] PRETRIAL ORDER # _____

**A. SELECTION OF CASES**

1.   On March 1, 2015, each side will unilaterally select a total of 40 cases, equally divided in the following way:

      a.   TVT-S from Georgia

      b.   Prolift +M from West Virginia

      c.   Prolift from Florida

      d.   TVT-O (Mechanical Cut) from Illinois

      e.   TVT (Mechanical Cut) from Arizona

Each side must file a list identifying each plaintiff, the case number and her counsel of record.

2.   To be eligible for selection, (a) a case must be on file by the date of this Order, and (b) the plaintiff must have served on Ethicon a substantially completed Plaintiff Profile Form ("PPF") by the date of this Order. Cases that do not meet all of these criteria cannot be selected absent express agreement between the parties.

3.      If a party selects a case that does not satisfy these criteria (see ¶ 1 & 2), the non-selecting party has the option to notify its adversary in writing and request that the non-compliant case be replaced. In that event, the selecting party must replace the non-compliant case with a compliant case within 7 business days. If the parties disagree on whether a case complies, the non-selecting party shall request a telephonic conference with the Court, and the Court shall consider whether to strike the non-compliant case without permitting the selecting party to identify a replacement.

**B. PLAINTIFF FACT SHEETS AND AUTHORIZATIONS**

4.      On or before March 31, 2014, Plaintiffs must provide Plaintiff Fact Sheets ("PFS") and executed authorizations for all cases identified by the parties. Authorizations shall be provided in accordance with the requirements of PTO # 17.

5.      To increase efficiency, Plaintiffs shall timely provide Ethicon with copies of all medical records that are in their attorneys' possession as of the date of this Order. Such records must be received by counsel for Ethicon no more than 10 business days after the deadline for service of the Plaintiff Fact Sheet.

6.       If a Plaintiff fails to provide a substantially completed PFS or executed authorizations by the deadline applicable to that action, Ethicon has the option to request appropriate remedy from the Court.

**C. DEFENDANT FACT SHEETS**

7.      On or before April 30, 2015, Ethicon is to provide a Defendant Fact Sheet ("DFS") for all cases identified under this PTO.   If the deposition of an implanting physician is scheduled before the deadline to provide a DFS, Ethicon shall provide a DFS in each such case at least 14 days prior to the implanting physician's deposition.

8.       If Ethicon fails to provide a substantially completed DFS by the deadline applicable to that action, Plaintiff has the option to request appropriate remedy from the Court.

**D. FACT DISCOVERY**

9.       In each case, the "Lead Party" will be the party who selected that case. The Lead Party has the option of coordinating the depositions of treating physicians and the option of questioning the treating physicians first.

10.      Limited discovery shall be completed for these cases. Limited discovery shall consist of two (2) depositions, limited to implanting physician and Plaintiff. as well as the deposition of explanting physicians (if applicable) shall be completed by no later than June 15, 2015 for all cases identified under Paragraph 1.

11.      To the extent additional fact discovery outside of what is contemplated in paragraph 10 is needed in a particular case, the parties shall meet and confer, and such discovery shall be completed by no later than July 15, 2015.

**E. EXPERT DISCOVERY**

12.      In each case, the parties shall serve (i) expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(A) and Fed. R. Civ. P. 26(a)(2)(C), and (ii) expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B). The parties are directed to indicate by separate filing in each case who, for that particular case, they may call as an expert. This document should be titled "Disclosure required by PTO # ____" and must be filed in each individual member case simultaneous with expert disclosures.

13.       If either Plaintiffs or Ethicon designate the same expert on the same report as Previously designated in any case in the MDL, no additional depositions of such experts shall be taken except by agreement of the parties and/or leave of Court.

14. Absent good cause shown, Plaintiffs shall serve expert disclosures and reports in each case according to the following scheduled:

    a. TVT-S – August 14, 2015

    b. Prolift +M – September 30, 2015

    c. Prolift - October 15, 2015

    d. TVT-O (Mechanical Cut) – November 30, 2015

    e. TVT (Mechanical Cut) – January 15, 2016

If a treating physician has not been deposed by this deadline, Plaintiffs shall disclose that treating physician as a non-retained expert witness no more than 10 days after the date of the physician's deposition if Plaintiffs intend to use that treating physician as a non-retained expert.

