UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File N. 2:12-MD-02327 MDL NO. 2327 |
|---|---|
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR ORDER
DIRECTING PARTIES TO COORDINATE RESOLUTION OF
DISCOVERY DISPUTES BETWEEN STATE AND FEDERAL COURTS**

Plaintiff Carol Cavness files this Response in Opposition to Defendants' Motion for Order Directing Parties to Coordinate Resolution of Discovery Disputes Between State and Federal Courts. This response is being submitted in both the Texas District Court for the 95th Judicial District, Judge Ken Molberg, who is presiding over *Cavness v. Kowalczyk*,[1] where the alleged discovery dispute has arisen, and this court.

Since the filing of Defendants' motion, by agreement of the parties, the *Cavness* case has been continued from the recent April 2015 trial setting to sometime in September 2015, although a specific new trial date has not yet been assigned. Also since the filing of Defendants' motion seeking coordination of discovery between the Texas District Court case, the parties' counsel conducted an in-person meet and confer on February 12, 2015. During the meeting, Defendants withdrew privilege assertion for an additional seven documents and designated three as either

---

[1] *Cavness*, the Texas District Court case, arises from implantation of Defendants' Gynemesh PS, which is used in the pelvic mesh product implanted in Ms. Cavness: the Ethicon Gynecare Prosima Pelvic Floor Repair System.

doplicaters or to be produced in a redacted format. In the spirit of cooperation, Plaintiff's counsel agreed to with draw the privilege challenge for nearly two-thirds of the remaining documents at issue, leaving only 51 total challenges.

## I.     BACKGROUND

The present controversy[2] in *Cavness* arose on November 7, 2014, when Defendants responded to Plaintiff's discovery requests by asserting privilege as to 20,000 separate documents. As provided by the Texas Rules of Civil Procedure, Plaintiff requested a Privilege Log so that she could determine if the withheld documents had been properly withheld due to privilege. Plaintiff then narrowed her privilege challenges to a discrete subset of 1570 challenged documents. After various discussions and coordination between the parties, Defendants withdrew their assertions of privilege as to all but 174 of the initially challenged documents.

In their Motion for Coordination, Defendants misrepresents that the Plaintiff's counsel in *Cavness* did not cooperate in this process and even intimates, incorrectly, that Plaintiff's counsel may not have acted in good faith. In fact, quite the contrary is true, as demonstrated by the continuance of the hearing on Plaintiff's motion for *in camera* inspection of the allegedly privileged documents, which was initially set for January 6, 2015, and has now been continued **four times** in an attempt to accommodate Defendants. The *Cavness* parties' success towards resolution of the many of the privilege issues is further evidenced by the fact that there now

---

[2] There was a notice of deposition of corporate representative (person with most knowledge) served in *Cavness* under the Texas Rules of Civil Procedure, regarding documents related to the Prosima device. This notice was essentially the Texas equivalent of a Rule 30(b)(6) notice under the Federal Rules of Procedure. The deposition notice was withdrawn and has not been re-issued. This withdrawal is not a waiver of the right under Texas law to re-issue this notice, if deemed necessary.

fewer documents at issue, Defendants having withdrawn their privilege assertions as to all but 174 documents.[3]

Of note, Defendants withdrew privilege on all but 174 documents or approximately 10 percent of the initially 1570 allegedly privileged documents -- something that Plaintiff finds very disconcerting, as should the Court, as it suggests that the initial assertions of privilege were baseless.

A timeline, with exhibits, describing the various attempts by the *Cavness* plaintiff to resolve the issue in the Texas District Court since November is attached as **Exhibit 1.**

## II.   ARGUMENT AND AUTHORITIES.

### A.   Ethicon Incorrectly Insists that it is Appropriate to Mandate Submission of the *Cavness* Case to the Jurisdiction of the MDL Court.

Despite Plaintiff's counsels' insistence that they need more than Defense counsels' bare assertion of privilege, Defendants failed to provide sufficient information to make further fruitful discussion possible. For those remaining documents, it is reasonable that the *Cavness* Texas District Court conduct an *in camera* inspection pursuant to the Texas Rules of Civil Procedure and based on what proof Defendants produce in support of the alleged privileges. Thus, a hearing should go forward before State District Court Judge Molberg so that he may consider the *Cavness* Plaintiff's Motion for such an inspection.

As discussed above and evidenced by the Timeline (Exhibit 1 and its attachment Exhibits), the *Cavness* Plaintiff has repeatedly conferred with Ethicon regarding privilege issues. Ethicon now relies on a self-serving statement in one of its counsel's emails to mandate that Plaintiff discuss and go forward with a coordinated resolution of the privilege issues through the

---

[3] *See* **Ex. 11**, Ethicon email with attachment list of withdrawn privileges. Plaintiff needs more than Defense counsels' bare assertion of privilege as to most, if not all of these remaining document and will request an In Camera inspection, as allowed by the Texas Rules of Civil Procedure, in Texas District Court.

MDL Court.[4] A combined procedure before the MDL Court, as is contemplated by Defendants, is unnecessary because the *Cavness* Texas State District Court has ample authority to resolve the issue by well-established Texas procedure contemplated by the Texas Rules: an *in camera* inspection of the remaining 51 documents for which privilege(s) are still being asserted. The privileges and procedures for assertion of privilege are particular to state law and cannot be as easily coordinated as Defendants propose.

