EXHIBIT 1

## Cavness – Privilege log
## Timeline of Events

| DATE | DESCRIPTION |
| --- | --- |
| November 7, 2014 | Plaintiff Counsel Blankenship emails Defense Counsel to request, per rule 193.3(b), identification of withheld material. (Ex. 2) |
| November 24, 2014 | Ethicon sends DVDs and cover letter containing their privilege log. (Ex. 3) |
| December 5, 2014 | Plaintiff Counsel emails letter to Defense giving notice of intent to request a hearing if they do not withdraw assertions of privilege on 1,570 identified documents, also indicates intention to file a Notice of Deposition for corporate rep. (Ex. 4) |
| December 15, 2014 | Notice of hearing sent to Defense setting hearing for Jan. 6, 2015. (Ex. 5) |
| December 19, 2014 | Plaintiff Counsel Freese and Defense counsel Jones have a call over the privilege log and proposed notice of deposition of corporate representative. |
| December 20, 2014 | Plaintiff Counsel Freese and Defense Counsel Jones exchange emails regarding whether there has been a meet and confer, a phone conference is proposed. (Ex. 6) |
| December 29, 2014 | Plaintiff amends her notice of hearing, rescheduling for Jan 21, 2015. (Ex. 7) |
| December 30, 2014 | Ethicon sends via email their first response to production which includes 1100 duplications and a list of 124 documents for which privilege was withdrawn. Actual documents are not sent. (Ex. 8) |
| January 5, 2015 | Defense requests parties jointly propose requesting coordination, and seek telephone conference to discuss on Jan 6, 2015. (Ex. 9) |
| January 6, 2015 | Defense sends email update stating that Ethicon has almost finished privilege review and that they will transmit documents the following day. Defense also memorializes agreement that in exchange for Plaintiff's agreement to |

1

| | |
|---|---|
| | extend time for privilege claim, Defendant will hold off on sending request for coordination. (Ex. 10) |
| January 7, 2015 | Defense emails the final list of downgrades and transmits the produced documents. In total, 1178 documents were duplicates, 218 were withdrawn as privileged, and 125 were withheld as privileged. (Ex. 11) |
| January 8, 2015 | Defense advises that they have made best efforts to narrow down the remaining documents and seeks Plaintiff's position. (Ex. 12) |
| January 13, 2015 | Plaintiff expresses her opinion on the privilege asserts by sending a second amended notice of hearing, requesting in camera inspection for the remaining documents for which privilege is asserted. (Ex. 13) |
| January 16, 2015 | Defense seeks an extension on filing their "papers" and requests a continuance of the Feb. 3rd hearing. (Ex. 14). |
| January 20, 2015 | Plaintiff agrees to again move the hearing date. |
| January 23, 2015 | Plaintiff's Counsel Goss emails Defense Counsel that they have the new hearing date, requesting a date for deposition of a corporate witness, and seeking an agreement on a process with respect to a process for production or claim privilege on the remaining 20k documents in the privilege log. (Ex. 15, p.6) |
| January 23, 2015 | To accommodate Defense, a Third amended notice of hearing is sent, changing the hearing from Feb 3 to Feb 17. (Ex. 16) |
| January 30, 2015 | Plaintiff Counsel Goss responds to Defense request for "meet and confer" that without evidence supporting privilege assertions, Plaintiff cannot decide on necessity of corporate representative deposition. (Ex. 15, p. 3) |
| January 30, 2015 | In response to Defense request, Plaintiff Counsel Goss requests specificity on how many of the 20k documents are duplicates and number of documents for which privileges are at issue. (Ex. 15, p. 1-2) |