**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

IN RE: ETHICON INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL No. 2327

THIS DOCUMENT RELATES TO ALL CASES

## MOTION FOR ENTRY OF QUALIFIED PROTECTIVE ORDER

The Garretson Resolution Group, Inc. ("GRG"), acting in its capacity as the Court-appointed Lien Resolution Administrator ("LRA")[1] moves this Court for entry of a Qualified Protective Order in the above captioned action.  This Qualified Protective Order shall apply specifically to Plaintiff Law Firms in the above captioned action that retain (or have retained) the LRA to serve as their agent to perform certain functions related to Plaintiffs' health insurance reimbursement claims and/or liens (hereinafter collectively "Counsel").  Due to the large number of Plaintiffs in the above captioned action, a Qualified Protective Order entered substantially in the form of the proposed order attached hereto as Exhibit A, as opposed to obtaining individual proofs of representation and HIPAA authorizations on a claimant-by-claimant basis, will significantly expedite the lien resolution process and administration of settlement agreements arising out of the above captioned action.

Accordingly, the LRA requests that the Court enter an order, substantially similar to the proposed order attached hereto as Exhibit A which authorizes the LRA to: (1) act as agent for Counsel for the benefit of all claimants represented by Counsel in the above captioned action for purposes of claim and/or lien identification and resolution; (2) receive and release protected

---

[1] *See* Pretrial Order #105 [Dckt. 1110 in 2:12-md-2327].

1

health information and individually identifiable health information related to claimants represented by Counsel; (3) resolve potential recovery claims related to claimants represented by Counsel for medical items, services, and/or prescription drugs with Governmental Payers,[2] Medicare Part C and/or Part D Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively, "Payers") associated with the above-captioned action; and (4) all other duties and functions set forth in the proposed order attached hereto as Exhibit A.

February 25, 2015

Respectfully Submitted,

**/s/ Jennifer J. Hicks**
**Jennifer J. Hicks (WVSB No. 11423)**
**DINSMORE & SHOHL LLP**
**P.O. Box 11887**
**Charleston, WV 25339-1887**
**Telephone: (304) 357-0900**
**Facsimile: (304) 357-0919**

**On behalf of: Garretson Resolution Group, Inc.**

---

[2] Governmental Payers means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include, but are not limited to, the Centers for Medicare and Medicaid Services ("CMS"), the Medicare Secondary Payer Department, the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"), Veteran's Administration, TRICARE, and Indian Health Services.