UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


AND


DISTRICT COURT
95TH JUDICIAL DISTRICT
DALLAS COUNTY, TEXAS

| | |
|---|---|
| IN RE:  ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL CASES | United States District Court, S.D. W. Va. Master File No. 2:12-MD-02327 MDL No. 2327<br><br><br>JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |
| CAROL CAVNESS, Plaintiff<br><br>v.<br><br>TERESA KOWALCZYK, M.D., HUNT MEMORIAL HOSPITAL DISTRICT CHARITABLE HEALTH FOUNDATION d/b/a HUNT REGIONAL HEALTHCARE FOUNDATION and HUNT REGIONAL MEDICAL CENTER AT GREENVILLE, BAYLOR HEALTH CARE SYSTEM, JOHNSON & JOHNSON and ETHICON, INC. | District Court of Dallas County, Texas Cause No. DC-14-04220<br><br>KEN MOLBERG DISTRICT COURT JUDGE |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR ORDER DIRECTING PARTIES TO COORDINATE RESOLUTION
OF DISCOVERY DISPUTES BETWEEN STATE AND FEDERAL COURTS

As set forth in defendants' opening brief, state-federal coordination of privilege disputes

is appropriate because the privilege challenges raised by plaintiff present cross-cutting issues

with potential ramifications far beyond the *Cavness* case.  Judge Eifert recognized as much

during the MDL hearing in which she granted defendants' motion.  According to Judge Eifert, "coordination is very important" to ensure that the MDL court, the state courts and the parties are "all on the same page" with respect to privilege disputes.  (Coordination Hearing Tr. 16:10-11, 19:18-19 (Feb. 11, 2015) (attached as Ex. 1).)  In particular, the Court explained that if one court "says [a particular] document is not privileged, then suddenly it's out there and it's . . . no longer privileged," which "could just be an absolute nightmare."  (*Id.* 24:18-22.)  Simply put:  privilege disputes in state-court proceedings are "across-the-board a huge issue" that will "affect all of us." (*Id.* 25:6-7; 25:25-26:2.)

Plaintiff's opposition ignores these benefits of coordination and mischaracterizes the factual background underlying the present privilege dispute in an apparent effort to discredit the legitimacy of defendants' privilege claims and deflect attention away from plaintiff's counsel's repeated unwillingness to cooperate with defendants in resolving the parties' privilege disputes.

***First***, plaintiff mistakenly asserts that "Defendants withdrew privilege on all but 174 documents or approximately 10 percent of the initially 1570 allegedly privileged documents," in an effort to "suggest[] that the initial assertions of privilege were baseless."  (Pl.'s Opp'n at 3; *see also id.* at 2 (similar).)  This is not accurate.  As plaintiff is fully aware, she originally identified 1,570 documents as to which she sought *in camera* review in Texas state court.  (*See* Pl.'s Mot. for *In Camera* Inspection at Ex. B (attached as Ex. 2).)  Since that time, defendants have discovered that ***1180 of those documents are exact or near-exact duplicates of another document within that set***.  (*See* Aff. of Ben Watson ("Watson Aff.") ¶ 3, Feb. 23, 2015 (attached as Ex. 3).)  Defendants removed these duplicate documents from their list to narrow the issues in dispute and ensure that the Court was not required to rule multiple times on the same document. With respect to the remaining 390 documents that are not duplicates, defendants agreed to take a

2

conservative approach to their privilege claims in the interest of compromise and withdrew their claims of privilege on about 275 documents, as to which there was arguably a conflict among the courts with respect to the validity of the privilege claim, leaving only 115 documents in dispute.

*Second*, plaintiff's contention that the various continuances issued for her state-court privilege motion were to "accommodate Defendants" is also untrue.  (Pl.'s Opp'n at 2.)  Despite defendants' repeated efforts to meet and confer to discuss coordination and narrow the scope of the parties' disagreements, plaintiff's counsel did not participate in a single meet and confer until ordered to do so, and consistently resisted efforts to discuss federal-state coordination with defendants.

After the parties finally met on February 12, 2015, plaintiff withdrew her challenges with respect to all but 51 documents.[1]

*Third*, plaintiff also devotes much of her opposition brief to the argument that "Texas law does not allow for appointment of a special master."  (*Id.* at 4-5.)  But defendants merely proposed the appointment of a special master as one possibility to ease the burden on Judge Molberg.  It was not the centerpiece of defendants' motion, and plaintiff offers no legitimate argument as to why the Courts cannot coordinate on resolving privilege issues without resort to a Special Master.

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendants' opening brief, defendants urge the Texas and MDL Courts to coordinate their review of plaintiff's privilege challenges.

---

[1]    Defendants withdrew their privilege claim as to one of the 51 documents, and three of them were duplicates of other documents in the set, leaving 47 documents still at issue.

Dated:  February 25, 2015

Respectfully submitted,

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com


*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com



*Counsel for Defendants Ethicon, Inc.*
*and Johnson & Johnson in In re: Ethicon,*
*Inc. Pelvic Repair System Products*
*Liability Litigation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas
