UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File N. 2:12-MD-02327 MDL NO. 2327** |
| **THIS DOCUMENT RELATES TO ALL CASES** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**PLAINTIFFS' MEMORANDUM REGARDING CHOICE OF LAW WITH RESPECT TO PRIVILEGE ISSUES IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR ORDER DIRECTING PARTIES TO COORDINATE RESOLUTION OF DISCOVERY DISPUTES BETWEEN STATE AND FEDERAL COURTS**

Plaintiffs file this response to Defendants' memorandum regarding choice of law that was purportedly filed in response to Magistrate Eifert's request at the hearing on February 11, 2015. (Ex. 1, Coord. Mot. Hr'g Tr. 32:6-8). What Magistrate Eifert actually said was "The first thing I want from Ethicon is some kind of motion filed. And I think the Motion's got to address the choice of law."

At present, the posture of this proceeding is no different than before the February 11, 2015 hearing – there is a Texas case, *Cavness*, where a Motion for *In Camera* Inspection has been filed, now set for hearing on March 6, 2015. The only motion before this court is the same Motion For Order Directing Parties to Coordinate Resolution of Discovery Disputes Between State and Federal Courts that prompted the February 11, 2015 hearing where Judge Eifert observed: "I don't think there's much I can do about the issue currently pending in Texas. I mean, if there's already a motion pending in front of the judge there, I don't know what I can do about it." (Ex. 1, Coord. Mot. Hr'g Tr. 23:14-17).

Page 1

With regard to the argument and authorities in Defendants' memorandum, Plaintiffs respond as follows:

In *Van Dusen v. Barrack*, the United States Supreme court held that an MDL Court must apply the substantive state law, including choice-of-law rules that the transferor court would have applied. *Van Dusen v. Barrack*, 376 U.S.612, 639 (1964). None of the alleged "three principle approaches" proposed by Defendants can be properly assessed without examination of the particular documents for which privilege is disputed, the circumstances and facts surrounding the creation and dissemination of those documents, and the forum or place where the documents/communications initiated or were circulated. A blanket determination is not appropriate and under the circumstance currently before this Court, would not be proper.

In their memorandum, Defendants discuss three approaches: 1) The "Yaz" approach; 2) the no meaningful difference approach; and 3) the application of federal privilege law approach.

**1. The Yaz Approach –**

The Yaz MDL court was presented with a privilege dispute over certain documents and following attempts by the parties to resolve the issue, the parties asked the court to resolve the choice-of-law questions relative to those documents and to provide direction for addressing remaining disputed issues. *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 39820, 3 – 4 (S.D. Ill. Apr. 11, 2011). The court decided that all states had applied, or would likely apply, a choice of law approach similar to that of Section 139 of the Restatement (Second) of Conflict of Laws (1971), where a court is to apply the privilege law of the jurisdiction with the "most significant relationship to the communication." *Id*. at *25. The parties then agreed that New Jersey was the state with the most significant relationship to the communications at issue. *In re Yasmin & Yaz Mktg., Sales*

*Practices & Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 64736, at *4-6 (S.D. Ill. June 17, 2011). Thus, the Yaz MDL court applied New Jersey law to the defendant's attorney-client privilege claims.

### 2. There Is No Meaningful Difference Between States' Privilege Laws Approach.

In each of the cases cited by Defendants with regard to this approach, there were actual documents at issue. Further, for most of the cases, there was a limited number of states' laws at issue with regard to the application of the privilege that had been asserted. In *Phillips v. C.R. Bard, Inc.,* the court was only considering the substantive elements of the attorney-client privilege for three states: New Jersey, Arizona, and Nevada. *Phillips,* 290 F.R.D. 615, 625 (D. Nev. 2013)(communications between defendant's employees in Arizona and New Jersey and court in Nevada). Likewise, in *Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, the communications for which privilege was asserted took place in Pennsylvania, but the case was filed in Delaware. *Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, 2011 U.S. Dist. LEXIS 46781, at *4 - 5 (D. Del. Apr. 25, 2011). Thus, only two states' privilege laws were at issue.

### 3. Federal Privilege Law Approach

In 2007, before the Vioxx MDL Court, approximately 30,000 specific documents allegedly protected from discovery by the attorney-client privilege were at issue. In re: Vioxx Prod. Liab. Litig., 501 F. Supp. 2d 789 (E.D. La. 2007). Faced with the daunting task of determining the application of the attorney-client privilege to such a large number of documents, the court appointed a special master to review 2600 representative documents, some selected by each side. *Id*. at 791-92. Without performing a choice-of-law analysis, the special master applied federal privilege law. *Id.* at 795. Work product privilege was apparently not at issue.

In each of these approaches, there were specific documents at issue. Presently before this MDL court, there is no pending motion to compel or for in camera inspection for any specific documents.

Dated:  March 2, 2015.

          Respectfully submitted,

          MATTHEWS & ASSOCIATES

          /s/ Julie L. Rhoades
          David P. Matthews
          Texas Bar. No. 13206200
          dmatthews@thematthewslawfirm.com
          Julie L. Rhoades
          Texas Bar. No. 16811710
          2905 Sackett St
          Houston, TX 77098
          713-522-5250 Telephone
          713-535-7132 Facsimile

          **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk for The Judicial Panel on Multidistrict Litigation pursuant to its electronic case filing system (ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

Certified to the 2nd day of March, 2015 by:

                                                     /s/ Julie L. Rhoades
                                                   Julie L. Rhoades