UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AND

DISTRICT COURT
95TH JUDICIAL DISTRICT
DALLAS COUNTY, TEXAS

| | |
|---|---|
| United States District Court, S.D. W. Va.<br>Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE | IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES |
| District Court of Dallas County, Texas<br>Cause No. DC-14-04220<br><br>KEN MOLBERG<br>DISTRICT COURT JUDGE | CAROL CAVNESS,<br>Plaintiff<br><br>v.<br><br>TERESA KOWALCZYK, M.D., HUNT MEMORIAL HOSPITAL DISTRICT CHARITABLE HEALTH FOUNDATION d/b/a HUNT REGIONAL HEALTHCARE FOUNDATION and HUNT REGIONAL MEDICAL CENTER AT GREENVILLE, BAYLOR HEALTH CARE SYSTEM, JOHNSON & JOHNSON and ETHICON, INC. |

**DEFENDANTS JOHNSON & JOHNSON AND ETHICON, INC.'S
SURREPLY IN RESPONSE TO PLAINTIFF'S
MOTION FOR *IN CAMERA* INSPECTION**

Defendants Johnson & Johnson ("J&J") and Ethicon, Inc. ("Ethicon") (collectively, "defendants") respectfully submit this short surreply in response to plaintiff's motion for an *in camera* inspection of certain documents listed on defendants' privilege log. In her reply,

plaintiff urges the Court to order defendants to submit the 47 documents still at issue to the Court for *in camera* review. Defendants welcome such a review because they believe it will demonstrate that these materials are privileged and/or subject to protection as attorney work product. Indeed, defendants made clear in their response to plaintiff's motion that they intend to submit the documents for *in camera* review at the upcoming hearing. Nonetheless, defendants seek to address a number of misstatements of law and fact included in plaintiff's submission.

  ***Communications To Or From In-House Counsel***.  Plaintiff erroneously contends that defendants "wish the [C]ourt to believe that interpretation of attorney-client privilege is based on federal law." (Reply at 5.) Defendants made clear in their prior briefing that the privilege claims at issue are governed by New Jersey law because that state has the most significant relationship to the communications. (*See* Opp'n at 3-5.) Defendants merely noted that New Jersey has adopted similar standards and caselaw with respect to the attorney-client privilege as those applied by federal courts. *Leonen v. Johns-Manville*, 135 F.R.D. 94, 98 (D.N.J. 1990) (New Jersey "state courts recognize the same policies behind the [attorney-client] privilege as do the federal courts" – i.e., "to promote full and frank discussions between attorneys and their clients.").

  Plaintiff also cites *Leonen* for the proposition that New Jersey's attorney-client privilege is "qualified, not absolute as under federal law." (Reply at 5.) But this statement refers to the fact that New Jersey allows the privilege to be "pierced" in certain, very extreme circumstances where there is a substantial need and no other way to obtain it. *See* 135 F.R.D. at 100 (citing *In re Kozlov*, 398 A.2d 882, 887 (N.J. 1979)). No such extreme circumstances exist here, and plaintiff has not suggested otherwise.

Plaintiff's suggestion that communications involving J&J attorney Dirk Brinckman are not privileged because he is a foreign attorney not licensed in the United States (Reply at 7) is also incorrect. As explained in defendants' opposition brief, an attorney who is "admitted to practice law only in foreign jurisdictions" is still "a member of the bar" for "the purposes of the attorney-client privilege." *See Keating v. McCahill*, No. 11-518, 2012 U.S. Dist. LEXIS 91179, at \*14 n.4 (E.D. Pa. June 28, 2012) (internal quotation marks and citation omitted) (Opp'n at 9 n.5); *see also* Restatement (Third) of Law Governing Lawyers § 72, cmt. e. ("[A] lawyer admitted to practice in another jurisdiction or a lawyer admitted to practice in a foreign nation is a lawyer for the purposes of the privilege."). Mr. Brinckman completed his legal studies in Belgium at KU Leuven, received a Master of Laws at the College of Europe, and is currently registered with the Belgian Institute of Company Lawyers as a lawyer in good standing. (*See* Certificate of Current Good Standing (attached as Ex. 1).) As Johnson & Johnson's former Vice President – Law for the General Surgery Business within the Global Surgery Group, and currently as Chief Regulatory Counsel, Mr. Brinckman's primary function is to manage the Company's global legal team and provide legal guidance on foreign laws, particularly in Europe, the Middle East and Asia. The two documents targeted by plaintiff in her reply brief bear this out. In one, an employee alerts Mr. Brinckman to a potential legal issue in the European Union and seeks his advice. *See* PL11662. The other is a table attached to memorandum authored by Mr. Brinckman that provides legal advice regarding contracts with foreign governments. *See* PL25353. Mr. Brinckman's legal advice on these issues as in-house counsel is protected.

