## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA CHARLESTON DIVISION

IN RE: ETHICON, INC.

**MDL NO. 2327**

**PELVIC REPAIR SYSTEMS**
**PRODUCTS LIABILITY LITIGATION**
-----------------------------------------------------------

*This Document Relates To All Cases*

## PLAINTIFFS' MOTION TO CLARIFY AND AMEND PTO #17 AND PLAINTIFF LEADERSHIP COUNSEL'S POSITION ON DEFENDANTS' MOTIONS FOR SANCTIONS

Come now, Plaintiffs, and file this, their Motion to Clarify and Amend PTO #17 and Plaintiff Leadership Counsel's Position on Defendants' Motions for Sanctions. In support of this motion and position statement, Plaintiffs would respectfully show the Court that the motions for sanctions filed by Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon" or "Defendants") should be denied.  Plaintiffs would further show that PTO 17 should be amended to provide for notice and an opportunity to cure PPF delinquencies for the following reasons:

## I.
## INTRODUCTION

This response is filed to address issues and concerns arising from Ethicon's heavy-handed filing of virtually identical, one-size-fits-all motions for monetary sanctions in numerous, factually-distinct cases where Ethicon claims that Plaintiff Profile Forms ("PPFs") were not timely filed.  It is telling that the sanctions motions do not seek a show cause order as to why the subject cases should not be dismissed (either with or without prejudice).  Indeed, by having no issue with Plaintiffs' cases continuing forward,

Ethicon implicitly (and correctly) acknowledges that it has suffered no prejudice attributable to delays in receiving Plaintiffs' PPFs. Instead, Ethicon's true objective appears to be to punish Plaintiffs and their attorneys through the surprise imposition of excessive and unwarranted sanctions.

The surface issue presented by Ethicon's motions is simply whether the untimely provision of PPFs is conduct uniformly sanctionable by tens of thousands of dollars in monetary fines?  Meanwhile, the critical questions underlying that inquiry are: (1) whether PTO 17 should be interpreted as allowing Ethicon to jump immediately to seeking court-ordered sanctions without first satisfying the duty to confer that is imposed by the local rules and followed in virtually every other MDL proceeding? and (2) whether a sanction for failure to timely file a PPF can be "just" when there is no mechanism in place to alert the plaintiff of the alleged PPF deficiency and no time is afforded plaintiffs to correct the problem? Because Plaintiffs contend that the answer to all three of these questions is "no," Plaintiffs respectfully request that Ethicon's motions for sanctions be denied.  Moreover, to resolve the uncertainty surrounding the procedure to be employed when PPFs are untimely, Plaintiffs request that PTO 17 be amended to clarify that Defendants must notify Plaintiffs of alleged PPF deficiencies and affording Plaintiffs a period of time to either correct the deficiency or see their cases dismissed without prejudice.  Such a procedure would identify and resolve the errors that riddle Ethicon's current sanctions motions, reduce litigation costs, minimize the need for judicial involvement, allow Plaintiffs' counsel an opportunity to follow the ethical steps for dealing with unresponsive or uncooperative clients, and, perhaps most importantly,

would provide a clear, definitive and *fair* process for bringing issues of tardy-filed PPFs to a resolution.

## II.
## ARGUMENT AND AUTHORITIES

**A.    ETHICON'S MOTIONS FOR SANCTIONS SHOULD BE DENIED.**

**1.    Ethicon's Motions for Sanctions Should Be Stricken Due to Ethicon's Failure to Satisfy Its Duty to Confer.**

As a preliminary matter, Plaintiffs would note that Ethicon filed its motions for sanctions without first conferring with Plaintiffs in a good faith attempt to resolve the issues surrounding Plaintiffs' PPFs.  The duty to confer prior to filing a motion for sanctions is required by S.D.W.Va. Local Rule 37.1.  Plaintiffs do not believe that there is any language in PTO 17 absolving Ethicon of this duty. [*See* Argument *supra* at II.B] Accordingly, Ethicon's motions for sanctions may be stricken and/or denied from the outset due Ethicon's failure to first confer with Plaintiffs before resorting to sanctions.

