# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### RESPONSE OF DEFENDANTS TO "PLAINTIFFS' MOTION TO CLARIFY AND AMEND PTO #17 AND PLAINTIFF LEADERSHIP COUNSEL'S POSITION ON DEFENDANTS' MOTIONS FOR SANCTIONS"

Defendants, Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"), by counsel, submits this response in opposition to "Plaintiffs' Motion to Clarify and Amend PTO #17 and Plaintiff Leadership Counsel's Position of Defendants' Motions for Sanctions" ("Plaintiffs' Motion to Clarify and Amend").

Since April 30, 2015, Ethicon has filed Motions for Sanctions in 198 cases to enforce the provisions of Pretrial Order No. 17 ("PTO #17") relating to the initial discovery obligations of plaintiffs—specifically the requirement to serve a substantially complete Plaintiff Profile Form ("PPF"). Plaintiffs' Motion to Clarify and Amend is an effort by Plaintiff Leadership Counsel to avoid the consequences to individual plaintiffs and their counsel for disobedience of a Court order. The Motion further seeks to shift the initial burden to comply away from plaintiffs and instead create an additional burden on defendants — to cajole individual plaintiffs into compliance.

**ARGUMENT**

A.  **PTO #17 needs no "clarification" — it plainly envisions the imposition of sanctions without resort to deficiency cure procedures.**

The Court entered PTO #17 on October 4, 2012; the Order describes the discovery obligations applicable to every plaintiff in the MDL. PTO #17 resulted from the discovery planning conferences directed by the Court pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. This alternative to the initial discovery disclosures set forth in Rule 26(a)(1), and to written discovery requests to each plaintiff, was negotiated and agreed to by counsel for the parties. The Court accepted the parties' agreement by the entry of PTO #17 which modifies the parties' initial discovery obligations under Rule 26(a) (1) and tailors those obligations to fit the complexity, volume and exigencies of this products liability litigation.

At the request of Plaintiff Leadership Counsel, each defendant in the AMS, Boston Scientific, and Ethicon MDLs agreed to accept limited initial discovery from individual plaintiffs, in the negotiated form of the PPF. This compromise reduced substantially the burden upon plaintiffs to produce relevant information on the individual claims against Ethicon and the other defendants. More extensive discovery was deferred until a case is identified as part of the Discovery Pool Cases. PTO #17, ECF No. 281 at 4.

PTO #17 provides that Ethicon may move to dismiss a case for failure to serve a PPF without resort to any deficiency cure procedures and that the Court may impose sanctions on any plaintiff who fails to comply with her PPF obligations upon motion by Ethicon. PTO #17, ECF No. 281 at 4. In their motion, Plaintiff Leadership Counsel's apparent interpretation is that Ethicon need not resort to deficiency cure procedures prior to seeking dismissal but must as to other types of sanctions. This is a nonsensical interpretation of the pretrial order.

### B.     The imposition of sanctions is not "unjust."

Plaintiff Leadership Counsel further argue that the imposition of sanctions is not "just." This argument is unavailing for several reasons.

First, Plaintiff Leadership Counsel ignore the fact that PTO 17 was *jointly* prepared and submitted to the Court by lead counsel for defendants and the Plaintiff Leadership Counsel in the various MDLs. It can hardly be unjust, then, when it was agreed to by counsel.

Second, Plaintiff Leadership Counsel seek to minimize the extent of the dilatory behavior by counsel in failing to provide the PPFs, as well as the efforts by Ethicon to accommodate plaintiffs. PTO 17 provides *60 days* for plaintiffs' counsel to submit the PPF. The PPF is a five-page document that serves as interrogatory and request for production responses under Federal Rules of Civil Procedure 33 and 34. It provides very basic -- but very important -- information about each plaintiff, such as the identity of the medical device, the date of her mesh implant, the identity of the implanting surgeon, and the outcome attributed to the device at issue. In other words, all information each plaintiff and her counsel should know about the case prior to filing suit. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991) ("The language of Rule 11 requires that an attorney conduct a reasonable investigation of the factual and legal basis for his claim before filing."). Further, for every plaintiff whose case was filed after October 4, 2012, her counsel was on notice of the information to be provided in the PPF *and* when that information was due, before the case was filed. For cases filed directly into this MDL, a plaintiff's counsel controlled when the PPF would be due because he controlled the action that both triggered the obligation and set the time for compliance - filing the Short Form Complaint. After October 2012, nothing prevented counsel from gathering the necessary information and preparing the PPF for an individual plaintiff *before* that plaintiff's case was filed. Plaintiffs who

3

took advantage of the Delayed Filing Agreement (PTO #49 and #65) had the benefit of many additional months to prepare a PPF after a complaint was prepared and served on the defendants but before the actual filing of that complaint started the 60-day clock.

