IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC.

PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

MDL NO. 2327

-----------------------------------------------------------

*This Document Relates To All Cases*

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY
AND AMEND PTO #17 AND PLAINTIFF LEADERSHIP COUNSEL'S
POSITION ON DEFENDANTS' MOTIONS FOR SANCTIONS**

Come now, Plaintiffs, and file this, their Reply In Support of Plaintiffs' Motion to Clarify and Amend PTO #17 and Plaintiff Leadership Counsel's Position on Defendants' Motions for Sanctions. Ethicon and Johnson & Johnson (collectively, "Ethicon") have failed to rebut Plaintiffs' arguments that Pretrial Order 17 ("PTO 17") should be amended to provide for notice and an opportunity to cure untimely Plaintiff Profile Forms ("PPF"). Moreover, Ethicon's has failed to demonstrate that it has suffered any prejudice from the late filing of some Plaintiffs' PPF sufficient to warrant the millions of dollars in collective sanctions that it has demanded. Plaintiffs therefore request that PTO 17 be amended and that Ethicon's motions for sanctions be denied for the following reasons:

**I.
ARGUMENT AND AUTHORITIES**

A. **Ethicon Does Not Dispute the Existence of a Duty to Confer or the Fact that Ethicon Did Not Confer with Plaintiffs Prior to Filing its Motions for Monetary Sanctions.**

1

Although Ethicon ignores Local Rule 37.1 entirely in its response brief, the Southern District of West Virginia could not have said it any clearer: "Before filing any discovery motion, *including any motion for sanctions*…, counsel for each party shall make a good faith effort to confer." S.D.W.Va. LOCAL RULE 37.1(b) (emphasis added). Ethicon's only excuse for neglecting this duty is essentially that it assumed it could do so because PTO #17 provided for filing a *motion to dismiss* without resorting to the deficiency cure procedures set out in the PTO. Yet, PTO #17 simply does not address the filing of a *motion for sanctions* without first conferring with the opposing party. Absent clear and explicit evidence of an intent by the parties to alter the parties' Rule 37.1 duty to confer before filing a motion for sanctions, the default position is that no change in the rule was intended. *See Atgelt v. D. Sullivan & Co*. 79 S.W. 333 (Tex.Civ.App. 1903)(addressing showing of intent necessary to alter statutory rule).

Ethicon suggests that it is non-sensical to interpret PTO #17 as requiring it to adhere to the deficiency cure procedures prior to filing a motion for sanctions while excusing it from those procedures when filing a motion to dismiss. Not so. PTO #17's deficiency cure procedure consists of notifying the Plaintiff of the purported deficiencies in a provided PPF. It is hardly surprising that Ethicon is not required to identify the specific items that are incomplete on a PPF when there was no PPF provided. But this common-sense provision does not mean Ethicon is absolved of the duty to confer with Plaintiffs prior to seeking sanctions (or dismissal for that matter). Nor does it excuse Ethicon from having to demonstrate bad faith – which generally demands a showing of deliberate and persistent refusals in the face of clear and/or repeated requests for discovery compliance.

In the end, the very fact that the Parties disagree over the meaning of PTO #17 demonstrates that clarification is needed. To eliminate the uncertainty surrounding the procedure to be employed when PPFs are untimely and to prevent judicial resources from being diverted by unwarranted sanctions motions, PTO 17 should be amended to clarify that Defendants must notify Plaintiffs of alleged PPF deficiencies and afford Plaintiffs a period of time to either correct the deficiency or see their cases dismissed without prejudice. Such a procedure would not only better preserve judicial resources and minimize the need for judicial involvement, but it would allow Plaintiffs' counsel an opportunity to self-police dilatory plaintiffs and, if necessary, follow the ethical steps required for dealing with unresponsive or uncooperative clients.

