### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO THE CASES LISTED BELOW | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

| | |
|---|---|
| *Bryant, et al. v. Ethicon, Inc., et al.* | *2:12-cv-09311* |
| *Massey, et al. v. Ethicon, Inc., et al.* | *2:13-cv-03373* |
| *Clutter, et al. v. Ethicon, Inc., et al.* | *2:13-cv-03487* |
| *Adams, et al. v. Ethicon, Inc., et al.* | *2:13-cv-03758* |
| *Walls v. Ethicon, Inc., et al.* | *2:13-cv-04514* |
| *Webb, et al. v. Ethicon, Inc., et al.* | *2:13-cv-04517* |
| *Gorby v. Ethicon, Inc., et al.* | *2:13-cv-07057* |
| *McIntyre, et al. v. Ethicon, Inc., et al.* | *2:13-cv-07283* |
| *McKinney, et al. v. Ethicon, Inc., et al.* | *2:13-cv-07733* |
| *Atkins, et al. v. Ethicon, Inc., et al.* | *2:13-cv-11022* |
| *Hager v. Ethicon, Inc., et al.* | *2:13-cv-14448* |
| *Fleshman, et al. v. Ethicon, Inc., et al.* | *2:13-cv-14694* |
| *Dameron, et al. v. Ethicon, Inc., et al.* | *2:13-cv-14799* |
| *Javins, et al. v. Ethicon, Inc., et al.* | *2:13-cv-18479* |
| *Thomas, et al. v. Ethicon, Inc., et al.* | *2:13-cv-20172* |
| *Shivley, et al. v. Ethicon, Inc., et al.* | *2:13-cv-26601* |
| *Cook v. Ethicon, Inc., et al.* | *2:13-cv-29260* |
| *Snodgrass v. Ethicon, Inc., et al.* | *2:13-cv-31881* |
| *Stratton, et al. v. Ethicon, Inc., et al.* | *2:13-cv-32698* |
| *Matney, et al. v. Ethicon, Inc., et al.* | *2:14-cv-09195* |
| *Winals, et al. v. Ethicon, Inc., et al.* | *2:14-cv-12186* |
| *Kitchen v. Ethicon, Inc., et al.* | *2:14-cv-12919* |
| *Lane, et al. v. Ethicon, Inc., et al.* | *2:14-cv-14687* |
| *Lively v. Ethicon, Inc., et al.* | *2:14-cv-24201* |
| *Anderson, et al. v. Ethicon, Inc., et al.* | *2:14-cv-28300* |
| *Messer v. Ethicon, Inc.* | *2:14-cv-29176* |

**PRETRIAL ORDER # 182**
**(Order Consolidating above Cases for Trial on Issue of Design Defect)**

Pursuant to Federal Rule of Civil Procedure 42, the above-styled actions are consolidated for trial on the issues of negligent design defect and strict liability – design defect. It is **ORDERED** that Civil Action No. 2:12-cv-09311 is designated as the lead case, and all further filings shall be captioned and docketed therein.

## I.      Background

These cases are 26 of nearly 70,000 in the seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation. In this MDL, there are over 23,000 cases filed against Ethicon, Inc. and Johnson & Johnson (collectively referred to as "Ethicon"). Generally, this MDL arises from the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the above-styled actions, all of the plaintiffs allege that they were implanted with the TVT, a mesh product manufactured by Ethicon to treat SUI, and that the TVT has caused them injury. Although the physicians who performed the TVT surgeries vary among the plaintiffs, all of the surgeries were performed in West Virginia, which each plaintiff claims as her state of residence. Among these cases, the claims against Ethicon are the same: negligence, design defect, defective product, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, and punitive damages.

## II.      Legal Standard

"Rule 42(a) permits consolidation and a single trial of several cases on the court's docket, or of issues within those cases . . . ." 9A Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 2381 (3d. ed. 2008). Rule 42(a) provides the following:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to

2

avoid unnecessary cost or delay.

