# EXHIBIT 1

## Notice of Conditional Settlement

LOCKE LORD LLP
Michael F. Perlis (SBN: 095992)
mperlis@lockelord.com
Richard R. Johnson (SBN: 198117)
rrjohnson@lockelord.com
Lilian M. Khanjian (SBN: 259015)
lkhanjian@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Claimant-Plaintiff
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>Claimant-Plaintiff,<br><br>vs.<br><br>CALDERA MEDICAL, INC., and<br>DENISE M. FLANIGAN, ROSIE JEAN<br>BATES, TAMMY L. MCILROY,<br>BRENDA DEYO, SUSAN STONE,<br>KIMBERLY DURHAM, SHARON PEER,<br>ELIZABETH BAILEY, BARBARA COE,<br>DOREEN ESPARZA, CLARA PERELKA,<br>PEGGY GRUBBS, CONNIE<br>WILLIAMSON, CHRISTINE<br>MATHEWS, KATRINA BAKER, DAWN<br>BURNHAM, NANCY ROBERTS,<br>GLENDA THORNE, BENELLA<br>OLTREMARI, PHYLLIS W. BROWN,<br>JOANNE MONGEAU, SYBIL<br>WASHINGTON, and CELINES<br>RAMIREZ, and all others similarly situated<br><br>Claimants- Defendants. | CASE NO. 2:15-cv-00393-SVW-PJW<br><br>Honorable Stephen V. Wilson<br><br>**NOTICE OF CONDITIONAL<br>SETTLEMENT** |

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

As the parties previously advised the Court, on July 22, 2015, a mediation was held in the above captioned matter.  The participants were counsel and representatives of Caldera Medical, Inc. ("Caldera"), Federal Insurance Company ("Federal") and all claimants who have filed suit or entered into tolling agreements, including those in the Los Angeles Superior Court JCCP 4733 litigation and Multi-District Litigation in the Southern District of West Virginia ("Claimants").   The parties to the mediation have all accepted a Mediator's Proposal of settlement, which could resolve all litigation related to Caldera.  American Medical Systems, Inc. is not a party to the settlement. The settlement, which will be documented promptly is conditioned on, among other things:

1.     Certification of a class or classes, by this Court, under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

2.     An order of this Court staying all litigation against Caldera and other entities who are insureds or indemnitees under the insurance policies issued by Federal to Caldera, pending completion of the settlement process; and

3.     Approval, if appropriate, after notice and hearing, of the settlement by this Court.

Dated:  July 27, 2015                    Respectfully submitted,

                                         LOCKE LORD LLP

                                         By:  /s/ Lilian M. Khanjian
                                              Michael F. Perlis
                                              Richard Johnson
                                              Lilian M. Khanjian
                                              *Attorneys for Claimant-Plaintiff*
                                              *FEDERAL INSURANCE COMPANY*

NOTICE OF CONDITIONAL SETTLEMENT

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

EXHIBIT 2

Joint Supplemental Submission In Support of Unopposed
Motion to Stay and Enjoin

1   LOCKE LORD LLP
2   Michael F. Perlis (SBN: 095992)
    mperlis@lockelord.com
3   Richard R. Johnson (SBN: 198117)
4   rrjohnson@lockelord.com
    Lilian M. Khanjian (SBN: 259015)
5   lkhanjian@lockelord.com
6   300 South Grand Avenue, Suite 2600
    Los Angeles, California  90071
7   Telephone: 213-485-1500
8   Facsimile: 213-485-1200

9   Attorneys for Claimant-Plaintiff
    FEDERAL INSURANCE COMPANY
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13  FEDERAL INSURANCE COMPANY          )  CASE NO. 2:15-cv-00393-SVW-PJW
                  Claimant-Plaintiff,   )
14                                      )
          vs.                           )  Honorable Stephen V. Wilson
15                                      )
    CALDERA MEDICAL, INC., and          )
16  DENISE M. FLANIGAN, ROSIE JEAN      )  **JOINT SUPPLEMENTAL**
    BATES, TAMMY L. MCILROY,            )  **SUBMISSION IN SUPPORT OF**
17  BRENDA DEYO, SUSAN STONE,           )  **THE NOW-UNOPPOSED MOTION**
    KIMBERLY DURHAM, SHARON PEER,       )  **TO STAY AND ENJOIN**
18  ELIZABETH BAILEY, BARBARA COE,      )  **PROCEEDINGS**
19  DOREEN ESPARZA, CLARA PERELKA,      )
    PEGGY GRUBBS, CONNIE                )  **DATE:      APRIL 27, 2015**
20  WILLIAMSON, CHRISTINE               )  **TIME:      1:30 P.M.**
21  MATHEWS, KATRINA BAKER, DAWN        )  **PLACE:   COURTROOM 6**
    BURNHAM, NANCY ROBERTS,             )
22  GLENDA THORNE, BENELLA              )
23  OLTREMARI, PHYLLIS W. BROWN,        )
    JOANNE MONGEAU, SYBIL               )
24  WASHINGTON, and CELINES             )
25  RAMIREZ, and all others similarly situated )
                                        )
26                                      )
27              Claimants- Defendants.  )
                                        )
28  _____      )

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   As the parties previously notified the Court, on July 22, 2015, Federal Insurance
2   Company ("Federal"), Caldera Medical, Inc. ("Caldera") and settlement liaison
3   counsel on behalf of all 2,184+ claimants who have filed suit and potential claimants,
4   including those in the Los Angeles Superior Court JCCP 4733 litigation, Multi-
5   District Litigation in the Southern District of West Virginia and any State and/or U.S.
6   court ("Claimants") (collectively "the Parties") participated in a mediation with
7   mediator Robert Kaplan. [1]        Pursuant to a Mediator's Proposal, and subject to this
8   Court's approval, the Parties have reached a settlement in principle subject to certain
9   terms and conditions.   The settlement, which will be documented promptly, is
10  conditioned on, among other things, an order of this Court staying all litigation against
11  Caldera and any other entities insured or contractually indemnified under the
12  insurance policies issued by Federal to Caldera ("Federal Policies"), involving alleged
13  injuries caused by a Caldera transvaginal mesh product (meaning, Caldera products
14  for female incontinence or prolapse), as detailed below, pending completion of the
15  settlement process.

16        On March 30, 2015, Federal filed a Motion to Stay And Enjoin Proceedings
17  (the "Motion").   On April 24, 2015, the Court denied the Motion.   In denying the
18  Motion, the Court noted that its primary concern was that a stay would enjoin
19  Claimants from establishing their claims of liability against the insured(s) and others.
20  Claimants no longer oppose the stay and in fact now jointly request a stay of all
21  pending litigation.   As the Parties have conditionally agreed to a settlement that
22  resolves and liquidates, among others, all of Claimants' claims against Caldera – and
23  establishes a defined fund of insurance proceeds out of which all claims will be paid –
24  Claimants believe that a stay now may and should be entered pursuant to 28 U.S.C. §
25  2361 and *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967).

26
27  _____

28  [1] While American Medical Systems, Inc. is not a party to the current settlement, it had
previously expressed its agreement with the stay.

1

1     A stay is appropriate and essential at this time, pending completion of the

2 settlement process.   When the settlement process is completed, the stay would be

3 automatically lifted.  The Parties agree that failure to grant the stay will terminate the

4 settlement.

5     A condition of settlement mandates that a certain capped portion of the

6 Policies' Limits be reserved for fees and costs incurred in the defense of Caldera and

7 other insureds/indemnitees under the Federal Policies in connection with the

8 underlying litigations.  Any remaining portion of this sum shall revert to settlement

9 proceeds for distribution to the Claimants.  The Parties including the Claimants agree

10 that a stay is necessary to prevent erosion of the settlement fund.   Moreover, to the

11 extent the totality of defense costs exceeds this capped sum, the settlement may be

12 terminated.

13     Thus, the Parties jointly request that the Court grant the following relief,

14 pursuant to 28 U.S.C. § 2361, pending completion of the settlement process, i.e., full

15 execution of settlement documents and releases, final certification of the settlement

16 class(es) and approval by the Court of the settlement:

17     1.   A stay of all litigation and proceedings in any State and/or United States

18 Court against Caldera and any other party insured or contractually indemnified under

19 the Federal Policies, involving alleged injuries caused by a Caldera transvaginal mesh

20 product;

21     2.   An injunction preventing any and all potential claimants including, but

22 not limited to, those with tolling agreements, from instituting or prosecuting any

23 lawsuit, arbitration or any proceeding against Caldera and any other party insured or

24 contractually indemnified under the Federal Policies, involving alleged injuries caused

25 by a Caldera transvaginal mesh product; and,

26     3.   An injunction preventing any and all plaintiffs and/or claimants from

27 levying or otherwise seeking payment on any settlement or judgment against Federal,

28 Caldera and any other party insured or contractually indemnified under the Federal

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

2

Policies, and requiring that any liquidated claim be presented to this Court for potential payment, for those claims involving alleged injuries caused by a Caldera transvaginal mesh product.

With respect to any insured other than Caldera and any indemnitee under the Federal Policies, the requested stay would apply only to those portions of cases involving a Caldera transvaginal mesh product. To the extent that any of the cases, of which the Parties request a stay, involve claims against insureds or indemnities that are not covered under the Federal Policies or that do not involve a Caldera product, such portions of those cases may proceed as the relevant Court deems appropriate at its discretion.

Should the Court request it, the Parties can provide a list of the specific cases to which the requested stay should apply.

The Court can grant the previously denied Motion since Courts possess inherent power and control to reconsider and modify their interlocutory orders prior to final adjudication of all claims against all parties. Fed. R. Civ. Proc. 54(b); *See also*, e.g., *Balla v. Idaho State Board of Corrections*, 869 F.2d 461 (9th Cir. 1989) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943)); *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922).

Inasmuch as the Parties including the Claimants agree that the foregoing relief is appropriate and suitable for purposes of effectuating a final settlement between the Parties, the Parties hereby jointly request that the Court grant the Motion and the foregoing relief. Therefore, the Parties hereby jointly renew the now-unopposed Motion to Stay and Enjoin Proceedings (Doc. No. 75). The Parties ask that the Court disregard any and all previous oppositions to the Motion as they are hereby withdrawn.

Attached hereto as Exhibit A is an as-filed copy of the Motion incorporated herein by reference.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

3

1   Dated:  August 3, 2015                    Respectfully submitted,

2                                             LOCKE LORD LLP

3

4                                             By: /s/ Lilian M. Khanjian
                                                  Michael F. Perlis
5                                                 Richard Johnson
                                                  Lilian M. Khanjian
6                                             *Attorneys for Claimant-Plaintiff*
                                              *FEDERAL INSURANCE COMPANY*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

4

JOINT SUPPLEMENTAL SUBMISSION IN SUPPORT OF THE NOW-UNOPPOSED MOTION TO STAY AND
ENJOIN PROCEEDINGS

# EXHIBIT A

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 11 of 40 PageID #: 20235
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 2 of 21   Page ID #:4429

Case 2:15-cv-00393-SVW-PJW   Document 75   Filed 03/30/15   Page 1 of 13   Page ID #:1392

1   LOCKE LORD LLP
2   Michael F. Perlis (SBN: 095992)
    mperlis@lockelord.com
3   Richard R. Johnson (SBN: 198117)
    rrjohnson@lockelord.com
4   Lilian M. Khanjian (SBN: 259015)
5   lkhanjian@lockelord.com
    300 South Grand Avenue, Suite 2600
6   Los Angeles, California  90071
7   Telephone: 213-485-1500
    Facsimile: 213-485-1200
8
9   Attorneys for Claimant-Plaintiff
    FEDERAL INSURANCE COMPANY
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13   FEDERAL INSURANCE COMPANY          )  CASE NO. 2:15-cv-00393-SVW-PJW
14                                      )
                   Claimant-Plaintiff,  )  Honorable Stephen V. Wilson
15          vs.                         )
                                        )  **FEDERAL INSURANCE**
16   CALDERA MEDICAL, INC., and DENISE  )  **COMPANY'S NOTICE OF**
17   M. FLANIGAN, ROSIE JEAN BATES,     )  **MOTION AND MOTION TO**
     TAMMY L. MCILROY, BRENDA DEYO,     )  **STAY AND ENJOIN**
18   SUSAN STONE, KIMBERLY DURHAM,      )  **PROCEEDINGS;**
19   ELAINE TACK, SHARON PEER,          )  **MEMORANDUM OF POINTS**
     ELIZABETH BAILEY, BARBARA COE,     )  **AND AUTHORITIES IN**
20   DOREEN ESPARZA, CLARA PERELKA,     )  **SUPPORT THEREOF**
21   PEGGY GRUBBS, CONNIE               )
     WILLIAMSON, CHRISTINE MATHEWS,     )  **DATE:     April 27, 2015**
22   KATRINA BAKER, DAWN BURNHAM,       )  **TIME:     1:30 P.M.**
23   NANCY ROBERTS, GLENDA THORNE,      )  **PLACE:    Courtroom 6**
     BENELLA OLTREMARI, PHYLLIS W.      )
24   BROWN, JOANNE MONGEAU, SYBIL       )  [Filed concurrently with:  Declaration
25   WASHINGTON, and CELINES            )  of Lilian M. Khanjian and [Proposed]
     RAMIREZ, and all others similarly situated )  Order]
26                                      )
27                                      )
                   Claimants- Defendants. )
28   _____ )

**Exhibit A, Page 5**

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 27, 2015 at 1:30 p.m. in Courtroom 6 of the above-entitled court, located at 312 North Spring Street, Los Angeles, California 90012, Claimant-Plaintiff Federal Insurance Company ("Federal") will and hereby does move this Court for an order to stay and enjoin all proceedings affecting the insurance policies issued by Federal to Caldera Medical, Inc. ("Caldera"), Policy No. 7499-85-32 SFO (the "Policies"), for a period of six months. Specifically, Federal requests the following relief:

1.     A stay of all litigation and proceedings in any State and/or United States Court against any party insured or contractually indemnified under the Policies for a period of six months;

2.     An injunction preventing any and all potential claimants, including but not limited to those with tolling agreements, from instituting or prosecuting any lawsuit, arbitration or any proceeding against any party insured or contractually indemnified under the Policies for a period of six months; and,

3.     An injunction preventing any and all plaintiffs and/or claimants from levying or otherwise seeking payment on any settlement or judgment against Federal, any party insured or contractually indemnified under the Policies, and requiring that any liquidated claim be presented to this Court for potential payment.

This motion is made pursuant to the Federal Interpleader Act, 28 U.S.C. § 2361 on the grounds that allowing any action to commence or proceed that could cause the immediate expenditure of Policy proceeds and threaten the orderly disposition of this action and result in an inequitable distribution of the Policies. Accordingly, under the referenced statutes, this Court has the power to enjoin all claimants herein (and any future claimants) from pursuing any legal action in any court that would cause payment of Policy proceeds, and to require that any liquidated claim be presented to this Court for potential payment.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 2:15-cv-00393-SVW-PJW   Document 75   Filed 03/30/15   Page 3 of 13   Page ID #:1394

1        This motion is made following the conference of counsel pursuant to L.R. 7-3

2    which took place on March 20 and 23, 2015.

3        This motion is based upon this Notice, the attached Memorandum of Points and

4    Authorities, the Declaration of Lilian M. Khanjian submitted herewith and any

5    exhibits attached thereto, and upon such other and further matters as may be presented

6    at the time of hearing and if further made upon such matters as must or may be

7    judicially noticed, including all pleadings and papers on file herein.

8

9    Dated:  March 30, 2015

                            Respectfully submitted,

10                               LOCKE LORD LLP

11

12                               By:*/s/ Lilian M. Khanjian*

13                                  Michael F. Perlis

14                                  Richard R. Johnson

15                                  Lilian M. Khanjian

16                             *Attorneys for Claimant-Plaintiff*
                               *FEDERAL INSURANCE COMPANY*

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO STAY AND ENJOIN PROCEEDINGS

**Exhibit A, Page 7**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 14 of 40 PageID #: 20238
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 5 of 21   Page ID #:4432

Case 2:15-cv-00393-SVW-PJW   Document 75   Filed 03/30/15   Page 4 of 13   Page ID #:1395

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Federal Insurance Company ("Federal") brought this action in the nature of interpleader naming its insured Caldera Medical, Inc. ("Caldera") and representatives of two proposed defendant classes.  Over 2,000 claims, that are either currently being litigated or are subject to tolling agreements, spanning over various jurisdictions have been asserted against Caldera, which Federal is informed seek in excess of $1 billion ("the Caldera Claims").  Federal is informed that its policy proceeds are Caldera's primary source of funds from which to pay these claims.  Federal's remaining policy proceeds total approximately $18,613,109, which Federal has posted by way of bond in this Court.  Given that the claimants' and potential claimants' only source of relief will dwindle with each settlement and continuing litigation, Federal now requests appropriate interim injunctive relief.

While reserving its rights to dispute coverage based on a number of coverage defenses under the relevant policies, Federal has provided a complete defense to Caldera for the claims, spent over $5,300,000 in defense fees/costs and paid $1,000,000 towards settlement at Caldera's request.  Both the defense expenses and settlement proceeds have reduced the policy limits.  There are currently hundreds of cases being litigated which are cutting away at the policy proceeds and threaten inequitable distribution of the Policies' depleting limits.  There is currently only approximately $18,613,109 potentially available to satisfy the totality of claims against Caldera, and others who may be entitled to coverage under the Policies as insureds or contractual indemnitees, subject to coverage issues and application of deductibles, and with each claim that Federal defends, the policies' proceeds diminish.  With such limited available policy limits, individual claimants are encouraged to vigorously litigate their rights and rush to judgment, beating out the slower claimants' chances of adequate compensation.

///

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

---

1

**Exhibit A, Page 8**

Case 2:12-md-02327  Document 1663-1  Filed 08/14/15  Page 15 of 40 PageID #: 20239
Case 2:15-cv-00393-SVW-PJW  Document 178-1  Filed 08/03/15  Page 6 of 21  Page ID #:4433

Case 2:15-cv-00393-SVW-PJW  Document 75  Filed 03/30/15  Page 5 of 13  Page ID #:1396

1  Federal now brings this motion to stay and enjoin proceedings for an interim

2  six-month period. Precisely, Federal requests that this Court stay and enjoin all

3  existent and future proceedings against any party insured or contractually indemnified

4  by the policies to the extent such proceedings would serve to reduce the available

5  policy proceeds. This injunction would minimize erosion of the policy limits for

6  defense expenditures and maximize proceeds for potential settlement. This time

7  period will allow this Court and the parties to do the following:

8  (1) determine the amount of the insurance proceeds available to the claimants;

9  (2) create a procedure by which liquidated claims can obtain relief from the

10  insurance policies;

11  (3) establish a procedure by which Federal pays defense costs on behalf of

12  insureds and other parties entitled to coverage under the policies;

13  (4) explore settlement of the underlying claims through an additional mediation

14  session; and,

15  (5) potentially propose a settlement offer directly to the claimants.

16  After the six-month stay, the parties and this Court can revisit the issues

17  presented by this motion and decide whether further injunctive relief is necessary.[1]

18  **II.    STATEMENT OF FACTS**

19  **A.    THE UNDERLYING CLAIMS**

20  Caldera markets, distributes and/or sells surgical mesh products used in a

21  variety of different functions, including a transvaginal mesh implant designed to treat

22  pelvic organ prolapse or stress urinary incontinence. No later than October 20, 2008,

23  the U.S. Food and Drug Administration issued a Public Health Notification regarding

24  complications of transvaginally implanted Pelvic Organ Prolapse Mesh and Stress

25  Urinary Incontinence Slings. This notification precipitated numerous claims for

26  _____

27  [1] While not a party to this action at this time, American Medical Systems, Inc.
("AMS") has expressed its support for and complete agreement with a stay of all

28  litigation and proceedings of the underlying cases.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Exhibit A, Page 9**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 16 of 40 PageID #: 20240
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 7 of 21   Page ID #:4434

Case 2:15-cv-00393-SVW-PJW   Document 75   Filed 03/30/15   Page 6 of 13   Page ID #:1397

1  injuries resulting from these mesh products against Caldera and other manufacturers

2  of similar products.   To Federal's knowledge, there are currently at least 2,184

3  claimants who are either litigating claims or have entered into tolling agreements

4  preserving claims against Caldera alleging injuries as a result of being implanted with

5  one or more Caldera products (collectively referred to as the "Caldera Claims").

6  (Khanjian Decl. ¶ 2).

7      **B.    THE POLICIES**

8          Federal issued Life Science Insurance Program policies, each numbered Policy

9  No. 7499-85-32 SFO, to Caldera for the following policy periods:  (1) August 1, 2008

10  to August 1, 2009 ("2008 Policy"); (2) August 1, 2009 to August 1, 2010 ("2009

11  Policy"); (3) August 1, 2010 to November 1, 2011 ("2010 Policy"); and (4) November

12  1, 2011 to November 1, 2012 ("2011 Policy").  (Khanjian Decl. ¶ 3). (The 2008, 2009,

13  2010 and 2011 Policies are collectively referred to herein as "the Policies" and have

14  been attached as Exhibits A-D, respectively, to Federal's Complaint. See Document

15  No. 10 of the Docket.). The Policies are "claims-made" policies that afford coverage

16  to Caldera subject to their terms and conditions.  (Doc. No. 10 of the Docket).  The

17  Policies further provide that Federal shall have the right and duty to defend any suit

18  against Caldera seeking damages in accordance with the Policies' terms.  *Id*.  The

19  2008 Policy has a $10 million Limit of Liability subject to a $50,000 per occurrence

20  deductible (also subject to the Batch Clause), the 2009 Policy has a $10 million Limit

21  of Liability subject to a $50,000 per occurrence deductible (also subject to the Batch

22  Clause), the 2010 Policy has a $10 million Limit of Liability subject to a $50,000 per

23  event deductible, and the 2011 Policy has a $5 million Limit of Liability subject to a

24  $75,000 per claim deductible.  *Id*.  In addition, the Policies' terms potentially provide

25  coverage to other persons or entities who are the subject of related litigation as to

26  whom the stay would also apply solely to the extent of their potential coverage under

27  the Policies.

28  ///

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**Exhibit A, Page 10**

Case 2:12-md-02327  Document 1663-1  Filed 08/14/15  Page 17 of 40 PageID #: 20241
Case 2:15-cv-00393-SVW-PJW  Document 178-1  Filed 08/03/15  Page 8 of 21  Page ID
#:4435

Case 2:15-cv-00393-SVW-PJW  Document 75  Filed 03/30/15  Page 7 of 13  Page ID #:1398

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    While it is disputed as to which policies provide coverage, if any, it is only

2    contended that at most $25 million in coverage is potentially available from which,

3    according to the terms of the Policies, defense costs and settlements paid must be

4    subtracted. (Khanjian Decl. ¶ 4). In connection with the Caldera Claims, Federal has

5    funded over $6,386,891 in defense and indemnity payments under the Policies,

6    without collecting any deductible payments from Caldera. (Khanjian Decl. ¶ 5). The

7    policy limits now amounts to approximately $18,613,109 and, due to defense costs, is

8    decreasing each day. (Khanjian Decl. ¶ 6).

9    **C.    THE COMPLAINT**

10    As a result of the numerous competing demands for the remaining portions of

11    the policy limits, on January 20, 2015 Federal filed this action in interpleader.

12    (Khanjian Decl. ¶ 7). The Interpleader Complaint named Caldera and 24 claimants

13    individually as defendants, and identified two classes Federal would seek to certify.

14    *Id.* This interpleader action does not seek resolution of the Caldera Claims, but is

15    instead concerned with adjudicating the parties' respective rights to the policy limits.

16    As such, soon after filing the Complaint, Federal posted a bond in the amount of

17    $18,613,109 with this Court. (Khanjian Decl. ¶ 8). Federal is not attempting to have

18    this Court determine any of the merits of the underlying tort claims by way of this

19    interpleader action.

20    **D.    STATUS OF TRANSVAGINAL MESH PRODUCT CASES**

21    The underlying plaintiffs in the Transvaginal Mesh Medical Product Cases

22    pending in Los Angeles County Superior Court, JCCP 4733, to which Caldera is a

23    party, had requested a lift of the stay on litigation in that case. (Khanjian Decl. ¶ 9).

24    On March 11, 2015, Judge William F. Highberger issued a tentative ruling lifting the

25    stay on litigation. (Khanjian Decl. ¶ 10). There will be further briefing on the

26    tentative ruling, which Caldera and AMS have opposed. *Id.* A further hearing will be

27    held on this issue on April 9, 2015. *Id.* Once the stay is lifted, Federal's policy limits

28    will begin to erode at a rapid pace. Caldera's defense costs will undoubtedly increase

**Exhibit A, Page 11**

Case 2:12-md-02327  Document 1663-1  Filed 08/14/15  Page 18 of 40 PageID #: 20242
Case 2:15-cv-00393-SVW-PJW  Document 178-1  Filed 08/03/15  Page 9 of 21  Page ID #:4436

Case 2:15-cv-00393-SVW-PJW  Document 75  Filed 03/30/15  Page 8 of 13  Page ID #:1399

1   at an exceptionally rapid pace and Federal will be faced with having to satisfy its

2   obligation to fund Caldera's defense. (Khanjian Decl. ¶ 11). Moreover, Federal must

3   also satisfy its obligations to pay for the defense of any other parties including, but not

4   limited to contractual indemnitees, entitled to it under the Policies. (Khanjian Decl. ¶

5   12). Federal thus filed this motion to stay all actions in order to equitably determine

6   the outstanding coverage issues, minimize erosion of the policy limits for defense

7   expenditures, maximize proceeds for settlement and otherwise allow for settlement to

8   occur.

9   **III.   ARGUMENT**

10          **A.   THE COURT MAY ENJOIN THE UNDERLYING ACTIONS.**

11          28 U.S.C. § 2361 ("Section 2361") provides federal courts broad statutory

12   power to restrain parties from undermining the interpleader process. *Star Ins. Co. v.*

13   *Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002); *see also First*

14   *Interstate Bank of Oregon, N.A. v. U.S. by & through IRS,* 891 F. Supp. 543, 546 (D.

15   Or. 1995); *U.S. v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978) (A court's

16   injunctive power, under Section 2361, is "nationwide and is intended to halt any

17   proceeding the court deems inconsistent with the interpleader proceeding."). 

18   Primarily, the interpleader process is concerned with preventing inconsistent

19   determinations and inequitable distributions of the interpleaded funds. *See In re*

20   *Republic of Philippines*, 309 F.3d 1143, 1153 (9th Cir. 2002); *Aetna Life Ins. Co. v.*

21   *Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). Accordingly, where an action is

22   commenced pursuant to 28 U.S.C. § 1335, a court may temporarily or permanently

23   enjoin any person from "instituting or prosecuting ***any proceeding*** in any State or

24   United States court affecting the property, instrument or obligation involved in the

25   interpleader action until further order of the court." 28 U.S.C. § 2361 (emphasis

26   added); *Star Ins. Co.*, 273 F. Supp. 2d at 42 ("The Federal Interpleader Act authorizes

27   a U.S. District Court to enter both preliminary and permanent injunctions restraining

28   claimants from instituting or prosecuting any proceeding in any state or federal court

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**Exhibit A, Page 12**

Case 2:12-md-02327 Document 1663-1 Filed 08/14/15 Page 19 of 40 PageID #: 20243
Case 2:15-cv-00393-SVW-PJW Document 178-1 Filed 08/03/15 Page 10 of 21 Page ID #:4437

Case 2:15-cv-00393-SVW-PJW Document 75 Filed 03/30/15 Page 9 of 13 Page ID #:1400

1  affecting the subject matter of an interpleader action."); *Beaufort Nav., Inc. v. Med*
2  *Africa Line S.P.A.*, 624 F. Supp. 229, 232 (S.D.N.Y. 1985) (holding that an injunction
3  could bar a claimant from attaching interpleaded funds in a separate action).[2]

4       Federal has brought this action pursuant to Section 1335, requesting that this
5  Court determine applicable rights under the Policies. Federal has properly alleged
6  jurisdiction under Section 1335 and has posted a bond in the remaining amount of the
7  policy limits in the Court's registry. Consequently, this Court can exercise its power
8  under Section 2361 to enjoin any proceedings that affect or could affect the policy
9  limits.[3]

**B.     AN INJUNCTION IS PROPER BECAUSE THE PRINCIPAL RELIEF FOR THE CALDERA CLAIMS IS THE REMAINING AMOUNT OF THE POLICY LIMITS.**

13      A court should exercise its discretion to enjoin other proceedings under Section
14  2361 liberally. *First Interstate Bank*, 891 F. Supp. at 546. In an interpleader action,
15  an injunction is proper where it will prevent the "multiplicity of actions" and reduce
16  "the possibility of inconsistent determinations" to the funds at stake. *Sotheby's Inc. v.*
17  *Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y. 1992). Indeed, an interpleading
18  stakeholder should not face the expense of defending twice the rights to the stake and
19  should be protected from double liability. *Lee v. West Coast Life Ins. Co.*, 688 F.3d
20  1004, 1009 (9th Cir. 2012); *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir.
21  2010). In fact, the United States Supreme Court has identified a specific example

---

[2] The Anti-Injunction Act, 28 U.S.C. § 2283, states "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress." This statute does not prohibit a federal court from staying a state proceeding pursuant to Section 2361 because Section 2361 is an act of congress. *Lorillard Tobacco Co. v. Chester*, 589 F.3d 835, 844 (6th Cir. 2009).

[3] A court can issue an injunction under Section 2361 without consideration of the rules provided by Fed. R. Civ. P. 65. See Fed. R. Civ. P. 65(e); *Star Ins. Co.*, 273 F. Supp. 2d at 42.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

6

**Exhibit A, Page 13**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 20 of 40 PageID #: 20244
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 11 of 21   Page ID #:4438

Case 2:15-cv-00393-SVW-PJW   Document 75   Filed 03/30/15   Page 10 of 13   Page ID #:1401

1  which warrants the issuance of an injunction.  *See State Farm Fire & Casualty Co. v.*

2  *Tashire*, 386 U.S. 523, 534 (1967).  In *Tashire*, the Court stated:

> There are situations…where the effect of interpleader is to confine the
>
> total litigation to a single forum and proceeding.  One such case is where
>
> a stakeholder, faced with rival claims to the fund itself, acknowledges—
>
> or denies—his liability to one or the other of the claimants.  In this
>
> situation, the fund itself is the target of the claimants.  It marks the outer
>
> limits of the controversy.  It is, therefore, reasonable and sensible that
>
> interpleader, in discharge of its office to protect the fund, should also
>
> protect the stakeholder from vexatious and multiple litigation.  In this
>
> context, suits sought to be enjoined are squarely within the language of
>
> 28 U.S.C. § 2361.

13  *Id.; see also Pruco Life Ins. Co. v. Martin*, 2011 U.S. Dist. LEXIS 92424, *10

14  (D. Nev. 2011).  However, in *Tashire*, the Court held that an injunction was not

15  appropriate because there were multiple and dissimilar avenues for relief.  *Id.* at

16  534-535.

17       An injunction restraining other proceedings which could affect the policy

18  limits is appropriate here because this action fits squarely within the example

19  identified by the *Tashire* Court.  Federal, the stakeholder, is facing thousands of

20  rival claims to the policy limits.  Because Caldera has advised claimants that its

21  settlement proceeds are largely limited to available insurance funds, the Policies

22  are the primary target of the Caldera Claims.  Indeed, unlike *Tashire*, the

23  Caldera Claims are all travelling the same avenue for relief, the policy limit,

24  because Caldera has no other resources to remedy such claims.  Further, Federal

25  does not seek adjudication of the underlying Caldera Claims.  Rather, this

26  interpleader action only concerns resolving the rights to the policy limits.  Thus,

27  this action embodies the exact example the Supreme Court identified in *Tashire*

28  which warrants imposing a stay.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

7

**Exhibit A, Page 14**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 21 of 40 PageID #: 20245
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 12 of 21   Page ID #:4439

Case 2:15-cv-00393-SVW-PJW   Document 75   Filed 03/30/15   Page 11 of 13   Page ID #:1402

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    Additionally, an injunction will uphold the purpose of Section 1335.  For
2    example, if this Court were to deny this motion, Federal would be required to
3    defend potentially thousands of lawsuits.  In fact, Federal would be subject to
4    the pull of potentially numerous competing claims and potential allegations of
5    bad faith and, once the policy limits are reached, the plaintiffs in these lawsuits
6    would face the likelihood of obtaining no relief.  Indeed, without the stay, it
7    might not be possible to timely determine what the available policy proceeds
8    are, creating singular confusion.  It would be better for all parties to determine
9    what the actual proceeds are after resolution of the coverage issues, instead of
10   assuming that the bond amount represents the true available limit. Therefore,
11   this Court should order a stay pursuant to Section 2361.

12   ### C.    AN INJUNCTION IS NECESSARY TO PREVENT A RACE TO
13   ### JUDGMENT.

14   As stated above, a court should issue an injunction to ensure equitable and
15   consistent distribution of the funds at stake in an interpleader action.  *See Texaco, Inc.*
16   *v. Ponsoldt*, 118 F.3d 1367, 1370 (9th Cir. 1997) (The purpose of the interpleader
17   statute is to ensure "straightforward determination of the priority of the claims as they
18   existed at the time the interpleader became viable."); *Sotheby's*, 802 F. Supp. at 1066.
19   An injunction is especially necessary where a case involves the possibility of a small
20   number of claimants "appropriat[ing] all, or a disproportionate slice, of a fund before
21   fellow claimants are able to establish their claims, potentially leading to a race to
22   judgment and unfairness to some claimants."  *Star Ins. Co.*, 273 F. Supp. 2d at 43.

23   Federal and Caldera are currently facing the concern identified in *Star Ins. Co.*
24   Federal has exhausted a significant portion of the policy limits by defending a small
25   portion of the Caldera Claims and funding one settlement.  These efforts amounted to
26   over $5,300,000 in defense costs, while there still exists over two thousand claims and
27   an extraordinary amount  of potential liability.  If the injunction is not granted, the
28   policy limits will be reached long before all of the Caldera Claims are resolved.  This

8

**Exhibit A, Page 15**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 22 of 40 PageID #: 20246
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 13 of 21   Page ID #:4440

Case 2:15-cv-00393-SVW-PJW   Document 75   Filed 03/30/15   Page 12 of 13   Page ID #:1403

1    means that several of the plaintiffs in the Caldera Claims will be left without any relief

2    afforded them.  In turn, plaintiffs will be encouraged to race to judgment in an attempt

3    to ensure their personal relief.  On the other hand, an injunction can ensure an orderly

4    determination of what is left in policy limits and ensure that what is available isn't

5    needlessly expended on solely defense costs.  Indeed, the policy limits may be fully

6    expended just by the cost of defense.   Given the number of parties who may

7    potentially be entitled to defense coverage under the Policies, it would not be

8    inconceivable that the entire Policy proceeds would be exhausted well prior to the

9    conclusion of the underlying litigation.

10   **D.    OTHER   ACTIONS   CANNOT   AFFORD   THE   PARTIES**

11   **ADEQUATE RELIEF.**

12   Lastly, no other previously commenced action will afford Federal and Caldera

13   effective relief.  *Star Ins. Co.*, 273 F. Supp. 2d at 43 ("A request for an injunction may

14   be refused...if a previously commenced action will afford the parties effective

15   relief.").    Caldera, with its defense funded by Federal, is currently litigating the

16   Caldera Claims across the nation.  However, none of these actions have joined all of

17   the interested parties or have interpleaded the policy limits.    Contrarily, through

18   potential class certification and a stay, this action could adequately address the rights

19   to the policy limits with respect to the claimants.    Even more so, if this Court grants

20   Federal's motion for class certification, it could ensure that unidentified prospective

21   claimant's receive the proper relief as well.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

9

**Exhibit A, Page 16**

**IV.**   **CONCLUSION**

For the reasons discussed above, Federal respectfully requests this Court issue an order: (1) staying any and all currently pending or future proceedings for a period of six months; (2) enjoining any person from instituting or prosecuting any lawsuit, arbitration or any other proceeding for a period of six months; (3) enjoining any person from levying or otherwise seeking payment on any settlement or judgment obtained, in any state or federal court, against any party insured or contractually indemnified under the Policies, and requiring that any liquidated claim be presented to this Court for potential payment.

Dated:  March 30, 2015

Respectfully submitted,

LOCKE LORD LLP

By: _/s/ Lilian M. Khanjian_
    Michael F. Perlis
    Richard R. Johnson
    Lilian M. Khanjian
    *Attorneys for Claimant-Plaintiff*
    *FEDERAL INSURANCE COMPANY*

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**Exhibit A, Page 17**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 24 of 40 PageID #: 20248
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 15 of 21   Page ID
#:4442

1   LOCKE LORD LLP
2   Michael F. Perlis (SBN: 095992)
    mperlis@lockelord.com
3   Richard R. Johnson (SBN: 198117)
    rrjohnson@lockelord.com
4   Lilian M. Khanjian (SBN: 259015)
    lkhanjian@lockelord.com
5
6   300 South Grand Avenue, Suite 2600
    Los Angeles, California  90071
7   Telephone: 213-485-1500
    Facsimile: 213-485-1200
8
9   Attorneys for Claimant-Plaintiff
    FEDERAL INSURANCE COMPANY
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13
    FEDERAL INSURANCE COMPANY          )   CASE NO. 2:15-cv-00393-SVW-PJW
14                                     )
                                       )   Honorable Stephen V. Wilson
15              Claimant-Plaintiff,    )
                                       )   **DECLARATION OF LILIAN**
16        vs.                          )   **KHANJIAN IN SUPPORT OF**
                                       )   **FEDERAL INSURANCE**
17   CALDERA MEDICAL, INC., and DENISE )   **COMPANY'S MOTION TO STAY**
     M. FLANIGAN, ROSIE JEAN BATES,    )   **AND ENJOIN PROCEEDINGS**
18   TAMMY L. MCILROY, BRENDA DEYO,    )
     SUSAN STONE, KIMBERLY DURHAM,     )   **DATE:      APRIL 27, 2015**
19   ELAINE TACK, SHARON PEER,         )   **TIME:      1:30 P.M.**
     ELIZABETH BAILEY, BARBARA COE,    )   **PLACE:     COURTROOM 6**
20   DOREEN ESPARZA, CLARA PERELKA,    )
     PEGGY GRUBBS, CONNIE              )
21   WILLIAMSON, CHRISTINE MATHEWS,    )   [Filed concurrently with:  Notice of
     KATRINA BAKER, DAWN BURNHAM,      )   Motion and Motion to Stay and
22   NANCY ROBERTS, GLENDA THORNE,     )   (Proposed) Order]
     BENELLA OLTREMARI, PHYLLIS W.     )
23   BROWN, JOANNE MONGEAU, SYBIL      )
     WASHINGTON, and CELINES RAMIREZ,  )
24   and all others similarly situated )
                                       )
25                                     )
                Claimants- Defendants. )
26                                     )
    _____)
27

28

---

**Exhibit A, Page 19**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 26 of 40 PageID #: 20250
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 17 of 21   Page ID #:4444

Case 2:15-cv-00393-SVW-PJW   Document 75-1   Filed 03/30/15   Page 2 of 3   Page ID #:1406

1   I, Lilian Khanjian, declare as follows:

2   1.   I am an attorney at the law firm of Locke Lord LLP, attorneys of record

3   for Claimant-Plaintiff Federal Insurance Company ("Federal"), and am one of the

4   attorneys representing Federal in this matter.  The facts stated herein are true of my

5   own knowledge, except as to those matters stated on information and belief, and, as to

6   those matters, I believe them to be true.  I submit this declaration in support of

7   Federal's Motion to Stay and Enjoin Proceedings made pursuant to the Federal

8   Interpleader Act, 28 U.S.C. § 2361.

9   2.   Based on information received from Caldera Medical, Inc. ("Caldera"),

10   through its counsel, our office is informed that there are at least 2,184 claimants who

11   are either litigating claims or have tolled claims against Caldera in relation to its

12   products ("the Caldera Claims").

13   3.   Federal issued Life Science Insurance Program policies, each numbered

14   Policy No. 7499-85-32 SFO, to Caldera for the following policy periods:  (1) August

15   1, 2008 to August 1, 2009 ("2008 Policy"); (2) August 1, 2009 to August 1, 2010

16   ("2009 Policy"); (3) August 1, 2010 to November 1, 2011 ("2010 Policy"); and (4)

17   November 1, 2011 to November 1, 2012 ("2011 Policy").  The 2008, 2009, 2010 and

18   2011 Policies are collectively referred to herein as "the Policies" and have been

19   attached as Exhibits A-D, respectively, to Federal's Complaint filed in this action.

20   See Document No. 10 of the Docket.

21   4.   Based upon information provided to our office, Caldera contends that, at

22   most, $25 million in total coverage among the Policies is available from which,

23   according to the terms of the Policies, defense costs and settlements paid must be

24   subtracted.

25   5.   Based upon information provided to our office, Federal has funded to

26   date over $6,386,891 in defense and indemnity payments under the Policies, without

27   having collected any deductible from Caldera, in connection with the Caldera Claims.

28

<strong>Locke Lord LLP</strong><br>300 South Grand Avenue, Suite 2600<br>Los Angeles, CA  90071

---

1

DECLARATION OF LILIAN KHANJIAN IN SUPPORT OF MOTION TO STAY AND ENJOIN PROCEEDINGS

**Exhibit A, Page 20**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 27 of 40 PageID #: 20251
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 18 of 21   Page ID #:4445

Case 2:15-cv-00393-SVW-PJW   Document 75-1   Filed 03/30/15   Page 3 of 3   Page ID #:1407

6.   Based upon information provided to our office, the remaining non-exhausted portions of the Limits of Liability amount to approximately $18,613,109.

7.   On January 20, 2015, Federal filed an action in the nature of interpleader naming as defendants Caldera and twenty four (24) claimants individually and as class representatives of two proposed defendant classes.  See Federal's Complaint filed in this action on January 20, 2015.  See Document No. 1 of the Docket.

8.   Federal posted an interpleader bond in the amount of $18,613,109, which this Court filed on February 26, 2015.  See Document No. 49 of the Docket.

9.   The underlying plaintiffs in the Transvaginal Mesh Medical Product Cases pending in Los Angeles County Superior Court, JCCP 4733, to which Caldera is a party, had requested a lift of the stay on litigation in that case.

10.  On March 11, 2015, Judge William F. Highberger issued a tentative ruling lifting the stay on litigation.  There will be further briefing on the tentative ruling, which Caldera and American Medical Systems, Inc. have opposed.  A further hearing before Judge Highberger will be held on this issue on April 9, 2015.

11.  Once the stay is lifted and litigation ensues in all respects, Caldera's defense costs will undoubtedly increase at an exceptionally rapid pace and Federal will be faced with having to satisfy its obligation to fund Caldera's defense.

12.  Federal must also satisfy its obligations to pay for the defense of any other parties including, but not limited to contractual indemnitees, entitled to it under the Policies.

I declare the foregoing to be true and correct under the penalty of perjury of the laws of the United States of America.

Executed this 30th day of March 2015 in Los Angeles, California.

_____/s/ Lilian M. Khanjian_____
Lilian M. Khanjian

**Exhibit A, Page 21**

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 28 of 40 PageID #: 20252
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 19 of 21   Page ID
#:4446

1   LOCKE LORD LLP
2   Michael F. Perlis (SBN: 095992)
    mperlis@lockelord.com
3   Richard R. Johnson (SBN: 198117)
4   rrjohnson@lockelord.com
    Lilian M. Khanjian (SBN: 259015)
5   lkhanjian@lockelord.com
6   300 South Grand Avenue, Suite 2600
    Los Angeles, California 90071
7   Telephone: 213-485-1500
8   Facsimile: 213-485-1200

9   Attorneys for Claimant-Plaintiff
    FEDERAL INSURANCE COMPANY
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13  FEDERAL INSURANCE COMPANY       )   CASE NO. 2:15-cv-00393-SVW-
                                     )   PJW
14                                   )
            Claimant-Plaintiff,      )
15                                   )   Honorable Stephen V. Wilson
                                     )
16       vs.                         )   **[PROPOSED] ORDER
                                     )   GRANTING FEDERAL
17  CALDERA MEDICAL, INC., and DENISE )  INSURANCE COMPANY'S
18  M. FLANIGAN, ROSIE JEAN BATES,   )   MOTION TO STAY AND
    TAMMY L. MCILROY, BRENDA DEYO,   )   ENJOIN PROCEEDINGS**
19  SUSAN STONE, KIMBERLY DURHAM,    )
20  ELAINE TACK, SHARON PEER,        )   **DATE:      APRIL 27, 2015**
    ELIZABETH BAILEY, BARBARA COE,   )   **TIME:      1:30 P.M.**
21  DOREEN ESPARZA, CLARA PERELKA,   )   **PLACE:     COURTROOM 6**
    PEGGY GRUBBS, CONNIE             )
22  WILLIAMSON, CHRISTINE MATHEWS,   )   [Filed concurrently with:  Notice of
23  KATRINA BAKER, DAWN BURNHAM,     )   Motion and Motion to Stay and
    NANCY ROBERTS, GLENDA THORNE,    )   Declaration of Lilian M. Khanjian]
24  BENELLA OLTREMARI, PHYLLIS W.    )
25  BROWN, JOANNE MONGEAU, SYBIL     )
    WASHINGTON, and CELINES RAMIREZ, )
26  and all others similarly situated )
27                                   )
                                     )
28          Claimant-Defendants.     )
    _____)

---

[PROPOSED] ORDER GRANTING FEDERAL INSURANCE COMPANY'S MOTION TO STAY

**Exhibit A, Page 23**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 30 of 40 PageID #: 20254
Case 2:15-cv-00393-SVW-PJW   Document 178-1   Filed 08/03/15   Page 21 of 21   Page ID #:4448

Case 2:15-cv-00393-SVW-PJW   Document 75-2   Filed 03/30/15   Page 2 of 2   Page ID #:1409

1    The Court, having considered Claimant-Plaintiff Federal Insurance Company's

2  ("Federal") Motion to Stay and Enjoin Proceedings, as well as the arguments of the

3  parties and the papers submitted, hereby GRANTS the Motion to Stay and Enjoin

4  Proceedings.

5    Accordingly, the Court ORDERS as follows:

6    1.    A stay of all litigation and proceedings in any State and/or United States

7  Court against any party insured or contractually indemnified under the insurance

8  policies issued by Federal to Caldera Medical, Inc., Policy No. 7499-85-32 SFO (the

9  "Policies") for a period of six months;

10    2.    An injunction preventing any and all potential claimants, including but

11  not limited to those with tolling agreements, from instituting or prosecuting any

12  lawsuit, arbitration or any proceeding against any party insured or contractually

13  indemnified under the Policies for a period of six months; and,

14    3.    An injunction preventing any and all plaintiffs and/or claimants from

15  levying or otherwise seeking payment on any settlement or judgment against Federal,

16  any party insured or contractually indemnified under the Policies, and requiring that

17  any liquidated claim be presented to this Court for potential payment.

18

19    IT IS SO ORDERED.

20

21

22  Dated: _____

23                                          _____
                                            U.S. DISTRICT JUDGE

24

25

26

27

28

_____
                        1
[PROPOSED] ORDER GRANTING FEDERAL INSURANCE COMPANY'S MOTION TO STAY

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Exhibit A, Page 24**

EXHIBIT 3


Federal's August 5, 2015 Supplemental Submission In
Support of Motion to Stay

1  LOCKE LORD LLP
2  Michael F. Perlis (SBN: 095992)
   mperlis@lockelord.com
3  Richard R. Johnson (SBN: 198117)
4  rrjohnson@lockelord.com
   Lilian M. Khanjian (SBN: 259015)
5  lkhanjian@lockelord.com
6  300 South Grand Avenue, Suite 2600
   Los Angeles, California  90071
7  Telephone: 213-485-1500
8  Facsimile: 213-485-1200

9  Attorneys for Claimant-Plaintiff
   FEDERAL INSURANCE COMPANY
10

11             UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13  FEDERAL INSURANCE COMPANY          )  CASE NO. 2:15-cv-00393-SVW-PJW
14                    Claimant-Plaintiff,  )
                                        )  Honorable Stephen V. Wilson
15          vs.                         )
    CALDERA MEDICAL, INC., and          )
16  DENISE M. FLANIGAN, ROSIE JEAN      )  **SUPPLEMENTAL SUBMISSION IN**
    BATES, TAMMY L. MCILROY,            )  **SUPPORT OF THE NOW-**
17  BRENDA DEYO, SUSAN STONE,           )  **UNOPPOSED MOTION TO STAY**
    KIMBERLY DURHAM, SHARON PEER,       )  **AND ENJOIN PROCEEDINGS**
18  ELIZABETH BAILEY, BARBARA COE,      )
19  DOREEN ESPARZA, CLARA PERELKA,      )
    PEGGY GRUBBS, CONNIE                )
20  WILLIAMSON, CHRISTINE               )
21  MATHEWS, KATRINA BAKER, DAWN        )
    BURNHAM, NANCY ROBERTS,             )
22  GLENDA THORNE, BENELLA              )
23  OLTREMARI, PHYLLIS W. BROWN,        )
    JOANNE MONGEAU, SYBIL               )
24  WASHINGTON, and CELINES             )
25  RAMIREZ, and all others similarly situated )
                                        )
26                                      )
             Claimants- Defendants.     )
27                                      )
    _____)
28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

_____
SUPPLEMENTAL SUBMISSION IN SUPPORT OF THE NOW-UNOPPOSED MOTION TO STAY AND ENJOIN
PROCEEDINGS

In connection with the now-unopposed Motion to Stay and Enjoin Proceedings ("the Motion") filed on March 30, 2015, Federal Insurance Company hereby provides this Supplemental Submission, to notify the Court regarding a new development in an underlying case.

On August 3, 2015, the Plaintiff in *Stephanie M. Guirola v. Caldera Medical, Inc., Biomedical Structures, LLC and 25 Centre, LLC* currently pending in the Southern District of Mississippi, Southern Division, Case No. 1:15cv88JTM, a case which would be subject to the stay if granted, filed a Motion for Limited Discovery. See attached **Exhibit A**. The fees and expenses incurred in connection with this motion and with any discovery that may result will erode the current funds set aside for the conditional settlement.

As stated in the August 3, 2015 Supplemental Submission filed in this case, to the extent the underlying litigation and proceedings are not stayed, and additional fees and expenses incurred exceed the specified reserves set aside by the settlement, the settlement could be terminated.

This Supplemental Submission is joined by Caldera and counsel representing 2,184+ Claimants. The Parties therefore reiterate their request that the Court stay and enjoin the litigation and proceedings as detailed in the August 3, 2015 Supplemental Submission.

Dated: August 5, 2015

Respectfully submitted,

LOCKE LORD LLP

By:  /s/ Lilian M. Khanjian
      Michael F. Perlis
      Richard Johnson
      Lilian M. Khanjian
      *Attorneys for Claimant-Plaintiff*
      *FEDERAL INSURANCE COMPANY*

1

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 34 of 40 PageID #: 20258
Case 2:15-cv-00393-SVW-PJW   Document 180-1   Filed 08/05/15   Page 1 of 5   Page ID
#:4452

# EXHIBIT A

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 35 of 40 PageID #: 20259
Case 2:15-cv-00393-SVW-PJW   Document 180-1   Filed 08/05/15   Page 2 of 5   Page ID #:4453
Case 1:15-cv-00088-JTM   Document 40   Filed 08/03/15   Page 1 of 4

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**STEPHANIE M. GUIROLA**                                              **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.:  1:15cv88JTM**

**CALDERA MEDICAL, INC.,**
**BIOMEDICAL STRUCTURES, LLC**
**AND 25 CENTRE, LLC**                                         **DEFENDANTS**

### PLAINTIFF'S MOTION FOR LIMITED DISCOVERY NECESSARY TO RESPOND TO THE PREEMPTION ISSUES RAISED IN DEFENDANT BIOMEDICAL STRUCTURES, LLC'S MOTION TO DISMISS COMPLAINT

The Plaintiff, Stephanie M. Guirola, files this Motion for Limited Discovery Necessary to Respond to Defendant Biomedical Structures, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint and the simultaneously filed Memorandum of Law [Docs. 31 and 32] to-wit:

1.      The Defendant Biomedical Structures, LLC (Biomedical) has moved to dismiss the Plaintiff's claims against Biomedical predicated on the Biomaterials Access Assurance Act ("the Act"), 21 U.S.C. § 1601 *et seq.* Biomedical alleges that claims asserted against it are preempted under state law and certain federal laws and forecloses any claim against Biomedical as a component part (mesh) manufacturer of the subject Desara Sling transvaginal mesh implant marketed and sold by Defendant Caldera Medical, Inc.

2.      The Plaintiff is handicapped in her ability to respond to the Motion to Dismiss. Certain critical issues have been raised in Biomedical's Motion and

**Exhibit A, Page 2**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 36 of 40 PageID #: 20260
Case 2:15-cv-00393-SVW-PJW   Document 180-1   Filed 08/05/15   Page 3 of 5   Page ID
#:4454
Case 1:15-cv-00088-JTM   Document 40   Filed 08/03/15   Page 2 of 4

Memorandum that are impossible for the Plaintiff to address without first conducting discovery on those limited issues. Biomedical's exact status under the Act is unknown at this time, so the Plaintiff cannot effectively assert a counter position. However, there is evidence in Biomedical's marketing materials which suggests that Biomedical may not be protected by the Act.

3.      There is no question that under the Act a supplier may be liable if it supplied defective component parts or raw materials or failed to meet contractual obligations with the chief manufacturer. The Plaintiff must be permitted to conduct discovery to determine whether or not Biomedical supplied defective mesh to Caldera or failed in its contractual obligations to Caldera or if the contractual obligations imposed a duty on Biomedical to do more than just supply a component part.

4.      The Act specifically provides that if a defendant files a motion to dismiss on the grounds that it did not furnish raw materials or component parts for the implant that failed to meet applicable contractual requirements or specifications, the court may permit discovery limited to issues relevant to the pending motion to dismiss. *See* 21 U.S.C. § 1605(c)(1)(B)(i).

5.      The Plaintiff requests that the Court grant limited discovery on the issues set forth in the Motion pertaining to the Act as follows:

      a.      Twenty (20) interrogatories directed to Caldera and twenty (20) interrogatories directed to Biomedical;

2

**Exhibit A, Page 3**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 37 of 40 PageID #: 20261
Case 2:15-cv-00393-SVW-PJW   Document 180-1   Filed 08/05/15   Page 4 of 5   Page ID #:4455
Case 1:15-cv-00088-JTM   Document 50   Filed 08/03/15   Page 3 of 4

b.      Twenty (20) requests for production directed to Caldera and twenty (20) requests for production directed to Biomedical;

c.      One (1) deposition of the F.R.C.P. 30(b)(6) representative of Caldera and one (1) deposition of the F.R.C.P. 30(b)(6) representative of Biomedical, if needed;

d.      Granting the Plaintiff ninety (90) days to conduct the requested limited discovery;

e.      Once the ninety (90) day discovery is complete, the Plaintiff requests fourteen days (14) to file her response and memorandum in opposition to the motion.

RESPECTFULLY SUBMITTED, this the 3rd day of August, 2015,

STEPHANIE GUIROLA, PLAINTIFF

OWEN, GALLOWAY & MYERS, P.L.L.C.

BY: /s/ JOE SAM OWEN (MS Bar No. 3965)

3

**Exhibit A, Page 4**

Case 2:12-md-02327   Document 1663-1   Filed 08/14/15   Page 38 of 40 PageID #: 20262
Case 2:15-cv-00393-SVW-PJW   Document 180-1   Filed 08/05/15   Page 5 of 5   Page ID
#:4456
Case 1:15-cv-00088-JTM   Document 40   Filed 08/03/15   Page 4 of 4

## CERTIFICATE OF SERVICE

I, JOE SAM OWEN, of the law firm Owen, Galloway, & Myers, P.L.L.C., do hereby certify that I have this date electronically filed the foregoing Motion For Limited Discovery Necessary To Respond To The Preemption Issues Raised In Defendant Biomedical Structures, LLC's Motion To Dismiss Complaint with the Clerk of the Court using the ECF system, which served a copy to all counsel of record.

SO CERTIFIED, this the 3rd day of August, 2015.

/s/ JOE SAM OWEN

JOE SAM OWEN (MS Bar No. 3965)
ASHLEY C. WRIGHT (MS Bar No. 104375)
ROY NOWELL (MS Bar No. 100768)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813
Email: jso@owen-galloway.com
       acw@owen-galloway.com
       ran@owen-galloway.com

4

**Exhibit A, Page 5**

EXHIBIT 4

August 7, 2015 Minute Order

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-393-SVW-PJW | Date | August 7, 2015 |
| Title | Federal Insurance Co. v. Caldera Medical Inc., et al | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**        IN CHAMBERS OMNIBUS ORDER RE: CONDITIONAL SETTLEMENT

1.  In light of the joint request for a stay by Federal, Caldera, and the individual claimants, the Court **GRANTS** the motion to stay and enjoin proceedings.  (Dkts. 178, 180.)

2.  The Court **DEFERS** resolution of Federal's motion for class certification.

3.  The individual claimant defendants are **ORDERED** inform the Court in writing no later than August 14, 2015, at 5:00 p.m. whether they intend to withdraw the motions to quash service, defer consideration of those motions, or continue to seek immediate resolution of those matters.

:

Initials of Preparer        PMC