**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM  PRODUCTS LIABILITY LITIGATION | **Master File No. 2:12-MD-02327** **MDL 2327** |
| THIS  DOCUMENT  RELATES  TO  ALL CASES | **JOSEPH R. GOODWIN** **U.S. DISTRICT JUDGE** |

**AMENDED NOTICE TO TAKE ORAL DEPOSITION**
**OF DEFENDANTS THROUGH DESIGNATED WITNESSES**

TO:   Defendants Ethicon, Inc., Ethicon Sarl, and Johnson & Johnson, Inc. (hereinafter "Defendants") and their Attorneys of Record.

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the videotaped deposition of Defendants' corporate designees on October 15, 2015, at 9:00 am., at the offices of Riker Danzig in Morristown, New Jersey.  The witness(es) shall be prepared to testify concerning the subject matters identified in Exhibit "A", attached hereto.  The witness shall produce documents identified in Exhibit "B", attached hereto, prior to the deposition.  The deposition will be taken before a person authorized by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day-to-day until the examination is completed.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

All definitions and rules or instructions set forth in Fed. Rule Civ. P. 30(b)(6) shall apply to all requests for information herein. To the extent a term commonly in use in the medical

device industry is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the medical device industry.

1.      "Concerning" means referring to, describing, evidencing, or constituting.  See LR Civ. P 26.2(c)(7).

2.      "Defendants", "Ethicon, Inc.", Ethicon Sarl", "Johnson & Johnson Inc.", "you" or "your" refers to, without limitation, Ethicon, Inc., Ethicon Sarl, Johnson & Johnson Inc., and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of any such other business entity previously described herein.

3.      "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

4.       "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes writings, drawings, graphs, charts, photographs, sound recordings, images, products, product exemplars, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.  A draft or non-identical copy is a separate document.  *See* LR Civ. P. 26.2(c)(2); *see also* FR Civ. P 34(a).

5.      "TVT" includes the TVT retropubic Tension Free Vaginal Tape System device cleared by the FDA on or about January 1, 1998, the TVT-Obturator, TVT-Secur, TVT-Abbrevo, TVT-Exact, TVT SCION, TVTO-PA and the IVS (Intravaginal slingplasty device) which was developed, designed, distributed, licensed, manufactured, marketed or sold for the treatment of Stress Urinary Incontinence (SUI).  The term "TVT" also includes any prototypes or components

of the TVT products, as well as any kits or tools designed to be sold with the TVT including, but not limited to the TVT-AA and TVT-D.

6.     "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise.  Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda, slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

7.     "Person" means any natural or artificial person, including business entities and other legal entities.

8.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

9.     Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

10.     "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, alluding to, referring to, contradicting, comprising or concerning.

11.     All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you, or your attorneys, representatives, or other agents.

12.     All documents are to be produced in their entirety, without abbreviation or

3

redaction, including both front and back thereof, and all attachments or other matters affixed thereto.

13.    These requests shall be deemed continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents between the time of responding to this subpoena and the time of any hearing or trial.

14.    "Relevant Time Period" means the time period from when you first developed, designed, distributed, licensed, manufactured, marketed or sold TVT to the present.

15.    You are to produce all responsive documents to the undersigned counsel no later than 10 days before the deposition.

This 14th Day of September, 2015.

**PLAINTIFFS' CO-LEAD COUNSEL**

By: _____ /s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com

D. RENEE BAGGETT
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
Rbaggett@awkolaw.com
*Plaintiffs' Co-Lead Counsel*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | **Master File No. 2:12-MD-02327** **MDL 2327** |
| THIS DOCUMENT RELATES TO ALL CASES | **JOSEPH R. GOODWIN** **U.S. DISTRICT JUDGE** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

### PLAINTIFFS' CO-LEAD COUNSEL

By: _____/s/Thomas P. Cartmell_____
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
816-701-1100
Fax 816-531-2372
tcartmell@wcllp.com