# EXHIBIT 8

```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
 2

 3     ****************************************************************

 4     IN RE:  VIOXX PRODUCTS
             LIABILITY LITIGATION
 5                                    MDL DOCKET NO. 1657
                                      NEW ORLEANS, LOUISIANA
 6                                    APRIL 27, 2006, 1:00 P.M.

 7     ****************************************************************

 8
                          TRANSCRIPT OF PROCEEDINGS
 9             HEARD BEFORE THE HONORABLE ELDON E. FALLON
                     UNITED STATES DISTRICT JUDGE
10


11     APPEARANCES:

12
       FOR THE PLAINTIFF:        HERMAN HERMAN KATZ & COTLAR
13                               BY:  RUSS M. HERMAN, ESQUIRE
                                 201 ST. CHARLES AVENUE, SUITE 4310
14                               NEW ORLEANS, LA 70170

15
                                 BEASLEY ALLEN CROW METHVIN
16                               PORTIS & MILES
                                 BY:  ANDY D. BIRCHFELD, JR., ESQUIRE
17                               234 COMMERCE STREET
                                 POST OFFICE BOX 4160
18                               MONTGOMERY, ALABAMA 36103

19
       FOR THE DEFENDANT:        STONE PIGMAN WALTHER WITTMANN
20                               BY:  PHILLIP A. WITTMANN, ESQ.
                                 546 CARONDELET STREET
21                               NEW ORLEANS, LA 70130-3588

22
                                 BARTLIT BECK HERMAN
23                               PALENCHAR & SCOTT
                                 BY:  PHILIP S. BECK, ESQUIRE
24                               BY:  ANDY GOLDMAN, ESQUIRE
                                 54 W. HUBBARD STREET, SUITE 300
25                               CHICAGO, ILLINOIS 60601
```

```
 1   ALSO PRESENT:

 2                           GERALD MEUNIER, ESQUIRE
                            DAWN BARRIOS, ESQUIRE
 3                           DREW RANIER, ESQUIRE
                            GRANT KAISER, ESQUIRE
 4

 5                           MARK ROBINSON, ESQUIRE
                            EBEN FLASTER, ESQUIRE
 6                           DOUG MARVIN, ESQUIRE
                            P. LEIGH O'DELL, ESQUIRE
 7

 8                           TED WACKER, ESQUIRE
                            ED BLIZZARD, ESQUIRE
 9                           SCOTT NABERS, ESQUIRE
                            TOM KLINE, ESQUIRE
10

11                           MIKAL WATTS, ESQUIRE
                            PETE KAUFMAN, ESQUIRE
12                           ADAM HOEFLICH, ESQUIRE

13

14   OFFICIAL COURT REPORTER:    CATHY PEPPER, CCR, RPR, CRR
                                500 POYDRAS STREET, ROOM B406
15                               NEW ORLEANS, LOUISIANA 70130
                                (504) 589-7779
16

17

18   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.   TRANSCRIPT
     PRODUCED BY COMPUTER.
19

20

21

22

23

24

25
```

02:18PM 1    questions or show any documents they want to.  What we're saying

02:19PM 2    is that we -- that if we're not allowed even to talk to these

02:19PM 3    physicians before the deposition, and they are, the reason --

02:19PM 4            THE COURT:  I got it.  I understand the issue.  Look,

02:19PM 5    that's precisely it.  There is no question that the plaintiffs

02:19PM 6    have the burden of dealing with the learned intermediary so you

02:19PM 7    have to ask though questions.  That's a key thing.

02:19PM 8            The issue is, whether you workshop the guy beforehand.

02:19PM 9    Now, the reason I've allowed the plaintiffs to talk to the

02:19PM 10   treating physicians because that's the treating physician.  I've

02:19PM 11   excluded the defendants from talking to the treating physicians.

02:19PM 12   And I think the defendant is right, from the standpoint of

02:19PM 13   talking with him.  If you talk with him, the whole purpose of

02:19PM 14   talking with him is to ask him about private matters about your

02:19PM 15   client and not to expose them or give them one-sided

02:20PM 16   presentations about the other side.

02:20PM 17           If it's not that way, I would have to open it up to the

02:20PM 18   defendant to talk with them.  They ought to be able to do the

02:20PM 19   same thing, and I don't feel they ought to do the same thing

02:20PM 20   because it's a private physician.

02:20PM 21           I think you've got a right to talk to your private

02:20PM 22   physicians.  The concern that I have is sending them material

02:20PM 23   that is outside of the realm of the record of the private person.

02:20PM 24   I don't have any problem with you're asking the questions.  Now,

02:20PM 25   the only other way I can do it is to allow the defendants to talk

| | | |
|---|---|---|
| 02:20PM | 1 | to the physicians but to not ask them questions in their private |
| 02:20PM | 2 | discussions about the plaintiffs, and that's not going to work |
| 02:21PM | 3 | too well. |
| 02:21PM | 4 | It just seems to me that you ought to have a right to |
| 02:21PM | 5 | talk to physicians by themselves about your client, but I'm |
| 02:21PM | 6 | concerned about the fairness of talking to the physicians and |
| 02:21PM | 7 | preventing the defendants from talking to the physicians and |
| 02:21PM | 8 | letting you go into other things.  It just doesn't seem |
| 02:21PM | 9 | reasonable to me. |
| 02:21PM | 10 | MR. HERMAN:  I understand your comments, Your Honor.  I |
| 02:21PM | 11 | have another view, another point of vantage.  These physicians |
| 02:21PM | 12 | have been contacted 330 times by Merck.  They've gotten one side |
| 02:21PM | 13 | of the story.  They are fully prepared by Merck to go into a |
| 02:21PM | 14 | deposition.  They are invited to Merck conferences, free |
| 02:21PM | 15 | conferences at hotels.  They are wined and dined.  They are sent |
| 02:21PM | 16 | all the Merck information long before our clients die or suffer a |
| 02:21PM | 17 | stroke.  And they are very defensive, too. |
| 02:22PM | 18 | After all, we are plaintiff lawyers.  Half of them, |
| 02:22PM | 19 | when we go see them, believe that they are targets in a |
| 02:22PM | 20 | malpractice suit.  All we're doing is balancing the field, |
| 02:22PM | 21 | saying, Look, you were contacted by Merck 330 times, your wife is |
| 02:22PM | 22 | a Merck representative, and you prescribed this.  What those |
| 02:22PM | 23 | eight jurors want to know is if you had had the full story at the |
| 02:22PM | 24 | time you prescribed, would you have prescribed it, and that's the |
| 02:22PM | 25 | key questions all these jurors want to know and they know it. |