# EXHIBIT 8

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re: Kugel Mesh Hernia　　　　　　　：
Repair Patch Litigation　　　　　　　　：　　　　MDL Docket No. 07-1842ML

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A), LR CV 72(a)) is Defendants' Motion to Define the Scope and Subject Matter of Plaintiffs' <u>Ex Parte</u> Contact with Treating Physicians. (Document No. 3654). Plaintiffs oppose the Motion. (Document No. 3679).

The issue of <u>ex parte</u> contact with treating physicians has been previously addressed by this Court and Judge Gibney in the Rhode Island Superior Court Kugel Mesh cases. On January 22, 2008, I issued a Memorandum and Order denying Defendants' request to engage in substantive <u>ex parte</u> contacts with Plaintiffs' treating physicians. (Document No. 245).[1] Because that Order was issued early in these complex proceedings, I advised Defendants that they may move for reconsideration if counsel had "a good faith belief at some later stage that they can present new evidence and/or argument which would reasonably warrant another look at this issue." <u>Id.</u> at p. 3, n.1. On July 21, 2008, the Order prohibiting such <u>ex parte</u> contacts was modified slightly to permit Defendants to have non-substantive communications with treating physicians regarding "logistical and scheduling issues only" related to depositions and document production. (Document No. 1222). On August 26, 2008, Judge Gibney issued an Order

---

[1] Defendants unsuccessfully appealed the Order to Chief Judge Lisi. (Document Nos. 290 and 418).

reiterating a prior oral order prohibiting any ex parte communication between Defendants and the Plaintiffs' treating physicians. In re: All Individual Kugel Mesh Cases, 2008 R.I. Super. LEXIS 101 (Aug. 26, 2008). It is my understanding that such prohibition remains in effect in the state court cases. (See Document No. 3679 at p. 11). There is no prohibition regarding the ability of Plaintiffs' counsel to engage in ex parte communications with treating physicians.

**Discussion**

Defendants do not seek permission to engage in ex parte communications with treating physicians. Rather, they argue that "basic fairness" requires an Order that Plaintiffs' counsel's ex parte contact with treating physicians be limited to the medical care and treatment of the Plaintiff and not involve liability issues or theories, product warnings, or Defendants' research, testing or related internal documents and materials. Plaintiffs counter that a change in practice at this late stage would "only serve to create unworkable and unjustifiable restrictions on permissible communications." (Document No. 3679 at p. 6). Plaintiffs also contend that, "[i]n order to accurately assess a plaintiff's case, counsel needs to be able to inquire of the treating physician as to whether an injury was the result of a defect in Defendants [sic] product" and that "[f]ailing to allow ex parte communications will only further delay settlement and force Plaintiffs to await depositions of each doctor before being able to adequately value their client's case." (Document No. 3679 at p. 10). Finally, Plaintiffs argue that a change in practice would destroy uniformity between the federal Kugel Mesh MDL and the state Kugel Mesh cases.

Defendants primarily assert that relief is necessary because Plaintiffs' counsel has unfairly taken advantage of their ex parte access by holding lengthy meetings with treating

physicians and have "strayed far from fact-finding into blatant advocacy, including articulating the Plaintiffs' theory of the case and presenting an unbalanced view of the evidence through hand-picked company documents." (Document No. 3682 at p. 1). Defendants also contend that they then have had to spend "valuable deposition time exploring the discussions and trying to unring the bell." Id.

After thoroughly reviewing the parties' submissions, I conclude that Defendants' proposed limitations are unnecessary and unworkable. First, as Defendants concede, they are able to fully explore these conversations during the treating physicians' depositions. Second, although the current practice has been in place for nearly four years in this case and the state cases, and several trials have occurred, Defendants do not specifically identify any substantial prejudice or injustice resulting from the challenged contacts. Third, the substantive limitations proposed by Defendants would be difficult to police and may result in unproductive, "side-litigation" regarding the particulars of the discussions in these unrecorded, ex parte meetings. Finally, this late change in practice would destroy the current uniformity on this issue between this MDL and the state court cases.

Although Defendants' requested relief is denied, I conclude that a minor change in practice is warranted to bring some openness and efficiency to the process which should address, to some extent, Defendants' concerns about wasting valuable deposition time exploring the communications in issue. In particular, when engaged in ex parte meetings with treating physicians, Plaintiffs' counsel shall, going forward, document the following regarding such meetings: the date(s); the approximate duration; the location; the participants; and the identity

of the documents, photographs or other materials, shown or provided to the treating physician by Plaintiffs' counsel in connection with the meeting. Plaintiffs shall provide such information to Defendants at least forty-eight hours prior to the treating physician's deposition.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 12, 2012