UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES ONLY TO:<br><br>ETHICON WAVE 1 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO ENFORCE PRETRIAL ORDER # 17**

Consistent with the efficiency goals of this MDL proceeding, this Court has entered discovery orders to streamline the discovery process and ensure that discovery is conducted in an organized manner. One of those orders is Pretrial Order No. 17 ("PTO # 17"), which was jointly submitted by the leadership counsel for both parties and expressly states that "no plaintiff shall serve upon any defendant interrogatories or requests for production of documents that are specific to an individual plaintiff, treating physician, or sales representative prior to service" of a Defendant Fact Sheet ("DFS") with respect to that plaintiff. The purpose of this order is to streamline the discovery process by establishing an efficient process for Defendants to provide Plaintiffs with plaintiff-specific information, including information related to Defendants' interactions with each plaintiff's physician, in an efficient manner – and thereby avoid confusion and/or duplicative discovery. Accordingly, the Order bars Plaintiffs from propounding plaintiff-specific discovery requests until *after* they have received a DFS – and determine whether additional plaintiff-specific information is necessary.

Despite the clear language of PTO # 17, Plaintiffs in the "Ethicon Wave 1" cases have been inundating Defendants with plaintiff-specific requests – more than ***500 separate sets*** to date -- in the form of interrogatories, requests for production of documents, and requests for admission.[1] In fact, the overwhelming majority of the requests were served by members of the MDL leadership who were directly involved with implementing PTO # 17 but have chosen to ignore its directive. The requests were served in direct violation of PTO # 17, since the DFSs for these cases are not due until November 19, 2015, and all other plaintiff-specific discovery served on Defendants is therefore stayed. Moreover, such requests are a blatant attempt to circumvent this Court's scheduling deadlines for the "Ethicon Wave 1" cases, which is set forth in PTO #193. Indeed, most of the discovery served seeks information and documents that will be provided in the DFS in advance of the DFS deadline. Other requests seek expert information in advance of the January 18, 2016 expert disclosure deadline. Because Plaintiffs' discovery requests are contrary to both the Court's orders and the fundamental efficiency goals of this MDL proceeding, the Court should enter an order requiring that any case-specific discovery served on Defendants in the Ethicon Wave 1 before November 20, 2015 be deemed served as of November 20, 2015.

## BACKGROUND

**A.     Pretrial Order # 17 and the Defendant Fact Sheet**

Early in the MDL process, the Court issued a number of discovery orders intended to address the administrative and economic realities of multidistrict litigation, including PTO # 17,

---

[1]     Although PTO # 17 does not directly address requests for admission, the underlying purpose of the order was to prohibit *any* plaintiff-specific discovery until after the Plaintiffs receive a DFS. Here, the requests for admission are not only case-specific, but are also generally untimely because they implicate depositions that have not yet occurred and are not scheduled to occur until November and December.

which was "jointly drafted by the leadership counsel of both parties" and entered by the Court on October 4, 2012. *Stone v. Ethicon, Inc.*, No. 2:13-cv-32158, 2015 WL 3622307, at *3 (S.D. W. Va. June 9, 2015); *see also* PTO # 17, *In re Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327 (S.D. W. Va. Oct. 4, 2012), *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. PTO # 17 governs **all cases** transferred to or directly filed in the Ethicon MDL. PTO # 17 at 1; *Stone*, 2015 WL 3622307, at *1 (PTO # 17 is "applicable to every one of the thousands of cases in this MDL").

PTO # 17 outlines the procedure for plaintiff-specific discovery and provides that, in those cases selected for individual discovery as trial candidates, "[a] Defendant Fact Sheet ("DFS"), in the form to be agreed upon by the parties, shall be completed." PTO # 17, ¶ 3(a). The DFS is "the *initial plaintiff-specific discovery* of defendants," with a completed DFS serving as "interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." *Id.* ¶¶ 3(a), (c) (emphasis added). The Order specifically states that "no plaintiff shall serve upon any defendant interrogatories or requests for production of documents that are specific to an individual plaintiff, treating physician, or sales representative prior to service of a DFS for that plaintiff." *Id.*

On March 14, 2013, the Court adopted the DFS form that was jointly proposed by leadership counsel for both parties. *See* Pretrial Order # 41 ("PTO # 41"), *In re Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327 (S.D. W. Va. Mar. 14, 2013), *available at* http://www.wvsd.uscourts.gov.MDL/ethicon/orders.html. The agreed-upon DFS, which was attached to PTO # 41, is a six-page document that requires Defendants to disclose a variety of plaintiff-specific information, much of which relates to Defendants' contacts with the physicians who treated and evaluated the particular plaintiff at issue in the DFS. For example,

when completing the DFS, Defendants are required to identify employees such as sales representatives who communicated with the plaintiff's physicians; disclose any monetary and non-monetary benefits provided to the plaintiff's physicians; and list any training provided to or by the physicians. *See* DFS ¶¶ II(A)(1) through (10). Defendants are also required to produce documents concerning these same topics. *Id.* ¶ V.

B. **Plaintiff-Specific Discovery in the Ethicon Wave 1 Cases**

On August 19, 2015, the Court directed the parties to develop for trial the 200 oldest cases in the Ethicon MDL proceeding with claims against Defendants only. *See* Pretrial Order # 193 ("PTO # 193"), *In re Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327 (S.D. W. Va. Aug. 19, 2015), *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. These cases, referred to as the "Ethicon Wave 1 cases," are subject to certain scheduling deadlines and other limitations on discovery. Most importantly here, PTO # 193 establishes a date certain for the service of a DFS for each of the Ethicon Wave 1 cases: November 19, 2015. *Id.* ¶ A. PTO # 193 further provides that each party in the Ethicon Wave 1 cases is limited to ten interrogatories and ten requests for admission and requires that any such written discovery be served by January 4, 2016. *Id.* ¶ A, A(2)(a)-(b).

Notably, PTO # 193 does not modify PTO # 17. As a result, the DFS in the Ethicon Wave 1 cases remains "the initial plaintiff-specific discovery of defendants, and no plaintiff shall serve upon any defendant interrogatories or requests for production of documents that are specific to any individual plaintiff, treating physician, or sales representative prior to service of a DFS for that plaintiff." PTO # 17 ¶ 3(a).

Nevertheless, as of the date of Defendants' motion for a protective order, the plaintiffs in 114 of the 200 Ethicon Wave 1 cases have served plaintiff-specific interrogatories, requests for production of documents, and requests for admission on Defendants totaling more than 500 separate sets of discovery. The discovery requests seek information and documents concerning Defendants' contacts with the plaintiffs' treating physicians, sales representative information and documents and various admissions.

## ARGUMENT

The Court should enter a protective order quashing the discovery that has been served and prohibiting the plaintiffs in the "Ethicon Wave 1 Cases" from serving additional plaintiff-specific discovery on Defendants until after Defendants submit completed Defendant Fact Sheets for several reasons.

*First*, Plaintiffs' discovery requests violate the plain language of this Court's Pretrial Orders. Under PTO # 193, Defendants have until November 19, 2015, to produce a completed DFS for each of the Ethicon Wave 1 cases. Thus, Plaintiffs cannot serve further case-specific discovery at this time. Rather, pursuant to PTO # 17, "[t]he DFS shall constitute the initial plaintiff-specific discovery of defendants" and all other plaintiff-specific discovery of Defendants is stayed until the DFS is produced. PTO # 17 ¶ 3(a).

*Second*, allowing Plaintiffs to conduct case-specific discovery would not only violate the letter of PTO #17, but would also undermine the spirit of this Court's discovery procedures. This Court recognized from the beginning of these proceedings that streamlining discovery was critical to the success of the MDL process. This is evidenced in PTO #17, which inherently recognizes the importance of orderly, efficient, non-duplicative discovery.

When the Court established the Ethicon Wave 1 cases, it never suggested any intention of deviating from that orderly approach. To the contrary, PTO # 193 sets October 19, 2015, as the deadline for submission of a PFS, with the DFS to follow a month later on November 19, a sequencing that is intended to ensure that Ethicon has up to date information about the plaintiffs, their physicians and their claims prior to assembling and providing DFS responses. This is critical because, for most of the Wave 1 plaintiffs, the PFS (due on October 19) will be Defendants' first opportunity to gather updated information regarding each plaintiff and her most recent medical treatment. Until Defendants receive the completed PFS, they cannot collect and produce complete and accurate responses to the DFS or, for that matter, any other case-specific discovery sought by Plaintiffs.

Compliance with PTO #17 is particularly critical here because Plaintiffs' written discovery seeks precisely the types of information and documents that are covered by the DFS, including Defendants' communications with the treating physicians, training provided to them, and identification of the sales representatives who called upon the physicians. Thus, Plaintiffs' requests effectively seek premature DFS responses before Defendants have had an opportunity to prepare them and also duplicate the DFS process. Plaintiffs also seek to circumvent the other deadlines set forth in PTO # 193 by prematurely requesting information about the implanter's involvement prior to the implanter's deposition as well as information about experts prior to expert disclosures.

*Finally*, it would be unduly burdensome to require Defendants to respond to plaintiff-specific discovery prior to the November 19, 2015 deadline for production of DFSs set by the Court. If the Court condones Plaintiffs' premature discovery requests, more are sure to follow. There are 200 cases pending in this wave, and each of the Plaintiffs has been treated or examined

by at least one physician, most likely more. Thus, Defendants could ultimately be forced to gather information and documents on several hundred doctors and the sales representatives who called upon them, along with information about the training those doctors underwent. It would be extremely burdensome for Defendants to spend substantial time and resources compiling and producing these materials at this early stage – especially considering that Plaintiffs' need for much of this information may be obviated by the DFS process.

## CERTIFICATION

Pursuant to Local Rule of Civil Procedure 37.1, counsel for Defendants hereby certify that they have in good faith conferred with counsel for the plaintiffs in an effort to resolve this matter without Court action.

## CONCLUSION

FOR THESE REASONS, Defendants respectfully request that the Court order that any case-specific discovery served prior to November 20, 2015 is deemed served on November 20, 2015, and that Ethicon's time to respond to such discovery is in accordance with the time frame set forth under the Federal Rules of Civil Procedure. Alternatively, Defendants respectfully request that the Court grant Defendants additional time to respond to the Requests or permit Defendants to respond on a staggered basis.

                ETHICON, INC., ETHICON LLC AND
                JOHNSON & JOHNSON

                */s/ David B. Thomas*
                David B. Thomas (W. Va. Bar No. 3731)
                Thomas Combs & Spann, PLLC
                300 Summers Street, Suite 1380
                P.O. Box 3824
                Charleston, WV  25338-3824
                (304)414-1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES ONLY TO:<br><br>ETHICON WAVE 1 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on September 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  25338-3824
(304) 414-1800

COUNSEL FOR DEFENDANTS ETHICON, INC., ETHICON LLC, AND JOHNSON & JOHNSON