IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
   PELVIC REPAIR SYSTEM
   PRODUCTS LIABILITY LITIGATION          MDL No. 2327

------------------------------------------------

THIS DOCUMENT RELATES TO
THE ETHICON WAVE 1 CASES

PRETRIAL ORDER # 196
(Order re: Defendants' Motion to Enforce Pretrial # 17)

Pending is Defendants' Motion to Enforce Pretrial Order # 17, filed September 29, 2015. [ECF No. 1717]. The parties have responded and replied [ECF Nos. 1720, 1723], and the matter is ripe for decision.

Defendants' motion relates to the Ethicon Wave 1 cases. *See* Pretrial Order ("PTO") ## 192, 193, 195. In their motion, defendants take issue with the service of certain discovery by plaintiffs prior to the deadline contained in PTO # 195 for service of the Defendant Fact Sheet ("DFS") because such discovery purportedly seeks the very same information that eventually will be produced in the DFS. By PTO # 195, the DFS must be served in each Ethicon Wave 1 case on November 19, 2015. Defendants assert that PTO # 17, which contains provisions related to the DFS, controls and should be enforced. In particular, PTO # 17 states that (1) "[t]he DFS shall constitute the initial plaintiff-specific discovery of defendants, and no plaintiff shall serve upon any defendant interrogatories or requests for production of documents that are specific to an individual plaintiff, treating physician, or sales representative prior to service of a DFS for that

plaintiff;" and (2) the DFS is due "45 days after the entry of the Order establishing the 'subgroup' of plaintiffs."[1] Pretrial Order # 17, ¶¶ 3.a-b.

In the argument section of their motion, defendants ask that the court enter a protective order quashing the discovery that plaintiffs served and prohibiting plaintiffs in the Ethicon Wave 1 Cases from serving additional plaintiff-specific discovery on defendants until after defendants submit completed DFSs. In their conclusion, defendants ask that the court enter an order directing that any case-specific discovery served prior to November 20, 2015, is deemed served on November 20, 2015, and that the time to respond to such discovery is in accordance with the time frame set forth under the Federal Rules of Civil Procedure. Defendants ask in the alternative that the court grant defendants additional time to respond to the discovery or permit them to respond on a staggered basis.

Plaintiffs assert that (1) PTO # 17 is inapplicable by its terms to the Ethicon Wave 1 cases; (2) the wave process is governed by PTO # 195, which imposes no limitation on plaintiffs' ability to conduct written discovery beyond an outside deadline and numerical limitations; (3) defendants' assertion that they need the Plaintiff Fact Sheet prior to serving the DFS is false; (4) the discovery served is not duplicative of information contained in the DFS and, in any event, defendants could state in response to the discovery that such information will be produced with their DFSs; and (5) plaintiffs cannot conduct meaningful written discovery before the deposition and expert deadlines imposed by PTO # 193 if plaintiffs are not permitted to serve written discovery until November 19, 2015.

---

[1] PTO # 17 addresses the service of Plaintiff Profile Forms, Plaintiff Fact Sheets and DFS. The Plaintiff Fact Sheet and DFS provisions relate to cases identified by pretrial order as part of a Discovery Pool. By PTO # 17, paragraph 3.a, a DFS, "in the form agreed upon by the parties, shall be completed only in those cases selected as a subgroup (not to exceed 20 cases) from which the final bellwether selection will be made." PTO # 17, ¶ 3.a.

The court finds that the discovery propounded by plaintiffs, to the extent it seeks information identical to that sought in the DFS, is duplicative and will not be permitted pursuant to Rules 26(b)(2)(C)(i) and 26(c)(1)(A) of the Federal Rules of Civil Procedure. The court agrees that the applicability of some provisions in PTO # 17 to the Ethicon Wave 1 cases, particularly the provisions regarding time for service of the DFS, is questionable. However, there are other provisions of PTO # 17 that clearly apply, such as the Plaintiff Profile Form deadline, a provision applicable to all cases. In addition, it was the court's expectation that the parties would use whatever DFS form was created as a result of PTO # 17 as the DFS referred to in PTO # 193. Regardless of the applicability of PTO # 17 to the Ethicon Wave 1 cases, PTO # 193 and its predecessors clearly require defendants to produce a DFS by November 19, 2015. Where plaintiffs have served discovery that is duplicative of the DFS, having defendants respond to this discovery is simply inefficient.

As to plaintiffs' complaints that (1) they cannot complete the depositions of plaintiffs and treating physicians without the discovery they propounded on defendants; (2) by the time the DFS is served, the depositions will have been completed; and (3) the DFS deadline allows less than one month before plaintiffs' expert report deadline on December 17, 2015, the court was aware of the substantial task and burden involved in working up the Ethicon Wave 1 cases for both plaintiffs and defendants. If the deadlines are or become unworkable or are otherwise objectionable, the Federal Rules of Civil Procedure provide a vehicle for relief.

It is **ORDERED** that the Motion to Enforce Pretrial Order # 17 is **GRANTED in part** to the extent defendants seek relief from responding to the discovery requests served on them that are identical to the information sought in the DFS. Defendants' Motion is otherwise **DENIED** as moot. Where plaintiffs have served discovery on defendants that is duplicative of information

sought in the DFS, defendants are not obligated to respond to such discovery, and instead, should serve timely DFSs. The court's order does not relieve defendants of their obligation to answer the remaining discovery propounded by plaintiffs.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and in the Ethicon Wave 1 Cases. In cases subsequently filed in this district after 2:15-cv-13818, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: October 9, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE