UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND TO QUASH PLAINTIFFS' 30(b)(6) DEPOSITION NOTICE**

Plaintiffs seek to require defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "defendants") to present 30(b)(6) witnesses to testify about 23 topics related to the issue of "particle loss," i.e., the presence of loose particles in the packaging for pelvic mesh products. This request should be rejected as unnecessarily duplicative of prior corporate representative testimony offered on the topic, overbroad and unduly burdensome.

Over the course of the last four years, 85 Ethicon witnesses have been deposed – some more than once – for a total of approximately 1200 hours of testimony. Dozens of these witnesses have testified at length about the issue of particle loss, including a number of defendants' 30(b)(6) representatives, and their testimony establishes that particle loss is not an indication of a product defect or a clinical safety concern. While plaintiffs have suggested that they need new testimony on the subject to address specific documents, attached as exhibits to their notice, related to customer returns from Taiwan based on alleged particle loss, this argument is meritless. For one thing, a witness has already been deposed about the Taiwan particle loss complaints. Further, all but one of the documents identified by plaintiffs have been

in their possession for years and could have been used at prior corporate representative depositions. In addition, despite the lack of evidence that particle loss relates to any health or safety issue, defendants agreed to collect and produce substantial additional documentation about the Taiwan complaints and other related issues, which makes further deposition testimony unnecessary. Defendants should not be required to prepare and present even more witnesses to testify on the subject of particle loss simply because plaintiffs recently discovered that additional documents in their possession relate to the issue.

In addition, even if the Court were to conclude that some additional testimony on the issue of particle loss is necessary, plaintiffs' proposed notice should be quashed as unnecessarily overbroad and burdensome. Despite defendants' objection to additional depositions on particle loss, defendants have repeatedly asked plaintiffs to identify any discrete issues related to the subject that they contend they were unable to address when questioning prior Ethicon witnesses. Plaintiffs, however, have refused to narrow their 23-topic 30(b)(6) deposition notice in any meaningful way. Because the requested deposition would require Ethicon to prepare multiple corporate witnesses to testify on a wide variety of subjects that have already been explored at length, it is highly inappropriate.

For all of these reasons, the Court should grant defendants' motion for a protective order and quash plaintiffs' deposition notice.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), a court must limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.*

Further, "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Here, defendants are entitled to a protective order precluding plaintiffs from taking a 30(b)(6) deposition on the issue of particle loss because: (1) such a deposition would be duplicative of corporate representative and other testimony already offered in this proceeding and (2) plaintiffs' deposition notice is unnecessarily overbroad and unduly burdensome.

## I. PLAINTIFFS ARE NOT ENTITLED TO ADDITIONAL TESTIMONY ON THE ISSUE OF PARTICLE LOSS.

Plaintiffs' request for additional 30(b)(6) depositions on the issue of particle loss is inappropriate because plaintiffs have already taken multiple depositions from corporate representatives and other witnesses on this subject. It is well recognized that "repeat depositions are disfavored" in litigation, *Lobb v. United Air Lines, Inc.*, No. 92-15846, 1993 U.S. App. LEXIS 17495, at *2-3 (9th Cir. July 8, 1993) (citation omitted), whether they involve individuals or corporations, *State Farm Mutual Automobile Insurance Co. v. New Horizont, Inc*., 254 F.R.D. 227, 235 (E.D. Pa. 2008) ("The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations."). This is so because "allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last," while unduly burdening the party being deposed. *State Farm*, 254 F.R.D. at 235.

Consistent with this principle, courts do not permit corporate representative depositions that would produce only cumulative and duplicative information or information that could just as easily have been obtained at a prior deposition of a corporate representative. *See Blackwell v. City & Cnty. of S.F.*, No. C 07-4629, 2010 U.S. Dist. LEXIS 75453, at *4-6 (N.D. Cal. June 25, 2010); *Terry v. Unified Gov't of Wyandotte Cnty.*, No. 09-2094-EFM, 2011 U.S. Dist. LEXIS 20581, at *9 (D. Kan. Mar. 1, 2011) (refusing to allow second Rule 30(b)(6) deposition where the "deposition notice include[d] topics and document requests that duplicate[d] those in the previous notice"); *United States CFTC v. Bradley*, No. 05-CV-62-JHP-FHM, 2007 U.S. Dist. LEXIS 20688, at *4-5, *14 (N.D. Okla. Mar. 22, 2007) (affirming grant of motion for protective order and prohibiting a second Rule 30(b)(6) deposition because the information sought would be "duplicative of prior discovery").

The same rule bars plaintiffs' proposed 30(b)(6) depositions on particle loss. As explained in Exhibit 1, attached hereto, the overwhelming majority of the 23 topics covered in the 30(b)(6) notice at issue notice have been previously included in prior 30(b)(6) notices and have been addressed in the testimony of multiple corporate representatives and other fact witnesses. (*See* 8/5/2015 Letter from Phil Combs to Andy Faes, attached as Ex. 1.) In fact, plaintiffs have already deposed 25 company witnesses across 40 days of depositions about the issue of particle loss. (*Id.*) For example, corporate representative Tom Barbolt – who was designated to testify regarding various aspects of the design and testing for TVT – has been deposed on multiple occasions regarding the issue of particle loss, including its causes, documents addressing it and studies/testing done with respect to it. (*See* Barbolt Dep. vol. II 367:17-457:20, Aug. 15, 2013; Barbolt Dep. vol. II 507:12-546:23, 580:4-599:4, Jan. 8, 2014, attached as Exs. 2-3.) Similarly, Dan Smith, Ethicon's corporate representative on the

mechanical properties of TVT, was questioned repeatedly about the causes of particle loss at his depositions. (*See* Smith Dep. 49:2-21, May 15, 2013; Smith Dep. vol. III 661:15-665:10, 789:15-790:21, June 4, 2013; Smith Dep. 159:6-206:29, Aug. 20, 2013; Smith Dep. 337:2 -339:2, 586:4-668:2, Aug. 21, 2013; Smith Dep. vol. V 814:9-816:4, Feb. 3, 2013; Smith Dep. vol. VI 861:9-881:2, 889:11-913:11, 1040:8-1045:2, 1058:1-1062:4, Feb. 4, 2014, attached as Exs. 4-9.) And corporate representative Dr. Piet Hinoul has testified on multiple occasions about the clinical effects, if any, of particle loss, and his testimony makes clear that there is no evidence that particle loss raises a clinical concern. (*See* Hinoul Dep. vol. III 778:3-782:21, 953:18-9:59:22, Sept. 18, 2012; Hinoul Dep. 579:23-580:11, 709:4-12, 717:11-725:16, June 27, 2013; Hinoul Dep. vol. III 917:9-920:9, Jan. 13, 2014; Hinoul Dep. vol. IV 1464:5-1470:24, Jan. 14, 2014; *Batiste* Trial Tr. 30:19-32:13, Mar. 27, 2014, attached as Exs. 10-14.)

During the parties' attempts to meet and confer with respect to plaintiffs' current 30(b)(6) notice, plaintiffs indicated that they believe that an additional deposition on this subject is necessary to address certain documents, attached as exhibits to their deposition notice, that relate to complaints from Taiwan in 2010 regarding the particle loss in pelvic mesh packaging. But Ethicon employee Dan Lamont was already questioned about the Taiwan particle loss packaging issue at his September 11, 2013 deposition.[1] (Lamont Dep. 15:6-15, 19:6-20:11, 28:14-29:10, 30:18-24, Sept. 11, 2013, attached as Ex. 15.) Notably, six of the seven exhibits to the current 30(b)(6) notice were produced prior to Mr. Lamont's deposition. Thus, plaintiffs had ample opportunity to question Mr. Lamont and subsequent 30(b)(6) deponents Dan Smith, Piet Hinoul,

---

[1] To the extent the Court is concerned that testimony by non-corporate representatives is insufficient to address the issue because it does not bind defendants, defendants have offered to designate Mr. Lamont's (and other fact witnesses') testimony on the issue of particle loss as admissions of a 30(b)(6) witness.

and Tom Barbolt about these documents if they so desired. Indeed, plaintiffs' counsel showed Mr. Lamont an email about the Taiwan complaints at his 2013 deposition that appears in a later version of the same email chain that plaintiffs attach as Exhibit A-2 to their current notice. Thus, plaintiffs were clearly aware that this email chain existed – and could have looked for earlier versions within the production at that time and raised them with Mr. Lamont or other witnesses. It would be improper for the Court to require defendants to spend the substantial time and resources necessary to prepare even *more* corporate witnesses – the majority of whom have already been deposed about particle loss at least once before – to provide *additional* testimony on the issue simply because plaintiffs failed to adequately prepare for previous depositions.

Defendants have made every effort to compromise with plaintiffs in an effort to provide them with any information they still need about the Taiwan particle loss complaints. For example, defendants recently produced to plaintiffs – at their request – the custodial files of half a dozen additional Ethicon employees who plaintiffs believed might have documents relevant to the Taiwan issue. In addition, dozens of witnesses have testified about particle loss, including corporate representatives, some of whom have addressed the Taiwan complaints specifically. Plaintiffs have also sought and received additional written discovery on the issue. As federal courts have recognized, discovery is "not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Evans v. United States*, No. 10 C 1929, 2011 U.S. Dist. LEXIS 9371, at *3-4 (N.D. Ill. Jan. 26, 2011) (citations and internal quotation marks omitted). Here, plaintiffs have had more than a reasonable opportunity to discover facts related to particle loss. Because additional depositions on this subject would be entirely cumulative of prior corporate testimony, plaintiffs' notice is improper.

## II. PLAINTIFFS' DEPOSITION NOTICE IS OVERBROAD AND UNDULY BURDENSOME.

Even if there were some aspect of the particle loss issue that plaintiffs had not explored – or had the opportunity to explore – at prior corporate representative and other depositions, plaintiffs' 30(b)(6) notice would still be inappropriate because it is overbroad and unnecessarily burdensome.

Courts regularly quash deposition notices where the benefit or relevance of the information sought is outweighed by the burden on the party being deposed. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. C-11-1846, 2012 U.S. Dist. LEXIS 9921, at *13-14 (N.D. Cal. Jan. 27, 2012) (granting protective order because "the benefit to and need of the propounding party is outdone by the burden, expense, and in this case – impracticable demand imposed on the other side"); *Metro. Life Ins. Co. v. Muldoon*, No. 06-2026-CM-DJW, 2007 U.S. Dist. LEXIS 94530, at *15 (D. Kan. Dec. 20, 2007) (quashing subpoena where the "burden of attempting to reconstruct the requested information . . . outweighs its minimal benefit" to the party seeking the deposition). Here, there is no question that the enormous burden of preparing multiple corporate witnesses to testify about 23 different topics that relate to a variety of different corporate departments – including medical affairs, post-marketing surveillance, and manufacturing – would be unnecessarily burdensome. This is especially true because, as set forth above, the majority of these topics have already been covered in prior depositions and therefore plaintiffs have no pressing need for additional testimony.

In an attempt to resolve the parties' dispute with respect to plaintiffs' requested 30(b)(6) deposition, defendants have made several attempts to work with plaintiffs so that plaintiffs could narrow the scope of the deposition notice. Plaintiffs, however, have refused to limit their requested deposition in any meaningful way. (*See* 8/5/2015 and 9/30/2015 Letters from Phil

Combs to Andy Faes, attached as Exs. 1, 16.) Instead, plaintiffs would only agree to slightly modify *two* of the 23 topics at issue (*see id*.), which would not lessen the enormous burden posed by the requested depositions.

In short, plaintiffs have already deposed multiple witnesses on the issue of particle loss and should not be permitted to conduct yet another broad inquiry into the topic. Instead, if an additional deposition on the subject is permitted, it should be strictly limited to a few discrete topics that plaintiffs should have to establish they have not had the opportunity to explore through the testimony of any other witness.

## **CONCLUSION**

For all of the reasons set forth above, defendants respectfully request that the Court grant defendants' motion for protective order and quash plaintiffs' 30(b)(6) notice.

ETHICON, INC. AND
JOHNSON & JOHNSON


*/s/David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, David B. Thomas, certify that on October 13, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800

COUNSEL FOR DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON