EXHIBIT A



**Eric Bradford Hermanson**

99 Summer Street | Boston MA 19103-7395
Direct 215.864.6311 | Fax 215.789.7608
hermansone@whiteandwilliams.com | whiteandwilliams.com

**CONFIDENTIAL**

**BY E-MAIL**                                                                 September 16, 2015

Hon. Joseph Goodwin
U.S. District Court, Southern District of West Virginia
300 Virginia Street East, Room 7009
Charleston, WV 25301

RE:        **Unauthorized Contact With Represented Party**

Your Honor:

I represent Analytic Biosurgical Solutions ("ABISS"), a specially appearing defendant in MDL-2387 and certain related proceedings. Our understanding, based on a recent PACER review, is that ABISS is currently named in more than 200 such cases, including 167 unclosed cases in the MDL proceedings in West Virginia.[1] We have entered a special appearance as counsel for ABISS in some of these cases, and have taken a role in communicating with plaintiffs' counsel in others. Our position as ABISS's counsel is a matter of record and is well-known to the other participants in the litigation.

In light of this fact, I am shocked and dismayed to have to report the following to you. Last Thursday, September 10, William Barfield, Esq., an attorney from the Potts Law Firm,[2] appeared

---

[1] In a number of those cases, no service has yet been made; in a further number of cases, plaintiffs have attempted service on ABISS through various individuals in the United States, but ABISS has disputed the validity of that service; and in at least three cases, plaintiffs have made service on ABISS in France, under the procedures provided by the Hague Convention. One such case is currently pending, and this firm is actively negotiating with plaintiffs' counsel as to whether motion practice will be necessary. In the other two cases, ABISS moved to dismiss, arguing that it lacked sufficient contacts to support personal jurisdiction in the states where the actions were brought (Minnesota, Tennessee). This court agreed, but no final order of judgment has entered, and the court's orders remain subject to reargument or appeal. *See Parker v. Analytic Biosurgical Solutions*, No. 2:12-CV-1744 (S.D.W.Va. July 26, 2013); *Crowell v. Analytic Biosurgical Solutions*, No. 2:12-CV-6072 (S.D.W.Va. July 26, 2013).

[2] We understand the Potts Law Firm serves on the Plaintiffs' Executive Committee in the MDL-2187, MDL-2325, MDL-2326, MDL-2327, MDL-2387, MDL-2440 proceedings; and as liaison and co-lead counsel in MDL-2004, *In Re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation*, in the Northern District of Georgia. In addition, the Firm reportedly serves on the Executive Committee in the *Neomedic* (MDL-2511) proceedings; and was on the Plaintiffs' Steering Committee in MDL-1842, *In Re Kugel Mesh Hernia Patch Products Liability Litigation*. The Firm's web site lists Mr. Barfield as Managing Partner of the Firm's Houston office.

Delaware | Massachusetts | New Jersey | New York | Pennsylvania

15914419v.1

Hon. Joseph Goodwin  
September 16, 2015  
Page 2

**CONFIDENTIAL**

(unannounced) at the headquarters of ABISS: a small industrial building on the outskirts of St.-Etienne, France. Without counsel present, the attorney proceeded to ask for ABISS's President and Chief Executive Officer, Jean-Marc Beraud. (The Court, and the Plaintiffs' Steering Committees, are familiar with M. Beraud from the affidavits he previously submitted on ABISS's behalf in *Parker* and *Crowell*.)

The attorney met with M. Beraud for some time, without counsel present, and asked a number of questions relating to ABISS's customers, products, suppliers, medical understandings, and legal theories and defenses. M. Beraud answered those questions fully and completely. In so doing, he provided the Potts Law Firm -- and, by extension, each of the various MDL Plaintiffs' Steering Committees -- with sensitive (and in some cases privileged) information as to ABISS's co-defendants, its supply relationships, its past sales to Coloplast and Mentor, its sources of raw materials, its understandings of medical issues, and its legal positions. The information the Potts Law Firm obtained through this conversation went far beyond what the MDL plaintiffs could have legitimately obtained in discovery from ABISS under the Hague Evidence Convention.[3] It went far beyond anything we -- as legal counsel for ABISS -- would ever have recommended that ABISS provide, and far beyond anything we would have authorized plaintiffs to receive.

I do not fault ABISS for this situation. M. Beraud is an intelligent man, but English is not his first language, and he (and ABISS) have little sophistication or experience with the United States legal system. Ambushed as he was -- with no prior notice of this attorney's arrival, and no immediate access to U.S. counsel -- he did not register the profound impropriety of this attorney's conduct. He was concerned that if he did not speak to this attorney, he would "appear to be hiding something." He reported the incident to me after the fact.

I was, of course, stunned.

Clearly, this situation may have repercussions in these proceedings -- not just for ABISS, but for other parties with which ABISS has legal and commercial relationships. I assume that the situation will also have repercussions for the Potts Firm, and the plaintiffs and committees with which that Firm is associated. ABISS is considering all available options, and reserves all rights.

In the meantime, however, I wanted to reach out to Your Honor immediately, and to enlist Your Honor's assistance in determining the extent of the damage that has been done, and Your Honor's

---

[3] As the Court may be aware, French discovery practice is quite limited: it does not allow for depositions, or for direct face-to-face questioning by opposing counsel, of the kind Mr. Barfield conducted here. In the past, I have been made aware of various plaintiffs' counsel's desire to obtain broader, U.S.-style discovery from ABISS for use in these MDL proceedings. My position has been consistent. ABISS is a small French company, of approximately nineteen employees, which maintains (despite plaintiffs' objections) that it is not subject to jurisdiction in the U.S. courts. It will participate in discovery if and to the extent required by the Hague Evidence Convention, but it is not legally required to participate, and it will not participate, in broader U.S.-style discovery, including depositions, without an appropriate judicial order requiring it to do so.

Hon. Joseph Goodwin
September 16, 2015
Page 3

**CONFIDENTIAL**

help in containing any further damage (to the extent that is possible at this point). In that connection, I would respectfully request that Your Honor conduct an immediate inquiry into the circumstances of Mr. Barfield's recent trip to Europe, and the information obtained by Mr. Barfield and other members of his Firm through his wrongful contact with ABISS (and, potentially, others. I am, of course, very concerned about the extent to which that information may have been shared or disseminated -- not only within the Potts Firm, but generally, with other members of the MDL committees, and within the plaintiffs' community generally.

I also raise -- for Your Honor's consideration -- whether the Potts Law Firm should continue to serve as a member of the MDL Steering Committees in these matters, or should be removed from that position and enjoined from contact with plaintiffs and other law firms while this matter is under investigation. ABISS has made Mentor and Coloplast aware of this situation, and it is considering various options, including (potentially) the filing of motions for disqualification in the MDL and other proceedings with which the Potts Law Firm is associated. However, it will take some time for ABISS to explore those options fully, and to prepare any necessary motions. And in light of the urgency of this situation, I did not want to delay: I thought it important to bring this situation to Your Honor's attention immediately.

Very truly yours,

Eric B. Hermanson

EBH:lb

cc: William Barfield, Esq. (by e-mail)
     Derek Potts, Esq. (by e-mail)