**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: ALL CASES | Master File No. 2:12-MD-02327 MDL No. 2327 JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER AND TO QUASH PLAINTIFFS' 30(b)(6) DEPOSITION NOTICE

Plaintiffs' response to defendants' motion to quash yet another deposition on the well-explored topic of particle loss merely highlights the inappropriateness of plaintiffs' 30(b)(6) notice.  Instead of narrowing their overly broad 23-topic notice in any way, plaintiffs seek to *broaden* it by stating that they intend to question witnesses about the manufacturing process for TVT generally.  According to plaintiffs, particle loss – which is the subject of 17 of the topics in their notice – is only "one issue" related to manufacturing that they will explore.  (Pls.' Resp. at 1.)  But all of plaintiffs' purported justifications for additional depositions on either particle loss or other manufacturing issues are baseless.

*First*, there is no merit to plaintiffs' argument that they need additional 30(b)(6) depositions to address "recently discovered" documents about particle loss.  As defendants have explained, plaintiffs have already deposed 25 company witnesses, including a number of designated corporate representatives, about the issue of particle loss.  Plaintiffs now claim that they were hindered in conducting those depositions because "more than 60%" of the documents identified as responsive to the document requests accompanying the 30(b)(6) notice "were

produced after February 2, 2014," when Ethicon last produced a corporate designee to testify about particle loss or manufacturing issues. (Pls.' Resp. at 5.) But this purported problem is one of plaintiffs' own making. It was ***plaintiffs*** who recently sought documents from seven new custodians and a host of non-custodial sources ranging from individual batch records to cleaning records. (*See* 7/17/15 Letter from Andrew Faes to Christy Jones at 3 (attached as Ex. 1).) Although defendants objected to the relevance of these requests, they ultimately agreed to produce many of the requested documents in the spirit of compromise. (*See* 8/5/15 Letter from Richard Bernardo to Andrew Faes at 3 (attached as Ex. 2).) Now, plaintiffs are attempting to use defendants' agreement to produce these largely irrelevant materials – which they knowingly mischaracterize as a "late" production of documents – as an excuse to depose still more corporate witnesses on a topic that has already been explored in depth. The Court should not permit this clear attempt to abuse the discovery process.

This is especially true because plaintiffs' assertion that they did not have access to "60%" of the responsive materials prior to other corporate representative depositions is false. Plaintiffs fail to mention that nearly half of the 180 documents they identify are ***identical duplicates*** of documents produced by defendants years ago. The same is true of the majority of the documents defendants identified as responsive to plaintiffs' latest request for documents relevant to particle loss. Thus, plaintiffs had plenty of documents about which to ask questions at previous depositions about particle loss but failed to use them. Defendants should not be forced to prepare and present additional 30(b)(6) witnesses to testify simply because plaintiffs hope to develop testimony they failed to secure the first few times around.

***Second***, plaintiffs' argument that they "have yet to depose a single employee who works at Ethicon Sarl, the legal manufacturer of TVT, located in Neuchatel" about particle loss or other

manufacturing issues (*see* Pls.' Resp. at 7-8) in no way supports another 30(b)(6) deposition. Plaintiffs have long been aware that TVT is manufactured by Ethicon Sarl but have never sought testimony from an Ethicon Sarl employee.  Thus, plaintiffs cannot now, more than three years into this litigation, claim that the absence of such testimony entitles them to take more depositions on particle loss, a subject that they have exhaustively explored with many other witnesses.  As federal courts have made clear, "the discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest.  Parties are entitled to a ***reasonable opportunity*** to investigate the facts – and no more." *Evans v. United States*, No. 10 C 1929, 2011 U.S. Dist. LEXIS 9371, at *3-4 (N.D. Ill. Jan. 26, 2011) (emphasis added) (citation and internal quotation marks omitted).  Plaintiffs have had more than a "reasonable opportunity" to explore facts related to particle loss.  At some point, enough is enough.

  ***Third***, and finally, plaintiffs inappropriately rely on the purported needs of a Texas state court case to justify conducting additional 30(b)(6) depositions in the MDL prior to January 2016.  (Pls.' Resp. at 2, 6-7).  This Court is not in a position to consider whether a Texas state court has an immediate need (or any need) for additional discovery on particle loss.  It should, however, consider the extraordinary discovery demands in the MDL proceeding at this time.  As the Court is aware, defendants are currently dedicating substantial time and resources to responding to MDL discovery in the Ethicon Wave 1 cases.  It would be all but impossible for defendants to identify, prepare and present multiple corporate representatives to testify about the 23 topics in plaintiffs' deposition notice by the end of the year.  Accordingly, while defendants maintain that no additional deposition is appropriate, if one is permitted it should be strictly

limited to those topics plaintiffs can establish have not been explored at any previous deposition and should not be scheduled prior to February 2016, at the earliest.

## **CONCLUSION**

For all of these reasons, and those set forth in defendants' prior briefing, defendants respectfully request that the Court grant defendants' motion for protective order and quash plaintiffs' 30(b)(6) notice.

ETHICON, INC. AND
JOHNSON & JOHNSON


*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>———————————————————<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | **Master File No. 2:12-MD-02327<br>MDL No. 2327**<br><br><br>**JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE** |

## <u>CERTIFICATE OF SERVICE</u>

I, David B. Thomas, certify that on November 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


*/s/ David B. Thomas*  _____
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800

COUNSEL FOR DEFENDANTS ETHICON, INC.
AND JOHNSON & JOHNSON