# EXHIBIT 1

LAW OFFICES

# WAGSTAFF & CARTMELL LLP

THOMAS W. WAGSTAFF
THOMAS P. CARTMELL
MARC K. ERICKSON
JONATHAN P. KIEFFER
THOMAS L. WAGSTAFF**
ERIC D. BARTON†††
BRIAN J. MADDEN
JEFFREY M. KUNTZ
THOMAS J. PREUSS
THOMAS A. ROTTINGHAUS
TYLER W. HUDSON****
BRANDON D. HENRY
DIANE K. WATKINS***
SARAH B. RUANE
CHRISTOPHER L. SCHNIEDERS††

4740 GRAND AVENUE - SUITE 300
KANSAS CITY, MISSOURI 64112

(816) 701-1100
FAX (816) 531-2372

ADMITTED IN MISSOURI AND KANSAS
♦ADMITTED IN MISSOURI
*ADMITTED IN KANSAS
**ADMITTED IN MISSOURI, KANSAS AND ARKANSAS
***ADMITTED IN MISSOURI, KANSAS AND COLORADO
****ADMITTED IN MISSOURI, KANSAS AND THE DISTRICT OF COLUMBIA
††ADMITTED IN MISSOURI, KANSAS AND ILLINOIS
†††ADMITTED IN MISSOURI, KANSAS AND UTAH
† OF COUNSEL

JOHN P. O'CONNOR♦
P.J. O'CONNOR♦
DAVID C. DeGREEFF
DIANA L. BECKMAN
VANESSA H. GROSS
ADAM S. DAVIS
JACK T. HYDE
DAVID P. BARCLAY
JOAN D. TOOMEY
ANDREW N. FAES♦
NATHANIEL M. JONES♦
MALLORY A. NEMMERS

SCOTT M. CROCKETT†
PHILLIP P. ASHLEY*†
DARYL J. DOUGLAS♦†

Direct Dial: 816-701-1176

July 17, 2015

**Via e-mail and U.S. mail**
Ms. Christy Jones
Butler Snow
P.O. Box 6010
Ridgeland, MS 39158

  RE: *In re: Ethicon, Inc. Pelvic Repair System*
     Products Liability Litigation

Dear Christy:

  I am writing regarding Defendant's responses (document 1627) to Plaintiff's notice to take deposition through designated witnesses, (document 1609) hereinafter referred to as the "particle loss notice." Many of your responses fail to comply with Federal Rule of Civil Procedure 45(e)(1)(A), which requires that: "a person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business, or must organize them to correspond to the categories in the demand." It is clear that there are many documents that still need to be identified and produced prior to the scheduled deposition date of August 5, 2015.

**Request No. 1:**
Your response does not identify any materials to be relied upon by your designee(s) at the deposition. While we do not expect correspondence between counsel or any other privileged material to be produced, the custom and practice we have followed in prior 30(b)(6) depositions is for defendants to produce in advance any material that the designee intends to use and rely on during the deposition. If your designee brings materials to the deposition that the Plaintiffs have not seen beforehand, it may be necessary to stop the deposition until Plaintiff's counsel has had sufficient time to review the materials prior to resuming questioning. This would be an inefficient use of everyone's time.

LAW OFFICES
## Wagstaff & Cartmell LLP

Ms. Christy Jones
July 17, 2015
Page 2


**Requests No. 2 and 3:**
While your response does identify three sources of previously produced material which is responsive to our requests including materials from the Chats, Remetrex and Siebel databases, is not clear if this is a comprehensive list of all data sources which would contain materials responsive to our requests. We need a comprehensive list prior to the deposition. We also need assurances that the production is updated and complete on these sources prior to the start of the deposition. Further, we expect your designee will need to review some documents in order to prepare to discuss topics one and two on exhibit "A" to the deposition. If your designee reviews additional materials, data sources, or prepares any analyses in preparation for those topics, we want these materials produced as well. This includes any complaint searching, complaint trend analysis, or complaint review Ethicon has performed regarding particles or foreign material in the product or packaging.


**Requests No. 4 and 5:**
Your response does not appear to identify any documents or data sources that are responsive to our requests. These requests correspond to topic six on exhibit "A" of the notice. At the very least, we need you to identify the data sources and/or custodians which would be most likely to have any documents responsive to this request. In addition, we need to know in advance any data sources, documents, or custodians that your designee(s) searched or reviewed in preparation to discuss topic 6 on exhibit "A" of the notice prior to the deposition, or any material your designee intends to rely on to address this topic during the deposition.


**Requests No. 6, 7and 8:**
Request six and seven do not appear to identify any documents or data sources that are responsive to our requests. Instead, the responses state that the "defendants have a reasonable and good-faith belief that the MDL document production will include **at least some** documents that would relate in a reasonably direct matter to the subject matter of the request" (emphasis added). This response fails to comply with Federal Rules of Civil Procedure 45(e)(1)(a). Further, it does not indicate a good-faith effort to comply with the requirements of the subpoena. While your response to request number 8 does identify some documents, it falls short of your obligations under the rules. We require a comprehensive listing of all data sources that you believe contains documents responsive to these requests prior to the deposition. In addition, we want to know in advance any data sources documents, or custodians that your designee(s) searched or reviewed in preparation to discuss topics 4,5, 9, 11, 12, 13, 14, and 15 on exhibit "A" of the notice prior to the deposition, or any material your designee intends to rely on to address these topics during the deposition.

LAW OFFICES
## Wagstaff & Cartmell LLP

Ms. Christy Jones
July 17, 2015
Page 3

### Requests No. 9 and 10:
Your response does not appear to identify any documents or data sources that are responsive to our requests. We need a comprehensive listing of all data sources that you believe would contain documents to these requests prior to the deposition. We also need the custodial files of Kathie Chen, Celine Heramza, Jamil Jaccard, and Darlene Kyle produced prior to the scheduled deposition as it is clear that those custodians have documents and information which is responsive to the topics in the notice. Your team agreed to produce those files on June 23. We ask that you provide an estimate of when production of those four custodial files will be complete as soon as possible and make every effort to produce those materials prior to the noticed date. In addition, we want to know in advance any data sources, documents, or custodians that your designee(s) searched or reviewed in preparation to discuss topics 4, 5, 9, 11, 12, 13, 14, and 15 on exhibit "A" of the notice prior to the deposition, or any material your designee intends to rely on to address these topics during the deposition.

Further, we had requested the custodial files of Carlos Lugo-Ponce, Shalot Armstrong, and Claire Heron back in April of this year, but had agreed to suspend those requests pending review of the contents of the files which you did agree to produce. However, now it appears that production of those three individuals' files is necessary as they appear to have materials that are responsive to document requests 8 through 15 of the notice. In particular, the documents of Shalot Armstrong, who we understand is the Manager of Quality Systems and Compliance in Neuchatel where the TVT products are manufactured are of key importance to the topics in the notice. We need the files of those three individuals produced to us as well prior to the deposition. We also request a meet and confer to identify additional custodians and document sources that need to be produced in response to all 18 of our document requests.

### Requests No. 11, and 12:
While your response does identify some previously produced material which is responsive to our requests, is not clear if this is a comprehensive list of all data sources which would contain materials responsive to our request. A comprehensive listing is needed prior to the deposition. We also need you to identify and produce any other operating procedures, standards, worksheets, or specifications used for acceptance or rejection of TVT product based on particles or foreign material in the product or packaging if there are other applicable documents that we have not already specifically named in our document requests.

To the degree that documents are produced in a language other than English, we need translations of those documents produced whenever available or whenever created for your designee(s). If you do not intend to produce English versions of all such documents prior to the deposition, you will need to inform us which documents will not be produced in English. In addition, we need to be informed of any data sources, documents, or custodians that your

LAW OFFICES<br>
WAGSTAFF & CARTMELL LLP

Ms. Christy Jones
July 17, 2015
Page 4

designee(s) searched or reviewed in preparation to discuss topics 7 and 8 on exhibit "A" of the notice prior to the deposition.

**Requests No. 13-15:**
While your response to requests 13 and 14 does identify a handful of documents, the response falls far short of your obligations under the subpoena. Again, your responses to document requests 13 and 14 state that the "defendants have a reasonable and good-faith belief that the MDL document production will include **at least some** documents that would relate in a reasonably direct matter to the subject matter of the request," rather than indicate that the defendants have a good faith belief that all or even the majority of documents responsive to our requests have been produced. This response does not indicate a good-faith effort to comply with the requirements of the subpoena. We need a comprehensive listing and production of all data sources that defendants believe contains data responsive to these requests prior to the deposition. In addition, we need to know in advance any data sources documents, or custodians that your designee(s) searched, reviewed, or created in preparation to discuss topics 16, 17, and 18 on exhibit "A" of the notice prior to the deposition.

**Request No. 16:**
Your response identifies only a single document range, which was already identified by Plaintiffs and attached to our notice. There have been no documents or data sources identified that reflect testing, analysis, disposal, or storage of returned TVT complaint samples  We need a comprehensive listing of all data sources that you believe would contain data responsive to these requests prior to the deposition. In addition, we need to be informed of any data sources, documents, or custodians that your designee(s) searched or reviewed in preparation to discuss topics 19, 20, 21 on exhibit "A" of the notice prior to the deposition. We also expect to be provided with a master list of all TVT complaint samples currently in the possession of Ethicon and Johnson & Johnson, or its subsidiaries and contractors prior to the deposition.

**Requests No. 17 and 18:**
Request 17 and 18 do not appear to identify any documents or data sources that are responsive to our requests. Again, this response fails to comply with Federal Rules of Civil Procedure 45(e)(1)(a), and does not indicate a good-faith effort to comply with the requirements of the subpoena. We will need a comprehensive listing of all data sources that you believe contains documents responsive to these requests prior to the deposition. In addition, we would want to be informed of any data sources documents, or custodians that your designee(s) searched or reviewed in preparation to discuss topics 22 and 23 of exhibit "A" of the notice prior to the deposition.

At a minimum, we also expect to be provided with the following information prior to the deposition:

LAW OFFICES
WAGSTAFF & CARTMELL LLP

Ms. Christy Jones
July 17, 2015
Page 5

a. List of all equipment used in the cutting of the TVT products, including both laser cutting equipment and guillotine cutting equipment;

b. Location and size of facility used in the cutting of the TVT products;

c. List of all equipment used in the packaging of TVT products;

d. Location and size of facility used in the packaging of TVT products;

e. List of all equipment used in sterilization of TVT products;

f. Location and size of facility used to sterilize TVT products;

g. List of all operating procedures and forms used to maintain equipment which cuts the TVT products;

h. List of all operating procedures and forms used to clean equipment which cuts the TVT products;

i. List of all operating procedures and forms used to maintain equipment which packages the TVT products;

j. List of all operating procedures and forms used to clean equipment which packages the TVT products;

k. List of all operating procedures and forms used to maintain equipment which sterilizes the TVT products;

l. List of all operating procedures and forms used to clean equipment which sterilizes the TVT products

m. List of all operating procedures and forms used to clean, maintain, and sterilize any facility where TVT is cut, packaged, or sterilized;

n. Schedule (i.e., daily weekly, monthly) for cleaning and sterilizing facilities described in "m" above; and

o. Schedule (i.e., daily, weekly monthly) for cleaning, maintaining, and sterilizing equipment described in "a-f" above.

LAW OFFICES
## WAGSTAFF & CARTMELL LLP

Ms. Christy Jones
July 17, 2015
Page 6

    p. Location and storage of documentation reflecting completion and/or inspection of activities described in "g-m" above.

Please contact me at 816-701-1176 if you have any further questions about the document requests in our notice. I am available to meet and confer with you regarding these requests if necessary.

Very truly yours,

Andrew N. Faes

ANF/dl

cc:    Christy Jones
       Ben Watson
       Paul Rosenblatt
       Phil Combs
       Dave Thomas
       Bryan Aylstock
       Renee Baggett
       Rich Freese