# EXHIBIT 2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

August 5, 2015

**Via e-mail**
Andrew N. Faes
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112

RE: *In re: Ethicon, Inc. Pelvic Repair System*
Products Liability Litigation

Dear Andy:

    This is in response to your July 17, 2015 letter to Christy Jones regarding the document requests (the "Requests") in Plaintiffs' particle loss 30(b)(6) deposition notice (the "Notice"), as well as your July 29, 2015 letter following up on our telephonic meet and confer on July 22 regarding same.

    As an initial matter, we disagree with Plaintiffs' position regarding the appropriateness of Defendants' responses to Plaintiffs' Requests. The documents referenced in Defendants' responses have been produced in a searchable format pursuant to the agreed ESI protocol in place in this action, which permits Plaintiffs to identify the particular electronic documents they request. Accordingly, Defendants' responses comply with the requirements under the Federal Rules of Civil Procedure.[1] Nevertheless, as I indicated in our July 22 teleconference, to the extent a deposition goes forward in response to the Notice, Defendants intend to provide a more specific listing of documents relevant to the Notice in advance of the deposition, as we have done in response to prior 30(b)(6) notices. In the event a deposition does not go

---

[1] Moreover, although Plaintiffs' letter repeatedly states that Defendants failed to comply with FRCP 45(e)1(a), Defendants have not received a subpoena in this matter, and, therefore, Rule 45 does not apply here.

Andrew N. Faes
August 5, 2015
Page 2

forward, we have agreed to provide supplemental responses to further assist Plaintiffs in identifying responsive documents.

As we discussed, there are three issues regarding the Notice about which we continue to have some disagreement.

First, Defendants continue to object to Request No. 13 to the extent that it seeks "all documents maintained by Defendants reflecting inspections, acceptance, and rejections of TVT products based on Defendants' specifications and operating procedures during the Relevant Time Period" as overbroad, unduly burdensome, and unrestricted in scope. Defendants have previously produced reasonably available Nonconformance Reports (NCRs) from 1998-2014 which are responsive to this Request. The NCRs are in Productions 83 and 223, and Defendants will provide Plaintiffs with more specific Bates ranges prior to any deposition or in the course of supplementing Defendants' responses.

The production of all additional documentation reflecting inspection and acceptance of TVT products, such as the Device History Record ("DHR") and other manufacturing documents, is unduly burdensome, particularly given the broad nature of Plaintiffs' request. By way of follow-up to our July 22, 2015 call, Defendants confirmed that documents responsive to this request are created at the individual lot and batch level, rather than a more global level. Therefore, identifying and producing such documents under Plaintiffs' broad definition of "TVT" (all products in the TVT family) and "Relevant Time period" (from the inception of TVT to the present) would be unreasonably time consuming and costly. Creating each individual DHR is a manual process that requires assembling multiple types of documents pertaining to each individual batch that are maintained in various locations and must be completed by someone at the company familiar with the materials at issue. It takes several hours to assemble each DHR, and we understand that there are at least two thousand DHRs related to TVT. Therefore, we conservatively estimate that it would take thousands of hours to assemble DHRs for all batches of TVT products.

We acknowledge that Plaintiffs' July 29 letter prioritized a narrower set of items for production, and, without waiver of the foregoing objection, are agreeable to producing the Device History Records for the seven lots in the July 29 letter and will make best efforts to produce those in the next few weeks. However, Defendants continue to object to the production of additional DHRs, including, but not limited to DHRs pertaining to the individual cases in the consolidated bellwether trial on the grounds of relevance and burden.

Andrew N. Faes
August 5, 2015
Page 3

     Next, Defendants continue to object to Request Nos. 17 and 18 (and Plaintiffs' listing in your July 17 letter of more specific documents you believed are called for in these requests) for the reasons set forth in Defendants' response, which we discussed during our July 22 teleconference. Nevertheless, without waiver of those objections, Defendants will make reasonable efforts to identify and produce documents responsive to Requests 17 and 18, as limited to the March 2010 time period specified in Plaintiffs' July 29 letter. As to the issue of timing, Defendants will make best efforts to produce additional responsive documents prior to September 15, 2015. However, given that many of these documents are hard copy records from overseas facilities that are not maintained electronically in the ordinary course of business, the combination of collection, processing, and review of documents may present timing issues that we cannot reasonably overcome.

     In addition, Defendants continue to object to the production of custodial files in connection with Plaintiffs' document requests regarding the returned TVT-O products. Given Defendants' willingness to collect and produce files for ***ten*** additional custodians at this stage in the litigation – including four custodians on this specific issue – Ethicon believes that the production of any additional custodial files is burdensome and unwarranted for the reasons we have previously discussed in connection with our numerous telephone calls on this issue. Nonetheless, in the spirt of compromise, Defendants will agree to conduct searches for any responsive documents, if any, for Armstrong, Lugo-Ponce and Heron. Based on our preliminary inquiries to assess the burden of producing these three additional custodial files, we have not located documents for Carlos Lugo-Ponce and Claire Heron, but we are continuing to look into the status of their materials.

     As to timing of the production of the custodial files of Darlene Kyle, Kathie Chen, Celine Heramza, and Jamil Jaccard, the custodial file for Darlene Kyle will be produced in the next few weeks. However, despite Defendants' best efforts, collections for the remaining three international employees have been delayed due to a variety of scheduling issues, including extended absences of these individuals. Defendants have made arrangements to collect and produce the custodial files of these individuals as quickly as possible under the circumstances, and, as indicated, anticipate that their document collections and productions will be complete in approximately 45 to 60 days. We will do what we can to accelerate this, but do not anticipate that we will be able to get these produced sooner than the 45-60 day time we have estimated.

     Finally, to the extent plaintiffs are requesting English translations of produced documents, Defendants will comply with the procedures we have

Andrew N. Faes
August 5, 2015
Page 4

previously adopted with respect to foreign language documents and are willing to discuss that issue further if necessary.

With regards to the issue of a deposition, Phil Combs will circulate a separate letter on that subject, as discussed in our July 22 telephonic meet and confer.

Sincerely,

Richard T. Bernardo

cc:  Christy Jones
     Ben Watson
     Paul Rosenblatt
     Phil Combs
     Renee Baggett
     Bryan Aylstock
     Rich Freese