IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION     MDL No. 2327

THIS DOCUMENT RELATES TO: ALL CASES     Civil Action No. 2:12-md-02327

# ORDER

Pending before the court is the Motion to Intervene to Seek Stay and Amendment of PTO # 190 [ECF No. 1724] filed by the movant, SciSafe Inc. The defendants filed their Response [ECF No. 1746] on October 23, 2015. The movant did not file a timely reply, making the Motion ripe for consideration. The Motion is **DENIED**.

To intervene as a matter of right, a party must have a direct and substantial interest in the property or transaction. Fed. R. Civ. P. 24(a)(2). This interest must be "significantly protectable." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). An interest contingent on the outcome of litigation is significantly protectable when the movant "stand[s] to gain or lose by the direct legal operation of the district court's judgment." *Id.*

The movant asserts the storage of the explants for the Ethicon mesh MDL is a substantial interest. Acting as a third-party repository for the mesh explants is not a significantly protectable interest, and the movant will not be affected by the court's judgment. Accordingly—considering the parties have agreed on another repository for the explants—the court will not create an exception to the requirements of Rule 24(a) and *Teague*, and the motion is **DENIED**.

The court **DIRECTS** the clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 20, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE