UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | **Master File No. 2:12-MD-02327** **MDL No. 2327** |
| THIS DOCUMENT RELATES TO ALL CASES | **JOSEPH R. GOODWIN** **U.S. DISTRICT JUDGE** |

**MOTION FOR PROTECTIVE ORDER TO QUASH CROSS-NOTICE OF VIDEOTAPED DE BENE ESSE TESTIMONY OF BRUCE ROSENZWEIG, M.D.**

On November 17, 2015, Plaintiffs filed a cross-notice in this MDL regarding a "*de bene esse*" deposition of Plaintiffs' expert Dr. Daniel Elliott in the *Patricia Hammons* case, a Prolift case pending in the Court of Common Pleas, Civil Trial Division in Philadelphia, Pennsylvania. [Doc. 1777, p. 1].  Defendants moved for a protective order to quash that cross-notice.  [Doc. 1786].

Now, Plaintiffs have filed a cross-notice for another *de bene esse* deposition of a different expert, Dr. Bruce Rosenzweig, in the *Sharon Carlino* case, a TVT case also pending in the Philadelphia Court of Common Pleas.  [Doc. 1799].  The deposition is set for December 22, 2015.  [Doc. 1799, p. 1].  Like the Elliott cross-notice, the Rosenzweig deposition cross-notice purportedly applies to "all cases including Wave 1 and any future Wave cases" in this MDL.  *Id.* *Id.*

Plaintiffs' cross-notices are improper under the Federal Rules and should be quashed. Plaintiffs have not provided a proper expert report for the cross-noticed cases, and it is improper for Plaintiffs to vaguely designate an expert for "all cases" when his opinions may or not be

1

pertinent in all.  The fact that the cross-noticed deposition is a Pennsylvania *de bene esse* deposition only compounds the error.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), a court must limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id*.  Further, "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiffs' cross-notice of deposition is improper, and Ethicon is entitled to a protective order.

### I.  Plaintiffs' cross-notice of Dr. Rosenzweig's deposition does not comply with the Federal Rules or this Court's Pretrial Orders.

Courts have frequently permitted the cross-noticing of depositions in order to promote judicial efficiency.[1]  The purpose of cross-noticing is not, however, to bypass the Federal Rules of Civil Procedure, which Plaintiffs have done here with their prior cross-notice and with this one.

Plaintiffs' cross-notice says that it applies to "all cases including Wave 1 and any future Wave cases" in this MDL.  But, obviously, not all those cases are TVT cases like *Carlino*, leaving Ethicon to guess to which cases Dr. Rosenzweig's opinions are intended to apply and the extent to which his opinions are intended to apply, if at all, in a non-TVT case.  This is a blatant

---

[1] For example, this Court has ordered that "[d]epositions originally noticed in this MDL may be cross-noticed in appropriate state court cases" — *not* the reverse.  *See* Pretrial Order 38, p. 1 (Feb. 19, 2013).

2

violation of Rule 26, which requires that parties be notified of experts' opinions prior to their depositions. And in TVT and non-TVT cases alike, Plaintiffs' cross-notice does not comply with the Rules.

Federal Rule of Civil Procedure 26(a)(2) prescribes the manner, content, and timing of the disclosure of expert testimony. Following the disclosure of expert testimony, the opposing party would then typically have time to engage rebuttal experts and conduct discovery of the expert testimony. Plaintiffs' cross-notice seeks to side-step that procedure completely. Plaintiffs have not provided a report for Dr. Rosenzweig in the MDL cases, a clear violation of Rule 26. *Id.*

Put simply, with their cross-notices Plaintiffs have totally ignored the federal expert discovery process. For this reason alone the deposition cross-notices should be quashed.

## II. Plaintiffs' cross-notice of Dr. Rosenzweig's deposition is further improper because the *Carlino* deposition is a Pennsylvania *de bene esse* deposition.

The *Carlino* deposition of Dr. Rosenzweig is a "*de bene esse*" deposition, also known as a trial deposition. "A *de bene esse* deposition is a substitute for live testimony at trial, and is conducted under trial rules of evidence rather than as a discovery deposition." *Morales v. N.Y. Dep't of Labor*, No. 06-CV-899 MAD, 2012 WL 2571292, at *2 (N.D.N.Y. July 3, 2012). Thus, the *Carlino* deposition will be conducted pursuant to the Pennsylvania trial rules of evidence, not the Federal Rules for discovery.

There are significant differences between the Pennsylvania Rules of Evidence which will govern the *de bene esse* deposition in the *Carlino* trial case as compared to the Federal Rules, and these differences can affect lines of questioning including strategic cross-examination decisions.

3

As the Fourth Circuit has noted, the Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery and depositions taken for trial.  *See Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir.1991).  Rather, a deposition may be used at trial in federal court subject to the restrictions of Rule 32.  *Id.*; *see also* Fed. R. Civ. P. 32(a).  In federal practice, the scope of a deposition is concomitant with the scope of discovery.  Fed. R. Civ. P. 26(b).  Objections are typically limited to those that might be waived if not made at that time under Rule 32(d)(3), *i.e.*, objections to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might be immediately corrected.

With the knowledge that it will be a *de bene esse* deposition for *Carlino*, Ethicon's attorneys will have different strategic considerations for the *Carlino* Rosenzweig deposition than they would in a typical federal court deposition.  It is inherently unfair and prejudicial for Ethicon to be forced to compromise its strategy for the *de bene esse* deposition for purposes of a federal court discovery deposition, or vice versa.  For example, hypothetically speaking, Ethicon might choose to forgo an objection in the *Carlino* deposition for strategic purposes based on the *de bene esse* format, an objection that Ethicon would otherwise have wanted to preserve for the federal court litigation.  Ethicon should not be forced into this dilemma by Plaintiffs' improper cross-notice.

Further, though Dr. Rosenzweig is not a case-specific expert in *Carlino*, the *Carlino* deposition will not center on issues that are irrelevant in that case.  In the limited time allotted, the deposition will be more focused on issues relevant to Ms. Carlino's medical history, date of implant, reason for implant, and other case-specific factors.  To force MDL counsel to interject into that deposition broader issues applicable to all the MDL cases would undermine the strategy and the focus of the *de bene esse* deposition, if it could even be done in the time allotted.  In

4

addition, the court in the Pennsylvania proceedings has not issued rulings on expert motions, motions in limine, or dispositive motions, unlike in the MDL, so the objections in that deposition may be different.

Finally, and perhaps most importantly, Pennsylvania does not follow the federal *Daubert* standard at all.  Rather, Pennsylvania courts apply the *Frye* standard to expert testimony, focusing on whether the "methodology is generally accepted in the relevant field," Pa. R. Evid. 702, rather than on the reliability of the methodology as under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U. S. 579 (1993).  Ethicon should not be forced to reframe their *de bene esse* deposition to focus on *Daubert* issues, rather than Pennsylvania's "general acceptance" standard for expert testimony.

In sum, the *Carlino* deposition has a different purpose, involves different issues, will be taken under different rules of evidence, subject to different pretrial rulings, and falls under a different expert standard.  Plaintiffs' improper cross-notice seeking to have this deposition apply in all cases in this MDL should be rejected.

## CONCLUSION

For these reasons, the Court should enter a protective order quashing the cross-notice of Dr. Rosenzweig's *de bene esse* deposition [Doc. 1799].

Dated:  December 4, 2015

Respectfully submitted,

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010

5

Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com
donna.jacobs@butlersnow.com


*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com


COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*_____
Christy D. Jones

ButlerSnow 28804084v2

7