IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION<br>-------------------------------------------------------<br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTIFFS' OPPOSITION TO
MOTION FOR PROTECTIVE ORDER TO QUASH CROSS-NOTICE OF
VIDEOTAPED DE BENE ESSE TESTIMONY OF BRUCE ROSENZWEIG, M.D.**

COME NOW Plaintiffs and ask this Court to deny Defendants' Motion for the following reasons:

**I. INTRODUCTION**

For the second time, Defendants complain about a cross-noticed deposition for MDL cases. Interestingly, Defendants have employed this same tactic against state court plaintiffs and MDL plaintiffs ad nauseam since discovery began. In doing so, Defendants have habitually provided little to no notice, sometimes less than 48 hours, creating an extensively arduous burden on plaintiffs to coordinate strategy, prepare, and attend the depositions. Dr. Rosenzweig's deposition is currently set for December 22nd. Plaintiffs cross-noticed this deposition on November 30th giving Defendants a little more than twenty days to prepare. Even if Defendants started today, they would have more than a week to prepare for this deposition.

Dr. Bruce Rosenzweig is no stranger to the transvaginal mesh litigation and certainly not to these Defendants. To date, he has testified in nearly ten TVM trials, four of which were

1

against the Ethicon Defendants.[1] Dr. Rosenzweig has been deposed in roughly fifteen TVM cases, at least seven of which were against the Ethicon Defendants[2] and include the same products to be examined at the upcoming deposition. In most, if not all, of these depositions and trials, Dr. Rosenzweig focuses his testimony on general causation. More specifically, Dr. Rosenzweig's opinions center on the defects inherent in the design of the mesh, the procedure, the inadequacies of Defendants' warnings, how the defects result in injuries to women, and safer alternative designs. If questioned, the same defense attorneys who participated in these prior trials and depositions would acknowledge that his opinions come as no surprise.

Dr. Rosenzweig's upcoming testimony will not differ in any material manner from his testimony in these prior cases. Indeed, the goal of this upcoming deposition is merely to memorialize his testimony so that he will not have to submit to depositions and trials in the hundreds of upcoming wave cases for the next year – a goal this Court itself embraced just recently.[3] Such a goal is also consistent the Federal Rules of Civil Procedure. <u>Rule 1, Fed. R. Civ. Proc.</u> His testimony will focus on general causation issues for the TVT, TVT-O, and TVT-S. Even if Dr. Rosenzweig somehow changes his opinions (which he will not), the Defendants' remedy would be to seek exclusion of any inconsistent testimony, not to exclude the entire MDL deposition transcript which can be addressed with routine pre-trials motions and/or deposition designation hearings.

---

[1] *Lewis v. Ethicon, Inc., et al.*, 2:12-cv-04301 (TVT); *Huskey v. Ethicon, Inc., et al.*, 2:12-cv-05201 (TVT-O); *Perry v. Luu, et al.*, S-1500-cv-279123 (TVT-Abbrevo); *Cavness v. Kowalczyk, et al.*, DC-14-04220 (Prosima).

[2] *Lewis v. Ethicon, Inc., et al*., 2:12-cv-04301 (TVT); *Huskey v. Ethicon, Inc., et al.*, 2:12-cv-05201 (TVT-O); *Perry v. Luu, et al.*, S-1500-cv-279123 (TVT-Abbrevo); *Cavness v. Kowalczyk, et al.* DC-14-04220 (Prosima); *Ramirez v. Reyes, et al.*, 2012-CI-18690 (TVT-O); *Edwards v. Ethicon, Inc., et al*, 2:12-cv-09972 (TVT-O); *Mullins v. Ethicon, Inc., et al.*, 2:12-cv-02952 (TVT Consolidation).

[3] Exhibit 1, Order, *Taylor* (2:12-cv-00376)*, Morrow* (2:12-cv-00378)*, & Bennet* (2:12-cv-00497) *v. Ethicon, Inc., et al.,* 11/30/15. The Court's recent order suggests that plaintiffs should consider producing an expert's report shortly before he is to be deposed to avoid multiple depositions. *Id.* at 3. Dr. Rosenzweig's reports, depositions, and trial testimony have been available for many months before this most recent deposition. His opinions are no mystery to defendants.

## II. ARGUMENT AND AUTHORITIES

Interestingly, the tables are now turned on the Defendants. For the past couple of years, Defendants pled to the Court that their corporate representatives should not be subjected to multiple depositions taken by MDL and state court Plaintiffs. As a result, this Court ordered that those depositions may be cross-noticed in state court cases in an effort to keep the litigation moving forward. Now that wave cases have been set, the Plaintiffs are in the same position as the Defendants facing a multitude of depositions and trials with a small subset of the same experts who, just like the Defendants' employees, lead other lives outside the litigation. What Defendants are essentially asking this court to do is set precedent that they can take not only a couple of bites at the apple but devour it whole.

To repeatedly require Dr. Rosenzweig to be deposed on Ethicon's products in every case in which he is designated would be inefficient and thwart this Court's recent recognition of "the need to streamline and compress discovery."[4] Dr. Rosenzweig's opinions are well known to the Defendants and have been thoroughly vetted through thousands of pages of vigorous cross-examination. In these instances, "a court must limit discovery if: (1) the discovery sought is *unreasonably cumulative* or *duplicative*, or *can be obtained from some other source that is more convenient, less burdensome, or less expensive*." Fed. R. Civ. P. 26 (c)(1) (emphasis added). Obtaining Dr. Rosenzweig's testimony through the cross-notice of this *de bene esse* deposition is a perfect example of this rule. Additionally, this cross-notice does not create undue prejudice or any evidentiary issues cannot be easily addressed through pre-trial motions and deposition designations.

---

[4] Exhibit 1 at 2.

3

1. ***There is no undue prejudice to Defendants from requiring no further MDL depositions of Dr. Rosenzweig.***

Defendants' complaint that they have no idea what Dr. Rosenzweig's expert opinions will be in his wave reports because they have not been disclosed is nonsensical. It defies credibility for Defendants to claim they were unprepared to address his opinions. Dr. Rosenzweig's opinions have been <u>repeatedly</u> revealed to defendants via writing and oral testimony and have already been subject to cross-examination and are, at this point, abundantly clear. It is beyond reason that Defendants now feign astonishment and surprise.

As this Court knows, Dr. Rosenzweig was an expert witness in the *Lewis* trial. Dr. Rosenzweig's testimony in *Lewis* is on the same product at issue in *Carlino*, the TVT. When comparing his reports in these cases, Defendants would be hard pressed to point out any substantial differences.[5] Moreover, as it relates to the TVT-O, Dr. Rosenzweig has authored two reports, given three depositions, and testified in court. In comparing Dr. Rosenzweig's report filed in *Huskey* and *Edwards* with the report from *Ramirez*, Defendants again would have a hard time finding any substantial differences.[6] Even when comparing the TVT reports with the TVT-O reports, it is clear that his opinions gravitate to the same issues. Thus, there can be no unfair surprise for questions relating to the TVT-S product which is made of the same polypropylene mesh as the TVT and TVT-O.[7] The notion that Defendants will be somehow prejudiced or surprised is impossible to fathom. Certainly, if Dr. Rosenzweig is designated as an expert in a

---

[5] Exhibit 2, Expert Report of Bruce Rosenzweig, M.D. filed in Carlino on June 9, 2014; Exhibit 3, Expert Report of Bruce Rosenzweig, M.D. filed in Lewis on October 14, 2013.
[6] Exhibit 4, Expert Report of Bruce Rosenzweig, M.D. filed in *Huskey* and *Edwards* on February 21, 2014; Exhibit 5, Expert Report of Bruce Rosenzweig, M.D. filed in *Ramirez* on April 24, 2015;
[7] Dr. Rosenzweig also briefly discussed the TVT-S during his trial testimony in the *Perry* case.

plaintiff's case regarding her specific injuries, he will be subject to deposition. But he should not be compelled to provide any additional general causation expert testimony.[8]

### 2. The different standards between Pennsylvania state court and the federal court are a nonissue.

Defendants claim to be concerned that they might have to alter their strategy for making objections as a result of Plaintiffs' cross-notice because Dr. Rosenzweig has been noticed in a state court trial proceeding as a *de bene esse* deposition. For the Pennsylvania trial deposition, Defendants may feel compelled to make objections they would not make in a federal deposition. But that hardly prejudices them in these MDL proceedings where their burden to object is much lesser. Indeed, if they're concerned about having voiced an objection they would have preferred not to make in these federal proceedings, that objection can always be removed from any transcript/videotape used in federal court. Indeed, throughout this litigation, it has always been the policy of both sides to edit out any objections in the testimony played to the jury. Such procedural nuances, easily addressed later (and, frankly, involve rather simple technological deletions), hardly warrant duplicative and expensive discovery that the Court just days ago discouraged.

Finally, Defendants note the difference in expert admissibility standards in federal and Pennsylvania state court. Essentially, Defendants' argument is that two separate depositions should be held because Defendants might have to ask several additional questions to satisfy one burden of proof over another. However, the Pennsylvania Superior Court has expressly held that when its state's *Frye* standard is met, so has been the federal *Daubert* standard which involves a lesser burden. So, Plaintiffs' federal cross-notice does not alter anyone's burden of proof. (In

---

[8] Indeed, in the Wave cases, neither party is permitted to engage in duplicative general expert discovery, which of course would include cross examination questions of the general experts. See PTO 205 at p.3. (experts shall be deposed only once on the issue of general causation and duplicative general expert discovery is not permitted).

other words, if either side met the Pennsylvania standard, under Pennsylvania law, they automatically met the federal standard as well.) *See Engstrom v. Bayer Corp.*, 855 A.2d 52, 58 (Pa. Super. 2004) ("*Frye* is more restrictive than its alternative, the *Daubert* test….Therefore any information which would satisfy *Frye* would, *a priori*, satisfy *Daubert*.") (citation omitted). Finally, even if Pennsylvania's *Frye* standard required stronger proof (which it does not), that is hardly a reason for two depositions – it would just be a reason for a few more questions in a single deposition not to retake a whole new deposition on the same issues. Moreover, Defendants do not give an example of a single question that they would ask in one setting versus another. The record is abundantly clear that Defendants have exercised unfettered efforts on cross-examining Dr. Rosenzweig on every possible fathomable issue.

3. ***Defendants' remedy is to move to strike particular testimony, not an entire deposition.***

As explained above, there can be no plausible argument that Defendants are somehow duped by the testimony of an expert who has published reports, given numerous depositions and testified at trial. However, if Defendants can point to some question and answer that applied in the *Carlino* case but somehow did not relate to the MDL proceedings, and therefore is not something they should have anticipated (as implausible as that would be), Defendants' remedy would be to simply strike that testimony. But the notion that Defendants have the right to strike an entire deposition claiming they could not have anticipated certain questions finds no support in law or logic.

### III. CONCLUSION

WHEREFORE, premises considered, Plaintiffs respectfully requests that this Court deny Defendants' Motion and allow the cross-notice of Dr. Rosenzweig's *de bene esse* deposition; and for such other and further relief to which Plaintiffs are entitled.

Dated: December 14, 2015.

                                        Respectfully submitted,

                                        /s/ D. Renee Baggett
                                        Bryan F. Aylstock, Esq.
                                        Renee Baggett, Esq.
                                        Aylstock, Witkin, Kreis and Overholtz, PLC
                                        17 East Main Street, Suite 200
                                        Pensacola, Florida 32563
                                        (850) 202-1010
                                        (850) 916-7449 (fax)
                                        E-mail: rbaggett@awkolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2015, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ D. Renee Baggett
D. Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
850-202-1010
850-916-7449
rbaggett@awkolaw.com