UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO QUASH CROSS-NOTICE OF VIDEOTAPED DE BENE ESSE TESTIMONY OF BRUCE ROSENZWEIG, M.D.**

Plaintiffs mischaracterize Defendants' position when they say it would "require Dr. Rosenzweig to be deposed on Ethicon's products in every case in which he is designated." [Doc. 1811, p. 3]. Defendants would have no objection to Dr. Rosenzweig being designated in multiple wave discovery cases if Plaintiffs provide a proper designation and expert report pursuant to the Federal Rules and PTO # 205. Defendants are also amenable to avoiding duplicative depositions where an expert has already been deposed on the same expert report.

But that is not what Plaintiffs seek to do here. Here, Plaintiffs have *not* designated Dr. Rosenzweig as an expert in the MDL wave discovery cases, and they have not produced an expert report for him in the wave discovery cases. Rather, they seek to have a state court TVT deposition (*Carlino*) serve as his deposition for all MDL TVT, TVT-O, and TVT-S cases. And this is not just any deposition, but a Pennsylvania *de bene esse* deposition at that.

Plaintiffs argue there is no prejudice because Defendants already know Dr. Rosenzweig's opinions. In support, they point out Dr. Rosenzweig's reports in prior TVT and TVT-O cases — not a single one of which has been designated in the wave discovery cases. As to TVT-S,

1

Plaintiffs weakly claim in a footnote that "Dr. Rosenzweig also briefly discussed the TVT-S during his trial testimony in the *Perry* case." [Doc. 1811, p. 4 n.7]. In essence, Plaintiffs' position is that in preparation for this deposition, Defendants should be tasked to seek out and predict at their peril Dr. Rosenzweig's opinions by scouring his prior reports and trial testimony. That blatantly violates Federal Rules of Civil Procedure's expert report requirements and this Court's PTO # 205.

In their Response, Plaintiffs argue that the different standards between Pennsylvania state court and federal court are a "nonissue," wrongly assuming that exclusion of testimony would fix any problems. [Doc. 1811, pp. 5-6].

As Judge Bernstein has noted in his Commentary to the Pennsylvania Rules of Evidence, the Pennsylvania Rules of Evidence do not mirror the Federal Rules of Evidence, and "[n]owhere is this more clearly demonstrated than in the rejection of any hearsay exception for learned treatises." Ex. A, p. 828. Pennsylvania law does not permit an expert witness to read from a learned treatise to the jury as part of direct examination. *Id.* Further, under Pennsylvania law, a learned treatise may be used in cross-examining an expert on his or her qualifications, knowledge, opinions, or biases, but "[t]he use of any learned treatise in cross-examination opens the door to use of other learned treatises in the field on redirect." *Id.* at 832.

This difference in the Pennsylvania rules is critical in an expert witness examination. If Plaintiffs' request is granted, Defendants will be forced to either (1) conduct the *Carlino* Rosenzweig deposition without examination about certain learned treatises they would have otherwise asked him about in the MDL wave discovery cases, or (2) ask about the learned treaties, opening the door to the use of other learned treatises on redirect under Pennsylvania law. This is not a "nonissue," but real prejudice that cannot be remedied by exclusion of evidence.

2

In addition, Plaintiffs claim that the differences between the *Frye* and *Daubert* standards are immaterial because *Frye* is more restrictive. [Doc. 1811, pp. 5-6]. But the point is not whether one standard is more stringent than the other, but rather that they are different, and the same questions would not necessarily be appropriate for both standards. It is prejudicial to Defendants to have to take a deposition under two different expert standards—one focusing on reliability of a methodology and one focusing on its general acceptance. This would have to be done in the same allotted time and in a deposition which is a *de bene esse* deposition, intended to be used at trial. Again, this is a prejudice that cannot be corrected by exclusion of Dr. Rosenzweig's testimony.

Finally, Plaintiffs' brief ignores the prejudice to Defendants in the *Carlino* case from interjecting issues not at issue there. *Carlino* is a case involving TVT mechanically cut mesh. Yet Plaintiffs seek to force Defendants to question Dr. Rosenzweig in *Carlino* regarding his opinions on TVT-O and TVT Secur, as well as TVT laser cut and TVT-O laser cut mesh. Clearly, the focus of the *Carlino* deposition should be the product at issue in that case. The prejudice to Defendants in having to disrupt the *Carlino* deposition to cover issues irrelevant to that case cannot be remedied by exclusion of evidence.

## CONCLUSION

For these reasons, and those stated in Defendants' motion, the Court should enter a protective order quashing the cross-notice of Dr. Rosenzweig's *de bene esse* deposition.

Dated:  December 14, 2015

Respectfully submitted,

*/s/ Christy D. Jones*_____
Christy D. Jones

        Butler Snow LLP
        1020 Highland Colony Parkway
        Suite 1400 (39157)
        P.O. Box 6010
        Ridgeland, MS  39158-6010
        (601) 985-4523
        christy.jones@butlersnow.com
        donna.jacobs@butlersnow.com


*/s/ David B. Thomas*_____
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com


COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

4

## CERTIFICATE OF SERVICE

    I hereby certify that on December 14, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

                                                */s/ Christy D. Jones*_____
                                                Christy D. Jones

ButlerSnow 28998047v1

ButlerSnow\018890\078026\28998047.v1-12/14/15