# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

                Civil Action No. 2:12-MD-02327

------------------------------------------------

THIS DOCUMENT RELATES TO
ETHICON WAVE 2 CASES

### PRETRIAL ORDER # 209
(Order Denying Defendants' Motion for a Protective Order
Regarding Defendant Fact Sheet in Wave 2 Cases)

      Pending before the court is the defendants' Motion for a Protective Order Relieving Defendants of Responding to Provision in Defendant's Fact Sheet Requiring Production of Device History Records [ECF No. 1797], filed November 24, 2015. The plaintiffs filed their Response [ECF No. 1808] to the Motion on December 9, 2015, and the defendants filed their Reply [ECF No. 1810] on December 11, 2015. This matter is now ripe for the court's consideration.

      In the Motion, the defendants seek a protective order in the Wave 2 (and subsequent wave) cases related to a provision in the Defendant Fact Sheet ("DFS") that requires the production of device history records. *See* Defs.' Mot. Protective Order. The defendants assert complying with this provision imposes a disproportional burden that should not be permitted without some showing of specific need in a particular case. *Id*. 6–8. The plaintiffs oppose the Motion.

      Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense associated with complying with a discovery request by issuing a Protective Order. Fed. R. Civ. P. 26(c)(1). The court may also limit discovery under Rule 26(b)(2).

This court has already significantly limited the discovery in these wave cases, as permitted by Rule 26(b)(2). *See* PTO Nos. 205–06. Specifically, interrogatories, requests for admission, the numbers of treating physicians permitted to be deposed, and the duration of witness depositions have been limited. PTO No. 206. Even the Defendant Fact Sheet ("DFS") at issue here has the effect of limiting discovery in that it results in the production of information in a streamlined and uniform manner. The court **FINDS** that discovery, as noted above, has been sufficiently limited to establish the adequate discovery proportionality contemplated under the Federal Rules and that the discovery at issue in the DFS meets the requirements of Rule 26(b)(2). Accordingly, the defendants' Motion [ECF No. 1797] is **DENIED**.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action umber 2:15-cv-16182. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by

the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

        ENTER: December 16, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE