# EXHIBIT A

| | |
|---|---|
| Kenneth A. Murphy<br>  kenneth.murphy@dbr.com<br>  Attorney Identification No. 58162<br>Molly E. Flynn<br>  molly.flynn@dbr.com<br>  Attorney Identification No. 205593<br>DRINKER BIDDLE & REATH LLP<br>One Logan Square, Suite 2000<br>Philadelphia, PA  19103-6996<br>Telephone:  (215) 988-2700<br>Facsimile:  (215) 988-2757 | Kari L. Sutherland (admitted *pro hac vice*)<br>BUTLER SNOW LLP<br>The Pinnacle at Symphony Place<br>150 3rd Avenue South, Suite 1600<br>Nashville, TN 37201<br>Telephone:  615-651-6700<br>Facsimile:  615-651-6701<br><br>Tracy J. Van Steenburgh (admitted *pro hac vice*)<br>NILAN JOHNSON LEWIS PA<br>120 South Sixth Street, Suite 400<br>Minneapolis, MN 55402<br>Telephone:  (612) 305-7500<br>Facsimile:  (612) 305-7501 |

*Attorneys for Defendants*
*Ethicon, Inc. and Johnson & Johnson*

| | |
|---|---|
| *IN RE:  PELVIC MESH LITIGATION* | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION |
| McGee, et al.,<br>                Plaintiffs,<br>    v.<br>Ethicon, Inc., et al.,<br>                Defendants. | MAY TERM 2013<br><br>No. 3483 |

### NOTICE OF DEPOSITION OF BRUCE ROSENWEIG, M.D.

TO:      Bruce Rosenzweig, M.D.
            c/o James J. Waldenberger, Esq.
            Kline & Specter P.C.
            1525 Locust St.
            19th Floor
            Philadelphia, PA 19102

PLEASE TAKE NOTICE, Defendants Ethicon, Inc. and Johnson & Johnson, by their attorneys, will take the deposition of **Bruce Rosenweig, M.D.**, , before a person duly authorized to administer oaths on **Thursday, February 4, 2016**, beginning at **9:00 a.m.** and continuing from day to day until complete.  The deposition will take place at Wexler Wallace, LLP, 55 West Monroe Street, Suite 3300, Chicago IL, Phone: (312) 346-2222).  At the deposition, Dr. Rosenzweig shall please produce the documents listed in the attached Schedule A.  The

2

deposition will be recorded stenographically and videotaped by Golkow Technologies, 1650 Market Street, One Liberty Place, Suite 5150, Philadelphia, PA 19103 (Phone: 337-370-3377).

Reasonable notice is hereby given in accordance with Rule 4007.1 of the Pennsylvania Rules of Civil Procedure.

Dated: February 1, 2016                By:   /s/ Molly E. Flynn
                                             Kenneth A. Murphy

       Molly E. Flynn

                                             Drinker Biddle & Reath LLP
                                             One Logan Square, Suite 2000
                                             Philadelphia, PA  19103-6996


                                             *Attorneys for Defendants*
                                             *Ethicon, Inc. and Johnson & Johnson*

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I caused a true and accurate copy of the foregoing Notice of Deposition of Bruce Rosenzweig, M.D. to be served, via electronic mail, upon the following counsel of record:

>  Lee B. Balefsky
>  Michelle L. Tiger
>  James J. Waldenberger
>  Tracie L. Palmer
>  KLINE & SPECTER
>  1525 Locust Street
>  19th Floor
>  Philadelphia, PA 19102
>  *Attorneys for Plaintiff*

>     */s/ Molly E. Flynn*
>  Molly E. Flynn

## SCHEDULE A

## DEFINITIONS

1. "You" or "Your" refers to the witness, Bruce Rosenzweig, M.D.

2. "Plaintiff" refers to Kathryn McGee, Plaintiff in the above-captioned lawsuit.

3. The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

4. The terms "relating to" and "related to" mean in whole or in part or in any way constituting, containing, concerning, embodying, evidencing, reflecting, describing, analyzing, identifying, stating, dealing with, referring to or pertaining to.

5. Words used in the singular shall, where the context permits, include the plural, and words used in the plural shall, where the context permits, include the singular.

6. The use of a verb tense shall be construed as the use of that verb in all other tenses.

7. The term "Communication," as used in these Requests, is intended to have the broadest possible meaning and shall include any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, including but not limited to letters, memoranda, PowerPoint presentations, email, text message, telegram, telex, internet-based meetings, or other written or electronic Document or files; (2) oral contact, whether by face-to-face meetings, internet-based meetings, video conferences, telephonic conversations, or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

8. As used throughout, "Document" means any written or graphic matter however produced or reproduced. "Document" also includes writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in Your possession, custody, or control, or known by You to exist, irrespective of whether the writing is one intended for or

transmitted internally by You, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs; circulars; announcements; advertisements; instructions; schedules; minutes; summaries; notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills; statements and other records of obligations and expenditures; canceled checks; vouchers; receipts and other records of payments; ledgers; journals; balance sheets; profit and loss statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports; evaluations; advises; recommendations; commentaries; conclusions; studies; test plans; procedures; data; reports, results, and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other materials the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. "Document" also means and includes all original and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, phone-records, recordings or other data compilations from which

information can be obtained, translated, if necessary, by You through detection devices into reasonably usable form, and tangible things. These terms also include any communications passing between Your agents, representatives, or employees.

## DOCUMENT REQUESTS

1. A copy of an up-to-date Curriculum Vitae.

2. If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

3. A complete list of all other cases in which You have testified as an expert or by deposition in the last five years.

4. A copy of Your complete file in this case.

5. All Documents (including but not limited to calculations, correspondence, data, calendar entries, notes and other materials) reflecting the compensation to be paid to You for study and testimony in this case.

6. All Documents (including but not limited to calculations, correspondence, data, calendar entries, notes and other materials) reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any pelvic mesh litigation in the last five years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff

7. Copies of all medical records on the Plaintiff in Your possession.

8. All Documents related to any physical examination or treatment by You of the Plaintiff.

9. All photographs or other images, including photos of the Plaintiff or products, taken by or for You that relate to Your opinions in this case.

10. Copies of any deposition testimony relating to this case in Your possession.

11. Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's other experts, including but not limited to other experts' disclosures, reports, or deposition testimony that You have been provided.

12. Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's health care providers.

13. All depositions, pleadings, court opinions, or other records that were summarized for You or otherwise made available for Your review in connection with Your expected testimony in this case or in any pelvic mesh case involving the Prolift device.

14. All Documents (including reports, summaries of data, studies, or other Documentation) reflecting testing done by You relating to this case.

15. All Documents (including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final) prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information on the Plaintiff relating to Your opinions in this case.

16. All final reports prepared in connection with Your expected testimony in this case.

17. All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

18. All transcripts of prior testimony, statements or presentations given by You in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

19. Any Ethicon products in Your possession or Ethicon products belonging to You that You have placed in the possession of others.

20. If You intend to testify that Your opinions are based in part on previous surgical experience involving pelvic mesh revisions and/or explant procedures, please produce all Documents identifying: a) the total number of pelvic mesh revisions and/or explant procedures You have performed over the last five years; and b) the names of the medical devices involved in each such surgery. This request does not seek the production of any information that would lead to the identification of specific patient names or private information such as patient social security numbers, birth dates, or other protected information.

21. If You intend to testify that Your opinions are based in part on previous surgical experience involving pelvic mesh revisions and/or explant procedures, please produce all Documents identifying: a) the total number of pelvic mesh revisions and/or explant procedures You have performed over the last five years on patients who were referred to you by an attorney, and b) the names of the referring attorneys. This request does not seek the production of any information that would lead to the identification of specific patient names or private information such as patient social security numbers, birth dates, or other protected information.

22. If You intend to offer opinions with regard to the costs of past or future pelvic mesh revision and/or explant procedures, please produce billing records (with redacted patient information) for each pelvic mesh revision or explant procedure You have performed in the last two years that identify: a) the gross charges, reimbursed amounts, and net

amounts billed to the patient (if any), b) and the mesh device involved in that procedure. This request does not seek the production of any information that would lead to the identification of specific patient names or private information.

23. All Documents, including but not limited to protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards, relating to any clinical trial and/or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which You participated in any capacity, such as an investigator, safety monitor, advisor, or study committee member.

24. All Documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by You relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

25. All Documents (including reports, summaries of data, studies, or other Documentation) reflecting testing done by You relating to any other pelvic mesh case involving Prolift and/or other pelvic mesh products.

26. All final reports prepared in connection with Your role as a testifying expert in any other pelvic mesh cases involving Prolift and/or other pelvic mesh products.

27. All Documents (including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final) prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to any other pelvic mesh cases involving the Prolift device.

28. All Documents relating to presentations or lectures given by You or to which You contributed relating to pelvic mesh products, pelvic organ prolapse, and/or stress urinary incontinence.

29. All communications from or to You relating to any professional medical society with respect to pelvic mesh, pelvic mesh products, pelvic organ prolapse, stress urinary incontinence, position statements, studies, editorials, and/or publications.

30. All literature, published or unpublished, consulted by You in connection with Your opinions in this case, including all literature that supports or fails to support Your opinions.

31. Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

32. Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

5

33. Copies of the syllabus and texts used in any classes taught by You in the past five years.

34. Any communications between You and counsel for the Plaintiff, to the extent that such communications:

    a. Relate to Your compensation;

    b. Identify facts or data that You were provided and that You considered in forming Your opinions; or

    c. Identify assumptions that Plaintiff's counsel provided You and that You relied on in forming Your opinions.