**Fitzpatrick, Fidelma**

| | |
|---|---|
| **From:** | Anita Modak-Truran <Anita.Modak-Truran@butlersnow.com> |
| **Sent:** | Monday, February 15, 2016 11:04 AM |
| **To:** | Fitzpatrick, Fidelma |
| **Cc:** | Tom P. Cartmell; Renee Baggett; Bryan Aylstock; Donna Jacobs; Paul Rosenblatt; Ben Watson |
| **Subject:** | RE: Ethicon IME Motion |

Dear Fidelma,

I am on the road. My computer is not working right, but I wanted to provide you with a written response. First I'm not going to address the argumentative statements you made in your email, as that's not going to be productive. We can agree to disagree on that. I've put my comments in red below on our position to your proposed stipulation. We reserve all rights as this has not been circulated to our client.

Best,

Anita


1. Whether individual case counsel want to defer the IME to an unspecified time in the future as you requested is a decision for case counsel, not leadership. As I explained, Motley Rice is not willing to defer the IME for cases where we have already provided a report with an IME. In cases where we have not provided and IME, we are willing to work with you to come up with a mutually agreeable schedule for doing that before trial. UNDERSTOOD

2. There are some global issues that need to be resolved in all cases concerning the scope of the IME. As I clearly laid out, those include:
   a. Ethicon has not been provided the detail necessary under FRCP 35 when requesting the IME from Plaintiffs' counsel. Please comply with the requirements of Rule 35 when requesting these exams. THERE IS NO DISPUTE THAT ETHICON IS REQUIRED TO MEET RULE 35. WE BELIEVE THIS HAS BEEN DONE.
   b. Ethicon must be responsible for payment for all costs reasonably incurred in association with the IME. This would include travel costs for companions if the Plaintiff is not able to travel independently. We propose that we will provide you with the information necessary to make the flight and hotel arrangements and someone on your end can book and pay for those arrangements. We will submit incidental expenses to you after the IME. WE WILL REIMBURSE PLAINTIFF FOR REASONABLE EXPENSES ASSOCIATED WITH IME. WE DO NOT AGREE GLOBALLY FOR COMPANION. THAT MAY BE FACT SPECIFIC. NO TO THE REST.

1

c. Plaintiffs cannot be required to take time out of work (if applicable) for the IME. Instead, exams must be scheduled around the availability of the Plaintiff, including weekends. THE PROBLEM IS THE DEADLINES

d. Plaintiffs cannot be compelled to be seen by a male physician for a pelvic exam. NOT A PROBLEM UNLESS YOUR EXPERT WHO DID IME WAS MALE

e. Plaintiffs cannot be compelled to travel out of town for an IME (though if they are willing to do so, we would make them available to travel). CAN'T AGREE

f. Plaintiffs must be provided with the name of the expert and with their qualifications for performing a pelvic exam and be given the opportunity to object if they believe that the expert is not qualified in some way. WE WILL PROVIDE NAME AND CV

g. Plaintiffs decline to allow invasive urodynamics testing or a cystoscopy (which is an operative procedure). NEED TO DISCUSS ON CASE BY CASE BASIS as we have not define "invasive".

h. As to ultrasound testing, Plaintiffs can only consent to a routine bladder ultrasound by a qualified urogynecologist. To the extent that Ethicon is looking for additional ultrasound testing, we will require a meet and confer to establish the necessity for the testing, its relationship to the injuries, and the qualifications of the expert administering the test. I DON'T UNDERSTAND THIS REQUEST

i. The examination itself must be recorded by audio means. NO AGREEMENT

Please feel free to circulate a stipulation that incorporates these principles and we will consider it.

Thank you for your attention to this matter.

**Fidelma L. Fitzpatrick** | Attorney at Law | Motley Rice LLC
321 South Main Street, 2nd Floor | Providence, RI 02903-7109 | ffitzpatrick@motleyrice.com
**o.** 401.457.7728 x7728 | **c.** 401.374.7685 | **f.** 401.457.7708

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.