IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
      PELVIC REPAIR SYSTEMS
      PRODUCT LIABILITY LITIGATION      MDL No. 2327

----------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL
WAVE 1 CASES

**PRETRIAL ORDER # 214**
(Plaintiffs' Motion for to Define the Permissible Scope of Wave 1 DMEs)

Pending is Plaintiffs' Motion to Define the Permissible Scope of Wave 1 Defense Medical Exams. (ECF No. 1879). Given that similar motions representing Defendants' point of view were already pending in some of the Wave 1 cases, and taking into account time constraints, the court dispensed with briefing. Instead, on Wednesday, February 18, 2016, a telephonic hearing was held on Plaintiffs' motion. After considering the arguments of the parties, the court **GRANTED**, in part, and **DENIED**, in part, Plaintiffs' motion. For the reasons more fully explained during the hearing:

    1.    Plaintiffs' request that Defendants arrange, book, and pay for the travel and hotel expenses of Plaintiffs incurred in association with defense medical examinations ("DME") is granted. For reimbursement of reasonable incidental expenses, Plaintiffs shall submit receipts to Defendants after the conclusion of the DME.

    2.    Plaintiffs' request that weekend examinations be scheduled to accommodate a plaintiff's work schedule is denied. While Defendants shall make a

1

reasonable effort to accommodate Plaintiffs' schedules, Plaintiffs are ordered to appear at the DMEs when set.

3. Plaintiffs' request that they be entitled to demand a female physician to conduct any scheduled pelvic examination is denied. Fed. R. Civ. P. 35 requires only that the examining physician be suitably licensed or certified. Nothing in the rule allows the plaintiff to select the gender of the examining physician. Accordingly, in the absence of a compelling, case-specific reason, Plaintiffs may not refuse an examination simply because the physician is male.

4. Plaintiffs' motion that they not be compelled to travel out-of-town for a DME is denied. As a general rule, a plaintiff may be compelled to travel for an independent medical examination. Whether such a request is appropriate is judged under a reasonableness standard, when considering the particular facts of the individual case. Defendants shall take into account the convenience of each plaintiff and attempt to keep travel distances at a minimum. However, this goal may not always be achievable, and requiring a plaintiff to travel further than desired may be reasonable under the facts of her case. The parties shall meet and confer in the individual cases. To the extent a plaintiff verifies through reliable means that she is unable to travel, Defendants shall arrange for a DME in the community. To the extent a plaintiff verifies through reliable means that she requires a traveling companion, Defendants shall be responsible for arranging the companion's travel. If the parties are unable to agree, they should promptly contact the court for a telephonic hearing in individual cases.

5. Plaintiffs' motion for production of the examiner's qualifications reasonably in advance of the examination is granted.

6. Plaintiffs' motion that they not be forced to undergo invasive testing is granted to the extent discussed and explained during the hearing. Plaintiffs shall submit to interviews, physical and pelvic examinations, external ultrasounds, laboratory work, x-rays, and non-invasive urodynamic testing, such as uroflowmetry. Plaintiffs shall not be compelled to submit to tests that are more invasive and require informed consent; such as, testing that involves the insertion of a catheter or the administration of anesthesia, although Plaintiffs may choose to consent to the testing. Plaintiffs are hereby notified, however, that their refusal to consent to a test is evidence that is likely to be admissible at trial.

7. Plaintiffs' request for an order stating that pelvic floor ultrasounds may only be performed by highly specialized physicians, with highly specialized equipment, and only after discussion with Plaintiffs' counsel, is denied as explained herein. As long as the individual performing the ultrasound is qualified/certified by an appropriate board or facility and the equipment is that standardly used for the examination, then the testing should be acceptable. Nonetheless, the court is not in a position to issue a blanket order that essentially allows Plaintiffs' counsel to set the credentialing standards for physicians/technicians performing pelvic floor ultrasonography on the Wave 1 plaintiffs. The undersigned agrees that the parties should exchange the necessary information and meet and confer prior to the examination. Ultimately, however, the same distinction between non-invasive versus invasive testing, discussed in paragraph 6 above, will apply to pelvic floor ultrasonography. As to other ultrasound testing, the ruling regarding invasive versus non-invasive testing will likewise apply.

8. Plaintiffs' request that the examination be audio-recorded is denied.

This order is supplemented by the transcript of the hearing to be filed with the Clerk.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-02327 and in the Ethicon Wave 1 cases. In cases subsequently filed in this district after 2:16-cv-01644, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:** February 18, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge