IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
|---|---|
| THIS DOCUMENT RELATES TO THE CASES IN WAVE 1: | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**RESPONSES AND OBJECTIONS TO DEFENDANTS'
AMENDED NOTICE OF DEPOSITION OF RUSSELL DUNN**

Plaintiffs hereby respond and object to Defendants' Amended Notice of Deposition of Russell Dunn (the Notice). The Notice was filed and served on March 1, 2016 and an Amended Notice was served on March 3, 2016. The deposition of Russell Dunn is noticed for March 7, 2016.

By making the accompanying responses and these objections to Defendants' requests for production, Plaintiffs do not waive, and hereby expressly reserve, their right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges to these objections and responses.

**GENERAL RESPONSES AND OBJECTIONS
TO THE NOTICE AND REQUESTS TO PRODUCE**

Plaintiffs object to each and every document request contained in Defendants' Notice of Deposition, and further object to the quantity of document requests contained in Defendants' Notice of Deposition. Plaintiffs object to each instruction, definition and

1

document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.  Plaintiffs generally object to each document request that is overly broad or to the extent that it seeks documents protected from disclosure by the attorney work product doctrine. Should any such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any applicable privilege.

**SPECIFIC RESPONSES AND OBJECTIONS
TO THE NOTICE AND DOCUMENT REQUESTS**

**Document Request No. 1:**   All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation to be paid to You for study and testimony in this case.

**Response:**   Plaintiffs will produce information relating to the amount of compensation that has been paid to or billed by the witness for work done in this case.  Plaintiffs object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C).

**Document Request No. 2:**   All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any pelvic mesh litigation in the last four years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff.

**Response:** Plaintiffs object to this request on the grounds that it is vague and overly broad with respect to "any pelvic mesh litigation" and, therefore, it seeks information related to products other than those at issue in this lawsuit.

**Document Request No. 3:** A copy of an up-to-date Curriculum Vitae.

**Response:** Plaintiffs refer Defendant to the expert witness's Curriculum Vitae attached to the Rule 26 report.

**Document Request No. 4:** If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

**Response:** Plaintiffs object to said request as being outside the scope of discovery required to be produced under Rule 26(a)(2)(B)(iv) of the Federal Rules of Civil Procedure. Subject to this objection, see the expert witness's CV, attached to the Rule 26 expert report.

**Document Request No. 5:** A complete list of all other cases in which You have testified as an expert or by deposition in the last four years.

**Response:** Plaintiffs refer Defendant to the expert witness's CV attached to the Rule 26 report.

**Document Request No. 6:** Copies of all medical records on the Plaintiff in Your possession.

**Response:** The witness does not have any documents in his possession which would be responsive to this request.

**Document Request No. 7:** Copies of any deposition testimony relating to this case in Your possession.

**Response:** To the extent the witness has reviewed Ethicon deposition testimony, such deposition testimony is referenced in the expert's report and the attachments thereto and are possessed by the defendant. Plaintiffs refer Defendant to the deposition testimony listed in Exhibit B to the Rule 26 expert report.

**Document Request No. 8:** All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information on the Plaintiff relating to Your opinions in this case.

**Response:** Plaintiffs object to this Request as being beyond the scope of discovery under F.R.C.P. 26. There is no requirement under the rules that an expert's notes generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

**Document Request No. 9:** All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to any other pelvic mesh cases involving the Gynemesh PS, TVT-O, Prolift, TVT Abbrevo, Prolift +M, Prolene Soft Mesh and/or Prosima products.

**Response:** Plaintiffs object to this request insofar as it this Request seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose

4

of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Finally, Plaintiffs' object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C).

**Document Request No. 10:** All final reports prepared in connection with Your expected testimony in this case.

**Response:** Plaintiffs refer Defendant to the expert witness's Rule 26 Report in this case.

**Document Request No. 11:** All final reports prepared in connection with Your role as a testifying expert in any other pelvic mesh cases involving the Gynemesh PS, TVT-O, Prolift, TVT Abbrevo, Prolift +M, Prolene Soft Mesh, Prosima and/or other pelvic mesh products.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad with respect to "any other pelvic mesh products" and, therefore, it seeks information related to products other than those at issue in this lawsuit. Additionally, these documents and reports have already been produced to the defendant in this case.

**Document Request No. 12:** All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to this case.

**Response:** Plaintiffs object to this Request seeks insofar as it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure

26(b)(3)(B). Finally, Plaintiffs' object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C). Additionally, these documents and reports have already been produced to the defendant in this case.

**Document Request No. 13:** All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to any other pelvic mesh case involving the Gynemesh PS, TVT-O, Prolift, TVT Abbrevo, Prolift +M, Prolene Soft Mesh, Prosima and/or other pelvic mesh products.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad with respect to "any other pelvic mesh products" and, therefore, it seeks information related to products other than those at issue in this lawsuit.

In addition, Plaintiffs object to this Request seeks insofar as it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Finally, Plaintiffs' object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C). Additionally, these documents and reports have already been produced to the defendant in this case.

**Document Request No. 14:** All Documents related to any physical examination or treatment by You of the Plaintiff.

**Response:** Plaintiffs respond to this request by stating that no such documents exist. The witness has not conducted any "physical examination or treatment" of any Plaintiff in this litigation.

**Document Request No. 15:** Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's health care providers.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs' expert Dr. Dunn, to the best of his knowledge, has had no contact with any healthcare provider of the plaintiffs.

**Document Request No. 16:** Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's other experts, including but not limited to other experts' disclosures, reports, or deposition testimony that You have been provided.

**Response:** Plaintiffs object to this request upon the grounds that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure and seeks protected attorney-expert communications. Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

**Document Request No. 17:** Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

**Response:** Plaintiffs object to this Request upon the grounds that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure and seeks protected attorney-expert communications. Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert.

Plaintiffs object to any such request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of

this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

The witness will not be asked to produce "[a]ny and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You" as said request is so broad, over-inclusive and overbearing that it would require the witness to go back in time to the very beginning of his training and attempt to resurrect and produce all materials that he might have at any time and for any purpose reviewed. Such request is so over-burdensome as to be harassing and beyond any reasonable request authorized by the Federal Rules of Civil Procedure.

Furthermore, the witness has used training and expertise in formulating opinions in this case, and it is unreasonable to require production of all background studies and experience. Defendants' request goes far beyond the discovery required to be produced by experts. The discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter. Rule 26 is not intended to place such burdens upon the witness. Rule 26 is not intended to dampen the access of parties to experts or to silence the experts by placing such onerous burdens upon them that they shy away from becoming involved in the litigation process. To the extent the witness has reviewed Ethicon internal documents, such are referenced in the expert's report and are possessed by the defendant.

**Document Request No. 18:** All literature, published or unpublished, consulted by You in connection with Your opinions in this case, including all literature that supports or fails to support Your opinions.

9

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs further object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C).

**Document Request No. 19:** All depositions, pleadings, court opinions, or other records that were summarized for You or otherwise made available for Your review in connection with Your expected testimony in this case or in any pelvic mesh case involving the Gynemesh PS, TVT-O, Prolift, TVT Abbrevo, Prolift +M, Prolene Soft Mesh and/or Prosima products.

**Response:** Plaintiffs object to this request on the grounds that it is vague and overly broad. In addition, this Request seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Finally, Plaintiffs' object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C).

**Document Request No. 20:** All photographs or other images, including photos of the Plaintiff or products, taken by or for You that relate to Your opinions in this case.

**Response:** Plaintiffs object to the request as being beyond the scope of discovery under F.R.C.P. 26. To the extent the witness has reviewed Ethicon internal documents

which contain photographs and videos, such are referenced in the expert's report and are possessed by the defendant.

**Document Request No. 21:** All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

**Response:** Plaintiffs object to this request on the grounds that it is vague and overly broad.

**Document Request No. 22:** Any Ethicon products in Your possession or Ethicon products belonging to You that You have placed in the possession of others.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs also object to this request as being beyond the scope of F.R.C.P. 26.

**Document Request No. 23:** All Documents, including but not limited to protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards, relating to any clinical trial and/or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which You participated in any capacity, such as an investigator, safety monitor, advisor, or study committee member.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs also object to this request as being beyond the scope of F.R.C.P. 26.

**Document Request No. 24:** All Documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by You relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs also object to this request as being beyond the scope of F.R.C.P. 26.

**Document Request No. 25:** All Documents relating to presentations or lectures given by You or to which You contributed relating to pelvic mesh products, pelvic organ prolapse, and/or stress urinary incontinence.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs also object to this request as being beyond the scope of F.R.C.P. 26.

**Document Request No. 26:** All communications from or to You relating to any professional medical society with respect to pelvic mesh, pelvic mesh products, pelvic organ prolapse, stress urinary incontinence, position statements, studies, editorials, and/or publications.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad.

**Document Request No. 27:** Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Without waiving this objection, see www.polymerchemtech.com.

**Document Request No. 28:** Copies of the syllabus and texts used in any classes taught by You in the past five years.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs also object to this request as being beyond the scope of F.R.C.P. 26.

**Document Request No. 29:** All transcripts of prior testimony, statements or presentations given by You in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs further object object that it seeks substantial documents and information unrelated to this lawsuit, including the products and any claims involved in this lawsuit.

**Document Request No. 30:** A copy of Your complete file in this case.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. In addition, this Request seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Finally, Plaintiffs' object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C). Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs also object to this request as being beyond the scope of F.R.C.P. 26.

**Document Request No. 31:** Any communications between You and counsel for the Plaintiff, to the extent that such communications:

    a.    Relate to Your compensation;

13

    b.    Identify facts or data that You were provided and that You considered in forming Your opinions; or

    c.    Identify assumptions that Plaintiff's counsel provided You and that You relied on in forming Your opinions.

**Response:** Plaintiffs object to this Request on the grounds that it is vague and overly broad. In addition, this Request seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Finally, Plaintiffs' object to this request to the extent that it is over broad and seeks communications between the Plaintiffs' attorneys and this witness as such information is beyond that required by Rule 26(b)(4)(C). Plaintiffs object to this Request on the grounds that it is vague and overly broad. Plaintiffs also object to this request as being beyond the scope of F.R.C.P. 26.

Dated: March 7, 2016

/s/ Michael H. Bowman
MICHAEL H. BOWMAN
Wexler Wallace LLP
55 W. Monroe St.
Suite 3300
Chicago, IL 60603
312-346-2222
mhb@wexlerwallace.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Michael H. Bowman
MICHAEL H. BOWMAN
Wexler Wallace LLP
55 W. Monroe St.
Suite 3300
Chicago, IL 60603
312-346-2222
mhb@wexlerwallace.com