**BUTLER | SNOW**

EXHIBIT A

March 2, 2016

**VIA ELECTRONIC MAIL**
Bryan Aylstock, Esq.
D. Renée Baggett. Esq.
Aylstock, Witkin, Kreis & Overholtz
17 E Main Street, Suite 200
Pensacola, FL 32591

Tom Cartmell, Esq.
Wagstaff & Cartmell LLP
4740 Grand Avenue - Suite 300
Kansas City, Missouri 64112

Bryan, Renée and Tom:

  I am addressing this letter to you as the leadership and liaison for the Ethicon MDL, and asking for your help. We have had at least two incidences this week of conduct inconsistent with PTO 214 and Judge Eifert's order dated October 23, 2013 in the *Lewis* matter concerning defense medical examinations of Plaintiffs. Both incidences occurred on Monday, February 29.

  Plaintiff Joyce Justus was scheduled to be examined by Dr. Rebecca Ryder in Chesapeake, VA. When Ms. Justus arrived at Dr. Ryder's offices, she handed Dr. Ryder or a member of her staff a letter from her counsel, Kimberly Wilson White of the Wilson Law, P.A. firm.

  Ms. Justus advised Dr. Ryder that she was instructed to present Dr. Ryder with a copy of the letter from counsel (attached). Among other things, the letter suggested that the driver hired to transport her to the examination might later report to defense counsel, and instructed Ms. Justus to "be sure to ask the driver to stop frequently to let you use the restroom." Ms. Justus was told to ask that her traveling companion be permitted to be in the room during the IME, and further that Dr. Ryder would refuse the request. The letter also advised Ms. Justus to ask that she be permitted to audio record the IME, and that Dr. Ryder would say "no." The letter suggested responses to anticipated questions by Dr. Ryder during her history. These directives included specific language to use when reporting complaints of the onset of dyspareunia and the precise degree of pain Ms. Justus was to report to Dr. Ryder.

  Plaintiff Denise Sacchetti was scheduled to appear for her IME with Dr. Fromer in New York City on February 29 at 3:30 p.m. This date and time was negotiated after much back and forth with Plaintiffs' counsel. Ms. Sacchetti had requested that the exam start earlier than 3:30, but prior to February 29 it was confirmed that the exam would not begin before 3:30 p.m. Ms. Sacchettti nevertheless appeared for the IME at 12:30 and requested that she be seen early. This created disruption in the medical office and required Dr. Fromer to rearrange her schedule and

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

**CHRISTY D. JONES**
601.985.4523
christy.jones@butlersnow.com

*Suite 1400*
*1020 Highland Colony Parkway*
*Ridgeland, MS 39157*

T 601.948.5711 • F 601.985-4500 • www.butlersnow.com
**BUTLER SNOW LLP**

March 2, 2016
Page 2

rush to the location of the IME so as to mitigate further disruption of the office practice where the exam was to take place. Ms. Sacchetti's counsel is the Bell Law Firm and Motley Rice.

Among other guidance, PTO 214 and Judge Eifert's ruling in *Lewis* are clear that:

- No third party shall be permitted to observe the IME

- Plaintiffs shall submit to interviews and a history

- Plaintiffs shall submit to non-invasive urodynamic testing

- While Plaintiffs are not be required to submit to more invasive testing such as insertion of a catheter or administration of anesthesia, "Plaintiffs may choose to consent to the testing," and their refusal to do so likely will be admissible at trial.

- The plaintiffs are not permitted to audio record the examination.

- Plaintiffs are ordered to appear at the DMEs when set.

These rules were clearly set by the Court to prevent the "infusion of the adversary process into the . . . examining room." *See* 10/23/2013 Opinion and Order of Judge Eifert in *Lewis*, at *4 (citations omitted). It is inappropriate to place the doctors in the position of needing to respond to adversarial confrontation in contravention of the order or having to explain and defend the content of the Court's order to the plaintiff.

We trust that all counsel in the Wave 1 cases are aware of Judge Eifert's rulings and that the leadership have stressed the need for all counsel and their clients to comply fully with those Orders. We would appreciate your reinforcing those expectations so that these or similar issues do not recur. We will object to any attempt to introduce evidence at trial regarding a doctor's refusal to accommodate requests that are inconsistent with Judge Eifert's rulings. Should such conduct occur in the future, we will have no choice but to immediately contact Judge Eifert and to seek appropriate sanctions. I am really hoping that this will not be necessary.

Very truly yours,

BUTLER SNOW LLP

Christy D. Jones

CDJ/dbj
Enclosure

ButlerSnow 30081912v1