# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON, INC., PELVIC, REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO: WAVE 1 CASES | ) ) ) ) | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

## DECLARATION OF CYNTHIA A. BERGMANN, M.D.

I, Cynthia A. Bergmann, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an obstetrician-gynecologist in private practice at Canterbury Women's Health Care, Inc., in Fresno, California.

2. I attended medical school at the Medical College of Wisconsin in Milwaukee, Wisconsin, graduating in 1979. I went on to do a ob/gyn residency at the University of Minnesota in Minneapolis, Minnesota, and at Tulane University in New Orleans, Louisiana

3. I am a fellow of the American College of Obstetricians and Gynecologists, a member of the Fresno-Madera Medical Society, and a Diplomate of the National Board of Medical Examiners.

4. I am licensed to practice medicine in the State of California.

5. I have been provided with a copy of Plaintiffs' Emergency Motion to Reconsider the Scope of Wave 1 Defense Medical Exams and have reviewed that motion as it pertains to the medical examinations of Plaintiff Constance Daino.

6.	I examined Ms. Freitas on February 26, 2016 in Lancaster, California. I traveled to Lancaster, as I was told Plaintiff was unable to travel to Fresno for the examination.

7.	When I examined Mrs. Constance Daino on February 26, 2016 in Lancaster, CA, I first obtained written and verbal consent for the examination. I then performed a complete history and physical examination including breast, pelvic and neurological examinations, as is recommended by the American Congress of Obstetrics and Gynecology and the American Urogynecologic Society. This is also my practice when approaching any new patient.

8.	I was accompanied by a chaperone for the pelvic exam, as is my custom. When I asked for the bladder ultrasound, Mrs. Daino demurred on the basis that it was invasive. I told her that I had been informed that it was my understanding that it was permissible to do the study. I suggested she contact her lawyer to confirm that it was permitted. She did so and was told that the ultrasound was allowed. I informed her that if she did not want the ultrasound that I would not do it. I also informed her that if she objected to any other part of the exam, I would not do it. She stated that she had no objections.

9.	A bladder ultrasound was done before and after her cough test. A Marshall test was not performed, as it had not been specifically permitted. With the exception of her concern over the ultrasound, Mrs. Daino was relaxed and co-operative throughout the examination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Tuesday, March 8, 2016, at Las Vegas, Nevada.

/s/Cynthia A. Bergmann_____
Cynthia A. Bergmann, M.D., FACOG

2