EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC.<br>PELVIC REPAIR SYSTEM PRODUCTS<br>LIABILITY LITIGATION | Master File No. 2:I2-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO:<br><br>Wave 1 cases | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DECLARATION OF REBECCA M. RYDER, M.D. REGARDING
INDEPENDENT MEDICAL EXAM OF MS. JOYCE JUSTUS
HELD ON FEBRUARY 29, 2016**

REBECCA M. RYDER, MD, of full age, hereby attests:

1. I have been retained as an expert by Defendants Ethicon, Inc. and Johnson & Johnson in this litigation and have submitted expert reports in connect with this case. I submit this Declaration in support of Defendants' opposition to Plaintiffs' emergency motion to reconsider the scope of Wave 1 Defense Medical Exams, filed March 8, 2016.

2. I have read the allegations contained in the moving papers by plaintiffs regarding the defense medical exam of the plaintiff in this matter.

3. I made arrangements with counsel to perform an independent medical exam of plaintiff Joyce Justus at my office on February 29, 2016, to commence at 8:30 am. I was in my office at 8:30 am when the exam was supposed to commence.

4. Prior to the exam, I had informed my office manager, my nurse and my usual receptionist that Ms. Justus would be arriving for her exam. If Ms. Justus upon her arrival spoke to someone who was not aware of the IME, it must have been that a different staff member

1

happened to come to the window when she first arrived and there was a misunderstanding. In any case, I was in my office and prepared to proceed with Ms. Justus's exam.

5. It is not the normal practice of my office staff to ask patients what paperwork they brought with them. I have spoken with my receptionist who confirmed that Ms. Justus voluntarily provided to my staff the letter that her counsel had given her.

6. Before entering Ms. Justus's exam room, I first reviewed her chart, and saw the letter from plaintiffs' counsel in it. The letter made requests including the audio recording of the IME, and that Ms. Justus's companion be present during the exam. It also stated that Ms. Justus was to refuse any requested urodynamic testing. Because I was not expecting such requests, before proceeding into the exam room, I called defense counsel to get guidance on an appropriate response to the plaintiffs' requests and the proper scope of the IME. I spoke with defense counsel Kelly Crawford for about 10-15 minutes. During our conversation, Ms. Crawford reviewed the court's IME orders with me and sent me copies of the orders. I did not enter the exam room to see Ms. Justus until I had received guidance from Ms. Crawford in light of the unexpected letter that plaintiff had provided. This is why the exam started a bit later than the scheduled 8:30 am start time.

7. Contrary to what is stated in the Plaintiffs' motion brief, Ms. Justus was not "left in this exam room" during this time period; rather her companion was with her until I arrived in the exam room.

8. When I went in to see Ms. Justus along with my staff nurse, I explained my understanding of the court's rulings, which did not permit the presence of her companion during the exam. Ms. Justus's companion then left the exam room and, to my knowledge, no one audio-recorded the exam.

2

9. My nurse Chanelle was present during the history taking and physical examination to assist with the exam and observe.

10. I do not agree with the claim made in Plaintiffs' motion papers that the exam was so painful that Ms. Justus "almost came off the table." While Ms. Justus did report tenderness at particular points during the pelvic exam, based on my palpation and observation of Ms. Justus during the exam, it is a gross exaggeration to say she "almost came off the table." The vaginal aspect of the exam was routine, performed with care, and in no way performed in a manner intended to inflict pain or discomfort on Ms. Justus.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 9, 2016

*[signature]*
REBECCA M. RYDER, MD

3