**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE:  ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES[1] | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER**

For the second time in nine months, counsel from the law firm Kline & Specter seek to have their cases transferred from this MDL to the U.S. District Court for the Eastern District of Pennsylvania.  Plaintiffs' Motion to Transfer [Doc. 1894] should be denied for several reasons.

First, their request is premature, as pretrial proceedings are not complete.  Further, Plaintiffs have not established good cause for transfer.  Plaintiffs' motion would have the effect of creating another MDL in the Eastern District of Pennsylvania, a result at odds with 28 U.S.C. § 1407(a).

Second, as to the cases that were not directly filed in this MDL, the Court lacks the authority to grant the relief requested, and the Motion should be denied.

Finally, even if transfer were appropriate, the Eastern District of Pennsylvania is an improper venue for the vast majority of the Plaintiffs here.  Relatively few of these Plaintiffs' cases have any connection with the Commonwealth of Pennsylvania; therefore, transfer is improper under 28 U.S.C. § 1404(a).

---

[1] Plaintiffs' Motion was filed in the master MDL, and so Ethicon will respond in kind.  In actuality, Plaintiffs' Motion only applies to the 429 cases listed in Exhibit A to the Motion.  *See* Doc. 1894, pp. 4-14.

## ARGUMENT

I.     **Plaintiffs' request for transfer is premature, and Plaintiffs have not established good cause for transfer.**

Plaintiffs have not established good cause for transfer of these 429 cases to the U.S. District Court for the Eastern District of Pennsylvania.

"Remand is appropriate when the discreet function performed by the transferee court has been completed." *In re Integrated Resources, Inc.*, 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995) (citing *In re Richardson-Merrel, Inc. "Bendectin" Prods. Litig.*, 606 F. Supp. 715, 716-17 (J.P.M.L. 1985)). In Pretrial Order #15, the Court indicated that "[a]t the conclusion of *all* pretrial proceedings, the court, pursuant to 28 U.S.C. § 1404(a), will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. § 1391." PTO # 15, p. 4 (emphasis added). In their Motion to Transfer, Plaintiffs do not appear to argue that all pretrial proceedings are complete in this MDL or in any of the cases in which they seek transfer, asserting instead that "[g]eneric fact discovery has been substantially completed." [Doc. 1893, p. 2].

Nor could they make such an argument, as pretrial proceedings remain. "[P]retrial, as an adjective, means before trial— . . . all judicial proceedings before trial are pretrial proceedings." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 494 (J.P.M.L. 1968); 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3866 ("Interpreted literally, the transferee court appears to have control over all proceeding prior to trial [,]" including discovery motions, motions to amend, to dismiss, for summary judgment, and to determine class certification.); *In re Patenaude*, 210 F.3d 135, 142 (3d Cir. 2000) (denying writ of mandamus ordering remand and finding "the individual settlement negotiations and conferences that are occurring in plaintiffs' cases are in fact 'coordinated' proceedings").

2

As the Third Circuit has held, "the test is not whether proceedings on issues common to all cases have concluded; it is whether the issues overlap, either with MDL cases that have already concluded or those currently pending.  Moreover, the overlapping issues do not necessarily need to touch the petitioners' particular cases."  *In re Wilson*, 451 F.3d 161, 170 (3d Cir. 2006) (finding coordinated proceedings not complete where "petitioners have failed to show that MDL–1203 no longer serves its purpose of promoting the just and efficient conduct of litigation concerning the diet drugs").  Applying these standards, pretrial proceedings are plainly incomplete.  Yes, "generic fact discovery" of Defendants has been taken, but discovery is a two-way street.  To this end, for Plaintiffs' 429 cases, remaining pretrial proceedings include case-specific fact discovery, expert discovery, *Daubert* motions, and dispositive motions.

When pretrial proceedings remain, it is well accepted that a party seeking remand bears the burden of demonstrating "good cause."  *See, e.g., In re Maxim Integ. Prod., Inc.,* 2015 WL 1757779, at *3 (W.D. Pa. Apr. 17, 2015); *In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978).  Plaintiffs have failed to carry their burden in this regard.

In essence, Plaintiffs' argument is that their cases should be transferred because they are not in the first three waves of cases and their cases have not settled.  [Doc. 1893, pp. 2-3].  They also argue that their counsel can "handle the demands of transfer" because they recently tried two cases to verdict in the Pennsylvania Court of Common Pleas.  [Doc. 1893, p. 3].  This does not constitute good cause.

First, the fact that these cases are not in the first three waves of discovery and have not settled cannot be "good cause," as it would apply in the vast majority of the case in the MDL.  There are more than 31,000 cases in the Ethicon MDL, and fewer than 600 cases are in the first three waves of case-specific discovery and motions.

3

Second, the fact that Kline & Specter has recently tried cases does not constitute good cause. There are surely a large number of Plaintiffs' firms in this MDL who can "handle the demands of transfer," and other firms have tried Ethicon mesh cases to verdict in the states of California, Texas, and New Jersey. It would be unfair to give Kline & Specter—or any other law firm—special treatment simply because that firm has tried mesh cases before.

Third, granting Plaintiffs' motion would frustrate and defeat the very purpose of centralization under 28 U.S.C. § 1407, namely, to serve the "convenience of parties and witnesses" and "promote the just and efficient conduct of such action." 28 U.S.C. § 1407(a). Transfer of 429 cases to the Eastern District of Pennsylvania would have the effect of creating another MDL in that jurisdiction. The *de facto* creation of two MDLs contravenes the purpose of 28 U.S.C. § 1407. It would be inconvenient, unjust, and inefficient to force Ethicon to defend in another MDL, and it would likewise be inefficient for another judge to attempt to become as well-versed as this Court is with the mesh litigation. As one court recently observed, "The accrual of judicial expertise is a 'key principle of the multi-district scheme' and is often the determinative factor in deciding whether to remand prior to the completion of pretrial proceedings." *In re Maxim Integrated Products, Inc.*, MDL No. 2354, No. 12-244, 2015 WL 1757779, at *5 (W.D. Pa. Apr. 17, 2015) (denying remand where there was only one active case remaining in the MDL proceeding).

As Plaintiffs have done before, their instant Motion entirely fails to address any of the foregoing legal criteria. Counsel for these Plaintiffs made a nearly identical request about nine months ago, which the Court denied. *See* Order, *In re: Ethicon, Inc.*, No. 2:12-md-02327, Doc. 1608 (S.D. W. Va. June 23, 2015). The Court has also denied transfer or remand on two other occasions. *See* Order, *In re: Ethicon, Inc.*, No. 2:12-cv-06893, Doc. 18 (S.D. W. Va. June 29,

2015); Order *Belt et al. v. Ethicon, Inc. et al.*, No. 2:14-cv-28605, Doc. 9 (S.D. W. Va. Aug. 10, 2015). Unsupported by any new legal arguments, their instant Motion is in no better posture than their prior motion, and as a result, their instant Motion should be summarily denied.

This same firm also recently made a similar request in the *In re: C.R. Bard* MDL, which this Court denied. *See In re: C.R. Bard Inc.*, Doc. 1827 (S.D. W. Va. Mar. 9, 2016). And only last month, the Fourth Circuit denied Bard plaintiffs' counsel's request for a writ of mandamus ordering this Court to transfer their cases for trial without oral argument and without written opinion. *See In re: Janet Dahse et al.*, No. 16-1111, Doc. 17 (4th Cir. Feb. 18, 2016).

Plaintiffs have not established good cause in this second attempt at transfer, and the Court should exercise its discretion to summarily deny the Motion.

## II.     The Court does not have authority to transfer cases transferred to this MDL by the J.P.M.L.

Fifty-two of the 429 Plaintiffs at issue here had their cases transferred into this MDL by the Judicial Panel of Multidistrict Litigation ("J.P.M.L."). *See* Chart, Ex. A. This Court does not have the authority to grant transfer of these cases; rather, it could only recommend remand to the J.P.M.L. *See* 28 U.S.C. § 1407(a); *In re Baycol Products Litig.*, 265 F.R.D. 453, 455 (D. Minn. 2008) ("The role of the transferee court in reviewing a motion for remand is to provide a suggestion or recommendation to the Panel"); *In re Aredia & Zometa Products Liab. Litig.*, No. 3:06-MD-1760, 2010 WL 5387695, at *1 (M.D. Tenn. Dec. 22, 2010) ("An MDL court has no authority to remand a case on its own. Rather, the Judicial Panel of Multidistrict Litigation must order the remand.").

Accordingly, as to the 52 Plaintiffs whose cases were transferred into this MDL by the J.P.M.L., the Court lacks the authority to transfer their cases, and their motion should be denied for this additional reason.

5

**III.    Even if transfer were granted, the requested venue for transfer is improper in the vast majority of these cases.**

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action only to a "district or division where it might have been brought."  Even if the Court determines transfer is appropriate, the requested venue for transfer—the U.S. District Court for the Eastern District of Pennsylvania—is improper in more than 86% of the cases listed in Plaintiffs' motion.

There are 429 Plaintiffs listed in Plaintiffs' Exhibit A.  These Plaintiffs are from 48 states across the country.[2]  In fact, only 55 of the Plaintiffs allege to be citizens of the Commonwealth of Pennsylvania.  *See* Chart, Ex. A.  For 370 of the remaining 374 Plaintiffs, the only apparent connection to the Commonwealth of Pennsylvania appears to be that their attorneys are based there.[3]  This record is improper to establish the U.S. District Court for the Eastern District of Pennsylvania as the proper district for transfer.

For the Plaintiffs whose cases have no connection to Pennsylvania, the Eastern District of Pennsylvania lacks general or specific personal jurisdiction over Defendants.  There is no specific personal jurisdiction for the non-Pennsylvania Plaintiffs' cases under the Pennsylvania long-arm statute, 42 Pa.C.S. § 5322 (2002), as it requires the transaction of business in the Commonwealth.  Neither is there general personal jurisdiction under *Daimler AG v. Bauman*,

---

[2] The Plaintiffs are from:  Alaska (2), Alabama (16) Arkansas (4), Arizona (9), California (17), Colorado (8), Connecticut (3), Delaware (2), Florida (25), Georgia (21), Iowa (2), Idaho (1), Illinois (21), Indiana (15), Kansas (2), Kentucky (11), Louisiana (5), Maine (6), Maryland (7), Massachusetts (8), Michigan (15), Minnesota (3), Missouri (11), Mississippi (8), Montana (6), North Carolina (9), Nebraska (3), New Hampshire (5), New Jersey (3), New Mexico (4), Nevada (1), New York, (12), Ohio (23), Oklahoma (4), Oregon (7), Pennsylvania (55), Rhode Island (3), South Carolina (7), South Dakota (1), Tennessee (8), Texas (23), Utah (1), Virginia (12), Virgin Islands (1), Washington (5), Wisconsin (6), and West Virginia (8).  *See* Chart, Ex. A.

[3] Four Plaintiffs who are residents of states other than Pennsylvania allege to have had their implantation surgeries there:  Plaintiff Debra Maynard Kimble (Alabama resident), Rina Vides (Florida resident), Maryann Provenzano Bucci (New Jersey resident), and Michelle Moyer (West Virginia).  *See* Ex. A.

6

134 S. Ct. 746 (2014).  Defendants are incorporated in and have their principle places of business in the State of New Jersey, and this Court has expressly found that allegations that "defendants market and sell large amounts of products in the forum" or "train and direct employees in the forum" do not confer general personal jurisdiction.  *Bragg v. Johnson & Johnson*, 2015 WL 4889308, *6 (S.D. W. Va. Aug. 17, 2015).  Because there is no personal jurisdiction, there likewise is no venue under 28 U.S.C. § 1391(d).

In addition, the Eastern District of Pennsylvania is an inconvenient forum under the doctrine of forum non conveniens.  *See Nowsco Well Serv., Ltd. v. Home Ins. Co.*, 799 F. Supp. 602, 612-13 (S.D. W. Va. 1991) (Copenhaver, J.), *aff'd*, 974 F.2d 1331 (4th Cir. 1992).  Another forum exists that is already available, alternative, and more convenient—namely, the jurisdiction where each Plaintiffs' claims arose.  *See In re Ethicon, Inc. Pelvic Repair Sys. Products Liab. Litig.*, No. 2:13-CV-19868, 2014 WL 584113, at *1 (S.D. W. Va. Feb. 14, 2014).

Accordingly, as to Plaintiffs whose claims have no connection to the Eastern District of Pennsylvania, Plaintiffs' motion should be denied for the additional reason that it is an improper venue for transfer.

ButlerSnow\018890\078026\30191174.v1-3/15/16

## CONCLUSION

For these reasons, Plaintiffs' motion for transfer should be denied.

Dated:  March 15, 2016.

Respectfully submitted,

/s/ Christy D. Jones_____
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

/s/ David B. Thomas_____
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ Christy D. Jones_____
Christy D. Jones

ButlerSnow 30191174v1

9