IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                              MDL No. 2327

--------------------------------------------------------
THIS DOCUMENT RELATES TO CASES IDENTIFIED IN
PLAINTIFFS' MOTION TO TRANSFER [ECF No. 1893]

ORDER

Pending before the court is the Motion to Transfer [ECF No. 1893] ("Motion") filed by certain plaintiffs represented by Kline & Specter P.C.[1] The defendants—Johnson & Johnson and Ethicon Inc.—filed their Response [ECF No. 1936] on March 15, 2016, and the plaintiffs did not file a timely reply, making the Motion ripe for adjudication.

In short, the court **DENIES** the Motion as premature. Neither pretrial motion practice nor discovery is complete in these cases; because pretrial proceedings remain underway, none of these cases are ready for remand. Remanding these cases at this time would run contrary to the purpose of multidistrict litigation. *See* Barbara J. Rothstein & Catherine R. Borden, Fed. Judicial Ctr., *Managing Multidistrict Litigation in Products Liability Cases* 3 (2011) ("[The transferee judge's] ultimate

---

[1] The plaintiffs moving for transfer are listed in the Motion. Mot. 5–14. These 429 cases represent a mere fraction of the open cases in this MDL alone—currently numbering more than 30,000 cases—and an even smaller fraction of the open cases in the seven MDLs concerning the use of transvaginal surgical mesh—currently numbering more than 70,000 cases. These cases are no different than the other cases in this MDL.

responsibility is to resolve pretrial issues in a timely and expeditious manner. The transferee judge supervises discovery; resolves important evidentiary disputes, class certification issues, and dispositive motions; and establishes procedures that will aid the parties in settlement negotiations."). So the court will not transfer these cases until pretrial proceedings are complete. *See* PTO No. 12, at 3–4.

The plaintiffs claim transfer is proper because "[g]eneric fact discovery has been substantially completed." Mot. 2; *see also* Mem. Supp. Mot. 3 [ECF No. 1894] ("Pretrial proceedings are substantially complete."). The plaintiffs do not specify which facets of discovery have been completed or how pretrial proceedings are substantially complete in their individual cases. The court will not accept the plaintiffs' generalizations as true.

Indeed, it appears that none of these cases have been assigned to a wave for pretrial workup. *See* Resp. 3 ("In essence, Plaintiffs' argument is that their cases should be transferred because they are not in the first three waves of cases and their cases have not settled."). And at this time, cases that have not been assigned to a wave are not governed by scheduling deadlines related to discovery. *E.g.*, PTO No. 195.[2] Discovery remains incomplete in these cases.

Even if discovery were complete in these cases, pretrial proceedings would remain incomplete in these cases. For example, dispositive motions and *Daubert* motions would still need to be filed and decided. Quite simply, the plaintiff's request

---

[2] Even more, in the wave cases, Wave 1 discovery closed today and discovery remains far from complete in Wave 2 and Wave 3. PTO No. 195 (scheduling Wave 1 discovery to close on April 1, 2016); PTO No. 206 (scheduling Wave 2 discovery to close on July 1, 2016); PTO No. 210 (scheduling Wave 3 discovery to close on August 30, 2016).

for transfer is premature. Accordingly, the court **DENIES** the Motion to Transfer [ECF No. 1893].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 1, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3