UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST
VIRGINIA AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO ALL CASES IN WAVE 1 OF MDL 200: | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' NOTICE OF DEPOSITION OF DR. DIONYSIOS VERONIKIS

Plaintiffs in the above referenced cases (hereinafter "Plaintiffs") hereby respond and object to Defendants' Notice of deposition of Dr. Dionysios Veronikis (the "Notice"). The Notice was filed and served on or about March 28, 2016, and the deposition of Dr. Veronikis is noticed for April 30, 2016.

By making the accompanying responses and these objections to Defendants' requests for production, Plaintiffs do not waive, and hereby expressly reserve, their right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges to these objections and responses.

GENERAL RESPONSES AND OBJECTIONS
TO NOTICE AND REQUESTS TO PRODUCE

Plaintiffs object to each of the document requests contained in Defendants' Notice of Deposition, and further object to the quantity of document requests contained in Defendants' Notice of Deposition. Plaintiffs further object that the requests as stated are vague and over burdensome. As worded, the discovery requests would in effect require the expert to reproduce

1

all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter.   Plaintiffs object to each document request to the extent that it purports to impose any requirement or discovery obligation greater or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Plaintiffs generally object to each document request that is overly broad or to the extent it seeks documents protected from disclosure by attorney work product doctrine, or laws and regulations governing disclosure of protected private health information, including, but not limited to the Health Insurance Portability Accountability Act of 1996 ("HIPAA") and related regulations.  Should such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any applicable privileges.

**SPECIFIC RESPONSES AND OBJECTIONS**
**TO NOTICE AND REQUESTS TO PRODUCE**

**Request No. 1:** All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation to be paid to You for study and testimony in this case.

**Responses and Objections to Request No. 1**:  Plaintiffs object to the request as stated as being beyond the scope of discovery required to be produced under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs further object to this Request as being overly broad and as for asking for material not recorded or retained by this witness.  Plaintiffs also object to the term "this case" as vague and ambiguous. Without waiving the foregoing objections, Plaintiffs will produce information as to the amount of compensation that has been paid to or billed by the witness in this matter.

**Request No. 2:** All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any pelvic mesh litigation in the last four years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff.

**Responses and Objections to Request No. 2**: Plaintiffs object to the request as stated as being beyond the scope of discovery required to be produced under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs further object to this Request as being overly broad and as for asking for material not recorded or retained by this witness. Without waiving the foregoing objections, Plaintiffs will produce information as to the amount of compensation that has been paid to or billed by the witness in this matter.

**Request No 3**:  A copy of an up-to-date Curriculum Vitae.

**Responses and Objections to Request No. 3**: Dr. Veronikis has provided a copy of his most recent Curriculum Vitae.

**Request No. 4**: If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

**Responses and Objections to Request No. 4**: Plaintiffs object to this Request on the grounds that it is vague and overly broad with respect to "Your publications" and, therefore, it seeks information related to products other than those implanted in the Plaintiffs and at issue in this lawsuit.  Plaintiffs further object to Request Number 4 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal

3

Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

**Request No. 5**: A complete list of all other cases in which You have testified as an expert or by deposition in the last four years.

**Responses and Objections to Request No. 5**: Plaintiffs object to the request as stated as being beyond the scope of discovery required to be produced under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs also object to this Request as being overly broad and as for asking for material not recorded or retained by this witness. Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions or testimony given outside of the above captioned case.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 report previously served in this matter.

**Request No. 6**:  Copies of all medical records on the Plaintiff in Your possession.

**Responses and Objections to Request No. 6**: This is not a case specific deposition. Therefore, Plaintiffs object to this request upon the grounds that said requests seek discovery beyond the scope of this TVT and Gynemesh product related deposition and beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

1.      Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places

no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

2.      Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

3.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

4.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness or violate any obligations under state and federal law, including HIPAA.

**Request No. 7**: Copies of any deposition testimony relating to this case in Your possession.

**Responses and Objections to Request No. 7**: Plaintiffs object to the request as stated as being beyond the scope of discovery required to be produced under Rule 26 of the Federal Rules

of Civil Procedure. Plaintiffs also object to this Request as being overly broad and as for asking for material not recorded or retained by this witness. Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions or testimony given outside of the above captioned case.

**Request No. 8**: All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information on the Plaintiff relating to Your opinions in this case.

**Responses and Objections to Request No. 8**: This is not a case specific deposition. Therefore, Plaintiffs object to Request Number 8 upon the grounds that said requests seek discovery beyond the scope of this TVT and Gynemesh product related deposition and beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the

request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).
See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist.
WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.      Plaintiffs further object to said request as seeking information outside the scope of
discovery authorized under the Federal Rules of Civil Procedure, which rules do
not require such production by an expert and inquire about opinions given outside
of the above captioned case.

3.      Further Plaintiffs object to said request insofar as it would require the witness to
produce any other material or to copy and produce any literature or other material
the expert may have reviewed from published sources during his review and
preparation of this matter, as such is outside the scope of discovery required to be
produced by or relating to expert witnesses under the Federal Rules of Civil
Procedure.

4.       Further Plaintiffs object to said request upon the grounds that it seeks discovery
from expert witnesses exempted from discovery by Rule 26 of the Federal Rules
of Civil Procedure. There is no requirement under the rules that an expert's notes,
tapes, memoranda, or records generated in connection with involvement in the
cases, whether hand-written or in electronic format, be produced.

5.       Plaintiffs further object to the all-inclusive phrase "*[a]ll documents*" in said
request as being so broad and all-inclusive as to be beyond the scope of discovery
required to be produced by expert witnesses by Rule 26 of the Federal Rules of
Civil Procedure. Furthermore, the phrase places no boundaries on the type

material requested, and places no definition of the scope or type of documents requested.

6.    Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.    Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.    Plaintiffs further object to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 9**: All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to any other pelvic mesh cases involving the Gynemesh PS and TVT products.

**Responses and Objections to Request No. 9**: Plaintiffs object to Request Number 9 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.     Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.     Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and

preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4. Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5. Plaintiffs further object to the all-inclusive phrase "*[a]ll documents*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6. Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.       Plaintiffs object to this Request because it seeks data or other information

relating to the mental impressions, conclusions, opinions, and legal theories of

Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not

disclosed or otherwise maintained in a way that is inconsistent with the purpose of

the privilege, is protected by the work product doctrine and Federal Rule of Civil

Procedure 26(b)(3)(B).

8.       Plaintiffs further object to this Request as being overly broad and as for asking

for material not recorded or retained by this witness.

**Request No. 10**: All final reports prepared in connection with Your expected testimony

in this case.

**Responses and Objections to Request No. 10**: Plaintiffs object to this request to the

extent that said request seeks discovery beyond that required to be produced by experts under

Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that

Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule

26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C)

specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's

attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the

form of the communications, except to the extent that the communications (i) relate to

compensation for the expert's study or testimony; (ii) identify facts or data that the party's

attorney provided and that the expert considered in forming the opinions to be expressed; or (iii)

identify assumptions that the party's attorney provided and that the expert relied on in forming

the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted

from discovery by the foregoing rules. Plaintiffs object to the request except as those matters

specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Without waiving the foregoing objections, Plaintiffs have produced reports in this case, and reserve the right to supplement or amend these reports as permitted under the Rules.

**Request No. 11**: All final reports prepared in connection with Your role as a testifying expert in any other pelvic mesh cases involving the Gynemesh PS, TVT, and/or other pelvic mesh products.

**Responses and Objections to Request No. 11**: Plaintiffs object to Request Number 11 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).

See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.  Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.  Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.  Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.  Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.       Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.       Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.       Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 report previously served to Defendants.

**Request No. 12**: All Documents, including reports, summaries of data, studies, or other Documentation reflecting testing done by You relating to this case.

**Responses and Objections to Request No. 12**: Plaintiffs object to Request Number 12 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically

provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.      Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.      Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.      Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.      Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the

privilege, is protected by the work product doctrine and Federal Rule of Civil

Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by

this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness'

Rule 26 report previously served in this matter.

**Request No. 13**: All Documents, including reports, summaries of data, studies, or other

Documentation reflecting testing done by You relating to any other pelvic mesh case involving

the Gynemesh PS, TVT, and/or other pelvic mesh products.

**Responses and Objections to Request No. 13**:  Plaintiffs object to Request Number 13

upon the grounds that said requests seek discovery beyond that required to be produced by

experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically

provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required

under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule

26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule

26(a)(2)(B), regardless of the form of the communications, except to the extent that the

communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts

or data that the party's attorney provided and that the expert considered in forming the opinions

to be expressed; or (iii) identify assumptions that the party's attorney provided and that the

expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to

produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the

request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).

See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.  Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.  Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.  Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.  Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.      Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports previously served to defendants.

**Request No. 14**: All Documents related to any physical examination or treatment by You of the Plaintiff.

**Responses and Objections to Request No. 14**: Plaintiff objects to this request as exceeding the scope of this deposition regarding the product at issue.  The deposition will not include plaintiff specific causation opinions.  Plaintiffs also object to this request upon the

grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

1.  Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

2.  Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the

communications, except to the extent that the communications (i) relate to
compensation for the expert's study or testimony; (ii) identify facts or data that
the party's attorney provided and that the expert considered in forming the
opinions to be expressed; or (iii) identify assumptions that the party's attorney
provided and that the expert relied on in forming the opinions to be expressed.

3.    Plaintiffs object to this Request because it seeks data or other information
relating to the mental impressions, conclusions, opinions, and legal theories of
Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not
disclosed or otherwise maintained in a way that is inconsistent with the purpose of
the privilege, is protected by the work product doctrine and Federal Rule of Civil
Procedure 26(b)(3)(B).

4.    Plaintiffs object to this Request as asking for material not recorded or retained by
this witness or violate any obligations under state and federal law, including
HIPAA.

**Request No. 15**: Any and all Documents relating to or reflecting any communication
involving You and any of the Plaintiff's health care providers.

**Responses and Objections to Request No. 15**: Plaintiff objects to this request as
exceeding the scope of this deposition regarding the product at issue.  The deposition will not
include plaintiff specific causation opinions.  Plaintiffs also object to this request upon the
grounds that said requests seek discovery beyond that required to be produced by experts under
Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that
Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule
26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C)

specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

1.    Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

2.    Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the

opinions to be expressed; or (iii) identify assumptions that the party's attorney

provided and that the expert relied on in forming the opinions to be expressed.

3.  Plaintiffs object to this Request because it seeks data or other information

relating to the mental impressions, conclusions, opinions, and legal theories of

Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not

disclosed or otherwise maintained in a way that is inconsistent with the purpose of

the privilege, is protected by the work product doctrine and Federal Rule of Civil

Procedure 26(b)(3)(B).

4.  Plaintiffs object to this Request as asking for material not recorded or retained by

this witness or violate any obligations under state and federal law, including

HIPAA.

**Request No. 16**: Any and all Documents relating to or reflecting any communication

involving You and any of the Plaintiff's other experts, including but not limited to other experts'

disclosures, reports, or deposition testimony that You have been provided.

**Responses and Objections to Request No. 16**: Plaintiffs object to Request Number 16

upon the grounds that said requests seek discovery beyond that required to be produced by

experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically

provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required

under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule

26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule

26(a)(2)(B), regardless of the form of the communications, except to the extent that the

communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts

or data that the party's attorney provided and that the expert considered in forming the opinions

to be expressed; or (iii) identify assumptions that the party's attorney provided and that the

expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to

produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the

request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).

See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist.

WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.      Plaintiffs further object to said request as seeking information outside the scope

of discovery authorized under the Federal Rules of Civil Procedure, which rules

do not require such production by an expert and inquire about opinions given

outside of the above captioned case.

3.      Further Plaintiffs object to said request insofar as it would require the witness to

produce any other material or to copy and produce any literature or other material

the expert may have reviewed from published sources during his review and

preparation of this matter, as such is outside the scope of discovery required to be

produced by or relating to expert witnesses under the Federal Rules of Civil

Procedure.

4.      Further Plaintiffs object to said request upon the grounds that it seeks discovery

from expert witnesses exempted from discovery by Rule 26 of the Federal Rules

of Civil Procedure. There is no requirement under the rules that an expert's notes,

tapes, memoranda, or records generated in connection with involvement in the

cases, whether hand-written or in electronic format, be produced.

5.      Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.      Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 17**: Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

**Responses and Objections to Request No. 17**: Plaintiffs object to Request Number 17 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.   Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.    Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.    Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.    Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.    Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the

opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No.18**: All literature, published or unpublished, consulted by You in connection with Your opinions in this case, including all literature that supports or fails to support Your opinions.

**Responses and Objections to Request No. 18**: Plaintiffs object to Request Number 18 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions

to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.   Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.   Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.   Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.   Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by

Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6. Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7. Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8. Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 19**: All depositions, pleadings, court opinions, or other records that were summarized for You or otherwise made available for Your review in connection with Your expected testimony in this case or in any pelvic mesh case involving the Gynemesh PS and TVT products.

**Responses and Objections to Request No. 19**: Plaintiffs object to Request Number 19 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules

do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.      Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.       Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.      Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.       Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that

the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 20**:  All photographs or other images, including photos of the Plaintiff or products, taken by or for You that relate to Your opinions in this case.

**Responses and Objections to Request No. 20**: Plaintiff objects to this request as exceeding the scope of this deposition regarding the product at issue.  The deposition will not include plaintiff specific causation opinions.  Plaintiffs also object to Request Number 20 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.    Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.    Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.    Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes,

tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.      Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.       Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 21**:  All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

**Responses and Objections to Request No. 21**: Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

**Request No. 22**: Any Ethicon products in Your possession or Ethicon products belonging to You that You have placed in the possession of others.

**Responses and Objections to Request No. 22**:  Plaintiffs object to Request Number 22 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type of product requested.   Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).   Plaintiffs object to this Request as asking for material not recorded or retained by this witness or violate any obligations under state and federal law, including HIPAA.

**Request No. 23**: All Documents, including but not limited to protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards, relating to any clinical trial and/or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which You participated in any capacity, such as an investigator, safety monitor, advisor, or study committee member.

**Responses and Objections to Request No. 23**:  Plaintiffs object to Request Number 23 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.    Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.    Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.    Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.    Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.    Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the

communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 24**: All Documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by You relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**Responses and Objections to Request No. 24**: Plaintiffs object to Request Number 24 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule

40

26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.	Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.	Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.	Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes,

tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.      Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.       Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 25**:  All Documents relating to presentations or lectures given by You or to which You contributed relating to pelvic mesh products, pelvic organ prolapse, and/or stress urinary incontinence.

**Responses and Objections to Request No. 25**:  Plaintiffs object to Request Number 25 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.   Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

43

3.      Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.      Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.      Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.      Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the

opinions to be expressed; or (iii) identify assumptions that the party's attorney

provided and that the expert relied on in forming the opinions to be expressed.

7.      Plaintiffs object to this Request because it seeks data or other information relating

to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs'

counsel. Such information, prepared in anticipation of litigation and not disclosed

or otherwise maintained in a way that is inconsistent with the purpose of the

privilege, is protected by the work product doctrine and Federal Rule of Civil

Procedure 26(b)(3)(B).

8.      Plaintiffs object to this Request as asking for material not recorded or retained by

this witness.

**Request No. 26**:  All communications from or to You relating to any professional

medical society with respect to pelvic mesh, pelvic mesh products, pelvic organ prolapse, stress

urinary incontinence, position statements, studies, editorials, and/or publications.

**Responses and Objections to Request No. 26**:  Plaintiffs object to Request Number 26

upon the grounds that said requests seek discovery beyond that required to be produced by

experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically

provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required

under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule

26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule

26(a)(2)(B), regardless of the form of the communications, except to the extent that the

communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts

or data that the party's attorney provided and that the expert considered in forming the opinions

to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.  Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.  Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.  Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.  Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by

Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.   Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.   Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.   Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 27**:  Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

**Responses and Objections to Request No. 27**: Plaintiffs object to Request Number 27 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.     Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3.     Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and

preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4.   Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5.   Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.   Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7.   Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs'

49

counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8.   Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 28**:  Copies of the syllabus and texts used in any classes taught by You in the past five years.

**Responses and Objections to Request No. 28**:  Plaintiffs object to Request Number 28 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case. Plaintiffs also object to this Request as asking for material not recorded or retained by this witness.

**Request No. 29**:  All transcripts of prior testimony, statements or presentations given by You in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

**Responses and Objections to Request No. 29**:  Plaintiffs object to Request Number 29 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further, Plaintiffs object to said request insofar as it is asking for material not recorded or retained by this witness or violate any obligations under state and federal law, including HIPAA other confidentiality or other agreements.

**Request No. 30**:  A copy of Your complete file in this case.

**Responses and Objections to Request No. 30**:  Plaintiffs object to Request Number 30 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.     Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules

51

do not require such production by an expert and inquire about opinions given outside of the above captioned case.

3. Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

4. Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5. Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6. Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that

the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

7. Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

8. Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 31**:  Any communications between You and counsel for the Plaintiff, to the extent that such communications:

a. Relate to Your compensation;

b. Identify facts or data that You were provided and that You considered in forming Your opinions; or

c. Identify assumptions that Plaintiff's counsel provided You and that You relied on in forming Your opinions.

**Responses and Objections to Request No. 31**:  Plaintiffs object to Request Number 31 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule

26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Subject to the foregoing, Plaintiffs refer Defendants to the expert witness' **Rule 26 report** previously disclosed in this matter.

Dated: April 4, 2016.


By:     */s/ Henry G. Garrard, III*
Henry G. Garrard, III
hgg@bbgbalaw.com
Georgia Bar No. 286300
Gary B. Blasingame
gbb@bbgbalaw.com
Georgia Bar No. 062900
James B. Matthews, III
jbm@bbgbalaw.com
Georgia Bar No. 477559
Andrew J. Hill, III
ajh@bbgbalaw.com
Georgia Bar No. 353300
Josh B. Wages
jbw@bbgbalaw.com
Georgia Bar No. 730098
Counsel for the Plaintiffs

Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, GA  30603
(706) 354-4000

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 4, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.


By:     */s/ Henry G. Garrard, III*
          Henry G. Garrard, III