IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ETHICON WAVE 1 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO EXCLUDE
CERTAIN GENERAL OPINIONS OF BRUCE ROSENZWEIG, M.D.**

Defendants Ethicon, Inc. and Johnson & Johnson (hereinafter "Defendants") move to exclude certain general opinions of one of Plaintiffs' experts, Bruce Rosenzweig, M.D., that are improper and/or are beyond his expertise as a pelvic surgeon and urogynecologist. Specifically, Defendants request that the Court preclude Dr. Rosenzweig from:  (1) Testifying that non-synthetic mesh procedures are a safer alternative for the surgical treatment of stress urinary incontinence and pelvic organ prolapse and/or that Defendants' devices are less safe than those alternatives, because such procedures are not alternative designs and are irrelevant to a design-defect claim and because such opinions are irrelevant and unreliable; (2) Offering design opinions and testifying that other synthetic mesh devices are safer alternatives for the surgical treatment of stress urinary incontinence or pelvic organ prolapse, because he is not qualified to do so and his opinions are unreliable and not offered within a reasonable degree of medical certainty; (3) Offering warning opinions, because such opinions are unsupported, unreliable, irrelevant, and inadmissible; (4) Testifying about alleged mesh degradation and other biomaterials opinions, because he is not qualified to do so and such opinions are unreliable,

irrelevant, and/or otherwise improper; (5) Testifying about duties allegedly owed by a manufacturer, because he is not qualified to do so and such opinions unreliable and amount to legal conclusions; (6) Offering criticisms of the cut of TVT mesh, because he is not qualified to do so and such opinions are conflicting, unsupported, and unreliable; (7) Testifying about certain alleged complications associated with the TVT-Abbrevo product, because such opinions are wholly unsupported and unreliable; and (8) Offering opinions beyond Dr. Rosenzweig's expertise and/or otherwise improper, because he is not qualified to do so and such opinions are speculative and unreliable.

As grounds for this motion, Defendants submit that Dr. Rosenzweig cannot provide reliable, trustworthy and/or admissible testimony about these topics under the standard set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). In support of this motion, Defendants incorporate by reference their accompanying memorandum of law and rely on the following Exhibits:

1. List of cases in which Dr. Rosenzweig has been designated by Plaintiff(s) as a general expert, Exhibit A;

2. Dr. Rosenzweig's curriculum vitae, Exhibit B;

3. Notice of Adoption of Prior Expert reports and Testimony of Dr. Bruce Rosenzweig related to TVT and TVT-O, Exhibit C (that notice includes 5 exhibits, C-1, through C-5);

4. Dr. Rosenzweig's TVT-Abbrevo General Expert Report, Exhibit D;

5. Dr. Rosenzweig's TVT Exact General Expert Report, Exhibit E;

6. Dr. Rosenzweig's TVT Secur General Expert Report, Exhibit F;

7. Dr. Rosenzweig's Prosima General Expert Report, Exhibit G;

8. Excerpts of Transcript of Dr. Rosenzweig's November 4, 2013 Deposition, Exhibit H;

9. Excerpts of Transcript of Dr. Rosenzweig's September 22, 2015 Deposition, Exhibit I;

10. Okulu, E., Kayigil, O., Aldemir, M. & Onen, E., *Use of three types of synthetic mesh material in sling surgery: A prospective randomized clinical trial evaluating effectiveness and complications*, SCAND. J. UROL., 47:217-224, 220 (2013), Exhibit J;

11. Excerpts of Transcript of Dr. Rosenzweig's July 13, 2015 Deposition, Exhibit K;

12. *In re AlloDerm Litigation*, Case Code 295, N.J. Superior Court of Middlesex County (Aug. 14, 2015), Exhibit L;

13. *Bellew v. Ethicon, Inc.*, No. 2:13-cv-22473, Order (S.D. W. Va. Nov. 20, 2014), Exhibit M;

14. Excerpt from Cytotoxicity Risk Assessment for the TVT Ulmsten Device (Aug. 8, 1997), Exhibit N;

15. ETH.MESH.02026591, Exhibit O;

16. ETH.MESH.09911296, Exhibit P; and

17. Excerpts of Transcript of Dr. Rosenzweig's March 24, 2014 Deposition, Exhibit Q.

WHEREFORE, FOR THESE REASONS and as more fully set forth in Ethicon's supporting memorandum of law, Ethicon respectfully requests that this Court enter an order granting Ethicon's Motion to Exclude the Testimony of Dr. Bruce Rosenzweig, M.D.

Respectfully Submitted,

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
Christy.jones@butlersnow.com

3

/s/ David B. Thomas
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO ETHICON WAVE 1 CASES** | **JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE** |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on April 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com

30811725v1