UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>WAVE 1 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO EXCLUDE
CERTAIN OPINIONS OF RALPH ZIPPER, M.D.**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"), pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), move to exclude certain opinions of Ralph Zipper, M.D. In support of this motion, Ethicon states:

1. Dr. Zipper's opinions that the Prosima and Prolift are defectively designed are unreliable because they are not based on any reliable methodology but are instead mere *ipse dixit*. Furthermore, Dr. Zipper lacks the requisite expertise to opine on certain characteristics of these products.

2. Dr. Zipper's opinions that there were safer alternative products or procedures are subjective and not supported by sufficient facts or data. Dr. Zipper failed to demonstrate any testing, calculations, analysis, or publications that supported his conclusion. Furthermore, his opinions that there were safer alternative procedures such as traditional surgical techniques are not relevant to Plaintiffs' claims for *product* design-defect claims.

3. Dr. Zipper's opinions regarding the adequacy of the TVT-O and Prolift IFUs should be excluded because he has admitted he is not an expert in regulatory requirements, and any expertise he has has been gained through litigation.

4. Dr. Zipper's opinions about Ethicon's knowledge, state of mind, or bad acts should be excluded because he has no specialized knowledge to testify about what Ethicon did or did not know.

5. Dr. Zipper's reports consist primarily of cumulative historic commentary, and the Court should exclude his regurgitation of factual information.

6. Dr. Zipper's opinions that Ethicon misled or committed fraud on the FDA are legal conclusions to which an expert witness may not testify.

7. Ethicon incorporates by reference its Memorandum in Support of its Motion to Exclude Certain Opinions of Abbas Ralph Zipper, M.D. and the following exhibits:

| Exhibit | Description |
| --- | --- |
| A | List of Plaintiffs in Wave 1 to whom this Motion applies. |
| B | Dr. Zipper's Expert Report on Prosima. |
| C | Dr. Zipper's Expert Report on Prolift and Prolift + M. |
| D | Dr. Zipper's Curriculum Vitae.[1] |
| E | Excerpts from *Hammons v. Ethicon, Inc., et al.*, Sept. 26, 2015 Deposition of Ralph Zipper, M.D. |
| F | Excerpts from March 20, 2016 Deposition of Ralph Zipper, M.D. |
| G | *Bellew v. Ethicon, Inc.*, No. 2:13-cv-22473, Order (S.D. W. Va. Nov. 20, 2014). |

---

[1] Plaintiffs did not serve a Curriculum Vitae with Dr. Zipper's expert reports. The Curriculum Vitae attached hereto was attached to the expert report of Dr. Zipper dated July 9, 2015 in the case of *Hammons v. Ethicon, Inc., et al.*, No. 3913 (Ct. Com. Pls., Phila. Cnty. Pa.).

WHEREFORE, FOR THESE REASONS and as more fully set forth in Ethicon's supporting memorandum of law, Ethicon respectfully requests that this Court enter an order granting Ethicon's Motion to Exclude Certain Opinions of Ralph Zipper, M.D.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 23558-3824
(304) 414-1800

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523

## CERTIFICATE OF SERVICE

      I certify that on April 21, 2016, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

      */s/ Christy D. Jones*
      Christy D. Jones

30785949V1