UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>WAVE 1 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO EXCLUDE
CERTAIN OPINIONS OF ABBAS SHOBEIRI, M.D.**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"), pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), move to exclude certain opinions of Abbas Shobeiri, M.D. In support of this motion, Ethicon states:

1. Dr. Shobeiri's opinions that the TVT-O and Prolift are defectively designed are unreliable because they are not based on any reliable methodology but are instead mere *ipse dixit*. Furthermore, Dr. Shobeiri lacks the requisite expertise to opine on certain characteristics of these products.

2. Dr. Shobeiri's opinions that there were safer alternative products or procedures are unreliable. Dr. Shobeiri failed to demonstrate any testing, calculations, analysis, or publications that supported his conclusion. Furthermore, his opinions that there were safer alternative procedures such as traditional surgical techniques are not relevant to Plaintiffs' claims for *product* design-defect claims.

3. Dr. Shobeiri's opinions regarding the adequacy of the TVT-O and Prolift IFUs should be excluded because he has no expertise in medical-device warnings or regulatory requirements, and he fails to identify any reliable scientific evidence establishing that the warnings were inadequate.

4. Dr. Shobeiri's opinions regarding inadequate education or training are not relevant and his opinions regarding failure to test are not supported by a reliable methodology.

5. Dr. Shobeiri's opinions about Ethicon's knowledge, state of mind, or bad acts should be excluded because he has no specialized knowledge to testify about what Ethicon did or did not know.

6. Ethicon incorporates by reference its Memorandum in Support of its Motion to Exclude Certain Opinions of Abbas Shobeiri, M.D. and the following exhibits:

| Exhibit | Description |
| --- | --- |
| A | List of Plaintiffs in Wave 1 to whom this Motion applies. |
| B | Dr. Shobeiri's Curriculum Vitae. |
| C | Dr. Shobeiri's Expert Report on TVT-O. |
| D | Dr. Shobeiri's Expert Report on Prolift. |
| E | Excerpts from Deposition of Abbas Shobeiri, M.D. 2/27/16. |
| F | *Bellew v. Ethicon, Inc.*, No. 2:13-cv-22473, Order (S.D. W. Va. Nov. 20, 2014). |

WHEREFORE, FOR THESE REASONS and as more fully set forth in Ethicon's supporting memorandum of law, Ethicon respectfully requests that this Court enter an order granting Ethicon's Motion to Exclude Certain Opinions of Abbas Shobeiri, M.D.

Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON


*/s/ William M. Gage*
William M. Gage
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

**CERTIFICATE OF SERVICE**

      I certify that on April 21, 2016, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

      */s/ William M. Gage*_____
      William M. Gage