IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO EXCLUDE SUZANNE PARISIAN, M.D.**

Pursuant to Federal Rules of Evidence 401, 402, 403, 404 and Rule 702, Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") move to exclude the testimony of Plaintiff's expert, Suzanne Parisian, M.D., in its entirety for the cases identified in Exhibit A for the following reasons:[1]

*First*, although Dr. Parisian claims to be a "regulatory expert," her reports and deposition testimony confirm that she fully expects to provide the jury with opinions on highly scientific topics including product development, design, risks, testing, manufacturing, studies, and the standard of care for treating physicians. She is not qualified to do so and does not employ a reliable methodology for the panoply of opinions she intends to offer.

---

[1] Plaintiffs' designation states that they recognize the Fourth Circuit's affirmance of this Court's exclusion of evidence of compliance with the 510(k) process and "reserve the right to designate" Dr. Parisian "[i]n the event of a contrary ruling." Pls. General Expert Desig., p. 2, attached as Exhibit B. Ethicon understands this to mean that Dr. Parisian is not designated at all if no FDA evidence is admitted, even though this is potentially inconsistent with Dr. Parisian's current disclaimer of reliance on FDA regulations. In addition, Ethicon notes that this "reservation of right to designate" in some instances puts Plaintiffs' number of experts over the allotted five.

1

*Second*, Dr. Parisian also states that she will not testify on corporate state of mind or intent, but her reports and testimony paint a different picture: they are full of Dr. Parisian's personal beliefs that Ethicon is a bad actor. This should be excluded because Dr. Parisian is not qualified in the first instance and does not have a reliable methodology. This testimony is also irrelevant and not helpful to the trier of fact.

*Third,* Dr. Parisian's regulatory opinions are inadmissible because they are irrelevant to the extent she frequently cites to Ethicon allegedly misleading the FDA, or withholding information from the FDA—topics which this Court has ruled are not relevant. Her regulatory opinions also amount to impermissible "narrative" testimony, as she simply recites at length internal documents with no analysis. Her opinions also constitute impermissible legal conclusions.

*Fourth,* Dr. Parisian should not be permitted to opine on foreign regulatory matters because she is not qualified; she does not employ a reliable methodology; and this testimony would not be helpful to the jury.

*Fifth,* Dr. Parisian's warnings opinions on the Prolift +M are inadmissible. Her deposition testimony reveals that she is not qualified to opine on warnings and she does not apply a reliable methodology. Dr. Parisian freely admits that she does not know the risks of non-mesh or mesh procedures; and she has not spoken to any pelvic floor surgeon, let alone conducted any pertinent research or study to support her conclusions.

*Sixth*, Dr. Parisian's testimony about the TVT-Secur's warnings should similarly be excluded because she is not qualified and fails to use a reliable methodology.

*Seventh*, and finally, Dr. Parisian should not be permitted to testify as to any product other than Prolift +M or TVT-Secur—the only products for which she supplied an expert report.

Defendants incorporate by reference their Memorandum in Support and the following exhibits:

| Exhibit | Description |
|---|---|
| A | List of applicable cases for Motion to Exclude Suzanne Parisian, M.D. |
| B | Plaintiffs' Designation and Disclosure of General Retained Expert Witnesses |
| C | Suzanne Parisian Expert Witness Report, MDL 2327, Jan. 30, 2016: Prolift +M |
| D | Suzanne Parisian Expert Witness Report, MDL 2327, Jan. 30, 2016: TVT-Secur |
| E | Deposition Transcript of Suzanne Parisian, Mar. 8, 2016: Prolift +M (MDL 2327) |
| F | Deposition Transcript of Suzanne Parisian, Mar. 8, 2016: TVT-Secur (MDL 2327) |
| G | Deposition Transcript of Suzanne Parisian, Feb. 12, 2015, *Garcia v. Walss et al.*, 103rd Judicial District, Cameron County, Texas (No. 2013-DCL-3511-D). |

FOR THESE REASONS, Defendants respectfully request that this Court enter an order granting their Motion to Exclude Suzanne Parisian, M.D.

Respectfully submitted,

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523

christy.jones@butlersnow.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com


COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

4

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

<em>/s/ Christy D. Jones</em>