IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO: ETHICON WAVE 1 CASES LISTED IN EXHIBIT A | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTIFFS' MOTION TO EXCLUDE
THE PROPOSED TESTIMONY OF MICHAEL KARRAM, M.D.
REGARDING THE SAFETY AND EFFICACY OF THE TVT-O PRODUCT**

Pursuant to Federal Rules of Evidence 702 and 703 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), Plaintiffs move this Court to exclude the testimony of Defendant Ethicon, Inc.'s expert witness Michael Karram, M.D.[1] Plaintiffs incorporate their Memorandum in Support of Plaintiffs' Motion to Exclude the Testimony of Michael Karram, M.D., and also the following exhibits:

1. List of cases to which this Motion applies, attached as Exhibit A.

2. Deposition transcript of Michael Karram, M.D., attached as Exhibit B.

3. Expert Report of Michael Karram, M.D., attached as Exhibit C.

As shown in Plaintiffs' Memorandum in Support of its Motion to Exclude the Proposed Testimony of Michael Karram, M.D., which Plaintiffs are filing contemporaneously with this Motion, as well as the accompanying exhibits, Dr. Karram should not be allowed to testify. His opinions should be excluded because: (1) Dr. Karram has not used the TVT-O product for more than five years and did not even know the TVT-O product was still on the market; (2) Dr.

---

[1] To avoid confusion, it should be noted that Dr. Michael Karram's brother, Dr. Mickey Karram, has also served as an expert witness in various mesh litigations. Despite the similarity in their names and the fact that they both practice in Ohio, these are different experts with different qualifications, opinions and publication histories.

Karram admitted during deposition he was not qualified as an expert in many areas where he purports to offer expert opinions; (3) Dr. Karram failed to review key internal documents regarding the history of the product's design, safety or efficacy; (4) Dr. Karram selectively reviewed literature and relied only on studies that were supportive of his opinion; (5) Dr. Karram makes improper assumptions about the intentions and knowledge of "all surgeons" and "all patients"; and (6) Dr. Karram has never subjected his opinions or methods to peer review. Finally, Dr. Karram's opinions do not fit the facts of this case because his report is focused almost entirely on TVT-Retropubic and not TVT-O. For these reasons, Dr. Karram's opinions do not satisfy the requirements for expert witness testimony as set forth in Rule 702 and under the *Daubert* standard and he should not be allowed to testify as an expert witness.

WHEREFORE, Plaintiff requests that the Court grant the requested Motion to Exclude the Proposed Testimony of Michael Karram, M.D.

Respectfully submitted this 21st day of April, 2016.

/s/ Joseph J. Zonies_____
Joseph J. Zonies, Esq.
Reilly Pozner LLP
1900 Sixteenth Street, 17th Floor
Denver, Colorado 80202
(303) 893-6100
(303) 893-6110 fax
jzonies@rplaw.com

/s/ Thomas P. Cartmell_____
Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esq.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com

/s/ D. Renee Baggett
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing **PLAINTIFFS' MOTION TO EXCLUDE THE PROPOSED TESTIMONY OF MICHAEL KARRAM, M.D.** on April 21, 2016, using the Court's CM/ECF filing system, thereby sending notice of said filing to all counsel.

/s/     Sarah Peasley
Sarah Peasley