IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: ETHICON WAVE 1 CASES LISTED IN EXHIBIT A | MDL No. 2327 <br><br> JOSEPH R. GOODWIN <br> U.S. DISTRICT JUDGE |

PLAINTIFFS' MOTION TO EXCLUDE
THE PROPOSED TESTIMONY OF JULIE DROLET, M.D.

Pursuant to Federal Rules of Evidence 702 and 703 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), Plaintiffs move this Court to exclude the testimony of Defendant Ethicon, Inc.'s expert witness Julie Drolet, M.D.[1] Plaintiffs incorporate their Memorandum in Support of Plaintiffs' Motion to Exclude the Testimony of Julie Drolet, M.D., and also the following exhibits:

1. List of cases to which this Motion applies, attached as Exhibit A.

2. Expert Report of Julie Drolet, M.D., attached as Exhibit B.

3. Deposition transcript of Julie Drolet, M.D., March 31, 2016, 10:05 a.m., attached as Exhibit C.

4. Deposition transcript of Julie Drolet, M.D., March 31, 2016, 1:28 p.m., attached as Exhibit D.

5. Deposition transcript of Julie Drolet, M.D., November 13, 2015, attached as Exhibit E.

---

[1] To avoid confusion, it should be noted that Dr. Michael Karram's brother, Dr. Mickey Karram, has also served as an expert witness in various mesh litigations. Despite the similarity in their names and the fact that they both practice in Ohio, these are different experts with different qualifications, opinions and publication histories.

As shown in Plaintiffs' Memorandum in Support of its Motion to Exclude the Proposed Testimony of Julie Drolet, M.D., which Plaintiffs are filing contemporaneously with this Motion, as well as the accompanying exhibits, Dr. Drolet should not be allowed to testify. Her opinions should be excluded because: (1) she does not provide any independent analysis and, instead, merely parrots conclusory opinions from various studies and professional societies; and (2) Dr. Drolet does not disclose any expert opinions that are the subject of proper expert testimony or are the result of a reliable methodology. Accordingly, Dr. Drolet's testimony should be excluded.

WHEREFORE, Plaintiff requests that the Court grant the requested Motion to Exclude the Proposed Testimony of Julie Drolet, M.D.

Respectfully submitted this 21st day of April, 2016.

/s/ Joseph J. Zonies
Joseph J. Zonies, Esq.
Reilly Pozner LLP
1900 Sixteenth Street, 17th Floor
Denver, Colorado 80202
(303) 893-6100
(303) 893-6110 fax
jzonies@rplaw.com

/s/ Thomas P. Cartmell
Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esq.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com

/s/ D. Renee Baggett
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC

17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing **MOTION TO EXCLUDE  THE PROPOSED TESTIMONY OF JULIE DROLET, M.D.,** on April 21, 2016, using the Court's CM/ECF filing system, thereby sending notice of said filing to all counsel.


  /s/ Sarah Peasley
Sarah Peasley

3