**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| **This document relates to:**<br><br>**Ethicon Wave 1 cases listed in Exhibit A** | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' MOTION TO EXCLUDE OR OTHERWISE LIMIT THE OPINIONS
AND TESTIMONY OF SCOTT SERELS, M.D.**

The Wave 1 Plaintiffs listed in the attached Exhibit A move this Court to exclude or otherwise limit the opinions and testimony of Defendants' designated expert Scott Serels, M.D., and offer the following in support:

1. Dr. Serels has been designated by the Defendants to offer general opinions relating to the GYNECARE TVT Retropubic System.

2. Pursuant to Federal Rule of Evidence 702, as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, Dr. Serels's opinions should be excluded or limited in the Court's discretion, because:

    a. Dr. Serels Is Not Qualified to Offer Opinions on Degradation, Cytotoxicity, or Mesh Design Generally, Including the Significance of Laser-Cut Versus Mechanically Cut Mesh;

    b. Dr. Serels Offers No Reliable Basis for His Opinions on Degradation, Cytotoxicity, or Mesh Design Generally, Including the Significance of Laser-Cut Versus Mechanically Cut Mesh;

1

    c. Dr. Serels Is Not Qualified to Speak to the Adequacy of the TVT IFU;

    d. Dr. Serels Has No Reliable Basis for His Opinions Regarding the TVT IFU;

    e. Dr. Serels Has No Reliable Basis for His Opinions Regarding Alternative Treatments for SUI; and

    f. Certain of Dr. Serels's Opinions Constitute Legal Conclusions.

3. Further, some of Dr. Serels's opinions should be excluded pursuant to Rules 401, 402, and 403, because they are irrelevant and inflammatory.

4. In support of this motion, Plaintiffs incorporate their accompanying memorandum and the following exhibits:

    a. Plaintiff Schedule;

    b. Transcript, Deposition of Scott Serels, M.D., 4/7/16;

    c. Rule 26 Report of Dr. Serels;

    d. Curriculum Vitae of Dr. Serels;

    e. Reliance List of Dr. Serels;

    f. Rule 26 Report of Dr. Elliott;

    g. Rule 26 Report of Dr. Blaivas; and

    h. Rule 26 Report of Dr. Rosenzweig.

WHEREFORE, Plaintiffs ask that this Court grant their motion and exclude or otherwise limit the opinions and testimony of Dr. Serels.

Dated: April 27, 2016

                          Respectfully submitted,
                          Wave 1 Plaintiffs

                BY:   */s/ Sean T. Keith*
                          Sean T. Keith, Esq.
                          Mason L. Boling, Esq.

Keith, Miller, Butler, Schneider &
Pawlik, PLLC
224 S. 2nd Street
Rogers, AR 72756
Ph. (479) 621-0006
Fax (479) 631-6890
skeith@arkattorneys.com
mboling@arkattorneys.com

Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esq.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com

Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 27th day of April, 2016, I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                   */s/ Sean T. Keith*
                                   Sean T. Keith
                                   Attorney for Plaintiffs