# Exhibit A

Michael Thomas Margolis, M.D.

Page 1

IN THE DISTRICT COURT

95TH JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

CAROL CAVNESS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　) Cause No. DC-14-04220
TERESA KOWALCZYK, M.D.　　　　　 )
HUNT MEMORIAL HOSPITAL　　　　　 )
DISTRICT CHARITABLE　　　　　　　)
HEALTH FOUNDATION d/b/a　　　　　)
HUNT REGIONAL HEALTHCARE　　　　 )
FOUNDATION and HUNT　　　　　　　)
REGIONAL MEDICAL CENTER　　　　　)
AT GREENVILLE, BAYLOR　　　　　　)
HEALTHCARE SYSTEM,　　　　　　　 )
JOHNSON & JOHNSON AND　　　　　　)
ETHICON, INC.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)

EXPERT WITNESS TESTIMONY OF

MICHAEL THOMAS MARGOLIS, M.D.

Held at the Law Offices of

Skikos, Crawford & Skikos

One Sansome, San Francisco, California

Sunday, July 19, 2015, 9:09 a.m.

REPORTED BY:  ELAINA BULDA-JONES, CSR #11720

Golkow Technologies, Inc. - 1.877.370.DEPS

Michael Thomas Margolis, M.D.

Page 42

1  thickness of it?
2      A. Right, the caliber.
3      Q. "Caliber" is the medical term for those
4  characteristics?
5      A. Yes, exactly. It's unopened.
6      Q. Okay.
7      A. There are needles on it, so please don't
8  open it.
9          (Whereupon, Exhibit 11 was marked for
10  identification.)
11  BY MS. DOWNS:
12     Q. Doctor, I'm going to mark Exhibit 11,
13  which is the reliance list, an updated one that was
14  provided for us in advance of this deposition.
15         Is that the material that is on the link
16  that your counsel has referred to?
17     A. I believe that is correct.
18     Q. There were, I will estimate, an additional
19  400 documents that were added since the last time we
20  saw one of your reliance lists.
21         Who gathered those materials?
22     A. I -- it was a combination of both the
23  plaintiff's counsel and myself.
24     Q. And what materials specifically did you
25  identify and add to the list other than what we have

Page 43

1  already marked as exhibits today?
2         MR. FREESE: Object to form of the
3  question. There are 400 different entries.
4         THE WITNESS: I couldn't possibly answer
5  that question for you accurately.
6  BY MS. DOWNS:
7      Q. Why did you -- why did you identify and
8  add any materials relating to Prosima and Carol
9  Cavness coming into this deposition?
10     A. Because I want to be able to be as
11  conversant and knowledgeable about the defective
12  device called Prosima as I can before I go into
13  court.
14     Q. If you added -- if there were company
15  documents added, Doctor, as part of those additions,
16  who collected those?
17     A. Obviously it was plaintiff's counsel.
18     Q. So they provided that set to you?
19     A. They did.
20     Q. And did you ask them to go back and give
21  any documents that came before or ahead of the
22  e-mails anything for additional context after they
23  provided that set?
24         MR. FREESE: Object to the form of the
25  question.

Page 44

1         THE WITNESS: I asked continuously to be
2  updated with any valid -- any information,
3  scientific or internal documents that is germane to
4  this case.
5  BY MS. DOWNS:
6      Q. My question, Doctor, was: With respect to
7  the company documents that have been added to your
8  reliance list that relate to Prosima, when you
9  looked at any of those, did you ask plaintiff's
10  counsel for any additional documents that would
11  provide context or anything before or after the
12  documents you looked at?
13        MR. FREESE: Object to form of the
14  question. Assumes he needed more context.
15        THE WITNESS: I asked for a complete list
16  of all documents, both pro and con, so that I could
17  give a balanced, objective, medical opinion in trial
18  on this topic.
19        So it's understood by counsel that I want
20  everything they have on this, good, bad,
21  indifferent.
22        And just so they understand and it is on
23  the record in this very deposition, I continue to
24  ask for all records, both good, bad, and
25  indifferent, so that I can provide a balanced,

Page 45

1  objective medical opinion.
2  BY MS. DOWNS:
3      Q. And based on that request, Dr. Margolis,
4  the reliance list that you have in front of you
5  today as Defendants' Exhibit 11, that would include
6  the documents that plaintiff's counsel selected in
7  response to your request with respect to company
8  documents, correct?
9      A. That would include, yes.
10     Q. And so if there are documents, e-mails,
11  and information relating to Prosima that are
12  favorable that are not on those -- that list, it's
13  safe to assume that as of today you have not seen
14  them, correct?
15        MR. FREESE: Object to the form of the
16  question. It assumes such documents exists. We
17  haven't been able to find any. So --
18        THE WITNESS: It --
19  BY MS. DOWNS:
20     Q. Did you understand the question doctor?
21     A. I did. I was just trying to say -- trying
22  to understand -- I'm trying to formulate a simple
23  answer.
24        I assume that everything that they can get
25  their hands on is what has been provided to you in