**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br><br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br><br>ETHICON WAVE 1 CASES LISTED IN EXHIBIT A | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION**
**TO EXCLUDE THE OPINIONS AND TESTIMONY OF**
**TIMOTHY BRIAN MCKINNEY, M.D.**

COME NOW Ethicon Wave 1 Plaintiffs listed in Exhibit "A" attached to Plaintiffs' Motion and respectfully submit this Reply in support of their Motion to Exclude the Opinions and Testimony of Timothy Brian McKinney, M.D.

Defendants' Response is striking both in its admissions and omissions, which fail to present to this Court any testimony by Dr. McKinney showing: (1) that he can support his opinions with any specific scientific evidence or literature; (2) that he can explain contradictory studies; and (3) that his testimony is based solely on his subjective, unsubstantiated "personal experience" together with a conclusory reference to "the literature". Indeed, the testimony quoted by Defendants – presumably the strongest that exists – not only shows the absence of a reliable methodology, but shows the utter lack of any methodology whatsoever.

1.   **Defendants Fail to Show that Dr. McKinney Can Support His Testimony with Any Specific Scientific Evidence or Literature**.

Defendants' Response makes clear that Dr. McKinney's opinions are based on generalized, sweeping references to "literature", without being able to invoke any specific studies or other scientific evidence to support his testimony.  Defendants argue that purely subjective "experience" – without being able to cite to any objective substantiation – constitutes appropriate methodology.  (Response, pp. 2-7).  Not so.

This Court has previously excluded opinions which are based on generalized, anodyne and unspecified claims of "literature" which purportedly supports an expert's sweeping opinions. See, e.g., *Edwards v. Ethicon, Inc*., 2014 U.S. Dist. LEXIS 92316, *72 (S.D. W. Va. July 8, 2014) (expert's "statement that it is common knowledge that nerve entrapment can cause pain is not excluded merely because he does not cite to specific medical literature."); *Tyree v. Boston Sci. Corp*., 2014 U.S. Dist. LEXIS 148312, *19 (S.D. W. Va. Oct. 17, 2014), citing *Abarca v. Franklin Cnty. Water Dist*., 761 F. Supp. 2d 1007, 1066 n.60 (E.D. Cal. 2011) ("A scientist might well pick data from many different sources to serve as circumstantial evidence for a particular hypothesis, but a reliable expert would not ignore contrary data, misstate the findings of others, make sweeping statements without support, and cite papers that do not provide the support asserted.); *Cisson v. C. R. Bard, Inc. (In re C. R. Bard, Inc.)*, 948 F. Supp. 2d 589, 604-605 (S.D. W. Va. 2013) (opinion excluded where it is "based on nothing more than her personal, unscientific observation and opinion. . . . This is the type of 'subjective, conclusory approach that cannot reasonably be assessed for reliability' and that Rule 702 is designed to exclude").

That is exactly what Defendants attempt to do here. Unable to cite to any testimony which shows that Dr. McKinney can reference any specific support for his opinions, Defendants resort to generic platitudes about unspecified "literature":

- "[A] physician can draw upon his clinical experience and review of relevant literature" (Response, p. 2);
-
- Dr. McKinney "bases that opinion on his extensive clinical experience and review of the relevant medical literature over the course of his career." (*Id.*, p. 3);

Indeed, Defendants themselves highlight this infirmity in Dr. McKinney's testimony. When asked to clarify his vague reference to "readings" that support his "personal experience", the only response Dr. McKinney is able to give is "the past literature, historic literature". (Response, p. 3). Given that Defendants accuse Plaintiffs of "relying on isolated excerpts of Dr. McKinney's deposition testimony and then taking them out of context" (Response, p. 5), the Court need look no further than the testimony cited by Defendants themselves.

**2. Defendants' Response Confirms that Dr. McKinney's "Personal Experience" Is Contradicted by Unexplained Scientific Literature**.

Not only is Dr. McKinney able to support his opinions with any verifiable, scientific evidence, Defendants fail to even address perhaps the most striking and telling aspect of Dr. McKinney's testimony:  his inability to explain how or why his "personal experience" is contradicted by studies reported in peer reviewed literature.  (Motion, p. 5).

Defendants acknowledge that "the cases cited by Plaintiffs "pertain to experts who either completely disregarded contradictory literature" or "were unable to explain their reasoning for disagreeing with the literature". (Response, p. 8).  See also *Trevino v. Boston Sci. Corp*., 2016 U.S. Dist. LEXIS 56538, *24 (S.D. W. Va. Apr. 28, 2016) (expert testimony excluded even though the Court "d[id] not doubt that [expert] reviewed contrary studies. However, his

Case 2:12-md-02327   Document 2203   Filed 05/13/16   Page 4 of 8 PageID #: 68737

methodology may be flawed if he does not provide an adequate explanation for why he disagrees with those studies."); *Tyree v. Boston Scientific Corp.*, *supra* at *7 (the challenging party cited to particular portions of expert's deposition testimony where he was asked about specific studies contrary to his opinion and, then, dismissed them in a conclusory manner without scientific basis).

Defendants' own citations to the record show that is precisely the case here, where Dr. McKinney is not only unable to cite to any specific literature to support his opinions, but he cannot explain the contradictory evidence.  (Response, p. 9, quoting Dr. McKinney simply testifying that there is a "litany" of evidence, none of which are included in [his] expert report").

The two other excerpts of Dr. McKinney's testimony referenced by Defendants regarding this issue are equally telling.  As Defendants admit in their Response, Dr. McKinney is not able to explain why he disagrees with the publications, but rather "explain[s] why any disagreements contained in medical literature not discussed in his report are not germane to his opinions". (Response, p. 9).  Even those "explanations" are lacking, because they are based on nothing but conclusory, unsubstantiated personal opinion.  (*Id.*)

### 3.  The Cases Cited by Defendants – Which Require More than Vague Generalities and "Personal Experience" – Support Defendants' Position.

Defendants cannot dispute the record that Plaintiffs put before this Court.  Rather, they present a authority-heavy Response arguing that courts – including this Court – admit expert testimony where it is based on experience plus a "review of the medical literature".  (Response, p. 3).  Defendants' authority which they claim supports admitting Dr. McKinney's testimony fails to discuss the circumstances involved in those cases, which distinguish them from this case and in fact show that they support Plaintiffs' position.

For example, Defendants cite *See Tyree v. Boston Scientific Corp.*, 54 F. Supp. 3d 501, 585 (S.D.W. Va. 2014), for their central proposition that "a physician can draw upon his clinical experience and review of relevant literature to give an opinion on the safety and efficacy of polypropylene mesh products." (Response, p. 2).

At the page from *Tyree* cited by Defendants, the Court considered the expert testimony of Lonny Green, M.D. The sole testimony cited by the plaintiffs challenging his reliability was that Dr. Greene had not read the regulations relating to Directions for Use. [*Tyree*, Doc. # 355]. Dr. Green's testimony was not challenged because he could not explain conflicting literature or because his only substantiation for his opinions was his "personal experience". Thus, the issues involved in the discussion by this Court cited by Defendants is inapplicable here.

Similarly, an examination of the specific facts considered by the Court in *Trevino v. Boston Sci. Corp.*, 2016 U.S. Dist. LEXIS 56538 (S.D. W. Va. Apr. 28, 2016), another case cited by Defendants, shows that the case in fact supports Plaintiffs' Motion. In *Trevino*, the Court considered facts similar to those presented here and excluded an expert's testimony where he "makes broad assertions that 'the plaintiff's claims of polypropylene mesh becoming routinely infected bears absolutely no resemblance to my experience, or to conventional wisdom shared by specialists providing care in this specialty.' . . . ***Even if [the expert] did consider scientific literature, as evidenced by his relied-upon list, his broad assertions fail to provide a reliable scientific basis*** for discounting contrary findings on this matter." Id. at *125 (emphasis added).

Defendants' citation to authority holding that an expert must be "familiar with the body of literature" is in fact dispositive here. (Response, p.8, citing *Mathison v. Boston Scientific Corp.*, No. 2:13-CV-05851, 2015 WL 2124991, at *6-7, *34 (S.D.W. Va. May 6, 2015). Dr.

5

McKinney's testimony, in which he is unable to cite to any specific substantive literature, clearly shows that he has no familiarity with that material.

### 4.  Defendants Failed to Respond to Admission Limiting Opinions to "Early Timeframe".

Defendants in their Response fail to contest Plaintiffs' argument that "Dr. McKinney also admitted that his expertise – if any – is limited to the 'early timeframe' of the Prolene mesh." (Motion, p. 7).   Therefore, should the Court allow his testimony, it should be subject to that limitation.  *Trevino v. Boston Sci. Corp.*, *supra*, at *30 (granting uncontested portion of motion to exclude expert testimony).

### CONCLUSION

The testimony and arguments in Defendants' Response not only fail to provide a basis for admitting Dr. McKinney's testimony, they in fact reinforce that exclusion is appropriate and warranted.  For the foregoing reasons, as well as the reasons set forth in Plaintiffs' Motion, Plaintiffs respectfully request that their Motion be granted.

Dated: May 13, 2016                Respectfully submitted,

/s/Mark R. Mueller

Mark R. Mueller, Esq.
Texas Bar No. 14623500
Mueller Law, PLLC
404 West 7th Street
Austin, Texas 78701
(512) 478-1236 (Telephone)
(512) 478-1473 (Facsimile)
Mark@muellerlaw.com
Meshservice@muellerlaw.com


/s/Thomas P. Cartmell
Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esp.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com

/s/ D. Renee Baggett
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on May 13, 2016, using the Court's CM-ECF filing system, thereby sending notice of the filing to the CM/ECF participants registered to receive service in this MDL.


/s/  *Mark R. Mueller*
**Attorney for Plaintiffs**