```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                 CHARLESTON DIVISION

    IN RE:  ETHICON, INC.         : Master File No.
    PELVIC REPAIR SYSTEM           : 2:12-MD-
    PRODUCTS LIABILITY LITIGATION  : MDL 2327
                                   :
                                   : JOSEPH R.
    THIS DOCUMENT RELATES TO       : GOODWIN
    THE CASES LISTED BELOW         : US DISTRICT
                                     JUDGE
    _____
```

Mullins, et al. v. Ethicon, Inc., et al.
2:12-cv-02952
Sprout, et al. v. Ethicon, Inc., et al.
2:12-cv-07924
Iquinto v. Ethicon, Inc., et al.
2:12-cv-09765
Daniel, et al. v. Ethicon, Inc., et al.
2:13-cv-02565
Dillon, et al. v. Ethicon, Inc., et al.
2:13-cv-02919
Webb, et al. v. Ethicon, Inc., et al.
2:13-cv-04517
Martinez v. Ethicon, Inc., et al.
2:13-cv-04730
McIntyre, et al. v. Ethicon, Inc., et al.
2:13-cv-07283
Oxley v. Ethicon, Inc., et al.
2:13-cv-10150
Atkins, et al. v. Ethicon, Inc., et al.
2:13-cv-11022
Garcia v. Ethicon, Inc., et al.
2:13-cv-14355
      (Caption Continued on Next Page)
                  -  -  -
              October 2, 2015
  VIDEOTAPED DEPOSITION MARC TOGLIA, M.D.

         GOLKOW TECHNOLOGIES, INC.
    877.370.3377 ph| 917.591.5672 fax
              deps@golkow.com

1  internal Ethicon communications.  I
2  looked at some of the -- the expert
3  opinions provided by the plaintiffs'
4  side.  We looked at, you know, animal
5  studies, in vitro studies.  Although,
6  again, recognizing that those are really
7  Level 5 evidence data, that you really
8  can't draw any clinical inference or --
9  or application directly to the TVT
10 device.  Those were looked at as well.
11      Q.   You saw that plaintiffs'
12 experts cited to a bunch of hernia
13 documents, prolapse documents, animal
14 studies in their reports?
15      A.   Yes, I saw that.  Yes.
16      Q.   And I believe you earlier
17 told plaintiffs' counsel you were shocked
18 at their methodology; is that accurate?
19      A.   I would -- I would --
20           MS. THOMPSON:  Object to
21      form.
22           THE WITNESS:  I was -- I did
23      not find their methodology to be
24      scientifically rigorous.  They did

1         not seem to include the Level 1
2         studies, randomized control
3         trials.  They did not refer to the
4         systematic reviews.
5              Their focus seemed to be
6         largely on very low-level, almost
7         insignificant things that really
8         had no direct application to the
9         TVT design, safety or the device
10        when it's used in its intended
11        manner to treat stress urinary
12        incontinence.
13   BY MR. SNELL:
14        Q.   So for these hernia
15   documents or hernia studies that the
16   plaintiffs' experts, like Dr. Elliott,
17   seem to cite on every page of his report,
18   would those even fit on the evidence
19   pyramid, if one was to do a proper
20   methodologic scientific review to assess
21   the safety of TVT for its intended use to
22   treat stress urinary incontinence?
23             MS. THOMPSON:  Object to
24        form.

Page 326

1      THE WITNESS: Within the --
2  within the context, those would
3  not figure as well. Those would
4  usually be discarded as being not
5  relevant to the TVT sling, the
6  device or its design.
7  BY MR. SNELL:
8      Q.  You brought these evidence
9  pyramids.
10     MR. SNELL: I'd like to mark
11  them as exhibits.
12        - - -
13     (Whereupon, Exhibit
14  Toglia-17, Level of Evidence
15  Chart, was marked for
16  identification.)
17        - - -
18     (Whereupon, Exhibit
19  Toglia-18, Level of Evidence
20  Pyramid, was marked for
21  identification.)
22        - - -
23  BY MR. SNELL:
24     Q.  Doctor, Exhibits 17 and 18,