# Exhibit E

Confidential - Subject to Stipulation and Order of Confidentiality

```
 1                      -   -   -
 2                          :SUPERIOR COURT OF
                            :NEW JERSEY
 3      IN RE:              :LAW DIVISION -
        PELVIC MESH/GYNECARE :ATLANTIC COUNTY
 4      LITIGATION          :
                            :MASTER CASE 6341-10
 5                          :
                            :CASE NO. 291 CT
 6
        CONFIDENTIAL-SUBJECT TO STIPULATION AND ORDER OF
 7                  CONFIDENTIALITY
 8                      -   -   -
 9                   May 18, 2012
10                      -   -   -
11             Transcript of the deposition of
12      SEAN M. O'BRYAN, called for Videotaped
13      Examination in the above-captioned matter, said
14      deposition taken pursuant to Superior Court Rules
15      of Practice and Procedure by and before Maryellen
16      Coughlin, a Certified Realtime Reporter,
17      Registered Professional Reporter, and Notary
18      Public for the Commonwealth of Massachusetts, at
19      the offices of Campbell Campbell Edwards &
20      Conroy, P.C., One Constitution Center, 3rd Floor,
21      Boston, Massachusetts, commencing at 10:05 a.m.
22                      -   -   -
              GOLKOW TECHNOLOGIES, INC.
23       877.370.3377 ph| 917.951.5672 fax
                   deps@golkow.com
24
25
```

Confidential - Subject to Stipulation and Order of Confidentiality

1    warnings that a patient could be faced with that

2    are important for the patient.

3         Q.      And to the extent you had input

4    into the Prolift® IFU drafting process, you

5    certainly wanted to make sure that any warnings

6    of any significant potential risks would be

7    explicitly communicated to the intended or

8    foreseeable users of the Prolift®, correct?

9                 MS. KABBASH:  Objection.

10        A.      Sure.  I rely on the medical team

11   to tell me what is significant and what is

12   important to convey into the instructions for

13   use, package insert.

14        Q.      When you worked on that project, it

15   was your understanding from an FDA regulatory

16   perspective it would not be legitimate to not

17   include warnings of potentially significant

18   adverse events based on a decision that the

19   surgeons would figure that out on their own?

20                MS. KABBASH:  Objection.

21        A.      No, that's correct.

22        Q.      Would you turn to Page 22, please.

23   It's Paragraph D, D.1.3.  The question is asked,

24   "Do the results of the design validation

25   performed as a result of this change in materials