# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO WAVE 1 CASES ON ATTACHED EXHIBIT A** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

# PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
# DAUBERT MOTION TO PRECLUDE OR LIMIT OPINIONS OF
# DEFENSE EXPERT ELIZABETH KAVALER

# **TABLE OF CONTENTS**

LEGAL ARGUMENT ........................................................................................................1

    I.    DR. KAVALER'S GENERAL OPINIONS
          SHOULD BE PRECLUDED OR LIMITED ............................................................1

CONCLUSION ...................................................................................................................2

**LEGAL ARGUMENT**

**I.**

**DR. KAVALER'S GENERAL OPINIONS
SHOULD BE PRECLUDED OR LIMITED**

Defendants' opposition to this motion focuses primarily on statements made in Dr. Kavaler's report, ignoring or minimizing fundamental concessions by Dr. Kavaler in her sworn deposition testimony – concessions that should result in the striking of all or virtually all of her general opinions.

The second fundamental flaw in the Defendants' opposition is the focus on Dr. Kavaler's qualifications as a practicing physician, which does not address the utter lack of any objective or reliable methodology to support the opinions.[1] Dr. Kavaler's opinions can be nearly uniformly reduced to a statement that based on her own practice, and for her own needs in her own practice, the devices in question were properly designed and the warnings were adequate. That is not an adequate methodology since Dr. Kavaler fails to reference or utilize any standards that can be objectively applied by others to test her opinions. Dr. Kavaler does not even know the standards that were applied by Ethicon itself in the design and warnings, and thus cannot even apply those standards in offering her opinions.

Defendants attempt to cure these gaping holes in methodology by reference to deposition testimony elicited by Ethicon's counsel after Dr. Kavaler had conceded her complete lack of reference to any standard other than adequacy for her in her own practice. (Db at 5-6). However, even this self-serving testimony is too vague to be useful to the defense. Dr. Kavaler's agreement with defense counsel that her opinions are not just based on her clinical experience

---

[1] Defendants paint Dr. Kavaler as a "peer reviewed published author," (Db. At 3), based on only a few articles published in low level journals so even her academic qualifications are questionable.

1

(despite testifying to the contrary earlier) fails to reference any specific opinion or explain how that particular opinion was established, or to reference any specific objective information or standard that was relied on. Therefore, that testimony fails to establish a reliable methodology.

Finally, with regard to the warning opinions, the Defendants provide nothing to establish that Dr. Kavaler applied any reliable methodology or standards in offering her conclusions, which are nothing more than net opinions. Experience with the product is not enough to overcome the fatal lack of objective or reliable criteria or method to forming these opinions – which of course are based on the IFU and Patient Brochure, documents Dr. Kavaler candidly admitted she does not use and as to which she has no true opinions.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Daubert motion to preclude or limit the opinions of Dr. Kavaler should be granted.

Dated: May 16, 2016

            Respectfully submitted,

            /s/Adam M. Slater
            Adam M. Slater, Esq.
            Mazie Slater Katz & Freeman, LLC
            103 Eisenhower Parkway, Suite 207
            Roseland, New Jersey  07068
            973-228-9898
            973-228-0303 (fax)
            aslater@mskf.net

            /s/Thomas P. Cartmell
            Thomas P. Cartmell, Esq.
            Jeffrey M. Kuntz, Esq.
            Wagstaff & Cartmell LLP
            4740 Grand Avenue, Suite 300
            Kansas City, MO 64112
            816-701-1102
            Fax 816-531-2372
            tcartmell@wcllp.com

jkuntz@wcllp.com

/s/ Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document on May 16, 2016, using the Court's CM-ECF filing system, thereby sending notice of the filing to all counsel of record in this matter.

/s/ Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com