**Shaver, Shea**

| | |
|---|---|
| **From:** | Douglas DiPaola <Douglas.DiPaola@butlersnow.com> |
| **Sent:** | Thursday, April 07, 2016 7:58 PM |
| **To:** | Shaver, Shea; Donna Jacobs; Burt Snell |
| **Cc:** | Zonies, Joe; Tom P. Cartmell; Bryan Aylstock |
| **Subject:** | RE: Deposition of Dr. Michael Karram |

Shea,

We will gladly provide you with an amended reliance list in a timely fashion.  This list will remove the items that Dr. Karram testified he did not review for his deposition, and will therefore be less inclusive than the original form production list.  He does not possess any related power point presentations or have retained prof ed materials.  These items were either in the public domain or available through company discovery documents.  Counsel deposed Dr. Karram for a full three hours.  We are aware of no provision that allows a 'second bite at the apple' especially based on an initially overly inclusive reliance list.

**Douglas J. DiPaola, MD JD**
**Butler Snow LLP**

D: (856) 912-3296 | F: (601) 985-4500
500 Office Center Drive, Suite 400, Fort Washington, PA 19034
Douglas.DiPaola@butlersnow.com | vCard | Bio

Twitter | LinkedIn | Facebook | YouTube

---

**From:** Shaver, Shea [mailto:sshaver@rplaw.com]
**Sent:** Tuesday, April 05, 2016 1:45 PM
**To:** Douglas DiPaola; Donna Jacobs; Burt Snell
**Cc:** Zonies, Joe; Tom P. Cartmell; Bryan Aylstock
**Subject:** Deposition of Dr. Michael Karram

Counsel –

It became apparent during the deposition of Dr. Michael Karram that the reliance list provided with his report was not in compliance with the expert disclosure requirements under F.R.C.P. Rule 26(a)(2)(B).  It was also evident that neither counsel nor Dr. Karram took steps to locate or produce documents responsive to the SDT issued and served prior to his deposition.

Rule 26 states that the expert report must contain the data considered by the witness in forming the opinions.  We received an extensive reliance list with over 300 literature articles and 120+ internal Ethicon documents.  Dr. Karram testified that he did not review all of the literature listed on the reliance list (69:7-15):

```
 7     Q.  Your reliance materials starts with a section
 8   called "Medical Literature" dated 3/2/2016; is that
 9   right?
10     A.  Yes.
11     Q.  Would it be your testimony that you have
12   reviewed every single one of these articles either in
13   the abstract or in detail?
14         MR. DIPAOLA:  Object to form.
15     A.  No.
```

Further, despite listing more than 120 Ethicon (ETH.MESH) documents on his reliance list, Dr. Karram also testified multiple times that he did not review any internal Ethicon documents:

(6:7-20)
    7    Q.  Did you review every single one of those
    8  documents that are, for lack of a better word, internal
    9  Ethicon documents?
    10      MR. DIPAOLA:  Object to form.
    11    A.  I did not review any internal Ethicon reports.
    12    Q.  You haven't reviewed any internal Ethicon
    13  documents; is that fair?
    14    A.  Correct.
    18    Q.  Have you reviewed any internal Ethicon
    19  e-mails?
    20    A.  No.

(71:11-20)
    11    Q.  All right.  And if you look at that page and
    12  the next page, this is what I was talking about where it
    13  says ETH.MESH.  Do you see a lot of those ETH.MESH \?
    14    A.  Yes.
    15    Q.  These are internal Ethicon documents?
    16    A.  Right.
    17    Q.  These documents -- you've already said that
    18  you haven't reviewed internal documents, correct?
    19      MR. DIPAOLA:  Object to form.
    20    A.  That's correct, I have not.

Based on Dr. Karram's testimony, we are unable to decipher which materials listed on the reliance list were actually reviewed and relied upon by Dr. Karram in issuing his expert opinions.  Please provide a correct and accurate reliance list by close of business on April 8, 2016 or we will seek appropriate relief from the Court.

Also, as stated above, Dr. Karram did not provide or produce any of the materials requested in the SDT - which was issued and served prior to his deposition.  Counsel for Dr. Karram made no objections to the SDT prior to the deposition and Dr. Karram testified multiple times that responsive documents exist, are under his custody and control, are easily accessible and are producible.  For example:

(15:3-15)
    3    Q.  Do you have any electronically, any of your
    4  PowerPoint presentations that you've used for your
    5  professional education?
    6    A.  Do I have them with me.
    7    Q.  Not with you.  Do you have those on a computer
    8  or at home or in your office?
    9    A.  I probably have some.
    10    Q.  Did you do anything to look for those and
    11  bring those with you today?
    12    A.  No.
    13    Q.  And that's because you didn't know you were
    14  supposed to with this Exhibit 1?
    15    A.  Right.

(13:20-14:3)
```
20   Q.  You think you still have those somewhere in a
21   file?
22   A.  I doubt it.  Maybe some of them.
23   Q.  But you haven't done anything to look for
24   those?
 1   A.  I have not.  Sorry.  I have not.
 2   Q.  All it took was a look.
 3   A.  I know.
```

For additional examples, see 95:21-96:24 and 104:20-22. Accordingly, please produce the responsive materials (including Dr. Karram's invoices and employment or consulting contracts with Ethicon) by the close of business on April 8, 2016 or we will seek appropriate relief from the Court.

In light of the above issues, we were unable to fully examine Dr. Karram on his opinions.  We reserve our rights to redepose Dr. Karram on these materials once they are produced and to seek any additional relief that may be appropriate.

Thanks.

SHEA SHAVER
MASS TORT MANAGER
**REILLY POZNER LLP | [WWW.RPLAW.COM](WWW.RPLAW.COM)**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
MAIN: 303.893.6100 | FAX: 303.988.2901

[SSHAVER@RPLAW.COM](SSHAVER@RPLAW.COM)

This e-mail transmission contains information from the law firm of Reilly Pozner LLP which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.