IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> ETHICON WAVE 1 CASES LISTED IN EXHIBIT A | Master File No. 2:12-MD-02327 <br> MDL No. 2327 <br><br> JOSEPH R. GOODWIN <br> U.S. DISTRICT JUDGE |

**PLAINTIFFS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF ROGER MCLENDON, M.D.**

Defendant agrees that expert Roger McLendon ("Dr. McLendon"): (1) has no experience related to polypropylene or mesh; (2) has not performed any mesh-related research; (3) has not performed any research on how mesh reacts in the human body; and (4) has not performed any research related to post-operative pain. The crux of Defendant's argument appears to be that these significant shortcomings simply do not matter. Dr. McLendon's proposed testimony is solely a critique Plaintiffs' expert Dr. Iakovlev, whose opinions focus on how mesh reacts in the human body based on his extensive experience and review of pathology slides. The very opinions Dr. McLendon seeks to critique are admittedly outside the bounds of his experience and study. Defendant cannot avoid the reality that Dr. McLendon is entirely unable to form reliable opinions that will assist the jury on the specific issues involved in this case.

Though Defendant devotes a substantial amount of its response to criticizing Dr. Iakovlev, this is nothing more than an attempt to confuse the Court from the issues at hand. Any of Defendant's perceived weaknesses of Dr. Iakovlev do not make Dr. McLendon more or less qualified to render opinions in this case. To put it simply, both parties agree that Dr. McLendon

1

has absolutely no experience involving polypropylene or mesh, nor does his methodology include any research or analysis related to mesh. Defendants do not dispute this or the fact that Dr. McLendon has performed no research relating to post-operative pain, generally or in patients implanted with mesh. Dr. McLendon's testimony should therefore be excluded in this case.[1]

### I. Defendant's response fails to show that Dr. McLendon is qualified to render opinions in this case.

Defendant acknowledges that Dr. McLendon "has no prior experience specific to TVT or polypropylene or mesh." Def. Br. at p. 6. Defendant also does not dispute that Dr. McLendon is not an expert in chronic persistent pain, a field that, according to him, is significant to Dr. Iakovlev's opinions. Pl. Br. at p. 4. Instead, Ethicon appears to argue that he just does not need such experience – this is simply incorrect and misrepresents the scope of both Dr. Iakovlev's and Dr. McLendon's opinions in this case. Defendant asserts that Dr. McLendon does not need such "special experience," but instead that his general experience in the field of neuropathology is sufficient. Def. Br. at p. 6-7. This argument fails to take into account that Dr. Iakovlev's opinions are not general in nature, but are specific to polypropylene mesh and how it reacts in the human body. Dr. McLendon has no experience qualifying him to critique such specific opinions.

Though Defendant points to a prior ruling by this Court to argue that this experience is not required, it fails to acknowledge that in that case the expert in question had "knowledge of and experience with pelvic mesh explants in particular, having examined fifty explant samples over the past five years." *Frankum v. Boston Sci. Corp.*, 2015 U.S. Dist. LEXIS 57251, *74 (S.D. W. Va. May 1, 2015).

---

[1] In its response, Defendant includes reference to the purpose of rebuttal experts. Def. Br. at p. 9. Plaintiffs note that Dr. McLendon was not specifically disclosed as a rebuttal expert in this case. To the extent that his testimony is permitted by this Court, it should be limited purely to rebuttal testimony.

Defendant's reliance on *Thomas J. Kline v. Lorillard, Inc.*, 878 F.2d 791, 799 is similarly misplaced and actually supports the exclusion of Dr. MacLendon under Rule 702. In *Kline*, the Fourth Circuit reversed the trail court's order admitting expert opinion testimony from the plaintiff's general business expert. The plaintiff's expert – who held a master's degree in business administration with experience in analyzing the financial health of companies – opined that the defendant violated § 13(a) of the Robinson-Patman Act by committing credit and price discrimination. The Fourth Circuit held that there "was no indication that Gordon's general business education included *any* training in the area of antitrust or credit" and that she "admitted that she lacked *any* other experience in such matters." *Kline*, 878 F.2d 791 at 799. Thus, despite having a master's in business administration and general experience in business matters, the Fourth Circuit ruled that the admitting the expert's opinion concerning "credit decisions was a clear abuse of discretion" as she "did not possess 'scientific, technical, or specialized knowledge' that would assist the trial of fact, as required by Rule 702." *Id*.

While Dr. McLendon may have general experience in his field as a neuropathologist, he does not have a*ny* experience related to mesh. Further, regardless of the questioning eliciting the response, it is irrefutable that Dr. McLendon does not know the science or medicine related to the implant of prostheses. Pl. Br. at p. 4. Defendant's assertion that Dr. McLendon general experience in neuropathology is enough and that he does not need any mesh-related experience should be discarded by this Court as it was by the Fourth Circuit in *Kline*.

### II.     Defendant fails to show that Dr. McLendon used a reliable methodology to form his opinions in this case.

Defendant does not dispute that Dr. McLendon did not perform any research on how mesh reacts in the human body or perform any studies on mesh and post-operative pain. Despite the fact that Dr. McLendon's sole purpose is to refute opinions specific to these very issues,

3

Defendant's position is that this is not necessary. In sum, Defendant urges this Court to allow Dr. McLendon to critique Dr. Iakovlev's findings on these specific topics without having performed any actual studies or research himself.

In support of its argument, Defendant points to this Court's prior ruling admitting expert testimony by Dr. Trepeta after determining it was based on "reliable pathology methods." Def. Br. at p. 8. But the methodology used by Dr. Trepeta and Dr. McLendon cannot be compared. In reaching its decision, this Court relied on the fact that Dr. Trepeta studied over fifty mesh explant samples in his private practice over the course of five years, examined these samples under a microscope in order to reach his conclusions, largely based his opinions on his study of mesh pathology samples during his practice, studied the medical literature on mesh implantation and analyzed his findings in conjunction with this literature, and reviewed twenty-four additional pathology reports to form his opinions. *Tyree v. Boston Sci. Corp.*, 54 F. Supp. 3d 501, 529-530, 2014 U.S. Dist. LEXIS 155138, *43-44 (S.D. W. Va. 2014). Dr. McLendon did not rely on any past experience analyzing mesh explants, because he does not have this experience. Instead, he merely reviewed a number of pathology photographs provided by Dr. Iakovlev, and performed no further mesh-related studies or research. This is entirely insufficient to offer testimony in this case.

### III. Dr. McLendon's criticisms of Dr. Iakovlev have no reliable scientific foundation, and should therefore be excluded.

Defendant argues that Dr. McLendon's opinions should not be excluded on the grounds that they criticize Dr. Iakovlev. But the problem with Dr. McLendon's proffered testimony is that it includes nothing more than blanket assertions that, as discussed above, are not based on any scientific methodology or applicable experience. The issue is not that Dr. McLendon does not offer an alternative; but his complete inability to reach any conclusion himself about how

4

mesh responds in the human body and the causes of post-operative pain clearly exemplifies his lack of experience and research in the specific fields at issue, and that are the subject of Dr. Iakovlev's opinions. Dr. McLendon's opinions essentially boil down to his beliefs that because he does not know the answers, neither can Dr. Iakovlev. The Court should not admit such testimony. When opinions, even in the form of criticisms, have no reliable scientific basis, "[t]his *ipse dixit* does not survive Daubert's scrutiny." *Eghnayem v. Boston Sci. Corp.*, 57 F. Supp. 3d 658, 701, 2014 U.S. Dist. LEXIS 152457, *92 (S.D. W. Va. 2014).

## CONCLUSION

For the reasons stated herein, Dr. McLendon's testimony should be excluded in its entirety.

Dated: May 16, 2016

Respectfully submitted,

/s/Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida 32563
(850) 202-1010
(850) 916-7449 (fax)
E-mail: baylstock@awkolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document on May 16, 2016, using the Court's CM-ECF filing system, thereby sending notice of the filing to all counsel of record in this matter.

/s/ Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida 32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com