**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION** | **Master File No. 2:12-MD-02327** <br> **MDL No. 2327** |
| **THIS DOCUMENT RELATES TO THE FOLLOWING CASES IN WAVE 2:** <br><br> *Tamara Carter, al. v. Ethicon, Inc., et al.* <br> **Civil Action No. 2:12-cv-01661** <br><br> *Sandra Childress, et al. v. Ethicon, Inc., et al.* <br> **Civil Action No. 2:12-cv-01564** <br><br> *Marion Chrysler v. Ethicon, Inc., et al.* <br> **Civil Action No. 2:12-cv-02060** <br><br> *Melissa Sanders, et al. v. Ethicon, Inc., et al.* <br> **Civil Action No. 2:12-cv-01562** <br><br> *Ana Sierra, et al. v. Ethicon, Inc., et al.* <br> **Civil Action No. 2:12-cv-01819** <br><br> *Toni Hernandez v. Ethicon, Inc., et al.* <br> **Civil Action No. 2:12-cv-02073** | **JOSEPH R. GOODWIN** <br> **U.S. DISTRICT JUDGE** |

## PLAINTIFF'S RESPONSE TO NOTICE OF VIDEOTAPED DEPOSITION OF PAUL MICHAELS, M.D.

Come now the Plaintiffs and respond to the Notice of Videotaped Deposition of Paul Michaels, M.D. and the request therein that the deponent bring with him to the deposition certain materials as listed as Exhibit A attached to the notice as follows:

1.

*All documents related to fees, billing, and/or time spent in connection with your opinions in any pelvic mesh litigation relating to either prolapse or stress urinary incontinence in which you have been consulted or disclosed as an expert witness.*

1

## **RESPONSE**

Responding to Request Number1, Plaintiffs will produce information as to the amount of compensation that has been paid to or billed by the witness. Plaintiffs object to Request Number 1 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.


2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert. Paragraph 1 of this response is incorporated herein by reference.

*2.*

*A copy of an up-to-date CV, along with a complete list of your publications and testimony*


## **RESPONSE**

A copy of Dr. Michaels' up-to-date CV is attached to each of the case-specific expert reports.

*3.*

*All documents, including but not limited to videotapes, recordings, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at your direction in*

*connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.*

8.

*Any and all documents, records, literature and data or information of any kind reviewed or considered by or made available to you, whether you did or did not rely on such documents, records, literature and data or information.*

10.

*All depositions, pleadings, or other records of any court or administrative proceeding, that were shown to, summarized for, or otherwise made available for review to you in connection with your expected testimony in this or any other pelvic mesh case, or in connection with the development of an opinion or belief, or an assessment or determination, relating to this or any other pelvic mesh case.*

## **RESPONSE**

Plaintiffs object to Requests Number 3, 8, and 10 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

3.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such

3

production by an expert. Paragraph 1 of this response is incorporated herein  by reference.

4.       Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

5.       Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced. Paragraph 1 of this response to request Number 1 is  incorporated herein by reference.

6.       Further responding, insofar as Plaintiffs' attorney might have provided such materials to the witness, and insofar as the witness might have considered such in arriving at these opinions, and insofar as the same was not produced in the expert's Rule 26 report or subsequent to the serving of the report, or is not already in the hands of the defendants, or is unavailable from publicly available publications, Plaintiffs will ask the expert to produce the same at his deposition. Plaintiffs further object to the all-inclusive phrase " *documents, records, literature and data or information of any kind reviewed or considered by or made available to you"* in said request as being so broad  and all-inclusive as to be beyond the scope of discovery required to be produced by expert  witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no  boundaries on the type material requested, and places no definition of the scope or type of documents requested.

7.       Further responding to said request number 8, other than as previously agreed by the Plaintiffs, the witness will not be asked to produce all materials and documents that he may have "*reviewed or considered by or made available*" as said  request is so broad, over-inclusive

and overbearing that it would require the witness to go back in time to the very beginning of his training and attempt to resurrect and produce all materials that he might have at any time and for any purpose reviewed. Such request is so over-burdensome as to be harassing and beyond any reasonable request authorized by the Federal Rules of Civil Procedure. Insofar as the witness has conducted research specifically relating to the specific cases in this litigation, as opposed to his general research that deals with mesh products, the expert will be asked to produce at his deposition all published results of such research to the extent it is reasonably accessible. However he will not be asked to produce his basic research or any materials used for such research, and as such, the request is beyond the scope of discovery required to be produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure.

Plaintiffs submit that the Federal Rules of Civil Procedure do not require the production of raw materials or underlying data used by an expert in forming his opinions, particularly when that material or data was not accumulated in connection with the expert's employment in those cases. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore.

Furthermore, the witness has used training and expertise in formulating opinions in this case, and it is unreasonable to require production of all background studies and experience. Defendants' request goes far beyond the discovery required to be produced by experts. The discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter. Rule 26 is not intended to place such burdens upon the witness. Rule 26 is not intended to dampen the access of parties to experts or to silence the experts by placing such onerous burdens upon them that they shy away from becoming involved in the litigation process. Paragraph 1 of this response to request Number 1 is incorporated herein by reference.

8.      Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii)

identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

*4.*

*All final reports prepared in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.*

5.

*Any reports or other documentation concerning testing done by you in connection with this or any other pelvic mesh case.*

## <u>RESPONSE</u>

Plaintiffs object to Request Numbers 4 and 5 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert. Paragraph 1 of this response to request Number 7 is incorporated herein by reference.

3.       Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced. Paragraph 1 of this response to request Number 7 is incorporated herein by reference.

4.      Insofar as the witness has conducted research specifically relating to the specific cases in this litigation, as opposed to his general research that deals with mesh products, the expert will be asked to produce at his deposition all published results of such research to the extent it is reasonably accessible. However he will not be asked to produce his basic research or any materials used for such research, and as such, the request is beyond the scope of discovery required to be produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure.

Plaintiffs submit that the Federal Rules of Civil Procedure do not require the production of raw materials or underlying data used by an expert in forming his opinions, particularly when that material or data was not accumulated in connection with the expert's employment in those cases. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore.

Furthermore, the witness has used training and expertise in formulating opinions in this case, and it is unreasonable to require production of all background studies and experience. Defendants' request goes far beyond the discovery required to be produced by experts. The discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter. Rule 26 is not intended to place such burdens upon the

7

witness. Rule 26 is not intended to dampen the access of parties to experts or to silence the experts by placing such onerous burdens upon them that they shy away from becoming involved in the litigation process. Paragraph 1 of this response to request Number 1 is incorporated herein by reference.

5. Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

6.

*Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from you and any persons with knowledge of facts relating to this or any other pelvic mesh cases, including any health care providers.*

7.

*Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from and any persons concerning pelvic mesh.*

## **RESPONSE**

Plaintiffs object to Requests Number 6 and 7 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B)

protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert. Paragraph 1 of this response to request Number 3 is incorporated herein by reference.

3.       Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's communications be produced, other than allowed by Rule 26(b)(4)(C) . Paragraph 1 of this response to request Number 6 is incorporated herein by reference.

4.      Further responding, insofar as Plaintiffs' attorney might have provided such materials to the witness, and insofar as the witness might have considered such in arriving at these opinions, and insofar as the same was not produced in the expert's Rule 26 report or subsequent to the serving of the report, or is not already in the hands of the defendants, or is unavailable from publicly available publications, Plaintiffs will ask the expert to produce the same at his deposition. Plaintiffs further object to said request as being so broad and all inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

5.      Further responding to said requests number 4 and 5, other than as previously agreed by the Plaintiffs, the witness will not be asked to produce all materials and documents related to "*any conversations, correspondence, or communication between, among, to, or from you and any persons with knowledge of facts relating to this or any other pelvic mesh cases, including any health care providers,*" as said request is so broad, over-inclusive and overbearing that it would require the witness to go back in time and attempt to resurrect and produce all materials that he might have at any time and for any purpose reviewed. Such request is so over-burdensome as to be harassing and beyond any reasonable request authorized by the Federal Rules of Civil Procedure. Insofar as the witness has conducted research specifically relating to the specific cases in this litigation, as opposed to his general research that deals with mesh products, the expert will be asked to produce at his deposition all  published results of such research to the extent it is reasonably accessible. However he will not be asked to produce his basic research or any materials used for such research, and as such, the  request is beyond the scope of discovery required to be  produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and  disclosure.

Plaintiffs submit that the Federal Rules of Civil Procedure do not require the production of raw materials or underlying data used by an expert in forming his opinions, particularly when that material or data was not accumulated in connection with the expert's employment in those cases. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore.

6.      Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL

1942435, at *1 (S.D. W.Va. July 1, 2009).

9.

*All literature, published or unpublished, consulted by you in connection with your opinions in this case, including all literature that fails to support your opinions.*

## RESPONSE

Plaintiffs object to Request Number 9 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.     Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert. Paragraph 1 of this response to request Number 3 is incorporated herein by reference.

3.     Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

11

4.      Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced. Paragraph 1 of this response to request Number 3 is incorporated herein by reference.

5.      Further responding, insofar as Plaintiffs' attorney might have provided such materials to the witness, and insofar as the witness might have considered such in arriving at these opinions, and insofar as the same was not produced in the expert's Rule 26 report or subsequent to the serving of the report, or is not already in the hands of the defendants, or is unavailable from publicly available publications, Plaintiffs will ask the expert to produce the same at his deposition. Plaintiffs further object to the all-inclusive phrase "*all articles, and any other literature or documents* " in said request as being so broad and all inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

6.      Further responding to said request number 3, other than as previously agreed by the Plaintiffs, the witness will not be asked to produce all materials and documents that he may have "*reviewed, relied upon, and/or referred to in reaching your opinions and conclusions regarding this case.*" as said request is so broad, over-inclusive and overbearing that it would require the witness to go back in time to the very beginning of his training and attempt to resurrect and produce all materials that he might have at any time and for any purpose reviewed. Such request is so over-burdensome as to be harassing and beyond any reasonable request authorized by the Federal Rules of Civil Procedure. Insofar as the witness has conducted research specifically relating to the specific cases in this litigation, as opposed to his general research that deals with mesh products, the expert will be asked to produce at his deposition all published results of such research to the extent it is reasonably accessible. However he will not be asked to produce his basic research or any materials used for such research, and as such, the request is beyond the scope of discovery required to be produced by expert witnesses or

contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure.

Plaintiffs submit that the Federal Rules of Civil Procedure do not require the production of raw materials or underlying data used by an expert in forming his opinions, particularly when that material or data was not accumulated in connection with the expert's employment in those cases. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore.

Furthermore, the witness has used training and expertise in formulating opinions in this case, and it is unreasonable to require production of all background studies and experience. Defendants' request goes far beyond the discovery required to be produced by experts. The discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter. Rule 26 is not intended to place such burdens upon the witness. Rule 26 is not intended to dampen the access of parties to experts or to silence the experts by placing such onerous burdens upon them that they shy away from becoming involved in the litigation process. Paragraph 1 of this response to request Number 3 is incorporated herein by reference.

7.     Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

*11.*

*All photographs or other images including photos of the plaintiff or products taken by or for you*

*which refer or relate to your opinions in this case. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.*

*12.*

*All photographs and photomicrographs of pelvic and hernia mesh explants taken by you in any pelvic or hernia mesh matter. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.*

*13.*

*All photos and photomicrographs of the explants from plaintiffs for which the "bark" thicknesses are included your report in this matter. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.*

*14.*

*All photomicrographs you took of any field in which you derived "bark" measurements that were included in your report. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.*

*17.*

*All photos and photomicrographs of the explants from the plaintiffs for which the data found in your report was derived. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.*

*19 &20*

*All photos and photomicrographs of the explants from the plaintiffs for which the data found in your report was derived. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.*

*21.*

*All other photos and photomicrographs from the specimens shown in Figures 1a through Figure 41. Any such photographs should be clear of any obstructions, including but not limited to*

*copyright watermarks.*

### **RESPONSE**

Plaintiffs objection to Request Numbers, 11, 12, 13, 14, 17, 19, 20 and 21, upon the grounds that all photomicrographs or photographs relevant to any of these requests have already been included in the witness's reports.

*15.*

*Any documents identifying the date on which you created pathology slides for the specimens from which you derived the data in your report.*

### **RESPONSE**

Plaintiffs object to Request Number 15, upon the grounds that said request seeks discovery that is beyond the scope of discovery required to be produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore. Furthermore, the request is irrelevant, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

*16.*

*Any documents identifying the specific data used to construct the bark thickness graphs in your report (e.g., the in vivo days that correspond with each bark thickness).*

### **RESPONSE**

Plaintiffs object to Request Number 16, upon the grounds that said request seeks discovery beyond that required to be produced for case-specific depositions and is irrelevant to this matter. Further, the request is beyond the scope of discovery required to be produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore. Finally, the witness has been questioned extensively regarding this bark thickness graph in prior Ethicon depositions and it is publicly available to

defendant.

*18.*

*All documents from which you relied upon to derive the data contained in your report.*

*22.*

*Any and all notes or other methods of record-keeping capturing the data used in of your report.*

## **RESPONSE**

Plaintiffs object to Request Numbers 18 and 22, upon the grounds that said request seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2. Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert. Paragraph 1 of this response to request Number 7 is incorporated herein by reference.

3. Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or

records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced. Paragraph 1 of this response to request Number 7 is incorporated herein by reference.


4.      Insofar as the witness has conducted research specifically relating to the specific cases in this litigation, as opposed to his general research that deals with mesh products, the expert will be asked to produce at his deposition all published results of such research to the extent it is reasonably accessible. However he will not be asked to produce his basic research or any materials used for such research, and as such, the request is beyond the scope of discovery required to be produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure.

Plaintiffs submit that the Federal Rules of Civil Procedure do not require the production of raw materials or underlying data used by an expert in forming his opinions, particularly when that material or data was not accumulated in connection with the expert's employment in those cases. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore.

Furthermore, the witness has used training and expertise in formulating opinions in this case, and it is unreasonable to require production of all background studies and experience. Defendants' request goes far beyond the discovery required to be produced by experts. The discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter. Rule 26 is not intended to place such burdens upon the witness. Rule 26 is not intended to dampen the access of parties to experts or to silence the experts by placing such onerous burdens upon them that they shy away from becoming involved in the litigation process. Paragraph 1 of this response to request Number 1 is incorporated herein by reference.

*23.*

*Any protocol, written procedure, or instructions for the stretching undertaken on the New Prolift Mesh, as described in the legend of Figure 20b.*


**<u>RESPONSE</u>**

17

Plaintiffs object to the request as being unintelligible and not specific to the witness's expert report in this matter.

24.

*Any graphics or charts prepared by you for use at trial.*

**RESPONSE**

Plaintiffs object to the request as being beyond the scope of discovery under F.R.C.P. 26 and incorporate herein the responses and objections to Request No. 1 and 3 above. At this time, the witness has not prepared any demonstrative exhibits. The witness has reviewed Ethicon internal documents which contain drawings and illustrations; such are referenced in the   expert's report and are possessed by the defendant.

2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure; Rules 26(b)(3)(A) and (B) protect any documents and tangible things that are prepared in anticipation of litigation or for trial and Plaintiffs object to said request on such basis.

25.

*Any Ethicon products in your possession.*

**RESPONSE**

Plaintiffs object to Request Number 25, upon the grounds that said request seeks discovery beyond that required to be produced for case-specific depositions and is irrelevant to this matter.

26.

*All materials (including but not limited to protocols, interim and final results, reports of adverse events, informed consents, investigator brochures, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards) relating to any study, analysis, test, clinical trial or epidemiological study concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence*

*in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.*

## RESPONSE

Plaintiffs object to Request Number 26, upon the grounds that said request seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.     Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert. Paragraph 1 of this response to request Number 7 is incorporated herein by reference.

3.     Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced. Paragraph 1 of this response to request Number 7 is incorporated herein by reference.

4.     Insofar as the witness has conducted research specifically relating to the specific

cases in this litigation, as opposed to his general research that deals with mesh products, the expert will be asked to produce at his deposition all published results of such research to the extent it is reasonably accessible. However he will not be asked to produce his basic research or any materials used for such research, and as such, the request is beyond the scope of discovery required to be produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure.

Plaintiffs submit that the Federal Rules of Civil Procedure do not require the production of raw materials or underlying data used by an expert in forming his opinions, particularly when that material or data was not accumulated in connection with the expert's employment in those cases. The witness has provided detailed, lengthy explanations of his opinions in this case, and the bases therefore.

Furthermore, the witness has used training and expertise in formulating opinions in this case, and it is unreasonable to require production of all background studies and experience. Defendants' request goes far beyond the discovery required to be produced by experts. The discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter. Rule 26 is not intended to place such burdens upon the witness. Rule 26 is not intended to dampen the access of parties to experts or to silence the experts by placing such onerous burdens upon them that they shy away from becoming involved in the litigation process. Paragraph 1 of this response to request Number 1 is incorporated herein by reference.

5. Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL

1942435, at *1 (S.D. W.Va. July 1, 2009).

27.

*All documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.*

**RESPONSE**

Plaintiffs object to Request Number 27 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert.

28.

*All documents or communications relating to presentations or lectures given or contributed to by you which concerned pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.*

**RESPONSE**

Plaintiffs object to Request Number 28 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal

Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

   2.  Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert.

29.

*All communications, including but not limited to emails, between other Plaintiffs' experts and yourself regarding pelvic mesh, hernia mesh, polypropylene, or related to any other topic discussed in your expert report in this matter.*

**<u>RESPONSE</u>**

   Plaintiffs object to Request Number 29 upon the grounds that said request seeks discovery beyond that required to be produced for case-specific depositions and is irrelevant to this matter. Further, the request is beyond the scope of discovery required to be produced by expert witnesses or contemplated by Rule 26 of the Federal Rules of Civil Procedure relating to expert reports and disclosure.

30.

*Copies of any letters, brochures, promotions, or other documents in which you advertise or discuss your work or availability as an expert or consultant in litigation*

## **RESPONSE**

Plaintiffs object to Request Number 30 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.  Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert.

31.

*Copies of the syllabus and texts used in any teaching setting by you.*

## **RESPONSE**

Plaintiffs object to Request Number 31 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to

23

the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.　　Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert.

32.

*All transcripts of prior testimony or statements or presentations given by you in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.*

**RESPONSE**

Plaintiffs object to Request Number 32 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.　　Plaintiffs further object to said request as seeking information outside the scope of

discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert.

33.

*A copy of your complete file in this case.*

**RESPONSE**

To the extent that said request seeks discovery required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, plaintiffs will request that the expert bring a copy of his complete file in this case.

34.

*Any communications between you and counsel for the plaintiff, to the extent that such communications:*

*a. Relate to your compensation;*

*b. Identify facts or data that you were provided and that you considered in forming your opinions; or*

*c. Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions.*

**RESPONSE**

Plaintiffs object to Request Number 34 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to

25

the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.

2.      Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert.

3.      Notwithstanding said objections, to the extent that said request seeks discovery required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, and to the extent that to the extent that documents responsive to this request exist and have not already been provided to Defendant, Plaintiff will ask the expert to produce these materials.

This 10th day of June, 2016

By: /s Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Florida Bar Number: 78263
D. Renee Baggett, Esq.
Florida Bar Number: 0038186
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 E. Main Street, Suite 200
Pensacola, Florida 32502
Phone: (850) 202-1010
Fax: (850) 916-7449
baylstock@awkolaw.com
rbaggett@awkolaw.com
*Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 10, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: <u>/s Bryan F. Aylstock</u>
Bryan F. Aylstock, Esq.
Florida Bar Number: 78263
D. Renee Baggett, Esq.
Florida Bar Number: 0038186
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 E. Main Street, Suite 200
Pensacola, Florida 32502
Phone: (850) 202-1010
Fax: (850) 916-7449
baylstock@awkolaw.com
rbaggett@awkolaw.com
*Attorney for Plaintiff*