IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION          MDL No. 2327

--------------------------------------------------

THIS DOCUMENT RELATES TO
ETHICON WAVE 1 CASES

PRETRIAL ORDER # 234
(Fourth Amended Docket Control Order – Wave 1 Cases)

Pending is Defendants' Joint Motion for Extension of Time for all Parties to file Wave One Motions in Limine and Responses to Motions in Limine, filed June 14, 2016. [ECF No. 2312]. For good cause shown, it is **ORDERED** that the motion is **GRANTED.** It is further **ORDERED** that PTO # 217 (Third Amended Docket Control Order – Wave 1 Cases) is amended to reflect the change in deadlines for motions in limine (paragraph A). The remaining provisions remain in force and effect.

In the Ethicon Wave 1 cases it is **ORDERED** as follows:

**A.     SCHEDULING DEADLINES**. The following deadlines shall apply in the Ethicon Wave 1 cases:

| | |
|---|---|
| Plaintiff Fact Sheets. | 10/19/2015 |
| Defendant Fact Sheets. | 11/19/2015 |
| Deadline for written discovery requests. | 01/04/2016 |
| Expert disclosure by plaintiffs. | 02/01/2016 |
| Expert disclosure by defendants. | 03/02/2016 |
| Expert disclosure for rebuttal purposes. | 03/16/2016 |
| Deposition deadline and close of discovery. | 04/01/2016 |

| | |
|---|---|
| Filing of Dispositive Motions. | 04/04/2016 |
| Response to Dispositive Motions. | 04/22/2016 |
| Reply to response to dispositive motions. | 04/29/2016 |
| Filing of *Daubert* motions. | 04/21/2016 |
| Responses to *Daubert* motions. | 05/09/2016 |
| Reply to response to *Daubert* motions. | 05/16/2016 |
| Filing of motions in limine. | 06/20/2016 |
| Responses to motions in limine. | 07/01/2016 |

1. **Discovery Completion Date.** The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a)(1), and (2), but not disclosures required by Federal Rule of Civil Procedure 26(a)(3), shall be completed.

2. **Limitations on Interrogatories, Requests for Admissions and Depositions**. The following limitations apply:

    a. Defendants are limited to 10 interrogatories and 10 requests for admission per plaintiff.

    b. Plaintiffs are limited to 10 interrogatories and 10 requests for admission to the Ethicon defendants.

    c. In each individual member case, no more than 4 treating physicians may be deposed.[1]

    d. Depositions of plaintiff's friends and family members may be taken at any time prior to trial provided the deposition is requested before the discovery completion date.

---

[1] To the extent disputes arise regarding the division of time between the parties for the deposition of treating physicians (three hours total absent agreement), I will address those disputes, rather than the assigned Magistrate Judge, Judge Eifert.

2

  e. Depositions of any witness are limited to 3 hours absent agreement of the parties.

  f. The court will consider modifications to the above limitations upon good cause shown.

3. **Limitations on Experts.** The following limitations related to experts apply:

  a. The parties may conduct general and specific expert discovery on the products at issue in Ethicon Wave 1. In light of the bellwether trials that already occurred and the substantial discovery conducted to date on the Ethicon defendants' products, the parties are cautioned not to engage in duplicative general expert discovery, but instead, to tailor their discovery to the remaining Ethicon defendants' products at issue (to the extent such discovery is necessary), supplementing any discovery already completed and conducting specific causation discovery for the Ethicon Wave 1 plaintiffs. In light of the common products involved in Ethicon Wave 1, the likelihood of overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases, **each side is limited to no more than five (5) experts per case (exclusive of treating physicians)**. It is the court's expectation that these experts will overlap for plaintiffs who have the same product(s), to some extent, if not entirely.

  b. The parties shall coordinate the depositions of general causation experts. Insofar as multiple plaintiffs utilize the same general causation expert or experts, those experts shall be deposed only once on the issue of general

causation. As to Ethicon's experts, plaintiffs are instructed to choose a lead questioner.

    c. The court encourages the coordination of depositions of specific causation experts to the extent there is overlap in the parties' use of specific causation experts for multiple plaintiffs.

    d. The court will consider modifications to the above limitations upon good cause shown.

**B.**     **MOTION PRACTICE.**

    1.     **Early Dispositive Motions.** If discovery (e.g., the deposition of plaintiff and her implanting physician) reveals facts that could support a motion that would be dispositive of the *entirety* of a plaintiff's claims (e.g., causation, the statute of limitations), either party may seek the court's leave *in the individual member case* to file an early dispositive motion on that issue. If such leave is granted, the court shall set a briefing schedule at that time.

    2.     **Dispositive Motions**. For the filing of dispositive motions, motions and supporting memoranda must be filed in each individual member case to which the motion applies. Pursuant to Local Civil Rule 7.1(a)(2), the parties must file a separate memorandum in support of a motion for summary judgment.

    3.     ***Daubert* Motions.** For the filing of *Daubert* motions on general causation issues only, the parties are instructed to file one *Daubert* motion per expert in the main MDL (MDL 2327) instead of the individual member case. The parties are directed to attach to the *Daubert* motion as Exhibit A, a list of each case to which the motion applies (identified by case style and number). Each side may file one response and one reply in the main MDL to each *Daubert* motion. This limitation does not apply to specific causation *Daubert* motions, responses and replies.

Specific causation *Daubert* motions, responses and replies must be filed in the individual member cases. To the extent an expert is both a general and specific causation expert, the parties may file a general causation motion in the main MDL 2327 and an individual specific causation motion in an individual member case. Pursuant to Local Civil Rule 7.1(a)(2), the parties must file a separate memorandum in support of any *Daubert* motion.

4. **Motions in limine**. Motions in Limine are limited to 3 pages each, responses are limited to 2 pages each. The court expects the parties to file motions in limine only for the purpose of precluding highly prejudicial statements in opening or closing statements or questions at trial that, once heard by the jury, cannot be easily cured by an instruction to disregard. The court will not provide advisory opinions on the admissibility of evidence a party may offer at trial and will summarily deny those motions as premature.

5. **Hearings.** Hearing dates for dispositive and *Daubert* motions, if any, will be set at a future status conference.

6. **Page Limitations.** The page limitations provided in Local Rule of Civil Procedure 7.1(a)(2) apply to memoranda in support of all dispositive and *Daubert* motions, oppositions, and replies, and the court will not be inclined to grant motions to exceed the page limit.

7. **Courtesy Copies.** The parties are relieved of their obligation under Local Civil Rule 7.1(a)(5) to provide courtesy copies of any dispositive or *Daubert* motions.

8. **Confidential Documents.** In the past, the court has permitted parties to file placeholder exhibits in support of *Daubert*, dispositive and other motions, responses and replies in the place of confidential documents that may be sealed and then, within five days, redact/dedesignate the documents or file a motion to seal. *Moving forward, the court will no longer permit this practice. Parties may no longer file placeholder exhibits.* The court expects leadership

5

counsel for plaintiffs and the Ethicon defendants to resolve issues related to confidential designations well before the filing of motions. Filings containing placeholder exhibits will be struck. In the event there are issues related to sealing of confidential documents that the parties are unable to resolve, they must be brought to the court's attention in a consolidated manner as follows: A consolidated motion to seal is due on or before **March 9, 2016**, any response is due **March 17, 2016** and any reply is due **March 24, 2016**.

      9.      **Locations of Filings.** With the exception of the general causation *Daubert* motions as outlined above, the parties are reminded that they must file dispositive and *Daubert* motions on specific causation, responses and replies in the applicable member cases only, not in the Ethicon MDL.

**C.**      **CASES READY FOR TRANSFER, REMAND OR TRIAL**

      1.      **Venue Recommendations.** By no later than **February 10, 2016**, the parties shall meet and confer concerning the appropriate venue for each of the cases, and the parties shall submit joint venue recommendations to the court by **February 18, 2016**. The parties' joint recommendation(s) shall identify the cases about which the recommended venue is in dispute. The court may then request briefing concerning the venue for those cases about which the parties disagree. Each party reserves the right to object to the venue selected by its adversary or the court.

      2.      **Transfer and Remand.** At the conclusion of pre-trial proceedings, the court, pursuant to PTO # 15 and 28 U.S.C. § 1404(a), will transfer each directly-filed case to a federal district court of proper venue as defined in 28 U.S.C. § 1391. In the alternative, pursuant to PTO # 15 and 28 U.S.C. § 1407, cases that were transferred to this court by the MDL panel shall be

remanded for further proceedings to the federal district court from which each such case was initially transferred.[2]

    3.    **Trial Settings.** If a case is to be tried in the United States District Court for the Southern District of West Virginia (either by agreement of the parties or where venue in the Southern District is determined to be proper by the court), the case shall be deemed trial-ready when discovery is completed and the court rules on the parties' pretrial motions. The trial date for cases transferred or remanded to other federal district courts shall be set by the judge to whom the transferred or remanded case is assigned (including the undersigned through intercircuit assignment).

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and in the Ethicon Wave 1 cases. In cases subsequently filed in this district after 2:16-cv-05380, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

    ENTER: June 15, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] As expressly contemplated by PTO # 15, the Ethicon defendants do not waive their right to seek transfer—pursuant to 28 U.S.C. § 1406(a) or any other available ground—of any case to a court of proper venue, regardless of whether that case was transferred to or directly-filed in the Southern District of West Virginia.

7