**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: ETHICON, INC.,**<br>**PELVIC REPAIR SYSTEM**<br>**PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327**<br>**MDL No. 2327** |
| **THIS DOCUMENT RELATES TO**<br>**PLAINTIFFS:**<br><br>***Tamara Carter, et al. v. Ethicon, Inc., et al.***<br>**Civil Action No. 2:12-cv-01661**<br><br>***Sandra Childress, et al. v. Ethicon, Inc., et al.***<br>**Civil Action No. 2:12-cv-01564**<br><br>***Marion Chrysler v. Ethicon, Inc., et al.***<br>**Civil Action No. 2:12-cv-02060**<br><br>***Melissa Sanders, et al. v. Ethicon, Inc., et al.***<br>**Civil Action No. 2:12-cv-01562**<br><br>***Ana Sierra, et al. v. Ethicon, Inc., et al.***<br>**Civil Action No. 2:12-cv-01819**<br><br>***Toni Hernandez v. Ethicon, Inc., et al.***<br>**Civil Action No. 2:12-cv-02073** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO**
**DEFENDANTS' NOTICE OF DEPOSITION OF DR. PAUL MICHAELS**

Plaintiffs in the above referenced cases (hereinafter "Plaintiffs") hereby respond and

object to Defendants' Notice of deposition of Dr. Paul Michaels (the "Notice"). The Notice was

filed and served on or about June 9, 2016, and the deposition of Dr. Michaels is noticed for June

18-19, 2016. The notice is attached hereto as Exhibit "A."

By making the accompanying responses and these objections to Defendants' requests for production, Plaintiffs do not waive, and hereby expressly reserve, their right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges to these objections and responses.

**GENERAL RESPONSES AND OBJECTIONS**
**TO NOTICE AND REQUESTS TO PRODUCE**

Plaintiffs object to each the document requests contained in Defendants' Notice of Deposition, and further object to the quantity of document requests contained in Defendants' Notice of Deposition. Plaintiffs further object that the request as stated is vague and over burdensome. As worded the discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter.   Plaintiffs object to each document request to the extent that it purports to impose any requirement or discovery obligation greater or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Plaintiffs generally object to each document request that is overly broad or to the extent it seeks documents protected from disclosure by attorney work product doctrine, or laws and regulations governing disclosure of protected private health information, including, but not limited to the Health Insurance Portability Accountability Act of 1996 ("HIPAA") and related regulations.  Should such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any applicable privileges.

2

**SPECIFIC RESPONSES AND OBJECTIONS**
**TO NOTICE AND REQUESTS TO PRODUCE**

**Request No. 1:**  All documents related to fees, billing, and/or time spent in connection with your opinions in any pelvic mesh litigation relating to either prolapse or stress urinary incontinence in which you have been consulted as an expert witness.

**Responses and Objections to Request No. 1:**  Plaintiff objects to this request as stated as beyond the scope of discovery required to be produced under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiffs further object to this Request  as being overly broad.  Without waiving the foregoing objections, Plaintiffs will produce information as to the amount of compensation that has been paid to or billed by the witness in this matter.

**Request No. 2:**  A copy of an up-to-date CV, along with a complete list of your publications and testimony.

**Responses and Objections to Request No. 2:**  Plaintiff objects to this Request on the grounds that it is vague and overly broad with respect to "Your publications" and, therefore, it seeks information related to products other than those implanted in the Plaintiffs and at issue in this lawsuit.  Plaintiffs further object to Request Number 4 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.  Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness

3

required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.  Plaintiffs object to the request except as to those matters specifically required to be produced by said Rule 26(b)(4)(C).  See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W. Va. July 1, 2009).

Without waiving the foregoing objections, Dr. Sanders has provided a copy of his most recent Curriculum Vitae.

**Request No.  3:**  All documents, including but not limited to videotapes, recordings, databases, data in any other form, work papers, and notes, whether preliminary of final, prepared by or at your direction in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

**Responses and Objections to Request No.  3:**  Plaintiffs object to this request to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.  Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's

attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.  Plaintiffs object to the request except as to those matters specifically required to be produced by said Rule 26(b)(4)(C).  See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W. Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further, Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further, Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an experts' notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

5

Plaintiffs further object to the all-inclusive "*[a]ll documents*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type of materials requested, and places no definition of the scope or type of documents requested.

Further, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs further object to this Request as being overly broad and as asking for material not recorded or maintained by this witness.

**Request No. 4:** All final reports prepared in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

**Responses and Objections to Request No.  4:**  Plaintiffs object to this request to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.  Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules.  Plaintiffs object to the request except as to those matters specifically required to be produced by said Rule 26(b)(4)(C).  See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W. Va. July 1, 2009).

Further Plaintiffs object to said request as seeking information about opinions given outside the above captioned case.

Without waiving the foregoing objections, Plaintiffs have produced reports in this case, and reserve the right to supplement or amend these reports as permitted under the Rules.

**Request No.  5:**  Any reports or other documentation concerning testing done by you in connection with this or any other pelvic mesh case.

**Responses and Objections to Request No. 5:** Plaintiffs object to this request upon the grounds that said request seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Plaintiffs object to said request as seeking information about opinions given outside the above captioned case.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect

communications between the party's attorney and any witness required to  provide a report under Rule 26(a)(2)(B), regardless of the form of the  communications, except to the extent that the communications (i) relate to  compensation for the expert's study or testimony; (ii) identify facts or data that  the party's attorney provided and that the expert considered in forming the  opinions to be expressed; or (iii) identify assumptions that the party's attorney  provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information   relating to the mental impressions, conclusions, opinions, and legal theories of  Plaintiffs' counsel.  Such information, prepared in anticipation of litigation and not  disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil  Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by  this witness or violate any obligations under state and federal law, including  HIPAA.

Plaintiffs further object to said request as seeking information outside the scope  of discovery authorized under the Federal Rules of Civil Procedure, which rules  do not require such production by an expert and inquire about opinions given  outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to  produce any other material or to copy and produce any literature or other material  the expert may have reviewed from published sources during his review and  preparation of this matter, as such is outside the scope of discovery required to be  produced by or relating to expert witnesses under the Federal Rules of Civil  Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 report previously served in this matter.

**Request No.  6:**  Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to or from you and any persons with knowledge of facts relating to this or any other pelvic mesh cases, including any health care providers.

**Responses and Objections to Request No.  6:**        Plaintiffs object to this request upon the grounds that said request seek discovery beyond that required to be produced by experts under  Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that  Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule  26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C)  specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's   attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the  form of the communications, except to the extent that the communications (i) relate to  compensation for the expert's study or testimony; (ii) identify facts or data that the party's  attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming  the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted  from discovery by the foregoing rules. Plaintiffs object to the request except as those matters  specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v.  CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va.  July 1, 2009).

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Plaintiffs object to said request as seeking information about opinions given outside the above captioned case.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness or violate any obligations under state and federal law, including HIPAA.

**Request No.  7:**  Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from and any persons concerning pelvic mesh.

**Responses and Objections to Request No.  7:**  Plaintiffs object to this request upon the grounds that said request seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further, Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further, Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an experts' notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to the all-inclusive "*[a]ll documents*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type of materials requested, and places no definition of the scope or type of documents requested.

Further, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

14

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.  Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs further object to this Request as being overly broad and as asking for material not recorded or maintained by this witness.

**Request No.  8:**  Any and all documents, records, literature and data or information of any kind reviewed or considered by or made available to you, whether you did or did not rely on such documents, records, literature and data or information.

**Responses and Objections to Request No.  8:**  Plaintiffs object to Request Number 8 upon the grounds that said request seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to

15

produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B)  protect communications between the party's attorney and any witness required to  provide a report under Rule 26(a)(2)(B), regardless of the form of the  communications, except to the extent that the communications (i) relate to  compensation for the expert's study or testimony; (ii) identify facts or data that  the party's attorney provided and that the expert considered in forming the  opinions to be expressed; or (iii) identify assumptions that the party's attorney  provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating  to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs'  counsel. Such information, prepared in anticipation of litigation and not disclosed  or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil  Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by  this witness.

**Request No. 9 :**  All literature, published or unpublished, consulted by you in connection with your opinions in this case, including all literature that fails to support your opinions.

**Responses and Objections to Request No. 9 :**  Plaintiffs object to Request Number 9 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule

26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records

generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 10 :**  All depositions, pleadings, or other records of any court or administrative proceeding, that were shown to, summarized for, or otherwise made available for review to you in connection with your expected testimony in this or any other pelvic mesh case, or in connection with the development of an opinion or belief, or an assessment or determination, relating to this or any other pelvic mesh case.

**Responses and Objections to Request No. 10 :**   Plaintiffs object to Request Number 10 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions

to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 11 :** All photographs or other images including photos of the plaintiff or products taken by or for you which refer or relate to your opinions in this case. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

**Responses and Objections to Request No. 11:** Plaintiffs object to Request Number 11 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records

generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 12 :**  All photographs and photomicrographs of pelvic and hernia mesh explants taken by you in any pelvic or hernia mesh matter.  Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

**Responses and Objections to Request No.  12:**      Plaintiffs object to Request Number 12 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope  of discovery authorized under the Federal Rules of Civil Procedure, which rules  do not require such production by an expert and inquire about opinions given  outside of the above captioned case.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No.  13:**  All photos and photomicrographs of the explants from plaintiffs for which the "bark" thicknesses are included your report in this matter.  Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

**Responses and Objections to Request No.  13:**      Plaintiffs object to Request Number 13 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery  from expert witnesses exempted from discovery by Rule 26 of the Federal Rules  of Civil Procedure. There is no requirement under the rules that an expert's notes,  tapes, memoranda, or records

27

generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 14:** All photomicrographs you took of any field in which you derived "bark" measurements that were included in your report. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

**Responses and Objections to Request No. 14:** Plaintiffs object to Request Number 14 upon the grounds that said requests seek discovery beyond that required to be produced by

experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.


**Request No. 15:** Any documents identifying the date on which you created pathology slides for the specimens from which you derived the data in your report.

**Responses and Objections to Request No. 15:** Plaintiffs object to Request Number 15 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule

26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

31

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 16:** Any documents identifying the specific data used to construct the bark thickness graphs in your report (e.g., the in vivo days that correspond with each bark thickness).

**Responses and Objections to Request No. 16:**    Plaintiffs object to Request Number 16 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the

request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness'
Rule 26 reports, including reliance materials, previously served to defendants.


**Request No.  17:**  All photos and photomicrographs of the explants form the plaintiffs for
which the data found in your report was derived.  Any such photographs should be clear of any
obstructions, including but not limited to copyright watermarks.

**Responses and Objections to Request No.  17:**     Plaintiffs object to Request Number
17 upon the grounds that said requests seek discovery beyond that required to be produced by
experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically
provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required
under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule
26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications
between the party's attorney and any witness required to provide a report under Rule
26(a)(2)(B), regardless of the form of the communications, except to the extent that the
communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts
or data that the party's attorney provided and that the expert considered in forming the opinions
to be expressed; or (iii) identify assumptions that the party's attorney provided and that the
expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to
produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the
request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).
See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist.
WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.


**Request No. 18:** All documents from which you relied upon to derive the data contained in your report.

35

**Responses and Objections to Request No. 18:**     Plaintiffs object to Request Number 18 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 19:** All photos and photomicrographs of the explants form the plaintiffs for which the data found in your report was derived. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

**<u>Responses and Objections to Request No.  19:</u>**        Plaintiffs object to Request Number

19 upon the grounds that said requests seek discovery beyond that required to be produced by

experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically

provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required

under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule

26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule

26(a)(2)(B), regardless of the form of the communications, except to the extent that the

communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts

or data that the party's attorney provided and that the expert considered in forming the opinions

to be expressed; or (iii) identify assumptions that the party's attorney provided and that the

expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to

produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the

request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).

See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist.

WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery  from

expert witnesses exempted from discovery by Rule 26 of the Federal Rules  of Civil Procedure.

There is no requirement under the rules that an expert's notes,  tapes, memoranda, or records

generated in connection with involvement in the  cases, whether hand-written or in electronic

format, be produced.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B)  protect

communications between the party's attorney and any witness required to  provide a report under

Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 20:**  All photos and photomicrographs of the explants form the plaintiffs for which the data found in your report was derived. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

**Responses and Objections to Request No. 20:**   Plaintiffs object to Request Number 20 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

40

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No. 21:** All other photos and photomicrographs from the specimens shown in Figures 1a through Figure 41. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

**Responses and Objections to Request No. 21:** Plaintiffs object to Request Number 21 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the

expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No.  22:**  Any and all notes or other methods of record-keeping capturing the data used in of your report.

**Responses and Objections to Request No.  22:**      Plaintiffs object to Request Number 22 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.

**Request No.  23:**  Any protocol, written procedure, or instructions for the stretching undertaken on the New Prolift Mesh, as described in the legend of Figure 20b.

**Responses and Objections to Request No. 23:**  Plaintiffs object to Request Number 23 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Further Plaintiffs object to said request upon the grounds that it seeks discovery  from expert witnesses exempted from discovery by Rule 26 of the Federal Rules  of Civil Procedure. There is no requirement under the rules that an expert's notes,  tapes, memoranda, or records

generated in connection with involvement in the  cases, whether hand-written or in electronic format, be produced.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B)  protect communications between the party's attorney and any witness required to  provide a report under Rule 26(a)(2)(B), regardless of the form of the  communications, except to the extent that the communications (i) relate to  compensation for the expert's study or testimony; (ii) identify facts or data that  the party's attorney provided and that the expert considered in forming the  opinions to be expressed; or (iii) identify assumptions that the party's attorney  provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating  to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs'  counsel.  Such information, prepared in anticipation of litigation and not disclosed  or otherwise maintained in a way that is inconsistent with the purpose of the  privilege, is protected by the work product doctrine and Federal Rule of Civil  Procedure 26(b)(3)(B).

Subject to the foregoing objections, Plaintiffs refer Defendants to the expert witness' Rule 26 reports, including reliance materials, previously served to defendants.


**Request No.  24:** Any graphics or charts prepared by you for use at trial.

**Responses and Objections to Request No.  24:** Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.  Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the

46

privilege, is protected by the work product doctrine and Federal Rules of Civil Procedure 26(b)(3)(B).

**Request No.  25:**  Any Ethicon products in your possession.

**Responses and Objections to Request No.  25:**      Plaintiffs object to Request Number 25 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type of product requested.   Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).   Plaintiffs object to this Request as asking for material not recorded or retained by this witness or violate any obligations under state and federal law, including HIPAA.

**Request No.  26:**  All materials (including protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting and communications with patients, health authorities, sponsors, investigators, or institutional review boards) relating to any clinical trial or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you

participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.

**Responses and Objections to Request No.  26:**     Plaintiffs object to Request Number 26 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope  of discovery authorized under the Federal Rules of Civil Procedure, which rules  do not require such production by an expert and inquire about opinions given  outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such

49

information, prepared in anticipation of litigation and not disclosed  or otherwise maintained in a way that is inconsistent with the purpose of the  privilege, is protected by the work product doctrine and Federal Rule of Civil  Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by  this witness.

**Request No.  27:**  All documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**Responses and Objections to Request No.  27:**  Plaintiffs object to Request Number 27 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the

50

request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under

Rule 26(a)(2)(B), regardless of the form of the  communications, except to the extent that the communications (i) relate to  compensation for the expert's study or testimony; (ii) identify facts or data that  the party's attorney provided and that the expert considered in forming the  opinions to be expressed; or (iii) identify assumptions that the party's attorney  provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating  to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs'  counsel. Such information, prepared in anticipation of litigation and not disclosed  or otherwise maintained in a way that is inconsistent with the purpose of the  privilege, is protected by the work product doctrine and Federal Rule of Civil  Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by  this witness.

**Request No.  28:**  All documents or communications relating to presentations or lectures given or contributed to by you which concerned pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**Responses and Objections to Request No.  28:**        Plaintiffs object to Request Number 28 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications

between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records

generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No.  29:**  All communications, including but not limited to emails, between other Plaintiffs' experts and yourself regarding pelvic mesh, hernia mesh, polypropelene, or related to any other topic discussed in your expert report in this matter.

**Responses and Objections to Request No.  29:**       Plaintiffs object to Request Number 29 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope  of discovery authorized under the Federal Rules of Civil Procedure, which rules  do not require such production by an expert and inquire about opinions given  outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to  produce any other material or to copy and produce any literature or other material  the expert may have reviewed from published sources during his review and  preparation of this matter, as such is outside the scope of discovery required to be  produced by or relating to expert witnesses under the Federal Rules of Civil  Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery  from expert witnesses exempted from discovery by Rule 26 of the Federal Rules  of Civil Procedure. There is no requirement under the rules that an expert's notes,  tapes, memoranda, or records generated in connection with involvement in the  cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by  Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places  no boundaries on the type material requested, and places no definition of the  scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B)  protect communications between the party's attorney and any witness required to  provide a report under Rule 26(a)(2)(B), regardless of the form of the  communications, except to the extent that the communications (i) relate to  compensation for the expert's study or testimony; (ii) identify facts or data that  the party's attorney provided and that the expert considered in forming the  opinions to be expressed; or (iii) identify assumptions that the party's attorney  provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating  to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs'  counsel. Such

information, prepared in anticipation of litigation and not disclosed  or otherwise maintained in a way that is inconsistent with the purpose of the  privilege, is protected by the work product doctrine and Federal Rule of Civil  Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by  this witness.

**Request No.  30:**  Copies of any letters, brochures, promotions, or other documents in which you advertise or discuss your work or availability as an expert or consultant in litigation.

**Responses and Objections to Request No.  30:**     Plaintiffs object to Request Number 30 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).

57

See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the

communications (i) relate to  compensation for the expert's study or testimony; (ii) identify facts or data that  the party's attorney provided and that the expert considered in forming the  opinions to be expressed; or (iii) identify assumptions that the party's attorney  provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating  to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs'  counsel. Such information, prepared in anticipation of litigation and not disclosed  or otherwise maintained in a way that is inconsistent with the purpose of the  privilege, is protected by the work product doctrine and Federal Rule of Civil  Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by  this witness.

**Request No.  31:** Copies of the syllabus and texts used in any teaching setting by you.

**Responses and Objections to Request No.  31:**     Plaintiffs object to Request Number 31 upon the grounds that said request seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case. Plaintiffs also object to this Request as asking for material not recorded or retained by this witness.

**Request No.  32:** All transcripts of prior testimony or statements or presentations given by you in any proceeding before the Food and Drug Administration, the Drug Enforcement

Agency, the United States House of Representatives, Wall Street, Financial Analysis, National Pharmaceutical Association Meetings, and on local or national television.

**Responses and Objections to Request No. 32:**     Plaintiffs object to Request Number 32 upon the grounds that said request seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case. Further, Plaintiffs object to said request insofar as it is asking for material not recorded or retained by this witness or violate any obligations under state and federal law, including HIPAA other confidentiality or other agreements.

**Request No. 33:**  A copy of your complete file in this case.

**Responses and Objections to Request No. 33:**     Plaintiffs object to Request Number 33 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the

expert relied on in forming the opinions to be expressed. Plaintiffs will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiffs object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

Plaintiffs further object to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

Further Plaintiffs object to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

Further Plaintiffs object to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

Plaintiffs further object to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

Further Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Plaintiffs object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).

Plaintiffs object to this Request as asking for material not recorded or retained by this witness.

**Request No. 34:** Any communications between you and counsel for the plaintiff, to the extent that such communications:

a.   Relate to your compensation;

b.   Identify facts or data that you were provided and that you considered in forming your opinions; or

c.   Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions.

**Responses and Objections to Request No. 34:**     Plaintiffs object to Request Number 34 to the extent that said request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Subject to the foregoing, Plaintiffs refer Defendants to the expert witness' Rule 26 report previously disclosed in this matter.

Date: June 16, 2016               */s/ Jeffrey M. Kuntz*
                                  Thomas P. Cartmell          MO Bar # 45366
                                  Jeffrey M. Kuntz            MO Bar # 52371
                                  WAGSTAFF & CARTMELL LLP
                                  4740 Grand Avenue, Suite 300
                                  Kansas City, MO 64112
                                  Telephone:    (816) 701-1100
                                  Facsimile:    (816) 531-2372
                                  tcartmell@wcllp.com
                                  jkuntz@wcllp.com

                                  *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*s/ Jeffrey M. Kuntz*

Thomas P. Cartmell      MO Bar # 45366
Jeffrey M. Kuntz       MO Bar # 52371
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone:    (816) 701-1100
Facsimile:    (816) 531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com

*Attorneys for Plaintiffs*

64