# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES ONLY TO:<br><br>All TVT-O Cases | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF VIDEO DEPOSITION OF MAREENI STANISLAUS, M.D.

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Defendants") hereby respond and object to Plaintiffs' Notice of Deposition of Mareeni Stanislaus, M.D. (the "Notice") and "Schedule A" to the same.

The responses and objections contained herein are made without in any way waiving or intending to waive–but on the contrary reserving and intending to reserve–the right at any time to revise, supplement, correct, or add to these objections and responses. Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS TO PRODUCE – "SCHEDULE A"

1. Your *curriculum vitae*.

   **RESPONSE**: Defendants state that Dr. Stanislaus' CV was provided to Plaintiff with her expert report in this matter.

2. All original documents, books, records, materials, correspondence, memoranda, receipts, including, but not limited to diaries and notes pertaining to the claims raised by the plaintiff in this lawsuit.

**RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

3. All original documents, books, records, materials, correspondence, memoranda, receipts, including but not limited to medical records and notes, in your possession that pertain to or reference the plaintiff in this lawsuit.

**RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

4. All medical information, records and reports, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office records, handwritten notes by doctors and medical personnel and records received by other physician or healthcare providers that pertain to or reference the plaintiff in this lawsuit.

**RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

5. All laboratory, histology, cytology, pathology, radiology, CT Scan, MRI or other studies or tests that pertain to or reference the plaintiff in this lawsuit.

   **RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

6. All pharmacy/prescription records, including NDS numbers and drug information handouts/monographs, that pertain to or reference the plaintiff in this lawsuit.

   **RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

7. All documents you reviewed, referred to, or relied upon in arriving at any of your medical opinions concerning your treatment and care of plaintiff in this lawsuit.

   **RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided. Defendants further

refer to Dr. Stanislaus' materials reliance list, which was provided with her expert report in this matter.

8. All billing records, including all statements, itemized bills and insurance records that pertain to or reference the plaintiff in this lawsuit.

**RESPONSE**:  Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case.  Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.  To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

9. All documents referencing or referring to the Pelvic Mesh Product at issue, including, but not limited to, brochures, clinical studies, journal articles, reference books, pelvic mesh kits, DVDs and any other information you have on this product.

**RESPONSE**:  Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case.  Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.  To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

10. All professional educational materials you have received from Ethicon, Inc. and/or any other sources concerning the Pelvic Product at issue.

**RESPONSE**:  Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case.  Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of

Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

Dated: July 18, 2016.

    Respectfully submitted,

    /s/ Christy D. Jones_____
    Christy D. Jones (MS Bar #3912)
    Butler Snow LLP
    1020 Highland Colony Parkway
    Suite 1400
    Ridgeland, MS 39157
    P.O. Box 6010
    Ridgeland, MS 39158-6010
    (601) 985-4523
    Christy.jones@butlersnow.com


    /s/ David B. Thomas_____
    David B. Thomas (W. Va. Bar #3731)
    Thomas Combs & Spann PLLC
    300 Summers Street
    Suite 1380 (25301)
    P.O. Box 3824
    Charleston, WV 25338
    (304) 414-1807
    dthomas@tcspllc.com

    **ATTORNEY FOR DEFENDANTS**
    **JOHNSON & JOHNSON AND**
    **ETHICON, INC.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES ONLY TO:**<br><br>**All TVT-O Cases** | **JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE** |

**CERTIFICATE OF SERVICE**

I, William M. Gage, certify that on July 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ William M. Gage*