# EXHIBIT 1

PRS0602186

**ETHICON**
a Johnson-Johnson company

February 14, 2006

Nathan Wayne Goodyear M.D.
OB/GYN & Associates of Columbus
2000 Hamilton Road
Columbus, GA 31904

Dear Dr. Goodyear:

ETHICON (the "COMPANY") is pleased that you have agreed to serve as a preceptor by allowing employee(s) or representative(s) of the COMPANY, for training purposes, to observe and/or consult you during and after the performance of surgical or other medical sessions or procedures (the "Preceptorship") involving the practice, clinical uses, and related surgical techniques of Continence Health, including Urology, and Uterine Health products.

The purpose of this letter agreement is to set forth the terms and conditions pursuant to which you will provide Professional Education Training (hereafter "PE Training") on behalf of the COMPANY.

1. The date, time and location of the Preceptorship, and name(s) of the COMPANY employee(s) are as follows:

   Date/Time PROLIFT Cadaver Lab, February 17, 2006
   Location: Celebration Health, Celebration, FL
   Employees(s): Eason David, Sales Representative

2. In consideration for your provision as a Preceptor, the COMPANY shall pay you:

   * *Two thousand dollars ($2,000.00) for full day (up to 8 hours).*

   Additionally, the COMPANY shall reimburse you for any reasonable documented out-of-pocket expenses incurred by you which are related as a Preceptor, provided that such out-of-pocket expenses are consistent with the COMPANY's expense reimbursement policy. Within thirty (30) days after the PE Training, you shall provide documentation of such expenses to:

   Attn: Professional Education Department
   Ethicon, Inc.
   Rt. 22 West
   Somerville, NJ 08876

*Revised on 7-25-05*

DEPOSITION
EXHIBIT
NF 175 3-1-16

ETHICON
a *Johnson-Johnson* company

The COMPANY shall pay you for the PE Training and documented out-of-pocket expenses within a reasonable time after its receipt of such documentation. You and the COMPANY acknowledge and agree that this compensation represents fair market value for the PE Training, has not been determined in a manner that takes into account the volume or value of any business otherwise generated between you and the COMPANY, and shall not obligate you to purchase, use, recommend or arrange for the use of any product of the COMPANY or its affiliates.

3. The purpose of the PE Training shall be educational only. Employees of the COMPANY who participate in the PE Training program shall attend solely for purposes of education. They shall not engage in any sales or marketing activities during the PE Training, nor shall they provide any services to you or your office during the PE Training.

4. In preparation as the Preceptor, you may be provided with information concerning the COMPANY including, without limitation, information regarding existing or contemplated COMPANY products, processes, techniques or know-how, that is confidential or proprietary and the disclosure of which would cause irreparable injury to the COMPANY (collectively, the "Confidential Information"). You agree that you shall not disclose the Confidential Information to any person unless you have received prior written authorization from the COMPANY. Additionally, upon expiration or termination of this letter agreement for any reason or upon the request of the COMPANY, you shall promptly return to the COMPANY all originals and copies of documents or other materials constituting or containing Confidential Information. Your obligations regarding the Confidential Information shall survive termination or expiration of this letter agreement. Physician further agrees to provide ETHICON with at least one copy of any publications and materials containing the Educational Material. In the event Physician learns that a third party has infringed or may infringe upon any rights of ETHICON in the Educational Material, it shall promptly disclose such information to ETHICON in writing.

5. Although the COMPANY does not seek personally identifiable medical information about patients as part of the PE Training, it is possible that a COMPANY employee may observe or hear such information as part of your interaction with your patients. The COMPANY agrees that it will not create any records containing personally identifiable patient information or patient identities in connection with the PE Training, and shall not disclose such information to any third party. In the event that you permit a COMPANY employee to sit in on an examination of a specific patient, you agree that, to ensure compliance with the privacy requirements of the Health Insurance Portability and Accountability Act and its implementing regulations ("HIPAA"), you will first obtain a signed, informed authorization in the form attached hereto from each such patient, and that if you fail to do so, you shall be solely responsible. You further agree that you will maintain the signed authorization in the patient's file, and shall provide a copy to the COMPANY upon request for good cause.

HIGHLY CONFIDENTIAL                                    DFS-TINAMORROW-0002

ETHICON
a Johnson-Johnson company

6.  In entering into this letter agreement, you represent and warrant that you do not have any obligation, whether express or implied, to any third party that would interfere with, hamper or limit your ability to provide the PE Training or to comply with your obligations.  If you are a government employee, you further represent and warrant that you will comply with applicable government ethics rules and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, supervisor to enter into this letter agreement.  You agree that you shall not assign your obligations under this letter agreement to any person without the COMPANY's prior written approval and the approval of any institution where the PE Training is provided.  For the purposes of this letter agreement as a Preceptor provided hereunder, you shall be an independent contractor and not an employee or agent of the COMPANY.

7.  If you are a member of a pharmacy and therapeutics committee ("P&T Committee") of a health plan, pharmacy benefit manager or other health care provider or payor, whether public or private, you represent and warrant that you will comply with applicable ethics rules of the P&T Committee, including standards for conflict of interest, disclosure and recusal, and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, P&T Committee members, to enter into this agreement.

8.  You represent and warrant that you are:

    (a)   not excluded from a Federal health care program as outlined in Sections 1128 and 1156 of the Social Security Act (see the Office of Inspector General of the Department of Health and Human Services List of Excluded Individuals/Entities at http://www.oig.hhs.gov/FRAUD/exclusions/listofexcluded.html);

    (b)   not debarred by the FDA under 21 U.S.C. 335a (see the FDA Office of Regulatory Affairs Debarment List at http://www.fda.gov/ora/compliance_ref/debar/);

    (c)   not otherwise excluded from contracting with the federal government (see the Excluded Parties Listing System at http://epls.arnet.gov); and

    (d)   if required, duly licensed and in good standing in accordance with applicable state laws.

    In the event that you fail at any time to satisfy one or more of the requirements set forth in this section, the COMPANY may immediately terminate this agreement.

9.  The Parties acknowledge that certain states require pharmaceutical companies to disclose information on compensation, gifts or other remuneration provided to physicians and other health care professionals.  The COMPANY may report

*Revised on 7-25-05*                                                        3

ETHICON
a Johnson-Johnson company

information about remuneration provided under this agreement, as required by law. Once reported, such information may be publicly accessible.

10. Noncompliance. In the event that any part of this Agreement is determined to violate federal, state, or local laws, rules, or regulations, the parties agree to negotiate in good faith revisions to the provision or provisions that are in violation. In the event the parties are unable to agree to new or modified terms as required to bring the entire Agreement into compliance, either party may terminate this Agreement on sixty (60) days written notice to the other party.

11. Employer Certification Clause.

*Check either "a" or "b" below:*

☐ a.  **Consultant represents that Consultant is not an employee of any third party,** including any university, and is available to do consulting on Consultant's own account, and Consultant does not have an obligation, whether express or implied, to any third party, that would interfere, hamper or limit Consultant's ability to comply with Consultant's obligations under this Agreement or to render the professional services as described above. In conducting other activities, Consultant will not take a position or represent interests that conflict with ETHICON's interest during the initial term or any extended term of this Agreement.

☐ b. **Consultant represents that although he/she is employed by (third party)** _____, he/she is available to do consulting on his/her own account, and he/she does not have an obligation, whether express or implied, to any third party, including _____ **(facility or practice)**, that would interfere, hamper or limit his/her ability to comply with his/her obligations under this Agreement or to render the professional services as described above. In conducting other activities, Consultant will not take a position or represent interests that conflict with ETHICON's interest during the initial term or any extended term of this Agreement.
The undersigned is an authorized representative of _____ **(facility or practice)**. _____ **(authorized representative)** acknowledges that (i) Consultant may provide the professional services described above without creating any conflict with his duties as an employee of _____ **(facility or practice)**; (ii) Consultant may assign to ETHICON all inventions, improvements or ideas made or conceived pursuant to the performance of the consulting services; (iii) Consultant and employer (facility or practice) neither has nor will have any claim of ownership for such inventions, improvements or ideas; and (iv) these acknowledgments are in conformance with University/Hospital/Physician Practice Policy.

*Revised on 7-25-05*

4

ETHICON
a Johnson-Johnson company

Name of University/Hospital System/Physician Practice for which Consultant Is Employed:

By:_____  _____          _____  _____

Title:_____

12. **J&J Travel Policy.** ETHICON shall also reimburse Consultant for all reasonable out-of-pocket business travel expenses incurred in conjunction with consulting activities in accordance with the J&J Travel policy. Consultant shall schedule all travel through **J&J Travel's Medical Education Desk.** Consultant agrees to submit written documentation to ETHICON detailing the date and description of service provided by Consultant and any reimbursable travel expenses incurred. ETHICON will issue payment only upon receipt of said documentation.

13. **Counterparts.** This Agreement may be executed in two (2) or more counterparts, each of which will be considered an original, but which together will constitute one and the same agreement.

*Revised on 7-25-05*                                                                     5.

**HIGHLY CONFIDENTIAL**                          **DFS-TINAMORROW-0005**

ETHICON
a Johnson-Johnson company

If the terms of this letter agreement are acceptable to you, please acknowledge by countersigning the attached copy and returning it to ETHICON's attention.

Health Care Professional's Name, M.D.          ETHICON, Inc.

By: _____               By: _P Parisi_____
Nathan Wayne Goodyear, M.D.                  Paul Parisi, Professional Education Director

Date: _2/16/06_____                  Date: _3/8/06_____

HIGHLY CONFIDENTIAL                        DFS-TINAMORROW-0006


**ETHICON**
a Johnson&Johnson company

### ATTACHMENT A

### CONSULTANT INVOICE

P.O. #:

Invoice #:          NWG

Date:               February 17, 2006

Amount due:  $

Pay terms:     N10

Checks made payable to:      Nathan Wayne Goodyear, M.D.
                             OB/GYN & Associates of Columbus
                             2000 Hamilton Road
                             Columbus, GA
                             Tel: (706) 324-4891 / F: (706) 327-1327

SS# or Tax I.D. # of
  payment recipient:          New supplier

The following reflects the Consultant Services provided by Consultant:

| Date | Location | Description of Activity | Time Spent (in hour increments) |
|------|----------|------------------------|--------------------------------|
| 2/17/06 | Celebration, FL | PROLIFT Cadaver Lab | 1 day |

I hereby certify that, to the best of my knowledge, the information contained in this form
is true, correct and complete.

_____          _____
Consultant (Print)                        PEL (Signature)

_____          _____
Consultant (Signature)        Date        Date    2/16/06

Please return this form to:      Attn: Professional Relations
                                 Ethicon, Inc.
                                 U.S. Hwy 22 West
                                 Somerville, NJ 08876

*Revised on 7-25-05*                                            7

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0007**

ETHICON
a Johnson-Johnson company

4/16/2007

Nathan W. Goodyear, M.D.
Obstetrics & Gynecology of Ruston
411 East Vaughn Avenue, Suite 201
Rogers, Louisiana 71270

Re: **MASTER CONSULTING AGREEMENT**

Dear Dr. Goodyear:

Ethicon                    ("COMPANY") is pleased that you have agreed to provide consulting services to COMPANY as set forth in detail on Exhibit A (the "Consulting Services"). The purpose of this letter agreement is to set forth the terms and conditions pursuant to which you will provide Consulting Services on behalf of COMPANY.

1.  The term of this Agreement will start on the date that COMPANY receives a signed copy of this letter agreement from you, and extend for a period of _____ one _____ year(s), with automatic renewals for an additional two years. Either party may terminate this Agreement upon thirty (30) days prior written notice.

2.  From time to time, COMPANY will request in writing the provision of specific Consulting Services, explaining in detail the services to be provided, the date, time and location at which the Consulting Services need to be provided and other information required to determine whether you are willing to provide the specific Consulting Services. You agree to devote your best efforts to diligently provide the Consulting Services as requested by COMPANY. Nothing herein shall require you to provide any patient-identifiable information to COMPANY.

3.  In consideration for your provision of the Consulting Services requested by COMPANY from time to time, COMPANY shall pay you the amounts set forth in Exhibit A. If an invoice from you is required in conjunction with the provision of Consulting Services to be provided pursuant to Exhibit A, such invoice will be provided containing the information contained in Exhibit B. You and COMPANY acknowledge and agree that this compensation represents the fair market value for the Consulting Services, has not been determined in a manner that takes into account the volume or value of any referrals or business otherwise generated between you and COMPANY, and shall not obligate you to purchase, utilize, recommend, or arrange for the use of any products of COMPANY or any of its affiliates.

4.  COMPANY shall reimburse you for any reasonable documented out-of-pocket expenses incurred by you which are related to your provision of the Consulting Services, provided that such out-of-pocket expenses are consistent with COMPANY's expense reimbursement policy (attached as Exhibit B). Within thirty (30) days after incurring out-of-pocket expenses related to the provision of duly authorized Consulting Services, you shall provide documentation of such expenses to:

Ethicon Inc.: Attn: Susie Chilcoat

737 US Highway 22 West

P.O. Box 151

Somerville, New Jersey 08876-0151

COMPANY shall pay you for your services and documented out-of-pocket expenses within a reasonable time after its receipt of such documentation.

Contract ID : MCY0703719        P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0008**

ETHICON
a *Johnson & Johnson* company

5. In preparation for, and during the course of, providing the Consulting Services, you will be provided with information concerning COMPANY including, without limitation, information regarding existing or contemplated Company products, processes, techniques, or know-how, that is confidential or proprietary and the disclosure of which would cause irreparable injury to COMPANY (collectively, the "Confidential Information"). You agree that you shall not disclose the Confidential Information to any person unless you have received prior written authorization from COMPANY. Additionally, upon termination or expiration of this letter agreement for any reason or upon the request of COMPANY, you shall promptly return to COMPANY all originals and copies of documents or other materials constituting or containing Confidential Information. Your obligations regarding the Confidential Information shall survive termination or expiration of this letter agreement.

6. In entering into this agreement, you represent and warrant that you do not have an obligation, whether express or implied, to any third party, that would interfere with, hamper or limit your ability to provide the Consulting Services or to comply with your obligations. You agree that you shall not assign your obligations under this letter agreement to any person without COMPANY's prior written approval. For the purposes of this letter agreement and the Consulting Services provided hereunder, you shall be an independent contractor and not an employee or agent of COMPANY and you shall not be entitled to participate in any benefit plans which COMPANY or its affiliates sponsor for its employees.

7. If you are a government employee, you further represent and warrant that you will comply with applicable government ethics rules and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, supervisor, to enter into this agreement.

8. If you are a member of a pharmacy and therapeutics committee ("P&T Committee") of a health plan, pharmacy benefit manager or other health care provider or payor, whether public or private, you represent and warrant that you will comply with applicable ethics rules of the P&T Committee, including standards for conflict of interest, disclosure and recusal, and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, P&T Committee members, to enter into this agreement.

9. You agree to ensure that the Consulting Services are provided in compliance with all applicable laws and regulations, including but not limited to: laws and regulations pertaining to the promotion of products regulated by the FDA (21 U.S.C. §§ 201, *et seq.* and its implementing regulations); laws, regulations and guidance pertaining to state and federal anti-kickback statutes (42 U.S.C. §§ 1320a-7b(b), *et seq.* and their implementing regulations) and submission of false claims to governmental or private health care payors (31 U.S.C. §§ 3729, *et seq.* and its implementing regulations); state and federal laws and regulations relating to the protection of individual and patient privacy (e.g., HIPAA); and any other laws and regulations applicable to the provision of the Services.

10. You represent and warrant that you are: (a) not excluded from a Federal health care program as outlined in Sections 1128 and 1156 of the Social Security Act (see the Office of Inspector General of the Department of Health and Human Services List of Excluded Individuals/Entities at http://www.oig.hhs.gov/FRAUD/exclusions/listofexcluded.html); (b) not debarred by the FDA under 21 U.S.C. 335a (see the FDA Office of Regulatory Affairs Debarment List at http://www.fda.gov/ora/compliance_ref/debar/); (c) not otherwise excluded from contracting with the federal government (see the Excluded Parties Listing System at http://epls.arnet.gov); and (d) if required based on the Consulting Services to be provided, duly licensed and in good standing in accordance with applicable state laws. In the event that you fail at any time to satisfy one or more of the requirements set forth in this section, COMPANY may immediately terminate this agreement.

Contract ID : MCY0703719        P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

HIGHLY CONFIDENTIAL                    DFS-TINAMORROW-0009

ETHICON
a Johnson-Johnson company

11. The parties acknowledge that certain states require pharmaceutical and/or device companies to disclose information on compensation, gifts or other remuneration provided to physicians and other health care professionals. COMPANY may report information about remuneration provided under this agreement, as required by law. Once reported, such information may be publicly accessible.

12. You acknowledge that the FDA, the Federal Trade Commission and other competent state or federal regulatory agencies have jurisdiction over COMPANY's products and enforce laws, regulations and policies pertaining to the promotion of medical products You further acknowledge that such laws, regulations and policies cover representations made by you relating to the use, safety and effectiveness of COMPANY's products, and representations made by you relating to actual or potential clinical outcomes which have been observed or can be expected using COMPANY's products. You shall not make any representation relating to COMPANY's products or to COMPANY's clinical outcomes, unless such representations have been reviewed and approved in advance by COMPANY. You further agree that, in the event that the Consultant fails to observe any limitations imposed by COMPANY on such product representations or representations concerning clinical outcomes, COMPANY shall have the right to immediately terminate this Agreement.

13. You agree that the COMPANY and its designated representatives shall have the right, upon reasonable notice, to audit all of your applicable records related to the Consulting Services for the purpose of determining compliance with the compliance obligations set forth in this agreement, and any COMPANY Policies applicable to the Services provided under this Agreement and the terms of this Agreement. This right to audit shall extend throughout the term of this Agreement and for the later of a period of three years after termination of the Agreement or resolution of any disputes between the COMPANY and the Consultant hereunder.

14. The personal data collected to administer this contract is intended for use by COMPANY personnel to allow payment to be made to you. Appropriate privacy and security protections are in place to prevent disclosure of your personal data except to those employees and third parties with a business need for access to your information. Personal data collected through this system may be disclosed to other Johnson & Johnson affiliates, located in the US or elsewhere, for the purposes described above. In addition, personal data may be disclosed to third parties, located in the US and/or any other country, but only to contractors we use to support our business and vendors who provide business support and technical services. Such vendors are obligated to treat personal data in accordance with this Privacy Policy, where required by applicable laws, court orders, or government regulations, or pursuant to a valid request of a governmental agency.

15. You agree that any inventions, improvements or ideas made or conceived by you in connection with or during the performance of the Consulting Services for COMPANY shall be the property of, and belong to, COMPANY. You shall, without charge to COMPANY other than reasonable payment for time involved, but at COMPANY's expense, execute, acknowledge and deliver to COMPANY all papers, including, without limitation, applications for patents, and render all assistance that COMPANY deems necessary to enable COMPANY to publish or protect such inventions, improvements and ideas by patent or otherwise.

16. You agree that during the term of this letter agreement, you shall not consult or discuss with any individual any new or existing scientific, clinical and/or related uses of, or provide services similar to the Consulting Services with regard to, any product, process or equipment that is similar or related to products of COMPANY, without the prior written consent of COMPANY. Neither Party shall use the name of the other for any promotional purposes without the prior written consent of the Party whose name is to be used, nor shall either Party disclose the contents of this Agreement except as required by law. You may disclose the existence of this Agreement

Contract ID : MCY0703719     P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

HIGHLY CONFIDENTIAL

DFS-TINAMORROW-0010

ETHICON
a Johnson & Johnson company

consistent with any applicable conflict of interest disclosure obligations in connection with the Consulting Services to be provided.

17. Training: You shall ensure that all owners, employees and subcontractors, including but not limited to Consultant Representatives, involved in providing the Services under this Agreement, participate in training, which includes, but is not limited to, Health Care Compliance ("HCC") training and educational programs reasonably scheduled by the COMPANY. You agree to enable the COMPANY to train and periodically provide refresher training to all your new and current employees and subcontractor personnel involved in providing Services under this Agreement regarding the compliance obligations and COMPANY policies applicable to the Services provided under this Agreement.

18. You agree that during the term of this Agreement, you shall maintain insurance generally recognized as necessary and appropriate for the protection of Consultant against liabilities incurred as a result of the Consulting Services provided under this Agreement.

19. You and COMPANY agree that this letter agreement shall be governed by and interpreted under the laws of the State of New Jersey. You and COMPANY further agree that this letter agreement sets forth our entire understanding regarding the subject matter hereof, supersedes all prior agreements or understandings, whether written or oral, between you and COMPANY, and can only be modified upon the prior mutual written agreement of you and COMPANY.

20. You and COMPANY agree that any controversy or claim arising out of or relating to this Agreement or the validity, inducement or breach thereof, shall be settled by arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then pertaining (available at www.adr.org), except where those rules conflict with this provision, in which case this provision controls. Any court with jurisdiction shall enforce this clause and enter judgment on any award. The arbitration shall be held in New Jersey and in rendering the award the arbitrator must apply the substantive law of New Jersey. The arbitrator shall not award any party punitive, exemplary, multiplied or consequential damages, and each party hereby irrevocably waives any right to seek such damages. No party may seek or obtain prejudgment interest or attorneys' fees or costs.

21. Noncompliance. In the event that any part of this Agreement is determined to violate federal, state, or local laws, rules, or regulations, the parties agree to negotiate in good faith revisions to the provision or provisions that are in violation. In the event the parties are unable to agree to new or modified terms as required to bring the entire Agreement into compliance, either party may terminate this Agreement on sixty (60) days written notice to the other party.

22. Employer Certification Clause: Check either "a" or "b" below:

☑ (a) You represent that you are not an employee of any third party, including any university, and are available to do consulting on your own account, and you do not have an obligation, whether express or implied, to any third party, that would interfere, hamper or limit your ability to comply with your obligations under this Agreement or to render the professional services as described above. In conducting other activities, you will not take a position or represent interests that conflict with Ethicon's interest during the initial term or any extended term of this Agreement.

☐ (b) You represent that although you are employed by _____ (third party) _____, you are available to do consulting on your own account, and you do not have an obligation, whether express or implied, to any third party, including _____ (facility or practice), that would interfere,

Contract ID : MCY0703719      P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

HIGHLY CONFIDENTIAL                                      DFS-TINAMORROW-0011

## ETHICON
a Johnson&Johnson company

hamper or limit your ability to comply with your obligations under this Agreement or to render the professional services as described above. In conducting other activities, you will not take a position or represent interests that conflict with Ethicon's interest during the initial term or any extended term of this Agreement.

The undersigned is an authorized representative of _____ (facility or practice). _____ (authorized representative) acknowledges that (i) you may provide the professional services described above without creating any conflict with your duties as an employee of _____ (facility or practice); (ii) you may assign to Ethicon all inventions, improvements or ideas made or conceived pursuant to the performance of the consulting services; (iii) you and your employer (facility or practice) neither has nor will have any claim of ownership for such inventions, improvements or ideas; and (iv) these acknowledgments are in conformance with Employer's Practice Policy.

Name of Institution for which you are employed:
_____

By: _____

Title: _____

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.

Contract ID : MCY0703719          P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                              **DFS-TINAMORROW-0012**

# ETHICON
a Johnson-Johnson company

If the terms of this letter agreement are acceptable to you, please acknowledge your agreement to the terms of this letter by countersigning the attached copy and returning it to my attention.

| CONSULTANT | ETHICON |
|---|---|
| _Signature_ | _Signature_ |
| Name: Nathan Goodyear | Name: P Parisi |
| Title: MD | Title: Dcr PE |
| Date: 3/29/07 | Date: 4/4/07 |

Contract ID : MCY0703719     P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**

**DFS-TINAMORROW-0013**

ETHICON
a Johnson-Johnson company

**EXHIBIT A**
**SERVICES AND FEES**

A. Consultant agrees to perform the Services below for which the "Yes" box is checked, for the compensation set forth therein.

1. COMPANY-Sponsored Speaker Programs. ☐ Yes ☑ No
Consultant shall present scientific, clinical and related professional information by speaking at COMPANY-sponsored seminars and meetings as requested by COMPANY, subject to Section 4. Consultant shall disclose to attendees that he is being compensated by COMPANY for the presentation. Consultant shall make such presentations on _____ occasions. The presentation will review _____

For each such speaking engagement, COMPANY shall pay Consultant _____ per _____ hour day plus reasonable out-of-pocket expenses. For one time events please complete:
Date:_____
Time:_____
Location:_____

2. COMPANY Sales Training Presentations. ☐ Yes ☑ No
Consultant shall participate and make educational presentations at COMPANY sales training sessions and sales meetings for COMPANY's sales force on _____ occasions on dates _____ times _____ and subjects _____
mutually agreed upon by the Parties. For each such engagement, COMPANY shall pay Consultant _____ per _____ hour day plus reasonable out-of-pocket expenses.

3. Product Review Meetings. ☐ Yes ☑ No
Consultant shall _____ participate _____ in product review meetings concerning COMPANY products at times and places mutually agreed upon by the Parties. COMPANY shall pay Consultant _____ per hour, up to _____ per _____ hour day plus reasonable out-of-pocket expenses.

4. Preceptorship / Surgical Training. ☑ Yes ☐ No
Consultant shall allow visiting surgeons and visiting COMPANY sales representatives to observe surgical procedures involving the practice of
Professional Education Training _____
the _____ clinical _____ uses _____ of various Ethicon products for Continence Health and Pelvic Floor _____, and to consult with Consultant regarding such procedures applicable patient confidentiality and consent requirements. In particular, Consultant agrees that it shall secure appropriate patient consent to the presence of any third party during surgical training programs as necessary. Consultant shall allow such visits on up to __6__ occasions, and COMPANY shall pay Consultant __2,000__ for each such session per __8__ hour day. For one time events please list:
Date:_____
Time:_____
Location:_____
Employees present:
Ethicon Sales representative or Professional Education Manager _____
_____
_____
_____

Contract ID : MCY0703719      P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0014**

ETHICON
a Johnson-Johnson company

5.  Advisory Boards.                          ☐ Yes      ☑ No
    Consultant shall participate in _____
    Advisory Board meetings concerning COMPANY Products or other topics designated by
    COMPANY.  COMPANY shall pay Consultant _____ per _____ hour day for
    each such meeting, including preparatory and follow-up, plus reasonable out-of-pocket
    expenses.

6.  Product Evaluations, Written Materials, and Market Reviews.
                                             ☐ Yes      ☑ No
    Upon request of COMPANY, Consultant shall prepare written evaluations of COMPANY
    Products and summaries of clinical and market developments potentially affecting
    COMPANY Products, and shall prepare or review clinical, sales or marketing materials
    relating to COMPANY products.  COMPANY shall pay Consultant _____ per
    hour for such materials, up to a maximum amount negotiated by the Parties.

7.  Product / Market Research                ☐ Yes      ☑ No
    COMPANY is pleased you have agreed to participate in a Product/Market Research for
    the company for purposes of evaluating, discussing, and advising the company regarding
    new and/or existing clinical or market developments, techniques and/or strategies
    involving _____
    COMPANY shall pay Consultant _____ per _____ hour day for each
    such meeting.  Additionally, the Company shall reimburse you for any reasonable
    documented out-of-pocket expenses incurred by you which are related to your
    participation at the meeting, provided that such out-of-pocket expenses are consistent
    with the Company's expense reimbursement policy.  The date, time, and location of the
    meeting are as follows:
    Date: _____
    Time: _____
    Location: _____

8.  Other.                                   ☐ Yes      ☑ No
    Consultant shall perform such other Services designated below, for _____ per
    hour.
    Description of Services:
    _____
    _____
    _____
    _____
    _____
    _____
    _____

B.  The Parties agree that compensation paid to Consultant shall not exceed ___$12,000___ per
    year, except as may be mutually agreed in writing by the Parties.

HIGHLY CONFIDENTIAL                          DFS-TINAMORROW-0015

ETHICON
a Johnson-Johnson company

## ADDENDUM

Payments for professional education events will be determined on the basis of time.  Travel time is not included.  Compensation will be one thousand dollars ($1,000) for events requiring a half-day.  Compensation will be two thousand dollars ($2,000) for events requiring a full day.

Contract ID : MCY0703719          P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0016**

**ETHICON**
a Johnson-Johnson company

2/1/2008

Nathan W. Goodyear
Obstetrics & Gynecology of Ruston
411 East Vaughn Avenue, Suite 201
Rogers, Louisiana 71270

Re: MASTER CONSULTING AGREEMENT

Dear Dr. Goodyear:

Ethicon ("COMPANY") is pleased that you have agreed to provide consulting services to COMPANY as set forth in detail on Exhibit A (the "Consulting Services"). The purpose of this letter agreement is to set forth the terms and conditions pursuant to which you will provide Consulting Services on behalf of COMPANY.

1.  The term of this Agreement will start on the date that COMPANY receives a signed copy of this letter agreement from you, and extend for a period of _____ one _____ year(s), with automatic renewals for an additional two years. Either party may terminate this Agreement upon thirty (30) days prior written notice.

2.  From time to time, COMPANY will request in writing the provision of specific Consulting Services, explaining in detail the services to be provided, the date, time and location at which the Consulting Services need to be provided and other information required to determine whether you are willing to provide the specific Consulting Services. You agree to devote your best efforts to diligently provide the Consulting Services as requested by COMPANY. Nothing herein shall require you to provide any patient-identifiable information to COMPANY.

3.  In consideration for your provision of the Consulting Services requested by COMPANY from time to time, COMPANY shall pay you the amounts set forth in Exhibit A. If an invoice from you is required in conjunction with the provision of Consulting Services to be provided pursuant to Exhibit A, such invoice will be provided containing the information contained in Exhibit B. You and COMPANY acknowledge and agree that this compensation represents the fair market value for the Consulting Services, has not been determined in a manner that takes into account the volume or value of any referrals or business otherwise generated between you and COMPANY, and shall not obligate you to purchase, utilize, recommend, or arrange for the use of any products of COMPANY or any of its affiliates.

4.  COMPANY shall reimburse you for any reasonable documented out-of-pocket expenses incurred by you which are related to your provision of the Consulting Services, provided that such out-of-pocket expenses are consistent with COMPANY's expense reimbursement policy (attached as Exhibit B). Within thirty (30) days after incurring out-of-pocket expenses related to the provision of duly authorized Consulting Services, you shall provide documentation of such expenses to:

Ethicon Inc.; Attn: Susie Chilcoat

737 US Highway 22 West

P.O. Box 151

Somerville, New Jersey 08876-0151

COMPANY shall pay you for your services and documented out-of-pocket expenses within a reasonable time after its receipt of such documentation.

Contract ID : MC09011473      P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0017**

**ETHICON**
a *Johnson-Johnson* company

5.  In preparation for, and during the course of, providing the Consulting Services, you will be provided with information concerning COMPANY including, without limitation, information regarding existing or contemplated Company products, processes, techniques, or know-how, that is confidential or proprietary and the disclosure of which would cause irreparable injury to COMPANY (collectively, the "Confidential Information"). You agree that you shall not disclose the Confidential Information to any person unless you have received prior written authorization from COMPANY. Additionally, upon termination or expiration of this letter agreement for any reason or upon the request of COMPANY, you shall promptly return to COMPANY all originals and copies of documents or other materials constituting or containing Confidential Information. Your obligations regarding the Confidential Information shall survive termination or expiration of this letter agreement.

6.  In entering into this agreement, you represent and warrant that you do not have an obligation, whether express or implied, to any third party, that would interfere with, hamper or limit your ability to provide the Consulting Services or to comply with your obligations. You agree that you shall not assign your obligations under this letter agreement to any person without COMPANY's prior written approval. For the purposes of this letter agreement and the Consulting Services provided hereunder, you shall be an independent contractor and not an employee or agent of COMPANY and you shall not be entitled to participate in any benefit plans which COMPANY or its affiliates sponsor for its employees.

7.  If you are a government employee, you further represent and warrant that you will comply with applicable government ethics rules and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, supervisor, to enter into this agreement.

8.  If you are a member of a pharmacy and therapeutics committee ("P&T Committee") of a health plan, pharmacy benefit manager or other health care provider or payor, whether public or private, you represent and warrant that you will comply with applicable ethics rules of the P&T Committee, including standards for conflict of interest, disclosure and recusal, and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, P&T Committee members, to enter into this agreement.

9.  You agree to ensure that the Consulting Services are provided in compliance with all applicable laws and regulations, including but not limited to: laws and regulations pertaining to the promotion of products regulated by the FDA (21 U.S.C. §§ 201, *et seq.* and its implementing regulations); laws, regulations and guidance pertaining to state and federal anti-kickback statutes (42 U.S.C. §§ 1320a-7b(b), *et seq.* and their implementing regulations) and submission of false claims to governmental or private health care payors (31 U.S.C. §§ 3729, *et seq.* and its implementing regulations); state and federal laws and regulations relating to the protection of individual and patient privacy (e.g., HIPAA); and any other laws and regulations applicable to the provision of the Services.

10. You represent and warrant that you are: (a) not excluded from a Federal health care program as outlined in Sections 1128 and 1156 of the Social Security Act (see the Office of Inspector General of the Department of Health and Human Services List of Excluded Individuals/Entities at http://www.oig.hhs.gov/FRAUD/exclusions/listofexcluded.html); (b) not debarred by the FDA under 21 U.S.C. 335a (see the FDA Office of Regulatory Affairs Debarment List at http://www.fda.gov/ora/compliance_ref/debar/); (c) not otherwise excluded from contracting with the federal government (see the Excluded Parties Listing System at http://epls.arnet.gov); and (d) if required based on the Consulting Services to be provided, duly licensed and in good standing in accordance with applicable state laws. In the event that you fail at any time to satisfy one or more of the requirements set forth in this section, COMPANY may immediately terminate this agreement.

Contract ID : MC08011473    P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

ETHICON
a Johnson-Johnson company

11. The parties acknowledge that certain states require pharmaceutical and/or device companies to disclose information on compensation, gifts or other remuneration provided to physicians and other health care professionals. COMPANY may report information about remuneration provided under this agreement, as required by law. Once reported, such information may be publicly accessible.

12. You acknowledge that the FDA, the Federal Trade Commission and other competent state or federal regulatory agencies have jurisdiction over COMPANY's products and enforce laws, regulations and policies pertaining to the promotion of medical products. You further acknowledge that such laws, regulations and policies cover representations made by you relating to the use, safety and effectiveness of COMPANY's products, and representations made by you relating to actual or potential clinical outcomes which have been observed or can be expected using COMPANY's products. You shall not make any representation relating to COMPANY's products or to COMPANY's clinical outcomes, unless such representations have been reviewed and approved in advance by COMPANY. You further agree that, in the event that the Consultant fails to observe any limitations imposed by COMPANY on such product representations or representations concerning clinical outcomes, COMPANY shall have the right to immediately terminate this Agreement.

13. You agree that the COMPANY and its designated representatives shall have the right, upon reasonable notice, to audit all of your applicable records related to the Consulting Services for the purpose of determining compliance with the compliance obligations set forth in this agreement, and any COMPANY Policies applicable to the Services provided under this Agreement and the terms of this Agreement. This right to audit shall extend throughout the term of this Agreement and for the later of a period of three years after termination of the Agreement or resolution of any disputes between the COMPANY and the Consultant hereunder.

14. The personal data collected to administer this contract is intended for use by COMPANY personnel to allow payment to be made to you. Appropriate privacy and security protections are in place to prevent disclosure of your personal data except to those employees and third parties with a business need for access to your information. Personal data collected through this system may be disclosed to other Johnson & Johnson affiliates, located in the US or elsewhere, for the purposes described above. In addition, personal data may be disclosed to third parties, located in the US and/or any other country, but only to contractors we use to support our business and vendors who provide business support and technical services. Such vendors are obligated to treat personal data in accordance with this Privacy Policy, where required by applicable laws, court orders, or government regulations, or pursuant to a valid request of a governmental agency.

15. You agree that any inventions, improvements or ideas made or conceived by you in connection with or during the performance of the Consulting Services for COMPANY shall be the property of, and belong to, COMPANY. You shall, without charge to COMPANY other than reasonable payment for time involved, but at COMPANY's expense, execute, acknowledge and deliver to COMPANY all papers, including, without limitation, applications for patents, and render all assistance that COMPANY deems necessary to enable COMPANY to publish or protect such inventions, improvements and ideas by patent or otherwise.

16. You agree that during the term of this letter agreement, you shall not consult or discuss with any individual any new or existing scientific, clinical and/or related uses of, or provide services similar to the Consulting Services with regard to, any product, process or equipment that is similar or related to products of COMPANY, without the prior written consent of COMPANY. Neither Party shall use the name of the other for any promotional purposes without the prior written consent of the Party whose name is to be used, nor shall either Party disclose the contents of this Agreement except as required by law. You may disclose the existence of this Agreement

Contract ID : MC08011473      P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

HIGHLY CONFIDENTIAL                    DFS-TINAMORROW-0019

ETHICON
a Johnson-Johnson company

consistent with any applicable conflict of interest disclosure obligations in connection with the Consulting Services to be provided.

17. Training. You shall ensure that all owners, employees and subcontractors, including but not limited to Consultant Representatives, involved in providing the Services under this Agreement, participate in training, which includes, but is not limited to, Health Care Compliance ("HCC") training and educational programs reasonably scheduled by the COMPANY. You agree to enable the COMPANY to train and periodically provide refresher training to all your new and current employees and subcontractor personnel involved in providing Services under this Agreement regarding the compliance obligations and COMPANY policies applicable to the Services provided under this Agreement.

18. You agree that during the term of this Agreement, you shall maintain insurance generally recognized as necessary and appropriate for the protection of Consultant against liabilities incurred as a result of the Consulting Services provided under this Agreement.

19. You and COMPANY agree that this letter agreement shall be governed by and interpreted under the laws of the State of New Jersey. You and COMPANY further agree that this letter agreement sets forth our entire understanding regarding the subject matter hereof, supersedes all prior agreements or understandings, whether written or oral, between you and COMPANY, and can only be modified upon the prior mutual written agreement of you and COMPANY.

20. You and COMPANY agree that any controversy or claim arising out of or relating to this Agreement or the validity, inducement or breach thereof, shall be settled by arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then pertaining (available at www.adr.org), except where those rules conflict with this provision, in which case this provision controls. Any court with jurisdiction shall enforce this clause and enter judgment on any award. The arbitration shall be held in New Jersey and in rendering the award the arbitrator must apply the substantive law of New Jersey. The arbitrator shall not award any party punitive, exemplary, multiplied or consequential damages, and each party hereby irrevocably waives any right to seek such damages. No party may seek or obtain prejudgment interest or attorneys' fees or costs.

21. Noncompliance. In the event that any part of this Agreement is determined to violate federal, state, or local laws, rules, or regulations, the parties agree to negotiate in good faith revisions to the provision or provisions that are in violation. In the event the parties are unable to agree to new or modified terms as required to bring the entire Agreement into compliance, either party may terminate this Agreement on sixty (60) days written notice to the other party.

22. Employer Certification Clause. Check either "a" or "b" below:

☑ (a) You represent that you are not an employee of any third party, including any university, and are available to do consulting on your own account, and you do not have an obligation, whether express or implied, to any third party, that would interfere, hamper or limit your ability to comply with your obligations under this Agreement or to render the professional services as described above. In conducting other activities, you will not take a position or represent interests that conflict with Ethicon's interest during the initial term or any extended term of this Agreement.

☐ (b) You represent that although you are employed by _____ (third party) _____, you are available to do consulting on your own account, and you do not have an obligation, whether express or implied, to any third party, including _____ (facility or practice), that would interfere,

Contract ID : MC08011473     P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

HIGHLY CONFIDENTIAL                              DFS-TINAMORROW-0020

**ETHICON**
a Johnson&Johnson company

hamper or limit your ability to comply with your obligations under this Agreement or to render the professional services as described above. In conducting other activities, you will not take a position or represent interests that conflict with Ethicon's interest during the initial term or any extended term of this Agreement.

The undersigned is an authorized representative of _____ (facility or practice). _____ (authorized representative) acknowledges that (i) you may provide the professional services described above without creating any conflict with your duties as an employee of _____ (facility or practice); (ii) you may assign to Ethicon all inventions, improvements or ideas made or conceived pursuant to the performance of the consulting services; (iii) you and your employer (facility or practice) neither has nor will have any claim of ownership for such inventions, improvements or ideas; and (iv) these acknowledgments are in conformance with Employer's Practice Policy.

Name of Institution for which you are employed: _____

By: _____

Title: _____

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.

HIGHLY CONFIDENTIAL

DFS-TINAMORROW-0021

# ETHICON
## a Johnson-Johnson company

If the terms of this letter agreement are acceptable to you, please acknowledge your agreement to the terms of this letter by countersigning the attached copy and returning it to my attention.

| CONSULTANT | ETHICON |
|---|---|
| _Signature_ | _Signature_ |
| Name: Nathan Goodyear | Name: P PARISI |
| Title: MD | Title: Dir PE |
| Date: 1.9.2008 | Date: 1/11/08 |

Contract ID : MC08011473        P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0022**

ETHICON
a Johnson-Johnson company

## EXHIBIT A
## SERVICES AND FEES

A. Consultant agrees to perform the Services below for which the "Yes" box is checked, for the compensation set forth therein.

1. COMPANY-Sponsored Speaker Programs. ☐ Yes ☒ No
Consultant shall present scientific, clinical and related professional information by speaking at COMPANY-sponsored seminars and meetings as requested by COMPANY, subject to Section 4. Consultant shall disclose to attendees that he is being compensated by COMPANY for the presentation. Consultant shall make such presentations on _____ occasions. The presentation will review _____

For each such speaking engagement, COMPANY shall pay Consultant _____ per _____ hour day plus reasonable out-of-pocket expenses. For one time events please complete:
Date:_____
Time:_____
Location:_____

2. COMPANY Sales Training Presentations. ☐ Yes ☒ No
Consultant shall participate and make educational presentations at COMPANY sales training sessions and sales meetings for COMPANY's sales force on _____ occasions on dates _____; times _____ and subjects

mutually agreed upon by the Parties. For each such engagement, COMPANY shall pay Consultant _____ per _____ hour day plus reasonable out-of-pocket expenses.

3. Product Review Meetings. ☒ Yes ☐ No
Consultant shall participate in continence health and pelvic floor repair product review meetings concerning COMPANY products at times and places mutually agreed upon by the Parties. COMPANY shall pay Consultant ___$250___ per hour, up to ___$2000___ per _8_ hour day plus reasonable out-of-pocket expenses.

4. Preceptorship / Surgical Training. ☒ Yes ☐ No
Consultant shall allow visiting surgeons and visiting COMPANY sales representatives to observe surgical procedures involving the practice of continence health and pelvic floor repair
the clinical uses of various Ethicon products for Continence Health and Pelvic Floor
and to consult with Consultant regarding such procedures applicable patient confidentiality and consent requirements. In particular, Consultant agrees that it shall secure appropriate patient consent to the presence of any third party during surgical training programs as necessary. Consultant shall allow such visits on up to _8_ occasions, and COMPANY shall pay Consultant ___2,000___ for each such session per _8_ hour day. For one time events please list:
Date:_____
Time:_____
Location:_____
Employees present:
Ethicon Sales representative or Professional Education Manager _____
_____
_____

Contract ID : MC08011473    P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

ETHICON
a Johnson-Johnson company

5.    Advisory Boards:    ☑ Yes    ☐ No
Consultant shall participate in
_____ various opinion meetings organized throughout the year _____
Advisory Board meetings concerning COMPANY Products or other topics designated by
COMPANY.  COMPANY shall pay Consultant _____ $2000 _____ per _ 8 _ hour day for
each such meeting, including preparatory and follow-up, plus reasonable out-of-pocket
expenses.

6.    Product Evaluations, Written Materials, and Market Reviews.
☐ Yes    ☑ No
Upon request of COMPANY, Consultant shall prepare written evaluations of COMPANY
Products and summaries of clinical and market developments potentially affecting
COMPANY Products, and shall prepare or review clinical, sales or marketing materials
relating to COMPANY products.  COMPANY shall pay Consultant _____ per
hour for such materials, up to a maximum amount negotiated by the Parties.

7.    Product / Market Research    ☑ Yes    ☐ No
COMPANY is pleased you have agreed to participate in a Product/Market Research for
the company for purposes of evaluating, discussing, and advising the company regarding
new and/or existing clinical or market developments, techniques and/or strategies
involving  continence health and pelvic floor repair
COMPANY shall pay Consultant _____ $2000 _____ per _ 8 _ hour day for each
such meeting.  Additionally, the Company shall reimburse you for any reasonable
documented out-of-pocket expenses incurred by you which are related to your
participation at the meeting, provided that such out-of-pocket expenses are consistent
with the Company's expense reimbursement policy.  The date, time, and location of the
meeting are as follows:
Date: Various _____
Time: Varies _____
Location: Somerville, NJ and other locations TBD

8.    Other:    ☑ Yes    ☐ No
Consultant shall perform such other Services designated below, for _____ $250 _____ per
hour.
Description of Services:
Annual Summit and Forum Meetings to provide consulting inputs to improve
education and effectiveness of the Professional Education programs.  Also will
include discussions of clinical and market developments regarding products.
_____
_____
_____
_____

B.    The Parties agree that compensation paid to Consultant shall not exceed _____ $20,000 _____ per
year, except as may be mutually agreed in writing by the Parties.

Contract ID : MC08011473      P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                          **DFS-TINAMORROW-0024**

# ETHICON
### a Johnson-Johnson company

## EXHIBIT B

## CONSULTANT INVOICE TEMPLATE

PO#:         99_ _ _ _ _ _ _   (exp: 00/00/00)

Bill To:  Ethicon, Inc
Accounts Payable
PO Box 16505
New Brunswick, NJ 08906

Invoice #:

Date:

**Amount due:**

Terms:  (net ____)

Checks made payable to:      Name
Address
City, State  ZIP
Phone:

Supplier I.D. #

*The following reflects the Consultant Services provided by Consultant:*

Date          Description of Activity                    Time Spent

*I hereby certify that, to the best of my knowledge, the information contained in this form is true, correct and complete.*

_____                    _____

Consultant  (signature)                                       Date

Please sign, date, and return this form to:
Name:
Address:
Fax:
E-mail:

Contract ID : MC08011473      P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0025**

ETHICON
a Johnson-Johnson company

EXHIBIT C

J&J COMMON EXPENSE REPORTING POLICY

**HIGHLY CONFIDENTIAL**                                **DFS-TINAMORROW-0026**

ETHICON
a Johnson-Johnson company

Dear _____:

Pursuant to the terms of our Consulting Agreement in which you agreed to provide consulting services on behalf of Ethicon, Inc. ("COMPANY"), we are hereby requesting that you assist COMPANY by providing the following services:

Date/Time: _____

Location: _____

Participating COMPANY Employee(s): _____

COMPANY contact person with respect to this activity is:

Phone: _____

Please contact this person within five (5) days of your receipt of this letter to notify us whether you are willing to provide this Service.

As a reminder, please note that Services will be subject to your securing patient consents where required by our agreement.

We hope that you will be able to undertake this service, and appreciate your willingness to participate in COMPANY's activities.

Sincerely,

_____

Contract ID: MC08011473        P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                              **DFS-TINAMORROW-0027**

# ETHICON
### a Johnson-Johnson company

02/01/2009

Nathan W. Goodyear
Obstetrics & Gynecology of Ruston
411 East Vaughn Avenue, Suite 201
Ruston, Louisiana 71270

Re: **MASTER CONSULTING AGREEMENT**

Dear Nathan Goodyear :

ETHICON ("COMPANY") is pleased that you have agreed to provide consulting services to COMPANY as set forth in detail on Exhibit A (the "Consulting Services"). The purpose of this letter agreement is to set forth the terms and conditions pursuant to which you will provide Consulting Services on behalf of COMPANY.

1.  The term of this Agreement will start on the date that COMPANY receives a signed copy of this letter agreement from you, and extend for a period of _____ one _____ year(s), with automatic renewals for an additional two years. Either party may terminate this Agreement upon thirty (30) days prior written notice.

2.  From time to time, COMPANY will request in writing the provision of specific Consulting Services, explaining in detail the services to be provided, the date, time and location at which the Consulting Services need to be provided and other information required to determine whether you are willing to provide the specific Consulting Services. You agree to devote your best efforts to diligently provide the Consulting Services as requested by COMPANY. Nothing herein shall require you to provide any patient-identifiable information to COMPANY.

3.  In consideration for your provision of the Consulting Services requested by COMPANY from time to time, COMPANY shall pay you the amounts set forth in Exhibit A. If an invoice from you is required in conjunction with the provision of Consulting Services to be provided pursuant to Exhibit A, such invoice will be provided containing the information contained in Exhibit B. You and COMPANY acknowledge and agree that this compensation represents the fair market value for the Consulting Services, has not been determined in a manner that takes into account the volume or value of any referrals or business otherwise generated between you and COMPANY, and shall not obligate you to purchase, utilize, recommend, or arrange for the use of any products of COMPANY or any of its affiliates.

4.  COMPANY shall reimburse you for any reasonable documented out-of-pocket expenses incurred by you which are related to your provision of the Consulting Services, provided that such out-of-pocket expenses are consistent with COMPANY's expense reimbursement policy (attached as Exhibit C). Within thirty (30) days after incurring out-of-pocket expenses related to the provision of duly authorized Consulting Services, you shall provide documentation of such expenses to:

    ETHICON Attn: Susie Chilcoat

    737 US Highway 22 West

    P.O. Box 151

    Somerville, New Jersey 08876-0151

    COMPANY shall pay you for your services and documented out-of-pocket expenses within a reasonable time after its receipt of such documentation.

Contract ID : MC08122560      P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

---

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0028**

ETHICON
a Johnson-Johnson company

5.   In preparation for, and during the course of, providing the Consulting Services, you will be provided with information concerning COMPANY including, without limitation, information regarding existing or contemplated Company products, processes, techniques, or know-how, that is confidential or proprietary and the disclosure of which would cause irreparable injury to COMPANY (collectively, the "Confidential Information"). You agree that you shall not disclose the Confidential Information to any person unless you have received prior written authorization from COMPANY. Additionally, upon termination or expiration of this letter agreement for any reason or upon the request of COMPANY, you shall promptly return to COMPANY all originals and copies of documents or other materials constituting or containing Confidential Information. Your obligations regarding the Confidential Information shall survive termination or expiration of this letter agreement.

6.   In entering into this agreement, you represent and warrant that you do not have an obligation, whether express or implied, to any third party, that would interfere with, hamper or limit your ability to provide the Consulting Services or to comply with your obligations. You agree that you shall not assign your obligations under this letter agreement to any person without COMPANY's prior written approval. For the purposes of this letter agreement and the Consulting Services provided hereunder, you shall be an independent contractor and not an employee or agent of COMPANY and you shall not be entitled to participate in any benefit plans which COMPANY or its affiliates sponsor for its employees.

7.   If you are a government employee, you further represent and warrant that you will comply with applicable government ethics rules and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, supervisor, to enter into this agreement.

8.   If you are a member of a pharmacy and therapeutics committee ("P&T Committee") of a health plan, pharmacy benefit manager or other health care provider or payor, whether public or private, you represent and warrant that you will comply with applicable ethics rules of the P&T Committee, including standards for conflict of interest, disclosure and recusal, and that you have secured any necessary approval of an appropriate ethics officer and, as necessary, P&T Committee members, to enter into this agreement.

9.   You agree to ensure that the Consulting Services are provided in compliance with all applicable laws and regulations, including but not limited to: laws and regulations pertaining to the promotion of products regulated by the FDA (21 U.S.C. §§ 201, et seq. and its implementing regulations); laws, regulations and guidance pertaining to state and federal anti-kickback statutes (42 U.S.C. §§ 1320a-7b(b), et seq. and their implementing regulations) and submission of false claims to governmental or private health care payors (31 U.S.C. §§ 3729, et seq. and its implementing regulations); state and federal laws and regulations relating to the protection of individual and patient privacy (e.g., HIPAA); and any other laws and regulations applicable to the provision of the Services.

10.   You represent and warrant that you are: (a) not excluded from a Federal health care program as outlined in Sections 1128 and 1156 of the Social Security Act (see the Office of Inspector General of the Department of Health and Human Services List of Excluded Individuals/Entities at http://www.oig.hhs.gov/FRAUD/exclusions/listofexcluded.html); (b) not debarred by the FDA under 21 U.S.C. 335a (see the FDA Office of Regulatory Affairs Debarment List at http://www.fda.gov/ora/compliance_ref/debar/); (c) not otherwise excluded from contracting with the federal government (see the Excluded Parties Listing System at http://epls.arnet.gov); and (d) if required based on the Consulting Services to be provided, duly licensed and in good standing in accordance with applicable state laws. In the event that you fail at any time to satisfy one or more of the requirements set forth in this section, COMPANY may immediately terminate this agreement.

Contract ID : MC08122560        P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

# ETHICON
### a Johnson Johnson company

11. The parties acknowledge that certain states require pharmaceutical and/or device companies to disclose information on compensation, gifts or other remuneration provided to physicians and other health care professionals. COMPANY may report information about remuneration provided under this agreement, as required by law. Once reported, such information may be publicly accessible.

12. You acknowledge that the FDA, the Federal Trade Commission and other competent state or federal regulatory agencies have jurisdiction over COMPANY's products and enforce laws, regulations and policies pertaining to the promotion of medical products You further acknowledge that such laws, regulations and policies cover representations made by you relating to the use, safety and effectiveness of COMPANY's products, and representations made by you relating to actual or potential clinical outcomes which have been observed or can be expected using COMPANY's products. You shall not make any representation relating to COMPANY's products or to COMPANY's clinical outcomes, unless such representations have been reviewed and approved in advance by COMPANY. You further agree that, in the event that the Consultant fails to observe any limitations imposed by COMPANY on such product representations or representations concerning clinical outcomes, COMPANY shall have the right to immediately terminate this Agreement.

13. You agree that the COMPANY and its designated representatives shall have the right, upon reasonable notice, to audit all of your applicable records related to the Consulting Services for the purpose of determining compliance with the compliance obligations set forth in this agreement, and any COMPANY Policies applicable to the Services provided under this Agreement and the terms of this Agreement. This right to audit shall extend throughout the term of this Agreement and for the later of a period of three years after termination of the Agreement or resolution of any disputes between the COMPANY and the Consultant hereunder.

14. The personal data collected to administer this contract is intended for use by COMPANY personnel to allow payment to be made to you. Appropriate privacy and security protections are in place to prevent disclosure of your personal data except to those employees and third parties with a business need for access to your information. Personal data collected through this system may be disclosed to other Johnson & Johnson affiliates, located in the US or elsewhere, for the purposes described above. In addition, personal data may be disclosed to third parties, located in the US and/or any other country, but only to contractors we use to support our business and vendors who provide business support and technical services. Such vendors are obligated to treat personal data in accordance with this Privacy Policy, where required by applicable laws, court orders, or government regulations, or pursuant to a valid request of a governmental agency.

15. You agree that any inventions, improvements or ideas made or conceived by you in connection with or during the performance of the Consulting Services for COMPANY shall be the property of, and belong to, COMPANY. You shall, without charge to COMPANY other than reasonable payment for time involved, but at COMPANY's expense, execute, acknowledge and deliver to COMPANY all papers, including, without limitation, applications for patents, and render all assistance that COMPANY deems necessary to enable COMPANY to publish or protect such inventions, improvements and ideas by patent or otherwise.

16. You agree that during the term of this letter agreement, you shall not consult or discuss with any individual any new or existing scientific, clinical and/or related uses of, or provide services similar to the Consulting Services with regard to, any product, process or equipment that is similar or related to products of COMPANY, without the prior written consent of COMPANY. Neither Party shall use the name of the other for any promotional purposes without the prior written consent of the Party whose name is to be used, nor shall either Party disclose the contents of this Agreement except as required by law. You may disclose the existence of this Agreement

Contract ID : MC08122560        P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

HIGHLY CONFIDENTIAL                                     DFS-TINAMORROW-0030

ETHICON
a Johnson-Johnson company

consistent with any applicable conflict of interest disclosure obligations in connection with the Consulting Services to be provided.

17. Training: You shall ensure that all owners, employees and subcontractors, including but not limited to Consultant Representatives, involved in providing the Services under this Agreement, participate in training, which includes, but is not limited to, Health Care Compliance ("HCC") training and educational programs reasonably scheduled by the COMPANY. You agree to enable the COMPANY to train and periodically provide refresher training to all your new and current employees and subcontractor personnel involved in providing Services under this Agreement regarding the compliance obligations and COMPANY policies applicable to the Services provided under this Agreement.

18. You agree that during the term of this Agreement, you shall maintain insurance generally recognized as necessary and appropriate for the protection of Consultant against liabilities incurred as a result of the Consulting Services provided under this Agreement.

19. You and COMPANY agree that this letter agreement shall be governed by and interpreted under the laws of the State of New Jersey. You and COMPANY further agree that this letter agreement sets forth our entire understanding regarding the subject matter hereof, supersedes all prior agreements or understandings, whether written or oral, between you and COMPANY, and can only be modified upon the prior mutual written agreement of you and COMPANY.

20. You and COMPANY agree that any controversy or claim arising out of or relating to this Agreement or the validity, inducement or breach thereof, shall be settled by arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then pertaining (available at www.adr.org), except where those rules conflict with this provision, in which case this provision controls. Any court with jurisdiction shall enforce this clause and enter judgment on any award. The arbitration shall be held in New Jersey and in rendering the award the arbitrator must apply the substantive law of New Jersey. The arbitrator shall not award any party punitive, exemplary, multiplied or consequential damages, and each party hereby irrevocably waives any right to seek such damages. No party may seek or obtain prejudgment interest or attorneys' fees or costs.

21. Noncompliance. In the event that any part of this Agreement is determined to violate federal, state, or local laws, rules, or regulations, the parties agree to negotiate in good faith revisions to the provision or provisions that are in violation. In the event the parties are unable to agree to new or modified terms as required to bring the entire Agreement into compliance, either party may terminate this Agreement on sixty (60) days written notice to the other party.

22. Employer Certification Clause. Check either "a" or "b" below:

☑ (a) You represent that you are not an employee of any third party, including any university, and are available to do consulting on your own account, and you do not have an obligation, whether express or implied, to any third party, that would interfere, hamper or limit your ability to comply with your obligations under this Agreement or to render the professional services as described above. In conducting other activities, you will not take a position or represent interests that conflict with Ethicon's interest during the initial term or any extended term of this Agreement.

☐ (b) You represent that although you are employed by _____ (third party) _____, you are available to do consulting on your own account, and you do not have an obligation, whether express or implied, to any third party, including _____ (facility or practice), that would interfere,

Contract ID : MC08122560     P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**

**DFS-TINAMORROW-0031**

ETHICON
a Johnson-Johnson company

hamper or limit your ability to comply with your obligations under this Agreement or to render the professional services as described above.  In conducting other activities, you will not take a position or represent interests that conflict with Ethicon's interest during the initial term or any extended term of this Agreement.

The undersigned is an authorized representative of _____
(facility or practice). _____ (authorized representative) acknowledges that (i) you may provide the professional services described above without creating   any   conflict   with   your   duties   as   an   employee   of _____ (facility or practice); (ii) you may assign to Ethicon all inventions, improvements or ideas made or conceived pursuant to the performance of the consulting services; (iii) you and your employer (facility or practice) neither has nor will have any claim of ownership for such inventions, improvements or ideas; and (iv) these acknowledgments are in conformance with Employer's Practice Policy.

Name of Institution for which you are employed:
_____

By: _____

Title: _____

Date: _____

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.

HIGHLY CONFIDENTIAL

DFS-TINAMORROW-0032

ETHICON
a Johnson&Johnson company

If the terms of this letter agreement are acceptable to you, please acknowledge your agreement to the terms of this letter by countersigning the attached copy and returning it to my attention.

CONSULTANT

_____
                    Signature

Name: Nathan W. Goodyear

Title: _____

Date: 12-17-08

ETHICON

Lissette Caro Rosado
                    Signature

Name: Lissette Caro Rosado

Title: Director, Prof Ed WW

Date: January 30, 2009

Contract ID : MC08122560        P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0033**

ETHICON
a Johnson-Johnson company

**EXHIBIT A**
**SERVICES AND FEES**

A.  Consultant agrees to perform the Services below for which the "Yes" box is checked, for the compensation set forth therein.

1.  COMPANY-Sponsored Speaker Programs.  ☐ Yes  ☑ No
    Consultant shall present scientific, clinical and related professional information by speaking at COMPANY-sponsored seminars and meetings as requested by COMPANY, subject to Section 4.  Consultant shall disclose to attendees that he is being compensated by COMPANY for the presentation.  Consultant shall make such presentations on _____ occasions. The presentation will review _____.
    For each such speaking engagement, COMPANY shall pay Consultant _____ per _____ hour day plus reasonable out-of-pocket expenses.  For one time events please complete:
    Date: _____
    Time: _____
    Location: _____

2.  COMPANY Sales Training Presentations.  ☐ Yes  ☑ No
    Consultant shall participate and make educational presentations at COMPANY sales training sessions and sales meetings for COMPANY's sales force on _____ occasions on dates _____, times _____ and subjects mutually agreed upon by the Parties.  For each such engagement, COMPANY shall pay Consultant _____ per _____ hour day plus reasonable out-of-pocket expenses.

3.  Product Review Meetings.  ☐ Yes  ☑ No
    Consultant shall participate in product review meetings concerning COMPANY products at times and places mutually agreed upon by the Parties.  COMPANY shall pay Consultant _____ per hour, up to _____ per _____ hour day plus reasonable out-of-pocket expenses.

4.  Preceptorship / Surgical Training.  ☑ Yes  ☐ No
    Consultant shall allow visiting surgeons and visiting COMPANY sales representatives to observe surgical procedures involving the practice of continence, and pelvic floor repair _____ the clinical uses of PROLIFT and the TVT family of products _____ and to consult with Consultant regarding such procedures applicable patient confidentiality and consent requirements.  In particular, Consultant agrees that it shall secure appropriate patient consent to the presence of any third party during surgical training programs as necessary.  Consultant shall allow such visits on up to __5__ occasions, and COMPANY shall pay Consultant ____2000____ for each such session per __8__ hour day.  For one time events please list:
    Date: _____
    Time: _____
    Location: _____
    Employees present: _____
    _____
    _____
    _____

Contract ID : MC08122560       P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**                    **DFS-TINAMORROW-0034**

# ETHICON
### a Johnson-Johnson company

5. **Advisory Boards.**  ☑ Yes  ☐ No
Consultant shall participate in various opinion meetings organized throughout the year for Professional Education Advisory Board meetings concerning COMPANY Products or other topics designated by COMPANY. COMPANY shall pay Consultant _____$2000_____ per __8__ hour day for each such meeting, including preparatory and follow-up, plus reasonable out-of-pocket expenses.

6. **Product Evaluations, Written Materials, and Market Reviews.**  ☐ Yes  ☑ No
Upon request of COMPANY, Consultant shall prepare written evaluations of COMPANY Products and summaries of clinical and market developments potentially affecting COMPANY Products, and shall prepare or review clinical, sales or marketing materials relating to COMPANY products. COMPANY shall pay Consultant _____ per hour for such materials, up to a maximum amount negotiated by the Parties.

7. **Product / Market Research**  ☐ Yes  ☑ No
COMPANY is pleased you have agreed to participate in a Product/Market Research for the company for purposes of evaluating, discussing, and advising the company regarding new and/or existing clinical or market developments, techniques and/or strategies involving _____
COMPANY shall pay Consultant _____ per _____ hour day for each such meeting. Additionally, the Company shall reimburse you for any reasonable documented out-of-pocket expenses incurred by you which are related to your participation at the meeting, provided that such out-of-pocket expenses are consistent with the Company's expense reimbursement policy. The date, time, and location of the meeting are as follows:
Date: _____
Time: _____
Location: _____

8. **Other.**  ☐ Yes  ☑ No
Consultant shall perform such other Services designated below, for _____ per hour.
Description of Services:
_____
_____
_____
_____
_____
_____
_____

B.  The Parties agree that compensation paid to Consultant shall not exceed _____$12000_____ per year, except as may be mutually agreed in writing by the Parties.

Contract ID : MC08122560    P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151

**HIGHLY CONFIDENTIAL**

**DFS-TINAMORROW-0035**

## ETHICON
a *Johnson&Johnson* company

### ADDENDUM

Clause 1 on page 1 will be overridden by addendum 1 language.  This Agreement shall commence on 02/01/2009, and unless sooner terminated as provided in this Section 1 or elsewhere in this Agreement, shall continue through 01/31/2010.  The contract is not fully executed until COMPANY countersigns the contract by the "Effective Date".  It should be noted that this Agreement will become null and void if not signed by Consultant and returned to COMPANY by Effective Date noted above.  Furthermore, either party may terminate this Agreement upon thirty (30) days prior to written notice.

Contract ID : MC08122560          P.O. BOX 151, ROUTE 22 WEST, SOMERVILLE, NJ 08876-0151