IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL NO. 2327

--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of the Motion of Kline & Specter, P.C. and Freese & Goss, PLLC, Attorneys for Plaintiffs, and the response thereto, it is hereby ORDERED and DECREED that the $350,000.00 of assessment monies paid individually by the law firms of Kline & Specter, P.C. and Freese & Goss, PLLC into the Pelvic Mesh MDL Common Benefit Fund ($700,000.00 total) will be reimbursed within thirty (30) days of the date of this Order.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL NO. 2327

-----------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**MOTION FOR REIMBURSEMENT OF ASSESSMENTS
PAID TO THE PELVIC MESH MDL COMMON BENEFIT FUND**

Kline & Specter, P.C. and Freese & Goss, PLLC, attorneys for plaintiffs, respectfully seek reimbursement for the $350,000.00 of assessment monies paid by each law firm into the Pelvic Mesh MDL Common Benefit Fund ($700,000.00 total) and aver as follows:

## I.   FACTS AND PROCEDURAL HISTORY

The Judicial Panel on Multidistrict Litigation ("JPML") established separate Multi-District Litigation proceedings ("MDL") for claims relating to mesh products, including the mesh products manufactured by Ethicon, Inc. *See* In Re: *Ethicon, Inc., Pelvic Repair System* MDL No. 2327.

An initial case management conference was held on April 13, 2012, by Judge Joseph R. Goodwin and Mary E. Stanley. Some counsel for the plaintiffs submitted to the Court a proposed counsel organizational structure in accordance with paragraph 3 of Pre-trial Order # 1. *See* Paragraph 3 of Pre-trial Order #1, attached hereto as Exhibit "A." The proposal, the memorandum in support, and all of the individual applications for appointment to the Plaintiffs'

2

Steering Committee were reviewed by the Court. After careful consideration, the Court appointed the recommended attorneys as part of the plaintiffs' counsel structure, including Coordinating Co-Lead Counsel for the Plaintiffs; Plaintiffs' Executive Committee; and the Plaintiffs' Steering Committee. *See* Pre-trial Order # 4, attached hereto as Exhibit "B."

### a. Plaintiffs' Steering Committee

The proposed counsel organizational structure submitted to the Court recommended a singular Plaintiffs' Steering Committee (PSC) to coordinate across MDL lines in four separate Pelvic Mesh MDLs. No objections were received by the Court as to the appointment of any proposed nominee.

The PSC has responsibilities enumerated in paragraph 19 of Pre-trial Order #1. Accordingly, the appointees were assigned to perform the PSC's exclusive functions including the coordination of the following: discovery, committee meetings, court appearances, and all communications with the Court. *See* paragraph #19 of PTO #1, attached as Exhibit "A." Both Lee Balefsky, Esquire, of the law firm of Kline & Specter and Tim Goss of the law firm of Freese and Goss were appointed to the PSC at this time. *See* Attachment to PTO#4, Exhibit "B".

On October 4, 2012, the Court filed Pre-trial Order #18, an Agreed Order regarding management of timekeeping, cost reimbursement, and related common benefit issues. *See* PTO# 18, attached as Exhibit "C." The stated purpose of the Agreed Order was to provide guidance so that, should the issue become ripe, any attorneys applying for common benefit fees or expenses will have notice of the standards the parties have agreed will be employed in assessing those applications. *See* Exhibit "C."

Paragraph 2 of PTO #18 states the following:

> From time to time, the Executive Committee shall make such assessments
> and shall receive and hold such funds as necessary to effectively prosecute

> the interests of the litigation. Such funds shall be held in such accounts at a federally insured Banking institution as designated and approved between Co-Liaison Counsel, Coordinating Co- Leads and the CPA. The account shall be maintained by the PSC with primary oversight of Coordinating Co-Lead and Co-Liaison Counsel and shall be subject to periodic review by the CPA. Any funds to be paid out of such account shall be paid only upon the direction of the Coordinating Co-Lead Counsel. The PSC shall apply for and receive a Federal Tax ID number for such account.

See PTO #18, p 2.

While PTO #18 enumerates the appropriate channels to collect money from the fund for litigation expenses including attorney time, it does not state how a firm shall be reimbursed for the initial assessment money paid out-of-pocket by law firms into the fund. However, Kline & Specter has suggested that Coordinating Co-Lead Counsel formally ask for reimbursement of the assessment monies and they have declined.

As of this date, Kline & Specter has contributed $350,000.00 in assessment money to the Pelvic Mesh MDL Common Benefit fund as follows:

- October 11, 2012: $50,000.00
- April 5, 2013: $50,000.00
- October 29, 2013: $75,000.00
- April 23, 2014: $75,000.00
- January 22, 2015: $100,000.00
- **TOTAL:** **$350,000.00**

*See* Kline & Specter Common Benefit Fund Assessment Checks, attached as Exhibit "D."

As of this date, Freese & Goss has also contributed $350,000.00 in assessment money to the Pelvic Mesh MDL Common Benefit Fund as follows:

- April 29, 2013: $50,000.00

4

- January 26, 2014:      $75,000.00
- August 20, 2014:       $50,000.00
- August 28, 2014:       $25,000.00
- June 10, 2015:         $100,000.00
- [Date Unknown]:        <u>$50,000.00</u>

  **TOTAL:**             **$350,000.00**

*See* Freese & Goss Common Benefit Fund Assessment Checks, attached as Exhibit "E."

As a result of significant settlements funded by the Mesh Defendants, the Pelvic Mesh MDL Common Benefit Fund has over $50,000,000 of funds in its accounts.

**II.    ARGUMENT**

There are thousands of cases pending in the Pelvic Mesh MDLs. Litigation funding is a complex matter and one that varies with the needs of the case. It is traditional for the plaintiffs' leadership team to establish a "housekeeping fund," which it uses to pay communal litigation expenses like expert fees, filing charges, document depository costs, and deposition fees. The housekeeping fund is funded with periodic assessments paid by the leadership team (the Plaintiff Steering Committee).

As stated above, the law firms of Kline & Specter and Freese & Goss have each contributed $350,000.00 ($700,000.00 total) in assessments to the Pelvic Mesh MDL Common Benefit Fund. As a result of significant settlements funded by the Mesh Defendants, the Pelvic Mesh MDL Common Benefit Fund has over $50,000,000 of funds in its accounts. The continued litigation of the pelvic mesh claims will in no way be compromised when the initial assessment funds are returned to Kline & Specter and Freese & Goss. Furthermore, if at any time additional assessment funds are needed, they can always be requested.

Since the establishment and their involvement with the Pelvic Mesh MDLs, attorneys from Kline & Specter and Freese & Goss have conducted significant litigation activity and continue to carry out significant efforts for the common benefit of all plaintiffs. At this time, neither firm is asking for reimbursement for litigation time, expenses, and/or administration costs, but rather simply for the assessments initially paid into the fund, now that those amounts can be easily refunded.

### III. CONCLUSION

Kline & Specter, P.C. and Frees & Goss, PLLC respectfully seek reimbursement for the $350,000.00 of assessment money paid into the Common Benefit Fund ($700,000.00 total) and asks that the money initially contributed to the fund at the onset of litigation be returned.

Respectfully submitted,

By: *[signature]*
Lee B. Balefsky, Esquire
**Kline & Specter, P.C.**
1525 Locust Street, 19th Floor
Philadelphia PA 19102
(215) 772 - 1000
*Counsel for Plaintiffs*

Richard A. Freese, Esquire
**Freese & Goss, PLLC**
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
*Counsel for Plaintiffs*

Dated: August 15, 2016

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL NO. 2327

-------------------------------------------------

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2016, I electronically filed the foregoing Motion for Reimbursement of Assessments Paid to the Pelvic Mesh MDL Common Benefit Fund with the Clerk of Court using the CM/ECF system which will sent notification of such filing to the CM/ECF participants registered to receive service in this member case.

By: _____
Lee B. Balefsky, Esquire
**Kline & Specter, P.C.**
1525 Locust Street, 19th Floor
Philadelphia PA 19102
(215) 772 - 1000
*Counsel for Plaintiffs*

Richard A. Freese, Esquire
**Freese & Goss, PLLC**
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
*Counsel for Plaintiffs*

Dated: August 15, 2016