# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS                          MDL NO. 2327
PRODUCTS LIABILITY LITIGATION

-----------------------------------------------------------
THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 18
(Agreed Order Regarding Management of Timekeeping, Cost Reimbursement
and Related Common Benefit Issues)

The parties have submitted this Agreed Order to the court in anticipation of the possibility that, at some time in the future, there may be applications to this court by attorneys for payment of common benefit fees or expenses. The court now issues the following preliminary procedures and guidelines at this early juncture in the case, but expresses <u>no opinion</u> regarding whether payment of common benefit fees or expenses will ever become appropriate. This Agreed Order merely provides guidance so that, should the issue become ripe, any attorneys applying for common benefit fees or expenses will have notice of the standards the parties have agreed will be employed in assessing those applications. These guidelines are not meant to be exhaustive, and the court may issue additional procedures, limitations, and guidelines in the future, if appropriate.

1.    <u>Appointment of CPA</u>

The forms and records detailing both time and expenses shall be subject to periodic review by Chuck Smith, CPA, who is hereby appointed upon recommendation of the Plaintiffs' Executive Committee and Co-Liaison Counsel to perform such services

as set forth in this Order and to otherwise make such periodic and discreet reports to the court as requested and to the Executive Committee and Co-Liaison. Said CPA shall be paid from the common benefit funds and shall work with the Executive Committee and Co-Liaison Counsel to insure the accuracy of the submissions and all accounts and records.

**2**.    **Common Benefit Fund for Expenses**

From time to time, the Executive Committee shall make such assessments and shall receive and hold such funds as necessary to effectively prosecute the interests of the litigation. Such funds shall be held in such accounts at a federally insured Banking institution as designated and approved between Co-Liaison Counsel, Coordinating Co-Leads and the CPA. The account shall be maintained by the PSC with primary oversight of Coordinating Co-Lead and Co-Liaison Counsel and shall be subject to periodic review by the CPA. Any funds to be paid out of such account shall be paid only upon the direction of the Coordinating Co-Lead Counsel. The PSC shall apply for and receive a Federal Tax ID number for such account.

**3.**    **Administration**

For PSC counsel appointed by the court or acting under the direction of the leadership of the PSC, the recovery of common benefit time and cost reimbursements will be allowed and is essential.  This will be for "participating counsel" as defined herein. Furthermore, participating counsel shall only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were (a) for the common benefit, (b) appropriately authorized (as defined herein specifically in section 3), (c) timely submitted, and (d) approved by this

court. This Order sets forth the guidelines regarding the submission and compensability of common benefit time and expenses. Plaintiffs' counsel who seek to recover court-awarded common benefit attorneys' fees and expenses in connection with this litigation shall keep a daily contemporaneous record of their time and expenses, noting with specificity the amount of time and particular activity along with confirmation that authority was obtained to have undertaken that common benefit effort.  For the purpose of coordinating these guidelines and tracking submissions, the Co-Liaison Counsel, together with the Coordinating Co-Lead Counsel and Executive Committee, shall employ a Certified Public Accountant appointed by the court.  The CPA will insure proper compliance by the parties with this Order and work with the Coordinating Co-Leads to manage the litigation fund and administer the payment of the expenses (not fees) from the litigation fund. All counsel working on common benefit activities shall submit a separate report of their time and expense records every six weeks (such reports shall be submitted within 20 days of the due date as prescribed in Time and Expense Reports approved by the CPA, by email, as follows:

**<u>American Medical Systems MDL</u>**

> CPA:  AMSTime@schcpa.com

> AMS Lead Counsel:
> Fidelma Fitzpatrick at ffitzpatrick@motleyrice.com
> Amy Eskin at aeskin@hershlaw.com

> Coordinating Co-leads:
> Henry Garrard at hgg@bbgbalaw.com
> Fred Thompson at fthompson@motleyrice.com
> Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
        Harry F. Bell, Jr. at AMSTime@belllaw.com
        Paul Farrell at paul@greeneketchum.com
        Carl Frankovitch at carl@facslaw.com

**Boston Scientific MDL**

CPA:  BostonScientificTime@schcpa.com

Boston Scientific Lead Counsel:
        Clayton Clark at clark@triallawfirm.com
        Aimee Wagstaff at Aimee.wagstaff@ahw-law.com

Coordinating Co-leads:
        Henry Garrard at hgg@bbgbalaw.com
        Fred Thompson at fthompson@motleyrice.com
        Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
        Harry F. Bell, Jr. at BostonScientificTime@belllaw.com
        Paul Farrell at paul@greeneketchum.com
        Carl Frankovitch at carl@facslaw.com

**C.R. Bard MDL**

CPA:  CRBardTime@schcpa.com

C.R. Bard Lead Counsel:
        Henry Garrard at hgg@bbgbalaw.com
        Derek Potts at dpotts@potts-law.com

Coordinating Co-leads:
        Henry Garrard at hgg@bbgbalaw.com
        Fred Thompson at fthompson@motleyrice.com
        Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
        Harry F. Bell, Jr. at CRBardTime@belllaw.com
        Paul Farrell at paul@greeneketchum.com
        Carl Frankovitch at carl@facslaw.com

**Coloplast MDL**

CPA:  ColoplastTime@schcpa.com

Coloplast Lead Counsel:
  Mark Mueller at mark@muellerlaw.com
  Robert Salim at robertsalim@cp-tel.net
  Riley Burnett at rburnett@TrialLawFirm.com

Coordinating Co-leads:
  Henry Garrard at hgg@bbgbalaw.com
  Fred Thompson at fthompson@motleyrice.com
  Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
  Harry F. Bell, Jr. at ColoplastTime@belllaw.com
  Paul Farrell at paul@greeneketchum.com
  Carl Frankovitch at carl@facslaw.com

**Ethicon MDL**

CPA:  EthiconTime@schcpa.com

Ethicon Lead Counsel:
  Thomas Cartmell at tcartmell@wagstaffcartmell.com
  Renee Baggett at rbaggett@awkolaw.com

Coordinating Co-leads:
  Henry Garrard at hgg@bbgbalaw.com
  Fred Thompson at fthompson@motleyrice.com
  Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
  Harry F. Bell, Jr. at EthiconTime@belllaw.com
  Paul Farrell at paul@greeneketchum.com
  Carl Frankovitch at carl@facslaw.com

The failure to secure authority to incur common benefit time and expenses, or maintain and timely provide such records or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

"Participating Counsel" are counsel who subsequently desire to be considered for common benefit compensation and as a condition thereof agree to the terms and conditions herein and acknowledge that the court will have final, non-appealable

authority regarding the award of fees, the allocation of those fees and awards for cost reimbursements in this matter. Participating Counsel have (or will have) agreed to and therefore will be bound by the court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and the Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of this Agreed Order or to otherwise challenge its adequacy. Nothing in this Agreed Order shall be construed to prohibit an agreement between the PSC and state court litigants who may later seek a common benefit allocation.

A.     **Expense Limitations**

1.     **Travel Limitations**

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by the Coordinating Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

a.     Airfare. Reasonable and appropriate airfare will be reimbursed and is subject to audit and review. Airfare deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed.

b.     Hotel. Reasonable and appropriate hotel accommodations will be reimbursed. Hotel accommodations deemed to be excessive or which are not related to an assigned task or judicial requirement will not be reimbursed.

c.     Meals. Meal expenses must be reasonable.

d.     Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

e.     Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are

available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial.

f.      <u>Mileage</u>. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

## 2.      **Non-Travel Limitations**

a.      <u>Long Distance, Conference Call and Cellular Telephone Charges</u>. Common benefit long distance, conference call and cellular telephone charges must be documented as individual call expenses in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL litigation. Such charges are to be reported at actual cost.

b.      <u>Shipping, Overnight, Courier, and Delivery Charges</u>. All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

c.      <u>Postage Charges</u>. A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

d.      <u>Telefax Charges</u>. Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge shall not exceed $1.00 per page.

e.      <u>In-House Photocopy</u>. A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is .20¢ per page.

f.      <u>Computerized Research – Lexis/Westlaw</u>. Claims for Lexis or Westlaw, and other computerized legal research expenses should

be in the exact amount charged the firm and appropriately allocated for these research services.

**B.     Verification**

The forms detailing expenses shall be certified by a member of the PSC in each firm attesting to the accuracy of the submissions. For those firms submitting time who are not a member of the PSC, the forms shall be signed by a senior partner in that firm. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**C.     Authorization for Compensable Common Benefit Work**

Authorized Common Benefit Work includes assignments made by Coordinating Co-lead Counsel and/or the Co-Lead Counsel of each MDL, who will work in consultation with each other to facilitate the litigation.  No time spent on developing or processing purely individual issues in any case for an individual client (claimant) will be considered or should be submitted, nor will time spent on any unauthorized work.

**D.   Common Benefit Work**

1.      Examples of authorized and unauthorized common benefit work include but are not limited to:

a.      <u>Depositions</u>:  Participating Counsel may attend any deposition space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Coordinating Co-Lead Counsel or a Co-Lead of an individual MDL, the time and expenses shall not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients.

b.      <u>Periodic MDL Conference Calls</u>:  These calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not

8

common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. The attorneys designated by the Coordinating Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for common benefit. Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for participation in PSC communications that are germane to all members of the PSC and are necessary to fulfill their PSC obligations.

c.      <u>Periodic Status Conferences</u>.  Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. Coordinating Co- Lead Counsel will consult with Co-Lead Counsel regarding matters to be discussed and argued at the Status conferences to determine counsel who will make presentations and insure proper coordination on issues. The attorneys designated by the Coordinating Co-Lead Counsel,  to address issues that will be raised at a given status conference or requested by the Coordinating Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, Co-Lead Counsel, as well as any other attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time for evaluation as common benefit time.

d.      <u>Committee Meetings or Calls</u>:  During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by the Co-Lead Counsel in consultation with the Coordinating Co-Lead Counsel.

e.      <u>Identification and Work Up of Experts</u>:  Participating Counsel are expected to identify experts in consultation with the Coordinating Co-Lead Counsel, the Co-Lead Counsel for the individual MDLs, and the Expert Committee, which is co-chaired by Ben Anderson and Mark Mueller, who are responsible to coordinate with the

Coordinating Co-Lead Counsel and the Co-Leads of the individual MDLs. If a Participating Counsel travels to and retains an expert without the knowledge and approval of the Coordinating Co-Lead Counsel or a Co-Lead of an MDL, they understand that the MDL may not need or use that expert and their time and expenses may not be eligible for common benefit expenses/work.

f.    Attendance at Seminars:  Mere attendance at a seminar does not qualify as common benefit work or a common benefit expense unless the individual is attending at the direction of Coordinating Co-Lead counsel and for the benefit of the MDL.

g.    Document Review:  Only document review specifically authorized by the Co-Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work. The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney.  If a reviewer elects to review documents that have not been assigned to that attorney by the Co-Lead Counsel for the MDL, that review is not considered common benefit. Counsel will receive periodic reports from the vendor(s) retained to manage the electronic production, of computer billing time for depository review. Such Vendor should have the capability to track actual time spent by each attorney reviewing documents. Participating Counsel should bring any discrepancy to the attention of the Coordinating Co-Lead Counsel or its designee within thirty days of receipt of the Vendors report. Failure to timely bring any claimed discrepancy to the attention of the Coordinating Co-Lead Counsel Committee will result in the compensable document review time being presumptively deemed that which was electronically logged by Vendor. A Fee Committee at the appropriate time will review all fee submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

h.    Review of Pleadings and Orders:  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by the Coordinating Co-Leads or the Co-Leads of the individual MDLs to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph shall be construed to prevent the Executive Committee, Co-lead, Co-Liaison Counsel and the PSC

10

from submitting common benefit time for reviewing orders of the court that are germane to all members of the PSC and are necessary for review to fulfill their committee or court appointed obligations.

i.      Emails:  Time recorded for reviewing emails, and providing non substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working. If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

j.      Review of Discovery Responses:  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by the Co-Lead Counsel for the individual MDL to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

k.      Bellwether Trials.  While the work-up of individual cases is ***not*** considered common benefit, in the event that a case is selected as part of an approved early preference or bellwether trial process in the MDL or participating state court proceedings, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered for common benefit to the extent it complies with other provisions of this Agreed Order or Participation Agreement.

l.      Pre-Litigation Hours Materially Advanced.  The court will have the authority and discretion to permit the accounting of pre-litigation hours materially advanced for common benefit.

m.     State Court and Bard MDL common benefit hours. The court contemplates that work done for the common benefit through the

11

Bard MDL, in federal litigation prior to the formation of this MDL or through state court proceedings in New Jersey, Delaware, Massachusetts, Minnesota, West Virginia and elsewhere will be compensable time, and can be submitted so long as it has been approved and agreed to by the co-lead of the applicable MDL and/or the Coordinating Co-lead counsel.

n.   <u>Paralegal Hours</u>.  Common benefit time performed by Paralegals will be approved based on the requirements set forth in this Agreed Order for attorneys.

In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask the Coordinating Co-Lead Counsel or Co-Lead Counsel in advance as to whether such time may be compensable.

**E.   <u>Time Keeping and Submission of Time Records</u>**

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as noted herein and submitted in the Forms approved by the CPA. Participating Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

The following shall be noted:

All time submissions must be incurred only for work authorized under this Agreed Order.

1.   All time submissions must be made on the Forms approved by the CPA.

2.   All time and expenses are subject to proper and timely submission every six (6) weeks (reports shall be submitted within 20 days of the close of the due date) of contemporaneous records certified to have been timely

12

received within the preceding six (6) weeks. Beginning November 1, 2012, submissions shall be made for all time incurred prior to the entry of this Agreed Order.

3.      All expenses submissions must include receipts for all expenses.

4.      All time and expense submissions must be electronically sent in the attached forms approved by the CPA every six (6) weeks to the attention of Co-Lead Counsel of the applicable MDL; to the coordinating Co-leads Henry Garrard, Fred Thompson and Bryan Aylstock; to the Plaintiffs' Co-Liaison Counsel, Harry F. Bell, Jr., Paul Farrell and Carl Frankovitch; and to the CPA, as set forth above. Co-Lead Counsel of each MDL, Coordinating Co-Lead Counsel and Co-liaison Counsel will cooperatively share and maintain the data submitted with the Executive Committee. It is therefore essential that each firm, every six (6) weeks, timely submit its records for the preceding month.

5.      Untimely Submissions. Failure to provide time and expense records on a quarterly basis as set forth herein shall result in a waiver of same.

IT IS SO ORDERED.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:12-cv-06168. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered

by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER:  October 4, 2012

Joseph R. Goodwin, Chief Judge

14

**Submitted and Approved by the Plaintiffs' Coordinating Co-Leads, Executive Committee and Co-liaison Counsel, who have consulted and approved the same among all PSC Counsel**

By:     /s/Harry F. Bell, Jr.
        Harry F. Bell, Jr.
        Plaintiffs' Co-Liaison Counsel
        hfbell@belllaw.com
        West Virginia Bar No. 297

The Bell Law Firm, PLLC
P. O. Box 1723
Charleston, WV 25326
(304) 345-1700

By:     /s/Paul T. Farrell, Jr.
        Paul T. Farrell, Jr.
        Plaintiffs' Co-Liaison Counsel
        paul@greeneketchum.com
        West Virginia Bar No. 7433

Greene Ketchum Bailey Walker Farrell & Tweel
P. O. Box 2389
Huntington, WV 25724-2389
(304) 525-9115

By:     /s/Carl N. Frankovitch
        Carl N. Frankovitch
        Plaintiffs' Co-Liaison Counsel
        carln@facslaw.com
        West Virginia Bar No. 4746

Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062
(304) 723-4400

By:     /s/Henry G. Garrard, III
        Henry G. Garrard, III
        Plaintiffs' Coordinating
        Co-Lead Counsel and Executive
        Committee
        hgg@bbgbalaw.com
        Georgia Bar No. 286300

Blasingame Burch Garrard & Ashley, PC
P. O. Box 832
Athens, GA 30603
(706) 354-4000

By:   <u>/s/Fred Thompson, III</u>
Fred Thompson, III
Plaintiffs' Coordinating
Co-Lead Counsel and Executive
Committee
fthompson@motleyrice.com
South Carolina Bar No. 5548

Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9118

By:   <u>/s/Bryan F. Aylstock</u>
Bryan F. Aylstock
Plaintiffs' Coordinating
Co-Lead Counsel and Executive
Committee
BAylstock@awkolaw.com
Florida Bar No. 078263

Alystock Witkin Kreis & Overholtz
17 E. Main Street, Suite 200
Pensacola, FL 32502
(877) 810-4808

By:   <u>/s/Clayton A. Clark</u>
Clayton A. Clark
Plaintiffs' Executive Committee
cclark@triallawfirm.com
Texas Bar No. 04275750

Clark, Love & Hutson, G.P.
440 Louisiana Street, Suite 1600
Houston, TX 77002
(713) 757-1400

By:   <u>/s/Amy Eskin</u>
Amy Eskin
Plaintiffs' Executive Committee
aeskin@hershlaw.com
California Bar No. 127668

16

Hersh & Hersh
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
(415) 441-5544

By:   /s/Derek H. Potts
Derek H. Potts
Plaintiffs' Executive Committee
dpotts@potts-law.com
Missouri Bar No. 44882

The Potts Law Firm, LLP
908 Broadway, 3rd Floor
Kansas City, MO 64105
(816) 931-2230

By:   /s/Aimee H. Wagstaff
Aimee H. Wagstaff
Plaintiffs' Executive Committee
Aimee.wagstaff@ahw-law.com
Colorado Bar No. 36819

Andrus Hood & Wagstaff, PC
1999 Broadway, Suite 4150
Denver, CO 80202
(303) 376-6360

By:   /s/Thomas P. Cartmell
Thomas P. Cartmell
Plaintiffs' Executive Committee
tcartmell@wagstaffcartmell.com
Missouri Bar No. 45366

Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
(816) 701-1100

By:   /s/Fidelma P. Fitzpatrick
Fidelma P. Fitzpatrick
Plaintiffs' Co-Lead Counsel
ffitzpatrick@motleyrice.com
Rhodes Island Bar No. 5417

Motley Rice, LLC
321 South Main Street, Suite 200
Providence, RI  02903
(401) 457-7700

17

By:   /s/Renee Baggett
        Renee Baggett
        Plaintiffs' Co-Lead Counsel
        RBaggett@awklaw.com
        Florida Bar No.  0038186

Aylstock, Witkin, Kreis & Overholtz
17 East Main Street, Suite 200
Pensacola, FL  32502
(850) 202-1010

By:   /s/Mark C. Mueller
        Mark C. Mueller
        Plaintiffs' Co-Lead Counsel
        mark@muellerlaw.com
        Texas Bar No. 14623000

Mueller Law
404 West 7th Street
Austin, TX  78701
(512) 478-1236

By:   /s/Robert Salim
        Robert Salim
        Plaintiffs' Co-Lead Counsel
        robertsalim@cp-tel.net
        Louisiana Bar No. 11663

Law Offices of Robert L. Salim
1901 Texas Street
Natchitoches, LA  71457
(318) 352-5999

By:   /s/Riley Burnett
        Riley Burnett
        Plaintiffs' Co-Lead Counsel
        rburnett@TrialLawFirm.com
        Texas Bar No. 03428900

Law Offices of Riley L. Burnett, Jr.
440 Louisiana, Suite 1600
Houston, TX  77002
(713) 757-1400