IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO PLAINTIFFS:**<br><br>**All Wave II TVT Cases**<br><br>**Pamela Bailey et al v. Ethicon, Inc, Et. Al.** | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE<br><br><br>2:12-CV-01700 |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE GENERAL OPINION TESTIMONY AND CASE SPECIFIC OPINION TESTIMONY OF JOYE K. LOWMAN, M.D.[1]**

## I.  PLAINTIFF WITHDRAWS HER FIRST ARGUMENT

Plaintiff Bailey was implanted with a TVT device, not a TVT-O. Defendant is correct, and Plaintiff stands corrected. Plaintiff withdraws her argument relating to TVT-O as it relates to this case. In the event that Defendant seeks to utilize Dr. Lowman as an expert in any consolidated or WAVE case involving a TVT-O implantation, this withdrawal is without prejudice to reassert such argument under those circumstances.

---

[1] Plaintiff Bailey previously filed her single motion supported by single memorandum to exclude opinions from Dr. Lowman which were contained in her Rule 26 disclosure as to Plaintiff Bailey. Dr. Lowman's report contained a large number of opinions which could be considered to be General in nature as well as case specific opinions relating to Ms. Bailey. In Defendant's responses to Plaintiff's motion, Ethicon has filed separate briefs: General and Case Specific. This reply memorandum replies to both Ethicon memoranda.

1

## II.  DR. LOWMAN SHOULD NOT GIVE OPINIONS ON MATERIALS SCIENCE OR DEFECTIVE DESIGN

Plaintiff stands by her arguments that Dr. Lowman lacks the expertise needed to give opinions on design and materials safety. Defendant is intent on arguing that Dr. Lowman should be entitled to give her opinion that the TVT device is safe and efficacious. This area of opinion has been litigated in this court, and this Court has permitted clinicians to give opinions. However, Dr. Lowman's report is full of borrowed opinions from book sources for which she has no possible experience or expertise. Such issues as properties of polypropylene within the body, degradation, contraction, pore size, stiffness, and mechanical vs. laser cut are all areas for which she has NO training or expertise. These very specific material science opinions should not be received because they are not reliable.

## III.  DR. LOWMAN SHOULD NOT GIVE OPINIONS ON THE ADEQUACY OF THE IFU

Plaintiff stands by her argument that Dr. Lowman's general opinion about the adequacy of the IFU language is also borrowed information *Sederholm v. Boston Scientific Corp.*, C. A. No. 2:13-cv-12510, 2016 WL 3282587 at *13 (S.D.W. Va. June 14, 2016) (excluding urologists' expert opinions on the adequacy of defendant's IFU that he based only on the risks he observed in his practice) is on point and applicable here..

## IV.  DR. LOWMAN'S CASE SPECIFIC OPINIONS AS TO THE TVT IMPLANTED AND EXCISED IN MS. BAILEY SHOULD BE EXCLUDED

Most important, Dr. Lowman concedes immediately that the exposure observed by Dr. Adam in 2005 was caused by the TVT mesh:

> Q. Now, there is no doubt that the – not erosion but exposure that Miss Bailey suffered, was caused physically by the mesh; isn't that right?
> MR. RUMANEK: Objection to form.
> THE WITNESS: It was associated with the mesh, yes.

Ex C, p. 49 line 6-11.

Likewise, Dr. Lowman concedes that at the time of Ms. Bailey's resection in 2005, there was no reasonable source for her to discover facts that would point to a defective device as the cause for her continued complaints.

> Q: If Miss Bailey had gone looking in 2005 and said, oh, gosh, what's happened to me; I need to investigate and find out more about this, she could not have found from any source, a suggestion that the TVT device itself was defective …would she?
> A: No, because it's not true.
> Q: I'm sorry.
> A There was no evidence to --
> …Q: In 2005 upon your graduation from med school if you had gone looking, could you have found information that would have provided you with proof that would put you on notice that the TVT was defective?
> THE WITNESS: No.

Ex C p.48-p.49 line 4 (objections excluded for readability).

Plaintiff embraces these case specific opinions. Dr. Lowman's other case specific opinions are doomed by her failure to follow and to apply a scientific methodology. Plaintiff stands on her positions articulated in her opening memorandum. Plaintiff embraces the position espoused by Defendant that the anecdotal memory of Plaintiff as to the timing, severity and source of her medical symptomology is a valid source upon which to base medical judgments even in the face of silent medical records. Plaintiff hopes the Court will recall Ethicon's position on this issue as the WAVE and consolidated cases move forward through motion practice to trial.

## CONCLUSION

For reasons of the forgoing, the general and case specific opinions of Dr. Lowman as set forth herein, must be excluded or limited to the scope of her expert report and her deposition testimony as required by federal law.

Date: August 18, 2016                    Respectfully submitted,

                                           By:     /s/Fred Thompson, III
                                                               Fred Thompson, III
                                                               Motley Rice LLC
                                                               28 Bridgeside Blvd.
                                                               Mount Pleasant, SC 29464
                                                               Phone: (843) 216-9000
                                                               Fax: (843) 216-9450
                                                               fthompson@motleyrice.com

                                                               Fidelma L. Fitzpatrick
                                                               Motley Rice LLC
                                                                321 South Main Street
                                                               Providence, RI  02903
                                                               Phone: (401) 457-7700
                                                               Fax: (401) 457-7708
                                                               ffitzpatrick@motleyrice.com

                                                               *Co-Lead Counsel MDL 2325*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: /s/ Fred Thompson
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Phone: (843) 216-9000
Fax: (843) 216-9450
fthompson@motleyrice.com

Fidelma L. Fitzpatrick
Motley Rice LLC
321 South Main Street
Providence, RI 02903
Phone: (401) 457-7700
Fax: (401) 457-7708
ffitzpatrick@motleyrice.com

*Counsel for Plaintiff*