UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LITIGATION LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO THE FOLLOWING CASES IN WAVE 3 OF MDL 200:<br><br>*Mary Frances Richard, et al. v. Ethicon, Inc.*<br>Civil Action No. 2:12-cv-02192<br><br>*Carla J. Thorpe v. Ethicon, Inc.*<br>Civil Action No. 2:12-cv-02546 | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## NOTICE TO TAKE DEPOSITION OF JERRY BLAIVAS, M.D.

TO: ALL COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that the deposition of **JERRY BLAIVAS, M.D.** as it relates to general opinions regarding TVT-Exact will take place on Monday, August 29, 2016, beginning at 12:00 p.m. EDT, at the UroCenter, 445 East 77th Street, New York, New York 10075.

**PLEASE TAKE FURTHER NOTICE** that the undersigned attorneys for Defendants Ethicon, Inc. and Johnson & Johnson in accordance with Rule 30 of the Federal Rules of Civil Procedure, the procedures set forth in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327, Defendants Ethicon, Inc. and Johnson & Johnson hereby notice this deposition for any and all purposes permitted by the rules of the MDL Court, and any other state or local rules that apply to this action. Defendants Ethicon, Inc. and Johnson & Johnson further state that this deposition shall be conducted in accordance with and subject to the

Protective order entered in the above-reference action and the Protective Order in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327.

**PLEASE FURTHER TAKE NOTICE** that said deposition shall take place before a duly qualified Notary Public authorized to administer oaths and shall continue from day to day until completed. Said deposition shall cover all matters relevant to the subject matter of the within action.

**PLEASE FURTHER TAKE NOTICE** that the person to be examined is required to produce any document reviewed by the deponent, prior to the commencement of the deposition, to prepare for the deposition, and/or to refresh the deponent's recollection regarding the facts of this case, as well as all documents requested on Schedule A.

August 25, 2016  By: /s/ Tracy J. Van Steenburgh
Tracy J. Van Steenburgh
NILAN JOHNSON LEWIS PA
120 South Sixth Street, Suite 400
Minneapolis, MN 55402
Telephone: 612-305-7500
Facsimile: 612-305-7501
Email: tvan@nilanjohnson.com

**Attorneys for Defendant Ethicon, Inc. and Johnson & Johnson**

2

4824-2028-9847v.1

# EXHIBIT A

# DEFINITIONS

1. "You" or "Your" refers to the witness, JERRY BLAIVAS.

2. "Plaintiff" refers to each of the Plaintiffs referenced in the above-styled cases.

3. The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

4. The terms "relating to" and "related to" mean in whole or in part or in any way constituting, containing, concerning, embodying, evidencing, reflecting, describing, analyzing, identifying, stating, dealing with, referring to or pertaining to.

5. Words used in the singular shall, where the context permits, include the plural, and words used in the plural shall, where the context permits, include the singular.

6. The use of a verb tense shall be construed as the use of that verb in all other tenses.

7. The term "Communication," as used in these Requests, is intended to have the broadest possible meaning and shall include any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, including but not limited to letters, memoranda, PowerPoint presentations, email, text message, telegram, telex, internet-based meetings, or other written or electronic Document or files; (2) oral contact, whether by face-to-face meetings, internet-based meetings, video conferences, telephonic conversations, or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

8. As used throughout, "Document" means any written or graphic matter however produced or reproduced. "Document" also includes writings of any kind, source, and authorship, both originals and all non-identical copies thereof, in Your possession, custody, or control, or known by You to exist, irrespective of whether the writing is one intended for or transmitted internally to You, or intended for or transmitted by any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, circulars; announcements; advertisements; instructions; schedules; minutes; summaries; notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills; statements and other records of obligations and expenditures, canceled checks; vouchers; receipts and other records of payments; ledgers; journals; balance sheets; profit and loss statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports; evaluations; advises; recommendations; commentaries; conclusions; studies; test plans; procedures; data; reports, results, and conclusions; records of administrative, technical, and financial actions taken

or recommended; and all other materials the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. "Document" also means and includes all original and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, phone-records, recordings or other data compilations from which information can be obtained, translated, if necessary, by You through detection devices into reasonably usable form, and tangible things. These terms also include any communications passing between Your agents, representatives, or employees.

## DOCUMENT REQUESTS

1. All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation to be paid to You for study and testimony in this case.

2. All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any pelvic mesh litigation in the last four years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff.

3. A copy of an up-to-date Curriculum Vitae.

4. If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

5. A complete list of all other cases in which You have testified as an expert or by deposition in the last four years.

5

6. All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information relating to Your opinions.

7. All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to any other pelvic mesh cases involving the Prolift, Prolift +M, TVT, Gynemesh PS, TVT-O, TVT-Exact, TVT-Secur, Prosima, and Prolene Soft Mesh products.

8. All final reports prepared in connection with Your expected testimony in this case.

9. All final reports prepared in connection with Your role as a testifying expert in any other pelvic mesh cases involving the Prolift, Prolift +M, TVT, Gynemesh PS, TVT-O, TVT-Exact, TVT-Secur, Prosima, and Prolene Soft Mesh products.

10. All Documents, including reports, summaries, summaries of data, studies, or other Documentation, reflecting testing done by You relating to this case.

11. All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to any other pelvic mesh case involving Prolift, Prolift +M, TVT, Gynemesh PS, TVT-O, TVT-Exact, TVT-Secur, Prosima, and Prolene Soft Mesh products and/or other pelvic mesh products.

12. Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's other experts, including but not limited to other experts' disclosures, reports, or deposition testimony that You have been provided.

13. Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

14. All literature, published or unpublished, consulted by You in connection with Your opinions in this case, including all literature that supports or fails to support Your opinions.

15. All depositions, pleadings, court opinions, or other records that were summarized for You or otherwise made available for Your review in connection with Your expected testimony in this case or in any pelvic mesh case involving the Prolift, Prolift +M, TVT, Gynemesh PS, TVT-O, TVT-Exact, TVT-Secur, Prosima, and Prolene Soft Mesh products.

16. All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

17. Any Ethicon products in Your possession or Ethicon products belonging to You that You have placed in the possession of others.

18. All Documents, including but not limited to protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review

7

      boards, relating to any clinical trial and/or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which You participated in any capacity, such as an investigator, safety monitor, advisor, or study committee member.

19. All Documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by You relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

20. All Documents relating to presentations or lectures given by You or to which You contributed relating to pelvic mesh products, pelvic organ prolapse, and/or stress urinary incontinence.

21. All communications from or to You relating to any professional medical society with respect to pelvic mesh, pelvic mesh products, pelvic organ prolapse, stress urinary incontinence, position statements, studies, editorials, and/or publications.

22. Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

23. Copies of the syllabus and texts used in any classes taught by You in the past five years.

24. All transcripts of prior testimony, statements or presentations given you You in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

25. A copy of Your complete file in this case.

26. Any communications between You and counsel for the Plaintiffs, to the extent that such communications:

    a. Relate to Your compensation;

    b. Identify facts or data that You were provided and that You considered in forming Your opinions; or

    c. Identify assumptions that Plaintiff's counsel provided You and that You relied on in forming Your opinions.

4824-2028-9847v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

s/ Tracy J. Van Steenburgh

4824-2028-9847v.1