# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PRETRIAL ORDER # 38**
**(Deposition Protocol)**

Pursuant to the parties' agreement, it is ORDERED that the following deposition protocol shall be followed in depositions conducted in the above-referenced MDL:

**A.  Deposition Notices**

1. This Order applies to all depositions in MDL-2327, which will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

2. This Order, in its entirety, shall be attached to any non-party subpoena or deposition notice.

3. In order to arrange for adequate deposition space, counsel who wish to attend a deposition noticed in MDL 2327 shall provide one week's advance notice to Plaintiffs' Lead Counsel and Defendants' Lead Counsel of their intention to attend in person and the reason for the additional attendees' presence.

**B.  Cross-Notices Between State Court Cases and These Proceedings**

1. Depositions originally noticed in this MDL may be cross-noticed in appropriate state court cases.

C.     **Number of Depositions Allowed**

1.     Any Federal Rule of Civil Procedure and/or Local Rule purporting to limit the number of depositions shall not apply in this MDL proceeding. If either side believes that the other is taking unnecessary or irrelevant depositions they may bring the issue to the Court for appropriate resolution, after first making a good faith effort to resolve the issue without the Court's involvement.

D.     **Scheduling of Depositions**

1.     Plaintiffs' and Defendants' Lead Counsel shall attempt to establish by mutual agreement, a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any person to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Order. Counsel for the parties will attempt to coordinate the scheduling of depositions as much as possible. Lead and Liaison Counsel shall be responsible for providing posted notice of any deposition in this MDL to counsel.

2.     Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once.  The parties may agree to designate a 30(b)(6) witness also in his or her individual capacity.  A party seeking to take a second deposition of a witness in this MDL shall provide the opposing party its basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown. The transcript of any deposition(s) of current or former Ethicon or J&J company witnesses or representatives taken in the New Jersey Litigation or any other related State or Federal action(s) prior to the date of this Order shall be provided to Plaintiffs' Liaison Counsel upon their request, and may be utilized by the parties in

MDL 2327 as if the deposition were originally taken in these proceedings. Ordinarily, current or former employees of Ethicon or J&J first deposed in the New Jersey Litigation shall not be deposed again in this MDL. If the deposition of any current or former Ethicon or J&J witness, not previously deposed in the MDL but who was deposed in the New Jersey litigation, is noticed in the MDL proceedings, the MDL attorneys taking the second deposition shall not ask questions duplicative of those in the first deposition. Nothing in this Order shall preclude the parties from seeking leave of Court to re-depose a particular witness, even on a topic(s) covered in the first deposition, if good cause is established. The parties agree to use their best efforts to resolve issues related to requests for a second deposition of a given witness before involving the Court.

   3.  If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court for resolution.

   4.  For depositions that are not plaintiff specific, each side shall be notified at least forty-five (45) days in advance of a deposition, absent agreement by the parties otherwise, time constraints due to orders by the Court, or by leave of Court.

   5.  For any notice of deposition where there is an accompanying request for the production of documents, Defendants shall, within 10 days of receipt of such notice, alert Plaintiffs' Liaison Counsel of any reason that the requested documents cannot be produced a minimum of 14 days prior to the date noticed for the deposition.

**E.**  **Location of Depositions**

   1.  The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

**F.      Attendance at Deposition**

1.      While a deponent is being examined about any information subject to the Protective Order entered in this litigation, persons to whom disclosure is not authorized shall be excluded. Unnecessary attendance at depositions is discouraged.

**G.      Conduct of Depositions**

1.      Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs should ordinarily designate one attorney for the MDL to conduct the principal examination of each deponent, and examination by other Plaintiffs' attorneys on behalf of the MDL should be limited to matters not previously covered. Counsel for Plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time.

2.      All deposition objections are reserved, except as to the form of the question and responsiveness of the answer. Counsel shall otherwise comply with Fed. R. Civ. P. 30(d)(1) concerning objections at depositions. An objection by one party reserves the objection for all parties.

**H.      Deposition Disputes**

1.      Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to Judge Goodwin or Magistrate Judge Stanley or Magistrate Judge Eifert by telephone. In the event Judge Goodwin, Magistrate Judge Stanley and Magistrate Judge Eifert are not available, all efforts will be made to continue the deposition with full reservation of rights of the interrogation for a ruling at the earliest possible time.

**I.     Duration of Depositions**

1.     The time limitations on depositions imposed by Fed. R. Civ. P. 30(d)(1) shall apply in the MDL unless the parties agree to a different time limitation in the MDL or the Court establishes a different time limitation.

**J.     Use of Depositions**

1.     Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in or transferred or removed to this Court that become part of this MDL) who: (a) was present or represented (including by Lead Counsel or an attorney designated by Lead Counsel) at the deposition; (b) had reasonable notice thereof; or (c) within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court to an action that is part of this MDL), fails to show just cause why such deposition should not be usable against such party.

**K.     Depositions of Treating Physicians**

1.     The parties agree that each side will have a reasonable opportunity to question the deponent treating physician. To that end, if a treating physician limits the time for a deposition, the parties will work together to ensure that each side receives adequate time during the time allotted to question the treating physician.

2.     At least 48 hours prior to the deposition of a treating physician, Plaintiffs must disclose to defense counsel the documents to be used at the deposition which were produced by the Defendant.

**L.     Supplemental Depositions**

Each party not present or represented at a deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty

(30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court in any action that is a part of this litigation), request permission from the court to conduct a supplemental deposition of the deponent. If permitted, the deposition shall be treated as the resumption of the deposition originally noticed. Such examination shall not be repetitive of the prior examination of said deponent.

    The Court DIRECTS the Clerk to file a copy of this order in 2:12-md-2327 which shall apply to each member case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-02529. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

    **ENTER:** February 19, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE