**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | **Master File No. 2:12-MD-02327 MDL 2327** |
| **THIS DOCUMENT RELATES TO:** *Linda Madding v. Ethicon, Inc., et al.* **Case No.: 2:12-cv-02512** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT ON ALL CLAIMS</u>**

Ethicon, Inc. and Johnson & Johnson ("Ethicon"), pursuant to Federal Rule of Civil Procedure 56, move for summary judgment and dismissal with prejudice of all of Plaintiff's claims. In support of their motion, Ethicon states:

1.      All of Plaintiff's claims should be dismissed because they are time-barred. Washington applies a three year statute of limitations to all product liability claims, which focuses on when a plaintiff discovered or should have discovered a factual causal relationship of the product to the harm. The breach of warranty claims, both express or implied should be dismissed because the Washington Statute of Limitations for such claims is four years from the date of purchase (implantation in this situation), with no discovery rule. Plaintiff's Complaint was filed ten years after her TVT was implanted and over seven years after it was revised. Here,

the evidence, including Plaintiff's deposition testimony and medical records, unequivocally establishes that Plaintiff's Complaint is time-barred under Washington law and should be dismissed.

2.      In addition, judgment is proper in Ethicon's favor on Plaintiff's claims for the following reasons:

a.      Plaintiff's strict liability – defective product and constructive fraud claims should be dismissed because Washington does not recognize these claims.

b.      Plaintiff's failure-to-warn claims fail as a matter of law.  Under the learned intermediary doctrine, Plaintiff cannot establish that the alleged failure to warn was the cause of her claimed injuries because her treating physician already knew of the risks Plaintiff alleges to have suffered and would not have changed her decision to recommend the use of TVT in this case.

c.      Plaintiff's manufacturing defect claim should be dismissed because it is undisputed that the device was manufactured according to specifications.

d.      Plaintiff's negligence-based claims, including negligent representation, negligent infliction of emotional distress, and gross negligence, should be dismissed because they are duplicative of her failure-to-warn claims.  Additionally, these claims fail because the Washington Product Liability Act preempts such claims.

e.      Plaintiff's independent claims of fraud, fraudulent concealment and constructive fraud should be dismissed because Plaintiff cannot establish that she relied on any representation.

f.      Plaintiff's consumer fraud claim fails because the personal injury damages are not compensable under the Washington Consumer Protection Act.

1

g.    Plaintiff does not have an unjust enrichment claim under Washington law, as she is not proceeding on a quasi-contract theory.

h.    Plaintiff's breach of express and implied warranty claims fail because they are duplicative of her failure-to-warn claims and because they are subsumed as a single cause of action under the Washington Products Liability Act.  Additionally, these claims fail because she cannot establish privity or reliance.

3.    Ethicon incorporates by reference their Memorandum in Support of Motion for Summary Judgment and the following exhibits:

1) **Exhibit 1** January 24, 2002 records from Valley Medical Center.

2) **Exhibit 2** Deposition Transcript excerpts of Dr. Tamara Sleeter, dated Aug. 17, 2016, taken in *Madding v. Ethicon, Inc.*, No. 2:12-cv-02512.

3) **Exhibit 3** February 28, 2002 records from Valley Women's Clinic.

4) **Exhibit 4** April 11, 2002 records from Valley Women's Clinic.

5) **Exhibit 5** April 11, 2002 records from Valley Women's Clinic.

6) **Exhibit 6** Deposition Transcript excerpts of Plaintiff Linda Madding dated June 14, 2016 taken in *Madding v. Ethicon, Inc.*, No. 2:12-cv-02512.

7) **Exhibit 7** April 29, 2002 records from Valley Medical Center.

8) **Exhibit 8** April 30, 2002 records from Valley Medical Center.

9) **Exhibit 9** Plaintiff Linda Madding's Fact Sheet in *Madding v. Ethicon, Inc.*, No. 2:12-cv-02512.

10) **Exhibit 10** May 2002 records from Valley Women's Clinic.

11) **Exhibit 11** May 2002 records from Valley Women's Clinic.

12) **Exhibit 12** May 2002 records from Valley Women's Clinic.

13) **Exhibit 13** June 2002 records from Valley Women's Clinic.

14) **Exhibit 14** July 2002 records from Valley Women's Clinic.

15) **Exhibit 15** August 2002 records from Valley Medical Center.

16) **Exhibit 16** January 2003 records from Valley Medical Center.

17) **Exhibit 17** February 19, 2003 records from Valley Women's Clinic.

18) **Exhibit 18** April 2003 records from Valley Women's Clinic.

19) **Exhibit 19** November 2003 records from Valley Women's Clinic.

20) **Exhibit 20** November 10, 2003 records from Associated Urologists.

21) **Exhibit 21** October 4, 2004 records from Associated Urologists.

22) **Exhibit 22** Deposition Transcript excerpts of Dr. Hunter A. McKay dated June 15, 2016 taken in *Madding v. Ethicon, Inc.*, No. 2:12-cv-02512.

23) **Exhibit 23** February 14, 2005 records from Associated Urologists.

24) **Exhibit 24** March 1, 2005 records from Valley Medical Center.

25) **Exhibit 25** April 6, 2005 Valley Women's Clinic.

26) **Exhibit 26** Potential Risks of Non-Mesh SUI Surgery chart.

27) **Exhibit 27** Potential Risks of Non-Mesh and Mesh SUI Surgeries chart.

28) **Exhibit 28** 2002 Gynecare TVT IFU.

29) **Exhibit 29** June 1, 2016 Expert Report of C. Matthews, M.D.

30) **Exhibit 30** Dr. Bruce Rosenzweig 7/13/15 Deposition

31) **Exhibit 31** Colin M. Pollard's letter to Ethicon,

ETH.MESH.00345111-00345118.

FOR THESE REASONS, Ethicon respectfully request that this Court enter an order granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice.

DATED this 6th day of September, 2016.

Respectfully submitted,

SCHEER LAW GROUP LLP
701 Pike Street, Suite 2200
Seattle, WA 98101
(206) 262-1200 – Firm Telephone
(206) 587-8260 – Direct Telephone
(206) 223-4065 – Facsimile

By:   *s/Jeffrey R. Johnson*
      Jeffrey R. Johnson (WA Bar No. 11082)
      jjohnson@scheerlaw.com

**ATTORNEYS FOR DEFENDANTS
JOHNSON & JOHNSON AND ETHICON, INC.**

4

## CERTIFICATE OF SERVICE

I certify that on September 6, 2016, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*s/Jeffrey R. Johnson*
Jeffrey R. Johnson

94 002 mh039101