IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR ) <br> SYSTEM PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO ALL CASES ) <br> _____ ) | MDL NO. 2327 |

**UNOPPOSED MOTION FOR APPROVAL OF QUALIFIED SETTLEMENT FUND**

Blasingame, Burch, Garrard & Ashley, P.C. ("BBGA"), as counsel for certain plaintiffs in this MDL 2327, hereby moves the Court for entry of an Order to aid in the efficient processing and administration of a Confidential Settlement Agreement (the "Settlement Agreement") between Defendant Ethicon, Inc. and its parent and subsidiary companies ("Ethicon") and BBGA to resolve the claims of certain claimants against Ethicon relating to Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement).[1]  Ethicon does not oppose the motion.

This Motion seeks an Order (1) approving the Escrow Agreement ("Escrow Agreement"), attached hereto as Exhibit A, which forms a settlement escrow account ("Settlement Escrow"), (2) retaining continuing jurisdiction and supervision over the Settlement Escrow, and (3) determining that the Settlement Escrow, including any subaccounts thereof ("Accounts"), together constitute a single "qualified settlement fund" within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-1, *et. seq*. ("Regulations").

---

[1] The Settlement Agreement has been executed by Ethicon and BBGA consistent with the Joint Report re: Settlement Negotiations submitted to the Court. The Settlement Agreement is not being filed with the Court because it contains confidential terms. Disclosure of such confidential information concerning the terms of the settlement would not be consistent with this Court's stated goal of achieving a resolution of claims in this MDL through confidential negotiation and settlement.

Ethicon and BBGA have agreed to establish the Settlement Escrow as a "qualified settlement fund" under the Code, subject to Court approval. The exact allocation among and distribution to covered claimants, or any other persons or entities asserting a claim of subrogation or reimbursement, has not been finalized at this time. Payment by Ethicon of required settlement amounts into a qualified settlement fund will afford BBGA and the Special Master named in the Settlement Agreement time to determine appropriate distribution amounts among participating claimants as well to identify and resolve liens and/or subrogation rights, while knowing that funds are available and held by a third party. The Court should approve the establishment of the Settlement Escrow as in the best interest of Ethicon, BBGA and the claimants covered by the settlement. In particular, the establishment of the Settlement Escrow as a "qualified settlement fund" under the Code and Regulations, subject to the Court's continuing jurisdiction, is vital to the satisfaction of the objectives of the Settlement Agreement. Without approval by, and continuing jurisdiction of, the Court, the Settlement Escrow would not satisfy the requirements of the section 1.468B-1(c)(1) of the Regulations, which requires that a qualified settlement fund be "established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia) territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) … and is subject to the continuing jurisdiction of that governmental authority."

The Settlement escrow will qualify as "qualified settlement fund" under section 468B of the Code and sections 1.468B-1, *et. seq.* of the Regulations, as: (1) the Settlement Escrow is being established subject to approval of the Court, and will be operated pursuant to the terms and conditions of the Escrow Agreement; (2) the Settlement Escrow will be subject to the continuing jurisdiction and supervision of the Court; (3) the Settlement Escrow is being established to resolve or satisfy claims of alleged tort or violation of law arising out of implantation of one or

more Ethicon Pelvic Mesh Products as defined in the Settlement Agreement; and (4) the Settlement Escrow will be an escrow account, and its assets will be segregated from the general assets of Ethicon and deposited therein. The Escrow Agreement will establish Accounts to be used solely for permissible purposes in administering the Settlement Agreement, and, with approval of Ethicon and BBGA, the Escrow Agent may establish additional Accounts for purposes of administration of the Settlement Agreement. The Settlement Escrow, including all Accounts which may be established, together constitute a single qualified settlement fund.

BBGA also hereby requests that the Court approve the appointment of Wells Fargo Bank, National Association as the escrow agent of the Settlement Escrow (the "Escrow Agent") to administer the Settlement Escrow pursuant to the terms of the Escrow Agreement. The funds held by the Escrow Agent in the Settlement Escrow shall be disbursed by the Escrow Agent only pursuant to and in conformance with the terms of the Escrow Agreement and the Settlement Agreement, which also include provisions for payments into the MDL No. 2327 Fund. The Escrow Agent shall further serve as the "administrator" of the Settlement Escrow as a "qualified settlement fund" within the meaning of section 1.468B-2(k)(3) of the Regulations.

## CONCLUSION

For the reasons stated above, BBGA respectfully requests that the Court approve establishment of the Settlement Escrow as a qualified settlement fund, and enter an Order in the form submitted herewith.

This 7th day of September, 2016.

Respectfully submitted,

*/s/ Henry G. Garrard, III*
Henry G. Garrard, III
hgg@bbgbalaw.com
Georgia Bar No. 286300
Counsel for the Plaintiffs

Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, GA  30603
(706) 354-4000

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By:   */s/ Henry G. Garrard, III*
Henry G. Garrard, III
hgg@bbgbalaw.com
Georgia Bar No. 286300
Counsel for the Plaintiffs

Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, GA  30603
(706) 354-4000