IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ETHICON WAVE 3 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## DEFENDANTS' MOTION TO EXCLUDE
## CERTAIN GENERAL OPINIONS OF DANIEL ELLIOTT, M.D.

Defendants Ethicon, Inc. Ethicon LLC, and Johnson & Johnson (hereinafter "Defendants") move to exclude certain general opinions of one of Plaintiffs' experts, Daniel Elliott, M.D., that are improper and/or are beyond his expertise as a pelvic surgeon and urogynecologist. Specifically, Defendants request that the Court preclude Dr. Elliott from: (1) Testifying that non-synthetic mesh procedures are a safer alternative for the surgical treatment of stress urinary incontinence and pelvic organ prolapse, because such procedures are not alternative designs and are irrelevant to a design-defect claim and because such opinions are unreliable; (2) Offering design opinions, because he is not qualified to do so and his opinions are unreliable and not offered within a reasonable degree of medical certainty; (3) Criticizing the cut of TVT mesh, because his opinions are unreliable and conflicting; (4) Speculating about the duties of a medical device manufacturer, because he is not qualified to do so and such opinions are irrelevant and inadmissible to the extent that they contain legal conclusions; (5) Testifying about alleged mesh degradation, shrinkage, contraction, and other biomaterials opinions, because such opinions are unreliable, irrelevant, and/or otherwise improper; (6) Offering opinions about

regulatory compliance and marketing, because he is not qualified to do so and such opinions are prejudicial, inflammatory, improper, speculative, and irrelevant; and (7) Offering opinions beyond Dr. Elliott's expertise and/or that are otherwise improper, because he is not qualified to do so and such opinions are inadmissible, unreliable, and/or draw legal conclusions.

As grounds for this motion, Defendants submit that Dr. Elliott cannot provide reliable, trustworthy and/or admissible testimony about these topics under the standard set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). In support of this motion, Defendants incorporate by reference the exhibits filed in support of Defendants' wave 1 motion to excluded Dr. Elliott. *See* Doc. 2082.

WHEREFORE, FOR THESE REASONS and as more fully set forth in Ethicon's supporting memorandum of law, Ethicon respectfully requests that this Court enter an order granting Ethicon's Motion to Exclude the Testimony of Dr. Daniel Elliott, M.D.

Respectfully Submitted,


/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
Christy.jones@butlersnow.com


/s/ David B. Thomas
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC., ETHICON LLC, AND
JOHNSON & JOHNSON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ETHICON WAVE 3 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com

32825142v1