**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| ETHICON WAVE 3 CASES LISTED IN EXHIBIT A | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**NOTICE OF ADOPTION OF PRIOR DAUBERT MOTION OF
DR. STANLEY ZASLAU, AND ADDITIONAL DAUBERT ARGUMENTS FOR WAVE 3**

Pursuant to Federal Rules of Evidence 702, 403, and 104, Plaintiffs respectfully request that the Court exclude certain opinions and testimony of Defendants' expert, Stanley Zaslau, M.D. ("Dr. Zaslau"). This document applies to the following Wave 3 cases identified in Exhibit A attached hereto.

## I. Notice of Adoption

Plaintiffs hereby adopt and incorporate by reference the *Daubert* motion filed against Dr. Zaslau for Ethicon Wave 1, Dkt. 2026 (motion), 2030 (memorandum in support). Plaintiffs respectfully request that the Court exclude Dr. Zaslau's testimony, for the reasons expressed in the Wave 1 briefing.

## II. Additional Arguments in Light of the Court's Wave 1 *Daubert* Order:

In their Wave 1 *Daubert* briefing (which is adopted and incorporated in these Wave 3 cases), Plaintiffs moved to exclude Dr. Zaslau's opinion that there are no clinically significant differences between mechanical-cut and laser-cut mesh; including whether particle loss, roping and curling occur *in vivo* with mechanical-cut mesh. Dkt. 2030 at 3-6. Plaintiffs argued that these opinions should be excluded because Dr. Zaslau admitted they: (1) were not based upon any

scientific literature, testing, or knowledge; (2) were actually contradicted by literature and Ethicon's own internal documents; and (3) could not be confirmed or verified. *Id.* Indeed, Dr. Zaslau could not provide any support for the opinions other than his statement that he has not seen these conditions occur in his own practice. *Id.* In its ruling on Plaintiffs' motion, the Court held:

> I am without sufficient information at this time to draw the fine line between reliable and unreliable expert testimony based primarily on a doctor's clinical experiences not observing something. Accordingly, I RESERVE ruling until further testimony may be offered and evaluated firsthand at trial.

Dkt No. 2690 at 6.

In addition to the arguments set forth in their prior briefing, Plaintiffs provide the following arguments regarding Dr. Zaslau's "properties" opinions in these Wave 3 cases:

First, the duty rests with Ethicon and Dr. Zaslau to "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Maryland Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998). As this Court noted, in order to base his opinions "solely or primarily on experience, then [Dr. Zaslau] must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Dkt. No. 2690 at 6. Dr. Zaslau has not provided that "sufficient basis" in his report, and could not provide it at his deposition; therefore, his opinions should be excluded. Plaintiffs should not be forced to learn the basis for Dr. Zaslau's opinions for the first time at trial.

Moreover, while certainly part of the deficiency of Dr. Zaslau's opinions, Plaintiffs' arguments were not limited to the fact that Dr. Zaslau's opinions suffer from the "inadequacy of his personal experience" as stated in the Court's order. Dkt No. 2690 at 6. Plaintiffs' arguments

are also based upon Dr. Zaslau's inability (or refusal) to discuss or address the admittedly contradictory literature and evidence on these issues. More specifically, with regard to the differences between the properties of mechanical-cut mesh and laser-cut mesh, Dr. Zaslau:

- admitted that, contrary to his assertions, the phenomenon of particle loss is "well accepted";
- could not explain the contradictory literature (and Ethicon's own documents) confirming that particle loss occurs—simply stating that he did not need to consider it; and
- admitted that his opinion relating to roping and curling are contrary to published literature, and are based upon his own purported *ex-vivo* "experiments" where he would "pull on the mesh by itself." But these so-called "experiments" were apparently not recorded in any way and, as Dr. Zaslau agreed, Plaintiffs must simply "take [his] word for it."

Dkt. 2030 at 4-6 (citing Ex. C, 102:1-103:5, 104:3-10; 105:3-106:5; 137:5-138:8; 140:3).

This is not a situation where the Court needs more information regarding Dr. Zaslau's clinical experience before excluding these "mesh properties" opinions. Because even if Dr. Zaslau could lay a proper foundation for his opinions based upon his clinical experience—something he was required to do in the first place—he must still be able to address the significant literature and evidence to the contrary; which is something he could not—or would not—do at his deposition. *Sanchez v. Boston Sci. Corp.*, No. 2:12-cv-05762, 2014 U.S. Dist. LEXIS 137189, *70 (S.D. W. Va. Sept. 29, 2014) (citations omitted).

Dated: September 19, 2016

Respectfully submitted,

s/ Edward A. Wallace

Edward A. Wallace
Mark R. Miller
Wexler Wallace LLP
55 W Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 346-2222
(312) 346-0022

eaw@wexlerwallace.com
mrm@wexlerwallace.com

Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida 32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com

Thomas P. Cartmell
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1102
(816) 531-2372 (fax)
tcartmell@wcllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Edward A. Wallace______________