# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br>ALL WAVE II TVT AND<br>TVT-O CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DEFENDANTS' MOTION FOR LEAVE TO EXTEND TIME TO FILE RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE DR. LARRY T. SIRLS' TVT/TVT-O GENERAL OPINIONS

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (collectively, "Ethicon") move this Court to extend the time to file their response in opposition to Plaintiffs' motion to exclude the general opinions of Ethicon's expert Dr. Larry Sirls regarding the TVT and TVT-O devices for Wave II cases [Doc. 2479] and supporting memorandum [Doc. 2480]. The proposed response Ethicon seeks to file is attached as Exhibit A to this motion. Ethicon's proposed exhibits to the response are attached as Exhibits B through D to this motion.

In support of its Motion, Ethicon shows the following:

### BACKGROUND

1. Under PTO #206, the Parties' deadline to file *Daubert* motions challenging both general and specific-causation expert testimony was July 21, 2016. Because of difficulty scheduling the deposition of Ethicon's expert witness, Dr. Larry Sirls, Plaintiffs sought an extension to file their *Daubert* challenge as to him. [Doc. 2374 (Motion filed 7/18/16) and Doc. 2384 (Amended Motion filed 7/20/16)].

2. The motions, which Ethicon did not oppose, sought leave to file the motion within ten (10) days of Dr. Sirls' deposition. Although the title and second paragraph of the motions refer "any *Daubert* motion related to Larry T. Sirls, II, M.D.," the relief requested by both motions ask the Court to "mov[e] the due date for Plaintiff's Motion to Limit the Case Specific Opinions Offered by Larry T. Sirls, II, M.D.," with the Amended Motion [Doc. 2384] seeking an extension to July 31, 2016, and "Defendants' Case-specific *Daubert* Motions response deadline to August 18, 2016, and Plaintiff's reply to August 28, 2016."

3. The Court granted the relief requested in the unopposed motions. *See* Docs. 2379, 2424.

4. On July 31, 2016, Plaintiffs filed a *Daubert* motion challenging Dr. Sirls' case-specific opinions in the *Lambert* case. [Doc. 56 in Cause No. 2:12-cv-2183]. Ethicon timely responded to this motion. [Doc. 62 in Cause No. 2:12-cv-2183].

5. However, Plaintiffs also filed, on July 29, 2016, a *Daubert* motion challenging Dr. Sirls' general opinion testimony. [Doc. 2479 in Cause No. 2:12-md-2327]. Despite the title, the memorandum that accompanies the motion does not argue that all of Dr. Sirls' testimony should be excluded. Instead it asks the Court to exclude: (1) his opinions "to the extent" based on his experience with Ethicon's Abbrevo device, (2) his opinions that the relevant Instruction for Use are "legally adequate," (3) his opinions about "biomaterials" or "biomechanics," and (4) his opinions "grounded in" Ethicon's internal documents. Plaintiffs also ask the Court to "limit" his testimony "to the parameters" of certain statements he made in his deposition. *See generally* Pls.' Memo. [Doc. 2480 in Cause No. 2:12-md-2327].

6. Because this motion was unanticipated by Ethicon and fell outside the regular deadlines for filing such motions, and because during the period from July 20th to August 8th of 2016, Ethicon was in the midst of filing over 350 *Daubert* and dispositive motions, opposition and reply briefs, Plaintiffs' challenge to Dr. Sirls' general opinions was inadvertently not tracked and calendared. Additionally, Plaintiffs' Motion failed to include an Exhibit A listing the specific cases to which the motion applied, as required by this Court's PTO.

7. Ethicon discovered that it had not filed a response to the motion on or about September 21, 2016, as its counsel was preparing to respond to Plaintiffs' virtually identical motion to exclude Dr. Sirls' general opinions in the Wave III cases. [Doc. 2804]. A response to Plaintiffs' Wave III motion is due October 7, 2016. *See* PTO #210.

8. Ethicon's counsel promptly contacted Plaintiffs' counsel to alert them and to consult regarding the present motion. Plaintiffs' counsel has indicated that they oppose this motion.

## ARGUMENT AND AUTHORITIES

9. Although the body of Plaintiffs' Motion and Amended Motion for an extension of time within which to file its *Daubert* motions refer to all motions, the specific relief requested (and the relief granted by the Court) refers to an extension for "case-specific", not general *Daubert* challenges. Consequently, although it remains somewhat ambiguous, the Plaintiffs' motion to exclude certain of Dr. Sirls' general opinions in Wave II was arguably untimely. However, in light of the significant motion burden on both parties, Ethicon has not (and will not) argue that Plaintiffs' motion to exclude Dr. Sirls' general causation opinions be denied on this basis. Rather, under Federal Rule of Civil Procedure

3

6(b)(1)(B), Ethicon's failure to file its response to Plaintiffs' motion to exclude Dr. Sirls' general opinions in Wave II was "excusable neglect." Ethicon's opposition should be allowed.

10. The Fourth Circuit has cited *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), for the standard governing excusable neglect in civil cases. *See Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) (citing to *Pioneer* for the excusable neglect standard in the context of a Section 1983 civil action). In *Pioneer*, the Supreme Court held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388.

11. The determination of excusable neglect is an equitable determination that rests on four factors:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* at 395; *see Fernandes*, 538 F. App'x at 276 (setting forth the same factors).

12. Additionally, the *Pioneer Court* recognized that excusable neglect can include acts of inadvertence:

> Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." As with [the relevant bankruptcy rule], there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its

4

> drafters. It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer*, 507 U.S. at 391–92 (internal citations omitted).

13. The *Pioneer* factors strongly weigh in favor of a finding of excusable neglect in this instance:

    a. **Prejudice to the Opposing Party**. Plaintiffs' motion to exclude certain of Dr. Sirls' general opinions in Wave II cases is one of a number of motions in the "queue" to be decided by the Court. Indeed, Plaintiffs have filed a virtually identical *Daubert* motion with respect to Dr. Sirls for Wave III cases, the response to which is not due until October 7, 2016. Ethicon has no objection to Plaintiffs' filing any reply in support of their Wave II motion within the same timeframe as replies to its case-specific Wave II motion challenging Dr. Sirls (*i.e.*, within 10 days of the date Ethicon's response is filed), or some other timeframe chosen by the Court, such as at the same time their replies would be due for their Wave III motion. Accordingly, Plaintiffs will suffer no prejudice if Ethicon is permitted to respond to their Wave II motion.

    b. **Length of the Delay and Impact on Judicial Proceedings**. For the same reason, permitting Ethicon to file its response to Plaintiffs' Wave II motion, will not appreciably delay judicial proceedings. There is no trial date set or other proceeding scheduled that would be directly impacted. As noted above, Ethicon will certainly agree to an extension of Plaintiffs' Wave II reply deadline.

c. **Reason for Delay and Movant's Good Faith**. Ethicon did timely respond to Plaintiffs' motion challenging Dr. Sirl's case-specific opinion in Wave II. Its failure to respond to Plaintiffs' motion challenging Dr. Sirls' opinions was the result of inadvertence, not a deliberate flouting of court rules or in bad faith. Given the press of motions practice in which Ethicon was involved during the relevant time period, and given that Plaintiffs' motion itself arguably was not covered by the Court's orders permitting an extension and therefore was itself late-filed, the Court should find that Ethicon has demonstrated excusable neglect. Moreover, Ethicon acted promptly and diligently upon discovering that a response had not been filed to Plaintiffs' motion to exclude Dr. Sirls' general opinions in Wave II, and has prepared a response which is attached to this motion. Upon information and belief, this is the only instance in which Ethicon failed to timely respond to a general-causation *Daubert* motion.

14. Having demonstrated excusable neglect, Ethicon respectfully requests that the Court grant this Motion and deem filed and consider the attached response to Plaintiffs' Motion to Exclude the General Opinion Testimony of Larry T. Sirls, II. M.D. as to Wave II cases.

Respectfully Submitted,

**BUTLER SNOW LLP**

Dated: September 26, 2016

*s/Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*s/David B. Thomas*
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1807
dthomas@tcspllc.com

**Attorneys for Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson**

**CERTIFICATE OF SERVICE**

I certify that on September 26, 2016, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*s/ Christy D. Jones*