# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DIANNE M. BELLEW,

      Plaintiff,

v.             CIVIL ACTION NO. 2:13-cv-22473

ETHICON, INC., et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
(*Daubert* **Motions**)

  The following motions have been brought by the defendants, Ethicon, Inc. and Johnson & Johnson (collectively, "the defendants"): (1) Motion to Exclude or, Alternatively, to Limit the Opinions and Testimony of Dr. Howard Jordi, Ph.D. [Docket 118]; (2) Motion to Exclude the Opinions and Testimony of Prof. Dr. –Ing. Thomas Mühl [Docket 107]; (3) Motion to Limit the Testimony of Prof. Dr. Med. Uwe Klinge [Docket 101]; (4) Motion to Exclude Certain Opinions of Daniel S. Elliott, M.D. [Docket 116]; and (5) Motion to Exclude the Testimony of Dr. Vladimir Iakovlev, M.D. [Docket 121].

  The following motions have been brought by the plaintiff, Dianne M. Bellew: (1) Motion to Preclude the Testimony of Defense Expert David J. Weber, M.D., M.P.H. [Docket 114]; (2) Motion to Preclude the Testimony of Defense Expert Denise M. Elser, M.D. on the Adequacy of Defendants' Warnings and Pre-Existing Myalgia [Docket 127]; (3) Motion to Preclude the Testimony of Defense Expert Christina Pramudji, M.D. on Particular Issues; and (4) Motion to Preclude Testimony of Defense Expert Stanley J. Robboy, M.D., F.C.A.P. [Docket 131].

Fed. R. Evid. 702; (*see also* Defs.' Resp. in Opp. to Pl.'s *Daubert* Mot. to Preclude the Test. of Stanley J. Robboy, M.D., F.C.A.P. ("Defs.' Resp. re: Robboy") [Docket 151], at 2). In his expert report, Dr. Robboy correlates tissue reactions he has observed in his own practice with the scientific literature. (*See* Robboy Report [Docket 131-1], at 5). Subsequently, Dr. Robboy concludes that

> [b]ased on my experience with other mesh specimens where I have been the examining pathologist, and with earlier extensive experience with cardiac pacemaker electrodes in the heart as well as a 45 year experience with many other tissue types and condition, the overall tissue reaction is mild and does not explain the patient's symptomology.

(*Id.* at 8). In explaining why he thinks Ms. Bellew had a mild tissue reaction, Dr. Robboy identifies various factors "typically expected with mesh specimens." (*See id.* at 15).

The plaintiff takes issue with Dr. Robboy's reliance on his clinical experience because she has no way of "independently verifying" opinions. (Pl.'s Reply to Defendants' Resp. in Opp. to Pl.'s *Daubert* Mot. to Preclude the Test. of Stanley J. Robboy, M.D., F.C.A.P. ("Pl.'s Reply re: Robboy") [Docket 171], at 2). The plaintiff's argument has no practical merit. Numerous expert witnesses throughout the course of these MDLs have relied on their clinical experience in forming their expert opinions. Such practice can hardly be described as a "mystery." (Pl.'s Mem. re: Robboy [Docket 132], at 5). If *Daubert* required an expert witness to independently verify every single clinical experience he had over the course of his career, the court would never make it past pre-trial motions. Dr. Robboy's reference and reliance on specimens he has previously examined "demonstrates his *experience* with mesh explants and their typical presentation in his normal pathology practice." (Defs.' Resp. re: Robboy [Docket 151], at 4). Furthermore, even where I have previously excluded general causation opinions based on the reliability of the samples, "[an expert's] experience reviewing the mesh in his collection may be relevant to his

40

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 20, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

42