IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: THE WAVE 3 CASES LISTED IN DEFENDANTS' EXHIBIT A | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' RESPONSE TO ETHICON'S MOTION TO EXCLUDE OR LIMIT THE OPINIONS AND TESTIMONY OF DR. SCOTT GUELCHER**

Plaintiffs submit the following Memorandum of Law in opposition to the "Motion to Exclude the Opinions and Testimony of Scott Guelcher, Ph.D." filed by Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). Ethicon's Wave 3 Motion is almost entirely duplicative of its Wave 1 *Daubert* Motion to limit or exclude Dr. Guelcher's testimony and it should be denied for the same reasons detailed in Plaintiffs' Wave 1 *Daubert* Response [Doc. 2164][1], incorporated by reference hereto.[2]

**PLAINTIFFS' ADDITIONAL RESPONSE TO ETHICON'S MOTION**

**1. Nothing new is being argued by Ethicon in this Wave 3 *Daubert* Motion.**

Dr. Guelcher adopted his Wave 1 report for the Wave 3 cases at issue. On August 31, 2016, the Court entered a Memorandum Opinion and Order [Doc. 2788] regarding Ethicon's Wave 1 *Daubert* Motion to limit Dr. Guelcher's testimony in these cases. Ethicon's Wave 3

---

[1] Ex. A., Plaintiffs' Wave 1 *Daubert* Response Guelcher
[2] For the sake of brevity and because the Court is fully aware of the legal standards governing the admissibility of expert testimony in the Fourth Circuit, Plaintiffs will not set forth a detailed discussion of the legal standard. Plaintiffs incorporate by reference the state of review for *Daubert* motion as articulated by the Court in this litigation. *See* Mem. Op. and Order (*Daubert* Motion re: Scott Guelcher, Ph.D.), No. 2:12-md-02327, at 5-6 (S.D. W. Va. Aug. 31, 2016) [doc. 2788].

1

Motion addressing Dr. Guelcher's opinions in this Wave puts forth the same arguments that it made previously. Def. Brief at 2-19. And no new evidence or expert testimony has been provided by Dr. Guelcher for Wave 3. Moreover, as the Court has recognized, part of the *Daubert* analysis is to determine whether his opinions fit each case—which requires an analysis of what is relevant under state law. *See* Doc. 2788 at 8. All of Ethicon's renewed attacks on Dr. Guelcher's opinions, therefore, should be denied.

2. **Ethicon's Wave 3 Motion is still focused on a lawyer-conceived argument that Prolene is special, even though the Court has already rejected this argument.**

All of Ethicon's arguments in its Wave 3 and Wave 1 *Daubert* Motions are based on the argument that Prolene is somehow immune to the principles of polymer and biomaterial science—an argument that this Court has repeatedly rejected as being "wholly conceived by lawyers, [and] unfounded in science." *See, e.g., Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 691, 703 (S.D. W. Va. 2014); *see also Guelcher Wave 1 Order*, Doc. 2788, at 9. Nothing new is being argued here.

Moreover, this Court held that Ethicon's own expert, Shelby Thames, Ph.D, cannot testify that Ethicon's internal studies showed no losses in molecular weight—which is contrary to Ethicon's position that Prolene is immune to oxidation and degradation. *Thames Memorandum Opinion and Order* [Doc. 2723 at 6]. It was found that "although the study reported no significant difference in molecular weights, Dr. Thames reports the study as finding no molecular weight change… Insofar as Dr. Thames's testimony mischaracterizes the dog study's results on molecular weight change, it is EXCLUDED." *Id., citations omitted*.

3. **Testing is not required for an expert to hold relevant and reliable opinions under *Daubert*.**

Similarly, Ethicon is still insisting that "Dr. Guelcher should be required to testify regarding his [unfinished] study, while simultaneously pointing out that this court has already ruled testimony about the study is unreliable"—even though there is no requirement under *Daubert* for an expert to rely on any case-specific testing. *Id*. Dr. Guelcher is allowed to hold relevant and reliable opinions that are based, in part, on what the peer reviewed literature states as well as his review of internal corporate documents. *Huskey*, 29 F. Supp. 3d at 702–03. There is literally nothing new in Ethicon's Wave 3 Motion to limit Dr. Guelcher's opinions and the Court has already found in favor of his opinions being admissible in the past. As such, Plaintiffs respectfully request that the Court allow the opinions contained in Dr. Guelcher's expert report to be presented at trial, for these reasons and for those expressed in Plaintiffs' Wave 1 *Daubert* Response.

Dated: October 11, 2016            Respectfully submitted,

                                                  s/ Edward A. Wallace
                                                  Edward A. Wallace
                                                  Mark R. Miller
                                                  Michael H. Bowman
                                                  Wexler Wallace LLP
                                                  55 W Monroe Street, Suite 3300
                                                  Chicago, Illinois 60603
                                                  (312) 346-2222
                                                  (312) 346-0022
                                                  eaw@wexlerwallace.com
                                                  mrm@wexlerwallace.com
                                                  mhb@wexlerwallace.com

                                                  Bryan F. Aylstock, Esq.
                                                  Renee Baggett, Esq.
                                                  Aylstock, Witkin, Kreis and Overholtz, PLC
                                                  17 East Main Street, Suite 200
                                                  Pensacola, Florida  32563
                                                  (850) 202-1010
                                                  (850) 916-7449 (fax)
                                                  rbaggett@awkolaw.com

Thomas P. Cartmell
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1102
(816) 531-2372 (fax)
tcartmell@wcllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Edward A. Wallace_____