UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>THE WAVE 3 CASES IDENTIFIED IN DEFENDANTS' EXHIBIT A | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ETHICON'S MOTION
TO EXCLUDE THE TESTIMONY OF DUANE PRIDDY, PH.D.**

Plaintiffs submit the following Memorandum of Law in opposition to the "Motion to Exclude the Opinions and Testimony of Duane Priddy, Ph.D." filed by Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). Ethicon's Motion should be denied and Dr. Priddy's testimony should be admitted for the following reasons:[1]

**ARGUMENT**

I. **This Court denied all of Ethicon's challenges to Dr. Priddy's OIT and GC/MS testing in Wave 1 and Ethicon has raised no new arguments here regarding the same testing.**

This Court recently ruled that Dr. Priddy's testing is reliable and rejected all of Ethicon's challenges to Dr. Priddy's testing in the Wave 1 cases. Mem. Op. and Order (*Daubert* Motion re: Duane Priddy, Ph.D.), No. 2:12-md-02327, at 5-6 (S.D. W. Va. Aug. 25, 2016) [ECF #2657] ("[u]pon careful consideration of Ethicon's arguments, the plaintiffs' responses, and the expert

---

[1] For the sake of brevity and because the Court is fully aware of the legal standards governing the admissibility of expert testimony in the Fourth Circuit, Plaintiffs will not set forth a detailed discussion of the legal standard. Plaintiffs incorporate by reference the state of review for *Daubert* motion as articulate by the Court in this litigation. *See* Mem. Op. and Order (*Daubert* Motion re: Duane Priddy, Ph.D.), No. 2:12-md-02327, at 5-6 (S.D. W. Va. Aug. 25, 2016) [ECF #2657].

1

report, I find nothing that credibly calls into question the reliability of Dr. Priddy's OIT and GC/MS testing.  Insofar as Ethicon seeks exclusion of Dr. Priddy's testing results, its Motion is **DENIED**.").  The Court's ruling here should be no different.

Dr. Priddy's opinions in the Wave 3 cases are based, in part, on the exact same testing of Ethicon's Prolene mesh that he conducted for Wave 1.  Ethicon has not raised any new arguments against Dr. Priddy's testing or given the Court any reason why it should reach a different ruling regarding Dr. Priddy's testing.[2]  As such, Ethicon's renewed challenges to Dr. Priddy's testing should be denied.  To the extent necessary, the Plaintiffs incorporate their Wave 1 Memorandum as Exhibit A.

## II. Ethicon's suggestion that Dr. Priddy's degradation opinions are only admissible if they are supported by Prolene-specific literature is wrong.

Ethicon suggests that if Dr. Priddy's testing were to be excluded, then—and only then—the Court should move on to an analysis of whether Dr. Priddy's degradation opinions are supported by scientific literature.[3]  Ethicon's argument is moot because the Court has already considered challenges to Dr. Priddy's testing at issue and found this testing to be relevant and reliable.[4]  Ethicon has not raised any new arguments against Dr. Priddy's testing that would call for a different result here.

Instead, Ethicon argues that if Dr. Priddy's testing were excluded, the Court would need to analyze whether the literature cited by Dr. Priddy is specific to Prolene.[5]  This lawyer-conceived argument has consistently been rejected by this Court.  *See Huskey v. Ethicon, Inc. et al.*, 29 F. Supp. 3d 691, 703 (S.D. W. Va. 2014) ("to the extent that Ethicon contends that an

---

[2] *See* Defs' Brf.
[3] Defs' Brf. at 2.
[4] *See* Mem. Op. and Order (*Daubert* Motion re: Duane Priddy, Ph.D.), at 5-6 [ECF #2657].
[5] Defs' Brf. at 2.  Ethicon's citation to *Oglesby v. Gen. Motors Corp.*, 190 F. 3d 244, 249 (4th Cir. 1999) does little to help its position. *Oglesby* does note that an expert opinion should be supported by "evidence such as test data or relevant literature in the field."  Dr. Priddy's opinions are certainly supported by his testing data on Ethicon's Prolene material, as well as relevant literature in the field.

expert's opinions are unreliable or unhelpful because they do not account for the 'important chemical differences' between polypropylene and Prolene, this argument is rejected.").

Even if the Court were to agree with Ethicon's position that an expert is required to cite to Prolene-specific literature, Ethicon's argument would still fail—because Dr. Priddy <u>does</u> cite to literature that deals with Prolene degradation in vivo. For example, Dr. Priddy cites to a peer-reviewed article by Mary et al. on his reliance list which found that Prolene sutures experienced signs of degradation after 1 and 2 years *in vivo*.[6] As such, Ethicon's representation to this Court that none of the literature cited by Dr. Priddy deals with Prolene degradation is false.[7] Moreover, Ethicon spends several pages of its Memorandum disagreeing with conclusions in the literature cited by Dr. Priddy.[8] As Ethicon should be aware, mere disagreement with the scientific literature cited by Plaintiffs' experts is not a valid basis for exclusion under *Daubert*.[9]

### III. Ethicon's argument regarding Dr. Priddy's reliance on unpublished Ethicon documents is without merit.

Ethicon argues that "Dr. Priddy relies on unpublished Ethicon documents that do not support his opinion."[10] Yet, Dr. Priddy's report explains that he reviewed Ethicon internal documents regarding Prolene sutures and that he found those results to be consistent with his opinions in this case.[11] These same Ethicon studies have been admitted at trial and have been discussed by several experts in this litigation for both Plaintiffs and Ethicon.[12]

---

[6] *See* Ex. B, Dr. Priddy Reliance List at 32; Ex. C, Mary et al. article at 199.
[7] *See* Defs' Brf. at 2, 14.
[8] Defs' Brf. at 14-18.
[9] *See Edwards v. Ethicon, Inc.*, No. 2:12-cv-00972 2014 U.S. Dist. LEXIS 92316, at *70 (S.D. W. Va. July 8, 2014) (citing *Daubert v. Merrett Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993) (stating that the court's "focus must be solely on principles and methodology [the experts' use] not on the conclusions they generate.").
[10] Defs' Brf. at 18-19.
[11] *See* Ex. D, Dr. Priddy Report at 13-14.
[12] *See e.g., Huskey*, Tr. Ex. 13152 [Doc. 411-2] (Eth.Mesh.07690752); *see* Ex. E, *Huskey* Tr. Aug. 25, 2014: 129: 10-135:13 (Testimony of Dr. Guelcher); *see* Ex. E, *Huskey* Tr. Sept. 2, 2014: 36:16-48:20 (Testimony of Dr. Thames).

Ethicon's contention that these documents are "unpublished" is not part of any meaningful *Daubert* analysis.[13] Indeed, Ethicon's suggestion that that these Prolene studies do not support Dr. Priddy's opinions regarding Prolene degradation is, at best, nothing more than the description of a conflict in expert opinion and "mere disagreement between experts is not, in itself, a reason to exclude an expert's testimony."[14] Dr. Priddy clearly explains in his report that he has reviewed these Ethicon documents and they are consistent with his opinions in this case.[15] Experts for both Plaintiffs and Ethicon—including Dr. Guelcher and Dr. Thames—have previously testified at trial regarding these same documents and Ethicon has not explained why the result should be any different for Dr. Priddy.

**IV.** **Dr. Priddy will not testify regarding Ethicon's knowledge, state of mind, or corporate conduct.**

Ethicon correctly points out that this Court has previously disallowed experts to testify regarding a corporation's knowledge or state of mind.[16] Dr. Priddy does not intend to do so in these cases. However, as this Court has previously ruled: "an expert may testify as to a review of internal corporate documents solely for the purpose of explaining the basis for his or her opinions."[17] Dr. Priddy only intends to testify as to Ethicon corporate documents at trial for the purpose of explaining how the results of Ethicon's internal studies are consistent with his opinions in this case.

**V.** **Dr. Priddy does Not Intend to Testify Regarding Clinical Complications Associated with the Prolene in Ethicon's Mesh Products**

Ethicon's argument that Dr. Priddy is not qualified to testify regarding the clinical complications associated with the Prolene in Ethicon's mesh products seeks to confuse the issues

---

[13] *See* Defs' Brf. at 18-19.
[14] *Edwards*, 2014 U.S. Dist. LEXIS 92316, at *70.
[15] Ex. D, Dr. Priddy Report at 13-14.
[16] Defs' Brf. at 19-20.
[17] *Huskey*, 29 F. Supp. 3d at 702-703.

4

in this case. Dr. Priddy's opinions in this case are simple and straightforward: Polypropylene material should not have been used in Ethicon's SUI and POP devices because of the unstable chemical nature of this product.[18] Dr. Priddy will defer to other experts in this case to speak to the clinical complications of degradation.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court DENY the defendants' Motion to Exclude the Testimony of Duane Priddy, Ph.D. in its entirety.

Dated: October 11, 2016

Respectfully submitted,

s/ Edward A. Wallace
Edward A. Wallace
Mark R. Miller
Michael H. Bowman
Wexler Wallace LLP
55 W Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 346-2222
(312) 346-0022
eaw@wexlerwallace.com
mrm@wexlerwallace.com
mhb@wexlerwallace.com

Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida 32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com

Thomas P. Cartmell
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1102
(816) 531-2372 (fax)
tcartmell@wcllp.co

---

[18] Ex. D, Dr. Priddy Report at 2.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Edward A. Wallace_____