# Exhibit H

CAUSE NO. DC-12-14350

| | | |
|---|---|---|
| LINDA BATISTE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 95th JUDICIAL DISTRICT |
| JOHN ROBERT MCNABB, M.D., | § | |
| JOHNSON & JOHNSON, and | § | |
| ETHICON, INC., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S OMNIBUS MOTION IN LIMINE WITH INCORPORATED ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, before any proceedings before the jury, makes and files this, her Motion in Limine, and asks the Court not to mention or bring before the jury, either directly or indirectly upon voir dire examination, opening statement, interrogation of witness, introduction of any evidence, argument, objections before the jury, reading of any portion of the pleadings, or by and other means or in any other manner inform the jury, or bring the jury's attention, any of the matters set forth in the numbered paragraphs below, unless or until such matters have been first called to the attention of the Court out of the presence and/or hearing of the jury, and a favorable ruling obtained from the Court as to the evidence and admissibility of the following:

1. That Defendants and their counsel be prohibited from making reference to advertising by attorneys seeking to represent plaintiffs. Such argument or testimony would be unfairly prejudicial and is not relevant to the issues in this case. TEX. R. EVID. 402, 403.

_____ GRANTED       _____ GRANTED AS MODIFIED       _____ DENIED

GRANTED   GRANTED AS MODIFIED   DENIED

4. That Defendants and their counsel and witnesses be precluded from referring to the number of women allegedly treated with pelvic mesh and/or the number of women allegedly treated with mesh for stress urinary incontinence. The number of units sold does not reliably indicate the number of women actually receiving transvaginal tape for stress urinary incontinence. Thus, any such reference would be speculative and thus, unfairly prejudicial. TEX. R. EVID. 403. Further, the number of units sold is not relevant to the issues in this case. TEX. R. EVID. 402.

GRANTED   GRANTED AS MODIFIED   DENIED

5. That Defendants and their counsel and witnesses be prohibited from referring to the Food and Drug Administration having approved or cleared the product at issue or any component part. To allow such reference will necessitate a "mini trial" regarding the differences between sutures and the TVT-O or other slings.

GRANTED   GRANTED AS MODIFIED   DENIED

6. That Defendants and their counsel not be allowed to offer any testimony of any person or expert not properly designated in response to requests for disclosure and that Defendants be precluded from:

 a. mentioning that any such persons were available to testify or what that person's probable, possible, or alleged testimony would have been;

9.     That Defendants and their counsel be precluded from argument, evidence, or testimony related to the FDA's 510(k) clearance and/or lack of enforcement action regarding Defendants' TVT products.  Such argument, evidence, or testimony should be excluded because it poses a substantial danger of misleading the jury, confusing the issues, and of unfair prejudice. TEX. R. EVID. 403.  Such reference would necessitate a "mini trial" on the FDA 510(k) process and enforcement actions.  It poses a substantial risk of misleading the jury to believe that FDA 510(k) clearance is dispositive of Plaintiff's state law claims.  Further, if such evidence was admitted via expert testimony, the expert would be offering a legal conclusion, unsupported by facts.  See *McIntyre v. Ramirez,* 109 S.W.3d 741, 749 (Tex. 2003) (without supporting facts or rationale, a conclusory statement is insufficient).  *See* Plaintiff's separately filed Motion in Limine re:  510(k) Clearance or Lack of FDA Enforcement.

| GRANTED | GRANTED AS MODIFIED | DENIED |
|---|---|---|

10.     That Defendants and their counsel be precluded from referencing any Advisory Committee recommendations.  An FDA Advisory Committee is not an official governmental agency and recommendations of such a committee are not rules, statutes, or ordinances.  There is no rule or law authorizing admissibility of such recommendations and any such recommendations are not relevant, hearsay and unreliable expert opinion.  TEX. R. EVID. 402, 802, 803. Further, such reference to any such recommendations would be unduly prejudicial and confusing to the jury and would result in a "trial within a trial."  TEX. R. EVID. 403.   See Plaintiff's separately filed Motion in Limine re:  510(k) Clearance or Lack of FDA Enforcement.

In fact, in the New Jersey state court *Gross* case, which involved a pelvic organ prolapse product, Ethicon sought to exclude reference to these same documents based on this same