IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO ETHICON WAVE 3 CASES | Master File No. 2:12-MD-02327 <br> MDL No. 2327 <br><br> JOSEPH R. GOODWIN <br> U.S. DISTRICT JUDGE |

**DEFENDANTS' REPLY SUPPORTING THEIR MOTION TO EXCLUDE
CERTAIN GENERAL OPINIONS OF BOBBY SHULL, M.D.**

In their Response, Plaintiffs concede that the Court should apply its rulings from the Wave 1 cases to this wave of cases.  In particular, Plaintiffs concede:  (1) Dr. Shull's warning opinions should be limited to discussing specific risks of implanting mesh and whether those risks appeared on the pertinent IFU (Doc. 2893, pp. 2-3); (2) Dr. Shull will not provide opinions about the process of designing a product (*id.* at 4); (3)Dr. Shull will not testify about the putative duties of a medical device manufacturer, such as that relate to research, testing, adverse event reporting, and training (*id.*); and (4) Dr. Shull will not testify about Ethicon's alleged knowledge and corporate conduct, irrelevant medical conditions, legal conclusions, regulatory opinions, marketing opinions, and improper narrative testimony (*id.* at 5).

Plaintiffs did not respond to Ethicon's contention in Section I of its initial brief that Dr. Shull should be prevented from testifying that "Ethicon did not inform doctors as to which patients were poor candidates for the Prolift procedure."  *See* Doc. 2808, p. 3 (quoting Ex. B to Doc. 2805, Prolift Report at 12).  By failing to respond, Plaintiffs have waived this issue, and therefore, these opinions should be excluded as well.

Finally, as it relates to Section II of Ethicon's initial brief, the Court should not allow Dr. Shull to suggest that other synthetic mesh devices have fewer complications, because Plaintiffs do not refute the Court's finding in its Wave 1 ruling that Dr. Shull's opinions are "not about the overall balance between safety and efficacy or the appropriateness of an alternative design." *In re: Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2015 WL 458220, at *3 (S.D. W. Va. Sept. 1, 2016). Because Plaintiffs apparently concede that Dr. Shull will not testify about the appropriateness of an alternative design, any perceived benefits of other designs are irrelevant, prejudicial, and inadmissible under Federal Rules 402, 403, and 702-03.

## CONCLUSION

For the above reasons and those set forth in its initial brief, Ethicon respectfully requests that the Court grant its motion to exclude Dr. Shull's foregoing testimony and opinions.

Respectfully Submitted,

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
Christy.jones@butlersnow.com

/s/ David B. Thomas
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. ETHICON LLC, AND
JOHNSON & JOHNSON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ETHICON WAVE 3 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com

ButlerSnow 28179155v1
33253402v1