IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO ETHICON WAVE 3 CASES | Master File No. 2:12-MD-02327 <br> MDL No. 2327 <br><br> JOSEPH R. GOODWIN <br> U.S. DISTRICT JUDGE |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AUGUST 29, 2016 DEPOSITION OF JERRY BLAIVAS, M.D.

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (collectively "Ethicon") submit this memorandum in support of their move to strike the August 29, 2016 Deposition of Jerry Blaivas, M.D., one of Plaintiffs' experts in this litigation.

### Background

By agreement of the parties, the parties generally have taken separate depositions concerning the parties' experts' general opinions with respect to the devices at issue in these cases, and they have taken separate depositions concerning their case-specific opinions. Thus, for instance, on September 17, 2015, Ethicon took Dr. Blaivas's deposition about his general opinions of the TVT device. *See* Ex. H to Doc. 2038.

On August 25, 2016, Ethicon served a notice to take Dr. Blaivas's deposition "as it relates to general opinions regarding TVT-Exact," and (after making arrangements with Plaintiffs' counsel) the deposition was scheduled for August 29, 2016. Doc. 2659. Ethicon later decided it was unnecessary to take the deposition, and on August 28, 2016, notified Plaintiff that it had decided to cancel the deposition. Ex. A hereto, p. 3.

Plaintiffs responded the next day that they intended to go forward with the deposition later that day as originally scheduled by Ethicon. *Id.* In fact, Plaintiffs announced that "we will conduct an exam on Dr Blaivas in all Wave 3 cases on all products today pursuant to your notice." *Id.* at 2 (emphasis added). Later that day, Plaintiffs filed a notice to take Dr. Blaivas's deposition at noon that same day (August 29, 2016) as it relates to "General Opinions Regarding MUS Products" and not limited to TVT-Exact. Doc. 2674, p. 1.[1] Although the deposition apparently took place that day, Defendants did not attend and filed a Notice of Objection. Doc. 2680.

Plaintiffs filed excerpts of the August 29, 2016 deposition as an exhibit to their opposition to Ethicon's motion to exclude Dr. Blaivas's Wave 3 opinions, and they cite to the deposition throughout their opposition. *See* Doc. 2947 & Ex. A thereto. Further, it appears that Plaintiffs elicited testimony from Dr. Blaivas that has nothing to do with TVT-Exact, but instead, relates to matters of which he already provided deposition testimony. Ex. A to Doc. 2947.

Now before the Court is Ethicon's motion to strike Dr. Blaivas's August 29, 2016 deposition and all references thereto set forth in Plaintiff's opposition to Ethicon's motion to exclude Dr. Blaivas's opinions. Plaintiffs' notice was untimely, and they have improperly attempted to use the deposition as a means to alter Dr. Blaivas's prior testimony and to elicit new (and untimely) opinions from him.

## Legal Argument

**I.  Plaintiffs did not provide timely notice of the deposition.**

The Court set forth a Deposition Protocol in this MDL in Pretrial Order # 38. *See* Doc. 409. That protocol states that "[f]or depositions that are not plaintiff specific, each side shall be

---

[1] Although Plaintiffs captioned the notice as an "Amended Notice to Take Deposition of Jerry Blaivas, M.D.," Plaintiffs never filed an initial notice.

2

notified at least forty-five (45) days in advance of a deposition, absent agreement by the parties otherwise, time constraints due to orders by the Court, or by leave of court." *Id.* § D.4. The protocol further states that depositions may only be used against a party who "(a) was present or represented . . . at the deposition; (b) had reasonable notice thereof; or (c) within thirty (30) days after the filing of the deposition . . . fails to show just cause why such deposition should not be usable against such party." *Id.* §J.1.

Plaintiffs did not provide 45-days' notice of Dr. Blaivas's deposition, Ethicon certainly did not agree to the deposition notice (and, in fact, objected), and Plaintiffs never sought leave of Court. Therefore, the deposition was plainly improper under the Court's protocol. Plaintiffs' actions are particularly egregious insofar as they purported to provide same-day notice of a deposition that would apply to all MUS products. Thus, even if it somehow were proper for Plaintiffs to proceed with the deposition as it relates to Dr. Blaivas's opinions specific to the TVT-Exact device, it would be highly improper to Ethicon if Plaintiffs (as they have sought to do) could use the untimely-noticed deposition to elicit opinions from Dr. Blaivas about other devices and matters. Ethicon was not prepared to participate in such a deposition about other devices, and it would be significantly prejudiced if Plaintiffs could use the deposition for such a purpose.

## II. Plaintiffs have attempted to misuse the deposition as a means to circumvent the Court's expert disclosure deadlines.

The Court imposed a deadline of July 4, 2016, for Plaintiffs to provide expert disclosures with respect to the Wave 3 cases in this MDL, and Plaintiffs notified Ethicon that Dr. Blaivas intended to adopt his Wave 1 reports. Doc. 2872. During his August 29, 2016 deposition, Dr. Blaivas contradicted his prior reports and deposition testimony, and he provided new, previously undisclosed opinions.

For instance, Ethicon deposed Dr. Blaivas at length in September 2015 about his 2015 review article and his unreliable assessment of complications and complication rates. *See* Ex. H to Doc. 2038. As set forth in Ethicon's brief supporting its motion to exclude Dr. Blaivas's opinions, Dr. Blaivas struggled to answer many of Defendants' questions, could not explain how many of his opinions were derived (including his opinion about a 12.5% complication rate), and admitted that the article did not take into account contrary studies and findings of the American Urological Association that he helped devise. *See* Doc. 2822, pp. 3-7. Yet, Plaintiffs have improperly attempted to use the August 29, 2016 deposition to rehabilitate Dr. Blaivas's testimony.

Dr. Blaivas also set forth the basis for his opinions of criticisms of the implantation design and surgical trocars specific to the TVT device in his TVT report and his September 2015 deposition. *See* Ex. B to Doc. 2822, TVT Report at II.13-15; Ex. H to Doc. 2822, Sept. 2015 Dep. 127:23-128:14, 131:21-133:10, 148:13-149:12, 243:13-244:20; Ex. 18 thereto, p. 1169. Yet, in Plaintiffs' opposition brief, they cite to his August 29, 2016 deposition for opinions about these issues, which have nothing to do with the TVT-Exact device. *See* Doc. 2947, p. 17 (citing Ex. A thereto). Plaintiffs also attempt to misuse the August 29, 2016 deposition to provide support for opinions about TVT-O that previously lacked support. *See id.* at 18 (citing Ex. A thereto).

The Court should not allow Plaintiffs to utilize the August 29, 2016 deposition as a means for Dr. Blaivas to come up with new support for opinions that were not timely disclosed when Dr. Blaivas issued his reports and provided his prior depositions.

**Conclusion**

For the foregoing reasons, Ethicon respectfully requests that the Court strike Dr. Blaivas's August 29, 2016 deposition and all references to it in Plaintiffs' opposition to Ethicon's motion to exclude his Wave 3 opinions.

Respectfully Submitted,

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
Christy.jones@butlersnow.com

/s/ David B. Thomas
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. ETHICON LLC, AND
JOHNSON & JOHNSON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ETHICON WAVE 3 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

33276195v1

6