**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327**<br>**MDL 2327** |
| **THIS DOCUMENT RELATES TO:**<br>**ETHICON WAVE 3 CASES** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION**
**TO EXCLUDE CERTAIN OPINIONS OF DR. MARC TOGLIA**

In further support of their Motion to Limit or Exclude Certain Opinions of Marc Toglia, M.D. ("Dr. Toglia"), Plaintiffs state as follows:

**ARGUMENT**

**I.      Notice of Adoption**

Plaintiffs hereby adopt and incorporate by reference the reply memorandum filed in support of their *Daubert* motion filed against Dr. Toglia for Ethicon Wave 1, Dkt. No. 2231.[1] Plaintiffs respectfully request that the Court exclude Dr. Toglia's testimony, for the reasons expressed in the Wave 1 briefing.

---

[1] Attached here as Exhibit A.

II.     **Additional arguments in light of Ethicon's response brief and the Court's Wave 1 *Daubert* order:**

    A.     **Dr. Toglia's testimony regarding his own clinical experience and "success rate" or "complication rate" is STILL unsupported by factual evidence.**

Ethicon has not shown, and cannot show, that Dr. Toglia's clinical experience is reliable or that his perceived complication rate is factually supported. As this Court held in granting Plaintiffs' Wave 1 motion on this issue:

> Dr. Toglia's statements suggesting he is simply making estimates and relying on "good memory" alone to recall the details of more than 2,500 surgeries demonstrate the unreliability of his opinions. "Good memory" may be sufficient in some circumstances to relate general conclusions, but not here. Just because a reliable method exists to verify his opinions does not mean that a reliable method was actually employed. Accordingly, Dr. Toglia's opinions on complication rates and patient follow-up rates in his own practice are EXCLUDED.

Dkt. No. 2658 at 8.  Ethicon acknowledges this ruling, but simply states that it "respectfully suggests that Dr. Toglia's opinions about these rates in his own practice are sufficiently reliable." Defs' Mem. at 4.

Despite stating its disagreement with the Court's ruling, Ethicon has not provided any additional arguments supporting Dr. Toglia's "success rate" or "complication rate" opinions. Indeed, while certain paragraphs and arguments have been shuffled around in Ethicon's current response brief (compared to its Wave 1 response), no new arguments have been made, no new testimony has been referenced, and no new case law has been cited.  As such, Ethicon has provided no reason for the Court to revisit its Wave 1 ruling in these Wave 3 cases.

    B.     **Opinions regarding the FDA 510(k) clearance process—and related evidence.**

Plaintiffs moved to exclude Dr. Toglia from "testifying in any way regarding the FDA process, any related testing, or the FDA's enforcement or review of these products." Dkt. 2028 at 7.  In response, Ethicon states that Dr. Toglia will not offer any opinions "regarding the FDA's

510(k) clearance process"—but argues that his testimony about "testing submitted during the 510(k) process…is not subject to *Daubert* standards." Defs' Mem. at 5.

In its Wave 1 *Daubert* order, the Court excluded "…testimony related to the section 510(k) process, including subsequent enforcement actions *and discussion of the information Ethicon did or did not submit in its section 510(k) application*…." Dkt. No. 2658 at 8 (emphasis added). Plaintiff request a similar ruling be applied to Dr. Toglia's opinions in these Wave 3 cases.

### C.  Dr. Toglia's opinions on (1) polypropylene safety, durability, biocompatibility; (2) risks and complication rates of Burch and autologous fascial sling procedures; and (3) degradation and immunologic response.

Other than quoting from this Court's Wave 1 *Daubert* order with regard to Dr. Toglia's opinions (regarding (1) polypropylene safety, durability, biocompatibility; (2) risks and complication rates of Burch and autologous fascial sling procedures; and (3) degradation and immunologic response), Ethicon has not provided any new arguments in its Wave 3 brief. In light of the Court's holdings, Plaintiffs incorporate the arguments that they made with regard to each of these opinions in their Wave 1 briefing for the record—but will not rehash those arguments here.

### D.  The Court properly excluded Dr. Toglia's opinions about "what an IFU should or should not include"—but Dr. Toglia should also be prevented from testifying about what risks are commonly known in the medical community.

In its Wave 1 *Daubert* ruling, the Court held that "While an expert who is a gynecologist may testify about the specific risks of implanting mesh and whether those risks appeared on the relevant IFU, the same expert must possess additional expertise to offer testimony about what information should or should not be included in an IFU." Dkt. No. 2658 at 9. Similarly, here,

Dr. Toglia should be precluded from testifying "about what an IFU should or should not include." *Id.* at 10.

However, in light of footnote 2 to the Court's Wave 1 *Daubert* order, Plaintiffs seek to clarify their arguments regarding Dr. Toglia's opinions about the sufficiency of the IFU and warnings.  In its Order, the Court stated:

> In relation to the expert testimony about the adequacy of the IFU, Ethicon claims Dr Toglia is qualified to testify about whether certain risks were commonly known in the medical community. In my view, this is not the subject of the plaintiffs' motion. … So I offer no opinion on whether Dr. Toglia may testimony about whether certain risks were common knowledge."

Plaintiffs' motion did—and does—seek to exclude Dr. Toglia from discussing whether certain risks were commonly known in the medical community.  As Ethicon argues in its response brief, Dr. Toglia seeks to opine that the IFU is accurate and sufficient because, to the extent any risks were not included, those risks are commonly known to the medical community.  Defs' Mem. at 16.  But as Plaintiffs argue in their motion, Dr. Toglia has clearly admitted that he has no knowledge of—or interest in—what other physicians may or may not know, or want to know, about the devices; stating:

> He cannot speak to what other doctors "might consider to be relevant," "might hold important," or "should or would want to know" in regards to the device….

Dkt. No. 2028 at 12.  As such, Dr. Toglia should be precluded from testifying that any certain risk was commonly known in the medical community. Allowing him to provide such speculative testimony would allow Ethicon to argue that it had no duty to warn of those risks.

Plaintiffs recognize that this Court has permitted physicians—both Plaintiffs' experts and Ethicon's experts—to testify regarding the state of knowledge of the medical community, included whether risks were commonly known by physicians.  But that general ruling should not

apply to Dr. Toglia based upon his admission that he has no information about what other

physicians would need to be warned about with regard to the devices at issue.

Dated: October 19, 2016        By:        /s/ Edward A. Wallace
                                          Edward A. Wallace
                                          Mark R. Miller
                                          Michael H. Bowman
                                          Wexler Wallace
                                          55 W. Monroe St. Ste. 3300
                                          Chicago, IL 60603
                                          Phone: (312) 346-2222
                                          eaw@wexlerwallace.com
                                          mrm@wexlerwallace.com
                                          mhb@wexlerwallace.com

                                          Bryan F. Aylstock, Esq.
                                          Renee Baggett, Esq.
                                          Aylstock, Witkin, Kreis and Overholtz, PLC
                                          17 East Main Street, Suite 200
                                          Pensacola, Florida  32563
                                          (850) 202-1010
                                          (850) 916-7449 (fax)
                                          rbaggett@awkolaw.com
                                          baylstock@awkolaw.com

                                          Thomas P. Cartmell, Esq.
                                          Jeffrey M. Kuntz, Esq.
                                          Wagstaff & Cartmell LLP
                                          4740 Grand Avenue, Suite 300
                                          Kansas City, MO 64112
                                          816-701-1102
                                          Fax 816-531-2372
                                          tcartmell@wcllp.com
                                          jkuntz@wcllp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

s/ Edward A. Wallace      