IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br>ALL WAVE 3<br>CASES IDENTFIED IN EXHIBIT A | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION FOR LEAVE TO FILE OUT-OF-TIME
NOTICE OF ADOPTION OF PRIOR *DAUBERT* MOTION OF
<u>ROBERT D. MOORE, D.O. FOR WAVE 3</u>**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") move this Court to extend the time to file their Notice of Adoption of Prior *Daubert* Motion of Robert D. Moore, D.O. for Wave 3. The proposed Notice Ethicon seeks to file is attached as Exhibit A to this motion.

In support of its Motion, Ethicon shows the following:

**BACKGROUND**

1. Under PTO #210, the Parties' deadline to file *Daubert* motions or Notices of Adoption challenging both general and specific-causation expert testimony in Wave 3 was September 19, 2016.

2. Robert D. Moore, D.O. was designated by Plaintiffs as an expert in two Wave 3 cases: *Smallridge, Audrey*, No. 2:12cv02956 (designated as general and specific-causation expert); *Stevens, Kimberly J.*, No. 2:12cv02424 (designated as general-causation expert only).

33385245v1

3. In *Smallridge*, Defendants filed a case-specific *Daubert* motion against Dr. Moore that incorporated by reference its Wave 1 general-causation *Daubert* motion against Dr. Moore. Because Dr. Moore was not designated as a specific-causation expert in the *Stevens* matter, Defendants did not file a similar motion in that case.

4. Due to administrative error, Defendants failed to file a Notice of Adoption of its Wave 1 *Daubert* motion briefing for *Stevens*, the only remaining case in Wave 3 in which Dr. Moore was designated.

5. Ethicon discovered that it had not filed a Notice of Adoption for Dr. Moore in Wave 3 on or about October 17, 2016, as its counsel was preparing Wave 3 *Daubert* replies.

## ARGUMENT AND AUTHORITIES

6. As both Plaintiffs' and Defendants' counsel have noted in prior filings, the motions burden on both parties has been significant. Under Federal Rule of Civil Procedure 6(b)(1)(B), Ethicon's failure to file its Notice of Adoption in Wave 3 was "excusable neglect." Ethicon's Notice of Adoption should be allowed.

7. The Fourth Circuit has cited *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), for the standard governing excusable neglect in civil cases. *See Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) (citing to *Pioneer* for the excusable neglect standard in the context of a Section 1983 civil action). In *Pioneer*, the Supreme Court held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388.

33385245v1

8. The determination of excusable neglect is an equitable determination that rests on four factors:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* at 395; *see Fernandes*, 538 F. App'x at 276 (setting forth the same factors).

9. Additionally, the *Pioneer Court* recognized that excusable neglect can include acts of inadvertence:

> Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." As with [the relevant bankruptcy rule], there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer*, 507 U.S. at 391–92 (internal citations omitted).

10. The *Pioneer* factors strongly weigh in favor of a finding of excusable neglect in this instance:

    a. **Prejudice to the Opposing Party**. Defendants' proposed Notice of Adoption merely adopts and incorporates its Wave 1 *Daubert* briefing for Wave 3. No new arguments are asserted. Indeed, Defendants filed a nearly identical Notice of Adoption in Wave 2. Ethicon has no objection to Plaintiffs' filing any Response opposition, or Notice of

3

Adoption of its Wave 1 opposition, within the same timeframe as generally allowed by PTO #210 (*i.e.*, within 18 days of the date Ethicon's Notice is filed), or some other timeframe chosen by the Court. Accordingly, Plaintiffs will suffer no prejudice if Ethicon is permitted to file its Notice of Adoption in Wave 3.

    b. **Length of the Delay and Impact on Judicial Proceedings**. For the same reasons, permitting Ethicon to file its Notice of Adoption in Wave 3 will not delay judicial proceedings. There is no trial date set or other proceeding scheduled that would be directly impacted. As noted above, Ethicon will certainly agree to an extension of Plaintiffs' opposition deadline.

    c. **Reason for Delay and Movant's Good Faith**. Ethicon's failure to file its Notice of Adoption in Wave 3 was the result of inadvertence (accidental deletion of a database line item entry – one line out of hundreds of entries being tracked), not a deliberate flouting of court rules or in bad faith. Given the press of motions practice in which Ethicon was involved during the relevant time period, the Court should find that Ethicon has demonstrated excusable neglect. Moreover, Ethicon acted promptly and diligently upon discovering that a Notice of Adoption had not been filed in Wave 3, and has prepared a Notice of Adoption, which is attached to this motion.

11. Having demonstrated excusable neglect, Ethicon respectfully requests that the Court grant this Motion and deem filed and consider the attached Notice of Adoption of Prior Daubert Motion of Robert D. Moore, D.O. for Wave 3.

Respectfully Submitted,

**BUTLER SNOW LLP**

Dated: October 21, 2016

*s/Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*s/David B. Thomas*
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1807
dthomas@tcspllc.com

**Attorneys for Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson**

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2016, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

_s/ Christy D. Jones_

33385245v1