**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | **Master File No. 2:12-MD-02327** **MDL No. 2327** |
| THIS DOCUMENT RELATES TO: ETHICON WAVE 1 CASES LISTED IN EXHIBIT A | **JOSEPH R. GOODWIN** **U.S. DISTRICT JUDGE** |

**PLAINTIFFS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE OR TO LIMIT THE OPINIONS AND TESTIMONY OF STEVEN MACLEAN, PH.D., P.E.**

Despite the Defendants' arguments to the contrary, the record clearly establishes that Dr. MacLean's opinions directly conflict with Dr. Barbolt's 30(b)(6) testimony concerning Prolene's propensity to undergo *in vivo* surface degradation.  Indeed, when asked directly whether he disagreed with Ethicon's position on this subject, Dr. MacLean could not have been any clearer:

> Q.     Do you disagree with Dr. Barbolt, who is an Ethicon employee, an internal scientist, who was designated by Ethicon as the person most knowledgeable about degradation, a 30(b)(6) witness, who testified that the Prolene in the TVT undergoes surface degradation?
>
> A.     I do.

See Exhibit A – Deposition of Steven MacLean, Ph.D., 9/29/15 at 185:17-23.  In a weak attempt to counter Plaintiffs' arguments, the Defendants cite to only one excerpt from Dr. Barbolt's 30(b)(6) deposition where he concludes, based on molecular weight data alone, that "there's no degradation to the Prolene fiber in terms that are ***significant***."  See Def. Brief at 3 (emphasis added).  Whether Prolene undergoes *in vivo* surface degradation is a different issue all together than whether or not Dr. Barbolt or Dr. MacLean believe *in vivo* surface degradation is meaningful.   To be clear, it is the Plaintiffs' position that Dr. MacLean should not be allowed to

1

testify at trial that Prolene does not undergo *in vivo* surface degradation as such an opinion would clearly conflict with Dr. Barbolt's 30(b)(6) testimony as demonstrated above and in the numerous other examples provided by the Plaintiffs in their initial Wave 3 motion.

The Fourth Circuit has held that the "general purpose" of a Rule 30(b)(6) deposition is to "permit[ ] the examining party to discover the corporation's position via a witness designated by the corporation to testify on its behalf." *Rosenruist–Gestao E Servicos LDA v. Virgin Enters. Ltd.,* 511 F.3d 437, 440 n. 2 (4th Cir.2007).  And as Judge Eifert has correctly explained: "Federal law is well-settled that service of a Rule 30(b)(6) deposition notice triggers a duty on the part of the corporation to prepare the designated witness or witnesses 'so that they may give knowledgeable and binding answers for the corporation.'"  *Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013) (citations omitted).

While the Defendants are correct that courts have reached different conclusions, many courts have concluded that a corporation is bound by its 30(b)(6) corporate designee's testimony *New Jersey v. Sprint Corp.,* No. 03–2071–JWL, 2010 WL 610671, *1 (D.Kan. Feb. 19, 2010) (emphasis added; footnote omitted); *see also Cipriani v. Dick's Sporting Goods, Inc.,* No. 3:12 CV 910(JBA), 2012 WL 5869818, *2 (D.Conn. Nov. 19, 2012) (quoting *Sprint,* 2010 WL 610671 at *1); *Aldridge v. Lake Cnty. Sheriff's Office,* No. 11 C 3041, 2012 WL 3023340, *3 (N.D.Ill. July 24, 2012) ("[T]he purpose of a Rule 30(b)(6) witness is to present the organization's position on the listed topic and that person, then, provides binding answers on behalf of the organization." (citing *QBE Ins. Corp. v. Jorda Enters., Inc.,* 277 F.R.D. 676, 688 (S.D.Fla.2012)) and have prohibited testimony contradicting the binding testimony of 30(b)(6) witnesses.  *Tex. Technical Inst. v. Silicon Valley, Inc.,* No. H–04–3349, 2006 WL 237027, at *5

(S.D.Tex. Jan. 31, 2006) (affidavit did not create an issue of material fact because it conflicted

without explanation with Rule 30(b)(6) testimony).

As one district court has held:

> I find the latter position—that statements in a Rule 30(b)(6) deposition are
> binding on the corporation—to be the one most consistent with the purpose of the
> rule, which is to "permit[ ] the examining party to discover the corporation's
> position via a witness designated by the corporation to testify on its behalf."
> *Rosenruist–Gestao E Servicos LDA,* 511 F.3d at 440 n. 2 [(4th Cir.2007)]. It is all
> the more appropriate to bind a corporation to the testimony of its Rule 30(b)(6)
> designee, where the corporation itself selects the deponent who will speak for it
> and has the opportunity to prepare the deponent to testify to matters beyond his or
> her personal experience. *See* Fed.R.Civ.P. 30(b)(6); *Brazos River Auth.,* 469 F.3d
> at 433. **Thus, in my view, some extraordinary explanation must be required**
> **before a corporation is allowed to retreat from binding admissions in the**
> **testimony of its Rule 30(b)(6) designee.** *Contra A.I. Credit Corp.,* 265 F.3d at
> 637.

*Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, 304 (N.D. Iowa 2013)

(emphasis added). Plaintiffs believe that this approach would best preserve the purpose behind

Rule 30(b)(6) and request that it be followed by the Court here.

Finally, the Plaintiffs acknowledge that Dr. MacLean's experiment was not available to

Dr. Barbolt prior to his 30(b)(6) deposition.  Contrary to the Defendants' suggestion, however,

Dr. MacLean did not rely on his histology experiment to support his opinion that Prolene doesn't

undergo *in vivo* surface degradation but instead only performed his experiment to demonstrate

the intentionally oxidized Prolene won't trap H&E stains, contrary to Dr. Iakovlev's

observations.  *See e.g.*, Exhibit B – Dr. MacLean's Wave 3 Expert Report at 62.  Thus, because

Dr. MacLean's experiment was only used to criticize Dr. Iakovlev's findings that degraded

Prolene traps histology stains and was never intended to prove that Prolene doesn't undergo *in*

*vivo* surface degradation, the fact that it wasn't available to Dr. Barbolt prior to his deposition is

of no import and certainly doesn't provide any real explanation – yet alone an extraordinary one – that should permit Ethicon to undo the binding testimony of its 30(b)(6) corporate designee.

Therefore, because the Defendants have not offered any ligament reason to allow them to undo Dr. Barbolt's binding testimony, the Plaintiffs' respectfully request that the Court grant their motion to exclude Dr. MacLean's conflicting opinions.

Date: October 21, 2016.

Respectfully submitted,

/s/Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
E-mail:  baylstock@awkolaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 21, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Respectfully submitted,

/s/Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
E-mail:  baylstock@awkolaw.com