UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC.,<br>PELVIC REPAIR SYSTEM PRODUCTS<br>LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO<br>ETHICON WAVE 3 MOTIONS | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE AUGUST 29, 2016 DEPOSITION OF JERRY BLAIVAS, M.D.**

Now come Plaintiffs in opposition to Defendants' Motion and Memorandum in Support of Defendants' Motion to Strike the August 29, 2016 Deposition of Jerry Blaivas, M.D. ("Dr. Blaivas") (collectively "Ethicon Brief.").[1]

**I.      INTRODUCTION**

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (collectively "Ethicon") move this Court to strike Dr. Blaivas's deposition testimony of August 29, 2016 in addition to all references to the deposition made in Plaintiffs' Opposition to Defendants' Motion and Memorandum in Support of its Motion to Exclude Certain General Opinions of [Dr. Blaivas] filed with the Court on October 11, 2016.[2] Ethicon's motion to strike is not well-grounded either in law

---

[1] Future citations to the Ethicon Brief filed with the Court October 19, 2016, will be in the form (Eth. Br., ___.).
[2] Plaintiffs move that its opposition to Ethicon's motion to exclude Dr. Blaivas's opinions be incorporated as though set forth in full herein. Future references to Ethicon's motion to exclude Dr. Blaivas's general opinions will be in the form "Ethicon's Wave 3 *Daubert* motion." Future references to Plaintiffs' opposition to Ethicon's Wave 3 *Daubert* motion will be in the form "Plaintiffs' Wave 3 Opposition."

1

or in fact[3] and should be denied in its entirety.  In fact, Ethicon's present motion to strike appears to present little more than an out-of-time opportunity to argue additional points not raised in Ethicon's Wave 3 *Daubert* motion, or a blatant attempt to bypass the Federal Rules of Civil Procedure by preventing Plaintiffs to elicit testimony to which they are entitled.  It should be denied on these grounds.  In addition, Ethicon's arguments that Plaintiffs have circumvented the Court's deadlines or have violated its deposition protocol are without merit and the motion to strike on those grounds should be denied.

## II. FACTUAL STATEMENT

This Court issued an order in Wave 1 of this litigation on August 26, 2016 limiting some of Dr. Blaivas's opinions.  *See In re Ethicon Inc. Pelvic Repair Systems Product Liability Litig.*, MDL NO. 2327, 2016 WL 4500767 (S.D.W. Va. August 26, 2016).  In apparent response, Ethicon cancelled Dr. Blaivas's Wave 3 deposition with little to no reasonable notice to Plaintiffs.  Ethicon contends that it notified Plaintiffs on August 28, 2016 that it would not take its previously-noticed deposition of Dr. Blaivas scheduled for the following day.  (Eth. Br., 2.)  It is true that Ethicon's counsel emailed paralegal Elizabeth Perry ("Ms. Perry") at 9:17 p.m. on August 28th, a Sunday evening, with its intention to cancel the deposition.  However, as Ethicon well knew, Ms. Perry was not likely to receive or respond to its communication until the start of business on August 29, 2016, the day of the scheduled deposition.  That is in fact, what happened.  By that time, Plaintiffs' attorney, Fidelma Fitzpatrick, had already prepared for the deposition and was traveling to its

---

[3] For the record, Plaintiffs note that Ethicon cites to no legal authority, whatsoever, for its motion to strike.  Some previous courts in the Fourth Circuit have found that a paucity of legal citations in a brief provides grounds for the court not to provide the relief sought.  *See Simms v. U.S.*, C. A. No. 3:11-0932, 2013 WL 6504668 at *1, n. 1 (S.D.W. Va. December 11, 2013)(court declining to deny amendments not specifically referenced in plaintiff's motion where defendant did not offer any legal authority for the court to do so); *see also St. Paul Reinsurance Co., Ltd., v. Rudd*, 67 Fed. Appx. 190, 197 n. 12 (4th Cir. 2003)(unpublished opinion)(court unwilling to accept defendant's bald assertion about a district court's authority where he failed to supply case or statutory law in support.).

2

location. Dr. Blaivas had also cleared his incredibly busy schedule so that he could offer noticed expert testimony in this litigation. Without doubt, Ethicon could have chosen to communicate with Ms. Fitzpatrick on August 28th. Ethicon had actual notice that Ms. Fitzpatrick was the senior attorney handling Dr. Blaivas's depositions. Indeed, Ethicon acknowledged as much by copying Ms. Fitzpatrick on its email of August 24, 2016 expressing its intention to notice Dr. Blaivas's deposition on August 29, 2016.[4] Ethicon also clearly recognized the need to communicate with Ms. Fitzpatrick, choosing to bring her into the chain with its first emails on August 29, 2016.[5] There is little to suggest that the late-night email to Ms. Perry on August 28th was not a deliberate attempt by Ethicon to prevent Ms. Fitzpatrick from knowing at the earliest possible time Ethicon's intentions to cancel the deposition.

Notwithstanding its questionable use of the word "apparently" in the Ethicon Brief, (Eth. Br., 2) Ethicon was on full and actual notice that Plaintiffs' counsel conducted the scheduled deposition on August 29, 2016. At that time, counsel elicited Dr. Blaivas's deposition testimony pertinent to the TVT-Exact device, manufactured and marketed by Ethicon, for the treatment of stress urinary incontinence ("SUI"). As even Ethicon acknowledges, the agreement of the parties has generally called for separate depositions on experts' general opinions. (*Id*. 1.) Dr. Blaivas had not yet proffered testimony regarding the TVT-Exact and that was precisely what plaintiffs' counsel sought. That being said, it is also clear that many of the opinions relevant to the TVT-Exact are equally applicable to other TVT devices. Neither Plaintiffs nor Dr. Blaivas deny this:

---

[4] *See* email from Ethicon's counsel Tracy J. Van Steenburgh to Ms. Perry (copying Ms. Fitzpatrick) dated August 24, 2016 and attached hereto as Exhibit A. Plaintiffs also note for the record that Ms. Fitzpatrick defended Dr. Blaivas's previous depositions and has been routinely addressed in Ethicon's emails throughout this lengthy litigation.

[5] *See* email chain between Ethicon's counsel, Ms. Perry and Ms. Fitzpatrick dated August 28th and 29th and attached hereto as Exhibit B.

> Q. And do many of the opinions that are contained in the TVT-Exact report overlap with the opinions you have also given in the TVT-Retropubic, TVT-O and TVT-S and TVT-Abbrevo reports?
>
> A. They do.

(*See* Dr. Blaivas's deposition of August 29, 2016 at 7:9-14.)[6]

Ethicon accepts this fact as true and has grounded many of its own previous arguments on it. (*See* Ethicon's Wave 3 *Daubert* motion at 1, n. 1.)(Ethicon stating that "most of Dr. Blaivas's opinions about the TVT devices are the same," and generally limiting its' cites to those regarding his TVT report.).

### III. LEGAL STANDARD

Rule 30 of the Federal Rules of Civil Procedure plainly states that a party may depose any person without leave in many cases and on leave (which is mandatory) if notice is proper. *See* Fed. R. Civ. P. 30(a)(b). As argued fully herein, Ethicon was on entirely proper notice of Dr. Blaivas's August 29, 2016 deposition. (*Infra*. 7-8.) Plaintiffs were well within their rights to elicit Dr. Blaivas's testimony pursuant to Rule 30.

Ethicon presently brings before the Court a motion to strike. Plaintiffs note for the record that motions to strike are generally viewed with disfavor in the Fourth Circuit and are considered a "drastic remedy." *See Good v. American Water Works Co., Inc.*, C. A. No. 2:14-01374, 2016 WL 6024426 at *9, n. 6 (S.D.W. Va. October 13, 2016). Courts have held that motions to strike are not the norm when seeking to exclude expert testimony. *See Id*. (motions to strike expert testimony are "generally improper" and "[t]he expert reports at issue are not pleadings as defined by Rule 7, and there is no provision in the rules for a motion to strike any other type of document."). *But see Powell v. YRC Worldwide, Inc.*, C. A. No. 2:14-cv-25638, 2016 WL 6093494 (S.D.W. Va.

---

[6] Relevant excerpts of the deposition transcript will be attached hereto as Exhibit C. Future citations to Exhibit C will be in the form (Ex. C, ___:___; ___:___.)

May 20, 2016) (holding that a motion to strike could be used against an alleged "out-of-time" expert).

Despite being disfavored, if the Court nevertheless determines that these matters are properly before the Court on a motion to strike, the Court will utilize a five prong test to determine the merits of Ethicon's argument. *See Edwards v. Powers*, C. A. No. 2:00-0775, 2003 WL 25674812 at *5 (S.D.W. Va. June 5, 2003)(citing *Southern States Rack and Fixture, Inc. v. Sherwin Williams, Co.*, 318 F.3d 592, 596 (4th Cir. 2003)). As one court has held:

> When deciding whether or not to exclude untimely evidence by experts, this court must consider the following five factors:
>
> (1) The surprise to the party against whom the evidence would be offered;
> (2) The ability of that party to cure the surprise;
> (3) The extent to which allowing the evidence would disrupt the trial;
> (4) The importance of the evidence; and
> (5) The non-disclosing party's explanation for its failure to disclose the evidence.

*Id*.

Some courts in this district have held that the aforementioned factors are guidelines and need not necessarily be considered in whole. *See Powell*, 2016 WL 6093494 at *1.

IV. **LEGAL ARGUMENT**

A. **PLAINTIFFS DID NOT MISUSE DR. BLAIVAS'S DEPOSITION OR CIRCUMVENT ANY DEADLINES AND THERE ARE NO GROUNDS TO STRIKE HIS DEPOSITION TESTIMONY**

In many respects, Ethicon's present motion to strike appears to be little more than an attempt to cure defects in its Wave 3 *Daubert* motion filed September 19, 2016. As stated previously (*supra*. 1, n. 2) Plaintiffs incorporate their Wave 3 Opposition herein and stand on it to refute and oppose Ethicon's arguments that Dr. Blaivas's August 29, 2016 deposition contradicted

5

his earlier opinions. (Eth. Br., 3.) In the interest of economy, Plaintiffs' arguments are not repeated here.

To the extent that Dr. Blaivas proffered some new opinions regarding the TVT-Exact, (opinions that all parties concede were also relevant to other TVT devices) (*supra*. 3-4) such opinions were timely under the Wave 3 deadlines established by the Court. Plaintiffs also specifically challenge Ethicon's arguments that Dr. Blaivas's opinions regarding complication rates, implantation design and trocars were "new" at all. (Eth. Br., 4.) Rather, Dr. Blaivas's testimony in August 2016 provided a vital means of correcting Ethicon's blatant misrepresentation of Dr. Blaivas's opinions from his September 2015 deposition. (*Infra*. 7, 9-10.) Ethicon cannot prevent Plaintiffs from eliciting relevant deposition testimony from Dr. Blaivas. Such would pose a direct violation of Rule 30, *see* Fed. R. Civ. P. 30, and Ethicon's cancellation of a noticed deposition is of no consequence to Plaintiffs' right to conduct it of their own accord.

However, if the Court disagrees with Ethicon and finds that Dr. Blaivas offered new opinions out of time (or without appropriate notice), Plaintiffs move the Court to exercise its discretion and allow the August 29, 2016 deposition. *See e.g.*, *Powell*, 2016 WL 6093494 at *1. (The court can consider the five motion-to-strike factors in deciding whether to strike an out-of-time expert.). Plaintiffs further move that each of the five factors to be employed in a motion to strike analysis (*id*) mitigate in favor of this Court's denial of Ethicon's motion to strike.

The first two factors clearly favor Plaintiffs. There can be no argument that Ethicon was not "surprised" by Dr. Blaivas's deposition of August 29, 2016 since it took place precisely on the date and time and at the location noticed by Ethicon, itself. (As an aside, the fact that it was Ethicon that originally noticed Dr. Blaivas's TVT-Exact deposition indicates Ethicon's acknowledgement that important testimony to the case was needed from Dr. Blaivas). And any

alleged surprise would have easily been cured either by Ethicon attending the deposition of which it had *actual* notice or by requesting a transcript. The fact that Ethicon chose not to do either signals a willful ignorance that should not be condoned and certainly should not be rewarded by the Court by granting this motion to strike.

Likewise, the final three factors also mitigate in Plaintiffs' favor. Taking the fifth factor before the others, Plaintiffs argue at length in their Wave 3 Opposition filed with the Court October 11, 2016 that Ethicon deliberately misinterprets Dr. Blaivas's 2015 deposition testimony and miscasts his opinions in his earlier TVT Device reports. Thus, Plaintiffs deny that they have failed to disclose evidence. They have not. Regarding the third and fourth factors, there will be no disruption for the Court to admit Dr. Blaivas's testimony of August 29, 2016. In fact, the deposition took place within the time deadline established by the Court for Wave 3. And, there is no doubt that the evidence gleaned on August 29, 2016 is incredibly important since it corrects in key respects the misunderstandings regarding Dr. Blaivas's opinions that Ethicon has sought to interject into this case.

**B.     PLAINTIFFS DID NOT VIOLATE PTO #38 AND EVEN IF THEY DID, THERE ARE NO LEGAL GROUNDS TO STRIKE DR. BLAIVAS'S AUGUST 29, 2016 DEPOSITION**

Ethicon argues that Dr. Blaivas's deposition testimony of August 29, 2016 must be struck along with its use in Plaintiffs' Wave 3 Opposition of October 11, 2016 because it violates the deposition protocol established by this Court in PTO # 38. (*See* Eth. Br., 2-3.) Plaintiffs have not violated PTO #38 and Dr. Blaivas's deposition should not be struck on this ground. Specifically, Ethicon argues that Dr. Blaivas's deposition cannot be used against it because it never received the proper 45-day notice of the deposition required by the PTO. (*See* PTO #38, §§ D. 4., J. 1.)(*see also* Eth. Br., 3. ). Frankly, Ethicon's position is nearly laughable since it had noticed the

deposition, itself, for the exact time and date it was taken, received numerous email confirmations that Dr. Blaivas's deposition was going forward despite its cancellation of it, (*see* Ex. B) and cannot properly argue that Plaintiffs' labelling of the deposition notice as applying not just to the TVT-Exact but to MUS Devices was improper since Ethicon has agreed that expert opinion regarding one TVT device is often equally applicable to others. (*Supra*. 3-4.)

And most compelling, Ethicon's argument fails because it is Ethicon, and not Plaintiffs, in violation of PTO #38. Pursuant to the Court's Order, depositions can be used against any party who:

> (a) was present or represented (including by Lead Counsel or an attorney designated by Lead Counsel) at the deposition; (b) had reasonable notice thereof; or (c) within thirty days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court to an action that is part of this MDL), fails to show just cause why such deposition should not be usable against such party.

(PTO #38, § J. 1.)

While Ethicon was not present at the deposition, (having affirmatively chosen not to attend) it was certainly on reasonable notice, having originally scheduled the date, place, and time, itself and having been informed repeatedly by Plaintiffs' counsel that the deposition would be taken August 29, 2016 as scheduled. (*See* Ex. B.) However, even if the Court finds the notice provided by the Plaintiffs improper, Ethicon's motion to strike must be denied because Ethicon has violated § J. 1(c) of the PTO by failing to show just cause within thirty days of the filing of the deposition why it should not be used against it. Ethicon appears to misapprehend that it is its responsibility to show just cause and not Plaintiffs' pursuant to PTO #38, § J. 1(c). (*See* Eth. Br., 3.) (Ethicon arguing that Plaintiffs never sought leave of court.). Be that as it may, Ethicon has not complied with PTO #38 and its Motion to Strike is out-of-time[7] and should be denied on that ground.

---

[7] Plaintiffs note for the record that Ethicon is likewise out-of-time to take a supplemental deposition of Dr. Blaivas on the TVT-Exact. (*See* PTO #38, L.)

**C. ETHICON DISPLAYS UNCLEAN HANDS IN BRINGING THIS MOTION TO STRIKE AND IT SHOULD BE DENIED ON THAT GROUND**

There is yet one more reason to deny Ethicon's motion to strike. Ethicon comes before this Court with unclean hands.

The clean hands doctrine developed in equity but has since been found to extend to legal issues too. *See Smith v. Cessna Aircraft Co.*, 124 F.R.D. 103, 106 (D. Md. 1989)(citing *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 507 n. 8 (4th Cir. 1969)). The doctrine safeguards the judicial process and does not exist to protect parties to litigation. *See e.g.*, *McGovern v. Deutsche Post Global Mail, Ltd.*, No. Civ. JTM-04-0060, 2004 WL 1764088 at *10 (D. Md. August 4, 2004). It allows a court to deny relief to a party who exhibits unethical behavior that is closely tied to the transaction about which it seeks relief. *Id*. As the United States Supreme Court has noted: "[a complainant] must come into court with clean hands. He must be frank and fair with the court, nothing about the case under consideration should be guarded, but everything that tends to a full and fair determination of the matters in controversy should be placed before the court." *See Keystone Driller Co. v. General Excavation Co.*, 290 U.S. 240, 244-245 (1933).

Ethicon has stepped far from the required boundaries of frankness and fairness with its motion to strike. First, and perhaps foremost, Ethicon cancelled Dr. Blaivas's deposition in direct response to this Court's order of August 26, 2016 limiting some of Dr. Blaivas's testimony in Wave 1 of this litigation. Having successfully persuaded the Court to issue rulings favorable to it based largely on a misinterpretation of and miscasting of Dr. Blaivas's opinions (including his September 17, 2015 deposition testimony), Ethicon cancelled the deposition of Dr. Blaivas scheduled for August 29, 2016 in a bold attempt to prevent the Plaintiffs from correcting the misinterpretations that are the very crux of Ethicon's attempts to exclude Dr. Blaivas as an expert.

9

This is most certainly an affront to the judicial process that the clean hands doctrine endeavors to remedy. *See e.g.*, *McGovern*, 2004 WL 1764088 at *10.

And second, Ethicon behaved unfairly, if not unethically, when it "notified" Plaintiffs at 9:17 p.m. on Sunday evening, August 28th, that it planned to cancel Dr. Blaivas's deposition - - not by withdrawing its notice of deposition and not by notifying Plaintiffs' counsel of record - - but, instead, by emailing a paralegal after hours and on the weekend. This gamesmanship shows disregard for both Dr. Blaivas and Plaintiffs' counsel who had both prepared for the deposition and juggled incredibly busy professional schedules to attend it. Even more egregious, it shows disregard for this Court's valuable resources since it is now brought into a discovery dispute that never should have occurred. The Court should not countenance Ethicon's behavior which evidences a severe lack of professional collegiality and does not serve the legal process well. *Id*. Ethicon's "unclean hands" in these proceedings are yet another reason its motion to strike must be denied.

**V.   CONCLUSION**

For the reasons of the foregoing, Defendant's Motion to Strike Dr. Blaivas's August 29, 2016 deposition testimony should be denied.

Respectfully submitted,

Date:  October 26, 2016          By:   /s/ Fidelma L. Fitzpatrick
                                        Fidelma L. Fitzpatrick
                                        Motley Rice LLC
                                        321 South Main Street
                                        Providence, RI  02903
                                        Phone: (401) 457-7700
                                        Fax: (401) 457-7708
                                        ffitzpatrick@motleyrice.com

>Fred Thompson, III
>Motley Rice LLC
>28 Bridgeside Blvd.
>Mount Pleasant, SC 29464
>Phone: (843) 216-9000
>Fax: (843) 216-9450
>fthompson@motleyrice.com
>
>*Co-Lead Counsel MDL 2325*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: /s/ Fidelma L. Fitzpatrick
Fidelma L. Fitzpatrick
Motley Rice LLC
321 South Main Street
Providence, RI 02903
Phone: (401) 457-7700
Fax: (401) 457-7708
ffitzpatrick@motleyrice.com

Fred Thompson, III
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Phone: (843) 216-9000
Fax: (843) 216-9450
fthompson@motleyrice.com