IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| ETHICON WAVE 2 CASES LISTED IN EXHIBIT A OF DEFENSE NOTICE OF ADOPTION | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' FILING OF AN ADOPTION OF THEIR WAVE 3 OPPOSITION TO DEFENDNTS' MOTION TO EXCLUDE DR. JERRY BLAIVAS, M.D. IN WAVE 2 OUT-OF-TIME**

Now comes Plaintiffs seeking to adopt their Wave 3 Opposition to Defendant Ethicon, Inc.'s ("Ethicon") Motion to Exclude Dr. Jerry Blaivas, M.D. ("Dr. Blaivas") filed with the Court October 11, 2016 (Dkt #2947) as their response to Defendants' Motion to Exclude Dr. Blaivas in Wave 2 of this litigation.[1] In support of their motion to file the aforementioned adoption[2] out-of-time, Plaintiffs say the following:

### I. FACTS AND PROCEDURAL POSTURE

This Court issued PTO #206 to establish discovery deadlines for the Wave 2 Cases in this litigation. By that Order, responses to *Daubert* motions were to be filed by August 8, 2016. In fact, Plaintiffs filed a timely adoption of its Wave 1 response to Ethicon's motion to exclude Dr. Blaivas's expert opinions in the Wave 2 cases. (Dkt #2500.)[3] Subsequently, Ethicon filed a new motion to exclude Dr. Blaivas's opinions in Wave 3 of this case. (Dkt #2819.) In response, Plaintiffs filed the opposition brief (Dkt #2947) that it now seeks to adopt in the Wave 2 cases.

---

[1] Plaintiffs note for the record that Ethicon adopted its Motion to Exclude Dr. Blaivas's expert opinions filed in Wave 1 in Wave 2.
[2] The Notice of Adoption, along with Plaintiffs Wave 3 Opposition brief attached as Exhibit A thereto is attached herein as Exhibit 1.
[3] (*Supra*. n. 1.)

Plaintiffs' opposition to Ethicon's Wave 3 motion to exclude Dr. Blaivas's opinions, attached hereto as Exhibit A to Plaintiffs' Exhibit 1, presents highly-relevant support for Dr. Blaivas's opinions. And more importantly, Plaintiffs' Wave 3 opposition brief corrects a deliberate miscasting of Dr. Blaivas's opinions by Ethicon. (*See* Ex. A to Ex. 1 at 6-10)(Dr. Blaivas's opinions regarding complication and efficacy rates are reliable and not grounded in the cherry-picking of data. In addition, Ethicon has deliberately and improperly argued that Dr. Blaivas's support for his efficacy numbers are applicable to his opinions regarding safety. This is wrong and must not be countenanced); (10-12)(Dr. Blaivas did not "walk away" from opinions by the AUA. In fact, he never agreed with them at all); (*see e.g.*, 12-15)(Each and every one of Dr. Blaivas's opinions are well supported by the available scientific literature.).

## II.   LEGAL STANDARD

Courts in this circuit recognize that while discovery orders are crucial to the management of cases, courts also have discretion to modify such orders where warranted. As one court recently noted in allowing the filing of a motion to compel out-of-time, "the Court has 'substantial discretion' in managing discovery and may modify discovery-related deadlines; particularly when doing so furthers resolution of the case on its merits and does not unduly prejudice the opposing party." *See CSX Transportation, Inc. v. Trakspec Railroad Corp.*, Case No. 3:14-cv-27813, 2016 WL 51263 at *2 (S.D.W. Va. January 4, 2016)(citing to and quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Yet another court has noted that, "[i]n the case of a late discovery request, the movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." (*See e.g.*, *Huggins v. Roach*, No. 5:15-CT-3002-BO, 2016 WL 5106984 at *4 (E.D.N.C. September 19, 2016)(internal citations and quotations omitted).

### III. LEGAL ARGUMENT

Using the standard set forth by the court in *CSX Transportation, Inc.*, 2016 51263 at *2, Plaintiffs move this Court to allow them to adopt in Wave 2 their Wave 3 response to Ethicon's motion to exclude Dr. Blaivas filed with the Court October 11, 2016. Plaintiffs' Wave 3 Brief corrects in several crucial respects Ethicon's deliberate misrepresentations concerning Dr. Blaivas's opinions. (*Supra*. 1-2.) As such, it provides vital support for Plaintiffs' argument that Dr. Blaivas's expert opinions should be fully admissible in this litigation, thereby "further[ing] resolution of the case on its merits" and serving as a reason why the Court should extend the discovery deadline in Wave 2 and allow the adoption. *See CSX Transportation, Inc.,* 2016 WL 51263 at *2. Allowing the adoption also does not prejudice Ethicon, further serving as support for the Court to exercise its discretion. *Id*.

### IV. CONCLUSION

For the reasons of the foregoing, Plaintiffs move that this Court grant its motion and allow it to adopt Docket #2947 as its response to Ethicon's motion to exclude Dr. Blaivas in Wave 2 of this litigation.[4]

Respectfully submitted,

Date:  October 27, 2016        By:    /s/ Fidelma L. Fitzpatrick
Fidelma L. Fitzpatrick
Fred Thompson
Motley Rice LLC
321 South Main Street
Providence, RI  02903
Phone: (401) 457-7700
Fax: (401) 457-7708
ffitzpatrick@motleyrice.com
*Co-Lead Counsel MDL 2325*

---

[4] (*Supra*. n. 1.)

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: *s/Fidelma L. Fitzpatrick*
Fidelma L. Fitzpatrick
Motley Rice LLC
321 South Main Street
Providence, RI 02903
Phone: (401) 457-7700
Fax: (401) 457-7708
ffitzpatrick@motleyrice.com