IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| ------------------------------------------------------ | |
| ETHICON WAVE 2 CASES LISTED IN EXHIBIT A TO NOTICE OF ADOPTION OF PRIOR DAUBERT MOTION | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' "MOTION TO FILE OF AN ADOPTION OF THEIR WAVE 3 OPPOSITION TO DEFENDNTS' MOTION TO EXCLUDE DR. JERRY BLAIVAS, M.D. IN WAVE 2 OUT-OF-TIME"**

In an unprecedented motion, Plaintiffs ask this Court to reopen Wave 2 *Daubert* briefing deadlines months after the close of Wave 2 motion practice, despite the fact that both parties have already fully briefed the motion in issue. Specifically, Plaintiffs ask this Court to allow them to withdraw their Wave 2 notice of adoption of opposition and to substitute their newly composed Wave 3 opposition brief that they filed in response to Defendants' motion to exclude Dr. Jerry Blaivas. (*See* Doc. 3076). The Court should deny Plaintiffs' motion.

The title of Plaintiffs' motion is misleading, at best. Plaintiffs' motion purports to seek permission to file an "out-of-time" opposition to Defendants' Wave 2 Motion to Exclude Dr. Blaivas. Despite the request for relief implied by the motion title, Plaintiffs are not asking to file a late opposition brief in Wave 2 due to an inadvertent omission or administrative error.[1] In fact, the Motion to Exclude Dr. Blaivas in Wave 2 was fully briefed by both sides. In accordance with the applicable Wave 2 deadlines, on July 21, 2016, Defendants filed a Notice of Adoption

---

[1] Due to the large number of motions involved in the Waves, both parties have inadvertently failed to file certain motions, oppositions or replies. The parties have been cooperative in consenting to these truly "out-of-time", inadvertent omissions. There is no inadvertence excusing Plaintiffs' conduct in this motion.

in Wave 2 incorporating its Wave 1 motion to exclude the testimony of Dr. Blaivas. On August 8, 2016, Plaintiffs filed a timely notice of adoption of its Wave 1 opposition briefing. On August 18, 2016, Defendants filed a notice of adoption of their Wave 1 reply briefing. The Wave 2 general-causation *Daubert* motion related to Dr. Blaivas was thus fully briefed and closed almost three months ago, per the deadlines set for the in the applicable PTO.

In a remarkable move, Plaintiffs' present motion requests permission to withdraw their Wave 2 notice of adoption and retroactively substitute an opposition brief Plaintiffs prepared for Wave 3 that incorporates and relies on testimony improperly gathered during the course of discovery in Wave 3. Laid bare, Plaintiffs' motion is a request for a second bite at the apple that is untimely, disruptive, and based upon objectionable evidence gathered well after the Wave 2 discovery and briefing deadlines had closed.

*Plaintiffs' motion is untimely and disruptive.* In PTO No. 206, the Court imposed a deadline of August 8, 2016, for the parties to respond to *Daubert* motions in this wave of cases. (Doc. 1790, p. 1). Plaintiffs did not ask the Court for any extension of that deadline, and instead, responded to Defendants' motion to exclude Dr. Blaivas's general opinions by adopting their Wave 1 opposition. (Doc. 2500). Plaintiffs are many weeks past the Court's August 8, 2016 deadline, and nothing has taken place since that time that would offer Plaintiffs justification to now file a completely new opposition. If this Court were to allow the parties to reopen briefing that has been completed in prior Waves whenever additional testimony or new theories are developed in subsequent Waves, none of the motion practice in any Wave would ever be truly closed. Indeed, if this Court granted Plaintiffs' motion, Defendants would request the opportunity to rebrief the initial motion so that the additional evidence and testimony could be adequately challenged.

*Additionally, Plaintiffs' request should be denied because they seek to substitute their existing brief with a brief that relies on an improper deposition.* After the Court excluded many of Dr. Blaivas's opinions in its Wave 1 ruling (*see In re: Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2016 WL 4500767 (S.D. W. Va. Aug. 26, 2016)), Plaintiffs sought to rehabilitate Dr. Blaivas in Wave 3 through an improperly noticed deposition that took place *ex parte* on August 29, 2016. Plaintiffs cited that deposition extensively in their Wave 3 opposition. (*See* Doc. 2947). Defendants have moved to strike that deposition and all references to it in Plaintiffs' Wave 3 opposition, and that motion is pending before the Court. (Doc. 2984). For the same reasons set forth in the brief supporting Defendants' motion to strike (Doc. 2985), it is improper for the Court to consider Dr. Blaivas's August 29, 2016 deposition—whether in the Wave 2 cases, the Wave 3 cases, or any other cases.

Plaintiffs had a full and fair opportunity to present evidence and argument in response to Defendants' motion to exclude Dr. Blaivas's general opinions in Wave 2. They have not come forward with proper grounds to present additional argument that is both untimely and improper. Accordingly, the Court should deny Plaintiffs' motion.

Respectfully submitted,

*/s/Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

          */s/ Christy D. Jones*
          Christy D. Jones
          Butler Snow LLP
          1020 Highland Colony Parkway
          Suite 1400 (39157)
          P.O. Box 6010
          Ridgeland, MS  39158-6010
          (601) 985-4523
          christy.jones@butlersnow.com

33545877.v1