UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| ETHICON WAVE 2 CASES LISTED IN EXHIBIT A OF DEFENSE NOTICE OF ADOPTION | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' FILING OF AN ADOPTION OF THEIR WAVE 3 OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE DR. JERRY BLAIVAS, M.D. IN WAVE 2 OUT-OF-TIME**

Now come Plaintiffs in reply to Defendant Ethicon, Inc.'s and Johnson & Johnson's (collectively "Ethicon") Opposition to Plaintiffs' Filing of An Adoption of Their Wave 3 Opposition to Defendants' Motion to Exclude Dr. Jerry Blaivas, M.D. ("Dr. Blaivas") in Wave 2 Out-Of-Time ("Opposition") filed with the Court November 4, 2016 (DKT 3111).[1] In its Opposition, Ethicon argues that this Court must deny the Motion to Adopt because 1) Plaintiffs do not meet the standard for filing such a motion out-of-time and 2) because Plaintiffs cannot rely on Dr. Blaivas's deposition testimony of August 29, 2016.  (Opp. 1-3.)  Ethicon's arguments are without merit and Plaintiffs respectfully move that the Motion to Adopt be granted in full.

---

[1] In the Motion to Adopt, Plaintiffs seek to adopt Plaintiffs' Opposition to Defendants' Motion and Memorandum in Support of Its Motion to Exclude Certain General Opinions of [Dr. Blaivas] filed with the Court October 11, 2016. (DKT 2947)("Wave 3 Opposition") in Wave 2 of this litigation.  Future references to Plaintiffs' motion to adopt the Wave 3 Opposition will be in the form ("Motion to Adopt").  Citations to it will be in the form (MTA, ___).  Future references to Ethicon's Opposition to the Motion to Adopt will be in the form ("Opposition").  Future citations to the Opposition will be in the form ("Opp. ___.).

1

I.  **LEGAL ARGUMENT**

Citing no legal authority, Ethicon implicitly argues that the only motions that can properly be filed "out-of-time" are those in which inadvertent omissions or administrative errors caused delay in filing. (*Id.*, 1.) This is not the case. As fully set forth in the Motion to Adopt (MTA, 2) - - and as not overtly challenged by Ethicon in the Opposition - - a court "has 'substantial discretion' in managing discovery-related deadlines; particularly when doing so furthers resolution of the case on its merits and does not unduly prejudice the opposing party." (*See Id.*, 1)(citing *CSX Transportation, Inc. v. Trakspec Railroad Corp.*, Case No. 3:14-cv-27813, 2016 WL 51263 at *2 (S.D.W. Va. January 4, 2016)(citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995.).

Plaintiffs submit that, as fully set forth in the Motion to Adopt, this Court should exercise its discretion, *Id.*, and allow the Plaintiffs to adopt their Wave 3 Opposition in Wave 2. By so ordering, the Court will allow Plaintiffs to correct misapprehensions about Dr. Blaivas's opinions directly attributable to Ethicon's deliberate miscasting of them. For while Ethicon would have it that "nothing has taken place" since discovery closed in Wave 2 of this litigation on August 8, 2016, (Opp. 2.) this is patently false. As Ethicon is well-aware, this Court issued an order in Wave 1 on August 26, 2016 limiting and excluding Dr. Blaivas's expert medical opinions. With due respect to the Court, and as fully briefed in numerous recent filings,[2] Plaintiffs argue that Ethicon has deliberately miscast and misinterpreted Dr. Blaivas's opinions, thereby also leading the Court to exclude Dr. Blaivas's expert opinions as a result. Plaintiffs' recent motions, (*supra*. n.2) including the Motion to Adopt, is an attempt to correct Ethicon's falsehoods regarding valuable

---

[2] (*See* the Motion to Adopt [DKT 3077]; the Wave 3 Opposition [DKT 2947] and Plaintiffs' Motion for Reconsideration of the Court's Order of August 26, 2016 Limiting or Excluding the Expert Opinions of [Dr. Blaivas] [DKT 3105, 3106.]. Plaintiffs move that each of these documents be incorporated as though set forth in full herein.

evidence, terribly misconstrued to the detriment of the Plaintiffs in this case. Curing what Ethicon has done is a matter of fundamental fairness and will cause no disruption to Ethicon's ability to litigate any of the cases pending before this Court. Notwithstanding Ethicon's argument to the contrary, (Opp. 2) Plaintiffs are not advancing any new theories in seeking to adopt the Wave 3 Opposition in Wave 2. Rather, Plaintiffs simply do so to correct the aforementioned deliberate miscasting of Dr. Blaivas's opinions by Ethicon that threatens to prevent one of the world's foremost urogynecologists from providing to the juries in these Wave cases the benefit of his expertise.

Further, while Plaintiffs admittedly did not request an extension of the Wave 2 discovery deadline prior to August 8, 2016, (Opp. 2) Ethicon is wrong to the extent it argues that Plaintiffs did not request such an extension at any point. In fact, Plaintiffs requested just such an extension in the Motion to Adopt. (MTA, 2-3)(Plaintiffs arguing that allowing them to adopt their Wave 3 opposition brief in Wave 2 will "further [ ] resolution of the case on its merits and [serve] as a reason why the Court should extend the discovery deadline in Wave 2 and allow the adoption.")(internal citations and quotations omitted.).

And finally, Ethicon, in the Opposition, seeks yet another opportunity to challenge the deposition testimony of Dr. Blaivas from August 29, 2016 that it also challenges in its recently-filed motion to strike. (*See* DKT 2985.) The Plaintiffs have fully briefed their response to Ethicon's challenge in Plaintiffs' Opposition to Defendants' Motion and Memorandum in Support of Its Motion to Strike the August 29, 2016 Deposition of [Dr. Blaivas] filed with the Court October 26, 2016 (DKT 3066)(Opposition to Motion to Strike). Plaintiffs now incorporate their Opposition to Motion to Strike as though set forth in full herein. For all of the reasons set forth there, and contrary to Ethicon's present arguments, (Opp. 3) there was nothing improper about the

3

August 29, 2016 deposition and Dr. Blaivas's testimony should be admitted in full and also serve as proper support for the Wave 3 Opposition that Plaintiffs seek to adopt in Wave 2.

Specifically, and for all of the reasons fully briefed in the Opposition to Motion to Strike, Plaintiffs strenuously object to Ethicon's position that the August 29, 2016 deposition was conducted "*ex parte*" (Opp. 3). In raising some version of this argument repeatedly in recent filings, Ethicon is crying the proverbial "crocodile tears." Having noticed Dr. Blaivas's August 29, 2016 deposition, itself, and then canceling it mere hours before its scheduled start, Ethicon was well-aware of the time, place, and location of the deposition. And as fully briefed in the Opposition to Motion to Strike, Plaintiffs' counsel was in repeated contact with lawyers for Ethicon on August 29, 2016 with her intention to proceed with Dr. Blaivas's deposition as scheduled. That Ethicon chose not to attend and chose not to request a transcript were deliberate acts on its part and should not be held against Plaintiffs.

**II.   CONCLUSION**

For the reasons of the foregoing, Plaintiffs move that this Court order its Wave 3 Opposition be adopted in Wave 2 of the Wave litigation pending before this Court.

Respectfully submitted,

Date: November 9, 2016         By:   /s/ Fidelma L. Fitzpatrick
Fidelma L. Fitzpatrick
Motley Rice LLC
321 South Main Street
Providence, RI  02903
Phone: (401) 457-7700
Fax: (401) 457-7708
ffitzpatrick@motleyrice.com


Fred Thompson, III
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

                Phone: (843) 216-9000
                Fax: (843) 216-9450
                fthompson@motleyrice.com

                *Co-Lead Counsel MDL 2325*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        By:    /s/ Fidelma L. Fitzpatrick
                Fidelma L. Fitzpatrick
                Motley Rice LLC
                321 South Main Street
                Providence, RI  02903
                Phone: (401) 457-7700
                Fax: (401) 457-7708
                ffitzpatrick@motleyrice.com

                Fred Thompson, III
                Motley Rice LLC
                28 Bridgeside Blvd.
                Mount Pleasant, SC 29464
                Phone: (843) 216-9000
                Fax: (843) 216-9450
                fthompson@motleyrice.com

                *Co-Lead Counsel MDL 2325*