IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION<br>------------------------------------------------------<br>ETHICON WAVE 1 CASES LISTED IN EXHIBIT TO DOC. 2667 | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF COURT'S AUGUST 26, 2016 ORDER
LIMITING EXPERT OPINIONS OF JERRY BLAIVAS, M.D.**

Dissatisfied with the Court's Wave 1 August 26, 2016 Memorandum Opinion and Order limiting the opinions of Dr. Jerry Blaivas (Doc. 2667), Plaintiffs seek another "bite at the apple" and ask that the Court reconsider that Order based on alleged developments occurring in Wave 3. Doc. 3105. The only meaningful explanation for Plaintiffs' requested "do-over" is an improperly noticed *ex parte* deposition taken for "Wave 3 cases" that Plaintiffs misused to elicit opinions from Dr. Blaivas to circumvent the Court's August 26, 2016 ruling. Plaintiffs failed to follow proper procedure in obtaining such opinions from Dr. Blaivas in an appropriate forum and/or in a timely manner, and therefore, Plaintiffs have not come forward with legitimate grounds for their motion. Moreover, Plaintiffs have not identified any Court error or misapprehension of fact based on the record before the Court at the time the August 26, 2016 Order was entered, no change in the applicable law, nor any evidence that was not available to them for development at the time. Therefore, there is no basis to revisit the Court's Wave 1 order.

**Background**

The genesis of Plaintiffs' motion is their decision in Wave 3 to provide same-day notice of a deposition of Dr. Blaivas to endeavor to finagle out of the Court's August 26, 2016 ruling. Plaintiffs identified Dr. Blaivas as an expert in Wave 1, and Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") deposed him at length in September 2015 during Wave 1 discovery, extensively questioning him about his 2015 review article and his unreliable assessment of complications and complication rates. *See* Ex. H to Doc. 2038. As set forth in Ethicon's brief supporting its Wave 1 motion to exclude Dr. Blaivas's opinions, Dr. Blaivas struggled to answer many of Ethicon's questions, could not explain how many of his opinions were derived (including his opinion about a 12.5% complication rate), and admitted that the article did not take into account contrary studies and findings of the American Urological Association that he helped devise. *See* Doc. 2822, pp. 3-7.

On August 26, 2016, the Court excluded many of Dr. Blaivas's opinions as unreliable in its Wave 1 order. Doc. 2667. Three days later, on August 29, 2016, Plaintiffs filed a notice to take Dr. Blaivas's deposition later that same day as it relates to all mid-urethral sling products.[1] As reflected in the caption of Plaintiffs' Notice, the Notice related to "ALL WAVE 3 CASES." Doc. 2674. As further detailed in Ethicon's October 19, 2016 brief supporting its motion to strike the deposition (Doc. 2985), Ethicon did not attend and filed a Notice of Objection. Doc. 2680. Plaintiffs improperly used Dr. Blaivas's August 29, 2016 deposition as an opportunity to attempt to rehabilitate his testimony in response to the Court's August 26 Wave 1 ruling. Dr.

---

[1] Ethicon previously cancelled a deposition to depose Dr. Blaivas that day about his opinions specific to the TVT-Exact device. Ethicon's prior notice was expressly limited to only two Wave 3 cases "as it relates to general opinions about regarding TVT-Exact." Doc. 2671.

Blaivas contradicted his prior reports and deposition testimony, and he provided new, previously undisclosed opinions regarding all mid-urethral sling products. Doc. 3038, Ex. A.

Thereafter, Plaintiffs: (1) have improperly cited Dr. Blaivas's August 29, 2016 deposition in their opposition to Ethicon's motion to limit his Wave 3 opinions (Doc. 2947 & Ex. A thereto); (2) have asked the Court to reopen briefing deadlines and consider Dr. Blaivas's August 29 deposition in conjunction with Ethicon's Wave 2 challenge to his testimony (Doc. 3076); and (3) have now asked the Court to reconsider its Wave 1 ruling based on Dr. Blaivas's August 29 deposition. The Court should deny Plaintiffs' motion and not allow Plaintiffs to utilize this improperly noticed Wave 3 deposition as a means for Dr. Blaivas to come up with new support for opinions that were not timely disclosed when Dr. Blaivas issued his reports and provided his prior depositions in Waves 1 and 2.

## Legal Argument

This Court has repeatedly set forth the standard for considering a motion to reconsider a prior ruling:

> Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). "Notwithstanding that precept, <u>it is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through—rightly or wrongly</u>." *In re: C.R. Bard, Inc.,* 948 F.Supp.2d 589, 649 (S.D.W.Va.2013).
>
> Although a "motion for reconsideration under Rule 54(b) is not subject to the strictures of a Rule 60(b) motion," this district has been "guided by the general principles of Rules 59(e) and 60(b)" in determining whether a Rule 54(b) motion *919 should be granted. *Shrewsbury v. Cyprus Kanawha Corp.,* 183 F.R.D. 492, 493 (S.D.W.Va.1998) (Haden, J.). The Fourth Circuit has recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am.*

*Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). <u>Motions to reconsider "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."</u> *Id.* Finally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used <u>sparingly</u>." *Id.* (quoting 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (3d ed.2012)).

*Norfolk S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh, PA*, 999 F. Supp. 2d 906, 918-19 (S.D. W. Va. 2014) (emphasis added). *See also In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 649 (S.D. W. Va. 2013) ("Finality in my rulings is an exceedingly important aspect of these cases, and as discussed above, reconsideration is an 'extraordinary remedy' to be used sparingly").

Here, Plaintiffs do not argue that the law has changed. Instead, they falsely suggest that Ethicon "misled" the Court in its initial briefing and that "new evidence" supposedly warrants reconsideration. Both of these arguments are wholly lacking in merit.

## I. Ethicon did not mislead the Court.

Plaintiffs dubiously contend that Ethicon misled the Court in its briefing concerning the lack of support for Dr. Blaivas's opinions about complication rates. Ethicon did nothing of the sort. Ethicon merely cited Dr. Blaivas's own September 2015 deposition testimony. Ethicon's briefing, which is incorporated herein by reference, was accurate then, and it is accurate now. *See* Doc. 2040, 2213.

Plaintiffs had a full and fair opportunity in their Wave 1 opposition to counter each and every argument made by Ethicon. In over a dozen pages of briefing, Plaintiffs argued to the Court that Dr. Blaivas's opinions about complication rates are supported. *See* Doc. 2176 at 4-18. Plaintiffs never argued at that time that Ethicon was providing misleading argument, and they have disingenuously fabricated this accusation now in desperate hopes that the Court will revisit its prior ruling.

Further, the lynchpin of Plaintiffs' argument that Ethicon supposedly misled the Court is testimony they elicited from Dr. Blaivas during his improper August 29, 2016 deposition in Wave 3. As set forth below, there is no basis for the Court to consider that deposition at all, let alone in relation to Wave 1 or 2 cases.

## II. No "new evidence" warrants reconsideration.

The "new evidence" that Plaintiffs cite in support of their motion to reconsider consists of Dr. Blaivas's August 29, 2016 deposition and certain nebulous articles that Dr. Blaivas has added to his reliance list in Wave 3. As set forth in detail in Ethicon's briefing supporting its motion to strike Dr. Blaivas August 29 deposition and all references thereto (Doc. 2985 & 3098), it is wholly improper to consider that deposition because Plaintiffs did not provide appropriate notice of the deposition. Ethicon incorporates that briefing by reference herein.

Further, conspicuously absent in Plaintiffs' supporting brief is any explanation for their failure to elicit the opinions expressed by Dr. Blaivas on August 29 <u>before</u> they submitted their opposition to Ethicon's Wave 1 motion to limit his opinions. Plaintiffs did not ask the Court for any extension of their deadline to submit their opposition. Thus, Plaintiffs are plainly attempting to misuse the deposition, which was noticed only for Wave 3, "to raise arguments which could have been raised prior to the issuance of the judgment." *Norfolk S. Ry. Co.*, 999 F. Supp. 2d at 919 (quoting *Pac. Ins. Co.,* 148 F.3d at 403).

Plaintiffs make a feeble attempt to explain how the additional authorities cited in Dr. Blaivas's untimely Wave 3 "Supplemental Report" somehow justify the Court reconsidering its ruling. Indeed, even aided by the improper deposition and the additional authorities, Plaintiffs still have not provided any explanation as to how Dr. Blaivas came up with his minimum 12.5% complication rate. Essentially all Dr. Blaivas has stated is that he somehow came up with the

figure after reviewing a number of studies, but he cannot explain the methodology. The authorities cited in Dr. Blaivas's supplemental report are nothing more than a red herring designed to convince the Court to allow Plaintiffs another bite at the apple.

### III. Entertaining Plaintiffs' motion would seriously disrupt the administration of these cases.

This wave of cases was fully briefed by both sides, the deadlines have been closed for months, and the Court has already adjudicated Ethicon's motion to limit Dr. Blaivas's opinions in Wave 1. Laid bare, Plaintiffs' motion is a request for a second bite at the apple that is untimely, disruptive, and based upon objectionable evidence gathered well after the Wave 1 discovery and briefing deadlines had closed.

Were this Court to allow the parties to challenge its evidentiary rulings whenever additional testimony or new theories are developed in subsequent Waves, none of the motion practice in any Wave would ever be truly closed. As this Court has noted, "[f]inality in my rulings is an exceedingly important aspect of these cases," and Plaintiffs have not articulated a proper basis for offering this "extraordinary remedy" of reconsideration in this instance. *In re C.R. Bard, Inc.*, 948 F. Supp. 2d at 649.

### IV. Regardless of the purported "new evidence" the Court's ruling was correct.

Finally, the Court should refuse to revisit its August 26, 2016 order for the simple reason that Plaintiffs' new evidence and argument do not demonstrate that the Court erred. As it relates to Ethicon's challenge to Dr. Blaivas's opinions about the safety of the TVT Devices (*see* Section I to Doc. 2040), the Court's ruling was correct on August 26, 2016, and it is correct now. Should the Court find that Plaintiffs have come forward with a colorable basis to revisit that ruling, Ethicon alternatively incorporates by reference its briefing supporting its motion to limit Dr. Blaivas's opinions in the Wave 3 cases. *See* Doc. 2822 & 3016.

## **CONCLUSION**

For the foregoing reasons, Ethicon respectfully requests that the Court deny Plaintiffs' motion to reconsider its August 26, 2016 ruling.

Respectfully submitted,

*/s/Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                              */s/ Christy D. Jones*
                                              Christy D. Jones
                                              Butler Snow LLP
                                              1020 Highland Colony Parkway
                                              Suite 1400 (39157)
                                              P.O. Box 6010
                                              Ridgeland, MS 39158-6010
                                              (601) 985-4523
                                              christy.jones@butlersnow.com

33775464.v1