IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

IN RE:  ETHICON, INC.,
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION

                                                        MDL No. 2327

-------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES
EXCLUDING THOSE ETHICON CASES
ASSIGNED TO CHIEF JUDGE CHAMBERS

**PRETRIAL ORDER # 247**
**(ORDER AMENDING PTO # 201 - ORDER ESTABLISHING REPORTING ON
PAYMENT TO THE MDL 2327 FUND)**

Pursuant to Pretrial Order # 62, as amended by Pretrial Order # 134[1], Ethicon, Inc. and

Johnson & Johnson ("Ethicon") are required to pay into the MDL 2327 Fund, five percent (5%)

of any sum to be paid in settlement of a claim. PTO # 62 explicitly orders that "[a] total assessment

for payment of attorneys' fees and approved common benefit and MDL expenses of five percent

(5%) of the Gross Monetary Recovery [as defined in the PTO] shall apply to all Covered Claims

[as defined in the PTO]." Pretrial Order No. 62, ECF No. 747, ¶ 3.a. In addition,

> Defendants are directed to withhold the Assessment from amounts paid on any
> Covered Claim and to pay the Assessment directly into the MDL 2327 Fund as a
> credit against the Settlement or Judgment. If for any reason the Assessment is not
> or has not been so withheld, the Defendants as well as the plaintiff and his or her
> counsel are jointly responsible for paying the Assessment into the MDL 2327 Fund
> promptly.

*Id.* ¶ 3.c.

---

[1] PTO # 134 amended paragraph 3.e of PTO # 62 only, leaving the remaining provisions of PTO # 62 in place.

By PTO # 201, I set forth a mechanism for reporting all payments of assessments made into the MDL 2327 Fund to the court. That process, set forth again below, will remain in place. However, I find it necessary to supplement the reporting process to collect additional information on settlements of Covered Claims to confirm that all 5% payments that must be paid into the common benefit fund by defendants pursuant to PTO # 62 (as amended by PTO # 134), are making their way to the common benefit fund. To that end, the court **ORDERS** that PTO # 201 be amended as follows:

A. MDL Settlement Summary Report

No later than April 30, 2017, Ethicon shall provide the court with a report ("MDL Settlement Summary Report") as of March 31, 2017, of *all* settlements made by Ethicon on Covered Claims as defined in PTO # 62 (as amended by PTO # 134), by plaintiff's firm or settlement group, and indicate whether 5% has been paid into the common benefit fund for that particular settlement. If not, Ethicon must estimate a date when the 5% will be paid. Thereafter, within thirty (30) calendar days of the end of each quarter, Ethicon shall update the initial MDL Settlement Summary Report to reflect all settlements reached and payments made into the MDL 2327 Fund by or on behalf of Ethicon during the preceding quarter (e.g., by July 31, 2017, Ethicon shall provide a report on all payments from April 1, 2017, through June 30, 2017). The MDL Settlement Summary Report will essentially become a running report updated and supplemented every quarter.   Such MDL Settlement Summary Reports shall be submitted to the court via email and maintained by the court in chambers for in camera review and reconciliation with the amounts received by the MDL 2327 Fund.  The MDL Settlement Summary Reports will not be filed or kept in the court Clerk's office.

A template for the MDL Settlement Summary Report is attached hereto as Exhibit A. For

each settlement on a Covered Claim, the MDL Settlement Summary Report shall set forth in a form substantially similar to Exhibit A, (1) plaintiff's counsel or group of plaintiff's counsel; (2) the maximum potential number of covered claims in the settlement group; (3) the date of execution of the applicable Master Settlement Agreement; (4) the cumulative maximum potential settlement amount under the Master Settlement Agreement; (5) the 5% assessment amount to be paid if the maximum potential settlement amount is paid; (6) the date(s) and amount(s) paid to the MDL 2327 Fund to date; and (7) the estimated date(s) of any unpaid assessments, if any.

B.  MDL Fund Report

In addition, no later than April 30, 2017, Ethicon shall provide the court with a report ("MDL Fund Report") on all payments made into the MDL 2327 Fund by or on behalf of Ethicon through March 31, 2017.[2] Thereafter, within thirty (30) calendar days of the end of each quarter, Ethicon shall provide the court with an MDL Fund Report on all payments made into the MDL 2327 Fund by or on behalf of Ethicon during the preceding quarter (*e.g.*, by July 31, 2017, Ethicon shall provide a report on all payments from April 1, 2017, through June 30, 2017).  Such MDL Fund Reports shall be submitted to the court via email and maintained by the court in chambers for in camera review and reconciliation with the amounts received by the MDL 2327 Fund.  The MDL Fund Reports will not be filed or kept in the court Clerk's office.

A template form MDL Fund Report is attached hereto as Exhibit B.  In addition, template forms for use as an exhibit to attach to the MDL Fund Reports are attached hereto as Exhibit C. For each payment made into the MDL 2327 Fund by or behalf of Ethicon, the MDL Fund Report shall set forth in a form substantially similar to Exhibit B, (1) the date of the payment to the MDL 2327 Fund; (2) the amount of the payment to the MDL 2327 Fund; (3) a wire confirmation number

---

[2] The court directs Ethicon to proceed under PTO # 62 (as amended by PTO # 134) for submission of its report for the period ending December 31, 2016.

or other proof of payment; (4) the total number of claims for which the payment to the MDL 2327 Fund was made; (5) the cumulative total amount to be paid in settlement of the claims; (6) the amount of each payment to the MDL 2327 Fund; (7) the name and other identifying information for each claimant on whose behalf the payment was made; (8) and the attorney or law firm representing each such claimant.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:17-cv-01094.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: February 2, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4