IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL WAVE 4 AND SUBSEQUENT WAVE CASES AND PLAINTIFFS:<br><br>*Vicki Fine*<br>*Case No. 2:12cv03167*<br><br>*Cynthia Newton*<br>*Case No. 2:12cv05517*<br><br>*Carol Robinson*<br>*Case No. 2:12cv05573* | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### NOTICE TO TAKE DEPOSITION OF NICOLE FLEISCHMANN, MD

TO: ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that the deposition of **NICOLE FLEISHMANN, M.D.** will take place at Riker Danzig, One Speedwell Avenue, Morristown, NJ 07962 for the following cases on the dates and times indicated below:

| DATE | PLAINTIFF | TIME |
|---|---|---|
| March 15, 2017 | General re Prolift | 9:00 a.m. |
| March 15, 2017 | General re Prolift +M | 11:30 a.m. |

Dial In: 800-747-5150

Access Code: 4873233

Chairperson: 9579 (The court reporter will be the chairperson and connect all parties.)

2

Please note that there is a fee for the use of this call-in number. The charges are as follows: $65 for up to 4 hours and $85 for anything over 4 hours per telephone participant, per day.

**PLEASE FURTHER TAKE NOTICE** that the undersigned attorneys for plaintiffs, in accordance with Rule 30 of the Federal Rules of Civil Procedure and the procedures set forth in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327, hereby notice this deposition for any and all purposes permitted by the rules of the MDL Court, and any other state or local rules that apply to this action. Plaintiffs further state that this deposition shall be conducted in accordance with and subject to the Protective Order entered in the above-referenced action and the Protective Order in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327.

**PLEASE TAKE FURTHER NOTICE** that said deposition shall take place before a duly qualified Notary Public authorized to administer oaths and shall continue from day to day until completed. Said deposition shall cover all matters relevant to the subject matter of the within action

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce within 14 days in advance of the deposition all documents and responsive items set forth in Schedule "A" attached hereto.

Dated:  February 27, 2017

        Respectfully submitted,

        /s/ D. Renee Baggett
        D. RENEE BAGGETT
        Aylstock, Witkin, Kreis and Overholtz, PLC
        17 E. Main Street, Suite 200
        Pensacola, FL 32563
        850-202-1010
        850-916-7449
        Rbaggett@awkolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2017, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ D. Renee Baggett_____
D. RENEE BAGGETT
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com

**DEFINITIONS**

1. "You," "your" and "plaintiffs" refers to plaintiffs in In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation MDL 2327, and any and all persons acting or purporting to act on their behalf.

2. "Defendants" means defendants Ethicon, Inc. and Johnson & Johnson.

3. "Document(s)" means the original and any non-identical copy thereof, regardless of origin, location, or form of storage (whether hardcopy, electronic, digital or other format), including but not limited to the following: books, pamphlets, periodicals, memoranda, letters, reports, handwritten or other notes, newsletters, telegrams, records, diaries, messages (including reports of telephone conversations or conferences), minutes, bulletins, circulars, brochures, studies, instructions, or other communications (including interoffice or intra-office communications), working papers, computer disks and/or computer printouts, charts, work assignments, drawings, prints, flow sheets, graphs, photographs, photomicrographs, microfilm, medical and hospital records and reports, X-ray film or photographs, drafts, advertisements, catalogs, purchase orders, bills of lading, bill tabulations, questionnaires, surveys, contracts, options to purchase, memoranda of agreement, assignments, licenses, books of account, orders, invoices, statements, bills (including telephone bills), checks, vouchers, papers, indices, tapes, disks, data sheets or data processing materials, or any hand-written, printed, typed, transcribed, punched, taped, filmed or other graphic material of any nature and all mechanical and electronic sound recordings thereof, however produced or reproduced, in defendants' possession, custody or control, or known by defendants to exist, or to which defendants now have or have ever had access. It shall also mean all copies of documents by whatever means made, and all drafts whether or not later finalized; and shall include any marginal notes or

other markings appearing on any such "document" or "writing."

4. "Person" or "Persons" mean any individual, including accountants or attorneys, committee or group of individuals, corporation, partnership, proprietorship, trust, association, governmental agency (whether federal, state, local or any agency of the government of a foreign country), company or any other form of business, professions or commercial enterprise or any other entity.

5. "Pelvic Mesh Product" means any implantable monofilament polypropylene mesh product sold by any manufacturer or distributor of pelvic mesh products for treatment of stress urinary incontinence or pelvic organ prolapsed.

6. "Relate" and its derivations means to concern, consist of, show, summarize, refer to, involve, reflect or have any legal, logical or factual connection with the designated matter of topic.

7. "Relating to" shall mean consisting of, referring to, reflecting, involving, summarizing, concerning or being in any way legally, logically or factually connected with the matter or topic discussed.

8. "Litigation" in this notice means In Re Ethicon, Inc., Pelvic Repairs Systems Products Liability Litigation, MDL 2327 and/or any other cases filed in any state court related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

## SCHEDULE A

1. A complete copy of deponent's current curriculum vitae.

2. Any and all documents in your possession, including but not limited to, correspondence, notes, videos, CDs, DVDs, flash or USB drives, photographs, databases or materials in other form provided to you or created by you which relate to your opinions,

expected testimony or development of your opinions in this litigation.

       3.      Any and all documents reviewed by you in preparation for this deposition.

       4.      Any and all medical records, medical bills, literature (published and unpublished), textbooks, articles, treatises, or other publication or reports reviewed by you or relied on by you in forming your opinions in this litigation.

       5.      All depositions (including summaries), pleadings or other records of any court or administrative proceeding reviewed by you in connection with your expected testimony in this litigation.

       6.      All photographs or other images including photographs of the plaintiff, the plaintiff's explanted mesh or products taken by or for you which refer or relate to your opinions in this case.

       7.      Any Ethicon products in your possession.

       8.      Any and all documents, including time sheets, invoices, time records, billing records which record or document the work performed, time spent or charges made in connection with your expert opinions in this matter.

       9.      Any communications between you and counsel for the Defendants, to the extent that such communications:

          a. Relate to your compensation;
          b. Identify facts or data that you were provided and that you considered in forming your opinions; or
          c. Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions

     10.      Any and all documents, including consulting agreements, time sheets, invoices, time records, billing records which record or document the work performed, time spent or charges made in connection with consulting related to studies, consulting work, cadaver labs, professional education training and any other work that has been

compensated by defendants or expert fees charged to Defendant related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

11. Copies of Schedule C and Form 1099 of your tax records for the preceding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants (with personal information and any other information unrelated to consulting fees redacted).

12. All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral) with any employees of Defendants related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapsed.

13. All documents, including, but not limited to emails, consulting agreements (including payment), billing statements, billing records, time records and/or invoices that pertain to deponent's work as an Ethicon consultant.

14. All documents related to deponent's involvement with Ethicon's professional education, including, but not limited to any and all power points, course materials, outlines, videos or presentations, live surgical presentations, marketing evaluations created by or provided to deponent related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

15. Any and all materials, including, but not limited to, protocols, results, adverse events, minutes for study meeting related to any clinical trials and/or studies of any type related to deponent's work as consultant for Defendant in any capacity related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary

incontinence or pelvic organ prolapse.

16. Any reports/documents, whether kept in hard copy or electronic form, relating to any other matter involving any female pelvic mesh product for treatment of stress urinary incontinence or pelvic organ prolapse.

17. Any and all documents, including transcripts or statements, between you and any governmental agency regarding any female pelvic mesh product used for treatment of stress urinary incontinence or pelvic organ prolapse.

18. Any and all documents relating to any presentations, power points or lectures regarding any female pelvic mesh product used for treatment of stress urinary incontinence or pelvic organ prolapse.

19. Any demonstrative exhibits, such as graphics or charts, prepared by or on your behalf for use at trial.