**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327** **MDL No. 2327** |
| **THIS DOCUMENT RELATES TO ALL WAVE 4 AND SUBSEQUENT WAVE CASES AND PLAINTIFFS:** | **JOSEPH R. GOODWIN** **U.S. DISTRICT JUDGE** |
| *Jeanette Roman* *Case No.:2:12cv05255* | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**"NOTICE TO TAKE DEPOSITION OF BERI RIDGEWAY, M.D."**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Defendants") hereby respond and object to Plaintiffs' "Notice to Take Deposition of Beri Ridgeway, M.D." (the "Notice") and "Schedule A" to the same.

The responses and objections contained herein are made without in any way waiving or intending to waive—but on the contrary reserving and intending to reserve—the right at any time to revise, supplement, correct, or add to these objections and responses.  Defendants note that no documents have been withheld from production on the basis of the objections set forth in this Response unless expressly stated.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS TO PRODUCE –**
**"SCHEDULE A"**

1. A complete copy of deponent's current curriculum vitae.

**RESPONSE**:  Defendants state that Dr. Ridgeway's CV was provided to Plaintiffs with her expert report in this matter.

1

2. Any and all documents in your possession, including but not limited to, correspondence, notes, videos, CDs, DVDs, flash or USB drives, photographs, databases or materials in other form provided to you or created by you which relate to your opinions, expected testimony or development of your opinions in this litigation.

**RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided. Defendants further refer to Dr. Ridgeway's materials reliance list, which was provided with her expert report in this matter.

3. Any and all documents reviewed by you in preparation for this deposition.

**RESPONSE**: Defendants object to the extent this Request on the grounds that it is overly broad and calls for the production of documents protected by the work product doctrine. Defendants also object to this Request to the extent that it seeks information outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided. Defendants further refer to Dr. Ridgeway's materials reliance list, which was provided with her expert report in this matter.

4. Any and all medical records, medical bills, literature (published and unpublished), textbooks, articles, treatises, or other publication or reports reviewed by you or relied on by you in forming your opinions in this litigation.

**RESPONSE**: Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work

product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of

Civil Procedure.   To the extent there are responsive, properly discoverable, non-privileged

documents that are reasonably available, they have been or will be provided.  Defendants further

refer to Dr. Ridgeway's materials reliance list, which was provided with her expert report in this

matter.

5.   All depositions (including summaries), pleadings or other records of any court or
     administrative proceeding reviewed by you in connection with your expected testimony
     in this litigation.

**RESPONSE**:  Defendants object to this Request as overly broad and not relevant to any

party's claim or defense and/or not proportional to the needs of the case.  Defendants further

object to the extent this Request seeks documents or information protected by the attorney work

product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of

Civil Procedure.   To the extent there are responsive, properly discoverable, non-privileged

documents that are reasonably available, they have been or will be provided.  Defendants further

refer to Dr. Ridgeway's materials reliance list, which was provided with her expert report in this

matter.

6.   All photographs or other images including photographs of the plaintiff, the plaintiff's
     explanted mesh or products taken by or for you which refer or relate to your opinions in
     this case.

**RESPONSE**:   Defendants state that, with the exception of photographs found in

scientific literature, expert reports, or medical records, they have a reasonable and good faith

belief that Dr. Ridgeway does not possess any photographs responsive to this Request.

7.   Any Ethicon products in your possession.

**RESPONSE**:  Defendants object to this request as vague, overly broad, not relevant to

any party's claim or defense and/or not proportional to the needs of the case.  Defendants have a

reasonable and good faith belief that Dr. Ridgeway does not possess any materials responsive to this Request.

8. Any and all documents, including time sheets, invoices, time records, billing records which record or document the work performed, time spent or charges made in connection with your expert opinions in this matter.

**RESPONSE**:  Defendants object to this Request as overly broad.  Defendants state that a copy of Dr. Ridgeway's invoices for this matter has been or will be provided.

9. Any communications between you and counsel for the Defendants, to the extent that such communications:

   a. Relate to your compensation;
   b. Identify facts or data that you were provided and that you considered in forming your opinions; or
   c. Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions

**RESPONSE**:  Defendants object to this Request as vague, overly broad, not relevant to any party's claim or defense and/or not proportional to the needs of the case.  To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.  Defendants further refer to Dr. Ridgeway's materials reliance list, which was provided with her expert report in this matter.

10. Any and all documents, including consulting agreements, time sheets, invoices, time records, billing records which record or document the work performed, time spent or charges made in connection with consulting related to studies, consulting work, cadaver labs, professional education training and any other work that has been compensated by defendants or expert fees charged to Defendant related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

**RESPONSE**:  Defendants object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case.  Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of

Civil Procedure.  Defendants state that a copy of Dr. Ridgeway's invoices for this matter has been or will be provided.

11. Copies of Schedule C and Form 1099 of your tax records for the preceding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants (with personal information and any other information unrelated to consulting fees redacted).

**RESPONSE**:  Defendants object to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.  Dr. Ridgeway is not producing any documents responsive to this request.

12. All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral) with any employees of Defendants related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapsed.

**RESPONSE**:  Defendants object to this Request as overly broad, vague, ambiguous, and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.  Defendants also object to this Request on the grounds that it seeks the production of documents relating to pelvic mesh products that were not used by the Plaintiff and are not at issue in this case. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

13. All documents, including, but not limited to emails, consulting agreements (including payment), billing statements, billing records, time records and/or invoices that pertain to deponent's work as an Ethicon consultant.

**RESPONSE**:  Defendants object to this Request as overly broad, unduly burdensome, vague, ambiguous, and not relevant to any party's claim or defense and/or not proportional to the needs of the case.  Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.  Defendants state that a copy of Dr. Ridgeway's invoices for this matter has been or will be provided.

14. All documents related to deponent's involvement with Ethicon's professional education, including, but not limited to any and all power points, course materials, outlines, videos or presentations, live surgical presentations, marketing evaluations created by or provided to deponent related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

**RESPONSE**:  Defendants object to this Request as overly broad, unduly burdensome, vague, ambiguous, and not relevant to any party's claim or defense and/or not proportional to the needs of the case.  Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.  To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

15. Any and all materials, including, but not limited to, protocols, results, adverse events, minutes for study meeting related to any clinical trials and/or studies of any type related to deponent's work as consultant for Defendant in any capacity related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

**RESPONSE**:  Defendants object to this request as overly broad, unduly burdensome, and vague and ambiguous.  Defendants further object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case.  Defendants further object to the extent this Request seeks documents or information protected by the

attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure. To the extent there are responsive, properly discoverable, non-privileged documents that are reasonably available, they have been or will be provided.

16. Any reports/documents, whether kept in hard copy or electronic form, relating to any other matter involving any female pelvic mesh product for treatment of stress urinary incontinence or pelvic organ prolapse.

**RESPONSE**: Defendants object to this request as vague and ambiguous. Defendants further object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.

17. Any and all documents, including transcripts or statements, between you and any governmental agency regarding any female pelvic mesh product used for treatment of stress urinary incontinence or pelvic organ prolapse.

**RESPONSE**: Defendants further object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants have a reasonable and good faith belief that Dr. Ridgeway does not possess any documents responsive to this Request.

18. Any and all documents relating to any presentations, power points or lectures regarding any female pelvic mesh product used for treatment of stress urinary incontinence or pelvic organ prolapse.

**RESPONSE**: Defendants object to this request as vague and ambiguous. Defendants further object to this Request as overly broad and not relevant to any party's claim or defense and/or not proportional to the needs of the case. Defendants further object to the extent this Request seeks documents or information protected by the attorney work product doctrine and/or outside the scope of expert discovery permitted by the Federal Rules of Civil Procedure.

19. Any demonstrative exhibits, such as graphics or charts, prepared by or on your behalf for use at trial.

**RESPONSE**:  Defendants object to this Request as premature.  Defendants will produce their trial exhibits at the time provided in the applicable Local Rules of Court and the Federal Rules of Civil Procedure.

Dated: March 6, 2017

Respectfully submitted,


*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com


*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com


COUNSEL FOR DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL No. 2327** |
| **THIS DOCUMENT RELATES TO ALL WAVE 4 AND SUBSEQUENT WAVE CASES AND PLAINTIFFS:** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |
| *Jeanette Roman Case No.:2:12cv05255* | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones