IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: WAVE 4 CASES LISTED IN EXHIBIT A | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO EXCLUDE SUZANNE PARISIAN, M.D. [WAVE 4]**

Defendants Ethicon, Inc., Ethicon LLC and Johnson & Johnson move to exclude the testimony of Plaintiffs' expert, Suzanne Parisian, M.D., in its entirety for the cases identified in Exhibit A. For the reasons stated in the Court's Memorandum Opinion and Orders in Waves 1 and 2,[1] and for the additional grounds explained below, Dr. Parisian's testimony should be excluded in its entirety.[2]

*First*, Dr. Parisian is not qualified to offer any opinions on issues such as medical causation or other scientific topics (e.g., product development, design, risks, testing,

---

[1] *In re: Ethicon Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2327, 2016 WL 4608165 (S.D.W. Va. Sept. 2, 2016) (Wave 1); *In re: Ethicon Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2327, 2017 WL 1268790 (S.D.W. Va. Mar. 29, 2017) (Wave 2).

[2] Plaintiffs' Rule 26 disclosure states that they recognize the Fourth Circuit's affirmance of this Court's exclusion of evidence of compliance with the 510(k) process and "reserve the right to designate" Dr. Parisian "[i]n the event of a contrary ruling." Exh. B: Pls. General Expert Desig., p. 2. Ethicon understands this to mean that Dr. Parisian is not designated at all if no FDA evidence is admitted, even though this is potentially inconsistent with Dr. Parisian's current disclaimer of reliance on FDA regulations. In addition, Ethicon notes that this "reservation of right to designate" in some instances puts Plaintiffs' number of experts over the allotted five.

manufacturing, studies, and the standard of care for treating physicians), and any opinions she would seek to offer on such topics are not reliable or relevant.

*Second*, Dr. Parisian should be precluded from offering testimony about Ethicon's intent, motive, state of mind or bad faith because she is not qualified to offer those opinions; she does not have a reliable basis for her opinions; and these opinions are irrelevant.

*Third,* Dr. Parisian's regulatory opinions are inadmissible because they are irrelevant; amount to legal conclusions; constitute impermissible "narrative" testimony lacking adequate analysis; and are inadmissible under Rule 403.

*Fourth,* Dr. Parisian's warnings opinions on the Prolift +M and TVT-Secur's IFU and patient brochures are inadmissible because she is not qualified in these proceedings to offer such opinions and does not employ a reliable methodology.

*Fifth,* Dr. Parisian should not be permitted to opine on foreign regulatory matters because she is not qualified to offer these opinions; the opinions are irrelevant; and she does not employ a reliable methodology.

*Sixth,* Dr. Parisian should not be permitted to opine as to any product as to which she has not prepared an expert report. The only products for which Dr. Parisian has prepared an expert report are the TVT-S and the Prolift + M. Thus, to the extent the cases identified in Exhibit A involve other products, Dr. Parisian must be precluded from offering any opinions.

Defendants incorporate by reference their Memorandum in Support and the following exhibits:

| Exhibit | Description |
|---|---|
| A | List of Applicable Cases (Wave 4) |
| B | Plaintiffs' General Expert Designation (Wave 4) |
| C | *Rheinfrank v. Abbott Labs.*, Case No. 1:13-cv-144-SJD (S.D. Ohio), Order Ruling on *Daubert* Motions (ECF No. 298) |
| D | Suzanne Parisian Expert Witness Report, MDL 2327, Jan. 30, 2016: Prolift +M |
| E | Suzanne Parisian Expert Witness Report, MDL 2327, Jan. 30, 2016: TVT-Secur |
| F | Parisian 3/8/16 Prolift +M Deposition Transcript |
| G | Parisian 3/8/16 TVT-S Deposition Transcript |
| H | Parisian 2/12/15 (Garcia) TVT-S Deposition Transcript |

FOR THESE REASONS, Defendants respectfully request that this Court enter an Order granting their Motion to Exclude Suzanne Parisian, M.D.

                Respectfully submitted,

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC., ETHICON LLC, AND JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones
