EXHIBIT G

Confidential - Subject to Stipulation and Order of Confidentiality

```
 1                    -   -   -
 2                          :SUPERIOR COURT OF
                            :NEW JERSEY
 3        IN RE:            :LAW DIVISION -
          PELVIC MESH/GYNECARE :ATLANTIC COUNTY
 4        LITIGATION        :
                            :MASTER CASE 6341-10
 5                          :
                            :CASE NO. 291 CT
 6
              CONFIDENTIAL-SUBJECT TO STIPULATION AND ORDER OF
 7                      CONFIDENTIALITY
 8                    -   -   -
 9                    May 18, 2012
10                    -   -   -
11              Transcript of the deposition of
12   SEAN M. O'BRYAN, called for Videotaped
13   Examination in the above-captioned matter, said
14   deposition taken pursuant to Superior Court Rules
15   of Practice and Procedure by and before Maryellen
16   Coughlin, a Certified Realtime Reporter,
17   Registered Professional Reporter, and Notary
18   Public for the Commonwealth of Massachusetts, at
19   the offices of Campbell Campbell Edwards &
20   Conroy, P.C., One Constitution Center, 3rd Floor,
21   Boston, Massachusetts, commencing at 10:05 a.m.
22                    -   -   -
                 GOLKOW TECHNOLOGIES, INC.
23         877.370.3377 ph| 917.951.5672 fax
                    deps@golkow.com
24
25
```

Confidential - Subject to Stipulation and Order of Confidentiality

1    warnings that a patient could be faced with that

2    are important for the patient.

3         Q.       And to the extent you had input

4    into the Prolift® IFU drafting process, you

5    certainly wanted to make sure that any warnings

6    of any significant potential risks would be

7    explicitly communicated to the intended or

8    foreseeable users of the Prolift®, correct?

9              MS. KABBASH:  Objection.

10        A.       Sure.  I rely on the medical team

11   to tell me what is significant and what is

12   important to convey into the instructions for

13   use, package insert.

14        Q.       When you worked on that project, it

15   was your understanding from an FDA regulatory

16   perspective it would not be legitimate to not

17   include warnings of potentially significant

18   adverse events based on a decision that the

19   surgeons would figure that out on their own?

20             MS. KABBASH:  Objection.

21        A.       No, that's correct.

22        Q.       Would you turn to Page 22, please.

23   It's Paragraph D, D.1.3.  The question is asked,

24   "Do the results of the design validation

25   performed as a result of this change in materials

Confidential - Subject to Stipulation and Order of Confidentiality

```
 1            A.      Yes, yes.

 2            Q.      Do you know if those were done by

 3     the TVM or the Prolift® procedure or by other

 4     procedures?

 5            A.      I can't recall.  I'm sorry.

 6            Q.      You were asked by counsel about

 7     whether or not it was your responsibility to make

 8     sure adverse events were properly communicated in

 9     the IFU, and I think you said your responsibility

10     to make sure that once medical affairs decided

11     that those adverse events belonged, were

12     significant enough that they needed to be

13     communicated because they were risks associated

14     with the Prolift®, you want to make sure that it

15     would not be presented in a confusing way,

16     correct?

17            A.      Yes.

18            Q.      And part of that would be that if

19     such a risk was known and was going -- rephrase.

20                    And part of that would be that

21     if -- rephrase.

22                    This is the last question of the

23     day.  And part of that review that you're talking

24     about would include making sure that, to the

25     extent a risk did need to be included in the IFU,
```

Confidential - Subject to Stipulation and Order of Confidentiality

```
 1      because, as you said, if it's known by medical

 2      affairs to be a risk connected to the Prolift® it

 3      should be in there, you don't want it to be

 4      presented in a confusing way, and you want it to

 5      be explicitly and clearly set forth, correct?

 6                  MS. KABBASH:  Objection.

 7          A.      That's a fair assessment, yeah.

 8                  MR. SLATER:  No other questions.

 9                  MS. KABBASH:  I think we're done.

10                  THE VIDEOGRAPHER:  Person on the

11      phone any questions?

12                  This concludes the May 18th, 2012,

13      deposition of Sean M. O'Bryan.  The number of

14      tapes used today was 3.  We are off the record at

15      4:59 p.m.

16                  (Deposition suspended/concluded

17                      at 4:59 p.m.)

18

19

20

21

22

23

24

25
```