IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL 2327 |
| **THIS DOCUMENT RELATES TO ETHICON WAVE 4 CASES:**<br><br>*Identified on Exhibit A* | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEVEN GOLDWASSER, MD

Pursuant to Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), Plaintiffs move this Court to exclude the testimony of Defendants' expert witness Harvey A. Winkler, M.D. Plaintiffs incorporate their Memorandum in Support of Motion to Exclude Expert Testimony of Harvey A. Winkler, MD, and the following exhibits:

  A. List of cases to which this Motion applies
  B. Wave 4 Expert Report of Steven Goldwasser, M.D, February 15, 2017
  C. Transcript of Deposition of Dr. Steven Goldwasser, March 29, 2017

As shown in Plaintiffs' Memorandum in Support of its Motion to Exclude the General Causation Opinions of Steven Goldwasser, M.D., which Plaintiffs are filing contemporaneously with this Motion, as well as the accompanying exhibits, Dr. Goldwasser should not be allowed to testify. His opinions should be excluded because: (1) Dr. Goldwasser does not possess the necessary qualifications to render many of his opinions; (2) his opinions are not based on sufficient facts or data; (3) Dr. Goldwasser has not established that he followed a reliable methodology to reach many of his opinions; and (4) he offers opinions regarding the *adequacy* of Ethicon's

warnings in IFUs, but he lacks the requisite qualifications to do so and has not reliably reviewed the actual regulations to testify regarding the adequacy of warnings. As Dr. Goldwasser's opinions are not the product of a reliable methodology and exceed his qualifications, his testimony should be excluded.

WHEREFORE, Plaintiff requests that the Court grant the requested Motion to Exclude the Expert Testimony of Steven Goldwasser, M.D.

Respectfully submitted April 13, 2017.

/s/ Joseph J. Zonies
Joseph J. Zonies, Esq.
Zonies Law LLC
1900 Wazee Street, Suite 203
Denver, Colorado 80202
(720) 464-5300
(720) 961-9252 (fax)
jzonies@zonieslaw.com

/s/ Thomas P. Cartmell
Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esq.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
816-531-2372 (fax)
tcartmell@wcllp.com
jkuntz@wcllp.com

/s/ D. Renee Baggett
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida 32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing **PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEVEN GOLDWASSER, M.D.** on April 13, 2017, using the Court's CM/ECF filing system, thereby sending notice of said filing to all counsel.

                                              /s/ Shea N. Shaver