IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO: WAVE 4 CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO LIMIT THE OPINIONS AND TESTIMONY OF KIM GEISINGER, M.D.**

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (collectively, "Ethicon") submit this response ("Response") to Plaintiffs' Motion to Limit the Opinions and Testimony of Kim Geisinger, M.D. [ECF 3653] and accompanying Memorandum of Law [ECF 3660].

**ARGUMENT**

**I.   Dr. Geisinger's Opinions Are Based on His Review of Medical Literature, as well as His Knowledge, Education, Training, and Experience as a Pathologist.**

Plaintiffs argue that Dr. Geisinger should not be permitted to opine that "the tissue reaction seen to both Prolene . . . and Prolene Soft . . . is an expected, non-troubling foreign body reaction that leads to good tissue ingrowth," on the grounds that he did not provide a reliable "basis for this opinion[.]" Memorandum at 3.[1] Specifically, Plaintiffs assert that the sole basis for Dr. Geisinger's opinion is his review of certain mesh explants provided to him by Ethicon's counsel in the context of litigation. *Id.* Plaintiffs ignore the fact that Dr. Geisinger's opinions are

---

[1] Plaintiffs parenthetically argue that, in addition to Dr. Geisinger's opinions regarding tissue reaction to Prolene and Prolene Soft, the Court should exclude "all other opinions derived from h[is] review of Butler Snow's provided specimens[.]" Memorandum at 5. Setting aside the fact that Plaintiffs failed to identify the opinions they seek to exclude, Ethicon submits that their argument fails for the same reason discussed in this Response. Namely, Dr. Geisinger's opinions are all based in medical literature, as well as his extensive education, training, and experience as a pathologist.

based on his review of a substantial body of medical literature, as well as his knowledge, education, training, and experience as an anatomic pathologist and cytopathologist.

As this Court has recognized:

> Under Federal Rule of Evidence 702, expert testimony is admissible if the expert is qualified . . . by knowledge, skill, experience, training, or education, and if his testimony is (1) helpful to the trier of fact in understanding the evidence or determining a fact in issue; (2) based upon sufficient facts or data; and (3) the product of reliable principles and methods that (4) have been reliably applied to the facts of the case.

*Edwards v. Ethicon, Inc.*, No. 2:12-CV-09972, 2014 WL 3361923, at *1-3 (S.D. W. Va. July 8, 2014) (quotations omitted). In assessing the reliability of an expert's opinion, a district court should consider:

(i) whether the particular scientific theory can be (and has been) tested;

(ii) whether the theory has been subjected to peer review and publication;

(iii) the known or potential rate of error;

(iv) the existence and maintenance of standards controlling the technique's operation; and

(v) whether the technique has achieved general acceptance in the relevant scientific or expert community. *See id.*

Here, although Dr. Geisinger analyzed a number of mesh explants that "confirm[] the . . . findings described in the literature" that constitutes the basis for his opinions (*see* Mot. Ex. A, Geisinger Report at 11), Ethicon states that he will not offer any causal opinions based on this review.

Rather, as his report clearly demonstrates, Dr. Geisinger bases his opinions in this litigation—including his opinions regarding the tissue reaction to Prolene and Prolene Soft—on his review of the relevant medical literature, as well as his extensive knowledge, education, training, and experience as a practicing pathologist for over 30 years. *See* Mot. Ex. A, Geisinger Report at 6-8. Indeed, in addition to the dozens of studies listed in his reliance materials, Dr.

Geisinger specifically identified peer-reviewed scientific literature by Hill, Kelly, Harrell, Huffaker, Hutchinson, Woodruff, Elmer, and others. *See id.* Dr. Geisinger also explains in detail how these peer-reviewed studies are consistent with the opinions he offers in this litigation. *See id.*

Tellingly, Plaintiffs do not even acknowledge Dr. Geisinger's discussion of this medical literature, much less demonstrate that the studies fail to support his opinions.

Ultimately, Dr. Geisinger explained that "the published data and [his] own experience shows that both Prolene . . . and Prolene Soft meshes . . . induce a minimal to mild chronic inflammatory infiltrate, with mild to moderate fibrosis[,]" (*id.* at 8), and these reactions are "expected, non-troubling," and "lead[] to good tissue ingrowth," which is "necessary for the stability of the repair," (*id.* at 6).

Dr. Geisinger's opinions are reliable because they are the product of his review of the relevant body of scientific literature, as well as his extensive education, training, and experience as a pathologist. The Court should reject Plaintiffs' transparent attempt to limit the bases for Dr. Geisinger's opinions to fit their argument, and deny Plaintiffs' Motion in its entirety.

## CONCLUSION

For these reasons, Ethicon respectfully requests that the Court deny Plaintiffs' Motion to Limit the Opinions and Testimony of Dr. Kim Geisinger, M.D.

Respectfully submitted,

*/s/ Philip J. Combs*
Philip J. Combs (W.Va. Bar #6056)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)

P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
pcombs@tcspllc.com

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
601.985.4523
christy.jones@butlersnow.com

COUNSEL FOR DEFENDANTS ETHICON, INC.,
ETHICON LLC, AND JOHNSON & JOHNSON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br>WAVE 4 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Philip J. Combs*
Philip J. Combs (W.Va. Bar #6056)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800
pcombs@tcspllc.com