## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | **Master File No. 2:12-MD-02327** <br> **MDL 2327** |
| **THIS DOCUMENT RELATES TO:** <br> **ALL WAVE 4 CASES IDENTFIED IN EXHIBIT A** | **JOSEPH R. GOODWIN** <br> **U.S. DISTRICT JUDGE** |

## DEFENDANTS' MOTION FOR LEAVE TO FILE OUT-OF-TIME MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE GENERAL OPINIONS AND TESTIMONY OF WILLIAM PORTER, M.D.

Defendants Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson (collectively, "Ethicon") move this Court to extend the time to file their Memorandum in Support of Defendants' Motion to Exclude the General Opinions and Testimony of William Porter, M.D. The proposed Memorandum Ethicon seeks to file is attached as Exhibit B to this Motion.

In support of its Motion, Ethicon shows the following:

### BACKGROUND

1. Under PTO #243, the Parties' deadline to file *Daubert* motions and briefs challenging general causation expert testimony in Wave 4 was April 13, 2017.

2. Plaintiffs designated Williams Porter, M.D. as a general causation expert in three Wave 4 cases:

   a. *Christopherson v. Ethicon, Inc.*, 2:12cv04365;

   b. *Geisinger v Ethicon, Inc.*, 2:12cv05112; and

   c. *Hahn v. Ethicon, Inc.*, 2:12cv04364.

3. On April 13, 2017, Defendants timely filed their Motion to Exclude the General Opinions and Testimony of William Porter, M.D.

4. The Motion expressly referenced a Memorandum in support to be filed simultaneously.

5. Due to administrative or possibly computer error, which is still being investigated, Defendants failed to file their Memorandum in Support of Defendants' Motion to Exclude the General Opinions and Testimony of William Porter, M.D.

6. Despite the reference in the Motion to the accompanying memorandum, no plaintiff contacted Defendants to notify them that the memorandum was not available the ECF system.

7. Defendants discovered that they had not filed the Memorandum on or about May 1, 2017, when Plaintiffs' raised the issue in their opposition briefing for the first time.

## ARGUMENT AND AUTHORITIES

8. As both Plaintiffs' and Defendants' counsel have noted in prior filings, the motions burden on both parties has been significant. Under Federal Rule of Civil Procedure 6(b)(1)(B), Ethicon's failure to file its Memorandum in Support of Defendants' Motion to Exclude the General Opinions and Testimony of William Porter, M.D. was "excusable neglect." Ethicon's Memorandum should be allowed.

9. The Fourth Circuit has cited *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), for the standard governing excusable neglect in civil cases. *See Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) (citing to *Pioneer* for the excusable neglect standard in the context of a Section 1983 civil action). In *Pioneer*, the Supreme Court held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or

2

carelessness, as well as by intervening circumstances beyond the party's control."

*Pioneer*, 507 U.S. at 388.

10. The determination of excusable neglect is an equitable determination that rests on four factors:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include . . . [1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* at 395; *see Fernandes*, 538 F. App'x at 276 (setting forth the same factors).

11. Additionally, the *Pioneer Court* recognized that excusable neglect can include acts of inadvertence:

> Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." As with [the relevant bankruptcy rule], there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters.  It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays.  Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer*, 507 U.S. at 391–92 (internal citations omitted).

12. The *Pioneer* factors strongly weigh in favor of a finding of excusable neglect in this instance:

   a. **Prejudice to the Opposing Party**. Ethicon has no objection to Plaintiffs' filing any

      Response in opposition within the same timeframe as generally allowed by PTO #243

(*i.e.*, within 14 days of the date Ethicon's Memorandum is filed), or some other timeframe chosen by the Court. Accordingly, Plaintiffs will suffer no prejudice if Ethicon is permitted to file its Memorandum.

b. **Length of the Delay and Impact on Judicial Proceedings**. Permitting Ethicon to file its Memorandum will not delay judicial proceedings. There is no trial date set or other proceeding scheduled that would be directly impacted. As noted above, Ethicon will certainly agree to an extension of Plaintiffs' opposition deadline.

c. **Reason for Delay and Movant's Good Faith**. Ethicon's failure to file its Memorandum was the result of inadvertence, not a deliberate flouting of court rules or in bad faith. Given the press of motions practice in which Ethicon was involved during the relevant time period, the Court should find that Ethicon has demonstrated excusable neglect. Moreover, Ethicon acted promptly and diligently upon discovering that the Memorandum had not been filed.

13. Having demonstrated excusable neglect, Ethicon respectfully requests that the Court grant this Motion and deem filed and consider the attached Memorandum in Support of Defendants' Motion to Exclude the General Opinions and Testimony of William Porter, M.D.

Respectfully Submitted,

**BUTLER SNOW LLP**

Dated: May 2, 2017

_____/s/Christy D. Jones_____
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010

4

Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com


_____*/s/David B. Thomas*_____
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1807
dthomas@tcspllc.com

**Attorneys for Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson**

5

36391986v1

## CERTIFICATE OF SERVICE

I certify that on May 2, 2017, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

_/s/ Christy D. Jones_

6