**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL 2327** |
| **THIS DOCUMENT RELATES TO:**<br><br>**WAVE 4 CASES LISTED IN MOTION EXHIBIT A** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE OPINIONS AND TESTIMONY OF HOWARD JORDI, PH.D.**

Defendants Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson (collectively, "Ethicon") submit this Reply in Support of their Motion to Exclude the Testimony and Opinions of Howard Jordi, Ph.D. [Doc. 3633 ("Mot.")] and Memorandum in Support [Doc. 3637 ("Defs.' Mem.")] (collectively, "Motion"). Plaintiffs' Opposition to the Motion [Doc. 3771 ("Response")] is primarily a copy of Plaintiffs' Wave 1 Response [Doc. 2186]. Ethicon hereby adopts and incorporates by reference its Wave 1 Reply in Support of its Motion to Exclude the Testimony and Opinions of Howard Jordi, Ph.D. [Doc. 2216]. In addition, Ethicon submits the following in reply:

In addition to reiterating their Wave 1 arguments, Plaintiffs rely on the Court's Wave 1 order, in which it found that Dr. Jordi's opinions about degradation were still admissible, even if Dr. Jordi cannot link this degradation to any specific complication. *See* Response at 2–3. In that Order, the Court rejected Ethicon's argument on complication opinions on the grounds that "[a] single expert need not provide all the pieces of the puzzle for their testimony to be useful to the jury in determining the ultimate issues in the case." Wave 1 Mem. Op. & Order re Jordi [ECF

No. 3278]. However, since the Court's Wave 1 order, the Fourth Circuit has made clear that "[o]ne especially important factor for guiding a court in its reliability determination is whether a given theory has been tested" and that an untested hypothesis that has not been subjected to peer review is not reliable. *Nease v. Ford Motor Co.*, 848 F.3d 219, 231–32 (4th Cir. 2017). As set forth in Ethicon's general *Daubert* motions with respect to all of Plaintiffs' material experts, there is no scientific testing—whether conducted by Plaintiffs' experts or reported in the peer-reviewed literature—that supports the hypothesis that *in vivo* degradation of Prolene causes complications. Thus, ***none*** of Plaintiffs' experts can reliably opine that the in vivo degradation of Prolene can cause complications. Without any experts who can establish general causation related to degradation, then Dr. Jordi's opinions concerning the alleged occurrence of degradation are not relevant to any issue in this trial.

Finally, Plaintiffs' Response does not address Ethicon's challenge to Dr. Jordi's reliance on published literature and unpublished Ethicon documents to support his degradation opinions. *See* Defs.' Mem. at 7–10. Because Plaintiffs have not addressed these reliability issues, Ethicon's Motion should be granted with respect to this issue.

## CONCLUSION

For all of these reasons, as well as those set forth in Ethicon's Motion, Ethicon respectfully requests that the Court grant its Motion to Exclude the Testimony of Howard Jordi, Ph.D.

Respectfully submitted,


/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
dthomas@tcspllc.com

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523

COUNSEL FOR DEFENDANTS ETHICON, INC.,
ETHICON, LLC, AND JOHNSON & JOHNSON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br><br>WAVE 4 CASES LISTED IN MOTION EXHIBIT A | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800