IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>WAVE 4 CASES LISTED IN EXHIBIT A | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE SUZANNE PARISIAN, M.D. [WAVE 4]

Defendants Ethicon, Inc., Ethicon LLC and Johnson & Johnson submit this Reply in Support of their Motion to Exclude the testimony of Plaintiffs' expert, Suzanne Parisian, M.D., in its entirety for the cases identified in Exhibit A. [ECF No. 3592 (Mot.); 3594 (Mem. in Support)].

Defendants adopt and incorporate their Reply from Wave 3 [ECF No. 3019] to address the same points raised in Plaintiffs' Memorandum in Opposition in Wave 4 [ECF No. 3788].

Otherwise, Plaintiffs' only new argument pertains to the recent decision regarding Dr. Parisian from the Sixth Circuit Court of Appeals in *Rheinfrank v. Abbott Laboratories*. *E.g.,* Def. Mem. at 4-5; Pl. Mem. at 5, 9-10. In *Rheinfrank*, the Sixth Circuit affirmed the district court's decision to exclude Dr. Parisian from testifying on "matters outside the scope of her expertise," including her opinions about the effects and risks of the product relative to other products, because she has only a regulatory background and is a "physician without any specialized understanding or expertise in" the product. *See* Def. Mem. at 4-5.

Plaintiffs seek to recast *Rheinfrank* as only an "extremely narrow ruling wholly indistinguishable from the facts of this case." Pl. Mem. at 5. Plaintiffs' effort to downplay

1

*Rheinfrank* is misguided. *Rheinfrank*, like the instant matter, was a product liability action involving a pharmaceutical product where Dr. Parisian was brought in as a "regulatory" expert. Consistent with Dr. Parisian's *modus operandi* in the countless drug and device cases where she has sought to testify, in *Rheinfrank,* like the instant matter, her opinions strayed far afield from the regulatory topics upon which she, or Plaintiffs' experts, claim she is qualified and/or uses a reliable methodology. *See* Def. Mem. at 4-5.

Indeed, Dr. Parisian is well-known for her effort to opine on nearly limitless subjects that exceed any expertise she professes. To this point, many courts have rued the day where they accepted assurances that Dr. Parisian would *not* offer certain testimony—like scientific causation testimony—and ultimately had to later strike testimony that overstepped the boundaries of Rule 702. *See* Def. Mem. at 2-3. Given this history, Plaintiffs' repeated concession that in this case Dr. Parisian will not offer such testimony (*see* Pl. Mem. at 9) should be viewed with caution. The appropriate approach is, instead, pretrial exclusion.

For the reasons set forth above, as well as in Defendants' opening motion and memorandum in Wave 4 and previously filed motions and replies, Defendants respectfully request that this Court enter an Order granting their Motion to Exclude Suzanne Parisian, M.D. Defendants pray for all other relief to which they are entitled.

Respectfully submitted,

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC., ETHICON LLC, AND
JOHNSON & JOHNSON

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones