# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO WAVE 4 CASES ON EXHIBIT A TO PLAINTIFFS' MOTION** | **JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE** |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
## DAUBERT MOTION TO PRECLUDE OR LIMIT OPINIONS OF
## DEFENSE EXPERT OLGA RAMM

i

# **TABLE OF CONTENTS**

LEGAL ARGUMENT ..................................................................................................................2

    I.    DR. RAMM'S GENERAL OPINIONS
           SHOULD BE PRECLUDED OR LIMITED ............................................................2

CONCLUSION ..............................................................................................................................3

**LEGAL ARGUMENT**

**DR. RAMM'S GENERAL OPINIONS SHOULD BE PRECLUDED OR LIMITED**

Defendants' opposition to this motion focuses primarily on statements made in Dr. Ramm's report, ignoring or minimizing fundamental concessions by Dr. Ramm in her sworn deposition testimony – concessions that should result in striking much of her general opinions.

Defendants claim that Dr. Ramm has not and will not opine on the adequacy of the IFU.[1] However, this is not true. Dr. Ramm specifically stated in her expert report that, "the IFU warns of risks specific to the device, it and the Professional education materials are informative and sufficient for the intended user, and the proffered risks outlined by Plaintiffs' experts are not necessary."[2] Furthermore, Dr. Ramm testified that she believes the two IFUs she reviewed (2015 and 2011) were both sufficient.[3] As such, it is clear that Dr. Ramm has opined and continue to opine on the adequacy and sufficiency of Ethicon TVT IFUs.

Plaintiffs' motion did—and does—seek to exclude Dr. Ramm from discussing whether certain risks were commonly known in the medical community. Defendants attempt to argue in its response brief that Dr. Ramm will not be offering opinions as to what should or should not be included in the IFU by attempting to couch her warnings opinions as risks that are "commonly known."[4] However, within the same breath, Defendants go on to state that Dr. Ramm would be offering the opinion "that risks that are within the common knowledge of physicians are risks that would not, as a matter of logic, be included in an IFU."[5] In essence, even though they claim otherwise, Defendants argue that Dr. Ramm should be allowed to opine on the accuracy and sufficiency of the IFU because, to the extent any risks were not included, those risks are

---

[1] Defs' Mem. at 2-6.
[2] Pl. Mot. Ex. B at 56.
[3] Pl. Mot. Ex. D at 45:6-12.
[4] Defs' Mem. at 2-6.
[5] Defs' Mem. at 6.

commonly known to the medical community.[6] But, as Plaintiffs set forth in their motion, Dr. Ramm is not qualified to opine on the adequacy or sufficiency of the IFU. Furthermore, she has clearly admitted that she has no knowledge of the contents in any IFU beyond the 2011 and 2015 versions. As such, Dr. Ramm should be precluded from testifying that any certain risk was commonly known in the medical community. Allowing her to provide such speculative testimony would allow Ethicon to argue that it had no duty to warn of those risks.

## CONCLUSION

For all of the foregoing reasons, in addition to the arguments set forth in Plaintiffs' Motion, Plaintiffs' *Daubert* motion to preclude or limit the opinions of Dr. Ramm should be granted.

Dated: May 4, 2017

                                                          Respectfully submitted,

                                                          /s/ Bryan F. Aylstock
                                                          Bryan F. Aylstock, Esq.
                                                          Renee Baggett, Esq.
                                                          Aylstock, Witkin, Kreis and Overholtz, PLC
                                                          17 East Main Street, Suite 200
                                                          Pensacola, Florida 32563
                                                          (850) 202-1010
                                                          (850) 916-7449 (fax)
                                                          rbaggett@awkolaw.com
                                                          baylstock@awkolaw.com

---

[6] Defs' Mem. at 2-6.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on May 4, 2017, using the Court's CM-ECF filing system, thereby sending notice of the filing to all counsel of record in this matter.

/s/ Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com