IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO WAVE 4 CASES ON EXHIBIT A TO PLAINTIFFS' MOTION** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
DAUBERT MOTION TO PRECLUDE OR LIMIT OPINIONS OF
DEFENSE EXPERT JOHN R. WAGNER**

# **TABLE OF CONTENTS**

LEGAL ARGUMENT..................................................................................................2

    I.    DR. WAGNER'S GENERAL OPINIONS
         SHOULD BE PRECLUDED OR LIMITED............................................................2

CONCLUSION............................................................................................................3

## **LEGAL ARGUMENT**

## **DR. WAGNER'S GENERAL OPINIONS SHOULD BE PRECLUDED OR LIMITED**

Defendants' opposition to this motion focuses primarily on statements made in Dr. Wagner's report, ignoring or minimizing fundamental concessions by Dr. Wagner in his sworn deposition testimony – concessions that should result in striking much of his general opinions.

First, with regard to the warnings opinions, Plaintiffs' motion did—and does—seek to exclude Dr. Wagner from discussing whether certain risks were commonly known in the medical community. Defendants attempt to argue in its response brief that Dr. Wagner will not be offering opinions as to what should or should not be included in the IFU from a regulatory perspective by attempting to couch his warnings opinions as risks that are "commonly known."[1] However, within the same breath, Defendants go on to state that Dr. Wagner would "testify about complications that are commonly known such that they need not be included in an IFU."[2] In essence, even though they claim otherwise, Defendants argue that Dr. Wagner should be allowed to opine that the IFU is accurate and sufficient from a regulatory perspective because, to the extent any risks were not included, those risks are commonly known to the medical community.[3] But, as Plaintiffs set forth in their motion, Dr. Wagner has clearly admitted that he is not an IFU expert and is unaware of the standards and criteria in drafting IFUs. Furthermore, he has admitted that he only reviewed and relied on the 2015 IFU to formulate his opinions. As such, Dr. Wagner should be precluded from testifying that any certain risk was commonly known in the medical community. Allowing him to provide such speculative testimony would allow Ethicon to argue that it had no duty to warn of those risks.

---

[1] Defs' Mem. at 2-6.
[2] Defs' Mem. at 5.
[3] Defs' Mem. at 2-6.

2

Second, with regard to design and mesh properties opinions, Defendants ignore Dr. Wagner's concession that he lacks knowledge regarding the appropriate pore size or weight of the TVT sling device. Specifically, as Plaintiffs' motion sets forth, Dr. Wagner testified that he is not an expert on mesh or medical device design. As such, Dr. Wagner should be precluded from opining on mesh design and properties.

## CONCLUSION

For all of the foregoing reasons, in addition to the arguments set forth in Plaintiffs' Motion, Plaintiffs' *Daubert* motion to preclude or limit the opinions of Dr. Wagner should be granted.

Dated: May 4, 2017

                                                Respectfully submitted,

                                                /s/ Bryan F. Aylstock
                                                Bryan F. Aylstock, Esq.
                                                Renee Baggett, Esq.
                                                Aylstock, Witkin, Kreis and Overholtz, PLC
                                                17 East Main Street, Suite 200
                                                Pensacola, Florida 32563
                                                (850) 202-1010
                                                (850) 916-7449 (fax)
                                                rbaggett@awkolaw.com
                                                baylstock@awkolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on May 4, 2017, using the Court's CM-ECF filing system, thereby sending notice of the filing to all counsel of record in this matter.

/s/ Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on May 4, 2017, using the Court's CM-ECF filing system, thereby sending notice of the filing to all counsel of record in this matter.

/s/ Bryan F. Aylstock
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com