**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327**<br>**MDL 2327**<br><br>**JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |
| **THIS DOCUMENT RELATES TO:**<br><br>**ETHICON WAVE 4 CASES LISTED IN EXHIBIT A OF PLAINTIFFS' NOTICE OF ADOPTION** | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**TO EXCLUDE THE TESTIMONY OF DR. NICOLE FLEISCHMANN, M.D.**

Plaintiffs submit the following reply to Ethicon's Opposition to Plaintiffs' Motion to Exclude Dr. Nicole Fleischmann.[1] For the following reasons, Ethicon's opposition should be rejected, and the opinions offered by Dr. Fleischmann should be excluded or limited in the Court's discretion as set forth in whole in Plaintiffs Motion to Exclude.[2]

**ARGUMENT**

**I. Dr. Fleischmann's opinions regarding mesh design must be excluded.**

As stated in Plaintiffs' original brief, Dr. Fleischmann's opinion that Ethicon's mesh devices are "not defectively designed" must be excluded because: (A) she lacks experience designing mesh devices; and (B) because such opinions state an impermissible legal conclusion.[3] In response, Ethicon merely suggests that Dr. Fleischmann is qualified "to opine upon the safety,

[1] Future references to the Ethicon Brief will be in the form "Ethicon Memo, at ___.).
[2] To the extent that Plaintiffs to not specifically reply to an argument in Ethicon's Memo, Plaintiffs incorporate their initial Memo by reference.
[3] Plaintiff Memo, at 4-5.

efficacy, and clinical significance of Ethicon's mesh products."[4] Dr. Fleischmann's opinion here is essentially that she believes these products are clinically safe and effective, and therefore, she concludes that they must have been designed appropriately. The fact that Dr. Fleischmann can point to her own clinical experience with Ethicon's mesh devices does not mean that she is therefore qualified to draw conclusions about whether the design of Ethicon's mesh devices was appropriate. As stated in Plaintiff's original brief, this Court has previously excluded the mesh design opinions of medical experts who lack expertise in mesh product design.[5] Plaintiffs pointed to Dr. Culligan, whose mesh design opinions were previously excluded by this Court because he lacked experience in mesh product design.[6] Ethicon's brief did not directly respond to this point, nor did it attempt to distinguish Dr. Fleischmann's design opinions from those of Dr. Culligan. Dr. Fleischmann's qualifications and experience do not rise to the same level as physicians that this Court has found were qualified to testify about design issues. In *Wise v. C.R. Bard, Inc.*, this Court found that Dr. Marshall Austin, who specializes in gynecologic surgical pathology, was qualified to testify about biocompatibility, but was not qualified to testify about device design.[7] In excluding Dr. Austin's design opinions, the Court noted that "[w]hile he has studied and observed the interaction between tissues and mesh products such that he can opine about biocompatibility, he has no demonstrated experience in designing or evaluating transvaginal products. Moreover, stating that the Avaulta has no 'inherent design defects' constitutes a legal conclusion that this court will not accept at trial."[8] Like Dr. Austin, Dr. Fleischmann does not have any experience in designing medical devices and the basis of her

[4] Ethicon Memo, at 6-7.
[5] Plaintiff Memo at 4.
[6] Plaintiff Memo at 4.
[7] *Wise v. C.R. Bard, Inc.*, No. 2:12-cv-01378 2015 U.S. Dist. LEXIS 16394, at *10-11 (S.D. W. Va. Feb. 11, 2015).
[8] *Id*. at *11. The Court concluded that "his opinions on whether or not the Avaulta product has a defective design are EXCLUDED."

opinions regarding the design of Ethicon's mesh devices is primarily her own clinical experience. The Court should exclude Dr. Fleischmann's opinion that the Defendant's mesh devices are designed appropriately.[9]

**II. The Court should preclude Dr. Fleischmann from offering any opinions about what information should or should not be contained in the Instructions for Use ("IFU") for Defendants' mesh devices.**

As stated in Plaintiff's original brief, this Court has previously evaluated Dr. Fleischmann's credentials and concluded that "Dr. Fleischmann does not possess the additional expertise to offer expert testimony about what an IFU should or should not include. Accordingly, Dr. Fleischmann's expert testimony about these matters is excluded."[10] The Court's ruling here should be no different.

## CONCLUSION

Ethicon, as the proponent of the expert testimony, bears the substantial burden of establishing that Dr. Fleischmann is sufficiently qualified and that the proposed testimony satisfies the applicable evidentiary standards for the admission of expert testimony. Considering the lack of experience, knowledge, and reliability inherent in the opinions discussed above, Ethicon cannot carry this burden and her testimony should be excluded.

Dated: May 4, 2017

By: /s/ Edward A. Wallace

Edward A. Wallace
Mark R. Miller
Timothy E. Jackson
Wexler Wallace LLP
55 W Monroe Street, Suite 3300
T. (312) 346-2222
F. (312) 346-0022
E. eaw@wexlerwallace.com
mrm@wexlerwallace.com

[9] Plaintiff Memo at 4.
[10] Plaintiff Memo at 5.

tej@wexlerwallace.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2017, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Edward A. Wallace