IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL WAVE 4 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
TO LIMIT THE OPINIONS AND TESTIMONY OF KIM GEISINGER, M.D.**

Plaintiffs hereby submit their *Reply in Support of Motion to Limit the Opinions and Testimony of Kim Geisinger, M.D.* In further support of their Motion, Plaintiffs respectfully show the Court as follows:

I. **ARGUMENT**

Defendants sum their argument in opposition as follows: "Plaintiffs ignore the fact that Dr. Geisinger's opinions are based on his review of a substantial body of medical literature, as well as his knowledge, education, training, and experience as an anatomic pathologist and cytopathologist." Defs.' Resp. at 1-2 [Dkt. 3778]. However, and contrary to Defendants' assertion, Plaintiffs' are seeking to exclude an opinion that is in fact based on Dr. Geisinger's review of "a number of surgical pathology specimens from the vagina and perivaginal tissues containing Prolene based meshes that were supplied to me by Butler Snow." Ex. B at 6. After this quoted statement, Dr. Geisinger goes on to detail his conclusions, which are based solely on these observations, while acknowledging his findings are consistent with his experience and the published literature. Id. Just because his findings are *consistent* with his experience and the

published literature does not lead to the conclusion that his *individual* findings are supported by sound methodology or application of sound methodology.

Immediately after Dr. Geisinger states he has formed opinions based on the pathology provided by Butler Snow, he reports the following: "Most of the explanted meshes that I recently reviewed consisted of one or two blocks . . . I looked at each <u>without</u> any clinical data, e.g., patient age, length of implant before removal;" Ex. B at 6 (underscore adde), "Overall, I witnessed what I interpreted as grade 1 degree of inflammation;" Id., "The reaction seen in these specimens is expected given that the mucosa has been disrupted and the mesh and underlying tissue have been exposed to the outside world;" Id. at 7, and "In my opinion, the neurofilament stain did not coincide with the S100 protein stain, casting some doubt on the neural nature of some of these cellular elements." Id. In short, Dr. Geisinger details how his *individual* conclusions were drawn from his examination of the pathological specimens provided by Butler Snow. As detailed in Plaintiffs' Motion, these opinions are not supported by sound methodology or application of sound methodology and should be excluded.

Defendants may have conceded this point in their Response: "Ethicon states it will not offer any causal opinions based on this review." Defs.' Resp. at 2. Notwithstanding, Defendants utilize the remainder of their Response to ultimately argue: "The Court should reject Plaintiffs' transparent attempt to limit the bases for Dr. Geisinger's opinions to fit their argument, and deny Plaintiffs' Motion in its entirety." Id. at 3. As such, Plaintiffs are unable to tell if Defendants are conceding Plaintiffs' Motion or opposing the same and have replied to Defendants' arguments here. Therefore, for the reasons stated in Plaintiffs' Motion and in the instant Reply, Plaintiffs respectfully request the Court grant Plaintiffs' Motion.

Dated: May 4, 2017

        Respectfully submitted,

        By: /s/ John R. Crone
        John R. Crone (CO Bar No. 48284)
        ANDRUS WAGSTAFF, P.C.
        7171 W. Alaska Dr.
        Lakewood, CO 80226
        Telephone: (303) 276-6360
        Fax Phone: (303) 376-6361
        John.Crone@andurswagstaff.com
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2017, a true and correct copy of Plaintiffs' *Reply in Support of Motion to Limit the Opinions and Testimony of Kim Geisinger, M.D.* was served via electronic mail with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

Dated: May 4, 2017

Respectfully submitted,

By: /s/ John R. Crone
ANDRUS WAGSTAFF, P.C.
7171 W. Alaska Dr.
Lakewood, CO 80226
Telephone: (303) 376-6360