Exhibit 1

```
                                              FILED
                                        CLERK, U.S. DISTRICT COURT

                                              Mar 3, 2017

                                        CENTRAL DISTRICT OF CALIFORNIA
                                        BY:      PMC        DEPUTY
```

# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>Claimant-Plaintiff,<br><br>vs.<br><br>CALDERA MEDICAL, INC., and DENISE M. FLANIGAN, ROSIE JEAN BATES, TAMMY L. MCILROY, BRENDA DEYO, SUSAN STONE, KIMBERLY DURHAM, ELAINE TACK, SHARON PEER, ELIZABETH BAILEY, BARBARA COE, DOREEN ESPARZA, CLARA PERELKA, PEGGY GRUBBS, CONNIE WILLIAMSON, CHRISTINE MATHEWS, KATRINA BAKER, DAWN BURNHAM, NANCY ROBERTS, GLENDA THORNE, BENELLA OLTREMARI, PHYLLIS W. BROWN, JOANNE MONGEAU, SYBIL WASHINGTON, and CELINES RAMIREZ, and all others similarly situated<br><br>Claimants- Defendants. | CASE NO. 2:15-cv-00393-SVW-PJW<br><br>Honorable Stephen V. Wilson<br><br>[~~JOINT PROPOSED~~] JUDGMENT AND BAR ORDER |

# JUDGMENT

I. On January 25, 2016, this Court issued an Order (Dkt. No. 217) granting the Joint Motion for Preliminary Settlement Approval, Preliminary Settlement Class Certification, and Class Notice (Dkt. No. 209), filed by (i) Federal Insurance Company ("Federal"), (ii) Caldera Medical, Inc. ("Caldera"), and (iii) Claimant-Defendants, Denise M. Flanigan, Rosie Jean Bates, Tammy L. Mcilroy, Brenda Deyo, Susan Stone, Kimberly Durham, Sharon Peer, Elizabeth Bailey, Barbara Coe, Doreen Esparza, Clara Perelka, Peggy Grubbs, Connie Williamson, Christine Mathews, Katrina Baker, Dawn Burnham, Nancy Roberts, Glenda Thorne, Benella Oltremari, Phyllis W. Brown, Joanne Mongeau, Sybil Washington, and Celines Ramirez (collectively, the "Named Claimant-Defendants")[1].

II. Notice was provided to the proposed Settlement Class as directed by the Court. The Parties then timely filed a Joint Motion for Final Settlement Approval and Class Certification (Dkt. No. 239); and Celines Ramirez timely filed a Motion for an Order Authorizing Payment of Attorneys' Fees and Costs (Dkt. No. 224). The Court initially denied both motions. Subsequently, the Parties refiled a Joint Motion for Final Settlement Approval and Class Certification (Dkt. No. 270); and Celines Ramirez refiled a Motion for Fees (Dkt. No. 271). On January 31, 2017, the Court issued an Order granting both Motions (Dkt. No. 306).

Therefore, for the reasons stated in the Court's Orders of January 25, 2016 (Dkt. No. 217) and January 31, 2017 (Dkt. No. 306),

IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The Settlement is approved. The Settlement is made in good faith; and is fair, reasonable, adequate, and consistent with due process.

---

[1] Unless otherwise defined, all capitalized terms used herein have the definitions ascribed to them by the Settlement Agreement filed with the Court as Exhibit I to the Declaration of Richard R. Johnson in Support of Joint Motion for Preliminary Approval of Settlement (Dkt. No. 209-2).

2. The Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(1)(B). Celines Ramirez is approved as the Class Representative. David Bricker, Esq., of Waters, Kraus and Paul, is approved and appointed as Class Counsel.

3. Federal shall pay the $12,250,000 Settlement Sum to Class Counsel within 15 days of the date on which the Settlement becomes Effective in accordance with Paragraph 2.1 of the Settlement Agreement or at any earlier time to which the Parties agree.

4. The Settlement Sum paid to Class Counsel pursuant to the Settlement Agreement shall be the sole source of recovery for any person who is eligible for membership in the Settlement Class and any other person or entity who, as of the May 2, 2016 TVM Cutoff Date, has any actual or alleged claim(s) against Federal, Caldera, and/or any other Insured(s) or Contractual Indemnitee(s) (including Biomedical Structures, Encision, Coloplast [on its own behalf and as successor in interest to Mpathy], Parker Hannifin, and J-PAC LLC, including any parent, subsidiary, legal or equitable predecessor or successor company to the foregoing, but expressly excluding American Medical Systems, Inc. [but only to the extent that the claim{s} against them involve Caldera Pelvic Products]), based upon, arising out of, or in any way related to or involving, directly or indirectly, in whole or in part, any Caldera Pelvic Product-Related Injuries.

5. The distribution of the Settlement Sum to the members of the Settlement Class shall be made in accordance with the distribution plan attached as Exhibit 1.

6. The Court awards the total of $670,020 for common-benefit attorneys' fees and costs. The hours worked by Class Counsel and Cornerstone Law Group were reasonable and necessary. The hourly rates requested, including the rate of $750 per hour for David Bricker as Class Counsel and the rate of $700 per hour for Gordon Renneisen, are reasonable. The award for fees and costs shall be paid out of the Settlement Sum before any funds are distributed to the members of the Settlement

Class. Upon receipt of the Settlement Sum, Class Counsel shall distribute the award for fees and costs in accordance with the schedule attached as Exhibit 2.

7. To the extent that it is necessary to make any supplemental distribution of funds from the Settlement Sum, that distribution shall go forward at the time and in the manner specified by Exhibit 3.

8. Any person who is or wishes to be a member of the Settlement Class, and wishes to receive funds from the Settlement Sum, must have filed a Proof of Claim in the form attached to the Settlement Agreement as Exhibit C by the May 2, 2016 TVM Cutoff Date set forth in this Court's Order preliminarily approving the Settlement. Any such person, including without limitation the at least 2710 claimants who had filed suit or presented tolled claims against Caldera as of the date the Settlement Agreement was signed, who failed timely to file a Proof of Claim shall be forever barred from collecting any portion of the Settlement Sum or asserting, directly or indirectly, any claim(s) based upon, arising out of, or in any way related to or involving, directly or indirectly, in whole or in part, any Caldera Pelvic Product-Related Injuries against Federal, Caldera, and/or any other Insured(s) or Contractual Indemnitee(s) (including Biomedical Structures, Encision, Coloplast [on its own behalf and as successor in interest to Mpathy], Parker Hannifin, and J-PAC LLC, including any parent, subsidiary, legal or equitable predecessor or successor company to the foregoing, but expressly excluding American Medical Systems, Inc. [but only to the extent that the claim{s} against them involve Caldera Pelvic Products]).

9. Within thirty (30) days after the date on which this Judgment becomes a Final Judgment, Class Counsel shall, on behalf of the Settlement Class, file requests to dismiss with prejudice, from all litigation based upon, arising out of, or in any way related to or involving, directly or indirectly, in whole or in part, any Caldera Pelvic Product-Related Injuries, Caldera and any other Insureds and Contractual Indemnitees (including Biomedical Structures, Encision, Coloplast [on its own behalf and as successor in interest to Mpathy], Parker Hannifin, and J-PAC LLC, including any

parent, subsidiary, legal or equitable predecessor or successor company to the foregoing [and expressly excluding American Medical Systems, Inc.], but only to the extent that such litigation is based upon Caldera Pelvic Product[s]) including without limitation the at least 602 claimants who had filed suit against Caldera as of the date the Settlement Agreement was signed. Class Counsel shall also, on behalf of the Settlement Class, represent and warrant that all tolled claims based upon, arising out of, or in any way related to or involving, directly or indirectly, in whole or in part, any Caldera Pelvic Product-Related Injuries, and all other known claims asserted against Caldera involving Caldera Pelvic Product(s), are deemed withdrawn and shall not be filed in any court, including without limitation the at least 2710 claimants who had presented tolled claims against Caldera as of the date the Settlement Agreement was signed. All such litigation shall remain stayed pursuant this Court's August 7, 2015 Order until such dismissals with prejudice become effective.

10. Any other person who had actual or alleged Caldera Pelvic Product-Related Injuries as of the TVM Claim Cutoff Date, or anyone acting or purporting to act on their behalf, is hereby and forever barred from asserting any claim(s) against Federal, Caldera, and/or any other Insured(s) and/or Contractual Indemnitee(s) (including Biomedical Structures, Encision, Coloplast [on its own behalf and as successor in interest to Mpathy], Parker Hannifin, and J-PAC LLC, including any parent, subsidiary, legal or equitable predecessor or successor company to the foregoing, but expressly excluding American Medical Systems, Inc. [but only to the extent that the claim{s} against them involve Caldera Pelvic Products]), arising out of any actual or alleged Caldera Pelvic Product-Related Injuries as a result (directly or indirectly, in whole or in part) of any Caldera Pelvic Product, or any other claim for which a Proof of Claim could have been provided.

11. This Judgment shall operate as a complete defense against, and bar to:

a. Any claim(s) against Federal based upon, arising out of, or in any way related to or involving, directly or indirectly, in whole or in part any of the Policies; and

  b. Any claim(s) for which a Proof of Claim could have been provided, by any person or entity, against Federal, Caldera, or any Insureds and/or Contractual Indemnitees (including Biomedical Structures, Encision, Coloplast [on its own behalf and as successor in interest to Mpathy], Parker Hannifin, and J-PAC LLC, including any parent, subsidiary, legal or equitable predecessor or successor company to the foregoing, [but only to the extent that the claim{s} against them involve Caldera Pelvic Products] and expressly excluding American Medical Systems, Inc.), based upon, arising out of, or in any way related to or involving, directly or indirectly, in whole or in part, any Caldera Pelvic Product-Related Injuries and/or any of the Policies.

  12. This Judgment shall operate to forever bar, release, and discharge:

  a. Any and all further claims, by any person or entity, against Federal based upon, arising out of, or in any way related to or involving, directly or indirectly, in whole or in part, any of the Policies; and

  b. Any and all further claims for which a Proof of Claim could have been provided, by any person or entity, against Federal, Caldera, or any Insureds and/or Contractual Indemnitees (including Biomedical Structures, Encision, Coloplast [on its own behalf and as successor in interest to Mpathy], Parker Hannifin, and J-PAC LLC, including any parent, subsidiary, legal or equitable predecessor or successor company to the foregoing, [but only to the extent that the claim{s} against them involve Caldera Pelvic Products] and expressly excluding American Medical Systems, Inc.), including (without limitation) for contribution or indemnity, which are based upon, arising out of, or are in any way related to or involving, directly or indirectly, in whole or in part, any Caldera Pelvic Product-Related Injury or any of the Policies.

  13. The Policies (and all extensions thereof) shall be deemed to be fully exhausted and completely terminated and Federal (notwithstanding any other provision of this Judgment) no longer owes to Caldera or any other persons or entities any duties or monies thereunder (apart from the specific sum that has been held in reserve by

Federal for payment of Defense Costs and paid as described in the Settlement Agreement).

14. ~~This Court shall retain jurisdiction for purposes of (i) enforcing this Judgment and Bar Order, its prior Orders, and the Settlement Agreement (ii) taking any other action necessary to the implementation of this Judgment and Bar Order and the Settlement Agreement, and (iii) distribution of the Settlement Sum.~~

15. Once this Judgment has become final, Federal's pending Motion for Partial Summary Judgment regarding coverage issues (Dkt. No. 113) shall be deemed withdrawn.

16. Within five business days of receiving the Settlement Sum from Federal, Class Counsel shall file with this Court a Notice of Payment confirming that the Settlement Sum has been paid. Once the Notice of Payment has been filed, the bond on the Policies filed by Federal with this Court automatically shall be discharged; and any and all claims asserted in this action by any party, intervenor, or other person or entity – including any claim to any proceeds of the subject *res*, *i.e.*, the Federal Policies – automatically shall be dismissed with prejudice.

Dated: March 3, 2017

_____
Hon. Stephen V. Wilson
United States District Judge

# EXHIBIT 1 – DISTRIBUTION PLAN

A. The total Settlement Sum is $12.25 million.

1. Pursuant to Paragraph 4.2 of the Settlement Agreement, $500,000 of the Settlement Sum is reserved as a Holdback to cover future, unreleased claims relating to Caldera products.

2. Out of the remaining $11.75 million, Class Counsel shall pay $500,000 to cover administrative costs, including costs previously incurred for class notice and the fees of the settlement administrator; and shall distribute $670,020 in accordance with Exhibit 2 to cover common benefit attorneys' fees and costs.

3. The remaining total of $10,579,980 is available to be distributed to the Settlement Class.

B. Scott Freeman and The Settlement Alliance will serve as settlement administrator (the "Administrator"). Working under the direction of Class Counsel, the Administrator shall distribute the $10,579,980 in available funds in accordance with Paragraphs C-G of this Exhibit.

C. Only "Eligible Class Members" may receive distributions from the Settlement Sum. In order to qualify as an "Eligible Class Member" a Class Member must have satisfied the following requirements.

1. The Class Member must have submitted a Proof of Claim form on or before the May 2, 2016 TVM Claim Cut-Off date.

2. If the Class Member timely submitted a Proof of Claim form, but submitted medical records in an improper format, or failed to sign the form, complete the form, or provide all information and supporting documentation requested by the form, then the Class Member must have corrected all such deficiencies on or before May 1, 2017.

3. The Class Member must have submitted an individual signed release on or before August 14, 2017.

4. The Class Member must have submitted, or the Lien Resolution Administrator appointed pursuant to Section 9 of the Settlement Agreement must have obtained, a no lien letter or final lien letter from Medicare (collectively "Medicare Lien Letters") acknowledging that there are no Medicare liens or that all Medicare liens have been satisfied.

D. The Lien Resolution Administrator appointed pursuant to Section 9 of the Settlement Agreement is authorized to obtain Medicare Lien Letters on behalf of all Class Members who timely submitted Proof of Claim forms and timely cured any deficiencies in their submissions.

E. In order to fairly, reasonably, and efficiently allocate the settlement proceeds, the Administrator will employ the following plan.

1. The Administrator will first divide all Eligible Class Members into three categories or levels.

- **Level 1** will consist of Eligible Class Members who were implanted with a Caldera Pelvic Product; but who have not undergone any surgical revision or explant relating to the Caldera Pelvic Product.
- **Level 2** will consist of Eligible Class Members who were implanted with a Caldera Pelvic Product; and who have undergone one surgical revision or explant relating to the Caldera Pelvic Product.
- **Level 3** will consist of Eligible Class Members who were implanted with a Caldera Pelvic Product; and who have undergone two or more surgical revisions or explants relating to the Caldera Pelvic Product.

2. With respect to each category, all claims in the category will be treated equally.

3. The Administrator will determine a set number of points to be assigned to the claims in each category. It is presently anticipated that the point allocation will be Level 1 – one point; Level 2 – five points; Level 3 – eight points. However, the Administrator will have the authority and discretion to adjust these allocations after

reviewing all medical records and other information submitted on or before the May 1, 2017 deficiency-cure deadline.

4. The Administrator will determine a uniform dollar value per point by dividing $10,579,980 by the total number of points awarded to all claims.

5. To determine the sum to be allocated to each Eligible Class Member, the total number of points assigned to her claim will be multiplied by the uniform dollar value per point.

6. In accordance with Section 9 of the Settlement Agreement, the Administrator may make deductions from the sums allocated to each Eligible Class Member in order to cover the fees of the Lien Resolution Administrator; but may not make any other deductions from those allocations.

F. The distribution of funds, and the completion of related tasks, shall proceed in accordance with the following schedule.

- **Deficiency Cure Deadline**: May 1, 2017 – last day for claimants to correct incomplete or unsigned forms; or to submit missing medical records; or to submit records in the form requested by the Administrator;
- **Initial Allocation Deadline**: July 24, 2017 – last day for the Administrator to notify each claimant, or her counsel, of the Level to which her claim is assigned and the total sum allocated for payment on her claim.
- **Allocation Appeal Deadline**: August 7, 2017 – last day for any claimant to ask the Administrator to reconsider her initial allocation.
- **Release Submission Deadline**: August 14, 2017 – last day for any claimant who has not already done so to submit a signed, individual release.
- **Final Allocation Deadline**: August 21, 2017 – last day for the Administrator to notify each claimant, or her counsel, of the final determination regarding the Level to which her claim is assigned and the total sum allocated for payment on her claim

-9-
JUDGMENT AND BAR ORDER

- **Distribution Deadline**: September 20, 2017 – last day for the Administrator to begin distributing funds to Eligible Class Members (except as otherwise provided by Paragraph G).

G.  Class Counsel will have the authority and the discretion to extend the September 20, 2017 Distribution Deadline if additional time is needed in which to obtain Medicare Lien Letters. Class Counsel will post notice of any such extension on the website that the Administrator maintains to provide information to the Settlement Class.

# EXHIBIT 2 – SCHEDULE FOR FEE AND COST PAYMENTS

A. Upon receipt of the Settlement Sum, Class Counsel shall promptly pay out of the Settlement Sum a total of $670,020 to cover attorneys' fees and costs incurred for the common benefit of the Settlement Class. The $670,020 is to be distributed as follows.

1. The sum of $227,948.50 is to be distributed by Class Counsel to firms on the Claimants Steering Committee[2] as reimbursement for out-of-pocket payments previously made to Gordon W. Renneisen and Cornerstone Law Group for attorneys' fees and costs incurred for the common benefit of the Settlement Class.

2. The sum of $52,850.50 is to be distributed by Class Counsel to firms on the Claimants' Steering Committee as reimbursement for other out-of-pocket costs incurred for the common benefit of the Settlement Class.

3. The sum of $168,780.50 is to be distributed by Class Counsel to Gordon W. Renneisen and Cornerstone Law Group to cover Cornerstone fees and costs that were incurred for the common benefit of the Settlement Class prior to January 1, 2016 and for which Cornerstone has not yet received any payment.

4. The sum of $50,000.00 is to be distributed by Class Counsel to Gordon W. Renneisen and Cornerstone Law Group to cover Cornerstone fees and costs that were incurred between January 1, 2016 and May 26, 2016 for the common benefit of the Settlement Class for which Cornerstone has not yet received any payment.

5. The sum of $20,437.50 is to be distributed by Class Counsel to David Bricker and Waters Kraus & Paul to cover attorneys' fees and costs incurred before May 26, 2016 by attorney Bricker in his capacity as Class Counsel and for the benefit of the Settlement Class.

---

[2] The Steering Committee consists of the following law firms: Waters Kraus & Paul, El Segundo, CA; Robinson Calcagnie Robinson Shapiro Davis, Inc., Newport Beach, CA; Levin Simes, LLP, San Francisco, CA; Clark Love & Hutson, LLP, Houston, TX; and Aylstock, Witkin, Kreis & Overholtz, PLLC, Pensacola, FL.

6. The sum of $150,000.00 is to be distributed to Class Counsel and used by Class Counsel as a set-aside to pay attorneys' fees and costs incurred by Class Counsel or Cornerstone Law Group for the benefit of the Settlement Class and not covered by the distributions described above – including, without limitation, attorneys' fees and costs that will be incurred by Class Counsel in connection with the administration of the Settlement and the management of the Settlement Sum.

# EXHIBIT 3 – SUPPLEMENTAL DISTRIBUTIONS

A. Pursuant to Paragraph 4.2 of the Settlement Agreement, any portion of the $500,000 reserved as a Holdback to cover future, unreleased claims relating to Caldera products that remains unspent five years after the Settlement becomes Effective shall be distributed to the Settlement Class.

B. Accordingly, within five years and 60 days after the Settlement becomes Effective, Class Counsel shall file with the Court a report and declaration confirming that all funds withdrawn from the $500,000 Holdback were used to cover Defense Costs, judgments, and/or settlements incurred in connection with claims against Caldera and/or Other Insureds and/or Contractual Indemnitees as allowed by the Settlement Agreement; identifying any unused portion of the Holdback; and proposing a plan for distributing any such remaining funds.

C. This report and declaration also shall contain a section confirming that the $150,000 set-aside for attorneys' fees and costs described by Paragraph A.6 of Exhibit 2 was used to cover attorneys' fees and costs incurred for the common benefit of the Settlement Class; identifying any unused portion of the set-aside; and proposing a plan for distributing any such remaining funds.

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                              MDL NO. 2327

---

THIS DOCUMENT RELATES TO THE CASES
ON THE EXHIBIT ATTACHED HERETO

### [PROPOSED] ORDER DISMISSING CALDERA MEDICAL, INC.

PLEASE TAKE NOTICE that upon consideration of plaintiffs and defendant Caldera Medical, Inc.'s ("Caldera") joint request for a dismissal with prejudice of all cases in the MDL against Caldera and any other Insureds and Contractual Indemnitees, and good cause appearing therefor, it is hereby ORDERED:

1. Plaintiffs and Caldera's Joint Request for Dismissal is GRANTED; and

2. All cases on the chart attached hereto as Exhibit 1 are DISMISSED WITH PREJUDICE as to Caldera.

**IT IS SO ORDERED.**

Dated: _____        _____
                                      Honorable Joseph R. Goodwin

Exhibit 1

## Cases to be Dismissed as to Caldera Medical, Inc.

| Case | Defendant(s) to be Dismissed |
|---|---|
| Clark-Ajemian, Sheila<br>MDL No. 2327<br>Docket: 13cv22100 | Caldera Medical, Inc. |
| Commarata, Rose & Joe<br>MDL No. 2327<br>Docket: 14cv4170 | Caldera Medical, Inc. |
| Dotson, Kim & Terry<br>MDL No. 2327<br>Docket: 13cv01225 | Caldera Medical, Inc. |
| Kelley, Norma & Dennis<br>MDL No. 2327<br>Docket: 14cv29174 | Caldera Medical, Inc. |
| Ryan, Tami<br>MDL No. 2327<br>Dockeet: 14cv17149 | Caldera Medical, Inc. |
| Spohrer, Marie & James<br>MDL No. 2327<br>Docket: 13cv7389 | Caldera Medical, Inc. |
| Stallman, Diane & Craig<br>MDL No. 2327<br>Docket: 12cv484 | Caldera Medical, Inc. |
| Stiffler, Cheryl & Michael<br>MDL No. 2327<br>Docket: 13cv22635 | Caldera Medical, Inc. |
| Sugg, Lenda & Ernest<br>MDL No. 2327<br>Docket: 12cv6033 | Caldera Medical, Inc. |