IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT
OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.
         PELVIC SUPPORT SYSTEMS,
         PRODUCTS LIABILITY LITIGATION          MDL 2327

---

THIS DOCUMENT RELATES TO THE CASE(S)
IN EXHIBIT(S) A ATTACHED HERETO

## INACTIVE DOCKET ORDER

The Court has been advised by counsel[1] that in the cases listed on the attached Exhibit A, the plaintiff(s) and Ethicon, Inc., Johnson & Johnson and where named, Ethicon LLC (hereinafter collectively referred to as "Ethicon") have agreed to a settlement model with regard to Ethicon. The Court therefore finds it unnecessary to conduct further proceedings or to keep these cases on the active docket.  Accordingly, the Court **ORDERS** as follows:

1. All discovery deadlines are continued until further order of the Court.

2. That the Clerk retire each of the cases listed on the attached Exhibit from the active docket.

3. Plaintiffs and Ethicon may submit an agreed order of dismissal with prejudice on or before October 31, 2017; if settlements are not finalized and dismissal orders are not submitted by October 31, 2017, then the

---

[1] In some cases, plaintiffs' counsel who appear for a particular plaintiff(s) have authorized other counsel to act on that counsel's behalf regarding settlement matters.

36580513v1

Court will have a hearing to determine the appropriate action pertaining to any remaining cases on the inactive docket.

Counsel for plaintiff(s) and defendant(s) are directed to provide quarterly reports as to their progress in dismissing cases on the inactive docket. The Court is aware that counsel have agreed to a settlement model for a group of cases and claims, including those on Exhibit A. The Court will reinstate any case on the attached Exhibit to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to: (1) an individual plaintiff's refusal or inability to consummate settlement, such motion must be accompanied by an affidavit from plaintiff explaining such refusal or inability; or, (2) an inability of plaintiff's counsel to comply with the terms of any settlement agreements, such motion must be accompanied by an affidavit from plaintiff's counsel explaining such inability.

The Court **DIRECTS** the Clerk to file a copy of this order in MDL No. 2327 and in the individual cases listed on the attached Exhibit and to link this Order to the Proposed Inactive Docket Order filed at ___3921___.   The Clerk is further DIRECTED to send a copy of this Order to counsel of record and any unrepresented party.

Respectfully submitted,


  *s/ Christy D. Jones*

Christy D. Jones
BUTLER SNOW LLP
P.O. Box 6010
Ridgeland, MS  39158
601-948-5711
christy.jones@butlersnow.com


*Counsel for Defendants*

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

EXHIBIT A

Harrison Davis Steakley Morrison

| Plaintiff Last Name | Plaintiff First Name | Civil Action No. |
|---------------------|----------------------|------------------|
| Domnick             | Yohlanda             | 2:13-cv-00182    |

ButlerSnow 36433123v1

36580513v1