# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO CASE:<br><br>WAVE 5 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## NOTICE OF DEPOSITION OF DR. SCOTT A. GUELCHER

**TO: ALL COUNSEL OF RECORD**

    **PLEASE TAKE NOTICE** that the deposition of **SCOTT GUELCHER** will take place on June 30, 2017 at 9:00 a.m. CST, at Butler Snow LLP, 150 3rd Ave., South, Suite 1600, Nashville, Tennessee 37201, (615) 651-6700.

    **PLEASE FURTHER TAKE NOTICE** that the undersigned attorneys for defendants Ethicon, Inc. and Johnson & Johnson in accordance with Rule 30 of the Federal Rules of Civil Procedure, the procedures set forth in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327, Defendants Ethicon Inc. and Johnson & Johnson hereby notice this deposition for any and all purposes permitted by the rules of the MDL Court, and any other state or local rules that apply to this action. Defendants Ethicon, Inc. and Johnson & Johnson further state that this deposition shall be conducted in accordance with and subject to the Protective Order entered in the above-referenced action and the Protective Order in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327

**PLEASE TAKE FURTHER NOTICE** that said deposition shall take place before a duly qualified Notary Public authorized to administer oaths and shall continue from day to day until completed. Said deposition shall cover all matters relevant to the subject matter of the within action.

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce any document reviewed by the deponent, prior to the commencement of the deposition, to prepare for the deposition and/or to refresh the deponent's recollection regarding the facts of this case, as well as all documents requested on Schedule A.

Dated: June 22, 2017

        Respectfully submitted,

        /s/ David B. Thomas_____
        David B. Thomas (W. Va. Bar #3731)
        Thomas Combs & Spann PLLC
        300 Summers Street
        Suite 1380 (25301)
        P.O. Box 3824
        Charleston, WV 25338
        (304) 414-1807
        dthomas@tcspllc.com


        /s/ Christy D. Jones_____
        Christy D. Jones (MS Bar #3912)
        Butler Snow LLP
        1020 Highland Colony Parkway
        Suite 1400
        Ridgeland, MS 39157
        P.O. Box 6010
        Ridgeland, MS 39158-6010
        (601) 985-4523
        Christy.jones@butlersnow.com


        **ATTORNEY FOR DEFENDANTS**
        **ETHICON, INC. AND JOHNSON & JOHNSON**

## EXHIBIT A

## DEFINITIONS

1. "You" or "Your" refers to the witness, SCOTT GUELCHER.

2. "Plaintiff" refers to each of the Plaintiffs referenced in the above styled litigation.

3. The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

4. The terms "relating to" and "related to" mean in whole or in part or in any way constituting, containing, concerning, embodying, evidencing, reflecting, describing, analyzing, identifying, stating, dealing with, referring to or pertaining to.

5. Words used in the singular shall, where the context permits, include the plural, and words used in the plural shall, where the context permits, include the singular.

6. The use of a verb tense shall be construed as the use of that verb in all other tenses.

7. The term "Communication," as used in these Requests, is intended to have the broadest possible meaning and shall include any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, including but not limited to letters, memoranda, PowerPoint presentations, email, text message, telegram, telex, internet-based meetings, or other written or electronic Document or files; (2) oral contact, whether by face-to-face meetings, internet-based meetings, video conferences, telephonic conversations, or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

8. As used throughout, "Document" means any written or graphic matter however produced or reproduced. "Document" also includes writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in Your possession, custody, or

control, or known by You to exist, irrespective of whether the writing is one intended for or transmitted internally by You, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs; circulars; announcements; advertisements; instructions; schedules; minutes; summaries; notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills; statements and other records of obligations and expenditures; canceled checks; vouchers; receipts and other records of payments; ledgers; journals; balance sheets; profit and loss statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports; evaluations; advises; recommendations; commentaries; conclusions; studies; test plans; procedures; data; reports, results, and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other materials the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. "Document" also means and includes all

original and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, phone-records, recordings or other data compilations from which information can be obtained, translated, if necessary, by You through detection devices into reasonably usable form, and tangible things. These terms also include any communications passing between Your agents, representatives, or employees.

## DOCUMENT REQUESTS

1. All Documents and Communications (including but not limited to (i) protocols, (ii) interim and final results, (iii) raw data, (iv) supplemental data, (v) reports of adverse events, (vi) informed consents, (vii) investigator brochures, (viii) publications and submissions, (ix) materials and minutes for any study meeting, (x) information regarding specimens and materials, and (xi) communications with co-authors, patients, health authorities, sponsors, investigators, or institutional review boards) relating to A.D. Talley, B.R. Rogers, V. Iakovlev, R.F. Dunn, and S.A. Guelcher, *Oxidation and Degradation of Polypropylene Transvaginal Mesh*, J. of Biomaterials Sci: Polymer Ed. (2017).

2. All Documents and Communications (including but not limited to (i) protocols, (ii) interim and final results, (iii) raw data, (iv) supplemental data, (v) reports of adverse events, (vi) informed consents, (vii) investigator brochures, (viii) publications and submissions, (ix) materials and minutes for any study meeting, (x) information regarding specimens and materials, and (xi) communications with co-authors, patients, health authorities, sponsors, investigators, or institutional review boards) relating to any other study, analysis, test, clinical trial or epidemiological study concerning polypropylene or Prolene in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.

3. All Documents and Communications (including but not limited to (i) protocols, (ii) interim and final results, (iii) raw data, (iv) supplemental data, (v) reports of adverse events, (vi) informed consents, (vii) investigator brochures, (viii) publications and submissions, (ix) materials and minutes for any study meeting, (x) information regarding specimens and materials, and (xi) communications with co-authors, patients, health authorities, sponsors, investigators, or institutional review boards) relating to any study, analysis, test, clinical trial or epidemiological study concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence— regardless as to the material from which the mesh was made—in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.

4. All Documents and Communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to polypropylene or Prolene.

5. All Documents and Communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

6. All Documents and Communications relating to presentations or lectures given or contributed to by you which concerned polypropylene or Prolene.

7. All Documents and Communications relating to presentations or lectures given or contributed to by you which concerned pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

8. All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation to be paid to You for study and testimony in this case.

9. All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any pelvic mesh litigation in the last four years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff.

10. A copy of an up-to-date Curriculum Vitae.

11. If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

12. A complete list of all other cases in which You have testified as an expert or by deposition in the last four years.

13. Copies of any deposition testimony relating to this case in Your possession.

14. All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information regarding Plaintiffs relating to Your opinions in this litigation.

15. All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to any other pelvic mesh cases involving the TVT-Secur and/or Prosima products.

16. Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's other experts, including but not limited to other experts' disclosures, reports, or deposition testimony that You have been provided.

17. Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

18. All literature, published or unpublished, consulted by You in connection with Your opinions in this litigation, including all literature that supports or fails to support Your opinions.

19. All depositions, pleadings, court opinions, or other records that were summarized for You or otherwise made available for Your review in connection with Your expected testimony in this litigation or in any pelvic mesh case.

20. All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

21. Any Ethicon products in Your possession or Ethicon products belonging to You that You have placed in the possession of others.

22. All communications from or to You relating to any professional society with respect to pelvic mesh, pelvic mesh products, pelvic organ prolapse, stress urinary incontinence, position statements, studies, editorials, and/or publications.

23. Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

24. Copies of the syllabus and texts used in any classes taught by You in the past five years.

25. All transcripts of prior testimony, statements or presentations given by You in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

26. A copy of Your complete file in this litigation.

27. Any communications between You and counsel for the Plaintiff, to the extent that such communications:

    a. Relate to Your compensation;

    b. Identify facts or data that You were provided and that You considered in forming Your opinions; or

    c. Identify assumptions that Plaintiff's counsel provided You and that You relied on in forming Your opinions.

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

                      */s/ David B. Thomas*
                      David B. Thomas (W. Va. Bar No. 3731)
                      Thomas Combs & Spann, PLLC
                      300 Summers Street, Suite 1380
                      P.O. Box 3824
                      Charleston, WV 25338-3824
                      (304) 414-1800

                      COUNSEL FOR DEFENDANTS ETHICON, INC., AND JOHNSON & JOHNSON