**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  ETHICON, INC.,
     PELVIC REPAIR SYSTEM
     PRODUCTS LIABILITY LITIGATION

                                             MDL No. 2327

-------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES
EXCLUDING THOSE ETHICON CASES
ASSIGNED TO CHIEF JUDGE CHAMBERS

**PRETRIAL ORDER # 262
(ORDER RE:  FEE COMMITTEE PROTOCOL)**

Pursuant to Section C of the "Order Establishing Criteria for Applications to MDL Fund

To Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL

Administration and Common Benefit and Appointment of Common Benefit Fee and Cost

Committee" (PTO # 211) (the "FCC Order"), a copy of which is attached hereto as **Exhibit 1**, the

Common Benefit Fee and Cost Committee ("FCC") hereby outlines the process for review of

common benefit time submitted and the process for application for fees and expenses.

Any reference herein to "prior common benefit orders" refers, collectively, to the FCC

Order; the "Agreed Order Regarding Management of Timekeeping, Cost Reimbursement and

through December 21, 2016 Related Common Benefit Issues" (PTO # 18); and the "Agreed Order

Establishing MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed

and Expenses Incurred for MDL Administration and Common Benefit" (PTO # 62).  Copies of

those prior common benefit orders are attached hereto as **Exhibit 1**, **Exhibit 2** and **Exhibit 3**,

respectively.

### A. Initial Firm Review and Audit Process.

The Certified Public Accounting Firm of Smith, Cochran, Hicks, PLLC (the "CPA") shall document the time and expenses properly performed and expended through December 21, 2016 in accordance with the Court's prior orders relating to common benefit reimbursement.  The CPA shall send each attorney or Firm that has submitted time and expenses for common benefit consideration (hereinafter, "Firm" or "Firms"), documentation showing the time and expenses submitted by each such Firm.

Upon receipt of the time and expense documentation from the CPA, each Firm shall review and audit same to ensure that it is true and accurate, properly coded and that it was for common benefit. Firms may remove time and expenses during this review and audit process, but no additional time or expense may be added.  Firms shall have sixty (60) days from receipt of the CPA's time and expense documentation to remove any time or expense that is not common benefit, complete the review process, and submit revised time and expenses.  Time entries may need to be clarified to provide sufficient detail to allow review. A format for submission of the verified time and expense will be provided to all firms making submissions that enables the CPA to assist in analysis of the data.

Upon such review and audit, a senior partner of each Firm shall provide the FCC with revised time and expenses and an affidavit stating that the Firm has audited the time and expenses and that the time and expenses (or revised time and expenses) were for common benefit.  If time has been submitted for work in an individual case, the Firm shall identify the case name, case number, and court, and the Firm shall state whether the individual case was an MDL bellwether, part of an MDL "wave" (identifying which wave in which MDL) or a state case.  The status of the case shall be included.  The affiant shall also designate whether the party billing the time was a

full-time employee or a contract employee hired predominately or specifically for transvaginal mesh ("TVM") work.  For each attorney billing time, there should be an individual biography not exceeding two (2) pages that includes the complete work history from 2009 to the present.  This same Protocol is being filed in all pelvic mesh MDLs pending before this Court, but only one submission per Firm shall be provided.  The time and expenses should be broken down in the submission by specific MDL.

**B.  Initial Review by FCC.**

Following this initial Firm review and audit process, the FCC will conduct an initial review of time and expense documentation relative to each Firm.  Only such time and expenses that have been performed and expended as of December 21, 2016 will be considered for purposes of this initial review.

During this initial review process, the FCC will meet and confer confidentially, and no person not specifically invited to attend these initial meetings shall attend.  The FCC will conduct its initial review applying the factors listed below (1-15), as well as those factors set forth in the prior common benefit orders.  This initial review process will include input from Co-Lead Counsel in the specific MDL in which the common benefit work was performed, and in which common benefit reimbursement is sought.

Based upon this initial review, the FCC will notify each Firm in writing of the total time and expenses submitted by the Firm, and where appropriate, request a voluntary reduction by the Firm of any time or expense deemed by the FCC not to be "for the joint and common benefit of plaintiffs and claimants whose claims have been treated by this Court as part of these proceedings," including but not limited to, the following:

1. Any submission of professional time or expenses in which the hours of service or expense were not properly submitted or coded in accordance with prior common benefit orders.

2. Any submission of professional time or expenses that does not meet the definition of authorized common benefit work under any prior common benefit order.

3. Any item of expense for which proper receipts or other proof of payment has not been submitted in accordance with prior common benefit orders.

4. Any item of time or expense that was incurred in connection with the prosecution of an individual case or group of individual cases asserting claims in this litigation, unless the case or cases were designated by the Court as bellwether or "wave" cases *and* Counsel were authorized by Co-Lead Counsel or Coordinating Co-Lead Counsel to perform such work primarily for the common benefit of the litigants in the MDL. The FCC will analyze both "wave" work and bellwether work. Bellwether work will be generally considered reimbursable as common benefit.

   Case-specific work in cases will be analyzed to determine the extent to which it is deemed to have benefited the MDL plaintiffs. If case-specific work added nothing to the common benefit, it will not be considered reimbursable.

5. Any item of expense that does not meet the requirements of prior common benefit orders.

6. Any item of time or expense that is not described in sufficient detail to determine the nature and purpose of the service or expense involved. Examples: Reviewing email, general review of documents without explanation, reviewing court record, phone call with no explanation, review correspondence, internal administration.

7. Any item of professional time that was expended to "review" pleadings, emails, correspondence and similar items, unless such "review time" was directly related to and reasonably necessary for the performance of that particular timekeeper's approved assignments from Co-Lead Counsel.

8. Any submission of professional time in which the amount of "review" time is excessive as a whole when judged in reference to the role of the timekeeper or which did not substantially benefit the claimants in MDL 2327.

9. Any submission of time and expense that is excessive on its face when considered as a whole in light of the role(s) that the timekeeper(s) had in this litigation, which did not substantially benefit the claimants in MDL 2327.

10. Unnecessary and/or excessive items of time and expense for "monitoring" or review of Electronic Court Filings ("ECF") in this MDL.

11. Unnecessary and/or excessive items of time and expense for "monitoring" the MDL proceedings or related state court litigation by attending hearings, status conferences, or meetings where such attendance was not required by the Court or requested by Co-Lead Counsel or the Executive Committee.

12. Any item of time or expense not reasonably necessary and not part of a bona fide effort to advance the interests of the claimants in MDL 2327.

13. Any time in which more than one timekeeper within one (1) Firm reviewed a single document, email, deposition or pleading without a clear independent reason clearly explained by the Firm as to why review by more than one timekeeper was necessary and beneficial to the MDL plaintiffs generally.

14. Any time within one (1) Firm for the purpose of monitoring or reviewing the work of a timekeeper for that Firm's internal purposes.

15. Any time or expense related to preparing, amending, or correcting time and expense reports for submission to the CPA pursuant to any prior common benefit order or this Order.

Only time and expenses that are accurate and solely related to approved and assigned common benefit work shall be eligible for consideration of a Common Benefit Fee and Cost Award. Firms shall include in their submissions only time or expenses authorized by a prior common benefit order or this Protocol. The failure to submit accurate and reliable time and expense records in compliance with the prior common benefit orders and this Protocol may result in the denial in whole or part of a Common Benefit Fee and Cost Award.

The FCC recognizes that there was work done in state courts such as Missouri, Massachusetts, Minnesota, Texas, New Jersey, Pennsylvania, California, and Delaware for which common benefit reimbursement may be sought. For Firms who have agreed to make contributions from settlement(s) of state court cases that have not been participants in the MDL, it is understood that those Firms may not have complied with certain provisions of the prior common benefit orders. Such non-compliance with those prior common benefit orders by those Firms will not

alone be a valid reason for rejection of state court work if such work is deemed to be for the benefit of the MDL plaintiffs generally.

####    C.  Final Time and Expense Submission by Firms.

As set forth in preceding paragraphs, the FCC will conduct an initial review of the time and expenses and, where appropriate, request a voluntary reduction.   While at this stage of the process, Firms are not required to revise their fee and expense submissions, Firms are strongly encouraged to assess their submissions in light of the FCC's initial review. Firms shall have thirty (30) days from receipt of the FCC's initial review to submit any revised and final time and expense submissions, if desired.  Firms shall consolidate all revisions and corrections to fee and expense submissions in a single document to the FCC. **Under no circumstances may Firms add time to their time records or add additional expenses.**

This final time and expense submission  must be accompanied by an Affidavit, to be signed by a senior partner of the law firm attesting to its truth and accuracy.  The final time and expense submission and Affidavit are to be submitted by the end of the thirty (30) day period set forth above for review and reconciliation based on the FCC's initial review.  This Affidavit, accompanying the final time and expense submission shall be limited to fifteen (15) pages if time submitted is less than 20,000 hours and twenty (20) pages if 20,000 or more, and shall set forth the reasons, grounds and explanation for the Firm's entitlement to common benefit fees.  In preparing such Affidavit, the factors outlined in Section B of the FCC Order should be considered and addressed.  The form of the Affidavit to accompany the submission is attached hereto as **Exhibit 4**.

As stated in Paragraph B of the FCC Order, the criteria that the final time and expense submission should address and that will guide the FCC in analyzing any submission are as follows:

6

The FCC, in considering any fee award, will give appropriate consideration to the experience, talent, and contribution made by any eligible attorney or law firm submitting an application for reimbursement of costs and apportionment of attorneys' fees from the MDL 2327 Fund for work performed for common benefit. The FCC will also give appropriate consideration to "the time and effort expended" and the "type, necessity, and value of the particular legal services rendered."  In making its recommendations to the Court, the over-arching guideline that the FCC will consider is the contribution of each common benefit attorney to the outcome of the litigation. The FCC's considerations will be governed and guided by the following comprehensive statement of general principles:

1. **The extent to which each Firm made a substantial contribution to the outcome of the litigation.** A law firm may contribute to the outcome of the litigation at any stage of the proceedings, including drafting master pleadings, common written discovery, liability depositions, expert work, briefing, hearings, trials, settlement, and coordination and administration of MDL 2327. All contributions are not necessarily equal and the FCC shall appropriately weigh the contributions.

2. **The quality of each attorney or Firm's work.** Attention shall be paid to the quality of the work performed separate and apart from the length of time required to perform it. An attorney or law firm providing common benefit should not be penalized for efficiency, nor should inefficiency be incentivized. The FCC shall consider all work that was a benefit and may likewise consider actions that were detrimental.

3. **The consistency, quantum, duration, and intensity of each attorney or Firm's commitment to the litigation.** The level of commitment, from the inception of the MDL through its resolution, demonstrated by a common benefit attorney or law firm shall be considered. The touchstone of common benefit work is that it must inure to the benefit of the claimants as a whole.  Accordingly, emphasis should be placed on work product and materials that are provided to counsel to prepare for trial. While the total number of hours spent toward appropriate common benefit activities should be considered, the Court is primarily concerned with substantive contributions and not simply the total number of hours. For example, hours spent developing litigation strategies or preparing for and participating in trials generally provide greater common benefit than hours spent reviewing and coding documents.  The Committee recognizes that certain work may have benefited more than one MDL and will evaluate work done to determine the common benefit, if any, to more than one MDL.  The Committee recognizes that expert work and briefing may benefit more than one MDL.

4. **The level of experience, reputation, and status of each attorney and Firm, including partner participation by each Firm.** The extent and nature of participation by partner level attorneys provides some evidence of the level of commitment to the litigation by attorneys seeking common benefit fees or expenses. Further, the participation and dedication by experienced attorneys from a law firm would provide some evidence of commitment as well.

5. **The jurisdiction in which non-MDL common benefit work occurred.** Common

benefit work performed in state court litigation — whether the proceedings are consolidated or not — will be considered to the extent it contributed to the outcome of the litigation and benefitted the MDL.

6. **Activities surrounding trials of individual claimants, including bellwether trials, consolidated trials, cases transferred or remanded for trial, and non-MDL trials that impacted proceedings on a common benefit level.** The focus of this inquiry is the role played by counsel at trial. Greater emphasis is placed on substantive contributions made by counsel or the counsel's team at a particular trial that provided a common benefit.

Each Firm requesting common benefit reimbursement for any individual case shall provide an explanation in their affidavit of why the Firm believes such work should be considered as common benefit. For example, whether and how such work benefited the MDL plaintiffs generally; the status of settlements in the particular MDL in which the work was performed at the time such work was performed, and whether the case-specific work assisted in bringing about settlements with the defendant in that MDL.

Each Firm requesting common benefit reimbursement for work done in any state court case shall provide an explanation in their affidavit of why the Firm believes such work should be considered as common benefit.

7. **Membership and leadership in positions within the MDL.** Membership and leadership in positions on committees engaged in common benefit work should be considered.

8. **Whether counsel made significant contributions to the funding of the litigation and creation of the Common Benefit Fund.** Contributions to the funding of the litigation include counsel's contributions to the MDL through Plaintiffs' Steering Committee assessments and held costs from expenses related to the common benefit of the litigation. The relationship of the contributions to the amount of funds received should be considered by the FCC.

9. **Commitment to and efforts toward overall resolution of the litigation**. The MDL process brought cases from multiple federal jurisdictions to this Court. The Court placed significant responsibility on certain counsel to actively participate in common resolution of cases and that work and effort should be considered by the FCC.

10. **Any other relevant factors.** The FCC will be guided by governing fee jurisprudence in determining the reasonableness of the allocation, including the factors enumerated in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The *Barber* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

reputation, and ability of the attorney; (10) the "undesirability" of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the size of the fee awards in similar cases. *Id.*

Each Firm shall address these factors, as applicable to their work for which common benefit reimbursement is sought, in their written submission.

### D.  Opportunity to be heard by the FCC.

After receipt of the final time and expense submission and the Affidavit, the FCC will provide every Firm with notice and an opportunity to be heard regarding the Firm's entitlement to common benefit fees.  Firms may at their discretion and on their own volition separately appear and present the reasons, grounds and explanation for their entitlement to common benefit fees and reimbursement of expenses.  Meetings for Firms will be held on dates and times to be set by the FCC and at locations selected by the FCC.  Each Firm will have adequate time for any presentation to the FCC.  The Firm representative should be prepared to respond to any questions or concerns raised by the FCC during their presentation.  A Special Master or other external review specialist may be appointed by the Court to assist the FCC and be present during any presentation.  Each presentation shall be conducted in the presence of a court reporter.  The transcript will be for the Court's utilization as necessary and directed by the Court.

The FCC may request that any Firm or party billing time appear separately before the FCC, or a three-member panel of the Committee, at a time, date, and location to be determined by the FCC, to answer questions or concerns addressing the reasons, grounds and explanations for that Firm's entitlement to common benefit fees and reimbursement of expenses.  Each requested appearance shall be conducted in the presence of a court reporter and any Special Master or other external review specialist, if appointed by the Court.  The transcript will be for the Special Master's or external review specialist's, if any, or the Court's utilization as necessary.

**E.  FCC's Preliminary Written Recommendation and Opportunity to Object.**

Upon review of each Firm's final time and expense submission, including the required Affidavit, and after notice and opportunity to be heard, the FCC will issue its preliminary written recommendation for allocation of fees and expenses.  This preliminary written recommendation will include an explanation of every Firm's time and expenses allowed by the FCC, and the basis for each Firm's allocation.  This preliminary written recommendation will be made in accordance with the factors outlined in Section B of the FCC Order.  In making its preliminary written recommendation, the FCC shall exercise its discretion, as previously ordered by the Court, in evaluating what work and expenses furthered the common benefit of the litigation.  The guidelines set forth herein or previously in the FCC Order or any other related order provide direction, but do not create entitlements and do not override the independent judgment and discretion of the FCC. A copy of the FCC's preliminary written recommendation will be distributed to every Firm.

Upon communication of the FCC's preliminary written recommendation, each Firm will have the opportunity to submit written objections of no more than ten (10) pages setting forth the basis for the objection.  Such written objections must be received by the FCC within fourteen (14) days of the objecting Firm's receipt of the preliminary written recommendation.

**F.  FCC's Final Written Recommendation, Objections and Review.**

Upon consideration of all objections, the FCC will distribute its final written recommendation to every Firm and to the Special Master or other external review specialist, if any, to be appointed by the Court.

The Special Master or other external review specialist, if any, will consider any objections to the FCC's final written recommendation.  Objections shall be made in writing to the Special Master or other external review specialist, if any, shall be limited to ten (10) pages, and shall be

submitted within fourteen (14) days of the objecting Firm's receipt of the FCC's final written recommendation.

The Special Master or other external review specialist, if any, shall take into consideration the FCC's final written recommendation, and any objections thereto, and based thereon, shall issue the Special Master's or other external review specialist's, if any, recommended allocation to the Court for its consideration.

Upon receipt of the Special Master's or other external review specialist's, if any, recommended allocation, the Court will determine the process for consideration of any objections to the Special Master's or external review specialist's recommended allocation.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:17-cv-03308. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: June 23, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE