UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' NOTICE OF ADOPTION OF PRIOR EXPERT REPORTS AND TESTIMONY OF DR. BRUCE ROSENZWEIG**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") submit this brief in support of their motion to strike Plaintiffs' Notice of Adoption of Prior Expert Reports and Testimony of Dr. Bruce Rosenzweig (Doc. 3947).

**Background**

As with the previous waves of cases in this MDL, the Court's Pretrial Order No. 248, governing Wave 5 cases, specifies that "**each side is limited to no more than five (5) experts per case (exclusive of treating physicians)**." (PTO No. 248, § A.3.a) (emphasis in original). That order imposed a May 22, 2017 deadline for Wave 5 Plaintiffs to submit their expert disclosures. Those Plaintiffs submitted their expert disclosures in individual cases, and some of them disclosed their intent to rely on Dr. Rosenzweig, who prepared a general Wave 5 report for six different devices.

On May 22, 2017, however, Plaintiffs also separately filed in the main MDL docket 2327 a "Notice of Adoption of Prior Expert Reports and Testimony of Dr. Bruce Rosenzweig," suggesting that any and all Wave 5 Plaintiffs may rely on Dr. Rosenzweig's reports. (Doc.

3947). In the notice, Plaintiffs purport to "designate Dr. Rosenzweig's prior expert reports, attached hereto as Exhibits 1-6, in addition to the general expert reports served on this date to be used at the discretion of the individual plaintiffs in the cases designated in Wave 5, and any future waves of Ethicon cases designated by the Court." (Doc. 3947) (footnote omitted). Most of the referenced Wave 5 "general expert reports on this date" also purport to incorporate by reference all of Dr. Rosenzweig's "past reports." (Ex. A, Excerpts of Dr. Rosenzweig's Wave 5 general reports). Consistent with this attempt to end-run this Court's limitation on experts, several plaintiffs in individual cases have designated "reserve" experts exceeding the five-expert limit. (Ex. A, miscellaneous designations).

Plaintiffs' notice is improper to the extent it allows plaintiffs to circumvent the Court's five-expert restriction or other expert disclosure requirements. Further, it is improper for plaintiffs to attempt to incorporate broadly by reference all of Dr. Rosenzweig's prior reports filed in all other Waves and all other cases. The Notice of Adoption should be stricken from the docket and all Wave 5 plaintiffs held to a firm five expert limit, as this Court has held Ethicon to such limit. Plaintiffs' attempts to hold in "reserve" additional experts, in addition to the five specifically disclosed in each individual case also should be prohibited.

### Argument

**I. Plaintiffs should not be allowed to elicit testimony from more than five experts or to circumvent their expert disclosure obligations.**

Plaintiffs' notice of adoption is intentionally broad and overly vague, purporting to provide "notice" of the intent of any plaintiffs—whether in Wave 5 or any future waves—to utilize Dr. Rosenzweig's reports at their "discretion." (Doc. 3947). There is no basis for any plaintiffs who have not formally designated Dr. Rosenzweig as an expert to rely on Dr. Rosenzweig's reports without providing Ethicon specific and timely notice of their intent to do

so. Nor is there a basis for any plaintiffs in this litigation to exceed the Court's restriction of "five (5) experts per case (exclusive of treating physicians)." (PTO No. 248, § A.3.a).

If Plaintiffs' intent is not to hold Dr. Rosenzweig in reserve for any individual plaintiff who might want to substitute him in after the deadline for designations has passed, it is unclear why Plaintiffs have filed the Notice of Adoption.[1] Plaintiffs did not file such a notice with respect to their other Wave 5 experts. Instead, as in prior waves, Plaintiffs either disclosed new general reports of their other experts applicable to each respective wave or indicated that the expert was relying on a report disclosed in a previous wave.

In sum, Plaintiffs' Notice of Adoption is, at best, unnecessary and, at worst, wholly improper. In either case, it should be stricken.

## II. The Court should further direct the parties' experts not to rely on more than one expert report per device.

Ethicon also requests that the Court require the parties' experts to avoid incorporating by reference multiple reports. In addition to referencing reports by Dr. Rosenzweig specifically applicable to Wave 5—which include separate reports for TVT, TVT-O, TVT Secur, TVT Exact, TVT Abbrevo, and Prosima—Plaintiffs' Notice of Adoption, for instance, designates six "prior expert reports" submitted by Dr. Rosenzweig in previous cases.[2] Further, five of Dr. Rosenzweig's Wave 5 reports broadly state that "I incorporate my past reports and testimony"

---

[1] By this filing notice, Plaintiffs are not seeking to substitute Dr. Rosenzwieg for a specific case, which should be addressed on case by case basis under the specific circumstances of that case. Rather, they appear to be trying to adopt a sixth expert in reserve to be used as convenient, which the prior orders of this Court preclude and which the Court should bar. Should later circumstances arise where substitution may be appropriate, the Court and the parties can address those specific circumstances at that time.

[2] Those reports include two TVT reports in the *Mullins* consolidated cases, a TVT report from the *Carlino* case in Pennsylvania, a TVT report from the *Lewis* case, a TVT-O report from the *Huskey* case, and a TVT-O report from the *Ramirez* case in Texas. (Doc. 3947, Ex. 1-6). In his *Mullins* reports, Dr. Rosenzweig states that "I have also reviewed the opinions of Dr. Uwe Klinge, Dr. Muhl, Dr. Vladimir Iakovlev and Dr. Elliott <u>and incorporate those opinions herein</u>." (Doc. 3947, Ex. 1, p. 100 & Ex. 6, p. 100) (emphasis added).

Case 2:12-md-02327   Document 4046   Filed 06/23/17   Page 4 of 5 PageID #: 141878

about each device.  (Ex. B hereto, Excerpts of Dr. Rosenzweig's Wave 5 reports).  Dr. Rosenzweig does not identify or limit these "past reports."

At this point in this litigation, many experts, including Dr. Rosenzweig, have submitted a multitude of reports—both general and case-specific.  Vague and expansive references to any and all other reports that may have submitted throughout the course of this litigation could lead to uncertainty and confusion about what opinions a particular expert intends to provide at trial.  Thus, Ethicon requests that, in the future, the Court instruct all parties' experts not to rely on more than one report per device.

    Respectfully submitted,

    */s/Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                          */s/ Christy D. Jones*
                                          Christy D. Jones
                                          Butler Snow LLP
                                          1020 Highland Colony Parkway
                                          Suite 1400 (39157)
                                          P.O. Box 6010
                                          Ridgeland, MS  39158-6010
                                          (601) 985-4523
                                          christy.jones@butlersnow.com

36786272v2