IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL NO. 2327

--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**MOTION FOR RECONSIDERATION OF TVM MDL PRETRIAL ORDER #262
REGARDING PAGE LIMIT REQUIREMENTS FOR ATTORNEY
<u>COMMON BENEFIT FEE TIME AND EXPENSE SUBMISSIONS</u>**

Kline & Specter, P.C., Attorneys for Plaintiffs, respectfully seeks reconsideration of Pretrial Order #262 (Order Re: Fee Committee Protocol) and all similarly entered orders regarding the limit of page numbers for Attorney Common Benefit Fee Time and Expense Submissions for the reasons set forth below.

I. **FACTS AND PROCEDURAL HISTORY**

On May 10, 2017, Henry Gerrard, III, Esquire (Chairman of the Fee Compensation Committee ("FCC")), sent an email to all firms who had submitted time to the Plaintiff Steering Committee ("PSC") in regard to work performed in the TVM MDLS. *See* May 10, 2017 email, attached hereto as Exhibit "A." Attached to the May 10, 2017 email was the "Draft Protocol" that the Fee Compensation Committee ("FCC") created setting forth the review process intended to be used in analyzing submission of time (and ultimately expenses) submitted to the PSC over the duration of the TVM litigation. *See* Draft Protocol, attached hereto as Exhibit "B." Participating Firms were then asked to review the Draft Protocol and voice any comments and

concerns during a May 17, 2017 webinar meeting set up to address such issues. *See* Exhibit "A." On May 18, 2017, following the May 17, 2017 meeting, Lee Balefsky, Esquire, a member of the TVM PSC from Kline & Specter, emailed Mr. Gerrard and noted the firm's objection to the 10 to 15 page limit for time submissions contained within the Draft Protocol. *See* May 18, 2017 email chain, attached hereto as Exhibit "C." In deference to Mr. Balefsky's concern, Mr. Gerrard noted the objection and changed the page limit for such submissions to 15 to 20 pages, but declined to allow for an unlimited number of pages for submissions as requested by Kline & Specter. *See* Exhibit "C."

On June 23, 2017, this Court entered Pretrial Order #262 in the Ethicon TVM MDL No. 2327 (Order Re: Fee Committee Protocol) as well as other identically worded Pretrial Orders in all TVM matters pending before this Court. *See* Pretrial Order #262, attached hereto as Exhibit "D." There was no formal motion regarding the FCC's submission of the Draft Protocol to this Court before the Court adopted the language of the Draft Protocol and issued the PTO's at issue. Thus, this present motion is Kline & Specter's first opportunity to formally object to the page limit requirements.

PTO #262 sets forth formal protocol regarding the review of submission of time documentation to compensate and reimburse attorneys for services performed for MDL administration and common benefit and appointment of common benefit fee and cost committee. PTO #262 outlines the process for review of common benefit time submitted and the process for application for attorney time submitted.

Three times in PTO #262, this Court established page limits regarding the documentation of time submitted for such reimbursement:

1)     For each attorney billing time, there should be an individual biography not exceeding two (2) pages that includes the complete work history from 2009 to the present. *See* Exhibit "D" p. 2.

2)     This final time and expense submission must be accompanied by an Affidavit, to be signed by a senior partner of the law firm attesting to its truth and accuracy. The final time and expense submission and Affidavit are to be submitted by the end of the thirty (30) day period set forth above for review and reconciliation based This Affidavit, accompanying the final time and expense submission shall be limited to fifteen (15) pages if time submitted is less than 20,000 hours and twenty (20) pages if 20,000 or more, and shall set forth the reasons, grounds and explanation for the Firm's entitlement to common benefit fees. *See* Exhibit "D" p. 6.

3)     Upon communication of the FCC's preliminary written recommendation, each Firm will have the opportunity to submit written objections of no more than ten (10) pages setting forth the basis for the objection. Such written objections must be received by the FCC within fourteen (14) days of the objecting Firm's receipt of the preliminary written recommendation. *See* Exhibit "D" p. 10.

## II.   ARGUMENT

With respect to the three sets of page limits set forth above, it is simply not possible to properly accommodate all the relevant information required to show the time and expense documentation submitted by each firm into those page limits, especially considering the many factors this Court sets forth for consideration. *See* pp. 7-9 of Exhibit "D."

By way of example, in the Vioxx litigation, there were no such set pages limits for Common Benefit Fee submissions. In that litigation, Kline & Specter submitted the Affidavit of Thomas R. Kline, Esquire In Support of Attorney's Fees and Reimbursement of Expenses which totaled forty (40) pages. *See* Vioxx Litigation Affidavit of Thomas R. Kline, Esquire, attached hereto as Exhibit "E." Additionally, Kline & Specter submitted an Objection to the Vioxx Fee Allocation Committee's Common Benefit Fee Recommendation which totaled sixty-seven (67) pages in length. *See* Objection to Vioxx Fee Allocations, attached hereto as Exhibit "F."

A litigation of this size requires the efforts of many attorneys, paraprofessionals and support staff. Kline & Specter attorneys conducted thousands of hours thus far for the benefit of

all TVM Plaintiffs. A page limit such as the one set forth in PTO #262 does not allow this firm to properly document such a large amount of hours.

There are thousands of cases pending in the Pelvic Mesh MDLs. Common Benefit Fee allocation is a complex matter and one that varies with the needs of the case. Limiting thorough and complete descriptions of the work performed by attorneys on TVM Common Benefit matters can have detrimental effects. Ligation has occurred based upon Common Benefit Fee allocations as seen in the Vioxx matter discussed above.[1]

Since the establishment and their involvement with the Pelvic Mesh MDLs, attorneys from Kline & Specter have conducted significant litigation activity and continue to carry out significant efforts for the common benefit of all plaintiffs. Kline & Specter now asks that this Court reconsider the language of PTO #262 and eliminate the page limits set forth within.

### III. CONCLUSION

For the reasons set forth above, Kline & Specter, P.C. respectfully asks that this Court remove the page limit requirements for Attorney Time Common Benefit Fee Reimbursement submissions and requests that there be no such limit to the number of pages for such submissions.

Respectfully submitted,

By: /s/ Lee B. Balefsky
Lee B. Balefsky, Esquire
**Kline & Specter, P.C.**
1525 Locust Street, 19th Floor
Philadelphia PA 19102
(215) 772 - 1000
*Counsel for Plaintiffs*

Dated: July 7, 2017

---

[1] *See* Charles L. Becker, Shanin Specter, & Thomas R. Kline, *How Not to Manage a Common Benefit Fund: Allocating Attorney's Fees in Vioxx Litigation*, Vol. 9 Drex. L. Rev. No. J (Fall 2016), attached hereto as Exhibit "G."

5