# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
      PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION

                                                      MDL No. 2327

--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES
EXCLUDING THOSE ETHICON CASES
ASSIGNED TO CHIEF JUDGE CHAMBERS

### PRETRIAL ORDER # 262
### (ORDER RE:  FEE COMMITTEE PROTOCOL)

Pursuant to Section C of the "Order Establishing Criteria for Applications to MDL Fund To Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit and Appointment of Common Benefit Fee and Cost Committee" (PTO # 211) (the "FCC Order"), a copy of which is attached hereto as **Exhibit 1**, the Common Benefit Fee and Cost Committee ("FCC") hereby outlines the process for review of common benefit time submitted and the process for application for fees and expenses.

Any reference herein to "prior common benefit orders" refers, collectively, to the FCC Order; the "Agreed Order Regarding Management of Timekeeping, Cost Reimbursement and through December 21, 2016 Related Common Benefit Issues" (PTO # 18); and the "Agreed Order Establishing MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit" (PTO # 62).  Copies of those prior common benefit orders are attached hereto as **Exhibit 1**, **Exhibit 2** and **Exhibit 3**, respectively.

### A.  Initial Firm Review and Audit Process.

The Certified Public Accounting Firm of Smith, Cochran, Hicks, PLLC (the "CPA") shall document the time and expenses properly performed and expended through December 21, 2016 in accordance with the Court's prior orders relating to common benefit reimbursement.  The CPA shall send each attorney or Firm that has submitted time and expenses for common benefit consideration (hereinafter, "Firm" or "Firms"), documentation showing the time and expenses submitted by each such Firm.

Upon receipt of the time and expense documentation from the CPA, each Firm shall review and audit same to ensure that it is true and accurate, properly coded and that it was for common benefit. Firms may remove time and expenses during this review and audit process, but no additional time or expense may be added.  Firms shall have sixty (60) days from receipt of the CPA's time and expense documentation to remove any time or expense that is not common benefit, complete the review process, and submit revised time and expenses.  Time entries may need to be clarified to provide sufficient detail to allow review. A format for submission of the verified time and expense will be provided to all firms making submissions that enables the CPA to assist in analysis of the data.

Upon such review and audit, a senior partner of each Firm shall provide the FCC with revised time and expenses and an affidavit stating that the Firm has audited the time and expenses and that the time and expenses (or revised time and expenses) were for common benefit.  If time has been submitted for work in an individual case, the Firm shall identify the case name, case number, and court, and the Firm shall state whether the individual case was an MDL bellwether, part of an MDL "wave" (identifying which wave in which MDL) or a state case.  The status of the case shall be included.  The affiant shall also designate whether the party billing the time was a

full-time employee or a contract employee hired predominately or specifically for transvaginal mesh ("TVM") work. For each attorney billing time, there should be an individual biography not exceeding two (2) pages that includes the complete work history from 2009 to the present. This same Protocol is being filed in all pelvic mesh MDLs pending before this Court, but only one submission per Firm shall be provided. The time and expenses should be broken down in the submission by specific MDL.

### B. Initial Review by FCC.

Following this initial Firm review and audit process, the FCC will conduct an initial review of time and expense documentation relative to each Firm. Only such time and expenses that have been performed and expended as of December 21, 2016 will be considered for purposes of this initial review.

During this initial review process, the FCC will meet and confer confidentially, and no person not specifically invited to attend these initial meetings shall attend. The FCC will conduct its initial review applying the factors listed below (1-15), as well as those factors set forth in the prior common benefit orders. This initial review process will include input from Co-Lead Counsel in the specific MDL in which the common benefit work was performed, and in which common benefit reimbursement is sought.

Based upon this initial review, the FCC will notify each Firm in writing of the total time and expenses submitted by the Firm, and where appropriate, request a voluntary reduction by the Firm of any time or expense deemed by the FCC not to be "for the joint and common benefit of plaintiffs and claimants whose claims have been treated by this Court as part of these proceedings," including but not limited to, the following:

1. Any submission of professional time or expenses in which the hours of service or expense were not properly submitted or coded in accordance with prior common benefit orders.

2. Any submission of professional time or expenses that does not meet the definition of authorized common benefit work under any prior common benefit order.

3. Any item of expense for which proper receipts or other proof of payment has not been submitted in accordance with prior common benefit orders.

4. Any item of time or expense that was incurred in connection with the prosecution of an individual case or group of individual cases asserting claims in this litigation, unless the case or cases were designated by the Court as bellwether or "wave" cases *and* Counsel were authorized by Co-Lead Counsel or Coordinating Co-Lead Counsel to perform such work primarily for the common benefit of the litigants in the MDL. The FCC will analyze both "wave" work and bellwether work. Bellwether work will be generally considered reimbursable as common benefit.

   Case-specific work in cases will be analyzed to determine the extent to which it is deemed to have benefited the MDL plaintiffs. If case-specific work added nothing to the common benefit, it will not be considered reimbursable.

5. Any item of expense that does not meet the requirements of prior common benefit orders.

6. Any item of time or expense that is not described in sufficient detail to determine the nature and purpose of the service or expense involved. Examples: Reviewing email, general review of documents without explanation, reviewing court record, phone call with no explanation, review correspondence, internal administration.

7. Any item of professional time that was expended to "review" pleadings, emails, correspondence and similar items, unless such "review time" was directly related to and reasonably necessary for the performance of that particular timekeeper's approved assignments from Co-Lead Counsel.

8. Any submission of professional time in which the amount of "review" time is excessive as a whole when judged in reference to the role of the timekeeper or which did not substantially benefit the claimants in MDL 2327.

9. Any submission of time and expense that is excessive on its face when considered as a whole in light of the role(s) that the timekeeper(s) had in this litigation, which did not substantially benefit the claimants in MDL 2327.

10. Unnecessary and/or excessive items of time and expense for "monitoring" or review of Electronic Court Filings ("ECF") in this MDL.

4

11. Unnecessary and/or excessive items of time and expense for "monitoring" the MDL proceedings or related state court litigation by attending hearings, status conferences, or meetings where such attendance was not required by the Court or requested by Co-Lead Counsel or the Executive Committee.

12. Any item of time or expense not reasonably necessary and not part of a bona fide effort to advance the interests of the claimants in MDL 2327.

13. Any time in which more than one timekeeper within one (1) Firm reviewed a single document, email, deposition or pleading without a clear independent reason clearly explained by the Firm as to why review by more than one timekeeper was necessary and beneficial to the MDL plaintiffs generally.

14. Any time within one (1) Firm for the purpose of monitoring or reviewing the work of a timekeeper for that Firm's internal purposes.

15. Any time or expense related to preparing, amending, or correcting time and expense reports for submission to the CPA pursuant to any prior common benefit order or this Order.

Only time and expenses that are accurate and solely related to approved and assigned common benefit work shall be eligible for consideration of a Common Benefit Fee and Cost Award. Firms shall include in their submissions only time or expenses authorized by a prior common benefit order or this Protocol. The failure to submit accurate and reliable time and expense records in compliance with the prior common benefit orders and this Protocol may result in the denial in whole or part of a Common Benefit Fee and Cost Award.

The FCC recognizes that there was work done in state courts such as Missouri, Massachusetts, Minnesota, Texas, New Jersey, Pennsylvania, California, and Delaware for which common benefit reimbursement may be sought. For Firms who have agreed to make contributions from settlement(s) of state court cases that have not been participants in the MDL, it is understood that those Firms may not have complied with certain provisions of the prior common benefit orders. Such non-compliance with those prior common benefit orders by those Firms will not

alone be a valid reason for rejection of state court work if such work is deemed to be for the benefit of the MDL plaintiffs generally.

### C.  Final Time and Expense Submission by Firms.

As set forth in preceding paragraphs, the FCC will conduct an initial review of the time and expenses and, where appropriate, request a voluntary reduction.   While at this stage of the process, Firms are not required to revise their fee and expense submissions, Firms are strongly encouraged to assess their submissions in light of the FCC's initial review. Firms shall have thirty (30) days from receipt of the FCC's initial review to submit any revised and final time and expense submissions, if desired.  Firms shall consolidate all revisions and corrections to fee and expense submissions in a single document to the FCC. **<u>Under no circumstances may Firms add time to their time records or add additional expenses.</u>**

This final time and expense submission  must be accompanied by an Affidavit, to be signed by a senior partner of the law firm attesting to its truth and accuracy.  The final time and expense submission and Affidavit are to be submitted by the end of the thirty (30) day period set forth above for review and reconciliation based on the FCC's initial review.   This Affidavit, accompanying the final time and expense submission shall be limited to fifteen (15) pages if time submitted is less than 20,000 hours and twenty (20) pages if 20,000 or more, and shall set forth the reasons, grounds and explanation for the Firm's entitlement to common benefit fees.   In preparing such Affidavit, the factors outlined in Section B of the FCC Order should be considered and addressed.  The form of the Affidavit to accompany the submission is attached hereto as **Exhibit 4**.

As stated in Paragraph B of the FCC Order, the criteria that the final time and expense submission should address and that will guide the FCC in analyzing any submission are as follows:

The FCC, in considering any fee award, will give appropriate consideration to the experience, talent, and contribution made by any eligible attorney or law firm submitting an application for reimbursement of costs and apportionment of attorneys' fees from the MDL 2327 Fund for work performed for common benefit. The FCC will also give appropriate consideration to "the time and effort expended" and the "type, necessity, and value of the particular legal services rendered." In making its recommendations to the Court, the over-arching guideline that the FCC will consider is the contribution of each common benefit attorney to the outcome of the litigation. The FCC's considerations will be governed and guided by the following comprehensive statement of general principles:

1. **The extent to which each Firm made a substantial contribution to the outcome of the litigation.** A law firm may contribute to the outcome of the litigation at any stage of the proceedings, including drafting master pleadings, common written discovery, liability depositions, expert work, briefing, hearings, trials, settlement, and coordination and administration of MDL 2327. All contributions are not necessarily equal and the FCC shall appropriately weigh the contributions.

2. **The quality of each attorney or Firm's work.** Attention shall be paid to the quality of the work performed separate and apart from the length of time required to perform it. An attorney or law firm providing common benefit should not be penalized for efficiency, nor should inefficiency be incentivized. The FCC shall consider all work that was a benefit and may likewise consider actions that were detrimental.

3. **The consistency, quantum, duration, and intensity of each attorney or Firm's commitment to the litigation.** The level of commitment, from the inception of the MDL through its resolution, demonstrated by a common benefit attorney or law firm shall be considered. The touchstone of common benefit work is that it must inure to the benefit of the claimants as a whole. Accordingly, emphasis should be placed on work product and materials that are provided to counsel to prepare for trial. While the total number of hours spent toward appropriate common benefit activities should be considered, the Court is primarily concerned with substantive contributions and not simply the total number of hours. For example, hours spent developing litigation strategies or preparing for and participating in trials generally provide greater common benefit than hours spent reviewing and coding documents. The Committee recognizes that certain work may have benefited more than one MDL and will evaluate work done to determine the common benefit, if any, to more than one MDL. The Committee recognizes that expert work and briefing may benefit more than one MDL.

4. **The level of experience, reputation, and status of each attorney and Firm, including partner participation by each Firm.** The extent and nature of participation by partner level attorneys provides some evidence of the level of commitment to the litigation by attorneys seeking common benefit fees or expenses. Further, the participation and dedication by experienced attorneys from a law firm would provide some evidence of commitment as well.

5. **The jurisdiction in which non-MDL common benefit work occurred.** Common

benefit work performed in state court litigation — whether the proceedings are consolidated or not — will be considered to the extent it contributed to the outcome of the litigation and benefitted the MDL.

6. **Activities surrounding trials of individual claimants, including bellwether trials, consolidated trials, cases transferred or remanded for trial, and non-MDL trials that impacted proceedings on a common benefit level.** The focus of this inquiry is the role played by counsel at trial. Greater emphasis is placed on substantive contributions made by counsel or the counsel's team at a particular trial that provided a common benefit.

Each Firm requesting common benefit reimbursement for any individual case shall provide an explanation in their affidavit of why the Firm believes such work should be considered as common benefit. For example, whether and how such work benefited the MDL plaintiffs generally; the status of settlements in the particular MDL in which the work was performed at the time such work was performed, and whether the case-specific work assisted in bringing about settlements with the defendant in that MDL.

Each Firm requesting common benefit reimbursement for work done in any state court case shall provide an explanation in their affidavit of why the Firm believes such work should be considered as common benefit.

7. **Membership and leadership in positions within the MDL.** Membership and leadership in positions on committees engaged in common benefit work should be considered.

8. **Whether counsel made significant contributions to the funding of the litigation and creation of the Common Benefit Fund.** Contributions to the funding of the litigation include counsel's contributions to the MDL through Plaintiffs' Steering Committee assessments and held costs from expenses related to the common benefit of the litigation. The relationship of the contributions to the amount of funds received should be considered by the FCC.

9. **Commitment to and efforts toward overall resolution of the litigation**. The MDL process brought cases from multiple federal jurisdictions to this Court. The Court placed significant responsibility on certain counsel to actively participate in common resolution of cases and that work and effort should be considered by the FCC.

10. **Any other relevant factors.** The FCC will be guided by governing fee jurisprudence in determining the reasonableness of the allocation, including the factors enumerated in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The *Barber* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

reputation, and ability of the attorney; (10) the "undesirability" of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the size of the fee awards in similar cases. *Id.*

Each Firm shall address these factors, as applicable to their work for which common benefit reimbursement is sought, in their written submission.

### D.  Opportunity to be heard by the FCC.

After receipt of the final time and expense submission and the Affidavit, the FCC will provide every Firm with notice and an opportunity to be heard regarding the Firm's entitlement to common benefit fees.  Firms may at their discretion and on their own volition separately appear and present the reasons, grounds and explanation for their entitlement to common benefit fees and reimbursement of expenses.  Meetings for Firms will be held on dates and times to be set by the FCC and at locations selected by the FCC.  Each Firm will have adequate time for any presentation to the FCC.  The Firm representative should be prepared to respond to any questions or concerns raised by the FCC during their presentation.  A Special Master or other external review specialist may be appointed by the Court to assist the FCC and be present during any presentation.  Each presentation shall be conducted in the presence of a court reporter.  The transcript will be for the Court's utilization as necessary and directed by the Court.

The FCC may request that any Firm or party billing time appear separately before the FCC, or a three-member panel of the Committee, at a time, date, and location to be determined by the FCC, to answer questions or concerns addressing the reasons, grounds and explanations for that Firm's entitlement to common benefit fees and reimbursement of expenses.  Each requested appearance shall be conducted in the presence of a court reporter and any Special Master or other external review specialist, if appointed by the Court.  The transcript will be for the Special Master's or external review specialist's, if any, or the Court's utilization as necessary.

9

**E.  FCC's Preliminary Written Recommendation and Opportunity to Object.**

Upon review of each Firm's final time and expense submission, including the required Affidavit, and after notice and opportunity to be heard, the FCC will issue its preliminary written recommendation for allocation of fees and expenses.  This preliminary written recommendation will include an explanation of every Firm's time and expenses allowed by the FCC, and the basis for each Firm's allocation.  This preliminary written recommendation will be made in accordance with the factors outlined in Section B of the FCC Order.  In making its preliminary written recommendation, the FCC shall exercise its discretion, as previously ordered by the Court, in evaluating what work and expenses furthered the common benefit of the litigation.  The guidelines set forth herein or previously in the FCC Order or any other related order provide direction, but do not create entitlements and do not override the independent judgment and discretion of the FCC. A copy of the FCC's preliminary written recommendation will be distributed to every Firm.

Upon communication of the FCC's preliminary written recommendation, each Firm will have the opportunity to submit written objections of no more than ten (10) pages setting forth the basis for the objection.  Such written objections must be received by the FCC within fourteen (14) days of the objecting Firm's receipt of the preliminary written recommendation.

**F.  FCC's Final Written Recommendation, Objections and Review.**

Upon consideration of all objections, the FCC will distribute its final written recommendation to every Firm and to the Special Master or other external review specialist, if any, to be appointed by the Court.

The Special Master or other external review specialist, if any, will consider any objections to the FCC's final written recommendation.  Objections shall be made in writing to the Special Master or other external review specialist, if any, shall be limited to ten (10) pages, and shall be

submitted within fourteen (14) days of the objecting Firm's receipt of the FCC's final written recommendation.

The Special Master or other external review specialist, if any, shall take into consideration the FCC's final written recommendation, and any objections thereto, and based thereon, shall issue the Special Master's or other external review specialist's, if any, recommended allocation to the Court for its consideration.

Upon receipt of the Special Master's or other external review specialist's, if any, recommended allocation, the Court will determine the process for consideration of any objections to the Special Master's or external review specialist's recommended allocation.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:17-cv-03308. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: June 23, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

11

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
       PELVIC REPAIR SYSTEM
       PRODUCTS LIABILITY LITIGATION            MDL No. 2327

--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER # 211
### (ORDER ESTABLISHING CRITERIA FOR APPLICATIONS TO MDL 2327 FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT AND APPOINTMENT OF COMMON BENEFIT FEE AND COST COMMITTEE)

These MDL proceedings have been ongoing for the past several years, and the Court finds that it is the appropriate time to establish the process for reviewing and managing common benefit fees and expenses.  The Court is not, by entering this Order, implying that it will immediately begin receiving applications for recovery of fees and expenses from counsel.[1]  That will be dealt with in the future as set forth more fully herein.  The Court will focus at the appropriate time, based on recommendation from the committee appointed below, on final evaluation of common benefit applications for any counsel who believe that they have legitimate common benefit time and expenses.  At this time, the Court is merely identifying a process and the committee who will carry out the process of efficiently reviewing time and expenses and dealing with any ancillary issues or requests that exist or come forth in the short term.

---

[1] In the PTOs already entered by the court on the topic of common benefit attorneys' fees and expenses, counsel who wish to receive common benefit attorneys' fees and expenses have been referred to as "participating counsel" and "eligible counsel."  In this order, the court has referred to these individuals more generically as counsel, attorney or firm.

It is **ORDERED** that for time and expenses that have not been submitted to date, counsel are granted 60 days from the date of this Order (1) to submit time and expenses that have not been submitted but are legitimate time or expenses; and (2) to modify already submitted time and expenses to amend or correct any prior submission which is deemed currently inappropriate for consideration for reimbursement.

This Order is entered to set forth the process for the fair and equitable sharing among plaintiffs' counsel of the Common Benefit Fund established by Pretrial Order # 18. This Order is simultaneously being entered in each of the seven MDLs assigned to the court. This Order specifically incorporates by reference herein Pretrial Order # 18 (Agreed Order Regarding Management of Timekeeping, Cost Reimbursement and Related Common Benefit Issues), Pretrial Order # 62 (Agreed Order Establishing MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit) (as amended by Pretrial Order # 134), and Pretrial Order # 201 (Order Establishing Reporting on Payment to the MDL 2327 Fund).

A.       **Appointment of Common Benefit Fee and Cost Committee**

To facilitate an efficient and equitable process for the application and evaluation of all requests for Common Benefit fees or expenses in all the transvaginal mesh MDLs, the Court appoints a committee who is responsible for recommending to the Court the allocation of awards of attorneys' fees and costs to be made by the Court from the MDL 2327 Fund and any other utilization of the funds. Pursuant to the Court's inherent authority over this multidistrict litigation, it is **ORDERED** that the following individuals are **APPOINTED** to serve on the Common Benefit Fee and Cost Committee ("FCC"):

Henry G. Garrard, III
Blasingame, Burch, Garrard & Ashley, PC
440 College Ave., Ste. 320
Athens, GA 30601
706-354-4000
706-549-3545 (fax)
hgg@bbgbalaw.com

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9000
843-216-9450 (fax)
jrice@motleyrice.com

Clayton A. Clark
Clark, Love & Hutson, GP
440 Louisiana St., Ste. 1600
Houston, TX 77002
713-757-1400
713-759-1217 (fax)
cclark@triallawfirm.com

Carl N. Frankovitch
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
304-723-4400
304-723-5892 (fax)
carln@facslaw.com

Yvonne Flaherty
Lockridge Grindal Nauen
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
612-339-6900
612-339-0981 (fax)
ymflaherty@locklaw.com

Thomas P. Cartmell
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100

816-531-2372 (fax)
tcartmell@wagstaffcartmell.com

Renee Baggett
Aylstock Witkin Kreis & Overholtz
Suite 200
17 East Main Street
Pensacola, FL 32502
850-202-1010
805-916-7449 (fax)
RBaggett@awkolaw.com

Riley L. Burnett, Jr.
Burnett Law Firm
55 Waugh Drive, Suite 803
Houston, TX 77007
832-413-4410
832-900-2120 (fax)
rburnett@rburnettlaw.com

William H. McKee, Jr.
1804 Louden Heights Road
Charleston, WV 25314
304-546-2347
bmckee@suddenlink.net

The appointment to the FCC is of a personal nature. Accordingly, in the performance of the FCC's functions (such as committee meetings and court appearances), the above appointees cannot allow others to substitute for them in fulfilling this role, including by any other member or attorney of the appointee's law firm, except with prior approval of the Court. The Court has appointed William H. McKee, Jr. d/b/a WHM Resources LLC, to the FCC as a non-attorney participant with no financial interest in the common benefit fund. The Court finds that the duties of Mr. McKee, as a non-attorney participant, do not involve the provision of professional services — legal, accounting, or otherwise. He will be compensated quarterly by the common benefit fund for his service. Such compensation must be approved by the Court. Henry Garrard shall serve as Chairperson of the FCC. The FCC is charged with engaging in confidential discussions as part of

the FCC's function.  Persons not specifically invited by a two-thirds vote of the FCC shall not attend meetings of the FCC.

It shall be the responsibility of the FCC to make recommendations to the Court for reimbursement of costs and apportionment of attorneys' fees for common benefit work and any other utilization of the funds.

**B.**     **Criteria for Common Benefit Applications**

The Court, in considering any fee award, will give appropriate consideration to the experience, talent, and contribution made by any eligible attorney or law firm submitting an application for reimbursement of costs and apportionment of attorneys' fees from the MDL 2327 Fund for work performed for common benefit. The Court will also give appropriate consideration to "the time and effort expended" and the "type, necessity, and value of the particular legal services rendered." PTO # 62, § 4(b). In making its recommendations to the Court, the over-arching guideline that the FCC must consider is the contribution of each common benefit attorney to the outcome of the litigation. The FCC's considerations should be governed and guided by the following comprehensive statement of general principles:

1.     **The extent to which each firm made a substantial contribution to the outcome of the litigation.**  A law firm may contribute to the outcome of the litigation at any stage of the proceedings, including drafting master pleadings, common written discovery, liability depositions, expert work, briefing, hearings, trials, settlement, and coordination and administration of MDL 2327.  All contributions are not necessarily equal and the FCC shall appropriately weigh the contributions.

2.     **The quality of each attorney or firm's work.** Attention shall be paid to the quality of the work performed separate and apart from the length of time required to perform it. An

attorney or law firm providing common benefit should not be penalized for efficiency, nor should inefficiency be incentivized.  The FCC shall consider all work that was a benefit and may likewise consider actions that were detrimental.

3.     **The consistency, quantum, duration, and intensity of each attorney or firm's commitment to the litigation.** The level of commitment, from the inception of the MDL through its resolution, demonstrated by a common benefit attorney or law firm shall be considered. The touchstone of common benefit work is that it must inure to the benefit of the claimants as a whole. Accordingly, emphasis should be placed on work product and materials that are provided to counsel to prepare for trial. While the total number of hours spent toward appropriate common benefit activities should be considered, the Court is primarily concerned with substantive contributions and not simply the total number of hours. For example, hours spent developing litigation strategies or preparing for and participating in trials generally provide greater common benefit than hours spent reviewing and coding documents.

4.     **The level of experience, reputation, and status of each attorney and firm, including partner participation by each firm.** The extent and nature of participation by partner-level attorneys provides some evidence of the level of commitment to the litigation by attorneys seeking common benefit fees or expenses.  Further, the participation and dedication by experienced attorneys from a law firm would provide some evidence of commitment as well.

5.     **The jurisdiction in which non-MDL common benefit work occurred.** Common benefit work performed in state court litigation — whether the proceedings are consolidated or not — should be considered to the extent it contributed to the outcome of the litigation and benefitted the MDL.  The Court recognizes, particularly to the extent there are agreements between state court attorneys and MDL leadership, that state court attorneys may make an application for

6

common benefit fees and expenses to be fully considered by the FCC.  In order for an attorney's work in state court litigation to be considered for payment from the Common Benefit Fund, settlements from the requesting attorneys must include the five percent assessment provided for in PTO # 62, as amended by PTO # 134. In addition, counsel must comply with the 60-day deadline provided in the introductory paragraph of this Order.

6.      **Activities surrounding trials of individual claimants, including bellwether trials, consolidated trials, cases transferred or remanded for trial, and non-MDL trials that impacted proceedings on a common benefit level.** The focus of this inquiry is the role played by counsel at trial. Greater emphasis is placed on substantive contributions made by counsel or the counsel's team at a particular trial that provided a common benefit.

7.      **Membership and leadership in positions within the MDL.** Membership and leadership in positions on committees engaged in common benefit work should be considered.

8.      **Whether counsel made significant contributions to the funding of the litigation and creation of the Common Benefit Fund.** Contributions to the funding of the litigation include counsel's contributions to the MDL through Plaintiffs' Steering Committee assessments and held costs from expenses related to the common benefit of the litigation.  The relationship of the contributions to the amount of funds received pursuant to PTO # 62 (as amended by PTO # 134) should be considered by the FCC.

9.      **Commitment to and efforts toward overall resolution of the litigation.**   The MDL process brought cases from multiple federal jurisdictions to this Court.  The Court placed significant responsibility on certain counsel to actively participate in common resolution of cases and that work and effort should be considered by the FCC.

10.    **Any other relevant factors.** The FCC will be guided by governing fee jurisprudence in determining the reasonableness of the allocation, including the factors enumerated in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The *Barber* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the size of the fee awards in similar cases. *Id.*

11.    The FCC's implementation of this Order and its recommendations to the Court regarding allocation of common benefit fee awards and reimbursement of expenses should be governed and guided by this comprehensive statement of general principles. The FCC is to consider the relative common benefit contribution of each attorney to the outcome of the litigation, including whether the attorney:

a.    Made no known material common benefit contribution to the litigation;

b.    Made isolated material common benefit contributions, but mostly "monitored" the material common benefit efforts of other firms and performed some document review;

c.    Made periodic material common benefit contributions and/or mostly performed document review;

d.    Made consistent material common benefit contributions from inception of the litigation;

e.    Was a leader taking primary responsibility to accomplish the goals of the Plaintiffs' Steering Committee and was heavily relied upon by the Executive Committee and

provided consistent material common benefit contributions, full-time at times, from inception of the litigation;

f.  Was a senior leader taking primary responsibility to accomplish the goals of the Plaintiffs' Steering Committee, organized others and/or led a team of common benefit attorneys, was heavily relied upon by the Executive Committee and provided consistent material common benefit contributions almost full-time for a substantial time during the litigation; or

g.  Was a senior leader providing maximum senior leadership effort in terms of intensity, consistency, and duration relative to all other common benefit counsel, taking primary responsibility for entire litigation to accomplish the goals of the Plaintiffs' Steering Committee, engaging in overall strategic planning since the inception of the litigation, organizing others and/or leading one or more teams of common benefit attorneys, providing consistent material common benefit contributions, virtually full-time for much of the litigation, and will likely continue to assume a key leadership role for several more years.

Other special considerations here include:

a.  Counsel will not be compensated for work performed without prior authorization by Coordinating Co-Lead Counsel or the Co-Lead Counsel of MDL 2327.

b.  Monitoring and review of work not related to ongoing common benefit assignments is not compensable.

c.  Where work was performed by contract attorneys or professionals, counsel are required to disclose the salary/wage of such contract attorneys and that should be considered by the FCC.

In making its recommendations to the Court, the FCC shall exercise its discretion in evaluating what work and expenses furthered the common benefit of the litigation. The above guidelines provide direction, but do not create entitlements and do not override the independent judgment and discretion of the FCC or the Court.

## C.  <u>Common Benefit Application Process</u>

It is the directive of the Court that the FCC begin meeting to discuss the process of reviewing hours that are submitted as of March 15, 2016; determine an application process for applying for fees and expenses; and determine the mechanics of applications and the contents of

the application.  It is the directive of the Court that any application that is submitted to the FCC shall be signed by a senior partner of the law firm attesting to its truth and accuracy.  In setting out this directive, the Court is not by this Order setting a time by which applications are to be received.  That timing will be determined by the Court in consultation with the FCC.

It is the responsibility of the FCC to conduct meetings, at the appropriate time, during which any counsel who has submitted an application for common benefit compensation may, at his or her discretion, separately appear and present the reasons, grounds, and explanation for their entitlement to common benefit fees.  Meetings shall be held at locations to be determined by the FCC.  The FCC may set a limitation on the time allocated for any presentation.

At the appropriate time, the FCC shall make recommendations of fee allocations and cost reimbursements pertaining to all counsel applying for attorneys' fees and costs.  The FCC shall provide to each attorney, notice of recommendations of the FCC as it pertains to that particular attorney.  In the event an attorney objects to the FCC's recommendation, a written objection setting forth with specificity the basis of the objection shall be submitted to the FCC within 14 days of being informed of the recommendation.  It is the intent of the Court that the FCC bring to the Court a recommendation that has been well vetted and is agreed to by all involved to the fullest extent possible.

After full consideration of objections by counsel, if any, the FCC shall submit the final recommendation of fee allocation and cost reimbursement to the Court.  At the appropriate time, the Court will determine the process for consideration of any objections to the final recommendation of fee allocation and cost reimbursement submitted to the Court by the FCC.  The Court retains jurisdiction and authority as to the final decisions and awards and allocations of awards for common benefit fees and expenses.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:16-cv-00299. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this Court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court. The orders may be accessed through the CM/ECF system or the Court's website at www.wvsd.uscourts.gov.

ENTER:  January 15, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**IN RE: ETHICON, INC.**
**PELVIC REPAIR SYSTEMS**                                    **MDL NO. 2327**
**PRODUCTS LIABILITY LITIGATION**

-----------------------------------------------------------
**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER # 18
**(Agreed Order Regarding Management of Timekeeping, Cost Reimbursement**
**and Related Common Benefit Issues)**

The parties have submitted this Agreed Order to the court in anticipation of the possibility that, at some time in the future, there may be applications to this court by attorneys for payment of common benefit fees or expenses. The court now issues the following preliminary procedures and guidelines at this early juncture in the case, but expresses no opinion regarding whether payment of common benefit fees or expenses will ever become appropriate. This Agreed Order merely provides guidance so that, should the issue become ripe, any attorneys applying for common benefit fees or expenses will have notice of the standards the parties have agreed will be employed in assessing those applications. These guidelines are not meant to be exhaustive, and the court may issue additional procedures, limitations, and guidelines in the future, if appropriate.

1.      **Appointment of CPA**

The forms and records detailing both time and expenses shall be subject to periodic review by Chuck Smith, CPA, who is hereby appointed upon recommendation of the Plaintiffs' Executive Committee and Co-Liaison Counsel to perform such services

as set forth in this Order and to otherwise make such periodic and discreet reports to the court as requested and to the Executive Committee and Co-Liaison. Said CPA shall be paid from the common benefit funds and shall work with the Executive Committee and Co-Liaison Counsel to insure the accuracy of the submissions and all accounts and records.

2. **Common Benefit Fund for Expenses**

From time to time, the Executive Committee shall make such assessments and shall receive and hold such funds as necessary to effectively prosecute the interests of the litigation. Such funds shall be held in such accounts at a federally insured Banking institution as designated and approved between Co-Liaison Counsel, Coordinating Co-Leads and the CPA. The account shall be maintained by the PSC with primary oversight of Coordinating Co-Lead and Co-Liaison Counsel and shall be subject to periodic review by the CPA. Any funds to be paid out of such account shall be paid only upon the direction of the Coordinating Co-Lead Counsel. The PSC shall apply for and receive a Federal Tax ID number for such account.

3. **Administration**

For PSC counsel appointed by the court or acting under the direction of the leadership of the PSC, the recovery of common benefit time and cost reimbursements will be allowed and is essential.  This will be for "participating counsel" as defined herein. Furthermore, participating counsel shall only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were (a) for the common benefit, (b) appropriately authorized (as defined herein specifically in section 3), (c) timely submitted, and (d) approved by this

court. This Order sets forth the guidelines regarding the submission and compensability of common benefit time and expenses. Plaintiffs' counsel who seek to recover court-awarded common benefit attorneys' fees and expenses in connection with this litigation shall keep a daily contemporaneous record of their time and expenses, noting with specificity the amount of time and particular activity along with confirmation that authority was obtained to have undertaken that common benefit effort.  For the purpose of coordinating these guidelines and tracking submissions, the Co-Liaison Counsel, together with the Coordinating Co-Lead Counsel and Executive Committee, shall employ a Certified Public Accountant appointed by the court.  The CPA will insure proper compliance by the parties with this Order and work with the Coordinating Co-Leads to manage the litigation fund and administer the payment of the expenses (not fees) from the litigation fund. All counsel working on common benefit activities shall submit a separate report of their time and expense records every six weeks (such reports shall be submitted within 20 days of the due date as prescribed in Time and Expense Reports approved by the CPA, by email, as follows:

**<u>American Medical Systems MDL</u>**

CPA:   AMSTime@schcpa.com

AMS Lead Counsel:
Fidelma Fitzpatrick at ffitzpatrick@motleyrice.com
Amy Eskin at aeskin@hershlaw.com

Coordinating Co-leads:
Henry Garrard at hgg@bbgbalaw.com
Fred Thompson at fthompson@motleyrice.com
Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
　　Harry F. Bell, Jr. at AMSTime@belllaw.com
　　Paul Farrell at paul@greeneketchum.com
　　Carl Frankovitch at carl@facslaw.com

**Boston Scientific MDL**

CPA:　BostonScientificTime@schcpa.com

Boston Scientific Lead Counsel:
　　Clayton Clark at clark@triallawfirm.com
　　Aimee Wagstaff at Aimee.wagstaff@ahw-law.com

Coordinating Co-leads:
　　Henry Garrard at hgg@bbgbalaw.com
　　Fred Thompson at fthompson@motleyrice.com
　　Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
　　Harry F. Bell, Jr. at BostonScientificTime@belllaw.com
　　Paul Farrell at paul@greeneketchum.com
　　Carl Frankovitch at carl@facslaw.com

**C.R. Bard MDL**

CPA:　CRBardTime@schcpa.com

C.R. Bard Lead Counsel:
　　Henry Garrard at hgg@bbgbalaw.com
　　Derek Potts at dpotts@potts-law.com

Coordinating Co-leads:
　　Henry Garrard at hgg@bbgbalaw.com
　　Fred Thompson at fthompson@motleyrice.com
　　Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
　　Harry F. Bell, Jr. at CRBardTime@belllaw.com
　　Paul Farrell at paul@greeneketchum.com
　　Carl Frankovitch at carl@facslaw.com

**Coloplast MDL**

CPA:　ColoplastTime@schcpa.com

4

Coloplast Lead Counsel:
    Mark Mueller at mark@muellerlaw.com
    Robert Salim at robertsalim@cp-tel.net
    Riley Burnett at rburnett@TrialLawFirm.com

Coordinating Co-leads:
    Henry Garrard at hgg@bbgbalaw.com
    Fred Thompson at fthompson@motleyrice.com
    Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
    Harry F. Bell, Jr. at ColoplastTime@belllaw.com
    Paul Farrell at paul@greeneketchum.com
    Carl Frankovitch at carl@facslaw.com

**Ethicon MDL**

CPA:  EthiconTime@schcpa.com

Ethicon Lead Counsel:
    Thomas Cartmell at tcartmell@wagstaffcartmell.com
    Renee Baggett at rbaggett@awkolaw.com

Coordinating Co-leads:
    Henry Garrard at hgg@bbgbalaw.com
    Fred Thompson at fthompson@motleyrice.com
    Bryan Aylstock at BAylstock@awkolaw.com

Plaintiffs' Co-Liaison Counsel:
    Harry F. Bell, Jr. at EthiconTime@belllaw.com
    Paul Farrell at paul@greeneketchum.com
    Carl Frankovitch at carl@facslaw.com

The failure to secure authority to incur common benefit time and expenses, or maintain and timely provide such records or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

"Participating Counsel" are counsel who subsequently desire to be considered for common benefit compensation and as a condition thereof agree to the terms and conditions herein and acknowledge that the court will have final, non-appealable

authority regarding the award of fees, the allocation of those fees and awards for cost reimbursements in this matter. Participating Counsel have (or will have) agreed to and therefore will be bound by the court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and the Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of this Agreed Order or to otherwise challenge its adequacy. Nothing in this Agreed Order shall be construed to prohibit an agreement between the PSC and state court litigants who may later seek a common benefit allocation.

A. **Expense Limitations**

1. **Travel Limitations**

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by the Coordinating Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

a. Airfare. Reasonable and appropriate airfare will be reimbursed and is subject to audit and review. Airfare deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed.

b. Hotel. Reasonable and appropriate hotel accommodations will be reimbursed. Hotel accommodations deemed to be excessive or which are not related to an assigned task or judicial requirement will not be reimbursed.

c. Meals. Meal expenses must be reasonable.

d. Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

e. Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are

6

available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial.

f.  Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

## 2.  Non-Travel Limitations

a.  Long Distance, Conference Call and Cellular Telephone Charges. Common benefit long distance, conference call and cellular telephone charges must be documented as individual call expenses in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL litigation. Such charges are to be reported at actual cost.

b.  Shipping, Overnight, Courier, and Delivery Charges. All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

c.  Postage Charges. A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

d.  Telefax Charges. Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge shall not exceed $1.00 per page.

e.  In-House Photocopy. A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is .20¢ per page.

f.  Computerized Research – Lexis/Westlaw. Claims for Lexis or Westlaw, and other computerized legal research expenses should

7

be in the exact amount charged the firm and appropriately allocated for these research services.

**B.**     **Verification**

The forms detailing expenses shall be certified by a member of the PSC in each firm attesting to the accuracy of the submissions. For those firms submitting time who are not a member of the PSC, the forms shall be signed by a senior partner in that firm. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**C.**     **Authorization for Compensable Common Benefit Work**

Authorized Common Benefit Work includes assignments made by Coordinating Co-lead Counsel and/or the Co-Lead Counsel of each MDL, who will work in consultation with each other to facilitate the litigation.  No time spent on developing or processing purely individual issues in any case for an individual client (claimant) will be considered or should be submitted, nor will time spent on any unauthorized work.

**D.**  **Common Benefit Work**

1.     Examples of authorized and unauthorized common benefit work include but are not limited to:

a.     <u>Depositions</u>:  Participating Counsel may attend any deposition space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Coordinating Co-Lead Counsel or a Co-Lead of an individual MDL, the time and expenses shall not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients.

b.     <u>Periodic MDL Conference Calls</u>:  These calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not

8

common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. The attorneys designated by the Coordinating Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for common benefit. Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for participation in PSC communications that are germane to all members of the PSC and are necessary to fulfill their PSC obligations.

c.    <u>Periodic Status Conferences</u>.  Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. Coordinating Co- Lead Counsel will consult with Co-Lead Counsel regarding matters to be discussed and argued at the Status conferences to determine counsel who will make presentations and insure proper coordination on issues. The attorneys designated by the Coordinating Co-Lead Counsel,  to address issues that will be raised at a given status conference or requested by the Coordinating Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, Co-Lead Counsel, as well as any other attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time for evaluation as common benefit time.

d.    <u>Committee Meetings or Calls</u>:  During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by the Co-Lead Counsel in consultation with the Coordinating Co-Lead Counsel.

e.    <u>Identification and Work Up of Experts</u>:  Participating Counsel are expected to identify experts in consultation with the Coordinating Co-Lead Counsel, the Co-Lead Counsel for the individual MDLs, and the Expert Committee, which is co-chaired by Ben Anderson and Mark Mueller, who are responsible to coordinate with the

9

Coordinating Co-Lead Counsel and the Co-Leads of the individual MDLs. If a Participating Counsel travels to and retains an expert without the knowledge and approval of the Coordinating Co-Lead Counsel or a Co-Lead of an MDL, they understand that the MDL may not need or use that expert and their time and expenses may not be eligible for common benefit expenses/work.

f.     <u>Attendance at Seminars</u>:  Mere attendance at a seminar does not qualify as common benefit work or a common benefit expense unless the individual is attending at the direction of Coordinating Co-Lead counsel and for the benefit of the MDL.

g.     <u>Document Review</u>:  Only document review specifically authorized by the Co-Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work. The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney.  If a reviewer elects to review documents that have not been assigned to that attorney by the Co-Lead Counsel for the MDL, that review is not considered common benefit. Counsel will receive periodic reports from the vendor(s) retained to manage the electronic production, of computer billing time for depository review. Such Vendor should have the capability to track actual time spent by each attorney reviewing documents. Participating Counsel should bring any discrepancy to the attention of the Coordinating Co-Lead Counsel or its designee within thirty days of receipt of the Vendors report. Failure to timely bring any claimed discrepancy to the attention of the Coordinating Co-Lead Counsel Committee will result in the compensable document review time being presumptively deemed that which was electronically logged by Vendor. A Fee Committee at the appropriate time will review all fee submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

h.     <u>Review of Pleadings and Orders</u>:  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by the Coordinating Co-Leads or the Co-Leads of the individual MDLs to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph shall be construed to prevent the Executive Committee, Co-lead, Co-Liaison Counsel and the PSC

from submitting common benefit time for reviewing orders of the court that are germane to all members of the PSC and are necessary for review to fulfill their committee or court appointed obligations.

i.    <u>Emails:</u>  Time recorded for reviewing emails, and providing non substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they  are  not  specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working. If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

j.    <u>Review of Discovery Responses:</u>  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by the Co-Lead Counsel for the individual MDL to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

k.    <u>Bellwether Trials</u>.  While the work-up of individual cases is ***not*** considered common benefit, in the event that a case is selected as part of an approved early preference or bellwether trial process in the MDL or participating state court proceedings, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered for common benefit to the extent it complies with other provisions of this Agreed Order or Participation Agreement.

l.    <u>Pre-Litigation Hours Materially Advanced</u>.  The court will have the authority and discretion to permit the accounting of pre-litigation hours materially advanced for common benefit.

m.    <u>State Court and Bard MDL common benefit hours</u>. The court contemplates that work done for the common benefit through the

11

Bard MDL, in federal litigation prior to the formation of this MDL or through state court proceedings in New Jersey, Delaware, Massachusetts, Minnesota, West Virginia and elsewhere will be compensable time, and can be submitted so long as it has been approved and agreed to by the co-lead of the applicable MDL and/or the Coordinating Co-lead counsel.

n.    <u>Paralegal Hours</u>.  Common benefit time performed by Paralegals will be approved based on the requirements set forth in this Agreed Order for attorneys.

In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask the Coordinating Co-Lead Counsel or Co-Lead Counsel in advance as to whether such time may be compensable.

  **E.**  <u>**Time Keeping and Submission of Time Records**</u>

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as noted herein and submitted in the Forms approved by the CPA. Participating Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

The following shall be noted:

All time submissions must be incurred only for work authorized under this Agreed Order.

1.    All time submissions must be made on the Forms approved by the CPA.

2.    All time and expenses are subject to proper and timely submission every six (6) weeks (reports shall be submitted within 20 days of the close of the due date) of contemporaneous records certified to have been timely

12

received within the preceding six (6) weeks. Beginning November 1, 2012, submissions shall be made for all time incurred prior to the entry of this Agreed Order.

3.      All expenses submissions must include receipts for all expenses.

4.      All time and expense submissions must be electronically sent in the attached forms approved by the CPA every six (6) weeks to the attention of Co-Lead Counsel of the applicable MDL; to the coordinating Co-leads Henry Garrard, Fred Thompson and Bryan Aylstock; to the Plaintiffs' Co-Liaison Counsel, Harry F. Bell, Jr., Paul Farrell and Carl Frankovitch; and to the CPA, as set forth above.  Co-Lead Counsel of each MDL, Coordinating Co-Lead Counsel and Co-liaison Counsel will cooperatively share and maintain the data submitted with the Executive Committee.  It is therefore essential that each firm, every six (6) weeks, timely submit its records for the preceding month.

5.      Untimely Submissions. Failure to provide time and expense records on a quarterly basis as set forth herein shall result in a waiver of same.

IT IS SO ORDERED.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it

shall apply to each member related case previously transferred to, removed to, or filed in

this district, which includes counsel in all member cases up to and including civil action

number 2:12-cv-06168.  In cases subsequently filed in this district, a copy of the most

recent pretrial order will be provided by the Clerk to counsel appearing in each new

action at the time of filing of the complaint.   In cases subsequently removed or

transferred to this court, a copy of the most recent pretrial order will be provided by the

Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the

responsibility of the parties to review and abide by all pretrial orders previously entered

by the court.  The orders may be accessed through the CM/ECF system or the court's

website at www.wvsd.uscourts.gov.

ENTER:  October 4, 2012

Joseph R. Goodwin, Chief Judge

**Submitted and Approved by the Plaintiffs' Coordinating Co-Leads, Executive Committee and Co-liaison Counsel, who have consulted and approved the same among all PSC Counsel**

By:    /s/Harry F. Bell, Jr.
Harry F. Bell, Jr.
Plaintiffs' Co-Liaison Counsel
hfbell@belllaw.com
West Virginia Bar No. 297

The Bell Law Firm, PLLC
P. O. Box 1723
Charleston, WV 25326
(304) 345-1700

By:    /s/Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
Plaintiffs' Co-Liaison Counsel
paul@greeneketchum.com
West Virginia Bar No. 7433

Greene Ketchum Bailey Walker Farrell & Tweel
P. O. Box 2389
Huntington, WV 25724-2389
(304) 525-9115

By:    /s/Carl N. Frankovitch
Carl N. Frankovitch
Plaintiffs' Co-Liaison Counsel
carln@facslaw.com
West Virginia Bar No. 4746

Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062
(304) 723-4400

By:    /s/Henry G. Garrard, III
Henry G. Garrard, III
Plaintiffs' Coordinating
Co-Lead Counsel and Executive
Committee
hgg@bbgbalaw.com
Georgia Bar No. 286300

15

Blasingame Burch Garrard & Ashley, PC
P. O. Box 832
Athens, GA 30603
(706) 354-4000

By:    /s/Fred Thompson, III
Fred Thompson, III
Plaintiffs' Coordinating
Co-Lead Counsel and Executive
Committee
fthompson@motleyrice.com
South Carolina Bar No. 5548

Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9118

By:    /s/Bryan F. Aylstock
Bryan F. Aylstock
Plaintiffs' Coordinating
Co-Lead Counsel and Executive
Committee
BAylstock@awkolaw.com
Florida Bar No. 078263

Alystock Witkin Kreis & Overholtz
17 E. Main Street, Suite 200
Pensacola, FL 32502
(877) 810-4808

By:    /s/Clayton A. Clark
Clayton A. Clark
Plaintiffs' Executive Committee
cclark@triallawfirm.com
Texas Bar No. 04275750

Clark, Love & Hutson, G.P.
440 Louisiana Street, Suite 1600
Houston, TX 77002
(713) 757-1400

By:    /s/Amy Eskin
Amy Eskin
Plaintiffs' Executive Committee
aeskin@hershlaw.com
California Bar No. 127668

Hersh & Hersh
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
(415) 441-5544

By:   /s/Derek H. Potts
      Derek H. Potts
      Plaintiffs' Executive Committee
      dpotts@potts-law.com
      Missouri Bar No. 44882

The Potts Law Firm, LLP
908 Broadway, 3rd Floor
Kansas City, MO 64105
(816) 931-2230

By:   /s/Aimee H. Wagstaff
      Aimee H. Wagstaff
      Plaintiffs' Executive Committee
      Aimee.wagstaff@ahw-law.com
      Colorado Bar No. 36819

Andrus Hood & Wagstaff, PC
1999 Broadway, Suite 4150
Denver, CO 80202
(303) 376-6360

By:   /s/Thomas P. Cartmell
      Thomas P. Cartmell
      Plaintiffs' Executive Committee
      tcartmell@wagstaffcartmell.com
      Missouri Bar No. 45366

Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
(816) 701-1100

By:   /s/Fidelma P. Fitzpatrick
      Fidelma P. Fitzpatrick
      Plaintiffs' Co-Lead Counsel
      ffitzpatrick@motleyrice.com
      Rhodes Island Bar No. 5417

Motley Rice, LLC
321 South Main Street, Suite 200
Providence, RI  02903
(401) 457-7700

By:   /s/Renee Baggett
Renee Baggett
Plaintiffs' Co-Lead Counsel
RBaggett@awkolaw.com
Florida Bar No.  0038186

Aylstock, Witkin, Kreis & Overholtz
17 East Main Street, Suite 200
Pensacola, FL  32502
(850) 202-1010

By:   /s/Mark C. Mueller
Mark C. Mueller
Plaintiffs' Co-Lead Counsel
mark@muellerlaw.com
Texas Bar No. 14623000

Mueller Law
404 West 7th Street
Austin, TX  78701
(512) 478-1236

By:   /s/Robert Salim
Robert Salim
Plaintiffs' Co-Lead Counsel
robertsalim@cp-tel.net
Louisiana Bar No. 11663

Law Offices of Robert L. Salim
1901 Texas Street
Natchitoches, LA  71457
(318) 352-5999

By:   /s/Riley Burnett
Riley Burnett
Plaintiffs' Co-Lead Counsel
rburnett@TrialLawFirm.com
Texas Bar No. 03428900

Law Offices of Riley L. Burnett, Jr.
440 Louisiana, Suite 1600
Houston, TX  77002
(713) 757-1400

EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION    MDL NO. 2327
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER # 62
### (AGREED ORDER ESTABLISHING MDL 2327 FUND TO COMPENSATE AND
### REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES
### INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT)

This Agreed Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by "participating counsel" acting for MDL administration and common benefit of all plaintiffs in this complex litigation. This Agreed Order specifically incorporates by reference herein, and makes binding upon the parties, the procedures and guidelines referenced in Pretrial Order #18 (Agreed Order Regarding Management of Timekeeping, Cost Reimbursement and Related Common Benefit Issues).

1.   **MDL 2327 Attorney Participation Agreement**

Attached hereto as **Exhibit "A"** and incorporated herein is a voluntary "*MDL 2327 Attorney Participation Agreement*" (sometimes referred to as the "*Participation Agreement*") between the Plaintiffs' Steering Committee ("PSC") and other plaintiffs' attorneys. The *Participation Agreement* is a private and cooperative agreement between plaintiffs' attorneys only. It is not an agreement with defendant Ethicon, Inc., Ethicon, LLC, Johnson & Johnson, American Medical Systems, Inc., Boston Scientific Corporation, C.R. Bard, Inc., Sofradim Production SAS, Tissue Science Laboratories Limited, Mentor Worldwide LLC, Coloplast Corp. or Cook Medical, Inc. (collectively "Defendants"). All PSC members are deemed to have

executed the *Participation Agreement*. "Participating Counsel," as that term is used in the *Participation Agreement*, include: (1) all members of the PSC and (2) any other plaintiffs' attorneys who sign the *Participation Agreement*. Participating Counsel are entitled to receive the MDL common-benefit work-product and the state court work-product of those attorneys who have also signed the *Participation Agreement* and shall be entitled to seek disbursements as Eligible Counsel as provided in section 4 of this Agreed Order. In return, Participating Counsel agree to pay the assessment amount provided in section 3 of this Agreed Order on all filed and unfiled cases or claims in state or federal court in which they share a fee interest. Counsel who choose not to execute the *Participation Agreement within ninety (90) days of entry of this Agreed Order*, are not entitled to receive Common-Benefit Work Product (as defined in the *Participation Agreement*) and may be subject to an increased assessment on all MDL 2327 cases in which they have a fee interest for the docket management and the administrative services provided by the PSC and if they receive Common-Benefit Work-Product or any other work-product created pursuant to this Agreed Order, or otherwise benefit by the work performed by the MDL and other counsel working with the MDL pursuant to this Agreed Order.

2. **Covered Claims**

This Agreed Order applies to the following Ethicon, Inc., Ethicon, LLC, Johnson & Johnson, American Medical Systems, Inc., Boston Scientific Corporation, C.R. Bard, Inc., Sofradim Production SAS, Tissue Science Laboratories Limited, Mentor Worldwide LLC, Coloplast Corp., or Cook Medical claims (hereinafter collectively referred to as "mesh injury claims"), whether direct or derivative:

      a.      All mesh injury claims now (as of the date of the entry of this Agreed Order) or hereafter subject to the jurisdiction of MDL 2327, whether

disposed of before or after remand, regardless of whether counsel holding a fee interest in such mesh injury claims have signed the *MDL 2327 Attorney Participation Agreement*, including but not limited to:

    i.     All mesh injury claims settled pursuant to an MDL supervised Settlement Agreement between the parties;

    ii.    All mesh injury claims participating in MDL 2327 or on tolling agreement;

    iii.    All mesh injury claims where attorneys who receive Common-Benefit Work-Product or otherwise benefit by the work performed by the PSC or common-benefit counsel working with the PSC (including all firms that accessed the PSC document database prior to the date of this Agreed Order) either agree or have agreed – for monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages (hereinafter a "Settlement"), with respect to any mesh injury claim are subject to an assessment on the "Gross Monetary Recovery," as provided herein; and

    iv.    All mesh injury claims in which any PSC member or participating counsel has a financial interest.

b.    All mesh injury claims, in which the plaintiffs' attorneys have either:

    i.    Received the benefit of MDL 2327 work-product (including all firms that accessed the PSC document database prior to the date of

this Agreed Order);

    ii.    Signed the *MDL 2327 Attorney Participation Agreement*, attached hereto as Exhibit "A"; or

    iii.    Are members of the PSC.

(collectively hereinafter referred to as the "Covered Claims").

**3.**     <u>**Assessments and Payments into the MDL 2327 Fund for All Covered Claims**</u>

    a.    A total assessment for payment of attorneys' fees and approved common-benefit and MDL expenses of five percent (5%) of the Gross Monetary Recovery shall apply to all Covered Claims (the "Assessment").

    b.    In measuring the Gross Monetary Recovery:

      i.    Include all sums to be paid in settlement of the claim;

      ii.    Exclude court costs that are to be paid by any Defendant;

      iii.    Exclude any payments made directly by any Defendant on a formal intervention asserted directly against the Defendant by third-parties, such as to physicians, hospitals, and other health-care providers on Court recognized valid subrogation claims related to treatment of plaintiff; and,

      iv.    Include the present value of any fixed and certain payments to be made in the future.

    c.    Defendants are directed to withhold the Assessment from amounts paid on any Covered Claim and to pay the Assessment directly into the MDL 2327 Fund as a credit against the Settlement or Judgment. If for any reason the Assessment is not or has not been so withheld, the Defendants as well as

the plaintiff and his or her counsel are jointly responsible for paying the Assessment into the MDL 2327 Fund promptly.

d. From time to time, the PSC shall provide a list of all then-known Covered Claims to the Administrator of the MDL 2327 Fund, Defendant's Liaison Counsel, plaintiffs' counsel, and the Court or its designee. In connection therewith, Defendant shall, upon request from the PSC, supply to the PSC a list of all then-known Covered Claims, including the name of each plaintiff and his or her attorney, if any.

e. A Defendant and its counsel shall not distribute any potential common benefit portion of any settlement proceeds with respect to any Covered Claims until: (1) Defendant's counsel notifies the PSC in writing of the existence of a settlement and the name of the individual plaintiff's attorney holding such Covered Claims and (2) Plaintiffs' Liaison Counsel has confirmed to Defendant's counsel in writing that the individual plaintiff attorney's cases or claims are subject to an Assessment pursuant to this Agreed Order.

f. Information regarding the amount of an Assessment paid or to be paid into the MDL 2327 Fund will be provided only to the individual plaintiff's attorney holding the Covered Claim, the court-appointed Certified Public Accountant, and the Court, and shall otherwise remain confidential and shall not be disclosed to the PSC or any of its members or to any other person unless ordered by the Court.

g.     The Assessment represents a hold-back (*In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d Cir. 2006)) and shall not be altered in any way unless this Court, upon good cause shown, amends this Agreed Order.

h.     Nothing in this Agreed Order is intended to increase the attorneys' fee paid by a client, nor to in any way impair the attorney/client relationship or any contingency fee contract deemed lawful by the attorneys' respective state bar rules and/or state court orders.

i.     Upon payment of the Assessment into the MDL 2327 Fund, Defendants shall be released from any and all responsibility to any person, attorney, or claimant with respect to the Assessment placed into the MDL 2327 Fund. Any person, attorney, or claimant allegedly aggrieved by an Assessment pursuant to this Agreed Order shall seek recourse as against the MDL 2327 Fund.

j.     The Court directs for purposes of this Assessment, that the CPA previously appointed by the Court, Chuck Smith, shall oversee the handling of such funds working in conjunction with plaintiff's co-liaison counsel. Such funds shall be held separate and apart as the CPA, who shall act as Administrator of the fund, in an appropriate account.

4.   **Disbursements from the MDL 2327 Fund for Common Benefit Work**

a.     From time to time the Executive Committee may make application for disbursements for the MDL 2327 Fund for common benefit work and expenses.  Upon a proper showing and Order of the Court, payments may be made from the MDL 2327 Fund to attorneys who have provided

services or incurred expenses for the joint and common benefit of plaintiffs and claimants whose claims have been treated by this Court as a part of these proceedings in addition to their own client or clients. Such "Eligible Counsel" include:

    i.    Plaintiffs' Liaison Counsel and members of the PSC;

    ii.    Attorneys who have signed the *MDL 2327 Attorney Participation Agreement*; and

    iii.    Other attorneys performing similar responsibilities in state court actions, provided that all cases in which any putative common-benefit attorneys have a financial interest are subject to this Agreed Order.

b.    In apportioning any fee award to Eligible Counsel, appropriate consideration will be given to the experience, talent, and contribution made by Eligible Counsel, and to the time and effort expended by each as well as to the type, necessity, and value of the particular legal services rendered.

c.    If the MDL 2327 Fund exceeds the amount needed to make payments as provided in this Agreed Order, the Court may order a refund to plaintiffs and their attorneys who were subject to the Assessment. Any such refund will be made in proportion to the amount that was assessed.

**5.**    **Incorporation by Reference**

The MDL 2327 Attorney Participation Agreement is attached hereto as Exhibit A and is incorporated by reference and has the same effect as if fully set forth in the body of this Agreed Order.

6.      **No Objection to Order**

Defense counsel having reviewed this proposed order express no objection to the same.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-20783.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: August 26, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

**Submitted and Approved by the  Plaintiffs' Coordinating Co-Leads, Executive Committee and Co-liaison Counsel, who have consulted and approved the same among all PSC Counsel**

By:      /s/Harry F. Bell, Jr.
Harry F. Bell, Jr.
Plaintiffs' Co-Liaison Counsel
hfbell@belllaw.com
West Virginia Bar No. 297

The Bell Law Firm, PLLC
P. O. Box 1723
Charleston, WV 25326
(304) 345-1700

By:   /s/Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
Plaintiffs' Co-Liaison Counsel
paul@greeneketchum.com
West Virginia Bar No. 7433

Greene Ketchum Bailey Walker Farrell & Tweel
P. O. Box 2389
Huntington, WV 25724-2389
(304) 525-9115

By:   /s/Carl N. Frankovitch
Carl N. Frankovitch
Plaintiffs' Co-Liaison Counsel
carln@facslaw.com
West Virginia Bar No. 4746

Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062
(304) 723-4400

By:   /s/Henry G. Garrard, III
Henry G. Garrard, III
Plaintiffs' Coordinating
Co-Lead Counsel and Executive Committee
hgg@bbgbalaw.com
Georgia Bar No. 286300

Blasingame Burch Garrard & Ashley, PC P. O.
Box 832
Athens, GA 30603
(706) 354-4000

By:   /s/Fred Thompson, III
Fred Thompson, III
Plaintiffs' Coordinating
Co-Lead Counsel and Executive Committee
fthompson@motleyrice.com
South Carolina Bar No. 5548

Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9118

By:   /s/Bryan F. Aylstock
Bryan F. Aylstock
Plaintiffs' Coordinating

Co-Lead Counsel and Executive Committee
BAylstock@awkolaw.com
Florida Bar No. 078263

Alystock Witkin Kreis & Overholtz
17 E. Main Street, Suite 200
Pensacola, FL 32502
(877) 810-4808

By:    /s/Clayton A. Clark
       Clayton A. Clark
       Plaintiffs' Executive Committee
       cclark@triallawfirm.com
       Texas Bar No. 04275750

Clark, Love & Hutson, G.P.
440 Louisiana Street, Suite 1600
Houston, TX 77002
(713) 757-1400

By:    /s/Amy Eskin
       Amy Eskin
       Plaintiffs' Executive Committee
       aeskin@levinsimes.com
       California Bar No. 127668

Levin Simes LLP
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
(415) 426-3000

By:    /s/Derek H. Potts
       Derek H. Potts
       Plaintiffs' Executive Committee
       dpotts@potts-law.com
       Missouri Bar No. 44882

The Potts Law Firm, LLP
908 Broadway, 3rd Floor
Kansas City, MO 64105
(816) 931-2230

10

By:     /s/Aimee H. Wagstaff
        Aimee H. Wagstaff
        Plaintiffs' Executive Committee
        Aimee.wagstaff@ahw-law.com
        Colorado Bar No. 36819

Andrus Hood & Wagstaff, PC
1999 Broadway, Suite 4150
Denver, CO 80202
(303) 376-6360

By:     /s/Thomas P. Cartmell
        Thomas P. Cartmell
        Plaintiffs' Executive Committee
        tcartmell@wagstaffcartmell.com
        Missouri Bar No. 45366

Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
(816) 701-1100

By:     /s/Fidelma P. Fitzpatrick
        Fidelma P. Fitzpatrick
        Plaintiffs' Co-Lead Counsel
        ffitzpatrick@motleyrice.com
        Rhodes Island Bar No. 5417

Motley Rice, LLC
321 South Main Street, Suite 200
Providence, RI  02903
(401) 457-7700

By:     /s/Renee Baggett
        Renee Baggett
        Plaintiffs' Co-Lead Counsel
        RBaggett@awkolaw.com
        Florida Bar No.  0038186

Aylstock, Witkin, Kreis & Overholtz
17 East Main Street, Suite 200
Pensacola, FL  32502
(850) 202-1010

By:     /s/Mark C. Mueller
        Mark C. Mueller
        Plaintiffs' Co-Lead Counsel
        mark@muellerlaw.com
        Texas Bar No. 14623000

Mueller Law
404 West 7th Street
Austin, TX  78701
(512) 478-1236

By:     /s/Robert Salim
        Robert Salim
        Plaintiffs' Co-Lead Counsel
        robertsalim@cp-tel.net
        Louisiana Bar No. 11663

Law Offices of Robert L. Salim
1901 Texas Street
Natchitoches, LA  71457
(318) 352-5999

By:     /s/Riley Burnett
        Riley Burnett
        Plaintiffs' Co-Lead Counsel
        rburnett@TrialLawFirm.com
        Texas Bar No. 03428900

Law Offices of Riley L. Burnett, Jr.
440 Louisiana, Suite 1600
Houston, TX  77002
(713) 757-1400

By:     /s/Benjamin H. Anderson
        Benjamin H. Anderson
        Plaintiffs' Co-Lead Counsel
        ben@andersonlawoffices.net
        Ohio Bar No. 0067466

Anderson Law Offices, LLC
1360 West 9th Street, Suite 215
Cleveland, OH  44113
(216) 589-0256

By:     /s/Martin D. Crump
        Martin D. Crump
        Plaintiffs' Co-Lead Counsel
        martincrump@daviscrump.com
        Mississippi Bar No. 10652

Davis & Crump
1712 15th Street, Suite 300
Gulfport, MS  39501
(228) 863-6000

# EXHIBIT "A"

# MDL 2327 ATTORNEY PARTICIPATION AGREEMENT

This Attorney Participation Agreement is made this _____day of _____, 20\_\_\_\_, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Southern District of West Virginia MDL Docket No. 2327 and: _____

_____

(hereinafter "Participating Counsel").

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs (the "Eligible Counsel") have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims of mesh-related injuries (the "Common Benefit Work Product"); and

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1. This Agreement incorporates by reference any Order of the Court regarding assessments and incorporates fully herein all defined terms from such Order(s).

2. This Agreement applies to each and every claim, case, or action arising from the use of Mesh Products in which the Participating Counsel has a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement (hereinafter collectively the "Covered Claims").

3.      With respect to each and every Covered Claim, Participating Counsel understand and agree that Defendant and its counsel will hold back a percentage proportion of the gross recovery that is equal to five percent (5%) of the Gross Monetary Recovery ("the Assessment").   Defendants or their counsel will deposit the Assessment in the MDL 2327 Common Benefit Fund ("the Fund").   Should Defendants or their  counsel fail to hold back the Assessment for any Covered Claim, Participating Counsel and their law firms  shall  deposit or cause to be deposited the Assessment in the Fund. It is the intention of the parties that absent extraordinary circumstances recognized by MDL 2327 Court Order, such Assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Counsel to contribute to any  fund  for  the  payment  or reimbursement of any  legal  fees,  services  or  expenses incurred by, or due to, the PSC, Participating Counsel, and/or any other counsel eligible to receive  disbursements  from  the Fund  pursuant  to  an  Order  of  the  Court  regarding assessments or the Fund.

4.      The Participating  Counsel,  on  behalf  of  themselves,  their  affiliated  counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent or in which they have a financial interest in connection with any mesh-related injury, to the full extent permitted by law, in order to secure payment of the Assessment.  The Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

5.      The amounts deposited in the MDL 2327 Fund shall be available for distribution to Participating Counsel pursuant and subject to any Order of the Court regarding assessments or the Fund.   Participating Counsel may apply to the Court for common-benefit fees and

reimbursement of expenses, provided that Participating Counsel:

    a.   were called upon by the Co-Lead Counsel to assist them in performing their responsibilities;

    b.   appointed by the Court as Co-liaison counsel to perform such services and assist in the overall prosecution of the claims and administration of the combined and coordinated efforts;

    c.   expended time and efforts for the common benefit either in MDL 2327 and other state litigation; and

    d.   timely submitted such time and expenses in accordance with the Court's orders and the procedures established by the PSC.

6.    This Agreement is without prejudice to the amount of fees or costs to which Participating Counsel may be entitled to in such an event.

7.    Upon request of the Participating Counsel, the PSC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common Benefit Work Product, including access to the PSC's virtual depository, and, if and when developed a complete trial package.

8.    As the litigation progresses and Common Benefit Work Product continues to be generated, the PSC will provide Participating Counsel with such work-product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

9.    No assessments will be due by the Participating Counsel on any recoveries resulting from a medical malpractice claims against treating physicians.

10.    Both the PSC and the Participating Counsel recognize the importance of

individual cases and the relationship between case-specific clients and their attorneys. The PSC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PSC to urge the Court to not interfere with any such agreements so long as they comport with the applicable state bar rules and/or state court orders.

PLAINTIFFS' STEERING COMMITTEE


By: _____


PARTICIPATING ATTORNEYS
By:

4

EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

IN RE: ETHICON, INC.                                      MDL NO. 2327
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION
----------------------------------------------------------------
THIS DOCUMENT RELATES TO ALL CASES
_____

### EXHIBIT 4 – FEE AFFIDAVIT OF [NAME OF LAW FIRM] IN CONNECTION WITH REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD

STATE OF _____

COUNTY/PARISH OF _____

   BEFORE ME, the undersigned authority;

   PERSONALLY CAME AND APPEARED:

### *(INSERT NAME OF PARTNER/AFFIANT)*

Who, after being first duly sworn, under penalty of perjury, did depose and declare that the following are true correct:

1. I am a partner in the law firm of _____.

2. The address of the law firm identified in number 1 above is _____.

3. I have complied with Pretrial Order No. 18, 62, 211 and _____ (this Order) in all material aspects and the law firm identified herein has submitted true and correct time and expense submissions pursuant to the Court's Pretrial Orders.  This Affidavit is submitted on behalf of all the members of the law firm of which I am a partner.

4. The Court may rely on the information submitted by my firm to the Fee and Cost Committee through the Initial Cut-off Date.

1

5.  The extent to which the law firm identified in paragraph no.1 above made a substantial

common benefit contribution to the outcome of the litigation is described as follows:

    a.  The consistency quantum, duration, and intensity of the firm's commitment to the
litigation is as follows:

_____

_____

_____

_____

    b.  The level of experience, reputation, and status of each attorney and firm, including
partner participation by the firm, is as follows:

_____

_____

_____

_____

    c.  The firm's membership and/or leadership on the Plaintiffs' Steering Committee
("PSC") and/or Executive Committee is as follows:

_____

_____

_____

_____

    d.  The firm's participation and leadership in discovery (motions, depositions) is as
follows:

_____

_____

_____

_____

    e.  The firm's participation and leadership in law and briefing matters is as follows:

_____

_____

_____

_____

    f.  The firm's participation and leadership in science and expert matters is as follows:

_____

_____

_____

_____

g.  The firm's participation and leadership in document review is as follows:

_____

_____

_____

_____

h.  The firm's activities in preparation for, support of or conduct of bellwether trials or other trials which impacted proceedings on a common benefit level is as follows. Each Firm requesting common benefit reimbursement for any individual case shall provide an explanation in their affidavit of why the Firm believes such work should be considered as common benefit.  For example, whether and how such work benefited the MDL plaintiffs generally; the status of settlements in the particular MDL in which the work was performed at the time such work was performed, and whether the case-specific work assisted in bringing about settlements with the defendant in that MDL.  Each Firm requesting common benefit reimbursement for work done in any State Court case shall provide an explanation in their affidavit of why the Firm believes such work should be considered as common benefit.

_____

_____

_____

_____

i.  The firm's participation and leadership in settlement negotiations, drafting of settlement documentation and closing papers, and administration of settlement agreements (excluding individual representations) is as follows:

_____

_____

_____

_____

j.  Where common benefit MDL work occurred:

_____

_____

_____

_____

k.  The following members of the firm held leadership positions in groups that engaged in common benefit work (describe position and group):

_____

_____

_____

_____

l.  The firm's participation in ongoing activities, such as the Fee and Cost Committee, Settlement Claims Administration, or Court-Appointed Committees and Leadership, which are intended to provide common benefit included the following:

    _____
    _____
    _____
    _____

m.  Explain whether counsel in the firm were or were not involved in the litigation prior to the formation of the MDL, and the time and expenses incurred during such time period outlined below were for common benefit:

    _____
    _____
    _____
    _____

n.  The firm made the following, significant contributions to the funding of the litigation (include all assessments made to the MDL) and the amount of any sums reimbursed and date(s) of reimbursement:

    _____
    _____
    _____
    _____

o.  The members of the firm who were PSC members, group members, or Executive Committee members whose commitment to the litigation did not ebb included:

    _____
    _____
    _____
    _____

p.  The other relevant factors which the Fee Applicant requests be considered by the Court:

_____

_____

_____

_____


_____


SWORN TO AND
SUBSCRIBED BEFORE ME
THIS _____ DAY OF
_____, 201___.

_____
NOTARY PUBLIC

PRINT NAME: _____

My commission expires: _____
[APPLY SEAL]

5