IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION ) ) ) _____ ) THIS DOCUMENT RELATES TO ALL CASES ) _____ ) | MDL NO. 2327 |

PRETRIAL ORDER # 263
(ORDER APPOINTING LYNN A. BAKER AS SETTLEMENT MASTER
FOR PRIVATE SETTLEMENT AGREEMENTS BETWEEN ETHICON AND CERTAIN
PLAINTIFFS' COUNSEL)

Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., (collectively, "Plaintiffs' Counsel") has entered into a separate Confidential Settlement Agreement (the "Settlement Agreement") with Ethicon, Inc. and related entities defined by agreement as "Ethicon" to resolve the claims related to the implantation of certain Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement). Under the provisions of the Settlement Agreement, Plaintiffs' Counsel has agreed to seek the approval of this Court to appoint a Settlement Master to perform certain defined functions related to the administration and implementation of the Settlement Agreement. Professor Lynn A. Baker is well qualified to perform these and other functions discussed below.

Professor Baker is the Frederick M. Baron Chair in Law at the University of Texas School of Law, where she has taught since 1997, and where she also serves as Co-Director of the Center on Lawyers, Civil Justice, and the Media. Professor Baker has served as an expert or consultant on ethical and/or allocation issues in dozens of large-dollar, large-group settlements, including the multi-billion dollar BP Deepwater Horizon Economic and Property Damages and Medical Benefits class action settlements in 2012 (U.S. District Court for the Eastern District of Louisiana), the $4.5 billion nationwide Vioxx settlement in 2007, and the $1.27 billion nationwide Fen-Phen class

action settlement (Seventh Amendment) in 2006, numerous settlements involving various other pharmaceuticals and medical devices (including Fosamax, NuvaRing, Risperdal, hip replacement products, Prozac, Yaz/Yasmin, hormone replacement therapy, Paxil, Avandia, Seroquel, Gadolineum, Rezulin, Zyprexa, Ortho Evra, Bextra, Celebrex), and many settlements involving asbestos, silica, MTBE, and other toxins.

Professor Baker was previously appointed by this Court to serve as a Settlement Master in In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation (MDL No. 2187) (Pretrial Order #202, entered Nov. 24, 2015 (Doc. 1715)).

Accordingly, Plaintiffs' Counsel request, pursuant to the Court's inherent case management powers, the appointment of Professor Lynn A. Baker to assist in the administration and implementation of their settlement with Ethicon, with the authority to:

- Approve the objection criteria by which the claims of all Settling Claimants are evaluated;
- Assist Plaintiffs' Counsel in assigning a value and determining the allocation to each Plaintiff based the objective criteria;
- Assist Plaintiffs' Counsel in the formation of an Extraordinary Injury Fund and the determination of the amount from the Settlement Fund that shall constitute the Extraordinary Injury Fund;
- Serve as mediator to facilitate the resolution of any disputes that may arise related to the categorization and processing of claims under the terms of the Settlement Agreement; and
- Serve as mediator of claims as jointly requested by Plaintiffs' Counsel and Ethicon.

Ethicon does not oppose Plaintiffs' Counsel's request. The Court, pursuant to its inherent authority, and having considered the request, and cognizant of the important public policy of encouraging settlement among litigating parties, hereby issues the following Order.

**IT IS ORDERED THAT:**

1. Professor Lynn A. Baker is hereby appointed as the Settlement Master for the administration of the settlement reached between Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., and Ethicon, related to the Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement).

2. The duties of the Settlement Master shall be as set forth above, consistent with the Settlement Agreement entered into between Plaintiffs' Counsel and Ethicon.

3. In furtherance of the fair and efficient administration and implantation of the settlements, the Settlement Master may have *ex parte* communications with the parties to the Settlement Agreement, Plaintiffs' Counsel and their clients, Ethicon and its counsel, or the Court, and such *ex parte* communications shall not be deemed to have waived any attorney-client privileges.

4. The Settlement Master shall be compensated privately as specified respectively in the Settlement Agreement or by agreement with Plaintiffs' Counsel.

5. An affidavit by the Settlement Master has been submitted and is attached hereto.

6. The Settlement Master shall report to the Court on a quarterly basis or as requested by the Court.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, *where applicable,* which includes counsel in all member cases up to and including civil action number 2:17-cv-03308. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most

recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

      ENTER: July 13, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE