IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON INC. PELVIC REPAIR | ) | MDL Docket No. 2327 |
| SYSTEM PRODUCTS LIABILITY | ) | HONORABLE JUDGE JOSEPH R. |
| LITIGATION | ) | GOODWIN |

**PRETRIAL ORDER # 265**
**(ORDER RE:  QUALIFIED SETTLEMENT FUND - BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.)**

Pending is an Unopposed Motion for Approval of Qualified Settlement Fund, filed July 13,

2017. [ECF No. 4125].  Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen"),

as counsel for certain plaintiffs in MDL No. 2327, has moved the Court for entry of an Order to

aid in the efficient processing and administration of a Confidential Settlement Agreement (the

"Settlement Agreement") between Defendant Ethicon, Inc. and certain related companies

("Ethicon") and Beasley Allen to resolve the claims of certain claimants against Ethicon relating

to the implant of Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement).  The

Court, having reviewed the Motion, and finding good and sufficient cause, FINDS and ORDERS

the following:

1.   The Unopposed Motion is **GRANTED**.

2.   In order to assist in the administration of the settlement of claims brought by the

clients of Beasley Allen (which shall include all plaintiffs represented by Beasley

Allen in the settlement agreement executed July 13, 2017, as well as any clients of

Beasley Allen who enter into settlements with defendants in the future), the

BEASLEY ALLEN-ETHICON Qualified Settlement Fund shall be established as

a Qualified Settlement Fund within the meaning of Treasury Regulation Section

1.468B-1, pursuant to this court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg. Section 1.468B-1(c)(1). All settlements reached by and between Plaintiffs in state or federal litigation or Claimants who are represented by Beasley Allen pursuant to the Master Settlement Agreement dated October 25, 2016, shall be paid into the BEASLEY ALLEN- ETHICON Qualified Settlement Fund.

3.      The Garretson Resolution Group, Inc. is appointed as Fund Administrator and shall serve pursuant to the terms, conditions and restrictions of the Unopposed Motion, the Master Settlement Agreement, and the Escrow Agreement. Beasley Allen and said Fund Administrator are given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion.

4.      The BEASLEY ALLEN- ETHICON Qualified Settlement Fund, which includes all principal and interest earned thereon, shall be deposited in an account held in custody at Wells Fargo, National Association ("Wells Fargo"), and Wells Fargo shall serve as the Escrow Agent pursuant to the terms of the Parties' Escrow Agreement with Wells Fargo.  Investment related decisions shall be made pursuant to the terms and conditions set forth in the parties Master Settlement Agreement and Escrow Agreement, and disbursements from the BEASLEY ALLEN- ETHICON Qualified Settlement Fund shall be made pursuant to the terms of the Master Settlement Agreement and Escrow Agreement, which include provisions for payments into the MDL No. 2327 Fund.

5.      The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

6.      The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

The court DIRECTS the Clerk to file a copy of this order in 2:12-md-02327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district *where applicable,* which includes counsel in all member cases up to and including civil action number 2:17-cv-03308. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: July 19, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE