IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:    ETHICON INC.
          PELVIC REPAIR SYSTEMS
          PRODUCT LIABILITY LITIGATION              MDL No. 2327

THIS DOCUMENT RELATES TO:

Wave 3 Cases Identified in Exhibit A
attached hereto

ORDER ADOPTING
MEMORANDUM OPINION AND ORDER
(*Daubert* ruling re: Janet E. Tomezsko, M.D.)

On September 19, 2016, the plaintiffs filed a Notice of Adoption of Prior *Daubert* Motion of Janet E. Tomezsko, M.D. for Wave 3. [ECF No. 2810]. The court **ORDERS** that the Memorandum Opinion and Order (*Daubert* Motion re: Janet E. Tomezsko, M.D.) [ECF No. 3554] ("Prior Order") entered on March 29, 2017, as to the Ethicon Wave 2 cases is **ADOPTED** in the Wave 3 cases identified in Exhibit A.[1] The Prior Order is attached hereto as Exhibit B.[2]

Importantly, the court notes that the expert opinions proffered in Wave 2 are in almost every respect identical to those proffered here. The court has found, however, that with each entered Order, the experts in these cases attempt to bolster or fine-tune the support for their opinions, but the opinions themselves do not change. Accordingly,

---

[1] On Exhibit A, I have marked through cases that are closed, on the inactive docket, not in Wave 3, could not be identified because of an error in the style or case number, or assigned to another District Judge.

[2] I have attached as Exhibit C, an index identifying the pleadings, including motions, memoranda, exhibits, responses, replies and Memorandum Opinions and Orders filed in the main MDL 2327 related to this expert.

the court will refrain from engaging in the extremely inefficient practice of continuously reexamining the qualifications, reliability, and relevance of dozens of experts and their numerous opinions. While the parties continue to challenge even the slightest alteration to the underlying support for an expert's opinion, the court's review of the parties' arguments reveals that these refreshed *Daubert* challenges are different from previous arguments by only the very slightest of degrees. The court **FINDS** that to the extent that the parties raise arguments not previously addressed by the court's Prior Order, the trial judge may easily resolve these issues at trial without the need for further briefing or an evidentiary hearing. Accordingly, the court **ORDERS** that to the extent that the parties raise *Daubert* challenges not previously addressed in the court's Prior Order—fully adopted herein—those challenges are **RESERVED for trial**.

The court **DIRECTS** the Clerk to file a copy of this Order Adopting Memorandum Opinion and Order in 2:12-md-2327 and in the Ethicon Wave 3 cases identified in the Exhibit attached hereto.

ENTER: July 21, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE