IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL No. 2327

---

THIS DOCUMENT RELATES TO:

Wave 3 cases identified in Exhibit A attached hereto

ORDER

Pending before the court is the plaintiffs' Motion to Strike the Dr. Shelby F. Thames's Supplemental Reports or, in the Alternative, for Leave to File a *Daubert* Motion [ECF No. 2883]. Ethicon filed its Response [ECF No. 3022]. The plaintiffs' Motion requests exclusion of Dr. Thames's second supplemental report but also requests that the court, in the alternative, allow them additional time to depose Dr. Thames. For the reasons detailed below, the plaintiffs' Motion is **GRANTED in part** and the second supplemental report is **STRICKEN** as to the cases in Exhibit A.[1] Insofar as the plaintiffs request additional time for *Daubert* briefing, the Motion is **DENIED**.

---

[1] On Exhibit A, I have marked through cases that are closed, on the inactive docket, not in Wave 1, could not be identified because of an error in the style or case number, or assigned to another District Judge.

I.  Background

Pursuant to the Wave 3 Docket Control Order [ECF No. 1824] ("Docket Control Order"), Ethicon was required to disclose its experts (and their opinions) on or before August 2, 2016. The parties agreed to extend this disclosure deadline to August 8, 2016. Docket Control Order 1; Mot. Strike 1 n.1 [ECF No. 2883]. Discovery closed on August 30, 2016. *Id.* Further, all *Daubert* briefing was to be completed by October 17, 2016, with *Daubert* motions due September 19, 2016. *Id.* In the plaintiffs' Wave 1 *Daubert* motion on Dr. Thames, they questioned the reliability of Dr. Thames's explant cleaning protocol. Mem. Supp. Mot. Exclude Ops. Dr. Thames 8–10 [ECF No. 2042]. It was this argument that prompted the design and execution of a new experiment to test the reliability of his cleaning protocol, to buttress the strength and reliability of his prior opinion. Mot. Strike Ex. C, at 1 [ECF No. 2883-3] ("First Supplemental Report"). Ethicon timely disclosed Dr. Thames as an expert, along with his initial expert report and First Supplemental Report on August 8, 2016. Ethicon served the Second Supplemental Report with the formal conclusions on September 28, 2016. *See* Mot. Strike Ex. D, at 1 [ECF No. 2883-4] ("Second Supplemental Report"). The Second Supplemental Report was served after the disclosure deadline, motion deadline, and close of discovery.

The plaintiffs argue for exclusion under Rule 37(c) on the grounds that the Second Supplemental Report was untimely served. Mot. Strike 2–3. Ethicon does not dispute that the report was untimely served and responds that its delayed disclosure

was justified and harmless. Ethicon focuses its attention on the five-factor test from *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011). *See generally* Resp.

## II. Analysis

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

According to the Fourth Circuit, the appropriate factors to consider in determining whether to sanction a party under Rule 37(c) are the following:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Hoyle*, 650 F.3d at 329.

I am simply unable to find that Ethicon's late disclosure of Dr. Thames's Second Supplemental Report was substantially justified. Dr. Thames has a longstanding relationship with Ethicon, and Ethicon has provided no reason why this testing could not have been done prior to the disclosure of the initial expert report. Essentially, because the plaintiffs questioned the reliability of Dr. Thames's protocol, Ethicon decided to bolster its case by having Dr. Thames perform more testing of the testing. In essence, the First and Second Supplemental Reports are atonement for initial inadequacies or incomplete preparation. However, I must also evaluate whether the late disclosure of the Second Supplemental Report was nevertheless harmless before I can determine whether sanctions are appropriate.

The plaintiffs' arguments do not support a finding of surprise. Although the plaintiff attacked the adequacy of Dr. Thames's cleaning protocol in their *Daubert* motion, they had reason to suspect that the Second Supplemental Report would arrive late because the First Supplemental Report put plaintiffs on notice. *See* First Supplemental Report at 12 ("[T]hat data will be reported when complete."). Nevertheless, both parties have agreed to allow additional time for *Daubert* briefing should the reports not be excluded. Thus, the ability to cure any surprise weighs in favor of permitting the reports.

I recognize that a trial date has not been set in this case, and I also recognize that any harm to the plaintiffs regarding this matter may be easily remedied by allowing them to have additional time to depose Dr. Thames. However, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed.

R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

The fourth factor, importance of the testimony, also weighs in favor of striking the reports. The Second Supplemental Report is twelve pages long, whereas the original report is 132 pages long. The testimony contained in the reports does not go to the heart of the case, but instead serves only to enforce the reliability of Dr. Thames's cleaning protocol. I cannot find that the Second Supplemental Report is crucial to either side's case.

### III. Conclusion

Accordingly, the plaintiffs' Motion to Strike the Dr. Shelby F. Thames's Supplemental Reports or, in the Alternative, for Leave to File a *Daubert* Motion [ECF

No. 2882] is **GRANTED in part** and the Second Supplemental Report is hereby **STRICKEN**. Insofar as the plaintiffs request additional time for *Daubert* briefing, the Motion is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 21, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE