UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

MDL NO.: 2327

ORDER APPOINTING FUND ADMINISTRATOR AND APPROVING THE USE OF THE HARRY F. BELL QUALIFIED SETTLEMENTS FUND SUBACCOUNT

Upon the Motion of Harry F. Bell, Jr., one of the Plaintiffs' Counsel in this matter, this Court issues the following order approving the use of the Harry F. Bell Qualified Settlements Fund Subaccount regarding the resolution of claims brought by Plaintiffs against Defendant Ethicon Inc. ("Ethicon") and relating to Ethicon pelvic mesh products.

1. <u>Resolution of Pelvic Mesh Product Claims</u>. Plaintiffs' Counsel and Ethicon have entered into a Confidential Master Settlement Agreement to resolve certain pelvic mesh product claims of certain Plaintiffs represented by the undersigned.

2. <u>Approval of Fund</u>. The Court approves the use of a Qualified Settlement Fund called the Harry F. Bell Qualified Settlements Fund Subaccount for Federal tax purposes pursuant to Internal Revenue Code § 1.468B-1. The Fund shall hold the settlement proceeds for the undersigned's Claimants.

3. <u>Fund Administrator</u>. Attorney Edgar C. Gentle, III of the law firm Gentle, Turner, Sexton & Harbison, LLC, 501 Riverchase Parkway East, Hoover, Alabama 35244, shall serve as the Fund Administrator. Upon the dissolution or bankruptcy of attorney Edgar C. Gentle, III, his appointment as Fund Administrator shall terminate and the undersigned shall nominate a successor

Fund Administrator. The undersigned shall seek approval from the Court regarding his proposed successor Fund Administrator.

4. <u>Powers of Fund Administrator</u>. The Fund Administrator shall be authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee; to fund Special Needs Trusts; to distribute all attorney fees and litigation expenses, as well as with those persons who are represented by the undersigned in future settlements, consistent with their existing contingency fee contracts and the terms of the Confidential Master Settlement Agreement; to be paid reasonable fees and expenses of Fund Administration; and, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down and dissolve the Fund and thereafter being discharged from any further responsibility with respect to the Fund. The Fund Administrator shall only make payments to the Plaintiffs and any entities asserting a claim of subrogation according to the terms of the Confidential Master Settlement Agreement and the Escrow Agreement. If there are any disputes about either party's performance under the Agreement, those disputes shall be handled in accordance with the dispute resolution procedures in the Confidential Master Settlement Agreement, and shall not be brought to this Court, with the exception of any claim that the Fund Administrator has not complied with Paragraph 9 of the Motion.

**ENTERED** this _____ day of _____, 2017.

 

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE