UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION FOR AN ORDER AMENDING AND CLARIFYING PRE TRIAL ORDERS GOVERNING WAVE DISCOVERY**

Following the issuance of West Virginia Legal Ethics Opinion 2017-01 ("L.E.O. 2017-01"), Defendants in MDL No. 2327 request that the Court provide guidance regarding compensation paid to treating physicians for time spent providing testimony in actions within this West Virginia-based MDL. In support of this motion, Defendants state:

1. On May 22, 2017, the West Virginia Lawyer Disciplinary Board issued L.E.O. 2017-01, titled "Fact Witness Compensation." *See* Opinion, attached as Ex. A. In that opinion, the Board addressed whether fact witnesses may be compensated for time spent testifying or preparing to testify under West Virginia Rule of Professional Conduct 3.4(b), which provides that "[a] lawyer shall not . . . offer an inducement to a witness that is prohibited by law." *Id.* at *1. In L.E.O. 2017-01, the Board determined that though fact witnesses may be compensated a reasonable amount for preparation and interviews, West Virginia state law "does not allow compensation to a fact witness beyond twenty dollars and fifteen cents per mile for attendance in court or during a deposition." *Id.* at *2 (citing West Virginia Code § 59-1-16).

37615022v1

2. L.E.O. 2017-01 does not address 28 U.S.C. §1821, the federal statute that establishes the procedure and minimum rate for compensating fact witnesses in federal cases, or Fourth Circuit case law interpreting that statute. Nor does L.E.O. 2017-01 specifically address compensation to a treating physician under West Virginia law.

3. As Judge Eifert has acknowledged, federal courts are split as to whether the rate in 28 U.S.C. § 1821 or a "reasonable" compensation rate applies to the testimony of treating physicians. *In re American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation* (*Ordonez v. AMS, Inc.*), 2017 WL 1090029 (S.D.W.Va. March 21, 2017). The Court found no need to resolve the dispute, however, because the parties agreed to pay treating physicians a "reasonable" compensation for providing testimony. *Id*. The Court went on to determine that the rate of $500 per hour was reasonable. *Id.*

4. West Virginia Rule of Professional Conduct 3.4(b) provides only that "[a] lawyer shall not . . . offer an inducement to a witness that is prohibited by law," and neither 28 U.S.C. § 1821 nor Fourth Circuit law prohibits the payment of reasonable witness fees by agreement.

5. Defendants attempted to reach an agreement with Plaintiffs in order to file a joint motion, but were unable to do so because of different opinions about the scope of this Court's jurisdiction. As this Court is aware, lawyers from different states, including West Virginia, are involved in depositions of treating physicians around the country, and many states have different laws. Physicians regularly seek reimbursement for the time spent in depositions. Defendants have attempted to fashion a narrow ruling, attached as Exhibit B, that provides that lawyers involved in this MDL centered in West Virginia, regardless of their residence, may reimburse physicians for the time spent in depositions without fear of violating ethical provisions.

6. For these reasons, Defendants request that the Court enter an order clarifying that, unless prohibited by applicable substantive state law, the parties may by agreement compensate treating physician witnesses who provide testimony in this MDL—including those in the State of West Virginia—at a reasonable rate.

7. Defendants further request that the Court find that, for purposes of this litigation only, the reimbursement rate of Five Hundred Dollars ($500.00) per hour for a physician's time spent giving a deposition is recognized as reasonable *per se*.

Dated: August 7, 2017

Respectfully submitted,

*/s/ Christy D. Jones*_____
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4523
christy.jones@butlersnow.com

*/s/ David B. Thomas*_____
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones

37615022v1