# Exhibit A

# L.E.O. 2017-01

# FACT WITNESS COMPENSATION[1]

## INTRODUCTION

The Lawyer Disciplinary Board was alerted to the issue of whether fact witnesses can be compensated for lost time spent testifying and/or preparing to testify. Many disciplinary authorities have addressed this issue.[2] Rule 3.4(b) of the West Virginia Rules of Professional Conduct provides that "[a] lawyer shall not (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law." The Scope of the Rules of Professional Conduct states that "[c]omments provide guidance for practicing in compliance with the Rules." Comment 3 to Rule 3.4 states:

> "With regard to paragraph (b), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions, including West Virginia, is that it is improper to pay an occurrence witness any fee for testifying. See *Syl. Pt. 3, Committee on Legal Ethics v. Sheatsley*, 192 W.Va. 272, 452 S.E.2d 75 (1994). Arrangements for contingent fees for expert witnesses is an open question under West Virginia law. Id. (Cleckley, J., concurring)."

---

[1] The Lawyer Disciplinary Board renders opinions only as to ethical issues under the Rules of Professional Conduct, and not under the Rules of Civil Procedure or Trial Court Rules. The Lawyer Disciplinary Board would note that it is not their role to provide the bar with definitive interpretations of the law. To the extent that we must inform ourselves of the law in reaching an interpretation of the ethics rules, we take a guarded or cautious approach.

[2] American Bar Association 96-402; Alabama State Bar, Formal Opinion 1997-02; Alabama State Bar, Formal Opinion 1983-77; Alaska Bar Association, Ethics Opinion 93-2; State Bar of Arizona Ethics Opinion 97-07; State Bar of California, Formal Opinion No. 1997-149; Colorado; Formal Opinion 103 (1998); Illinois State Bar, Advisory Opinion 87-5 (1988); Kentucky Bar Association, Ethics Opinion KBA E-400 (1997); Massachusetts Bar Association, Ethics Opinion 91-3; Massachusetts Bar Association, Ethics Opinion 00-2; Mississippi Bar, Ethics Opinion No. 145 (amended 2013); Rhode Island Supreme Court, Ethics Advisory Panel Opinion No. 2011-01; New Mexico, Advisory Opinion 1984-1; New York State Bar Association, Opinion 547 (1982); New York State Bar Association, Opinion 668 (1994); New York State Bar Association, Opinion 714 (1999); South Carolina Bar, Ethics Advisory Opinion 93-36; South Carolina Bar, Ethics Advisory Opinion 97-42; New Hampshire Ethics Committee, Practical Ethics Article: October 18, 1992.

It is clear from Comment 3 that witnesses designated as an expert may be compensated as such and an attorney can pay witness expenses incurred to testify. West Virginia Code § 59-1-16 states that:

> "[a] person attending any court or other tribunal, under a summons or recognizance[3] as a witness, shall receive not less than ten nor more than twenty dollars, to be fixed by the court or other tribunal, for each day's attendance and fifteen cents per mile necessarily traveled to the place of attendance, and the same for returning, plus all necessary bridge, ferry and road tolls. On his oath, an entry of the sum he is entitled to, and for what, and by what party it is to be paid, shall be made. . ."

However, in reviewing Comment 3 to Rule 3.4(b) and applicable statute, it is unclear as to whether a fact witness can be compensated for testifying beyond minimal reimbursement for attendance and mileage. This Legal Ethics Opinion is to advise West Virginia attorneys regarding that issue.[4]

## DISCUSSION

1. **West Virginia § 59-1-16 does not allow compensation to a fact witness beyond twenty dollars and fifteen cents per mile for attendance in court or during a deposition.**

West Virginia law is clear that fact witnesses are only allowed a minimum reimbursement for attending court or deposition. Unless a change is made to the statute, there can be no compensation to fact witnesses beyond the statutory amount for attending court or

---

[3] Black's Law Dictionary defines summons as "a writ directing a sheriff to summon a defendant to appear in court" or "[a] notice requiring a person to appear in court as a juror or witness." Further, it defines recognizance as "[a] bond or obligation, made in court, by which a person promises to perform some act or observe some condition, such as to appear when called, to pay a debt, or to keep the peace."

[4] The Lawyer Disciplinary Board would note that Rule 702(a) of the West Virginia Rules of Evidence states that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."

a deposition. Where a witness is a professional or skilled person, but only gives factual testimony, they are limited to the statutory fee allowed to ordinary occurrence witness. The right of a witness to compensation is purely statutory, and they may receive no compensation beyond that provided by statute.[5]

2. **West Virginia Rule of Professional Conduct 3.4(b) permits an attorney to compensate a fact witness only for lost time spent preparing to testify.**

West Virginia has no statutory or case law that prohibits reasonable compensation to fact witnesses for lost time preparing to testify in civil cases. W.Va. Code § 59-1-16 makes reference to reimbursement for "attending court or other tribunal, under a summons or recognizance . . .", and does not address compensation for work done to prepare for testimony. Nothing in Rule 3.4(b) prohibits the payment of reasonable compensation for time spent preparing for testimony. However, attorneys should be mindful of issues regarding subornation of perjury and bribery when it comes to the testimony of witnesses. West Virginia Code § 61-5-1(b) and 61-5-4 make it clear that such conduct is a criminal act and an attorney cannot be involved in that type of conduct.

A prior West Virginia disciplinary case dealt with improper payments to a witness. *See Committee on Legal Ethics v. Sheatsley*, 192 W.Va. 272, 452 S.E.2d 75 (1994). The

---

[5] The Lawyer Disciplinary Counsel understands that other statutes may allow for different compensation. Such as W.Va. Code § 62-5-1 states that "[s]ection[] sixteen . . . of article one, . . ., chapter fifty-nine of this code shall apply to a person attending as a witness under a recognizance or summons in a criminal case whether the same be a felony or misdemeanor, as well as to a person attending under a summons in a civil case, except that in a criminal case, a person residing out of this state, who attends a court therein as a witness, shall be allowed by such court a proper compensation for attendance and travel to and from the place of his abode; the amount of the same to be fixed by such court. Such compensation and other allowances shall, in all criminal cases be paid out of the treasury of the state." Further, W.Va. Code § 62-5-2 states that "[t]he sum to which a witness is entitled who attends for the state, and any other legal charges incurred in a case wherein there is a prosecutor, shall be paid by such prosecutor as if he were the plaintiff in the case, unless there be a judgment against the defendant, in which case the same shall be taxed in the costs and paid to the persons entitled thereto, by the sheriff or other officer who may receive the same."

attorney in *Sheatsley* had made an agreement to compensate a witness with a fee, a portion of which was contingent on the favorable completion of the case. *Id.* The rules in effect at the time of the misconduct in that case were the Code of Professional Responsibility, DR 7-109(C), which was effective until December 31, 1988. Rule 1.8(k) of the Rules of Professional Conduct became effective on January 1, 1989, and substantively incorporated DR 7-109(C). Former Rule 1.8(k)(2) allowed "payment of reasonable compensation to a witness for his loss of time in attending or testifying." When the amended Rules of Professional Conduct were placed into effect on January 1, 2015, the section dealing with witness fees was not included in amended Rule 1.8. The American Bar Association Formal Opinion 96-402 concluded that Rule 3.4(b) does not prohibit the payment of compensation to fact witnesses, as long as the compensation is not based upon the outcome of the litigation or prohibited by the law of the jurisdiction.

There also has been an Opinion and Order out of United States District Court for the Northern District of West Virginia in the case of *Weirton Medical Center, Inc. v. QHR Intensive Resources, LLC*, Civil Action No. 5:15CV131, that was signed on May 12, 2016, dealing with Rule 3.4 and W.Va. Code § 59-1-16. Weirton Medical Center, Inc. (hereinafter "Weirton") had filed a Motion to Vacate the Arbitration Award, due in part to QHR Intensive Resources (hereinafter "QIR") paying four (4) fact witnesses for time spent traveling to and preparing for their testimony at the arbitration hearing. The agreements to pay the witnesses were not disclosed until after the arbitration hearing, when QIR filed a motion for an award of attorneys' fees and costs. Weirton had argued that "the witnesses were paid for the content

of their testimony because the compensation was far in excess of West Virginia statutory witness fees. *See* W.Va. Code § 59-1-16." The United States District Court found that "exceeding the statutory witness fees does not provide clear and convincing evidence of witness tampering" and it was "not shown by clear and convincing evidence that the witnesses were paid for the content of their testimony." The District Court went on to state that it was:

> not convinced that the payments violate any potentially applicable rules of professional conduct. The practice of compensating a fact witness for time spent preparing for his or her testimony may be disfavored, but it is not per se unethical behavior. *See* Pa. Ethics Op. 95-126A (1995) (providing that Pennsylvania law does not expressly prohibit, but may disfavor, 'compensation to nonexpert witnesses for the time invested in preparing for testimony'); Am. Bar Ass'n Formal Ethics Op. 96-402 (1996) (concluding that compensation to a witness for 'time the witness has lost in order to give testimony' does not violate the Model Rules '[a]s long as it is made clear to witness that the payment is not being made for the substance or efficacy of the witness's testimony'). At best, the witness compensation arrangements here may expose QIR's counsel to disciplinary action, see Pa. Ethics Op. 95-126A (1995) (noting that 'compensating a nonexpert witnesses for preparation time is not without risk of disciplinary enforcement action'), but that does not amount to clear and convincing evidence of fraud, corruption, or undue means.

The federal court denied the Motion to vacate the arbitration award.

It is clear from West Virginia cases, West Virginia statute, and current Rule 3.4(b) that a fact witness cannot be paid a fee that is contingent upon the outcome of the case. However, an attorney in West Virginia can pay reasonable compensation to a fact witness for time spent preparing for testimony and being interviewed, but not for testimony at a deposition or trial. To compensate a fact witness for preparation, attorneys should include the following in order to ensure compliance with the Rules of Professional Conduct. First, a written agreement that

covers all of the issues discussed herein is essential. Second, the amount of any payment shall be disclosed to the opposing side. Third, the fact witness cannot be a party to the litigation. Fourth, the attorney needs to make clear that the purpose of the compensation to the fact witness is solely for the time the fact witness lost while preparing to give testimony in the litigation and not for the actual testimony. Fifth, the fact witness must be instructed that, if asked on cross examination, he or she is to be candid about the nature and amount of the compensation he or she has been paid. And sixth, any compensation paid is not for the substance or efficacy of the fact witness's testimony.

3. **A reasonableness test must be observed when compensating a fact witness under Rule 3.4(b), and the client is responsible for the compensation unless the client is indigent.**

First, what is considered reasonable compensation to pay a fact witness depends on the facts and the situation, and such must be evaluated in every case. A fact witness who sustains a direct loss of income in the form of hourly wages or professional fees can be compensated for that loss. An attorney must be careful in paying a large compensation to a fact witness, because it will tend to appear as an unreasonable fee in that the witness is better off testifying than actually working, or that it is an inducement or bribe for the person's testimony. The gauge as to what is reasonable compensation for someone to testify who is self-employed, unemployed, or retired is more difficult. The attorney must determine what is reasonable based upon all relevant circumstances, including what the person last earned, and what others earn for comparable activity.

Second, fact witness compensation is the responsibility of the client, unless the client is indigent. Rule 1.8(e)(1) of the Rules of Professional Conduct allows an attorney to advance court costs and expenses of litigation, with repayment being contingent on the outcome of the matter. It should be noted that compensation to a fact witness is not contingent on the outcome, but that repayment of the compensation by the client is contingent on the outcome. An attorney may pay court costs and expenses of litigation for an indigent client under Rule 1.8(e)(2) and not be reimbursed for those expenses.

## CONCLUSION

The Board finds that compensating a fact witness for time spent preparing for testimony and being interviewed is permissible under the Rules of Professional Conduct. This is only allowed if the compensation is reasonable and not based upon the outcome of the litigation. The agreement to pay compensation should be in writing and disclosed to the opposing side. The determination of what is reasonable compensation must be made on a case by case basis. Further, the client must remain ultimately responsible for the witness compensation, unless the client is indigent. However, compensation to fact witnesses for their attendance at a trial or a deposition beyond the statutory allowance is not permitted.

**APPROVED** by the Lawyer Disciplinary Board on the 19th day of May, 2017, and **ENTERED** this 22nd day of May, 2017.

_____
Steven K. Nord, Vice-Chairperson
Lawyer Disciplinary Board

a0065388.WPD

7