IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
   PELVIC SUPPORT SYSTEMS
   PRODUCTS LIABILITY LITIGATION

                     MDL 2327
_____

THIS DOCUMENT RELATES TO THE
CASES IN EXHIBIT A ATTACHED HERETO

## INACTIVE DOCKET ORDER

The Court has been advised by counsel that in the cases listed on the attached Exhibit A, the plaintiffs and Ethicon, Inc..[1] ("Ethicon") have agreed to a settlement model with regard to Ethicon. The Court, therefore, finds it unnecessary to conduct further proceedings or to keep these cases on the active docket. Accordingly, the Court **ORDERS** as follows:

  1. All discovery deadlines are continued until further order of the Court.

  2. That the Clerk retire each of the cases listed on the attached Exhibit A from the active docket.

  3. Plaintiffs and Ethicon may submit an agreed order of dismissal with prejudice on or before October 31, 2017; if settlements are not finalized and dismissal orders are not submitted by October 31, 2017, then the Court will have a hearing to determine the appropriate action pertaining to any remaining cases on the inactive docket.

  Counsel for plaintiffs and defendant(s) are directed to provide quarterly reports as to their progress in dismissing cases on the inactive docket. The Court is aware that counsel have agreed

---

[1] As used herein, "Ethicon" refers collectively to Johnson & Johnson, Ethicon LLC, Ethicon, Inc. as well as any of its former or present parent companies, subsidiaries, affiliated companies, directors, officers, design surgeons, employees, distributors, detail representatives named in an action pending in MDL No. 2327

to a settlement model for a group of cases and claims, including those on Exhibit A. The Court will reinstate any case on the attached Exhibit A to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to, a plaintiff's refusal or inability to consummate settlement. Such motion must be accompanied by an affidavit from plaintiff explaining such refusal or inability.

The Court **DIRECTS** the Clerk to file a copy of this order in MDL No. 2327 and in the individual cases listed on the attached Exhibit A. The Clerk is further **DIRECTED** to link this Order to the Proposed Inactive Docket order filed at ECF NO._____, and send a copy of this Order to counsel of record and any unrepresented party.

Respectfully submitted,

_s/ Christy D. Jones_____
Christy D. Jones
BUTLER SNOW LLP
P.O. Box 6010
Ridgeland, MS  39158
601-948-5711
christy.jones@butlersnow.com

*Counsel for Defendants*

**APPROVED:**

Dated:_____

Honorable Joseph R. Goodwin

## FREESE & GOSS EXHIBIT A[2]

| Civil Action Number | Plaintiff Last Name | Plaintiff First Name |
|---|---|---|
| 2:13-cv-26047 | Jennings-Welch | Sharon |
| 2:14-cv-21439 | Alcantara | Reyna M. |
| 2:13-cv-20463 | Dickinson | Bobbi |
| 2:13-cv-19322 | Everhart | Carol |
| 2:14-cv-27067 | Anderson | Teresa Marie |
| 2:14-cv-27073 | Killsfirst | Inola |
| 2:14-cv-27077 | Page | Ilarae |
| 2:14-cv-27081 | States Laxton | Michelle |

37616787v1

---

[2] These cases were previously submitted on proposed inactive docket orders (Docket Nos. 3057 and 3059). The cases were not placed on the inactive docket because the cases name multiple parties. Ethicon believes these cases should be placed on the inactive docket, as all parties other than Ethicon and the named plaintiff and, where applicable, the consortium plaintiff, have been terminated.