# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327**<br>**MDL 2327** |
| **THIS DOCUMENT RELATES TO CASE:**<br><br>**WAVE 5 CASES** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## NOTICE OF DEPOSITION OF DR. LE-MING SHIH

**TO: ALL COUNSEL OF RECORD**

 **PLEASE TAKE NOTICE** that the deposition of **LE-MING SHIH** will take place at Venable LLP., 750 E. Pratt Street, Baltimore, MD  21202, for the following cases on the dates and times indicated below:

| DATE | PLAINTIFF | TIME |
|---|---|---|
| September 7, 2017 | General Deposition | 9:00 a.m. EST |
| September 7, 2017 | Patsy Lee Harris | 1:00 p.m. EST |
| September 8, 2017 | Connie Sykes | 9:00 a.m. EST |
| September 8, 2017 | Juanita Tate | 1:00 p.m. EST |

 **PLEASE FURTHER TAKE NOTICE** that the undersigned attorneys for defendants Ethicon, Inc. and Johnson & Johnson in accordance with Rule 30 of the Federal Rules of Civil Procedure, the procedures set forth in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327, Defendants Ethicon Inc. and Johnson & Johnson hereby notice this deposition for any and all purposes permitted by the rules of the MDL Court, and any other state or local rules that apply to this action. Defendants Ethicon, Inc. and Johnson & Johnson further state that this deposition shall be

conducted in accordance with and subject to the Protective Order entered in the above-referenced action

and the Protective Order in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL

No. 2327

      **PLEASE TAKE FURTHER NOTICE** that said deposition shall take place before a duly

qualified Notary Public authorized to administer oaths and shall continue from day to day until

completed. Said deposition shall cover all matters relevant to the subject matter of the within action.

      **PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce

any document reviewed by the deponent, prior to the commencement of the deposition, to prepare for the

deposition and/or to refresh the deponent's recollection regarding the facts of this case, as well as all

documents requested on Schedule A.

      Dated: August 14, 2017

                           Respectfully submitted,

                           /s/ David B. Thomas
                           David B. Thomas (W. Va. Bar #3731)
                           Thomas Combs & Spann PLLC
                           300 Summers Street
                           Suite 1380 (25301)
                           P.O. Box 3824
                           Charleston, WV 25338
                           (304) 414-1807
                           dthomas@tcspllc.com

                           /s/ Christy D. Jones
                           Christy D. Jones (MS Bar #3912)
                           Butler Snow LLP
                           1020 Highland Colony Parkway
                           Suite 1400
                           Ridgeland, MS 39157
                           P.O. Box 6010
                           Ridgeland, MS 39158-6010
                           (601) 985-4523
                           Christy.jones@butlersnow.com

## <u>SCHEDULE A</u>

1.      All documents related to fees, billing, and/or time spent in connection with your opinions in any pelvic mesh litigation relating to either prolapse or stress urinary incontinence in which you have been consulted or disclosed as an expert witness.

2.      A copy of an up-to-date CV, along with a complete list of your publications and testimony.

3.      All documents, including but not limited to videotapes, recordings, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at your direction in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh case.

4.      All final reports prepared in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh case.

5.      Any reports or other documentation concerning testing or other analysis performed by you, or on which you rely, in connection with this or any other pelvic mesh case.

6.      Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from you and any persons with knowledge of facts relating to this or any other pelvic mesh case, including any health care providers.

7.      Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from and any persons concerning pelvic mesh.

8.      Any and all documents, records, literature and data or information of any kind reviewed or considered by or made available to you, whether you did or did not rely on such documents, records, literature and data or information.

9.      All literature, published or unpublished, consulted by you in connection with your opinions in this case, including all literature that fails to support your opinions.

10.      All depositions, pleadings, or other records of any court or administrative proceeding, that were shown to, summarized for, or otherwise made available for review to you in connection with your expected testimony in this or any other pelvic mesh case, or in connection with the development of an opinion or belief, or an assessment or determination, relating to this or any other pelvic mesh case.

11.      All photographs or other images, including those of the plaintiff or products taken by or for you, which refer or relate to your opinions in this case. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

12.      Any photographs and photomicrographs of pelvic and hernia mesh explants taken by you or for you in any pelvic or hernia mesh matter. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

13.      All photos and photomicrographs of the explants from the plaintiffs for which the data found in your report was derived. Any such photographs should be clear of any obstructions, including but not limited to copyright watermarks.

14.      Any documents identifying the date on which you created pathology slides for the specimens from which you derived the data in your report.

15.      All documents from which you relied upon to derive the data contained in your report.

16.     Any and all notes or other methods of record-keeping capturing the data used in your report.

17.     Any graphics or charts prepared by you for use at trial.

18.     Any Ethicon products in your possession.

19.     All materials (including protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards) relating to any clinical trial or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.

20.     All documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

21.     All documents or communications relating to presentations or lectures given or contributed to by you which concerned pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

22.     All communications, including but not limited to emails, between other Plaintiffs' experts and yourself regarding pelvic mesh, hernia mesh, polypropylene, or related to any other topic discussed in your expert report in this matter.

23.     Copies of any letters, brochures, promotions, or other documents in which you advertise or discuss your work or availability as an expert or consultant in litigation.

24.     Copies of the syllabus and texts used in any teaching setting by you.

25.     A copy of your complete file in this case.

26.     Any communications between you and counsel for the plaintiff, to the extent that such communications:

        a.        Relate to your compensation;

        b.        Identify facts or data that you were provided and that you considered in forming your opinions; or

        c.        Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions.

**CERTIFICATE OF SERVICE**

I hereby certify that August 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800

COUNSEL FOR DEFENDANTS ETHICON,
INC. AND JOHNSON & JOHNSON

29972279.v1