## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ETHICON WAVE 5 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## DEFENDANTS' MOTION TO EXCLUDE CERTAIN
## GENERAL OPINIONS OF DANIEL ELLIOTT, M.D.

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (hereinafter "Defendants") move to exclude certain general opinions of one of Plaintiffs' experts, Daniel Elliott, M.D., that are improper, irrelevant, unreliable, and/or are beyond his expertise as a urologist. Specifically, Defendants request that the Court preclude Dr. Elliott from: (1) Testifying that the Defendants' devices are not safe in the treatment of stress urinary incontinence, because such opinions are unreliable and based on a standard different from that which he employs in his medical practice; (2) Testifying that other surgical approaches are safer alternatives to the devices at issue, because such procedures are not alternative designs and are irrelevant to a design-defect claim, and because such opinions are unreliable; (3) Comparing TVT Secur with other medical devices because such testimony is inadmissible, unreliable and irrelevant; (4) Offering design opinions, including opinions regarding laser-cut mesh versus mechanically-cut mesh and opinions regarding mesh weight and pore size, because he is not qualified to do so, and his opinions are unreliable and not offered within a reasonable degree of medical certainty; (5) Offering biomaterials opinions, including testimony about alleged mesh

degradation, shrinkage, and other deformations opinions, because he is not qualified to do so and such opinions are unreliable, irrelevant, and/or otherwise improper; (6) Testifying about alleged conditions, because such opinions are irrelevant, highly inflammatory, and prejudicial; (7) Offering warning opinions, because he is not qualified to do so and such opinions are inadmissible; (8) Testifying about testing, adverse event reporting, or training, because he is not qualified to do so and such opinions are irrelevant, speculative, and unreliable; (9) Offering opinions beyond Dr. Elliott's expertise and/or that are otherwise improper, because he is not qualified to do so and such opinions are speculative, unreliable, and/or is merely based on a narrative summary of Defendants' documents; and (10) Offering opinions about TVT Exact, because Plaintiffs have not disclosed any opinions of Dr. Elliott related to the TVT Exact.

As grounds for this motion, Defendants submit that Dr. Elliott cannot provide reliable, trustworthy and/or admissible testimony about these topics under the standard set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). In support of this motion, Defendants incorporate by reference its supporting memorandum of law and the following exhibits:

| Exhibit | Description |
| --- | --- |
| Ex. A | Plaintiff List |
| Ex. B | CV of Dr. Daniel Elliott |
| Ex. C | TVT Report |
| Ex. D | TVT-O Report |
| Ex. E | TVT Secur |
| Ex. F | Prolift Report |
| Ex. G | September 26, 2015 Deposition of Daniel Elliott |

| | |
|---|---|
| Ex. H | Heinonen 10-year TVT study |
| Ex. I | AUA Guideline |
| Ex. J | Society of Gynecological Surgeons' meta-analysis and systematic review |
| Ex. K | Memorandum of Opinion from *Brooks v. Ethicon, Inc.* |
| Ex. L | November 15, 2012 Deposition of Daniel Elliott |
| Ex. M | November 16, 2012 Deposition of Daniel Elliott |
| Ex. N | Burch Study |
| Ex. O | Mayo Clinic Advertisement |
| Ex. P | Cochrane Review |

WHEREFORE, FOR THESE REASONS and as more fully set forth in Defendants' supporting memorandum of law, Defendants respectfully request that this Court enter an order granting Defendants' Motion to Exclude Certain General Opinions of Daniel Elliott, M.D.

Respectfully Submitted,

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
Christy.jones@butlersnow.com

/s/ David B. Thomas
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. ETHICON LLC, AND
JOHNSON & JOHNSON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 <br> MDL No. 2327 |
| THIS DOCUMENT RELATES TO ETHICON WAVE 5 CASES | JOSEPH R. GOODWIN <br> U.S. DISTRICT JUDGE |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

>  */s/ Christy D. Jones*
> Christy D. Jones
> Butler Snow LLP
> 1020 Highland Colony Parkway
> Suite 1400 (39157)
> P.O. Box 6010
> Ridgeland, MS  39158-6010
> (601) 985-4523
> christy.jones@butlersnow.com