## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ETHICON WAVE 5 CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

### DEFENDANTS' MOTION TO EXCLUDE CERTAIN
### GENERAL OPINIONS OF BRUCE ROSENZWEIG, M.D.

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (hereinafter "Defendants") move to exclude certain general opinions of one of Plaintiffs' experts, Bruce Rossenzweig, M.D., that are improper, irrelevant, unreliable, and/or are beyond his expertise as a urologist.  Specifically, Defendants request that the Court preclude Dr. Rosenzweig from: (1) Offering opinions that are not specifically outlined in his Wave 5 reports, because references to other reports are vague, overly expansive, and confusing; (2) Testifying that the Defendants' devices are not safe in the treatment of stress urinary incontinence, because such opinions are unreliable; (3) Testifying that other surgical approaches or devices with a different type of mesh are safer alternatives to the devices at issue, because such procedures are not alternative designs and are irrelevant to a design-defect claim, and because such opinions are unreliable; (4) Offering design opinions, including opinions regarding laser-cut mesh versus mechanically-cut mesh and opinions regarding mesh weight and pore size, for the reasons outlined in Ethicon's Wave 3 argument on this issue set forth in Section II of Doc. 2818; (5) Offering biomaterials opinions, including testimony about alleged mesh degradation, shrinkage, and other

deformations opinions, for the reasons outlined in Ethicon's Wave 3 argument on this issue set forth in Section IV of Doc. 2818; (6) Testifying about alleged conditions, because such opinions are irrelevant, highly inflammatory, and prejudicial; (7) Offering warning opinions, for the reasons outlined in Ethicon's Wave 3 argument on this issue set forth in Section III of Doc. 2818; (8) Testifying about testing, adverse event reporting, or training, because he is not qualified to do so and such opinions are irrelevant, speculative, and unreliable; (9) Offering opinions about certain alleged complications associated with TVT-Abbrevo for the reasons outlined in Ethicon's Wave 3 argument on this issue set forth in Section VII of Doc. 2818; (10) Testifying about MSDS sheets for the reasons outlined in Ethicon's Wave 3 argument on this issue set forth in Section VIII of Doc. 2818; (11) Offering marketing opinions for the reasons outlined in Ethicon's Wave 3 argument on this issue in Section VII of Doc. 2818; (12) Offering opinions beyond Dr. Rosenzweig's expertise and/or that are otherwise improper, because he is not qualified to do so and such opinions are speculative, unreliable, and/or is merely based on a narrative summary of Defendants' documents; and (13) Offering opinions about Prolift, because Plaintiffs have not disclosed any opinions of Dr. Rosenzweig related to the Prolift.

As grounds for this motion, Defendants submit that Dr. Rosenzweig cannot provide reliable, trustworthy and/or admissible testimony about these topics under the standard set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  In support of this motion, Defendants incorporate by reference its supporting memorandum of law and the following exhibits:

| Exhibit | Description |
| --- | --- |
| Ex. A | Plaintiff List |
| Ex. B | CV of Dr. Bruce Rosenzweig |

Ex. C          TVT-O Report

Ex. D          TVT Report

Ex. E          TVT-S Report

Ex. F          TVT Abbrevo Report

Ex. G          Prosima Report

Ex. H          TVT Exact Report

Ex. I          Dobard Expert Designation

Ex. J          Leith Expert Designation

Ex. K          Memorandum of Opinion *Brooks v. Ethicon, Inc.*

Ex. L          Expert Designations for Case No.:
               2:12-cv-07901
               2:12-cv-06481
               2:12-cv-07493
               2:12-cv-07524
               2:12-cv-07523
               2:12-cv-07579
               2:12-cv-07750
               2:12-cv-08079
               2:12-cv-05802
               2:12-cv-07037

WHEREFORE, FOR THESE REASONS and as more fully set forth in Defendants'
supporting memoranda of law, Defendants respectfully request that this Court enter an order
granting Defendants' Motion to Exclude Certain General Opinions of Bruce Rosenzweig, M.D.

Respectfully Submitted,

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
Christy.jones@butlersnow.com

/s/ David B. Thomas
David B. Thomas (W. Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com

Counsel for Defendants Ethicon, Inc.,
Ethicon LLC, and Johnson & Johnson

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL No. 2327** |
| **THIS DOCUMENT RELATES TO ETHICON WAVE 5 CASES** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

CERTIFICATE OF SERVICE

I, Christy D. Jones, certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com