# EXHIBIT J

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO:<br><br>*Sherrie Leith v. Ethicon, Inc., et al.*<br>Case No. 2:12-cv-08079 | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## PLAINTIFFS' DESIGNATION AND
## DISCLOSURE OF CASE-SPECIFIC EXPERT WITNESSES

Pursuant to Pretrial Order (PTO) # 248, Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff in the above-captioned civil action ("Plaintiff") submits the following Designation and Disclosure of Case-Specific Expert Witnesses and persons who may provide expert testimony specific to Plaintiff's case pursuant to Rule 702 of the Federal Rules of Evidence.

### RETAINED EXPERT WITNESSES

1) Bruce Alan Rosenzweig, MD (General) (adoption of previously served reports)
   Rush University Professional Building
   1725 West Harrison Street, Suite 358
   Chicago, IL 60612

2) Prof. Dr. med. Uwe Klinge (General) (adoption of previously served report)
   KLINIK FÜR ALLGEMEIN-, VISZERAL- UND TRANSPLANTATIONSCHIRURGIE
   RWTH Aachen und Universitätsklinikum Aachen
   Pauwelsstraße 30
   D-52074 Aachen
   Germany

3) Vladimir Iakovlev, MD, FRCPC, FCAP (General)
(adoption of previously served report)
St. Michael's Hospital, Division of Pathology
30 Bond Street, Cardinal Carter, Room 2-093
Toronto, ON, M5B1W8
CANADA

4) Daniel S. Elliott, MD (General) (adoption of previously served report)
Mayo Clinic Rochester
200 1st St SW
Rochester, MN 55905

5) Richard Bercik, MD (Case Specific)
Yale School of Medicine
Department of OB/GYN
333 Cedar Street- FMB 329
PO BOX 208063
New Haven CT 06520-8063

A General Designation and Disclosure has been or is being served by and on behalf of the wave 5 cases for general expert opinions. In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of other of the general witnesses designated or identified by Plaintiff. In no event, however, will Plaintiff's retained experts at trial exceed five (5) experts without leave of Court for good cause shown. Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

This 22nd day of May, 2017.