# EXHIBIT L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br>_____<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Patricia Blake, et al. v. Ethicon, Inc., et al*<br>Case No. 2:12-cv-07901 | **Master File No. 2:12-MD-02327**<br>**MDL No. 2327**<br><br><br>**JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## PLAINTIFF'S DESIGNATION AND
## DISCLOSURE OF EXPERT WITNESSES

Pursuant to Pretrial Order (PTO) #248, Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff in the above-captioned civil action ("Plaintiff") submits the following Designation and Disclosure of Expert Witnesses and persons who may provide expert testimony specific to Plaintiff's case pursuant to Rule 702 of the Federal Rules of Evidence.

## RETAINED EXPERT WITNESSES

1. Dr. Alan Garely (Urogynecologist – Prolift+M & Case Specific)
   1 S. Central Ave
   Valley Stream, NY 11580

2. Bruce Rosenzweig, M.D. (Urogynecologist - TVTO)
   Rush University Professional Building
   1725 West Harrison Street, Suite 358
   Chicago, IL 60612

3. Jerry Blaivas, M.D. (Urologist - TVTO)
   445 East 77th Street
   New York, NY 10075

4. Scott A. Guelcher (Materials – Prolift+M)
   Professor of Chemical & Biomolecular Engineering
   Professor of Biomedical Engineering
   Vanderbilt University
   VU Station B 351604
   Nashville, TN  37235


A General Designation and Disclosure has been or is being served by and on behalf of the AMS Wave 1 cases for general expert opinions.  In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of other witnesses designated or identified by Plaintiff.  In no event, however, will Plaintiff's retained experts at trial exceed five (5) experts without leave of Court for good cause shown.  Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental disclosures by any party.

This 22nd day of May, 2017.

Respectfully submitted,


By:    */s/ Joseph J. Zonies*
          Joseph J. Zonies (CO #29539)
          Gregory Bentley (CO #42655)
          ZONIES LAW LLC
          1900 Wazee St., Suite 203
          Denver, CO 80202
          Telephone:    (720) 464-5300
          Facsimile:    (720) 961-9252
          jzonies@zonieslaw.com
          gbentley@zonieslaw.com

          *Counsel for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | |
|---|---|
| **IN RE:  ETHICON, INC.**<br>**PELVIC REPAIR SYSTEM**<br>**PRODUCTS LIABILITY LITIGATION**<br><br>_____<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Phyllis Clark v. Ethicon, Inc., et al.*<br><br>**Case No. 2:12-cv-06481** | **Master File No. 2:12-MD-02327**<br>**MDL No. 2327**<br><br><br>**JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

### PLAINTIFF'S DESIGNATION AND
### DISCLOSURE OF GENERAL AND CASE-SPECIFIC EXPERT WITNESSES

Plaintiff in the above-captioned civil action ("Plaintiff") submits the following

Designation and Disclosure of General and Case-Specific Expert Witnesses and persons who

may provide expert testimony specific to Plaintiff's case pursuant to Rule 702 of the Federal

Rules of Evidence.

### RETAINED EXPERT WITNESSES

1. Dr. Jerry Blaivas (Urologist)
   445 East 77th Street
   New York, NY 10075

2. Dr. Bruce Rosenzweig (Urogyn)
   Rush University Professional Building
   1725 West Harrison Street, Suite 358
   Chicago, IL 60612

3. Dr. Daniel Elliot (Urogyn)
   Mayo Clinic
   200 1st Street SW
   Rochester, MN, 55902

4.  Dr. Scott Guelcher (Materials)
    Vanderbilt University
    Polymer and Chemical Technologies, LLC
    1008 Caldwell Avenue
    Nashville, TN 37204

5.  Peggy Pence (Regulatory)
    Symbian Research International, Inc.
    3537 Old Conejo Road, Suite 115
    Newbury Park, CA 91320

This 22nd day of May, 2017.

Respectfully submitted,

By:     */s/ Jeffrey M. Kuntz*
        Thomas P. Cartmell          MO # 45366
        Jeffrey M. Kuntz            MO # 52371
        Wagstaff & Cartmell LLP
        4740 Grand Avenue, Suite 300
        Kansas City, MO 64112
        Telephone:     (816) 701-1100
        Facsimile:     (816) 531-2372
        tcartmell@wcllp.com
        jkuntz@wcllp.com

        *Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| **IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIA-BILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL No. 2327** |
| _____ | |
| **THIS DOCUMENT RELATES TO:** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |
| *Raja Dobard v. Ethicon, Inc., et al.* **Case No. 2:12-cv-07493** | |

## PLAINTIFF'S DESIGNATION AND DISCLOSURE OF GENERAL EXPERT WITNESSES

Pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff Bonnie Blake (herein after "Plaintiff") submits the following Designation and Disclosure of Expert Witnesses and persons who may provide expert testimony pursuant to Rule 702 of the Federal Rules of Evidence.  Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of all witnesses designated or identified by Plaintiff or Defendants as an expert or person with specialized knowledge, training, or experience.  Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery

including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any

party.

## GENERAL RETAINED EXPERTS

1)      Dr. Bruce Rosenzweig (Urogynecologist)
Rush University Professional Building
1725 West Harrison Street, Suite 358
Chicago, IL 60612

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Rosenzweig's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Rosenzweig may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Rosenzweig's Expert Reports and all subparts and attachments thereto.

2)      Dr. Vladimir Iakovlev, M.D.  (Pathologist)
St. Michael's Hospital, Division of Pathology
30 Bond Street, Cardinal Carter, Room 2-093
Toronto, ON, M5B1W8
CANADA

Plaintiff refers Defendants to Dr. Iakovlev's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Iakovlev's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Iakovlev, the exhibits that

Dr. Iakovlev may use to support his opinions, and Dr. Iakovlev's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Iakovlev's Expert Reports and all subparts and attachments thereto.

    3)  Dr. Jimmy Mays (Materials)
     Department of Chemistry
     University of Tennessee at Knoxville
     655 Buehler Hall
     Knoxville, TN  37996

    Plaintiff refers Defendants to Dr. Mays' Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Mays' Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Mays, the exhibits that Dr. Mays may use to support his opinions, and Dr. Mays' qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Mays' Expert Reports and all subparts and attachments thereto.

    4)  Dr. Anne Wilson (FMEA) QA Consulting, Inc.  7500 Rialto Blvd.  Bldg. 1, Ste. 225
     Austin, Tx 78735

    Plaintiff refers Defendants to Dr. Wilson's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Wilson's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Wilson, the exhibits that Dr. Wilson may use to support her opinions, and Dr. Wilson's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Wilson's Expert Reports and all subparts and attachments thereto.

## **GENERAL RETAINED REGULATORY EXPERTS**

Plaintiffs recognize that the Fourth Circuit has affirmed Judge Goodwin's decision to exclude evidence relating to a manufacturer's compliance with the FDA's 510(k) process. In the event of a contrary ruling, Plaintiffs reserve the right to designate the following General

Regulatory Experts:

5) Dr. Suzanne Parisian (Regulatory)  MD
          Assist, Inc.
             7117 N. 3rd Street
             Phoenix, AZ 85020

Plaintiff refers Defendants to Dr. Parisian's Expert Reports, and all subparts and attachments thereto which sets forth her opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Parisian's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Parisian, the exhibits that Dr. Parisian may use to support her opinions, and Dr. Parisian's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Parisian's Expert Reports and all subparts and attachments thereto.


Plaintiff reserves the right to call any expert disclosed by any other party and thereafter deposed. Plaintiff also reserves the right to call additional, undesignated expert witnesses as allowed by law and in particular, any of Plaintiff's medical providers. Plaintiff further reserves the right to supplement the above list should another party disclose experts in areas other than those covered by the above individuals.

Dated:  February 1, 2016

4

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
Julie M. Jochum, #33463
For the Firm
220 Gause Blvd.
Slidell, LA  70458
Telephone (985) 641-6800
Fax: (985) 646-1471
 Counsel for Plaintiff, Raja Dobard

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I electronically served the foregoing document on counsel of record listed below.

Christy D. Jones
christy.jones@butlersnow.com William
Gage
william.gage@butlersnow.com
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010

David B. Thomas
dthomas@tcspllc.com Thomas,
Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
Julie M. Jochum, #33463
For the Firm
220 Gause Blvd.
Slidell, LA  70458
Telephone (985) 641-6800
Fax: (985) 646-1471
Counsel for Plaintiff, Raja Dobard

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIA-BILITY LITIGATION<br><br>_____<br>_<br>THIS DOCUMENT RELATES TO:<br><br>*Patsy Frame v. Ethicon, Inc., et al.*<br>**Case No. 2:12-cv-07524** | **Master File No. 2:12-MD-02327**<br>**MDL No. 2327**<br><br>**JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## PLAINTIFF'S DESIGNATION AND DISCLOSURE OF GENERAL EXPERT WITNESSES

Pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff Bonnie Blake (herein after "Plaintiff") submits the following Designation and Disclosure of Expert Witnesses and persons who may provide expert testimony pursuant to Rule 702 of the Federal Rules of Evidence.  Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of all witnesses designated or identified by Plaintiff or Defendants as an expert or person with specialized knowledge, training, or experience.  Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any

party.

1

## GENERAL RETAINED EXPERTS

   1) Dr. Bruce Rosenzweig (Urogynecologist)
      Rush University Professional Building
      1725 West Harrison Street, Suite 358
      Chicago, IL 60612

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Rosenzweig's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Rosenzweig may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Rosenzweig's Expert Reports and all subparts and attachments thereto.

   2) Dr. Vladimir Iakovlev, M.D.  (Pathologist)
      St. Michael's Hospital, Division of Pathology
      30 Bond Street, Cardinal Carter, Room 2-093
      Toronto, ON, M5B1W8
      CANADA

Plaintiff refers Defendants to Dr. Iakovlev's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Iakovlev's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Iakovlev, the exhibits that Dr. Iakovlev may use to support his opinions, and Dr. Iakovlev's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Iakovlev's Expert Reports and all subparts and attachments thereto.

   3) Dr. Jimmy Mays (Materials)
      Department of Chemistry

University of Tennessee at Knoxville
655 Buehler Hall
Knoxville, TN  37996

Plaintiff refers Defendants to Dr. Mays' Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Mays' Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Mays, the exhibits that Dr. Mays may use to support his opinions, and Dr. Mays' qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Mays' Expert Reports and all subparts and attachments thereto.

4) Dr. Anne Wilson (FMEA)
QA Consulting, Inc.
7500 Rialto Blvd.
Bldg. 1, Ste. 225
Austin, Tx 78735

Plaintiff refers Defendants to Dr. Wilson's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL.  Dr. Wilson's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Wilson, the exhibits that Dr. Wilson may use to support her opinions, and Dr. Wilson's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Wilson's Expert Reports and all subparts and attachments thereto.

## **GENERAL RETAINED REGULATORY EXPERTS**

Plaintiffs recognize that the Fourth Circuit has affirmed Judge Goodwin's decision to exclude evidence relating to a manufacturer's compliance with the FDA's 510(k) process.  In the event of a contrary ruling, Plaintiffs reserve the right to designate the following General

Regulatory Experts:

> 5) Dr. Suzanne Parisian (Regulatory)
> MD Assist, Inc.
> 7117 N. 3rd Street
> Phoenix, AZ 85020

Plaintiff refers Defendants to Dr. Parisian's Expert Reports, and all subparts and attachments thereto which sets forth her opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Parisian's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Parisian, the exhibits that Dr. Parisian may use to support her opinions, and Dr. Parisian's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Parisian's Expert Reports and all subparts and attachments thereto.

Plaintiff reserves the right to call any expert disclosed by any other party and thereafter deposed.  Plaintiff also reserves the right to call additional, undesignated expert witnesses as allowed by law and in particular, any of Plaintiff's medical providers.  Plaintiff further reserves the right to supplement the above list should another party disclose experts in areas other than those covered by the above individuals.

Dated:  May 22, 2017

MICHAEL HINGLE & ASSOCIATES, LLC

4

/s/Michael Hingle
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
For the Firm
220 Gause Blvd.
Slidell, LA  70458
Telephone (985) 641-6800
Fax: (985) 646-1471
 Counsel for Plaintiff, Patsy Frame

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2016, I electronically served the foregoing document on counsel of record listed below.

Christy D. Jones
christy.jones@butlersnow.com William
Gage
william.gage@butlersnow.com
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010

David B. Thomas
dthomas@tcspllc.com Thomas,
Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
220 Gause Blvd.
Slidell, LA  70458
Telephone (985) 641-6800
Fax: (985) 646-1471
Counsel for Plaintiff, Bonnie Blake

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIA-BILITY LITIGATION <br><br> _____ _ <br><br> **THIS DOCUMENT RELATES TO:** <br><br> *Margret Fremin v. Ethicon, Inc., et al.* Case No. 2:12-cv-07523 | Master File No. 2:12-MD-02327 <br> MDL No. 2327 <br><br> JOSEPH R. GOODWIN <br> U.S. DISTRICT JUDGE |

## <u>PLAINTIFF'S DESIGNATION AND DISCLOSURE OF GENERAL EXPERT WITNESSES</u>

Pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff Bonnie Blake (herein after "Plaintiff") submits the following Designation and Disclosure of Expert Witnesses and persons who may provide expert testimony pursuant to Rule 702 of the Federal Rules of Evidence.  Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of all witnesses designated or identified by Plaintiff or Defendants as an expert or person with specialized knowledge, training, or experience.  Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any

party.

## GENERAL RETAINED EXPERTS

1) Dr. Bruce Rosenzweig (Urogynecologist)
   Rush University Professional Building
   1725 West Harrison Street, Suite 358
   Chicago, IL 60612

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Rosenzweig's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Rosenzweig may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Rosenzweig's Expert Reports and all subparts and attachments thereto.

2) Dr. Vladimir Iakovlev, M.D. (Pathologist)
   St. Michael's Hospital, Division of Pathology
   30 Bond Street, Cardinal Carter, Room 2-093
   Toronto, ON, M5B1W8
   CANADA

Plaintiff refers Defendants to Dr. Iakovlev's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Iakovlev's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Iakovlev, the exhibits that Dr. Iakovlev may use to support his opinions, and Dr. Iakovlev's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Iakovlev's Expert Reports and all subparts and attachments thereto.

3) Dr. Jimmy Mays (Materials)
   Department of Chemistry

2

University of Tennessee at Knoxville
655 Buehler Hall
Knoxville, TN  37996

Plaintiff refers Defendants to Dr. Mays' Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Mays' Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Mays, the exhibits that Dr. Mays may use to support his opinions, and Dr. Mays' qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Mays' Expert Reports and all subparts and attachments thereto.

4) Dr. Anne Wilson (FMEA)
   QA Consulting, Inc.
   7500 Rialto Blvd.
   Bldg. 1, Ste. 225
   Austin, Tx 78735

Plaintiff refers Defendants to Dr. Wilson's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL.  Dr. Wilson's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Wilson, the exhibits that Dr. Wilson may use to support her opinions, and Dr. Wilson's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Wilson's Expert Reports and all subparts and attachments thereto.

## GENERAL RETAINED REGULATORY EXPERTS

Plaintiffs recognize that the Fourth Circuit has affirmed Judge Goodwin's decision to exclude evidence relating to a manufacturer's compliance with the FDA's 510(k) process.  In the event of a contrary ruling, Plaintiffs reserve the right to designate the following General

Regulatory Experts:

> 5) Dr. Suzanne Parisian (Regulatory)
> MD Assist, Inc.
> 7117 N. 3rd Street
> Phoenix, AZ 85020

Plaintiff refers Defendants to Dr. Parisian's Expert Reports, and all subparts and attachments thereto which sets forth her opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Parisian's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Parisian, the exhibits that Dr. Parisian may use to support her opinions, and Dr. Parisian's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Parisian's Expert Reports and all subparts and attachments thereto.

Plaintiff reserves the right to call any expert disclosed by any other party and thereafter deposed.  Plaintiff also reserves the right to call additional, undesignated expert witnesses as allowed by law and in particular, any of Plaintiff's medical providers.  Plaintiff further reserves the right to supplement the above list should another party disclose experts in areas other than those covered by the above individuals.

Dated:  May 22, 2017

MICHAEL HINGLE & ASSOCIATES, LLC

4

<u>/s/Michael Hingle</u>
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
For the Firm
220 Gause Blvd.
Slidell, LA 70458
Telephone (985) 641-6800
Fax: (985) 646-1471
Counsel for Plaintiff, Margret Fremin

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I electronically served the foregoing document on counsel of record listed below.

Christy D. Jones
christy.jones@butlersnow.com William
Gage
william.gage@butlersnow.com
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010

David B. Thomas
dthomas@tcspllc.com Thomas,
Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
220 Gause Blvd.
Slidell, LA  70458
Telephone (985) 641-6800
Fax: (985) 646-1471
Counsel for Plaintiff, Bonnie Blake

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIA-BILITY LITIGATION<br><br>_____<br>_<br>THIS DOCUMENT RELATES TO:<br><br>*Kathleen Heintz v. Ethicon, Inc., et al.*<br>Case No. 2:12-cv-07579 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## PLAINTIFF'S DESIGNATION AND DISCLOSURE OF GENERAL EXPERT WITNESSES

Pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff Bonnie Blake (herein after "Plaintiff") submits the following Designation and Disclosure of Expert Witnesses and persons who may provide expert testimony pursuant to Rule 702 of the Federal Rules of Evidence.  Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of all witnesses designated or identified by Plaintiff or Defendants as an expert or person with specialized knowledge, training, or experience.  Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

1

## GENERAL RETAINED EXPERTS

1) Dr. Bruce Rosenzweig (Urogynecologist)
   Rush University Professional Building
   1725 West Harrison Street, Suite 358
   Chicago, IL 60612

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Rosenzweig's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Rosenzweig may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Rosenzweig's Expert Reports and all subparts and attachments thereto.

2) Dr. Vladimir Iakovlev, M.D. (Pathologist)
   St. Michael's Hospital, Division of Pathology
   30 Bond Street, Cardinal Carter, Room 2-093
   Toronto, ON, M5B1W8
   CANADA

Plaintiff refers Defendants to Dr. Iakovlev's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Iakovlev's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Iakovlev, the exhibits that Dr. Iakovlev may use to support his opinions, and Dr. Iakovlev's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Iakovlev's Expert Reports and all subparts and attachments thereto.

3) Dr. Jimmy Mays (Materials)
   Department of Chemistry

> University of Tennessee at Knoxville
> 655 Buehler Hall
> Knoxville, TN  37996

Plaintiff refers Defendants to Dr. Mays' Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them.  These reports have already been served in this MDL.  Dr. Mays' Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Mays, the exhibits that Dr. Mays may use to support his opinions, and Dr. Mays' qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Mays' Expert Reports and all subparts and attachments thereto.

> 4) Dr. Anne Wilson (FMEA)
> QA Consulting, Inc.
> 7500 Rialto Blvd.
> Bldg. 1, Ste. 225
> Austin, Tx 78735

Plaintiff refers Defendants to Dr. Wilson's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL.  Dr. Wilson's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Wilson, the exhibits that Dr. Wilson may use to support her opinions, and Dr. Wilson's qualifications, publications, testimonial history, and compensation.  Plaintiff hereby incorporates by reference Dr. Wilson's Expert Reports and all subparts and attachments thereto.

## **GENERAL RETAINED REGULATORY EXPERTS**

Plaintiffs recognize that the Fourth Circuit has affirmed Judge Goodwin's decision to exclude evidence relating to a manufacturer's compliance with the FDA's 510(k) process. In the event of a contrary ruling, Plaintiffs reserve the right to designate the following General

Regulatory Experts:

> 5) Dr. Suzanne Parisian (Regulatory)
> MD Assist, Inc.
> 7117 N. 3rd Street
> Phoenix, AZ 85020

Plaintiff refers Defendants to Dr. Parisian's Expert Reports, and all subparts and attachments thereto which sets forth her opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Parisian's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Parisian, the exhibits that Dr. Parisian may use to support her opinions, and Dr. Parisian's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Parisian's Expert Reports and all subparts and attachments thereto.

Plaintiff reserves the right to call any expert disclosed by any other party and thereafter deposed. Plaintiff also reserves the right to call additional, undesignated expert witnesses as allowed by law and in particular, any of Plaintiff's medical providers. Plaintiff further reserves the right to supplement the above list should another party disclose experts in areas other than those covered by the above individuals.

Dated: May 22, 2017

MICHAEL HINGLE & ASSOCIATES, LLC

4

<u>/s/Michael Hingle</u>
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
For the Firm
220 Gause Blvd.
Slidell, LA  70458
Telephone (985) 641-6800
Fax: (985) 646-1471
Counsel for Plaintiff, Kathleen Heintz

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2016, I electronically served the foregoing document on counsel of record listed below.

Christy D. Jones
christy.jones@butlersnow.com William
Gage
william.gage@butlersnow.com
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010

David B. Thomas
dthomas@tcspllc.com Thomas,
Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
Bryan A. Pfleeger, #23896
220 Gause Blvd.
Slidell, LA  70458
Telephone (985) 641-6800
Fax: (985) 646-1471
Counsel for Plaintiff, Bonnie Blake

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION <br><br> _____ <br><br> **THIS DOCUMENT RELATES TO:** <br><br> *INDIVIDUAL CASE CAPTION* <br><br> ***Mary Holley, et al v. Ethicon, Inc., et al*** <br> **Case No. 2:12-cv-07750** | **Master File No. 2:12-MD-02327** <br> **MDL No. 2327** <br><br><br> **JOSEPH R. GOODWIN** <br> **U.S. DISTRICT JUDGE** |

**PLAINTIFFS' DESIGNATION AND**
**DISCLOSURE OF CASE-SPECIFIC EXPERT WITNESSES**

Pursuant to Pretrial Order (PTO) # 248, Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned civil action ("Plaintiffs") submit the following Designation and Disclosure of Case-Specific Expert Witness and persons who may provide expert testimony specific to Plaintiffs' case pursuant to Rule 702 of the Federal Rules of Evidence.

**RETAINED EXPERT AND GENERAL WITNESS**

1.    **Daniel Elliott, MD (case specific & general)**
      **Mayo Clinic**
      **200 1st Street SW**
      **Rochester, MN 55902**

Dr. Daniel Elliott is a Urologist at the Mayo Clinic in Rochester, Minnesota. Dr. Elliott is familiar with the evaluation and treatment of stress urinary incontinence and pelvic organ prolapse. Dr. Elliott has implanted transvaginal mesh and is familiar with the properties of these devices and proper implantation techniques for these devices. He is specifically familiar with

the Prolift. Dr. Elliott's expert report is attached as **Ex.A**. His C.V., fee schedule, and prior testimony list is attached as **Ex.B.**

Dr. Elliott will testify consistent with the contents of his Rule 26 Expert Report. In forming his opinion, Dr. Elliott bases his opinions on the knowledge, training, education, skill, and experience that he has obtained throughout his education and career as a Urologist and relied upon the materials and records listed within his expert report.

> 2. **Dr. Bruce Rosenzweig (general)**
> **Rush University Professional Bldg.**
> **1725 West Harrison St., Suite 358**
> **Chicago, IL 60612**

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Rosenzweig's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Klinge may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Rosenzweig's Expert Reports and all subparts and attachments thereto.

> 3. **Dr. Uwe Klinge (general)**
> **KLINIK FÜR ALLGEMEIN-, VISZERAL- UND**
> **TRANSPLANTATIONSCHIRURGIE**
> **RWTH Aachen und Universitätsklinikum Aachen**
> **Pauwelsstraße 30**

Plaintiff refers Defendants to Dr. Klinge's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Klinge's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Klinge, the exhibits that

Dr. Klinge may use to support his opinions, and Dr. Klinge's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Klinge's Expert Reports and all subparts and attachments thereto.

    **4.     Dr. Donald R. Ostergard (general)**
           **8557 Mountain View Farms Ln**
           **Salida, CO 81201**

Plaintiff refers Defendants to Dr. Ostergard's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Ostergard's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Ostergard, the exhibits that Dr. Ostergard may use to support his opinions, and Dr. Ostergard's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Ostergard's Expert Reports and all subparts and attachments thereto.

    **5.     Dr. Jimmy Mays (general)**
           **Department of Chemistry**
           **University of Tennessee at Knoxville**
           **655 Buehler Hall**
           **Knoxville, TN 37204**

Plaintiff refers Defendants to Dr. Mays' Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Mays' Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Mays, the exhibits that Dr. Mays may use to support his opinions, and Dr. Mays' qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Mays' Expert Reports and all subparts and attachments thereto.

<b>NON-RETAINED EXPERT:<br>TREATING PHYSICIANS, MEDICAL PROVIDERS, AND/OR</b>

## CUSTODIAN OF RECORDS

A.      *Medical Providers for Mary Holley*

**Gregory Mitchell, MD**
**117 Fairfield Drive**
**New Albany, MS 38652**

Dr. Mitchell has been deposed as a treating physician and Plaintiffs' intend to offer opinion testimony on the matters set forth in his deposition regarding his care and treatment of Plaintiff as it relates to the Prolift, complications, and her urological and gynecological issue generally.

**Robert L. Summitt, Jr., MD**
**7800 Wolf Trail Cove**
**Germantown, TN 38138**

Dr. Summitt will be deposed as a treating physician and Plaintiffs' intend to offer opinion testimony on the matters set forth in his deposition regarding his care and treatment of Plaintiff as it relates to the Prolift, complications, and her urological and gynecological issue generally.

A General Designation and Disclosure has been or is being served by and on behalf of the wave 5 cases for general expert opinions.  In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiffs reserve the right to elicit testimony, either through direct examination or cross-examination, of other of the general witnesses designated or identified by Plaintiffs.  In no event, however, will Plaintiffs' retained experts at trial exceed five (5) experts without leave of Court for good cause shown.  Plaintiffs further reserve the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

This 22nd day of May, 2017.

_/s/   Edward Blizzard_
_____
Edward Blizzard (TX Bar #02495000)
Katherine Cornell (TX Bar #24082858)
BLIZZARD & NABERS, LLP
440 Louisiana, Suite 1710
Houston, TX 77002
Tel:  (713) 844-3750
Fax:  (713) 844-3755
eblizzard@blizzardlaw.com
kcornell@blizzardlaw.com

_Attorneys for Plaintiff_

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO: *Sherrie Leith v. Ethicon, Inc., et al.* Case No. 2:12-cv-08079 | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

PLAINTIFFS' DESIGNATION AND
DISCLOSURE OF CASE-SPECIFIC EXPERT WITNESSES

Pursuant to Pretrial Order (PTO) # 248, Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff in the above-captioned civil action ("Plaintiff") submits the following Designation and Disclosure of Case-Specific Expert Witnesses and persons who may provide expert testimony specific to Plaintiff's case pursuant to Rule 702 of the Federal Rules of Evidence.

RETAINED EXPERT WITNESSES

1) Bruce Alan Rosenzweig, MD (General) (adoption of previously served reports)
Rush University Professional Building
1725 West Harrison Street, Suite 358
Chicago, IL 60612

2) Prof. Dr. med. Uwe Klinge (General) (adoption of previously served report)
KLINIK FÜR ALLGEMEIN-, VISZERAL- UND
TRANSPLANTATIONSCHIRURGIE
RWTH Aachen und Universitätsklinikum Aachen
Pauwelsstraße 30
D-52074 Aachen
Germany

3)     Vladimir Iakovlev, MD, FRCPC, FCAP (General)
        (adoption of previously served report)
        St. Michael's Hospital, Division of Pathology
        30 Bond Street, Cardinal Carter, Room 2-093
        Toronto, ON, M5B1W8
        CANADA

4)     Daniel S. Elliott, MD (General) (adoption of previously served report)
        Mayo Clinic Rochester
        200 1st St SW
        Rochester, MN 55905

5)     Richard Bercik, MD (Case Specific)
        Yale School of Medicine
        Department of OB/GYN
        333 Cedar Street- FMB 329
        PO BOX 208063
        New Haven CT 06520-8063

A General Designation and Disclosure has been or is being served by and on behalf of the wave 5 cases for general expert opinions. In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of other of the general witnesses designated or identified by Plaintiff. In no event, however, will Plaintiff's retained experts at trial exceed five (5) experts without leave of Court for good cause shown. Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

This 22nd day of May, 2017.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** _____ **THIS DOCUMENT RELATES TO:** *INDIVIDUAL CASE CAPTION* ***Betty Nethercott v. Ethicon, Inc., et al*** **Case No. 2:12-cv-05802** | **Master File No. 2:12-MD-02327 MDL No. 2327** **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**PLAINTIFFS' DESIGNATION AND**
**DISCLOSURE OF CASE-SPECIFIC EXPERT WITNESSES**

Pursuant to Pretrial Order (PTO) # 248, Rule 26 (a)(2) of the Federal Rules of Civil

Procedure, Plaintiffs in the above-captioned civil action ("Plaintiffs") submit the following

Designation and Disclosure of Case-Specific Expert Witness and persons who may provide

expert testimony specific to Plaintiffs' case pursuant to Rule 702 of the Federal Rules of

Evidence.

**RETAINED EXPERT AND GENERAL WITNESS**

1.      **Daniel Elliott, MD (case specific & general)**
        **Mayo Clinic**
        **200 1st Street SW**
        **Rochester, MN 55902**

Dr. Daniel Elliott is a Urologist at the Mayo Clinic in Rochester, Minnesota.  Dr. Elliott

is familiar with the evaluation and treatment of stress urinary incontinence and pelvic organ

prolapse. Dr. Elliott has implanted transvaginal mesh and is familiar with the properties of these

devices and proper implantation techniques for these devices. He is specifically familiar with

the Prolift. Dr. Elliott's expert report is attached as **Ex.A**. His C.V., fee schedule, and prior testimony list is attached as **Ex.B.**

Dr. Elliott will testify consistent with the contents of his Rule 26 Expert Report. In forming his opinion, Dr. Elliott bases his opinions on the knowledge, training, education, skill, and experience that he has obtained throughout his education and career as a Urologist and relied upon the materials and records listed within his expert report.

      **2.**     **Paul J. Michaels (case specific and general)**
              **3445 Executive Center Drive**
              **Suite 250**
              **Austin, TX 78731**

Dr. Michaels is certified pathologist at Clinical Pathology Associates in Austin, Texas. Dr. Michaels is familiar with the pathological evaluation of explanted transvaginal mesh. Dr. Michael's expert report specific to Ms. Nethercott is attached as **Ex. C**. His C.V., fee schedule, reliance list and prior testimony list are attached to his expert report and have been previously served in this MDL and attached to his expert report here as **Ex. D.**

Dr. Michaels has separately served a general expert report containing general opinions regarding polypropelene mesh and his methodologies for reaching his general opinions. Plaintiff adopts and incorporates the substance of Dr. Michael's general opinions herein. In addition, Dr. Michaels has performed an examination of explanted portions of polypropylene from Ms. Nethercott and has arrived at case specific opinions as stated within his expert report.

Dr. Michael's opinions are based on the knowledge, training, education, skill and experience that he has obtained throughout his education and career as a pathologist. His testimony may also be based on his review and analysis of any and all documents and materials

set forth in his expert report, including depositions, medical records, medical literature, and his examination of explanted mesh material from Ms. Nethercott.

Dr. Michaels CV, statement of compensation, and previously testimony are attached to his expert report. The areas of expertise and general substance of Dr. Michael's general opinions and the basis for such are outlined in his general expert report and adopted and incorporated herein.

**3.      Dr. Bruce Rosenzweig (general)**
**Rush University Professional Bldg.**
**1725 West Harrison St., Suite 358**
**Chicago, IL 60612**

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Rosenzweig's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Klinge may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Rosenzweig's Expert Reports and all subparts and attachments thereto.

**4.      Dr. Uwe Klinge (general)**
**KLINIK FÜR ALLGEMEIN-, VISZERAL- UND**
**TRANSPLANTATIONSCHIRURGIE**
**RWTH Aachen und Universitätsklinikum Aachen**
**Pauwelsstraße 30**

Plaintiff refers Defendants to Dr. Klinge's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Klinge's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Klinge, the exhibits that

3

Dr. Klinge may use to support his opinions, and Dr. Klinge's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Klinge's Expert Reports and all subparts and attachments thereto.

> **5.      Dr. Donald R. Ostergard (general)**
> **8557 Mountain View Farms Ln**
> **Salida, CO 81201**

Plaintiff refers Defendants to Dr. Ostergard's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL. Dr. Ostergard's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Ostergard, the exhibits that Dr. Ostergard may use to support his opinions, and Dr. Ostergard's qualifications, publications, testimonial history, and compensation. Plaintiff hereby incorporates by reference Dr. Ostergard's Expert Reports and all subparts and attachments thereto.

**NON-RETAINED EXPERT:**
**TREATING PHYSICIANS, MEDICAL PROVIDERS, AND/OR**
**CUSTODIAN OF RECORDS**

**A.      *Medical Providers for Betty Nethercott***

> **Richard Zobell, MD**
> **727 S. Wahanna Rd.**
> **Seaside, OR 97138**

> Dr. Zobell will be deposed as a treating physician and Plaintiffs' intend to offer opinion testimony on the matters set forth in his deposition regarding his care and treatment of Plaintiff as it relates to the Prolift, complications, and her urological and gynecological issue generally.

> **Bryan D. Smith, MD**
> **725 S. Wahanna Rd.**
> **Seaside, OR 97138**

4

> Dr. Smith will be deposed as a treating physician and Plaintiffs' intend to offer opinion testimony on the matters set forth in his deposition regarding his care and treatment of Plaintiff as it relates to the Prolift, complications, and her urological and gynecological issue generally.

A General Designation and Disclosure has been or is being served by and on behalf of the wave 5 cases for general expert opinions.  In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiffs reserve the right to elicit testimony, either through direct examination or cross-examination, of other of the general witnesses designated or identified by Plaintiffs.  In no event, however, will Plaintiffs' retained experts at trial exceed five (5) experts without leave of Court for good cause shown.  Plaintiffs further reserve the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

This 22nd day of May, 2017.

_/s/   Edward Blizzard_
Edward Blizzard (TX Bar #02495000)
Katherine Cornell (TX Bar #24082858)
BLIZZARD & NABERS, LLP
440 Louisiana, Suite 1710
Houston, TX 77002
Tel:  (713) 844-3750
Fax:  (713) 844-3755
eblizzard@blizzardlaw.com
kcornell@blizzardlaw.com

_Attorneys for Plaintiff_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | **Master File No. 2:12-MD-02327**<br>**MDL No. 2327** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Teresa Sciumbata and Guiseppe Sciumbata v. Ethicon, Inc., et al.*<br>Case No. 2:12-cv-07037 | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

### PLAINTIFFS' DESIGNATION AND
### DISCLOSURE OF CASE-SPECIFIC EXPERT WITNESSES

Pursuant to Pretrial Order (PTO) # 248, Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned civil action ("Plaintiffs") submit the following Designation and Disclosure of Case-Specific Expert Witnesses and persons who may provide expert testimony specific to Plaintiffs' case pursuant to Rule 702 of the Federal Rules of Evidence.

### RETAINED EXPERT WITNESSES

1)     Bruce Alan Rosenzweig, MD (General) (adoption of previously served reports)
Rush University Professional Building
1725 West Harrison Street, Suite 358
Chicago, IL 60612

2)     Prof. Dr. med. Uwe Klinge (General) (adoption of previously served report)
KLINIK FÜR ALLGEMEIN-, VISZERAL- UND
TRANSPLANTATIONSCHIRURGIE
RWTH Aachen und Universitätsklinikum Aachen
Pauwelsstraße 30
D-52074 Aachen
Germany

3)   Vladimir Iakovlev, MD, FRCPC, FCAP (General)
     (adoption of previously served report)
     St. Michael's Hospital, Division of Pathology
     30 Bond Street, Cardinal Carter, Room 2-093
     Toronto, ON, M5B1W8
     CANADA

4)   Bobby Lewis Shull, MD (General) (adoption of previously served report)
     Scott & White Clinic and Hospital
     Department of Obstetrics and Gynecology
     2401 S. 31st Street
     Temple, Texas 76508

5)   Michael Thomas Margolis, MD, FACS, FACOG, FPMRS (Case specific)
     Bay Area Pelvic Surgery
     1820 Ogden Dr.
     Burlingame, California 94010

A General Designation and Disclosure has been or is being served by and on behalf of the wave 5 cases for general expert opinions. In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiffs reserve the right to elicit testimony, either through direct examination or cross-examination, of other of the general witnesses designated or identified by Plaintiffs. In no event, however, will Plaintiffs' retained experts at trial exceed five (5) experts without leave of Court for good cause shown. Plaintiffs further reserve the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

This 22nd day of May, 2017.