**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM  PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO: *All pending cases in the MDL* | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR AN ORDER AMENDING AND CLARIFYING
PRE TRIAL ORDERS GOVERNING WAVE DISCOVERY**

While Plaintiffs agree with that it would be helpful for this Court to clarify the effect of West Virginia Legal Ethics Opinion 2017-01 ("Opinion 2017-01"), Plaintiffs disagree with Defendants as to what the Opinion means for practice in this Court.  Defendants have asked this Court to sign off on an order that would directly contradict Opinion 2017-01, in that the proposed order would allow compensation to fact witnesses for time spent testifying at depositions and trials.  The Opinion expressly forbids such compensation.

After studying the issue, Plaintiffs agree with Defendants that this Court has the authority to issue an order governing all aspects of the MDL cases, so long as they remain in the MDL. But the Court should not exercise that jurisdiction by issuing an order that is contrary to West Virginia's ethical rules.  Instead, the Court should issue an order clarifying that fact witnesses, including treating physicians, **may not** be compensated for time testifying at depositions or trials associated with MDL cases.  Fact witnesses may be compensated at a reasonable rate for preparation time.

1

## BACKGROUND

Throughout this litigation, Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon")—as well as defendants in other mesh MDLs—have paid money to various plaintiffs' treating physicians, to compensate the physicians for deposition or trial testimony (usually depositions).

In the AMS litigation, Judge Eifert addressed a payment to one treating physician, but there were no ethics questions at issue. Thus, the issue now before this Court was not before Judge Eifert. *See generally In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2325, 2017 WL 1090029 (S.D. W. Va. Mar. 21, 2017). The motion before Judge Eifert was to compel a treating physician's deposition and to set a reasonable fee. *Id.* at *1. The Court noted the issue of whether Dr. Raz was entitled to more than the statutory witness fee of $40/day, but the Court did not rule on that issue. Judge Eifert wrote that she did not have to decide the question because AMS was willing to pay a "reasonable" fee. *Id.* at *2. Thus, the only issue she analyzed was what would constitute a "reasonable" fee. She concluded that $500/hour was reasonable, based on the practice in the MDL (Dr. Raz had requested $3,500/hour). *Id.* at *3. Judge Eifert did not address the rules of professional conduct in any way. *See generally id.*

On May 22, 2017—two months after Judge Eifert's order—the West Virginia Lawyer Disciplinary Board issued Opinion 2017-01, which is titled "Fact Witness Compensation."[1] After analyzing whether and how fact witnesses may be compensated, under the West Virginia ethical rules, the Disciplinary Board concluded:

> It is clear from West Virginia cases, West Virginia statute[s], and current Rule 3.4(b) that a fact witness cannot be paid a fee that is contingent upon the outcome of the case. However, an attorney in West Virginia can pay reasonable

---

[1] *See* Opinion 2017-01, attached as Exhibit A, at p. 1.

2

compensation to a fact witness for time spent preparing for testimony and being interviewed, **but not for testimony at a deposition or trial**.[2]

Ethicon then filed a motion asking this Court for an order stating that treating physicians—who are fact witnesses—may be compensated for their time in giving testimony at a deposition or trial. Ethicon further asked that this Court establish a *per se* rule that $500/hour is a reasonable rate of compensation for treating physicians giving testimony.[3]

## ARGUMENT

Ethicon's Motion, in the wake of Opinion 2017-01, essentially raises four questions for this Court—most of which have bright-line answers.

- Which ethical rules apply in this Court?

- Do those rules apply when the activity at issue is out of state?

- Assuming that it applies, what is the impact of Opinion 2017-01 on this litigation?

- And, how is "reasonable" compensation determined?

Each of these issues is addressed below.

**I.    The West Virginia and ABA Rules of Professional Conduct govern practice in this Court.**

The first question is easily answered, because the answer lies within this Court's Local Rules of Procedure. Rule 83.7 reads as follows:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

---

[2] Opinion 2017-01, Exhibit A, at p. 5 (emphasis added).

[3] Ethicon Motion at ¶¶ 6-7.

S.D. W. Va. Loc. R. 83.7. So, as a starting point for the analysis, the West Virginia Rules of Professional Conduct—and the official opinions interpreting those rules—govern the attorneys practicing in this Court, along with the ABA's Rules of Professional Conduct. Thus, all attorneys practicing in the MDL must comply with West Virginia Rule of Professional Conduct 3.4(b), which is the rule at issue in Ethicon's motion.

## II. This Court's ethical rules apply to all aspects of practice before this Court, even if an activity, such as a deposition, occurs out of the state.

The nature of this dispute raises an additional question about the reach of the ethical rules. Ethicon's motion largely concerns deposition testimony, and most deposition s in the MDL occur outside of West Virginia. This naturally raises the question of whether West Virginia's ethical rules or, say, Ohio's, apply to a deposition taken in Ohio for a case that remains a part of the MDL (i.e., has not been remanded).

The West Virginia rule states only that "a lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere." W. Va. R. Prof. Cond. 8.5. The ABA rule is more precise regarding choice of law. The rule directs courts that "(1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits [apply], unless the rules of the tribunal provide otherwise." ABA Model R. Prof. Cond. 8.5(b)(1). "This provision clarifies that the ethical rules of the state in which a tribunal sits will apply to conduct relating to matters pending before that tribunal." Cynthia L. Fountaine, *Have License, Will Travel: An Analysis of the New ABA Multijurisdictional Practice Rules*, WASH. U. LAW R., 737, 760 (Jan. 2003). So this Court's rules apply to all aspects of the cases pending before this Court, regardless of whether the attorneys are physically located in West Virginia.

4

### III.   The Disciplinary Board's Opinion clearly directs that attorneys practicing before the courts of West Virginia may not pay fact witnesses for the time that they spend testifying at depositions or trials.

Having established that the West Virginia Rules of Professional Conduct govern all aspects of practice before this Court, it is necessary to assess the impact of Opinion 2017-01. The Opinion analyzes Rule 3.4(b), which reads:

> A lawyer shall not … falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law.

W. Va. R. Prof. Cond. 3.4(b).  A comment to the rule clarifies that "[t]he common law rule in most jurisdictions, including West Virginia, is that it is improper to pay an occurrence witness any fee for testifying."  *Id.* at cmt. 3 (citing Syl. Pt. 3, *Comm. on Legal Ethics v. Sheatsley*, 452 S.E.2d 75 (1994)).

Based on the rule and the cases discussing the issue, the Disciplinary Board offered clear direction as to what the ethical rules require:

> It is clear from West Virginia cases, West Virginia statute[s], and current Rule 3.4(b) that a fact witness cannot be paid a fee that is contingent upon the outcome of the case.  However, an attorney in West Virginia can pay reasonable compensation to a fact witness for time spent preparing for testimony and being interviewed, **but not for testimony at a deposition or trial**.[4]

In addition, the Conclusion of Opinion 2017-01 states that "compensation to fact witnesses for their attendance at trial or a deposition beyond the statutory allowance is not permitted."[5]  This opinion is in line with West Virginia Code § 59-1-16, which places specific

---

[4] Opinion 2017-01, Exhibit A, at p. 5 (emphasis added).

[5] *Id.* at 7.  The West Virginia statutory allowance is 15 cents per mile plus an amount not more than $10 and not less than $20 per day for attendance at a trial or deposition.  *Id.* at 2.  The statutory allowance in federal court is $40/day, plus a variable mileage rate and other reasonable travel expenses.  28 U.S.C. § 1821(b) and (c).

5

limitations on compensation for attendance at depositions or trials, but not does place limitations on compensation for preparation time.  *See* W. Va. Code § 59-1-16.

Thus, the issue is straight-forward.  West Virginia's ethical rules govern all proceedings before this Court, and the West Virginia Disciplinary Board has interpreted Rule 3.4(b) to forbid the payment of fees to fact witnesses for deposition or trial testimony—other than the amounts allowed by W. Va. Code § 59-1-16.  This Court, therefore, should issue an order limiting compensation for fact witness's testimony to the statutory compensation.

Judge Eifert noted that federal courts in New York and Kansas have deemed treating physicians to be something more than ordinary fact witnesses, for purposes of compensation, contrary to decisions in several other jurisdictions.  *See In re AMS*, 2017 WL 1090029, at *2.  However, Defendants have not argued that treating physicians are something other than fact witnesses.  And, in the absence of any such provision for treating physicians in the West Virginia or federal compensation statutes, this Court should not create such an exception.  *See Zanowic v. Ashcroft*, No. 97 CIV. 5292 (JGK)(H, 2002 WL 826878, at *2 (S.D.N.Y. Apr. 30, 2002) (denying a treating physician a fee of more than $40 for testifying and stating that the "authority to make such a change most appropriately lies with the legislative branch").

Defendants' argument is simply that the Rule 3.4(b) only forbids an inducement prohibited by law, and that federal law does not prohibit compensation to treating physicians.[6] The problem with that argument is that the West Virginia Disciplinary Board has interpreted the meaning of Rule 3.4(b).  The Disciplinary Board held that, under Rule 3.4(b), fact witnesses may not be compensated for anything more than the statutory amount.[7]  The statutory amount in West

---

[6] Ethicon Motion at ¶ 4.

[7] Opinion 2017-01, Exhibit A, at p. 5.

6

Virginia is different from the statutory amount in federal court, but both statutes set a defined amount for fact testimony; there is no language allowing for additional compensation, and there is no language stating that physician fact witnesses have special status for that purpose.  *See* W. Va. Code § 59-1-16; 28 U.S.C. § 1821.  Thus, the Disciplinary Panel's interpretation of Rule 3.4(b) is just as applicable in federal court as it is in state court.  Ethicon essentially asks this Court to ignore the Disciplinary Panel's interpretation of Rule 3.4(b) and interpret the rule differently.  This Court should decline that invitation.

For these reasons, the Court should conclude that parties practicing before this Court cannot provide fact witnesses more than the statutory compensation for testimony at depositions or trials.

### IV.    As discussed by the Disciplinary Board, "reasonable" compensation for time spent preparing to testify should be determined on a case-by-case basis.

Because the Court should not allow payment over the statutory amount for deposition and trial testimony, it clearly follows that the Court should reject Ethicon's *per se* rule that $500/hour for such testimony is a reasonable rate.  However, the Disciplinary Board's Opinion does allow reasonable compensation to fact witnesses for time **preparing** for their testimony.[8]  Thus, the question remains whether this Court should establish a *per se* rule that $500/hour is a reasonable rate for preparation time.

While that rate may be reasonable in a given case, the Disciplinary Board's analysis rejects the imposition of any *per se* rule.  The Opinion states that "what is considered reasonable compensation to pay a fact witness depends on the facts and the situation, and such must be

---

[8] Opinion 2017-01, Exhibit A, at pp. 5-6.

evaluated in every case."[9]  One factor to be considered is the witness's lost income due to preparation time,[10] and of course such income will likely vary from witness to witness.  In its Conclusion, the Board reiterated that "[t]he determination of what is reasonable compensation must be made on a case by case basis."[11]

This Court should follow the Disciplinary Board's reasoning and decline to establish that any payment amount to fact witnesses, other than the statutory amount, is *per se* reasonable.

## CONCLUSION

For the reasons stated above, the Court should deny Ethicon's motion, except to the extent that it asks for clarity regarding counsel's ethical responsibilities.  The Court should hold that under West Virginia Rule of Professional Conduct 3.4(b) fact witnesses—including treating physicians—may only be compensated for testimony as dictated by statute.  The Court should further hold that such witnesses may receive "reasonable" compensation for time spent preparing to testify, but that their compensation must be determined on a case-by-case basis.

Dated: August 18, 2017

---

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.* at 7.

Respectfully submitted,

/s/Thomas P. Cartmell
Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esp.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com

/s/ D. Renee Baggett
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

**Attorneys for Plaintiffs**

9

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document on August 18, 2017, using the Court's

CM-ECF filing system, thereby sending notice of the filing to all counsel of record in this matter.


/s/Thomas P. Cartmell
**Attorney for Plaintiffs**