## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| **IN RE:  ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL No. 2327** |
| **THIS DOCUMENT RELATES TO ALL CASES** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AN ORDER AMENDING AND CLARIFYING PRE TRIAL ORDERS GOVERNING WAVE DISCOVERY

In their Response, Plaintiffs appear to blur the distinction between the *ethical rules* that govern in this MDL and the *procedural* rules that govern in this MDL, which are two separate matters.

Defendants do not dispute that attorneys in this MDL are bound by the West Virginia Rules of Professional Conduct, pursuant to Local Rule 83.7.  Nor do Defendants dispute that L.E.O. 2017-01 holds that *West Virginia* procedural law (specifically, W.V. Code § 59-1-16) bars fact witness compensation for deposition testimony.  However, West Virginia procedural law does not apply here:  Federal procedural law does, and nothing about L.E.O. 2017-01 impacts federal procedural law.  Rather, West Virginia Rule of Professional Conduct 3.4(b) *only* bars witness payments "when prohibited by law" and federal law does not prohibit the payments proposed here.  *See* W.V. R. of Prof'l Conduct 3.4(b).

Though Plaintiffs' response suggests that only Ethicon has compensated physicians for their time testifying, this is not true.  Plaintiffs too have compensated treating physicians for their time testifying in at least several hundred cases in this MDL.

1

## ARGUMENT

### I.     Defendants' proposed order is narrowly crafted and consistent with the law.

Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies federal procedural law and state substantive law.  *See also Hanna v. Plumer*, 380 U.S. 460, 473 (1965).

The issue of witness fee payments is plainly procedural, as it does not have any impact on the result of the litigation, and application of federal law would not encourage forum shopping or result in inequitable administration of the law.  *See Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428 (1996).  For this reason, it is widely recognized that witness fee payments are a matter of federal procedure.  *See, e.g., United States v. Levenite*, 277 F.3d 454, 462 (4th Cir. 2002) (characterizing witness fee arrangement in criminal case as "a structure of procedural safeguards"); *Est. of Crawley v. Kings County*, 1:13-CV-02042-LJO-SA, 2015 WL 2128310, at *7 (E.D. Cal. May 6, 2015) ("The reimbursement of witness fees is a procedural issue, and therefore federal law controls"); *In re Glacier Bay*, 746 F. Supp. 1379, 1394 (D. Alaska 1990) ("Since the rules regulating witness fees are more procedural than substantive, federal law, not state law, is applied in determining whether to allow expert witness fees"); *see also* Fed. R. Civ. P. 45(b) (addressing procedure for subpoenas, including payment of witness fees); Fed. R. Civ. P. 26 (addressing procedure for payment of expert witness fees).

This is the law, and it makes particular sense in the MDL context, where the substantive laws of states across the country apply, and depositions are being taken in venues throughout the country.

As Judge Eifert acknowledged, federal courts are split regarding whether the fee of $40 per day for attendance at depositions in U.S.C. § 1821 applies to treating physicians.  *See In re*

*Am. Med. Sys., Inc. Pelvic Repair Systems Prod. Liab. Litig.* (*Ordonez v. AMS, Inc*.), 2017 WL 1090029, at \*2 (S.D.W.Va. Mar. 21, 2017) (finding issue need not be decided because the parties agreed to a reasonable payment); *Yazdani v. Pan-Am. Life Ins. Co.*, No. Civ. S-02-1418, 2002 WL 32098288, at \*2 (D. Md. Nov. 25, 2002) (acknowledging split in authority and that "the Fourth Circuit does not appear to have spoken on the issue"). Notably, in this litigation, both Defendants *and* Plaintiffs have designated treating physicians as non-retained expert witnesses, thus acknowledging their unique status as beyond mere fact witnesses. *See also In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 616 (S.D.W. Va. 2013) (acknowledging treating physicians could provide expert opinions outside the scope of their treatment without providing reports where failure to provide report was substantially justified or harmless).[1] Of course, none of these decisions suggest the issue is governed by state law, and it would be impossible in many instances for a party to comply with both state and federal requirements simultaneously.

Defendants have proposed a narrow order consistent with the law which provides that unless prohibited by applicable substantive state law,[2] the parties may compensate treating physician witnesses who provide testimony in this MDL—including those in the State of West Virginia—at a reasonable rate.

## II. Defendants' proposed *per se* reasonable rate for this litigation is appropriate.

Where payment is permitted, Plaintiffs object to Defendants' proposal that the Court find a rate of $500 per hour for treating physicians' time is *per se* reasonable. On this issue, again Plaintiffs turn to L.E.O. 2017-01, which as described above, does not apply.

---

[1] Defendants note that even if West Virginia substantive law applied, L.E.O. 2017-01 does not address the question of whether a treating physician constitutes a fact witness subject to the opinion.

[2] Defendants cannot readily conceive of an instance in this litigation where this issue would be considered substantive, but have left open this possibility.

Ethicon acknowledges that in the typical single case, what is a "reasonable" rate would be determined by factors such as the particular witness's usual hourly rate. But in this litigation, which involves thousands of cases, making such an individualized inquiry in each case will certainly result in unnecessary disputes that would distract and delay the litigation. This Court has the authority to fashion rules promoting the just and efficient conduct of this litigation, and a *per se* rule would do that.

The rate of $500 is reasonable compensation for the treating physicians involved in this litigation. By way of example, in recent wave discovery cases, expert urogynecologists and urologists have charged $750 per hour for review of medical records and preparation of reports and $7500 per half day of deposition testimony and attorney consultations, including travel time (Dr. Blaivas); $700 per hour for investigation, study, and consultation (Dr. Elliott); $750 per hour for document review and preparation of reports and $1,500 per hour for depositions (Dr. Rosenzweig); and $600 per hour for time reviewing and preparing and $700 per hour for depositions (Dr. Pramudji and Dr. Kenton). In light of these rates, the rate of $500 per hour for treating physicians is reasonable. Further, nothing about a *per se* rule would prevent the parties in any given case from arguing that based on the circumstances of that case, the *per se* rate should not apply.

## CONCLUSION

For these reasons, Defendants request that their proposed order be entered.

Dated:  August 25, 2017

Respectfully submitted,

*/s/ Christy D. Jones*_____
Christy D. Jones

Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com


/s/ David B. Thomas

David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
dthomas@tcspllc.com


COUNSEL FOR DEFENDANTS
ETHICON, INC. AND
JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*
Christy D. Jones

37837825v1

6