**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC.,<br>PELVIC REPAIR SYSTEM PRODUCTS<br>LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO<br>ETHICON WAVE 5 MOTIONS | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION AND MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN GENERAL OPINIONS**
**OF JERRY BLAIVAS, M.D.**

## I.     INTRODUCTION

Now come Plaintiffs in response to Defendants' Ethicon, Inc., Ethicon LLC, and Johnson

& Johnson (collectively "Ethicon") Motion to Exclude Certain General Opinions of Jerry Blaivas,

M.D. ("Dr. Blaivas") (Doc. 4368) ("Ethicon Motion") filed with the Court August 15, 2017, along

with the Memorandum in Support (Doc. 4373) ("Ethicon Brief").[1]  Ethicon primarily adopts its

Wave 4 briefing in challenging the reliability and relevance of Dr. Blaivas's opinions, along with

his qualifications.  (Eth. Br., 1)(adopting and incorporating by reference Doc. 3589).  In addition,

Ethicon promulgates an additional challenge to Dr. Blaivas's opinions regarding the Prolift +M

device, implanted in Plaintiff Monica Reyes ("Ms. Reyes").  (*Id*. 1-2.)  Ethicon claims that Dr.

Blaivas's opinions pertinent to the Prolift +M device must be excluded because he has not

---

[1] Future citations to the Ethicon Brief will be in the form (Eth. Br., ___.)

submitted an expert report specific to the Prolift +M.  For reasons of the following, the Ethicon

Motion must be denied in full.  In support, Plaintiffs now bring the following:

**A.      PLAINTIFFS ADOPT AND INCORPORATE BY REFERENCE THEIR PREVIOUS BRIEFING IN WAVE 4 OF THIS LITIGATION.**

Plaintiffs filed Plaintiffs' Opposition to Defendants' Motion and Memorandum of Law in

Support of Its Motion to Exclude Certain General Opinions of [Dr. Blaivas] with the Court on

April 27, 2017 (Doc. 3758) ("Plaintiffs' Wave 4 Brief").[2]  Plaintiffs now adopt and incorporate by

reference, as though fully set forth herein, Plaintiffs' Wave 4 Brief in response to the Ethicon

Motion.  Dr. Blaivas's expert opinions are fully admissible for the reasons set forth in Plaintiffs'

Wave 4 Brief.

**B.      DR. BLAIVAS'S OPINIONS REGARDING THE PROLIFT +M DEVICE ARE ADMISSIBLE.**

In addition, Ethicon seeks to exclude Dr. Blaivas's Prolift +M opinions because he did not

submit a specific expert report about the device.  (Eth. Br., 1-2.)  Ethicon's arguments are

unavailing and Dr. Blaivas's opinions should be admitted in full.

As Ethicon is undoubtedly aware, Dr. Blaivas has submitted a number of reports pertinent

to Prolift devices, the most recent of which is dated January 17, 2017.[3]  This expert report is

addressed in Plaintiffs' Wave 4 Brief and Plaintiffs' arguments in support of Dr. Blaivas's Prolift

opinions are, therefore, incorporated by reference here.  (*Supra*. at Subpart A.)

Also in support, Plaintiffs argue that there is no reason to differentiate between the Prolift

+M and the other Prolift products about which Dr. Blaivas proffers his opinions in his previously-

submitted reports.  (See e.g. Ex. A.)  All Prolift devices--of whatever form-- are comprised of

---

[2] Future Citations to Plaintiffs' Wave 4 Brief will be in the form (Pl. Wave 4 Br., ___.).

[3] Dr. Blaivas's expert report of January 17, 2017 is attached hereto as Exhibit A.  Future citations to Exhibit A will be in the form (Ex. A, __.).

polypropylene mesh, which Dr. Blaivas considers to be a "hazardous material to use for vaginal prolapse repairs." (Ex. A, 3, 8-10) (See also Pl. Wave 4 Br., 16-17, 20-21.)  In a blatant attempt to favor form over substance, Ethicon now argues that Dr. Blaivas's opinions regarding the Prolift +M must be excluded because they are not the subject of an expert report.  However, it is clear that Dr. Blaivas has both submitted reports pertinent to all Prolift products (including the report attached hereto as Exhibit A) and has proffered testimony regarding why he thinks the Prolift devices are not safe.  (See Pl. Wave 4 Br., 16-17, 20-21.)  Such opinions are broad enough to include the Prolift + M device at issue now.  Dr. Blaivas's opinions should be admitted in full and the Ethicon Motion must be denied.

## II.     CONCLUSION

For the reasons of the foregoing, Dr. Blaivas's general opinions are reliable and should be admitted in full.

Respectfully submitted,

Date:   August 28, 2017          By:     /s/ Fidelma L. Fitzpatrick
                                         Fidelma L. Fitzpatrick
                                         Fred Thompson
                                         Motley Rice LLC
                                         321 South Main Street
                                         Providence, RI  02903
                                         Phone: (401) 457-7700
                                         Fax: (401) 457-7708
                                         ffitzpatrick@motleyrice.com
                                         *Co-Lead Counsel MDL 2325*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, I electronically filed the foregoing document

with the Clerk of the court using CM/ECF system which will send notification of such filing to

the CM/ECF participants registered to receive service in this MDL.

/s/Fidelma L. Fitzpatrick
Fidelma L. Fitzpatrick
Fred Thompson
Motley Rice LLC
321 South Main Street
Providence, RI  02903
Phone: (401) 457-7700
Fax: (401) 457-7708
ffitzpatrick@motleyrice.com
*Co-Lead Counsel MDL 2325*
