IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br>WAVE 5 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO COMPEL DISCOVERY
### OR, IN THE ALTERNATIVE, TO EXCLUDE CERTAIN OPINION TESTIMONY

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"), by counsel, hereby move pursuant to Rules 26, 30, 34, and 37 of the Federal Rules of Civil Procedure to compel production of certain documents, data and other information that were the subject of the deposition of Scott A. Guelcher, Ph.D., on August 17, 2017.

### BACKGROUND

Scott Guelcher, Ph.D. ("Dr. Guelcher") has been retained by Plaintiffs as an expert witness in Wave 5 cases. *See* Ex. A, Expert Witness Disclosure. Following motion practice and a hearing before this Court on August 9, 2017, Ethicon deposed Dr. Guelcher on August 17, 2017 regarding his opinions offered in Wave 5.

As a part of its Second Amended Notice of Deposition, filed on August 14, 2017 [ECF No. 4323], Ethicon requested that Dr. Guelcher bring with him to the deposition certain documents pertaining to a 2017 study (Talley, *et al.*, "Oxidation and degradation of polypropylene transvaginal mesh," J. Biomater. Sci., Polymer Ed. (2017)), which forms the basis of certain of his opinions and was the focus of the deposition. *See* Ex. B, Second Amended

Notice of Deposition of Dr. Scott A. Guelcher [ECF No. 4323]. Specifically, Document Request No. 1 is set forth below in its entirety:

> **Document Request No. 1:** All Documents and Communications (including but not limited to (i) protocols, (ii) interim and final results, (iii) raw data, (iv) supplemental data, (v) reports of adverse events, (vi) informed consents, (vii) investigator brochures, (viii) publications and submissions, (ix) materials and minutes for any study meeting, (x) information regarding specimens and materials, and (xi) communications with co-authors, patients, health authorities, sponsors, investigators, or institutional review boards) relating to A.D. Talley, B.R. Robers, V. Iakovlev, R.F. Dunn, and S.A. Guelcher, *Oxidation and Degradation of Polypropylene Transvaginal Mesh*, J. of Biomaterials Sci: Polymer Ed. (2017).

*Id.*

On August 15, 2017, Plaintiffs served Responses and Objections to Defendants' Second Amended Notice of Deposition of Dr. Scott A. Guelcher [ECF No. 4370] ("Pls.' Resp. and Obj."), including the following response to Document Request No. 1:

> **Response:** Plaintiffs object to this Request on the grounds that it is overly broad. Plaintiffs also object to the request as being beyond the scope of F.R.C.P. 26. Notwithstanding these objections, a copy of the final version of the requested article will be produced.

*See* Ex. C, Pls.' Resp. and Obj.

As set forth more fully herein, the information sought in Document Request No. 1 is relevant, discoverable and within the scope of Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs' stated objections are invalid and insufficient under both the Local and Federal Rules of Civil Procedure. Ethicon is prejudiced by Plaintiffs' failure to produce the information requested in Document Request No. 1, and Plaintiffs have not demonstrated—and Dr. Guelcher's own sworn testimony demonstrates that Plaintiffs cannot demonstrate—that producing the requested information is improper or would subject Plaintiffs to undue burden or expense.

As such, Ethicon respectfully requests this Court to enter an order compelling Dr. Guelcher and Plaintiffs to produce the information and documents sought in Document Request No. 1, or, in the alternative, that Dr. Guelcher be precluded from offering any opinions or testimony based upon or pertaining to the 2017 Talley study.

## ARGUMENT

Rule 37(a) of the Federal Rules of Civil Procedure provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Rule 37 also provides that a Court may enter an order precluding a party from introducing certain matters into evidence as a sanction for failure to respond to a properly served request for production or to meet the expert disclosure requirements of Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1) and 37(d)(3).

Pursuant to Rule 37(a)(1) and Local Rule 37.1(b), counsel for Ethicon hereby certifies that it has, in good faith, attempted to confer with counsel for Plaintiffs in an effort to resolve this dispute without court action. Indeed, counsel for Ethicon confronted this issue in advance of the deposition; specifically reminding Plaintiffs that Ethicon wanted the underlying data. *See* Ex. E, Email Correspondence with Plaintiffs' Counsel. Neither Dr. Guelcher nor Plaintiffs produced the data. *See* Ex. F, Plaintiffs' Production.

### A. Plaintiffs Should Be Ordered to Produce the Documents Requested in Ethicon's Second Amended Notice of Deposition.

In response to Ethicon's Document Request No. 1, Plaintiffs offer two boilerplate objections: (1) Plaintiffs "object to the request as being beyond the scope of F.R.C.P. 26[;]" and (2) "Plaintiffs object to this Request on the grounds that it is overly broad." *See* Ex. C, Pls.' Resp. and Obj. at 3. However, neither of these stated objections are valid under either the Local

Rules of Civil Procedure or the Federal Rules of Civil Procedure, and Plaintiffs must produce the requested documents.

### a. Document Request No. 1 falls within the scope of Rule 26 of the Federal Rules of Civil Procedure.

As an initial matter, Plaintiffs' claim that Ethicon's document request exceeds the scope of Rule 26 is clearly without merit. Specifically, Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Additionally, with respect to retained expert witnesses who must provide a written report pursuant to Rule 26(a)(2)(B), such as Dr. Guelcher, the expert report must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) **the facts and data considered by the witness in forming them**; [and] (iii) any exhibits that will be used to summarize or support them[.]" Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

Here, Dr. Guelcher seeks to offer certain opinions in his expert report and through his deposition testimony that are based upon the 2017 Talley study and its underlying data. *See generally* Ex. G, Expert Report of Scott A. Guelcher, Ph.D. ("Guelcher Report") at 11-12. Ethicon's request seeks production of the very documents and data upon which Dr. Guelcher relies in forming the opinions he intends to offer in this litigation. As such, the requested documents are indisputably relevant to Plaintiffs' claims under Rule 26(b), and such documents must also be produced to satisfy the expert report requirements set forth in Rule 26(a)(2)(B).

Although the scope of Rule 26(b) is subject to considerations regarding the "parties' relative access to relevant information," as well as the "burden or expense of the proposed discovery[,]" *see* Fed. R. Civ. P. at 26(b)(1), Plaintiffs have made no showing, nor have they even argued, that such considerations weigh against production of the documents requested by Ethicon. *See*, Ex. C, Pls.' Resp. and Obj. at 3. Indeed, Dr. Guelcher has access to all of the

4

requested documents and underlying data for the Talley study, and he testified, under oath, that he could have obtained all of the requested data prior to his deposition, but did not even attempt to do so. *See* Ex. D, Guelcher 8/17/17 Dep. 17:9-20:8. *See also* 86:17-87:12.

As such, the documents requested by Ethicon clearly fall within the scope of Rule 26, Plaintiffs and Dr. Guelcher have access to the requested documents, and this Court should enter an order compelling production of the documents requested in Document Request No. 1.

### b. Plaintiffs' objection to Document Request No. 1 on the basis that the request is "overly broad" is invalid and without merit.

Plaintiffs also argue, without explanation or justification, that Document Request No. 1 is "overly broad." *See* Ex. C, Pls.' Resp. and Obj. at 3. This objection is also without merit, and is invalid under the Local and Federal Rules of Civil Procedure. Rule 34 provides that a "party may serve on any other party a request within the scope of Rule 26(b)." [1] Fed. R. Civ. P. 34(a). In responding to a request for production under Rule 34, any objection must "state with **specificity** the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Similarly, Local Rule 34.1 provides that "[w]hen an objection is made to any document request or sub-part, it shall state **with specificity** all grounds for the objection." L. R. Civ. P. 34.1 (emphasis added).

"In determining whether a request is overly broad," the "objecting party has the burden to show why the discovery is improper." *Clere v. GC Services, L.P.*, 2011 WL 2181176, at *5 (S.D. W.Va. June 3, 2011) (internal citation omitted). Any objection on the basis that the requested discovery is "unduly burdensome or overly broad must contain a factual basis for the claim (i.e., time it would take to collect the evidence requested or exorbitant costs of retrieving

---

[1] As set forth more fully above, Document Request No. 1 clearly falls within the scope of Rule 26(b).

5

the information requested)." *Id*. (internal citation omitted). "There is abundant caselaw to the effect that boilerplate objections to Rule 34 document requests are inappropriate[]" and are "widely rejected." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 528 (S.D. W. Va. 2007) (concluding that objections claiming that requests were "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence" constituted "boilerplate objections" that were "not acceptable."); *see also King v. Cantrail*, 2014 WL 651947, at *5 (S.D. W.Va. Feb. 19, 2014) ("Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Smith v. Bayer Material Science, LLC*, 2013 WL 3153467, at *1 (N.D. W. Va. June 19, 2013) (recognizing that "generalized, boilerplate objections that regurgitate the language from Rule 26 —irrelevant, overly broad, and unduly burdensome—are highly disfavored and will usually result in a waiver of the objection.").

Plaintiffs' conclusory, boilerplate objection, claiming that Document Request No. 1 is "overly broad[,]" lacks the specificity required by the Local and Federal Rules of Civil Procedure. Document Request No. 1 clearly and unambiguously requests documents and underlying data pertaining to one specific study that was co-authored by Dr. Guelcher and upon which he relied, in part, in forming the opinions he seeks to offer in this litigation. Plaintiffs make no effort to provide a specific factual basis for the claim that Document Request No. 1 is "overly broad."

As such, Plaintiffs' stated objection is inappropriate and invalid, and this Court should enter an order compelling Plaintiffs to provide a complete response and serve any documents responsive to Document Request No. 1.

> **c. Ethicon is prejudiced by Plaintiffs' refusal to produce the documents and underlying data responsive to Document Request No. 1.**

Ethicon is prejudiced by Plaintiffs' refusal to produce the requested documents and underlying data. Ethicon will file a *Daubert* motion to exclude certain of Dr. Guelcher's opinions, including his opinions based upon the 2017 Talley study. The underlying data responsive to Document Request No. 1 is critical to Ethicon's ability to test the reliability of Dr. Guelcher's opinions and methodology. Production of the requested information is also necessary to permit Ethicon to fully depose and cross-examine Dr. Guelcher regarding such opinions and methodology, especially in light of Dr. Guelcher's inability to answer questions during his deposition regarding the underlying data upon which he relied in forming his opinions. *See* Ex. D, Guelcher 8/17/17 Dep. 44:2-18; 44:25-48:17; 60:4-61:1; 62:5-63:1.

As such, Plaintiffs should be compelled to produce the documents responsive to Document Request No. 1. Additionally, following production of the requested information, Ethicon requests that the Court require Dr. Guelcher to sit for further deposition to explore the contents of the produced information.

### B. Alternatively, Dr. Guelcher Should Be Precluded from Offering Any Testimony or Opinions Regarding or Based Upon the 2017 Talley Study.

As set forth more fully above, production of the documents responsive to Document Request No. 1 is required under Rules 26 and 34 of the Federal Rules of Civil Procedure. Rule 37(d)(1)(A) provides that a court may order sanctions if a party fails to respond to a request for production under Rule 34. Available sanctions include, but are not limited to, an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" *See* Fed. R. Civ. P 37(b)(2)(A)(i)-(vi) and 37(d)(3); *see also Richmond v. General Nutrition Centers Inc.*, 2012 WL 762307, at *5 (S.D.N.Y. March 9, 2012) (holding that the Court would preclude plaintiff from introducing

evidence requested by defendants in discovery that plaintiff did not produce unless the plaintiff could establish that failure to produce was harmless or substantially justified).

Further, Rule 37(c)(1) provides, in pertinent part, that if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As the Fourth Circuit has held,

> [t]he Federal Rules impose an 'automatic sanction' of exclusion of a party's expert witness for failure to adhere to the expert witness requirements as set forth in Rule 26(a). *See Southern States*, 318 F.3d at 592 n. 2 ("The Rule 37(c) advisory committee notes emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.") (internal quotation marks and citation omitted).

*Campbell v. U.S.*, 470 Fed.Appex. 153, 156 (4th Cir. 2012).

Plaintiffs' invalid and unacceptable boilerplate objections constitute an "evasive or incomplete" response, and, pursuant to Rule 37(a)(4), such response "must be treated as a failure" to respond to a proper request for production. Fed. R. Civ. P. 37(a)(4). Plaintiffs' failure to produce the requested documents also constitutes a failure to provide the information required under Rule 26(a). Additionally, for the reasons set forth herein, Plaintiffs' failure to produce the documents and underlying data responsive to Document Request No. 1, upon which Dr. Guelcher relied in forming the opinions he seeks to offer in this litigation, is not harmless or justified.

As such, if this Court does not order Plaintiffs to produce the requested discovery, Ethicon respectfully requests that this Court enter an order pursuant to Rule 37 precluding Dr. Guelcher from offering any opinions or testimony regarding the 2017 Talley study and/or related to the documents responsive to Document Request No. 1.

Respectfully submitted,

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
dthomas@tcspllc.com

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
601.985.4523
christy.jones@butlersnow.com
(601) 985-4523

COUNSEL FOR DEFENDANTS ETHICON, INC.
AND JOHNSON & JOHNSON

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>WAVE 5 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800