IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
| THIS DOCUMENT RELATES TO:<br><br>WAVE 5 CASE LISTED IN EXHIBIT A TO DEFENDANTS' MOTION | |

**REPLY IN SUPPORT OF MOTION TO EXCLUDE AND ADOPTION OF PRIOR MOTIONS TO EXCLUDE GENERAL-CAUSATION OPINION TESTIMONY OF ROBERT D. MOORE, D.O.**

Defendants Ethicon, Inc. and Johnson & Johnson (Ethicon) moved to exclude certain opinions of Robert D. Moore, D.O. in Wave 5, adopting Ethicon's Wave 1 motion and supporting memorandum, which this Court ruled on last September. Ethicon also raised supplemental challenges based upon this Court's more recent rulings under Rule 702, Rule 403, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). These include challenges to Dr. Moore's opinions about what information should be included in the IFU and his opinion that the inside-out surgical technique is a design defect.

Plaintiffs do not oppose Ethicon's additional challenges on substantive grounds. Instead, they assert that Ethicon is procedurally barred from raising these challenges because Dr. Moore has not offered an additional or supplemental expert report or been re-deposed on his general opinions. Pls.' Opp'n (Dkt. 4506) at 3. Plaintiffs are incorrect. Nothing in the Court's Docket Control Orders requires Ethicon to adopt its Wave 1 motion without modification, regardless of

the Court's subsequent rulings clarifying the law applicable to these cases. Accordingly, Ethicon requests that the Court continue to exclude and/or reserve ruling on Dr. Moore's opinions consistent with its Wave 1 ruling and that the Court also exclude his testimony regarding the adequacy of the IFU and the inside-out surgical technique consistent with its more recent rulings.

## ARGUMENTS AND AUTHORITIES

I.  **Ethicon may bring supplemental challenges to Dr. Moore's testimony grounded on the Court's recent *Daubert*-related rulings.**

While Ethicon adopted its Wave 1 motion and supporting memorandum in Waves 2 and 3 without modification, there is nothing in this Court's Docket Control Orders that bars Ethicon from making additional arguments to address the import of the Court's later rulings on the admissibility of Dr. Moore's opinions. *See* Pretrial Orders Nos. 192 (Dkt. 1667), 206 (Dkt. 1790), 210 (Dkt. 1824), and 248 (Dkt. 3398).

As Ethicon explained in its Wave 5 Memorandum, the Court has ruled that a urogynecologist must possess additional expertise to offer expert testimony about what information should or should not be included in an IFU. Defs.' Mem. (Dkt. 4343) at 3. Dr. Moore's opinion that the TVT-O IFU was inadequate because it did not include information about certain risks should be excluded not only for the reasons explained in Ethicon's Wave 1 motion and supporting memorandum, but also because he does not possess the additional expertise the Court has now made clear is required. *Id*.

Similarly, Dr. Moore's opinions regarding the inside-out surgical technique should be excluded as irrelevant under the Court's recent rulings. *Id*. at 4. While the Court reserved judgment on the admissibility of these opinions in ruling on Ethicon's Wave 1 motion, it has since ruled that opinion testimony regarding alternative procedures or surgeries is not relevant to the design-defect inquiry. *Id*. Dr. Moore's opinions on this topic should therefore be excluded for

this reason as well as for the reasons Ethicon laid out in its Wave 1 motion and supporting memorandum. Nothing in the Court's Docket Control Orders prohibits Ethicon from applying the reasoning of the Court's *Daubert*-related rulings to raise new challenges to Dr. Moore's opinions.

## II. Ethicon's motion does not ask the Court to reconsider its past rulings.

Contrary to Plaintiffs' assertion, Ethicon's motion is not a motion for reconsideration of the Court's ruling granting in part, denying in part, and reserving in part Ethicon's Wave 1 motion to exclude Dr. Moore's general-causation testimony, or of its rulings in Waves 2 and 3 adopting its Wave 1 ruling. Ethicon's motion plainly states that it applies only to the case of Lynne Scuderi, the sole Wave 5 plaintiff who designated Dr. Moore as a general-causation expert. Ethicon has not requested that the Court revise its prior rulings on the admissibility of Dr. Moore's testimony. Ethicon instead asks that the Court continue to apply those rulings in Wave 5 and also consider the new challenges Ethicon raises and apply the reasoning of the Court's later rulings to Dr. Moore's opinions.

## III. Ethicon raises supplemental arguments regarding Dr. Moore's testimony that merit the Court's consideration.

Plaintiffs also inexplicably assert that Ethicon's additional arguments are "identical" to or "verbatim recitation[s]" of the arguments Ethicon made in its Wave 1 memorandum. Pls.' Opp'n (Dkt. 4506) at 3–4. Even if this were a valid objection—and it is not—Plaintiffs are wrong.

Ethicon moved the Court in Wave 1 to exclude Dr. Moore's IFU-related opinion on the grounds that his opinion is a legal conclusion and is based on an unreliable methodology; in Wave 5, Ethicon asks the Court to consider the supplemental grounds that Dr. Moore lacks the necessary additional expertise to offer his opinion that the IFU is inadequate. *Compare* Defs.' Mem. (Dkt. 2120), *with* Defs.' Mem. (Dkt. 4343). With respect to Dr. Moore's opinion regarding

3

the inside-out surgical technique, Ethicon notes that the Court reserved judgment on this issue in Wave 1, but has since rejected plaintiffs' attempts to equate a surgical procedure with a product's design; Ethicon requests that the Court exclude Dr. Moore's opinion because the Court's reasoning applies equally here. Defs.' Mem. (Dkt. 4343) at 4.

These are valid supplemental arguments grounded on the Court's rulings post-dating its Wave 1 ruling on the admissibility of Dr. Moore's testimony. The Court should consider them.

## CONCLUSION

For these reasons, Ethicon asks this Court to grant its Motion to Exclude the General-Causation Testimony of Robert D. Moore, D.O., consistent with the arguments raised in its earlier Wave briefing and the supplemental arguments raised here.

Respectfully submitted,

ETHICON, INC. and
JOHNSON & JOHNSON

*s/ Rita A. Maimbourg*
Rita A. Maimbourg
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5002
rita.maimbourg@tuckerellis.com

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
THOMAS COMBS & SPANN PLLC
300 Summers St.
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
Telephone: 304.414.1807
dthomas@tcspllc.com

*/s/ Christy D. Jones*
Christy D. Jones
BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone:   601.985.4523
christy.jones@butlersnow.com

## CERTIFICATE OF SERVICE

I certify that on September 5, 2017, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

                                                */s/ Rita A. Maimbourg*
                                                Rita A. Maimbourg
                                                TUCKER ELLIS LLP
                                                950 Main Avenue, Suite 1100
                                                Cleveland, OH 44113-7213
                                                Telephone:   216.592.5000
                                                Facsimile:   216.592.5002
                                                rita.maimbourg@tuckerellis.com

012177\004186\3413628.1