

**MENU** ☐

HOME    ABOUT    AWARDS    CONTACT

Search…  ☐

# Drug & Device Law

The definitive source for intelligent commentary on the law that matters for drug and device cases

Home » On Alternative Design, Take Two – Negligence

# On Alternative Design, Take Two – Negligence



By Bexis on February 27, 2017

POSTED IN DESIGN DEFECT

Back in 2013, inspired by a win of our own that we were actually allowed to blog about, we put up a post entitled "On Alternative Design." Taking the alternative design requirement for strict liability as a given, we concentrated in that post on the proposition that an "alternative" design must really constitute a different design for the same product, and not a disguised "stop selling" or "never start selling" claim where the only

"alternative" is a different product or, worse, a completely different medical procedure not utilizing that sort of product at all.

Since then, we've written about alternative designs several other times, but never comprehensively.

Today, we're doing something a little different. We're examining whether an alternative design is also an element of a design-related claim sounding in negligence.  As the rest of this post demonstrates, the overwhelming weight of nationwide precedent established that **negligent** design claims require the plaintiff to establish the existence of a feasible alternative design the would have prevented the plaintiff's injuries.

We touched upon the alternative design issue somewhat in our post excoriating the Pennsylvania Supreme Court's bizarre opinion in *Lance v. Wyeth*, 85 A.3d 434 (Pa. 2014). *Lance* put the rabbit in the hat and held, for a product allegedly:  (1) "too dangerous to be used by anyone," and (2) that had been removed from the market by the FDA, a negligent design case could be stated even though the plaintiff didn't even attempt to prove an alternative design. *Id.* at 458-60.  What *Lance* adopted, of course, was a pure "stop selling" claim of the sort preempted under *Mutual Pharmaceutical Co. v. Bartlett*, 133 S.Ct. 2466 (2013).  "[W]e are convinced that a manufacturer or supplier has a duty to cease further distribution of a product . . . [that] is too dangerous to be used by anyone." *Lance*, 85 A.3d at 460.

Generally, in **Pennsylvania**, negligent design cases have required proof of alternative designs, except in the limited *Lance* recalled product situation.  "The determination of whether a product was negligently designed turns on whether an alternative, **feasible**, safer design would have lessened or eliminated the injury plaintiff suffered."  *Berrier v. Simplicity Manufacturing, Inc.*, 563 F.3d 38, 64 (3d Cir. 2009) (emphasis original). *See*, *e.g.*, *Kosmack v. Jones*, 807 A.2d 927, 931 (Pa. Commw. 2002) ("a plaintiff bears the burden of establishing that there is an alternative design" in negligent design defect cases); *Smith v. Yamaha Motor Corp.*, 5 A.3d 314, 322-23 (Pa. Super. 2010) (requiring proof of alternative design for all-terrain vehicle).

*Bartlett* – which *Lance* never even mentioned – stated, first that the concept of redesigning a drug didn't make much sense.  Drugs are "simple" molecules that are "chemically incapable of being redesigned," and furthermore a redesigned drug would create "a new drug that would require its own NDA to be marketed in interstate commerce."  133 S. Ct. at 2475.  Second, *Bartlett* held that claims, as in *Lance*, that rely on some state-law "duty" of manufacturers to stop selling products that the FDA has said can be marketed are preempted.  States can't say "no" where the FDA says "yes":

> **We reject this "stop-selling" rationale as incompatible with our pre-emption jurisprudence. Our pre-emption cases presume that an actor seeking to satisfy both his federal- and state-law obligations is not required to cease acting altogether in order to avoid liability.**

*Id.* at 2477.

So far, *Lance* hasn't been followed outside of Pennsylvania. *See Tersigni v. Wyeth-Ayerst Pharmaceuticals, Inc.*, 2014 WL 7464759, at *1 (D. Mass. June 25, 2014).  Even in Pennsylvania, it hasn't been read as creating some general duty to recall previously sold products. *See Talarico v. Skyjack, Inc.*, 191 F. Supp.3d 394, 400-01 (M.D. Pa. 2016) (rejecting *Lance*-based duty-to-recall argument).  Similarly, where (unlike *Lance*) a drug has not been removed from the market, "the determination of whether a product was negligently designed turns on whether an alternative, feasible, safer design would have lessened or eliminated the injury plaintiff suffered." *Salvio v. Amgen*, Inc., 810 F. Supp.2d 745, 754 (W.D. Pa. 2011). *Accord Salvio v. Amgen Inc.*, 2012 WL 517446, at *7 (W.D. Pa. Feb. 15, 2012).

Alternative design as an essential element of negligent design claims appears to be the general rule around the country in prescription medical

product cases. Numerous drug/device decisions require that plaintiffs must plead and prove a feasible alternative design to prevail on a negligent design claim.  There are a bunch of cases from **New York**. *Fane v. Zimmer, Inc.*, 927 F.2d 124, 130-31 (2d Cir. 1991) (affirming judgment granting directed verdict in favor of defendant on negligent design claim where plaintiff failed to set forth evidence of alternative designs) (applying New York law); *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 622-23 (S.D.N.Y. 2012) (granting motion to dismiss strict liability and negligent design defect claim because plaintiff failed to plead that defendant feasibly could have designed drug more safely); *Steinman v. Spinal Concepts, Inc.*, 2011 WL 4442836, at *8 (W.D.N.Y. Sept. 22, 2011) ("no evidence of a feasible, alternative design" fatal to negligence as well as strict liability claims); *Benner v. Becton Dickinson & Co.*, 214 F.R.D. 157, 167 (S.D.N.Y. 2003) ("under New York law, a plaintiff must be able to show that it was feasible to design the product in a safer manner before the trier of fact can find that a product is not reasonably safe"); *Sita v. Danek Medical, Inc.*, 43 F. Supp. 2d 245, 257 (E.D.N.Y. 1999) (that the product "feasibly could have been designed more safely" is an "essential element of a negligence . . . design defect claim under New York law"; summary judgment granted); *Ellis v. Cardiac Pacemakers, Inc.*, 1998 WL 401682, at *5 (W.D.N.Y. July 17, 1998) (applying New York law); *Jones v. Lederle Laboratories*, 785 F. Supp. 1123, 1125-26 (E.D.N.Y. 1992), *aff'd*, 982 F.2d 63 (2d Cir. 1992); *Militrano v. Lederle Laboratories*, 769 N.Y.S.2d 839, 850, 852 (N.Y. Sup. 2003) ("In the absence of a viable alternative . . . plaintiff's strict liability design defect claim must fail"; "plaintiff's negligent design defect claim . . . must be dismissed for the same reasons as the strict liability claim"), *aff'd*, 810 N.Y.S.2d 506 (N.Y.A.D. 2006).  In *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571 (E.D.N.Y. 2012), the court dismissed both negligence and strict liability design claims under New York and **West Virginia** law – for this same reason:

> **Plaintiffs' design defect claim also fails for an additional reason. Plaintiffs do not plead facts alleging the existence of a feasible alternative design that would**

## make the product safer, as is required to establish a design defect, under either New York or West Virginia law

*Id.* at 578 (citations omitted).

We're also aware of courts dismissing negligent design claims for lack of alternative designs in prescription medical product cases under the following states' laws: ***Arkansas*** – *Pulice v. Smith & Nephew Richards, Inc.*, 1999 WL 613370, at *7 (W.D. Ark. March 29, 1999) (summary judgment granted against negligent design claim; plaintiff "has the burden of proving the existence of a defect by showing that a safer alternative design actually exists"); ***Florida*** – *Drury v. Cardiac Pacemakers, Inc.*, 2003 WL 23319650, at *4 (M.D. Fla. June 3, 2003) (lack of proof that "a safer alternative design could have been developed" fatal to negligent design claim); ***Georgia*** – *Wheat v. Sofamor, S.N.C.*, 46 F. Supp.2d 1351, 1361-62 (N.D. Ga. 1999) (applying Georgia law) (on "[t]he question of a negligent or defective design . . . the trier of fact considers the availability of an alternative safer design") ; *Jones v. Sofamor S.N.C.*, 1999 WL 1062103, at *5 (N.D. Ga. April 29, 1999) (same); ***Idaho*** – *Toner v. Lederle Laboratories*, 732 P.2d 297, 310-11 (Idaho 1987) ("negligence law" considers "the extent to which the benefit accrues, and the availability of a feasible alternative design"); ***Illinois*** – *Muller v. Synthes Corp.*, 2002 WL 460827, at *7 (N.D. Ill. March 26, 2002) ("where plaintiff claims negligent manufacture based on defective design, she must establish . . . an alternative design which is economical, practical and effective"); ***Louisiana*** – *Gomez v. St. Jude Medical Daig Division, Inc.*, 442 F.3d 919, 930 (5th Cir. 2006) (that "there existed an alternative design for the product" is an element of both "defective design and negligent design causes of action"); ***Massachusetts*** – *Tersigni v. Wyeth*, 817 F.3d 364, 368 (1st Cir. 2016) (even if Massachusetts would ever recognize negligent design in the context of prescription medical products; plaintiff's "inability to proffer evidence of a reasonable alternative design" doomed the claim); *Laspesa v. Arrow International, Inc.*, 2009 WL 5217030, at *5 (D. Mass. Dec. 23, 2009) ("[c]laims for design defect generally must be accompanied by evidence of the feasibility of an alternative design"); ***Michigan*** – *Gillett v. Sofamor,*

*S.N.C.*, 2001 WL 1135304, at *3-6 (E.D. Mich. Sept. 13, 2001) ("[a] negligence claim for a defective design theory looks at the manufacturer's conduct"; [i]n determining the reasonableness of the manufacturer's conduct, a risk-utility balancing test is utilized to consider alternative safer designs"); **Minnesota** − *Kruszka v. Novartis Pharmaceuticals Corp.*, 19 F. Supp.3d 875, 896 (D. Minn. 2014) (negligent design claim fails where only a different dose, rather than "alternative, feasible design," asserted by plaintiff); **Mississippi** − *Young v. Bristol-Myers Squibb Co.*, 2017 WL 706320, at *10- (N.D. Miss. Feb. 22, 2017) (statutory claim subsuming negligence dismissed for failure to plead alternative design); **North Carolina** − *Sparks v. Oxy-Health, LLC*, 134 F. Supp.3d 961, 987-988 (E.D.N.C. 2015) (discussing North Carolina alternative design requirement in negligence); *Thrope v. Davol, Inc.*, 2011 WL 470613, at *26 (D.R.I. Feb. 4, 2011) (same); *Padgett v. Synthes, Ltd. (U.S.A.)*, 677 F. Supp. 1329, 1335 (W.D.N.C. 1988) (granting directed verdict where there was "no competent evidence" of alternative design), *aff'd*, 872 F.2d 418 (4th Cir. 1989); **Ohio** – *Ackley v. Wyeth Laboratories, Inc.*, 919 F.2d 397, 403 (6th Cir. 1990) (rejecting plaintiff's theory that "allege[d] negligence unrelated to the existence of safer alternative designs"); *Hutchens v. Abbott Laboratories, Inc.*, 2016 WL 5661582, at *4 (N.D. Ohio Sept. 30, 2016) (absence of alternative design requires summary judgment against "negligent design" claim); *Monroe v. Novartis Pharmaceuticals Corp.*, 29 F. Supp.3d 1115, 1124 (S.D. Ohio 2014) (summary judgment granted where "no expert . . . will provide the necessary testimony establishing a feasible alternative design"); *Najib v. Meridian Medical Technologies, Inc.*, 2005 WL 1077595, at *5 (S.D. Ohio April 25, 2005) (summary judgment granted against a "common law action for negligent design" where plaintiff's expert "could not comment on alternative safety design measures"), *aff'd in pertinent part, rev'd in part on other grounds* 179 F. Appx. 257 (6th Cir. 2006) (applying Ohio law); **Texas** – *Brockert v. Wyeth Pharmaceuticals, Inc.*, 287 S.W.3d 760, 771 (Tex. App. 2009) ("failure to raise a fact issue concerning a safer alternative design disposes of all of [plaintiff's] design-defect claims, including her negligent-design-defect claim"); *Morgan v. Medtronic, Inc.*, 172 F. Supp.3d 959, 969 (S.D. Tex. 2016) (negligence claim "requires proof of a safer alternative design"); *Steele v. Johnson & Johnson,* 2015 WL 6446576, at *3 (N.D. Tex. Oct. 23, 2015) (summary

judgment granted against negligent design case where plaintiff had no evidence of alternative design); *Rodriguez v. Gilead Sciences, Inc.*, 2015 WL 236621, at *3 (S.D. Tex. Jan. 16, 2015) (dismissing negligent design claim for failure to plead alternative design); **Tennessee** − *Fulton v. Pfizer Hospital Products Group, Inc.*, 872 S.W.2d 908, 911 (Tenn. App. 1993) (statutory "product liability action" includes negligence; plaintiff cannot prevail where "[n]o proof was offered that the product should have been made a different way or by using a different material"); **Utah** – *Tingey v. Radionics*, 193 F. Appx. 747, 756 (10th Cir. 2006) (negligent design claim against medical device possible where plaintiff "has made a sufficient showing of the practicality of a safer design").

There is very little contrary precedent. **Nebraska** is an odd duck in that it generally does not require alternative designs in negligent design cases. *See Rahmig v. Mosley Machinery Co.*, 412 N.W.2d 56, 82 (Neb. 1987). But with respect to prescription medical products, Nebraska's approach to comment k may well require existence of alternative designs. *Freeman v. Hoffman-La Roche, Inc.*, 618 N.W.2d 827, 839 (Neb. 2000) ("a standard applying a risk-utility test that focuses on the presence or absence of a reasonable alternative design, although also rarely allowing liability, at least allows the flexibility for liability to attach in an appropriate case").  Beyond the hard-to-decipher *Freeman* decision, the only unambiguously contrary prescription medical product cases we've found are *Barba v. Carlson*, 2014 WL 1678246, at *5 (Del. Super. April 8, 2014), a trial court opinion from **Delaware** that cites no precedent at all in support of its unique conclusion, and *Mullins v. Johnson & Johnson*, ___ F. Supp.3d ___, 2017 WL 711766 (S.D.W. Va. Feb. 23, 2017), similarly interpreting **West Virginia** law – again in the absence of any case law in support, and thus violating fundamental *Erie* principles – and contrary to *Reed v. Pfizer* (cited above), although at least *Mullins* cited a standard jury instruction. *Cf. Keffer v. Wyeth*, 791 F. Supp. 2d 539, 548-49 (S.D.W. Va. 2011) ("summary judgment is not appropriate for the negligent design defect claim" where plaintiff offers "an alternative drug design").

We've also looked outside the confines of drug and device law. Initially, in many jurisdictions negligent design cases involving products aren't very common, because plaintiffs elect to pursue strict liability design

defect claims instead.  To the extent that a state's **strict liability** standards for design defect require an alternative design, and there is no on-point precedent addressing negligence, the strict liability requirement should be considered *a fortiori*, given that the reason we have strict liability in the first place is to reduce the burden on plaintiffs.  As the California Supreme Court held:

> **[O]ne of the principal purposes behind the strict product liability doctrine is to relieve an injured plaintiff of many of the onerous evidentiary burdens inherent in a negligence cause of action. . . . [M]ost of the evidentiary matters which may be relevant to the determination of the adequacy of a product's design under the "risk-benefit" standard *e. g.*, the feasibility and cost of alternative designs are similar to issues typically presented in a negligent design case. . . .**

*Barker v. Lull Engineering Co.*, 573 P.2d 443, 455 (Cal. 1978); *accord*, *e.g.*, *Trull v. Volkswagen of America, Inc.*, 761 A.2d 477, 482 (N.H. 2000) ("abandon[ing] the higher burden of proof of negligence actions" for "the less stringent burden of proof of strict liability"); *Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603, 613 (W. Va. 1983) ("'strict liability in tort' is designed to relieve the plaintiff from proving that the manufacturer was negligent in some particular fashion").  *Barker* shifted the **strict liability** burden of proof on alternative design issues to the defendant in strict liability – meaning that, in California, that burden of proof to establish a feasible alternative product design stayed where it had always been in **negligent design** cases – on the plaintiff.  *E.g.*, *Whiteley v. Philip Morris Inc.*, 11 Cal. Rptr. 3d 807, 862-63 (Cal. App. 2004) (judgment n.o.v. granted on negligent design claims where plaintiffs could not prove that the alleged "negligence" – failure to adopt a safer alternative product

design – caused the plaintiff's injuries); *McGinty v. Superior Court*, 31 Cal. Rptr. 2d 292, 294 (Cal. App. 1994) (in a "negligence cause[] of action . . . [o]ne element of [plaintiffs'] product liability action is to show the existence of an alternative feasible design for the product which would have been safer"); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices & Products Liability Litigation*, 754 F. Supp. 2d 1208, 1223 (C.D. Cal. 2010) (negligent design adequately pleaded where complaint, *inter alia*, "identif[ied] an alternative design that would have prevented the defect from injuring Plaintiffs"). *See Brown v. Superior Court*, 751 P.2d 470, 478 (Cal. 1988) ("*Barker* contemplates a safer alternative design is possible"). In California, of course (as we discussed here), strict liability design defect claims are not allowed against prescription medical products . *E.g.*, *Brown*, 751 P.2d 470, 477-80; *Armstrong v. Optical Radiation Corp.*, 57 Cal.Rptr.2d 763, 772-73 (Cal. App. 1996).

In non-drug/device contexts, most jurisdictions require plaintiffs to plead and prove a feasible alternative design to prevail on a negligent design claim. **Alabama** – *Beech v. Outboard Marine Corp.*, 584 So. 2d 447, 450-51 (Ala. 1991) ("a prima facie case under a negligence theory" requires "that a safer, practical, alternative design was available"); *Richards v. Michelin Tire Corp.*, 21 F.3d 1048, 1056 (11th Cir. 1994) ("plaintiff must prove that a safer, practical, alternative design was available to the manufacturer" to prove "negligent design"); **Alaska** – *Moloso v. State*, 644 P.2d 205, 217 (Alaska 1982) (requiring alternative design in architectural malpractice case); **Arizona** – *Dart v. Wiebe Manufacturing, Inc.*, 709 P.2d 876, 881 (Ariz. 1985) ("[i]n a negligence case, the inquiry focuses on the reasonableness of the manufacturer's choice of design"); **Arkansas** − *Dancy v. Hyster, Co.*, 127 F.3d 649, 653-54 (8th Cir. 1997) (strict liability alternative design requirement also applied to negligent design); **Colorado** – *Staley v. Bridgestone/Firestone, Inc.*, 106 F.3d 1504, 1511 (10th Cir. 1997) (negligence claim; "to recover a plaintiff must show not only that the alternative is safer but that it was practicable and available"); **Connecticut** – *Bifolck v. Philip Morris, Inc.*, ___ A.3d ___, 2016 WL 7509118, at *8 (2016) (the "approach that is used in negligence" requires "proof that a reasonable alternative design existed that would have reduced or avoided the danger"); *Izzarelli v. R.J.*

*Reynolds Tobacco Co.*, 136 A.3d 1232, 1265 (Conn. 2016) ("a negligence balancing standard . . . requires a jury to balance foreseeable risks of harm against the costs of adopting safer, alternative measures"); **District of Columbia** – *Hull v. Eaton Corp.*, 825 F.2d 448, 453 (D.C. Cir. 1987) (alternative designs and their comparative risks and benefits are an element of negligent design); *In re Fort Totten Metrorail Cases*, 895 F. Supp. 2d 48, 88 (D.D.C. 2012) (in "negligence or strict liability, a plaintiff must show the risks, costs, and benefits of the product in question, as well as an alternative design"); **Florida** − *Aubin v. Union Carbide Corp.*, 177 So.3d 489, 510 (Fla. 2015) (while "a negligence action" "require[es] proof of a reasonable alternative design," strict liability does not); *Marzullo v. Crosman Corp.*, 289 F. Supp.2d 1337, 1343 (M.D. Fla. 2003) (summary judgment granted against negligent design claim where plaintiff did not "claim that an alternative design would have enabled the [product to function] in a safer manner"); **Georgia** – *Jones v. NordicTrack, Inc.*, 550 S.E.2d 101, 103 (Ga. 2001) (discussing both negligence and strict liability; "the reasonableness of choosing from among various alternative product designs and adopting the safest one if it is feasible is considered the 'heart' of design defect cases"); *Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 674 (Ga. 1994) (same); **Hawaii** − *Tabieros v. Clark Equipment Co.*, 944 P.2d 1279, 1299 (Haw. 1997) ("traditional" negligent design claims determine "whether a risk-utility analysis favored an available safer alternative"); *Isham v. Padi Worldwide Corp.*, 2007 WL 2460776, at *10 (D. Haw. Aug. 23, 2007) ("when the foreseeable risks could have been reduced or avoided through the adoption of an alternative design, liability is imposed based on a negligence model"); **Idaho** – *Puckett v. Oakfabco, Inc.*, 979 P.2d 1174, 1181 (Idaho 1999) (negligent design involves an "unreasonable risk of harm which could be reduced or avoided by adopting a reasonable alternative design"); **Illinois** – *Blue v. Environmental Engineering, Inc.*, 828 N.E.2d 1128, 1141-42 (Ill. 2005) (*Baltus* "correctly state[s] the appropriate standard for negligence cases involving defective products"); *Baltus v. Weaver Div. of Kidde & Co.*, 557 N.E.2d 580, 586 (Ill. App. 1990) ("[s]ince negligence does not permit liability without fault, it is not enough to say that there may have been a better way to design the [product]"); **Indiana** – *Pries v. Honda Motor Co.*, 31 F.3d 543, 546 (7th Cir. 1994) ("Indiana requires the plaintiff to show that another design not only could have prevented the

injury but also was cost-effective under general negligence principles");
*Ford Motor Co. v. Moore*, 905 N.E.2d 418, 427 (Ind. App.) ("because the
claim proceeded in negligence and not in strict liability, [plaintiff] was
required to provide proof of an alternative design"), *vacated on other
grounds*, 936 N.E.2d 201 (Ind. 2010) (proof of alternative design not
enough in component part case); **Iowa** − *Hawkeye Bank v. State*, 515
N.W.2d 348, 352 (Iowa 1994) (requiring "proof of an alternative safer
design that is practicable under the circumstances" in negligent design
case); **Kentucky** – *Ostendorf v. Clark Equipment Co.*, 122 S.W.3d 530,
535 (Ky. 2003) (negligent design claim; "the trier of fact must employ a
risk-utility balancing test that considers alternative safer designs");
*Lambert v. G.A. Braun International, Ltd.*, 2016 WL 3406155, at *2 (W.D.
Ky. June 17, 2016) (Kentucky law requires alternative design in
negligence as well as strict liability); **Louisiana** − La. Rev. Stat. 9:
2800.57A(1) (imposing alternative design requirement on all product
liability claims; abolishing common-law design claims); **Maine** – *St.
Germain v. Husqvarna Corp.*, 544 A.2d 1283, 1285 (Me. 1988) (in
"negligence and strict liability theories overlap"; "proof will involve an
examination of the utility of its design, the risk of the design and the
feasibility of safer alternatives"); *Phillips v. Emerson Electric Co.*, 2003
WL 21011349, at *3 (Mag. D. Me. May 5, 2003) (in "both negligence and
strict liability" "it is fair to treat the existence of a feasible design
alternative as an element of Plaintiff's defective design claim"), *adopted*,
2003 WL 21276388 (D. Me. May 29, 2003); **Maryland** – *Clayton v. Deere
& Co.*, 2007 WL 1875915, at *2 (D. Md. June 27, 2007) (the "elements of
proof are the same whether the claim [is] characterized as one for strict
liability or negligence" and include six elements all related to "alternative
design"); **Massachusetts** − *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d
21, 26 (1st Cir. 2004) ("[a]n essential element of such a design flaw claim
["negligence"] is that there be a safer alternative design"); *Public Service
Mutual Ins. v. Empire Comfort Sytems, Inc.*, 573 F. Supp. 2d 372, 380
(D. Mass. 2008) (following *Gillespie*); **Michigan** − *Gregory v. Cincinnati
Inc.*, 538 N.W.2d 325, 329 (Mich. 1995) ("the trier of fact must employ a
risk-utility balancing test that considers alternative safer designs");
*Croskey v. BMW, Inc.*, 532 F.3d 511, 516 (6th Cir. 2008) ("A claim of
'negligence' under Michigan products liability law" requires that " a
plaintiff must show . . . (2) a feasible alternative production practice was

available that would have prevented the harm"); *Minnesota* – *Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 95-96 (Minn. 1987) ("courts have tended to borrow common law concepts of negligence in determining whether a manufactured product, as designed, is unreasonably dangerous"; "a prima facie case that [a product] was unreasonably dangerous normally requires production of evidence of the existence of a feasible, alternative safer design"); *Tropple v. Black & Decker (U.S.) Inc.*, 2015 WL 4992011, at *6 (D. Minn. Aug. 20, 2015) (same; Minnesota "merged" negligence and strict liability in design cases); *Mississippi* − Miss. Code Ann. §11-1-63 (requiring alternative designs for all product liability claims including "negligence"); *Missouri* – *Clair v. Monsanto Co.*, 412 S.W.3d 295, 310 (Mo. App. 2013) ("the feasibility and cost of alternative designs are similar to issues typically presented in a negligent design case"); *New Jersey* – N.J. Stat. §2A:58C-3 (requiring "a practical and technically feasible alternative design" in all design-related product liability actions); *Kass v. West Bend Co.*, 2004 WL 2475606, at *12 (E.D.N.Y. Nov. 4, 2004) (in New Jersey "there is no separate cause of action grounded in negligence" and all design claims turn on "proof by plaintiff of a 'reasonable alternative design'"), *aff'd*, 158 F. Appx. 352 (2d Cir. 2005); *New York* – *Adamo v. Brown & Williamson Tobacco Corp.*, 900 N.E.2d 966, 968 (N.Y. 2008) ("While this is a negligence, not a strict liability, case, similar requirements apply − specifically, plaintiffs here had to prove that it was feasible to design the product in a safer manner"); *North Carolina* − N.C. Gen. Stat. §99B-6(a)(1) (requiring proof of a "safer, practical, feasible, and otherwise reasonable alternative design or formulation"); *Howerton v. Arai Helmet, Ltd.*, 597 S.E.2d 674, 694 (N.C. 2004) (alternative design "required" by statute); *North Dakota* − *Erling v. American Allsafe Co.*, 230 F.3d 1362, 2000 WL 1247863, at *1 (8th Cir. 2000) ("summary judgment . . . was appropriate as to the negligence claims . . . because [plaintiffs'] experts failed to suggest a safer alternative design") (unpublished); *Olson v. Arctic Enterprises, Inc.*, 349 F. Supp. 761, 764 (D.N.D. 1972) (negligent design requires "alternative means to accomplish the intended use"); *Ohio* – Ohio Rev. Code §2307.75(F) (requiring "a practical and technically feasible alternative design or formulation"); *see* Ohio Rev. Code §2307.71(B) (expressly abolishing "all common law product liability claims or causes of action"); *Oregon* − *Morrill v. General Motors Corp.*, 967 F.2d 588, 1992 WL

116101, at *3 (9th Cir. May 29, 1992) (plaintiff's failure to "prove that there was available an alternative, safer design" required summary judgment on "negligent design") (unpublished); ***Puerto Rico*** − *Alvarez v. R.J. Reynolds Tobacco Co.*, 313 F. Supp.2d 61, 73 (D.P.R. 2004) (lack of "any evidence of a feasible alternative" required summary judgment against negligent design claim), *aff'd*, 405 F.3d 36 (1st Cir. 2005); ***South Carolina*** – *5 Star, Inc. v. Ford Motor Co.*, 759 S.E.2d 139, 143 & n.3 (S.C. 2014) ("a plaintiff has the burden of presenting evidence of a reasonable alternative design" in "a products liability action based on a negligent design theory"); *Sunvillas Homeowners Assoc., Inc. v. Square D Co.,* 391 S.E.2d 868, 870 (S.C. App. 1990) (directed verdict against negligent design case proper where plaintiff's "expert did not testify about design alternatives"); ***South Dakota*** – *Burley v. Kytec Innovative Sports Equipment, Inc.*, 737 N.W.2d 397, 406-07 (S.D. 2007) (plaintiff must have competent evidence "to explain how a reasonable manufacturer could have designed and/or manufactured a safer alternative" in negligent design case); ***Tennessee*** – *Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998) ("the duty issue must be analyzed" in negligence "with regard to . . . the feasibility and availability of alternative conduct that would have prevented the harm"); ***Texas***: *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997) ("[n]egligent design and manufacturing claims are predicated on the existence of a safer alternative design for the product"); *Whitmire v. Terex Telelect*, 390 F. Supp. 2d 540, 550 (E.D. Tex. 2005) (discussing subsequent statute also imposing alternative design requirement); ***Utah*** − *English v. Suzuki Motor Co.*, 120 F.3d 270, 1997 WL 428565, at *3-4 (10th Cir. 1997) (plaintiff bears "the burden of showing that an alternative, safer design" in negligence as well as strict liability); ***Virginia*** – *Powell v. Diehl Woodworking Machinery, Inc.*, 198 F. Supp.3d 628, ___, 2016 WL 4149994, at *4 (E.D. Va. 2016) (applying the Third Restatement's "reasonable alternative design" requirement to "negligent design claim"); *Brosville Community Fire Dep't, Inc. v. Navistar, Inc.*, 2014 WL 7180791, at *7 (W.D. Va. Dec. 16, 2014) ("[s]ummary judgment is appropriate on a negligent design theory where there is insufficient evidence of an alternative, feasible design"); ***Washington*** − Rev. C. Wash. §7.72.030(1)(a) (making "an alternative design that was practical and feasible" an element of statutory design claim); *Soproni v. Polygon*

*Apartment Partners*, 971 P.2d 500, 506 (Wash. 1999) (describing §7.72.030(1)(a) as requiring "risk-utility analysis traditionally employed in a negligence setting"); ***West Virginia*** – *Stone v. United Engineering*, 475 S.E.2d 439, 455 (W. Va. 1996) (approving negligent design instruction that the jury consider "the ease with which the risk of harm could have been avoided or reduced by redesigning the system"); ***Wisconsin*** – Wis. Stat. §895.047(1)(a) (requiring "a reasonable alternative design"); *Below v. Yokohama Tire Corp.*, 2017 WL 679153, at *3 (W.D. Wis. Feb. 21, 2017) ("In the negligence context . . ., the reasonableness of a product's design turns essentially on whether the seller could have come up with a less dangerous design"); *Komanekin v. Inland Truck Parts*, 819 F. Supp. 802, 808 (E.D. Wis. 1993) (same); ***Wyoming*** – *Loredo v. Solvay America, Inc.*, 212 P.3d 614, 630 (Wyo. 2009) ("negligent design" claim lies "when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller"); *O'Donnell v. City of Casper*, 696 P.2d 1278, 1288 (Wyo. 1985) ("most significant factors" for negligent design are "use" and "feasibility' of "safer design[s]").

Only a few states, such as Nebraska (discussed above), ***Kansas*** (*Jenkins v. Amchem Products, Inc.*, 886 P.2d 869, 890 (Kan. 1994)), and arguably ***Missouri*** (*Bavlsik v. General Motors LLC*, , 2016 WL 362512, at *2 (Mag. E.D. Mo. Jan. 29, 2016)), appear to allow negligent design claims where the plaintiff does not offer proof of alternative designs.

We often see plaintiffs plead both strict liability design defect and negligent design to increase their odds of some claim surviving. In many jurisdictions, the theories don't differ much at all, because they rely on the same set of facts, are subject to the same analysis and tend to produce the same results. *See, e.g., Sykes v. Glaxo-SmithKline*, 484 F. Supp. 2d 289, 303 (E.D. Pa. 2007) (dismissing negligent defective design claim because it relied on the same factual allegations as the strict liability design defect claim, which was preempted by the Vaccine Act); *Webster v. Pacesetter, Inc.*, 259 F. Supp. 2d 27, 38 (D.D.C. 2003) (applying risk utility test to strict liability design defect and negligent design defect claims and finding application of the test to the manufacturer's conduct "produce[d] the same result as its application to the product"); *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 622 (Minn. 1984).

In *Frazier v. Mylan Inc.*, 911 F. Supp. 2d 1285, 1299 (N.D. Ga. 2012), even though it was unclear whether the plaintiff was asserting a negligent design defect claim separate and apart from her strict liability design defect claim, the court treated both as one claim because they "use the same risk-utility analysis." *Id.* at 1299 (finding at the pleading stage that a strict liability design defect claim survived merely by alleging a substitute product); *see also Santoro v. Donnelly*, 340 F. Supp. 2d 464, 484-85 (S.D.N.Y. 2004) (denying defendant's motion for summary judgment as to both negligence and strict liability claims where plaintiff presented creating of a safer, alternative design).  While there may be some ways that an negligent design claim could survive where a strict liability design defect claims does not, absence of a feasible alternative design is not likely to be one of them.

Last, but certainly not least, we wish to acknowledge the research assistance we have received from Reed Smith associate Farah Tabibkhoei in preparation of this post.

Tags: Alternative Design, Negligence

☐ ☐ ☐ ☐ ☐ ☐

**0 Comments**        **Drug & Device Law**                              ☐ **Login** ▾

☐ **Recommend**        ☐ **Share**                        Sort by Best ▾

☐ | Start the discussion…

Be the first to comment.

☐ **Subscribe**      ⅾ **Add Disqus to your site**      ☐ **Privacy**      🔗

Search…

## STAY CONNECTED

 Subscribe By Email

## BEXIS' BOOK



Drug and Medical Device Product Liability Deskbook

## TOPICS

Alternative Dispute Resolution

Artificial Intelligence

Bellwether

Case Management

Causation

Class Action

Criminal

Cybersecurity

Design Defect

Discovery

Erie Doctrine

Experts

Express Preemption

False Claims Act

FDA

Federal Question Jurisdiction

First Amendment

Forum non conveniens

Fraud

Fraudulent Joinder

Implied Preemption

Innovator Liability

Jurisprudence

Learned Intermediary

Legislation

Lists

Manufacturing Defect

Medical Monitoring

Multidistrict Litigation

Off-Label Use

Other

Parallel Violation Claims

Pari delicto

Personal Jurisdiction

Pleading

Preemption

Primary jurisdiction

Punitive Damages

Removal

Safer Alternative

Sanctions

Statute Of Limitations

Statutes of Repose

Technology

Third-Party Payer

Warnings

Warranty

ARCHIVES

Select Month

BLOGS

Abnormal Use

American Law Institute

Bill of Health

Cal Biz Lit

Class Action Blog

Class Action Countermeasures

Drugwonks

Eye on FDA

FDA

FDA Law Blog

FDA Lawyers Blog

Federal Judicial Center

Food Liability Law Blog

Guideposts

HIPAA Blog

Inside Medical Devices

JDSUPRA Business Advisor

Judicial Hellholes

Judicial Panel on Multidistrict Litigation

Life Sciences Legal Update

Mass Tort Defense

Mass Tort Litigation Blog

Mass Torts: State of the Art

Medical Devices Today

Modern Healthcare

National Library of Medicine/NIH

New Jersey Mass Tort Information Center

Overlawyered

Pharma Business Review

Pharma Exec Blog

Pharmaleaders

Pharmalot

Point of Law

Product Liability Monitor

Sermo

Tort Talk

Torts Jotwell

Torts Prof

Wall Street Journal Health Blog

Wall Street Journal Law Blog

WLF Legal Pulse

## LINKS & RESOURCES

Adverse Event Report Cheat Sheet

Class Action Denial Federal Cheat Sheet

Class Action Denial State Cheat Sheet

Cross Jurisdictional Class Action Tolling Scorecard

Device Preemption Scorecard

Duty To Test Cheat Sheet

E-Discovery Cheat Sheet

Generic Drug Preemption Scorecard

Index of Posts
Lone Pine Cheat Sheet
No Injury Scorecard
Pioneer Defendant in Generic Drug Suit Scorecard
Post-Bauman Personal Jurisdiction Cheat Sheet
Post-Levine Drug/Vaccine Preemption Cheat Sheet
TwIqbal Cheat Sheet

## RECENT UPDATES

Federal Right To Try Legislation – Is It Any Better?
Nixing Discovery on Foreign Regulatory Submissions
Dental Device Class Action Bites The Dust
Criminal Overreach
Federal Court Says VA Can't Block Prescriber's Deposition

Case 2:12-md-02327   Document 4632-1   Filed 09/05/17   Page 24 of 29 PageID #: 152043

# DRUG & DEVICE LAW

Disclaimer

## ABOUT THIS BLOG

This blog contains the personal views of the Blogging Team identified below (and of any authors of guest posts) concerning various topics that arise in the defense of pharmaceutical and medical device product liability litigation.

Read More

© 2017, Drug and Device Law. All Rights Reserved.

POWERED BY LEXBLOG