IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
     PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION

CIVIL ACTION NO.  2:12-md-02327

ORDER

Pending before this Court is Defendants' Motions for an Order Amending and Clarifying Pre-Trial Orders Governing Wave Discovery [ECF No. 4293]. The Motion is **DENIED**.

The Court finds that West Virginia Legal Ethics Opinion 2017-01 ("L.E.O. 2017-01") is plainly stated and simply read. A witness who only gives factual testimony is "limited to the statutory fee allowed to [an] ordinary occurrence witness." L.E.O. 2017-01. Thus, a doctor who witnesses a car crash may be called to give a factual account of what he or she saw. This doctor is an "ordinary occurrence witness" and must be paid in accordance with Comment 3 to Rule 3.4 of the West Virginia Rules of Professional Conduct, as further developed in L.E.O 2017-01. Conversely, a professional or skilled person, whether or not identified as an expert by the offering party, who is permitted by the court to give opinion testimony in his or her area of expertise is not subject to the limitation described in L.E.O. 2017-01.

Put succinctly, the applicability of L.E.O. 2017-01 is determined by the nature of the testimony, not the characterization of the witness by the parties.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    September 8, 2017

        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE