IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
   PELVIC REPAIR SYSTEM
   PRODUCTS LIABILITY LITIGATION                MDL No. 2327

------------------------------------------------

THIS DOCUMENT RELATES TO ALL
CASES ASSIGNED TO JUDGE
GOODWIN

PRETRIAL ORDER # 270
(ORDER RE: STIPULATIONS EXTENDING DISCOVERY)

After a cursory review of many individual cases in the Ethicon MDL, the court notes that the parties have attempted to stipulate a change in the court's Docket Control Orders setting deadlines for discovery. For example, there have been many stipulations filed attempting to defer independent medical examinations until as close as three months before trial. Those stipulations also attempt to defer the depositions of specific causation experts until that time. Other stipulations attempt to defer the depositions of treating physicians until a trial date has been set. Still other stipulations attempt to defer the depositions of specific causation experts and Ethicon sales representatives until a trial date has been set or the case has been remanded. This list is not exhaustive of the parties' attempts to circumvent the court's discovery deadlines as set forth in the Docket Control Orders.

The parties cannot extend court ordered discovery deadlines past the date set for completion of discovery without approval from the court. Fed. R. Civ. P. Rule 29(b); *see* Fed. R. Civ. P. Rule 16(b)(4). Here, the parties are repeatedly attempting to stipulate to delay the completion of discovery, which affects other deadlines in the Docket Control Orders, such as the

deadline for filing dispositive motions and the deadline for filing *Daubert* motions. Under Local Rule 16.1(f)(3), the court is not required to, nor does it, recognize stipulations purporting to extend the discovery deadlines past the close of discovery. *See* LR Civ. P. 16.1(f)(3). Therefore, I **FIND** that all such stipulations filed in the Ethicon MDL which are inconsistent with Local Rule 16.1(f)(3) are **INEFFECTUAL** and **VOID**.

I **FIND** that such stipulations undermine the policy goals of the MDL, including convenience of the parties, efficiency of the pretrial proceedings, and consistency on related issues. The parties are **DIRECTED** to cease filing such stipulations purporting to extend the discovery deadlines contrary to Local Rule 16.1(f)(3). When the parties seek an extension of discovery deadlines past the date set for the completion of discovery in the Docket Control Order, they must do so by motion in the individual case. The Docket Control Orders are plain that the only discovery permitted after the close of discovery are depositions of the plaintiff's friends and family members, and only if such depositions are requested before the discovery deadline. Those orders remain unaffected.

I will consider modifications of the discovery schedule, *for good cause shown*. Fed. R. Civ. P. 16(b)(4); *see, e.g.*, PTO #251 at § A.2.f. Good cause does not include mere agreement of the parties.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 **and in Ethicon Wave 1, 2, 3, 4, 5, 6, and 7 cases**. In cases subsequently filed in this district after case number 2:17-cv-03969, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of

the parties to review and abide by this and all previous pretrial orders entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: September 13, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE