**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO: WAVE 5 CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY OR, IN THE ALTERNATIVE, TO EXCLUDE CERTAIN OPINION TESTIMONY

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"), submit this reply in support of its previously-filed Motion [ECF No. 4582] ("Motion") and Memorandum of Law in Support of Defendants' Motion to Compel Discovery or, in the Alternative, to Exclude Certain Opinion Testimony ("Defendants' Memorandum" or "Defs.' Mem.") [ECF No. 4584].

### BACKGROUND

Scott A. Guelcher, Ph.D. ("Dr. Guelcher") is an expert witness retained by Plaintiffs to offer opinions and testimony in this litigation. *See* Mot. Ex. A, Expert Witness Disclosure. In his Wave 5 expert report, Dr. Guelcher offers opinions pertaining to and based upon a 2017 article—A.D. Talley, B.R. Robers, V. Iakovlev, R.F. Dunn, and S.A. Guelcher, *Oxidation and Degradation of Polypropylene Transvaginal Mesh*, J. of Biomaterials Sci: Polymer Ed. (2017) ("Talley"), of which he is the corresponding author. *See* Mot. Ex. G, Expert Report of Scott A. Guelcher, Ph.D. As the corresponding author of *Talley*, Dr. Guelcher "handle[s] all the correspondence with the . . . editorial office[]" and serves as the "point person for any issues that might arise around the article." *See* Mot. Ex. D, Guelcher 8/17/17 Dep. 4:10-5:6.

As discussed in Defendants' Memorandum, Ethicon filed its Second Amended Notice of Deposition on August 14, 2017, requesting that Dr. Guelcher bring to his August 2017 deposition certain documents pertaining to *Talley* including, but not limited to, raw data and protocols. *See* Defs.' Mem. at 1-2; *see also* Mot. Ex. B, Second Amended Notice of Deposition of Dr. Scott A. Guelcher [ECF No. 4323]. On August 15, 2017, Plaintiffs served Responses and Objections to Defendants' Second Amended Notice of Deposition of Dr. Scott A. Guelcher [ECF No. 4370] ("Pls.' Resp. and Obj."), in which they asserted boilerplate objections to Ethicon's document requests. *See* Mot. Ex. C, Pls.' Resp. and Obj.

On August 16, 2017, counsel for Ethicon contacted Plaintiffs' counsel in an effort to resolve this issue in advance of Dr. Guelcher's August 17, 2017, deposition. *See* Mot. Ex. E. Counsel for Ethicon specifically reiterated Ethicon's request for all of the supplemental data and underlying raw data for *Talley*, and requested that it be included in the production at Dr. Guelcher's deposition. *Id*. Plaintiffs' counsel responded and attached certain supplemental data, but did not mention or produce the requested underlying raw data or any of the other documents at issue in Ethicon's document requests. *Id*. Neither the raw data nor any of the other requested materials were produced at Dr. Guelcher's deposition.[1] Although Dr. Guelcher's testimony demonstrates that he could have obtained the requested documents prior to his deposition, he did not attempt to do so. *See* Defs.' Mem. at 4-5; *see also* Mot. Ex. D, Guelcher 8/17/17 Dep. 17:9-20:8, 86:17-87:12.

As such, on August 30, 2017, counsel for Ethicon reached out to counsel for Plaintiffs in an effort to resolve this issue without court action. *See* Pls.' Resp. at Ex. F. Plaintiffs' counsel responded, contending that because Dr. Guelcher does not physically possess the requested

---

[1] Tellingly, Plaintiffs' Response only addresses Ethicon's request for raw data pertaining to *Talley*. Plaintiffs offer no argument or explanation regarding Dr. Guelcher's failure to produce the requested materials, such as the protocols used by the authors, the authors' correspondence regarding the article, etc.

documents, there is "nothing to compel." *Id*. Therefore, Ethicon filed its Motion and Memorandum on September 1, 2017, seeking an order compelling production of the requested documents or, in the alternative, an order precluding Dr. Guelcher from offering opinions or testimony regarding *Talley*. *See* Motion [ECF No. 4582] and Defendants' Memorandum [ECF No. 4584].

On September 14, 2017, Plaintiffs filed their Response in Opposition to Defendants' Motion to Compel Discovery Regarding the Wave 5 Deposition of Dr. Scott A. Guelcher, Ph.D. ("Pls.' Resp.") [ECF No. 4673]. Plaintiffs apparently do not dispute that the objections asserted in their responses to Ethicon's document requests are invalid and insufficient under the Federal and Local Rules of Civil Procedure. *See* Pls.' Resp. at 2, n. 5. Rather, Plaintiffs simply argue that because Dr. Guelcher does not have possession of the requested documents, he cannot be compelled to produce such documents. *Id*. at 3.

As explained more fully below and in Defendants' Memorandum, Dr. Guelcher has the ability to obtain the requested documents, which are relevant and discoverable in this litigation. As such, this Court should enter an order compelling production of the documents at issue and requiring Dr. Guelcher to sit for further deposition, or, in the alternative, an order precluding Dr. Guelcher from offering opinions and testimony regarding *Talley*.[2]

## ARGUMENT

### I.   The Requested Documents are Within Dr. Guelcher's Possession, Custody or Control and Must Be Produced.

Plaintiffs correctly state that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, "an item in a request for production of documents must be in the possession, custody or control

---

[2] Ethicon notes that Dr. Guelcher's opinions in this litigation, including but not limited to his reliance on Talley, are the subject of a *Daubert* challenge currently pending before this Court. *See* Motion [ECF No. 4573] and Memorandum of Law in Support of Motion to Exclude the Opinions and Testimony of Scott A. Guelcher, Ph.D. [ECF No. 4574].

of the served party." *See* Pls.' Resp. at 4 (internal citations omitted). For documents possessed by a third party, Plaintiffs state that the test for "control" is whether or not the served party has the "legal right or ability to obtain the documents from another source upon demand." *Id.* at 5-6 (citing *Barr v. EQT Production Co.*, 2015 WL 2238067 (N.D. W. Va. May 12, 2015)).

Plaintiffs argue that Dr. Guelcher has produced all responsive documents in his possession, custody or control, and that the documents requested by Ethicon are possessed by his co-authors. *See* Pls.' Resp. at 2. They claim that "whether or not Dr. Guelcher *could* obtain access to the documents from one of his co-authors" is irrelevant, as that is "not the test for 'control' under the law." *Id.* at 6 (emphasis in original). Specifically, Plaintiffs assert that Dr. Guelcher does not have possession, custody or control of the requested documents because he cannot "order or compel his co-authors to provide," and therefore he cannot be compelled to produce such documents. *Id.*

However, as set forth below, Plaintiffs misstate the law on this issue.[3] Indeed, as one of the cases Plaintiffs cite in their response specifically recognizes, "it is well established that 'control' under [Rule 34] is to be broadly construed so that a party may be obligated to produce documents requested *even though it may not actually possess the documents*." *Barr*, 2015 WL 2238067, at *4 (emphasis added) (internal citations omitted).

---

[3] Plaintiffs cite the case of *Ayers v. Continental Cas. Co.*, 2007 WL 2156553 (N.D. W.Va. July 25, 2007) in support of their position that Dr. Guelcher cannot be compelled to produce documents that are in the actual possession of his co-authors. However, Plaintiffs' reliance upon *Ayers* is misplaced. Specifically, *Ayers* dealt with a motion to compel medical releases for a patient's medical records. *Id.* at 4. The District Court adopted the reasoning set forth in *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998), which held that the "relationship between a patient and a physician is insufficient to establish legal control[,]" and that Rule 34 was not the appropriate means to obtain the medical records at issue in that case. *Ayers*, 2007 WL 2156553, at *4 (citing *Clark*, 181 F.R.D. at 472). The *Ayers* case does not, as Plaintiffs suggest, stand for the proposition that, as a matter of law, an individual cannot be compelled to produce documents that he or she has the practical ability to obtain simply because the documents are in the actual possession of a third party.

For example, in *Automated Merchandising Systems, Inc. v. Crane Co.*, 279 F.R.D. 366 (N.D. W. Va. 2011), defendants moved for an order compelling plaintiff to produce certain source codes. *Id*. at 373. Plaintiff argued that it could not produce the requested source codes because such codes were in the possession of third parties. *Id*. The court, recognizing that "[t]he term 'control' is broadly construed[,]" held that the "applicable test under Rule 34 is whether the [served party] has the *ability* to obtain the documents requested upon reasonable request, either as a matter of law *or as a matter of practical fact*." *Id*. at 374 (emphasis added). The court noted that, although plaintiff contended that it did not possess the requested source codes, it was clear that plaintiff had previously been able to access to such codes. *Id*. For this reason, and because plaintiff "submitted nothing more than conclusory statements to indicate that these documents are not in its custody or control," the court granted defendants' motion to compel. *Id*.

Other courts have similarly concluded that an individual's duty to produce requested materials is triggered by that individual's "ability to obtain" those materials. *See, e.g., In re Flag Telecom Holdings, Ltd*. *Securities Litigation*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.") (internal citations omitted).

Here, Dr. Guelcher's deposition testimony clearly demonstrates that he had the practical ability to obtain the documents at issue. In fact, when asked whether he could obtain the raw data underlying *Talley*, Dr. Guelcher expressly admitted: "Yeah. I would go to Dr. Dunn and get the data." *See* Mot. Ex. D, Guelcher 8/17/17 Dep. 17:18-23; *see also*, *id.* at 16:4-11 (conceding that he had previously accessed the raw data and reviewed such data with his co-authors during the course of "preparing the figures and writing the manuscript" for *Talley*); *id*. at 19:17-19 ("I don't

5

want to give the impression that it's not accessible. It's just under the control of my colleagues who prepared it.").

Plaintiffs have "submitted nothing more than conclusory statements" claiming that the documents requested by Ethicon are not in Dr. Guelcher's custody or control because he does not physically possess the documents at this time. *Automated Merchandising*, 279 F.R.D. at 374; *see generally* Pls.' Resp. Because Dr. Guelcher admits that he could obtain the documents from his co-authors, the requested documents are deemed to be within Dr. Guelcher's "control" under Rule 34 and, as such, must be produced.

## II.   Alternatively, Dr. Guelcher Should Be Precluded from Offering Any Testimony or Opinions Regarding or Based Upon the 2017 Talley Article.

For the reasons set forth more fully in Defendants' Memorandum, if this Court does not order Plaintiffs to produce the requested discovery, Ethicon respectfully requests that this Court enter an order pursuant to Rule 37 precluding Dr. Guelcher from offering any opinions or testimony regarding *Talley* and/or related to the documents responsive to Ethicon's document requests. *See* Defs.' Mem. at 7-8.

Plaintiffs apparently do not dispute that, if the requested documents are deemed to be within Dr. Guelcher's custody or control and he failed to produce them, he should be precluded from offering opinions regarding *Talley*. Rather, Plaintiffs simply repeat their argument that Dr. Guelcher has not "refused" to produce anything because his co-authors actually possess the requested documents. *See* Pls.' Resp. at 6.

As explained above, Dr. Guelcher has control over the requested documents because he could have obtained the documents by simply requesting them from his co-authors. Therefore, production of information responsive to Ethicon's requests is required under the Federal Rules of

Civil Procedure, and Plaintiffs should be sanctioned for failure to produce the requested documents.

If this Court does not order Plaintiffs to produce the requested discovery, Ethicon respectfully requests that this Court enter an order pursuant to Rule 37 precluding Dr. Guelcher from offering any opinions or testimony regarding *Talley* and/or related to the documents responsive to Ethicon's document requests.

Respectfully submitted,

/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV  25338
(304) 414-1800
dthomas@tcspllc.com

/s/ Christy D. Jones
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
601.985.4523
christy.jones@butlersnow.com
(601) 985-4523

COUNSEL FOR DEFENDANTS ETHICON, INC.
AND JOHNSON & JOHNSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO: WAVE 5 CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ David B. Thomas
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800