IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC ]<br>REPAIR SYSTEMS  PRODUCTS ]<br>LIABILITY LITIGATION ]<br>                                                      ]<br>                                                      ] | MDL NO. 2327 |

**PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF A
QUALIFIED PROTECTIVE ORDER**

By this Motion, Plaintiffs seek the entry of the attached Qualified Protective Order allowing protected health information and/or individually identifiable health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected from disclosure by Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[1] or other applicable state law, regarding the individuals listed on Exhibit A to the attached Qualified Protective Order, to be transmitted to undersigned counsel and any third-party authorized by undersigned counsel to assist in the resolution of potential liens and reimbursement claims.  Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") does not oppose this Motion.

Ethicon has entered into a confidential Master Settlement Agreement with Plaintiffs and other plaintiffs and claimants asserting similar Transvaginal Mesh related claims against Ethicon, including the individuals listed on Exhibit A to the attached Qualified Protective Order.

---

[1] HIPAA shall mean the provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder including 45 C.F.R. Parts 160 and 164. HIPAA allows the Secretary of Health and Human Services to implement any appropriate or necessary regulations. *Murphy v. Dulay*, 768 F.3d 1360, 1368 (11th Cir. 10/10/2014). The Secretary of Health and Human Services promulgated 45 C.F.R. Parts 160 and 164 to address the privacy and disclosure of protected health information and/or individually identifiable health information. *Id.*

The confidential Master Settlement Agreement requires the appointment of a Lien Resolution Administrator to assist in the resolution of potential liens and reimbursement claims, including, but not limited to, those that may be asserted with respect to federal Medicare benefits as contemplated by the Medicare Secondary Payer Act, 42 U.S.C. § 1395y and interpreting case law, including but not limited to private carriers that have provided coverage pursuant to Medicare Part C (any Medicare Advantage Plan); Medicaid liens; other governmental healthcare programs with statutory reimbursement or subrogation rights (including, by way of example without limitation, TRICARE, VA, and Indian Health Services benefits) ; or other private insurers. The Lien Resolution Administrator's duties and functions include the authority to act as agent for undersigned counsel for purposes of lien identification; to receive and release identifiable health information; and to resolve liens and reimbursement claims.

In order to complete the duties and functions described above, the Lien Resolution Administrator will need access to protected health information and/or individually identifiable health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected from disclosure by HIPAA or other applicable state law, regarding the individuals listed on Exhibit A to the attached Qualified Protective Order.

45 C.F.R. 164.512(e)(1)(i) provides:

> (e) Standard: Disclosures for judicial and administrative proceedings. (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order….

The attached Qualified Protective Order has satisfactory safeguards in place to limit the disclosure and use of protected health information and/or individually identifiable health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected

from disclosure by HIPAA or other applicable state law because the information cannot be used for a purpose other than the settlement of this litigation and the information must be destroyed at the conclusion of this litigation.

      Wherefore, Plaintiffs respectfully request that their Motion for Entry of a Qualified Protective Order be granted.

      Respectfully submitted,

By: /s/Rachel Abrams
    Rachel Abrams, Esq.
    Levin Simes LLP
    44 Montgomery St, Floor 32
    San Francisco, CA 94104
    (415) 426-3133
    (415) 426-3001 Fax
    rabrams@levinsimes.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Date: October 3, 2017

By: */s/ Rachel Abrams*
Rachel Abrams