# EXHIBIT A

**EXHIBIT A TO DEFENDANTS' MOTION TO EXCLUDE
SUZANNE PARISIAN, M.D. [WAVE 6]**

Pursuant to the third Amended Docket Control Order, Defendants submit the following list of cases applicable to Defendants' Motion to Exclude Suzanne Parisian, M.D. in Wave 6, where Dr. Parisian is named as a general retained regulatory expert.[1]

**List of Applicable Cases**

| Case and Docket Number | Product(s) |
|---|---|
| *Sylvia Davis and James Davis v. Ethicon Inc., et al.* Case No. 2:13-cv-00574 | TVT-S |
| *Rita Garcia v. Ethicon, Inc., et al.* Case No. 2:12-cv-09739 | TVT Secur |
| *Joanne Wright v. Ethicon, Inc., et al.* Case No. 2:13-cv-02647 | Prolift<br>TVT Secur |

Dr. Parisian was also designated as an expert in the following case but did not serve a report with respect to the product(s) in issue: *Nora George v. Ethicon, Inc., et al.* **Case No. 2:13-cv-2511 (TVT)**. On October 16, 2017, the parties entered into a Stipulation whereby Plaintiff agreed to withdraw Dr. Parisian as a designated expert for this matter, and the Stipulation has been filed in that case.

---

[1] Plaintiffs' designation states that they recognize the Fourth Circuit's affirmance of this Court's exclusion of evidence of compliance with the 510(k) process and "reserve the right to designate" Dr. Parisian "[i]n the event of a contrary ruling."  Pl. Expert Disclosure, Wave 6 (July 27, 2017), at p. 4.  Ethicon understands this to mean that Dr. Parisian is not designated at all if no FDA evidence is admitted, even though this is potentially inconsistent with Dr. Parisian's current disclaimer of reliance on FDA regulations.  In addition, Ethicon notes that this "reservation of right to designate" in some instances puts Plaintiffs' number of experts over the allotted five.