UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

MDL NO.: 2327

ORDER APPOINTING FUND ADMINISTRATOR AND APPROVING
THE USE OF THE HARRY F. BELL QUALIFIED
SETTLEMENTS FUND SUBACCOUNT

Upon the Motion of Harry F. Bell, Jr., one of the Plaintiffs' Counsel in this matter, this Court issues the following order approving the use of the Harry F. Bell Qualified Settlements Fund Subaccount regarding the resolution of claims brought by Plaintiffs against Defendant Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon") and relating to Ethicon pelvic mesh products.

1. <u>Resolution of Pelvic Mesh Product Claims</u>. Plaintiffs' Counsel is a participant to a Confidential Master Settlement Agreement between Ethicon and certain counsel to resolve certain pelvic mesh product claims of certain Plaintiffs represented by the undersigned.

2. <u>Approval of Fund</u>. The Court approves the use of a Qualified Settlement Fund called the Harry F. Bell Settlements Subaccount for Federal tax purposes pursuant to Internal Revenue Code § 1.468B-1. The Fund shall hold the settlement proceeds for the undersigned's Claimants following permissible disbursements from the escrow account established pursuant to the Confidential Master Settlement Agreement and previously approved by this Court as a Qualified Settlement Fund.

1

3. <u>Fund Administrator</u>.  Attorney Edgar C. Gentle, III of the law firm Gentle, Turner, Sexton & Harbison, LLC, 501 Riverchase Parkway East, Hoover, Alabama 35244, shall serve as the Fund Administrator. Upon the dissolution or bankruptcy of attorney Edgar C. Gentle, III, his appointment as Fund Administrator shall terminate and the undersigned shall nominate a successor Fund Administrator.  The undersigned shall seek approval from the Court regarding his proposed successor Fund Administrator.

4. <u>Powers of Fund Administrator</u>.  The Fund Administrator shall be authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee; to fund Special Needs Trusts; to distribute all attorney fees and litigation expenses, as well as with those persons who are represented by the undersigned in future settlements, consistent with their existing contingency fee contracts and the terms of the Confidential Master Settlement Agreement; to be paid reasonable fees and expenses of Fund Administration; and, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down and dissolve the Fund and thereafter being discharged from any further responsibility with respect to the Fund.  The Fund Administrator shall only make payments to the Plaintiffs and any entities asserting a claim of subrogation according to the terms of the Confidential Master Settlement Agreement and the escrow agreement.  Ethicon shall have no liability with respect to the Fund.

**DONE** and **ORDERED** this _____ day of _____, 2017.

3

_____
JUDGE