IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC. PELVIC REPAIR  ]
SYSTEMS PRODUCTS LIABILITY          ]
LITIGATION                          ]
                                    ]   MDL NO. 2327
_____]

**QUALIFIED PROTECTIVE ORDER**

Pending before the court is Plaintiffs' Unopposed Motion for Entry of a Qualified Protective Order ("Plaintiffs' Unopposed Motion") [ECF No. 4757] filed on October 3, 2017, by Levin Simes LLP ("plaintiffs' counsel") on behalf of the individuals named in Exhibit A to Plaintiffs' Unopposed Motion [ECF No. 4757-1]. Plaintiffs' counsel represents that the parties have entered into a confidential Master Settlement Agreement ("MSA"), which requires the appointment of a lien resolution administrator to assist in the resolution of potential liens and reimbursement claims resulting from medical care plaintiffs received as result of their underlying claims. Mot. 1-2 [ECF No. 4757]. It is further represented that the lien administrator will need access to protected health information and/or individually identifiable health information to successfully resolve any claims or liens. *Id*. at 2. Plaintiffs' counsel has appointed Shapiro Settlement Solutions ("S3") as lien administrator to identify and resolve any potential liens and reimbursement claims with respect to those individuals identified in Exhibit A to the Plaintiffs' Unopposed Motion [ECF No. 4757-1]. Mot., Ex. B [ECF No. 4757-2].

Accordingly, plaintiffs' counsel requests entry of a Qualified Protective Order to aid in the resolution of liens or reimbursement claims that may be asserted against the settling claimants who are listed in Exhibit A to Plaintiffs' Unopposed Motion, such as those that may be asserted with

respect to federal Medicare benefits as contemplated by the Medicare Secondary Payer Act, 42 U.S.C. §1395y and interpreting case law; by private insurers that have provided coverage pursuant to Medicare Part C (any Medicare Advantage Plan); the Medicaid programs of each state and territory and of the District of Columbia and any other governmental health care programs with statutory reimbursement or subrogation rights (such as, by way of example, the U.S. Department of Veterans' Affairs, the U.S. Department of Defense, TRICARE, and Indian Health Services) (sometimes herein "Governmental Third-Party Payors"); and private insurers. *Id*.

The court, having reviewed the Motion and finding that the receipt of certain information maintained by Governmental Third-Party Payors and Private Insurance Plans asserting a lien or claim against recovery from the Qualified Settlement Fund ("QSF") with respect to the individuals identified in Exhibit A to Plaintiffs' Unopposed Motion will aid S3 in the resolution of any such liens or claims, hereby **FINDS** and **ORDERS** as follows:

1. The court has the authority, pursuant to 45 C.F.R. § 164.512(e)(1)(i), to enter an order directing a covered entity, as defined by 45 C.F.R. § 160.103 to disclose protected health information, without written authorization of an individual or the opportunity for an individual to agree or object, in the course of any judicial proceeding such as those proceedings identified in Exhibit A to Plaintiffs' Unopposed Motion. *See* 45 C.F.R. § 164.512 (2016); 45 C.F.R. § 160.103 (2014).

2. Plaintiffs' Unopposed Motion for Entry of a Qualified Protective Order [ECF No. 4757] is **GRANTED**.

3. Counsel may retain the services of S3 to assist in the resolution of potential liens and reimbursement claims, including, but not limited to, those that may be asserted with

respect to federal Medicare benefits as contemplated by the Medicare Secondary Payer Act, 42 U.S.C. §1395y and interpreting case law, including but not limited to private carriers that have provided coverage pursuant to Medicare Part C (any Medicare Advantage Plan); Medicaid liens; other governmental healthcare programs with statutory reimbursement or subrogation rights (including, by way of example without limitation, TRICARE, Veteran's Administration, and Indian Health Services benefits); private insurers and insurers represented by Rawlings & Associates and Lowey, Dannenberg, Cohen & Hart, P.C.

4. This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," or other applicable state law. The Qualified Protective Order shall apply to all protected health information and individually identifiable health information created, received, or collected from Plaintiffs by the Agencies, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, identification numbers, other demographic information that identifies or could be used to identify the Claimants; (b) eligibility and entitlement information for the Claimants; (c) claims information relating to the past, present, or future health care of the Claimants; (d) claims information relating to the provision of healthcare to Claimants; and (e) claims information relating to the past, present, or future payment for the provision of

healthcare to Claimants.

5. A healthcare insurer or other entity possessing a reimbursement or subrogation claim may disclose claim and other protected health information to S3, and S3 is duly authorized to receive claim and other protected health information in accordance with 45 CFR § 164.506(c)(4)(ii) and any other applicable state law.

6. To assist in the resolution of potential liens or reimbursement claims, each healthcare insurer or other entity possessing a reimbursement or subrogation claim is hereby authorized and directed to transmit to S3, including claims information and other protected health information, for those Claimants against whom they may assert liens or reimbursement claims.

7. S3 shall not use or disclose any protected health information or individually identifiable health information subject to this Qualified Protective Order for any purpose other than this litigation. Similarly, the healthcare insurers and other entities possessing a reimbursement or subrogation claim shall only use the information listed on Exhibit A for the specific purpose of transmitting to S3 claims information and other protected health information for those individuals listed in Exhibit A to Plaintiffs' Unopposed Motion against whom they have asserted liens or reimbursement claims. The healthcare insurers and other entities possessing a reimbursement or subrogation claim shall only make the information for the Claimants available to those within their respective organizations who need access to the information for the Claimants for the specific purpose stated in this paragraph. If outside vendors or companies perform part or all of their tort recovery practices, the outside vendors or companies shall be expressly

bound by all terms and conditions of this Qualified Protective Order.

8. S3 shall maintain any protected health information or individually identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such protected health information as required by HIPAA and other applicable privacy laws.

9. At the conclusion of this litigation, plaintiffs' counsel and S3 shall certify to the Agencies that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 16, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE