UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>WAVE 6 CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO EXCLUDE
CERTAIN OPINIONS OF RALPH ZIPPER, M.D.**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"), pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), move to exclude certain opinions of Ralph Zipper, M.D. In support of this motion, Ethicon states:

    1.    Dr. Zipper's opinions that the TVT-S is defectively designed are unreliable because they are not based on any reliable methodology but are instead mere *ipse dixit*. Furthermore, Dr. Zipper lacks the requisite expertise to opine on certain characteristics of this product.

    2.    Dr. Zipper's opinions that there were safer alternative products or procedures are subjective and not supported by sufficient facts or data. Dr. Zipper failed to demonstrate any testing, calculations, analysis, or publications that supported his conclusion. Furthermore, his opinions that there were safer alternative procedures such as traditional surgical techniques are not relevant to Plaintiffs' claims for *product* design-defect claims.

3. Dr. Zipper's opinions regarding the adequacy of the TVT-S IFUs should be excluded because he has admitted he is not an expert in regulatory requirements, and any expertise he has has been gained through litigation.

4. Dr. Zipper's opinions about Ethicon's knowledge, state of mind, or bad acts should be excluded because he has no specialized knowledge to testify about what Ethicon did or did not know.

5. Dr. Zipper's reports consist primarily of cumulative historic commentary, and the Court should exclude his regurgitation of factual information.

6. Any undisclosed opinion of Dr. Zipper should not be permitted at trial.

7. Ethicon incorporates by reference its briefing and argument regarding Dr. Zipper's opinions on Prosima and Prolift in Wave 1, its Memorandum in Support of its Motion to Exclude Certain Opinions of Ralph Zipper, M.D. and the following exhibits:

| Exhibit | Description |
|---|---|
| A | List of Plaintiffs in Wave 1 to whom this Motion applies. |
| B | Dr. Zipper's Curriculum Vitae. |
| C | Dr. Zipper's Expert Report on TVT-S. |
| D | Excerpts from *Hammons v. Ethicon, Inc., et al.*, Sept. 26, 2015 Deposition of Ralph Zipper, M.D. |
| E | Excerpts from October 27, 2017 Deposition of Ralph Zipper, M.D. |
| F | Excerpts from March 20, 2016 Deposition of Ralph Zipper, M.D. |
| G | *Bellew v. Ethicon, Inc.*, No. 2:13-cv-22473, Order (S.D. W. Va. Nov. 20, 2014). |

WHEREFORE, FOR THESE REASONS and as more fully set forth in Ethicon's supporting memorandum of law, Ethicon respectfully requests that this Court enter an order granting Ethicon's Motion to Exclude Certain Opinions of Ralph Zipper, M.D.

                Respectfully submitted,

                ETHICON, INC. AND
                JOHNSON & JOHNSON

                */s/ David B. Thomas*
                David B. Thomas (W. Va. Bar No. 3731)
                Thomas Combs & Spann, PLLC
                300 Summers Street, Suite 1380
                P.O. Box 3824
                Charleston, WV 23558-3824
                (304) 414-1800

                */s/ Christy D. Jones*
                Christy D. Jones
                Butler Snow LLP
                1020 Highland Colony Parkway
                Suite 1400 (39157)
                P.O. Box 6010
                Ridgeland, MS 39158-6010
                (601) 985-4523

## CERTIFICATE OF SERVICE

      I certify that on this date I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

      */s/ Christy D. Jones*_____
      Christy D. Jones

39428180.V1