IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR ) <br> SYSTEM PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) | MDL NO. 2327 |

## AMENDED UNOPPOSED MOTION FOR APPROVAL OF QUALIFIED SETTLEMENT FUND

Andrus Wagstaff P.C., ("AW"), as counsel for certain plaintiffs in this MDL 2327, hereby move the Court for entry of an Order to aid in the efficient processing and administration of a Confidential Settlement Agreement (the "Settlement Agreement") between Defendant Ethicon, Inc. ("Ethicon") and AW to resolve the claims of certain claimants against Ethicon relating to Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement).[1] Ethicon does not oppose the motion. In support of its Motion AW states as follows:

1. This Motion seeks an Order (i) approving the establishment of the AW-ETHICON Qualified Settlement Fund (the "Fund"); (ii) appointing an administrator of the Fund; (iii) retaining continuing jurisdiction and supervision over the Fund, and (iv) determining that the Fund, including any subaccounts thereof ("Accounts"), together constitute a single "qualified

---

[1] The Settlement Agreement is not being filed with the Court because it contains confidential terms.

settlement fund" within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-1, *et. seq*. ("Regulations").

2. In accordance with the confidential Master Settlement Agreement, Ethicon will pay the settlement consideration to the AW-ETHICON Qualified Settlement Fund. That payment, and the earnings thereon (collectively the "Trust Estate"), will be held by the Fund until disbursed in accordance with the terms of the Settlement Agreement for payments to the Plaintiffs or their designees, to attorneys for fees and costs, to lienholders, to governmental entities having an interest in the settlement proceeds, to the Fund Administrator, and to federal and state taxing authorities for tax liabilities of the Fund. The settlement consideration, and the earnings thereon, shall remain subject to the jurisdiction of the Court until termination of the AW-ETHICON Qualified Settlement Fund.

3. The AW-ETHICON Qualified Settlement Fund shall be a Qualified Settlement Fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended and Treasury Regulation sections 1.468B-1 *et seq*., and shall be administered in accordance with the requirements of those Treasury regulations. The Fund will qualify as a "qualified settlement fund" under section 468B of the Code and sections 1.468B-1, *et seq*. of the Regulations, because: (1) the Fund is being established subject to approval of the Court; (2) the Fund will be subject to the continuing jurisdiction and supervision of the Court; (3) the Fund is being established to resolve or satisfy claims of alleged tort or violation of law arising out of implantation, use and/or removal or revision, in whole or in part, of one or more Ethicon Pelvic Mesh Products; and (4) the Fund assets will be segregated from the general assets of Ethicon and deposited therein.

4. The allocation of the aggregate settlement amount among Plaintiffs and to any entities asserting a claim for subrogation or reimbursement, has yet to occur. It is in the best interest of all parties for the Court to approve the establishment of the Fund as a vehicle to hold the funds to be used to resolve or satisfy these claims upon the final allocation of the settlement funds. The establishment of the Fund as a "qualified settlement fund" under the Code and Regulations, subject to the Court's continuing jurisdiction, is vital to the satisfaction of these objectives of the Parties' settlement. Section 1.468B-1(c)(1) of the Regulations expressly requires that a qualified settlement fund be "established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia) territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

5. No distributions shall be made from the AW-ETHICON Qualified Settlement Fund except as permitted by the terms of the escrow agreement between Plaintiffs' Counsel, Ethicon, the Fund Administrator, and the Escrow Agent (the "Escrow Agreement") and pursuant to the terms of the Parties' Master Settlement Agreement.

6. Plaintiffs' Counsel request that no bond be required and further request approval that the Fund be held by the Escrow Agent, J.P. Morgan Chase Bank, N.A., a federally insured depository institution which has been selected by Plaintiffs' Counsel, with the consent of Ethicon, to serve as custodian of the Fund (the "Custodian"). The Custodian shall hold the Fund in one or more demand deposit accounts and shall invest and reinvest the Fund and the proceeds thereof in an interest bearing deposit demand account(s) which has rates of compensation that may vary from time to time as determined by the Custodian. The fundamental goal of the Fund

Administrator (as defined below) is to preserve the Trust Estate, reduce investment costs and fees, and earn a reasonable but safe return on investment of the Trust Estate.

7. The Plaintiffs request that Matt Garretson of Garreston Resolution Group, be appointed as the Qualified Settlement Fund Administrator (the "Fund Administrator") to administer the Fund (as a "qualified settlement fund") within the meaning of section 1.468B-2(k)(3) of the Regulations.

8. The Custodian shall cause to be prepared and delivered Fund Statements ("Statements") on a monthly and annual basis to interested parties, including counsel for the Plaintiffs, Defendants, and Fund Administrator. The Statements shall include, without limitation, a statement of receipts, investment earnings, and disbursements. The Custodian shall provide the monthly Statements as soon as available, but in no event later than ten (10) business days following the end of the month to which those statements relate. The Custodian shall provide the annual Statements as soon as available, but in no event later than forty-five (45) days following the end of each calendar year.

## CONCLUSION

For the reasons stated above Andrus Wagstaff P.C., respectfully requests that the Court approve establishment of the Fund as a qualified settlement fund, and enter an Order in the form submitted herewith.

This 6th day of November, 2017

Respectfully submitted,

/s/ Aimee H Wagstaff, Esq.
Aimee H. Wagstaff CO #36819
**Andrus Wagstaff, P.C.**
7171 W. Alaska Drive
Lakewood, CO 80226
303-376-6360 (Tel.)
303-376-6361 (Fax)
aimee.wagstaff@andruswagstaff.com
**Counsel for the Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*By*: */s/* Aimee H. Wagstaff