IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No.  2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO:<br>WAVE 5 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS REGARDING THE DOCUMENT PRODUCTION OF
<u>DR. SCOTT A. GUELCHER, PH.D.</u>**

Plaintiffs submit this Memorandum in response to Ethicon's Motion for Sanctions for alleged failure to comply with the Court's September 26, 2017 Order.[1] Plaintiffs believe they have complied with the Court's Order, as Plaintiffs have collected and produced to Ethicon any and all documents possessed by Dr. Guelcher and his co-authors which are responsive to the Court's Order.  There is simply nothing else to produce.  In support of this Memorandum, Plaintiffs have attached an affidavit detailing some of the steps taken in response to the Court's September 26, 2017 Order.[2]  Ethicon's Motion should be Denied.

**I.   Procedural History**

As Ethicon correctly points out, Scott Guelcher, Ph.D. is an expert witness for the Plaintiffs in this litigation, including cases in Wave 5.  Ethicon deposed Dr. Guelcher on August 17, 2017 regarding his opinions in the Wave 5 cases.  As a part of its August 14, 2017 Second

---

[1] Dkt. 5039 (Motion) and Dkt. 5040 (Memorandum. Hereinafter "Ethicon's Brief").
[2] Ex. A, Affidavit. Plaintiffs have made numerous attempts to contact Dr. Guelcher to sign an affidavit himself. On November 27, 2017, Plaintiffs learned that Dr. Guelcher has been in a car accident and he is currently in the intensive care unit. Plaintiffs ask the Court that any evidentiary ruling be postponed until such time as Dr. Guelcher could testify and/or submit an affidavit of his own.

1

Amended Notice of Deposition, Ethicon requested that Dr. Guelcher bring to the deposition certain documents pertaining to an article that Dr. Guelcher co-authored—Talley, *et al.*, "Oxidation and Degradation of Polypropylene Transvaginal Mesh." J. Biomater. Sci., Polymer Ed. (2017). Prior to the deposition, Plaintiffs produced all of the responsive documents that Dr. Guelcher had in his possession regarding this article, which consisted of a document titled "Supplemental Data: Supplemental Materials and Methods."[3] Following Dr. Guelcher's deposition, Ethicon filed a motion to compel the production of further documents and data related to the Talley *et al.* article. Plaintiffs opposed the production of those materials.

Following a telephonic hearing on Ethicon's motion to compel, the Court entered an Order requiring Plaintiffs to collect and produce to the defendants certain materials. *See* Ex. B, September 26, 2017 Order; *see also* Ex. C, September 26, 2017 Hearing Tr. Specifically, the Court ordered Plaintiffs to collect and produce the following materials in connection with the Talley *et al.* article: (1) Protocols; (2) Raw data; (3) Information about specimens and materials; and (4) Images, such as photographs, taken during the collection of data. *See id.*[4]

That same day, on September 26, 2017, Plaintiffs contacted Dr. Guelcher and informed him that the Court had entered an Order requiring the Plaintiffs to collect and produce this information to Ethicon.[5] Plaintiffs provided Dr. Guelcher with a copy of the Court's September 26, 2017 Order and stressed to Dr. Guelcher the seriousness of the Order. Dr. Guelcher communicated to Plaintiffs' Counsel that he would contact each of his four co-authors from the *Talley et al.* article and ask that they collect and provide any such responsive documents.[6] Since

---

[3] Ex. D, *Talley et al.* Supplemental Data; Ex. E, *Talley et al.* article.
[4] The Court's Order also Denied Ethicon's motion that they be permitted to take a supplemental deposition of Dr. Guelcher to question him about the raw data. The Court's Order also Denied Ethicon's motion to preclude Dr. Guelcher from offering opinions or testimony based upon the *Talley et al.* article.
[5] *See* Ex. A, Affidavit.
[6] *See* Ex. A, Affidavit.

that time, Plaintiffs' Counsel has spoken to Dr. Guelcher via phone and email numerous other times regarding the availability of responsive documents possessed by Dr. Guelcher's co-authors.

Dr. Guelcher was provided with raw FTIR (Fourier-transform infrared spectroscopy) data by one of his co-authors, Anne Talley, and Plaintiffs' Counsel promptly turned these documents over to Counsel for Ethicon on October 20, 2017. Dr. Guelcher informed Plaintiffs' Counsel that Anne Talley did not have any further responsive documents. The FTIR data provided to Ethicon included forty-two (42) FTIR data files. Ethicon's suggestion that this is only a "limited set of FTIR data" is baseless. *See* Ethicon's Brief at 3. There is nothing to suggest that the FTIR data Plaintiffs provided is incomplete or "limited" and Plaintiffs have produced the entirety of the FTIR data that they understand is all that Anne Talley had in her possession.

Subsequently, Dr. Guelcher was provided with raw SEM (scanning electron microscopy) data files by Russell Dunn, which Plaintiffs' Counsel promptly turned over to Counsel for Ethicon on October 31, 2017. Dr. Guelcher informed Plaintiffs' Counsel that Russell Dunn did not have any further responsive documents. Ethicon claims that the SEM production includes only "certain SEM images." Ethicon's Brief at 4. But Ethicon's suggestion that the SEM production is limited is baseless. Plaintiffs provided Ethicon with twenty-two (22) SEM images, as well as a two-page document of other testing results, and Dr. Guelcher has informed Plaintiffs that this represents all of the SEM images that are possessed by Dr. Dunn.

Dr. Guelcher has informed Plaintiffs' Counsel that two of his co-authors, Bridget Rogers and Vladimir Iakovlev informed him that they have no additional documents in their possession which would be responsive to the Court's Order.[7] Dr. Guelcher has stated that he believes he has

---

[7] *See* Ex. A, Affidavit.

taken steps beyond what is necessary in order to obtain responsive documents and he respectfully submits that he has complied with the Court's Order.[8]

Ethicon claims that "Plaintiffs have not produced the balance of the raw test data or any protocols, information about specimens and materials, or images taken during the collection of data." Ethicon's Brief at 4. But Plaintiffs have collected and produced all of the requested documents that Dr. Guelcher's and his co-authors possess. The Court clearly explained at the September 26, 2017 hearing that "if someone no longer has the data, then there's nothing to produce."[9] Plaintiffs respectfully submit that to the extent Ethicon seeks further data that has not been produced, Dr. Guelcher and his co-authors no longer have such data. Dr. Guelcher and his co-authors have produced any and all responsive data that they have. Dr. Guelcher and his co-authors are not withholding anything – there is simply nothing left to produce.[10]

## II. Ethicon's Motion for Sanctions should be denied as moot because the Plaintiffs have complied with the Court's 9/26/2017 Order

Ethicon suggests that various sanctions may be appropriate.[11] But Ethicon's position is baseless— Plaintiffs have complied with the Court's September 26, 2017 Order, as they have collected and produced all available responsive documents possessed by Dr. Guelcher and his co-authors. There is simply nothing left to produce. As such, there is no reason to even consider or apply the four *Wilson factors* (for when sanctions are appropriate) identified by Ethicon— because Plaintiffs have complied with the Court's September 26, 2017 Order. Plaintiffs have taken all reasonable and necessary steps to collect and produce the documents requested in the

---

[8] *See* Ex. A, Affidavit.
[9] Ex. D, 9/26/2017 Hearing Tr. at 7: 23-24.
[10] Conceivably, these co-authors may have <u>something</u> that Ethicon believes is discoverable, but Dr. Guelcher has undertaken more than reasonable efforts to obtain responsive information. Dr. Guelcher does not control his co-authors and each of his co-authors are separate professionals.
[11] Ethicon's Brief at 4.

Court's Order and Plaintiffs believe that there are no additional responsive documents possessed by Dr. Guelcher or his co-authors.

For this reason, Ethicon's suggestion that the Court should issue an order "requiring Plaintiffs to comply with the Court's September 26, 2017 Order within 10 days" is moot. There are no further documents to produce in response to the Order. *See* Ethicon's Brief at 5.

Ethicon's claim that Plaintiffs have acted in "bad faith" is baseless. *See* Ethicon's Brief at 5. Plaintiffs have been responsive to Ethicon's communications and there is no "bad faith" here. Plaintiffs have done everything in their power to collect and produce the requested documents in a timely manner. Ethicon claims that Plaintiffs have not fully complied with their obligations under the Order because Ethicon alleges that Plaintiffs "still have not produced" certain documents. Ethicon's Brief at 5-7. This is disturbing to Plaintiffs because Plaintiffs have had multiple calls with Counsel for Ethicon where we have asked what remaining documents Ethicon wants. Plaintiffs believe that a less draconian option than a Motion for Sanctions should have been contemplated by Counsel for Ethicon.[12]

But Plaintiffs have produced any and all documents possessed by Dr. Guelcher and his co-authors in response to the Court's Order and there are simply no more documents to produce. The Court clearly explained at the September 26, 2017 hearing that "if someone no longer has the data, then there's nothing to produce."[13] Plaintiffs respectfully submit that to the extent Ethicon seeks further data that has not been produced, it is because Dr. Guelcher and his co-authors no longer have that data. As Ethicon is well-aware, some of the testing underlying the *Talley et al.* article took place several years ago.

---

[12] The Court also asked Counsel for Ethicon to "discuss with his expert what raw data they really think would be important to impeach the article…there ought to be some effort on the defendant's side to narrow what it is that you really need and not just collect a bunch of extraneous information for no other reason than you feel like you have to have it." Plaintiffs have not heard from Counsel for Ethicon further on this issue.
[13] Ex. D, 9/26/2017 Hearing Tr. at 7: 23-24.

Likewise, Ethicon's claim that it has been "prejudiced" by Plaintiffs' alleged refusal to produce documents is meritless. Ethicon's Brief at 6. Plaintiffs are not refusing to produce anything, there is simply nothing left to produce.

Ethicon's claim that there is a need to "deter non-compliance" is also baseless as Plaintiffs have complied with the Court's Order and have taken every reasonable step to collect and produce responsive documents. *See* Ethicon's Brief at 8. And Ethicon's suggestion that "less drastic sanctions would not be effective" is also moot, as Plaintiffs have produced the available requested materials. Ethicon's Brief at 8.

## **CONCLUSION**

Plaintiffs respectfully request that the Court deny Ethicon's Motion. Plaintiffs believe that they have taken all reasonable steps to collect and produce the requested documents. Dr. Guelcher has stated that he believes that he has complied with the Court's Order. Any and all responsive documents have been collected and produced to Counsel for Ethicon. There is simply nothing else to produce. Ethicon's Motion should be denied.


Dated: November 27, 2017                                Respectfully submitted,

                                                        /s/ Edward A. Wallace
                                                        Edward A. Wallace
                                                        Timothy E. Jackson
                                                        Wexler Wallace LLP
                                                        55 W Monroe Street, Suite 3300
                                                        Chicago, Illinois 60603
                                                        T. (312) 346-2222
                                                        F. (312) 346-0022
                                                        E. eaw@wexlerwallace.com
                                                           tej@wexlerwallace.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ Edward A. Wallace