Exhibit A

Affidavit of Timothy E. Jackson

I, Timothy E. Jackson, state the following:

1. I am an attorney at the law firm Wexler Wallace LLP.

2. On September 26, 2017 the Court entered an Order, ordering the Plaintiffs to collect and produce to Defendants the following information pertaining to the article co-authored by Dr. Scott A. Guelcher, Ph.D. entitled "Oxidation and Degradation of Polypropylene Transvaginal Mesh": (1) Protocols; (2) Raw Data; (3) Information about specimens and materials; and (4) Images, such as photographs, taken during the collection of data.

3. On the same day, I emailed Dr. Guelcher to inform him of the Court's Order. I stressed the seriousness of the Order. On the same day, I also provided Dr. Guelcher with a copy of the Court's Order.

4. I spoke with Dr. Guelcher on the phone to further explain the Order. Dr. Guelcher informed me that he understood the seriousness of the Order and he informed me that he would reach out to each of his four co-authors and he would explain the Order to them.

5. I have corresponded with Dr. Guelcher numerous times since the entry of the Court's Order, both via email and on the phone. Dr. Guelcher has explained to me that after I informed him of the Court's ruling, he promptly reached out to his co-authors and asked them to provide him with any of the following that they had within their possession relating to the study: (1) Protocols; (2) Raw Data; (3) Information about specimens and materials; and (4) Images, such as photographs, taken during the collection of data.

6. Dr. Guelcher has informed me that he has spoken to each of his co-authors and that he believes each of them completely understood the Order and the seriousness with which it was to be taken.

7. Dr. Guelcher received raw FTIR and SEM data from the study from his co-authors and he provided this information to me. I promptly turned this information over to Counsel for Ethicon the same days on which I received it (October 20, 2017 and October 31, 2017). Dr. Guelcher informed me that the raw FTIR data was provided by Anne Talley. Dr. Guelcher informed me that the raw SEM data was provided by Russell Dunn. Dr. Guelcher informed me that Anne Talley and Russell Dunn informed Dr. Guelcher that they have no further responsive documents.

8. Dr. Guelcher informed me that after speaking with Bridget Rogers, Dr. Rogers informed him that she has no additional data beyond what was published in the article.

9. Dr. Guelcher informed me that after speaking with Vladimir Iakovlev, Dr. Iakovlev informed him that he has no additional documents to produce which would be responsive to the Court's Order.

10. Dr. Guelcher is a professor at Vanderbilt University where he conducts research and teaches students at the University. He also works with private entities conducting biomedical research and conducting public research with the Government on cutting edge medical technology. He does not devote himself full time to litigation consulting. Despite his schedule, he has informed me that he took the Court's September 26, 2017 Order seriously and has conducted a diligent search for documents responsive to the

Court's order. He also asked his co-authors for information that might be responsive to the Court's order.

11. Dr. Guelcher has informed me that like with other peer-reviewed articles, underlying data and information is often shared with those conducting peer-review. Dr. Guelcher has explained that each co-author is responsible for his or her data and while Dr. Guelcher has a professional relationship with his co-authors, he does not have custody or control of the documents that they have retain in connection with their work.

12. Plaintiffs believe we have taken all necessary steps and have satisfied our obligation to comply with the Court's Order to collect and product any and all responsive documents to Counsel for Ethicon.

13. Dr. Guelcher has informed Plaintiffs that he believes he has taken all necessary steps and has satisfied his obligation to comply with the Court's Order to collect and produce any and all responsive documents.

14. Over the past week, Plaintiffs have contacted Dr. Guelcher on numerous occasions by email and phone in an attempt to have Dr. Guelcher sign an affidavit to this effect.

15. At approximately noon central time today, Plaintiffs were informed that Dr. Guelcher was involved in a car accident and he is currently in the intensive care unit.

16. If Dr. Guelcher were called to testify, Plaintiffs believe he would confirm all of the above.

11/27/2017

Dated

Timothy E. Jackson

3