IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 2327<br>HONORABLE JUDGE JOSEPH R. GOODWIN |

**PRETRIAL ORDER # 275**
**(ORDER RE:  QUALIFIED SETTLEMENT FUND –**
**MOTLEY RICE LLC)**

Pending is an Unopposed Motion for Approval of Qualified Settlement Fund ("Unopposed Motion"), filed August 10, 2017. [ECF No. 4308].  Motley Rice LLC ("Motley Rice"), and Participating Law Firms ("Plaintiffs' Counsel") as counsel for certain plaintiffs in MDL No. 2327, moved the Court for entry of an Order to aid in the efficient processing and administration of a Confidential Settlement Agreement (the "Settlement Agreement") between Defendant Ethicon, Inc. and certain related companies ("Ethicon") and Plaintiffs' Counsel to resolve the claims of certain claimants against Ethicon relating to the implant of Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement).

The Court was presented with the parties' Unopposed Motion ─ now filed with this Court as ECF. No. 4308 ─ on June 5, 2017. On that same day, upon careful review and consideration, the Court approved and granted the parties' Unopposed Motion by entry of an order, which reflected the Court's approval and establishment of the parties' qualified settlement fund. However, by mistake of the Court, the order granting and approving the parties' Unopposed Motion was not entered in the clerk's minutes or the court's records. The Court, having reviewed the Motion, and finding good and sufficient cause, FINDS and ORDERS the following:

1. The Unopposed Motion [ECF No. 4308] is **GRANTED**.

2. The Court previously rendered a judgment approving the parties' Unopposed Motion but, by mistake, the order approving the parties' Unopposed Motion was not entered in the clerk's minutes or the court's records, creating an omission in the record to be rectified by an order entered *nunc pro tunc*. *See Glynne v. Wilmed Healthcare, et al.*, 699 F.3d 380, 383-84 (4th Cir. 2012) ("The purpose of an order entered nunc pro tunc is to correct mistakes or omissions in the record so that the record properly reflects the events that *actually took place*.") (emphasis in original).

3. This order shall take effect and be fully enforceable *nunc pro tunc* to the petition date, June 5, 2017, immediately upon entry hereof.

4. In order to assist in the administration of the settlement of claims brought by the clients of Motley Rice, the MOTLEY RICE-ETHICON Qualified Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg. Section 1.468B-1(c)(1). All settlements reached by and between Ethicon and Plaintiffs in state or federal litigation or Claimants who are represented by Plaintiffs' Counsel pursuant to the Master Settlement Agreement shall be paid into the MOTLEY RICE-ETHICON Qualified Settlement Fund.

5. Tice O'Sullivan of Epic Class Actions & Claims Solutions, Inc. is appointed as Fund Administrator and shall serve pursuant to the terms, conditions and restrictions of the Unopposed Motion, the parties' Master Settlement Agreement, and the parties' Escrow Agreement. Motley Rice and said Fund Administrator are

      given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion.

6. The MOTLEY RICE-ETHICON Qualified Settlement Fund, which includes all principal and interest earned thereon, shall be deposited in an account held in custody at Citibank, N.A. ("Citibank"), and Citibank shall serve as the Escrow Agent pursuant to the terms of the Parties' Escrow Agreement with Citibank. Investment related decisions shall be made pursuant to the terms and conditions set forth in the parties Master Settlement Agreement and Escrow Agreement, and disbursements from the MOTLEY RICE-ETHICON Qualified Settlement Fund shall be made pursuant to the terms of the Master Settlement Agreement and Escrow Agreement, which include provisions for payments into the MDL No. 2327 Fund.

7. The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

8. The Fund Administrator, by and through the Escrow Agent is authorized to distribute all attorneys' fees and litigation expenses, whether in the form of cash, periodic payments and the assignment of such payments, or a combination thereof.

9. The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

The court DIRECTS the Clerk to file a copy of this order in 2:12-md-02327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district *where applicable,* which includes counsel in all member cases up to and including civil action number 2:17-cv-03159. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

**SO ORDERED** by the Court 1st day of December, 2017,
**EFFECTIVE NUNC PRO TUNC TO** June 5, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE