IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br>Wave 5 & 6 Cases | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"), by counsel, submit this Reply in Support of their Motion for Sanctions [Doc. [5039] ("Mot.") and Memorandum of Law [Doc. [5040] ("Mem.")], (collectively, "Motion").

**I. The Court Should Impose Sanctions Based On Plaintiffs' Failure To Produce The Materials Identified in the Court's September 26, 2017 Order.**

In its Motion, Ethicon demonstrated that the Court should impose sanctions on Plaintiffs based on their failure to comply with the Court's September 26, 2017 Order ("9/26/2017 Order"). Specifically, Ethicon explained that Plaintiffs failed to produce a number of materials pertaining to a paper co-authored by Plaintiffs' expert Dr. Scott Guelcher—A. Talley, *et al.*, "Oxidation and degradation of polypropylene transvaginal mesh," J. Biomater. Sci., Polymer Ed. (2017)—all of which were expressly identified in the Court's 9/26/2017 Order. Mem. at 2-3, 5-7. Ethicon noted that, while Plaintiffs eventually produced certain FTIR and SEM images, they failed to produce the remainder of the raw test data (notably, no XPS data whatsoever), any protocols, any information regarding the specimens or their materials, or any images taken during the data-collection process. *Id.*

Ethicon further explained that all of these materials are important to Ethicon's ability to test the reliability of the Talley article. *Id.* at 6-7.

In their Response, Plaintiffs argue that (i) the Court should not apply the *Wilson* factors because they produced all of the responsive materials in the possession of Dr. Guelcher and his co-authors, and (ii) none of the *Wilson* factors indicate that sanctions are warranted here. Plaintiffs' arguments are without merit.

**A. Plaintiffs implicitly concede that, at a minimum, the Court should exclude Dr. Guelcher's opinions based on the Talley article.**

In their Response, Plaintiffs contend that sanctions are not warranted because they produced the FTIR and SEM data that Dr. Guelcher acquired from his co-authors, and "[t]here is simply nothing else to produce." Resp. at 1-4. For this reason, Plaintiffs contend, the Court should not even reach the *Wilson* factors. *Id.* at 4. Assuming that Plaintiffs produced all of the materials in the possession of Dr. Guelcher and his co-authors, Ethicon submits that the Court should preclude Dr. Guelcher from relying on the Talley article on this basis alone.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii), a party is entitled to the "facts or data considered by [an adverse party's expert] witness in forming" his opinions. This information is necessary to determine whether the expert's opinions are "based on sufficient facts or data," the "product of reliable principles and methods," and generated through the "reliabl[e] appli[cation of] the principles and methods to the facts[.]" *See* Fed. R. Evid. 702.

Here, Dr. Guelcher relies on the Talley article to support his opinions that the Prolene in Ethicon mesh products degrades in the human body. Thus, Ethicon is clearly entitled to the materials identified in the Court's 9/26/2017 Order to test both the reliability of the Talley article and Dr. Guelcher's opinions based on that paper.

Importantly, Plaintiffs' failure to produce these materials—for whatever reason—inhibits Ethicon's ability to fully test the reliability of the Talley article. As discussed in Ethicon's Motion, without any protocols used by the Talley authors, such as a protocol for the cleaning of explanted mesh fibers, Ethicon cannot completely evaluate the Talley authors' work by reproducing their tests. Mem. at 6. Similarly, Ethicon cannot fully assess the Talley authors' methodology and results in the absence of the raw XPS data underlying their conclusions. *Id.* At 6-7. Indeed, each of the examples of prejudice discussed in Ethicon's Motion warrants exclusion of Dr. Guelcher's opinions based on the Talley article.

Notably, although Plaintiffs claim that Ethicon has not been prejudiced because they "are not refusing to produce anything," they do not actually dispute the fact that these materials are significant to Ethicon's ability to assess the reliability of the Talley article. *See* Resp. at 6.

Accordingly, Ethicon respectfully submits that, at a minimum, the Court should issue an order precluding Dr. Guelcher from relying on the Talley article at trial.

### B. Application of the *Wilson* factors shows that sanctions are warranted.

Plaintiffs next argue that none of the *Wilson* factors shows that sanctions are warranted under the circumstances. Resp. at 5-6. But Plaintiffs' arguments cannot withstand scrutiny.

Plaintiffs assert that they did not act in bad faith because they have "been responsive to Ethicon's communications," "done everything in their power to collect and produce the requested documents in a timely manner." Resp. at 5. Plaintiffs' argument simply ignores the facts.

As discussed in the Motion, Ethicon's efforts to work with Plaintiffs regarding the 9/26/2017 Order repeatedly fell on deaf ears. *See* Mem. at 2-6. Indeed, Plaintiffs effectively ignored Ethicon's repeated requests and failed to produce *any* materials until October 20, 2017—

almost a month after the Court entered that order. *Id.* at 3. Thus, Plaintiffs' assertion that they have been "responsive" and "timely" throughout this process, (Resp. at 5), is belied by the record, (Mem. at 2-6).

Plaintiffs' bad faith conduct on this matter is further demonstrated by their initial insistence that the October 20, 2017 production satisfied their obligations under the 9/26/2017 Order. *See* Mem. at 2-3, 5-6. Indeed, it was only after Ethicon notified Plaintiffs of its intent to seek relief from the Court and reminded Plaintiffs of the scope of the 9/26/2017 Order that Plaintiffs made the October 31, 2017 production of certain SEM images. *Id.* at 3, 5-6.

Ethicon respectfully submits that, in ordering Plaintiffs to produce four specific categories of materials, the 9/26/2017 Order did not contemplate a process in which Plaintiffs would produce a subset of the requested materials and only produce more if Ethicon noticed that the production was incomplete.

Ethicon further submits that Plaintiffs' refusal to comply with the Court's 9/26/2017 Order in a timely manner is part of a pattern of delay and intransigence by Plaintiffs with respect to Ethicon's efforts to conduct discovery regarding Dr. Guelcher's opinions. As the Court is aware, Ethicon was previously forced to move for a protective order to preclude Plaintiffs from proceeding with a *de bene esse* deposition of Dr. Guelcher immediately following his Wave 5 discovery deposition. *See* Defs' Mot. for Protective Order and Mem. in Supp. [ECF No. 4132 & 4133]. As that motion explained, Plaintiffs repeatedly ignored Ethicon's requests to set Dr. Guelcher's deposition in Wave 5; unilaterally cancelled the deposition after it was set; repeatedly ignored Ethicon's requests to re-schedule the deposition; and insisted on conducting a *de bene esse* deposition of Dr. Guelcher on the same day as his Wave 5 discovery deposition. *See id.* at 1-4.

Although the Court has already ruled on that issue, the facts raised in that motion further demonstrate that Plaintiffs have consistently failed to proceed through discovery as to Dr. Guelcher's opinions in good faith.

Finally, Plaintiffs' suggestion that they acted in good faith because they have now "produced any and all of the documents possessed by Dr. Guelcher and his co-authors" is without merit. Despite the fact that Ethicon is entitled to the data underlying Dr. Guelcher's opinions under Rule 26, Plaintiffs have resisted making any meaningful production in connection with the Talley article since Ethicon sought to depose Dr. Guelcher in Wave 5. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). Further, Plaintiffs' current position that they have now produced all of the available materials is undermined by their previous insistence that their October 20 production satisfied their duties under the 9/26/2017 Order, only to make a subsequent production on October 31 under pressure from Ethicon.

With respect to the remainder of the *Wilson* factors, Ethicon notes that Plaintiffs do not actually provide a substantive response to any of Ethicon's arguments. *See* Resp. at 6. Rather, Plaintiffs effectively seek to avoid the *Wilson* factors altogether by reiterating their claim that they produced all of the available materials. *Id.* Ethicon respectfully submits that Plaintiffs should not be permitted to hide behind this conclusory, self-serving assertion.

## **CONCLUSION**

For the reasons discussed above and in Ethicon's Motion, Ethicon respectfully requests that the Court enter an order imposing sanctions on Plaintiffs based on their failure to comply with the Court's September 26, 2017 Order.

Respectfully submitted,

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
dthomas@tcspllc.com
(304) 414-1800

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
601.985.4523
christy.jones@butlersnow.com
(601) 985-4523

COUNSEL FOR DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br><br>Wave 5 & 6 Cases | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800