**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: ETHICON, INC.<br>PELVIC REPAIR SYSTEM<br>PRODUCTS LIABILITY LITIGATION** | **MDL 2327** |

*This Document Relates to the Cases listed in Exhibit A.*

**PLAINTIFFS' MOTION TO MODIFY PRETRIAL ORDER 269
DEADLINE FOR CASE SPECIFIC EXPERTS**

The Plaintiffs listed in Exhibit A attached hereto respectfully submit this Motion to Modify Pretrial Order 269's Deadline for Case Specific Experts and in support of states as follows:

## INTRODUCTION

1. On September 8, 2017, this Court entered Pretrial Order #269 ("PTO 269") placing 150 claims against Ethicon, Inc. et al. ("Ethicon") on a Docket Control Order to be prepared for trial. The 150 cases collectively are referred to as Ethicon Wave 7.

2. The Law Offices of A. Craig Eiland, P.C. ("Eiland Law") represents four (4) of the 150 Ethicon Wave 7 cases selected by this Court pursuant to PTO 269.

3. Currently, Plaintiffs general causation and case specific expert repots are due on December 13, 2017. Plaintiffs request that this Court extend the deadline for Plaintiff's **Case Specific Expert Report submission** deadline for Eiland Law Ethicon Wave 7 claims and would show as follows:

## AUTHORITY

4. Local rules of procedure allow for the modification of the time limits in a scheduling order for good cause shown.[1] Federal Rule of Civil Procedure 6 allows for the court to extend any act that "may or must be done within a specified time" for good cause shown.[2]

---

[1] *See* L.R.Civ.P.16.1(f)(1-3).
[2] *See* Fed.R.Civ.P. 6(b)(1-2).

## FACTS

5. Since the establishment of Ethicon Wave 7, Eiland Law has diligently and vigorously worked to prepare it's the Plaintiffs' cases in accordance with the governing docket control order.

6. The Parties have worked together to schedule depositions and all Plaintiffs and Loss of Consortium Plaintiff depositions have been taken.

7. Soon after the Wave 7 order was made, Ethicon, Inc. filed placeholder Notice of Depositions for the treating physicians involved in each of the Eiland Law claims. Thereafter, Ethicon, Inc. worked to schedule the depositions with the treating physicians. Throughout this time, Eiland Law has been responsive and cooperative with Ethicon, Inc.'s scheduling of treating physician depositions.

8. The first treating physician deposition of any Eiland Law Wave 7 case is scheduled for December 14, 2017, with other treating physician depositions currently scheduled for December, 20th, 2017, and January 9, 2018. Scheduling additional depositions of treating physicians continues.

9. Two of the Eiland Law Plaintiff's in Wave 7 have had mesh revision surgeries by a doctor that did not implant the mesh.

10. Eiland Law Plaintiff's Case Specific Expert Reports are due December 13, 2017.

## ARGUMENT

11. The Parties have completed the deposition testimony of all plaintiffs in this case.

12. After filing the placeholder notices of deposition for treating physicians in Eiland Law Wave 7 Claims, Ethicon, Inc. has been able to secure firm deposition dates for treating physicians beginning December 14, 2017. Ethicon, Inc. upon filing the placeholder notices of depositions, Ethicon took on the primary role of scheduling the depositions. Eiland Law has worked and

continues to work diligently with Ethicon, Inc. to schedule and depose treating physicians as quickly as possible.

13. The relief sought here is not on account of lack of due diligence by Eiland Law or Ethicon, Inc.

14. In order for a case specific expert to offer an opinion on any individual claim, at minimum, the expert must have access to medical records, testimony from the plaintiff, testimony from the physician that implanted the mesh, and, if the product has been revised or removed, testimony from the revision/removal physician. As noted above, in two of Eiland Law Wave 7 cases, the implanting physician is not the doctor that performed the subsequent revision/removal surgery of the implanted the device.

15. Plaintiffs' Counsel requests that the deadline for Case Specific Expert Reports be extended based on:

   a. Difficulties in scheduling a treating physician due to treating physician's availability;

   b. Two Eiland Law Claims require multiple doctors to be deposed because revision/removal surgeries have been performed by a non-implanting physician;

   c. Lag time between completion of deposition and production of deposition transcript; and

   d. The time for a case specific expert to digest the information and reduce opinions to a report.

16. Eiland Law will submit its general causation expert reports on December 13, 2017 but requests this Court to extend the Plaintiff Case Specific Expert Report due date to January 22, 2018. Plaintiffs requests all Defendant Expert Reports be due February 22, 2018. Plaintiffs request all rebuttal expert reports be due March 1, 2018. **Eiland Law does not request any change to the Daubert Motion deadline of March 7, 2018.**

## **PRAYER**

17. Eiland Law has applied maximum effort to obtain the necessary discovery required to allow for the timely production of case specific expert reports by December 13, 2017. However, adequate time does not exist within Pretrial Order 269's current deadlines to depose the required doctors, supply deposition testimony to case specific experts, and submit case specific expert reports by December 13, 2017 on Eiland Law's Ethicon Wave 7 claims.

18. Good cause has been shown to provide the relief requested and the relief requested does not upset the Daubert Deadlines previously contemplated by this Court.

19. Plaintiffs' Counsel hereby request that the deadline for case specific expert reports be extended to January 22, 2018, all Defendant Expert Reports be extended to February 22, 2018, and Rebuttal Expert Reports extended to March 1, 2018.

Respectfully submitted,

The Law Offices of A. Craig Eiland, P.C.

By:   */s/ A. Craig Eiland*
A. Craig Eiland
Federal Bar Admission No.: 9076
Bret Stanley
Federal Bar Admission No.: 1125950
2211 The Strand, Ste 201
Galveston, Texas 77550
(409) 763-3260
Fax (409) 763-8154
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on all cases identified in Exhibit A.  The electronic system will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By:    /s/ A. Craig Eiland
        A. Craig Eiland

**CERTIFICATE OF CONFERENCE**

I hereby certify that the Parties met and conferred over the contents of this Motion on December 12, 2017.

By:    /s/ A. Craig Eiland
        A. Craig Eiland