UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC. )
PELVIC REPAIR SYSTEMS ) MDL NO.: 23276
PRODUCTS LIABILITY LITIGATION )

## ESCROW AGREEMENT

This Escrow Agreement (the "Agreement") is entered into and shall be effective as of August 14, 2017, by and among The Bell Law Firm, PLLC ("Bell"), acting on behalf of certain claimants represented by Bell and/or counsel associating with Bell for purposes of participating in the confidential settlement agreement described herein (the "Associated Counsel")(together with Bell, "Claimants' Counsel") who all have had implanted one or more Ethicon Pelvic Mesh Products, or are asserting claim on behalf of a claimant who is not capable of asserting her own claim (collectively, "Claimants," and each a "Claimant"); and Edgar C. Gentle, III, acting as Fund Administrator and as Escrow Agent.

## RECITALS

WHEREAS, Defendants Johnson & Johnson and Ethicon, Inc. (collectively, "Ethicon") and Bell have reached a confidential settlement agreement to fully, finally, and forever resolve, discharge, and settle all cases and/or claims asserted by the Claimants (the "Settlement Agreement");

WHEREAS, this Escrow Agreement sets forth the terms and conditions whereby the funds that Ethicon deposits, or causes to be deposited, into the escrow account (the "Escrow Fund") established pursuant to this Escrow Agreement will be retained, invested, and distributed therefrom to effectuate the terms of the Settlement Agreement;

WHEREAS, the Settlement Agreement contemplates that the Escrow Fund shall be, and shall be operated as, a "qualified settlement fund" within the meaning of Section 1.468B-1, et seq., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code (the "Treasury Regulation");

WHEREAS, unless specifically defined herein, all defined terms shall have the same meaning as set forth in the Settlement Agreement;

WHEREAS, the Escrow Fund has been approved by, and is subject to the continuing jurisdiction of, the United States District Court for the Southern District of West Virginia (Charleston Division)(the "Court"); and

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

## AGREEMENT

1. **Establishment of Escrow Fund.**

    (a) The Parties hereby appoint Edgar C. Gentle, III as Escrow Agent to serve as Escrow Agent under and to administer the terms of this Agreement. Mr. Gentle accepts such appointment as Escrow Agent subject to the terms and conditions of this Agreement. The Escrow Agent undertakes to perform only such duties as are expressly set forth in this Agreement, and no other or further duties or responsibilities of the Escrow Agent shall be implied.

    (b) Ethicon will deposit the amount specified in the Settlement Agreement with Escrow Agent to be held in the Escrow Fund (together with all accrued interest thereon, less any amounts distributed hereunto pursuant to the terms hereof). These funds will be held by the Escrow Agent at Wells Fargo Bank or other financial institution(s) agreed-upon by Bell and Escrow Agent for the benefit of the Claimants and shall be released and disbursed by Escrow Agent only in accordance with the terms of this Agreement and the Settlement Agreement.

2. **Investment and Accounting of the Escrow Fund.**

    (a) The Escrow Agent may invest the Escrow Fund so as to eliminate any principal volatility risk by limiting the Escrow Fund investment regimen to short term Treasury Notes maturing before there is a liquidity need for the monies so invested and Federal Government security money market funds (e.g. Vanguard). Any loss incurred from an investment made pursuant to this Section 2 shall be borne by the Escrow Fund. All income and earnings upon the Escrow Fund shall be held as part of the Escrow Fund and paid as part of the Escrow Fund. Escrow Agent shall not have any liability for any loss sustained as a result of any investment made pursuant to the terms of this Agreement or as a result of any liquidation of any investment prior to its maturity. Escrow Agent shall have the right to liquidate any investments held in order to provide funds necessary to make required payments under this Agreement.

    (b) Receipt, investment and reinvestment of the Escrow Fund shall be confirmed by Escrow Agent as soon as practicable by account statement. Escrow Agent shall deliver to the Parties a monthly accounting in writing of property constituting the Escrow Fund and all distributions therefrom during such month. Any discrepancies in any such account statement or accounting shall be noted by Parties to Escrow Agent within sixty (60) calendar days after receipt thereof. Failure to inform Escrow Agent in writing of any discrepancies in any such account statement or accounting within said sixty (60) day period shall conclusively be deemed confirmation of such account statement or accounting, as applicable, in its entirety.

3. **Disbursements of Funds from Escrow Fund.** Escrow Agent is hereby directed to make disbursements of all or part of the Escrow Fund as follows:

(a) Escrow Agent shall deliver to Settlement Class Counsel such funds as may be required to satisfy Settlement Class Counsel's attorneys' fees and expenses (including reimbursement for Class Notice costs), but only upon Escrow Agent's receipt of any of the following:

(i) An order by the Court directing the payment to Settlement Class Counsel or their attorneys' fees and expenses (including reimbursement for Class Notice Costs) and Class Representative Service Awards and setting the amount of same and a certification by Settlement Class Counsel that has been served on Escrow Agent and Ethicon stating that the Court's order is final and unappealable; provided however that Escrow Agent shall not deliver any funds set forth in the Court's order if an Objection Motion is filed with the Court and served on the Escrow Agent within ten (10) business days following the date of the Settlement Class Counsel's certification; or

(ii) A certificate signed jointly by Ethicon and Settlement Class Counsel directing the release and disbursement of funds from the Escrow Fund to Settlement Class Counsel, stating the amount to be so released and disbursed.

(b) Escrow Agent shall deliver to Settlement Class Members and their Individual Counsel for their attorneys' fees and expenses such funds as may be required pursuant to the Settlement Agreement but only upon Escrow Agent's performance of any of the following:

(i) Distribution of a certificate signed by Escrow Agent stating (A) the total monies to be distributed to the Settlement Class Members and their Individual Counsel for their attorneys' fees and expenses for Settlement payments and the total number of Settlement Class Members to receive such claims, (B) the number, if any, of unresolved claims and the reason that the claims remain unresolved, (C) the estimated amount of unpaid Settlement Administrator costs and expenses remaining prior to Termination of the Escrow Fund, the reserve amount retained in the Escrow Fund for such costs, and an explanation for same, and (D) the date upon which the Escrow Agent intends to make the payments referenced in (A) to the Settlement Class Members and their Individual Counsel for their attorney's fees and expenses (the "Distribution Notice"); provided however that Escrow Agent shall not deliver any funds set forth in the Distribution Notice if an Objection Motion is filed with the Court and served on the Escrow Agent within ten (10)

business days following the date of the Distribution Notice; or

(ii) Receipt of a certificate signed jointly by Ethicon and Settlement Class Counsel directing the release and disbursement of funds from the Escrow Fund to the Settlement Class Members, stating the amount to be so released and disbursed.

(c) Escrow Agent shall draw for its own account and pay such other funds as may be required to pay his reasonable fees and expenses in the administration of the class settlement pursuant to the Settlement Agreement (including payment of the Third Party Neutral costs) and this Agreement but only upon Escrow Agent's performance of any of the following:

(i) Distribution of a certificate signed by Escrow Agent including (A) an invoice or other detailed description of the amount, basis and recipient for the payment, and (B) the date upon which the Escrow Agent intends to make the payments referenced in (A) (the "Distribution Notice"); provided however that Escrow Agent shall not deliver any funds set forth in the Distribution Notice if an Objection Motion is filed with the Court and served on the Escrow Agent within ten (10) business days following the date of the Distribution Notice; or

(ii) Receipt of a certificate signed jointly by Ethicon and Settlement Class Counsel directing the release and disbursement of funds from the Escrow Fund to the Settlement Class Members, stating the amount to be so released and disbursed.

(d) Escrow Agent shall pay directly to the Internal Revenue Service or other taxing authority such funds as may be required to satisfy income taxes pursuant to Section 8 of this Agreement.

(e) The term "Objection Motion" shall mean a written motion filed with the Court and served on Ethicon, Settlement Class Counsel, and the Escrow Agent setting forth the reasons for the objecting party's good faith belief that the party requesting payment under the terms of the Settlement Agreement from the Escrow Funds is not entitled to such payment and the basis for such reasons. The Objection Motion shall be resolved by the Court under its continuing jurisdiction to administer the Settlement Agreement. The Escrow Agent will not make the contested payment until the Objection Motion is resolved and that resolution is final and unappealable.

4. **Termination of Escrow Fund.** This Agreement and the Escrow Fund provided for herein shall terminate on the earliest to occur of (a) the date when all of the Escrow Fund shall have been released and disbursed in accordance with the terms of this Agreement; or (b) the date Escrow Agent receives written notice signed jointly by Ethicon and Settlement Class Counsel terminating this

4

Agreement and providing Escrow Agent with written instructions with respect to the release and disbursement of the Escrow Fund at the time of such termination. At the termination of the Escrow Fund, the Escrow Agent shall submit a final fiduciary accounting to the Court and the Parties for review and approval. Any of the Parties or the Court may at their option (but not obligation) require an outside audit or compilation of the final accounting.

5. **Escrow Agent Fees.** Escrow Agent may include within its fees described in Section 3(c) a reasonable fee for management of the Escrow Fund and Escrow Agent's other duties described herein.

6. **Scope of Undertaking.** In no event shall Ethicon have any liability or responsibility with respect to the distribution and administration of the Escrow Funds, including, but not limited to, the costs and expenses of such distribution and administration.

7. **Patriot Act Disclosure/Taxpayer Identification Numbers/Tax Reporting.** Patriot Act Disclosure. Section 326 of the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (the "USA PATRIOT Act") may require Escrow Agent to implement reasonable procedures to verify the identity of any person that opens a new account. Accordingly, the Parties acknowledge that Section 326 of the USA PATRIOT Act and Escrow Agent's identity verification procedures require Escrow Agent to obtain information which may be used to confirm the Parties' identity including without limitation name, address and organizational documents ("identifying information"). The Parties agree to provide Escrow Agent with and consent to Escrow Agent obtaining from third parties any such identifying information required as a condition of opening an account with or using any service provided by Escrow Agent.

8. **Tax Reporting.**

(a) The Parties and Escrow Agent agree that the Escrow Fund is intended to be, and shall be treated as, a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. The Escrow Agent, and as required the Parties, shall timely make such elections as necessary or advisable to effect this agreed tax treatment, including the "relation-back election" (as defined by Treasury Regulation 1.468B-1) to the earliest permitted date. The Escrow Agent shall function as the "administrator" of the Escrow Fund as defined by Treasury Regulation § 1.468B-2(k)(3), and timely and properly prepare and deliver the necessary documentation for signature by all necessary Parties, and shall cause the appropriate filings to occur. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Escrow Funds. All taxes shall be paid exclusively from the Escrow Funds.

(b) Taxes and tax expenses of the Escrow Fund shall be treated as, and considered to be, a cost of administration of the Settlement Agreement and shall be timely paid or reimbursed by the Escrow Agent out of the

Escrow Funds without prior order from the Court pursuant to Section 3(d) of this Agreement. In the event that the Ethicon are determined to have any tax liability with respect to the Escrow Fund, the Escrow Agent shall pay directly from the Escrow Fund any taxes or tax expenses to which Ethicon is subject. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution out the Escrow Funds any funds necessary to pay any tax or tax expenses, including the establishment of adequate reserves for any taxes or tax expenses, as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2.

(c) The Escrow Agent may retain or hire a qualified third party to perform any of its duties or responsibilities specified by this Section 8. The fees and expenses of such qualified third party shall be considered costs of administration of the Settlement Agreement and shall be payable from the Escrow Fund under Section 3(c).

(d) It is the sole responsibility of the Settlement Class Members to pay taxes, plus any penalties and interest, on any amounts received by them pursuant to the Settlement Agreement, and Ethicon shall have no liability for such taxes, penalties or interest or for the determination thereof.

9. **Notices and Funds Transfer Information.** All communications hereunder shall be in writing, provided to the persons identified in Section 14 of the Settlement Agreement and shall be deemed to be duly given and received:

(a) upon delivery, if delivered personally, or upon confirmed transmittal, if by facsimile or electronic mail;

(b) on the next Business Day (as hereinafter defined) if sent by overnight courier; or

10. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which when so executed and delivered will be deemed an original, and such counterparts together will constitute an original.

11. **Successors and Assigns.** This Agreement will bind and inure to the benefit of the parties and their respective successors and permitted assigns. This Agreement may not be assigned by operation of law or otherwise without the prior written consent of each of the Parties and Escrow Agent.

12. **Severability.** The provisions of this Agreement will be deemed severable, and if any provision or part of this Agreement is held illegal, void or invalid under applicable law, such provision or part may be changed to the extent reasonably necessary to make the provision or part, as so changed, legal, valid and binding. If any provision of this Agreement is held illegal, void or invalid in its entirety, the remaining provisions of this Agreement will not in any way be affected or impaired but will remain binding in accordance with their terms.

13. **Headings.** The Section headings in this Agreement are for convenience of reference only and will not be deemed to alter or affect the meaning or interpretation of any provisions hereof.

14. **Waiver.** No failure on the part of any party to exercise any power, right, privilege or remedy under this Agreement, and no delay on the part of any party in exercising any power, right, privilege or remedy under this Agreement, shall operate as a waiver of such power, right, privilege or remedy; and no single or partial exercise of any such power, right, privilege or remedy shall preclude any other or further exercise thereof or any other power, right, privilege or remedy. No party shall be deemed to have waived any claim arising out of this Agreement, or any power, right, privilege or remedy under this Agreement, unless the waiver of such claim, power, right, privilege or remedy is expressly set forth in a written instrument duly executed and delivered on behalf of such party; and any such waiver shall not be applicable or have any effect except in the specific instance in which it is given.

15. **Amendments.** This Agreement may not be amended, modified, altered or supplemented other than by means of a written instrument duly executed and delivered on behalf of each of the Parties and Escrow Agent.

16. **Parties in Interest.** None of the provisions of this Agreement is intended to provide any rights or remedies to any Person other than the Parties and Escrow Agent and their respective successors and permitted assigns, if any.

17. **Entire Agreement.** This Agreement and the other agreements referred to herein set forth the entire understanding of the Parties and Escrow Agent relating to the subject matter hereof and thereof and supersede all prior agreements and understandings among or between any of the parties relating to the subject matter hereof and thereof.

18. **Compliance with Court Orders.** The Parties and Escrow Agent expressly recognize that the Court has continuing jurisdiction to administer the Settlement Agreement and agree to venue in the Circuit Court of Jefferson County, Kentucky, for the resolution of any and all disputes arising under this Agreement.

19. **Miscellaneous.** This Agreement shall be governed by and construed under the laws of the State of Kentucky. Each party irrevocably waives any objection on the grounds of venue, forum non-conveniens or any similar grounds. The parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement. No party to this Agreement is liable to any other party for losses due to, or if it is unable to perform its obligations under the terms of this Agreement because of, acts of God, fire, war, terrorism, floods, strikes, electrical outages, equipment or transmission failure, or other causes reasonably beyond its control. All signatures of the parties to this Agreement may be transmitted by facsimile, and such facsimile will, for all purposes,

be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party

Dated as of 15th day of December, 2017.

_____
Edgar C. Gentle, III, Esq.
Fund Administrator and Escrow Agent

_____
Harry F. Bell, Jr., Esq.
The Bell Law Firm, LLC

8