IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.
        PELVIC REPAIR SYSTEMS
        PRODUCT LIABILITY LITIGATION            2:12-md-2327

-----------------------------------------------------------------

THIS DOCUMENT RELATES TO:
WAVE 5 CASES

## ORDER

Pending is Defendants' Motion for Sanctions Regarding the Document Production of Dr. Scott A. Guelcher. (ECF No. 5039). The parties fully briefed the issues, and a telephonic hearing was held by the undersigned United States Magistrate Judge on December 15, 2017. Defendants argue that Plaintiffs failed to comply with this court's order compelling them to collect protocols, raw data, information about specimens and materials, and images forming the basis of the opinions contained in the article "Oxidation and Degradation of Polypropylene Transvaginal Mesh." The article is relied upon by Plaintiffs' expert witness, Dr. Scott Guelcher, who is a co-author of the article.

Plaintiffs respond that they and Dr. Guelcher fully complied with the court's order. According to an affidavit supplied by Plaintiffs, Dr. Guelcher promptly contacted each of the four co-investigators who worked on the article and requested from them copies of any underlying data, protocols, and other materials ordered to be produced by the court. As a result of these contacts, Dr. Guelcher received additional information, which was immediately supplied to Defendants. Plaintiffs indicate that two of the investigators had

no additional information to provide, and the other two investigators turned over copies of the additional materials in their possession. Plaintiffs argue that they fully complied with the order, because "Dr. Guelcher and his co-authors are not withholding anything – there is simply nothing left to produce." (ECF No. 5082 at 4).

Based upon Plaintiffs' representations, the undersigned finds that Plaintiffs and Dr. Guelcher complied with the court's order. Consequently, sanctions are not appropriate. Defendants emphasize their position that significant facts and data underlying the article have not been supplied; thereby, prejudicing Defendants' ability to impeach the opinions in the article. For that reason, Defendants reserve their right to seek exclusion of the article and any opinions expressed therein. Defendants have a pending *Daubert* motion, which raises the unreliability of the article as a ground for its exclusion. Accordingly, for clarity's sake, the undersigned states that this order denying Defendants' request for sanctions is not intended to resolve outstanding issues regarding the reliability and admissibility of the article. Rather, this order simply memorializes the undersigned's conclusion that Plaintiffs complied with the court's order compelling them, through Dr. Guelcher, to collect any remaining facts and data in the possession of the co-investigators and supply it to Defendants.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-02327 and in the Ethicon Wave 5 cases. In cases subsequently filed in this district after 2:17-cv-04496, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously

entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:** December 15, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge