IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 2327 HONORABLE JUDGE JOSEPH R. GOODWIN |

**PRETRIAL ORDER #\_\_\_\_**
**(ORDER APPOINTING LYNN BAKER AS SPECIAL MASTER FOR PRIVATE SETTLEMENT AGREEMENT BETWEEN ETHICON AND CERTAIN PLAINTIFFS' COUNSEL)**

Simmons Hanly Conroy, LLC (collectively, "Plaintiffs' Counsel") has entered into a separate Confidential Master Settlement Agreement (the "Settlement Agreement") with Defendant Ethicon, Inc. and certain related companies ("Ethicon") to resolve the claims related to the implantation of Ethicon's Pelvic Repair Products (as defined in the Settlement Agreement). Under the provisions of the Settlement Agreement, Plaintiffs' Counsel has agreed to seek the approval of this Court to appoint a Special Master to perform certain defined functions related to the administration and implementation of the Settlement Agreement. Plaintiffs' Counsel believes that Professor Lynn A. Baker is well-qualified to perform these and other functions discussed below.

Accordingly, Plaintiffs' Counsel request, pursuant to the Court's inherent case management powers, the appointment of Professor Lynn A. Baker to assist in the administration and implementation of their settlement with Ethicon, with the authority to:

- Approve the objective criteria by which the claims of all Claimants covered by the Settlement Agreement are evaluated;

- Assist Plaintiffs' Counsel in assigning a value and determining the allocation to each Claimant based on the objective criteria;

- Serve as mediator to facilitate the resolution of any disputes that may arise related to the categorization and processing of claims under the terms of the Settlement Agreement; and

- Serve as a mediator of claims if jointly requested by Plaintiffs' Counsel and Ethicon.

Ethicon does not oppose Plaintiffs' Counsel's request. The Court, pursuant to its inherent authority, and having considered the request, and cognizant of the important public policy of encouraging settlement among litigating parties, hereby issues the following Order:

**IT IS ORDERED THAT:**

1. Professor Lynn A. Baker is hereby appointed as the Special Master for the administration of the settlement reached between Simmons Hanly Conroy, LLC and Ethicon, related to the implantation of Ethicon's Pelvic Repair Products (as defined in the Settlement Agreement).

2. The duties of the Special Master shall be as set forth in the Settlement Agreement entered into between Plaintiffs' Counsel and Ethicon. In furtherance of the fair and efficient administration and implantation of the settlements, the Special Master may have *ex parte* communications with the parties to the Settlement Agreement, Plaintiffs' Counsel and their clients, Ethicon and its counsel, or the Court, and such *ex parte* communications shall not be deemed to have waived any attorney-client privileges.

3. The Special Master shall be compensated privately as specified by agreement between Plaintiffs' Counsel and the Special Master.

4. An affidavit by the Special Master has been submitted and is attached hereto.

5. The Special Master shall report to the Court as requested by the Court.

The Court DIRECTS the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, *where applicable*, which includes counsel in all member cases up to and including civil action number 2:17-cv-03305.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: _____ 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 2327 HONORABLE JUDGE JOSEPH R. GOODWIN |

## AFFIDAVIT OF LYNN A. BAKER

LYNN A. BAKER, being duly sworn, deposes and says:

1. I am a member of the Bars of the States of Texas (active) and Arizona (inactive) and of the United States Supreme Court. I am in good standing.

2. I hold the Frederick M. Baron Chair in Law at the University of Texas School of Law, where I have taught since 1997, and where I also serve as Co-Director of the Center on Lawyers, Civil Justice, and the Media. I have also been a professor at the University of Arizona College of Law (1992-1997), and have been a visiting professor at Columbia University Law School (1997) and at Rutgers (Camden) University Law School (1997). I began my academic career teaching at the University of Virginia School of Law from 1986 to 1992. Prior to that, I served as a law clerk to Judge Amalya L. Kearse on the United States Court of Appeals for the Second Circuit in Manhattan (1985-86). I am a 1985 graduate of Yale Law School, where I served as an Article & Book Review Editor of the YALE LAW JOURNAL. I am an elected Member of the American Law Institute.

3. As a law professor, one of my principal academic interests has been ethical issues in group litigation and settlement, including issues surrounding the allocation of settlement proceeds. I regularly teach a survey course on Professional Responsibility, which includes

substantial discussion of these issues. I also often teach a seminar (titled "Mega-settlements") which focuses on large-dollar, complex settlements, and which involves extended, in-depth discussion of allocation issues in both mass tort and class action settings. I have frequently appeared as an invited speaker on these issues at symposia, conferences, and continuing legal education programs. My scholarly publications on these issues include: *I Cut, You Choose: The Role of Plaintiffs' Counsel in Allocating Settlement Proceeds*, 84 VA. L. REV. 1465 (1998) (with Charles Silver); *Aggregate Settlements and Attorney Liability: The Evolving Landscape*, 44 HOFSTRA L. REV. 291 (2016); *Mass Lawsuits and the Aggregate Settlement Rule*, 32 WAKE FOREST L. REV. 733 (1997) (with Charles Silver); and *The Aggregate Settlement Rule and Ideals of Client Service*, 41 S. TEX. L. REV. 227 (1999) (with Charles Silver). These publications have been cited by numerous commentators and courts, and in leading treatises including the ALI's PRINCIPLES OF AGGREGATE LITIGATION (2010).

    4.  I have served as an expert or consultant on ethical and/or allocation issues in dozens of large-dollar, large-group settlements, including the BP class action settlement in the U.S. District Court for the Eastern District of Louisiana, the $4.85 billion nationwide Vioxx settlement in 2007, and the $1.27 billion nationwide Fen-Phen class action settlement (Seventh Amendment) in 2006, numerous settlements involving various other pharmaceuticals and medical devices (including trans-vaginal mesh, Fosamax, NuvaRing, Risperdal, hip replacement products, Prozac, Yaz/Yasmin, hormone replacement therapy, Paxil, Avandia, Seroquel, Gadolineum, Rezulin, Zyprexa, Ortho Evra, Bextra, Celebrex, Infuse), and many settlements involving asbestos, silica, MTBE, other toxins, and the General Motors ignition switch defect. I have served as an expert in various settlements in connection with *In re WorldCom, Inc. Securities Litigation*, and in

connection with class action settlements in twelve states involving alleged wage and hour violations by Wal-Mart.

5. I previously testified in the United States District Court for the Middle District of Pennsylvania as an expert regarding the fairness and reasonableness of the $17.75 million settlement fund allocation plan in connection with the class settlement, involving more than 3,000 class members, with the Mericle Defendants, approved by that Court on December 14, 2012. See *Wallace v. Powell*, 288 F.R.D. 347, 371 (M.D. Pa. 2012). See also *Wallace v. Powell*, 301 F.R.D. 144, 163 (M.D. Pa. 2014) (related $2.5 million class settlement with the Provider Defendants, in which I provided an expert report regarding the fairness and reasonableness of the settlement fund allocation plan).

6. I have previously been appointed by the U.S. District Court for the Southern District of West Virginia to serve as a settlement allocation Special Master. See *In re: Ethicon Inc., Pelvic Repair System Products Liability Litigation* (MDL No. 2327) (Pretrial Order #263, entered July 13, 2017); *In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation* (MDL No. 2187) (Pretrial Order #202, entered Nov. 24, 2015).

7. I have thoroughly familiarized myself with the issues involved in the case captioned above, and as a result of my knowledge of that case, I can attest and affirm that I am aware of no grounds for disqualification that would prevent me from serving as a Special Master in the above captioned matter. I have reviewed the pleadings, medical information and scientific information pertaining to mesh cases generally and specifically as it relates to the litigation involving Ethicon manufactured products. I will use the information gathered and my experience in performing my duties as Special Master.

Nov. 3, 2017 — *[signature]*
_____
Lynn A. Baker