IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC.<br>PELVIC REPAIR SYSTEM<br>PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION FOR ORDER REGARDING DISPOSITION
OF NON-REVISION GYNECARE TVT PRODUCTS CASES**

Defendants, Ethicon, Inc. and Johnson & Johnson ("Ethicon")[1], move for an order establishing procedures for the voluntary dismissal or disposition of those cases where Plaintiffs allege implantation of Ethicon's currently marketed Gynecare TVT products: Gynecare TVT Retropubic (TVT) or Abdominal (TVT-A) System, Gynecare TVT Obturator System (TVT-Obturator), Gynecare TVT Abbrevo Continence System (TVT Abbrevo), and/or Gynecare TVT Exact Continence System (TVT-Exact), (hereinafter collectively "the Ethicon Gynecare TVT Products"), but Plaintiff has not had any revision surgery.

**BACKGROUND**

Several thousand cases have been filed to date in this MDL proceeding in which plaintiffs have asserted claims relating to the implantation of Ethicon Gynecare TVT Products. While thousands of these cases have been resolved, many unresolved cases involve only the implantation of an Ethicon Gynecare TVT Product(s) when the plaintiff in such case has not undergone a

---

[1] As used herein, "Ethicon" refers collectively to Johnson & Johnson, Ethicon LLC, Ethicon Inc. as well as any of its former or present parent companies, subsidiaries, affiliated companies, directors, officers, design surgeons, employees, distributors, and detail representatives named in any action pending in MDL No. 2327.

Revision Surgery as defined in the Order Regarding Disposition of Non-Revision Gynecare TVT Products Cases, attached as Exhibit A ("the Order"). Attached as Exhibit A to the Order itself is a list of all such Non-Revised Plaintiffs, to the best of Ethicon's current knowledge and belief.

Ethicon's position is, in part, that Non-Revised Plaintiffs do not currently have any cognizable claims against it. Plaintiffs have argued that the claims of the Non-Revised Plaintiffs should be preserved while their potential need for medical care continues.

## **PLAINTIFFS WITHIN THE SCOPE OF THE PROPOSED PROCEDURE**

Ethicon seeks entry of the Order to address all "Non-Revised Plaintiffs," defined as Plaintiffs who have had an Ethicon Gynecare TVT Product(s) implanted and who have not undergone any Revision Surgery as defined in the Order. The Order, if adopted by this Court, will establish a procedure whereby the Non-Revised Plaintiffs' claims against Ethicon may be voluntarily dismissed without prejudice, with the ability to refile in a federal district court of proper venue and jurisdiction within five (5) years of dismissal of the pending litigation should Plaintiff undergo a medically necessary Revision Surgery, be recommended for a medically necessary Revision Surgery, or otherwise undergo multiple qualifying procedures, within those five years, all as described with greater particularity in the Order.

Ethicon, in consideration and in return for the voluntary dismissal of a Non-Revised Plaintiff's pending action without prejudice, within ninety (90) days of the election described in the Order, would agree that if a Non-Revised Plaintiff has Revision Surgery as defined herein within five (5) years of the date of dismissal of the pending action then the statute of limitations for her claim(s) shall commence on the date of that Revision Surgery or a recommendation for Revision Surgery, whichever first occurs. Ethicon would further agree that the timely filing of a second lawsuit after a qualifying surgery shall not be barred by the statute of limitations or the

statute of repose or any argument of equity regarding the timing of the initial lawsuit so long as the subsequent lawsuit is timely filed within the 5 year period based on the qualifying surgery.

In no event is Ethicon waiving or limiting its right to raise any applicable statute of limitations that may commence upon the date of any Revision Surgery, or the recommendation for such surgery, whichever first occurs, or upon the completion of the second of such multiple qualifying procedures, all as described with greater particularity in the Order.

### PROPOSED PROCEDURE FOR NON-REVISED PLAINTIFFS' CASES

Ethicon proposes that each Non-Revised Plaintiff be ordered to elect one of two options on an Election Form to be completed and returned to Ethicon's counsel (Exhibit B to the Order) within 90 days of the entry of the Order:

A. **Election to Voluntarily Dismiss Case**. A Plaintiff may elect to dismiss her presently pending case without prejudice subject to certain waiver provisions, as set forth in the Order.

B. **Election to Continue Pending Action**. A Plaintiff may elect not to dismiss her presently pending claim. In the event a Non-Revised Plaintiff elects not to dismiss her claim but to continue her case, then, as detailed in the Order, for any case that has not completed discovery under a previous Wave Order, the discovery procedures and various deadlines in the Order will apply. For any case that is subject to a Wave discovery order, the Wave order will be abated and new deadlines for expert disclosures and completion of discovery are detailed in the Order. Upon completion of discovery, should Plaintiff's claim survive motion practice, such case shall be calendared for trial or remanded, as appropriate.

### REASONS SUPPORTING ELECTION PROCEDURE

This proposed procedure for the election to voluntarily dismiss claims is intended to balance a Non-Revised Plaintiff's potential need for future medical treatment while avoiding the necessity

of continuing the currently pending litigation and incurring further expenses.  In addition, this procedure should significantly reduce the burdens on this Court.  Judicial economy as well as the speedy, just, and fair resolution of cases should be accomplished by the mechanisms set forth in the proposed Order.

This Court has broad power to manage litigation, especially complex litigation, for the purpose of affording the parties a "just, speedy, and inexpensive" disposition of the action.  *See* Fed. R. Civ. P. 1, 16, 26, 37, 42, 53 and 83; Fed. R. Evid. 706 (court-appointed experts); *see generally* Manual for Complex Litigation, Fourth §§ 10.1, 11, 20, 22, and 23.  Among other things, the Court has the inherent authority and duty to identify, define, and resolve issues. *See, e.g.*, Fed. R. Civ. P. 16(c)(2) (authorizing "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems").

Accordingly, Ethicon moves the Court to enter the proposed Order Regarding Disposition of Non-Revision Gynecare TVT Products Cases (Ex. A).  Ethicon seeks such other general or specific relief as may be appropriate.

Respectfully submitted,

*/s/ Susan M. Robinson*
Susan M. Robinson (W.Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV  24338
(304) 414-1800
srobinson@tcspllc.com

4

/s/ *William M. Gage*
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

Counsel for Defendants
Ethicon, Inc. and Johnson & Johnson

5

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO ALL CASES** | **JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE** |

## CERTIFICATE OF SERVICE

I certify that on March 2, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Susan M. Robinson*
Susan M. Robinson (W.Va. Bar #5169)
THOMAS COMBS & SPANN, PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
srobinson@tcspllc.com