# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES ONLY TO:<br><br>WAVE SEVEN CASE LISTED ON EXHIBIT A | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE GENERAL OPINIONS AND TESTIMONY OF WILLIAM PORTER, M.D.[1]

### PRELIMINARY STATEMENT REGARDING SCOPE OF MOTION

Dr. Porter issued one report in Wave 7. *See generally* Ex. B, Rule 26 Expert Report of Dr. William Porter, M.D., *Deborah Phillips v. Ethicon, Inc.*, Civ. A. No. 2:15-cv-03766 ("Porter Report"). For the most part, the report appears aimed at issues of specific causation. *See id.* at 2 ("The focus of my evaluation is the role that the TVT-O-O [*sic*] played in causing injury to Ms. Phillips."). Despite the specific causation emphasis, Dr. Porter attempts to weave into his specific causation report several general causation opinions. *See, e.g., id.* at 2, 9.

This Motion addresses <u>only</u> Dr. Porter's general opinion testimony.[2]

### INTRODUCTION AND SUMMARY

Dr. Porter sets forth five general opinions in his reports:

---

[1] The specific case to which this memorandum relates is listed in Ex. A.

[2] Concurrently, Ethicon is filing a separate motion to exclude Dr. Porter's specific causation opinions.

1. "The most common mesh-related complications are pelvic pain, scarring in the vagina and pelvic floor, pain into the legs and thighs, dyspareunia, chronic inflammation of tissue, chronic vaginal discharge or bleeding, scar bands or scar plates in the vagina, vaginal shortening or stenosis, erosion of mesh into tissues or organs, and nerve entrapment." Ex. B, Porter Report at 2.

2. "As the vagina is a cleaned contaminated area, there is no way to completely eliminate bacteria from the surgical site. Implantation though this dirty field could allow bacteria to attach. These bacteria then can attach to the mesh and secrete a biofilm or a polysaccharide slime excreted by the bacteria. This slime could prevent the host defensive mechanism from clearing the infection. (Edmiston). This tissue response can contribute to the cause of vaginal pain, pelvic pain and chronic inflammation. This chronic inflammation/infection could be a source of pain. In addition, this chronic inflammation/infection could be a source of any future erosion, vaginal discharge and possible UTI's." *Id.* at 9.

3. "Dr. Daniel Elliott in his general expert report suggested the mesh creates a foreign body reaction and a chronic inflammatory response that can lead to chronic pain in the patient. The body's foreign body response to the mesh can cause a severe and chronic inflammatory reaction leading to excessive scarring in and around the mesh." *Id.*

4. "Dr. Bruce Rosenzweig of the general expert witness group suggests that mesh degrades over time and causes a chronic foreign body reaction, fibrotic bridging, mesh contracture/shrinkage, fraying, particle loss, roping and curling of the mesh contributing to pain. Similar opinions and information have been stated and discussed in the expert reports of Dr. Uwe Klinge and Dr. Paul J. Michaels, and I rely, at least in part, on these reports in reaching the conclusions made herein." *Id.*

5. "Ethicon's Daniel Burkley, a Principal Scientist has testified that polypropylene mesh in human beings is subject to some degree of surface degradation[.]" *Id.*

Each of Dr. Porter's five general opinions is inadmissible.

*First,* Dr. Porter's opinions are largely classic restatements of hearsay (Opinions 2, 3, 4, and 5), what is referred to in evidence class as "totem pole" hearsay. He provides no independent analysis and merely seeks to recite information from an isolated study or repeat the statements of others. Hearsay statements of this nature are not admissible.

*Second,* Ethicon concurrently is moving to exclude the general opinions of Dr. Elliott, Dr. Rosenzweig, and Dr. Klinge. To the extent that Dr. Porter is attempting to adopt their general opinions as his own, Dr. Porter's adoption of the general opinions in those reports is inadmissible

for the same reasons stated in Ethicon's motions to exclude Dr. Elliott's, Dr. Rosenzweig's, and Dr. Klinge's general opinions.

*Third,* opinions 1 and 2 of Dr. Porter's general opinions are unsupported by "facts and data" as Federal Rule 26(a)(2)(A)-(B)(i)-(iii) requires. Rule 26 requires that an expert report contain a statement of the basis for his opinions and the underlying "facts and data." Dr. Porter's failure to do so renders his opinions inadmissible.

*Fourth,* Dr. Porter lacks the requisite qualifications under Federal Rule 702 to discuss biocompatibility, materials, or polymers.

## LEGAL STANDARD

Defendants incorporate by reference the standard of review for *Daubert* motions set forth by the Court in *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 691, 701 (S.D. W. Va. 2014).

## ARGUMENT AND AUTHORITIES

**I.  Dr. Porter's General Opinions Are Nothing More than Inadmissible Hearsay.**

Several of Dr. Porter's general opinions are nothing more than a thinly veiled attempt to bring inadmissible hearsay into the Courtroom. Opinions 2, 3, 4, and 5 (as outlined above) are mere recitations of scientific literature, opinions of other plaintiff-experts, and statements of an Ethicon employee. These recitations are not expert opinions.

At its core, expert opinion must be the result of a qualified expert applying his "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a) ("A witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ."). Where a proffered expert does not apply his specialized knowledge to arrive at an opinion, the opinion does not constitute expert opinion testimony

3

under Rule 702 and should not be admitted. And while an expert may rely upon data cited by other experts, "[t]he Federal Rules of Evidence do not permit experts to simply 'parrot' the ideas of other experts or individuals." *Auther v. Oshkosh Corp.*, 2013 WL 5272959, at *3 (W.D.N.Y. Sept. 16, 2013) (quoting *In re Wagner*, 2007 WL 966010, at *4 (E.D. Pa. Mar. 29, 2007); *see also Eberli v. Cirrus Design Corp.*, 615 F. Supp. 2d 1357, 1364 (S.D. Fla. 2009) ("While it is true that an expert's testimony may be formulated by the use of the facts, data and conclusions of other experts, . . . , such expert must make some findings and not merely regurgitate another expert's opinion").

Dr. Porter's Opinions 2, 3, 4, and 5 are not "opinions" at all. They are statements of others that he has adopted as his own. No specialized knowledge was required to collect this information or was involved in arriving at these "opinions." It is the functional equivalent of Dr. Porter being asked to prepare a term paper and turning in a document that is based entirely on the work of someone else's term paper. Further, it would be impossible to examine him about the factual basis for these opinions or the methodology, if any, used in reaching these parroted opinions because they are not the result of his own work or, for that matter, <u>his</u> own opinions. Accordingly, Opinions 2, 3, 4, and 5 do not constitute expert opinion testimony within the meaning of Federal Rule 702 and, thus, should be excluded.

**II. Because Dr. Elliott's, Dr. Rosenzweig's, and Dr. Klinge's General Opinions Are Inadmissible, So Too Is Dr. Porter's Attempt to Incorporate Their Opinions by Reference.**

Concurrently, Ethicon is filing motions to exclude the general opinions of Dr. Elliott, Dr. Rosenzweig, and Dr. Klinge. For the reasons stated in those motions and supporting memorandum, their general opinions are inadmissible.

Dr. Porter's mere reference to the erroneous general opinions of Dr. Elliott, Dr. Rosenzweig, and Dr. Klinge cannot resurrect them and cause them to become admissible through

4

Dr. Porter. *See In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 605 (S.D. W. Va. 2013) (where general causation opinions that form the basis of other opinions are excluded as unreliable, any opinions relying upon the excluded opinions are inadmissible). If the Court deems that Dr. Elliott's, Dr. Rosenzweig's, and Dr. Klinge's opinions are inadmissible, then Dr. Porter may not rely upon those general reports in connection with forming his own opinions, and Dr. Porter is likewise precluded from parroting their opinions before the jury under the guise of relying upon these materials that are inadmissible under Federal Rule 702.

### III. Dr. Porter's Unsupported Opinions Fail to Satisfy Rule 26 and Are Unreliable and Inadmissible.

Dr. Porter failed to identify any basis for at least two of his general opinions. Specifically, Dr. Porter does not identify any support for his opinion regarding the "most common mesh-related complications" (Opinion 1) and his opinion about chronic inflammation (Opinion 2).

As this Court has recognized, under Federal Rule of Civil Procedure 26(a)(2)(B), an expert's report "must contain, among other things, 'a complete statement of all opinions the witness will express and the basis and reasons for them[.]'" *Lewis v. Ethicon, Inc.*, No. 2:12-cv-4301, 2014 WL 186872, at *9 (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)). Further, "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial." *Id.* (internal quotation marks omitted).

Dr. Porter's failure to identify any basis for his general opinions renders them inadmissible pursuant to Rule 26 as established by this Court's prior rulings. *See Wilkerson v. Boston Sci. Corp.*, 2015 WL 2087048, at *11 (S.D.W. Va. May 5, 2015) (excluding general expert opinion testimony of urogynecologist where expert relied only on personal observations).

5

## VI. Dr. Porter Lacks the Qualifications to Opine on Biocompatibility, Materials, or Design.

The Court should preclude Dr. Porter from rendering opinions on biomaterials, polypropylene degradation, chronic foreign body reaction, adequate pore size, adequate weight of polypropylene, and biocompatibility of polypropylene. The opinions of Dr. Elliott, Dr. Rosenzweig, Dr. Klinge, and Mr. Burkley, which Dr. Porter attempts to adopt by reference, touch upon all of these topics. Yet, as his curriculum vitae plainly discloses, Dr. Porter is not a biomaterials expert. *See* Ex. C, Curriculum Vitae. Again, his attempt to parrot the opinions of other experts in order to formulate his own so-called opinion is improper. *See. e.g.*, *Auther*, 2013 WL 5272959, at *3.

Indeed, Dr. Porter is not qualified by education, training or experience to opine on biomaterials science issues, including, without limitation, polypropylene mesh degradation, collapse, and porosity. He does not have an engineering degree in materials science. *See* Ex. C, Curriculum Vitae. He does not have a demonstrated background in polymer chemistry or biochemical or biomechanical engineering. *See id.* Nothing else in Dr. Porter's experience as a surgeon would inform his opinion that TVT-O mesh, a biomaterial, degrades in the human body. *See Edwards v. Ethicon, Inc.*, 2014 WL 3361923, at *17 (S.D.W. Va. July 8, 2014) (excluding testimony from urogynecologist on degradation and shrinkage because expert was unqualified "in light of his lack of experience with mesh degradation or shrinkage").

Accordingly, Dr. Porter lacks the qualifications necessary to offer such general opinions.

## CONCLUSION

For these reasons, the Court should exclude Dr. Porter's general opinions.

ETHICON, INC. AND
JOHNSON & JOHNSON

*/s/ William M. Gage*
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

*/s/ Susan M. Robinson*
Susan M. Robinson (W. Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

Counsel for Defendants
Ethicon, Inc. and Johnson & Johnson

**CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        */s/ William M. Gage*
        William M. Gage (MS Bar #8691)
        Butler Snow LLP
        1020 Highland Colony Parkway
        Suite 1400 (39157)
        P.O. Box 6010
        Ridgeland, MS 39158-6010
        (601) 985-4561
        william.gage@butlersnow.com

        Counsel for Defendants
        Ethicon, Inc. and Johnson & Johnson

40923258.v1