# EXHIBIT B



**BLASINGAME · BURCH · GARRARD & ASHLEY, P.C.**
Attorneys at Law

W. SEABORN ASHLEY
1947–2001

J. RALPH BEAIRD
1925–2014

E. DAVISON BURCH
of counsel

LEANNA B. PITTARD
of counsel

GARY B. BLASINGAME

HENRY G. GARRARD III

ANDREW J. HILL III

THOMAS H. ROGERS JR.

MICHAEL A. MORRIS

JAMES B. MATTHEWS III

RICHARD W. SCHMIDT

EVAN W. JONES

GEORGE W. BROWN III

DAVID A. DISMUKE

MOLLY K. TALLEY

JOSH B. WAGES

THOMAS F. HOLLINGSWORTH III

ALVIN L. BRIDGES

LEE S. ATKINSON

MICHAEL RUPPERSBURG

PATRICK H. GARRARD

SARA E. SCHRAMM

THOMAS J. JEFFORDS

HALEY C. ROBISON

P.O. Box 832
Athens, Georgia 30603
440 College Avenue, Suite 320
Athens, GA 30601
Phone 706.354.4000
Fax 706.353.0673

1021 Parkside Commons
Suite 104
Greensboro, GA 30642
Phone 706.453.7139
Fax 706.453.7842

PLEASE REPLY TO
ATHENS ADDRESS

Henry G. Garrard, III
hgarrard@bbga.com

**_Sent Via E-Mail_**
Lee Balefsky
Kline & Specter, PC
Lee.Balefsky@KlineSpecter.com

RE: Transvaginal Mesh MDL Common Benefit Fee and Cost Committee Initial Review of Fee Submission

Dear Mr. Balefsky:

I am writing to you on behalf of the Common Benefit Fee and Cost Committee appointed by the Honorable Joseph R. Goodwin with regard to MDL Nos. 2187, 2325, 2326, 2327, 2387, 2440, and 2511 (the "FCC"). The FCC is in the process of applying to the Court for an order awarding five percent of the gross value of all resolved cases for the purpose of payment of common benefit fees and expenses. If approved, the five percent award would then be available for distribution to firms seeking common benefit compensation through the FCC process. Likewise, the FCC is in the process of reviewing submissions from firms seeking reimbursement of professional time and expense associated with work that was to the common benefit of the MDL litigation in accordance with the Fee Committee Protocol established by the Court. At this time, the FCC has completed its Initial Review of your fee submissions. Once the final compensable time is established through the process outlined in the Fee Committee Protocol, the FCC will finish evaluation of expense submissions.

The challenge of reviewing the time and expense submissions is substantial. There were approximately 900,000 hours submitted to the FCC for review. The FCC has carefully reviewed each time submission and has met with the co-leads of the MDL to discuss the contributions made by each firm to the MDL common benefit. All time entries have been evaluated by the FCC under the criteria as set forth in the Fee Committee Protocol and the Orders of the Court. The time and expenses submitted by the firms who have a member on the FCC have been evaluated under the same protocol, rules and criteria. **Under the rules of the FCC, individual members of the committee cannot discuss your submission with you.** You will have the opportunity, if you desire, to discuss any issues you have in accordance with the Fee Committee Protocol. You must submit a response to the FCC by affidavit, in accordance with the terms of the Court's Fee Protocol Order.

Consistent with the Court's orders regarding common benefit – as well as applicable case law – the number of hours expended by a firm is simply one of numerous factors guiding the FCC's impending recommendations. As you are all aware, the court has outlined many criteria to apply in analyzing the overall contributions of firms and lawyers. Hours claimed are a factor but overall contribution in accordance with the court protocol are very important and significant. As an initial matter, you submitted 32,270.19 hours to be considered as common benefit time. After careful review the FCC has determined that certain hours that you submitted were not for the common benefit. The FCC's Initial Review has determined that 16,090.70 hours of that total were not for the joint and common benefit of plaintiffs and claimants whose claims have been treated by the MDL Court as part of the MDL proceedings. *See,* Exhibit A attached hereto. The reasons for the FCC's reduction of these hours include:

1. Clerical time
2. Work for the benefit of an individual case and not for the common benefit of the MDLs
3. Time outside the compensable time period as provided to you with this letter
4. Time that was not approved by leadership
5. Observing trials and depositions without meaningful participation

If you have an issue with these reductions by the FCC, then include in your final Affidavit reasons explaining why you should receive reimbursement from the common benefit fund for those items described above. In providing your explanation, you should address why the time "deemed by the FCC not to be 'for the joint and common benefit of plaintiffs and claimants whose claims have been treated by this Court as part of these proceedings'" should nevertheless be compensated. *See*, Fee Protocol Order § B, p. 3.

Additionally, the FCC also identified 10,976.54 hours of your submitted time that the FCC believes should not be recognized as common benefit or should be reduced. *See,* Exhibit B attached hereto. The FCC identified the following issues upon its completion of its initial review of your time:

1. Your firm had instances of multiple time keepers billing for the same activity on the same day;
2. Your firm had instances of time being billed in excess of fifteen (15) hours in a single day; and
3. Your firm failed to adequately code or provide sufficient detail to determine whether the time entry was compensable.

Your Affidavit "shall set forth the reasons, grounds and explanation for the Firm's entitlement to common benefit fees," for those categories of time as identified in 1 through 3 immediately above.

The FCC, as a policy, believes that time submissions of fifteen hours or more in a day are *per se* excessive. Additionally, the FCC looked at many tasks where the submitted time is believed to be excessive in relation to the task. The time that the FCC included on Exhibit A indicates that in the judgment of the FCC and under the Court's Orders that time was not expended for the common benefit of the claimants in the pelvic mesh MDLs. The FCC, as a further policy, believes that all time submitted for law clerks was not of value to the common benefit of the claimants in the pelvic mesh MDLs. There are also date ranges in which the FCC anticipates compensable time will occur.


Within the exhibits to this letter is a sheet identifying the creation date for each MDL and the end date for common benefit work for each MDL. *See* Exhibit C attached hereto. Time submission outside of these date ranges will be evaluated with close scrutiny regarding whether common benefit was derived from those entries. As a general proposition, the Committee does not believe such time is compensable.

The FCC, in accordance with the Court's Orders, has established criteria for the evaluation of expense submissions. The FCC determined that certain categories of expense were not expended for the common benefit of the claimants in the pelvic mesh MDL's. Within the exhibits to this letter is a sheet identifying those categories of expense that are NOT of common benefit. *See* Exhibit D attached hereto. The FCC requests that you review your expenses and remove any request for reimbursement of expenses identified in the exhibit as not being for the common benefit. **Your final time submission should not include requests for reimbursement of expenses identified in the attached exhibit. Additionally, when time has not been allowed as set forth in Exhibit A, expenses related to that time should be removed.**

The FCC membership is familiar with the challenges associated with trial preparation and is aware of the operation of a modern law practice. In an effort to address instances of significant duplication of time entries by multiple persons on the same date, the FCC has allowed two persons from a law firm to bill while not accepting any duplicative entries by greater than two persons per firm. This was done as an accommodation to firms. There are many instances where multiple people billed for the same task such as "receipt and review" of a document. This is not allowable under the Court's Protocol. On the other hand, where there is an actual trial that is deemed to have benefitted the MDL process, the FCC has been more liberal.

In accordance with the Court's Orders, your firm has thirty (30) days from the date of this letter in which to review the information accompanying this letter and submit your firm's final affidavit for review. The process for completing your response is as follows:

1. In the spreadsheets delivered as Exhibits A and B with this letter, a column has been added under the heading "Comments From Requesting Firm". Please add any information or explanation you deem significant for the FCC to review in making its final evaluation of the time submission. The information provided within this column cannot exceed 75 characters within any particular cell. This response will be considered your final time submission by the FCC.

2. Revise your request for expenses to be reimbursed in accordance with Exhibit D. Additionally, where expenses have been submitted for time that is not allowed as reflected on Exhibit A, the corresponding expenses should be deleted. Deliver your revised expense request spreadsheet reflecting only those expenses eligible for reimbursement as being for the common benefit of all plaintiffs and claimants.

3. Prepare the affidavit set forth under the Fee Committee Protocol in conformity with Exhibit 4 set forth in the Protocol Order including your response to the issues identified herein.

4. Deliver any comments to Exhibits A and B, your final expense submission in compliance with Exhibit D, and the affidavit to me as Chairman and to the accountant, John Jenkins, within thirty (30) days of receipt of this letter. No other submissions will be accepted by the FCC for review. Only the timely delivery of these materials will be considered by the FCC.

As a reminder for firms claiming less than 20,000 hours, you are limited to an affidavit of twenty (20) pages, and if you are claiming over 20,000 hours, the limit is twenty-five (25) pages. The process identified above gives you the opportunity to provide comment on any time identified by the FCC as being not for the common benefit. Completion of the process constitutes the delivery of your final time and expense in accordance with the Fee Committee Protocol.

Upon timely submission of the required materials, you may request an in-person meeting between a representative of your firm and the FCC in which there will be an opportunity to be heard on all matters concerning the final submission of time and expenses by your firm. Should you choose to do so, you will be expected to present on issues identified by the FCC regarding the compensability of the time submitted by your firm. Please be aware that as a result of any meeting with the FCC, the amount of time found to be for the common benefit could be increased or reduced for your firm. The meeting will take place in Charleston, West Virginia at the Robert C. Byrd United States Federal Courthouse. Additional information on dates and times will be circulated after consultation with the Honorable Joseph R. Goodwin regarding availability. If you agree with the FCC's review of your time, you will not need to schedule an in-person meeting. The Court appointed Judge Dan Stack to assist the FCC. Judge Stack will participate in all of the meetings that occur.

After completion of those meetings, the FCC will deliberate and provide its preliminary written recommendation to you. In accordance with the Fee Committee Protocol the FCC, in considering any fee award, will give appropriate consideration to the experience, talent, and contribution made by any eligible attorney or law firm submitting an application for reimbursement of costs and apportionment of attorneys' fees from the MDL Fund for work performed for common benefit. The FCC will also give appropriate consideration to the time and effort expended and the type, necessity, and value of the particular legal services rendered. In making its recommendations to the Court, the over-arching guideline that the FCC will consider is the contribution of each common benefit attorney to the outcome of the litigation. **The FCC's task is not to simply apply an hourly rate to approved hours.** In making its preliminary recommendation for payments to firms seeking compensation, the time and expense submitted will be a component, but there are other factors that will be considered in accordance with the Court's Orders regarding reimbursement for common benefit work, as well as applicable case law.

Thank you for your prompt attention to the matters addressed herein.

Very truly yours,

_____
Henry G. Garrard, III
Chairperson

_____
The Honorable Daniel J. Stack, Ret. *by HGG with permission*
External Review Specialist

_____
Renee Baggett *by HGG with permission*

_____
Yvonne M. Flaherty *by HGG with permission*

_____
Riley L. Burnett, Jr. *by HGG with permission*

_____
Carl N. Frankovitch *by HGG with permission*

_____
Thomas P. Cartmell *by HGG with permission*

_____
William H. McKee, Jr. *by HGG with permission*

_____
Clayton A. Clark *by HGG with permission*

_____
Joseph F. Rice *by HGG with permission*