# EXHIBIT D

**Hon. Daniel J. Stack (Ret)**

1529 Anton Dr., Columbia, IL 62236-2875
Phone: 618-792-8604 • • djstack@me.com

March 5, 2018

Mr. Lee B. Balefsky
Kline & Specter, PC
1525 Locust St.
Philadelphia, PA. 19102

    **Re: Transvaginal Mesh MDL Common Benefit Fee and Cost Committee Initial Review of Fee Submission letter to FCC Chairman Garrard of February 27.**

Dear Mr. Balefsky:

    Your letter of February 27, 2018 has been referred to me for reply. I do not recall if we have met before so I will just inform you that I have been appointed by Hon. Joseph R. Goodwin as the External Review Specialist to the FCC. I have served as a Special Master in several MDLs and Mass Actions by Judge David R. Herndon of the Southern District of Illinois in the Yaz and Pradaxa MDLs as well as currently in the Syngenta Corn Mass Action; by Judge Nancy Rosenstengal of the Southern District of Illinois in the Depakote Mass Action; by Judge Rodney Sipple of the E. District of Missouri in the Nuvaring MDL, by Chief Judge Edmund A. Sargus of the Southern District of Ohio in the DuPont C-8 MDL and also by Judge Goodwin in these Mesh MDLs.

    I retired as a Circuit Judge for the 3rd Circuit, Madison County, IL in 2010 after 23 years where I completed my last 6 years handling the Madison County Asbestos Docket, serving as the Supervising Judge of the Civil Division and also having presided over many complex and multi-week jury trials including the first Vioxx Jury case in the Midwest. In my capacity as a Special Master I have been and continue to be involved in the very difficult assignment of reviewing Common Benefit Fund petitions and in making my Report and Recommendation to the Court. All that I have worked on to date have been made with zero objections!

    While we have not met (to my recollection) I am familiar with your firm. The FCC has spent hundreds of hours working to ensure that a uniform and just process for the review of submissions by firms seeking payments of common benefit funds in accordance with the Court's fee protocol Orders. The FCC and I are committed to the consistent application of that process to all firms, including

yours. Your letter seeks to have your firm treated in a manner inconsistent with the process established by the FCC. Your requests also seek to circumvent the many steps in the process designed to yield a result that is just in light of the comparative time and merit of the submissions of firms seeking payment of common benefit funds. Your letter further insinuates that there are side agreements amongst members of the FCC and can be read as an effort to intimidate the FCC. Such allegations and attempts are false and intolerable. There are neither agreements nor side agreements among the members of the FCC.

My experience working with the FCC, pursuant to their appointment by Judge Goodwin, is that the FCC has labored to achieve a fair and just process for evaluation of all firms seeking compensation from common benefit funds. The allegations of your letter will not cause the FCC or me to deviate from that process. You have now received two letters of explanation regarding the process by which you should advocate for the compensability of the time submitted by your firm. The FCC will not be providing any further materials to you.

In my previous capacity in the division of common benefit funds, I have researched and studied cases from around the country from the past ten years. Based on my review, you are not entitled to any discovery; just as you are not entitled to see the spreadsheets of any of the other firms and their reviews. Furthermore, pursuant to the protocol orders, the Court considers the internal work of the Committee to be confidential.

I recommend that you participate in the process created by the FCC pursuant to the Court's Orders and described in the letters delivered to you. That process provides you with rights regarding the process of evaluation of your request for compensation. Please review the letter that was inserted in the report to your firm and follow the procedure of replying as requested in the spaces provided next to the time that was not allowed. Specifically, the Committee explained to you that in relation to Exhibit A, the FCC's reductions were principally for setting forth clerical time; work for the benefit of individual cases and not for the common benefit of the MDLs; time that is outside the compensable time period provided to you (specifically in reference to Exhibit C to that letter); time that was not approved by leadership; and time observing trials and depositions without meaningful participation.

Additionally, as to Exhibit B, the Committee has specifically identified issues with your firm having instances of multiple timekeepers billing for the same activity on the same day; time being billed in excess of 15 hours in a single day; and, failing to adequately code or provide sufficient detail to determine if the

time entry was compensable. Give the FCC and myself the opportunity to re-review your responses and determine if that changes the landscape enough to be found satisfactory to you. Then, if you are not satisfied, follow the next step in asking to participate in the personal appearance before the FCC and myself whereby we might find further understanding. And, finally, should that not produce an acceptable understanding, then I will meet with you as I will with other firms, if necessary and if it appears it might be productive, in an effort to resolve the differences in accordance with the Protocol of the Court.

Finally, the FCC, after discussion with me, has agreed to grant an extension of time in which to deliver any response regarding the compensability of time and the required Affidavit. A three-week extension of time is granted resulting in your submissions being due on or before Monday, April 9, 2018.

I am merely asking that you exhaust your administrative remedies through the established process. I look forward to further work in the process set up by the court.

Most sincerely yours,

Dan Stack (Judge Stack)

Daniel J. Stack