UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO THE FOLLOWING CASES:<br><br>ETHICON WAVE 7 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

PRETRIAL ORDER # 291
(FIRST AMENDED DOCKET CONTROL ORDER FOR WAVE 7 CASES REGARDING TRIAL DEADLINES)

By Pretrial Order ("PTO") 269, I chose 150 cases involving West Virginia plaintiffs to be placed on a wave and worked up for trial. The deadlines listed in PTO 269 are nearing completion. This Order does not purport to amend any of the remaining deadlines in Wave 7 and, therefore, the parties should heed any remaining deadlines articulated in PTO 269. The court's docket indicates **18** of the original **150** cases remain open and pending on the court's docket. *Any Wave 7 case that has not been placed on an inactive docket order or that has not been dismissed is subject to the following deadlines related to trial of these matters*:

A. IDENTIFICATION OF GENERAL CAUSATION EXPERTS

In creating Wave 7 in the Ethicon MDL, I entered Docket Control Order 269 that subjected each case selected to certain limitations on discovery. Among those limitations, I stated that:

> The parties may conduct general and specific expert discovery on the products at issue in Ethicon Wave 7. In light of the bellwether trials, Waves 1, 2, 3, 4, 5 and 6 and the substantial discovery

> conducted to date, the parties are cautioned not to engage in duplicative general expert discovery, but instead, to tailor their discovery to the remaining Ethicon defendants' products at issue (to the extent such discovery is necessary), supplementing any discovery already completed and conducting specific causation discovery for the Ethicon Wave 7 plaintiffs. In light of the common products involved in Ethicon Wave 7, the likelihood of overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases, **each side is limited to no more than five (5) experts per case (exclusive of treating physicians)**. It is the court's expectation that these experts will overlap for plaintiffs who have the same product(s), to some extent, if not entirely.

Pretrial Order 269 (Wave 7) at 2 – 3.

To facilitate the review of *Daubert* motions, and in furtherance of this court's prior order limiting each side to no more than five experts per case, I now order each party in all active cases currently pending in Wave 7 to identify in a filing with the court, to be filed in each active Wave 7 case, the general causation experts each party intends to proffer. The court expects the parties to conform to the aforementioned limitation on experts and I will not allow the parties to supplement their general causation experts list without first seeking leave of court. As previously stated in the above-cited pretrial orders, I will only consider modifications to the limitations on experts upon good cause shown.

Each plaintiff and defendant in active cases pending in Wave 7 must proffer by filing with the court a list of such experts by **March 30, 2018**. The parties must file such list **in each individual case**, and not in the main MDL.

### B. PRETRIAL AND SETTLEMENT CONFERENCES

1. *Pretrial and Final Settlement Conferences*. The court shall conduct pretrial conferences and final settlement conferences for all active Wave 7 cases on **May 11, 2018, beginning at 10:00 a.m.**

2. *Deposition Designations.* Deposition designations shall be filed by **April 11, 2018**. Any objections to an opposing party's designations, and any counter-designations shall be filed by **April 25, 2018**. Any objections to the counter-designations, and any counter-designations to an opposing party's counter-designations, shall be filed by **May 2, 2018**. Beginning on **May 3, 2018** at **9:00 a.m.**, Judge Cheryl A. Eifert will conduct a hearing on outstanding deposition designation issues in each case. She will continue from day to day until complete.

3. *Exhibit and Witness Lists.* The parties will exchange exhibit and witness lists by **April 11, 2018.**

4. *Integrated Pretrial Order.* The parties shall file a proposed integrated pretrial order in each individual case still pending pursuant to Fed. R. Civ. P. 16 **three days** prior to the pretrial conference. The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Civil Rule 16.7(b).

5. *Jury Instructions, Special Interrogatories, and Verdict Form.* In each individual case still pending, the parties shall file proposed jury instructions in charge form on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, along with a proposed verdict form on **May 1, 2018.** The court requests that the parties email the proposed jury instructions to the court's law clerk in Word format.

6. *Trial.* Trial shall commence on **May 15, 2018** at **8:30 a.m.** at the United States District Court for the Southern District of West Virginia, Room 7000, and the cases pending will be tried seriatim without interruption, except for weekends and court holidays, as pending on the trial date until all remaining Wave 7 cases are completed. The court will try the cases from oldest to newest, seriatim.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 **and in the Ethicon Wave 7 cases**. In cases subsequently filed in this district after 2:18-cv-00406, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: March 14, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE