IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Debby Gibson, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-09317 |
| | ) | |
| v. | ) | Robert C. Chambers |
| | ) | U.S. District Judge |
| Ethicon, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED PROPOSED INACTIVE DOCKET ORDER

The Court has been advised by counsel[1] that in the above-captioned case, the plaintiff(s) and Ethicon, Inc., Ethicon, LLC and Johnson & Johnson (hereinafter collectively referred to as "Ethicon"), have agreed to a settlement model with regard to Ethicon. The Court therefore finds it unnecessary to conduct further proceedings or to keep this case on the active docket. Accordingly, the Court **ORDERS** as follows:

1. All discovery deadlines are continued until further order of the Court.

2. That the Clerk retire this case from the active docket.

3. Plaintiff(s) and Ethicon may submit an agreed order of dismissal with prejudice on or before August 31, 2018; if settlement is not finalized and a dismissal order is not submitted by August 31, 2018, then the Court will

---

[1] In some cases, plaintiffs' counsel who appear for a particular plaintiff(s) have authorized other counsel to act on that counsel's behalf regarding settlement matters.

have a hearing to determine the appropriate action pertaining to any remaining cases on an inactive docket.

Counsel for plaintiff(s) and defendants are directed to provide quarterly reports as to their progress in dismissing cases on the inactive docket. The Court is aware that counsel have agreed to a settlement model for a group of cases and claims, including this case. The Court will reinstate any case placed on an inactive docket to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to: (1) an individual plaintiff's refusal or inability to consummate settlement, such motion must be accompanied by an affidavit from plaintiff explaining such refusal or inability; or, (2) an inability of plaintiff's counsel to comply with the terms of any settlement agreements, such motion must be accompanied by an affidavit from plaintiff's counsel explaining such inability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:


Respectfully submitted,

/s/ William M. Gage
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561

41060496.v1

william.gage@butlersnow.com

/s/ Susan M. Robinson
Susan M. Robinson (W. Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

Counsel for Defendants
Ethicon, Inc. and Johnson & Johnson

41060496.v1