**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| **THIS DOCUMENT RELATES TO:**<br>*Gisela Hertslet, et al. v. Ethicon, Inc., et al.*,<br>No. 2:17-cv-02381 | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR ORDER REGARDING DISPOSITION
OF NON-REVISION GYNECARE TVT PRODUCTS CASES**

Plaintiff Gisela Hertslet asserts that she was scheduled for revision surgery, but opted not to proceed with it "based on her physician's warning of a potential worsening of her already complicated condition." Pl. Resp. [Doc. No. 5445] at 2. Because of this, she asks that she be considered a "revised plaintiff" and be permitted to continue with this litigation, or alternatively that the definition of a Revised Plaintiff in the Order proposed by Ethicon be amended to include plaintiffs for whom revision surgery has been recommend, but who choose not to have the revision surgery for "valid health and well-being concerns." *Id*.; *see also* Proposed Order, Exhibit A to Defendants' Motion [Doc. No. 5313].

The proposed changes are not necessary here since Plaintiff's chief relief sought is "to preserve her claim and avoid dismissal," which she can do by electing not to dismiss her claim. Pl. Resp. at 2. Further, alteration of the definition of Revised Plaintiff as requested here is untenable and would increase litigation rather than assist in the finality of this litigation. The objection of this single plaintiff out of the thousands of plaintiffs to which the Proposed Order is applicable should not de-rail the process for everyone.

A.      **Plaintiff is not, and should not be considered, a Revised Plaintiff.**

Plaintiff argues that she should be deemed a revised plaintiff because "revision surgery is still recommended and the Plaintiff may well need this and an additional more invasive revision or repair surgery in the near future." Pl. Resp. at 2. That she may need future surgery is one of the reasons for the proposed Order: to allow a plaintiff to avoid the burdens of litigation unless such medical treatment is received. That is not a basis for considering any plaintiff to whom revision surgery is suggested a "revised plaintiff."

She notes that "the currently proposed Order of the Defendants' includes in its definition of future revised plaintiffs a 'recommendation' for revision surgery." Pl.'s Resp. at 2. While a recommendation for surgery may commence the running of the statute of limitations, any second suit can only be filed "after a qualifying surgery." *See* Proposed Order at 5. Finality of this litigation would never be attainable if the mere recommendation for revision surgery suffices.

Contrary to Plaintiff's response, she is not being "forced to undergo a recommended surgery solely for the purpose of keeping her matter active but also at the potential expense of her already worsening condition." Pl. Resp. at 2. No one is being forced into surgery. As noted, Plaintiff can elect not to dismiss her case and proceed to trial; this in fact would leave her in the same posture as revised plaintiffs who are not within the scope of the proposed Order. And the proposed Order includes "multiple qualifying procedures" as the equivalent of a Revision Surgery as well. This is not a "have revision surgery or your case is dismissed" situation as Plaintiff claims.

**B.      Plaintiff's suggested amendment to the definition of Revision Surgery is untenable.**

Plaintiff suggests that "Revision Surgery" be amended to include women to whom revision surgery has been recommended but who decline such surgery for "valid health and well-being concerns." Pl. Resp. at 2. This vague definition is fraught with problems. Indeed, revision surgery in general poses a risk of worsening of an incontinence condition, so fear of a worsening condition would apply to any plaintiff to whom any revision surgery is recommended. If this constitutes a "valid health and well-being concern," then every plaintiff could re-file her action, and this litigation will never end.

The potential for meritless claims also cannot be overlooked. A plaintiff could even demand revision surgery, obtain a doctor's agreement and then not follow through, in an attempt to qualify as a revised plaintiff who could re-file suit. As seen with regard to litigation funding efforts, plaintiffs are being encouraged to have revision surgery by doctors they have not selected and at times in direct contravention of the recommendation of their treating physician. *See* Ethicon's Reply to the Kline & Specter Plaintiffs' Response at 4-6. If all that is required is a recommendation, the opportunity to game the system vastly increases. Not to mention the fact that considering a recommendation for surgery to be an actual revision surgery would simply repeat the present situation – the filing of an untold number of claims where no revision surgery has been performed.

Finally, the language proposed by Plaintiff – that declination of revision surgery for "valid health and well-being concerns" qualifies as a revision surgery – is so vague as to defy reasonable application and will increase the litigation burden rather than reduce it. It is easy to picture motion practice and mini-trials over whether a plaintiff's declination of revision surgery was in fact valid. This proposal is simply flawed.

## CONCLUSION

Plaintiff has an option here that avoids the need to revise anything in the proposed Order: She is free to elect not to dismiss her claim. Since preservation of her claim and avoiding dismissal is her primary objective, that is the least intrusive way for her to meet her goal. Her requested amendments should be denied.

Respectfully submitted,

/s/ William M. Gage
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

/s/ Susan M. Robinson
Susan M. Robinson (W. Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

Counsel for Defendants
Ethicon, Inc. and Johnson & Johnson

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

/s/ William M. Gage
William M. Gage
