# EXHIBIT E

## Andy Snowden

| | |
|---|---|
| From: | Jennifer Cook |
| Sent: | Friday, April 20, 2018 7:06 PM |
| To: | 'Lee.Balefsky@Klinespecter.com'; 'Michelle.Tiger@Klinespecter.com'; 'Tom.Kline@Klinespecter.com' |
| Cc: | Ashley Stubbs; Marc Treadway; Walter Higgs |
| Subject: | Line & Spector - Ethicon, Inc., Pelvic Repair System Products Liability Action  MDL No. 2327 – Wave 8 Pathology [IWOV-ButlerSnow.FID7473325] |
| Attachments: | Kline & Spector Plainitffs - Wave 8 Pathology Letter -- No Preservation Information_41862833_1.PDF; Draft Motion to Preclude Pathology_41862869_1.PDF |

Counsel,

Please see the attached correspondence from Ashley Stubbs.

Sincerely,

**Jennifer E. Cook**
*Paralegal*
**Butler Snow LLP**

D: (615) 651-6608 | F: (615) 651-6701
150 3rd Avenue South, Suite 1600, Nashville, TN 37201
Jennifer.Cook@butlersnow.com | vCard

Twitter | LinkedIn | Facebook | YouTube

1

# BUTLER | SNOW

April 20, 2018

Via Mail and E-mail: Lee.Balefsky@Klinespecter.com; Michelle.Tiger@Klinespecter.com; Tom.Kline@Klinespecter.com

Lee B. Balefsky
Michelle L. Tiger
Thomas R. Kline
Kline & Specter
1525 Locust Street,
Philadelphia, Pennsylvania 19102

    Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

    As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation. I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190. If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

    As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh. Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens. In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon. PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

    Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

| | |
|---|---|
| Alisha Suarez | Alta Loague |
| Case No. 2:14cv29091 | Case No. 2:13cv30754 |
| Angela Dent | Anita M. Kohn |
| Case No. 2:14cv27262 | Case No. 2:14cv28501 |
| Arlene Nix | Barbara Burton |
| Case No. 2:13cv06574 | Case No. 2:13cv22539 |
| Barbara Leder | Barbara L. Hull |
| Case No. 2:13cv29512 | Case No. 2:14cv26340 |

ASHLEY NAIDER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

T 601.948.5711    F 601.985.4500

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

www.butlersnow.com

April 20, 2018
Page 2

Barbara R. Haizlip
Case No. 2:15cv03306
Brenda Shaffer
Case No. 2:13cv07769
Carlene Minzel
Case No. 2:13cv08274
Carol S. Vitale
Case No. 2:14cv29254
Carolyn Foley
Case No. 2:15cv01064
Celia O'Fallon
Case No. 2:14cv30122
Cherie Templin
Case No. 2:13cv10620
Collette Bagsby
Case No. 2:13cv06860
Cynthia Thompson
Case No. 2:13cv10656
Darlene Wildfong
Case No. 2:14cv01388
Debra Berube
Case No. 2:15cv07126
Delphia Plott
Case No. 2:15cv04301
Deryn Dwyer
Case No. 2:13cv25026
Donna Spadafore
Case No. 2:15cv00928
Virginia Carver
Case No. 2:13cv05122
Evelyn Jones
Case No. 2:15cv00701
Gail Musewicz
Case No. 2:14cv27281
Glenda Sheaffer
Case No. 2:14cv29117
Jacqueline Ahner
Case No. 2:13cv09790
Janice B. Grubbs
Case No. 2:13cv05120
Jennifer M. Houillon
Case No. 2:13cv10030
Johnetta Bradley
Case No. 2:15cv04398
Judy Hembree
Case No. 2:15cv01597

Bonnie Laderbush
Case No. 2:13cv24258
Brenda J. Sinkovich
Case No. 2:15cv01062
Carol S. Young
Case No. 2:14cv27926
Carolann Silvia
Case No. 2:14cv00058
Cathy A. Russell
Case No. 2:15cv03305
Chari Hoover
Case No. 2:15cv07107
Cindy Brooks
Case No. 2:13cv22692
Corliss Fowler
Case No. 2:15cv11996
Dana Endicott
Case No. 2:15cv02656
Deborah Baca
Case No. 2:14cv28542
Debra M. Metcalf
Case No. 2:14cv28533
Denise Post
Case No. 2:15cv07109
Diane Lalumiere
Case No. 2:13cv29509
Donna B. Robins
Case No. 2:15cv05209
Eileen Langowsky
Case No. 2:13cv09185
Gail Cannon
Case No. 2:14cv29621
Glenda Emerick
Case No. 2:14cv16802
Hilda Jones
Case No. 2:13cv07246
Janeen Smith
Case No. 2:14cv01378
Jennifer Gardner
Case No. 2:13cv03724
Jill D. Johnson
Case No. 2:13cv28793
Joyce Wessel
Case No. 2:14cv01383
Judy Martin
Case No. 2:13cv02883

April 20, 2018
Page 3

| | |
|---|---|
| Karen M. Hanna<br>Case No. 2:13cv06214 | Kathryn Erwin<br>Case No. 2:15cv00703 |
| Katrina Nixon<br>Case No. 2:16cv02467 | Kristen Minor<br>Case No. 2:15cv02394 |
| LaDonna Haviland<br>Case No. 2:13 cv29779 | Laurie Gergino<br>Case No. 2:14cv28538 |
| Wendy Jung<br>Case No. 2:15cv03317 | Lilyan Hoy<br>Case No. 2:15cv08089 |
| Linda Boulette<br>Case No. 2:13cv07247 | Loretta Brown<br>Case No. 2:15cv07520 |
| Lori Illjes<br>Case No. 2:15cv05910 | Lynnyce Moore<br>Case No. 2:13cv22695 |
| Mariquita R. Santistevan<br>Case No. 2:15cv02875 | Marquetta Hales<br>Case No. 2:13cv27185 |
| Mary Glaze<br>Case No. 2:15cv04397 | Mary Rambeau<br>Case No. 2:15cv05842 |
| Mary Sue Newton<br>Case No. 2:13cv11092 | Maxine Parker<br>Case No. 2:13cv03184 |
| Monica Granillo<br>Case No. 2:13cv06575 | Nancy Bauer<br>Case No. 2:15cv12751 |
| Nancy Ruf<br>Case No. 2:15cv13302 | Nancy Ottersbach<br>Case No. 2:13cv09729 |
| Naomi Jacobson<br>Case No. 2:14cv29128 | Nicole Williams<br>Case No. 2:15cv16176 |
| Norma Smith<br>Case No. 2:14cv29428 | Pamela Peterson<br>Case No. 2:14cv30125 |
| Pattie Scott<br>Case No. 2:15cv07113 | Paulada Linder<br>Case No. 2:13cv11087 |
| Peggy Bryant<br>Case No. 2:15cv04369 | Peggy Pooley<br>Case No. 2:13cv08270 |
| Rebecca Sharp<br>Case No. 2:15cv00696 | Regina Thompson<br>Case No. 2:12cv09074 |
| Renee J. MacLeod<br>Case No. 2:13cv10608 | Rita Carey<br>Case No. 2:15cv11909 |
| Rosemary Toliver<br>Case No. 2:15cv00932 | Sarah Lampron<br>Case No. 2:15cv02493 |
| Serita Capes<br>Case No. 2:13cv06571 | Sharon Murphy<br>Case No. 2:15cv13839 |
| Sharyne Anderson<br>Case No. 2:15cv11910 | Sheryl Gaughan<br>Case No. 2:15cv14349 |
| Stefanie Rutherford<br>Case No. 2:15cv01066 | Sue Bell<br>Case No. 2:15cv00708 |
| Sue May<br>Case No. 2:13cv29781 | Susan Casperson<br>Case No. 2:13cv25272 |
| Susan Long<br>Case No. 2:15cv01063 | Susie Chester<br>Case No. 2:14cv28544 |

April 20, 2018
Page 4

Tamara Searl
Case No. 2:14cv00064
Terrill Cagle
Case No. 2:15cv01768
Theresa L. Martinez
Case No. 2:15cv02881
Veronica Slusher
Case No. 2:13cv10633

Teresa Tobin
Case No. 2:14cv29130
Theresa Walz
Case No. 2:15cv04396
Vanessa Dates
Case No. 2:15cv11333

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides. Further, please provide us with details regarding the whereabouts of the explanted specimens. To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence. Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

41838823.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' MOTION TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO PATHOLOGY AND DEGRADATION CLAIMS BASED ON CERTAIN PLAINTIFFS' FAILURE TO COMPLY WITH PTO #121 AND PTO #190**

Defendants, Ethicon, Inc. and Johnson & Johnson ("Ethicon"), move for an order precluding certain Plaintiffs from offering evidence or argument relating to pathology and/or claims that Ethicon's mesh degrades based on Plaintiffs' failure to comply with PTO #121 and PTO #190.

## PLAINTIFFS' DUTY TO PRESERVE PATHOLOGY

On June 17, 2014, Magistrate Judge Cheryl Eifert entered PTO #121 which requires that Plaintiffs "take reasonable steps to preserve their explanted mesh material." *See* Exhibit A. These steps included notifying their counsel of any planned or completed surgery involving the removal of mesh material; notifying their health care provider of the duty to preserve explanted mesh material; and taking any necessary steps to facilitate preservation of the explanted mesh until it could be delivered to a third-party repository. Judge Eifert "reject[ed] Plaintiffs' contention that, for convenience sake, the duty to preserve explanted mesh should be triggered only when a case is selected for trial preparation." PTO #121, p. 5. The Court ordered the parties to negotiate a pathology protocol to govern the preservation, storage, and division of

explanted materials. The parties did this.

On August 12, 2015, Judge Eifert entered PTO #190 which provided Plaintiffs with specific instructions on the preservation of explanted materials. *See* Exhibit B. Per PTO #190, when Plaintiff's counsel learns of a potential revision/explant surgery <u>after</u> the date the surgery occurred, Plaintiffs' counsel must provide a Past Surgery preservation notice to the facility and copy Ethicon's attorneys on this correspondence. When Plaintiffs' counsel learns of a Plaintiff's potential revision/explant surgery <u>before</u> the scheduled date of surgery, Plaintiffs' counsel must timely provide a Future Surgery preservation notice to the facility and copy Ethicon's attorneys. Once the preservation notice has been sent, Steelgate, Inc.—the designated third-party repository— is responsible for arranging shipment of the materials to its facility.

To the extent that pathology materials had already been requested or were in possession of Plaintiffs or their representatives at the time PTO #190 was entered, Plaintiffs were required to provide Ethicon with a detailed inventory of the materials already obtained within forty-five (45) days of the entry of the Order. Plaintiffs were further required, within sixty (60) days of the entry of the Order, to transfer such materials for storage at Steelgate. Once Plaintiffs provide the preservation letters to Steelgate and enter into a service agreement with Steelgate, Steelgate actively seeks out the available pathology on behalf of the Plaintiffs.

### CERTAIN PLAINTIFFS HAVE NOT COMPLIED WITH PTO #121 AND PTO #190

Certain plaintiffs have failed to meet their obligations under these Orders by not providing preservation notices for each of Plaintiffs' revision/explant procedures, by not timely transferring pathology materials to Steelgate for storage, and/or by failing to provide Ethicon with any information regarding the status of explanted materials.

As a result of Plaintiffs' failure to follow the Court's pretrial orders, Steelgate has not

received a preservation request in over 600 active Wave 8 cases that involve at least one mesh revision/explant procedure. Consequently, neither Steelgate—who long ago should have possessed the pathology materials had Plaintiffs fulfilled their duties—nor Ethicon's attorneys can confirm whether pathology exists from Plaintiffs' revision procedures. In some cases, Plaintiffs have not even taken the initial step of entering into a service agreement with Steelgate so that Steelgate may confirm what materials may exist at the healthcare facilities. Attached as Exhibit C is email correspondence from Steelgate confirming the cases in which Steelgate has either not received a preservation request or in which Plaintiffs' firm has not entered into a services agreement with Steelgate.

## PATHOLOGY-RELATED EVIDENCE AND ARGUMENTS AND DEGRADATION CLAIMS SHOULD BE PRECLUDED

The parties agreed in PTO #190 that "[m]aterials related to explanted meshes are potentially unique and important evidence given the claims in cases involving surgical mesh." PTO #190, para. 1. There is no excuse for Plaintiffs' failure to comply with PTO #190. PTO #190 has been in effect since 2015 and provides clear and detailed instructions on how Plaintiffs should preserve pathology materials, and importantly, what information they must provide to Ethicon along the way. Plaintiffs' non-compliance has prejudiced Ethicon. Ethicon is unable to confirm whether all relevant pathology materials exist because Plaintiffs' have either not sent preservation requests, not provided Ethicon with any of the required information about available pathology, or have not even taken the first step of entering into a services agreement with Steelgate so that Steelgate could locate the materials on behalf of the Plaintiffs and obtain it for storage.

With less than two months until Plaintiff expert disclosures are due in Wave 8, the parties no longer have sufficient time to locate the specimens, transfer the specimens to Steelgate, divide

the materials, transfer each parties' portion to their experts, analyze and test the materials, and draft expert reports. Ethicon has been left to repeatedly hound Plaintiffs, to little or no avail, for information about explanted materials the Plaintiffs were required to provide to Ethicon long ago. Ethicon therefore requests that Plaintiffs be precluded from offering any pathology-related or materials-related evidence or argument, including claims regarding mesh degradation, in all cases in which Plaintiffs have failed to comply with this Courts' Orders governing pathology preservation.

Respectfully submitted,

Susan M. Robinson (W.Va. Bar #5169)
THOMAS COMBS & SPANN, PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
srobinson@tcspllc.com

William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

Counsel for Defendants
Ethicon, Inc. and Johnson & Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

I certify that on _____, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

Susan M. Robinson (W.Va. Bar #5169)
THOMAS COMBS & SPANN, PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
srobinson@tcspllc.com

# Andy Snowden

| | |
|---|---|
| **From:** | Balefsky, Lee <Lee.Balefsky@KlineSpecter.com> |
| **Sent:** | Monday, April 23, 2018 12:59 PM |
| **To:** | Ashley Stubbs |
| **Cc:** | Jennifer Cook; Marc Treadway; Walter Higgs; Andy Snowden; Zasada, Michelle |
| **Subject:** | Re: Line & Spector - Ethicon, Inc., Pelvic Repair System Products Liability Action MDL No. 2327 – Wave 8 Pathology [IWOV-ButlerSnow.FID7473325] |

I'll speak to my staff tomorrow and get back to you

Sent from my iPad

On Apr 23, 2018, at 1:56 PM, Ashley Stubbs <Ashley.Stubbs@butlersnow.com> wrote:

> Lee:
>
> We have to have this information in order to meet the court's deadlines. If you have no response then we will file our motion.
>
> Thanks,
> Ashley
>
> **Ashley Nader Stubbs**
> **Butler Snow LLP**
>
> D: (601) 985-4572 | F: (601) 985-4500
> 1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157
> P.O. Box 6010, Ridgeland, MS 39158-6010
> Ashley.Stubbs@butlersnow.com | vCard | Bio
>
> Twitter | LinkedIn | Facebook | YouTube
>
>
>> **From:** Balefsky, Lee [mailto:Lee.Balefsky@KlineSpecter.com]
>> **Sent:** Friday, April 20, 2018 9:15 PM
>> **To:** Jennifer Cook
>> **Cc:** Ashley Stubbs; Marc Treadway; Walter Higgs
>> **Subject:** Re: Line & Spector - Ethicon, Inc., Pelvic Repair System Products Liability Action MDL No. 2327 – Wave 8 Pathology [IWOV-ButlerSnow.FID7473325]
>>
>> This is ridiculous
>>
>> Sent from my iPhone
>>
>> On Apr 20, 2018, at 8:05 PM, Jennifer Cook <Jennifer.Cook@butlersnow.com> wrote:
>>
>>> Counsel,
>>>
>>> Please see the attached correspondence from Ashley Stubbs.

1

Sincerely,

Jennifer E. Cook
*Paralegal*
**Butler Snow LLP**

D: (615) 651-6608 | F: (615) 651-6701
150 3rd Avenue South, Suite 1600, Nashville, TN 37201
Jennifer.Cook@butlersnow.com | vCard

Twitter | LinkedIn | Facebook | YouTube

&lt;Kline & Spector Plainitffs - Wave 8 Pathology Letter -- No Preservation Information_41862833_1.PDF&gt;

&lt;Draft Motion to Preclude Pathology_41862869_1.PDF&gt;

**Andy Snowden**

**From:** Gomez, Christopher <chris.gomez@klinespecter.com>
**Sent:** Thursday, April 26, 2018 1:59 PM
**To:** Andy Snowden
**Cc:** Ashley Stubbs
**Subject:** Re: call

Thanks Andy.

Sent from my iPhone

On Apr 26, 2018, at 2:53 PM, Andy Snowden <Andy.Snowden@butlersnow.com> wrote:

> Chris,
>
> We have discussed your request for an additional two weeks to provide us with information relating to mesh specimens in your Wave 8 cases identified in Ashley's letter. Given the deadlines in this wave, we cannot agree to your request and we plan to file our motion. If you provide the requested information in the 14 days before your response to our motion is due, we will withdraw the motion or the portions of the motion no longer at issue.
>
> Thanks,
> Andy
>
>
> **From:** Gomez, Christopher [mailto:chris.gomez@klinespecter.com]
> **Sent:** Thursday, April 26, 2018 12:32 PM
> **To:** Ashley Stubbs
> **Cc:** Andy Snowden
> **Subject:** RE: call
>
> Hello Andy:
>
> Have you had a chance to discuss my request.
>
> Thanks
>
> Chris
>
> **From:** Gomez, Christopher
> **Sent:** Wednesday, April 25, 2018 10:11 AM
> **To:** Ashley Stubbs <Ashley.Stubbs@butlersnow.com>
> **Cc:** Andy Snowden <Andy.Snowden@butlersnow.com>
> **Subject:** RE: call
>
> Hi Andy
>
> Can you give me a call when you get the chance

1

Christopher A. Gomez
Kline & Specter, P.C.
1525 Locust Street
18th Floor
Philadelphia, PA 19102
T: 215-772-0428
chris.gomez@klinespecter.com
www.klinespecter.com

**From:** Ashley Stubbs <Ashley.Stubbs@butlersnow.com>
**Sent:** Wednesday, April 25, 2018 10:09 AM
**To:** Gomez, Christopher <Chris.Gomez@klinespecter.com>
**Cc:** Andy Snowden <Andy.Snowden@butlersnow.com>
**Subject:** Re: call

Chris:

My partner Andy called you re this issue. I've copied him here while I am out of the office on depositions.

Thanks,
Ashley

Sent from my iPhone

On Apr 25, 2018, at 9:00 AM, Gomez, Christopher <Chris.Gomez@klinespecter.com> wrote:

> Hi Ashley
>
> Please give me a call.. much appreciated.
>
> **From:** Gomez, Christopher
> **Sent:** Tuesday, April 24, 2018 12:15 PM
> **To:** Ashley Stubbs <Ashley.Stubbs@butlersnow.com>
> **Subject:** call
>
> Hi Ashley:
>
> Can you give me a call to discuss your April 20 letter.
>
> Thanks
>
> Chris
>
> Christopher A. Gomez
> Kline & Specter, P.C.
> 1525 Locust Street
> 18th Floor

2

Philadelphia, PA 19102  
T: 215-772-0428  
chris.gomez@klinespecter.com  
www.klinespecter.com