IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR ) <br> SYSTEM PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) | MDL NO. 2327 |

## QUALIFIED PROTECTIVE ORDER

The individuals listed on Exhibit A to the parties' Unopposed Motion [ECF No. 5560] have asserted claims in the above captioned action. These individuals have retained the following attorney(s), Goza & Honnold, L.L.C. and Bartimus, Frickleton, Robertson, Rader, P.C. ("Counsel") to represent them in the above-captioned action. Counsel agrees that they represent the individuals listed next to their names in Exhibit A. Unopposed Mot. Ex. A, 5-8 [ECF No. 5560-1].

The Court **FINDS** and **ORDERS** as follows:

1. By virtue of their status as appointed representatives of individuals listed on Exhibit A, Counsel shall resolve any potential Part A and/or Part B fee for service Medicare Secondary Payer (MSP) claim(s) related to settlements, judgments, awards, or other payments associated with the above captioned action for those individuals on Exhibit A that are or were Medicare beneficiaries.

2. By virtue of their status as appointed representatives of individuals listed on Exhibit A, Counsel shall also resolve any potential state Medicaid, Tricare, Veteran's Administration, and/or Indian Health Services (hereinafter "the Agencies") claim(s) related to settlements, judgments, awards, or other payments associated with the above

captioned action for those individuals on Exhibit A that are or were beneficiaries of the Agencies. The entry of this HIPAA-compliant qualified protective order is necessary in this action in order to permit the Agencies to transmit protected health information regarding the plaintiffs to Counsel, including any third party authorized by Counsel to assist in the resolution of the Agencies' potential liens and reimbursement claims. As such, it is hereby ordered:

a. This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable state law, created, received or collected from Plaintiffs by the Agencies, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, identification numbers and other demographic information that identifies, or could be used to identify plaintiffs; (b) eligibility and entitlement information; (c) claims information relating to the past, present, or future health care of plaintiffs; (d) claims information relating to the provision of healthcare to plaintiffs; and, (e) claims information relating to the past, present, or future payment for the provision of healthcare to plaintiffs.

b. Each Agency is hereby authorized and directed to transmit to Counsel, including any third-party specifically authorized by Counsel to assist in the resolution of potential liens or reimbursement claims, any information, including claims

    information and other protected health information, for those plaintiffs listed on Exhibit A against whom they may assert liens or reimbursement claims.

c. Counsel, including any authorized third party acting on their behalf, shall not use or disclose any protected health information or individually identifiable health information subject to this Qualified Protective Order for any purpose other than this litigation. Similarly, the Agencies shall only use the information listed on Exhibit A for the specific purposes of transmitting to Counsel any information, including claims information and other protected health information, for those plaintiffs in the above-captioned matter against whom the Agencies have asserted liens or reimbursement claims, or in whose potential settlements the Agencies may have an interest. The Agencies shall only make the information listed on Exhibit A available to those within their respective Agency who need access to the information listed on Exhibit A for the specific purpose stated in this paragraph. If the Agency utilizes outside vendors or companies to perform part or all of their tort recovery practices, the outside vendors or companies shall be expressly bound by all terms and conditions of this Qualified Protective Order.

d. Counsel, including any authorized third party acting on their behalf, shall maintain any protected health information or individually identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by Counsel with respect to its own confidential proprietary information.

e.  At the conclusion of this litigation, Counsel shall certify to the Agencies that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

**IT IS SO ORDERED.**

        **ENTERED**: April 30, 2018

        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE