IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION                                                MDL NO. 2327

_____

THIS DOCUMENT RELATES TO
*Sherry L. Morgan, et al. v. Ethicon, Inc., et al.*
*Civil Action No. 2:14-cv-18835*

ORDER

(Dismissing Defendants Ethicon, Inc., Ethicon, LLC and Johnson &
Johnson with Prejudice and Transferring Case to MDL 2325)

Pending before the court is a Joint Motion to Dismiss the Ethicon Defendants

with Prejudice filed by the plaintiffs and Ethicon, Inc., Ethicon, LLC and Johnson &

Johnson. (collectively, "Ethicon"). [ECF No. 14]. Also pending is plaintiffs' Motion to

Transfer MDLs. [ECF No. 14]. The Motions seek an order (1) granting dismissal of

Ethicon as a defendant in this action with prejudice because all claims against

Ethicon have been compromised and settled, including all claims, counterclaims,

cross-claims and third party claims; and (2) transferring the case to the appropriate

remaining MDL.

After careful consideration, it is **ORDERED** that

(1) the Joint Motion to Dismiss Ethicon with Prejudice and Plaintiff's Motion to

Transfer MDLs are **GRANTED;**

(2) the Ethicon defendants are **DISMISSED WITH PREJUDICE** as a defendant

in this action;

(3) this action is **TRANSFERRED** to MDL 2325;

(4) pursuant to Ethicon MDL PTO # 280 (Docket Control Order – Ethicon Wave 8

Cases), which states the following,

> Transfer of any Wave 8 case to any other MDL, whether by ruling
> upon a motion from plaintiff or defendants or *sua sponte* by the
> court, does not relieve the plaintiff or any remaining defendant(s)
> from the deadlines of a Docket Control Order. Any cases
> transferred into C. R. Bard, Inc. ("Bard"), American Medical
> Systems, Inc. ("AMS"), or Boston Scientific Corp. ("BSC") MDLs
> will immediately be subject to the Docket Control Order entered
> in that MDL on January 30, 2018, and any Amended Docket
> Control Orders.

this action is now subject to PTO # 249 entered in MDL 2325; and

(5) to the extent an Amended Short Form complaint has not been filed, plaintiff's

counsel is **DIRECTED** to file the appropriate Amended Short Form Complaint

within the time stated in the Motion.

The court **DIRECTS** the Clerk as follows:

(1) disassociate the civil action as a member case in MDL 2327 and re-associate it

with MDL 2325;

(2) file MDL 2325, PTO # 249 in this individual case;

(3) change the 2327 Wave 8 flag to MDL 2325 Wave 3 flag; and

(4) file a copy of this order in 2:12-md-2327 and in this individual case.

ENTER:  May 1, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE