## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM PRODUCTS        **MDL No. 2327**
LIABILITY LITIGATION        **HONORABLE**
        **JUDGE JOSEPH R.**
        **GOODWIN**

### Qualified Protective Order

On April 19, 2018, Thomas P. Cartmell, Esquire ("Counsel"), on behalf of all Ethicon, Inc. claimants ("Claimants") represented by Wagstaff & Cartmell, LLP ("Claimants' Counsel"), which Claimants are settling claims against Ethicon, Inc. in connection with a Master Settlement Agreement ("MSA") signed by the Parties on April 16, 2018 (the "Settlement Agreement"), filed an Unopposed Motion for entry of a Qualified Protective Order [ECF No. 5649].

The court **FINDS** as follows:

1. Claimants' Counsel has retained Providio Lien Counsel, a division of Providio MediSolutions (Providio) as their lien resolution administrator ("Administrator") to identify and resolve these potential liens and reimbursement claims.

2. By virtue of their status as appointed representatives of the Claimants, Claimants' Counsel and its Administrator shall resolve any potential liens and reimbursement claims, including, but not limited to, those that may be asserted with respect to federal Medicare benefits as contemplated by the Medicare Secondary Payer Act, 42 U.S.C. §1395y and interpreting case law, including but not limited to private carriers that have provided coverage pursuant to Medicare Part C (any Medicare Advantage Plan); Medicaid liens; other governmental healthcare programs with statutory reimbursement

or subrogation rights (including, by way of example without limitation, TRICARE, Veteran's Administration, and Indian Health Services benefits); private insurers and insurers represented by Rawlings & Associates and Lowey, Dannenberg, Cohen & Hart, P.C.

3.    The entry of this HIPAA-compliant qualified protective order is necessary in this action in order to permit protected health information regarding Claimants to be transmitted to Administrator, including any third party authorized by Administrator or the Court to assist in the resolution of potential liens and reimbursement claims.

4.    As such, it is hereby **ORDERED**:

   a.    Plaintiffs' Unopposed Motion for Entry of a Qualified Protective Order [ECF No. 5649] is **GRANTED.**

   b.    This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable state law, created, received or collected from Claimants by the Agencies, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, identification numbers other demographic information that identifies, or could be used to identify the Claimants; (b) eligibility and entitlement information for the Claimants; (c) claims information relating to the past, present, or future health care of the Claimants; (d) claims information relating to the provision of healthcare to Claimants; and, (e) claims

information relating to the past, present, or future payment for the provision of healthcare to Claimants.

c.  Each healthcare insurer or other entity possessing a reimbursement or subrogation claim is hereby authorized and directed to transmit to Administrator to assist in the resolution of potential liens or reimbursement claims, any information, including claims information and other protected health information, for those Claimants against whom they may assert liens or reimbursement claims.

d.  Administrator shall not use or disclose any protected health information or individually identifiable health information subject to this Qualified Protective Order for any purpose other than this litigation. Similarly, the healthcare insurers and other entities possessing a reimbursement or subrogation claim shall only use the information for the specific purposes of transmitting to Administrator any information, including claims information and other protected health information, for those Claimants associated with the above-captioned matter against whom they have asserted liens or reimbursement claims, or in whose potential settlements they may have an interest.  The healthcare insurers and other entities possessing a reimbursement or subrogation claim shall only make the information for the Claimants available to those within their respective organizations who need access to the information for the Claimants for the specific purpose stated in this paragraph.  If outside vendors or companies perform part or all of their tort recovery practices, the outside vendors or companies shall be expressly bound by all terms and conditions of this Qualified Protective Order.

e.  Administrator shall maintain any protected health information or individually

identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by Administrator with respect to its own confidential proprietary information.

F.  At the conclusion of this litigation, Claimants' Counsel shall certify to the Agencies that the protected health information or individually identifiable health information, including all copies made, has been destroyed.


ENTER:        May 2, 2018


_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE