**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | | |
|---|---|---|
| IN RE:  ETHICON, INC., PELVIC REPAIR | ) | |
| SYSTEM PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | |
| | ) | MDL Docket No. 2:12-MD-02327 |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO THE | ) | |
| CASES ON THE ATTACHED EXHIBIT A | ) | |
| | ) | |

---

**UNOPPOSED MOTION FOR ENTRY OF QUALIFIED PROTECTIVE ORDER**

The Nemeroff Law Firm (referred to herein as "Plaintiffs' Counsel"), as counsel for certain plaintiffs in the above-captioned action, files this Unopposed Motion for Entry of Qualified Protective Order, as set forth in the proposed order attached hereto as Exhibit A.

Plaintiffs' Counsel and Defendant Ethicon, Inc. and other related companies ("Ethicon") have entered into a Confidential Master Settlement Agreement (the "MSA") to resolve the claims related to the implantation of Ethicon's Pelvic Repair Products as defined in the MSA. Counsel has engaged Providio Lien Counsel, LLC to act as lien resolution administrator ("Administrator"). Under the provisions of the MSA, the Administrator is responsible for identifying and resolving all liens that have been or may be asserted by the Medicaid programs of each state and territory and of the District of Columbia (the "Single State Agencies") and where appropriate, any Other Governmental Healthcare Programs, including but not limited to: TRICARE, VA Healthcare and Indian Health Services (the "Other Governmental Programs") and any Private Health Insurance plans (collectively, the "Agencies"), which are related to the implantation of any of Ethicon's Pelvic Repair Products as defined in the MSA.

1

Plaintiffs' Counsel and the Administrator believe that receipt of certain health information maintained by the Agencies is necessary for the Administrator to resolve the liens. The information required by the Administrator contains protected health information and individually identifiable health information, some of which may be protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC §1320d et seq.) and the regulations promulgated thereunder (45 CFR §§ 160, 164 et seq.) ("HIPAA").

The attached proposed order will allow the Agencies to transmit protected health information of the MSA claimants directly to the Administrator to assist in the resolution of asserted liens. The Agencies producing HIPAA-protected information pursuant to this Order would be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and similar provisions of State law, if any. The proposed order also provides for destruction of any protected health information produced by the Agencies to the Administrator at the conclusion of the administration.

Plaintiffs' Counsel believes that such a Qualified Protective Order is necessary to facilitate the resolution of the Agencies' liens and, therefore, respectfully requests that the Court enter the proposed Order attached hereto as Exhibit A.

Respectfully submitted,

/s/ *Ellen A. Presby*
Ellen A. Presby
Nemeroff Law Firm
12720 Hillcrest Road, Suite 700
Dallas, TX 75230
(214) 774-2258
(214) 393-7897 (fax)
ellenpresby@nemerofflaw.com

Counsel for the Plaintiffs

2

### CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


By: /s/ *Ellen A. Presby*
Ellen A. Presby