**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL 2327** |
| **THIS DOCUMENT RELATES TO:** <br><br> **WAVE 8 CASES LISTED IN EXHIBIT A** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**DEFENDANTS' MOTION TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO PATHOLOGY AND DEGRADATION CLAIMS BASED ON THE FAILURE TO COMPLY WITH PTO #121 AND PTO #190 BY CERTAIN PLAINTIFFS**

Defendants, Ethicon, Inc. and Johnson & Johnson ("Ethicon"), move for an order precluding certain Plaintiffs from offering evidence or argument relating to pathology and/or claims that Ethicon's mesh degrades based on certain Plaintiffs' failure to comply with PTO #121 and PTO #190.[1]

**ARGUMENT**

**I.       Plaintiffs' Duty to Preserve Pathology**

On June 17, 2014, Magistrate Judge Cheryl Eifert entered PTO #121, which requires that Plaintiffs "take reasonable steps to preserve their explanted mesh material." *See* Exhibit B. These steps included notifying their counsel of any planned or completed surgery involving the removal of mesh material; notifying their health care provider of the duty to preserve explanted mesh material; and taking any necessary steps to facilitate preservation of the explanted mesh until it could be delivered to a third-party repository. Judge Eifert "reject[ed] Plaintiffs' contention that, for convenience sake, the duty to preserve explanted mesh should be triggered only when a case

---

[1] Attached as Exhibit A is a list of the Plaintiffs to which this motion applies.

is selected for trial preparation." PTO #121, p. 5. The Court ordered the parties to negotiate a pathology protocol to govern the preservation, storage, and division of explanted materials. The parties did this.

On August 12, 2015, Judge Eifert entered PTO #190, which provided Plaintiffs with specific instructions on the preservation of explanted materials. *See* Exhibit C. Per PTO #190, when Plaintiffs' counsel learns of a potential revision/explant surgery <u>after</u> the date the surgery occurred, Plaintiffs' counsel must provide a Past Surgery preservation notice to the facility and copy Ethicon's attorneys on this correspondence. When Plaintiffs' counsel learns of a Plaintiff's potential revision/explant surgery <u>before</u> the scheduled date of surgery, Plaintiffs' counsel must timely provide a Future Surgery preservation notice to the facility and copy Ethicon's attorneys. Once the preservation notice has been sent, Steelgate, Inc.—the designated third-party repository— is responsible for arranging shipment of the materials to its facility.

To the extent that pathology materials had already been requested or were in possession of Plaintiffs or their representatives at the time PTO #190 was entered, Plaintiffs were required to provide Ethicon with a detailed inventory of the materials already obtained within forty-five (45) days of the entry of the Order. Plaintiffs were further required, within sixty (60) days of the entry of the Order, to transfer such materials for storage at Steelgate. Once Plaintiffs provide the preservation letters to Steelgate and enter into a service agreement with Steelgate, Steelgate actively seeks out the available pathology on behalf of the Plaintiffs.

## II. Certain Plaintiffs Have Not Complied with PTO #121 and PTO #190

Certain plaintiffs have failed to meet their obligations under these Orders by not providing preservation notices for each of Plaintiffs' revision/explant procedures, by not timely transferring pathology materials to Steelgate for storage, and/or by failing to provide Ethicon with any

information regarding the status of explanted materials.

As a result of Plaintiffs' failure to follow the Court's pretrial orders, Steelgate has not received a preservation request in several hundred active Wave 8 cases that involve at least one mesh revision/explant procedure.  Consequently, neither Steelgate—who long ago should have possessed the pathology materials had Plaintiffs fulfilled their duties—nor Ethicon's attorneys can confirm whether pathology exists from Plaintiffs' revision procedures.  In some cases, Plaintiffs have not even taken the initial step of entering into a service agreement with Steelgate so that Steelgate may confirm what materials may exist at the healthcare facilities.  Attached as Exhibit D is email correspondence from Steelgate confirming the cases in which Steelgate has either not received a preservation request or in which Plaintiffs' firm has not entered into a services agreement with Steelgate.[2]

### III.    Plaintiffs Should Be Prohibited From Offering Any Pathology-Related or Materials-Related Evidence or Argument, Including Degradation Claims.

Rule 37(b)(2) gives the Court broad discretion in imposing penalties for failure to obey a discovery order, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).  "An MDL judge bears the enormous task of mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality, and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery."  *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2:15-CV-01290, 2015 WL 3774767, at *1 (S.D.W. Va. June 16, 2015) (citation and internal quotation marks

---

[2] Between April 23, 2018 and On April 30, 2018, Ethicon notified Plaintiffs' counsel of its intention to file this motion if Plaintiffs' failures to provide information were not remedied.  Attached as Exhibit E are copies of the correspondence from Ethicon to Plaintiffs' counsel.

omitted).  Exclusion of Plaintiffs' pathology- or materials-related arguments is the appropriate remedy here.

The parties agreed in PTO #190 that "[m]aterials related to explanted meshes are potentially unique and important evidence given the claims in cases involving surgical mesh." PTO #190, para. 1.  PTO #190 has been in effect since 2015 and provides clear and detailed instructions on how Plaintiffs should preserve pathology materials, and importantly, what information they must provide to Ethicon along the way.  There is simply no excuse for Plaintiffs' wholesale failure to comply with PTO #190.

Further, Plaintiffs' non-compliance has prejudiced Ethicon.  Due to Plaintiffs' noncompliance, Ethicon is unable to confirm whether all relevant pathology materials exist because Plaintiffs' have either not sent preservation requests, not provided Ethicon with any of the required information about available pathology, or have not even taken the first step of entering into a services agreement with Steelgate so that Steelgate could locate the materials on behalf of the Plaintiffs and obtain it for storage.

The entire purpose behind PTO # 190 was to give both sides fair access to these materials. With less than one month until Plaintiffs' expert disclosures are due in Wave 8, the parties no longer have sufficient time to locate the specimens, transfer the specimens to Steelgate, divide the materials, transfer each parties' portion to their experts, analyze and test the materials, and draft expert reports.  Without the ability to perform these critical tasks, Ethicon will be handicapped in its ability to respond to Plaintiffs' materials-based arguments through no fault of its own.

## CONCLUSION

For these reasons, Ethicon requests that Plaintiffs be precluded from offering any pathology-related or materials-related evidence or argument, including claims regarding mesh

degradation, in all cases in which Plaintiffs have failed to comply with this Courts' Orders governing pathology preservation.

Respectfully submitted,

*/s/ Susan M. Robinson*
Susan M. Robinson (W.Va. Bar #5169)
THOMAS COMBS & SPANN, PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800
srobinson@tcspllc.com


*/s/ William M. Gage*
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

Counsel for Defendants
Ethicon, Inc. and Johnson & Johnson

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL 2327** |
| **THIS DOCUMENT RELATES TO:** <br><br> **ALL CASES** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ William M. Gage*
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com