# EXHIBIT E



April 26, 2018

Via Mail and E-mail:  jimmy@doylefirm.com

James V. Doyle Jr.
Doyle Law Firm
Suite 650
2100 Southbridge Parkway
Birmingham, AL 35209

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

    As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

    As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

    Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

    Hackney, Andra
    Case No. 2:14cv10229

    Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

BUTLER SNOW LLP

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T 601.948.5711*

*F 601.985.4500*

*www.butlersnow.com*

April 26, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 30, 2018

Via Mail and E-mail:  chernandez@fittslawfirm.com

Christina Y. Hernandez
Fitts Law Firm
Galleria Tower, Suite 1120
2700 Post Oak Boulevard
Houston, TX 77056

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
                MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

      Hale, Anna
      Case No. 2:16cv10857

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

BUTLER SNOW LLP

*T 601.948.5711*      F 601.985.4500*      www.butlersnow.com*

April 30, 2018
Page 2


      If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 30, 2018

Via Mail and E-mail:  rjt@ttlf.com

Robert J. Talaska
The Talaska Law Firm
442 Heights Boulevard
Houston, TX 77007

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

      Harris, Suzanne
      Case No. 2:16cv12010

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711          F 601.985.4500          www.butlersnow.com

April 30, 2018
Page 2

   If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

        Sincerely,

        BUTLER SNOW LLP

        ASHLEY STUBBS



April 27, 2018

Via Mail and E-mail:  marc@liptonlaw.com

Marc E. Lipton
Lipton Law
Suite 3000
18930 West Ten Mile Road
Southfield, MI 48075

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

      As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

      As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

      Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

      Hempstead, Anita
      Case No. 2:13cv09300

      Please provide us with the required information for each of your Wave 8 cases listed above.  This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                                      *Suite 1400*
*Ridgeland, MS 39158-6010*                           *1020 Highland Colony Park*
                                       *Ridgeland, Mississippi 39157*

*BUTLER SNOW LLP*

*T 601.948.5711*                       *F 601.985.4500*                       *www.butlersnow.com*

April 27, 2018
Page 2

 If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 27, 2018

Via Mail and E-mail:  mortonca@bellsouth.net

Cathy H. Morton
Kizer & Black
329 Cates Street
Maryville, TN 37801-4903

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

      Hodge, Barbara
      Case No. 2:15cv12908

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

BUTLER SNOW LLP

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T 601.948.5711*      *F 601.985.4500*      *www.butlersnow.com*

April 27, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence. Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

BUTLER | SNOW

April 25, 2018

Via Mail and E-mail: mark.davis@daviscrump.com

Mark W. Davis
Davis & Crump
Third Floor
1712 15th Place
Gulfport, MS 39501

   Re: Ethicon, Inc., Pelvic Repair System Products Liability Action
     MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

   As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation. I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190. If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

   As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh. Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens. In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon. PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

   Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below. Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

   Irvin Alice        Dodson, Mitsey
   Case No 2:14cv16534     Case No. 2:13cv03546

   Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides. Further, please provide us with details regarding the whereabouts of the explanted specimens. To the extent any gross specimens, tissue

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

Post Office Box 6010
Ridgeland, MS 39158-6010

BUTLER SNOW LLP

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711   F 601.985.4500   www.butlersnow.com

April 25, 2018
Page 2

blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

     If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

                    Sincerely,

                    BUTLER SNOW LLP

                    ASHLEY STUBBS



April 24, 2018

Via Mail and E-mail:  twalsh@brownchiari.com

Theresa M. Walsh
Brown Chiari
5775 Broadway
Lancaster, NY 14086

Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
       MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

Johnson, Lisa A.
Case No. 2:14cv29438

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*          *Suite 1400*
*Ridgeland, MS 39158-6010*      *1020 Highland Colony Park*
                                *Ridgeland, Mississippi 39157*

*BUTLER SNOW LLP*

*T 601.948.5711*        *F 601.985.4500*        *www.butlersnow.com*

April 24, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

.



April 26, 2018

Via Mail and E-mail:  lm@kbklawyers.com; mfox@mjfwlaw.com

Lina B. Melidonian                       Mark A. Milstein
KABATECK BROWN KELLNER         MILSTEIN ADELMAN
Engine Company No. 28 Building        10250 Constellation Boulevard
644 South Figueroa Street             Suite 1400
Los Angeles, CA 90017                 Los Angeles, CA 90067


          Re:     Ethicon, Inc., Pelvic Repair System Products Liability Action
                  MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

          As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon
MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8
cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to
provide this information and remedy your non-compliance with the requirements in PTO-190,
Ethicon will be forced to file the enclosed motion.

          As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190
sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by
PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition,
Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel
for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology
specimens.

          Despite the requirements of PTOs-121 and -190, we have received no information about
pathology specimens, including no record of preservation letters being sent, for the following of your
plaintiffs:

          Keeth, Ami                        Riley, Barbara
          Case No. 2:16cv00032             Case No. 2:13cv19449
          Zyph, Cleo                        Price, Renie
          Case No. 2:16cv12024             Case No. 2:16cv12548
          Gullickson, Dina                  Haynes, Karen
          Case No. 2:14cv15354             Case No. 2:13cv24150

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                                                        *Suite 1400*
*Ridgeland, MS 39158-6010*                                                    *1020 Highland Colony Park*
                                                                              *Ridgeland, Mississippi 39157*
                          BUTLER SNOW LLP

*T 601.948.5711*                 F 601.985.4500                               *www.butlersnow.com*

April 26, 2018
Page 2

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides. Further, please provide us with details regarding the whereabouts of the explanted specimens. To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence. Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

41944295.v1

BUTLER | SNOW

April 27, 2018

Via Mail and E-mail:  dhumphrey@bernllp.com; mnair@bernllp.com; hunter@napolilaw.com

Debra J. Humphrey                          Hunter J. Shkolnik
Mahesh Nair                                Napoli Shkolnik
MARC J. BERN & PARTNERS                     Suite 7413
One Grand Central Place, Suite 950         350 Fifth Avenue
60 East 42nd Street                        New York, NY 10118
New York, NY 10165

        Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
               MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

        As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon
MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8
cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to
provide this information and remedy your non-compliance with the requirements in PTO-190,
Ethicon will be forced to file the enclosed motion.

        As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190
sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by
PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition,
Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel
for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology
specimens.

        Despite the requirements of PTOs-121 and -190, we have received no information about
pathology specimens, including no record of preservation letters being sent, for the following of your
plaintiffs:

        Whipple, Christine                         Ruedy, Lisa
        Case No. 2:12cv05402                       Case No. 2:13cv32666

        Please provide us with the required information for each of your Wave 8 cases listed above.
This should include but is not limited to the surgery date and whether the explanted specimen is a
gross specimen, tissue block, and/or histology slides.  Further, please provide us with details
regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue
blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010                                                          Suite 1400
Ridgeland, MS 39158-6010                                                      1020 Highland Colony Park
                                                                             Ridgeland, Mississippi 39157

T 601.948.5711              F 601.985.4500              www.butlersnow.com

April 27, 2018
Page 2

between the parties immediately, following the procedure outlined in PTO-190.

   If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


     Sincerely,

     BUTLER SNOW LLP


     ASHLEY STUBBS

BUTLER | SNOW

April 27, 2018

Via Mail and E-mail:  dhumphrey@bernllp.com

Debra J. Humphrey
MARC J. BERN & PARTNERS
One Grand Central Place, Suite 950
60 East 42nd Street
New York, NY 10165

Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
       MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

Shutt, Helen                          Dunford, Jennifer
Case No. 2:17cv03843                   Case No. 2:17cv03312

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711          F 601.985.4500          www.butlersnow.com

April 27, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

                Sincerely,

                BUTLER SNOW LLP

                ASHLEY STUBBS



BUTLER | SNOW

April 27, 2018

Via Mail and E-mail:  scott@graysharborattorney.com

Scott A. Campbell
Law Office of Scott Campbell, Inc.
115 South First Street
Montesano, WA 98563

Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
       MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

March, Brenda
Case No. 2:13cv22928

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

Post Office Box 6010
Ridgeland, MS 39158-6010

BUTLER SNOW LLP

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711          F 601.985.4500          www.butlersnow.com

April 27, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

.

41955718.v1



April 27, 2018

Via Mail and E-mail:  dave@WeStrikeBack.com; ram@WeStrikeBack.com

David M. Langevin
Rhett A. McSweeney
McSweeney Langevin
2116 2nd Avenue South
Minneapolis, MN 55404

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

Gossett, Karen                          Watters, Wanda
Case No. 2:15cv05139              Case No. 2:16cv01696

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

Post Office Box 6010
Ridgeland, MS 39158-6010

BUTLER SNOW LLP

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711            F 601.985.4500           www.butlersnow.com

April 27, 2018
Page 2

between the parties immediately, following the procedure outlined in PTO-190.

     If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

     Sincerely,

     BUTLER SNOW LLP

     ASHLEY STUBBS



April 24, 2018

Via Mail and E-mail:  BSchwartz@heardlawfirm.com

 Robert A. Schwartz
Brent Coon & Associates
300 Fannin
Houston, TX 77002

   Re: Ethicon, Inc., Pelvic Repair System Products Liability Action
      MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

  As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

  As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

  Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

  Newnham, Vickii J.
  Case No. 2:15cv14992

  Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*     BUTLER SNOW LLP     *Suite 1400*
*Ridgeland, MS 39158-6010*                 *1020 Highland Colony Park*
                               *Ridgeland, Mississippi 39157*

*T 601.948.5711*      F 601.985.4500      *www.butlersnow.com*

April 24, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

       Sincerely,

       BUTLER SNOW LLP

       ASHLEY STUBBS

.
41909190.v1



April 27, 2018

Via Mail and E-mail:  thaklar@haklarlaw.com

Thomas D. Haklar
Law Office of Thomas D. Haklar
Suite 1AA
320 Encinitas Boulevard
Encinitas, CA 92024

       Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

        As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon
MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8
cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to
provide this information and remedy your non-compliance with the requirements in PTO-190,
Ethicon will be forced to file the enclosed motion.

        As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190
sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by
PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition,
Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel
for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology
specimens.

        Despite the requirements of PTOs-121 and -190, we have received no information about
pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have
not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

        Oliver, Rebeca
        Case No. 2:17cv04390

        Please provide us with the required information for each of your Wave 8 cases listed above.
This should include but is not limited to the surgery date and whether the explanted specimen is a
gross specimen, tissue block, and/or histology slides.  Further, please provide us with details
regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue
blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged
between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                                                    *Suite 1400*
*Ridgeland, MS 39158-6010*          BUTLER SNOW LLP          *1020 Highland Colony Park*
                                                                          *Ridgeland, Mississippi 39157*

*T 601.948.5711*          F 601.985.4500          *www.butlersnow.com*

April 27, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

41955800.v1



BUTLER | SNOW

April 26, 2018

Via Mail and E-mail:  apangparra@justinianpllc.com; justinian@justinian.us

Amber Marie Seu Yin Pang Parra
Justinian Lane
JUSTINIAN
Building B, Suite 1
305 North Heatherwilde Boulevard
Pflugerville, TX 78660

Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
       MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

Powers, Linda
Case No 2:14cv12626

Please provide us with the required information for each of your Wave 8 cases listed above.  This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

BUTLER SNOW LLP

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T 601.948.5711*          F 601.985.4500          *www.butlersnow.com*

April 26, 2018
Page 2

blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

      If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

      Sincerely,

      BUTLER SNOW LLP

      ASHLEY STUBBS

41947271.v1

# BUTLER | SNOW

April 27, 2018

Via Mail and E-mail:  hramey@rameylawfirm.com

Hardin R. Ramey
Ramey Law Firm
Suite 720
3131 McKiney Avenue
Dallas, TX 75204

> Re:  Ethicon, Inc., Pelvic Repair System Products Liability Action
> MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

Wesley, Barbara                              Selph-Davis, Diane
Case No. 2:13cv28498                          Case No. 2:13cv23465

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                                                        *Suite 1400*
*Ridgeland, MS 39158-6010*                                                    *1020 Highland Colony Park*
                                                                             *Ridgeland, Mississippi 39157*
BUTLER SNOW LLP

*T 601.948.5711*                    F 601.985.4500                           *www.butlersnow.com*

April 27, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 30, 2018

Via Mail and E-mail:  jconnor@stobierski.com

John P. Connor
Stobierski & Stobierski
377 Main Street
Greenfield, MA 01301

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
             MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

      Smith, Kelly D.
      Case No. 2:15cv03324

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711        F 601.985.4500        www.butlersnow.com

April 30, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

# BUTLER | SNOW

April 30, 2018

Via Mail and E-mail:  transvaginal.mesh.solis@gmail.com

Andrew J. Fink
Solis Law Firm
5310 West Cermak Road
Cicero, IL 60804

> Re:     Ethicon, Inc., Pelvic Repair System Products Liability Action
>          MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

Perez, Silvia L.                              Villalobos, Sofia
Case No. 2:13cv16393                    Case No. 2:13cv18155

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711            F 601.985.4500            www.butlersnow.com

April 30, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 23, 2018

Via Mail and E-mail:  stewart@aldavlaw.com

 Stewart R. Albertson
ALBERTSON & DAVIDSON
3491 Concours Street
Suite 201
Ontario, CA 91764

        Re:      Ethicon, Inc., Pelvic Repair System Products Liability Action
                     MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

        As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon
MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8
cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to
provide this information and remedy your non-compliance with the requirements in PTO-190,
Ethicon will be forced to file the enclosed motion.

        As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190
sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by
PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition,
Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel
for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology
specimens.

        Despite the requirements of PTOs-121 and -190, we have received no information about
pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have
not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

        Rita E. Valadez
        Case No. 2:16cv01266

        Please provide us with the required information for each of your Wave 8 cases listed above.
This should include but is not limited to the surgery date and whether the explanted specimen is a
gross specimen, tissue block, and/or histology slides.  Further, please provide us with details
regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue
blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged
between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                                                                      *Suite 1400*
*Ridgeland, MS 39158-6010*                                                  *1020 Highland Colony Park*
                                                                                                      *Ridgeland, Mississippi 39157*

*BUTLER SNOW LLP*

*T 601.948.5711*                          *F 601.985.4500*                      *www.butlersnow.com*

April 23, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

# BUTLER | SNOW

April 30, 2018

Via Mail and E-mail:  tdunken@gmail.com;  JVaughan@DunkenWeeks.com;
jeff@legaltrialteam.com; dkohls@hansenkohls.com

B.T. Dunken Jr.                          Jeffrey R. Vaughan
Jefrey R. Vaughan                        Clark Love & Hutson
Dunken Law Group                         Suite 1600
Suite 1075                               440 Louisiana Street
1 Sugar Creek Center Boulevard           Houston, TX 77002
Sugar Land, TX 77478

Daniel V. Kohls
Hansen Kohls Sommer & Jacob
Suite 100
1520 Eureka Road
Roseville, CA 95661

        Re:     Ethicon, Inc., Pelvic Repair System Products Liability Action
                MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

        As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon
MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8
cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to
provide this information and remedy your non-compliance with the requirements in PTO-190,
Ethicon will be forced to file the enclosed motion.

        As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190
sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by
PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition,
Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel
for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology
specimens.

        Despite the requirements of PTOs-121 and -190, we have received no information about
pathology specimens, including no record of preservation letters being sent, for the following of your
plaintiffs:

        Wiegand, Ashley
        Case No. 2:16cv07273

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                    *Suite 1400*
*Ridgeland, MS 39158-6010*                *1020 Highland Colony Park*
                                          *Ridgeland, Mississippi 39157*

BUTLER SNOW LLP

T 601.948.5711        F 601.985.4500        *www.butlersnow.com*

April 30, 2018
Page 2

       Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

                          Sincerely,

                          BUTLER SNOW LLP

                          ASHLEY STUBBS

.



April 30, 2018

Via Mail and E-mail:  wjwesq@aol.com

Willie J. Walker
The Walker Law Offices
Suite 3
625 West Union Street
Jacksonville, FL 32202-4764

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

      Wright, Tynise R.
      Case No. 2:15cv00500

Please provide us with the required information for each of your Wave 8 cases listed above.  This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                                      *Suite 1400*
*Ridgeland, MS 39158-6010*                         *1020 Highland Colony Park*
                                                  *Ridgeland, Mississippi 39157*

*BUTLER SNOW LLP*

*T 601.948.5711*                        *F 601.985.4500*                        *www.butlersnow.com*

April 30, 2018
Page 2

   If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

       Sincerely,

       BUTLER SNOW LLP

       ASHLEY STUBBS

BUTLER | SNOW

April 30, 2018

Via Mail and E-mail:  sscott@spanglaw.com

Stuart E. Scott
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114

> Re:   Ethicon, Inc., Pelvic Repair System Products Liability Action
>        MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

Arendas, Janet M.
Case No. 2:13cv18724

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

BUTLER SNOW LLP

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T* 601.948.5711       *F* 601.985.4500       *www.butlersnow.com*

April 30, 2018
Page 2

        If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


                    Sincerely,

                    BUTLER SNOW LLP


                    ASHLEY STUBBS

# BUTLER | SNOW

April 27, 2018

Via Mail and E-mail:  jquinn@pghtriallawyers.com

John E. Quinn
Portnoy & Quinn
 3 Gateway Center, Suite 2325
401 Liberty Avenue
Pittsburgh, PA 15222

       Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

       As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon
MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8
cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to
provide this information and remedy your non-compliance with the requirements in PTO-190,
Ethicon will be forced to file the enclosed motion.

       As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190
sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by
PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition,
Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel
for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology
specimens.

       Despite the requirements of PTOs-121 and -190, we have received no information about
pathology specimens, including no record of preservation letters being sent, for the following of your
plaintiffs:

       Jordan, Crystal                          Crawford, Teresa
       Case No. 2:15cv15735                     Case No. 2:15cv16305

       Please provide us with the required information for each of your Wave 8 cases listed above.
This should include but is not limited to the surgery date and whether the explanted specimen is a
gross specimen, tissue block, and/or histology slides.  Further, please provide us with details
regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue
blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged
between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

Post Office Box 6010                    BUTLER SNOW LLP                 Suite 1400
Ridgeland, MS 39158-6010                                               1020 Highland Colony Park
                                                                       Ridgeland, Mississippi 39157

T 601.948.5711                          F 601.985.4500                 www.butlersnow.com

April 27, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

# BUTLER | SNOW

April 27, 2018

Via Mail and E-mail:  rickl@lpm-triallaw.com; tomp_fed@lpm-triallaw.com;
buffym@lpm-triallaw.com

Richard N. Laminack
Thomas W. Pirtle
Buffy K. Martines
Laminack, Pirtle & Martines, LLP
5020 Montrose Boulevard, 9th Floor
Houston, Texas 77006

Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
       MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

Bickel, Karen
Case No. 2:13cv19721

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

BUTLER SNOW LLP

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T 601.948.5711*          *F 601.985.4500*          *www.butlersnow.com*

April 27, 2018
Page 2


        If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

                        Sincerely,

                        BUTLER SNOW LLP

                        ASHLEY STUBBS

# BUTLER | SNOW

April 25, 2018

Via Mail and E-mail:  psadler@carabinshaw.com

Paul L. Sadler
CARABIN & SHAW
630 Broadway
San Antonio, TX 78215

<div style="margin-left:3em">

Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
       MDL No. 2327 – Wave 8 Pathology

</div>

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

<table>
<tr><td>Gutierrez, Debra A.</td><td>Imhoff, Laurie</td></tr>
<tr><td>Case No. 2:14cv01045</td><td>Case No. 2:13cv23712</td></tr>
<tr><td>Abundis, Mary</td><td>Bardo, Paula</td></tr>
<tr><td>Case No. 2:13cv23711</td><td>Case No. 2:13cv23717</td></tr>
<tr><td>Davila, Rafaela</td><td>Keller, Suzzette</td></tr>
<tr><td>Case No. 2:16cv00935</td><td>Case No. 2:13cv24825</td></tr>
<tr><td>Swavely, Terri</td><td></td></tr>
<tr><td>Case No. 2:14cv24222</td><td></td></tr>
</table>

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

BUTLER SNOW LLP

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T 601.948.5711*          F 601.985.4500          *www.butlersnow.com*

April 25, 2018
Page 2

regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 30, 2018

Via Mail and E-mail:  wwright@shipmanlaw.com

William G. Wright
Shipman & Wright
Suite 106
575 Military Cutoff Road
Wilmington, NC 28405

Re:     Ethicon, Inc., Pelvic Repair System Products Liability Action
        MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

Carpenter, Angela
Case No. 2:13cv23171

Please provide us with the required information for each of your Wave 8 cases listed above.  This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711          F 601.985.4500          www.butlersnow.com

April 30, 2018
Page 2

　　　　If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


　　　　　　　　　　　Sincerely,

　　　　　　　　　　　BUTLER SNOW LLP


　　　　　　　　　　　ASHLEY STUBBS

# BUTLER | SNOW

April 24, 2018

Via Mail and E-mail:  butchboyd@butchboydlawfirm.com; jferrell@rgtaylorlaw.com

Ernest W. Boyd, Jr.                          James C. Ferrell
Butch Boyd Law Firm                          RG Taylor II, PC & Associates
2905 Sackett Street                          Suite 400
Houston, TX 77098                            4119 Montrose
                                             Houston, TX 77006

        Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
               MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

        As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon
MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8
cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to
provide this information and remedy your non-compliance with the requirements in PTO-190,
Ethicon will be forced to file the enclosed motion.

        As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190
sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by
PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition,
Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel
for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology
specimens.

        Despite the requirements of PTOs-121 and -190, we have received no information about
pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have
not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

        Cooke, Charlotte
        Case No. 2:16cv04375

        Please provide us with the required information for each of your Wave 8 cases listed above.
This should include but is not limited to the surgery date and whether the explanted specimen is a
gross specimen, tissue block, and/or histology slides.  Further, please provide us with details
regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue
blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged
between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711          F 601.985.4500          www.butlersnow.com

April 24, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

       Sincerely,

       BUTLER SNOW LLP

       ASHLEY STUBBS

.

41910101.v1

# BUTLER | SNOW

April 25, 2018

Via Mail and E-mail:  lanceturner@carroll-turner.com

 Lance W. Turner
Carroll & Turner
56 Court Street
Monticello, KY 42633

> Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
>          MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

Corder, Virginia
Case No. 2:16cv10988

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711                   F 601.985.4500                   www.butlersnow.com

April 25, 2018
Page 2

   If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


      Sincerely,

      BUTLER SNOW LLP

      ASHLEY STUBBS

.
41918670.v1

BUTLER | SNOW

April 27, 2018

Via Mail and E-mail:  mgdawson@hafif.com

Gregory K. Hafif
Michael G. Dawson
Law Offices of Herbert Hafif
269 West Bonita Avenue
Claremont, CA 91711
ghafif@hafif.com

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
              MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

      As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

      As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

      Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

      Daughters, Isabel
      Case No. 2:14cv17334

      Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

BUTLER SNOW LLP

*T 601.948.5711*      F 601.985.4500      *www.butlersnow.com*

April 27, 2018
Page 2

       If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 27, 2018

Via Mail and E-mail:  attorneyjessicanorton@hotmail.com

Jessica L. Norton
Law Office of Jessica Norton
P. O. Box 1171
Maxton, NC 28364

      Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
                MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

      Deese, Sandra
      Case No. 2:16cv01156

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

BUTLER SNOW LLP

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T 601.948.5711*    *F 601.985.4500*    *www.butlersnow.com*

April 27, 2018
Page 2

      If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

                Sincerely,

                BUTLER SNOW LLP

                ASHLEY STUBBS



April 30, 2018

Via Mail and E-mail:  Rita@erlegal.com

Stewart J. Eisenberg
EISENBERG ROTHWEILER WINKLER
EISENBERG & JECK
1634 Spruce Street
Philadelphia, PA 19103

Re:    Ethicon, Inc., Pelvic Repair System Products Liability Action
       MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

Freiss-Zito, Deborah
Case No. 2:13cv24249

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

ASHLEY NADER STUBBS
601.985.4572
ashley.stubbs@butlersnow.com

BUTLER SNOW LLP

Post Office Box 6010
Ridgeland, MS 39158-6010

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711          F 601.985.4500          www.butlersnow.com

April 30, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS

# BUTLER | SNOW

April 30, 2018

Via Mail and E-mail:  mike@gld-law.com

Michael T. Gallagher
The Gallagher Law Firm
2905 Sackett Street
Houston, TX 77098

Re:   Ethicon, Inc., Pelvic Repair System Products Liability Action
MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens, including no record of preservation letters being sent, for the following of your plaintiffs:

Vourvopoulos, Karen L.                    Jarvis, Mary E.
Case No. 2:15cv09619                       Case No. 2:15cv13888

Please provide us with the required information for each of your Wave 8 cases listed above. This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                                                              *Suite 1400*
*Ridgeland, MS 39158-6010*                                                *1020 Highland Colony Park*
                                                                                              *Ridgeland, Mississippi 39157*

BUTLER SNOW LLP

*T* 601.948.5711                    *F* 601.985.4500                    *www.butlersnow.com*

April 30, 2018
Page 2

If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.

Sincerely,

BUTLER SNOW LLP

ASHLEY STUBBS



April 30, 2018

Via Mail and E-mail:  jtorry@torrylaw.com; chriscolaw@outlook.com

Jordan M. Torry                          Roger N. Chrisco
TORRY LAW GROUP                          THE CHRISCO LAW FIRM
4265 San Felipe                          414 Main Street
Suite 1000                               Suite A
Houston, TX 77027                        Liberty, TX 77575

> Re:   Ethicon, Inc., Pelvic Repair System Products Liability Action
>       MDL No. 2327 – Wave 8 Pathology

Dear Counsel:

As you are aware, my firm represents Ethicon Inc. and Johnson & Johnson in the Ethicon MDL litigation.  I write to request the information regarding explanted specimens in your Wave 8 cases that Plaintiffs are required to provide Ethicon pursuant to PTO-121 and PTO-190.  If you fail to provide this information and remedy your non-compliance with the requirements in PTO-190, Ethicon will be forced to file the enclosed motion.

As you know, PTO-121 requires the preservation of explanted mesh materials and PTO-190 sets out a protocol for the preservation and testing of explanted mesh.  Plaintiffs are required by PTO-190 to provide Ethicon with information regarding available pathology specimens.  In addition, Plaintiffs are required to send preservation notices to explanting healthcare facilities, copying counsel for Ethicon.  PTO-190 also requires plaintiffs to utilize Steelgate, Inc. for the storage of pathology specimens.

Despite the requirements of PTOs-121 and -190, we have received no information about pathology specimens for your plaintiffs listed below.  Further, it is our understanding that you have not entered into an agreement with Steelgate to store specimens from these same plaintiffs.

Goats, Brenda
Case No. 2:13cv26030

Please provide us with the required information for each of your Wave 8 cases listed above.  This should include but is not limited to the surgery date and whether the explanted specimen is a gross specimen, tissue block, and/or histology slides.  Further, please provide us with details regarding the whereabouts of the explanted specimens.  To the extent any gross specimens, tissue blocks, and/or slides are available, division and/or apportionment of the specimens must be arranged between the parties immediately, following the procedure outlined in PTO-190.

*ASHLEY NADER STUBBS*
*601.985.4572*
*ashley.stubbs@butlersnow.com*

*Post Office Box 6010*                    *Suite 1400*
*Ridgeland, MS 39158-6010*                *1020 Highland Colony Park*
                                          *Ridgeland, Mississippi 39157*

BUTLER SNOW LLP

*T 601.948.5711*        *F 601.985.4500*        *www.butlersnow.com*

April 30, 2018
Page 2

   If you do not provide Ethicon with the requested information within seven (7) days of the date of this letter, Ethicon will be forced to file the attached motion relating to pathology and materials evidence.  Your anticipated cooperation is greatly appreciated.


     Sincerely,

     BUTLER SNOW LLP

     ASHLEY STUBBS