## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION

                                                              MDL No. 2327

-------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

### Pretrial Order # 302
### (Dismissal of Settled and Paid Cases from the Inactive Docket)

The court has been informed that the large majority of the remaining cases pending in this MDL are included in Master Settlement Agreement ("MSAs") that defendants have entered into with numerous plaintiff firms. Typically, when an MSA is signed, those cases included for potential settlement within it are moved to the Inactive Docket in that defendant's MDL, and when a settlement of an individual plaintiff's[1] case eventually occurs, the parties in that case are obligated (as in any litigation) to arrange for the case to be promptly dismissed with prejudice.  It has come to the court's attention that there have been some inefficiencies and delays in processing the dismissal of settled cases, which the court seeks to address in this Order.

Generally, the settlement of individual cases under these MSAs follows a process by which (i) the defendant deposits settlement funds into a Qualified Settlement Fund ("QSF") approved by a court and established for settlement purposes, (ii) the plaintiffs' firm provides the defendant with executed releases from a certain agreed-upon percentage of plaintiffs whose cases are included in

---

[1] When this order refers to a single plaintiff, it includes the plaintiff and any derivative plaintiffs.

the MSA, and (iii) if certain percentage thresholds are met, the defendant authorizes the disbursement of funds from the QSF to pay the individual plaintiffs who have provided valid releases in exchange for their agreed-upon settlement amounts. At that point, these individual cases are ripe for dismissal. In order to facilitate the implementation of these settlements and to achieve greater efficiencies and judicial economy in the MDL, including the appropriate and prompt dismissals of settled cases, the court **ORDERS** that the parties follow this procedure:

1. When a plaintiff has provided defendant with an executed, valid release, and defendant has authorized disbursement to plaintiff of the settlement amount to which plaintiff's counsel has agreed (whether from a QSF or otherwise), defendant shall promptly file with the court, in each individual case, a Motion to Dismiss with Prejudice of that plaintiff's case. The Motion must name plaintiff and, where appropriate, the named derivative plaintiff. The Motion to Dismiss must include a declaration from defense counsel (a) that defendant has received a valid, executed release from plaintiff; (b) that the settlement funds to be paid to plaintiff (via a QSF or otherwise) have been disbursed to plaintiff's counsel; and (c) that defendant has been informed that disbursement of those settlement funds to plaintiff has occurred.

2. The Motion to Dismiss shall be served on plaintiff's counsel of record via email and U.S. mail. The Motion to Dismiss shall be served on any pro se plaintiff via U.S. Mail.

3. Any objections to the Motion to Dismiss must be filed in the individual case within seven (7) days from the date of the filing of the Motion to Dismiss.

4. If the plaintiff does not file an objection within the seven (7) days, the court will enter the order dismissing the case, or appropriate parties, with prejudice.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:18-cv-01012. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: June 13, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE