# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM PRODUCTS    MDL No. 2327
LIABILITY LITIGATION

HONORABLE
JUDGE JOSEPH R. GOODWIN

## UNOPPOSED MOTION FOR QUALIFIED PROTECTIVE ORDER

Brian A. Goldstein, Esquire ("Counsel"), on behalf of all Ethicon, Inc. claimants ("Claimants") represented by Cellino & Barnes, P.C. ("Claimants' Counsel"), which Claimants are settling claims against Ethicon, Inc. ("Defendant") in connection with a Master Settlement Agreement ("MSA") signed by the Parties on May 11, 2018 (the "Settlement Agreement"), files this Unopposed Motion for entry of a Qualified Protective Order concerning the production of certain information maintained by third party payors, as set forth in the proposed Order (attached hereto as Exhibit A), to aid in the efficient processing and administration of the Settlement Agreement.

Claimants' Counsel and Defendant Ethicon, Inc. have entered into a Settlement Agreement to resolve the claims related to the implantation of Ethicon, Inc. Pelvic Repair Products as defined in the MSA. Pursuant to the MSA, Claimants' Counsel has retained Providio Lien Counsel, a division of Providio MediSolutions, (Providio) as their lien resolution administrator ("Administrator"). Under the provisions of the MSA, the Administrator is responsible for identifying and resolving all valid liens that have been or may be asserted by Federal Medicare (Part A and Part B), each State and/or Territory Medicaid Agency, the U.S. Department of Veterans' Affairs, the U.S. Department of Defense, TRICARE, and Indian Health

Services (collectively "Governmental Third-Party Payors") asserted against settlement payments, which are related to the implantation of any of Ethicon, Inc. Pelvic Repair Products as defined in the MSA.

Claimants' Counsel and the Administrator believe that receipt of certain health information maintained by Governmental Third-Party Payors is necessary for the Administrator to resolve the liens. The information required by the Administrator contains protected health information and individually identifiable health information, some of which may be protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC §1320d *et seq.*) and the regulations promulgated thereunder (45 CFR §§ 160, 164 *et seq.*) ("HIPAA").

The attached proposed order will allow Governmental Third-Party Payors to transmit protected health information of the MSA claimants directly to the Administrator to assist in the resolution of asserted liens. Governmental Third-Party Payors producing HIPAA-protected information pursuant to this Order would be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and similar provisions of State law, if any. The proposed order also provides for destruction of any protected health information produced by Governmental Third-Party Payors to the Administrator at the conclusion of the administration of the Qualified Settlement Fund ("QSF") approved by this Court on May 29, 2018. [ECF No. 5882].

Claimants' Counsel believes that such a Qualified Protective Order is necessary to facilitate the resolution of Governmental Third-Party Payors liens and, therefore, respectfully requests that the Court enter the proposed Order, attached hereto as Exhibit A.

Dated: June 20, 2018

                         Respectfully submitted,

                         /s/ Brian A. Goldstein
                         Brian A. Goldstein
                         CELLINO & BARNES, P.C.
                         2500 Main Place Tower
                         350 Main Street
                         Buffalo, NY 14202
                         Telephone: (888) 888-8888
                         Fax: (716)254-6291
                         brian.goldstein@cellinoandbarnes.com

                         *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will sent notification of such filing to the CM/ECF participants registered to receive service in the MDL.

                         /s/ Brian A. Goldstein
                         Brian A. Goldstein