# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON INC. PELVIC REPAIR ) | MDL Docket No. 2327 |
| SYSTEM PRODUCTS LIABILITY ) | HONORABLE JUDGE JOSEPH R. |
| LITIGATION ) | GOODWIN |

### AFFIDAVIT OF LYNN A. BAKER

LYNN A. BAKER, being duly sworn, deposes and says:

1. I am a member of the Bars of the States of Texas (active) and Arizona (inactive) and of the United States Supreme Court. I am in good standing.

2. I hold the Frederick M. Baron Chair in Law at the University of Texas School of Law, where I have taught since 1997, and where I also serve as Co-Director of the Center on Lawyers, Civil Justice, and the Media. I have also been a professor at the University of Arizona College of Law (1992-1997), and have been a visiting professor at Columbia University Law School (1997) and at Rutgers (Camden) University Law School (1997). I began my academic career teaching at the University of Virginia School of Law from 1986 to 1992. Prior to that, I served as a law clerk to Judge Amalya L. Kearse on the United States Court of Appeals for the Second Circuit in Manhattan (1985-86). I am a 1985 graduate of Yale Law School, where I served as an Article & Book Review Editor of the YALE LAW JOURNAL. I am an elected Member of the American Law Institute.

3. As a law professor, one of my principal academic interests has been ethical issues in group litigation and settlement, including issues surrounding the allocation of settlement proceeds. I regularly teach a survey course on Professional Responsibility, which includes

1

substantial discussion of these issues. I also often teach a seminar (titled "Mega-settlements") which focuses on large-dollar, complex settlements, and which involves extended, in-depth discussion of allocation issues in both mass tort and class action settings. I have frequently appeared as an invited speaker on these issues at symposia, conferences, and continuing legal education programs. My scholarly publications on these issues include: *I Cut, You Choose: The Role of Plaintiffs' Counsel in Allocating Settlement Proceeds*, 84 VA. L. REV. 1465 (1998) (with Charles Silver); *Aggregate Settlements and Attorney Liability: The Evolving Landscape*, 44 HOFSTRA L. REV. 291 (2016); *Mass Lawsuits and the Aggregate Settlement Rule*, 32 WAKE FOREST L. REV. 733 (1997) (with Charles Silver); and *The Aggregate Settlement Rule and Ideals of Client Service*, 41 S. TEX. L. REV. 227 (1999) (with Charles Silver). These publications have been cited by numerous commentators and courts, and in leading treatises including the ALI's PRINCIPLES OF AGGREGATE LITIGATION (2010).

4. I have served as an expert or consultant on ethical and/or allocation issues in dozens of large-dollar, large-group settlements, including the BP class action settlement in the U.S. District Court for the Eastern District of Louisiana, the $4.85 billion nationwide Vioxx settlement in 2007, and the $1.27 billion nationwide Fen-Phen class action settlement (Seventh Amendment) in 2006, numerous settlements involving various other pharmaceuticals and medical devices (including trans-vaginal mesh, Fosamax, NuvaRing, Risperdal, hip replacement products, Prozac, Yaz/Yasmin, hormone replacement therapy, Paxil, Avandia, Seroquel, Gadolineum, Rezulin, Zyprexa, Ortho Evra, Bextra, Celebrex, Infuse), and many settlements involving asbestos, silica, MTBE, other toxins, and the General Motors ignition switch defect. I have served as an expert in various settlements in connection with *In re WorldCom, Inc. Securities Litigation*, and in

2

connection with class action settlements in twelve states involving alleged wage and hour violations by Wal-Mart.

5. I previously testified in the United States District Court for the Middle District of Pennsylvania as an expert regarding the fairness and reasonableness of the $17.75 million settlement fund allocation plan in connection with the class settlement, involving more than 3,000 class members, with the Mericle Defendants, approved by that Court on December 14, 2012. See *Wallace v. Powell*, 288 F.R.D. 347, 371 (M.D. Pa. 2012). See also *Wallace v. Powell*, 301 F.R.D. 144, 163 (M.D. Pa. 2014) (related $2.5 million class settlement with the Provider Defendants, in which I provided an expert report regarding the fairness and reasonableness of the settlement fund allocation plan).

6. I have previously been appointed by the U.S. District Court for the Southern District of West Virginia to serve as a settlement allocation Special Master. See, e.g., *In re: Ethicon Inc., Pelvic Repair System Products Liability Litigation* (MDL No. 2327) (Pretrial Order #263, entered July 13, 2017) and (Pretrial Order #286, entered March 1, 2018); *In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation* (MDL No. 2187) (Pretrial Order #202, entered Nov. 24, 2015).

7. I have thoroughly familiarized myself with the issues involved in the case captioned above, and as a result of my knowledge of that case, I can attest and affirm that I am aware of no grounds for disqualification that would prevent me from serving as a Special Master in the above captioned matter. I have reviewed the pleadings, medical information and scientific information pertaining to mesh cases generally and specifically as it relates to the litigation involving Ethicon manufactured products. I will use the information gathered and my experience in performing my duties as Special Master.

15 June 2018                    _____
                                Lynn A. Baker