# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION            MDL 2327

-----------------------------------------------
THIS DOCUMENT RELATES TO ETHICON, INC
WAVE 8 CASES:

**PRETRIAL ORDER # 303**
**(Amended Docket Control Order – Ethicon, Inc. Wave 8 Cases)**

By PTO # 280, I entered a Docket Control Order related to the majority of the remaining cases in this MDL. That PTO is set forth below in its entirety with changes to paragraph A because the court has determined there was confusion as to expert deadlines. Deadlines have been adjusted accordingly, and the parties are advised there will be no further modification of deadlines. **The parties are advised that while this order will be entered in the individual cases in the coming days, it is effective as of the day it was entered in the main MDL.**

I previously advised lead counsel for plaintiffs and defendants that I would place the remaining cases in the Ethicon, Inc., MDL on a Docket Control Order in the month of January 2018. For any cases in the Ethicon, Inc. MDL with a Covidien Wave 1 flag, the stay on the flagged Covidien Wave 1 cases is lifted and the Covidien Wave 1 cases in the Ethicon MDL are incorporated in the Ethicon, Inc., Wave 8 cases and subject to this Docket Control Order. *To the extent other defendants, in addition to Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") are named in these remaining cases, the deadlines below also apply to them.* For multi defendant cases where one or more defendants have entered into a Master Settlement Agreement that includes a case in the Ethicon Wave 8 but another defendant is still an active

defendant (making the case inappropriate for the Inactive Docket), the settling defendant(s) with the plaintiff(s) may file a notice advising the court of the settlement agreement. The filing of such a notice will relieve the settling defendant(s) of any obligation to comply with the deadlines in this Docket Control Order. Obviously, remaining defendants will be subject to all such deadlines.

The court **ORDERS** that this Docket Control Order be filed in the main MDL **and, as of the time of that filing, every case listed on exhibit A[1] (hereinafter referred to as "Wave 8 cases") becomes subject to the deadlines in this Docket Control Order**. This Docket Control Order will be placed in each individual case as quickly as administratively possible.

The court **ORDERS** that the following deadlines immediately apply in all Wave 8 cases:

---

[1] Exhibit A was included in the original PTO, but is not attached here.

A. **SCHEDULING DEADLINES**. The following deadlines shall apply in all Ethicon Wave 8 cases:

| | |
|---|---|
| Plaintiff Fact Sheets.[2] | 03/19/2018 |
| Defendant Fact Sheets.[3] | 04/19/2018 |
| Deadline for written discovery requests. | 05/18/2018 |
| Expert disclosures served by plaintiffs pursuant to Fed. R. Civ. P. 26 as limited by ¶ 3.a. of this order. | 07/13/2018 |
| Expert disclosure served by defendants pursuant to Fed R. Civ P. 26 as limited by ¶ 3.a. of this order.[4][5] | 08/13/2018 |
| Expert disclosure served for rebuttal pursuant to Fed R. Civ. P. 26 as limited by ¶ 3.a. of this order. | 08/20/2018 |
| Deposition deadline and close of discovery. | 10/04/2018 |
| Filing of Dispositive Motions. | 10/18/2018 |
| Response to Dispositive Motions. | 10/25/2018 |
| Reply to response to dispositive motions. | 11/01/2018 |
| Filing of *Daubert* motions. | 10/18/2018 |
| Responses to *Daubert* motions. | 10/25/2018 |
| Reply to response to *Daubert* motions. | 11/01/2018 |

1. **Completion Date.** The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a)(1), and (2), but not disclosures required by Federal Rule of Civil Procedure 26(a)(3), shall be completed.

---

[2] The court reminds plaintiffs who have named additional MDL defendants other than C. R. Bard, Inc., to serve a defendant-specific Plaintiff Fact Sheet as required in that particular defendant's MDL.

[3] Where plaintiffs have named multiple defendants (i.e., C. R. Bard, Inc., and Ethicon, Inc., Boston Scientific Corpl, etc.), each defendant must serve a Defendant Fact sheet using the form agreed to in that defendant's MDL.

[4] Paragraph 3.a. of this order states the "the plaintiffs and each defendant are limited to no more than five (5) experts per case (exclusive of treating physicians)."

[5] Plaintiffs who have already properly disclosed their five (5) experts need not re-serve their expert disclosures.

2. **Limitations on Interrogatories, Requests for Admissions and Depositions.**

The following limitations apply:

    a. Each defendant[6] is limited to 10 interrogatories, 10 requests for production of documents and 10 requests for admission per case.

    b. Plaintiffs are limited to 10 interrogatories, 10 requests for production of documents and 10 requests for admission to each defendant.

    c. In each individual member case, no more than 4 treating physicians may be deposed.[7]

    d. Depositions of plaintiff's friends and family members may be taken at any time prior to trial provided the deposition is requested before the discovery completion date.

    e. The Deposition of any witness is limited to 3 hours absent agreement of the parties.

    f. The court will consider modifications to the above limitations only upon good cause shown.

3. **Limitations on Experts.** The following limitations related to experts apply:

    a. The parties may conduct general and specific expert discovery on all products at issue in Ethicon Wave 8 cases. In light of the products involved in Ethicon Wave 8 cases, the likelihood of overlap in expert opinion from one case to

---

[6] In referring to the "defendant" or "defendants" throughout this order, it is my intention that a defendant(s) includes the defendant and its related entities, i.e., Ethicon, Inc. and Johnson & Johnson are related entities and treated as one defendant for purposes of these discovery limitations. Likewise, if more than one plaintiff is named, plaintiffs are treated as one entity for purposes of these discovery limitations.

[7] To the extent disputes arise regarding the division of time between the parties for the deposition of treating physicians (three hours total absent agreement), I will address those disputes, rather than the assigned Magistrate Judge, Judge Eifert.

4

another (except as to specific causation) and the need to streamline discovery in these cases, **the plaintiffs and each defendant are limited to no more than five experts per case (exclusive of treating physicians).**

b.  The parties shall coordinate the depositions of general causation experts. Insofar as multiple plaintiffs or multiple defendants use the same general causation expert or experts or general causation rebuttal experts, those experts shall be deposed only once on the issue of general causation. As to defendants' experts, plaintiffs are instructed to choose a lead questioner.

c.  The court encourages the coordination of depositions of specific causation experts to the extent there is overlap in the parties' use of specific causation experts by multiple parties.

d.  The court will consider modifications to the above limitations only upon good cause shown.

4. **Transferring to another MDL, requesting removal from the Wave and extensions of deadlines.**

a.  Transfer of any Wave 8 case to any other MDL, whether by ruling upon a motion from plaintiff or defendants or *sua sponte* by the court, does not relieve the plaintiff or any remaining defendant(s) from the deadlines of a Docket Control Order. Any cases transferred into C. R. Bard, Inc. ("Bard"), Boston Scientific Corporation ("BSC"), or American Medical Systems, Inc. ("AMS") MDLs will immediately be subject to the Docket Control Order entered in that MDL on January 30, 2018, and any Amended Docket Control Orders. Bard, BSC and AMS MDLs have in place a Docket Control Order with the same deadlines set forth in

5

this Ethicon Wave 8 Docket Control Order. Upon transfer, the court will direct the Clerk to file the applicable Docket Control Order in the individual case and change the MDL Wave flag for any Ethicon Wave 8 case transferred into the Bard, BSC or AMS MDL. If any Wave 8 case is transferred to the Coloplast Corp. or Cook Medical MDL, then this docket control order shall remain in effect.

b.  If an Amended Short Form Complaint properly filed pursuant to Federal Rules of Civil Procedure 15(a), names a new party, then any party may move for an extension to the Docket Control Order.

c.  Cases will only be removed from the Wave in the most exceptional circumstances.

**B.  MOTION PRACTICE.**

1. ***Daubert* Motions.** For the filing of *Daubert* motions on general causation issues only, the parties are instructed to file one *Daubert* motion per expert in the main MDL (MDL 2327) instead of the individual member case.[8] Each side may file one response and one reply in the main MDL to each *Daubert* motion. This limitation does not apply to specific causation *Daubert* motions, responses and replies. Specific causation *Daubert* motions, responses and replies must be filed in the individual member cases. To the extent a challenged expert is both a general and specific causation expert, the parties must file a general causation motion in the main MDL 2327 and an individual specific causation motion in an individual member case.

---

[8] If parties wish to adopt previous *Daubert* motions on general causation experts from other MDLs, they may file a notice of adoption with a copy of the previous filing they wish to adopt in the main MDL 2327.

6

2. **Hearings.** Hearings, if any, for dispositive and *Daubert* motions will be set at a future status conference.

3. **Page Limitations.** The page limitations provided in Local Rule of Civil Procedure 7.1(a)(2) apply to memoranda in support of all dispositive and *Daubert* motions, oppositions, and replies. The court will not be inclined to grant motions to exceed the page limit.

4. **Confidential Documents.** In the past, the court has permitted parties to file placeholder exhibits in support of *Daubert*, dispositive and other motions, responses and replies in the place of confidential documents that may be sealed and then, within five days, redact/dedesignate the documents or file a motion to seal. *The court will no longer permit this practice. Parties may no longer file placeholder exhibits.* The court expects leadership counsel for plaintiffs and defendants to resolve issues related to confidential designations well before the filing of motions. In the event there are issues related to sealing of confidential documents that the parties are unable to resolve, they must be brought to the court's attention in a consolidated manner as follows: Any consolidated motion to seal is due on or before **August 10, 2018,** and any response is due by **August 24, 2018.** Any reply is due by **August 31, 2018**.

5. **Locations of Filings. With the exception of the general causation *Daubert* motions as outlined above, the parties are reminded that they must file dispositive and *Daubert* motions on specific causation, responses and replies in the applicable member cases only, not in the Ethicon MDL.**

C. **CASES READY FOR TRANSFER, REMAND OR TRIAL**

1. **Venue Recommendations.** By no later than **August 27, 2018**, the parties shall meet and confer concerning the appropriate venue for each of the cases, and the parties are

7

**ORDERED** to submit joint venue recommendations to the court by **September 3, 2018**. The parties' joint recommendation(s) shall identify cases where venue is in dispute. The court may then request briefing.

2. **Transfer and Remand.** The court, pursuant to PTO # 15 and 28 U.S.C. § 1404(a), will transfer each directly-filed case to a federal district court of proper venue as defined in 28 U.S.C. § 1391. In the alternative, pursuant to PTO # 15 and 28 U.S.C. § 1407, cases that were transferred to this court by the MDL panel shall be remanded for further proceedings to the federal district court from which each such case was initially transferred.[9]

3. **Trial Settings.** If a case is to be tried in the United States District Court for the Southern District of West Virginia (either by agreement of the parties or where venue in the Southern District is determined to be proper by the court), the case shall be deemed trial-ready when discovery is completed and the court rules on the parties' summary judgment motions. The trial date for cases transferred or remanded to other federal district courts shall be set by the judge to whom the transferred or remanded case is assigned (including the undersigned through intercircuit assignment).

**D. COMMON BENEFIT TIME.** I have entered a number of Pretrial Orders related to the eventual recovery of the cost of special services performed and expenses incurred by participating counsel in this and the other MDLs assigned to me. I direct the parties' attention to PTO # 18[10], and its warning that "[n]o time spent on developing or processing purely individual issues in any case for an individual client (claimant) will be considered or should be submitted, nor will time

---

[9] As expressly contemplated by PTO # 15, Ethicon does not waive its right to seek transfer–pursuant to 28 U.S.C. § 1406(a) or any other available ground–of any case to a court of proper venue, regardless of whether that case was transferred to or directly-filed in the Southern District of West Virginia. I entered identical PTOs in the remaining MDLs assigned to me.
[10] I entered identical PTOs in the remaining MDLs assigned to me.

spent on any unauthorized work." Pretrial Order No. 18, ECF No.282, ¶ C. The court is of the opinion it is highly unlikely that any work performed by counsel on individual wave cases will be considered common benefit work.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 **and in the Ethicon Wave 8 cases**. In cases subsequently filed in this district after 2:18-cv-01012, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: June 13, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

9