IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
       PELVIC REPAIR SYSTEM                                     MDL NO. 2327
       PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO ALL CASES:

PRETRIAL ORDER # 307
(Proper Dismissal Procedure)

Plaintiffs have been filing Notices of Voluntary Dismissal of entire cases and Notices of Voluntary Dismissal of certain defendants in multiple-defendant cases. In many instances, the plaintiffs state in the notice that dismissal is proper pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). In some instances, the plaintiffs include a footnote quoting Federal Rule of Civil Procedure, Rule 41(a)(1)(A)(i), and stating that this provision permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Plaintiffs also state in some footnotes that they have confirmed that the defendant has not answered or filed a motion for summary judgment in this action.

The court notes that in almost all instances, the plaintiffs' factual representations, as set forth above, are incorrect. In *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, 2:12-md-2327 ("MDL 2327") Pretrial Order ("PTO") # 15 filed on September 26, 2012, the court stated:

> (A)(3)  All factual allegations pled in the Master Complaint and all responses pled in Ethicon's, Ethicon, LLC's and J&J's Answers are deemed pled in any previously filed Complaint and Responsive Pleading now pending in this MDL proceeding, and in any Short Form or Amended Short Form Complaint and Entry of Appearance hereafter filed; provided, however, the Master Complaint is applicable only as against Ethicon, Ethicon, LLC and J&J.
>
> ***
>
> (D)(7) The defendants named in the Master Complaint, Ethicon, Ethicon, LLC and J&J, are not required to file answers to Short Form or Amended Short Form Complaints. An Entry of Appearance (including an appearance entered prior to the filing of the Short Form Complaint) by an attorney representing such defendants shall constitute a denial of all allegations in the Short Form or Amended Short Form Complaint filed against any of the defendants named in the Master Complaint and an assertion of all defenses that are included in the Answers of Ethicon, Ethicon, LLC and J&J.

The court further stated in PTO # 15 that

> [i]n cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. *It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.* The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

(Emphasis added.)

Any complaint filed within the parameters of PTO # 15, paragraph A(3) that has a Notice of Appearance filed by defendant is deemed to have been answered by that defendant. Thus, any such civil action where defendant's counsel has filed a

Notice of Appearance is not properly dismissed by a Notice of Voluntary Dismissal filed by the plaintiff. While the proper method is to file a joint motion to dismiss where the defendant has filed a Notice of Appearance, the court has been and will continue to construe any improper Notice of Voluntary Dismissal as a Motion to Dismiss pursuant to Fed. Rule Civ. P. 41(a)(2) and will not dismiss the action until the appropriate response time has elapsed.

The court **ORDERS** that the plaintiffs file Notices of Voluntary Dismissal pursuant to Fed. Rule Civ. P. 41(a)(1)(A)(i) only in those cases where the defendants have not filed a notice of appearance. Any improper Notice of Voluntary Dismissal requesting dismissal of an action in the circumstances outlined above will continue to be construed as a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2). In a related vein and pursuant to Fed. Rule Civ. P. 41(a)(1)(A)(ii), a stipulation of dismissal must be "signed by all parties who have appeared." When the parties do not comply with this provision, the court will construe this pleading as a Motion to Dismiss.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:18-cv-01065. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be

provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

        ENTER: July 12, 2018

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE