IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION

MDL 2327
_____

THIS DOCUMENT RELATES TO THE
CASES IN EXHIBIT A ATTACHED HERETO

**INACTIVE DOCKET ORDER**

The Court has been advised by counsel that in the cases listed on the attached Exhibit A, the plaintiffs and Ethicon, Inc.[1] ("Ethicon") have agreed to a settlement model with regard to Ethicon. The Court, therefore, finds it unnecessary to conduct further proceedings or to keep these cases on the active docket. Accordingly, the Court **ORDERS** as follows:

1. All discovery deadlines are continued until further order of the Court.

2. That the Clerk place the case(s) listed on the attached Exhibit A on the pending inactive docket.

3. Plaintiffs and Ethicon may submit an agreed order of dismissal with prejudice on or before August 31, 2018; if settlements are not finalized and dismissal orders are not submitted by August 31, 2018, then the Court will have a hearing to determine the appropriate action pertaining to any remaining cases on the inactive docket.

Counsel for plaintiffs and defendant(s) are directed to provide quarterly reports as to their progress in dismissing cases on the inactive docket. The Court is aware that counsel have agreed

---

[1] As used herein, "Ethicon" refers collectively to Johnson & Johnson, Ethicon LLC, Ethicon, Inc. as well as any of its former or present parent companies, subsidiaries, affiliated companies, directors, officers, design surgeons, employees, distributors, detail representatives named in an action pending in MDL No. 2327

to a settlement model for a group of cases and claims, including those on Exhibit A. The Court will reinstate any case on the attached Exhibit A to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to, a plaintiff's refusal or inability to consummate settlement. Such motion must be accompanied by an affidavit from plaintiff explaining such refusal or inability.

The Court **DIRECTS** the Clerk to file a copy of this order in MDL No. 2327 and in the individual cases listed on the attached Exhibit A. The Clerk is further **DIRECTED** to link this Order to the Proposed Inactive Docket order filed at ECF NO._____, and send a copy of this Order to counsel of record and any unrepresented party.

          Respectfully submitted,

          */s/ William M. Gage*
          William M. Gage (MS Bar #8691)
          Butler Snow LLP
          1020 Highland Colony Parkway
          Suite 1400 (39157)
          P.O. Box 6010
          Ridgeland, MS 39158-6010
          (601) 985-4561
          william.gage@butlersnow.com

          */s/ Susan M. Robinson*
          Susan M. Robinson (W. Va. Bar #5169)
          Thomas Combs & Spann PLLC
          300 Summers Street
          Suite 1380 (25301)
          P.O. Box 3824
          Charleston, WV 24338
          (304) 414-1800
          srobinson@tcspllc.com

**APPROVED:**

Dated:_____

          Honorable Joseph R. Goodwin

## AYLSTOCK

## EXHIBIT A

| Case No. | Case Name |
|---|---|
| 2:13-cv-13777 | Vasquez v. Ethicon |
| 2:13-cv-14520 | Thrall v. Ethicon |
| 2:13-cv-14528 | Hernandez v. Ethicon |
| 2:13-cv-14833 | Tudela v. Ethicon |
| 2:13-cv-15364 | Velazquez v. Ethicon |
| 2:13-cv-16490 | Rivera v. Ethicon |
| 2:13-cv-16537 | Zehr v. Ethicon |
| 2:13-cv-16540 | Villanueva v. Ethicon |
| 2:13-cv-17386 | Pope v. Ethicon |
| 2:13-cv-17435 | Sterner v. Ethicon |
| 2:13-cv-18310 | Todd v. Ethicon |
| 2:13-cv-18481 | Flores v. Ethicon |
| 2:13-cv-19371 | Vasquez v. Ethicon |
| 2:14-cv-13863 | Saenz v. Ethicon |
| 2:14-cv-17556 | McDermott v. Ethicon |
| 2:15-cv-02067 | Stanton v. Ethicon |
| 2:16-cv-4382 | Villegas v. Ethicon |
| 2:17-cv-03769 | Terry v. Ethicon |

43180530.v1