IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |

THIS DOCUMENT RELATES TO ALL CASES

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ADDITIONAL DISCOVERY DIRECTED AT THE FEE AND COST COMMITTEE IN CONNECTION WITH THE REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COST AWARD**

Pursuant to the Federal Rules of Civil Procedure, Kline & Specter, P.C. ("Kline & Specter"), through its attorneys Bowles Rice LLP, respectfully moves this Court for an Order compelling the Production of Documents, Things, and Answers to Interrogatories served on the Transvaginal Mesh MDL Common Benefit Fee and Cost Committee ("FCC") in connection with the Request for Allocation of Aggregate Common Benefit and Costs Award, and in support thereof states as follows:

## I. FACTUAL BACKGROUND

1. In accordance with the Pretrial Orders of this Court, the Fee Committee Protocol, and the parameters further established by the FCC, Kline & Specter regularly submitted its Common Benefit Fee hours beginning with the onset of this litigation through December 31, 2016.

2. As required by the Fee Committee Protocol, on September 26, 2017, Lee B. Balefsky, Esquire, a senior partner at Kline & Specter and member of the Plaintiffs' Steering Committee, provided the FCC with the firm's total revised time and an accompanying affidavit stating that the firm has audited the time and expenses and that the revised time and expenses submitted were for the common benefit. Time submitted by Kline & Specter totaled 32,270.19 hours.

3. On February 16, 2018, Kline & Specter received a letter from the FCC which stated that after an initial review, the FCC reduced the number of hours submitted by Kline & Specter by 27,067.24. In doing so, the FCC provided blanket and unspecified reasons for the disallowances.

4. Attached to the February 16, 2018 letter from the FCC, were two spreadsheets containing 5,488 entries that the FCC proposed to disallow from Kline & Specter's submission.

5. The FCC and the Fee Committee protocol further required that any comments to be included in the spreadsheets (including a comment for all 5488 disallowed entries), final expense submissions, and an accompanying affidavit were to be completed and submitted within thirty (30) days of receipt of the FCC's February 16, 2018 letter.

6. On February 27, 2018, Kline & Specter sent a letter to Henry Garrard, Esquire, Chairperson of the FCC. *See* February 27, 2018 Letter to Henry Garrard, attached hereto as Exhibit

"A." In the letter, Kline & Specter asked if the FCC would voluntarily produce the documents and information at issue in this Motion. Mr. Garrard declined to do so.

7. On March 6, 2018, Kline & Specter (through its attorneys Bowels Rice LLP) filed a Motion with this Court requesting information related to the FCC's distribution of funds as had been awarded at that present time. *See* Kline & Specter Motion for Discovery, attached as Exhibit "B." This Motion was denied by Order of the Court dated March 7, 2018.

8. Following the submission of Kline & Specter's Affidavit on February 9, 2018 requesting reconsideration of submitted time, the FCC approved an additional 4199.24 hours as being for the common benefit of all Plaintiffs.

9. On May 25, 2018, following the submission of its Affidavit and the additional hours awarded by the FCC, Kline & Specter served Combined Requests for Production of Documents, Things, and Interrogatories on the Transvaginal Mesh MDL Common Benefit Fee and Cost Committee ("FCC") in connection with the Request for Allocation of Aggregate Common Benefit and Costs Award. *See* Discovery Requests, attached as Exhibit "C."

10. These Requests and Interrogates were intended to ascertain information in the possession of the FCC individually, and contained in records and documents in the FCC's custody or control relating to the distribution of funds among the participating firms in the Pelvic Mesh MDLS as reflected in documents following the Affidavits submitted by all firms.

11. On June 25, 2018, the FCC served its Objections and Responses to Kline & Specter's and averred the following:

   a. That the FCC is neither a plaintiff nor a party to this litigation.

b. That the present discovery was previously the subject of a motion by Kline & Specter titled "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions." *See* Exhibit "B." And that this Motion was denied by Order of the Court dated March 7, 2018.

c. That therefore, this requested discovery is barred by res judicata, collateral estoppel, stare decisis, and the law of case doctrine.

d. That the information requested is confidential.

12. Kline & Specter now files this instant Motion to Compel Discovery.

## II. LEGAL ARGUMENT

### A. The information requested in Kline & Specter's Combined Requests for Production of Documents, Things, and Interrogatories is not duplicative of previous requests.

The information Requested in Kline & Specter's Combined Requests for Production of Documents, Things, and Interrogatories (Exhibit "C") served on the FCC is not duplicative of the information requested in Kline & Specter's Motion for Discovery (Exhibit "B") and therefore, not barred by res judicata, collateral estoppel, stare decisis, and/or the law of case doctrine. The information in the Requests for Production relates to the hours and fees awarded following the submission of each firm's Affidavit. Following the production of Affidavits from each participating firm, the hour allotment changed significantly.

### B. The information requested in Kline & Specter's Combined Requests for Production of Documents, Things, and Interrogatories is not confidential.

The information requested in Kline & Specter's Combined Requests for Production of Documents, Things, and Interrogatories is not confidential. While the FCC states as much in its objections to the requests, it does not cite to any actual Court Order stating that the FCC's discussions and deliberations are confidential. Furthermore, Kline & Specter is requesting the

information related to the actual cost awards allocated to Kline & Specter and each participating firm, which is the actual deliberations of the FCC.

**C. Discovery is critical to the fundamental fairness and judicial transparency of this process.**

As discussed above, throughout the process of assessing common benefit time, the FCC allowed firms such as Kline & Specter to challenge the reduction of hours made by the FCC to explain why these hours should be considered for common benefit. However, the FCC has made this task impossible. The FCC has provided blanket, non-specific disallowances of this firm's time, making a specific response to each fee entry a futile guessing game. This is fundamentally unfair. It's a basic tenet of justice that a party receive notice of the nature of a claim or defense. The lack of specificity of the reason for proposed disallowance prevents us from meaningfully responding.

At this juncture in the litigation, it is apparent that discovery is more critical than ever. Only further discovery will reveal the legitimate explanation for what has transpired related to the future proposed distribution of funds. This process of determination of appropriate common benefit compensation is a most sensitive issue and fraught with potential for abuse, especially because the FCC members and their close associates will be recipients of FCC awards. In 2017, Elizabeth Chamblee Burch, articulated this tendency for a flawed, conflicted process in her article *Monopolies in Multidistrict Litigation*:

> [P]laintiffs' leadership across multidistrict proceedings can act like oligopolies and cartels. Cartels punish defectors by imposing costs on them and denying them access. When attorneys become lead lawyers, they have the power to control access and inflict costs, too: they distribute common-benefit work to allies, use settlements to restrict attorney advertising and reduce attorney demand, suggest common-benefit fee allocations, and report uncooperative behavior to the judge—carrots and sticks, in other words, that impair rivals' financial and leadership opportunities.

*****

> Attorneys work together frequently. As such, they form a close-knit group (though not necessarily one predicated on friendship) that may develop and enforce norms to maximize members' collective welfare in current, concurrent, and future litigation.

*****

> Because information flows easily through the network, it increases the opportunities for both tacit and explicit collusion and enables leaders to credibly punish and reward others for following or disregarding norms.

*See* Elizabeth Chamblee Burch, *Monopolies in Multidistrict Litigation,* 70 Vand. L. Rev. 67 (2017), pp. 122-123, attached as Exhibit "D."

Kline & Specter also proposes making the information sought available to every firm that has submitted fee applications. Burch stated as follows, "[g]iven the information barriers that prevent judges and clients from monitoring leadership, however, regulation should incentivize and leverage other plaintiffs' attorneys to function as checks and balances." *Id.* p. 135.

Making this information available to every plaintiffs' lawyer involved in this process is in everyone's best interest – every attorney and every client. Fee disputes, like other litigation with millions at stake, ought to be litigated openly and transparently. Attorneys are inclined to argue over these generous fee awards and should be well positioned to comment—publicly and openly—on each other's relative contribution to the litigation.

Burch stated the need for judicial administration of the fund succinctly when she wrote, "[j]udges have the power to appoint leaders and the power of the purse. Common-benefit funds are judicially created and should likewise be judicially administered—not circumvented through settlement's backdoor or shielded by sealed fee petitions." *Id.*; *see also,* Charles L. Becker, Shanin Specter, & Thomas R. Kline, *How Not to Manage a Common Benefit Fund: Allocating Attorney's Fees in Vioxx Litigation*, 9 Drex. L. Rev. 1 (Fall 2016), attached as Exhibit "E."

## III. CONCLUSION

Wherefore, Kline & Specter respectfully requests that this Court enter an order compelling the documents and information requested in Kline & Specter's Requests for Production of Documents, Things, and Interrogatories on the Transvaginal Mesh MDL Common Benefit Fee and Cost Committee ("FCC") in connection with the Request for Allocation of Aggregate Common Benefit and Costs Award.

Respectfully submitted,

By: s/Floyd Boone

Charles M. Love, III, Esquire (WVSB 2254)
Floyd Boone, Esquire (WVSB 8784)
**Bowles Rice LLP**
**600 Quarrier Street,**
**Charleston, WV 25301**
*Counsel for Kline & Specter, P.C.*

**KLINE & SPECTER, PC**

Shanin Specter, Esquire (PA 40928)
Lee B. Balefsky, Esquire (PA 25321)
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
*Counsel for Plaintiffs*

Dated: July 12, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2187** |
| **IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2325** |
| **IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2326** |
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2327** |
| **IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2387** |

**THIS DOCUMENT RELATES TO ALL CASES**

**CERTIFICATE OF SERVICE**

I, Lee B. Balefsky, hereby certify that on July 12, 2018, I electronically filed the foregoing Motion to Compel with the Clerk of Court using the CM/ECF system which will provide

notification of such filing to the CM/ECF participants registered to receive service in this member case.

**KLINE & SPECTER, PC**

Dated: July 12, 2018 BY: ______________________________

LEE B. BALEFSKY, ESQUIRE
*Attorney for Plaintiff*