IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
　　　　PELVIC REPAIR SYSTEM
　　　　PRODUCTS LIABILITY LITIGATION

MDL 2327

THIS DOCUMENT RELATES TO THE
CASE(S) IN THE EXHIBIT A ATTACHED HERETO

## INACTIVE DOCKET ORDER

The Court has been advised by counsel that in the cases listed on the attached Exhibit, the plaintiffs and Tissue Science Laboratories Limited,[1] C. R. Bard, Inc., Sofradim Production,[2] and Covidien LP,[3] to the extent they are named as Defendants, (collectively referred to as "Defendants") have agreed to a settlement model with regard to Defendants. The Court, therefore,

---

[1] Tissue Science Laboratories Limited includes any incorrect or incomplete spellings of this Defendant, including Tissue Sciences Laboratories, Tissue Science Laboratories Ltd., Tissue Science Laboratories, Inc., Tissue Science Laboratories, Limited and Tissue Science Laboratories, Ltd.

[2] Sofradim Production SAS includes any incorrect or incomplete spellings of this Defendant, including Sofradim Corporation, Sofradim Corp., Sofradim Production, and Sofradim Production, SAS.

[3] Covidien LP includes any incorrect or incomplete spellings of this Defendant, as well as any improperly named affiliates of this defendant, including Covidien Holding, Inc., Covidien Inc., Covidien Incorporated, Covidien International Finance, SA, Covidien LLC, Covidien Ltd., Covidien Trevoux, SCS, Covidien plc, Covidien, Inc., Covidien, LLC, and Covidien, PLC, Tyco Healthcare Group LP, TYCO Healthcare, Tyco Healthcare Group, L.P., Tyco International Ltd, United States Surgical Corporation, United States Surgical Corp., Floreane Medical Implants SA, Floreane Medical Implants, SA, Mareane, SA, Mareane SA, Medtronic PLC, International Technology, Inc., Medtronic MiniMed, Inc., Medtronic Puerto Rico Operations Co., Medtronic Sofamor Danek USA, Inc., Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek, USA, Inc., Medtronic USA, Inc., Medtronic, Inc. and Medtronic, Inc.

8847360 v1

finds it unnecessary to conduct further proceedings or to keep these cases on the active docket. Accordingly, the Court **ORDERS** as follows:

    1.    All discovery deadlines are continued until further order of the Court.

    2.    That the Clerk place the case(s) listed on the attached Exhibit(s) on the pending inactive docket.

    3.    Plaintiffs and Defendants may submit an agreed order of dismissal with prejudice on or before August 31, 2018; if settlements are not finalized and dismissal orders are not submitted by August 31, 2018, then the Court will have a hearing to determine the appropriate action pertaining to any remaining cases on the inactive docket.

Counsel for plaintiffs and defendants are directed to provide quarterly reports as to their progress in dismissing cases on the inactive docket. The Court is aware that counsel have agreed to a settlement model for a group of cases and claims, including those on Exhibit A. The Court will reinstate any case on the attached Exhibit A to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to, a plaintiff's refusal or inability to consummate settlement. Such motion must be accompanied by an affidavit from the plaintiff explaining such refusal or inability.

The Court **DIRECTS** the Clerk to file a copy of this order in MDL No. 2327 and in the individual cases listed on the attached Exhibit A. The Clerk is further **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented party. The Clerk is further **DIRECTED** to link this Order to the Proposed Inactive Docket Order filed at ECF No. 6167.

 

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

## EXHIBIT A – FRANKLIN D. AZAR & ASSOCIATES

| CIVIL ACTION NUMBER (listed numerically in ascending order) | Case Name |
|---|---|
| 2:13-cv-03995 | Boganey, Jewel |