IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL No. 2327

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 308
(Requirements for Counsel to Deceased Plaintiffs)

The court finds it necessary to set forth the procedures that must be followed by counsel upon learning of the death of a plaintiff in a case residing in one of the pelvic mesh MDLs pending before the court.

I.   Rule 25(a)

Federal Rule of Civil Procedure 25(a) governs the substitution of a deceased party. The Rule provides,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Rule 25(a)(1) directs that both parties and appropriate nonparties be served with the suggestion of death to commence the 90-day substitution period[.]" *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985);

*see also id.* ("The rule imposes no time limit for the substitution other than that commenced by proper service of a suggestion of death upon the record.").

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner.

Fed. R. Civ. P. 25(a)(3). Thus, regarding both the suggestion of death and the motion to substitute, "a party may be served through his attorney, Fed. R. Civ. P. 5(b), but nonparties must be personally served. Fed. R. Civ. P. 4(d)(1)." *Fariss*, 769 F.2d at 962.

## II. Who to Serve

"The nonparties for whom Rules 25(a)(1) and 4(d)(1) mandate personal service are evidently the 'successors or representatives of the deceased party.'" *Id.* "Where . . . a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative." *Id.* at 961. Otherwise, "[t]he 'successors or representatives of the deceased party' contemplated by the rule are those empowered to assert any legal claims of the decedent not extinguished by death." *Id.* at 962. Who may assert any surviving legal claims on behalf of the decedent will generally be addressed by applicable state law. Service on the deceased's attorney alone is inadequate to commence the ninety-day substitution period. *Id.*

## III. Counsel's Authority Ceases upon Client's Death

"The attorney's agency to act ceases with the death of his client, *see* Restatement (Second) of Agency § 120(1) (1958), and he has no power to continue or terminate an action on his own initiative." *Id.* Accordingly, the deceased's attorney

may not move to dismiss the deceased client's case. In addition, "he has no authority to move for substitution under Rule 25(a)(1)," unless he also represents the party or nonparty seeking substitution. *Id.*

## IV. Rules for Multidistrict Litigation

In the interests of consistency and efficiency, the court finds it necessary to set forth the following additional requirements for cases currently pending in these MDLs. Rule 25(a) does not specifically place the burden on either party to serve the appropriate nonparties with a suggestion of death or motion to substitute. However, in MDLs of this magnitude, although the plaintiff's counsel's authority to act on behalf of his or her client ceases with the client's death, the court finds that plaintiff's counsel is in the best position to identify the proper successors or representatives of the decedent in order to serve them with the suggestion of death. Therefore, the court **ORDERS** that the plaintiff's attorney has the burden of serving the successors or representatives in accordance with Rule 25.

### A. Suggestion of Death

For any case in which plaintiff's counsel is currently aware of the death of his or her client, plaintiff's counsel shall file a suggestion of death on the record that identifies the plaintiff and describes the time, date, and circumstances of the plaintiff's death, to the extent they are known, within 120 days of the entry of this Order. For any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death. In addition, within the same 120-day period,

plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

Although the court places the burden on plaintiff's counsel to serve nonparties in accordance with Rule 25, defendant's counsel is permitted to file a suggestion of death on the record if he or she becomes aware of the plaintiff's death. The filing of the suggestion of death by defendant's counsel places plaintiff's counsel on notice of his or her client's death, and therefore commences the 120-day period within which plaintiff's counsel must serve the suggestion of death on the appropriate nonparties. Alternatively, if defendant's counsel files the suggestion of death **and** properly serves it upon the appropriate nonparties, then the ninety-day substitution period provided by Rule 25(a) will commence on the date that service is effected.

### B. Motions to Withdraw as Counsel

Should plaintiff's counsel wish to withdraw from a case after the plaintiff has died, counsel must file proof with the court that he or she served the parties and appropriate nonparties with the suggestion of death in accordance with Rule 25.

### C. Motions to Substitute

If the appropriate parties wish to continue the litigation, they must follow the correct procedure pursuant to Rule 25. This includes filing a motion for substitution with the court within the ninety-day substitution period. Plaintiff's counsel cannot move for substitution unless he or she also represents the party or nonparty seeking substitution. The motion shall (1) identify the proposed substitute plaintiff by name, (2) explain why the proposed substitute plaintiff is a "proper" party, and (3) explain why the claim has not been extinguished under the applicable state survivorship statute or state common law. In the event that applicable state law requires the opening of an estate and the appointment of a personal representative to pursue the claims of a deceased plaintiff, plaintiff's counsel shall initiate or cause to be initiated proceedings to open an estate and/or obtain appointment of a personal representative for the plaintiff. Supporting documentation, such as certified or sealed Letters of Administration, is required. Pursuant to Rule 5.2.1(a) of the Local Rules of Procedure for the United States District Court for the Southern District of West Virginia, counsel must redact from any supporting documentation (1) social security numbers, (2) dates of birth, and (3) other personal identifying information. Counsel need not include a proposed order with the motion for substitution. For purposes of these MDLs, a notice of hearing is not required.

### D. Dismissals

If a motion for substitution is not made within the ninety-day substitution period, the case will be subject to dismissal without prejudice, either upon motion by

the defendant(s) or *sua sponte* by the court. As noted above, plaintiff's counsel may not move to dismiss a case after his or her client has died because the attorney no longer has the authority to act on behalf of the client. Accordingly, any such motions by the decedent's counsel will be denied.

V. Conclusion

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:18-cv-01146. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: July 17, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE