# EXHIBIT A

## ESCROW AGREEMENT
### (Litigation Settlement Escrow)

THIS ESCROW AGREEMENT is entered into as of _____, 2018, by and among **JOHNSON & JOHNSON and ETHICON, INC.** ("Company"), **THE GARRETSON RESOLUTION GROUP, INC.** (the "Administrator"), **SALIM-BEASLEY, LLC** ("Plaintiffs' Counsel", and together with Company, Administrator, sometimes referred to individually as "Party" or collectively as the "Parties"), and **JPMORGAN CHASE BANK, NA** (the "Escrow Agent").

**WHEREAS**, pursuant to a Settlement Agreement effective as of April 16, 2018, the Company has agreed, under certain circumstances, to make contributions into a settlement fund to be held in escrow subject to the terms and conditions set forth herein.

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the Parties and Escrow Agent hereto agree as follows:

1. **Appointment.** The Parties hereby appoint Escrow Agent as their escrow agent for the purposes set forth herein, and Escrow Agent hereby accepts such appointment under the terms and conditions set forth herein.

2. **Settlement Fund; Investment.** (a) Pursuant to the terms of the parties confidential Master Settlement Agreement, Company agrees to deposit with Escrow Agent the initial amount of ▓▓▓▓▓▓▓▓▓▓ and such additional amounts as required under the Master Settlement Agreement. The Company will provide the Escrow Agent with advance notice of at least one day of deposits into the Settlement Fund. Escrow Agent shall hold the Escrow Deposit in one or more demand deposit accounts and shall invest and reinvest the Escrow Deposit and the proceeds thereof ("Settlement Fund") in an interest bearing deposit demand account(s) which has rates of compensation that may vary from time to time as determined by Escrow Agent. No other investment is permitted hereunder.

(b) The Settlement Fund is to be treated for federal income tax purposes as a qualified settlement fund within the meaning of U.S. Department of Treasury ("Treas.") Reg. § 1.468B-1. Administrator shall be the "administrator" (as that term is used in Treas. Reg. §1.468B-2(k)(3)) of the Settlement Fund and will file such federal, state or local returns, pay such federal, state or local taxes, comply with applicable federal, state or local information reporting requirements and otherwise generally comply with the rules and regulations applicable to qualified settlement funds under Treas. Reg. § 1.468B-1 and relevant provisions of state and local tax law. Administrator is explicitly authorized to use the assets of the Settlement Fund (i) to satisfy such federal, state and local taxes as may be due with respect to the Settlement Fund and (ii) to reduce the amount of any payments under this Agreement by taxes paid or which Administrator reasonably concludes may become payable. Company shall comply with the provisions of the U.S. Department of Treasury Regulations applicable to the transferor to a qualified settlement fund and Administrator shall comply with its duties and obligations under the Reg. §1.468B rules.

(c) Administrator, and, as required, Company, shall jointly and timely make (or cause to be jointly and timely made) the "relation-back election" (as defined in Treas. Reg. § 1.468-1B) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations (or any successor regulations). It shall be the responsibility of the Administrator to timely and properly prepare, and deliver the necessary documentation (including but not limited to the disclosures and elections referred to above) for signature by all necessary Parties, and thereafter to cause the appropriate filing to occur.

(d) The Parties hereto acknowledge that Administrator shall not be held accountable for any fines, penalties or interest associated with late filings as a result of the failure or refusal of others to cooperate with Administrator. Administrator may retain or hire a qualified third party or parties ("Qualified Third Party") to perform any of its duties or responsibilities specified herein or in Treas. Reg. § 1-468B-2. The fees or costs of such Qualified Third Party shall be billed to Administrator and shall be paid from amounts on deposit in the Settlement Fund.

(e) Escrow Agent shall have no duty to comply with the provisions of Treasury Reg. § 1.468B, cited above. Furthermore, Escrow Agent shall not be deemed to have any knowledge or responsibility concerning the applicability of such regulation to the transactions contemplated by this Agreement. Company and Plaintiffs' Counsel hereby represent to Escrow Agent that no other tax reporting of any kind is required given the underlying transaction giving rise to this Agreement.

3. **Disposition and Termination.** (a) The Escrow Agent shall release the Settlement Fund or any portion thereof in accordance with the joint written instructions executed by an Authorized Representative of the Administrator, an Authorized Representative of Plaintiffs' Counsel, and an Authorized Representative of Company in substantially the form of Exhibit A-1. The Escrow Agent shall be entitled conclusively to rely upon any such joint written instructions. Notwithstanding anything to the contrary set forth in Section 8, any instructions setting forth, claiming, containing, objecting to, or in any way related to the transfer or distribution of the Settlement Fund or any portion thereof, must be in writing and executed by the appropriate Parties, i.e., the Administrator, Plaintiffs' Counsel and Company, as evidenced by the signatures of the person or persons signing this Agreement or one of their designated persons as set forth on the Designation of Authorized Representatives attached hereto as Schedule 1-A, 1-B and 1-C (each an "Authorized Representative"), and delivered to Escrow Agent only by confirmed facsimile or as a Portable Document Format ("PDF") attached to an email on a Business Day only at the fax number or email address set forth in Section 8 below with a copy delivered contemporaneously to the Company. Each Designation of Authorized Representatives shall be signed by the Secretary, any Assistant Secretary or other duly authorized officer of the named appropriate Party. No instruction for or related to the transfer or distribution of the Settlement Fund shall be deemed delivered and effective unless Escrow Agent actually shall have received it on a Business Day by facsimile or as a PDF attached to an email only at the fax number or email address set forth in Section 8 and as evidenced by a confirmed transmittal to the Party's or Parties' transmitting fax number or email address and Escrow Agent has been able to satisfy any applicable security procedures as may be required hereunder. Escrow Agent shall not be liable to any Party or other person for refraining from acting upon any instruction for or related to the transfer or distribution of the Settlement Fund if delivered to any other fax number or email address, including but not limited to a valid email address of any employee of Escrow Agent. The Parties each acknowledge that Escrow Agent is authorized to use the following funds transfer instructions to disburse any funds due to Company and/or Administrator, respectively, without a verifying call-back as set forth in Section 3(b) below:

Company (**Ethicon**):



Administrator (**On behalf of Claimants, Plaintiffs' Counsel, and Administrator**):

Additionally, the Parties agree that repetitive funds transfer instructions may be given to Escrow Agent for one or more beneficiaries where only the date of the requested transfer, the amount of funds to be transferred, and/or the description of the payment shall change within the repetitive instructions ("Standing Settlement Instructions"). Any such Standing Settlement Instructions shall be set up in writing in advance of any actual transfer request and shall contain complete funds transfer information (as set forth above) for the beneficiary. Any such set-up of Standing Settlement Instructions (other than those established concurrently with the execution of this Agreement), and any changes in existing set-up, shall be confirmed by means of a verifying callback to an Authorized Representative. Standing Settlement Instructions will continue to be followed until cancelled by such Party(s) establishing them in a writing signed by the applicable Authorized Representative(s) and delivered to Escrow Agent in accordance with

this Section. Once set up as provided herein, Escrow Agent may rely solely upon such Standing Settlement Instructions and all identifying information set forth therein for each beneficiary. Each Party agrees that any Standing Settlement Instructions shall be effective as the funds transfer instructions of such Party or the Parties, as applicable, without requiring a verifying callback, as set forth in Section 3(b) below, if such Standing Settlement Instructions are consistent with previously authenticated Standing Settlement Instructions for that beneficiary.

(b) In the event any other funds transfer instructions are set forth in a permitted instruction from a Party or the Parties in accordance with Section 3(a), Escrow Agent is authorized to seek confirmation of such funds transfer instructions by a single telephone call-back to one of the Authorized Representatives, and Escrow Agent may rely upon the confirmation of anyone purporting to be that Authorized Representative. The persons designated as Authorized Representatives and telephone numbers for same may be changed only in a writing executed by Authorized Representatives or duly authorized officer of the applicable Party and actually received by Escrow Agent via facsimile or as a PDF attached to an email. Except as set forth in Section 3(a) above, no funds will be disbursed until an Authorized Representative is able to confirm such instructions by telephone call back. Escrow Agent, any intermediary bank and the beneficiary's bank in any funds transfer may rely upon the identifying number of the beneficiary's bank or any intermediary bank included in a funds transfer instruction provided by a Party or the Parties and confirmed by an Authorized Representative. Further, the beneficiary's bank in the funds transfer instructions may make payment on the basis of the account number provided in such Party's or the Parties' instruction and confirmed by an Authorized Representative even though it identifies a person different from the named beneficiary.

(c) The Parties acknowledge that there are certain security, corruption, transmission error and access availability risks associated with using open networks such as the Internet and the Parties hereby expressly assume such risks.

(d) The Parties shall receive monthly statements and, if requested, the Parties shall be provided through the JPMorgan Access system online view-only access to Escrow account information, including balances.

(e) As used in this Section 3, "Business Day" shall mean any day other than a Saturday, Sunday or any other day on which Escrow Agent located at the notice address set forth below is authorized or required by law or executive order to remain closed. The Parties acknowledge that the security procedures set forth in this Section 3 are commercially reasonable. Upon delivery of the Settlement Fund in full by Escrow Agent pursuant to this Section 3, this Agreement shall terminate and the related account(s) shall be closed, subject to the provisions of Section 6.

4. **Escrow Agent.** Escrow Agent shall have only those duties as are specifically and expressly provided herein, which shall be deemed purely ministerial in nature, and no other duties, including but not limited to any fiduciary duty, shall be implied. Escrow Agent has no knowledge of, nor any obligation to comply with, the terms and conditions of any other agreement between the Parties, including but not limited to the Settlement Agreement, nor shall Escrow Agent be required to determine if any Party has complied with any other agreement. Notwithstanding the terms of any other agreement between the Parties, the terms and conditions of this Agreement shall control the actions of Escrow Agent. Escrow Agent and Administrator may conclusively rely upon any written notice, document, instruction or request delivered by the Parties believed by it to be genuine and to have been signed by an Authorized Representative(s), as applicable, without inquiry and without requiring substantiating evidence of any kind and Administrator and Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy or content of any such document, notice, instruction or request. Any notice, document, instruction or request delivered by a Party but not required under this Agreement may be disregarded by the Escrow Agent. Escrow Agent shall not be liable for any action taken, suffered or omitted to be taken by it in good faith except to the extent that Escrow Agent's gross negligence or willful misconduct was the cause of any direct loss to either Party. Escrow Agent may execute any of its powers and perform any of its duties hereunder directly or through affiliates or agents. In the event Escrow Agent shall be uncertain, or believes there is some ambiguity, as to its duties or rights hereunder or receives instructions, claims or demands from any Party hereto which in Escrow Agent's judgment conflict with the provisions of this Agreement, or if Escrow Agent receives conflicting instructions from the Parties, Escrow Agent shall be entitled either to: (a) refrain from taking any action until it shall be given (i) a joint written direction executed by Authorized Representatives of the Parties which eliminates such conflict or (ii) a court order issued by a court of competent jurisdiction (it being understood that the Escrow Agent shall be entitled conclusively to rely and act upon any such court order and shall have no obligation to determine

whether any such court order is final); or (b) file an action in interpleader. Escrow Agent shall have no duty to solicit any payments which may be due it or the Settlement Fund, including, without limitation, the Escrow Deposit nor shall the Escrow Agent have any duty or obligation to confirm or verify the accuracy or correctness of any amounts deposited with it hereunder. The Parties grant to the Escrow Agent a lien and security interest in the Settlement Fund in order to secure any indemnification obligations of the Parties or obligation for fees or expenses owed to the Escrow Agent hereunder. Anything in this Agreement to the contrary notwithstanding, in no event shall Escrow Agent be liable for special, incidental, punitive, indirect or consequential loss or damage of any kind whatsoever (including but not limited to lost profits), even if Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

5. **Succession.** Escrow Agent may resign and be discharged from its duties or obligations hereunder by giving not less than thirty (30) days advance notice in writing of such resignation to the Parties or may be removed, with or without cause, by the Company and Plaintiffs' Counsel jointly at any time after giving not less than thirty (30) days advance joint written notice to the Escrow Agent. Escrow Agent's sole responsibility after such thirty (30) day notice period expires shall be to hold the Settlement Fund (without any obligation to reinvest the same) and to deliver the same to a designated substitute escrow agent, if any, appointed by the Company, or such other person designated jointly by the Parties, or in accordance with the directions of a final court order, at which time of delivery, Escrow Agent's obligations hereunder shall cease and terminate. If prior to the effective resignation or removal date, the Company has failed to appoint a successor escrow agent, or the Parties have failed to jointly instruct the Escrow Agent to deliver the Settlement Fund to another person as provided above, or if such delivery is contrary to applicable law, at any time on or after the effective resignation date, Escrow Agent either (a) may interplead the Settlement Fund with a court located in the State of Texas and the costs, expenses and reasonable attorney's fees which are incurred in connection with such proceeding may be charged against and withdrawn from the Settlement Fund; or (b) appoint a successor escrow agent of its own choice, provided such successor escrow agent has a combined capital and surplus of at least $50 billion dollars, and is subject to supervision and examination by a United States federal or United States state authority. Any appointment of a successor escrow agent shall be binding upon the Parties and no appointed successor escrow agent shall be deemed to be an agent of Escrow Agent. Escrow Agent shall deliver the Settlement Fund to any appointed successor escrow agent, at which time Escrow Agent's obligations under this Agreement shall cease and terminate. Any entity into which Escrow Agent may be merged or converted or with which it may be consolidated, or any entity to which all or substantially all the escrow business may be transferred, shall be the Escrow Agent under this Agreement without further act.

6. **Compensation; Acknowledgment.** (a) The Parties agree that the compensation of the Administrator and Escrow Agent under this Agreement shall be considered an administrative expense of the settlement. The Administrator and Plaintiffs' Counsel shall be responsible for directing payment from the settlement administrative expenses funds under the Settlement Agreement in the Settlement Fund to pay the Escrow Agent under this Agreement and from time to time thereafter reasonable compensation for the services to be rendered hereunder, which unless otherwise agreed in writing, shall be as described in Schedule 2.

(b) Each of the Parties further agrees to the disclosures and agreements set forth in Schedule 2.

7. **Indemnification and Reimbursement.** Company and Plaintiffs' Counsel agree jointly and severally to indemnify, defend, hold harmless, pay or reimburse Escrow Agent and its affiliates and their respective successors, assigns, directors, agents and employees (the "Indemnitees") from and against any and all losses, damages, claims, liabilities, penalties, judgments, settlements, litigation, investigations, costs or expenses (including, without limitation, the fees and expenses of outside counsel and experts and their staffs and all expense of document location, duplication and shipment) (collectively "Losses"), arising out of or in connection with (a) Escrow Agent's performance of this Agreement, except to the extent that such Losses are determined by a court of competent jurisdiction to have been caused by the gross negligence, willful misconduct, or bad faith of such Indemnitee; and (b) Escrow Agent's following, accepting or acting upon any instructions or directions, whether joint or singular, from the Parties received in accordance with this Agreement. The Parties hereby grant Escrow Agent a right of set-off against the Settlement Fund for the payment of any claim for indemnification, fees, expenses and amounts due to Escrow Agent or an Indemnitee. In furtherance of the foregoing, Escrow Agent is expressly authorized and directed, but shall not be obligated, to charge against and withdraw from the Settlement Fund for its own account or for the account of an Indemnitee any amounts due to Escrow Agent or to an Indemnitee under Section 6 or 7. The

obligations set forth in this Section 7 shall survive the resignation, replacement or removal of Escrow Agent or the termination of this Agreement.

8.       **Notices.** Except as otherwise set forth in Section 3(a) above, all communications hereunder shall be in writing or set forth in a PDF attached to an email, and all instructions from a Party or the Parties to the Escrow Agent shall be executed by an Authorized Representative, and shall be delivered in accordance with the terms of this Agreement by facsimile, email or overnight courier only to the appropriate fax number, email address, or notice address set forth for each party as follows:



**If to Company:**

**With copies to:**

and

**If to Administrator:**

**If to Plaintiffs' Counsel:**

and

5

**If to Escrow Agent:**



9. **Compliance with Court Orders.** In the event that a legal garnishment, attachment, levy, restraining notice or court order is served with respect to any of the Settlement Fund, or the delivery thereof shall be stayed or enjoined by an order of a court, Administrator and Escrow Agent are hereby expressly authorized, in their sole discretion, to obey and comply with all such orders so entered or issued, which it is advised by legal counsel of its own choosing is binding upon it, whether with or without jurisdiction, and in the event that Administrator or Escrow Agent obeys or complies with any such order it shall not be liable to any of the Parties hereto or to any other person by reason of such compliance notwithstanding such order be subsequently reversed, modified, annulled, set aside or vacated.

10. **Miscellaneous.** (a) The provisions of this Agreement may be waived, altered, amended or supplemented only by a writing signed by the Escrow Agent and the Parties. Neither this Agreement nor any right or interest hereunder may be assigned by any Party without the prior consent of Escrow Agent and the other Party. This Agreement shall be governed by and construed under the laws of the State of New Jersey. Each Party and Escrow Agent irrevocably waives any objection on the grounds of venue, forum non-conveniens or any similar grounds and irrevocably consents to service of process by mail or in any other manner permitted by applicable law and consents to the jurisdiction of the courts located in the State of New Jersey. To the extent that in any jurisdiction either Party may now or hereafter be entitled to claim for itself or its assets, immunity from suit, execution, attachment (before or after judgment) or other legal process, such Party shall not claim, and hereby irrevocably waives, such immunity. Escrow Agent and the Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement. No party to this Agreement is liable to any other party for losses due to, or if it is unable to perform its obligations under the terms of this Agreement because of, acts of God, fire, war, terrorism, floods, strikes, electrical outages, equipment or transmission failure, or other causes reasonably beyond its control. This Agreement and any joint instructions from the Parties may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument or instruction, as applicable. All signatures of the parties to this Agreement may be transmitted by facsimile or PDF attached to an email, and such facsimile or PDF will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party. If any provision of this Agreement is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction. The Parties each represent, warrant and covenant that (i) each document, notice, instruction or request provided by such Party to Escrow Agent shall comply with applicable laws and regulations; (ii) such Party has full power and authority to enter into this Agreement and to perform all of the duties and obligations to be performed by it hereunder; (iii) the person(s) executing this Agreement on such Party's behalf and certifying Authorized Representatives in the applicable Schedule 1 has been duly and properly authorized to do so, and each Authorized Representative of such Party has been duly and properly authorized to take actions specified for such person in the applicable Schedule 1. Except as expressly provided in Section 7 above, nothing in this Agreement, whether express or implied, shall be construed to give to any person or entity other than Escrow Agent and the Parties any legal or equitable right, remedy, interest or claim under or in respect of the Settlement Fund or this Agreement.

(b) **Information.** Company and Plaintiffs' Counsel authorize the Escrow Agent to disclose information with respect to this Agreement and the account(s) established hereunder, the Parties, or any transaction hereunder if such disclosure is: (i) necessary or desirable, in the Escrow Agent's opinion, for the purpose of allowing the Escrow

Agent to perform its duties and to exercise its powers and rights hereunder; (ii) to a proposed assignee of the rights of Escrow Agent; (iii) to a branch, affiliate, subsidiary, employee or agent of the Escrow Agent or to their auditors, regulators or legal advisers or to any competent court; (iv) to the auditors of any of the Parties; or (v) permitted or required by applicable law, regardless of whether the disclosure is made in the country in which each Party resides, in which the Escrow Account is maintained, or in which the transaction is conducted. Company and Plaintiffs' Counsel agree that such disclosures by the Escrow Agent and its affiliates may be transmitted across national boundaries and through networks, including those owned by third parties.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date set forth above.

**JOHNSON & JOHNSON and ETHICON, INC.**

By:_____
Name:
Title:

**THE GARRETSON RESOLUTION GROUP, INC.**

By:_____
Name:
Title:

**SALIM-BEASLEY, LLC**

By:_____
Name:

**JPMORGAN CHASE BANK, NA,**
As Escrow Agent

By:_____
Name:

7