IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION                              MDL 2327

--------------------------------------------------
THIS DOCUMENT RELATES TO CASES
IDENTIFIED ON EXHIBIT A

PRETRIAL ORDER # 315
(Docket Control Order – Ethicon, Inc. Wave 9 Cases)

Pretrial Order # 293 (Order Regarding Disposition of Non-Revision Gynecare TVT Products) and # 298 (First Amended Order Regarding Disposition of Non-Revision Gynecare TVT Products) (collectively referred to as the "Non-Revision PTOs") identified several thousand cases subject to the Non-Revision PTOs because they had not undergone a revision surgery. The court has subsequently learned that the 185 cases on Exhibit A attached hereto that were originally identified on the Non-Revision PTOs may have undergone a revision surgery after all and therefore, should not have been subject to the Non-Revisions PTOs. Accordingly, the court finds that the 185 cases on Exhibit A should be placed in their own wave (Wave 9) and on their own scheduling order set forth below. The deadlines in the Non-Revision PTOs at paragraphs 8(C)-(J) no longer apply to the plaintiffs on Exhibit A; new deadlines for the plaintiffs on Exhibit A are set forth below.

*To the extent other defendants, in addition to Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") are named in the cases on Exhibit A, the deadlines below also apply to them.*

The court **ORDERS** that the following deadlines immediately apply in all Wave 9 cases:

A.   **SCHEDULING DEADLINES**. The following deadlines shall apply in all Ethicon Wave 9 cases:

| | |
|---|---|
| Plaintiff Profile Form, Plaintiff Fact Sheet and Information identified in ¶A1-2 below[1] | 10/29/2018 |
| Defendant Fact Sheets.[2] | 11/28/2018 |
| Deadline for written discovery requests. | 12/28/2018 |
| Expert disclosures served by plaintiffs pursuant to Fed. R. Civ. P. 26 as limited by ¶ 5.a. of this order. | 02/26/2019 |
| Expert disclosure served by defendants pursuant to Fed R. Civ P. 26 as limited by ¶ 5.a. of this order.[3] | 03/28/2019 |
| Expert disclosure served for rebuttal pursuant to Fed R. Civ. P. 26 as limited by ¶ 5.a. of this order. | 04/04/2019 |
| Deposition deadline and close of discovery. | 05/20/2019 |
| Filing of dispositive motions. | 06/03/2019 |
| Response to dispositive motions. | 06/17/2019 |
| Reply to response to dispositive motions. | 06/24/2019 |
| Filing of *Daubert* motions. | 06/03/2019 |
| Responses to *Daubert* motions. | 06/17/2019 |
| Reply to response to *Daubert* motions. | 06/24/2019 |

1.   **Plaintiff Profile Form and other documents.** Each plaintiff on Exhibit A must establish that she has experienced a potentially compensable injury. To establish such injury, each plaintiff on Exhibit A shall serve upon Ethicon by **October 29, 2018**, if not done previously, the following: (1) a fully completed Plaintiff Profile Form ("PPF") with all required records and authorizations; (2) complete implant records, including the

---

[1] The court reminds plaintiffs who have named additional MDL defendants other than the Ethicon-related defendants to serve a defendant-specific Plaintiff Fact Sheet as required in that particular defendant's MDL.

[2] Where plaintiffs have named multiple defendants (i.e., C. R. Bard, Inc., and Ethicon, Inc., Boston Scientific Corp., etc.), each defendant must serve a Defendant Fact sheet using the form agreed to in that defendant's MDL.

[3] Paragraph 5.a. of this order states the "the plaintiffs and each defendant are limited to no more than five (5) experts per case (exclusive of treating physicians)."

operative report and any records establishing product identification; (3) the earliest medical record in which the alleged injury and/or symptom complaint is recorded, and all medical records relating to the plaintiff's claim.  At the time of filing, plaintiff's counsel shall certify that the production is complete. The burden of proof, by a preponderance of the evidence, shall at all times rest on plaintiff.

    2.    **Plaintiff Fact Sheet and other documents.** Each plaintiff on Exhibit A shall also serve upon Ethicon the following documents by **October 29, 2018**: (l) a fully completed Plaintiff Fact Sheet ("PFS") in the form and with the content specified by PTO 17; (2) documentation of any lost wages claimed in the PPF or PFS; (3) documentation of any medical expenses claimed and by whom; (4) any and all medical records of any type whatsoever (including photographs or videos) relating to any aspect of her gynecological history for the five (5) year period before the date of implantation of an Ethicon Gynecare TVT Product(s), including but not limited to, any pregnancies, hysterectomies, treatment for stress urinary incontinence or pelvic organ prolapse, and treatment for subsequent complaints (this time limitation shall not preclude a reasonable request for earlier or additional relevant medical records); (5) any and all medical records of any type whatsoever relating to any alleged injury or complication for which she seeks compensation from Ethicon; (6) any and all medical records of any type whatsoever related in any way to the implantation, surgical revision, explantation or medical treatment of a medical device for treatment of pelvic floor prolapse or stress urinary incontinence; (7) a list of the known information (obtained after due diligence) pertaining to any potential medical or insurance liens, bankruptcy liens or claims by a bankruptcy trustee or debtor-in-possession, and any supporting documentation regarding each lien

or claim; (8) a statement as to the fact of resolution, if any, of any claim against any other manufacturer or individual arising out of the implantation or use of a device to treat either stress urinary incontinence or pelvic organ prolapse; and (9) the documents produced must include product identification, the implant surgery records, any records of injuries claimed, and in-office revisit records, and all records of gynecological or Revision Surgeries involving other products and any other related procedures.

    3.    **Completion Date.** The last date to complete depositions shall be the "discovery completion date" by which all discovery shall be completed.

    4.    **Limitations on Interrogatories, Requests for Admissions and Depositions**. The following limitations apply:

    a. Each defendant[4] is limited to 10 interrogatories, 10 requests for production of documents and 10 requests for admission per case.

    b. Plaintiffs are limited to 10 interrogatories, 10 requests for production of documents and 10 requests for admission to each defendant.

    c. In each individual member case, no more than 4 treating physicians may be deposed.[5]

    d. Depositions of plaintiff's friends and family members may be taken at any time prior to trial provided the deposition is requested before the discovery completion date.

---

[4] In referring to the "defendant" or "defendants" throughout this order, it is my intention that a defendant(s) includes the defendant and its related entities, i.e., Ethicon, Inc. and Johnson & Johnson are related entities and treated as one defendant for purposes of these discovery limitations. Likewise, if more than one plaintiff is named, plaintiffs are treated as one entity for purposes of these discovery limitations.

[5] To the extent disputes arise regarding the division of time between the parties for the deposition of treating physicians (three hours total absent agreement), I will address those disputes, rather than the assigned Magistrate Judge, Judge Eifert.

 e. The Deposition of any witness is limited to 3 hours absent agreement of the parties.

 f. The court will consider modifications to the above limitations only upon good cause shown.

5. **Limitations on Experts.** The following limitations related to experts apply:

 a. The parties may conduct general and specific expert discovery on all products at issue in Ethicon Wave 9 cases. In light of the products involved in Ethicon Wave 9 cases, the likelihood of overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases, **the plaintiffs and each defendant are limited to no more than five experts per case (exclusive of treating physicians).**

 b. The parties shall coordinate the depositions of general causation experts. Insofar as multiple plaintiffs or multiple defendants use the same general causation expert or experts or general causation rebuttal experts, those experts shall be deposed only once on the issue of general causation. As to defendants' experts, plaintiffs are instructed to choose a lead questioner.

 c. The court encourages the coordination of depositions of specific causation experts to the extent there is overlap in the parties' use of specific causation experts by multiple parties.

 d. The court will consider modifications to the above limitations only upon good cause shown.

6. **Transferring to another MDL, requesting removal from the Wave and extensions of deadlines.**

    a. Transfer of any Wave 9 case to any other MDL, whether by ruling upon a motion from plaintiff or defendants or *sua sponte* by the court, does not relieve the plaintiff or any remaining defendant(s) from the deadlines of a Docket Control Order.

    b. If an Amended Short Form Complaint properly filed pursuant to Federal Rules of Civil Procedure 15(a), names a new party, then any party may move for an extension to the Docket Control Order.

    c. Cases will only be removed from the Wave in the most exceptional circumstances.

**B. MOTION PRACTICE.**

    1. ***Daubert* Motions.** For the filing of *Daubert* motions on general causation issues only, the parties are instructed to file one *Daubert* motion per expert in the main MDL (MDL 2327) instead of the individual member case.[6] Each side may file one response and one reply in the main MDL to each *Daubert* motion. This limitation does not apply to specific causation *Daubert* motions, responses and replies. Specific causation *Daubert* motions, responses and replies must be filed in the individual member cases. To the extent a challenged expert is both a general and specific causation expert, the parties must file a general causation motion in the main MDL 2327 and an individual specific causation motion in an individual member case.

    2. **Hearings.** Hearings, if any, for dispositive and *Daubert* motions will be set at a future status conference.

---

[6] If parties wish to adopt previous *Daubert* motions on general causation experts from other MDLs, they may file a notice of adoption with a copy of the previous filing they wish to adopt in the main MDL 2327.

3. **Page Limitations.** The page limitations provided in Local Rule of Civil Procedure 7.1(a)(2) apply to memoranda in support of all dispositive and *Daubert* motions, oppositions, and replies. The court will not be inclined to grant motions to exceed the page limit.

4. **Confidential Documents.** In the past, the court has permitted parties to file placeholder exhibits in support of *Daubert*, dispositive and other motions, responses and replies in the place of confidential documents that may be sealed and then, within five days, redact/dedesignate the documents or file a motion to seal. T*he court will no longer permit this practice. Parties may no longer file placeholder exhibits.* The court expects leadership counsel for plaintiffs and defendants to resolve issues related to confidential designations well before the filing of motions. In the event there are issues related to sealing of confidential documents that the parties are unable to resolve, they must be brought to the court's attention in a consolidated manner as follows: Any consolidated motion to seal is due on or before **March 30, 2019,** and any response is due by **April 13, 2019.** Any reply is due by **April 20, 2019**.

5. **Locations of Filings. With the exception of the general causation *Daubert* motions as outlined above, the parties are reminded that they must file dispositive and *Daubert* motions on specific causation, responses and replies in the applicable member cases only, not in the Ethicon MDL.**

C. **CASES READY FOR TRANSFER, REMAND OR TRIAL**

1. **Venue Recommendations.** By no later than **April 11, 2019**, the parties shall meet and confer concerning the appropriate venue for each of the cases, and the parties are **ORDERED** to submit joint venue recommendations to the court by **April 18,**

**2019**. The parties' joint recommendation(s) shall identify cases where venue is in dispute. The court may then request briefing.

2. **Transfer and Remand.** The court, pursuant to PTO # 15 and 28 U.S.C. § 1404(a), will transfer each directly-filed case to a federal district court of proper venue as defined in 28 U.S.C. § 1391. In the alternative, pursuant to PTO # 15 and 28 U.S.C. § 1407, cases that were transferred to this court by the MDL panel shall be remanded for further proceedings to the federal district court from which each such case was initially transferred.[7]

3. **Trial Settings.** If a case is to be tried in the United States District Court for the Southern District of West Virginia (either by agreement of the parties or where venue in the Southern District is determined to be proper by the court), the case shall be deemed trial-ready when discovery is completed and the court rules on the parties' summary judgment motions. The trial date for cases transferred or remanded to other federal district courts shall be set by the judge to whom the transferred or remanded case is assigned (including the undersigned through intercircuit assignment).

D. **COMMON BENEFIT TIME.** I have entered a number of Pretrial Orders related to the eventual recovery of the cost of special services performed and expenses incurred by participating counsel in this and the other MDLs assigned to me. I direct the parties' attention to PTO # 18[8], and its warning that "[n]o time spent on developing or processing purely individual issues in any case for an individual client (claimant) will be considered

---

[7] As expressly contemplated by PTO # 15, Ethicon does not waive its right to seek transfer–pursuant to 28 U.S.C. § 1406(a) or any other available ground–of any case to a court of proper venue, regardless of whether that case was transferred to or directly-filed in the Southern District of West Virginia. I entered identical PTOs in the remaining MDLs assigned to me.
[8] I entered identical PTOs in the remaining MDLs assigned to me.

or should be submitted, nor will time spent on any unauthorized work." Pretrial Order No. 18, ECF No.282, ¶ C. The court is of the opinion it is highly unlikely that any work performed by counsel on individual wave cases will be considered common benefit work.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 **and in the Ethicon Wave 9 cases identified on Exhibit A**. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: August 27, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

Exhibit A
PTO # 315

| Count | Civil Action No | Case Name |
|---|---|---|
| 1 | 2:12-cv-01247 | Housman, Wilma |
| 2 | 2:12-cv-01926 | Klinker, Michelle & David |
| 3 | 2:12-cv-02973 | Correa, Lydia & Jose |
| 4 | 2:12-cv-03225 | Williams, Donna & Rex |
| 5 | 2:12-cv-05768 | Headings, Cheryl & Gary |
| 6 | 2:12-cv-08805 | Horst, Deborah & Enos |
| 7 | 2:12-cv-09153 | Lloyd-Duncan, Meredith |
| 8 | 2:12-cv-09844 | Pickens, Betty |
| 9 | 2:13-cv-00500 | Blank, Aleli M. & Leonard |
| 10 | 2:13-cv-02529 | Edinger, Jana |
| 11 | 2:13-cv-03906 | Henderson, Angela |
| 12 | 2:13-cv-04513 | Walker, Dorothy & Kenneth |
| 13 | 2:13-cv-04598 | Bailey, Teresa M. & Gary David |
| 14 | 2:13-cv-04705 | Bard, Bobbie Jo |
| 15 | 2:13-cv-05573 | Moore, Sherry |
| 16 | 2:13-cv-05886 | Buntgen, Gwen L. & Wayne |
| 17 | 2:13-cv-06172 | Adams, Tammy & Edgar |
| 18 | 2:13-cv-06704 | Hale, Glenna |
| 19 | 2:13-cv-07090 | Libbey, Leigh Ann |
| 20 | 2:13-cv-07532 | Cabell, Marla M. |
| 21 | 2:13-cv-07942 | Rogers, Bettina Carol |
| 22 | 2:13-cv-09305 | Person, Shana D. |
| 23 | 2:13-cv-09923 | Bryant, Lisa Crawley & Johnny P. |
| 24 | 2:13-cv-10084 | Sandercock, Dena M. & William G. |
| 25 | 2:13-cv-11721 | Nicely, Victoria & Billy |
| 26 | 2:13-cv-12080 | Martin, Allison |
| 27 | 2:13-cv-12635 | Theisen, Carla R. |
| 28 | 2:13-cv-12778 | Childs, Wanda B. & Timothy P. |
| 29 | 2:13-cv-13129 | Smith, Linda L. & George W. |
| 30 | 2:13-cv-14085 | Rivera, Solia Moreno & Elias |
| 31 | 2:13-cv-14814 | Alvarez-Zermeno, Gloria & Normando |
| 32 | 2:13-cv-14834 | Barron, Sandra |
| 33 | 2:13-cv-15826 | Harrington, Marie-Celine & Roland, Jr. |
| 34 | 2:13-cv-15950 | Harshbarger, Amanda Marie |
| 35 | 2:13-cv-18285 | Ransom, Lori & David |
| 36 | 2:13-cv-19019 | Clark, Rhonda Valinda |
| 37 | 2:13-cv-20165 | Pitchford, Ann M. |
| 38 | 2:13-cv-21699 | Fridlund, Robynn & David |
| 39 | 2:13-cv-21924 | Peake, Debra Lynn & Billy W. |
| 40 | 2:13-cv-22847 | Cole, Crista |
| 41 | 2:13-cv-22864 | Kaehler, Laurie |
| 42 | 2:13-cv-22944 | Fernandez, Daisy |
| 43 | 2:13-cv-23133 | Hawks, Clara E. & Phillip A. |

Exhibit A
PTO # 315

| Count | Civil Action No | Case Name |
|---|---|---|
| 44 | 2:13-cv-23268 | Hudson, Mary & Todd |
| 45 | 2:13-cv-23910 | Lucas, Darylyn Lee Bragg |
| 46 | 2:13-cv-24124 | Robinson, Elaine B. & Jim C. |
| 47 | 2:13-cv-24197 | Watson, Melanie & Wesley |
| 48 | 2:13-cv-24583 | Alamillo, Rachel |
| 49 | 2:13-cv-24926 | Williams, Deloris & Wilbur |
| 50 | 2:13-cv-25015 | Gore, Karen & J. Daniel |
| 51 | 2:13-cv-25095 | Spurgeon, Julie & Clayton Barnett |
| 52 | 2:13-cv-26101 | Cortez, Victoria & Rodolfo Medina |
| 53 | 2:13-cv-26801 | Brown, Bonnie & James B. |
| 54 | 2:13-cv-28616 | McCrystal, Pamela Eves |
| 55 | 2:13-cv-28818 | Wagner, Stella & Louis |
| 56 | 2:13-cv-29249 | Vazquez, Kim & Joe |
| 57 | 2:13-cv-30047 | Perez, Marinet & Edward |
| 58 | 2:13-cv-30236 | Heard, Dana L. & Leon |
| 59 | 2:13-cv-30310 | Hansen, LaDonna Joanne |
| 60 | 2:13-cv-30669 | Omiotek, Deretha Mae |
| 61 | 2:13-cv-31518 | Warden, Pamela O. |
| 62 | 2:13-cv-32847 | Carrasco, Sonja & Jesse |
| 63 | 2:13-cv-33436 | Anderson, Rose M. |
| 64 | 2:13-cv-33438 | Damron-Hunter, Melissa & Dale |
| 65 | 2:13-cv-33439 | Exum, Charlotte |
| 66 | 2:14-cv-00764 | Helton, Barbara & Miller |
| 67 | 2:14-cv-00828 | Arnold, Shana |
| 68 | 2:14-cv-01008 | Geist, Michelle Person & Gregory |
| 69 | 2:14-cv-02162 | Holmes, Anna Marie |
| 70 | 2:14-cv-02446 | Benson, Kathie & Douglas Keith |
| 71 | 2:14-cv-03415 | Lujan, Dorthy & Jose |
| 72 | 2:14-cv-03463 | Paul, Sandra |
| 73 | 2:14-cv-03646 | Patel, Savitaben & Vinod |
| 74 | 2:14-cv-04850 | Coronado, Henrietta & Arturo Lagos |
| 75 | 2:14-cv-05497 | Slack, Mona |
| 76 | 2:14-cv-06261 | Guptill, Heidi & Jerry |
| 77 | 2:14-cv-08044 | Matthews, Tally & Timothy |
| 78 | 2:14-cv-09375 | Walsh, Jodi L. |
| 79 | 2:14-cv-09938 | Conn, Christy D. |
| 80 | 2:14-cv-09964 | Wilson, Jean |
| 81 | 2:14-cv-10317 | Ryder, Karen |
| 82 | 2:14-cv-10404 | McHale, Mary |
| 83 | 2:14-cv-11915 | Couture, Lisa |
| 84 | 2:14-cv-12321 | Artman, Juanita L. & Dennis |
| 85 | 2:14-cv-12850 | Sharpe, Veronica J. |
| 86 | 2:14-cv-14179 | Hawk, Moira |

Exhibit A
PTO # 315

| Count | Civil Action No | Case Name |
|---|---|---|
| 87 | 2:14-cv-14403 | Quillen, Lela J. |
| 88 | 2:14-cv-15473 | Taylor, Terry L. |
| 89 | 2:14-cv-15557 | Borbely, Kimberly & Brian |
| 90 | 2:14-cv-16295 | Sticker-Recotta, Brenda |
| 91 | 2:14-cv-17227 | Adkins, Martina |
| 92 | 2:14-cv-17337 | Nelson, Joan & Willie |
| 93 | 2:14-cv-17582 | Enos, Darlene |
| 94 | 2:14-cv-17625 | Cavallo, Massiel |
| 95 | 2:14-cv-17770 | Pochie, Connie L. |
| 96 | 2:14-cv-18173 | Register, Freda L. |
| 97 | 2:14-cv-18414 | Bigelow, Tracey |
| 98 | 2:14-cv-19726 | Page, Heather Nicole & Jamie Hardy |
| 99 | 2:14-cv-19947 | Skinner, Sharon |
| 100 | 2:14-cv-20380 | Cook, Cassandra Y. & Homer |
| 101 | 2:14-cv-20461 | Martinez, Elizabeth & Cristobal |
| 102 | 2:14-cv-21861 | Bryant-Robinson, Donna |
| 103 | 2:14-cv-22501 | Bell, Gina |
| 104 | 2:14-cv-23938 | Hurley-Mick, Sharron & Michael |
| 105 | 2:14-cv-24818 | Gilman, Sherry & Elmer |
| 106 | 2:14-cv-25364 | Wilson, Amy Jo |
| 107 | 2:14-cv-25412 | Alvarado, Theresa |
| 108 | 2:14-cv-26753 | Zariski, Kay & Robert |
| 109 | 2:14-cv-26981 | Meza, Amanda |
| 110 | 2:14-cv-27048 | Angelo, Mary & David |
| 111 | 2:14-cv-27697 | Van Hise, Barbara |
| 112 | 2:14-cv-28739 | Sanders, Judith G. |
| 113 | 2:14-cv-28863 | Hall, Donna Mae & Tommy L. |
| 114 | 2:14-cv-30948 | Seavey, Joanne |
| 115 | 2:15-cv-00385 | Tily, Joan |
| 116 | 2:15-cv-01722 | Small, Nadine |
| 117 | 2:15-cv-01890 | Minter, Elizabeth Castleberry |
| 118 | 2:15-cv-02783 | Sprowls, Ruby |
| 119 | 2:15-cv-03349 | Apken, Madelyn A. |
| 120 | 2:15-cv-03484 | Gallardo, Dora |
| 121 | 2:15-cv-03520 | Sica, Jean Marie & Philip John, Jr. |
| 122 | 2:15-cv-03832 | Pawlisa, Jayne & Richard |
| 123 | 2:15-cv-04649 | Ashley, Tanjia |
| 124 | 2:15-cv-04768 | Loock, Brenda |
| 125 | 2:15-cv-04805 | Clark, Donna |
| 126 | 2:15-cv-04808 | Coates, Louise |
| 127 | 2:15-cv-05324 | Graves, Bonita & John W., III |
| 128 | 2:15-cv-05405 | Moore, Greer |
| 129 | 2:15-cv-05565 | Palmer, Theresa & Ken |

Exhibit A
PTO # 315

| Count | Civil Action No | Case Name |
|---|---|---|
| 130 | 2:15-cv-06125 | Crawford, Lisa & Todd |
| 131 | 2:15-cv-06266 | Preston, Beatrice W. |
| 132 | 2:15-cv-06292 | Johnson, Patsy |
| 133 | 2:15-cv-06803 | Hartweck, Sharon & Tom |
| 134 | 2:15-cv-08871 | Lawrence, Carol & Rickey |
| 135 | 2:15-cv-08957 | DeLong, Margaret |
| 136 | 2:15-cv-11699 | Hamlyn, Doreen & John A. Seeber |
| 137 | 2:15-cv-11924 | Miller, Brenda J. |
| 138 | 2:15-cv-12325 | Mullins, Mary Ellen |
| 139 | 2:15-cv-12633 | Johnson, Karen & Richard A. |
| 140 | 2:15-cv-13103 | Morrison, Leeann |
| 141 | 2:15-cv-13609 | Bridges, Dawn |
| 142 | 2:15-cv-13857 | Clarke, Joyce |
| 143 | 2:15-cv-14545 | Johnson, Wendy |
| 144 | 2:15-cv-14810 | Williams, Paulette |
| 145 | 2:15-cv-14934 | Pickens, Marsha |
| 146 | 2:15-cv-14936 | Taylor, Beverly |
| 147 | 2:15-cv-15487 | Elliott, Belinda |
| 148 | 2:15-cv-15916 | Simpson-Daelen, Diana |
| 149 | 2:16-cv-00622 | Young, Donica & Shawn |
| 150 | 2:16-cv-01308 | Duvall, Pauline & Julio |
| 151 | 2:16-cv-01671 | Ellis-Kreher, Lisa |
| 152 | 2:16-cv-01702 | Lorenzana, Nelly & Alfredo |
| 153 | 2:16-cv-01730 | Fitzgerald, Leslie & Bryan |
| 154 | 2:16-cv-02532 | Carothers, Keisha |
| 155 | 2:16-cv-02800 | Kernodle, Elizabeth J. & Bruce W. |
| 156 | 2:16-cv-03102 | Conley, Mary Ann |
| 157 | 2:16-cv-03297 | Quimby, Lillian & David |
| 158 | 2:16-cv-03388 | Likins, Cassey |
| 159 | 2:16-cv-03576 | Novelli, Melinda |
| 160 | 2:16-cv-03928 | Morris, Mary |
| 161 | 2:16-cv-04315 | Shannon, Carissa & Jamie |
| 162 | 2:16-cv-05599 | Albrecht, Dawn M. |
| 163 | 2:16-cv-06023 | LeSuer, Christina McGary |
| 164 | 2:16-cv-07497 | Morgan, Angela & Timothy |
| 165 | 2:16-cv-07814 | Lindon, Kathleen & Bill Johns |
| 166 | 2:16-cv-08743 | Myers, Frances-Faye |
| 167 | 2:16-cv-08885 | Epperson, Sharon |
| 168 | 2:16-cv-09101 | Coffey, Cynthia & David |
| 169 | 2:16-cv-09175 | Simants, Ioka |
| 170 | 2:16-cv-09243 | Wipperman, Peggy & Carl |
| 171 | 2:16-cv-10077 | Burnett, Cynthia D. |
| 172 | 2:16-cv-10993 | Crittenden, Kendall |

**Exhibit A**
**PTO # 315**

| Count | Civil Action No | Case Name |
|---|---|---|
| 173 | 2:16-cv-12218 | Aderholt, Kimberly |
| 174 | 2:17-cv-01102 | Baker, Jetty |
| 175 | 2:17-cv-01372 | Kappel, Rena & Robert |
| 176 | 2:17-cv-01609 | Brooks, Glenda R. |
| 177 | 2:17-cv-01623 | Sykes, Cheryl |
| 178 | 2:17-cv-01988 | Blessing-Prosser, Janice & Rickey |
| 179 | 2:17-cv-02677 | Schulz, Amy |
| 180 | 2:17-cv-02965 | Dicaire, Kim & Rick |
| 181 | 2:17-cv-03866 | Campbell, Hilda & John |
| 182 | 2:17-cv-04208 | Costa, Bianca & John |
| 183 | 2:17-cv-04264 | Turman, Philistia |
| 184 | 2:17-cv-04603 | Vandiver, Sandra |
| 185 | 2:18-cv-00245 | Olide, Lydia & Rodolfo, Jr. |