IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 <br><br> JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

### NOTICE TO TAKE DEPOSITION OF IE-MING SHIH, M.D.

TO:   ALL COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendants Ethicon, Inc. and Johnson & Johnson, pursuant to FED. R. CIV. P. 30 and the procedures set forth *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327, will take the deposition upon oral examination of Ie-Ming Shih, M.D., on September 25, 2018 at 9:00 a.m., at Venable LLP, 750 East Pratt Street, Suite 900, Baltimore, MD 21202.

**PLEASE TAKE FURTHER NOTICE** that said deposition shall take place before a duly qualified Notary Public authorized to administer oaths and shall continue from day to day until completed. Said deposition shall cover all matters relevant to the subject matter of the within action.

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce any document reviewed by the deponent, prior to the commencement of the deposition, to prepare for the deposition and/or to refresh the deponent's recollection regarding the facts of this case, as well as all documents requested on Schedule A.

**PLEASE TAKE FURTHER NOTICE** that a copy of Pretrial Order No. 38, "Deposition Protocol," is attached for the deponent's review.

Dated: September 10, 2018

Respectfully submitted,

/s/ *William M. Gage*
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

/s/ *Susan M. Robinson*

Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

Counsel for Defendants Ethicon, Inc., and Johnson & Johnson

## SCHEDULE A

1. All documents related to fees, billing, and/or time spent in connection with your opinions in any pelvic mesh litigation relating to either prolapse or stress urinary incontinence in which you have been consulted or disclosed as an expert witness.

2. A copy of an up-to-date CV, along with a complete list of your publications and testimony.

3. All documents, including but not limited to videotapes, recordings, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at your direction in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

4. All final reports prepared in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

5. Any reports or other documentation concerning testing done by you in connection with this or any other pelvic mesh case.

6. Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from you and any persons with knowledge of facts relating to this or any other pelvic mesh cases, including any health care providers.

7. Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from and any persons concerning pelvic mesh.

8. Any and all documents, records, literature and data or information of any kind reviewed or considered by or made available to you, whether you did or did not rely on such documents, records, literature and data or information.

9. All literature, published or unpublished, consulted by you in connection with your opinions in regarding pelvic mesh, including all literature that fails to support your opinions.

10. All depositions, pleadings, or other records of any court or administrative proceeding, that were shown to, summarized for, or otherwise made available for review to you in connection with your expected testimony in this or any other pelvic mesh case, or in connection with the development of an opinion or belief, or an assessment or determination, relating to this or any other pelvic mesh case.

11. All photographs or other images including photos of the plaintiff or products taken by or for you which refer or relate to your opinions in this case.

12. Any graphics or charts prepared by you for use at trial.

13. Any Ethicon products in your possession.

14. All materials (including protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards) relating to any study, analysis, test, clinical trial or epidemiological study concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.

15. All specimens, paraffin blocks, slides, or other medium, and all documents relating to any other study, analysis, test, or clinical trial concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member, to the extent you rely upon or reference such in the formation of your opinions and/or in your expert report in this case.

16. All documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

17. All documents or communications relating to presentations or lectures given or contributed to by you which concerned pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

18. Copies of any letters, brochures, promotions, or other documents in which you advertise or discuss your work or availability as an expert or consultant in litigation.

19. Copies of the syllabus and texts used in any teaching setting by you.

20. All transcripts of prior testimony or statements or presentations given by you in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

21. A copy of your complete file in this case.

22. Any communications between you and counsel for the plaintiff, to the extent that such communications:

    a. Relate to your compensation;

    b. Identify facts or data that you were provided and that you considered in forming your opinions; or

    c. Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions.

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ William M. Gage*
William M. Gage