IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICTOF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEMS,
PRODUCTS LIABILITY LITIGATION    MDL 2327

THIS DOCUMENT RELATES TO THE CASE(S)
IN THE EXHIBIT(S) ATTACHED HERETO

## INACTIVE DOCKET ORDER

The Court has been advised by counsel[1] that in the cases listed on the attached Exhibit(s), the plaintiff(s) and Ethicon, Inc.[2] ("Ethicon") have agreed to a settlement model with regard to Ethicon. The Court therefore finds it unnecessary to conduct further proceedings or to keep these cases on the active docket. Accordingly, the Court **ORDERS** as follows:

1. All discovery deadlines are continued until further order of the Court.

2. That the Clerk place the case(s) listed on the attached Exhibit(s) on the pending inactive docket.

3. Plaintiff(s) and Ethicon may submit an agreed order of dismissal with prejudice on or before October 31, 2018; if settlements are not finalized and dismissal orders are not submitted by October 31, 2018, then any case remaining on an inactive docket will be moved to the active docket and placed on a shortened Docket Control Order.

---

[1] In some cases, plaintiffs' counsel who appear for a particular plaintiff(s) have authorized other counsel to act on that counsel's behalf regarding settlement matters.

[2] As used herein, "Ethicon" refers collectively to Johnson & Johnson, Ethicon LLC, Ethicon, Inc. as well as any of its former or present parent companies, subsidiaries, affiliated companies, directors, officers, design surgeons, employees, distributors, detail representatives named in an action pending in MDL No. 2327.

Counsel for plaintiff(s) and defendants are directed to provide quarterly reports as to their progress in dismissing cases on the inactive docket. The Court is aware that counsel have agreed to a settlement model for a group of cases and claims, including those on the attached Exhibit(s). The Court will reinstate any case on the attached Exhibit(s) to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to, a plaintiff's refusal or inability to consummate settlement. Any motion to reinstate must be accompanied by an affidavit from plaintiff explaining such refusal or inability.

The court **DIRECTS** the Clerk to file a copy of this order in MDL No. 2327 and in the individual case(s) listed on the attached Exhibit(s), and to link this Order to the Proposed Inactive Docket Order filed at ECF No. 6622. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.

| Case No. | Last Name |
|---|---|
| 2:14-cv-02446 | Benson v. Ethicon, Inc. et al. |
| 2:13-cv-09923 | Bryant v. Ethicon, Inc. et al. |
| 2:12-cv-01247 | Housman v. Ethicon, Inc. et al. |
| 2:13-cv-24124 | Robinson v. Ethicon, Inc. et al. |
| 2:13-cv-10084 | Sandercock v. Ethicon, Inc. et al. |