IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## AMENDED NOTICE TO TAKE DEPOSITION OF IE-MING SHIH, M.D.

TO:   ALL COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendants Ethicon, Inc. and Johnson & Johnson, pursuant to FED. R. CIV. P. 30 and the procedures set forth *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327, will take the deposition upon oral examination of Ie-Ming Shih, M.D., on October 4, 2018 at 9:00 a.m., at  Venable LLP, 750 East Pratt Street, Suite 900, Baltimore, MD 21202.

**PLEASE TAKE FURTHER NOTICE** that said deposition shall take place before a duly qualified Notary Public authorized to administer oaths and shall continue from day to day until completed.  Said deposition shall cover all matters relevant to the subject matter of the within action.

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce any document reviewed by the deponent, prior to the commencement of the deposition, to prepare for the deposition and/or to refresh the deponent's recollection regarding the facts of this case, as well as all documents requested on Schedule A.

**PLEASE TAKE FURTHER NOTICE** that a copy of Pretrial Order No. 38, "Deposition Protocol," is attached for the deponent's review.

Dated: September 18, 2018

              Respectfully submitted,

              */s/ William M. Gage*
              William M. Gage (MS Bar No. 8691)
              Butler Snow LLP
              1020 Highland Colony Parkway
              Suite 1400 (39157)
              P.O. Box 6010
              Ridgeland, MS 39158-6010
              (601) 985-4561
              william.gage@butlersnow.com

              */s/ Susan M. Robinson*

              Susan M. Robinson (W. Va. Bar No. 5169)
              Thomas Combs & Spann PLLC
              300 Summers Street
              Suite 1380 (25301)
              P.O. Box 3824
              Charleston, WV 24338
              (304) 414-1800
              srobinson@tcspllc.com

              Counsel for Defendants Ethicon, Inc.,
              and Johnson & Johnson

# **SCHEDULE A**

1. All documents related to fees, billing, and/or time spent in connection with your opinions in any pelvic mesh litigation relating to either prolapse or stress urinary incontinence in which you have been consulted or disclosed as an expert witness.

2. A copy of an up-to-date CV, along with a complete list of your publications and testimony.

3. All documents, including but not limited to videotapes, recordings, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at your direction in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

4. All final reports prepared in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

5. Any reports or other documentation concerning testing done by you in connection with this or any other pelvic mesh case.

6. Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from you and any persons with knowledge of facts relating to this or any other pelvic mesh cases, including any health care providers.

7. Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from and any persons concerning pelvic mesh.

8. Any and all documents, records, literature and data or information of any kind reviewed or considered by or made available to you, whether you did or did not rely on such documents, records, literature and data or information.

9. All literature, published or unpublished, consulted by you in connection with your opinions in regarding pelvic mesh, including all literature that fails to support your opinions.

10. All depositions, pleadings, or other records of any court or administrative proceeding, that were shown to, summarized for, or otherwise made available for review to you in connection with your expected testimony in this or any other pelvic mesh case, or in connection with the development of an opinion or belief, or an assessment or determination, relating to this or any other pelvic mesh case.

11. All photographs or other images including photos of the plaintiff or products taken by or for you which refer or relate to your opinions in this case.

12. Any graphics or charts prepared by you for use at trial.

13. Any Ethicon products in your possession.

14. All materials (including protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards) relating to any study, analysis, test, clinical trial or epidemiological study concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.

15. All specimens, paraffin blocks, slides, or other medium, and all documents relating to any other study, analysis, test, or clinical trial concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member, to the extent you rely upon or reference such in the formation of your opinions and/or in your expert report in this case.

16. All documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

17. All documents or communications relating to presentations or lectures given or contributed to by you which concerned pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

18. Copies of any letters, brochures, promotions, or other documents in which you advertise or discuss your work or availability as an expert or consultant in litigation.

19. Copies of the syllabus and texts used in any teaching setting by you.

20. All transcripts of prior testimony or statements or presentations given by you in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

21. A copy of your complete file in this case.

22. Any communications between you and counsel for the plaintiff, to the extent that such communications:

    a. Relate to your compensation;

    b. Identify facts or data that you were provided and that you considered in forming your opinions; or

    c. Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions.

**CERTIFICATE OF SERVICE**

      I certify that on this day, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

      */s/ William M. Gage*
      William M. Gage

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

PRETRIAL ORDER # 38
(Deposition Protocol)

Pursuant to the parties' agreement, it is ORDERED that the following deposition protocol shall be followed in depositions conducted in the above-referenced MDL:

A. **Deposition Notices**

1. This Order applies to all depositions in MDL-2327, which will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

2. This Order, in its entirety, shall be attached to any non-party subpoena or deposition notice.

3. In order to arrange for adequate deposition space, counsel who wish to attend a deposition noticed in MDL 2327 shall provide one week's advance notice to Plaintiffs' Lead Counsel and Defendants' Lead Counsel of their intention to attend in person and the reason for the additional attendees' presence.

B. **Cross-Notices Between State Court Cases and These Proceedings**

1. Depositions originally noticed in this MDL may be cross-noticed in appropriate state court cases.

C.     **Number of Depositions Allowed**

1.     Any Federal Rule of Civil Procedure and/or Local Rule purporting to limit the number of depositions shall not apply in this MDL proceeding. If either side believes that the other is taking unnecessary or irrelevant depositions they may bring the issue to the Court for appropriate resolution, after first making a good faith effort to resolve the issue without the Court's involvement.

D.     **Scheduling of Depositions**

1.     Plaintiffs' and Defendants' Lead Counsel shall attempt to establish by mutual agreement, a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any person to repeated depositions; (c) the need to preserve relevant testimony; and (d) the schedule established by this Order. Counsel for the parties will attempt to coordinate the scheduling of depositions as much as possible. Lead and Liaison Counsel shall be responsible for providing posted notice of any deposition in this MDL to counsel.

2.     Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once. The parties may agree to designate a 30(b)(6) witness also in his or her individual capacity. A party seeking to take a second deposition of a witness in this MDL shall provide the opposing party its basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown. The transcript of any deposition(s) of current or former Ethicon or J&J company witnesses or representatives taken in the New Jersey Litigation or any other related State or Federal action(s) prior to the date of this Order shall be provided to Plaintiffs' Liaison Counsel upon their request, and may be utilized by the parties in

MDL 2327 as if the deposition were originally taken in these proceedings. Ordinarily, current or former employees of Ethicon or J&J first deposed in the New Jersey Litigation shall not be deposed again in this MDL. If the deposition of any current or former Ethicon or J&J witness, not previously deposed in the MDL but who was deposed in the New Jersey litigation, is noticed in the MDL proceedings, the MDL attorneys taking the second deposition shall not ask questions duplicative of those in the first deposition. Nothing in this Order shall preclude the parties from seeking leave of Court to re-depose a particular witness, even on a topic(s) covered in the first deposition, if good cause is established. The parties agree to use their best efforts to resolve issues related to requests for a second deposition of a given witness before involving the Court.

3. If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court for resolution.

4. For depositions that are not plaintiff specific, each side shall be notified at least forty-five (45) days in advance of a deposition, absent agreement by the parties otherwise, time constraints due to orders by the Court, or by leave of Court.

5. For any notice of deposition where there is an accompanying request for the production of documents, Defendants shall, within 10 days of receipt of such notice, alert Plaintiffs' Liaison Counsel of any reason that the requested documents cannot be produced a minimum of 14 days prior to the date noticed for the deposition.

E. **Location of Depositions**

1. The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

F.   **Attendance at Deposition**

1. While a deponent is being examined about any information subject to the Protective Order entered in this litigation, persons to whom disclosure is not authorized shall be excluded. Unnecessary attendance at depositions is discouraged.

G.   **Conduct of Depositions**

1. Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs should ordinarily designate one attorney for the MDL to conduct the principal examination of each deponent, and examination by other Plaintiffs' attorneys on behalf of the MDL should be limited to matters not previously covered. Counsel for Plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time.

2. All deposition objections are reserved, except as to the form of the question and responsiveness of the answer. Counsel shall otherwise comply with Fed. R. Civ. P. 30(d)(1) concerning objections at depositions. An objection by one party reserves the objection for all parties.

H.   **Deposition Disputes**

1. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to Judge Goodwin or Magistrate Judge Stanley or Magistrate Judge Eifert by telephone. In the event Judge Goodwin, Magistrate Judge Stanley and Magistrate Judge Eifert are not available, all efforts will be made to continue the deposition with full reservation of rights of the interrogation for a ruling at the earliest possible time.

### I. Duration of Depositions

1. The time limitations on depositions imposed by Fed. R. Civ. P. 30(d)(1) shall apply in the MDL unless the parties agree to a different time limitation in the MDL or the Court establishes a different time limitation.

### J. Use of Depositions

1. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in or transferred or removed to this Court that become part of this MDL) who: (a) was present or represented (including by Lead Counsel or an attorney designated by Lead Counsel) at the deposition; (b) had reasonable notice thereof; or (c) within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court to an action that is part of this MDL), fails to show just cause why such deposition should not be usable against such party.

### K. Depositions of Treating Physicians

1. The parties agree that each side will have a reasonable opportunity to question the deponent treating physician. To that end, if a treating physician limits the time for a deposition, the parties will work together to ensure that each side receives adequate time during the time allotted to question the treating physician.

2. At least 48 hours prior to the deposition of a treating physician, Plaintiffs must disclose to defense counsel the documents to be used at the deposition which were produced by the Defendant.

### L. Supplemental Depositions

Each party not present or represented at a deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty

(30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court in any action that is a part of this litigation), request permission from the court to conduct a supplemental deposition of the deponent. If permitted, the deposition shall be treated as the resumption of the deposition originally noticed. Such examination shall not be repetitive of the prior examination of said deponent.

The Court DIRECTS the Clerk to file a copy of this order in 2:12-md-2327 which shall apply to each member case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-02529. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: February 19, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE