**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | Master File No. 2:12-MD-02327 MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL WAVE 8 AND SUBSEQUENT WAVE CASES AND PLAINTIFFS | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

<u>**AMENDED NOTICE TO TAKE DEPOSITION OF OZ HARMANLI, M.D.**</u>

**TO: ALL COUNSEL OF RECORD**

      **PLEASE TAKE NOTICE** that the deposition of **Oz Harmanli, M.D.** will take place at New Haven Legal, 900 Chapel Street, Suite 620, New Haven, CT 06510, for the following cases on the dates and times indicated below:

| DATE | PLAINTIFF | TIME |
|---|---|---|
| October 3, 2018 | TVT Deposition | 2:00 p.m. |
| October 3, 2018 | TVT-O Deposition | 5:00 p.m. |

      **PLEASE FURTHER TAKE NOTICE** that the undersigned attorneys for plaintiffs, in accordance with Rule 30 of the Federal Rules of Civil Procedure and the procedures set forth in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327, hereby notice this deposition for any and all purposes permitted by the rules of the MDL Court, and any other state or local rules that apply to this action.  Plaintiffs further state that this deposition shall be conducted in accordance with and subject to the Protective Order entered in the above-referenced action and the Protective Order in *In Re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327.

**PLEASE TAKE FURTHER NOTICE** that said deposition shall take place before a duly qualified Notary Public authorized to administer oaths and shall continue from day to day until completed. Said deposition shall cover all matters relevant to the subject matter of the within action

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce within 7 days in advance of the deposition all documents and responsive items set forth in Schedule "A" attached hereto.

Dated:  September 25, 2018

Respectfully submitted,

/s/ Thomas P. Cartmell
Thomas P. Cartmell
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1100
tcartmell@wcllp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2018, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Thomas P. Cartmell
Thomas P. Cartmell
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1100
tcartmell@wcllp.com

## DEFINITIONS

1.      "You," "your" and "plaintiffs" refers to plaintiffs in In Re: Ethicon, Inc.,
Pelvic Repair System Products Liability Litigation MDL 2327, and any and all persons
acting or purporting to act on their behalf.

2.      "Defendants" means defendants Ethicon, Inc. and Johnson & Johnson.

3.      "Document(s)" means the original and any non-identical copy thereof,
regardless of origin, location, or form of storage (whether hardcopy, electronic, digital or
other format), including but not limited to the following: books, pamphlets, periodicals,
memoranda, letters, reports, handwritten or other notes, newsletters, telegrams, records,
diaries, messages (including reports of telephone conversations or conferences),
minutes, bulletins, circulars, brochures, studies, instructions, or other communications
(including interoffice or intra-office communications), working papers, computer disks
and/or computer printouts, charts, work assignments, drawings, prints, flow sheets, graphs,
photographs, photomicrographs, microfilm, medical and hospital records and reports, X-
ray film or photographs, drafts, advertisements, catalogs, purchase orders, bills of lading,
bill tabulations, questionnaires, surveys, contracts, options to purchase, memoranda of
agreement, assignments, licenses, books of account, orders, invoices, statements, bills
(including telephone bills), checks, vouchers, papers, indices, tapes, disks, data sheets or
data processing materials, or any hand-written, printed, typed, transcribed, punched,
taped, filmed or other graphic material of any nature and all mechanical and electronic
sound recordings thereof, however produced or reproduced, in defendants' possession,
custody or control, or known by defendants to exist, or to which defendants now have or
have ever had access. It shall also mean all copies of documents by whatever means made,
and all drafts whether or not later finalized; and shall include any marginal notes or

other markings appearing on any such "document" or "writing."

4.      "Person" or "Persons" mean any individual, including accountants or attorneys, committee or group of individuals, corporation, partnership, proprietorship, trust, association, governmental agency (whether federal, state, local or any agency of the government of a foreign country), company or any other form of business, professions or commercial enterprise or any other entity.

5.      "Pelvic Mesh Product" means any implantable monofilament polypropylene mesh product sold by any manufacturer or distributor of pelvic mesh products for treatment of stress urinary incontinence or pelvic organ prolapsed.

6.      "Relate" and its derivations means to concern, consist of, show, summarize, refer to, involve, reflect or have any legal, logical or factual connection with the designated matter of topic.

7.      "Relating to" shall mean consisting of, referring to, reflecting, involving, summarizing, concerning or being in any way legally, logically or factually connected with the matter or topic discussed.

8.      "Litigation" in this notice means In Re Ethicon, Inc., Pelvic Repairs Systems Products Liability Litigation, MDL 2327 and/or any other cases filed in any state court related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

## **SCHEDULE A**

1.      A complete copy of deponent's current curriculum vitae.

2.      Any and all documents, specifically consulting agreements, as well as time sheets, invoices, payments, time records, billing records which record or document the work performed, emails, time spent or charges made in connection with consulting related

to studies, consulting work, cadaver labs, professional education training and any other work that has been compensated by defendants related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapse.

3.     Any and all documents, including time sheets, invoices, time records, billing records which record or document the work performed, time spent or charges made in connection with your expert opinions in this matter.

4.     All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral) with any employees of Defendants related to any female pelvic mesh product sold by Ethicon, Inc. for treatment of stress urinary incontinence or pelvic organ prolapsed before you were retained as an expert in this matter.