**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Jacobsen v Ethicon, Inc., et al.*<br>2:13-cv-24530;<br>*Kmiec v Ethicon, Inc., et al.*<br>2:13-cv-24531;<br>*Murray v Ethicon, Inc., et al.*<br>2:13-cv-24573;<br>*Rapacki v Ethicon, Inc., et al.*<br>2:13-cv-19758 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiffs, Joni Jacobsen, Lisa Kmiec, Mary Murray and Mary Rapacki ("Plaintiffs") through their attorneys, Shannon M. McNulty and Kristofer S. Riddle of CLIFFORD LAW OFFICES, P.C., in the above-captioned cases, respectfully request, on an emergency basis, that this Court issue a protective order striking the notice of general deposition for the testimony of Dr. Le-Ming Shih ("Dr. Shih") and/or otherwise limiting the testimony so as to be reasonably related to Dr. Shih's case-specific opinions, and in support thereof, state as follows:

Dr. Shih, a specialist in diagnostic gynecologic pathology at Johns Hopkins University. (See Exhibit A, CV). Undisputedly, Dr. Shih was not designated as an expert to give general opinion testimony in Wave 8 cases. Rather, a separate and distinct expert was designated for general opions, namely, Dr. Vladimir Iakovlev ("Dr. Iakovlev"). Instead, Dr. Shih was disclosed to supply case-specific opinions in the Plaintiffs' individual cases. (See Composite Exhibit B).

Currently, Dr. Shih's general deposition has been noticed for October 4, 2018 [MDL ECF No. 6670] and case-specific depositions have been noticed to proceed in the Plaintiffs' cases on

October 4, 2018, as well. [Rapacki, ECF No. 26; Jacobsen, ECF No. 27; Murray, ECF No. 29; and Kmiec, ECF No. 25].

To be clear, Dr. Shih was not designated to provide general opinions about Defendant's products or the effect of its design on the body. Quite plainly, he does not have such general opinions. Dr. Shih was not asked to undertake an analysis for the purpose of supplying general causation opinions, which would come at great expense to the individual Plaintiffs. Instead, Dr. Shih was retained for the purpose of reviewing case-sepcific pathology reports and, in limited instances, examine slides.

Moreover, if Dr. Shih was caused to offer general opinions, the testimony would be duplicative of Dr. Iakovlev's, who was retained to offer expert opinion as to Ethicon polypropylene mesh products and their effect on the human body.

Dr. Shih is prepared to offer his opinions about the Plaintiffs' specific pathology reports and findings, unique to the Plaintiffs' specific cases, namely about pathological evidence of foreign body reaction as it relates to a Plaintiff-specific case.

Consequently, to avoid prejudice to Plaintiffs, as well as unfair expense, Plaintiffs expect Defendant to explore the very straight-forward opinion contained within Dr. Shih's reports prepared as a case-specific expert for each Plaintiff. Plaintiffs expect Dr. Shih to be cross-examined as to his disclosed opinions, which are only case-specific, and the bases for his opinions.

Defendant should not be allowed to take a general opinion deposition for Dr. Shih, who has not disclosed general opinions. Defendant should not be permitted to seek such opinons from Dr. Shih, as he was not retained for that purpose and has not rendered such general opinions. For Defendant to elicit such testimony from Dr. Shih merely clutters the evidentiary record, to the prejudice of Plaintiffs, who would then have to clarify and correct the record through motion

practice. It also creates unnecessary case expense for the Plaintiffs, with no meaningful purpose served.

Defendant should have the opportunity to explore Dr. Shih's education, training and background in one deposition, that which is currently noticed for October 4, 2018 at 9:00 a.m., the testimony from which would commonly apply to the four individual cases. Defendant should then cross-examine Dr. Shih on the bases of his opinions in the case-specific depositions noticed for October 4, 2018 at 2:00 p.m. (Rapacki, ECF No. 26), 3:30 p.m. (Jacobsen, ECF No. 27), 5:00 p.m (Murray, ECF No. 29), and 6:30 p.m. (Kmiec, ECF No. 25).

In light of the foregoing, and consistent with the procedures used in prior depositions in this litigation, Plaintiff respectfully requests that this Court issue, on an emergency basis, an Order that (1) strikes the Notice of deposition for the general opinions of Dr. Shih [ECF No. 6670]; and, (2) limits the testimony to that which is reasonably related to Dr. Shih's case-specific opinions. Plaintiffs further seek language in the Order that allows for a common deposition that permits Defendant to explore the education, training, experience and professionl background of Dr. Shih, his case-specific opinions (which are straight-forward and minimal), and the basis for his case-specific opinions.

This 1st day of October, 2018.                    Respectfully Submitted,

.                                                  /s/ Shannon M. McNulty
                                                   Shannon M. McNulty
                                                   /s/ Kristofer S. Riddle
                                                   Kristofer S. Riddle
                                                   CLIFFORD LAW OFFICES
                                                   120 N. LaSalle Street, Suite 3100
                                                   Chicago, IL 60602
                                                   312.899.9090
                                                   smm@cliffordlaw.com
                                                   ksr@cliffordlaw.com

3