# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** <br><br> **THIS DOCUMENT RELATES TO:** <br><br> *Hudspeth v Ethicon, Inc., et al.* <br> **2:15-cv-04163;** <br> *Repka v Ethicon, Inc., et al.* <br> **2:13-cv-26198;** <br> *Siegrist v Ethicon, Inc., et al.* <br> **2:14-cv-17889;** <br> *Townson v Ethicon, Inc., et al.* <br> **2:13-cv-12954** | **Master File No. 2:12-MD-02327** <br> **MDL No. 2327** <br><br> **JOSEPH R. GOODWIN** <br> **U.S. DISTRICT JUDGE** |

## PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER OF NOTICED GENERAL DEPOSITION OF DR. LE-MING SHIH

Plaintiffs, Lisa Hudspeth, Diann Repka, Marianne Siegrist, and Irma Townson ("Plaintiffs") by and through their attorneys in the above-captioned cases, respectfully request on an emergency basis that this Court issue a protective order striking the notice of general deposition for the testimony of Dr. Le-Ming Shih ("Dr. Shih") and/or otherwise limiting the testimony so as to be reasonably related to Dr. Shih's case-specific opinions for which he was properly designated, and in support thereof, state as follows:

Dr. Shih is a specialist in diagnostic gynecologic pathology at Johns Hopkins University. (See Exhibit A, CV). Undisputedly, Dr. Shih was not designated as an expert to give general opinion testimony in Wave 8 cases. Rather, a separate and distinct expert was designated for

general opions, namely, Dr. Vladimir Iakovlev ("Dr. Iakovlev"). Instead, Dr. Shih was disclosed to supply case-specific opinions in the Plaintiffs' individual cases. (See Composite Exhibit B).

Currently, Dr. Shih's general deposition has been noticed for October 4, 2018 [MDL ECF No. 6670] and case-specific depositions have been noticed to proceed in the Plaintiffs' cases on October 5, 2018, as well. [Hudspeth, ECF No. 93; Repka, ECF No. 31; Siegrist, ECF No. 32; and Townson, ECF No. 38].

To be clear, Dr. Shih was not designated to provide general opinions about Defendant's products or the effect of their design on the body. Quite plainly, he does not have such general opinions. Dr. Shih was not asked to undertake an analysis for the purpose of supplying general causation opinions, which would be duplicative and cumulative of Dr. Iakovlev's testimony. Instead, Dr. Shih was retained for the purpose of reviewing case-sepcific pathology reports and examining Plaintiffs' slides, while Dr. Iakovlev was designated to offer general pathological causation opinions in the above-referenced cases.

Dr. Shih is prepared to offer his opinions about the Plaintiffs' specific pathology reports and findings, unique to the Plaintiffs' specific cases, including but not limited to pathological evidence of foreign body reaction as it relates to a Plaintiff-specific case. Consequently, to avoid prejudice, Plaintiffs expect Defendant to explore the very straight-forward opinion contained within Dr. Shih's reports prepared as a case-specific expert for each Plaintiff. Plaintiffs expect Dr. Shih to be cross-examined as to his disclosed opinions, which are only case-specific, and the bases for those opinions.

Defendant should not be allowed to take a general opinion deposition for Dr. Shih, who has not disclosed general opinions nor was he designated to testify as to such. Defendant should not be permitted to seek such opinons from Dr. Shih, as he was not retained for that purpose and

has not rendered such general opinions. For Defendant to elicit such testimony from Dr. Shih merely clutters the evidentiary record, to the prejudice of Plaintiffs, who would then have to clarify and correct the record through motion practice. Finally, as discussed *supra*, the testimony at best would be cumulative of Dr. Iakovlev's testimony.

Defendant should have the opportunity to explore Dr. Shih's education, training and background in one deposition, that which is currently noticed for October 4, 2018 at 9:00 a.m., the testimony from which would commonly apply to the Plaintiffs' cases. Defendant should then cross-examine Dr. Shih on the bases of his opinions in the case-specific depositions noticed for October 5, 2018 (Hudspeth, ECF No. 93), (Repka, ECF No. 31), (Siegrist, ECF No. 32), and (Townson, ECF No. 38).

In light of the foregoing, and consistent with the procedures used in prior depositions in this litigation, Plaintiff respectfully requests that this Court issue, on an emergency basis, an Order that (1) strikes the improper Notice of deposition for the general opinions of Dr. Shih [ECF No. 6670]; and, (2) limits the testimony to that which is reasonably related to Dr. Shih's case-specific opinions. Plaintiffs further seek language in the Order that allows for a common deposition that permits Defendant to explore the education, training, experience and professionl background of Dr. Shih, his case-specific opinions (which are straight-forward and minimal), and the basis for his case-specific opinions.

This 1st day of October, 2018.

Respectfully submitted,

/s/ *Rachel A. Gross*
Rachel A. Gross, Esq.
rgross@waterskraus.com
TEXAS BAR NO 24073608
Waters & Kraus, LLP
3141 Hood Street, Suite700
Dallas, TX 75219
(214) 357-6244 Phone
(214) 357-7252 Fax
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1st, 2018, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Rachel A. Gross*
Rachel A. Gross