IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
      PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION        MDL 2327

THIS DOCUMENT RELATES TO CASES IDENTIFIED
ON THE ATTACHED EXHIBIT A:

## ORDER
(Dismissing the "Ethicon Defendants" with Prejudice
and Transferring Cases to MDL 2326)

Pending in each of the individual civil actions listed on Exhibit A (attached hereto) is a Motion to Dismiss With Prejudice, filed by the Ethicon defendants as identified in the motions, and collectively referred to as the "Ethicon defendants" pursuant to the procedures established by Pretrial Order # 302. *See* Pretrial Order ("PTO") # 302, *In re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327 ("Ethicon MDL 2327") [ECF No. 6020]. The plaintiff or plaintiffs in each case identified on Exhibit A did not file an objection, and the matter is ripe for consideration.

As stated in PTO # 302, the court established certain procedures to prompt dismissals of settled cases. Under these procedures, the court directed the Ethicon defendants to file a motion to dismiss in each individual case where a plaintiff has provided an executed, valid release, and the defendant has authorized disbursement to the plaintiff of the settlement amount to which the plaintiff's counsel has agreed. Among other requirements, the court also mandated the Ethicon

defendants to file a declaration certifying the completion of certain procedures in conjunction with the motion to dismiss.

The Ethicon defendants complied with these directives and procedures, and the plaintiffs have not filed an opposition. It appearing to the court that the plaintiffs and the Ethicon defendants have jointly agreed to settle, and have settled their claims, the dismissal of the Ethicon defendants in each case identified on Exhibit A is appropriate. Additionally, the court notes that dismissing the Ethicon defendants from these cases leaves no active defendants from MDL 2327.

Therefore, it is **ORDERED** that:

1) the Motion to Dismiss with Prejudice is **GRANTED**; and

2) the Ethicon defendants are **DISMISSED WITH PREJUDICE** from the actions listed on the attached Exhibit A;

3) these actions are **TRANSFERRED** to MDL 2326

4) pursuant to Ethicon MDL PTO # 280 (Docket Control Order –Ethicon, Inc. Wave 8 Cases), as amended by PTO # 303 (Amended Docket Control Order – Ethicon, Inc., Wave 8 Cases) which states the following,

> Transfer of any Wave 8 case to any other MDL, whether by ruling upon a motion from plaintiff or defendants or *sua sponte* by the court, does not relieve the plaintiff or any remaining defendant(s) from the deadlines of a Docket Control Order. Any cases transferred into C. R. Bard, Inc. ("Bard"), Boston Scientific Corporation ("BSC") or American Medical Systems, Inc. ("AMS"), MDLs will immediately be subject to the Docket Control Order entered in that MDL on January 30, 2018, and any Amended Docket Control Orders.

Any civil action listed in Exhibit A that resides in Ethicon Wave 8 is now subject to PTO # 175 as amended by PTO # 187 entered in MDL 2326; and

5) to the extent an Amended Short Form complaint has not been filed, plaintiff's counsel is **DIRECTED** to file the appropriate Amended Short Form Complaint if applicable.

The court **DIRECTS** the Clerk as follows:

1) disassociate the civil actions as member cases in MDL 2327 and re-associate them with MDL 2326;

2) for any case listed on Exhibit A that is on the pending inactive docket, remove **_only_** the MDL Ethicon Inactive flag;

3) for any case listed in the Exhibit that had a 2327 Wave 8 flag prior to the entry of this Order, file MDL 2326 PTOs # 175 and 187;

4) For any case listed in the Exhibit that had a 2327 Wave 8 flag prior to the entry of this Order, change the 2327 Wave 8 flag to MDL 2326 Wave 4 flag;

5) file a copy of this order in *In re: Ethicon, Inc.*, 2:12-md-2327, and in the individual cases listed on Exhibit A; and,

6) send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 11, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

Exhibit A

| Case No. | Style | ECF No. |
|---|---|---|
| 2:12-cv-05912 | Rice et al v. Ethicon, Inc. et al | 24 |
| 2:16-cv-00353 | Rini v. Ethicon, Inc. et al | 10 |
| 2:12-cv-09848 | Routte et al v. Ethicon, Inc. et al | 19 |
| 2:13-cv-27942 | Scheuler v. Ethicon, Inc. et al | 12 |
| 2:14-cv-15051 | Seel v. Ethicon, Inc. et al | 12 |
| 2:13-cv-09259 | Seguine et al v. Ethicon, Inc. et al | 20 |
| 2:13-cv-31759 | Shaver et al v. Ethicon, Inc. et al | 18 |
| 2:15-cv-15431 | Sierra v. Ethicon, Inc. et al | 11 |
| 2:15-cv-13409 | Smith v. Ethicon, Inc. et al | 10 |
| 2:14-cv-22247 | Steel et al v. Ethicon, Inc. et al | 13 |
| 2:14-cv-15049 | Stuart et al v. Ethicon, Inc. et al | 12 |
| 2:13-cv-15245 | Temple v. Ethicon, Inc. et al | 20 |
| 2:13-cv-14929 | Terrill-Grieshaber et al v. Ethicon, Inc. et al | 21 |
| 2:13-cv-01976 | Trimble et al v. Ethicon, Inc. et al | 18 |
| 2:12-cv-09899 | Tsutsui et al v. Ethicon, Inc. et al | 14 |
| 2:16-cv-08864 | Vandusen v. Ethicon, Inc. et al | 14 |
| 2:13-cv-27287 | Walkine et al v. Ethicon, Inc. et al | 12 |
| 2:13-cv-06540 | Williams v. Ethicon, Inc. et al | 19 |
| 2:13-cv-19697 | Williams v. Ethicon, Inc. et al | 16 |
| 2:15-cv-13045 | Wilson et al v. Ethicon, Inc. et al | 11 |
| 2:13-cv-14078 | Woldemariam v. Ethicon, Inc. et al | 11 |
| 2:16-cv-00545 | Wood et al v. Ethicon, Inc. et al | 10 |
| 2:14-cv-24214 | Wright v. Ethicon, Inc. et al | 11 |
| 2:13-cv-11373 | Carrillo v. Ethicon, Inc. et al | 18 |
| 2:12-cv-06535 | Collins et al v. Ethicon, Inc. et al | 24 |
| 2:12-cv-03036 | Cox et al v. Ethicon, Inc. et al | 40 |
| 2:12-cv-07399 | Simonson et al v. Ethicon, Inc. et al | 24 |
| 2:13-cv-14761 | Stewart-Martin v. Ethicon, Inc. et al | 21 |
| 2:13-cv-21201 | Blades, et al. vs. Ethicon, Inc., et al. | 10 |
| 2:13-cv-33455 | Burak vs. Ethicon, Inc., et al. | 11 |
| 2:13-cv-20932 | Clark, et al. vs. Ethicon, Inc. et al. | 15 |