# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

IN RE: ETHICON, INC.
    PELVIC REPAIR SYSTEM            Honorable Joseph R. Goodwin
    PRODUCTS LIABILITY LITIGATION

                                                          MDL No. 2327

## UNOPPOSED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND APPOINT ADMINISTRATOR

Meshbesher & Spence, Ltd. ("*Meshbesher & Spence*"), as counsel for certain Plaintiffs in this MDL 2327, move and request the Court to enter an Order to: (1) establish the Meshbesher TVM Qualified Settlement Fund ("*QSF*") as a qualified settlement fund pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq*. for the purpose of facilitating the settlement of certain tort claims against Ethicon Inc. and other defendants ("*Ethicon*") relating to alleged personal injuries arising from Ethicon pelvic mesh products, and (2) appoint an administrator for the QSF. Ethicon does not object.

A memorandum in support of this motion is set forth below.

                                               Respectfully submitted,

                                               *s/ Genevieve Zimmerman*
                                               Genevieve Zimmerman (MN# 330292)
                                               Meshbesher & Spence, Ltd.
                                               1616 Park Avenue South
                                               Minneapolis, MN  55404
                                               Phone: (612) 339-9121
                                               Fax: (612) 339-9188
                                               Email: gzimmerman@meshbesher.com

## **MEMORANDUM**

Meshbesher & Spence sets forth the following Memorandum in support of its motion to establish the Meshbesher TVM Qualified Settlement Fund ("*QSF*"):

1. Meshbesher & Spence and Ethicon Inc., Johnson & Johnson, Ethicon LLC, their affiliates and insurers (collectively, "*Ethicon*") previously entered into a Confidential Settlement Agreement dated as of May 4, 2018, as it may, from time to time, be amended (the "*MSA*") to resolve the actions, disputes and claims of certain Plaintiffs represented by Meshbesher & Spence against Ethicon relating to alleged personal injuries arising from Ethicon pelvic mesh products ("*Claims*").

2. Pursuant to the terms of the MSA, and in exchange for a full and final release of claims, indemnity and assignment from the Plaintiffs, Ethicon agreed to deposit a confidential settlement amount (the "*Settlement Fund*") with Meshbesher & Spence, to be held in trust for the benefit of the Settling Plaintiffs, in full and final satisfaction of all Claims.

3. Meshbesher & Spence hereby moves this Court to establish a qualified settlement fund under Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq*. for the purpose of holding the Settlement Fund.

4. At this time, the exact allocation among and distributions to the Plaintiffs, or any other persons or entities asserting a claim of subrogation or reimbursement, have not been finalized. However, as those allocation and distribution decisions take place, it will be in the best interest of Ethicon, Meshbesher & Spence, and the Plaintiffs to consolidate all settlements for management into a single qualified settlement fund. This will afford the parties time to determine appropriate distribution amounts among Plaintiffs, as well as identify, resolve, and satisfy liens, reimbursement claims, and/or reimbursement rights. The Court should, therefore,

approve the establishment of the QSF as being in the best interests of the parties and Settling Plaintiffs.

5. The QSF shall be a qualified settlement fund under Internal Revenue Code § 468B and Treasury Regulations 1.468B-1 *et seq.* because: (1) the QSF is being established subject to approval of this Court and is subject to the continuing jurisdiction of this Court; (2) the QSF is being established to resolve or satisfy claims of alleged tort or violation of law relating to alleged personal injuries arising from Ethicon pelvic mesh products; and (3) the QSF will be an account whose assets will be segregated from the general assets of Ethicon and related persons.

6. The funds to be held in the QSF are the sole property of the QSF. Until such time as funds are distributed from the QSF, the Plaintiffs shall not possess any rights to demand or receive any portion of the escrowed funds and shall not possess any right to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent the Plaintiffs from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the QSF.

7. No distributions shall be made from the QSF except as permitted by the terms of the Escrow Agreement between and among Johnson & Johnson, Ethicon, Inc., Meshbesher & Spence, the Administrator, and the Escrow Agent and pursuant to the terms of the MSA.

8. In accordance with the MSA, Ethicon will pay the settlement consideration to the QSF. Such payments and the earnings thereon will be held by the QSF until disbursed by the Administrator in accordance with the terms of the MSA and the Escrow Agreement.

9. Meshbesher & Spence moves this Court to appoint The Garretson Resolution Group, Inc. ("***GRG***") as the administrator ("***Administrator***") of the QSF to administer the QSF in accordance with the MSA and the terms of an Escrow Agreement to be executed between and

among Johnson & Johnson, Ethicon, Inc., Meshbesher & Spence, GRG, and the Escrow Agent, J.P. Morgan Chase Bank, N.A. A copy of the Escrow Agreement, with financial and personal identifying information redacted, is attached as Exhibit A to this Motion.

10. The Administrator shall also serve as the administrator of the QSF within the meaning of Treasury Regulations § 1.468B-2(k). Meshbesher & Spence requests that GRG serve as the Administrator without bond where J.P. Morgan Chase Bank, N.A. will hold the settlement funds as Escrow Agent. Ethicon does not object to the selection of GRG as the Administrator of the QSF, or to JP Morgan Chase Bank, N.A. as the Escrow Agent of the QSF.

11. GRG submits to the personal jurisdiction of this Court. The Administrator shall, upon request, prepare and deliver to the Court such reports involving the administration of the QSF as the Court may request from time to time.

12. Upon final distribution of all settlement funds received into the QSF and allocated to Plaintiffs, the Administrator shall take appropriate steps to wind down the QSF and thereafter be discharged from any further responsibility with respect to the QSF. The Administrator may, but shall not be obligated to, seek a final order of discharge from this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2018, a copy of the foregoing **UNOPPOSED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND APPOINT ADMINISTRATOR** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*s/ Genevieve Zimmerman*
Genevieve Zimmerman (MN# 330292)
Meshbesher & Spence, Ltd.
Email: gzimmerman@meshbesher.com
Attorney for Plaintiffs