UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES ONLY TO:<br><br>ALL CASES | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' MOTION TO STRIKE COLOPLAST'S DAUBERT MOTION AND FOR A PROTECTIVE ORDER RELIEVING PLAINTIFFS FROM PROVIDING GENERAL EXPERT REPORTS AND OTHER DEADLINES APPLICABLE TO GENERAL DISCOVERY AS TO THE COLOPLAST / MENTOR/RTI <u>CO- DEFENDANTS</u>**

Plaintiffs respectfully move the Court to strike Coloplast's Daubert motions and enter a protective order relieving plaintiffs from providing general expert reports and other deadlines applicable to general discovery as to matters of common issues of fact as to the Coloplast /Mentor/RTI Defendants.

Coloplast filed a notice of joinder in Defendant's *Daubert* Motions. *See* Ethicon Docket Entry (DE) 6896. However, Coloplast lacks standing for such *Daubert* applications as the experts do not render opinions as to Coloplast products. In addition, Plaintiffs should not be required to produce general expert reports as to Coloplast /Mentor/RTI products, or respond to Coloplast *Daubert* motions about general experts, as general discovery is still stayed so Coloplast /Mentor/RTI specific general expert reports have not been served to date.

For these reasons, Plaintiffs respectfully request that the Court enter an order striking Coloplast's *Daubert* motion and relieving Plaintiffs of producing general expert reports as to Coloplast /Mentor/RTI products and any other deadlines applicable to general discovery / common issues of fact as to the Coloplast /Mentor/RTI Defendants named as co-Defendants in this MDL.

## BACKGROUND

Discovery in the Coloplast litigation has been subject to various stays to allow for the completion of a successful settlement process. On June 22, 2017, the Court lifted that stay as it relates to the Coloplast, RTI and Mentor case-specific discovery in those unresolved cases. See Coloplast PTO #132.  In that same Order, the Court continued a stay in Coloplast general causation discovery.

On August 15, 2017, Coloplast Plaintiffs moved to Lift the General Discovery Stay and allow for the production of general expert reports.  Coloplast DE 1495. Such motion to lift the stay was denied, and general discovery in the Coloplast MDL is still stayed to date.  *See* Coloplast PTO #136.

In email correspondence with co-lead counsel on May 30, 2018, Coloplast's Counsel confirmed that general discovery as to Coloplast is stayed for dual-product, multi-manufacturer cases included on a Docket Control Order as to Wave Cases in the other MDLs.  *See Exhibit A.*

Notwithstanding a general discovery stay, case specific discovery has taken place. Recently, plaintiffs in individual cases named their case specific experts, and these experts limited their opinions to case specific only as general discovery is stayed.

Coloplast then served a notice of joinder to other defendant's *Daubert* motions regarding general expert reports in other MDLs.  *See* Ethicon DE 6896.  These general expert reports did not reference any opinions as to Coloplast products.

**ARGUMENT**

Standing requires a party to have a connection to the issue in order to be able to take a position. *Cooksey v. Futrell, et al.*, No. 12-2084 (4th Cir. 2013).

Moreover, as the U.S. Court of Appeals for the Fourth Circuit has made clear, "On its own initiative . . . a district court may limit 'the frequency or extent of use of the discovery methods otherwise permitted' under the Federal Rules of Civil Procedure if it concludes that . . . 'the burden or expense of the proposed discovery outweighs its likely benefit.'" *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004)(quoting Fed. R. Civ. P. 26(b)(2)). Further, in response to a motion for protective order under Rule 26(c), the court may, for good cause, protect a party from discovery that would cause "undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also* 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2036 (3d ed. Westlaw 2015) ("Rule 26(c) was adopted as a safeguard for the protection of parties and witnesses in view of the almost unlimited right of discovery."). In other words, in determining whether to restrict discovery, "the Court must weigh the need for the information versus the harm in producing it." *A Helping Hand, LLC v. Baltimore Cty.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003) (citation omitted); *see also* Wright, *supra* § 2036 ("discovery has limits and . . . these limits grow more formidable as the showing of need decreases"). Where a party goes beyond "stereotyped and conclusory" allegations of harm, and offers a "particular and specific demonstration" of undue burden, the court should exercise its "broad discretion" to restrict discovery. *Wymes v. Lustbader*, No. WDQ-10-1629, 2012 U.S. Dist. LEXIS 68490, at *13-14 (D. Md. May 16, 2012).

Here, the court has ordered a stay in the Coloplast MDL on general discovery since 2017, well before the court ordered multi-manufacturer case specific discovery in each case throughout all MDLs. That stay on Coloplast general discovery continued throughout the multi-manufacturer

case workup and is in place even to date. Therefore, Coloplast general expert discovery has not been completed and no general expert reports have been served. Nonetheless, Coloplast moved for joinder with other defendants' *Daubert* motions against general experts. However, these general experts only opine as to non-Coloplast products. Coloplast has no standing to oppose general experts who only render opinions against non-Coloplast defendants. These experts have no bearing on Coloplast's case and make no opinion in the presented reports about any Coloplast product.

Additionally, Plaintiffs move for a protective order to ensure Coloplast/Mentor/RTI specific general expert reports are not required to be served until the court orders general discovery to be conducted, with a deadline for general expert disclosures, in the Coloplast MDL. Requiring case specific plaintiffs to produce a Coloplast general expert report when general discovery is stayed severely prejudices each individual plaintiff with Coloplast products. With the stay of Coloplast general discovery, corporate depositions and written discovery could not take place. Therefore, Coloplast materials typically provided to an expert for drafting of a general expert report could not be obtained. Coloplast general expert reports could not be produced. A protective order is appropriate to then eliminate any prejudice which may take place during the period where Coloplast general discovery is stayed.

And so there is no confusion or prejudice to the parties, Plaintiffs further request the Court for an order of protection from any general discovery, general expert disclosures, or general motion deadlines as it relates to common issues of law or fact set forth in the applicable Docket Control Order for Wave Cases specifically as to the Coloplast /Mentor/RTI Defendants. Specifically, the Ethicon Wave Order PTO#303 includes language that, "[t]o the extent other defendants, in addition to Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") are named in these remaining

cases, the deadlines below, also apply to them." The Scheduling Deadlines include deadlines for Plaintiff Fact Sheets, Defendant Fact Sheets, deadline for written discovery requests, expert disclosure deadlines, deposition and close of discovery deadlines as well as deadlines for filing dispositive motions, and *Daubert* motions. As set forth above, all general discovery in the Coloplast MDL is stayed; thus, none of the deadlines for written discovery requests, expert disclosure, deposition and close of discovery as well as deadlines for filing dispositive motions, and *Daubert* motions should apply to general, core discovery or common issues of fact or law relative to the claims specifically against Coloplast/Mentor/RTI. In other words, the scheduling deadlines set forth in the Docket Control Order for Wave Cases apply only to the individual, case-specific portion of the case as to the claims against Coloplast/Mentor/RTI. Coloplast has not made any motions, such as *Daubert* motions, in any case specific matter filed in this MDL; instead, Coloplast has only joined in motions as to general expert reports.

Plaintiffs seek this relief, not for purposes of delay, but so that justice may be done and their right to conduct discovery is preserved on "common factual issues arising from allegations that defects in Coloplast's pelvic surgical mesh products cause various and serious injuries to women who are treated with the products to address certain medical conditions (*e.g.* pelvic organ prolapse and stress urinary incontinence)." *See In re: Coloplast Corp. Pelvic Support Systems Product Liability Litigation*, J.P.M.L. MDL 2387, 2:12-md-02387, Dckt. 32, Aug. 6. 2012. For all of these reasons, the Court should grant Plaintiffs' motion to strike Coloplast's joinder in *Daubert* motions filed by other defendants and for a protective order relieving Plaintiffs of producing general expert reports and the other discovery and motion deadlines set forth in the Docket Control Order as it applies to common issues of fact as to Coloplast /Mentor/RTI products until Coloplast


general discovery takes place and a date is set for Coloplast general expert disclosures and other discovery deadlines in the Coloplast MDL.[1]

## CONCLUSION

FOR THESE REASONS, Plaintiffs respectfully request that the Court enter an order striking Coloplast's joinder in other defendants' *Daubert* applications and a protective order relieving Plaintiffs of producing Coloplast general expert reports and other deadlines related to common issues of fact until a date is scheduled in the Coloplast MDL.

DATE: October 25, 2018

RESPECTFULLY SUBMITTED BY:

/s/ Riley L. Burnett, Jr.
Riley L. Burnett, Jr.
BURNETT LAW FIRM
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77089
RBurnett@rburnettlaw.com
Telephone: (832) 413-4410

/s/ Robert Salim
Robert Salim
SALIM-BEASLEY, LLC
1901 Texas Street
Natchitoches, LA
robertsalim@cp-tel.net
Telephone: (318) 352-5999

/s/ Mark Mueller
Mark Mueller
MUELLER LAW PLLC
404 W 7th Street
Austin, TX 78701
mark@muellerlaw.com
Telephone: (512) 478-1236

---

[1] Should the Court deny Plaintiffs' motion to strike Coloplast's Joinder in Other Defendants' *Daubert* motions (Ethicon DE 6896) relating to the following individuals: Dr. Jimmy Mays, Dr. Donald R. Ostergard, Dr. Paul J. Michaels, and Dr. Bruce Rosenzweig, Coloplast Plaintiffs join, adopt and incorporate by reference the Ethicon Plaintiffs' Notices of Adoption filed on October 23, 2018 as the following Ethicon Docket Entries: DE 6955 (Dr. Mays), DE 6957 (Dr. Ostergard), DE 6956 (Dr. Michaels) and DE 6960 (Dr. Rosenzweig).

## CERTIFICATE OF SERVICE

      I hereby certify that on October 25, 2018, a true and correct copy of the foregoing document has been filed electronically and is available for viewing and downloading from ECF system, which will send notification of such filing to the CM/ECF participants registered to received service in the MDL.

      /s/ Karen H. Beyea-Schroeder
Karen H. Beyea-Schroeder
BURNETT LAW FIRM
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77089
Karen.schroeder@rburnettlaw.com
Telephone: (832) 413-4410