IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
      PELVIC SUPPORT SYSTEMS
      PRODUCTS LIABILITY LITIGATION

                                                                    MDL 2327
_____

THIS DOCUMENT RELATES TO THE
CASES IN EXHIBIT A ATTACHED HERETO

**<u>INACTIVE DOCKET ORDER</u>**

       The Court has been advised by counsel that in the cases listed on the attached Exhibit A,

the plaintiffs and Ethicon, Inc.[1] ("Ethicon") have agreed to a settlement model with regard to

Ethicon.  The Court, therefore, finds it unnecessary to conduct further proceedings or to keep

these cases on the active docket.  Accordingly, the Court **ORDERS** as follows:

       1.      All discovery deadlines are continued until further order of the Court.

       2.      That the Clerk retire each of the cases listed on the attached Exhibit A from the

active docket.

       3.      Plaintiffs and Ethicon may submit an agreed order of dismissal with prejudice on

or before April 29, 2019; if settlements are not finalized and dismissal orders are not submitted

by April 29, 2019, then any case remaining on an inactive docket will be moved to the active

docket and placed on a shortened Docket Control Order.

       Counsel for plaintiffs and defendant(s) are directed to provide quarterly reports as to their

progress in dismissing cases on the inactive docket.  The Court is aware that counsel have agreed

---

[1] As used herein, "Ethicon" refers collectively to Johnson & Johnson, Ethicon LLC, Ethicon, Inc. as well as any of its former or present parent companies, subsidiaries, affiliated companies, directors, officers, design surgeons, employees, distributors, detail representatives named in an action pending in MDL No. 2327

to a settlement model for a group of cases and claims, including those on Exhibit A.  The Court will reinstate any case on the attached Exhibit A to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to, a plaintiff's refusal or inability to consummate settlement. Such motion must be accompanied by an affidavit from plaintiff explaining such refusal or inability.

The court **DIRECTS** the Clerk to file a copy of this order in MDL No. 2327 and in the individual case(s) listed on the attached Exhibit(s), and to link this Order to the Proposed Inactive Docket Order filed at ECF No. _____.  The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

Respectfully submitted,

_/s/ William M. Gage_
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

_/s/ Susan M. Robinson_____
Susan M. Robinson (W. Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

**APPROVED:**

Dated:_____          _____
                                        Honorable Joseph R. Goodwin

**EXHIBIT A**
**MCSWEENEY LANGEVIN**

| Case No. | Last Name |
|---|---|
| 2:15-cv-03765 | Murphy v. Ethicon, Inc., et. al. |
| 2:15-cv-04869 | Smith v. Ethicon, Inc., et. al. |
| 2:14-cv-29642 | Wilson v. Ethicon, Inc., et. al. |

44811040.v1