**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL NO. 2327

THIS DOCUMENT RELATES TO:
ETHICON WAVE 8 CASES LISTED IN
EXHIBIT A

**DEFENDANT COLOPLAST CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO
STRIKE *DAUBERT* MOTION AND FOR A PROTECTIVE ORDER RELIEVING
PLAINTIFF FROM PROVIDING GENERAL EXPERT REPORTS AND OTHER
DEADLINES APPLICABLE TO GENERAL DISCOVERY AS TO THE
COLOPLAST/MENTOR/RTI CO- DEFENDANTS**

In attempting to argue that Coloplast Corp.'s ("Coloplast") Notice of Joinder in Boston

Scientific Corporation's ("BSC") Notices of Adoption of prior *Daubert* rulings was improper,

Plaintiffs actually prove that Coloplast's *Daubert* motion as to general causation opinions should

be granted. Plaintiffs' primary argument is that no general-causation discovery has taken place

as to Coloplast, and thus, none of the general-causation reports previously submitted by Plaintiffs

in this Multi-District Litigation relate to Coloplast in any way whatsoever. In other words,

Plaintiffs argue that the opinions in those reports are not relevant to Coloplast. Coloplast agrees,

and requests that the Court enter an Order precluding Plaintiffs from offering any of the opinions

in those reports, or relying on those reports in any way, in support of Plaintiffs' claims against

Coloplast.

<u>**ARGUMENT**</u>

Pursuant to the Court's pretrial orders, Coloplast has been engaging in case-specific

discovery in the various Multi-District Litigations before this Court involving female pelvic

mesh. In the Coloplast MDL, general-causation discovery has been and continues to be stayed. Nevertheless, Plaintiffs served Coloplast with expert disclosures and reports in various individual cases setting forth specific-causation opinions that referenced or relied upon unspecified general-causation reports previously submitted by Plaintiffs in this Multi-District Litigation.  For instance, the specific-causation reports of Plaintiffs' experts in this MDL served by Plaintiffs contain statements such as "I have discussed in previous expert reports and depositions, all of which I hereby incorporate into this report." Out of an abundance of caution, Coloplast filed a Notice of Joinder to Ethicon's Notices of Adoption of prior *Daubert* rulings, so that Coloplast would receive the benefit of any of the Court's prior or forthcoming Orders that relate to any opinions that might pertain to Coloplast.

Now that Plaintiffs have clarified that nothing in the previously submitted general-causation reports applies to Coloplast, the opinions set forth in those reports are, as a matter of law, irrelevant.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."). Rather than grant Plaintiffs' motion to strike Coloplast's joinder in prior *Daubert* rulings, the appropriate result is an Order confirming what Plaintiffs are claiming and precluding the previously submitted general-causation reports, and the opinions therein, from being used against Coloplast.

To the extent Plaintiff's Motion for Protection seeks relief from all "deadlines for written discovery requests, expert disclosure, deposition and close of discovery as well as deadlines for filing dispositive motions, and *Daubert* motions" concerning "general, core discovery or common issues of fact or law relative to the claims specifically against Coloplast/Mentor/RTI"

(Pl.'s Mot. at 5), Coloplast agrees that the Court's stay on general discovery as to Coloplast is still in effect.

An Order excluding the previously submitted general-causation reports will not prejudice Plaintiffs in any way, but will provide clarity moving forward.  A proposed order for the Court's consideration is attached as **Exhibit B**.

WHEREFORE, Coloplast respectfully requests that the Court (1) deny Plaintiffs' Motion to Strike Coloplast's *Daubert* Motion; (2) exclude the previously submitted general-causation reports, and the opinions therein, from being used against Coloplast; and (3) affirm that the Court's stay on general discovery as to Coloplast is still in effect.

Dated:  November 1, 2018                    Respectfully submitted,


                                            */s/ Lana K. Varney*_____
                                            Lana K. Varney
                                            KING & SPALDING LLP
                                            500 West 2nd Street, Suite 1800
                                            Austin, TX  78701
                                            512.457.2060 (phone)
                                            512.457.2100 (fax)
                                            lvarney@kslaw.com

                                            *Attorneys for Defendant Coloplast Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


*/s/ Lana K. Varney*_____
Lana K. Varney

# EXHIBIT A

| Case Name | Case Number | Product |
|---|---|---|
| Rosemary Caddy v. Coloplast Corp., et al. | 2:14-cv-10162 | Restorelle Type 1 Mesh; Gynecare TVT |
| Carol L. Wherry and Jerome Wherry v. Ethicon, Inc., et al. | 2:15-cv-08119 | Gynecare TVT; Restorelle Y |