# Exhibit "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

**This Document Relates to:**

ALL CASES

*Baker v. Boehringer Ingelheim*
*Pharmaceuticals, Inc. et al.*,
No. 3:14-cv-50355-DRH-SCW[1]

CASE MANAGEMENT ORDER NUMBER 89
**Denying Motion to Stay and**
**Prohibiting Discovery Relating to Common Benefit Fee Determination**

**HERNDON, District Judge:**

On December 23, 2014, the law firm of Carey Danis & Lowe (CDL) filed a

motion (*Baker v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:14-cv-

50355-DRH-SCW (Doc. 6) asking the Court to stay its ruling on the Special

Master's Report and Recommendations on the Distribution of Common Benefit

Fees and Expenses (MDL 2385 Doc. 601). CDL contends that a stay is warranted

because CDL is conducting discovery regarding the distribution of Common

Benefit Fees and Expenses. CDL states that it has served Requests for Production

---

[1] Movant is not authorized to file papers in the master case. Accordingly, although the motion is
related to all cases, the motion was filed in the above captioned member action (*Baker v.
Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:14-cv-50355-DRH-SCW). As this order
addresses the motion filed in the *Baker* member action and relates to all cases, this order is filed
simultaneously in both the master docket and the *Baker* member action.

and is in the process of serving Subpoenas upon Plaintiffs' Liaison Counsel and Plaintiffs' Co-Lead Counsel. CDL further submits that the Court should adopt the procedure undertaken by Judge Fallon in the *Vioxx MDL* (*In re: Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La., J. Fallon)). In *Vioxx*, Judge Fallon allowed objectors to conduct extensive discovery regarding allocation of the common benefit fund. *See In re Vioxx,* MDL No. 1657, Doc. 63195, pp. 20-21 (E.D. La. Aug. 9, 2011).

CDL is putting the cart before the horse. CDL asks the Court to adopt the procedure undertaken by Judge Fallon and allow those who object to the Special Master's Report and Recommendation to conduct extensive discovery. However, it is clear that CDL is already proceeding with conducting discovery – a process the Court has not approved and has no intention of approving.

Allocation of attorney fees under the common benefit fund is a matter that rests within the sound discretion of the trial court. *See Lock Realty Corp. IX v. U.S. Health, LP,* 707 F.3d 764, 773 (7th Cir. 2013); *Johnson v. GDF, Inc.*, 668 F.3d 927, 931 (7th Cir. 2012).[2] Appellate review "of an award of attorneys' fees is deferential for a number of reasons: the district court has a more complete picture of the case as a whole; the issues tend to be factual matters for which appellate review is limited; the accuracy of the ultimate decision is not likely to be enhanced by frequent and detailed appellate review; and it would be wasteful to

---

[2] However, a district court's legal analysis and methodology are reviewed *de novo. Johnson v. GDF, Inc.*, 668 F.3d 927, 931 (7th Cir. 2012).

engage in a 'second major litigation' over attorneys' fees." *Lock Realty Corp. IX,*
707 F.3d at 773.

The *Manual for Complex Litigation, Fourth*, provides as follows with
regard to discovery in connection with fee motions:

> Discovery in connection with fee motions should rarely be permitted,
> but may be advisable where attorneys make competing claims to a
> settlement fund designated for the payment of fees. With appropriate
> guidelines and ground rules, the materials submitted should
> normally meet the needs of the court and other parties. If a party or
> an objector to a settlement requests clarification of the material
> submitted in support of the fee motion, or requests additional
> material, the court should determine what information is genuinely
> needed and arrange for its informal production.

*Manual for Complex Litigation, Fourth § 14.224*. The Court finds that it has
imposed appropriate guidelines and ground rules with regard to the common
benefit fee determination. CDL has not presented the Court with any reason to
doubt the methodology that has been employed, conclude that informal or formal
discovery is genuinely needed, or doubt the billing information that has been
provided to date. Accordingly, the Court sees no reason to depart from the
principle that discovery in connection with fee motions should rarely be
permitted.

In so holding, the Court finds the Eighth Circuit's opinion in *In re
Genetically Modified Rice Litigation*, 764 F.3d 864 (8th Cir. 2014) instructive.
Here, the Appellate Court concluded that the procedure employed by the district
court, which did not include discovery, was not an abuse of discretion. In so
holding, the Eighth Circuit stated as follows:

Page **3** of **4**

Here, by contrast, the court appointed a Special Master to review the fee request, and the Special Master invited and considered the objections of plaintiffs' attorneys, met with the parties, and reviewed the affidavits submitted by Lead Counsel and other common benefit attorneys. *Although the court did not appoint an external auditor or permit discovery, discovery in connection with fee motions is rarely permitted, and a request for attorney's fees should not result in a second major litigation. We cannot say that the procedures employed by the district court were an abuse of discretion.*

*Id.* at 872 (internal citations omitted) (emphasis added).

With the above principles in mind, the Court finds that discovery is not genuinely needed. To the extent that CDL is seeking discovery in relation to the common benefit fee determination, that request is **DENIED**. The Court finds no reason to conduct a second major litigation with regard to this matter and accordingly is prohibiting the discovery CDL seeks. As the only grounds for the motion to stay is discovery that is prohibited by this order, the motion to stay is **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of January, 2015.

David R. Herndon
2015.01.08
16:06:50 -06'00'

**District Judge**
**United States District Court**

Page **4** of **4**