UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
| THIS DOCUMENT RELATES ONLY TO:<br><br>ALL CASES | |

**PLAINTIFFS' REPLY TO COLOPLAST CORP.'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE COLOPLAST'S DAUBERT MOTION AND FOR A PROTECTIVE ORDER RELIEVING PLAINTIFFS <u>FROM PROVIDING GENERAL EXPERT REPORTS AND OTHER DEADLINES APPLICABLE TO GENERAL DISCOVERY AS TO THE COLOPLAST / MENTOR /RTI CO- DEFENDANTS</u>**

Coloplast Corp.'s response to Plaintiffs' Motion to Strike Coloplast's Daubert Motion misses the misses the mark. Coloplast only filed joinder notices for *Daubert* motions regarding general experts for other manufacturer's products. Coloplast's response fails to demonstrate how it has any standing to contest the opinions provided by general experts regarding another manufacturer's products. Because the general expert reports designated by Plaintiffs in this MDL to date have nothing to do with Coloplast's products, Coloplast has no standing to join in Ethicon's motion to exclude the general expert opinions in the Ethicon MDL related to Ethicon or any other manufacturers' products. In other words, Coloplast has no connections to the issues related to an expert's opinions of an Ethicon (or other manufacturer's) pelvic mesh product. *See Cooksey v. Futrell, et al.*, No. 12-2084 (4th Cir. 2013). The only apparent connection seems to be that some plaintiffs implanted with Coloplast products designated case-specific experts in their individual

case that are the same general-causation experts that Plaintiffs designated in the Ethicon MDL for the Ethicon products. But naming the same expert that gives an opinion on a different product by a different manufacturer does not give Coloplast standing to challenge the expert's opinions regarding a different manufacturer's product.

Coloplast twists Plaintiffs argument and requests the Court to enter an Order precluding the previously submitted general causation reports, and the opinions therein, from being used against Coloplast because the case-specific expert incorporated by reference previous expert reports and deposition testimony provided. But this does not bestow Coloplast the right to request the Court to strike an expert's opinion at this premature stage simply because the opinion about another polypropylene mesh product by a different manufacturer might parallel the expert's opinion about Coloplast's polypropylene mesh products. Some of these general experts use for other manufacturer's products may also be used in the future as general experts having opinions about Coloplast products. Consequently, the Court should strike Coloplast's notice of joinder to other defendant's *Daubert* motions regarding general expert reports in other MDLs as it is not ripe. Only after the Court has permitted general discovery and general discovery is substantially complete should Coloplast be permitted to file or join in any *Daubert* motions.[1]

Contrary to Coloplast's argument, holding otherwise prejudices Plaintiffs since joinder in the *Daubert* motion runs afoul of the Court's previous stay of general-causation discovery, and, as this Court has previously recognized, does not respect the individuality of each MDL. *See In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.,* No. MDL No. 2327, 2016 U.S. Dist. LEXIS 118418, at *6 (S.D. W. Va. Aug. 30, 2016) (quoting *In re Phenylpropanolamine Prods. Liab.*

---

[1] Should the Court deny Plaintiffs' motion to strike Coloplast's Joinder in Other Defendants' *Daubert* motions, Coloplast Plaintiffs join, adopt, and incorporate by reference the Plaintiffs' Prior Daubert Responses relating to the following individuals: Dr. Jimmy Mays, Donald Ostergard, M.D., Paul J. Michaels, M.D., Bruce Rosenzweig, M.D.

*Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006)).  There is no question that Plaintiffs' general expert reports regarding Coloplast's products will not be identical to the general expert reports applicable to another manufacturer's products. Nor will the general expert's testimony as to Coloplast's products be identical to the testimony given as it relates to other manufacturer's products.  Thus, giving Coloplast credit for Ethicon's *Daubert* challenge to general expert testimony would be unduly prejudicial since the Court cannot accurately assess "whether the reasoning or methodology underlying the testimony is scientifically valid" and "whether that reasoning or methodology properly can be applied to the facts in issue" for Coloplast's products based on the record before the Court since Coloplast general discovery has been stayed and the general expert reports, testimony, objections, memorandum and briefing, and exhibits on file in this MDL solely relate to another manufacturers' products. *See id.* (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)).

With regard to Plaintiffs' Motion for Protection, Coloplast agrees that the Court's stay on general discovery is still in effect, and requests that the Court affirm that the Court's stay on general discovery is still in effect but submits a proposed order denying Plaintiffs' Motion for Protective Order as moot.  *See* Ethicon MDL, Dkt. No. 7181, 7181-1 (Nov. 1, 2018).  However, Coloplast Pretrial Order 142 provides that general discovery was only lifted for these waves as Coloplast Pretrial Order 136 stayed general discovery.  Only this past week, with Pretrial Order 142, did the court in the "limitation of experts" section open general discovery as to Coloplast by stating that the "parties may conduct general and specific expert discovery on all products at issue in this Wave." *See* Coloplast MDL, PTO 142.  Therefore, only now is general discovery underway.

In conclusion, Plaintiffs request that the Court strike Coloplast's joinder in Ethicon's motion to exclude the general expert opinions in the Ethicon MDL related to Ethicon or any other manufacturer's products since the expert reports at issue provide no opinions specifically about

Coloplast products, and Coloplast's filing the joinder runs afoul of the general discovery stay as to Coloplast that was in place until October 31, 2018, and is unduly prejudicial.

DATE: October 25, 2018    RESPECTFULLY SUBMITTED BY:
/s/ Riley L. Burnett, Jr.
Riley L. Burnett, Jr.
BURNETT LAW FIRM
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77089
RBurnett@rburnettlaw.com
Telephone: (832) 413-4410

/s/ Robert Salim
Robert Salim
SALIM-BEASLEY, LLC
1901 Texas Street
Natchitoches, LA
robertsalim@cp-tel.net
Telephone: (318) 352-5999

/s/ Mark Mueller
Mark Mueller
MUELLER LAW PLLC
404 W 7th Street
Austin, TX 78701
mark@muellerlaw.com
Telephone: (512) 478-1236

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, a true and correct copy of the foregoing document has been filed electronically and is available for viewing and downloading from ECF system, which will send notification of such filing to the CM/ECF participants registered to received service in the MDL.

/s/ Lisa Causey-Streete
SALIM-BEASLEY, LLC
1901 Texas Street
Natchitoches, LA
lcausey@salim-beasley.com
Telephone: (318) 238-1826