**EXHIBIT A TO DEFENDANTS' MOTION TO EXCLUDE**
**SUZANNE PARISIAN, M.D. [ELECTION WAVE (PTO 298)]**

Pursuant to the third Amended Docket Control Order, Defendants submit the following list of cases applicable to Defendants' Motion to Exclude Suzanne Parisian, M.D., in the Election Wave (PTO 298) where Dr. Parisian is named as a general retained regulatory expert.[1]

**List of Applicable Cases**

Dr. Parisian has submitted an expert report in MDL 2327 for two products: the Prolift + M and the TVT Secur.  *See* Pl. General Retained Experts, Election Wave.  In all of the following cases, however, Dr. Parisian has been designated as an expert, but has not served an expert report as to those other product(s) and thus may not render an opinion as to those products.

| Plaintiff's Name(s) | Case No. | Product(s) |
|---|---|---|
| Dupont, Catherine & Richard | 2:12cv07490 | TVT Exact |
| Anaya, Maria | 2:13cv13188 | TVT-O |
| Dale, Miriam | 2:13cv13236 | TVT Exact |
| Wilson, Wendy & Richard | 2:13cv13232 | TVT-O |

---

[1]   Plaintiffs' designation states that they recognize the Fourth Circuit's affirmance of this Court's exclusion of evidence of compliance with the 510(k) process and "reserve the right to designate" Dr. Parisian "[i]n the event of a contrary ruling."  Pl. Expert Disclosure at p. 4. Ethicon understands this to mean that Dr. Parisian is not designated at all if no FDA evidence is admitted, even though this is potentially inconsistent with Dr. Parisian's current disclaimer of reliance on FDA regulations.  In addition, Ethicon notes that this "reservation of right to designate" in some instances puts Plaintiffs' number of experts over the allotted five.