IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
    PELVIC REPAIR SYSTEM
    PRODUCTS LIABILITY LITIGATION

Honorable Joseph R. Goodwin

MDL No. 2327

**ORDER ESTABLISHING QUALIFIED SETTLEMENT FUND AND APPOINTING ADMINISTRATOR**

Upon motion of McEwen Law Firm, Ltd. ("*McEwen*"), as counsel for certain Plaintiffs in this MDL 2327, requesting the Court to enter an Order establishing a qualified settlement fund pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq.* and appointing an administrator for the purpose of facilitating the resolution of a dispute concerning allocation of attorney fees from the settlement of certain tort claims against: (1) Astora Women's Health, LLC (as successor in interest to American Medical Systems, Inc.'s women's health business, Astora Holdings, LLC, Astora Women's Health Holdings, LLC, and Astora Women's Health Holdings, Inc.) (collectively, "*Astora*"); (2) Boston Scientific Corporation; (3) Coloplast Corp. ( "*Coloplast*"); (4) Defendant Covidien and certain related companies ("*Covidien*"); (5) C.R. Bard, Inc.; and (6) Ethicon Inc., Johnson & Johnson, Ethicon LLC, their affiliates and insurers (collectively, *"Ethicon"*) (hereinafter referred to collectively, as the ***"TVM Defendants"***), to which none of the TVM Defendants object, and for good cause shown, it is hereby **ORDERED**:

1.     The Motion is approved.

2.     The McEwen Attorney Fees TVM Qualified Settlement Fund ("***QSF***") is established as a qualified settlement fund within the meaning of Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq.* by Order of this Court to resolve or satisfy disputes

arising from attorney fee contracts, as well as to permit payment of attorney fees for the convenience of claimants represented by McEwen and / or other referring attorneys, and shall remain subject to the continuing jurisdiction of this Court until its purposes have been accomplished and the QSF is dissolved.

3. The Garretson Resolution Group, Inc. ("**GRG**") is appointed as the administrator ("**Administrator**") of the QSF. The Administrator shall serve without bond.

4. CIBC Bank, USA is approved as Custodial Agent, subject to the terms of a Custody Agreement between GRG and CIBC Bank, USA.

5. The Administrator shall have the authority to conduct any and all activities necessary to administer the QSF and shall administer the QSF in accordance with the terms, conditions, and restrictions set forth in the Motion, and respective Confidential Master Settlement Agreements executed between and among Wagstaff & Cartmell, LLP, as co-counsel to McEwen, and the TVM Defendants, as such agreements, may, from time to time, be amended (the "**MSAs**"), and the Custodial Agreement to be entered into between GRG and CIBC Bank, USA.

6. The QSF is established so that attorney fees in dispute may be transferred into the QSF from the Wagstaff Cartmell TVM QSFs, which were established pursuant to each respective MSA. Such funds shall not be transferred until they are approved for disbursement consistent with each respective MSA.

7. The agreement between any Claimant and their counsel about any attorney fees earned through the representation at issue is between the Claimant and their counsel. The TVM Defendants have no involvement in the fee arrangements between any Claimant and their counsel. Any transfer of monies from any Wagstaff Cartmell TVM QSF to the QSF being created to hold allegedly disputed attorney fees is the sole responsibility of Wagstaff & Cartmell, LLP and

McEwen.  It is explicitly agreed that the TVM Defendants shall have no liability whatsoever as it relates to the transfer of funds to the QSF holding disputed attorney fees or responsibility for the payment of attorney fees as provided in the Master Settlement Agreements governing the settlements with the TVM Defendants.

8.	The Administrator is authorized, upon final distribution of all monies paid into the QSF and allocated to or for the convenience of Plaintiffs represented by McEwen and / or its referring counsel, to take appropriate steps to wind down the QSF, and thereafter shall be discharged from any further responsibility with respect to the QSF.

ENTERED: _____	_____
Honorable Joseph R. Goodwin
United States Senior District Judge