## MEMORANDUM

McEwen Law Firm, Ltd. ("*McEwen*") sets forth the following Memorandum in support of its motion to establish the McEwen Attorney Fees TVM Qualified Settlement Fund ("*QSF*"):

1.      McEwen is one of many law firms that have an existing co-counsel relationship with Wagstaff & Cartmell, LLP, which on various dates previously entered into Confidential Master Settlement Agreements ("*MSAs*") with the TVM Defendants to resolve in relevant part the actions, disputes and claims of certain Plaintiffs represented by McEwen as against each of the TVM Defendants ("*Claims*").  Pursuant to the respective MSAs, the Wagstaff Cartmell AMS Qualified Settlement Fund Escrow Account, Wagstaff Cartmell Bard Settlement Fund, Wagstaff Cartmell Boston Scientific Qualified Settlement Fund Escrow Account, Wagstaff Cartmell Coloplast Settlement Fund, Wagstaff Cartmell Covidien Settlement Fund, and Wagstaff Cartmell Ethicon Qualified Settlement Fund Escrow Account (collectively, "*Wagstaff Cartmell TVM QSFs*") were created. The Wagstaff Cartmell TVM QSFs currently hold, or will hold, settlement proceeds pursuant to the respective MSAs.

2.      Pursuant to the terms of the MSAs, and in exchange for a full and final release of claims, indemnity and assignment from the Plaintiffs, each of the TVM Defendants agreed to deposit a confidential settlement amount (the "*Settlement Deposits*") into its corresponding Wagstaff Cartmell TVM QSF to be held in trust for the benefit of the Settling Plaintiffs, in full and final satisfaction of all Claims.

3.      McEwen hereby moves this Court to establish a qualified settlement fund under Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq*. for the purpose of holding a portion of the disbursements from the Wagstaff Cartmell TVM QSFs.

4.      As part of this request, McEwen itself has co-counsel relationships with four other law firms.  However, an attorney fee dispute has arisen between and among two of these co-counsel.  The dispute has continued despite the efforts of those law firms to resolve their differences, and given the inter-relationships between the respective law firms based on their co-counsel agreements, it will be in the best interest of all counsel involved to carve out those funds in dispute and otherwise distribute attorney fees to those law firms not in dispute.  Because attorney fees are based on contracts between Plaintiffs and their counsel, in order to allocate attorney fees, identify those fees in dispute and issue payment for those fees not in dispute, consolidation of attorney fees associated with relevant Plaintiffs is needed.  Such attorney fees associated with Plaintiffs whose settlement monies are being disbursed from the Wagstaff Cartmell TVM QSFs, and are identified, in part, as represented by McEwen, shall be consolidated for management into a single qualified settlement fund.  These funds shall not be transferred from the Wagstaff Cartmell TVM QSFs into the QSF until they are approved for disbursement consistent with each respective MSA.  The consolidation of such funds in the QSF will afford the parties time to determine appropriate distribution amounts of attorney fees payable on behalf of Plaintiffs consistent with executed contingent fee agreements.  The Court should, therefore, approve the establishment of the QSF as being in the best interests of Settling Plaintiffs and their counsel.  Absent such creation, the attorneys whose fees are not in dispute will be prejudiced by those that remain in such disputes.  Further, such consolidation is equally appropriate where Settling Plaintiffs have indicated a desire to pay their counsel in periodic payments through qualified funding assets under Internal Revenue Code Section 130(c), as opposed to lump sum payments.

5.      The QSF shall be a qualified settlement fund under Internal Revenue Code § 468B and Treasury Regulations 1.468B-1 *et seq*. because: (1) the QSF is being established subject to

approval of this Court and is subject to the continuing jurisdiction of this Court; (2) the QSF is being established to resolve or satisfy claims arising from alleged tort or other violations of law relating to alleged personal injuries in connection with certain pelvic mesh products manufactured and / or distributed by each of the TVM Defendants; and (3) the QSF will be an account whose assets originated from the segregation of settlement monies from the general assets of the TVM Defendants.

6.      The funds to be held in the QSF are the sole property of the QSF.  The QSF Administrator may distribute attorney fees to an individual co-counsel for his or her claimants' respective claims by entering into subsequent Settlement Fund Agreements (the "Fund Agreements") with any co-counsel.  Until such time that any Fund Agreements are executed with the QSF Administrator, and these conditions are met, neither Plaintiffs not their counsel shall possess any rights to demand or receive any portion of the escrowed funds and shall not possess any right to mortgage, pledge, or encumber the same in any manner.  To the extent possible, this Motion shall be construed so as to prevent the Plaintiffs from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the QSF.

7.      No distributions shall be made from the QSF except as permitted by the terms of a Qualified Settlement Fund Agreement between and among McEwen, and the QSF Administrator, and as not otherwise inconsistent with the terms of each respective MSA.

8.      McEwen moves this Court to appoint The Garretson Resolution Group, Inc. ("*GRG*") as the administrator ("*Administrator*") of the QSF to administer the QSF in accordance with the respective terms of each TVM Defendants' MSA.  A copy of the Qualified Settlement Fund Agreement, with financial and personal identifying information redacted, is attached as Exhibit A to this Motion.

9.      The Administrator shall also serve as the administrator of the QSF within the meaning of Treasury Regulations § 1.468B-2(k).  McEwen requests that GRG serve as the Administrator without bond where CIBC Bank, USA will hold the settlement funds as Custodial Agent.  None of the TVM Defendants object to the selection of GRG as the Administrator of the QSF, or to CIBC Bank, USA as the Custodial Agent of the QSF.

10.      GRG submits to the personal jurisdiction of this Court.  The Administrator shall, upon request, prepare and deliver to the Court such reports involving the administration of the QSF as the Court may request from time to time.

11.      McEwen intends that this QSF may also be used for the resolution of tort claims against other settling defendants for alleged personal injuries arising from other pelvic mesh products.  Following the execution of an MSA, a court order approving the creation of a sub-account, and the execution of a Sub-Account Addendum to the Qualified Settlement Fund Agreement, a new sub-account may be created within the QSF for each settlement with a settling defendant ("*Sub-Account*").  The funds in each Sub-Account shall be segregated in the books and records of the Administrator, and the funds in each Sub-Account shall be dedicated solely to the fulfillment of the specific MSA for which it is established.  McEwen further intends that the QSF, including all Sub-Accounts created therein, shall together constitute a single qualified settlement fund within the meaning of Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq*.

12.      Upon final distribution of all settlement funds received into the QSF allocated to Plaintiffs, and distributed on behalf of Settling Plaintiffs to satisfy their contractual payment obligations for attorney fees, the Administrator shall take appropriate steps to wind down the QSF

and thereafter be discharged from any further responsibility with respect to the QSF.   The

Administrator may, but shall not be obligated to, seek a final order of discharge from this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2018, a copy of the foregoing **UNOPPOSED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND APPOINT ADMINISTRATOR** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Gregory Neil McEwen*

Gregory Neil McEwen [0273843]
McEwen Law Firm, Ltd.
5850 Blackshire Path
Inver Grove Heights, MN 55076
Email: gmcewen@mcewenlaw.com
Attorney for Settling Plaintiffs