# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

THIS DOCUMENT RELATES TO ALL CASES

**KLINE & SPECTER'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES DIRECTED TO THE FEE AND COST COMMITTEE (FCC) IN CONNECTION WITH THE REQUEST FOR <u>ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD</u>**

Pursuant to the Federal Rules of Civil Procedure, Kline & Specter serves this Fourth Requests for Production of Documents, Things, and Interrogatories on the Transvaginal Mesh MDL Common Benefit Fee and Cost Committee ("FCC") in connection with the Common

Benefit Fee and Cost Committee's Petition for an Award of Common Benefit Attorneys' Fees and Expenses and Memorandum in Support.

### **DEFINTIONS AND INSTRUCTIONS**

The following Definitions and Instructions shall apply to the Requests for Production of Documents and Interrogatories:

1)      The term "FCC" includes within its scope the FCC and each member of the FCC.

2)      These Requests and Interrogatories are intended to ascertain information not only in the possession of the FCC individually, but also contained in records and documents in the FCC's custody or control or available to the FCC.

3)      The Requests and Interrogatories which cannot be responded to in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incomplete response.

4.      "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; however produced or reproduced.

5.      "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise. Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda

slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

6. "Firm" and "fee requesting firm" means any law firm involved in the Pelvic Mesh Litigation that has submitted time and expense submissions pursuant to the Court's Pre-Trial Orders in connection with the Aggregate Common Benefit and Costs Award.

7. "Affidavit" means the affidavits or sworn declarations submitted by each fee requesting firm to the FCC following the February 16, 2018 letter from the FCC regarding the FCC's initial review submitted fees and costs. (The FCC and the Fee Committee protocol required that any appeals to the fee determinations made by the FCC were to be accompanied by an affidavit are to be completed and submitted within thirty (30) days of receipt of the FCC's February 16, 2018 letter.)

8. "Manufacturer" means the following entities: C.R. Bard, Inc.; American Medical Systems, Inc.; Boston Scientific, Corp.; Ethicon, Inc.; Coloplast; Covidian; Cook Medical, Inc.; Neomedic.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With respect to each manufacturer as defined in paragraph no. 8 above, please provide the total number of cases settled by manufacturer.

**ANSWER:**

3

**INTERROGATORY NO. 2:** With respect to each manufacturer as defined in paragraph no. 8 above, please provide the per case average settlement amount by manufacturer.

**ANSWER:**

**INTERROGATORY NO. 3:** Please provide the total number of cases settled for all Pelvic Mesh litigations.

**ANSWER:**

**INTERROGATORY NO. 4:** Please provide the per case average settlement amount for all Pelvic Mesh litigations.

**ANSWER:**

**INTERROGATORY NO. 5:** With respect to each fee requesting firm, please provide the claimed and allowed lodestars for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.

**ANSWER:**

4

**INTERROGATORY NO. 6:** With respect to each fee requesting firm, please provide the claimed and allowed blended hourly rate for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.

**ANSWER:**

**INTERROGATORY NO. 7:** With respect to each fee requesting firm, please provide the claimed and allowed hours for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.

**ANSWER:**

**INTERROGATORY NO. 8:** With respect to each fee requesting firm, please each firms' settlements with respect to each defendant involved in the Pelvic Mesh litigation.

**ANSWER:**

**INTERROGATORY NO. 9:** With respect to the eleven firms no longer objecting to the initial September 13, 2018 fee allocation recommendation ("the eleven law firms"), please provide the following requested information:

    1) The names of the eleven law firms.

2) The initial fee allocation amounts for the eleven law firms set forth in the September 13, 2018 Fee Allocation Recommendation.
3) The fee allocation amounts for the eleven law firms set forth in the November 18, 2018 Fee Allocation Recommendation.
4) If any of the recommended fee allocations for the eleven law firms ***increased*** from the September 13, 2018 Fee Allocation Recommendation, identify the source of the funds for the increased allocation(s).
5) Whether any non-objecting firm agreed to or accepted a lower fee allocation from the allocation set forth in the September 13, 2018 Fee Allocation Recommendation
    a. If the answer to the above is in the affirmative, provide the identity of such firms and amount of reduction in allocated fee.
5) Whether any additional payments or compensation were made related to the eleven law firms' objections to the initial September 13, 2018 fee allocation recommendation.
    a. If the answer to the above is in the affirmative, identify the source of the additional payments or compensation.
6) Identify by name, firm, and role the individual(s) responsible for resolving the objections of the eleven firms
7) Describe, in detail, the process by which the objections of the eleven law firms were resolved.

**ANSWER:**

## **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST NO. 1**: As defined in paragraph no. 4 above, please provide <u>any and all documents and things</u> related to the following:
1) Communication between the eleven law firms referenced in Interrogatory No. 9 above, and FCC members related to the law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

2) Communication among FCC members related to the eleven law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

3) Communication between FCC members and any other individual (including members of non-objecting law firms) related to the eleven law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

                **Respectfully submitted,**

                **BOWLES RICE, LLP**

By:  /s/ Floyd E. Boone Jr.
    Charles M. Love, III (WVSB 2254)
    Floyd E. Boone Jr. (WVSB 8784)
    600 Quarrier Street
    Charleston, WV 25301
    (304) 347-1100 (Tel.)
    (304) 347-1746 (Fax)
    fboone@bowlesrice.com
    *Counsel for Kline & Specter, P.C.*

            **KLINE & SPECTER, PC**

By:
    Shanin Specter, Esquire
    Lee B. Balefsky, Esquire
    1525 Locust Street
    Philadelphia, PA 19102
    (215) 772-1000
    *Counsel for Plaintiffs*