IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL No. 2511 |
| THIS DOCUMENT RELATES TO ALL CASES | |

*This Document Relates To All Cases*

**RESPONSE IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ADDITIONAL DISCOVERY DIRECTED AT THE FEE AND COST COMMITTEE IN CONNECTION WITH THE REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD**

This latest Motion to Compel filed by Kline & Specter ("KS") is nothing more than a recitation of the same arguments previously made by KS in response to the FCC's Petition for an Award of Common Benefit Attorney's Fees and Expenses ("Common Benefit Petition"), and its proposed surreply brief, which the Court declined to consider.

1

This Motion to Compel is actually the fourth such motion filed by the Kline & Specter firm. Its initial motion for discovery from the FCC was denied by the Court on March 7, 2018, its second motion to compel was likewise denied on July 13, 2018, and its third motion to compel was denied on November 21, 2018.[1] For the reasons set forth below, this motion is devoid of merit and should likewise be denied.

## Argument and Citation of Authority

<u>The present motion, styled a "motion to compel," is little more than a recitation of KS's arguments asserted in opposition to the Common Benefit Petition, which the FCC has already addressed.</u>

In the interests of brevity, the FCC will not rehash the case law set out extensively in its prior briefing on KS's most recent "discovery" motion, other than to reiterate that discovery in connection with attorneys' fee motions is rarely permitted and should not result in a second major litigation. *See, e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014).

KS's motion fails to include the FCC's responses and objections to its discovery at issue in direct contravention of this Court's Local Rule 37.1(c).[2] While the motion could be denied on that basis alone, the FCC's responses and objections demonstrate the patent invalidity of this motion. As set forth in the FCC's responses to this latest round of invalid KS discovery, which are attached hereto as **Exhibit 1**, the FCC either does not have the information requested, the requested information does not exist, the FCC has already provided the requested information to

---

[1] KS's motion inaccurately states that "[t]he Court has not yet ruled on this motion." (KS motion, p. 5). The Court's docket reflects that this prior motion was denied on November 21, 2018. (*See*, *In re Ethicon, etc.*, Case 2:12-md-02327, Doc. 7225 (ORDER denying [7174] MOTION by Certain Plaintiffs to Compel Discovery. Signed by Judge Joseph R. Goodwin on 11/21/2018)).

[2] LR Civ P 37.1(c) ("A motion to compel disclosure or discovery must be accompanied by a statement setting forth verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken."). The FCC further notes that consistent with each of its multiple prior motions to compel, KS ignored the Court's Local Rule 37.1(b) requiring the moving party to make a good faith effort to confer in person or by telephone regarding its requests.

all common benefit applicants, or else the information requested relates to the FCC's confidential negotiations with other common benefit applicant firms regarding those other firms' applications, which has no possible relevance to KS or its application.[3]

The reason that KS's present "motion to compel" does not include the FCC's responses or objections to the discovery ostensibly at issue, which addresses each of its discovery requests, is that this motion is not truly aimed at obtaining any discovery. As with its three prior motions to compel, each of which have been denied, this present motion has nothing to do with actually discovering facts. Instead, the purpose of this motion is simply to further this objecting firm's opposition to the Common Benefit Petition and is merely the latest example of KS's on-going efforts to inject inflammatory but baseless allegations regarding the FCC and the common benefit process in this litigation aimed at extracting a larger allocation of common benefit funds for itself. Rather than addressing the FCC's responses to KS's requests, conspicuously absent from its filing, KS merely rehashes the same arguments previously asserted in opposition to the FCC's Common Benefit Petition or in its rejected surreply brief.

Out of the hundreds of law firms representing plaintiffs in this litigation, KS is one of only two firms that oppose the Common Benefit Petition seeking an award of the 5% set-aside for

---

[3] The categories of information at issue are identified on page 5 and again on page 6 of KS's motion. As explained in its responses, the FCC does not have the information KS seeks. Indeed, this information is outside the control of FCC and confidential as it pertains to the various defendants and settling parties. Specifically, the FCC does not know the total number of cases settled by each defendant, the per-case average settlement amount per defendant, the total number of cases settled by all MDL defendants, the per-case average settlement amount for all MDL defendants, or each fee-requesting firm's settlement amounts with each defendant. The FCC has already provided the claimed and allowed number of hours for each applicant firm in the Final Written Recommendation, including KS. Having previously explained in the Final Written Recommendation, the FCC explained again in its discovery responses that the FCC did not attempt to employ any hourly rate or "lodestar" for any applicant firm. The FCC further explained that the requested information regarding the applicant firms whose objections to the FCC's Preliminary Written Recommendation were resolved is confidential and has no possible relevance to KS's objection.

3

reimbursement of common benefit fees and expenses entered more than five years ago.[4] The FCC filed its reply to KS's opposition to the Common Benefit Petition and has addressed KS's arguments regarding the requested common benefit fee and expense award. After the Court denied its motion for leave to file a surreply brief in support of its opposition to the FCC's Petition for an Award of Common Benefit Attorney's Fees and Expenses ("Common Benefit Petition"), KS essentially re-captioned its rejected surreply brief as a "motion to compel" and seeks to re-argue its objection to the Common Benefit Petition here. While the FCC will not attempt to engage in re-arguing KS's objection to the Common Benefit petition, it is worth pointing out the hypocrisy of KS's arguments asserted in this "motion to compel."

In opposing the Common Benefit Petition under the guise of a discovery motion, KS purports to criticize other firms for settling cases for amounts that it claims were substantially less than what it cites as the average value of all trial verdicts to date ($9,815,627).[5] Again, however, KS's arguments regarding the alleged inadequacy of any other firm's settlement values are baseless. KS has no knowledge regarding the values of settlements entered by any other firm in this litigation, nor is it entitled to such information. KS is well aware that the amount of any settlement in this litigation is confidential. Nonetheless, KS chose here to publicize what it represents as its own "per case" settlement amount of $75,000 for approximately 1,500 cases,

---

[4] Another firm, Andrus Wagstaff, also filed a response in opposition to the Common Benefit Petition but that firm's response does not oppose the amount of the requested common benefit fee and expense award.

[5] KS's claim that other firms "took way too many cases, couldn't discover or try them" is disingenuous as well as unfounded. KS stated to the FCC that it represented more than 3,000 plaintiffs, and this "motion to compel" claims that KS has settled 1,500 cases. As its own filing makes clear, KS's own settlements are a small fraction of what it claims to be the average verdict value, which it previously urged as the litmus test for settlements. Thus, KS's pleadings disprove the points it attempts to make.

4

which equates to 0.76% (or 76/10,000) of what it says is the average trial verdict value.[6] Regardless of the amount of any settlement entered by any other firm, the very fact that KS itself settled cases for less than 1/100th of what it claims is the average verdict value flatly disproves its repeated contention that the reasonableness of any settlement can be measured in comparison to trial verdicts. As KS's motion reflects, it cannot. *See, In re Diet Drugs,* 582 F.3d 524, 544 (3d Cir.2009) ("What individual counsel received in a particular state case, however, is irrelevant to the fee award here, which compensates Class Counsel for services that benefitted all class members, as well as the litigants in coordinated state actions.").

One final point asserted in KS's "motion to compel," which was also raised in its opposition to the Common Benefit Petition, is that the FCC requested common benefit fees and expenses "in preference to undercompensated and badly injured women." (KS motion to compel, p. 11).[7] KS knows this is untrue. Any reduction of the common benefit award to less than the 5% set-aside, as urged by KS, would necessarily inure only to the benefit of the source of the set-aside funds. KS knows full well that the 5% holdback was funded primarily by a reduction in attorneys' fees by the individual case-handling attorneys. For example, the FCC is aware that many firms paid 4 percent of the 5 percent holdback by reducing their attorneys' fees by 4 percentage points (*e.g.*, a 40% fee was reduced to 36%), with 1 percentage point paid from the client's recovery.

---

[6] While KS continues to allege that other firms settled cases for less than this amount, it has absolutely no factual basis for such claim.

[7] KS continues to seek to publicize meritless and inflammatory allegations solely in an effort to extract a higher common benefit allocation for themselves. The multiple self-serving pleadings filed by KS seek to denigrate the outstanding work of many law firms on behalf of all MDL plaintiffs while attempting to negotiate a higher common benefit payment for itself. While arguing that the aggregate award should be half of the court-ordered set-aside, KS simultaneously urges that it is entitled to *4 ½ times* the amount of its allocation recommended by the FCC. This "everyone else should get less, but we should get more" epitomizes the disingenuous and self-serving nature of KS's position generally.

Thus, a reduction of the common benefit award would serve primarily to return money to the individual lawyers who reduced their fees to fund the set-aside (such as KS here) as opposed to the clients.

### Conclusion

KS's present "motion to compel" serves only to rehash the same arguments previously asserted in opposition to the FCC's Common Benefit Petition, which arguments have already been addressed. The purported "discovery" at issue in this motion has been addressed by the FCC's responses and objections, which KS fails to mention or include. This "motion to compel" should be denied.

Respectfully submitted,

THE COMMON BENEFIT FEE AND COST COMMITTEE

By:   */s/ Henry G. Garrard, III*
      Henry G. Garrard, III
      hgarrard@bbga.com
      Chairman of the Fee &
      Compensation Committee

BLASINGAME, BURCH, GARRARD & ASHLEY
P.O. Box 832
Athens, GA  30603
706-354-4000

*/s/ Renee Baggett*
Renee Baggett
RBaggett@awkolaw.com

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ
17 East Main Street, Suite 200
Pensacola, FL 32502
850-202-1010

*/s/ Riley L. Burnett, Jr.*
Riley L. Burnett, Jr.
rburnett@rburnettlaw.com

BURNETT LAW FIRM
3737 Buffalo Speedway, Suite 1850
Houston, TX 77098
832-413-4410

|  |  |
|---|---|
|  | /s/ *Thomas P. Cartmell* <br> Thomas P. Cartmell <br> tcartmell@wcllp.com |
| WAGSTAFF & CARTMELL, LLP <br> 4740 Grand Avenue, Suite 300 <br> Kansas City, MO 64112 <br> 816-701-1100 |  |
|  | /s/ *Clayton A. Clark* <br> Clayton A. Clark <br> CClark@triallawfirm.com |
| CLARK, LOVE & HUTSON, G.P. <br> 440 Louisiana Street, Suite 1600 <br> Houston, TX 77002 <br> 713-757-1400 |  |
|  | /s/ *Yvonne M. Flaherty* <br> Yvonne M. Flaherty <br> ymflaherty@locklaw.com |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P. <br> 100 Washington Avenue S., Suite 2200 <br> Minneapolis MN 55401 <br> 612-339-6900 |  |
|  | /s/ *Carl N. Frankovitch* <br> Carl N. Frankovitch <br> carl@facslaw.com |
| FRANKOVITCH, ANETAKIS, SIMON, DECAPIO & PEARL, LLP <br> 337 Penco Road <br> Weirton, WV 26062 <br> 304-723-4400 |  |
|  | /s/ *Joseph F. Rice* <br> Joseph F. Rice <br> jrice@motleyrice.com |
| MOTLEY RICE LLC <br> 28 Bridgeside Blvd. <br> Mt. Pleasant, SC 29464 <br> 843-216-9000 |  |
|  | /s/ *William H. McKee, Jr* <br> William H. McKee, Jr <br> bmckee@suddenlink.net |
| 1804 Louden Heights Road <br> Charleston, WV 25314 <br> 304-546-2347 |  |

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the **RESPONSE IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ADDITIONAL DISCOVERY DIRECTED AT THE FEE AND COST COMMITTEE IN CONNECTION WITH THE REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: ***/s/ Henry G. Garrard, III***
Henry G. Garrard, III
hgarrard@bbga.com
Chairman of the Fee &
Compensation Committee

BLASINGAME, BURCH, GARRARD & ASHLEY
P.O. Box 832
Athens, GA  30603
706-354-4000