# Exhibit "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL No. 2511 |

*THIS DOCUMENT RELATES TO ALL CASES*

**RESPONSES AND OBJECTIONS TO KLINE & SPECTER'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES DIRECTED TO THE FEE AND COST COMMITTEE (FCC) IN CONNECTION WITH THE REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD**

COMES NOW the Fee and Cost Committee (FCC) and serves its Objections and Responses to Kline & Specter's Combined Fourth Requests for Production of Documents and Interrogatories as follows:

1

**GENERAL OBJECTIONS**

The FCC is neither a party plaintiff nor a party defendant to this litigation, and therefore, the Interrogatories and Requests for Production of Documents and Things are legally unfounded. By serving these Objections to the requested discovery, the FCC reserves and does not waive any objection to the legal validity of the form and scope of the requested discovery, which is facially invalid.

The present discovery served by Kline & Specter, P.C., et al., was previously the subject of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" (hereinafter, the "K&S Motion for Discovery"). The K&S Motion for Discovery was denied by Order of the Court dated March 7, 2018. A subsequent "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award," filed by Kline & Specter, P.C. on July 12, 2018, was likewise denied by the Court on July 13, 2018. K&S filed yet another Motion to Compel directed to the FCC on October 31, 2018, and the FCC filed its response in opposition, wherein the FCC set forth its position generally regarding discovery from the FCC. The Court denied K&S's second Motion to Compel on November 21, 2018.

K&S has sought no relief from the Court's Order denying the prior K&S Motion for Discovery or from the Court's Order denying K&S's subsequent Motion to Compel or from the Court's Order denying K&S's second Motion to Compel. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

## INTERROGATORIES

### INTERROGATORY NO. 1

*With respect to each manufacturer as defined in paragraph no. 8 above, please provide the total number of cases settled by manufacturer.*

### RESPONSE

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC objects to Interrogatory No. 1 on the ground that the information sought therein is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible on any issue in this litigation. The terms and scope of any settlements are confidential as between the Plaintiffs and Defendants who were parties to such agreement, and the FCC does not have the information sought.

### INTERROGATORY NO. 2

*With respect to each manufacturer as defined in paragraph no. 8 above, please provide the per case average settlement amount by manufacturer.*

**RESPONSE**

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court.  The requesting counsel sought no relief from the Court's Orders denying this discovery.  Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC objects to Interrogatory No. 2 on the ground that the information sought therein is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible on any issue in this litigation.  The terms and scope of any settlements are confidential as between the Plaintiffs and Defendants who were parties to such agreement, and the FCC does not have the information sought.

## INTERROGATORY NO. 3

*Please provide the total number of cases settled for all Pelvic Mesh litigations.*

## RESPONSE

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC objects to Interrogatory No. 3 on the ground that the information sought therein is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible on any issue in this litigation. The terms and scope of any settlements are confidential as between the Plaintiffs and Defendants who were parties to such agreement, and the FCC does not have the information sought.

# INTERROGATORY NO. 4

*Please provide the per case average settlement amount for all Pelvic Mesh litigations.*

# RESPONSE

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC objects to Interrogatory No. 4 on the ground that the information sought therein is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible on any issue in this litigation. The terms and scope of any settlements are confidential as between the Plaintiffs and Defendants who were parties to such agreement, and the FCC does not have the information sought.

**INTERROGATORY NO. 5**

*With respect to each fee requesting firm, please provide the claimed and allowed lodestars for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.*

**RESPONSE**

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC states that its Final Written Recommendation delivered to K&S on November 20, 2018, contains information responsive to this interrogatory. As stated in the Final Written Recommendation, "[i]n their objections to the FCC's preliminary recommendation, certain of the applicant firms have suggested that the FCC was required to utilize a 'lodestar' methodology, where the hours credited to the firm are multiplied by an hourly rate. Several courts

7

.
.

have considered and rejected similar arguments, and to be clear, the FCC was not required to and did not attempt to employ any 'lodestar' calculation."

## INTERROGATORY NO. 6

*With respect to each fee requesting firm, please provide the claimed and allowed blended hourly rate for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of the Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.*

## RESPONSE

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC states that its Final Written Recommendation delivered to K&S on November 20, 2018, contains information responsive to this interrogatory. As stated in the Final Written Recommendation, "[w]hile the FCC extensively reviewed the hours submitted by every firm and took the approved time into consideration in making its proposed allocation, the FCC did

8

not request hourly rates from any firm or attempt to mechanically apply any 'hours x rate' analysis. … Instead, the FCC reviewed the submitted time and applicant input in light of the Court's directives set forth in the Fee Committee Protocol and prior common benefit orders, the ultimate purpose of which is to 'evaluat[e] what work and expenses furthered the common benefit of the litigation.'"

## INTERROGATORY NO. 7

*With respect to each fee requesting firm, please provide the claimed and allowed hours for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of the Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.*

## RESPONSE

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC states that its Final Written Recommendation delivered to K&S on November 20, 2018, contains information responsive to this interrogatory.

## INTERROGATORY NO. 8

*With respect to each fee requesting firm, please provide each firms' settlements with respect to each defendant involved in the Pelvic Mesh litigation.*

## RESPONSE

The discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC objects to Interrogatory No. 8 on the ground that the information sought therein is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible on any issue in this litigation. The terms and scope of any settlements are confidential as between the Plaintiffs and Defendants who were parties to such agreement, and the FCC does not have the information sought.

## **INTERROGATORY NO. 9**

With respect to the eleven firms no longer objecting to the initial September 13, 2018 fee allocation recommendation ("the eleven law firms"), please provide the following requested information:

1) The names of the eleven law firms.

2) The initial fee allocation amounts for the eleven law firms set forth in the September 13, 2018 Fee Allocation Recommendation.

3) The fee allocation amounts for the eleven law firms set forth in the November 18, 2018 Fee Allocation Recommendation.

4) If any of the recommended fee allocations for the eleven law firms **increased** from the September 13, 2018 Fee Allocation Recommendation, identify the source of the funds for the increased allocation(s).

5) Whether any non-objecting firm agreed to or accepted a lower fee allocation from the allocation set forth in the September 13, 2018 Fee Allocation Recommendation.
    a. If the answer to the above is in the affirmative, provide the identity of such firms and amount of reduction in allocated fee.

6) Whether any additional payments or compensation were made related to the eleven law firms' objections to the initial September 13, 2018 fee allocation recommendation.
    a. If the answer to the above is in the affirmative, identify the source of the additional payments or compensation.

7) Identify by name, firm, and role the individual(s) responsible for resolving the objections of the eleven firms.

8) Describe, in detail, the process by which the objections of the eleven law firms were

*resolved.*

## RESPONSE

To the extent the discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC states that its Preliminary Written Recommendation delivered to K&S on September 13, 2018 and Final Written Recommendation delivered to K&S on November 20, 2018, contain information responsive to this interrogatory. Specifically, the Preliminary Written Recommendation and Final Written Recommendation identify every firm that has submitted a request for common benefit reimbursement, each firm's initial recommended allocation and each firm's final recommended allocation. K&S has filed documentation of record in each of the pelvic mesh MDLs purporting to compare the initial recommended allocation with the final recommended allocation on a firm-by-firm basis, identifying which recommended allocations increased and by what amount, as part of its Response in Opposition to Common Benefit Fee and Cost Committee's Petition for an Award of Common Benefit Attorneys' Fees and Expenses. The

"source of the funds" for the recommended allocation for every firm is the common benefit fund. The individuals involved in addressing the objections are the members of the FCC and/or the Court-appointed external review specialist. The process for objections is explained in writing within the Court's prior orders, the Preliminary Written Recommendation and the Final Written Recommendation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST NO. 1

*As defined in paragraph no. 4 above, please provide any and all documents and things related to the following:*

1) Communication between the eleven law firms referenced in Interrogatory No. 9 above, and FCC members related to the law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

2) Communication among FCC members related to the eleven law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

3) Communication between FCC members and any other individual (including members of non-objection law firms) related to the eleven law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

### RESPONSE

To the extent the discovery sought by the requesting counsel is duplicative and redundant of the discovery requested by way of a "Motion for Discovery Relating to the Fee and Cost Committee's Initial Review of Common Benefit Fund Fee Submissions" and "Motion to Compel

13

Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award Motion to Compel" and "Motion to Compel Production of Documents and Additional Discovery Directed at the Fee and Cost Committee in Connection with the Request for Allocation of Aggregate Common Benefit and Cost Award" filed by the same plaintiffs' counsel in this MDL, which were each denied by the Court. The requesting counsel sought no relief from the Court's Orders denying this discovery. Therefore, the requested discovery is conclusively barred and precluded by res judicata, collateral estoppel, stare decisis and the law of the case doctrine.

In addition, the FCC objects to Request for Production No. 1 on the ground that the information sought therein is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible on any issue in this litigation.

Finally, pursuant to Orders of the Court, the FCC's discussions and deliberations are confidential.

This 21st day of December, 2018.

                      Respectfully submitted,

                      THE COMMON BENEFIT FEE AND COST COMMITTEE

By:   */s/ Henry G. Garrard, III*
       Henry G. Garrard, III
       hgarrard@bbga.com
       Chairman of the Fee & Compensation Committee

BLASINGAME, BURCH, GARRARD & ASHLEY
P.O. Box 832
Athens, GA 30603
706-354-4000

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, a copy of the **RESPONSES AND OBJECTIONS TO KLINE & SPECTER'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES DIRECTED TO THE FEE AND COST COMMITTEE (FCC) IN CONNECTION WITH THE REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD** was served via electronic mail on the following counsel:

Floyd E. Boone, Jr.
Charlie Love
BOWLES RICE, LLP
600 Quarrier Street
Charleston, WV  25301
fboone@bowlesrice.com
clove@bowlesrice.com
Counsel for Kline & Specter, P.C.

Lee B. Balefsky
Shanin Specter
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
lee.balefsky@klinespecter.com
shanin.specter@klinespecter.com

By:    */s/ Henry G. Garrard, III*
       Henry G. Garrard, III
       hgarrard@bbga.com
       Chairman of the Fee &
       Compensation Committee

BLASINGAME, BURCH, GARRARD & ASHLEY
P.O. Box 832
Athens, GA  30603
706-354-4000