IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

THIS DOCUMENT RELATES TO ALL CASES

**REPLY TO RESPONSE IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ADDITIONAL DISCOVERY DIRECTED AT THE FEE AND COST COMMITTEE IN CONNECTION WITH THE REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COST AWARD**

Pursuant to the Federal Rules of Civil Procedure, Kline & Specter, P.C. ("Kline & Specter") hereby submits this Reply to the Fee and Cost Committee's Response to Kline & Specter's Fourth Motion to Compel Discovery.

In its Response the FCC makes several claims and assertions that only emphasize the need for transparency and discovery in this litigation. The FCC presents a new argument in its Response, stating that:

1. KS knows full well that the 5% holdback was funded primarily by a reduction in attorneys' fees by the individual case-handling attorneys. For example, the FCC is aware that many firms paid 4 percent of the 5 percent holdback by reducing their attorneys' fees by 4 percentage points (e.g., a 40% fee was reduced to 36%), with 1 percentage point paid from the client's recovery. *See* FCC's Response p. 5.

This information, that firms reduced their fees to pay the 5% fee assessment, is new, unsupported, unverified, non-specific and apparently based on hearsay. Kline & Specter requests that the FCC specify exactly what information they have regarding this brand new assertion. The need for transparency, and discovery, is underscored by this new, troubling information provided by the FCC.

The FCC also stated the following with regards to settlement amount information:

2. KS's arguments regarding the alleged inadequacy of any other firm's settlement values are baseless. **KS has no knowledge regarding the values of settlements** entered by any other firm in this litigation, nor is it entitled to such information. *See* FCC's Response p. 4.

The FCC is correct in its statement that Kline & Specter does not have this information. Hence, the need for discovery. As asserted by Kline & Specter in previous briefing, nowhere in the FCC's initial petitions, recommendations, or pleadings does the FCC reveal the precise number of cases settled or the per case settlement average. Plainly, no intelligent assessment can be made of the results obtained without first knowing the results obtained. The FCC continues to thwart any efforts by Kline & Specter to obtain this information under the guise of confidentiality. However, while communications between FCC members might be confidential, the information regarding settlement amounts is not and should be provided.

The FCC continues to fail to provide any reason why providing the requested information would be detrimental or burdensome. If there has been fair dealing, why does the FCC continue to refuse to provide the information? To the contrary, the requested information is necessary and should be provided.

Respectfully submitted,

KLINE & SPECTER, PC

Shanin Specter, Esquire
Lee B. Balefsky, Esquire
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
*Counsel for Plaintiffs*

BOWLES RICE, LLP

By: /s/ Floyd E. Boone Jr.
Charles M. Love, III (WVSB 2254)
Floyd E. Boone Jr. (WVSB 8784)
600 Quarrier Street
Charleston, WV 25301
(304) 347-1100 (Tel.)
(304) 347-1746 (Fax)
fboone@bowlesrice.com
*Counsel for Kline & Specter, P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

THIS DOCUMENT RELATES TO ALL CASES

## CERTIFICATE OF SERVICE

I, Lee B. Balefsky, certify that on January 22, 2019, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

Lee B. Balefsky, Esq.