IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL No. 2511 |
| THIS DOCUMENT RELATES TO ALL CASES | |

*This Document Relates To All Cases*

**COMMON BENEFIT FEE AND COST COMMITTEE'S REPLY TO SHELLER, P.C.'S RESPONSE TO ITS PETITION FOR AN AWARD OF COMMON BENEFIT ATTORNEYS' FEES AND EXPENSES**

**Introduction**

It appears that Kline & Specter, P.C. ("KS" or "Kline & Specter") has now enlisted an affiliated law firm, Sheller P.C. ("Sheller"), to file what amounts to an endorsement of Kline &

1

Specter's prior-filed opposition to the FCC's Petition for an Award of Common Benefit Attorneys' Fees and Expenses (the "FCC Petition").

The problems with Sheller's Response are as obvious as they are fatal. First, Sheller's Response is untimely by nearly two months. Second, Sheller lacks standing to take any action in this Court because it would appear that the firm is not counsel of record in any case pending before this Court. Even setting aside these dispositive shortcomings, however, the Response has no factual or legal validity and does little more than repeat arguments previously asserted by Kline & Specter in its opposition to the FCC Petition.

## Argument and Citation of Authority

**A. Sheller's Response, filed two months after the deadline, should be rejected as untimely.**

The FCC Petition was filed on November 12, 2018. Southern District of West Virginia Local Rule 7.1(a)(7) provides that "Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion." Any response to the FCC Petition was therefore due by not later than November 26, 2018. In addition to the plain language of the Court's Local Rules, the Court's Order granting the FCC's motion to exceed the page limit in the FCC Petition expressly stated:

> As to the FCC Petition, the court **ORDERS** that any response to the FCC Petition must be filed on or before **November 26, 2018.** Any reply must be filed on or before **December 3, 2018.** The court reminds the parties that the FCC Petition has been filed in all seven MDLs assigned to me, and any responses and the reply should also be filed in all seven MDLs.

Sheller's Response was not filed until January 18, 2019, or nearly two months after the deadline.[1]

---

[1] Sheller's Response was only filed in the Boston Scientific MDL (2326) and the Ethicon MDL (2327).

Sheller has neither sought an extension to allow this grossly dilatory filing, nor could it possibly satisfy the legal standard required for same.  As the Fourth Circuit reiterated in *Agnew v. United Leasing Corp.*, 680 Fed.App'x 149, 155 (4th Cir.2017), district courts will extend deadlines to allow untimely pleadings only upon a showing of "excusable neglect," which the Fourth Circuit instructs "**is not easily demonstrated, nor was it intended to be**." (*citing Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir.1996)). In the context of this MDL, this Court's Local Rules and docket management orders like the Court's order setting a deadline for any response to the FCC Petition are entitled to particular respect and deference. *See*, *In re Deepwater Horizon*, 2018 WL 5077646, *2 and *2 n. 2 (5th Cir.2018) (noting the special deference afforded MDL judges in managing their dockets and quoting *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009) ("District judges must have authority to manage their dockets, especially during massive litigation such as this [MDL], and we owe deference to their decisions whether and how to enforce the deadlines they impose.")).

Sheller's Response should be rejected on its face because it was filed two months too late.

**B. <u>Sheller's Response should be rejected because Sheller lacks standing to take any action in this Court.</u>**

Sheller's Response vaguely alleges that Sheller "represent[s] certain MDL Claimants" and "ha[s] a pecuniary interest in any cases subsumed by the above-captioned MDLs." (Sheller Resp., p. 1).  However, from a review of the Court's dockets, it would appear that Sheller is not counsel of record in even a single case in any of the seven related pelvic mesh MDLs before this Court.

Sheller's Response in the Boston Scientific MDL was filed on behalf of the plaintiffs in four cases (*Galvez*, 2:12-cv-05910; *Warren*, 2:14-cv-29462; *Singleton*, 2:15-cv-02873; and *Boverhof*, 2:15-cv-07123).  In the Ethicon MDL, the Sheller Response was filed on behalf of plaintiffs in three cases (*Brown*, 2:15-cv-07520; *Hoy*, 2:15-cv-08089; *Jens*, 2:15-cv-05599).

3

However, a review of the dockets in each of those cases reveals that Sheller is not counsel of record in any of those cases. Instead the dockets in each of the above identified cases reflect that Kline & Specter is the Plaintiffs' counsel of record. From a search of the Court's MDL dockets, it does not appear that Sheller is counsel of record in any case before this Court.

Because Sheller apparently does not represent any plaintiff (or any other party) in this litigation, it has no standing to file any pleading in this Court – for any purpose. Sheller certainly cannot demonstrate the requisite injury required to establish standing to oppose an award of common benefit attorneys' fees and expenses to the law firms who performed work that benefited all MDL plaintiffs. *See, e.g.*, *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 2019 WL 274036, *5 (9th Cir. Jan. 22, 2019) (in order to demonstrate standing with respect to a motion for attorney's fees, attorney must demonstrate that they suffered an injury caused by the conduct complained of – here, the potential award of an aggregate common benefit fee – that would be redressed by judicial relief).

Sheller lacks standing to oppose the FCC Petition and its Response should be rejected.

C. **Even if the substance of Sheller's Response were to be considered, the Response is meritless.**

   i. **The arguments in the Sheller Response related to the FCC's proposed allocation of the aggregate fee award are misplaced.**

In Section I. of its Response, Sheller criticizes the FCC's proposed allocation of the aggregate fee award. Initially, the FCC notes that Sheller has had no involvement in this litigation and has submitted no time or expense for consideration as common benefit. Therefore, Sheller has no knowledge about the work performed in this litigation or the common benefit allocation process other than perhaps what it may have been told by Kline & Specter. Notwithstanding Sheller's obvious lack of knowledge about this litigation generally and the allocation process in

4

particular, the issue of allocation of fees is not before the Court. In any event, Sheller plainly has no standing to assert any challenge to any eventual allocation.

Because Sheller has no case in this MDL, has done no work in this MDL, and has no direct knowledge of any of the work done in this MDL or the common benefit process, one could reasonably question why it chose to file this vitriolic response nearly two months after the deadline. The reason is because Sheller is acting on behalf of Kline & Specter, which continues to seek to publicize inflammatory misstatements about the FCC and the common benefit process in an effort to extract a larger common benefit allocation for itself. As noted above, Sheller purported to file its Response on behalf of the plaintiffs in seven MDL cases. Tellingly, Sheller does not represent any of the plaintiffs in those cases – those plaintiffs are all represented by Kline & Specter.

Sheller's Response parrots the same unfounded assertions against the FCC that Kline & Specter has raised previously, railing against alleged "mismanagement," "ineffectual trials," "substandard efforts," "meager" settlements, and "the lack of a global settlement." (Sheller Response, pp. 2-3). The FCC has previously addressed these same contentions in response to Kline & Specter's Response. Stripped of hyperbole and rhetoric, the overall theme of the Sheller Response is straightforward: the FCC's proposed allocation of common benefit fees is alleged to be unfair because a firm that performed work and obtained verdicts in State Court (*i.e.*, a firm like Kline & Specter) would not get enough money while other firms (the FCC) would get too much.[2]

---

[2] Sheller's Response states that the FCC "flagrantly discounted and dismissed the work performed by…other firms that regularly secured trial court judgments in state courts for their clients, winning individual plaintiff's judgments that far eclipsed the FCC's meager, yet audaciously touted, 'multi-claimant' settlements." (Sheller Resp., p. 3). Later, the Sheller Response contends that the "state court work" done by "other Plaintiffs' firms participating in these MDLs" are "the true unrecognized triumphs of these MDLs, which substantially improved the recovery for the remaining Claimants." (*Id.*, p. 4).

The issue of how an aggregate fee award may be allocated between common benefit counsel is separate and distinct from the analysis of the reasonableness of the fee award itself. *See, In re Initial Public Offering Securities Litig.*, 2011 WL 2732563, *9 (S.D.N.Y. 2011) (noting different methodologies used in determining aggregate fee versus allocation of fee). The issue of allocation of any fee and expense award is not currently before the Court. Moreover, even if it had a case in this MDL, Sheller would unquestionably lack standing with respect to any allocation of common benefit fees and expenses. Because Sheller makes no claim of entitlement to common benefit fees or expenses in this litigation Sheller would have no possible injury that could be remedied by judicial relief.

    **ii.**    **The argument in the Sheller Response regarding retention of potential appellate rights is premature and misplaced here.**

Section II. of the Sheller Response is largely indecipherable, but it appears to be intended to make some point regarding the waiver or preservation of appellate rights. Whether or not any party or law firm forfeited its right to appeal is an issue that can be asserted by such party or firm if and when it arises. However, there is no such issue before this Court.

    **iii.**    **The reasonableness of the requested aggregate common benefit fee and expense award is fully addressed in the FCC Petition, and as shown in the FCC Petition, the overall value and scope of the benefit provided is one of several factors that supports an award of the 5% holdback.**

Sheller's Response in Section III. urges that the aggregate fee should be less than the 5% set aside because the size of the amount of gross recovery is large. Rather than support an objection to the aggregate award, however, this argument demonstrates the logical fallacy of such objection. There are many other factors that a court considers in determining the reasonableness of the aggregate common benefit award (none of which are mentioned or addressed in the Sheller

Response), but the fact that the total amount recovered on behalf of the plaintiffs in this litigation is substantial is one of the several factors that *supports* an award of 5%.

    **iv.**    **Sheller's contention regarding an alleged "right" to withhold fees from State Court judgments has nothing to do with any issue before the Court on the FCC Petition.**

The Sheller Response in Section IV. makes another disjointed argument about the alleged "right" of firms to withhold "their counsel fees" from "State Court judgments." Presumably, this argument relates to the 5% MDL assessment of future cases. Whether a particular case may be subject to the 5% MDL assessment is a subject addressed in this Court's common benefit orders that have been in place for several years. The FCC will not attempt to argue the issue in the abstract. Moreover, whether or not a given case may be subject to the MDL assessment has nothing to do with any issue presently before the Court regarding the FCC petition.

    **v.**    **Sheller's final suggestion regarding the terms of any aggregate common benefit award is ill-founded.**

Sheller's final suggestion is that the Court should "apportion" the aggregate award between expenses and fees, pointing to a 12% holdback order entered in the *Kugel* state court hernia mesh litigation. This Court's Holdback Order here, entered August 16, 2013, provides that the 5% assessment includes both expenses incurred and attorneys' fees for services performed for MDL administration and for common benefit. The Holdback Order also directs Defendants to withhold the assessment from amounts paid on any "Covered Claim" and to pay the assessment directly into the common benefit fund as a credit against the settlement or judgment. Neither Sheller nor any other party objected to the terms of the Court's Holdback Order here.

The FCC's Petition seeks an order awarding the 5% holdback entered over five years ago for compensation of common benefit fees and reimbursement of common benefit expenses pursuant to a future order of the Court. After the Court has ruled upon the FCC Petition, the Court

will determine how the aggregate award should be allocated, including the amount of expenses that will be reimbursed as incurred for the common benefit. Certainly, the FCC anticipates that a portion of the aggregate award will pay for reimbursement of expenses. Assessments continue to be held back by Defendants and common benefit expenses continue to be incurred. Further, the propriety of a holdback order directing the withholding of a single percentage to include both attorneys' fees and expenses has been extensively briefed in the FCC's previous response to objections, and that analysis and supporting legal authority is incorporated by reference here.

## Conclusion

The Sheller Response should be denied as untimely and because Sheller lacks standing before this Court. Furthermore, the Sheller Response is little more than a thinly-disguised vehicle for Kline & Specter to air its grievances against the FCC aimed at increasing its common benefit allocation. The Sheller Response has no merit and should be disallowed.

Respectfully submitted,

THE COMMON BENEFIT FEE AND COST COMMITTEE

By: */s/ Henry G. Garrard, III*
Henry G. Garrard, III
hgarrard@bbga.com
Chairman of the Fee &
Compensation Committee

BLASINGAME, BURCH, GARRARD & ASHLEY
P.O. Box 832
Athens, GA 30603
706-354-4000

*/s/ Renee Baggett*
Renee Baggett
RBaggett@awkolaw.com

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ
17 East Main Street, Suite 200
Pensacola, FL 32502
850-202-1010

8

|  |  |
|---|---|
|  | */s/ Riley L. Burnett, Jr.*<br>Riley L. Burnett, Jr**.**<br>rburnett@rburnettlaw.com |
| BURNETT LAW FIRM<br>3737 Buffalo Speedway, Suite 1850<br>Houston, TX 77098<br>832-413-4410 |  |
|  | */s/ Thomas P. Cartmell*<br>Thomas P. Cartmell<br>tcartmell@wcllp.com |
| WAGSTAFF & CARTMELL, LLP<br>4740 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>816-701-1100 |  |
|  | */s/ Clayton A. Clark*<br>Clayton A. Clark<br>CClark@triallawfirm.com |
| CLARK, LOVE & HUTSON, G.P.<br>440 Louisiana Street, Suite 1600<br>Houston, TX 77002<br>713-757-1400 |  |
|  | */s/ Yvonne M. Flaherty*<br>Yvonne M. Flaherty<br>ymflaherty@locklaw.com |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S., Suite 2200<br>Minneapolis MN 55401<br>612-339-6900 |  |
|  | */s/ Carl N. Frankovitch*<br>Carl N. Frankovitch<br>carl@facslaw.com |
| FRANKOVITCH, ANETAKIS, SIMON,<br>DECAPIO & PEARL, LLP<br>337 Penco Road<br>Weirton, WV 26062<br>304-723-4400 |  |
|  | */s/ Joseph F. Rice*<br>Joseph F. Rice<br>jrice@motleyrice.com |
| MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>843-216-9000 |  |

                                          ***/s/ William H. McKee, Jr***
                                          William H. McKee, Jr
                                          bmckee@suddenlink.net

1804 Louden Heights Road
Charleston, WV 25314
304-546-2347

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2019, I electronically filed the **COMMON BENEFIT FEE AND COST COMMITTEE'S REPLY TO SHELLER, P.C.'S RESPONSE TO ITS PETITION FOR AN AWARD OF COMMON BENEFIT ATTORNEYS' FEES AND EXPENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: */s/ Henry G. Garrard, III*
Henry G. Garrard, III
hgarrard@bbga.com
Chairman of the Fee &
Compensation Committee

BLASINGAME, BURCH, GARRARD & ASHLEY
P.O. Box 832
Athens, GA  30603
706-354-4000