UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON, INC. | ) | |
| PELVIC REPAIR SYSTEMS | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2327 |

## STIPULATED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND SUBACCOUNT

COMES NOW Jeffrey M. Kuntz with Wagstaff & Cartmell, Damon Ellis and Bernard Layne, III with Mani Ellis and Layne, and Gregory N. McEwen with McEwen Law Firm, Ltd. ("Attorney McEwen"), Plaintiffs' Counsel in this matter, and move this Honorable Court for an Order to: (i) establish a Qualified Settlement Fund under Internal Revenue Code § 468B, which shall be called the McEwen Law Firm Settlement Subaccount (the "Fund"); and (ii) appoint an administrator for the Fund. This Motion was shared with the Parties and the Escrow Agent prior to filing and no objections to the Motion were received. In support of this Motion, the undersigned respectfully state as follows:

1. Plaintiffs sought claimed personal injury damages from Ethicon, Inc. ("Ethicon") related to Ethicon pelvic mesh products.

2. Plaintiffs' Counsel and Ethicon have entered into a Confidential Master Settlement Agreement to resolve the claims of certain claimants against Ethicon relating to Ethicon pelvis mesh products. Ethicon entered into the Confidential Master Settlement Agreement solely to avoid the expense, inconvenience and burden of litigation, and without admission of liability or wrongdoing.

3. The undersigned seek approval from the Court to establish the Fund as a subaccount for the purposes of allowing Attorney McEwen to structure attorneys' fees received in connection with this litigation and thereby effecting qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal

Revenue Code to the qualified assignee.

4. The Fund shall be a Qualified Settlement Fund as described in Internal Revenue Code § 468B and Treas. Reg. Section 1.468B-1, established by Order of this Court in compliance with the terms of the Confidential Master Settlement Agreement and the Escrow Agreement, and the Fund shall remain subject to the continuing jurisdiction of this Court.

5. This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states in relevant part that a Qualified Settlement Fund "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

6. The undersigned requests that the Court approve the engagement of attorney Terry D. Turner, Jr. as the Fund Administrator. The Fund Administrator possesses extensive experience administering Qualified Settlement Funds, and his firm address is as follows: Gentle, Turner, Sexton & Harbison, LLC, 501 Riverchase Parkway East, Suite 100, Hoover, Alabama 35244.   The Fund Administrator submits personally to the jurisdiction of this Court. If there is any dissolution or bankruptcy of the Fund Administrator, his appointment as Fund Administrator shall terminate and the undersigned will seek Court approval of a nominated successor Fund Administrator.

7. The Fund, by and through the Fund Administrator, may purchase and assign any structured settlements created under any Release Agreements.  Any structured settlement annuity contract shall be issued by a life insurance company that is rated A+ or better by A.M. Best Company.

8. The claims made against Ethicon are made on account of physical bodily injury and arise out of alleged liability in tort or violation of law.   Attorney McEwen shall agree in

writing to a discharge of the Fund and the Fund Administrator=s liabilities in the making of any structured settlement payments, also known as periodic payments, by executing, along with the Fund Administrator, any necessary documents required or related to the discharge of those liabilities.

9. The settlement proceeds are the sole property of the Fund. No portion of the settlement proceeds shall be made available to Attorney McEwen in any fashion, except as specifically set forth in the Confidential Master Settlement Agreement. Until such time as monies are distributed, Attorney McEwen shall not possess any rights to demand or receive any portion of the settlement proceeds or the escrowed funds or to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent Attorney McEwen from being in constructive receipt, as determined under Federal income tax principles, of any amounts held by the Fund.

10. The Fund Administrator shall be indemnified and held harmless by Attorney McEwen from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Fund. Should the Fund Administrator be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, and whether brought by or against or otherwise involving the Fund, by reason of the Fund Administrator having served in any capacity on behalf of the Fund, the Fund Administrator shall be indemnified and held harmless by Attorney McEwen against reasonable expenses, costs and fees (including attorney fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the Fund Administrator in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by this Court that the Fund Administrator was grossly

negligent or acted with willful misconduct in connection with the administration of this Fund.

11. The undersigned request that no bond be required, provided that all monies received by the Fund, which includes all principal and interest earned thereon, shall be deposited in a bank account held in custody at Wells Fargo Bank, N.A. for the benefit of and titled in the legal name of the Fund and invested in instruments/securities comprised of (a) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments) (b) cash equivalent securities including SEC registered money market funds and/or collateralized money market accounts; and/or (c) deposit and similar interest-bearing, or non-interest bearing accounts subject to Federal Depository Insurance Corporation protections as available.   The Fund shall be held at Wells Fargo Bank, N.A. (the "Bank"), a financial institution doing business at 420 20th Street North, Birmingham, Alabama 35203, according to the above terms and conditions, and said financial institution shall be responsible for any and all investment related decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that the following investment policy is implemented; (1) safety of principal, (2) zero bank balance exposure; and/or (3) the use of zero sweep disbursement accounts to ensure funds remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial institution holding the funds fail. Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Fund Administrator, or, if requested, upon the order of this Court.   The Fund Administrator retains the right to remove the Bank with or without cause, in its sole and absolute discretion.   The Fund Administrator may designate a replacement bank upon the written consent of Attorney McEwen.   In the event of such replacement, the terms and conditions of this paragraph 11, including without limitation,

those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

12. The Fund Administrator shall be entitled to reasonable fees and expenses to be negotiated between the Fund Administrator and Attorney McEwen.

13. The Fund Administrator shall be authorized to distribute all attorney fees and litigation expenses to Attorney McEwen or such referring attorneys as directed by Attorney McEwen, consistent with existing contingency fee contracts and to the extent required by law.

14. All taxes on the income of the Fund and expenses and costs incurred in connection with the taxation of the Fund (including, without limitation, the expenses of tax attorneys and accountants) shall be paid out of the Fund, shall be considered to be a cost of administration of the settlement, and shall be paid as instructed by the Fund Administrator.

15. Upon request, the Fund Administrator will prepare and deliver Fund Statements ("Statements") to Attorney McEwen. The Statements shall include a statement of receipts, investment earnings, and disbursements. The Fund Administrator shall provide the Statement no later than ten (10) business days following the request.

16. The Fund Administrator shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail or other document believed by the Fund Administrator to be genuine and sufficient, and upon any other evidence believed by the Fund Administrator, in his reasonable judgment, to be genuine and sufficient, which may be provided to the Fund Administrator by Attorney McEwen.

17. Upon final distribution of all monies paid into the Fund, the Fund Administrator shall take appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

18. The Fund Administrator will obtain a Federal Taxpayer Identification Number for

the McEwen Law Firm Settlement Subaccount upon the execution of an Order by this Court establishing the Fund.

WHEREFORE, the undersigned respectfully requests that the Court consent to take continuing jurisdiction over the Fund pursuant to Treas. Reg. Section 1.468B-1(c)(1), and issue an Order which:

1. Establishes said Fund as a Qualified Settlement Fund within the meaning of Internal Revenue Code § 468B and Treasury Regulation Section 1.468B-1;

2. Appoints attorney Terry D. Turner, Jr., as Fund Administrator pursuant to the terms, conditions and restrictions of this Motion, and in compliance with the terms of the Confidential Master Settlement Agreement and the Escrow Agreement, thereby granting the Fund Administrator the authority to conduct any and all activities necessary to administer this Fund as described in this Motion;

3. Authorizes the Fund Administrator to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee;

4. Authorizes the Fund Administrator to distribute all attorney fees and litigation expenses to Attorney McEwen or such referring attorneys as directed by Attorney McEwen, consistent with their existing contingency fee contracts and the terms of the Confidential Master Settlement Agreement; and

5. Authorizes the Fund Administrator, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down and dissolve the Fund and thereafter discharging the Fund Administrator from any further responsibility with respect to the Fund.

Respectfully submitted this 29th day of January, 2019.

/s/ Jeffrey M. Kuntz
Jeffery M. Kuntz, Esquire

        Wagstaff & Cartmell
        4740 Grand Avenue, Suite 300
        Kansas City, MO 64112
        (816) 701-1100 Telephone
        (816) 531-2372 Facsimile

        <u>/s/ Damon L. Ellis</u>
        Damon L. Ellis, Esquire
        Mani Ellis and Layne, PLLC
        602 Virginia Street E., Suite 200
        P.O. Box 1266
        Charleston, WV 25325-1266
        (304) 720-1000 Telephone
        (304) 720-1001 Facsimile

        <u>/s/ Bernard E Layne, III</u>
        Bernard E. Layne, III, Esquire
        Mani Ellis and Layne, PLLC
        602 Virginia Street E., Suite 200
        P.O. Box 1266
        Charleston, WV 25325-1266
        (304) 720-1000 Telephone
        (304) 720-1001 Facsimile

        <u>/S/ Gregory N. McEwen</u>
        Gregory N. McEwen, Esquire
        McEwen Law Firm, Ltd.
        5850 Blackshire Path
        Inver Grove Heights, MN 55076
        (651) 224-3833 Telephone