IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICTOF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:      ETHICON, INC.,
            PELVIC REPAIR SYSTEM,
            PRODUCTS LIABILITY LITIGATION              MDL 2327

THIS DOCUMENT RELATES TO THE CASE(S)
IN THE EXHIBIT(S) ATTACHED HERETO

### INACTIVE DOCKET ORDER

The Court has been advised by counsel[1] that in the case(s) listed on the attached Exhibit(s),

the plaintiff(s) and C.R. Bard, Inc.[2] ("Bard") have agreed to a settlement model with regard to

Bard. The Court therefore finds it unnecessary to conduct further proceedings or to keep these

case(s) on the active docket.  The civil action(s) listed on the attached exhibit(s) have Bard, as the

only remaining defendant but the case(s) still reside in the Ethicon MDL ("MDL 2327"). The Court

having found the proposed inactive docket order was filed with the Clerk's office on or before

October     31,     2018,     pursuant     to     PTO     #     266,     and     that

Bard is the only remaining defendant, the Court **ORDERS** as follows:

1.  The cases on the attached exhibit are transferred to *In re: C. R. Bard, Inc., Pelvic Repair

    Systems Product Liability Litigation*, 2:10-md-2187, (MDL 2187).

2.  All discovery deadlines are continued until further order of the Court.

3.  That the Clerk disassociate the cases on the attached exhibit(s) with MDL 2327 and re-

    associate the case(s) with MDL 2187, and place the case(s) listed on the attached

    Exhibit(s) on the pending inactive docket.

---

[1] In some cases, plaintiffs' counsel who appear for a particular plaintiff(s) have authorized other
counsel to act on that counsel's behalf regarding settlement matters.
[2] C.R. Bard, Inc., includes any incorrect or incomplete spellings of this Defendant.

4. Plaintiff(s) and Bard may submit an agreed order of dismissal with prejudice on or before April 29, 2019; if settlements are not finalized and dismissal orders are not submitted by April 29, 2019, then any case remaining on an inactive docket will be moved to the active docket and placed on a shortened Docket Control Order.

Counsel for plaintiff(s) and defendant(s) are directed to provide quarterly reports as to their progress in dismissing cases on the inactive docket. The Court is aware that counsel have agreed to a settlement model for a group of cases and claims, including those on the attached Exhibit(s). The Court will reinstate any case on the attached Exhibit(s) to the active docket if one of the parties, on motion, shows good cause for such reinstatement. Good cause includes, but is not limited to, a plaintiff's refusal or inability to consummate settlement. Any motion to reinstate must be accompanied by an affidavit from plaintiff explaining such refusal or inability.

The court **DIRECTS** the Clerk to:

1. file a copy of this order in MDL No. 2327 and in the individual case(s) listed on the attached Exhibit(s);

2. disassociate the cases on the attached exhibit(s) with MDL 2327 and re-associate the case(s) with MDL 2187, and place the case(s) listed on the attached Exhibit(s) on the pending inactive docket;

3. link this Order to the Proposed Inactive Docket Order filed at ECF No. 7168; and,

4. send a copy of this Order to counsel of record and any unrepresented party.

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

2

**EXHIBIT A – Flint Law Firm LLC**

| CIVIL ACTION NUMBER (listed numerically in ascending order) | CASE NAME |
|---|---|
| 2:17-cv-00011 | Charlann Allen v. C. R. Bard, Inc. |
| 2:17-cv-00904 | Theresa Lambert v. C. R. Bard, Inc. |

**EXHIBIT B – Lowe Law Group**

| CIVIL ACTION NUMBER (listed numerically in ascending order) | CASE NAME |
| --- | --- |
| 2:14-cv-24153 | Tamara Ferguson v. C. R. Bard, Inc. |

**EXHIBIT C – Parker Waichman, LLP**

| CIVIL ACTION NUMBER (listed numerically in ascending order) | CASE NAME |
|---|---|
| 2:17-cv-00723 | Raina Devers v. C. R. Bard, Inc. |