IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
    PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION         MDL 2327

THIS DOCUMENT RELATES TO CASES IDENTIFIED
ON THE ATTACHED EXHIBIT A:

**ORDER**
(Dismissing the "Ethicon Defendants" with Prejudice
and Transferring Cases to MDL 2326)

Pending in each of the individual civil actions listed on Exhibit A (attached hereto) is a Motion to Dismiss With Prejudice, filed by the Ethicon defendants as identified in the motions (collectively referred to as the "Ethicon defendants") pursuant to the procedures established by Pretrial Order # 302. *See* Pretrial Order ("PTO") # 302, *In re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327 ("Ethicon MDL 2327") [ECF No. 6020]. The plaintiff or plaintiffs in each case identified on Exhibit A did not file an objection, and the matter is ripe for consideration.

As stated in PTO # 302, the court established certain procedures to prompt dismissals of settled cases. Under these procedures, the court directed the Ethicon defendants to file a motion to dismiss in each individual case where a plaintiff has provided an executed, valid release, and the defendant has authorized disbursement to the plaintiff of the settlement amount to which the plaintiff's counsel has agreed. Among other requirements, the court also mandated the Ethicon

defendants to file a declaration certifying the completion of certain procedures in conjunction with the motion to dismiss.

The Ethicon defendants complied with these directives and procedures, and the plaintiffs have not filed an opposition. It appearing to the court that the plaintiffs and the Ethicon defendants have jointly agreed to settle, and have settled their claims, the dismissal of the Ethicon defendants in each case identified on Exhibit A is appropriate. Additionally, the court notes that dismissing the Ethicon defendants from these cases should leave no active defendants from MDL 2327.

For any case on Exhibit A that was subject to the Pretrial Order (Docket Control Order) entered on January 30, 2018, as amended on June 13, 2018 (hereinafter collectively referred to as the "Omnibus PTO") and is being transferred by this order to C. R. Bard, Inc. MDL 2187, American Medical Systems, Inc. MDL 2325, Boston Scientific Corporation MDL 2326 or Ethicon, Inc. MDL 2327, the court will no longer direct the Clerk to file in each individual case, the Omnibus PTO that corresponds to the MDL in which the case is being transferred.[1] All deadlines in the Omnibus PTO were the same across the MDLs cited above and all deadlines have since passed. Thus, the court finds it unnecessary to docket the corresponding Omnibus PTO for the MDL to which the case is being transferred. Any provisions of the Omnibus PTO continue to apply.

The court **ORDERS** that:

1. the Motion to Dismiss with Prejudice is **GRANTED**; and

2. the Ethicon defendants are **DISMISSED WITH PREJUDICE** from the actions listed on the attached Exhibit A;

---

[1] The Docket Control Orders entered in MDL 2187 – Wave 7, MDL 2325 – Wave 3, MDL 2326 – Wave 4 and MDL 2327 – Wave 8, on January 30, 2018 (as amended on June 13, 2018), set identical discovery dates, and pretrial motion dates. The Docket Control Orders were identical except for the necessary changes to make it applicable to each MDL.

3. if there are no remaining defendants in a civil action, then (a) that civil action is dismissed with prejudice and stricken from the docket and (b) any pending motions are **DENIED** as moot;

4. if other defendants remain in a civil action, then those actions are **TRANSFERRED** to MDL 2326; and,

5. the plaintiff is directed to file the proper Amended Short Form Complaint, if applicable, in the individual member case within **fourteen (14) days** of entry of this order.

The court **DIRECTS** the Clerk to:

(1) dismiss the Ethicon defendants from the individual civil action(s) with prejudice;

(2) if no other defendants remain in an individual action, then (a) strike the action from the docket, and (b) close the case;

(3) if there are remaining defendants in an individual action, then (a) transfer the case to the MDL 2326, and (b) if the case has a Wave flag set from the Omnibus Order, then change the Wave flag to the appropriate Wave flag;

(4) file a copy of this Order in MDL 2327 and in each individual case on the attached Exhibit A; and

(5) send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 21, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

|    | **Civil Action No.** | **Plaintiff(s)** | **ECF No. of Motion** |
|----|----------------------|------------------|-----------------------|
| 1  | 2:13-cv-01141 | Thibodeaux, Valeria | 24 |
| 2  | 2:13-cv-13279 | Stine, Jean | 18 |
| 3  | 2:13-cv-04374 | Dufour, Joanne | 15 |
| 4  | 2:13-cv-05741 | Rife, Geraldine & Samuel | 15 |
| 5  | 2:13-cv-22162 | Harris, Delores & Jack Patrick | 19 |
| 6  | 2:13-cv-14541 | Eades, Shannon | 24 |
| 7  | 2:13-cv-22246 | Barron, Lynne M. & Stephen L. | 22 |
| 8  | 2:15-cv-13024 | Bates, Sharon | 11 |
| 9  | 2:15-cv-05489 | Coffey, Paula | 24 |
| 10 | 2:13-cv-01761 | Kowalczyk, Karen J. | 22 |
| 11 | 2:14-cv-29334 | Harter, Lynn K. | 15 |