Plaintiff's motion for leave to amend complaint is GRANTED; the Clerk is directed to file the amended complaint on the docket as of the date of this Order.

ENTER: 2/21/2019

*/s/ Joseph R. Goodwin*
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| IN RE AMERICAN MEDICAL SYSTEMS, INC PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL 2325<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
| THIS DOCUMENT RELATES TO:<br><br>Rachael M Smith v. American Medical Systems, Inc, et al,<br>Case No. 2:17-cv-02353 | |

## PLAINTIFF'S MOTION TO ADD PARTY DEFENDANT, FOR LEAVE TO FILE HER FIRST AMENDED COMPLAINT, AND TO TRANSFER MDL

COMES NOW Plaintiff Rachael Smith, by and through her counsel, Mathew COveney, and moves to add Ethicon, Inc. as a party defendant, for leave to file her First Amended Complaint, and to transfer MDL, and states as follows:

1. F.R.C.P. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires". F.R.C.P. Rule 15(a)(2).

2. The Fourth Circuit has found that "[w]hile some courts have concluded that Rule 15(a) does not apply to amendments seeking to add parties, most courts, including this one, have concluded otherwise" thereby allowing Rule 15(a) to apply to amendments seeking to add parties. *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010).

3. In this action, Plaintiff filed her Short Form Complaint on July 12, 2017 in MDL 2325 against American Medical System, Inc. ("AMS") because Plaintiff was implanted with an AMS product on July 24, 2009

4.	Plaintiff's counsel has since discovered that Plaintiff Rachael Smith was implanted with an Ethicon, Inc. device on or about August 19, 2016.

5.	Plaintiff was forced to have said device removed on November 22, 2016 and has suffered bodily injuries as a result.

6.	Considering that Plaintiff's injuries arise from both AMS and Ethicon products, justice requires that Ethicon, Inc. be added as a party defendant.

7.	Because the AMS claim has been resolved, Plaintiff respectively requests that the Court (1) GRANT the Plaintiff's motion to transfer this civil action from MDL 2325 to MDL 2327; and (2) direct the Clerk to disassociate the civil action as a member case in MDL 2325 and re-associate it with MDL 2327, pursuant to MDL 2327 Ethicon, Inc., Pelvic Repair System Products Liability Litigation PTO #12

8.	WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Amend by adding Ethicon, Inc., as a party defendant, to grant leave to file her First Amended Complaint, attached hereto as Exhibit 1, and to grant Plaintiff's Motion to Transfer MDL as prescribed in paragraph 7, above.

Respectfully submitted,

*Counsel for Plaintiff:*

Dated: November 29, 2018

/s/*Mathew Coveney*_____
Mathew Coveney (USDC of MA #682664)
Coveney Law, LLC d/b/a United Law Associates
1075 Main Street, 3rd Floor
Waltham, MA 02451
781.478.7028
mcoveney@unitedlawteam.com