# Exhibit "1"

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABIILITY LITIGATION | MDL No. 2325 |
| IN RE: BOSTON SCIENTIFIC CORP., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |
| IN RE: COLOPLAST CORP., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL No. 2511 |

*This Document Relates To All Cases*

**DECLARATION OF THE HONORABLE DANIEL J. STACK, RETIRED, COURT APPOINTED EXTERNAL REVIEW SPECIALIST IN SUPPORT OF COMMON BENEFIT FEE AND COST COMMITTEE'S RESPONSE IN OPPOSITION TO MOTION FOR APPOINTMENT OF A SPECIAL MASTER BY KLINE & SPECTER, P.C.**

On this day came the undersigned, Daniel J. Stack, who, pursuant to 18 U.S.C. § 1746, makes this declaration under penalty of perjury:

1. I was appointed by Order of the Honorable Joseph R. Goodwin as the External Review Specialist in each of the seven transvaginal mesh MDL's on October 13, 2017.

2. As External Review Specialist, I was appointed assist the Common Benefit Fee and Cost Committee ("FCC") in its duties under the FCC Protocol, to meet with applicant firms and address objections to the FCC's recommendation, and to make my written recommendation to the Court.

3. Upon my appointment, I attended the meetings of the FCC. There were many meetings held by the FCC, and I attended nearly all of them.

4. In attending the FCC meetings, I considered my obligation to assist the FCC in its duties of evaluating the time and expenses submitted for consideration in these MDL's and to aid the FCC in any way appropriate in performing the requirements of the Protocol.

5. I shared with the FCC my experiences in having participated in other mass litigation common benefit processes.

6. I observed the process of the evaluation of time and expense submissions by the FCC.

7. I did not participate in the FCC's decision to approve or deny hours of time, nor did I participate in the FCC's decision to find out-of-pocket expenses reimbursable.

8. I did not have or exercise a vote regarding the FCC's recommended allocations.

9. I was present and heard the evaluation by the FCC of each firm seeking compensation.

10. When the FCC met to make specific monetary allocations for each firm seeking compensation, I observed the activities of the FCC.

11. I signed the Preliminary Written Recommendation, and letters that were directed to each of the applicant firms identifying the FCC's initial review and the FCC's response to materials submitted by firms after the initial review.

12. I signed those documents solely for the purpose of attesting to the FCC's compliance with the Protocol.

13. I did not sign those documents as an endorsement of the FCC's findings or conclusions.

14. I attested to the FCC's compliance with the Court's instructions because doing so was in furtherance of the directives and mandates of the Protocol.

15. In meeting and communicating with representatives of Kline and Specter, P.C. ("K&S") to attempt to resolve their objection to the FCC's Final Written Recommendation, I told K&S that I had no role in the decision of the FCC regarding the amount of funds allocated to each applicant firm. I also told K&S that I only observed the process of the FCC.

16. Because I signed the FCC's Preliminary Written Recommendation, K&S stated that it did not accept my explanation that I had no involvement in the decision regarding the amount allocated to each firm.

17. I responded that, in retrospect, it would have been easier had I not signed the FCC's Preliminary Written Recommendation without explaining my role in the process because then no explanation of my role would have been necessary at that time.

3

18. It was made clear to K&S that I had no role in the allocation of funds by the FCC other

than to observe the process.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2019.

The Honorable Daniel J. Stack, Retired
1529 Anton Drive
Columbia, IL 62236
618-792-8604

4