**DENIED and SO ORDERED.**
**ENTER: 03/14/19**

*/s/ Joseph R. Goodwin*
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR ) <br> SYSTEM PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) | MDL NO. 2327 |

**UNOPPOSED MOTION FOR QUALIFIED PROTECTIVE ORDER CONCERNING
PRODUCTION OF CERTAIN INFORMATION MAINTAINED
BY GOVERNMENT THIRD-PARTY PAYORS**

Johnson Law Group (referred to herein as "Plaintiffs' Counsel"), as counsel for certain plaintiffs in this MDL 2327, file this Unopposed Motion for entry of a Qualified Protective Order Concerning the Production of Certain Information Maintained by Third Party Payors, as set forth in the proposed order attached hereto as Exhibit A.

Plaintiffs' Counsel and Defendant Ethicon, Inc. and other related companies ("Ethicon") have entered into a Confidential Master Settlement Agreement (the "MSA") to resolve the claims related to the implantation of Ethicon's Pelvic Repair Products as defined in the MSA. Pursuant to the MSA, Plaintiffs' Counsel has retained Archer Systems, LLC as Lien Administrator ("Administrator"). Under the provisions of the MSA, the Administrator is responsible for identifying and resolving all liens that have been or may be asserted by Federal Medicare (part A and Part B), each State and/or Territory Medicaid Agency, the U.S. Department of Veterans' Affairs, the U.S. Department of Defense, TRICARE, and Indian Health Services (collectively

"Governmental Third-Party Payors") asserted against settlement payments, which are related to the implantation of any of Ethicon's Pelvic Repair Products as defined in the MSA.

Plaintiffs' Counsel and the Administrator believe that receipt of certain health information maintained by Governmental Third-Party Payors is necessary for the Administrator to resolve the liens. The information required by the Administrator contains protected health information and individually identifiable health information, some of which may be protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC §1320d *et seq*.) and the regulations promulgated thereunder (45 CFR §§ 160, 164 *et seq*.) ("HIPAA").

The attached proposed order will allow Governmental Third-Party Payors to transmit protected health information of the MSA claimants directly to the Administrator to assist in the resolution of asserted liens. Governmental Third-Party Payors producing HIPAA-protected information pursuant to this Order would be deemed to fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and similar provisions of State law, if any. The proposed order also provides for destruction of any protected health information produced by Governmental Third-Party Payors to the Administrator at the conclusion of the administration of the JLG-Ethicon Qualified Settlement Fund approved by this Court on February 28, 2019.

## CONCLUSION

Plaintiffs' Counsel believe that such a Qualified Protective Order is necessary to facilitate the resolution of Governmental Third-Party Payors liens and, therefore, respectfully requests that the Court enter the proposed Order attached hereto as Exhibit A.

This 7th day of March, 2019.

        Respectfully Submitted,

        */s/ Basil E. Adham*
        Basil E. Adham
        Johnson Law Group
        2925 Richmond Avenue, Suite 1700
        Houston, Texas  77098
        Phone: (713) 600-8932
        badham@johnsonlawgroup.com

        Counsel for the Plaintiffs