IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

THIS DOCUMENT RELATES TO ALL CASES

**KLINE & SPECTER, P.C.'S OBJECTION TO ORDER SCHEDULING OBJECTIONS IN RELATION TO THE COURT'S EX PARTE, *IN CAMERA* REVIEW**

Pursuant to the Federal Rules of Civil Procedure, Kline & Specter, P.C. ("Kline & Specter") hereby objects to Pretrial Order # 332, Order Scheduling Objections Pursuant to Fee and

1

Cost Protocol, in relation to this Court's ex parte, *in camera* review of materials related to participating firms common benefit allocation.[1]

## I. BACKGROUND

In PTO # 332, this Court ordered the following:

> In light of the numerous complicated questions of law regarding privilege, privacy, and other matters, and in an effort to avoid encumbering the court's docket with the voluminous record comprised of tens of thousands of pages of documents, the FCC is to deliver the following materials to the court for its inspection and consideration, *in camera*
>
> a. Attorney biographies provided by Participating Counsel;
>
> b. The original time submission made by each Participating Counsel to the Court appointed CPA;
>
> c. The self-audited time submission made by each Participating Counsel to the Court appointed CPA;
>
> d. The affidavit provided by each Participating Counsel accompanying its self-audited time;
>
> e. The letter to each Participating Counsel reflecting the FCC's initial review of time submissions including Exhibits identifying time found not compensable by the FCC at that time;
>
> f. The materials provided by Participating Counsels in response to the FCC's initial review including affidavits provided by Participating Counsels;
>
> g. The expense submissions provided by each Participating Counsel, where applicable;
>
> h. The letter to each Participating Counsel reflecting FCC's revised time and expense review after the FCC's consideration of the materials received from Participating Counsel including the Exhibits detailing individual line

---

[1] This Order was cross-filed identically in all 7 Pelvic Mesh MDLS as follows: PTO # 301, In re. C.R. Bard MDL No. 2187; PTO # 205, In re. Boston Scientific MDL No. 2326; PTO #152, In re. Coloplast MDL No. 2387; PTO # 277, In re. American Medical Systems MDL No. 2325; PTO #332, In re. Ethicon MDL No. 2327; PTO # 87, In re. Cook MDL No. 2440; PTO # 40, In re. Neomedic MDL 2511.

|   |   |   |
|---|---|---|
|   |   | items of time and expense not accepted by the FCC at that time; |
|   | i. | The transcripts of the in-person meetings conducted among the FCC, the External Review Specialist and those firms seeking an in-person opportunity to be heard by the FCC; |
|   | j. | The FCC's Preliminary Written Recommendation delivered to each firm, the two Exhibits attached thereto, and any objections made thereto; and |
|   | k. | The FCC's Final Written Recommendation including all exhibits, and any objections made thereto. |

See PTO # 332 at pp. 2-3.

## II. LEGAL ARGUMENT

Litigants have a due process right to access court filings including filings relating to attorneys' fees. As a result, courts have found that a district court's use of *ex parte, in camera* submissions to support an attorney fee order violates due process rights. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536 (9th Cir. 2016) (holding that the district court's use of ex parte, *in camera* submissions to support its fee order violated defendants' due process rights); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir. 1993) (same); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (same).

In *Yamada*, a trial court determined attorneys' fees based on an ex parte, *in camera* review of the plaintiffs' attorneys' billing records. The Ninth Circuit ruled that the due process clause requires that the court must allow the opposing party access to the materials relied upon by the court— "appropriately redacted to remove privileged information, so they can inspect them and present whatever objections they might have concerning the fairness and reasonableness of Plaintiffs' fee request." *Id.* at 546. The Court explained that "judicial efficiency" may not eclipse a party's fundamental right to inspect and challenge the documents. *Id.* at 545.

3

The Court ordered the issue back to district court, where the opposing party was able to see redacted versions of the records. In doing so, the Court stated:

> [W]hen a judge constructs a process for setting fees, the process must contain at least the procedural minima that the Due Process Clause requires." *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 614 (1st Cir.1992). Here, the Due Process Clause requires that opposing counsel have access to the timesheets relied on to support the fee order. The district court abused its discretion by denying Defendants such access.
>
> On remand, the district court must allow Defendants access to the timesheets, appropriately redacted to remove privileged information, so they can inspect them and present whatever objections they might have concerning the fairness and reasonableness of Plaintiffs' fee request. Plaintiffs must then be allowed to respond to Defendants' objections and Defendants must be granted an opportunity to reply. The district court will then decide the appropriate fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Id.* at 544-546.

*Yamada* involved a defendant's interest in access to time records of plaintiffs' counsel. The Court recognized the potential of privileged information on time sheets as between the defendants and the plaintiffs. Yet the Court still ordered production of the time records, redacted only to remove the privileged information. Here, the facts are far easier because no defendant is seeking attorney fee records and no privilege exists as among co-plaintiffs' counsel who are on the same side substantively in this litigation. This Court can and should order that information found by this Court to be privileged should not be disclosed to the defendants.

Other courts have strongly discouraged the examination by a court of material on an ex parte basis. *See RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir.2007); *see also, Abourezk v. Reagan,* 785 F.2d 1043, 1060-1061 (D.C. Cir. 1986) aff'd mem., 56 U.S.L.W. 4001 (U.S. Oct. 19, 1987) (3-3 decision with Blackmun, J., and Scalia, J., not participating); *see also, PHE, Inc. v. Department of Justice,* 983 F.2d 248, 252 (D.C. Cir. 1993); *see also In re*

*Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir.1981). These cases underscore that this Court need not and should not use an *ex parte* process to review materials identified in PTO #332.

This Court also should be concerned about public confidence, both as to how the injured women have been treated and as to how attorneys have been treating each other. *See* Mathew Goldstein, "*As Pelvic Mesh Settlements Near $8 Billion, Women Question Lawyers' Fees*", New York Times, Feb. 1, 2019. https://www.nytimes.com/2019/02/01/business/pelvic-mesh-settlements-lawyers.html. The importance of preserving and enhancing public confidence in judicial proceedings further militates in favor of revising the Court's approach to the materials being considered.

The Court is certainly right in requiring production of the materials listed above. Review of these materials is essential to determine the appropriate fees for objectors and non-objectors alike. But transparency is necessary for all parties to determine the correctness of the fees recommended and awarded to the objecting and non-objecting attorneys. This is why Kline & Specter has asked for these materials by way of multiple discovery requests.

This is also why former Judge Stack's approach to the fee recommendations was insufficient. His final recommendations do not reflect that he considered these materials, especially the time records. Former Judge Stack also failed to employ a lodestar cross-check, lodestar cross-check, which is customarily used and has been found to be appropriate in these circumstances. *See, In re Royal Ahold NV Securities & ERISA Litigation*, 461 F.Supp.2d 383, 385 (D.Md.2006); *see also, Jones v. Dominion Resources Services,* 601 F.Supp.2d (S.D.W.V.2009); *In Re The Mills Corporation Securities Litigation,* 265 F.R.D. 246, (E.D. Va. 2009).

\Former Judge Stack also apparently recommended an award of money for attorney time and work that was not performed for the common benefit. By way of example, former Judge Stack

recommended awarding common benefit fees for settlement negotiations in individual cases. *See* Recommended Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs by the Court Appointed External Review Specialist, dated March 11, 2019, at p. 9. Time spent negotiating individual settlement for individual firm clients are by definition not for the common benefit. The Court should not recognize such time. That time can only be excluded by the Court on examination of the time sheets.

The Court should not review the materials enumerated in PTO #332 on an *ex parte, in camera* basis. This is especially true where there has been no showing of privilege or privacy—not even briefing or argument in this regard. Tellingly, counsel produced these materials to the FCC and former Judge State without asserting any privilege. This failure to assert privilege then underscores that nothing improper will result now from other counsel having access to the material being provided to the Court.

If an attorney alleges that a portion of these materials is privileged, they should be required to create a privilege log, provide it to all counsel, and there should be an opportunity for briefing and argument to determine if, in fact, these materials are privileged. Only after that process is complete, should the Court determine if privilege exists, preventing the filing of that portion of the document on the public docket.

In any event, no privilege could exist as among plaintiffs' counsel working for the common benefit, just as none has been asserted or recognized in the fee process to date in relation to submissions by all plaintiffs' counsel to the FCC. Any materials found by the Court to be privileged from public disclosure must still be produced to all plaintiffs' counsel with an appropriate protective order in place.[2]

---

[2] The issue of burdening the docket, referenced in the preference to PTO # 332, is insubstantial as the documents may be filed electronically.

Kline & Specter requests that the Court order production of all PTO # 332 documents, to all plaintiffs' counsel, so as to permit informed presentation of legal arguments concerning the fairness and reasonableness of the fee requests. To the extent any document is found by the Court to be privileged from public disclosure, after identification, briefing and argument, it should still be produced to plaintiffs' counsel under an order that no information found by the Court to be privileged shall be publicly disclosed.

Dated: March 18, 2019                                  Respectfully submitted,


KLINE & SPECTER, PC

Shanin Specter, Esquire
Lee B. Balefsky, Esquire
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
*Counsel for Plaintiffs*

BOWLES RICE, LLP

By:  /s/ Floyd E. Boone Jr.
Charles M. Love, III (WVSB 2254)
Floyd E. Boone Jr. (WVSB 8784)
600 Quarrier Street
Charleston, WV 25301
(304) 347-1100 (Tel.)
(304) 347-1746 (Fax)
fboone@bowlesrice.com
*Counsel for Kline & Specter, P.C.*