IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

IN RE:  ETHICON, INC.
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                  MDL 2327

THIS DOCUMENT RELATES TO CASES IDENTIFIED
ON THE ATTACHED EXHIBIT A:

**ORDER**
(Dismissing the "Ethicon Defendants" with Prejudice
and Transferring Cases to MDL 2387)

Pending in each of the individual civil actions listed on Exhibit A (attached hereto) is

Defendants' Motion to Dismiss with Prejudice filed by the Ethicon defendants as identified in the

motions (collectively the "Ethicon defendants") pursuant to the procedures established by Pretrial

Order ("PTO") # 302 or PTO # 329. *See* PTO ##s 302 and 329, *In re: Ethicon, Inc., Pelvic Repair*

*Sys. Prods. Liab. Litig.*, 2:12-md-2327 ("Ethicon MDL 2327") [ECF Nos. 6020 or 7576].

The Ethicon defendants have complied with the procedures set forth in PTO # 302 and/or

PTO # 329, and the plaintiffs have not filed an opposition. It appearing to the court that the

plaintiffs and the Ethicon defendants have jointly agreed to settle, and have settled their claims,

the dismissal of the Ethicon defendants in each case identified on Exhibit A is appropriate.

Additionally, the court notes that dismissing the Ethicon defendants from these cases should leave

no active defendants from MDL 2327.

For any case on Exhibit A that was subject to the Pretrial Order (Docket Control Order)

entered on January 30, 2018, as amended on June 13, 2018 (hereinafter collectively referred to as

the "Omnibus PTO") and is being transferred by this order to C. R. Bard, Inc. MDL 2187, American Medical Systems, Inc. MDL 2325, Boston Scientific Corporation MDL 2326 or Ethicon, Inc. MDL 2327, the court will no longer direct the Clerk to file in each individual case, the Omnibus PTO that corresponds to the MDL in which the case is being transferred.[1]  All deadlines in the Omnibus PTO were the same across the MDLs cited above and all deadlines have since passed. Thus, the court finds it unnecessary to docket the corresponding Omnibus PTO for the MDL to which the case is being transferred. Any provisions of the Omnibus PTO continue to apply.

The court **ORDERS** that:

1.  the Motion to Dismiss with Prejudice is **GRANTED**; and

2.  the Ethicon defendants are **DISMISSED WITH PREJUDICE** from the actions listed on the attached Exhibit A;

3.  if there are no remaining defendants in a civil action, then (a) that civil action is dismissed and stricken from the docket and (b) any pending motions are **DENIED** as moot; and,

4.  if other defendants remain in a civil action, then those actions are **TRANSFERRED** to MDL 2387.

The court **DIRECTS** the Clerk to:

(1)  dismiss the Ethicon defendants from the individual civil action(s) with prejudice;

(2)  if no other defendants remain in an individual action, then (a) strike the action from the docket, and (b) close the case;

---

[1] The Docket Control Orders entered in MDL 2187 – Wave 7, MDL 2325 – Wave 3, MDL 2326 – Wave 4 and MDL 2327 – Wave 8, on January 30, 2018 (as amended on June 13, 2018), set identical discovery dates, and pretrial motion dates. The Docket Control Orders were identical except for the necessary changes to make it applicable to each MDL.

(3) if there are remaining defendants in an individual action, then (a) transfer the case to the MDL 2387, (b) disassociate the case from MDL 2327 and associate the case with MDL 2387, and (c) if the case has a Wave flag set from the Omnibus Order, then change the Wave flag to the appropriate Wave flag, if necessary;

(4) file a copy of this Order in MDL 2327 and in each individual case on the attached Exhibit A; and

(5) send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 22, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

**Exhibit A**

|  | Civil Action No. | Case Style | ECF No. |
|---|---|---|---|
| 1 | 2:13-cv-12293 | Martin, Carrie B. v. Ethicon, Inc., et al | 22 |
| 2 | 2:13-cv-16718 | Saloom, Deborah & B. George v. Ethicon, Inc., et al | 19 |
| 3 | 2:13-cv-18747 | Degasperi, Melissa & Jeffrey v. Ethicon, Inc., et al | 19 |
| 4 | 2:13-cv-19360 | Duke, Tracy v. Ethicon, Inc., et al | 17 |
| 5 | 2:13-cv-23394 | Bassett, Karen & Richard v. Ethicon, Inc., et al | 17 |
| 6 | 2:13-cv-25082 | Carreon, Luz & Raul Ramirez v. Ethicon, Inc., et al | 14 |
| 7 | 2:14-cv-06252 | Gabriel, Diana & Douglas v. Ethicon, Inc., et al | 27 |
| 8 | 2:14-cv-13840 | Mercer, Brenda v. Ethicon, Inc., et al | 11 |
| 9 | 2:14-cv-14242 | Paraza, Darliene v. Ethicon, Inc., et al | 26 |
| 10 | 2:14-cv-15121 | Carollo, Priscilla & Dennis v. Ethicon, Inc., et al | 10 |
| 11 | 2:14-cv-15155 | Rector, Kimberly & David v. Ethicon, Inc., et al | 14 |
| 12 | 2:14-cv-23772 | Rafferty, Kathleen Ann & Craig E. v. Ethicon, Inc., et al | 18 |
| 13 | 2:15-cv-08244 | Eddy, Pamela v. Ethicon, Inc., et al | 15 |
| 14 | 2:16-cv-01823 | Nunley, Mary & Louis v. Ethicon, Inc., et al | 13 |