# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

THIS DOCUMENT RELATES TO ALL CASES

**DECLARATION OF SHANIN SPECTER IN CONNECTION WITH KLINE & SPECTER'S OBJECTION TO THE RECOMMENDED ALLOCATION OF COMMON BENEFIT FEES AND THE REIMBURSEMENT OF SHARED EXPENSES AND HELD COSTS BY THE <u>COURT APPOINTED EXTERNAL REVIEW SPECIALIST</u>**

I, Shanin Specter, aver:

1. I am a founding partner of Kline & Specter, P.C. ("Kline & Specter").

2. This Declaration is based upon personal knowledge and is made subject to penalties of law for false statements.

3. On January 3, 2019, I, along with Kline & Specter partner Lee Balefsky, participated in a teleconference with former judge Daniel J. Stack regarding the Pelvic Mesh Fee and Cost Committee's recommended common benefit allocation for Kline & Specter.

4. During the January 3, 2019 meeting, Former Judge Stack said:

    a. Former Judge Stack attended some but not all of the FCC meetings regarding the recommendations.

    b. Former Judge Stack signed the preliminary recommendations by the FCC.

    c. Former Judge Stack stated that he "probably should not have" signed the recommendations.

    d. Former Judge Stack stated that he has "no opinion on the appropriateness of the fees," however he gave his input and participated in the FCC deliberations.

    e. Former Judge Stack stated that he "didn't feel comfortable signing" the FCC preliminary recommendations.

    f. Former Judge Stack stated that he didn't think Kline & Specter had any cases filed in the TVM MDL's. This is incorrect.

    g. Former Judge Stack said that Kline & Specter's common benefit fee should be more than the $3.7 million awarded by the FCC.

h. Former Judge Stack said that he would contact Kline & Specter before he made his final recommendation. He did not do so.

_____      3/20/19
Shanin Specter                                 Date
Kline & Specter, P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

THIS DOCUMENT RELATES TO ALL CASES

**AFFIDAVIT OF LEE BALEFSKY IN CONNECTION WITH KLINE & SPECTER'S OBJECTION TO THE RECOMMENDED ALLOCATION OF COMMON BENEFIT FEES AND THE REIMBURSEMENT OF SHARED EXPENSES AND HELD COSTS BY THE COURT APPOINTED <u>EXTERNAL REVIEW SPECIALIST</u>**

I, Lee Balefsky, aver:

1. I am a partner with the law firm of Kline & Specter, P.C. ("Kline & Specter").

1

2. This Affidavit is based upon personal knowledge.

3. On January 3, 2019, I, along with Kline & Specter founding Partner Shanin Specter, participated in a teleconference with former judge Daniel J. Stack regarding the Pelvic Mesh Fee and Cost Committee's recommended common benefit allocation for Kline & Specter.

4. During the January 3, 2019 meeting, Former Judge Stack said the following:

    a. Former Judge Stack attended some but not all of the FCC meetings regarding the recommendations.

    b. Former Judge Stack signed the preliminary recommendations by the FCC.

    c. Former Judge Stack stated that he "probably should not have" signed the recommendations.

    d. Former Judge Stack stated that he has "no opinion on the appropriateness of the fees", however he gave his input and participated in the FCC deliberations.

    e. Former Judge Stack stated that he "didn't feel comfortable signing" the FCC preliminary recommendations.

    f. Former Judge Stack stated that he didn't think Kline & Specter had any cases filed in the TVM MDL's. This is incorrect.

    g. Former Judge Stack said that Kline & Specter's common benefit fee should be more than the $3.7 million awarded by the FCC.

h. Former Judge Stack said that he would contact Kline & Specter before he made his final recommendation. He did not do so.

_____       _3/22/19_____
Lee Balefsky                                                     Date
Kline & Specter, P.C.

Sworn and subscribed before me
this 22nd day of March 2019.

_Danielle Serad_____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DANIELLE SERAD, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 2, 2020

3