# EXHIBIT I

**Serad, Danielle**

| | |
|---|---|
| **From:** | Tom P. Cartmell <tcartmell@wcllp.com> |
| **Sent:** | Sunday, February 17, 2013 3:26 PM |
| **To:** | Balefsky, Lee |
| **Cc:** | Bryan Aylstock; Cameron, Roger |
| **Subject:** | Re: Depositions in Ethicon MDL - Team Meeting Notice |

Ya. That is fine. We aren't worried about you guys! You two can be a package deal.

Tom Cartmell

On Feb 17, 2013, at 1:07 PM, "Balefsky, Lee" <Lee.Balefsky@KlineSpecter.com<mailto:Lee.Balefsky@KlineSpecter.com>> wrote:

Tom, we will certainly participate. Bryan has already assigned us a deposition that Roger will cover. I trust there is no problem with this ,as Roger is intimately familiar with the Ethicon documents and story...one of us will attend the meeting. Thanks, Lee



On Feb 16, 2013, at 3:02 PM, "Tom P. Cartmell" <tcartmell@wcllp.com<mailto:tcartmell@wcllp.com>> wrote:

All:

We have talked to all of you about taking depositions in the Ethicon MDL. I am writing because we have now requested nearly 50 depositions of Ethicon/J&J employees, and we are starting to get dates for these depositions. The depositions will likely start in mid march and should be scheduled regularly thereafter throughout the Spring and Summer. As you know, we have a trial date in January of next year, so we have lots of work to get done in a relatively short period of time. We are planning to schedule a meeting for those on this email (and not your entourages) on March 14th and 15th. We will let you know where the meeting will be shortly.

The majority of the depositions we will be taking will be focused on the TVT products (the slings). This is true for a few reasons. First, as most of you know, the depositions taken in New Jersey focused on the POP products and, for the most part, have been very good depositions. Second, Judge Goodwin has signaled that the first bell weather trial in the MDL will be a sling case and, thus, we need to be prepared. Having said that, there are some POP depositions that still need to be taken and, further, we are planning to supplement some of the POP depositions that were taken early- before custodial productions were complete. Therefore, our plan is to have sort of a dual track of depositions going at the same time. I have not included Adam Slater, the lawyer who was lead counsel in the Gross trial in NJ, on this email, but we definitely

1

plan to have all of these depositions cross noticed in New Jersey (which will be helpful for many reasons including the lack of an hour limitation in NJ) and plan to work closely with Adam and New Jersey as we proceed. In fact, some people on this email will likely be serving as NJ counsel during some of the depositions.

We have tried to ask for the depositions in a strategic manner. Specifically, the first several depositions will be our 30 (b)(6) depositions on ESI, corporate structure, design and development topics, regulatory topics, marketing topics and clinical topics. Thereafter, we plan to complete the depositions of the key Ethicon/J&J people in each of these areas, starting with some of the lower level people. We will see if we can stick with strategy, but it might become difficult given the witness' schedules and the sheer number of depositions we need to complete.

As we have been working to figure out who the key witnesses are for each product, it has become clear that the amount of information that will need to be covered in these TVT depositions and the length of these depositions is likely going to be an issue. This is true because there are seven TVT products and most of the witnesses worked on many, if not all, of the products. Covering all seven products during the 30 (b)(6) depositions also seems like a daunting task. Because of this and because we have so little time to get ready for the first group of bell weather trials, we've asked defendants' counsel to agree to limit discovery at this point to TVT, TVT-O, and TVT-s. We think these three products make up about 90% of the sling cases. Defendants' counsel will likely refuse our offer. If they do, we will ask Judge Stanley for a ruling that limits discovery.

This email is already too long, but we want you to know a few more things before the meeting. First, our recent experience with the NJ Prolift trial has taught us a lot, including the importance of these depositions. The fact is that we likely will only be able to get a few, if any, of the defendants' employees to appear live at trial in the MDL. Because of this, we need to make sure that we have very good video cuts to play at trial. We need to spend substantial time as a group talking about how these depositions should be handled so that we are all on the same page. Second, we want to reiterate that this is a private party. You are all on this list for a reason and we don't intend to allow others to take depositions unless the co-leasds agree. Consequently, we need each of you to commit to the work and to being prepared, and don't plan to send your partners or buddies. We will create depo teams from this group, keeping in mind people's strengths and experience thus far in the mesh case and in general.

I've attached the final version of the Deposition Protocol for your review before we meet. It is not ideal, but the best we could do given defendants' somewhat sympathetic argument in opposition to producing previously deposed witnesses again in the MDL.

Let us know if you can attend the meeting. Thanks.

Thomas P. Cartmell
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com<mailto:tcartmell@wcllp.com>
http://www.wagstaffcartmell.com

<Ethicon Deposition Protocol.docx>