# EXHIBIT O

## KLINE & SPECTER PC

ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

LEE B. BALEFSKY

LEE.BALEFSKY@KLINESPECTER.COM

215-772-0420
800-597-9585
FAX: 215-735-0960

*February 22, 2018*

## *DRAFT*

*Henry Garrard, Esquire*
*Blasingame Burch Garrard & Ashley, P.C.*
*440 College Avenue, Suite 320*
*Athens, GA 30601*

> RE:  *Transvaginal Mesh MDL Common Benefit Fee and Cost Committee Initial*
> *Review of Fee Submission*

Dear Mr. Garrard:

Kline and Specter, P.C. is in receipt of the Fee Committee's letter of February 16, 2018 and accompanying exhibits.

The FCC proposes to disallow 27,607.24 of the 32,270.19 hours (approximately 85%) Kline & Specter submitted in its common benefit time and expense submission.

This firm reiterates the appropriateness of the hours and expenses submitted. All of the hours and expenses submitted by Kline and Specter are accurate and qualify as common benefit time and expense.

There are 5,488 entries that the FCC proposed to disallow from our submission. The FCC has provided blanket, non-specific disallowances of this firm's time, making a specific response to each fee entry impossible. This is fundamentally unfair. It's a basic tenet of justice that a party receive notice of the nature of a claim or defense. The lack of specificity of the reason for proposed disallowance prevents us from meaningfully responding.

We request that the FCC produce the specific reason(s) for each of the proposed disallowed entries so that Kline and Specter can respond in an informed, appropriate, and meaningful manner. We further request production of each fee and expense request of each firm; the FCC's response to each request; disclosure of the amount of money received pursuant to the 5% assessments along with a per firm itemization of these payments; all documents and emails relating to any fee sharing agreements between or among the members of the FCC; all communications among FCC members and all documents relating to FCC consideration of the fee and expense reports.

Henry Garrard, Esquire
February 22, 2018
Page 2

We also request that the FCC agree to extend the time limit for our responsive filing and the Affidavit that will accompany it until 30 days after the above documents are produced.

Please advise within five days whether you will voluntarily produce the requested documents and, if so, when we may expect to receive the requested documents.

Thank you for your prompt attention to this matter.

Very truly yours,


*LEE B. BALEFSKY*

*LBB/ds*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| ---------------------------------------------------------- | |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| ---------------------------------------------------------- | |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| ---------------------------------------------------------- | |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| ---------------------------------------------------------- | |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| ---------------------------------------------------------- | |
| THIS DOCUMENT RELATES TO ALL CASES | |

**KLINE & SPECTER, P.C.'S COMBINED FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES DIRECTED TO THE FEE AND COST COMMITTEE (FCC) IN CONNECTION WITH THE REQUEST FOR ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD**

Pursuant to the Federal Rules of Civil Procedure, Kline & Specter, P.C., serves this Combined First Requests for Production of Documents, Things, and Interrogatories on the Transvaginal Mesh MDL Common Benefit Fee and Cost Committee ("FCC") in connection with the Request for Allocation of Aggregate Common Benefit and Costs Award.

## DEFINTIONS AND INSTRUCTIONS

The following Definitions and Instructions shall apply to the Requests for Production of Documents and Interrogatories:

1.       These Requests and Interrogates are intended to ascertain information not only in the possession of the FCC individually, but also contained in records and documents in the FCC's custody or control or available to the FCC.

2.       The Requests and Interrogatories which cannot be responded to in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incomplete response.

4.       "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; however produced or reproduced.

5.       "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise. Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

6.     "Firm" and "fee requesting firm" means any law firm involved in the Pelvic Mesh Litigation that has submitted time and expense submissions pursuant to the Court's Pre-Trial Orders in connection with the Aggregate Common Benefit and Costs Award.

7.     "Affidavit" means the affidavits submitted by each fee requesting firm to the FCC following the February 16, 2018 letter from the FCC regarding the FCC's initial review submitted fees and costs.  (The FCC and the Fee Committee protocol required that any appeals to the fee determinations made by the FCC were to be accompanied by an affidavit are to be completed and submitted within thirty (30) days of receipt of the FCC's February 16, 2018 letter.)

## INTERROGATORIES

**INTERROGATORY NO. 1:**  With respect to each disallowance of the fees, time, and costs submissions by Kline & Specter following Kline & Specter's Affidavit provided to the FCC in connection with the allocation of cost awards and in compliance with the Fee Committee Protocol, please provide the full and complete reason for each disallowance.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**  Documents disclosing the current amount of money received pursuant to the 5% assessments along with per firm itemizations of these payments.

**REQUEST NO. 2:**  Production of each amended fee and expense request of each fee requesting firm following the initial submission of each firm's Affidavit provided to the FCC in connection with the allocation of cost awards and in compliance with the Fee Committee Protocol.

**REQUEST NO. 3:**  Any and all documents and communications relating to the FCC's response to each amended request referenced in Request No. 2 above.

**REQUEST NO. 4:**  Any and all communications, documents and emails relating to each firm's Affidavit provided to the FCC in connection with the allocation of cost awards and in compliance with the Fee Committee Protocol, including the submitted Affidavits of each firm.

**REQUEST NO. 5:**  All communications among FCC members and all documents relating to FCC consideration of each fee requesting firm's Affidavit referenced in Request No. 4 above.

**REQUEST NO. 6:**  All communications between the FCC and fee requesting firms in reference to the above five (5) Requests.

Respectfully submitted,

By:   _____
Charles M. Love, III, Esquire
Floyd Boon, Esquire
**Bowles Rice, LLP**
**101 S. Queen St,**
**Martinsburg, WV 25401**
*Counsel for Kline & Specter, P.C.*

**KLINE & SPECTER, PC**

____\s\_ Lee B. Balefsky_____
Shanin Specter, Esquire
Lee B. Balefsky, Esquire
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
*Counsel for Plaintiffs*

Dated:  May 25, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: C.R. BARD, INC., PELVIC                          MDL NO. 2187
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------

IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC           MDL NO. 2325
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------

IN RE: BOSTON SCIENTIFIC, PELVIC                        MDL NO. 2326
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------
IN RE: ETHICON, INC., PELVIC                            MDL NO. 2327
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------
IN RE: COLOPLAST PELVIC                                 MDL NO. 2387
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------
THIS DOCUMENT RELATES TO ALL CASES

**OBJECTORS' COMBINED THIRD REQUESTS FOR PRODUCTION
OF DOCUMENTS AND INTERROGATORIES DIRECTED TO THE FEE AND COST
COMMITTEE (FCC) IN CONNECTION WITH THE REQUEST FOR ALLOCATION
OF AGGREGATE COMMON BENEFIT AND COSTS AWARD**

2

Pursuant to the Federal Rules of Civil Procedure, Objectors serve this Combined Third Requests for Production of Documents, Things, and Interrogatories on the Transvaginal Mesh MDL Common Benefit Fee and Cost Committee ("FCC") in connection with the September 13, 2018 Transvaginal Mesh MDL Common Benefit Fee and Cost Committee Preliminary Written Recommendations.

## DEFINTIONS AND INSTRUCTIONS

The following Definitions and Instructions shall apply to the Requests for Production of Documents and Interrogatories:

1.      The term "FCC" includes within its scope the FCC and each member of the FCC.

2.      These Requests and Interrogatories are intended to ascertain information not only in the possession of the FCC individually, but also contained in records and documents in the FCC's custody or control or available to the FCC.

3.      The Requests and Interrogatories which cannot be responded to in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incomplete response.

4.      "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; however produced or reproduced.

5.      "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise. Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

6.      "Firm" and "fee requesting firm" means any law firm involved in the Pelvic Mesh Litigation that has submitted time and expense submissions pursuant to the Court's Pre-Trial Orders in connection with the Aggregate Common Benefit and Costs Award.

7.      "Affidavit" means the affidavits or sworn declarations submitted by each fee requesting firm to the FCC following the February 16, 2018 letter from the FCC regarding the FCC's initial review submitted fees and costs.  (The FCC and the Fee Committee protocol required that any appeals to the fee determinations made by the FCC were to be accompanied by an affidavit are to be completed and submitted within thirty (30) days of receipt of the FCC's February 16, 2018 letter.)

## INTERROGATORIES

**INTERROGATORY NO. 1:**  With respect to each fee requesting firm's time, fee and costs submissions in connection with the allocation of fee and cost awards, please provide the full and complete reason for each entry considered compensable as for the common benefit and explain in detail the methodology employed for each allowance, the factual basis for each allowance,

and the person(s) participating in determining each allowance.

**ANSWER:**

**INTERROGATORY NO. 2**: With respect to each and every fee requesting firm whose fee

entry requests were denied, explain in detail the methodology employed for each denial, the

factual basis for each denial, and the person(s) participating in determining each denial.

**ANSWER:**

**INTERROGATORY NO. 3:**  Please provide the specific hourly and lodestar rates awarded to

each fee requesting firm and provide the specific reasons for the discrepancies in firm hourly and

lodestar rates including the methodology used to determine each firm's hourly and lodestar rate.

*See* List of Fee Awards for Fee Submitting firms, (attached "*Exhibit B*" from Transvaginal Mesh

MDL Common Benefit Fee and Cost Committee Preliminary Written Recommendation, attached

hereto as Exhibit "A.")

**ANSWER:**

**INTERROGATORY NO. 4:**  For each fee requesting firm, please explain the methodology and

criteria used to prepare the summary of each firm's work, attached as "*Exhibit A*" to Transvaginal

Mesh MDL Common Benefit Fee and Cost Committee Preliminary Written Recommendation,

attached hereto as Exhibit "B."  Please identify the person(s) participating in the drafting of each summary.

**ANSWER:**

**INTERROGATORY NO. 5**: Please explain the specific methodology used to calculate each fee requesting firms' common benefit allocation, hourly rates, and lodestar, and please explain the criteria methodology used to calculate the fee allocation.

**ANSWER:**

**INTERROGOTORY NO. 6**: Please explain the criteria and methodology used to calculate the compensable state court time, identify which of the state court trials were compensated for common benefit time, identify the participating firms in each trial, and identify how many hours were considered for the common benefit for each trial.

**ANSWER:**

**INTERROGOTORY NO. 7**: Please explain the criteria and methodology used to calculate the compensable MDL court trial time, identify which of the MDL trials were compensated for common benefit time, identify the participating firms in each trial, and identify how many hours were considered for the common benefit for each MDL trial.

**ANSWER:**

**INTERROGATORY NO. 8**: Explain if a Point System Guide was used to award fee allocations and explain the methodology and criteria provided for in the Guide.

**ANSWER:**

**INTERROGATORY NO. 9:** State whether any member of the FCC at any time analyzed the considerations outlined by *Johnson v. Georgia Highway Express, Inc.* in calculating the fees it proposed to allocate to any fee requesting firm; and if so, identify each and every person conducting such analysis and state when each such calculation was performed.

**ANSWER:**

**INTERROGARORY NO. 10:** Please provide any information and documents regarding any financial arrangements between and among the FCC member firms, or affiliated firms - in the mesh MDL and other litigation

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**   Identify and produce copies of all documents or work papers used to

7

calculate the lodestar of common benefit hours, including the actual lodestars of each fee requesting firm and each member of each firm's staff. The term "work papers" includes: 1) any physical documents or electronically stored information, such as data produced by claimants in support of the hours expended and the claimed rates, together with any multiplier arguably applicable to those hours; and 2) any analysis, reworking, reconfiguration, or reorganization related to such data, or supporting any alternate theory of common benefit work, entered in any digital database or any other spreadsheet, including but not limited to any analysis or consideration of hours, rates, or costs.

**REQUEST NO. 2**: Identify and produce each and every document received from any fee requesting firm in response to any recommended allocation of common benefit fees, including acceptances, objections, or other replies.

**REQUEST NO. 3**: Please provide copies of any records related to the determination of the specific fee allocation hourly award rates for each fee summitting firm, including all records related to the methodology and criteria used to determine each firm's hourly award rates.

**REQUEST NO. 4**: For each fee requesting firm, identify and produce copies of the summaries of each firm's work, attached as "*Exhibit A*" to Transvaginal Mesh MDL Common Benefit Fee and Cost Committee Preliminary Written Recommendation, attached hereto as Exhibit "B."

**REQUEST NO. 5**: Identify and produce each and every document reflecting, recording, or otherwise defining the contents of each and every fund available for the payment of common

benefit attorneys' fees. This request includes but is not limited to a complete accounting of all moneys deposited into any fund from which attorneys' fees for common benefit work might be paid.

**REQUEST NO. 6:** Identify and produce copies of all documents disclosing the current amount of money received pursuant to the 5% assessments along with per firm itemizations of these payments.

**REQUEST NO. 7:** Identify and produce copies of each amended fee and expense request of each fee requesting firm following the initial submission of each firm's Affidavit provided to the FCC in connection with the allocation of cost awards and in compliance with the Fee Committee Protocol.

**REQUEST NO. 8:** Identify and produce copies of the Affidavits submitted by each fee requesting firm provided to the FCC in connection with the allocation of cost awards.

**REQUEST NO. 9:** Identify and produce any documents related to the criteria and methodology used to calculate the compensable state court time, identify which of the state court trials were compensated for common benefit time and identify how many hours were considered for the common benefit for each trial.

**REQUEST NO. 10:** Identify and produce any documents related to the criteria and methodology used to calculate the compensable MDL court trial time, identify which of the MDL trials were

9

compensated for common benefit time, and identify how many hours were considered for the common benefit for each MDL trial.

**REQUEST NO. 11**: Identify and produce any and all documents reflecting or recording the terms of any and all settlements reached with any Defendant in any Pelvic Mesh related litigation by the PSC, FCC, any of its members, or any participating firm, including third party litigation and settlements of personal injury cases tried against the Pelvic Mesh Defendants, and the amount of attorneys' fees earned.

**REQUEST NO. 12**: If one was used, identify and produce any documents related to the Point System Guide used to award fee allocations and explain the methodology and criteria used in the Guide.

**REQUEST NO. 13**: State whether any member of the FCC consulted with an ethicist as to any action taken, agreement entered into, or recommendation made with respect to the allocation of common benefit attorneys' fees, any agreement made or proposed to or by any claimant, and any disbursement of funds; and if so, identify the ethicist consulted, state the date(s) of each and every consultation, and identify and produce each and every document recording or relating to any opinion offered.

**REQUEST NO. 14**: Please provide any information and identify and provide any documents regarding any financial arrangements between and among the FCC member firms or affiliated firms, including arrangements in the Pelvic Mesh litigation and any and all other litigation

**REQUEST NO. 15:** Please provide the full documentation of the votes of each FCC member related to the allocation of fees.

**REQUEST NO. 16:** Please provide the full list of all non-FCC appointed attorneys who participated in the fee allocation process in any way and define their involvement.

**REQUEST NO. 17**: Please provide the transcripts of all the Fee Requesting Firms' presentations to the FCC.

**REQUEST NO. 18**: Identify each and every person participating in the preparation of each document produced in response to the preceding Requests and to the extent the participants differed in the preparation of each document, please list the participants separately.

**REQUEST NO. 19:** Please provide all communications between the FCC and fee requesting firms in reference to the above Requests.

Respectfully submitted,

**BOWLES RICE, LLP**

By:   /s/ Charles M. Love
Charles M. Love, III (WVSB 2254)
Floyd E. Boone Jr. (WVSB 8784)
600 Quarrier Street
Charleston, WV 25301
(304) 347-1100 (Tel.)
(304) 347-1746 (Fax)
fboone@bowlesrice.com
*Counsel for Kline & Specter, P.C.*

**KLINE & SPECTER, PC**

_____

Shanin Specter, Esquire
Lee B. Balefsky, Esquire
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
*Counsel for Plaintiffs*

**MAZIE SLATER KATZ
& FREEMAN, LLC**

 /s/ Adam S. Slater, Esquire
Adam M. Slater, Esquire
103 Eisenhower Parkway
Roseland, NJ  07068
973-228-9898
*Counsel for Plaintiffs*

**FREESE & GOSS, PLLC**

 /s/ Richard Freese, Esquire
Richard Freese, Esquire
1901 6th Ave North
Suite 3120
Birmingham, AL 35203
*Counsel for Plaintiffs*

12

**PAUL W. FLOWERS CO., LPA**

  /s/ Paul W. Flowers, Esquire
Paul W. Flowers, Esquire
Louis E. Grube, Esquire
50 Public Square, Terminal Tower, Suite 1910
Cleveland, OH 44113
216-344-9393
*Counsel for Anderson Law Offices, LLC*

**LEWIS GLASSER LLC**

  /s/ Webster J. Arceneaux, III
Webster J. Arceneaux, III (State Bar No. 155)
Richard L. Gottlieb (State Bar No. 1447)
Post Office Box 1746
Charleston, WV 25326
Phone: 304-345-2000
*Counsel for Anderson Law Offices, LLC*

**ANDERSON LAW OFFICES, LLC**

  /s/ Benjamin H. Anderson, Esquire
Benjamin H. Anderson, Esquire
17138 Lorain Avenue, Suite 211
Cleveland, OH 44111
Phone: 216-589-0256
*Counsel for Plaintiffs*

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: C.R. BARD, INC., PELVIC                          MDL NO. 2187
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------

IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC           MDL NO. 2325
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------

IN RE: BOSTON SCIENTIFIC, PELVIC                        MDL NO. 2326
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------
IN RE: ETHICON, INC., PELVIC                            MDL NO. 2327
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------
IN RE: COLOPLAST PELVIC                                 MDL NO. 2387
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION
-----------------------------------------------------------
IN RE: COOK MEDICAL, INC, PELVIC REPAIR                 MDL NO. 2440
LIABILITY LITIGATION
-----------------------------------------------------------
IN RE NEOMEDIC PELVIC REPAIR SYSTEM                     MDL NO. 2511
PRODUCT LIABILITY LITIGATION
_____

THIS DOCUMENT RELATES TO ALL CASES

**KLINE & SPECTER'S FOURTH REQUESTS FOR PRODUCTION
OF DOCUMENTS AND INTERROGATORIES DIRECTED TO THE FEE AND COST
COMMITTEE (FCC) IN CONNECTION WITH THE REQUEST FOR
ALLOCATION OF AGGREGATE COMMON BENEFIT AND COSTS AWARD**

Pursuant to the Federal Rules of Civil Procedure, Kline & Specter serves this Fourth

Requests for Production of Documents, Things, and Interrogatories on the Transvaginal Mesh

MDL Common Benefit Fee and Cost Committee ("FCC") in connection with the Common

1

Benefit Fee and Cost Committee's Petition for an Award of Common Benefit Attorneys' Fees and Expenses and Memorandum in Support.

## DEFINTIONS AND INSTRUCTIONS

The following Definitions and Instructions shall apply to the Requests for Production of Documents and Interrogatories:

1)      The term "FCC" includes within its scope the FCC and each member of the FCC.

2)      These Requests and Interrogatories are intended to ascertain information not only in the possession of the FCC individually, but also contained in records and documents in the FCC's custody or control or available to the FCC.

3)      The Requests and Interrogatories which cannot be responded to in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incomplete response.

4.      "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; however produced or reproduced.

5.      "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise. Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda

2

slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

6.      "Firm" and "fee requesting firm" means any law firm involved in the Pelvic Mesh Litigation that has submitted time and expense submissions pursuant to the Court's Pre-Trial Orders in connection with the Aggregate Common Benefit and Costs Award.

7.      "Affidavit" means the affidavits or sworn declarations submitted by each fee requesting firm to the FCC following the February 16, 2018 letter from the FCC regarding the FCC's initial review submitted fees and costs.  (The FCC and the Fee Committee protocol required that any appeals to the fee determinations made by the FCC were to be accompanied by an affidavit are to be completed and submitted within thirty (30) days of receipt of the FCC's February 16, 2018 letter.)

8.      "Manufacturer" means the following entities: C.R. Bard, Inc.; American Medical Systems, Inc.; Boston Scientific, Corp.; Ethicon, Inc.; Coloplast; Covidian; Cook Medical, Inc.; Neomedic.


### INTERROGATORIES


**INTERROGATORY NO. 1:**  With respect to each manufacturer as defined in paragraph no. 8 above, please provide the total number of cases settled by manufacturer.


**ANSWER:**

**INTERROGATORY NO. 2:** With respect to each manufacturer as defined in paragraph no. 8 above, please provide the per case average settlement amount by manufacturer.

**ANSWER:**

**INTERROGATORY NO. 3:** Please provide the total number of cases settled for all Pelvic Mesh litigations.

**ANSWER:**

**INTERROGATORY NO. 4:** Please provide the per case average settlement amount for all Pelvic Mesh litigations.

**ANSWER:**

**INTERROGATORY NO. 5:** With respect to each fee requesting firm, please provide the claimed and allowed lodestars for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.

**ANSWER:**

**INTERROGATORY NO. 6:** With respect to each fee requesting firm, please provide the claimed and allowed blended hourly rate for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.

**ANSWER:**

**INTERROGATORY NO. 7:** With respect to each fee requesting firm, please provide the claimed and allowed hours for each firm related to the Final Written Recommendation of the Common Benefit Fee and Cost Committee Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.

**ANSWER:**

**INTERROGATORY NO. 8:** With respect to each fee requesting firm, please each firms' settlements with respect to each defendant involved in the Pelvic Mesh litigation.

**ANSWER:**

**INTERROGATORY NO. 9:** With respect to the eleven firms no longer objecting to the initial September 13, 2018 fee allocation recommendation ("the eleven law firms"), please provide the following requested information:

   1)  The names of the eleven law firms.

2) The initial fee allocation amounts for the eleven law firms set forth in the September 13, 2018 Fee Allocation Recommendation.

3) The fee allocation amounts for the eleven law firms set forth in the November 18, 2018 Fee Allocation Recommendation.

4) If any of the recommended fee allocations for the eleven law firms ***increased*** from the September 13, 2018 Fee Allocation Recommendation, identify the source of the funds for the increased allocation(s).

5) Whether any non-objecting firm agreed to or accepted a lower fee allocation from the allocation set forth in the September 13, 2018 Fee Allocation Recommendation

   a. If the answer to the above is in the affirmative, provide the identity of such firms and amount of reduction in allocated fee.

5) Whether any additional payments or compensation were made related to the eleven law firms' objections to the initial September 13, 2018 fee allocation recommendation.

   a. If the answer to the above is in the affirmative, identify the source of the additional payments or compensation.

6) Identify by name, firm, and role the individual(s) responsible for resolving the objections of the eleven firms

7) Describe, in detail, the process by which the objections of the eleven law firms were resolved.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1**:  As defined in paragraph no. 4 above, please provide <u>any and all documents and things</u> related to the following:

1) Communication between the eleven law firms referenced in Interrogatory No. 9 above, and FCC members related to the law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

2) Communication among FCC members related to the eleven law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

3) Communication between FCC members and any other individual (including members of non-objecting law firms) related to the eleven law firms' objections to the initial September 13, 2018 Fee Allocation Recommendation and the resolution of such objections.

**Respectfully submitted,**

**BOWLES RICE, LLP**

By:   /s/ Floyd E. Boone Jr.
      Charles M. Love, III (WVSB 2254)
      Floyd E. Boone Jr. (WVSB 8784)
      600 Quarrier Street
      Charleston, WV 25301
      (304) 347-1100 (Tel.)
      (304) 347-1746 (Fax)
      fboone@bowlesrice.com
      *Counsel for Kline & Specter, P.C.*

**KLINE & SPECTER, PC**

By:
      Shanin Specter, Esquire
      Lee B. Balefsky, Esquire
      1525 Locust Street
      Philadelphia, PA 19102
      (215) 772-1000
      *Counsel for Plaintiffs*