**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC CORP., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGITATION | MDL NO. 2327 |
| IN RE: COLOPLAST CORP., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE: NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

*This Document Relates To All Cases*

**Declaration of David A. Mazie in Support of
Mazie Slater's Objection to Recommended Allocation of
Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs**

David A. Mazie, pursuant to 18 U.S.C. §1746, makes this declaration under penalty of perjury:

1. I am a partner in the law firm of Mazie Slater Katz & Freeman, LLC ("Mazie Slater"). This Declaration is based upon my personal knowledge.

2. On November 19, 2018, my partner, Adam Slater and I met with the Honorable Daniel Stack and Tom Cartmell/Jeff Kuntz of the Wagstaff Cartmell law firm. The purpose of the meeting was to discuss the Fee and Cost Committee's ("FCC") recommended fee and expense awards. During the meeting, we were told by Judge Stack, as well as Mr. Cartmell, that if we filed an objection to the FWR, the fees awarded to us could be cut by Judge Stack on his final report. When I asked if we were being "threatened", Judge Stack stated that he was not threatening us, but that we should strongly consider the ramifications of filing an objection because he could award less to us in the event we disagreed with the FWR. It appeared to me that this was a clear threat.

3. On January 3, 2019 my partner, Adam Slater and I travelled to St. Louis to meet with Judge Stack. During this meeting, Judge Stack explained to us that in his final report he would only be increasing/decreasing awards to the extent those changes were preapproved by the FCC. Otherwise, the FWR would stand. The reason for this, according to Judge Stack, was because he did not want to recommend any award that would be objected to by the FCC.

4. During the course of our meeting, Judge Stack told us that he was "sickened" and "very angry" by an interaction between Bryan Aylstock and Henry Garrard whereby Mr. Aylstock pressured Mr. Garrard to award his law firm significant

additional monies; if the additional monies were not awarded, then Renee Baggett (Mr. Aylstock's partner) would not sign off on the fee recommendation.

5. In a later phone conversation, when we asked Judge Stack whether he would be altering the award to Aylstock (which he had stated that he thought was "way too high"), he responded by stating that he was "put in a box" and that even though he did not agree with the award to the Aylstock law firm, he was not going to reduce the award without the approval of the FCC. He also reiterated that he would not alter any of the FCC awards because he did not have approval from the FCC to do so, but that he had added to the awards of the Anderson law firm and Bernstein Liebhard because the FCC had authorized him to do so.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2019



_____
David A. Mazie, Esq.
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey  07068
973-228-9898
973-228-0303 – fax
dmazie@mazieslater.com