## AGREEMENT
## BETWEEN NEW JERSEY AND MDL TRANSVAGINAL MESH LITIGATIONS

This Agreement (the "Agreement") is made and entered into by and between Adam M. Slater of the law firm of Mazie, Slater, Katz and Freeman, LLC, Jeffrey Grand of Bernstein Liebhard LLP, and Jillian Roman of Cohen, Placitella & Roth, PC ("The NJ Leadership") and Renee Baggett of Aylstock, Witkin, Kreis, and Overholtz, PLLC, and Thomas P. Cartmell of Wagstaff & Cartmell LLP ("The MDL Leadership").

1. Adam M. Slater of Mazie Slater Katz & Freeman, LLC, Jeffrey Grand of Bernstein Liebhard, LLP, and Jillian Roman of Cohen, Placitella & Roth have been appointed as, and sign this Agreement in their capacity as Co-Liaison counsel in the consolidated *In re: Pelvic Mesh/Gynecare Litigation*, Master Case No. 6341-10, pending in the Superior Court of New Jersey, Atlantic County. (The "NJ Litigation"), and their law firms are also members of the group of law firms working pursuant to a joint prosecution agreement to advance the NJ Litigation, ("The JPA") and are also authorized to sign this Agreement on behalf of and to bind the signatories to the JPA. The law firms involved in the NJ Litigation are referred to herein as "New Jersey Counsel."

2. Tom P. Cartmell of Wagstaff & Cartmell LLP and D. Renee Baggett of Aylstock, Witkin, Kreis & Overholtz PLLC have been appointed as, and sign this Agreement in their capacity as, Co-Lead counsel in the recently consolidated *In re: Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation*, Case No. 2:12-md-2327, pending in the United States District Court for the Southern District of West Virginia, Charleston, West Virginia (the "MDL"). The MDL Leadership has been authorized to enter into this Agreement by and on behalf of the overall leadership in the consolidated MDLs.

EXHIBIT A

3. The NJ Leadership and the MDL Leadership hereby recognize that the NJ Litigation and the MDL both concern personal injury claims resulting from implantable transvaginal mesh devices. As such, the NJ Litigation and the MDL concern common issues, facts, legal theories, scientific and medical principles, documents, and witnesses.

4. It is hereby recognized that attorneys in the NJ Litigation have expended and will continue to expend a significant amount of time, effort, and money for the purpose of developing the claims in the NJ Litigation, which are also common to the MDL, and advancing the overall transvaginal mesh litigation. For example, but not by way of limitation, attorneys prosecuting the NJ Litigation have: initiated the NJ Litigation in early 2008, prior to the first FDA Notification on October 20, 2008, including but not limited to the matter of *Lombardi v. Ethicon, et. al.* in which in excess of 100,000 pages of significant documents were obtained and analyzed and numerous key depositions were noticed; developed and negotiated master pleadings and master document requests, that have been utilized as templates in the MDL; taken extensive discovery, including the review and analysis of millions of pages of documents, extensive data bases, instructional videos, and related materials, and the depositions of dozens of relevant witnesses, including the identification of and depositions of key corporate designees and witnesses; litigated and argued numerous significant motions and informal applications, including but not limited to applications to compel depositions and the production of documents and information, a motion that resulted in an Order compelling the depositions of Johnson & Johnson's most senior executives, a motion successfully challenging Ethicon's over-designation of "confidential documents," a motion and appeal successfully challenging defendants' attempts to consult and retain treating urogynecologists, gynecologists, and urologists as defense experts without significant necessary protections and limitations, opposing a motion to prevent the

2

depositions of French witnesses; reviewed and challenged the propriety of redaction logs and privilege logs; developed trial theories and themes; retained and developed common experts, and worked with them in preparing their expert reports, as well as the related negotiation and establishment of protocols for, and the conduct of, review of pathology samples, and material science testing; researched and analyzed common legal issues; analyzed and summarized dozens of depositions; conducted discovery in connection with and preparation of and for bellwether trials, the first of which are currently scheduled to commence in December, 2012 with the argument of *in limine* motions and January, 2013 with opening statements; and have begun and will continue the preparation of and for bellwether trials.

5. The parties recognize that the Honorable Joseph Goodwin may enter an Order which will govern the receipt of funds necessary to fund the discovery work of the combined federal MDLs and which will further provide for the procedure for submission for common fund time and for reimbursement of common fund expenses, in the event of a settlement of the MDL litigation. Such Order will control the form of all common benefit submissions, but NJ Counsel will not be subject to such Order or be required to submit common benefit time or expense records unless and until such NJ counsel chooses to make an application for common benefit fees and expenses pursuant to such Order.

6. The parties acknowledge that in the event that an application for common fund reimbursement is made to the MDL by New Jersey Counsel, the issue of the amount of the MDL assessment on cases held by New Jersey Counsel, if any, will need to be resolved. In the event the parties are unable to reach an agreement as to the amount of the assessment, such issue will be referred to Judge Goodwin for final resolution.

3

EXHIBIT A

7. Due to the advanced stage of the NJ Litigation, as compared to the MDL Ethicon litigation, and the value of the work and work product generated in and in connection with the NJ Litigation, the MDL Leadership sees a need to and thus desires to share in the benefits of the aforesaid work and resulting work product. Accordingly, the NJ Leadership agrees that they will share information, work-product and other good and valuable common-benefit work that has been and will continue to be developed in and in connection with the NJ Litigation. Because it is recognized that individual law firms have a proprietary interest in retained experts, The NJ Leadership and the MDL Leadership also agree that attorneys in the NJ Litigation may, but are not obligated to, provide the MDL with experts and/or expert reports generated. Access to expert reports and experts that are shared with the MDL shall be limited to those attorneys designated by the MDL Leadership, for example the trial teams for the bellwether trials as necessary.

8. In light of the foregoing, it is expressly agreed that:

a) Any attorney in the NJ Litigation that has performed work for the common benefit will be eligible to apply for MDL common benefit funds; and

b) The above referenced expenditures of time, effort and money made to date for the common benefit by attorneys in and in connection with the NJ Litigation, are hereby recognized as valuable work and work product created for the benefit of the MDL, which shall be fairly compensated if application is made to the MDL, and the MDL Leadership agree to use their best efforts to ensure that the MDL Court fairly compensates the aforesaid common benefit work performed in and in connection with the NJ Litigation, to the extent application is made. In the event an MDL fee committee is established, the MDL Leadership agrees to recommend to the District Court, and give their best efforts to ensure, that the Fee Committee include representation from the NJ Litigation.

4

EXHIBIT A

9. Under the terms of this agreement, all supporting receipts, logs or documentation for common fees and expenses must be maintained for auditing purposes. Failure to maintain these supporting records and documents may result in a partial or complete disallowance of the claimed fees and expenses.

10. The parties agree to maintain the confidential and work product status of confidential and work product information acquired and utilized pursuant to this Agreement, including where applicable pursuant to the protective orders entered in the NJ Litigation and/or the MDL, including but not limited to the identity and contents of material contained in or selected from a document database, the identities and opinions of experts and the basis for those opinions, discovery and trial strategies, communications with other attorneys in the NJ Litigation and the MDL Litigation, information acquired at seminars, confidential and work product information developed in formal and informal meetings, work sessions, and conferences, and all correspondence, memoranda, notes and other materials based on or reflecting the identity or content of such information.

11. The aforesaid work and work product may only be shared with attorneys who are bound by the terms of the protective orders entered in the NJ Litigation and/or the MDL, and this Agreement.

12. The NJ Leadership and MDL Leadership hereby consent to the jurisdiction of the Superior Court of New Jersey and the application of New Jersey law for the interpretation of this Agreement, and the resolution of any disputes arising from or related to this Agreement, except with respect to issues to be determined by Judge Goodwin in connection with a common benefit Order.

5

EXHIBIT A

13. This Agreement represents the entire integrated understanding and agreement between the NJ Leadership and the MDL Leadership, and cannot be supplemented or modified except in a writing signed by the NJ Leadership and the MDL Leadership.

This Agreement may be signed in counterparts.

Agreed to this 28th day of August, 2012;

_____
ADAM M. SLATER, ESQ.
MAZIE SLATER KATZ & FREEMAN, LLC

_____
JEFFREY GRAND, ESQ.
BERNSTEIN LIEBHARD, LLP

_____
JILLIAN ROMAN, ESQ.
COHEN, PLACITELLA & ROTH, PC

_____
THOMAS P. CARTMELL, ESQ.
WAGSTAFF & CARTMELL, LLP

_____
RENEE BAGGETT, ESQ.
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC

6

EXHIBIT A