FILED
APR 16 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC. PELVIC REPAIR SYSTEM PRODCUTS LIABILITY LITGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE: NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

*This Document Relates To All Cases*

### LANA C. KEETON SUR-REPLY to Common Benefit Fee and Cost Committee's Omnibus Response to the Objections to the Recommended Allocations of the External Review Specialist

**LANA C. KEETON** litigated the following lawsuits vs. Johnson & Johnson, Ethicon, Inc. et al. over a period of 4 ½ years as a **Plaintiff Pro Se** with no assistance, not even a secretary.

1. *Case No. 05-24931 CA 30*, 11th Judicial Circuit Court, Miami Dade County, Florida, December 21, 2005 Keeton v. Gynecare Worldwide, Ethicon Inc and Johnson & Johnson was removed to Federal Court:

Lana Keeton v. Gynecare, Ethicon Inc, Johnson & Johnson, *Case No. 1:06-cv-21116-UU* U.S. District Court, S.D. of Florida May 3, 2006
2. Lana Keeton v. Ethicon/Johnson & Johnson *Case No. 2:13-cv-24276* U.S. District Court, S.D. of West Virginia, October 1, 2013
3. Lana Keeton v. Johnson & Johnson, Ethicon, Inc., et al. *Case No. 1:15-cv-20442-JLK,* U.S.District Court, S.D. of Florida February 4, 2015

*"**Assuming the veracity of this claim**, solely for the sake of argument, this objector would occupy no different status than the hundreds of experts, consultants, jury selection and mock trial advisors, accountants, process servers, settlement administrators, e-discovery providers, and various other vendors and providers whose services have been utilized by one or more Participating Counsel throughout the course of this litigation." Omnibus Response Case 2:12-md-02327 Document 7816 Filed 04/08/19 Page 74 of 77 PageID #: 190098*

Of these named individuals/companies which Mr. Garrard states **should be paid** from the common benefit funds, none actually litigated a Product Liability Lawsuit in any of the Multidistrict Litigations. Or filed a Pro Se RICO Civil lawsuits against 13 Defendants including those in Ethicon MDL 02327 in Federal District Court. Or worked directly with various Participating Counsel, members/leaders of the Plaintiff's Steering Committee, in prosecuting the MDL's. Keeton's status is boldly and distinctly different than these named individuals/companies as evidenced by the Honorable Court in its orders directly related to Pro Se Plaintiff Keeton.

**LANA C. KEETON** is a Plaintiff Pro Se since 2005, a Legal Consultant and an Expert Witness and a Medical Device Expert since 2010, a Patient Advocate since 2007, has worked closely with and at the FDA since 2007, a Steel Broker for over 30 years, a licensed Boxing Promoter in the State of Florida 1999-2001. **Please see websites:** www.LanaKeeton.com and www.TruthinMedicine.us.com.

MIs-characterization of 71 year old **LANA C. KEETON** as a Non-Lawyer Objector by Mr. Garrard, in an effort to diminish her value to the Common Benefit of all Plaintiffs in all

Page 2

named MDL's, is wholly inadequate and highly inaccurate. Keeton is a valid objector to the allocations of the Fee and Cost Committee and Mr. Garrard is well aware of it.

### USE OF LANA C. KEETON PRIVILEGED and CONFIDENTIAL WORK PRODUCT in FIRST SUCCESSFUL BARD AVAULTA MDL 02187 MESH PRODUCT TRIAL

### CISSON v. C.R. BARD, August 2013, 1st Bard Bellwether Trial

1. Analysis of Roger Darois, Bard's polypropylene polymer expert witness, trial testimony during the trial from trial transcripts provided direct to Keeton as Garrard instructed through his secretary, Ms. Tammy Tiller, by Garrard
2. Garrard used Keeton's original trial strategy in regard to Roger Darois at trial and so stated to Keeton **Exhibit No.**
3. Dr. Jim W. Ross, C.R. Bard expert witness, extensive analysis and investigation of Ross by Keeton
4. Dr. James Anderson, C.R. Bard expert witness, extensive analysis and investigation of Anderson by Keeton
5. Phillips MSDS extensive critical analysis of polypropylene's chemical and physical properties and its unsuitability in the human body by Keeton
6. Creation of spreadsheet comparison analysis of C.R. Bard's FDA 510(k)'s. the validity, the Instructions for Use (IFU's) and how it impacted the wound healing process when pelvic surgical mesh was implanted in the human body by Keeton

*"157. In addressing trials, the FCC considered whether a trial was the first successful trial of a particular mesh product, whether the trial attorneys created common benefit materials and **shared such materials with other plaintiffs' firms within the litigation without compensation** ( and at what point in time that material was shared), and..."*
**Case 2:14-md-02511 Document 216-1 Filed 03/26/19 Page 145 of 183 PageID #: 2282**
*"159. As directed in the Protocol, emphasis was placed on work product and materials that were provided to Plaintiffs' counsel to prepare for trial."*
**Case 2:14-md-02511 Document 216-1 Filed 03/26/19 Page 146 of 183 PageID #: 2283**

Mr. Garrard and the Fee and Cost Committee and Judge Stack have awarded Mr. Garrard and his firm, Blasingame, Burch, Garrard and Ashley, the following allocation:

*"..the Fee Committee recommends an **allocation of $56,634,392.50 (16.1812550%)**.."*
**Case 2:14-md-02511 Document 216-1 Filed 03/26/19 Page 85 of 183 PageID #: 2222**

Keeton's privileged and confidential work product figured prominently in the award of the $56,634,392.50 to Mr. Garrard and his law firm as Henry Garrard III relied heavily on the critical thinking of Keeton on many aspects of the prosecution of all the MDL's and at trial.

Keeton met with Mr. Garrard on a regular basis for several years starting in 2010 at either the Atlanta or Miami airport in 4 hour one on one meetings or sometimes at Mass Torts Made Perfect. Mr. Garrard's firm has been awarded the most of any firm from the Common Benefit Fund, **$56,634,392.50 (16.1812550%).**

Mr. Garrard now treats Keeton as though she does not exist. Mr. Garrard completely Excluded Keeton from consideration in the Common Benefit fund(s). To exclude Keeton from her fair share of the Common Benefit Fund is against her due process rights under the $5^{th}/14^{th}$ Amendments. Maybe worse, it usurps the authority of the Honorable Court as it subverts the meticulous protocol established by the Court.

However, please note at the same time Mr. Garrard sold Keeton's privileged and confidential work product to all 104,386 plaintiffs, without compensation to Keeton, it greatly enriched the allocation to Mr. Garrard and his firm from the Common Benefit Fund:

> *"shared such materials [with other plaintiffs' firms within the litigation without compensation"* ( and at what point in time that material was shared), and…"
> **Case 2:14-md-02511 Document 216-1 Filed 03/26/19 Page 145 of 183 PageID #: 2282**

### FURTHER OMISSION OF KEETON:

> *During its meetings from November 16, 2017 through February 1, 2018, the FCC received detailed presentations about each firm seeking common benefit compensation."*
> **Case 2:14-md-02511 Document 216-1 Filed 03/26/19 Page 59 of 183 PageID #: 2196**

Judge Stack states he never heard Keeton's name until March 29, 2018 when he received an e-mail from Joe Rice. Lana Keeton was clearly omitted from the Protocol set up by the Homorable Court for the Fee and Cost Committee and the External Review Specialist as the meetings were held November 16, 2017 through February 1, 2018 before Judge Stack ever heard Keeton's name.

> *"Simultaneously, the FCC evaluated the nature of the legal work reflected in the time*

*submissions. The FCC considered for each firm whether the work for which time was submitted was performed **by attorneys or non-attorney staff,** and the experience and seniority of the attorney performing work, as well as whether multiple lawyers or firm members were performing the same"*
**Case 2:14-md-02511 Document 216-1 Filed 03/26/19 Page 59 of 183 PageID #: 2196**

Clearly the FCC paid "non-attorneys" through the Common Benefit Fund. So even if, Lana Keeton was only a "non-attorney objector" which is a diminishing mischaracterization, Keeton's claim to be paid from the common benefit fund has standing and has merit.

### KLINE SPECTER EXHIBIT Q: STACK LETTER TO KEETON 03-25-2019
### ONE DAY BEFORE OBJECTIONS DUE

Mr. Garrard makes invalid assumptions in its efforts to gaslight the Honorable Court. Keeton sees no reason these invalid assumptions are even in the Omnibus report. However, as Lana Keeton *did coordinate directly* with Mr. Garrard and his firm, Blasingame, Burch, Garrard & Ashley PC, for some years on a multitude of issues in support of the Multidistrict Litigation while at the same time she was a Pro Se Plaintiff, what difference does it make? Are the Fee and Cost committee's activities, and those of External Review Specialist Judge Daniel Stack, a secret? This information is not privileged or confidential to Keeton's understanding.

Keeton needs no encouragement by anyone to speak the truth she personally knows. It is an insult to import that Lana C. Keeton, a grievously mesh injured individual, has not done her own extensive legal work, etc. *without input* from any attorney. Quite the contrary, over 20 attorneys have sought Keeton out since 2008 starting with Amy Eskin when she was at Hersh & Hersh and Adam Slater, Mazie Katz Slater, both of whom solicited Keeton's knowledge with no intention of paying for it. [proof available.] Attorneys normally seek Keeton's knowledge, not the contrary. Kline Specter never sought out Keeton for her knowledge.

Keeton's statements **are not false**. Keeton's statements **are not defamatory**. Keeton's statements **are true**. They have not been denied by "Henry Garrard, the FCC, its members and others". In fact, Keeton's statements **are affirmed and agreed** to by William Levin, Levin Simes, Co-lead Counsel American Medical Systems, MDL02325 with Mr. Garrard. Mr. Levin has personal knowledge. Keeton denies the following:

> *"KS is also coordinating directly with the non-attorney objector, **Lana C. Keeton, no doubt encouraging her false and defamatory statements against the FCC**, its members and others. There is no other explanation...*
> **Case 2:12-md-02327 Document 7816 Filed 04/08/19 Page 48 of 77 PageID #: 190072**
> *The non-attorney objector's objection also makes clear that she is receiving non-public information from and through KS. (See, e-mails and correspondence attached to Lana C. Keeton Objection, referencing communications between KS and the FCC or the External Review Specialist, which were not public, but which were obviously provided by KS to this non-attorney objector).*

Information in the e-mails and correspondence with Judge Daniel Stack, Exhibits 5 & 6, attached to Lana C. Keeton Objection is on the Court's Public Docket and was accessed through Keeton's Pacer account. It was filed in *Ethicon MDL 02327 DE#5253Main, #5253-3 and #5253-5* by Kline Specter. Keeton made reference to these Kline Specter filings to ask Judge Stack to please include Keeton in the normal FCC review process demonstrated by the letters he and Mr. Garrard had sent to Kline Specter. It was a basic request for due process.

Mr. Garrard did not object to coordinating directly in September of 2007 when he obtained the expert witness report by Peter Schmitt, Textile Engineer procured and paid for by Keeton for *Lana Keeton v. Gynecare, Ethicon Inc, Johnson & Johnson, Case No. 1:06-cv-21116-UU* U.S. District Court, S.D. of Florida May 3, 2006. In fact, 3 years later, less than a month after the successful completion of a win during the Mentor Obtape in June of 2010, Mr. Garrard called Keeton, asking to meet with her, then flew to Miami and hired Keeton as a "Consultant /Expert Witness". **Exhibit No. 1**

Page 6

**August 5, 2010 contract with Keeton to consult:**
"While I cannot specify the total hours that will be required, we expect to consult with you on scientific matters, research, discovery and strategic issues. We expect that there will be other matters as well. It is further our expectation that this consultation will last for the duration of our Avaulta litigation."
**Check payments to "Lana Keeton, Consultant", clearly state:**
"Explanation: Consultation, Expert Witness Fee Lana C. Keeton" totaling **$55,919.25** during the years of 2010, 2011, 2012 alone show the "veracity" and value of Keeton's work as an Expert Witness.

None of Keeton's privileged and confidential work product has ever been billed to the Common Benefit Fund. **Exhibit No. 2** Affidavit of Arica M. Waldron, Blasingame, Burch, Garrard & Ashley PC. Yet Mr. Garrard shared Keeton's privileged and confidential work product with [sold it to] all other Plaintiffs in all MDL's through this very August 26, 2013 Order of the Court as quoted here from the Omnibus Response:

> "Memorandum Opinion and Order (Re: Petition for an Award of Common Benefit Attorneys' Fees and Expenses)). Indeed, the August 26, 2013 Order of the Court establishing the 5% holdback in all cases was entitled "Agreed Order Establishing MDL...Fund **to Compensate and Reimburse Attorneys** for Services Performed and Expenses Incurred for MDL Administration and Common Benefit," and stated in its first sentence that "[t]his Agreed Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by **'participating counsel'** acting for MDL administration and common benefit of all plaintiffs in this complex litigation." (Emphasis added).37

Plaintiffs, have received the benefit of Keeton's privileged and confidential work product without compensation to Keeton so Keeton must be paid through the Common Benefit Fund(s):

> <u>"shared such materials with other plaintiffs' firms within the litigation **without compensation**"</u> ( and at what point in time that material was shared), and…"
> **Case 2:14-md-02511 Document 216-1 Filed 03/26/19 Page 145 of 183 PageID #: 2282**
>
> **"E. Lana C. Keeton**
> *As mentioned in the introduction, an objection has been filed to the recommendation of the External Review Specialist by a non-lawyer, Lana C. Keeton. At the risk of giving undue attention to a patently meritless filing, the FCC is obliged to respond. This non-*

Page 7

*attorney objector has a documented history of making vile, false and defamatory statements about members of the MDL leadership and this Court, including on her personal website and blog and through mass e-mails."* Omnibus Response

Keeton states:
1. Objection filed by Keeton is NOT a patently meritless filing or the FCC would not answer it.
2. The FCC is obliged to respond based on Court Order ECF 34, Case Lana Keeton v. Ethicon/Johnson & Johnson ***Case No. 2:13-cv-24276*** U.S. District Court, S.D. of West Virginia, October 1, 2013
3. The truth may be vile but statements made by Keeton are not false. Statements by Keeton are not defamatory. Statements made by Keeton are true. Re: "*…has a documented history of making vile, false and defamatory statements about members of the MDL leadership and this Court*"

Keeton has never disrespected and never will disrespect the Honorable Court. Keeton has complete respect and admiration of the Court's handling of the massive undertaking of these 7 Pelvic Mesh Multidistrict Litigations.

Any and all statements made by Lana C. Keeton publicly on her websites, her blog, her face book pages, on Twitter and any other online presence of Ms. Keeton are completely true and verifiable and made on behalf of Keeton and the over 104,386 Mesh Injured Women (and Men) Plaintiffs, whose lives have been ruined by surgical mesh. Lana Keeton, is and has been, a Patient Advocate, as President and Founder of her organization, Truth in Medicine, for more than a decade. (see www.Truth in Medicine.us.com).

Mr. Garrard solicited Keeton's work in 2010 to have access to Keeton's legal work in her Pro Se lawsuit in the Southern District of Florida, her extensive online presence and her personal contacts with those Mesh Injured Patients, expert doctors, the FDA and for Keeton's expertise as the owner of a steel brokerage business for 3 decades, making Keeton an expert on manufacturing processes under the ISO, the International Organization for Standardization. Mr. Garrard now gaslights the Honorable Court by denigrating those same actions.

Page 8

Mr. Garrard on behalf of the Fee and Cost Committee does not deny wrongdoing of himself, the Fee and Cost Committee nor External Review Specialist Judge Daniel Stack made in Keeton's Objection. Mr. Garrard, the Fee and Cost Committee and Judge Daniel Stack are bound by their pleadings. "These scurrilous allegations are baseless" is not a denial. The allegations are therefore held to be true for lack of denial. Keeton's allegations in her Objection therefore stand as true.

> *The FCC will not indulge this objector in attempting to respond to the disjointed ramblings alleging impropriety on the part of the FCC or the MDL leadership except to say that these scurrilous allegations are baseless.* Omnibus Response,
> **Case 2:12-md-02327 Document 7816 Filed 04/08/19 Page 72 of 77 PageID #: 190096**

Judge Joseph Goodwin's order, ECF 34, shows that Lana C. Keeton, through the following Order of the Court in Case No. 2:13-cv-24276 ECF 34 Lana C. Keeton v. Ethicon Inc., et al. on January 4, 2017 governs the actions of the FCC:

> "In the Petition, the ***pro se* plaintiff, Lana Keeton**, seeks the court's approval for payment from the Common Benefit Fund in the amount of $732,000 for "legal work performed for the benefit of the Plaintiffs in MDL 2327." [ECF No. 33-1, p. 1]. Pursuant to **PTO No. 211**, the court established the Fee and Cost Committee ("FCC") and appointed members to serve on the FCC. **The FCC's responsibilities include making recommendations to the court for reimbursement of costs and apportionment of attorneys' fees for common benefit work and any other utilization of the funds.**
>
> "Plaintiffs' Petition must first be submitted to the FCC for **consideration and recommendation**. It is **ORDERED** that Plaintiff's Petition [ECF No. 33] is **DENIED without prejudice**." Judge Joseph R. Goodwin, Case No. 2:13cv24276 U.S. District Court, Southern District of West Virginia.

The FCC does not have the authority to usurp the power and authority of this Honorable Court through its' Omnibus Response Brief as stated below:

> *The FCC simply shows that the common benefit fund was established to compensate the work of attorneys deemed for the benefit of the MDL plaintiffs generally. (See,...*
> **Case 2:12-md-02327 Document 7816 Filed 04/08/19 Page 72 of 77 PageID #: 190096**

Page 9

The facts of the cases cited by Mr. Garrard do not apply in this instance. There is no fee sharing agreement. There is a Common Benefit fund created by the Honorable Court to cover all the costs associated with prosecuting 104,386 cases in 7 MDL's. Based on the subjective nature of the allocation of funds to be paid from the Common Benefit Fund(s), Keeton is more than qualified to be paid from them. Again, the cases cited do not apply. It would be unethical and illegal not to pay Keeton from the Common Benefit Funds because her privileged and confidential work product was effectively sold to all Participating Counsel for the Common Benefit.

> *"See, e.g., Rich v. Simoni, 235 W.Va. 142 (2015) (W.Va. Supreme Court answering certified question from Northern District of West Virginia and holding that fee-sharing agreement with non-lawyer is void ab initio as violative of ethical prohibition of sharing attorney fee with non-lawyer, which is expression of public policy (citing cases from several states that similarly hold))."*

Lana Keeton's work for the benefit of all MDL's was 5 years before the MDL's even started through her instrumental work prompting FDA warnings October 21, 2008 and July 13, 2011 all attorneys. Without the FDA warnings, attorneys would not have started the MDL's. If this work was not to the benefit of all MDL's why then did good friends, Henry Garrard III and attorney Mark Mueller and his sidekick, stuffed bear, "Wizard Bear", claim credit for Keeton's FDA work in a full page Texas Monthly ad October 2012 Keeton actually trained staff in their offices on FDA's 510(k) Premarket Notification process, the governing authority over medical devices created by the Medical Device Act of 1976 signed by then President Gerald Ford. Mr. Garrard and Mr. Mueller have never presented scientific evidence to the FDA as Keeton has over a period of years, including last September 5, 2018 and February 12, 2019.

Keeton asks the Honorable Court to please accept this sur-reply even though it is over the page limit to answer all the new allegations presented for the 1st time by the FCC.

For all the reasons stated in this Sur-reply and in her original Objection, Lana C. Keeton prays this Honorable Court will grant her objection(s) to the Fee and Cost Committee Recommendation and to Judge Daniel J. Stack, External Review Specialist, recommendation. Keeton also asks the Court to pay her for her significant Time and Expense that benefitted all Plaintiffs in all 7 of these MDL's, Bard Avaulta MDL 02187 in the amount of $816, 897.64 from the Common Benefit Fund(s). Keeton additionally asks the Court to pay her 1st Invoice No. 1 for $732,000 on ECF 33 re: MDL 02327 Johnson & Johnson/Ethicon. And Keeton also ask the Court to review the additional time and expense over and above the original invoice for $732,000.00 for Ethicon MDL 02327 and to also pay it from the Common Benefit Fund (s).

Dated: April 15, 2019

Miami Beach, Florida 33139

Respectfully,

*Lana C. Keeton*
LANA C. KEETON, Plaintiff Pro Se
901 Pennsylvania Avenue, Suite 3-423
Miami Beach, FL 33139
305-342-8002; 305-671-9331 phones
800-509-9917 fax
Lana@LanaKeeton.com
By *Lana C. Keeton*
Lana C. Keeton, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Federal Express this 15th day of April 2019 on all counsel or parties of record by filing it with the Clerk of the Court.

*Lana C. Keeton*
LANA C. KEETON, Plaintiff Pro Se
901 Pennsylvania Avenue, Suite 3-423
Miami Beach, FL 33139
305-342-8002; 305-671-9331 phones
800-509-9917 fax
Lana@LanaKeeton.com
By *Lana C. Keeton*
Lana C. Keeton, Plaintiff Pro Se

Page 11

EXHIBIT #1
pg 1 of 6

# BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.
### ATTORNEYS AT LAW

440 COLLEGE AVENUE NORTH
P. O. BOX 832
ATHENS, GA 30603

706/354-4000
TELECOPIER:
706/353-0673

## TELECOPIER TRANSMITTAL COVER SHEET

**TELECOPIER NO.**

**TO:** Lana Keeton          305-535-2475

**FROM:** Henry G. Garrard, III

**DATE:** August 5, 2010

**NUMBER OF PAGES (Including Cover Sheet):** 3

C/M NUMBER: **18245-0001**

COMMENTS:

TRANSMITTED BY:

Operator                                              Date

                                                      Time

### CONFIDENTIALITY NOTE
The information contained in this facsimile message is attorney work product, legally privileged and confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please notify us immediately by telephone and return the original message to us at the address above via the United States Postal Service. Thank you.

# BBGA BLASINGAME · BURCH · GARRARD · ASHLEY, P.C.
### Attorneys at Law

EXHIBIT #1
Page 2 of 6

W. SEABORN ASHLEY
1947 - 2001

J. RALPH BEAIRD

GARY B. BLASINGAME

E. DAVISON BURCH

HENRY G. GARRARD III

M. STEVEN HEATH

ANDREW J. HILL III

THOMAS H. ROGERS, JR.

MICHAEL A. MORRIS

RICHARD W. SCHMIDT

JAY V. DELL, JR.

GEORGE W. BROWN III

MATTHEW A. MOSELEY

DAVID A. DISMUKE

MOLLY K. TALLEY

JOSH B. WAGES

ALVIN L. BRIDGES III

THOMAS F. HOLLINGSWORTH III

PATRICK H. GARRARD

ADAM B. LAND

RUSSELL W. WALL

P.O. Box 832
Athens, Georgia 30603
440 College Avenue, Suite 320
Athens, Georgia 30601
Phone 706.354.4000
Fax 706.353.0673

1040 Founder's Row, Suite B
Greensboro, Georgia 30642
Phone 706.453.7139
Fax 706.453.7842

PLEASE REPLY TO
ATHENS ADDRESS

Henry G. Garrard, III
Email address: hgg@bbgbalaw.com

August 5, 2010

**VIA TELEFAX**

Ms. Lana Keeton
Founder/President
Truth in Medicine Incorporated
1521 Alton Road, #198
Miami Beach, FL 33139

Dear Lana:

This letter will serve as an agreement between you and my firm for consulting services. We agree to compensate you for services rendered at the rate of $200 per hour. While I cannot specify the total hours that will be required, we expect to consult with you on scientific matters, research, discovery and strategic issues. We expect that there will be other matters as well. It is further our expectation that this consultation will last for the duration of our Avaulta litigation.

We acknowledge that the consultation in the first year will be no less than 100 hours. Further, we agree to furnish a retainer of $4,000 which will be drawn from for consultation work performed. We will be provided a monthly accounting and when that initial retainer is exhausted, we will replenish it with $4,000.00.

Further we agree that information received from you in consultation will only be used in pursuit of this Avaulta litigation and will not be divulged other than as is necessary in pursuit of this litigation.

We further agree that you will submit a statement for services rendered every 60 days and that we expect to pay any statement within 30 days of receipt of the statement. We will reimburse you for any reasonable travel expenses incurred at our direction.

If this letter agreement is acceptable to you, please sign in the indicated place and fax it back to me.

Ms. Lana Keaton
August 5, 2010
Page 2

EXHIBIT #1
page 3 of 6

I look forward to working with you.

With kindest regards, I am

Very truly yours,

*[signature]*

Henry G. Garrard, III

Agreed this __5__ day of August, 2010.

*[signature: Lana C. Keeton]*

**Lana Keeton**

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.

EXHIBIT #1
Page 4 of 6

NO. 084152

| DATE | CHECK # | AMOUNT | MATTER# | VENDOR ACCT# |
|---|---|---|---|---|
| Nov 04, 2010 | 84152 | $7,600.00 | | |

EXPLANATION: Consultation/Expert Witness Fee Lana C. Keeton

PAID TO:
Lana Keeton
Consultant
1602 Alton Road # 423
Miami Beach, FL 33139

| Inv# | Amt | Inv# | Amt |
|---|---|---|---|
| 102110 | 7600.00 | | |

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 832
ATHENS, GEORGIA 30603
TELEPHONE 706-354-4000

ATHENS FIRST BANK
& TRUST COMPANY

64-7093
2611

NO. 084781
CHECK NO.

*** Seven Thousand Nine Hundred Twenty Five ************************************ 75/100

DATE: 12/23/2010

AMOUNT: $7,925.75

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.
CHECKS OVER $1500.00 REQUIRE TWO SIGNATURES
VOID IF NOT CASHED WITHIN 90 DAYS

PAY
TO THE
ORDER
OF

Lana Keeton
Consultant

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.     NO. 08672

EXHIBIT E 1
page 5 of 6

| DATE | CHECK # | AMOUNT | MATTER# | VENDOR ACCT# |
|---|---|---|---|---|
| May 19, 2011 | 86724 | $6,503.50 | | |

EXPLANATION : Consultation/Expert Witness Fee Lana Keeton

PAID TO :
Lana Keeton
Consultant
1602 Alton Road # 423
Miami Beach, FL 33139

| Inv# | Amt | Inv# | Amt |
|---|---|---|---|
| 051011 | 6503.50 | | |

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.     NO. 001355

| DATE | CHECK # | AMOUNT | MATTER# | VENDOR ACCT# |
|---|---|---|---|---|
| Aug 31, 2011 | 1355 | $6,450.00 | | |

EXPLANATION : Consultation/Expert Witness Fee Lana Keeton

PAID TO :
Lana Keeton
Consultant
600 Guadalupe #116
Austin, TX 78701

| Inv# | Amt | Inv# | Amt |
|---|---|---|---|
| 082311 | 6450.00 | | |

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 832
ATHENS, GEORGIA 30603
TELEPHONE 706-354-4000

ATHENS FIRST BANK
& TRUST COMPANY

NO. 001855

*** Seven Thousand Four Hundred Twenty Five *************************** 00/100

DATE 10/05/2011     AMOUNT $7,425.00

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.
CHECKS OVER $1500.00 REQUIRE TWO SIGNATURES
VOID IF NOT CASHED WITHIN 90 DAYS

PAY TO THE ORDER OF
Lana Keeton
Consultant

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.   NO. 00325

EXHIBIT page 6 of 6

| DATE | CHECK # | AMOUNT | MATTER# | VENDOR ACCT# |
|---|---|---|---|---|
| Jan 13, 2012 | 3251 | $9,165.00 | | |

EXPLANATION : Consultation/Expert Witness Fee Lana C. Keeton

PAID TO :
Lana C. Keeton
Consultant
600 Guadalupe #116
Austin, TX 78701

| Inv# | Amt | Inv# | Amt |
|---|---|---|---|
| 10612 | 9165.00 | | |

BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.   NO. 004164

| DATE | CHECK # | AMOUNT | MATTER# | VENDOR ACCT# |
|---|---|---|---|---|
| Mar 15, 2012 | 4164 | $5,000.00 | | |

EXPLANATION : Consultation/Expert Witness Fee Lana C. Keeton

PAID TO :
Lana C. Keeton
Consultant
600 Guadalupe #116
Austin, TX 78701

| Inv# | Amt | Inv# | Amt |
|---|---|---|---|
| 031412 | 5000.00 | | |

BLASINGAME, BURCH, GARRAD & ASHLEY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 832
ATHENS, GEORGIA 30603
TELEPHONE 706-354-4000

ATHENS FIRST BANK & TRUST COMPANY   64-7093/2611   NO. 0045

*** Five Thousand Eight Hundred Fifty ************************************************* 00/100

DATE 04/10/2012    AMOUNT $5,850.0

PAY TO THE ORDER OF  Lana C. Keeton

BLASINGAME, BURCH, GARRARD, & ASHLEY, P.
CHECKS OVER $1500.00 REQUIRE TWO SIGNATURE
VOID IF NOT CASHED WITHIN 90 DAYS

AUTHORIZED SIGNATURE

**STATE OF GEORGIA**

**ATHENS-CLARKE COUNTY**


EXHIBIT #2
page 1 of 2

### AFFIDAVIT

Personally appeared before me the undersigned an officer authorized to administer oaths, __Arica M. Waldron__, who on oath states and deposes as follows:

1.

I am above the age of 18 years, give this affidavit on my own personal knowledge, and am competent to swear to the facts stated herein.

2.

I am employed in the accounting department of the law firm Blasingame, Burch, Garrard & Ashley.

3.

I have reviewed the records of the law firm relating to invoices received from Lana Keeton and payments made to her by the law firm.

4.

I have reviewed the records of the law firm relating to requests for reimbursement for fees and expenses submitted by the law firm to the Plaintiff's Steering Committee or the Fee and Compensation Committee of the transvaginal mesh multidistrict litigation in the United States District Court for the Southern District of West Virginia.


EXHIBIT #2
page 2 of 2

5.

Based upon my review of the invoices submitted by Lana Keeton and paid by the law firm to her, I certify that none of the amounts invoiced by Lana Keeton and paid by the law firm have been reimbursed to the law firm by the PSC or the FCC. Further, I have reviewed all submissions that are required to be submitted to the FCC by September 29, 2017 and there are no submissions for reimbursement for invoices submitted to the law firm by Lana Keeton.

This 18 day of September, 2017.

*Anita M. Waldro*

Sworn to and subscribed before me
this 18 day of September, 2017.

_____
NOTARY PUBLIC

[Notary Seal: Kelly J. McDonald, Notary Public, Clarke County, Georgia, Exp. March 27, 2021]