Paul W. Flowers Co., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE: NEOMEDIC PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2511 |

***THIS DOCUMENT RELATES TO ALL CASES***

## ANDERSON LAW OFFICES' MOTION TO SCHEDULE HEARING

Anderson Law Offices ("ALO") requests that this Court schedule a hearing upon the pending objections to the common benefit fee recommendations, during which additional argumentation and evidence can be presented. This additional session is necessary as a result of the new criticisms that were recently leveled by the Fee and Cost Committee ("FCC") in the 74-page Omnibus Response filed April 8, 2019. The only response that ALO has been afforded to these previously undisclosed contentions was a 10-page Reply Brief. A hearing will enable a full and fair exploration of all the pertinent issues consistent with fundamental principles of due process so that this Court may render a truly informed decision. *In re High Sulfur Content Gasoline Prods. Liab. Lit.*, 517 F.3d 220, 231 (5th Cir. 2008) ("Non-Fee Committee members were entitled to notice and an opportunity to be heard."); *In re Fine Paper Antitrust Lit.*, 751 F.2d 562, 584 (3d Cir. 1984) ("Our equitable fund case law also makes clear that the attorneys' claim for fees from a fund in court is a cause of action, belonging to the attorneys, for the reasonable value of their services, for which a hearing is required.").

Initially, the FCC furnished ALO with a generic form letter on September 13, 2018, approving only 22,209.68 of the 33,220.93 hours of submitted time. *See FCC Preliminary Written Recommendation dated September 13, 2018, attached as Exhibit 1*. Attached to the letter as an exhibit was a single paragraph explanation for the staggering 33% deduction that was somewhat complimentary of the firm's efforts but also inaccurate in at least one significant respect. *Ex 2, attached*. The FCC had been under the mistaken impression that Attorney Benjamin Anderson ("Anderson") was just "a member of the Science Committee" when he was actually the National Science Co-Lead across all six MDLs. *Id*. The <u>only</u> specific criticism raised of the firm's submission was the cryptic comment that "the work was often done in an inefficient manner." *Id*. The FCC did not claim that the time entries were unrealistic, excessive, or duplicative of work performed by other firms. *Id*.

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

2

After ALO submitted its detailed and timely objections, the FCC issued its Final Recommendations still only approving 22,209.68 hours of common benefit time for ALO. Largely the same single paragraph explanation was provided, which still erroneously described Attorney Anderson as just "a member of the Science Committee." *Exhibit 3, attached.* Not one of the firm's objections were mentioned. *Id.* Once again, the FCC expressed no concerns specific to ALO with either excessive time entries or duplicative work. *Id.*

ALO lodged its objections with the External Review Specialist (ERS), but Anderson was not optimistic because the ERS had already signed his approval to the FCC's initial recommendations. *Exhibit 1, p.3.* The ERS also furnished a one-paragraph explanation specific to ALO, which expressed merely that he "remained concerned regarding the hours submitted by this firm." *Exhibit 4, attached.* Unlike the FCC, he did not suggest that the work had been conducted in an "inefficient manner." *Id.* The ERS recommended merely "an increase of 0.1142858%[.]" *Id.*

It was only after ALO exercised its final opportunity for written objections that the FCC's criticisms of the firm ballooned. The previously undisclosed denunciations spanned numerous pages and included a lengthy analysis of how ALO had supposedly claimed to be primarily responsible for a number of accomplishments for which other firms were also seeking credit. *Common Benefit Fee and Cost Committee's Omnibus Response filed April 8, 2019 ("FCC Omnibus Resp."), pp. 28-33.* None of this had ever been raised previously during roughly twelve months of common benefit fee application review. For the first time, the FCC advanced the curious argument that Attorney Anderson "submitted very little time and expense in connection with the Cook MDL[.]" *Id., p. 34.* The insinuation seems to be that if ALO wanted a lucrative recovery, the Cook time submissions should have been inflated. One would have thought that minimal time submissions would have been a hallmark of both efficiency and honesty, but evidently not in the FCC's view.

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

3

The FCC then proceed to identify purported admissions Attorney Anderson had made months earlier during his transcribed appearance in Atlanta, even though the purported concessions had never appeared to interest anyone previously. *FCC Omnibus Resp., pp. 34-35*. Next, the FCC entered its first foray into Anderson's well-documented claims of having recruited and developed key experts. *Id., pp. 36-37*. And for the first time his role in the landmark *Gross* trial in New Jersey was trivialized. *Id., pp. 36-37*. A lengthy admonishment followed ridiculing the notion that "a one-lawyer firm with two paralegals" could possibly be compared to the much larger FCC members. *Id., pp. 37-39*. No such concerns had been expressed at any prior time.

Finally, the FCC has leveled its first accusations of excessive time entries specific to ALO. *FCC Omnibus Resp., pp. 39-44*. Seemingly unconcerned that they had never thought to lodge such a criticism before, the FCC fumed that "Anderson's submissions are either reflective of an egregiously ineffective and inefficient use of time, or they are exaggerated – pure and simple." *Id., p. 39*. Not even the ERS had expressed any support for these assertions of billing fraud and deception. *Exhibit 4, attached*.

The FCC has also launched its first attack on the integrity of Nicholas Casey's report, which had been provided to them over 11-months earlier. *FCC's Omnibus Resp., pp. 43-44*. His supposedly "false and misleading" representation is founded upon nothing more than a far-fetched "insinuation" the FCC has concocted involving several experts ALO recruited and developed who either testified live in, or contributed indirectly to, the successful *Huskey* bellwether verdict. *Id., pp. 43-44*.

In a fair and honest judicial proceeding, litigants who have been accused of deception, falsification, and wrongdoing with respect to the relative common benefit of their work and value of their claim to a portion of a common fund must be afforded a meaningful opportunity to respond. *See In re Fine Paper Antitrust Lit.*, 751 F.2d at 584. The United States Court of Appeals for the Fourth Circuit explained how to assess what sort of hearing must be provided:

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

4

> Due process, at a minimum, requires that a person be given notice of impending action and afforded a hearing. * * * The nature of the notice and the quality of the hearing are determined by the competing interests involved. * * * Thus, when the property interest that is subject to the deprivation is of minor value, fairness requires a less formal hearing. <u>A more formal hearing would be expected when a significant property interest, one raising the possibility of a grievous or serious loss, is impacted.</u> (Emphasis added. Citations omitted.)

*Richardson v. Eastover*, 992 F.2d 1152, 1159 (4th Cir. 1991). A hearing is necessary to not only allow ALO to establish that the FCC's new denunciations are inaccurate and unfounded, but also to address the recent self-applause that permeates the 74-page Omnibus Response. The eight members' claims of having actually performed the work needed to justify their recovery of two-thirds of the common benefit fund are simply implausible and cannot withstand scrutiny. ALO is particularly troubled by the chart that has been submitted representing that five of the member firms had committed between 35 and 89 attorneys and paralegals to the TVM common benefit effort, which is highly unlikely to be accurate. *FCC Omnibus Resp., p. 38*.

Finally, it must be noted that the FCC has only recently asserted the position that objecting firms bear some heightened "burden" to justify their fee-awards. *FCC Omnibus Resp., pp. 5, 6, 9, 21, 34, 50, 54, 63, 69.* It would have seemed that all the participating firms are equally obligated to substantiate their recoveries, but the FCC members apparently believe that anyone who has the temerity to question their self-dealing must be saddled with a heavier standard of proof. Regardless, it is unrealistic to expect that this new burden could have been satisfied in a 10-page Reply that was also required to confront numerous other issues that had been asserted in the 74-page Omnibus Response. Holding a hearing on the objections is the only approach this Court can take that will ensure that ALO's basic due process rights are preserved.

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

## CONCLUSION

For the foregoing reasons, this Court should schedule a hearing to permit additional evidence and arguments to be presented in further support of ALO's objections.

Respectfully Submitted,

*s/Richard L. Gottlieb*
Richard L. Gottlieb, Esq. (WV# 1447)
Webster J. Arceneaux, III, Esq. (WV# 155)
**LEWIS GLASSER PLLC**
300 Summers Street, Suite 700
Charleston, West Virginia 25301
(304) 345-2000
rgottlieb@lewisglasser.com
wjarceneaux@lewisglasser.com

*s/Paul W. Flowers*
Paul W. Flowers, Esq. (Ohio #0046625)
Louis E. Grube, Esq. (Ohio #0091337)
**PAUL W. FLOWERS CO., L.P.A.**
50 Public Square, Suite 1910
Cleveland, Ohio  44113
(216) 344-9393
pwf@pwfco.com
leg@pwfco.com

*Attorneys for Anderson Law Offices*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2019, the foregoing **Motion** was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*s/Paul W. Flowers*
Paul W. Flowers, Esq. (#0046625)
**PAUL W. FLOWERS, CO., L.P.A.**

*Attorney for Anderson Law Offices*

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395