implementation by the FCC. It is further a testament to the reasonableness of certain objectors and the FCC, as well as a willingness to reach compromise despite good faith disagreements concerning the ultimate common benefit value provided by a particular firm. Only four objectors remain, and I discuss each in turn below. I am satisfied that the methods employed by the FCC, as well as my methodology in making allocations, is consistent with applicable precedent, as well as the directives given to me by this Court. For each of the four firms that continue to object to the FCC's Final Written Recommendation after my meetings and conversations with them, I make the following findings and recommendations regarding allocation of common benefit funds:

1. **Anderson Law Offices:** I received the materials submitted by this objector, met with this objector and considered the contribution of the firm to the common benefit of the litigation. I participated in observing the review of the hours submitted by this objector, and I remain concerned regarding the hours submitted by this firm. In balancing the information gained from representatives of this objector with the information gleaned from the evidence developed throughout the common benefit review process under the Protocol, I recommend an increase of 0.1142858% which when considered in light of the anticipated $350,000,000 initial fund for distribution for common benefit fees results in an effective increase of $400,000.00. This increase in the recommended award results in a total percentage of 2.1742858%% as reflected in **Exhibit 1** hereto.

2. **Bernstein Liebhard:** I received the materials submitted by this objector, met with this objector and considered the contribution of the firm to the common benefit of the litigation. In balancing the information gained from representatives of this objector with the information gleaned from the evidence developed throughout the common benefit review process under the Protocol, I recommend an increase of 0.1285715%