IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION                        MDL 2327

---------------------------------------------------
THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 336

(Order re: Diligent Completion of Settlements)

The vast majority of cases filed in MDLs 2187, 2325, 2326, 2327 and 2387 have been settled subject to the terms of Master Settlement Agreements entered into by plaintiff's counsel and defendants. As is common in all multidistrict litigation, those agreements trigger necessary communications between lawyers and their individual clients as well as final resolution of third-party claims among other requirements. This court is keenly aware that the processes that follow a Master Settlement Agreement require some reasonable period of time. That said, the court notes that what is a reasonable amount of time assumes the diligence of plaintiff's counsel.

The court is satisfied that leadership counsel have worked diligently to assist and expedite the completion of settlements. Nevertheless, daily monitoring of the status of cases led the court to conclude months ago that a minority of plaintiff's lawyers were not devoting the necessary resources to bring these individual cases to a conclusion for their clients. The court found it necessary to enter orders that, put plainly, force lawyers to act in a reasonably expeditious manner to complete settlements, or in default of such actions, to prepare to try such cases in short order.

Those orders were also addressed to defense counsel as some unjustified delays could be attributed to their inattention.

It has come to the court's attention that a few lawyers now blame other parties and the court for their own delays. Again, ethical considerations remind counsel that "reasonable diligence does not require the use of offensive tactics or preclude the treating of all persons involved in the legal process with courtesy and respect." MODEL RULES OF PROF'L CONDUCT r. 1.3 cmt. (AM. BAR ASS'N 2018).

Counsel are once again reminded of their ethical obligations to "act with reasonable diligence and promptness in representing" their clients. *Id.* Unreasonable delays undermine client's confidence in counsel and in the legal process. The court expects and **ORDERS** each counsel to promptly and competently conclude their settlements.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: April 29, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE