IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| ------------------------------------------------------ | |
| ETHICON WAVE 10 CASE LISTED IN EXHIBIT A | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

### DEFENDANTS' MOTION TO LIMIT THE GENERAL OPINIONS AND TESTIMONY OF RICARDO GONZALEZ, M.D.

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") move to limit the general opinions and testimony of Plaintiffs' expert, Dr. Ricardo Gonzalez.[1] As set forth in the Amended Memorandum of Law in Support of Defendants' Motion to Limit the Opinions and Testimony of Ricardo Gonzalez, M.D., *Diane Kropf v. Ethicon, Inc., et al.*, No. 2:12-cv-01202, Doc. No. 124 ["*Kropf* Memorandum"], several of Dr. Gonzalez's opinions on general causation issues are speculative, unreliable, and otherwise inadmissible under the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.

In support of this Motion, Ethicon incorporates the *Kropf* Memorandum and the exhibits attached to the Defendants' Motion to Limit the Opinions and Testimony of Ricardo Gonzalez, M.D., *Diane Kropf v. Ethicon, Inc., et al.*, No. 2:12-cv-01202, Doc. No. 122.

---

[1] Dr. Gonzalez has only been identified as an expert in one Wave 10 case, *Diane Kropf v. Ethicon, Inc., et al.*, No. 2:12-cv-01202. See Exhibit A. Plaintiff's disclosure in that case is ambiguous as to whether Dr. Gonzalez was designated as an expert on both general and specific causation or whether he will only offer specific causation opinions. Dr. Gonzalez's report in that case contains both general and case-specific opinions, and Ethicon challenges these opinions on both case-specific and general grounds. Therefore, in an abundance of caution, Ethicon files this motion in the main MDL in the event Dr. Gonzalez's opinions are construed as general causation issues for purposes of Paragraph B.1 of PTO #320.

WHEREFORE, FOR THESE REASONS and as more fully set forth in the *Kropf* Memorandum, Ethicon respectfully requests that this Court enter an order granting Ethicon's Motion to Limit the General Opinions and Testimony of Dr. Ricardo Gonzalez.

Respectfully submitted,

*/s/ Susan M. Robinson*
Susan M. Robinson (W.Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
srobinson@tcspllc.com

*/s/ William M. Gage*
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
William.Gage@butlersnow.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Susan M. Robinson
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com