SETTLEMENT FUND ESCROW AGREEMENT

ESCROW AGREEMENT, dated as of March 11, 2019, (the "Agreement") by and among Johnson & Johnson and Ethicon Inc. (together, "Company"), Douglas & London P.C. ("Plaintiffs' Counsel") and The Garretson Resolution Group, Inc., d/b/a Garretson Resolution Group, a Delaware corporation, as escrow agent (the "Escrow Agent").

WHEREAS, pursuant to a Settlement Agreement dated as of December 3, 2018 (the "Settlement Agreement"), the Company has agreed, under certain circumstances, to make contributions into a settlement fund to be held in escrow subject to the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by each of the parties hereto, the parties hereto, intending to be legally bound, do hereby agree as follows:

Section 1. <u>Appointment of Escrow Agent</u>. Company and Plaintiffs' Counsel hereby appoint Garretson Resolution Group as escrow agent in accordance with the terms and conditions set forth herein, and the Escrow Agent hereby accepts such appointment. The Escrow Agent shall open an account with Deutsche Bank, N.A, as the custodial bank ("Custodian") to hold settlement proceeds in escrow.

Section 2. <u>Deposit into the Escrow Property</u>. Company, pursuant to the terms of the confidential Settlement Agreement, shall deposit into the account established by the Escrow Agent with the Custodian the sum of ▇▇▇▇▇▇▇ in immediately available funds, and such additional deposit as required under the terms of the Settlement Agreement (the "Escrowed Proceeds"). The foregoing property and/or funds received into the escrow account, less any property and/or funds distributed or paid in accordance with this Agreement, are collectively referred to herein as the "Escrow Property". The Escrowed Property shall be held in one or more demand deposit accounts established with the Custodian (the "Escrow Account") and the Escrow Agent shall invest and reinvest, or direct the Custodian to invest and reinvest, the Escrowed Property and proceed thereof in an interest bearing deposit demand account(s) held with the Custodian. No other investment is permitted hereunder. The Escrow Agent shall have no duty to solicit the Escrow Property. Company and Plaintiffs' Counsel shall notify the Escrow Agent in writing at or prior to the time when Escrowed Proceeds are sent to the Escrow Agent pursuant to this Agreement. The Escrow Agent shall have no liability for Escrowed Proceeds sent to it that remain unclaimed and/or are returned if such written notification is not given.

Section 3. <u>Distribution of Escrow Property</u>. The Escrow Agent shall hold the Escrow Property in the Escrow Account until instructed hereunder to deliver the Escrow Property or any specified portion thereof in accordance with a written release notice signed jointly by an Authorized Person of Company and Plaintiffs' Counsel ("Written Instructions"). If at any time the Escrow Agent receives Written Instructions or the Escrow Agent receives from Company or Plaintiffs' Counsel a final and non-appealable order of the Court ("Final Order") as to the disposition of all or a portion of the Escrow Fund, the Escrow Agent will, within ten (10) Business Days of receipt, disburse the Escrow Fund in accordance with the Written Instructions or Final Order. All Written Instructions shall contain a certification that the Written Instructions are (a) reviewed and approved by Plaintiffs' Counsel and Company, and (b) made in accordance with the terms of the Settlement Agreement, and / or Final Order, as the case may be. Furthermore, the Written Instructions shall include: (1) the amount to be disbursed, (2) the name of the person or entity to whom the amount should be disbursed, and (3) wire or payee instructions for the

disbursement. The Written Instructions shall be in substantially the same form as Exhibit __ to this Agreement. Following the Escrow Agent's disbursement directions to the Custodian consistent with the Written Instructions, the Escrow Agent shall provide each of Company and Plaintiffs' Counsel's Authorized Persons with confirmation of the disbursement, via electronic mail or otherwise.

Termination. This Agreement shall terminate upon the distribution of all Escrow Property from the Escrow Account established hereunder. The provisions of Sections 5, 7 and 8 shall survive the termination of this Agreement and the earlier resignation or removal of the Escrow Agent.

Section 4. Compensation of Escrow Agent. The Escrow Agent and Custodian shall be entitled to payment from Plaintiffs' Counsel from the Escrow Property for customary fees and expenses for all services rendered by them hereunder as separately agreed to in writing between Plaintiffs' Counsel and the Escrow Agent (as such fees may be adjusted from time to time). It is understood by all parties that any Custodian's fee may be deducted from the Escrow Property when it becomes due. Annual fees are due annually in advance for each year or any part thereof. Company and Plaintiff's Counsel shall reimburse the Escrow Agent on demand for all loss, liability, damage, disbursements, advances or expenses paid or incurred by it in the administration of its duties hereunder, including, but not limited to, all counsel, advisors' and agents' fees and disbursements and all taxes or other governmental charges. At all times, the Escrow Agent will have a right of set off and first lien on the funds in the Escrow Property for payment of customary fees and expenses and all such loss, liability, damage or expenses. Such compensation and expenses shall be paid from the Escrow Property to the extent not otherwise paid within thirty (30) calendar days after an invoice has been rendered. The obligations contained in this Section 5 shall be joint and several obligations of Company and Plaintiffs' Counsel, and shall survive the termination of this Agreement and the resignation or removal of the Escrow Agent.

Section 5. Resignation of Escrow Agent. The Escrow Agent may resign and be discharged from its duties hereunder at any time by giving thirty (30) calendar days' prior written notice of such resignation to Company and Plaintiffs' Counsel. Company and Plaintiffs' Counsel may remove the Escrow Agent at any time by giving thirty (30) calendar days' prior written notice to the Escrow Agent. Upon such notice, a successor escrow agent shall be appointed by Company and Plaintiffs' Counsel, who shall provide written notice of such to the resigning Escrow Agent. Such successor escrow agent shall become the escrow agent hereunder upon the resignation or removal date specified in such notice. If Company and Plaintiffs' Counsel are unable to agree upon a successor escrow agent within thirty (30) calendar days after such notice, the Escrow Agent may, in its sole discretion, deliver the Escrow Property to Company at the address provided herein or may apply to a court of competent jurisdiction for the appointment of a successor escrow agent or for other appropriate relief. The costs and expenses (including its attorneys' fees and expenses) incurred by the Escrow Agent in connection with such proceeding shall be paid by Company. Upon receipt of the identity of the successor escrow agent, the Escrow Agent shall deliver the Escrow Property then held hereunder to the successor Escrow Agent, less the Escrow Agent's fees, costs and expenses or other obligations owed to the Escrow Agent. Upon its resignation and delivery of the Escrow Property as set forth in this Section 6, the Escrow Agent shall be discharged of and from any and all further obligations arising in connection with the Escrow Property or this Agreement.

Section 6. Indemnification of Escrow Agent. Company and Plaintiffs' Counsel shall jointly and severally indemnify, defend and hold harmless the Escrow Agent and its officers, directors, employees, representatives and agents, from and against and reimburse the Escrow Agent for any and all claims, expenses, obligations, liabilities, losses, damages, injuries (to person, property, or natural resources), penalties, stamp or other similar taxes, actions, suits, judgments, reasonable costs and expenses (including reasonable attorney's fees and expenses) of whatever kind or nature regardless of their merit, demanded, asserted or claimed against the Escrow Agent directly or indirectly relating to, or arising from, claims against the Escrow Agent by reason of its participation in the transactions contemplated hereby,

v.072612

including without limitation all reasonable costs required to be associated with claims for damages to persons or property, and reasonable attorneys' and consultants' fees and expenses and court costs except to the extent caused by the Escrow Agent's gross negligence or willful misconduct. The provisions of this Section 7 shall survive the termination of this Agreement or the earlier resignation or removal of the Escrow Agent.

Section 7.   The Escrow Agent.

(a)   The duties, responsibilities and obligations of Escrow Agent shall be limited to those expressly set forth herein and no duties, responsibilities or obligations shall be inferred or implied against the Escrow Agent. The Escrow Agent shall not be subject to, nor required to comply with, any other agreement to which Company or Plaintiffs' Counsel is a party, even though reference thereto may be made herein, or to comply with any direction or instruction (other than those contained herein or delivered in accordance with this Agreement) from Company or Plaintiffs' Counsel or an entity acting on its behalf. The Escrow Agent shall not be required to expend or risk any of its own funds or otherwise incur any liability, financial or otherwise, in the performance of any of its duties hereunder.

(b)   If at any time the Escrow Agent is served with any judicial or administrative order, judgment, decree, writ or other form of judicial or administrative process which in any way affects the Escrow Property (including but not limited to orders of attachment or garnishment or other forms of levies or injunctions or stays relating to the transfer of the Escrow Property), the Escrow Agent is authorized to comply therewith in any manner it or legal counsel of its own choosing deems appropriate; and if the Escrow Agent complies with any such judicial or administrative order, judgment, decree, writ or other form of judicial or administrative process, Escrow Agent shall not be liable to any of the parties hereto or to any other person or entity even though such order, judgment, decree, writ or process may be subsequently modified or vacated or otherwise determined to have been without legal force or effect.

(c)   The Escrow Agent shall not be liable for any action taken or omitted or for any loss or injury resulting from its actions or its performance or lack of performance of its duties hereunder in the absence of gross negligence or willful misconduct on its part. In no event shall the Escrow Agent be liable (i) for acting in accordance with or conclusively relying upon any instruction, notice, demand, certificate or document from Company and Plaintiffs' Counsel or any entity acting on behalf of the Company or Plaintiffs' Counsel, (ii) for any indirect, consequential, punitive or special damages, regardless of the form of action and whether or not any such damages were foreseeable or contemplated, (iii) for the acts or omissions of its nominees, correspondents, designees, agents, subagents or subcustodians, or (iv) for an amount in excess of the value of the Escrow Property, valued as of the date of deposit, but only to the extent of direct money damages.

(d)   If any fees, expenses or costs incurred by, or any obligations owed to, the Escrow Agent or its counsel hereunder are not promptly paid when due, the Escrow Agent may reimburse itself therefor from the Escrow Property

(e)   As security for the due and punctual performance of any and all of Company's and Plaintiffs' Counsel's obligations to the Escrow Agent hereunder, now or hereafter arising, Company and Plaintiffs' Counsel hereby pledge, assign and grant to the Escrow Agent a continuing security interest in, and a lien on, the Escrow Property. The security interest of the Escrow Agent shall at all times be valid, perfected and enforceable by the Escrow Agent against the Company and Plaintiffs' Counsel and all third parties in accordance with the terms of this Agreement.

(f)   The Escrow Agent may consult with legal counsel of its own choosing, at the expense of the Company and Plaintiffs' Counsel, as to any matter relating to this Agreement, and the

v.072612

Escrow Agent shall not incur any liability in acting in good faith in accordance with any advice from such counsel.

(g) The Escrow Agent shall not incur any liability for not performing any act or fulfilling any duty, obligation or responsibility hereunder by reason of any occurrence beyond the control of the Escrow Agent (including but not limited to any act or provision of any present or future law or regulation or governmental authority, any act of God or war, civil unrest, local or national disturbance or disaster, any act of terrorism, or the unavailability of the Federal Reserve Bank wire or facsimile or other wire or communication facility).

(h) The Escrow Agent shall be entitled to conclusively rely upon any order, judgment, certification, demand, notice, instrument or other writing delivered to it hereunder without being required to determine the authenticity or the correctness of any fact stated therein or the propriety or validity or the service thereof. The Escrow Agent may act in conclusive reliance upon any instrument or signature believed by it to be genuine and may assume that any person purporting to give receipt or advice to make any statement or execute any document in connection with the provisions hereof has been duly authorized to do so.

(i) The Escrow Agent shall not be responsible in any respect for the form, execution, validity, value or genuineness of documents or securities deposited hereunder, or for any description therein, or for the identity, authority or rights of persons executing or delivering or purporting to execute or deliver any such document, security or endorsement. The Escrow Agent shall not be called upon to advise any party as to the wisdom in selling or retaining or taking or refraining from any action with respect to any securities or other property deposited hereunder.

(j) The Escrow Agent shall not be under any duty to give the Escrow Property held by it hereunder any greater degree of care than it gives its own similar property and shall not be required to invest any funds held hereunder. Uninvested funds held hereunder shall not earn or accrue interest.

(k) When the Escrow Agent acts on any information, instructions, communications, (including, but not limited to, communications with respect to the delivery of securities or the wire transfer of funds) sent by telex, facsimile, email or other form of electronic or data transmission, the Escrow Agent, absent gross negligence, shall not be responsible or liable in the event such communication is not an authorized or authentic communication of the Company or Plaintiffs' Counsel or is not in the form Company and Plaintiffs' Counsel sent or intended to send (whether due to fraud, distortion or otherwise). Company and Plaintiffs' Counsel shall indemnify the Escrow Agent against any loss, liability, claim or expense (including legal fees and expenses) it may incur with its acting in accordance with any such communication.

(l) In the event of any ambiguity or uncertainty hereunder or in any notice, instruction or other communication received by the Escrow Agent hereunder, the Escrow Agent may, in its sole discretion, refrain from taking any action other than to retain possession of the Escrow Property, unless the Escrow Agent receives written instructions, signed by Company and Plaintiffs' Counsel, which eliminates such ambiguity or uncertainty.

(m) In the event of any dispute between or conflicting claims among Company and Plaintiffs' Counsel and any other person or entity with respect to any Escrow Property, the Escrow Agent shall be entitled, in its sole discretion, to refuse to comply with any and all claims, demands or instructions with respect to such Escrow Property so long as such dispute or conflict shall continue, and the Escrow Agent shall not be or become liable in any way to Company and Plaintiffs' Counsel for failure or refusal to comply with such conflicting claims, demands or instructions. The Escrow Agent shall be entitled to

v.072612

refuse to act until, in its sole discretion, either (i) such conflicting or adverse claims or demands shall have been determined by a final order, judgment or decree of a court of competent jurisdiction, which order, judgment or decree is not subject to appeal, or settled by agreement between the conflicting parties as evidenced in a writing satisfactory to the Escrow Agent or (ii) the Escrow Agent shall have received security or an indemnity satisfactory to it sufficient to hold it harmless from and against any and all losses which it may incur by reason of so acting. Any court order, judgment or decree shall be accompanied by a legal opinion by counsel for the presenting party, satisfactory to the Escrow Agent, to the effect that said order, judgment or decree represents a final adjudication of the rights of the parties by a court of competent jurisdiction, and that the time for appeal from such order, judgment or decree has expired without an appeal having been filed with such court. The Escrow Agent shall act on such court order and legal opinions without further question. The Escrow Agent may, in addition, elect, in its sole discretion, to commence an interpleader action or seek other judicial relief or orders as it may deem, in its sole discretion, necessary. The costs and expenses (including reasonable attorneys' fees and expenses) incurred in connection with such proceeding shall be paid by, and shall be deemed a joint and several obligation of, Company and Plaintiffs' Counsel.

(n) The Escrow Agent shall have no responsibility for the contents of any writing of the arbitrators or any third party contemplated herein as a means to resolve disputes and may conclusively rely without any liability upon the contents thereof.

(o) The Escrow Agent does not have any interest in the Escrow Property deposited hereunder but is serving as escrow holder only and having only possession thereof. Plaintiffs' Counsel shall pay or reimburse the Escrow Agent upon request for any transfer taxes or other taxes relating to the Escrow Property incurred in connection herewith and shall indemnify and hold harmless the Escrow Agent from any amounts that it is obligated to pay in the way of such taxes. Any payments of income from this Escrow Account shall be subject to withholding regulations then in force with respect to United States taxes. Plaintiffs' Counsel will provide the Escrow Agent with appropriate W-9 forms for tax identification number certifications, or W-8 forms for non-resident alien certifications. It is understood that the Escrow Agent shall only be responsible for income reporting with respect to income earned on the Escrow Property, if any, and will not be responsible for any other reporting. This paragraph shall survive notwithstanding any termination of this Agreement or the resignation or removal of the Escrow Agent.

(p) The Escrow Agent shall obtain from Custodian and provide to Company and Plaintiffs' Counsel monthly statements identifying transactions, transfers or holdings of Escrow Property and each such statement shall be deemed to be correct and final upon receipt thereof by Company and Plaintiffs' Counsel unless the Escrow Agent is notified in writing, by Company and Plaintiffs' Counsel, to the contrary within thirty (30) business days of the date of such statement.

Section 8. Miscellaneous. (a) This Agreement embodies the entire agreement and understanding among the parties relating to the subject matter hereof.

(b) This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to the principles of conflict of laws.

(c) Each of the parties hereto hereby irrevocably consents to the jurisdiction of the courts of the State of New York and of any Federal Court located in the Borough of Manhattan in such State in connection with any action, suit or other proceeding arising out of or relating to this Agreement or any action taken or omitted hereunder, and waives any claim of forum non conveniens and any objections as to laying of venue. Each party further waives personal service of any summons, complaint or other process and agrees that service thereof may be made by certified or registered mail directed to such person at such person's address for purposes of notices hereunder.

v.072612

(d) All notices and other communications under this Agreement shall be in writing in English and shall be deemed given when delivered personally, on the next Business Day after delivery to a recognized overnight courier or mailed first class (postage prepaid)or when sent by facsimile to the parties (which facsimile copy shall be followed, in the case of notices or other communications sent to the Escrow Agent, by delivery of the original) at the following addresses (or to such other address as a party may have specified by notice given to the other parties pursuant to this provision):

**If to Company:**
Office of General Counsel
One Johnson & Johnson Plaza WH6144
New Brunswick, NJ 08933
Attention: Zane Riester, Esq.
Phone No.: 732-524-3915
Facsimile No.: 732-524-2788
Email: zriester@its.jnj.com

**With copies to:**
Butler Snow LLP
Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158-6010
Attention: Donna Jacobs, Esq. and Eric Hudson, Esq.
Phone No.:601-985-4523
Facsimile No.:601-985-4500
Email: donna.jacobs@butlersnow.com
Email: eric.hudson@butlersnow.com

**If to Plaintiffs' Counsel, to:**
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Attention: Michael A. London, Esq. and Kristin Padden, Esq.
Phone No.: (212) 566-7500
Facsimile No.: (212) 566-7501
Email: mlondon@douglasandlondon.com
Email: kpadden@douglasandlondon.com

**If to the Escrow Agent, to:**
Garretson Resolution Group, Inc.:
6281 Tri-Ridge Blvd, Suite 200
Loveland, Ohio 45140
Attention: Sylvius H. von Saucken, Fiduciary
Phone No.: (704) 559-4031 ; (cell) (513) 535-8669
Facsimile No.: (704) 559-4331
Email: svs@garretsongroup.com

(e) The headings of the Sections of this Agreement have been inserted for convenience and shall not modify, define, limit or expand the express provisions of this Agreement.

v.072612

(f) This Agreement and the rights and obligations hereunder of parties hereto may not be assigned except with the prior written consent of the other parties hereto. This Agreement shall be binding upon and inure to the benefit of each party's respective successors and permitted assigns. Except as expressly provided herein, no other person shall acquire or have any rights under or by virtue of this Agreement. This Agreement is intended to be for the sole benefit of the parties hereto, and (subject to the provisions of this Section 9(f)) their respective successors and assigns, and none of the provisions of this Agreement are intended to be, nor shall they be construed to be, for the benefit of any third person.

(g) This Agreement may not be amended, supplemented or otherwise modified without the prior written consent of the parties hereto.

(h) The Escrow Agent makes no representation as to the validity, value, genuineness or the collectability of any security or other document or instrument held by or delivered to it.

(i) The parties acknowledge that in order to help the United States government fight the funding of terrorism and money laundering activities, pursuant to Federal regulations that became effective on October 1, 2003 (Section 326 of the USA PATRIOT Act) all financial institutions are required to obtain, verify, record and update information that identifies each person establishing a relationship or opening an account. The parties to this Agreement agree that they will provide to Custodian such information as it may request, from time to time, in order for Custodian to satisfy the requirements of the USA PATRIOT Act, including but not limited to the name, address, tax identification number and other information that will allow it to identify the individual or entity who is establishing the relationship or opening the account and may also ask for formation documents such as articles of incorporation or other identifying documents to be provided.

(j) This Agreement may be executed in two or more counterparts, whether by electronic signature, via transmission by facsimile, or otherwise, each of which shall be an original, but all of which together shall constitute one and the same instrument.

(k) The rights and remedies conferred upon the parties hereto shall be cumulative, and the exercise or waiver of any such right or remedy shall not preclude or inhibit the exercise of any additional rights or remedies. The waiver of any right or remedy hereunder shall not preclude the subsequent exercise of such right or remedy.

(l) Company and Plaintiffs' Counsel hereby represents and warrants (i) that this Agreement has been duly authorized, executed and delivered on its behalf and constitutes its legal, valid and binding obligation and (ii) that the execution, delivery and performance of this Agreement by Company and Plaintiffs' Counsel does not and will not violate any applicable law or regulation.

(m) The invalidity, illegality or unenforceability of any provision of this Agreement shall in no way affect the validity, legality or enforceability of any other provision; and if any provision is held to be unenforceable as a matter of law, the other provisions shall not be affected thereby and shall remain in full force and effect.

(n) For purposes of this Agreement, "Business Day" shall mean any day that is not a Saturday or Sunday or a day on which banks are required or permitted by law or executive order to be closed in the City of New York.

(o) For purposes of sending and receiving instructions or directions hereunder, all such instructions or directions shall be, and the Escrow Agent may conclusively rely upon such instructions or directions, delivered, and executed by representatives of Company and of Plaintiffs' Counsel

v.072612

designated on Scheduled I attached hereto and made a part hereof (each such representative, an "Authorized Person") which such designation shall include specimen signatures of such representatives, as such Schedule I may be updated from time to time.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

Johnson & Johnson and Ethicon Inc.

By _____
Name: Zane Riester
Title: Senior Counsel

Doulas & London P.C.

By _____
Name: Michael London
Title: Partner/owner

GARRETSON RESOLUTION GROUP,
as Escrow Agent

By _____
Name: Svon Saucken
Title: FIDUCIARY

By _____
Name:
Title:

v.072612

Schedule I

Authorized Representatives of Company

| Name | Title | Specimen Signature |
|---|---|---|
| Zane Riester | Senior Counsel | [signature] |
| Donna Jacobs | Outside counsel | [signature] |
| Eric Hudson | Outside counsel | [signature] |

Authorized Representatives of Plaintiffs' Counsel

| Name | Title | Specimen Signature |
|---|---|---|
| Michael Landy | attorney/partner | [signature] |
| Kristin Fadden | attorney | [signature] |

44607408.v1
45001817.v1
46289406.v1