IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON INC., | : | MDL No. 2327 |
| PELVIC REPAIR SYSTEM PRODUCTS | : | |
| LIABILITY LITIGATION | : | Judge Joseph R. Goodwin |
| | : | |

**QUALIFIED PROTECTIVE ORDER**

Laminack, Pirtle & Martines, L.L.P. ("Plaintiffs' Counsel"), on behalf of certain plaintiffs in this MDL 22327 and other Claimants, as defined in, and listed on Exhibits A-D to, a confidential Master Settlement Agreement ("MSA") with Defendants Ethicon, Inc., Johnson & Johnson and Ehticon, LLC ( Collectively "Ethicon"), has filed an Unopposed Motion requesting entry of a Qualified Protective Order. The Motion seeks this Order to aid in the resolution of liens and reimbursement and subrogation claims asserted with respect to Medicare benefits provided by the federal government and also pursuant to Medicare Part C (any Medicare Advantage Plan); Medicaid liens; other governmental health care programs with statutory reimbursement or subrogation rights; and certain private insurers (collectively "Third-Party Payors") against the Claimants. The Motion seeks entry of an Order compliant with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable privacy laws as necessary to permit Third-Party Payors to transmit certain protected health information of the Claimants and associated Ethicon Pelvic Product-Implanted Persons , as defined in the MSA, directly to the lien resolution administrator retained by Plaintiffs' Counsel, Archer Systems ("LRA") to assist in the resolution of the Third-Party Payors' interests.

The Court, having reviewed the Motion and finding that receipt of certain information maintained by Third-Party Payors asserting potential liens will aid the LRA in the resolution of such liens as set forth in the MSA, hereby **FINDS** and **ORDERS** as follows:

1. The Motion is **GRANTED.**

2. This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, and information that is confidential or otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable state law, created, received or collected from Claimants or the Third-Party Payors to assist in the resolution of the Third-Party Payors' potential lien and reimbursement claims, including, but not limited to:

   a. names and addresses, dates of birth, social security numbers, identification numbers and other demographic information that identifies, or could be used to identify, Claimants or associated Ethicon pelvic product-implanted persons;

   b. eligibility and entitlement information of Claimants or associated Ethicon Pelvic Product-Implanted Persons;

   c. claims information relating to the past, present, or future healthcare of Claimants or associated Ethicon Pelvic Product-Implanted Persons;

   d. claims information relating to the provision of healthcare to Claimants or associated Ethicon Pelvic Product-Implanted Persons;

    e. claims information relating to the past, present, or future payment for the provision of healthcare to Claimants or associated Ethicon Pelvic Product-Implanted Persons; and

    f. settlement information, including the terms and conditions of the MSA, bases for allocation of settlement funds, and allocations of settlement funds made.

  3. Third-Party Payors may disclose to the LRA, and the LRA is duly authorized to receive, Third-Party Payors' claims and other protected health information for those Claimants or associated Ethicon Pelvic Product-Implanted Persons in accordance with 45 CFR § 164.506(c)(4)(ii), "[u]ses and disclosures to carry out treatment, payment or healthcare operations" and any other applicable state law.

  4. To assist in the resolution of any Third-Party Payors' interests, the Third-Party Payors are hereby authorized and directed to transmit to the LRA any and all information, including Third-Party Payors' claims information and other protected health information, for those Claimants or associated Ethicon Pelvic Product-Implanted Persons against whom they have asserted liens or reimbursement claims.

  5. The LRA is authorized to provide a list of Claimants or associated Ethicon Pelvic-Product Implanted Persons to the Third-Party Payors that have been identified as a potential lien holder of respective Claimants or associated Ethicon Pelvic Product-Implanted Persons (collectively, "the Lists").

  6. The LRA shall not use or disclose any protected health information or individually identifiable health information subject to this Order for any purpose other than the administration of this settlement and the performance of its duties. Similarly, each of the Third-Party Payors shall only use the Lists for the specific purposes identified in this Order. Each of

the Third-Party Payors shall only make the Lists available to those within its respective agency or organization who need access to the Lists for the specific purpose stated in this paragraph. If any of the Third-Party Payors identified in this Order utilizes outside vendors or companies to perform part or all of its tort recovery practices, those outside vendors or companies shall be expressly bound by all terms and conditions of this Order.

7. The LRA shall maintain any confidential or protected or individually identifiable health information subject to this Order in a secure and safe area and shall exercise the standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such protected health information required by HIPAA and other applicable privacy laws.

8. At the conclusion of the administration of the settlement, upon request, the LRA shall certify to the Third-Party Payors that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

ENTERED: _____   _____
                                                                                Honorable Joseph R. Goodwin