# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Marilyn Clark and James Lee Clark v. Ethicon, Inc., et al.*<br><br>Case No. 2:16-cv-00324 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFFS' DESIGNATION AND
DISCLOSURE OF CASE-SPECIFIC EXPERT WITNESSES**

Pursuant to Pretrial Order (PTO) # 320, Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned civil action ("Plaintiffs") submit the following Designation and Disclosure of Case-Specific Expert Witness and persons who may provide expert testimony specific to Plaintiffs' case pursuant to Rule 702 of the Federal Rules of Evidence.

**RETAINED EXPERT WITNESSES**

1) Brian Raybon, MD (Urogynecologist) (adoption of previously served reports)
   79 Doyle Street
   Toccoa, GA 30577

2) Michael Thomas Margolis (Urogynecologist) (adoption of previously served reports)
   Bay Area Pelvic Surgery
   1820 Ogden Dr.
   Burlingame, California 94010

3) Scott Guelcher, PhD (Materials) (adoption of previously served reports)
   Polymer and Chemical Technologies, LLC
   1008 Caldwell Avenue
   Nashville, TN 37204

4) Suzanne Parisian, MD (Regulatory) (adoption of previously served reports)
   MD Assist, Inc.
   7117 N. 3rd Street
   Phoenix, AZ 85020

5) Kevin Jovanovic, MD, FACOG, FACS
   930 Fifth Avenue, Suite 3
   New York, NY 10021

A General Designation and Disclosure has been or is being served by and on behalf of the wave 10 cases for general expert opinions. In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiffs reserve the right to elicit testimony, either through direct examination or cross-examination, of other of the general witnesses designated or identified by Plaintiffs. In no event, however, will Plaintiffs' retained experts at trial exceed five (5) experts without leave of Court for good cause shown. Plaintiffs further reserve the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

                  Respectfully submitted,

                  **KLINE & SPECTER, PC**

BY: _____
    LEE B. BALEFSKY, ESQUIRE
    CHRISTOPHER A. GOMEZ, ESQUIRE
    1525 Locust Street
    Philadelphia, PA 19102
    215-772-1000
    *Attorneys for Plaintiffs*

Dated: May 24, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Marilyn Clark and James Lee Clark v. Ethicon, Inc., et al.*<br><br>Case No. 2:16-cv-00324 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

### CERTIFICATE OF SERVICE OF PLAINTIFF'S DESIGNATION AND DISCLOSURE OF GENERAL AND CASE-SPECIFIC EXPERT WITNESSES

I hereby certify that on May 24, 2019, I electronically served Plaintiff's Designation and Disclosure of General and Case-Specific Expert Witnesses on counsel of record.

KLINE & SPECTER, PC

BY: _____
LEE B. BALEFSKY, ESQUIRE
CHRISTOPHER A. GOMEZ, ESQUIRE
*Attorneys for Plaintiffs*

1