UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## ORDER REGARDING DISCOVERY IN NON-MDL FEDERAL COURT CASES

This Court is the Transferee Court presiding over the Multi-District Litigation, In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation, MDL No. 2327 ("MDL"). As of June 21, 2018, the MDL stopped accepting transferee cases. Accordingly, cases filed as of June 21, 2018 will be handled by a number of different federal courts. The purpose of this Order is to provide judges in individual federal courts who may be presiding over pelvic mesh cases with an understanding of the extensive discovery that has been conducted in the MDL over the last several years with the expectation that it will assist such judges in preventing duplicative discovery going forward and facilitate efficiency in the discovery process.

The parties have engaged in extensive discovery in the MDL cases involving the following products: Gynemesh PS, Gynemesh, Prolift, Prolift + M, Prosima, Prolene, Prolene Soft, TVT, TVT Obturator System, TVT-Secur TVT Exact, and TVT Abbrevo ("MDL Cases"). The discovery in the MDL has included the production of over 3 million documents and 27

1

million pages pursuant to an ESI protocol entered by this Court ("the Global Production"),[1] as well as more than 50 company depositions of employees and management at Ethicon and Johnson & Johnson and Rule 30(b)(6) corporate designees ("Company Depositions"). The foregoing discovery covered topics such as manufacturing, design, warnings, label changes, testing, adverse events, regulatory, sales and marketing, the decommercialization of products, preclinical and clinical development and studies, medical affairs, risk/benefit analyses, product management and oversight, Ethicon and J&J structure and management, payments to third parties, and database and information systems, among others. The MDL Plaintiffs' Steering Committee (the "PSC") established an electronic document repository with Crivella West in order to store these discovery materials.

In order to allow the parties in non-MDL cases to benefit from the Global Production and Company Depositions as well as any supplements that may be made, the Court adopts the following protocol:

>	a. Plaintiffs in non-MDL cases must sign and abide by a protective order ("Protective Order") in form and substance identical to Pretrial Order No. 11, the MDL protective order (subject to any specific court or jurisdiction-specific sealing procedure and/or local rules), which will govern the use of documents in the individual non-MDL cases.
>
>	b. Plaintiffs must also sign Pretrial Order No. 62, the Agreed Order Establishing MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed

---

[1] A copy of the ESI protocol is attached hereto. The ESI protocol requires, among other things, that the documents be produced in a searchable format and produced in a manner that identifies the sources of such documents.

and Expenses Incurred for MDL Administration and Common Benefit also known as the "Participation Agreement".

c. Once the Protective Order and Participation Agreement are signed, Plaintiffs in non-MDL cases may obtain access to the Global Production and transcripts of the Company Depositions referenced above by coordinating with counsel from the PSC and paying a fee of approximately $250.00 per month to Crivella West for the duration of such access.[2]

This Order does not apply to any case-specific discovery that may be necessary for each individual non-MDL case.

JOSEPH R. GOODWIN
JUDGE JOSEPH R. GOODWIN
UNITED STATES DISTRICT COURT JUDGE

JUL 17 2019

---

[2] The Court understands that the fee is based on two users and that the fee may vary to the extent that Plaintiffs' counsel seeks additional users. In addition, the fee may be subject to reasonable changes over time.

3