# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION  MDL NO. 2327

---

THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER # 342
## MEMORANDUM OPINION AND ORDER
(Re: Allocation Order)

I am in receipt of the Fee and Cost Committee's ("FCC") Final Written Recommendation, with the External Review Specialist's Recommended Allocation for distribution of the common benefit fund. [ECF Nos. 7640, 7640-1]. These recommendations have been made in response to this court's Order finding that a 5% holdback of the plaintiffs' total recoveries was reasonable for compensating plaintiffs' attorneys for common benefit work ("Fee Award Order"). PTO # 327 [ECF No. 7519]. I hereby **INCORPORATE BY REFERENCE** my Fee Award Order entered on January 30, 2019. I have carefully reviewed the FCC's Final Written Recommendation and the External Review Specialist's suggested modifications to the FCC's recommendation, as well as the very few objections thereto. I **FIND** the recommended distribution to be fair and reasonable. I hereby **ADOPT** and **INCORPORATE BY REFERENCE** the FCC's Final Written Recommendation as submitted by the FCC, and as adjusted after consideration by the Honorable Daniel J. Stack, Retired, External Review Specialist, pursuant to the protocol agreed to by the parties and ordered by me. I **OVERRULE** each of the objections [ECF Nos. 7709, 7712, 7715, 7718, 7733, 7747] and **ORDER** the distribution as recommended in Judge Stack's modification

to the FCC's Final Written Recommendation. [ECF No. 7640-1 at 30-35]. I **ORDER** the chairman of the FCC to direct the accounting firm holding the fund to distribute monies to pay expenses and MDL assessments according to Judge Stack's "Recommended Allocation of Expenses" and to disperse the remaining money on deposit as of July 25, 2019, according to Judge Stack's "Recommended Allocation of Fees." [ECF No. 7640-1 at 30-35]. The common benefit fund is held by Smith Cochran & Hicks in seven different MDL accounts, which taken together are considered by me, and referred to by the FCC, as the common benefit fund.

This extraordinarily large group of multidistrict litigation required unprecedented coordination and cooperation among and between the leadership counsel and those other lawyers who performed work for the common benefit of each of the individual plaintiffs. I entered the Order Establishing Criteria for Applications to . . . MDL Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit and Appointment of Common Benefit Fee and Cost Committee ("Appointment Order") on January 15, 2016, which "identif[ied] a process and committee" (the FCC) for determining common benefit fund allocations. PTO # 211 [ECF No. 1845]. I hereby **INCORPORATE BY REFERENCE** the Appointment Order that I entered on January 15, 2016. The FCC, tasked with making fee award recommendations for common benefit work, included lawyers in law firms representing or substantially responsible for the resolution of approximately 75% of the more than 100,000 cases filed in the seven MDLs assigned to me.

Members of the FCC were major contributors to, and claimants of, the monies contributed to the common benefit fund. Their diverse and competing interests offered a large measure of mutually assured fairness to the process. The lawyers appointed to the FCC were known to me to be the most active in the broadest range of cases across the seven MDLs. That is, the composition

of the FCC significantly contributed to a process that was structurally designed for transparency and equitable distribution of common benefit fund monies.

I entered the Fee Committee Protocol ("Protocol Order"), PTO # 262, on June 23, 2017, which established more specific procedures assuring procedural fairness in making claims against the common benefit fund [ECF No. 4044]. I hereby **INCORPORATE BY REFERENCE** the Protocol Order that I entered on June 23, 2017. That Order specified the tasks required of each attorney claimant, set a December 21, 2016 cut-off date ("cut-off date") for submitting common benefit time and expense records, outlined the procedural steps for making claims, and provided structural steps to guide the FCC's performance of its duties. *Id*.

The procedural guidance to claimants assured fairness by offering multiple opportunities for each claimant to refine their claims, to object to preliminary conclusions, to advocate for changes, and to object to the penultimate recommendation of the FCC. Finally, each firm was entitled to pursue their objections by requesting a further evaluation from the External Review Specialist, Judge Stack, appointed by me. Each firm was then afforded the opportunity to object to the External Review Specialist's final recommendation by appealing to me.

The substantive determinations as to the recommended allocation of monies made by the FCC, as adjusted by Judge Stack, followed guidance that I provided in part C of the Protocol Order. [ECF No. 4044 at 5-8]. Of course, the task of allocating the common benefit fund among claimants required an individualized analysis that was, as I had directed, guided by more subjective factors. That guidance principally focused on the extent to which a claimant's work contributed to the overall resolution of the mesh litigation. The FCC and Judge Stack properly gave great weight to the quality and impact of each claimant's efforts.

The self-audited time and expense records of law firms seeking common benefit

compensation were submitted and carefully reviewed by two members of the FCC and then further reviewed by the entire FCC. These reviews were guided by my court orders and were accompanied by presentations to every member of the FCC. I would note that MDL leadership was also recommended for compensation and was treated the same as all of the non-FCC claimant firms. The process was exhaustive. Over 900,000 hours were claimed as time spent for the common benefit. After the complete review process, the FCC approved roughly 679,000 hours for compensation. [ECF No. 7640 at 17].

The Final Written Recommendation of the FCC was then sent to the External Review Specialist, Judge Stack, for the purposes of ensuring procedural fairness and providing a finalized recommendation to this court. Although Judge Stack received these finalized materials from the FCC after a nearly two-year review by the FCC, he was already familiar with the litigation from "assist[ing] the FCC in its duties of evaluating the time and expenses submitted for consideration in this MDL, and [from] aid[ing] the FCC in any way [that was] appropriate in performing the work of the FCC and in furtherance of the directive and mandates" this court established in its Protocol Order. [ECF No. 7640-1]. Judge Stack "was able to evaluate the nature and quantity of the work performed by each applicant firm in considering each applicant firm's contribution to the outcome of the litigation[]" because he was present for each firm's presentations to the FCC. *Id*. at 13.

Eight firms objected to the FCC's Final Written Recommendation as submitted to Judge Stack. These objectors were provided another opportunity to be heard by the External Review Specialist. Judge Stack heard from each remaining objecting firm and considered their concerns with the entire process. Judge Stack permitted and considered "additional materials and arguments advanced beyond what had been presented previously." [ECF No. 7640-1 at 14]. During the

process, Judge Stack resolved the objections of half of the firms, leaving only four objectors out of 94 firms seeking common benefit compensation.

After Judge Stack finished his recommendation, the Final Written Recommendation as adjusted by Judge Stack was then provided to the court. There were only four remaining objectors and one objection by a non-lawyer. As I stated in the Participation Agreement referenced in the Fee Award Order, only MDL lawyers and lawyers who signed the agreement are eligible for common benefit compensation. Therefore, the one non-lawyer objection [ECF No. 7733] is **DENIED**.

The four remaining objectors focus upon the structure and results of the allocation process which they agreed to several years ago. The objectors have had many opportunities to object, including to the FCC, the External Review Specialist, and me. Having considered each of their objections, I find that they are entirely without merit. All of the remaining objections [ECF Nos. 7709, 7712, 7718, 7747] are **DENIED**.

Because most of the required and useful common benefit work was completed before the cut-off date for time and expense submissions as stated in the Protocol Order [ECF No. 4044 at 2], and because I have sufficient knowledge of the MDLs' history to make allocations for all of the common benefit work performed, the FCC recommends that I allocate all future common benefit money collected after the entry of this order according to the same percentages. However, because there was some minimal, but necessary work performed after the cut-off date, the FCC recommends that I withhold 30% of all money collected after entry of this order to be evaluated for common benefit compensation at a later time. I agree.

Therefore, the court **ORDERS** that all expenses and MDL assessments noted in the External Review Specialist's "Recommended Allocation of Expenses" be dispersed to each firm

according to the "Total Expense and MDL Assessment" column of the recommendation. [ECF No. 7640-1 at 32-35]. The court also **ORDERS** that all of the common benefit money on hand as of July 25, 2019, after subtracting the expenses and assessments mentioned above, be dispersed according to the External Review Specialist's "Recommended Allocation of Fees" for each firm as listed under the "External Review Specialist's Recommendation Allocation" column of the recommendation. [ECF No. 7640-1 at 30-31]. For all future common benefit money received after July 25, 2019, the court **ORDERS** that the common benefit fund's accounting firm, Smith Cochran & Hicks, disperse 70% of the received money on a quarterly basis according to the External Review Specialist's "Recommended Allocation of Fees" percentages that are listed under the "External Review Specialist's Recommended Allocation" column of the recommendation. [ECF No. 7640-1 at 30-31]. The first quarterly payments shall be made with monies on deposit as of January 1, 2020 and shall be paid by Smith Cochran & Hicks by January 15, 2020, and quarterly thereafter. Finally, the court **ORDERS** that the remaining 30% be held in the common benefit fund for a final evaluation of common benefit compensation until a further order of the court.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: July 25, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE