Paul W. Flowers Co., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE: NEOMEDIC PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2511 |

***THIS DOCUMENT RELATES TO ALL CASES***

**ANDERSON LAW OFFICES' MOTION TO**
**PARTIALLY ALTER, AMEND, OR RECONSIDER JUDGMENT**

Anderson Law Offices ("ALO") requests that this Court alter, amend, or otherwise reconsider Pretrial Order#:342 (Doc.#: 8453) in part to confirm that no appeal rights are being waived or abandoned as a result of the significant recent modification of the previously established fee allocation standards. *Fed.R.Civ.P. 59(e)*. During the formation of the Multi-District Litigation (MDL) proceedings this Court had directed that any attorney who wanted to be reimbursed as "Participating Counsel" for work that had been, and would be, performed for the common benefit of all was required to "waive any right to appeal those decisions" allocating the award. *PTO#:18, pp. 5-6; PageID#:3886-87*. At that time, however, ALO and others were led to believe that the distributions would be predicated upon the detailed time and expense entries that each firm was required to regularly submit. *Id., pp. 12-13; PageID#:3893-94*. For the first time in these proceedings, this Court has now endorsed the subjective percentage allocation approach to disbursing common benefit fees that had been adopted unexpectedly by the Fee and Cost Committee ("FCC") late in the review process. *PTO #342, p. 5-6; PageID#:205794-95*. Given this unforeseeable reworking of the court's approved fee allocation methodology, and in light of the lack of viable options that were available to ALO when PTO #18 was adopted, it is no longer fair and just for any waiver of appeal rights to be enforced.

At the outset, ALO appreciates that Fed.R.Civ.P. 59(e) does not afford an opportunity to simply reargue previously expressed positions. *Thomas v. Abercrombie & Fitch Co.*, 301 F. Supp.3d 749, 752-753 (E.D. Mich. 2018). But the court should grant a motion to alter or amend the judgment upon a successful demonstration of: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted); *see also, GO Computer, Inc. v. Microsoft Corp.*,

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

2

508 F.3d 170, 177 (4th Cir.2007); *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp.3d 296, 299 (W.D. Ky. 2017). "Thus, the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998), quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995).

Prior to the recent ruling of July 25, 2019, all of this Court's common benefit fee rulings had required full and fair consideration of both the appropriate time entries and reasonable hourly rates. As early as October 4, 2012, an objective procedure had been established for recording, transmitting, and evaluating the time actually devoted to the common benefit of the TVM litigation. *PTO#:18, pp. 12-14; PageID#:3893-95*. Further instructions were issued in this regard throughout the litigation, notably in PTO#:211 dated January 15, 2016. *PageID#:23546-23556*. A specific reference was furnished to "the time and effort expended" in the initial discussion of the appropriate criteria. *Id., p. 5; PageID#:23550*. This Court explicitly observed that "the total number of hours spent toward appropriate common benefit activities should be considered[.]" *Id., p. 6; PageID#:23551*. A Certified Public Accounting Firm was later retained and charged with the responsibility of documenting "the time and expenses properly performed and expended through December 21, 2016 in accordance with the Court's prior orders relating to common benefit reimbursement." *PTO #262, p. 2; PageID#:141778*. This Court provided further directions requiring participating firms to reexamine, organize, and revise their hourly rate submissions. *Id., pp. 2-3; PageID#:141778-141779*. Instructions were also issued to the FCC with regard to the "initial review of the time and expenses[.]" *Id., pp. 6-9; PageID#:141782-141785*.

The FCC's adoption of the percentage-of-the funds approach was announced in the Final Recommendations that were issued on November 20, 2018, after it became apparent that the FCC either could not or would not resolve the serious disparities and

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

3

inequities in the initial fee allocations. The non-member firms were never advised that the committee was even considering the abandonment of the traditional loadstar methodology, and thus had no opportunity to first express their grave concerns.

The eleventh hour rejection of the loadstar approach was confirmed in the Declaration of Henry G. Garrard, III in Support of Final Written Recommendation dated November 19, 2018 ("Garrard Dec."). According to the sworn statement: "The FCC did not use an hourly rate method in arriving at its percent allocation for each applicant firm." *Id., p. 33, ¶ 223* (Emphasis added). After evidently deciding that the revised time submissions could not be trusted, "the Chairperson proposed a series of awards utilizing a percentage of the funds for each of the applicant firms." *Id., p. 30, ¶ 201*. Adjustments then followed, although none of them have been disclosed. *Id., pp. 30-31, ¶ 202-206*.

The Chairperson did suggest that a loadstar analysis served some secondary role with the representation that "the FCC performed a review of the effective hourly rates resulting from its percentage award set forth in its Preliminary Written Recommendation." *Garrard, Dec., p. 33, ¶ 223*. But the same sworn statement had expressed that: "The FCC did not request any information regarding bill rates utilized by applicant firms." *Id., p. 31, ¶ 207*. Rather obviously, billing rates are indispensable for any meaningful loadstar computation.

Perhaps more significantly, even a cursory loadstar cross-check produces results that are impossible to justify. Based upon the approved common benefit time totals that have been disclosed, the average hourly rate for FCC members is $738.02 while the average for non-members is just $268.42. *Anderson Law Offices Objections to Common Benefit Fee Allocation and Reimbursement of Cost Recommendations ("ALO Obj."), Exhibit 2*. This glaring disparity is particularly troubling now that the FCC has divulged that at least five of its members were relying heavily upon paralegals, which undoubtedly accounts for a considerable portion of the common benefit time they have approved for themselves. *Common Benefit Fee and Cost Committee's Omnibus Response ("FCC*

Paul W. Flowers Co., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

4

*Omnibus Response"), p. 38*; *PageID#:190062*. For example, the Blasingame firm's "commitment" to the TVM litigation included more paralegals (19) than attorneys (15). *Id*. Yet this firm's average hourly rate, which includes both attorneys and paralegals, is a whopping $847.47. *ALO's Obj., Exhibit 2*. And Clark, Love & Hutson's "commitment" of slightly more attorneys (19) to paralegals (17) generated an even higher hourly rate of $913.39. *Id*.

Regardless of whether excessive hours had been submitted by any of the objecting firms, a reasonable expectation is that those who are providing the same intensity and quality of common benefit work will be compensated at roughly the same hourly rate. By any measure, Attorney Benjamin Anderson was at the forefront of the TVM litigation and his development of critical scientific principles and recruitment of eminently qualified experts has been unsurpassed. He had never denied that he employed two paralegals who (like him) were dedicated full-time to the TVM litigation for approximately seven years. Yet despite that, there can be no plausible explanation for his firm's average hourly rate of just $342.64. *ALO's Obj., Exhibit 2*. The FCC's purely subjective percentage of the fund allocations thus fail any meaningful loadstar cross-check. *In re Rite Aid Corp. Securities Litig.*, 396 F.3d 294, 306 (3rd Cir.2005) ("The lodestar cross-check serves the purpose of alerting the trial judge that when the multiplier is too great, the court should reconsider its calculation under the percentage-of-recovery method, with an eye toward reducing the award."); *see also Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2nd Cir.2000).

At no time prior to the Order of July 25, 2019 did this Court authorize the FCC to cast several years' worth of hourly rate submissions aside and simply assign a percentage recovery to each participating firm. The data establishing the common benefit time actually expended by the attorneys and their staff represents the only objective guidepost for calculating a fair and equitable distribution. As was undoubtedly appreciated, assigning percentages is a largely autocratic function that allows preferred firms to be

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

rewarded based upon vague assessments of their purported expertise, commitment, and overall value. Had Attorney Anderson understood that fees could be allocated on a percentage basis without any billing rates being considered when PTO #18 was adopted, he would have lodged a strong objection. He certainly did so as soon as the FCC disclosed its intention to forego the traditional time expended and hourly rate analysis. *See Anderson Law Office's Objections to the Final Recommendations of the Common Benefit Fee and Cost Committee dated December 4, 2018, pp. 4-8.*

The distinctions between the loadstar methodology and the percentage of the fund approach was detailed in *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Lit.*, 56 F.3d 295, 306-308 (1st Cir. 1995). Both techniques present their own strengths and weaknesses. *Id.* While District Courts possess the discretion to choose the latter in appropriate circumstances, the percentage allocation is still reviewable on appeal. *Id.,* 309-312. Indeed, in *In re Thirteen Appeals*, the First Circuit unanimously concluded that an abuse of discretion had been committed when seventy percent of the funds was awarded to the Plaintiffs' Steering Committee and ordered a more equal sharing with the objecting attorneys. *Id.,* at 310-313. Since it would have been impossible for anyone to foresee in this case when the appeal waiver was promulgated that this Court would be approving the switch from one methodology to another at the conclusion of the fee allocation process, none of the participating attorneys should be deemed to have forfeited their rights to appeal a critical issue that they could not have known would arise.

On a final note, altering or amending PTO#:342 to eliminate any appeal waivers is particularly appropriate given the involuntary imposition of the "participating counsel" definition set forth in PTO#:18 for certain firms. Notably, Attorney Anderson was not one of the sixteen attorneys signing-off on this directive. *Id., pp. 15-18; PageID#:3896-99.* ALO had little choice but to comply, as the firm had already been devoted to the TVM common benefit effort since approximately May 2011. A substantial portion of this work had been spent recruiting experts, conducting discovery, and preparing for the landmark

Paul W. Flowers Co., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

bellwether trial in New Jersey in *Gross v. Ethicon*, which produced a verdict of $11.11 million in February 2013. None of the firms that were already heavily invested in the TVM effort were afforded the option of receiving compensation for the common benefit work that had already been performed while retaining their full right to appellate review. A manifest injustice can only be avoided if these participating attorneys are allowed to exercise their fundamental rights of appeal.

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

## CONCLUSION

In order to ensure that fundamental guarantees of due process and fair play are preserved, this Court should alter, amend, or otherwise reconsider PTO #342 in part, and confirm that as a result in the abandonment of the previously approved method for calculating common benefit fees, no appeal rights are being waived or lost. *Fed.R.Civ.P. 59(e)*.

Respectfully Submitted,

*s/Richard L. Gottlieb*  
Richard L. Gottlieb, Esq. (WV# 1447)  
Webster J. Arceneaux, III, Esq. (WV# 155)  
**LEWIS GLASSER PLLC**  
300 Summers Street, Suite 700  
Charleston, West Virginia 25301  
(304) 345-2000  
rgottlieb@lewisglasser.com  
wjarceneaux@lewisglasser.com  

*s/Paul W. Flowers*  
Paul W. Flowers, Esq. (Ohio #0046625)  
Louis E. Grube, Esq. (Ohio #0091337)  
**PAUL W. FLOWERS CO., L.P.A.**  
50 Public Square, Suite 1910  
Cleveland, Ohio  44113  
(216) 344-9393  
pwf@pwfco.com  
leg@pwfco.com  

*Attorneys for Anderson Law Offices*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of July, 2019, the foregoing **Motion** was filed electronically.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

*s/Paul W. Flowers*  
Paul W. Flowers, Esq. (#0046625)  
**PAUL W. FLOWERS, CO., L.P.A.**  

*Attorney for Anderson Law Offices*

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395