**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE: NEOMEDIC PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2511 |

***THIS DOCUMENT RELATES TO ALL CASES***

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

**ANDERSON LAW OFFICES' REPLY IN SUPPORT
OF STAY OF EXECUTION OF JUDGMENT**

Anderson Law Offices ("ALO") submits this Reply in further support of the Motion for Stay of Execution of Judgment dated July 26, 2019 ("ALO's" Motion). Most of the positions that have been asserted in the Common Benefit Fee and Cost Committee's Response in Opposition dated July 31, 2019 ("FCC's Response") were anticipated and addressed in the Motion. A few final points must be made, however, in closing.

## I. THE PROBABILITY OF SUCCESS FACTOR

ALO is requesting nothing more than a maintenance of the *status quo* to afford the Fourth Circuit an opportunity to review the recent fee allocation decision of July 25, 2019. The common benefit funds that have been collected will continue to remain safely secured in an interest bearing account. The Seventh Circuit has wisely observed that:

> Stays, like preliminary injunctions, are necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits. The goal is to minimize the costs of error.

*In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766, (7th Cir. 2014) (Citations omitted). If the Fee and Cost Committee (FCC) is correct that Benjamin H. Anderson, Esq. ("Attorney Anderson") expressly waived all his appeal rights, then no one will have to wait long for the appellate proceedings to conclude.

Proceeding with an immediate disbursement, on the other hand, does indeed threaten to seriously complicate and prolong the common benefit fee allocation process. A majority of the appellate court may well refuse to be the first to allow a non-signatory to be bound by a mandatory forfeiture of appeal rights, or may find that the terms of any enforceable waiver are not as broad and uncompromising as the FCC maintains. And if that same panel further determines that the *in camera* review that was conducted of the FCC members' time and expense submissions failed to satisfy the minimal due process standards outlined in authorities such as *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 232 (5th Cir. 2008), a monumental effort will be required upon

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

remand to claw-back the payments that have been made to 89 separate law firms scattered across the country.

The FCC has argued at great length that a "strong showing" of a likelihood of success is indispensable before any stay can be ordered. *FCC's Response, pp. 3-5.* But while such a high-bar has been noted in the abstract in some contexts, the reality is that Fed.R.Civ.P. 62(b) would serve no purpose if district courts were first required to find that they had probably blundered as a condition for postponing enforcement. One federal court has cogently explained that:

> To begin with, it is important to note that courts have sensibly concluded that the first factor "does not require the trial court to change its mind or conclude that its determination on the merits was erroneous." *United States v. Fourteen Various Firearms*, 897 F.Supp. 271, 273 (E.D. Va. 1995). This is so because it would be the relatively rare case in which a court would conclude that a judgment that it had reached carefully after thorough consideration would likely be erroneous. Thus, the question with respect to the first factor is whether "the issues presented on appeal could be rationally resolved in favor of the party seeking the stay." *Id.*

*Realvirt, LLC v. Lee*, 220 F.Supp.3d 704, 705-706 (E.D. Va. 2016) (Emphasis added); *see also, Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) ("Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits."); *Nation v. Tanner*, 108 F.Supp.3d 29, 34 (N.D. N.Y. 2015) (requiring that "the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal[.]") While the FCC has fixated upon the immigration law opinion that was rendered in *Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009), the Supreme Court more recently recognized "a reasonable probability" test for issuing a stay after certiorari has been sought. *Hollingsworth v. Perry*, 558 U.S. 183, 190, 130 S.Ct. 705, 709-710, 175 L.Ed.2d 657 (2010). As ALO had accurately represented in the original Motion, this Court (as well as others) has acknowledged that:

> It may be possible that showing somewhat less than a "strong

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

3

> showing" or "likelihood" of success on the merits can suffice if the harm to the moving party without a stay is great enough; however, that showing must be more than merely pointing to "serious questions."

*Ohio Valley Environmental Coalition Inc. v. U.S. Army Corps. of Engineers*, 890 F.Supp.2d 688, 692 (S.D. W.V. 2012).

## II. THE PRAGMATIC SLIDING SCALE

The FCC's unrealistic position further fails to acknowledge that the standards governing stays on appeal are flexible, and permit a sliding scale approach where strength on one factor will override a weakness on another. *Grote v. Sebelius*, 708 F.3d 850, 853 fn. 2 (7th Cir. 2013); *Humane Society of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008); *Washington Metropolitan Area Transit Commn. v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977); *City of Chicago v. Sessions*, 321 F.Supp.3d 855, 881 (N.D. Ill. 2018). Here, the only "harm" that has been suggested in maintaining the *status quo* is that the attorneys who have been approved for common benefit awards will not be paid as fast as they would like. *FCC's Response, pp. 19-20*. That's it. Conversely, the only legitimate public interest at stake that anyone has identified is ensuring that fair and just judicial decisions are rendered, which is possible only when the appellate process is allowed to run its course. If a number of firms are permitted to dissipate and waste common benefit funds that are later determined by the Fourth Circuit to have been inequitably apportioned, the loss to the prevailing parties will be irreparable in every sense of the term. Because these factors strongly support the issuance of a temporary stay pending appeal, the importance of establishing a high probability of success on the merits should be diminished.

## III. THE PROSPECTS FOR SUCCESS ON THE MERITS

In *Realvirt, LLC*, 220 F.Supp.3d at 705-706, the District Court found that a strong showing of a likelihood of success on the merits had been furnished because one of the significant issues in play was a matter of first impression. That is also the situation in the

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

case *sub judice*, as the FCC has yet to cite a single decision from anywhere actually holding that attorneys who have provided valuable common benefit work and advanced expenses can be required to waive their rights to appeal as a condition for being compensated for their efforts. And a second issue of first impression will be whether basic principles of due process and fair play are satisfied when a committee of attorneys is allowed to recommend awards for themselves and others without ever having to disclose their own time and expense entries to all. Because there are no on-point Fourth Circuit decisions resolving the pivotal issues in this case, prudence dictates that no distribution should be permitted until the appellate court is afforded an opportunity to weigh-in.

Buried in one of the FCC's footnotes is an accusation against ALO for a "misrepresentation" of the firm's purported consent to the waiver of appeal rights. *FCC's Response, p. 7, fn. 4.* But the FCC is pointing to the fact that Attorney Anderson "signed and submitted" an entirely different agreed Management Order (*i.e.*, PTO #11). *Id.* The waiver of appeal rights that the FCC is attempting to enforce appears in PTO#:18, which Attorney Anderson indisputably was never asked to sign, and never did sign. *Doc#:282; PageID#:3882-99.*

In another footnote, the FCC has identified the sole consideration that was received in exchange for a waiver of appeal rights as "the ability to have his time and expenses considered for potential common benefit compensation that could be distributed without the unnecessary delay from an invalid appeal by a disgruntled fellow applicant." *FCC's Response, p. 6, fn. 3.* But that is exactly the point. The FCC has already approved ALO for at least a portion of the common benefit time expended and expenses incurred in the New Jersey Multi-District Litigation before PTO#:18 was issued, and cannot dispute their validity. Under longstanding principles of equity, ALO was already lawfully entitled to be compensated for this time and reimbursed for these expenses at that early point in the proceedings. *See generally, In re Aircrash Disaster at Florida Everglades*, 549 F.2d 1006, 1012-1021 (5th Cir. 1977); *Fallon, Common Benefit Fees and Multidistrict*

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

5

*Litigation*, 74 LOUISIANA LAW REVIEW (Winter 2014) 375-376.  Another option was never afforded that would allow recovery of the payments due while preserving a right to appellate review.  An issue of first impression for the Fourth Circuit to resolve will thus be whether such a vested interest can be conditioned upon a forfeiture of the opportunity to seek redress in a higher court.

It would not be until years following the issuance of PTO#:18 that FCC members began openly insisting that non-signatories remained bound by the appeal waiver set forth therein.  No controlling authorities have been cited, moreover, supporting the theory that such consent can be implied through mere silence or acquiesce.  That cannot be the law in a case such as this, where there was no realistic freedom of choice between viable options.  According to the FCC, it was "either forfeit your right to appeal or don't get paid."

As ALO had detailed earlier, the decisions that have been cited by the FCC enforcing such waivers involved litigants who had openly and specifically acknowledged their assent through arms-length settlement or arbitration agreements, if not in open court.  *ALO's Motion, pp. 11-12*.  Each of these cases is thus distinguishable on this basis alone.  Given that ALO's appeal will be wading into unsettled areas of law, maintaining the *status quo* in the interim is entirely warranted.

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

**CONCLUSION**

For the foregoing reasons, this Court should enter an order staying execution of the order dated July 25, 2019, MDL No. 2187, PTO#:308, Doc#:7367; MDL No. 2325, PTO#:283, Doc#:7444; MDL No. 2326, PTO#:212, Doc#:8226; MDL No. 2327, PTO#:342, Doc#:8453; MDL No. 2387, PTO#:161, Doc#:2576; MDL No. 2440, PTO#:89, Doc#:737; MDL No. 2511, PTO#:42, Doc#:244, until all avenues of appeal have been exhausted. *Fed.R.Civ.P. 62*.

Respectfully Submitted,

*s/Richard L. Gottlieb*
Richard L. Gottlieb, Esq. (WV# 1447)
Webster J. Arceneaux, III, Esq. (WV# 155)
**LEWIS GLASSER PLLC**
300 Summers Street, Suite 700
Charleston, West Virginia 25301
(304) 345-2000
rgottlieb@lewisglasser.com
wjarceneaux@lewisglasser.com

*s/Paul W. Flowers*
Paul W. Flowers, Esq. (Ohio #0046625)
Louis E. Grube, Esq. (Ohio #0091337)
**PAUL W. FLOWERS CO., L.P.A.**
50 Public Square, Suite 1910
Cleveland, Ohio 44113
(216) 344-9393
pwf@pwfco.com
leg@pwfco.com

*Attorneys for Anderson Law Offices*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st of August, 2019, the foregoing **Reply** was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*s/Paul W. Flowers*
Paul W. Flowers, Esq. (#0046625)
**PAUL W. FLOWERS, CO., L.P.A.**

*Attorney for Anderson Law Offices*

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395