PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE: NEOMEDIC PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2511 |

***THIS DOCUMENT RELATES TO ALL CASES***

**<u>ANDERSON LAW OFFICES' REPLY IN SUPPORT OF PARTIAL ALTERATION,
AMENDMENT, OR RECONSIDERATION OF JUDGMENT</u>**

Anderson Law Offices ("ALO") submits this Reply in further support of the Motion to Partially Alter, Amend, or Reconsider Judgment dated July 30, 2019 ("ALO's Motion"). The Common Benefit Fee and Cost Committee's Response in Opposition dated August 1, 2019 ("FCC's Response") immediately veers astray with the assertion that the majority of the Motion is "devoted to arguing that a straight lodestar approach – multiplying the number of hours by an hourly rate – is the only appropriate measure of common benefit value." *Id., p. 4* (citation omitted). Citing *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Lit.*, 56 F.3d 295, 306-308 (1st Cir. 1995), ALO had acknowledged in fact that "District Courts possess the discretion to choose" between either the lodestar methodology or the percentage of the fund approach. *ALO's Motion, p. 6*. The FCC plainly does not grasp the actual positions that are being advanced under authority of Fed.R.Civ.P. 59(e), and thus the Response in Opposition is well of the mark.

The seemingly obvious point that ALO was making was that it is manifestly unfair to enforce any waiver of appeal rights when the judicially approved methodology for awarding common benefit fees and expenses was substantially altered at the eleventh hour. *ALO's Motion, pp. 2-7*. Prior to the decision of July 25, 2019, this Court had never endorsed a pure percentage of the funds approach. To the contrary, the detailed requirements for maintaining, submitting, reviewing, and approving hourly time entries left no doubt that an objectively reliable lodestar calculation would be performed to produce a fair and equitable allocation of the common benefit fees. *ALO's Motion, p. 3*. As the First Circuit has recognized, and no one is disputing, the two methodologies are distinct in several significant respects and present their own advantages and weaknesses. *In re Thirteen Appeals*, 56 F.3d at 306-308.

Even in the general common benefit fee award decision that was issued earlier this year, this Court adopted a blended approach that required a lodestar cross-check. *In re*

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

2

*Cook Medical, Inc., Pelvic Repair Systems Products Liability Litigation*, 365 F.Supp.3d 685, 695-696 (S.D. W.V. 2019). But it is evident that no such verification was performed in the end, as the FCC has yet to furnish a plausible explanation for how they could be entitled to an average hourly rate of $738.02 while the average for non-members is just $268.42. *Anderson Law Offices Objections to Common Benefit Fee Allocation and Reimbursement of Cost Recommendations ("ALO Obj."), Exhibit 2.*

The best that the FCC has been able to do to establish prior judicial approval for a strict percentage of the funds allocation is cite passages from the pre-trial orders requiring consideration of "the contribution of each common benefit attorney to the outcome of the litigation[,]" expressing concern "with substantive contributions and not simply the total number of hours[,]" requiring attention "to the quality of the work performed separate and apart from the length of time required to perform it," and so on. *FCC's Response, p. 5.* Those are, of course, important factors that must be consulted in any fee award evaluation, whether under a lodestar, percentage of the funds, or blended approach. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] But while there are innumerable references to both the maintenance of accurate time records and establishment of reasonable hourly rates, this Court's orders stopped well short of authorizing a purely subjective percentage allocation based upon amorphous and unreviewable predilections about who deserves to be paid the most.

Once ALO's actual arguments are appreciated, it becomes readily apparent that the relief sought is indeed available through Fed.R.Civ.P. 59(e). While ALO certainly did lodge extensive written objections in December 2018 as soon as the FCC abandoned the lodestar methodology, the District Court was not part of that process. The pure

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

---

[1] An unrelated aspect of *Johnson* dealing with limits upon the fees that can be recovered was overruled in *Blanchard v. Bergeron*, 489 U.S. 87, 90, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

3

percentage of the funds approach was never judicially approved until the final decision was issued on July 25, 2019. The instant Motion does not quibble with that ruling, but simply points out instead that it is patently unfair to now preclude appeals on an important modification of procedure that could not be predicted. This is precisely the sort of manifest injustice that Fed.R.Civ.P. 59(e) is designed to prevent.

A final moment should be taken to note that the FCC's efforts to bind non-signatories such as ALO to the waiver of appeal rights set forth in PTO #18 have reached the point of ridiculousness. This Court has been assured that:

> Anderson expressly acknowledges it knowingly and voluntarily "'waive[d] any right to appeal those decisions' allocating the [common benefit] award" as the "Court had directed that any attorney who wanted to be reimbursed as 'Participating Counsel' for work that had been, and would be, performed for the common benefit of all was required." Anderson Mot. at 2.

*FCC's Response, p. 11.* A reference is being made to a single sentence in the Motion, which recognized the unavoidable fact that:

> During the information of the Multi-District Litigation (MDL) proceedings this Court had directed that any attorney who wanted to be reimbursed as "Participating Counsel" for work that had been, and would be, performed for the common benefit of all was required to "waive any right to appeal those decisions" allocating the award. *PTO#:18, pp. 5-6; PageID#:3886-87.*

*ALO's Motion, p. 2.* There was nothing "voluntary" about this edict for the non-signatories which, according to the FCC, required a choice between either forfeiting all appeal rights or foregoing payment for common benefit work performed and expenses advanced. Given that the criterion for calculating the awards have been substantially altered in a manner that no one outside of the FCC could have predicted, the inappropriateness of such "take-it-or-leave-it" waivers is more apparent than ever.

PAUL W. FLOWERS CO., LPA
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

4

## CONCLUSION

In order to ensure that fundamental guarantees of due process and fair play are preserved, this Court should alter, amend, or otherwise reconsider PTO #342 in part, and confirm that as a result in the abandonment of the previously approved method for calculating common benefit fees, no appeal rights are being waived or lost. *Fed.R.Civ.P. 59(e)*.

Respectfully Submitted,

*s/Richard L. Gottlieb*  
Richard L. Gottlieb, Esq. (WV# 1447)  
Webster J. Arceneaux, III, Esq. (WV# 155)  
**LEWIS GLASSER PLLC**  
300 Summers Street, Suite 700  
Charleston, West Virginia 25301  
(304) 345-2000  
rgottlieb@lewisglasser.com  
wjarceneaux@lewisglasser.com  

*s/Paul W. Flowers*  
Paul W. Flowers, Esq. (Ohio #0046625)  
Louis E. Grube, Esq. (Ohio #0091337)  
**PAUL W. FLOWERS CO., L.P.A.**  
50 Public Square, Suite 1910  
Cleveland, Ohio 44113  
(216) 344-9393  
pwf@pwfco.com  
leg@pwfco.com  

*Attorneys for Anderson Law Offices*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd of August, 2019, the foregoing **Reply** was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*s/Paul W. Flowers*  
Paul W. Flowers, Esq. (#0046625)  
**PAUL W. FLOWERS, CO., L.P.A.**  

*Attorney for Anderson Law Offices*