Exhibit 2

# ESCROW
# AND
# ADMINISTRATION AGREEMENT

**THIS ESCROW AND ADMINISTRATION AGREEMENT** (hereinafter referred to as "Agreement") concerns the receipt, holding, and distribution of monies pertaining to certain Pelvic Mesh-related claims of clients of Wexler Wallace LLP ("Wexler Wallace"), and is made and entered into, on the last date signed below, by and among:

1. Wexler Wallace;

2. Signature Bank or its successors designated in accordance with this Agreement (hereinafter referred to as "Escrow Agent").

3. Wahlstrom & Associates or its successors designated in accordance with this Agreement (herein referred to as "Fund Administrator"); and

**WHEREAS**, a qualified settlement Fund has been established and is called the Wexler Wallace LLP TVM Client Settlement Fund (hereinafter referred to as the "Fund");

**WHEREAS**, the Escrow Agent has agreed to serve as the escrow agent for the Fund;

**WHEREAS**, the Fund Administrator has agreed to serve as the Fund Administrator for the Fund;

**NOW, THEREFORE**, in consideration of the premises and mutual covenants and agreements contained herein, the parties hereby agree as follows.

1. **Appointment of and Acceptance by the Fund Administrator.** In accordance with the terms of the Court order ("Order") granting the motion of Wexler Wallace for approval of a qualified settlement Fund (the "Motion"), Wahlstrom & Associates has been appointed and agrees to serve as the "Fund Administrator" (as defined in *Treas. Reg.* § 1.468B-2(k)(3)) for the Fund. The Fund Administrator shall serve pursuant to the terms, conditions, and restrictions of the Motion and Order, and the applicable settlement agreement(s) or other Court-ordered terms. The Fund Administrator is given the authority to conduct any and all activities necessary to administer the Fund as described in said Motion and Order.

2. **Appointment and Acceptance of the Escrow Agent**. In accordance with the terms of the Court order granting the Motion, Signature Bank has been appointed and agrees to serve as the Escrow Agent for the Fund. The Escrow Agent shall serve pursuant to the terms, conditions, and restrictions of the Motion and Order, and the applicable settlement agreement(s) or other Court-ordered terms. The Escrow Agent is given the authority to conduct any and all activities necessary to administer the Fund as described in said Motion and Order.

3. **Intent and Purpose of the Fund.** The Fund is being established pursuant to the

1

Order to aid in the efficient processing and administration of one or more anticipated settlements of Pelvic Mesh claims that are the subject of multidistrict litigation between clients of Wexler Wallace and defendants and their related entities (listed on attachment 1 to the Motion), as well as to hold monies relating to such settlements and/or verdicts and/or otherwise pursuant to Court order for appropriate disbursement. The Fund is subject to the continuing jurisdiction of the Court and is intended to qualify as a "qualified settlement Fund" as defined in *Treas. Reg.* § 1.468B-1(a). The purpose of the Fund includes, but is not necessarily limited to, (i) receiving, holding, and investing Funds pursuant to settlements, verdicts, or otherwise by Court order, (ii) implementing settlement agreements in accordance with their terms, and (iii) distributing amounts in accordance with such settlement agreements or as otherwise directed by the Court or appropriate.

**4.    Receipt of Deposits Into the Funds.**  Upon execution of this Agreement by all parties hereto and in accordance with the Order, the Escrow Agent shall be authorized to receive payments directly or indirectly through a duly appointed settlement fund, claims fund administrator, accounting firm, defendant(s), insurance company, court of law, attorney IOLTA account, and/or any other person or entity listed on Attachment 1 to the Motion whose purpose is to settle any claims or pay any verdicts arising out of the matters that are the subject of the Fund, to be held by the Escrow Agent in accordance with the terms and conditions of this Agreement, any applicable settlement, and any further order of the Court. Subject to and in accordance with the terms and conditions of this Agreement, any applicable settlement, and any further order of the Court, the Escrow Agent agrees that it shall receive, hold in escrow, invest and release or distribute the monies in the Fund as directed by the Fund Administrator. All interest and other earnings on the Fund shall become a part of the Fund for all purposes.

**5.    Investment of the Fund.**  The Fund shall be invested as provided in the Motion and Order. That is, unless otherwise ordered by the Court, all monies received by the Fund, which include all principal and interest earned thereon, shall be deposited in an investment agency account held by the Escrow Agent for the benefit of and titled in the name of the Fund and, as set forth in the Motion and Order, invested in instruments/securities comprised of (a) United States Agency, Government Sponsored Enterprises, or Treasury securities or obligations (or a mutual fund invested solely in such instruments); (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and/or (c) non-interest bearing corporate accounts subject to unlimited Federal Depository Insurance Corporation guarantees under recent banking and security regulations, including but not limited to amendments to the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203 (which provides temporary unlimited deposit insurance coverage for noninterest bearing accounts at FDIC-insured depository institutions), but only for so long as there is unlimited FDIC insurance covering such monies. The Escrow Agent shall be responsible for any and all investment decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that the following investment policy is implemented: (1) safety of principal; (2) zero bank balance exposure; and (3) the use of zero sweep disbursement accounts to ensure Funds remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial institution holding the funds fail. Notwithstanding the foregoing, the Escrow Agent shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Fund Administrator or, if requested, upon the order of the Court upon the joint motion of the parties. The Fund Administrator retains the right to remove the Escrow Agent with or without cause, in its sole and absolute discretion. The Fund Administrator may designate

a replacement escrow agent upon the written consent of Wexler Wallace. In the event of such replacement, the terms and conditions of this paragraph, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement escrow agent.

**6.** **Miscellaneous.** To the extent not expressly stated herein, the Fund Administrator and Escrow Agent shall be responsible for acting in accordance with the terms, conditions, and restrictions of the Motion and Order, the applicable settlement agreement(s), and/or other Court-ordered terms.

**7.** **Notices.** Any notice instrument, or other communication required or permitted to be given by one of the parties to the other under this Agreement, shall be considered as properly given if in writing and: (i) delivered against receipt therefore; or (ii) mailed by registered or certified mail, return receipt requested, and postage prepaid; or (iii) sent by overnight courier, expenses prepaid; or (iv) sent by telex, telecopy, facsimile or prepaid telegram, in each case

addressed as follows:

<div style="margin-left:2em">

<u>If to the Escrow Agent:</u>

Nathan Dinger
Signature Bank
6400 N. Northwest Highway
Chicago, IL 60631

<u>If to the Fund Administrator:</u>

Mark Wahlstrom
Wahlstrom & Associates
585 East Redfield Road
Suite 103
Scottsdale, AZ 85260

<u>If to Wexler Wallace:</u>

Edward A. Wallace, Esq.
Wexler Wallace LLP
55 West Monroe St., Suite 3300
Chicago, IL 60603

</div>

AGREED:

_____, Esq.,
as authorized agent of Wexler Wallace LLP

_____
Print Name

_____
Date


_____, as authorized agent of Signature Bank (Escrow Agent).

_____
Print Name

_____
Date


_____, as authorized agent of Wahlstom & Associates (Fund Administrator).

_____
Print Name

_____
Date