IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| THIS DOCUMENT RELATES TO: *Ethicon Wave 11 cases listed in Exhibit A* | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTIFFS' MOTION TO EXCLUDE THE GENERAL CAUSATION OPINIONS OF DEFENSE EXPERT RICHARD WASSERMAN, M.D.**

This Court should exclude the general opinions of Richard Wasserman, MD, FACOG, FPMRS, as his own testimony indicates that he does not believe that the opinion of a single expert is at all helpful. He also indicated during his deposition testimony that he was "making it up as I go." His opinions should be excluded under Rule 702 and the standard first announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Alternatively, this Court should exclude the following opinions stated in Dr. Wasserman's report, as he is not qualified to give these opinions and/or they are not supported by a reliable methodology:

- Any discussion of the physical properties of the Polypropylene mesh to support his opinion that the TVT, TVT-O, TVT-Abbrevo, and TVT-Exact are "safe and effective" products.

- Any opinions about the alleged lack of foreign body reaction caused by the mesh or cytotoxicity of the mesh.

1

- Any opinions that the mesh has not suffered particle loss, fraying, curling, or roping of the mesh.

- Any opinions that the mesh does not degrade in the body.

- Any opinions that there is no clinically significant difference between using laser-cut mesh and using mechanically cut mesh.

- Any opinions about the warnings in the Instructions for Use ("IFU").

This Motion is further supported by Plaintiffs' contemporaneously filed Memorandum in Support, and by the following exhibits, which are attached to this Motion:

**Exhibit A:** List of cases on which Dr. Wasserman is designated in Wave 11

**Exhibit B:** Wasserman Expert Report

**Exhibit C:** Wasserman Dep. Trans. of August 12, 2019, rough draft

**Exhibit D:** Excerpt from David Robinson deposition, Sept. 11, 2013

**Exhibit E:** *FDA Device Labeling Guidance #G91-1 (blue book memo)*, March 9, 1991

**Dated:** August 15, 2019

                                              Respectfully submitted,

                                              /s/Thomas P. Cartmell
Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esp.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1102
Fax 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com

/s/ D. Renee Baggett
Bryan F. Aylstock, Esq.
Renee Baggett, Esq.
Aylstock, Witkin, Kreis and Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, Florida  32563
(850) 202-1010
(850) 916-7449 (fax)
rbaggett@awkolaw.com
baylstock@awkolaw.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on August 15, 2019, using the Court's CM-ECF filing system, thereby sending notice of the filing to all counsel of record in this matter.

/s/Thomas P. Cartmell
**Attorney for Plaintiffs**

4818-0833-6934, v. 1