15. At the time Plaintiffs serve their expert disclosures and reports, they shall provide—for each expert witness—at least two dates during the 4 week period after the date upon which the report are served on which that expert witness can be deposed.

16. Absent good cause shown, Ethicon shall serve expert disclosures and reports in each case according to the following schedule:

    a. TVT-S – September 18, 2015

    b. Prolift +M – November 4, 2015

    c. Prolift - November 19, 2015

    d. TVT-O (Mechanical Cut) – January 4, 2016

    e. TVT (Mechanical Cut) – February 19, 2016

If a treating physician has not been deposed by this deadline, Ethicon shall disclose that treating physician as a non-retained expert witness no more than 10 days after the date of the physician's deposition if Ethicon intends to use that treating physician as a non-retained expert.

17. At the time Ethicon serves its expert disclosures and reports, it shall provide—for each expert witness—at least two dates during the 4 week period after such expert reports are served on which that expert witness can be deposed.

18. The parties shall serve disclosures and reports for rebuttal expert witnesses, if any, by no later than 10 days after the service of the corresponding expert report.

**F. MOTION PRACTICE**

19. If discovery (e.g., the deposition of plaintiff and her implanting physician) reveals facts that could support a motion that would be dispositive of the entirety of a plaintiff's claims (e.g., the statute of limitations), either party may seek the Court's leave to file an early dispositive motion on that issue. If such leave is granted, the Court shall set a briefing schedule at that time.

20. In the absence of leave to file an early dispositive motion, non Daubert based dispositive (and partially dispositive) motions shall be filed by no later than the following schedule

      a. TVT-S – October 26, 2015

      b. Prolift +M – December 9, 2015

      c. Prolift  - January 4, 2016

      d. TVT-O (Mechanical Cut) – February 8, 2016

      e. TVT (Mechanical Cut) – March 25, 2016

21. Opposition briefs, if any, shall be filed by no later than the following schedule:

      a. TVT-S – November 6, 2015

      b. Prolift +M – December 21, 2015

      c. Prolift - January 15, 2016

      d. TVT-O (Mechanical Cut) – February 19, 2016

      e. TVT (Mechanical Cut) – April 5, 2016

22. Reply briefs, if any, shall be filed no later than the following schedule:

      a. TVT-S – November 13, 2015

      b. Prolift +M – December 30, 2015

      c. Prolift - January 22, 2016

      d. TVT-O (Mechanical Cut) – February 26, 2016

      e. TVT (Mechanical Cut) – April 12, 2016

23. Hearing dates for dispositive, non Daubert based dispositive (and partially dispositive) motions and Daubert motions, if any, will be set at a future status conference.

24. The page limitations provided in Local Rule of Civil Procedure 7.1(a)(2) apply to memoranda in support of all dispositive and Daubert motions, oppositions, and replies, and the Court will not be inclined to grant motions to exceed the page limit. The parties shall provide courtesy copies to the Court in accordance with Local Civil Rule 7.1(a)(5), and requests that such courtesy copies include the header added upon filing.

25. Motions *in limine* and *Daubert* based dispositive motions shall be filed no later than fourteen days (14) after the court rules on non *Daubert* based dispositive motions and *Daubert* motions. Response briefs shall be filed within seven (7) days. Motions *in limine* are limited to 3

pages each; responses are limited to 2 pages each. No reply briefs shall be filed for motions *in limine*.

**G. TRIAL**

26. Trials will commence in each of these cases on the following dates. Each trial will be limited to 10 trial days.

      a. TVT-S – December 1, 2015

      b. Prolift +M – January 12, 2016

      c. Prolift - February 23, 2016

      d. TVT-O (Mechanical Cut) –April 6, 2016

      e. TVT (Mechanical Cut) – May 18, 2016