Having agreed to reset this hearing multiple times, Plaintiff should be allowed go forward with the hearing. Mrs. Cavness has a trial date in the Texas District court. Although the Ethicon MDL has been pending for four years, privilege issues have not been resolved, even to the extent that they have been resolved in *Cavness*. Mrs. Cavness should not be the victim of the failure to resolve these issues timely before the MDL Court.

    **B.**    **Texas Law does not Allow for Appointment of a Special Master.**

Texas Rule of Civil Procedure "permits the appointment of a master only 'in exceptional cases, for good cause." *Simpson v. Canales*, 806 S.W.2d 802, 810 (Tex. 1991). Exceptional condition, as interpreted by the Texas Supreme Court, cannot be met merely by showing that a case is complicated or time-consuming, or that the court is busy. *Id*. Thus, in *Simpson*, a toxic-tort asbestos suit, the Court rejected the appointment of a special master to preside over discovery, reasoning that special masters would be appointed ad nauseam, resulting in added costs of litigation, displacing the role of the trial judge. *Id*. at 808.

---

[4] Not only is Defense counsel's email self-serving, the Texas Rule of Civil Procedure requires that to be enforceable, agreements between counsel be in writing, signed and filed with the court unless made in open court and entered of record. *See* Tex. R. Civ. P. 11.

Since *Simpson*, Texas cases where a special master appointment has been approved base that approval on two distinct rationales. First, the opposing party failed to make an appropriate objection, or simply waited too long to object. *See McCrory & Co., Inc. v. Avery Mays Const. Co.,* 690 S.W.2d 333, 334 (Tex.App.--Dallas 1985)(objection never made to special master's report); *In re Pendragon Transp. LLC*, 423 S.W.3d 537 (Tex.App.--Dallas 2014)(writ filed six months after appointment of special master and two weeks prior to trial). Second, special masters have been allowed in cases where: the presence of some highly-technical issue with which the assistance of a special master would aid the Court in its analysis, appointment does not supplant the judge as the ultimate source of authority, and the scope of the master's role is limited. *Transamerican Natural Gas Corp. v. Mancias*, 877 S.W.2d 840, 842-43 (Tex.App. – Corpus Christi 1994) (limiting role of geological technical advisor/special master to assisting the judge on matters of discoverability, specific to two discreet questions); *Hourani v. Katzen*, 305 S.W.3d 239 (Tex.App.-Houston 2009) (expert in engineering/soil stability/lake retention appointed special master to assist judge in determining the feasibility of a construction project).

Defendants have offered no explanation as to what good cause or exceptional circumstances exist in appointing a special master to oversee *in camera* inspection of privileged documents. Moreover, the limiting circumstances described in *Mancias* or *Hourani* are absent in the present issue. *In camera* review of the documents at issue for privilege does not require expertise in a highly technical area, nor have Defendants offered any limitations to the scope of the master's role. Further, Defendants' proposed appointment of a special master to coordinate with the MDL would supplant the role of the Judge Molberg as the ultimate source of authority. As such, appointment of a special master for *Cavness* would be denied as improper under Texas law.

### C. Plaintiff's Counsel has Voluntarily Coordinated Discovery.

Contrary to Defendants' assertion, with regard to coordination of discovery with the pending Ethicon MDL, Plaintiff's Counsel has coordinated discovery in *Cavness* to the extent advisable for Mrs. Cavness by not taking duplicative depositions or conducting duplicative discovery.

### D. With All Due Respect, this Court Lacks Authority To Dictate Discovery in *Cavness*.

Defendants presuppose that the MDL Court should order coordination of discovery, despite absence of jurisdiction over Mrs. Cavness' Texas court claims. In fact, when Ethicon sought to have Ethicon MDL Special Magistrate Eifert dictate discovery procedure in the New Jersey state court litigation, Special Magistrate Eifert observed that:

> Now, you know, the problem I have is I really don't have any control over the New Jersey litigation, how or when they do their discovery or what the judge in New Jersey is going to do if the MDL has done a bunch of discovery and the New Jersey lawyers don't want to accept that.

**Exhibit 17**, transcript from August 23, 2013 Ethicon MDL hearing.

While it may be that some state courts have agreed to coordinate with federal courts regarding discovery in certain cases, with all due respect, this court is without jurisdiction to unilaterally "direct" such coordination, as requested by Defendants.

Further, while certain of Mrs. Cavness' counsel may be members of the various Mesh MDL Steering Committees, Mrs. Cavness' actual lead counsel is William F. Blankenship, III. The PSC members were associated by Mr. Blankenship to assist with

his state court case. The PSC members do not have final authority of *Cavness* and Mr. Blankenship is not a PSC member or counsel before this Court.

### III.     PRAYER

Based on the foregoing, Plaintiff prays that Defendants' Motion for Order Directing Parties to Coordinate Resolution of Discovery Disputes Between State and Federal Courts be denied and for such further relief, at law and in equity, as justly entitled.

Respectfully submitted,

MATTHEWS & ASSOCIATES

/s/ Julie L. Rhoades
David P. Matthews
State Bar. No. 13206200
dmatthews@thematthewslawfirm.com
Julie L. Rhoades
State Bar. No. 16811710
2905 Sackett St
Houston, TX 77098
713-522-5250 Telephone
713-535-7132 Facsimile
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk for The Judicial Panel on Multidistrict Litigation pursuant to its electronic case filing system (ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

Certified to the 16th day of February, 2015 by:

/s/ Julie L. Rhoades
Julie L. Rhoades