***Draft Documents That Allegedly Include Attorney Comments***. As explained in defendants' prior briefing, a long line of courts have held that attorney revisions and comments that convey legal advice are privileged. In response, plaintiff asserts that it is "unclear" whether

an attorney authored the comments at issue or "whether the remarks contained therein are confidential." (Reply at 7-8.) Not so. The affidavit of Benjamin Watson and accompanying table make clear that each of the documents that fall within this category contain attorney comments and were circulated only within J&J and Ethicon. This is sufficient to make a showing of privilege under Texas law. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

***Communications Between Non-Lawyers Within Ethicon Or J&J Discussing Legal Advice From Counsel***. Plaintiff contends that *Macey v. Rollins Environmental Services (N.J.), Inc.*, 432 A.2d 960, 963 (N.J. Super. Ct. App. Div. 1981), only extends privilege protection to communications between corporate employees made "in anticipation of litigation." (Reply at 8.) The case says nothing of the sort. Instead, it held that a statement regarding a fire prepared by a corporate employee at the direction of counsel was privileged because it was a "confidential communication" between a lawyer and client. *Macey*, 432 A.2d at 963. As a result, the court found it unnecessary to determine whether the statement constituted "attorney[] work product prepared in anticipation of litigation." *Id*. at 964. In addition, there is no truth to plaintiff's argument that *Net2Phone, Inc. v. eBay, Inc.*, No. 06-2469 (KSH), 2008 U.S. Dist. LEXIS 50451, at *5 (D.N.J. June 25, 2008), requires defendants to affirmatively make a "showing that the communications between non-lawyers" were not "disclose[ed] . . . to third parties." (Reply at 8-9.) In *Net2Phone*, the party at issue conceded that it disclosed privileged communications to third parties. By contrast, here, defendants maintain that the withheld communications were kept confidential, and plaintiff has no evidence to the contrary.

***Documents Created By APCO***. Plaintiff argues that the fact that defendants' outside counsel hired APCO to provide litigation-related advice is not sufficient to establish that

materials created by APCO are subject to work-product protection.  Neither of the authorities she cites supports this position.  In *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 127 (N.D.N.Y. 2007) (Reply at 9), the court noted that the burden on the party invoking work-product protection is "not a heavy one."  241 F.R.D. at 127.  Assessing the claim of work product, the court distinguished materials created in a "landscape bristled with litigation" from those that were made for "business and non-legal" purposes.  *Id.* at 131.  The former were protected, while the latter were not, a conclusion that is fully consistent with defendants' argument.  *Id.*  And *Calvin Klein Trademark Trust v. Wachner*, 198 F.R.D. 53, 55 (S.D.N.Y. 2000) (Reply at 10) similarly stands only for the proposition that pure "public relations advice" unrelated to the "conduct of litigation" is not work product.  198 F.R.D. at 55.

The documents at issue here do ***not*** provide "'ordinary'" public relations advice.  (*See* Opp'n at 17 (quoting Watson Aff. ¶ 9).)  Rather, these are documents related to the discontinuation of a product that was already subject to product-liability litigation.  Because these documents were drafted amidst a "landscape bristled with litigation," Ethicon's outside counsel sought assistance from APCO in crafting public statements consistent with Company positions and actions that would not compromise the Company's litigation positions.

***Communications Between In-House Counsel And Consultant Acting As "Functional Employee" Of The Company***.  Plaintiff's assertion that New Jersey law does not protect communications between counsel and independent contractors working as the functional equivalents of employees (Reply at 10-12) is also incorrect.  One of the cases plaintiff cites for this proposition, *Net2Phone*, 2008 U.S. Dist. LEXIS 50451, does not even address communications with independent contractors, much less suggest that courts in New Jersey or elsewhere would not find them to be privileged in the circumstances presented here.  Plaintiff's

5

reliance on *In re Bristol-Myers Squibb Securities Litigation*, No. 00-1990 (SRC), 2003 U.S. Dist. LEXIS 26985 (D.N.J. June 25, 2003) – which embraced a "four-factor test" for determining whether a contractor is covered by privilege – is also misplaced. Courts have flatly rejected the "*Bristol-Myers* approach" as "impos[ing] an undue burden on corporations in determining how to allocate functions as to which legal advice may be appropriate." *Smith v. Unilife Corp.*, No. 13-5101, 2015 U.S. Dist. LEXIS 18755, at *7 (E.D. Pa. Feb. 13, 2015). As the *Smith* case, also cited by plaintiff, explains: "[a] trial judge is not in a good position to second-guess a corporate decision to rely on an independent consultant or an employee to accomplish a specific task and/or to make recommendations to the CEO or general counsel." *Id.* at *8. Other courts have similarly rejected the "restrictive view of the attorney-client privilege," *id.* at *7, reflected in *Bristol-Myers*, opting instead to follow the "broad practical approach," *id.* at *6, endorsed by the Eighth Circuit in *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994). *See, e.g.*, *In re Flonase Antitrust Litig.*, 879 F. Supp. 2d 454, 459 (E.D. Pa. 2012) ("As the *Bieter* Court recognized, 'too narrow a definition of representative of the client will lead to attorneys not being able to confer confidentially with nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely.'") (quoting *Bieter*, 16 F.3d at 938); *accord King Drug Co. of Florence v. Cephalon, Inc.*, Nos. 2:06-cv-1797, 2:08-cv-2141, 2013 U.S. Dist. LEXIS 129472, at *31 (E.D. Pa. Sept. 11, 2013) ("We agree with the district court in *Flonase*, and the other courts that have adopted this broader approach to determining whether a consultant is the 'functional equivalent' of an employee for purposes of the attorney-client privilege.").

## **CONCLUSION**

For the foregoing reasons, and all of the reasons set forth in their prior briefing,

defendants ask the Court to uphold defendants' claim of privilege with respect to both the 37 documents that defendants maintain are privileged in full and the 10 documents that defendants have produced to plaintiff with privilege redactions.

Dated: March 4, 2015

    Respectfully submitted,

    */s/ David B. Thomas*
    David B. Thomas (W.Va. Bar #3731)
    Thomas Combs & Spann PLLC
    300 Summers Street
    Suite 1380 (25301)
    P.O. Box 3824
    Charleston, WV 25338
    (304) 414-1807
    dthomas@tcspllc.com

    */s/ Christy D. Jones*
    Christy D. Jones
    Butler Snow LLP
    1020 Highland Colony Parkway
    Suite 1400 (39157)
    P.O. Box 6010
    Ridgeland, MS 39158-6010
    (601) 985-4523
    christy.jones@butlersnow.com

    *Counsel for Defendants Ethicon, Inc.*
    *and Johnson & Johnson in In re: Ethicon,*
    *Inc. Pelvic Repair System Products*
    *Liability Litigation (MDL)*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

                                        */s/ David B. Thomas*
                                        David B. Thomas (W.Va. Bar #3731)
                                        Thomas Combs & Spann PLLC
                                        300 Summers Street
                                        Suite 1380 (25301)
                                        P.O. Box 3824
                                        Charleston, WV 25338
                                        (304) 414-1807
                                        dthomas@tcspllc.com