**2.    Under the Governing Standard, Sanctions May Only Be Imposed If They Are "Just" Under the Circumstances Presented.**

"Provided that there is a clearly articulated order of the court requiring specific discovery," Rule 37(b) of the Federal Rules of Civil Procedure gives district courts discretion to impose sanctions – including monetary sanctions - for noncompliance with such an order. *Daval Steel Products, a Division of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir.1991); *United States v. Shaffer Equip. Co.,* 158 F.R.D. 80, 87 (S.D.W.Va.1994).   However, such discretion is not unbridled.  To be permissible, a sanction for discovery failures must be "just" under the circumstances.  FED. R. CIV. PRO. 37(b)(2).  Sanctions are not appropriate when the failure to comply has been due to

3

inability, and not attributable to willfulness, bad faith, or any fault of the non-complying party." *Wilson v. Volkswagon of Am.,* 561 F.2d 494, 503 (4th Cir.1997).

### 3. Ethicon's One-Size-Fits-All Approach to Sanctions Does Not Allow for the Diverse Facts and Circumstances Presented in Individual Cases.

Ethicon has filed virtually identical motions for sanctions in numerous cases. Unfortunately, the motions for sanctions were typically the first notices Ethicon provided to Plaintiffs that their cases were believed to be in violation. If Ethicon had merely employed the tried-and-true approach of conferring with Plaintiffs before resorting to a motion for sanction, Ethicon would have learned that: (1) several of the PPFs it alleges to be delinquent had, in fact, been provided to Ethicon, (2) several of the cases where Ethicon alleges that PPFs are missing involve unique procedural circumstances where the case (along with the PPF) was transferred in from another court, and (3) some instances of delayed PPFs arose from unavoidable events and circumstances in the Plaintiffs' lives.[1]  Ethicon's one-size-fits-all approach fails to comport with basic notions of justice and fairness.

### a. Ethicon has erroneously moved for sanctions in cases where Plaintiffs had timely provided PPFs.

There are numerous instances where Ethicon has moved for sanctions "based upon the Plaintiff's failure to timely serve her PPF" only to find that the PPF had been previously provided to Ethicon. For example, Ethicon had already been provided PPFs in the following cases where Ethicon  moved for sanctions:

---

[1]     The case summaries set forth herein are based on information and accounts provided to the Plaintiffs' Leadership Counsel by counsel for the individual plaintiffs.

- *Rose Garcia v. Ethicon, Inc., et al.* (Case No. 2:14-cv-29562). Ms. Garcia's PPF was served on Defendants on January 28, 2015. On May 5, 2015, Ethicon moved for sanctions based on an alleged failure to provide a PPF. Ethicon has since moved to withdraw its motion for sanctions.

- *Deborah Repp v. Ethicon, Inc., et al.,* (Case No. 2:13-cv-00716). Ms. Repp submitted a PPF to Defendants on March 13, 2013. After being advised of this fact, Ethicon moved to withdraw its motion for sanctions.

- *Emily Whitson, et al. v. Ethicon, Inc.* (Case No. 2:13-cv-22347). Ms. Whitson served Defendants with a PPF on October 24, 2013. Ethicon has not yet indicated whether it will withdraw its motion for sanctions.

- *Evelyn Washington v. Ethicon, Inc., et al.,* (Case No. 2:18-cv-17923). Ms. Washington's profile form was provided to Ethicon on November 24, 2013. After being advised of this fact, Ethicon moved to withdraw its motion for sanctions.

Aside from unintentionally demonstrating through *its own errors* why an immediate resort to sanctions is a harsh tool for addressing unintended delays by Plaintiffs in providing PPFs; Ethicon's demand for sanctions in cases where there was no delinquency illustrate perfectly why that determination needs to be made on a case-by-case basis and not as a broad-based and indiscriminate litigation tactic.[2]

> **b.    Ethicon has moved for sanctions in cases involving unusual procedural circumstances which explain the perceived delay in providing a PPF.**

---

[2]    If Plaintiffs believed in the same strong-arm tactics as Ethicon, Plaintiffs would have filed motions for sanctions against Ethicon based on the manufacturer's filing of factually incorrect motions for sanctions. Plaintiffs have not done so for the very reasons that Plaintiffs set forth in this opposition: because doing so is an unnecessary drain on judicial resources and the parties' resources -- when the matter can be effectively addressed with a simple phone call or email to the Defendant.

That it is an inefficient use of the parties and the Court's time to jump immediately to sanctions is amply demonstrated by the following cases where Plaintiffs could have readily explained the procedural events which may have caused Ethicon to overlook the PPFs Plaintiffs had provided:

- *Mary Slater v. Ethicon, Inc., et al.,* (Case No. 2:13-cv-17068). On February 4, 2015, Plaintiff attempted to provide the PPF and medical records for Mary Slater. Although Ms. Slater's medical records were correctly provided, the PPF of another plaintiff ("Margery Slate" rather than "Mary Slater") was mistakenly attached to the transmission. Plaintiff was not alerted to the error with the PPF until she received Defendants' motion for sanctions. Plaintiff provided the PPF for Ms. Slater immediately after learning of the error.

- *Stacie Vickers v. Ethicon, Inc., et al.,* (Case No. 2:14-cv-27967). Ms. Vickers' case was first filed as part of a multi-plaintiff action in Oklahoma. Thereafter, Ms. Vickers' case was inadvertently filed in the MDL on July 15, 2013 (and a PPF was timely submitted to Defendants). Subsequently, the multi-party Oklahoma action was severed and the individual cases – including Ms. Vicker's case -- were transferred and re-filed in the MDL on November 13, 2014.

- *Charlene Walker v. Ethicon, Inc., et al.,* (Case No. 2:12-cv-02327). Like Ms. Vickers, Ms. Walker's case was first filed as part of a multi-plaintiff action in Oklahoma. Thereafter, Ms. Walker's case was inadvertently filed in the MDL on January 13, 2014 (and a PPF was timely submitted within the extension period requested from Defendants). Subsequently, the multi-party Oklahoma action was

severed and the individual cases – including Ms. Walker's case -- were transferred and re-filed in the MDL on November 13, 2014.

- *Debbie Vickers v. Ethicon, Inc., et al.,* (Case No. 2:14-cv-27968). Like Stacie Vickers and Charlene Walker, Debbie Vickers was part of a multi-plaintiff action filed in Oklahoma. Ms. Vickers' case was inadvertently filed in the MDL on November 13, 2014 (and a PPF was timely submitted to Defendants). Subsequently, the multi-party Oklahoma action was severed and the individual cases – including Ms. Vicker's case -- were transferred and re-filed in the MDL on December 19, 2014.

- *Deborah Repp v. Ethicon, Inc., et al.,* (Case No. 2:13-cv-00716). Ms. Repp was implanted with multiple mesh products from both J&J and American Medical System, Inc. When Plaintiff filed her claim for mesh related injuries, she filed it in the AMS MDL but indicated on her short form filing that she was also asserting claims involving a J&J product. Ms. Repp subsequently settled her claims against AMS. Thereafter, all discovery in her case – including her PPF -- was transferred to the J&J MDL.

        **c.**    **Ethicon's form motions for sanctions fail to consider the role of unique factual circumstances that prevented some Plaintiffs from timely filing their PPFs.**

Defense counsel, who have ready access to their corporate clients, sometimes fail to appreciate the difficulties that exist in securing information from individuals – each of whom have jobs, families, and obligations outside of this litigation and all of whom are suffering, to varying degrees, from mesh-related injuries. Admittedly, some plaintiffs are simply dilatory in providing the information necessary to complete the PPF. Yet, such

plaintiffs are the exception. The more common scenario is that a well-intended plaintiff is temporarily unable to be reached, or unable to complete the PPF, because of the circumstances then existing in her life: some plaintiffs have moved, some have changed names because of marriage or divorce, some are undergoing surgeries and surgical recoveries, some are experiencing extenuating health issues for themselves or their family members, at least one is deployed overseas. It is neither fair nor reasonable to impose tens of thousands of dollars in monetary sanctions on Plaintiffs whose failures to timely file a PPF may be readily explainable by circumstances other than bad faith. *E.g., In re Vioxx Products Liability Litigation,* 2006 WL 3759648 (2006)(Court vacated its order of dismissal against Plaintiff for failure to provide a PPF upon finding that counsel's neglect was excusable given the Plaintiff's medical condition and the difficulties he was having completing the PPF).

### 4.    Ethicon Has Failed to Demonstrate that Sanctions Are Warranted.

The Fourth Circuit has determined that the following four factors are to be considered when assessing potential sanctions: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir.2003)(quoting *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500, 504 (4th Cir.1998)). Here, each of the four factors favor the denial of sanctions in this case.

Ethicon's one-size-fits-all allegations do not even attempt to make an individualized showing of bad faith on the part of any particular Plaintiff. As set forth

above, there are unique circumstances in each case which may bear upon the determination of whether the Plaintiffs' failure to timely provide a PPF was intentional. Moreover, Ethicon cannot readily demonstrate that any plaintiff *persistently* refused to provide a PPF because Ethicon did not advise any plaintiff that her PPF remained outstanding or that a motion for sanctions would follow if the PPF was not provided. This fact sets the present cases apart from cases where discovery sanctions have been ordered. E.g. *Merinar v. Boston Scientific Corp,* 2015 WL 631170 (4th Cir. 2015)(Defendant informed plaintiff that failure to provide a PPF would result in a motion for sanctions over a year before the motion was filed); *In re Ethicon Inc. Pelvic Repair System Products Liability Litigation*, 2015 WL 1034139 (2015)(Defendant only moved for sanctions after providing multiple extensions and negotiating a firm deadline with plaintiff which passed without submission of a PPF).

Ethicon, likewise, cannot demonstrate that a $100 a day monetary fine is reasonable or appropriate in *any* case – let alone *every* case -- where sanctions have been sought. First, Plaintiffs simply have not engaged in egregious conduct. There is no evidence of bad faith on the part of Plaintiffs or their counsel. Plaintiffs have not engaged in any pattern of refusal to comply with Court orders. Plaintiffs have not exhibited a general disregard for the orderly progression of this litigation. Second, Ethicon has not been prejudiced by Plaintiffs' delay in filing their PPFs. No Plaintiff with an outstanding PPF has a case currently set for trial. No deadlines of substance have passed for any Plaintiff with an outstanding PPF. Additionally, Ethicon and J&J have taken the stance that they will not settle any of the Plaintiffs' claims involving non-discontinued products (which constitute the substantial majority of this MDL); thus, the

absence of PPFs from Plaintiffs have not delayed settlement negotiations.   Given the absence of bad faith or prejudice, seeking to impose (without warning or prior notice) monetary fines of up to $64,000 dollars is unreasonable and excessive.

Lastly, Ethicon has not shown that a less heavy-handed approach would not be effective to spur the production of tardy PPFs.  Indeed, it is arguable that a simple letter or phone call to Plaintiffs advising them of the PPF deficiency and of Ethicon's intent to move for sanctions if the deficiency was not corrected would have resulted in the same (or faster) rate of PPF production as was inspired by Ethicon's *actual* filing of a motion for sanctions.  Accordingly, the ready option of first requiring notice to the Plaintiffs and an opportunity for Plaintiffs to cure the PPF deficiency is the better approach to securing expeditiously securing the production of PPFs.

**B.      THE REQUIREMENTS OF PTO #17 WITH REGARD TO DELINQUENT PPFs SHOULD BE CLARIFIED THROUGH AN AMENDMENT.**

Confusion exists regarding the requirements of PTO 17 and, particularly, the interplay between PTO 17 and the parties' duty to confer under the local rules.  The fact that Ethicon felt it was entitled by PTO 17 to skip the typical step of discussing a discovery delinquency with Plaintiffs prior to moving for sanctions amply demonstrates the extent of that confusion. Plaintiffs would respectfully show that PTO 17 does not impact Ethicon's duty to confer and that PTO 17 should be amended to make clear that a duty to confer remains and that Plaintiffs are to be afforded an opportunity to remedy delinquent PPFs before Ethicon resorts to sanctions.

**1.      Ethicon's Resort to Sanctions Prior to Conferring With Plaintiff Is Contrary to Ethicon's Duty Under the Local Rules and Not Excused By the Language of CMO 17.**

The standard practice in courts throughout the country is for counsel to confer and attempt to resolve litigation issues prior to involving the courts.[3]  Such is the case in the Southern District of West Virginia where local rule 37.1b provides:

> "(b) Duty to Confer. *Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer* in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting."

This duty to confer seeks to conserve judicial resources and lower litigation costs by requiring parties to make a reasonable and good faith attempt to identify, discuss and resolve disputed issues prior to filing a motion.

### a. There is no language in PTO 17 excusing Ethicon from the requirement to confer with Plaintiff prior to filing a motion for monetary sanctions.

Ethicon attempts to sidestep its duty to confer under Local Rule 37.1b by citing Pretrial Order #17 ("PTO 17").  In particular, Ethicon relies on subparagraph g of PTO 17 which provides that a "defendant may move immediately to *dismiss* [a] plaintiff's case without first resorting to [the] deficiency cure procedures [set forth elsewhere in PTO 17]."  There are several problems with Ethicon's interpretation of PTO 17.

First, subparagraph g applies to motions *to dismiss* – not motions *for sanctions*. Motions for sanctions are addressed in subparagraph i which merely provides that a plaintiff "who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions…" [PTO 17, subparagraph i, p. 4]. Importantly,

---

[3]      This approach is consistent with the federal rules which require "notice to the other parties" and a "certification that the movant has in good faith conferred or attempted to confer" with the party from whom it seeks discovery as a prerequisite to a motion to compel, F.R.Civ.Pro. 37(a)(1).

subparagraph i (dealing with sanctions) does not contain the same language excusing Ethicon from the need to follow deficiency procedures that is included in suppargraph g (dealing with dismissals). Moreover, neither subparagraph g nor subparagraph i purports to eliminate the requirement under the local rules that the parties confer prior to filing a motion for sanctions. Indeed, to the contrary, by requiring "good cause" for imposing sanctions, PTO 17 suggests that some showing of intentional, persistent or unreasonable non-compliance – each of which presupposes an awareness of the deficiency – is necessary to justify sanctions.

Second, even if PTO 17 could be read to permit a motion for sanctions without prior notice to Plaintiffs (which is not the case); it does not automatically follow that merely because a heavy-handed approach is not forbidden that it should be employed. As set forth herein, immediate resort to a motion for sanctions is contrary to the rules of civil procedure, contrary to generally accepted practices, and not required by PTO 17.

> **b.    Other MDLs have required defendants to identify PPF deficiencies - and afford plaintiffs an opportunity to correct such deficiencies – *before* filling a motion for sanctions.**

To Plaintiffs' knowledge, the procedure generally employed by MDL courts when dealing with untimely facts sheets involves: (1) notice from the defendant that a fact sheet is tardy or incomplete, and (2) a designated period of time for the plaintiff to provide the discovery information or correct the deficiency. The following Case Management Orders are reflective of that approach:

- In the Zyprexa MDL, Case Management Order No. 16 required plaintiffs to provide a fact sheet and medical authorizations within 45 days of filing suit. If a completed fact sheet was not filed within the 45 day period, the defendant was

required to "write a deficiency letter to the plaintiff's counsel . . . and state that failure to correct the deficiencies within 21 days from the date of the letter may result in Lilly's moving for the imposition of sanctions."  Case Management Order No. 16, *In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596, p.2 (June 2, 2006).

• In the Actos MDL, the Case Management Order on Plaintiff Fact Sheets provided that Defendants were to send plaintiff's counsel a "Notice of Overdue Discovery" when a substantially complete PFS was not provided within 45 days after initiation of the plaintiff's lawsuit. Upon receiving such notice, the plaintiff was given 21 days to provide the PFS before the defendant was permitted to seek administrative closure.  CMO on Plaintiff Fact Sheets, *In re: Actos Prods. Liab. Litig*, MDL No. 6:11-md-2299, p. 6 (July 9, 2012).

• In the Vioxx MDL, Case Management Order 18c provided that, if Merck contended that any PPF was not satisfactory, it was to notify the plaintiff of the alleged deficiencies within 20 days.  The plaintiff was then allowed 20 days to correct the deficiency.   Case Management Order 18c, *In re Vioxx Prods. Liab. Litig.,* MDL No. 1657,  p. 9 (E.D.La. 2006).

• In the Trasylol MDL, Case Management Order 20 set forth the procedure to be used when faced with delinquent fact sheets.  Every month, the defendant was to provide a delinquency list to the Court.  The Court would then issue an order to show cause and the Plaintiff would be given 14 days to serve the delinquent fact sheet.  Case Management Order 20, *In re Trasylol*, CMO 20 (June 7, 2010).

While each MDL Court's procedure may differ slightly in the details, the common threads running through them all are (1) notice from the defendant and (2) an opportunity for the plaintiffs to correct the delinquency. Absent these two steps, the display of deliberate disregard and/or bad faith that is necessary for sanctionable conduct simply does not exist.

> **c.** **The fact that Plaintiffs were not advised of the PPF delinquencies until they received Ethicon's motions for sanctions make these cases distinguishable from the typical fact pattern warranting discovery sanctions.**

Cases imposing sanctions generally present facts where the plaintiff was advised of a discovery deficiency and willfully or persistently refused to comply with her discovery obligations. Ethicon cites to the Fourth Circuit's recent opinion in another transvaginal mesh case, *Merinar v. Boston Scientific Corp,* as support for a court's issuance of discovery sanctions. 2015 WL 631170 (4th Cir. 2015). Yet, the facts of *Merinar* are wholly different from those of the present cases. In *Merinar,* Plaintiff's counsel were told by Defendants that, if a PPF was not submitted by July 2014, Defendants would move for dismissal. Plaintiff failed to submit a PPF by the July deadline. A year later, Defendants filed a motion to dismiss. Not surprisingly, the Court held that the failure to provide a PPF after being told that sanctions would be sought and after being given a year to do so was sanctionable.

The facts in *Merinar* are nothing like the facts of the present cases. Far from having a full-year's notice of the need to correct a PPF deficiency, Plaintiffs were not advised by Ethicon of any deficiency until Plaintiff's received Ethicon's motion for sanctions. Accordingly, there can be no showing of deliberate, on-going, refusals to cooperate with discovery requests such as would warrant the imposition of sanctions.

14

**2**.     **PTO 17 Should Be Amended To Clarify Require Notice from Defendants When a PPF is Tardy and to Allow Plaintiffs A Period of Time To Correct The Delinquency.**

It is not necessary to resort immediately to heavy-handed monetary sanctions as a tool to encourage the orderly filing of PPF.  The better approach would be to amend subparagraph g of PTO 17 to provide as follows:

> If a plaintiff has not submitted a PPF within the time specified in this Order, defendants shall notify the plaintiff in writing that a PPF has not been received.  The written notice from defendant shall state that the failure to file a PPF within twenty (20) days after receipt of the letter may result in defendants moving for the imposition of sanctions, including dismissal of the case.  Plaintiff shall then have twenty (20) days from the receipt of that letter to provide the PPF to defendants.

This approach has several advantages.  First, it allows for the parties to quickly identify and resolve those cases where PPFs were, in fact, provided.  Second, it allows Plaintiffs who may have been dealing with extenuating circumstances one final chance to complete the PPF and move forward with her lawsuit.  Third, in the case of an unresponsive or uncooperative Plaintiff, it allows Plaintiff's counsel the opportunity to protect themselves and undertake the ethical steps necessary when a case faces dismissal.  And finally, the procedure creates a certain and definitive endpoint to the PPF discovery process.

## III.
## CONCLUSION

For the reasons set forth herein, Plaintiffs would respectfully request that  (1) Ethicon's motion for sanctions be, in all things denied, and (2) Plaintiffs' motion to Amend PTO #17 should be granted.   Plaintiffs additionally request all other and further relief to which they may be justly entitled.

Dated:  May 13, 2015.

Respectfully submitted,

/s/  D. Renee Baggett
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
E-mail:  rbaggett@awkolaw.com


/s/ Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2015, I electronically filed the foregoing

document with the Clerk of the court using CM/ECF system which will send notification

of such filing to the CM/ECF participants registered to receive service in this MDL.

<u>/s/ D. Renee Baggett</u>
D.Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
<u>baylstock@awkolaw.com</u>