Since the commencement of the discovery process, Ethicon has worked with any plaintiff's counsel who requested an extension. Ethicon has regularly stipulated and agreed to extensions of time for service and has agreed to multiple extensions in some individual cases when requested. Despite these accommodations, as of early Spring 2015, over 800 plaintiffs had not served their PPFs on Ethicon within the timeframes set by PTO #17—(a) within 60 days of the filing of the Short Form Complaint or (b) by December 3, 2012 for those cases pending when PTO #17 was entered, or any agreed extended deadline. PTO #17, ECF No. 281 at 1. Of the plaintiffs who obtained agreed extensions, 232 of them failed to serve PPFs even with the additional time. Plaintiffs' counsel in some cases have obtained up to eight extensions of time over the course of 340 days or more and still have yet to serve PPFs three months after the last extensions expired.

Rule 37(d) "permits the court to impose sanctions without any intervening order, whenever there is a failure of discovery." *Taylor v. Specialty Mktg., Inc.*, 985 F.2d 553 (4th Cir. 1993) (unpublished). Of course, an Order already governs this discovery obligation, and plaintiffs who had not served a PPF were in violation of that order. "Extensions and delay in providing discovery are a constant problem and all sanctions provided for by Rule 37 must be available." *Id.* In addition, "[a] federal district court has the inherent power to impose monetary sanctions on attorneys who fail to comply with discovery orders. . . . Such sanctions are not only to penalize the attorney, but are also necessary to deter similar conduct in the pending case and in other litigation." *In re Howe*, 800 F.2d 1251, 1252 (4th Cir. 1986) (finding no abuse of

discretion in $750 sanction against attorney for being three days late in responding to interrogatories and requests for production) (citing cases).

To the extent Plaintiff Leadership Counsel argue any individual case does not warrant sanctions, those arguments should be addressed individually in those member cases and not in this "motion for clarification." But for the sake of clarity, Ethicon addresses Plaintiff Leadership Counsel's contentions about several specific cases.

Based upon anecdotal information, Plaintiff Leadership Counsel groups nine cases with pending Motions for Sanctions into two categories ― (a) four cases in which PPFs allegedly were timely served, and (b) "cases involving unusual procedural circumstances" ― to attempt to illustrate the flaws of the sanctions motions. However, only one of the nine cases supports any of these contentions. The other eight do not.

Four cases, *Garcia* (Case No. 2:14-cv-29562); *Repp* (Case No. 2:13-cv-00716); *Whitson* (Case No. 2:13-cv-22347); and *Washington* (Case No. 2:13-cv-17923), are alleged to be examples of Ethicon seeking sanctions after the plaintiffs "had already provided PPFs . . ." ECF No. 1558, Page ID# 18845. However, that assertion is true only as to the *Garcia* case. Ethicon's Motion in *Garcia* was the result of a database entry error by Ethicon's counsel. The *Garcia* Motion was withdrawn as soon as Ethicon became aware of the error. Although Ethicon's Motions were withdrawn as to the other three cases, Ethicon has no record of receiving PPFs in any of the three cases. Ethicon withdrew its Motion in *Repp* because Ms. Repp demonstrated that she had served a PPF upon AMS counsel in MDL No. 2325, although she had also asserted a claim against Ethicon. In *Whitson* and *Washington*, Ethicon withdrew its Motions, although <u>PPFs had not been received</u> by Ethicon, because plaintiffs' counsel produced written documentation that the <u>PPFs had been sent</u> to Ethicon's PPF e-mail address.

5

In the second group of cases, none of the plaintiffs timely served Ethicon with her PPF. *Repp* (Case No. 2:13-cv-00716) is the same *Repp* case addressed in the first group above. No PPF was served upon Ethicon counsel before the Motion was filed. Ethicon withdrew its Motion in *Slater* (Case No. 2:13-cv-17068) because Ms. Slater's counsel demonstrated she had attempted to timely serve her PPF upon Ethicon, but erroneously served the PPF of another plaintiff. In the remaining three cases, *Stacie Vickers* (Case No. 2:14-cv-27967); *Debbie Vickers* (Case No. 2:14-cv-27968) and *Walker* (Case No. 2:14-cv-27969), Ethicon's Motions flushed out the fact that each of these plaintiffs had filed more than one case against Ethicon but served a PPF in only one of their cases. As a result of the Motions for Sanctions, these three duplicative cases have been dismissed.

Plaintiff Leadership Counsel argue *Garcia* shows that sanctions are improper. But a database error by Ethicon is not equivalent to the failure to provide discovery responses for *60 days* following filing of a lawsuit. It is each plaintiff's duty to prosecute her case, and strict compliance with discovery orders is of utmost importance, particularly in a litigation of this size.

## CONCLUSION

For the reasons stated above, the Court should deny "Plaintiffs' Motion to Clarify and Amend PTO #17 and Plaintiff Leadership Counsel's Position on Defendants' Motions for Sanctions."

*Defendants Ethicon, Inc. and Johnson & Johnson,*

*By Counsel*

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
dthomas@tcspllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on May 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David B. Thomas
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800

COUNSEL FOR DEFENDANTS ETHICON, INC.
AND JOHNSON & JOHNSON