**B.    Ethicon Does Not Refute That There Has Been No Prejudice Caused to Ethicon by the Late Provision of PPFs**.

Just as it ignores its duty to confer under Local Rule 37.1, Ethicon ignores its need to show prejudice when seeking sanctions. The Fourth Circuit has determined that the following four factors are relevant when assessing potential sanctions: (1) whether the non-compliance was in bad faith, (2) whether prejudice resulted from the non-compliance, (3) whether there is a need for deterrence, and (4) whether less drastic sanctions would have been effective." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir.2003).

Unable to conjure a showing of prejudice, Ethicon merely hints that something should be considered amiss because the need for PPFs was known when PTO #17 was entered on October 4, 2012. Yet, while Ethicon is correct that PTO #17 was entered on October 4, 2012, it does not follow that every late-filed PPF after that date is motivated by bad faith. Indeed, Ethicon's very argument demonstrates the problem with

indiscriminately seeking sanctions in every case with a late-filed PPF absent a prior conferral and opportunity to cure – it is impossible to demonstrate the intentional, persistent or unreasonable non-compliance that generally exists when sanctions are justified. As was set forth in Plaintiffs' initial motion, some Plaintiffs' delays are readily explained by injuries, illnesses, deployments or clerical errors. None of these circumstances are evidence of bad faith.

Moreover, Ethicon does not refute that there has been no prejudice caused to Ethicon by Plaintiffs' delay in filing their PPFs. The simple fact is that Ethicon cannot make such a showing.  Out of all the pelvic mesh manufacturers, Ethicon has been the most resistant to any sort of global resolution and the most inclined toward trying to prolong the litigation so as to bleed Plaintiffs of their limited resource and gain an advantage based on its superior economic position. Thus, it seems likely that Ethicon's heavy-handed motions for excessive and unwarranted sanctions are aimed less at spurring a productive discovery process and more at punishing Plaintiffs and their counsel and minimizing their ability to mount effective trials of their claims against Ethicon. Ethicon should not be allowed to use the discovery process as weapon to aid its aggressive litigation tactics.

C. **There Has Been No Productive Outcome From Ethicon's Motions for Sanctions That Would Not Have Followed Equally From a Simple Conference Between the Parties.**

Presumably in an attempt to justify its heavy-handed sanctions motions, Ethicon proclaims that the sanctions motions it filed "flushed out" the fact that two Plaintiff's cases had been inadvertently filed twice by their counsel. However, the same facts would have been "flushed out"  had Ethicon simply conferred with Plaintiffs (as it was required

4

to do so under the Local Rules) without wasting judicial time and resources. Similarly, Ethicon admits that, in one case, a motion for sanctions was filed due to Ethicon's own error. This error would have been uncovered by a simple phone call to the plaintiff's counsel. Likewise, there are three cases where Ethicon admits that the plaintiffs' counsel produced written documentation that their PPFs were sent to Ethicon even though Ethicon claims they were not received. Although Ethicon withdrew its motions for sanctions in these cases, had a simple phone call been made at the outset, it would not have been necessary for Ethicon to file them at all.

## II.
## CONCLUSION

For the reasons set forth herein and in Plaintiffs' Motion to Clarify and Amend PTO 17 and Plaintiff Leadership Counsel's Position on Defendants' Motions for Sanctions, Plaintiffs would respectfully request that: (1) Ethicon's motion for sanctions be, in all things denied, and (2) Plaintiffs' motion to Amend PTO #17 should be granted. Plaintiffs additionally request all other and further relief to which they may be justly entitled.

Dated: June 1, 2015

                                              Respectfully submitted,

                                              /s/ D. Renee Baggett
                                              Bryan F. Aylstock, Esq.
                                              Renee Baggett, Esq.
                                              Aylstock, Witkin, Kreis and Overholtz, PLC
                                              17 East Main Street, Suite 200
                                              Pensacola, Florida 32563
                                              (850) 202-1010
                                              (850) 916-7449 (fax)
                                              E-mail: rbaggett@awkolaw.com

        Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2015, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ D. Renee Baggett
D.Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
baylstock@awkolaw.com