District courts enjoy broad discretion to consolidate cases or issues therein under Rule 42(a). *See Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 192 (4th Cir. 1982) ("The decision whether to sever or to consolidate whole actions or sub-units for trial is necessarily committed to trial court discretion."); *Henderson v. United States*, No. 6:07-cv-00009, 2008 WL 1711404, at *5 (W.D. Va. Apr. 11, 2008) ("The decision to consolidate is committed to Court's discretion and consolidation may be initiated *sua sponte*."). However, this discretion is not without limits. When considering whether to consolidate several actions for trial, the district court must consider the following factors from *Arnold v. Eastern Air Lines, Inc.*:

> [1] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] burden on the parties, [3] witnesses and available judicial resources posed by multiple lawsuits, [4] the length of time required to conclude multiple suits as against a single one, and [5] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

681 F.2d at 193. Generally, under Rule 42(a), when two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy favors consolidation. *See, e.g.*, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) (affirming the consolidation of two products liability cases involving asbestos exposure). Nevertheless, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. 2:04-cv-0435, 2011 WL 1527581, at *2 (S.D. W. Va. Apr. 20, 2011) (Copenhaver, J.) (internal quotations omitted).

### III. Discussion

I conclude that the express language of Rule 42 and the *Arnold* factors support consolidation of the design defect claims in the above-styled cases.

3

### A. Common Issues of Law and Fact Predominate

Rule 42(a) allows for consolidation of issues within cases if the actions involve common questions of law or fact, and here, the common issues among the plaintiffs' design defect claims predominate. First, because the plaintiffs are West Virginia residents and had their surgeries at hospitals in West Virginia, the cases solely implicate West Virginia law. *See McKinney v. Fairchild Intern., Inc.*, 487 S.E.2d 913, 922 (W. Va. 1997) ("Traditionally, West Virginia courts apply the *lex loci delicti* choice-of-law rule; that is, the substantive rights between the parties are determined by the law of the place of injury."). Moreover, this consolidation applies only to the plaintiffs' design defect claims, which are uniform across the above-styled cases.

Second, the facts giving rise to the plaintiffs' design defect claims are, in relevant part, identical. All of the plaintiffs were implanted with the same device, the TVT, which was manufactured by the same defendant, Ethicon. According to the Master Complaint, the plaintiffs have also suffered similar injuries following implantation of the TVT:

> The injuries, conditions, and complications suffered by women who have been implanted with Defendants' [TVT] include, but are not limited to, mesh erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, dyspareunia (pain during sexual intercourse), inability to engage in sexual relations, urinary problems, inability to void, blood loss, neuropathic and other acute and chronic nerve damage and pain, pudendal nerve damage, shortening of the vagina, pelvic floor damage, chronic pelvic pain, urinary and fecal incontinence, prolapse of organs, and in many cases the women have been forced to undergo intensive medical treatment, including but not limited to, operations to locate and remove mesh, operations to attempt to repair pelvic organs, tissue, and nerve damage, the use of pain control and other medications, injections into various areas of the pelvis, spine, and the vagina, and operations to remove portions of the female genitalia.

(First Am. Master Long Form Compl. & Jury Demand ¶ 49, *In re: Ethicon Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-2327, entered Aug. 31, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/forms.html).

4

In light of these common factors, the two differences among the cases—who implanted the product and when—are of little consequence. The implanting physicians, though different, prescribed the same medical device, the TVT, and performed the same surgical procedure on their patients. Furthermore, the physicians' judgment or conduct has not been questioned in these cases, and no plaintiff has raised a claim of medical malpractice. As a result, I do not find the difference in physician to be a relevant variable in determining consolidation under Rule 42. The temporal differences in the surgeries, taking place over a thirteen-year span, also do not raise significant concern with regard to consolidation. In West Virginia, the design defect inquiry focuses on the date that the product at issue was marketed. *See* Syl. Pt. 4, *Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666, 667 (1979) ("The standard of reasonable safeness is determined not by the particular manufacturer, but by what a reasonably prudent manufacturer's standards should have been at the time the product was made."); *see also Church v. Wesson*, 385 S.E.2d 393, 396 (W. Va. 1989) ("The question [is whether] the manufacturer use[d] reasonable care in designing and manufacturing the product at the time it was marketed . . . ."). That date, October 2002, is the same for all TVT plaintiffs, regardless of when they received their surgeries. (*See* First Am. Master Long Form Compl. & Jury Demand ¶ 12).

In sum, the common issues of law and fact outweigh the incidental differences. The court can mitigate any confusion arising from these differences through carefully crafted jury instructions and special interrogatories. *See, e.g.*, *Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012) ("Indeed, the risk of confusion or prejudice [is] avoided in [a] consolidated action where [a] district court use[s] 'intelligent management devices' such as thought[ful] verdict forms and cautionary and limiting instructions." (internal citations and quotation marks omitted)). Accordingly, Rule 42(a) favors consolidation here. *See Wilson v. Johns-Manville Sales Corp.*,

107 F.R.D. 250, 252 (S.D. Tex. 1985) (consolidating fifty asbestos cases on the issue of product defectiveness and punitive damages because the cases presented common questions of fact and law).

### B.  The *Arnold* Factors Favor Consolidation

I also **FIND** the *Arnold* factors weigh in favor of consolidation. First, as explained above, any risk of juror confusion in these cases is minor and manageable, whereas the risk of conflicting verdicts in twenty-six individual trials on all issues is great. Second, given the commonality among the cases, the burden on the parties is minimal. Indeed, this consolidation—on the discrete issues noted above—will save the parties the substantial cost of litigating multiple separate trials on these issues and, potentially, all remaining issues. *See, e.g.*, *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, MDL No. 2004, 2010 WL 797273, at *3 (M.D. Ga. Mar. 3, 2010) (explaining that consolidation of cases can "provide the parties with an opportunity to obtain results for multiple claims without burdening the court or the parties with the substantial cost of multiple separate trials").

Third, the burden on the court is alleviated by consolidation as well. As the Judicial Panel on Multidistrict Litigation explained in its Transfer Order, "the actions contained in [MDL 2327] involve common questions of fact, and [] centralization will serve the convenience of the parties and promote the just and efficient conduct of this litigation." (Transfer Order, 2:12-md-2327 [Docket 1], at 3); *see also In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2010 WL 797273, at *3 ("It has already been determined that cases referred to a district court by the Judicial Panel on Multidistrict Litigation involve common questions of law and fact such that it is deemed appropriate, and preferable, that the pretrial aspect of the cases be handled in a consolidated manner."). Moreover, the disposition of twenty-six TVT cases on the issue of

6

design defect in one trial may facilitate settlement among the parties, which can further conserve judicial resources. Fourth, the length of time required to conduct a single consolidated trial on the discrete issue of design defect is slight compared to the time required to conduct twenty-six separate trials on all issues, particularly where, as here, the issues to be tried involving design defect are the most time consuming.  And finally, as indicated by application of the first four *Arnold* factors, "the relative expense to all concerned" is reduced by consolidating the design defect claims in these cases. *Arnold*, 681 F.2d at 193.

These considerations logically compel the liberal use of Rule 42(a) in the context of multidistrict litigation and lead me to consolidate the twenty-six cases cited above on the design defect claims. *See In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2010 WL 797273, at *3 ("Consolidation appears to be a particularly appropriate tool that should be seriously considered in modern-day multidistrict litigation.").

## IV.    Conclusion

Pursuant to Federal Rule of Civil Procedure 42, the above-styled actions are consolidated for a trial on the issues of negligent and strict liability design defect. The trial is **SCHEDULED** for **November 2, 2015 at 8:30 a.m.** It is **ORDERED** that Civil Action No. 2:12-cv-09311 is designated as the lead case, and all further filings shall be captioned and docketed therein. It is further **ORDERED** that the parties submit a proposed Docket Control Order for entry in 2:12-cv-09311 on or before **June 22, 2015.**

The court **DIRECTS** the Clerk to file a copy of this order in **2:12-md-2327 and the above-referenced cases** and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:15-cv-07610. In cases subsequently filed in this district, a copy

of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: June 12, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE