IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C.R. BARD, INC. PELVIC REPAIR SYSTEM PRODCUTS LIABILITY LITGATION | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC., PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC, PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2327 |
| IN RE: COLOPLAST PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC, PELVIC REPAIR LIABILITY LITIGATION | MDL NO. 2440 |
| IN RE: NEOMEDIC PELVIC REPAIR SYSTEM PRODUCT LIABILITY LITIGATION | MDL NO. 2511 |

THIS DOCUMENT RELATES TO ALL CASES

**LANA C. KEETON'S
MOTION FOR RECUSAL OF JUDGE JOSEPH R. GOODWIN &
MEMORANDUM OF LAW**
DUE TO PERSONAL BIAS and PREJUDICE AGAINST LANA C. KEETON and
POTENTIAL MISHANDLING OF COMMON BENEFIT FUNDS

Pursuant to 28 U.S.C. § 455 (a) and certain sections of 28 U.S.C. § 455 (b), Plaintiff Pro Se Litigant, Legal Consultant and Medical Device Expert **LANA C. KEETON** calls for Judge Joseph R. Goodwin to recuse himself from any further adjudication of Keeton's rightful legitimate claims to be paid from the Common Benefit Fund(s) of:

| | |
|---|---|
| IN RE: C.R. BARD, INC. | MDL NO. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC | MDL NO. 2325 |
| IN RE: BOSTON SCIENTIFIC | MDL NO. 2326 |
| IN RE: ETHICON, INC. | MDL NO. 2327 |
| IN RE: COLOPLAST | MDL NO. 2387 |
| IN RE: COOK MEDICAL, INC | MDL NO. 2440 |
| IN RE: NEOMEDIC | MDL NO. 2511 |

## VIOLATION OF DUE PROCESS

Keeton contends, under the due process clause of the $5^{th}/14$th Amendments, that Federal Judge Joseph R. Goodwin, United States District Court for the Southern District of West Virginia, **has not impartially adjudicated** Keeton's rightful claims to the Common Benefit Funds for the following Multidistrict Litigation's that are under his sole authority. His denials below are tainted by personal bias and prejudice.

C.R. Bard MDL 02187 **PTO 308** 07/25/2019
Therefore, the one non-lawyer objection [ECF No. 7161] is **DENIED**.

American Medical Systems MDL 02325 **PTO 283** 07/25/2019
Therefore, the one non-lawyer objection [ECF No. 7297] is **DENIED**.

Boston Scientific MDL 02326 **PTO 212** 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 7940] is **DENIED**.

Ethicon MDL 02327 **PTO 342** 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 7733] is **DENIED**.

Cook Medical MDL 2440 **PTO 89** 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 713] is **DENIED**.

Coloplast MDL 02387  PTO  161 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 2402] is **DENIED**.

Neomedic MDL 02511   PTO 42 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 220] is DENIED.

In Plaintiff Pro Se Litigant Keeton's objection(s) as listed directly above, to Judge Goodwin's various **Order(s) Scheduling Objections Pursuant to Fee and Cost Protocol,**

Keeton's objection at **ECF No. 7733 to PTO 332 Ethicon MDL 02327** [*as duplicated in all 7 MDL's*], the **"Allocation Order"**, Keeton specifically asks Judge Goodwin to be allowed Due Process under the 5th/14th Amendments to the Constitution following his very own protocols set up in **Pretrial Order 211.**

1. Judge Goodwin denied Keeton's specific request for Due Process under his very own protocols.
2. Judge Goodwin's denial flies in the face of his own ruling ECF 34, Keeton v. Ethicon, Inc., et al., Civil Action No. 2:13cv24276 [**Exhibit No. 1**] directly related to Keeton's consideration by the Fee and Cost Committee in which he states:

"THIS DOCUMENT RELATES TO THE FOLLOWING CASE:
Keeton v. Ethicon, Inc., et al.   Civil Action No. 2:13-cv-24276
ORDER
Pending is Plaintiff's Petition to be Paid from the Common Benefits Fund, First Common Benefits Fund Invoice by Lana C. Keeton December 28, 2016, filed December 29, 2016. [ECF No. 33]. In the Petition, the **pro se plaintiff, Lana Keeton**, [Emphasis added] seeks the court's approval for payment from the Common Benefit Fund in the amount of $732,000 for "legal work performed for the benefit of the Plaintiffs in MDL 2327." [ECF No. 33-1, p. 1]. Pursuant to **PTO No. 211, the court established the Fee and Cost Committee** ("FCC") and appointed members to serve on the FCC. The **FCC's responsibilities include** making recommendations to the court for reimbursement of costs and apportionment of attorneys' fees for common benefit work **and any other utilization of the funds.**
**Plaintiffs' Petition must first be submitted to the FCC for consideration and recommendation**. It is ORDERED that Plaintiff's Petition [ECF No. 33] is **DENIED without prejudice.**
The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented party.
ENTER: January 4, 2017"           / *signed by Judge Joseph R. Goodwin*

**Judge Goodwin's own order, ECF 34** refers to Keeton as **Pro Se Plaintiff**, not **"Non-Lawyer *Objection"*.** As a Pro Se Plaintiff, Judge Goodwin orders consideration for Keeton to be paid from the Common Benefit Fund(s) as written above. In ECF 34, Judge Goodwin orders Keeton to submit her invoice to the Fee and Cost Committee as created by Judge Goodwin

himself in PTO 211[as duplicated in all 7 MDL's]. Keeton followed Judge Goodwin's order. Judge Goodwin *clearly knows* Keeton is not an attorney and if not to be considered for payment from the Common Benefit Fund(s) should have so stated on January 4, 2017, not more than 2 years later on July 25, 2019 in PTO 342 [as duplicated in all 7 MDL's].

Keeton submitted the invoice(s) to the FCC multiple times over more than 2 years as ordered by Judge Goodwin to no avail. Keeton was completely omitted from the process by the Fee and Cost Committee and External Review Specialist Judge Daniel Stack. Keeton's name nor her claim(s) submitted to the Fee and Cost Committee as ordered by Judge Goodwin are not anywhere to be seen in Ethicon MDL 02327, PTO 332 [or any other duplicated order] allocating the Common Benefits Fund distribution which Judge Goodwin himself signed on March 12, 2019.

While Judge Goodwin specifically states "and any other utilization of the fund" in direct relation to Keeton's Civil Action No. 2:13-cv-24276 in ECF 34, Judge Goodwin rules against himself completely denying Keeton her Constitutional right to due process in Pretrial Order 342 which he signed on July 25, 2019.

Keeton is no stranger to Judge Goodwin nor to Co-lead Counsel of the 100,000 plus cases or the Plaintiff's Steering Committee in West Virginia with which she has worked for over a decade. Judge Goodwin knows exactly who Lana C. Keeton is. [Keeton Curriculum Vitae **Exhibit No. 2**] The case number cited in ECF 34 is Keeton's individual product liability lawsuit in the Ethicon MDL 02327 under his sole authority.

His rulings in Keeton's Pro Se Product Liability lawsuit, Case No. 2:13-cv-24276, in which he order Keeton's case back to the U.S. District Court for the Southern District of Florida based on Keeton's true allegations of "*Fraud by Omission*" by Johnson & Johnson, Ethicon, Inc.

may also prejudice Judge Goodwin. He has prior knowledge of the facts of Keeton's case and may also be prejudiced by having ruled in that case.

Pursuant to Judge Goodwin's orders, when Keeton objects to her complete omission from PTO 332, Judge Goodwin denies Keeton's objection as a "non-lawyer *objection*". Pro Se Plaintiff **IS** a "non-lawyer". Judge Goodwin is bound by his own orders to give Keeton due process under the protocols he himself ordered. This is not a guessing game for plaintiffs and defendants. It is a court of law governed by the U.S. Constitution giving each and every person under its authority inalienable rights, lawyer or non-lawyer. Keeton's rights have been clearly violated by personal bias and prejudice of Judge Joseph R. Goodwin. It is more than clear, Judge Goodwin must recuse himself.

Judge Goodwin consciously and purposefully denied Keeton's Right to Due Process under the $5^{th}/14^{th}$ Amendment exhibiting a bias *against* Keeton *in favor of* the Fee and Cost Committee and Judge Daniel Stack. "External Review Specialist".

Not only that, Judge Joseph R. Goodwin has a "Personal Connection to One of the Parties to the Case". Long time personal friend William H. McKee Jr. was appointed to the Fee and Cost Committee by Judge Joseph R. Goodwin, **Pretrial Order 211,** January 15, 2016:

> A. **"Appointment of Common Benefit Fee and Cost Committee"**
>
> "To facilitate an efficient and equitable process for the application and evaluation of all requests *for Common Benefit fees or expenses* in all the transvaginal mesh MDLs, the Court appoints a committee who is responsible for recommending to the Court the allocation of awards of attorneys' fees and costs to be made by the Court from the MDL 2327 Fund *and any other utilization of the funds*. Pursuant to the Court's inherent authority over this multidistrict litigation, it is **ORDERED** that the following individuals are **APPOINTED** to serve on the Common Benefit Fee and Cost Committee ("FCC"):"
> Henry G. Garrard, III,
> Blasingame, Burch, Garrard & Ashley, PC
> 440 College Ave., Ste. 320, Athens, GA 30601
> 706-354-4000 706-549-3545 (fax) hgg@bbgbalaw.com

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Blvd, Mount Pleasant, SC 29464
843-216-9000 843-216-9450 (fax) jrice@motleyrice.com

Clayton A. Clark
Clark, Love & Hutson, GP
440 Louisiana St., Ste. 1600, Houston, TX 77002
713-757-1400 713-759-1217 (fax) cclark@triallawfirm.com

Carl N. Frankovitch
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road, Weirton, WV 26062
304-723-4400 304-723-5892 (fax) carln@facslaw.com

Yvonne Flaherty
Lockridge Grindal Nauen
Suite 2200, 100 Washington Avenue South
Minneapolis, MN 55401
612-339-6900 612-339-0981 (fax) ymflaherty@locklaw.com

Thomas P. Cartmell
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100 816-531-2372 (fax) tcartmell@wagstaffcartmell.com

Renee Baggett
Aylstock Witkin Kreis & Overholtz
Suite 200, 17 East Main Street
Pensacola, FL 32502
850-202-1010 805-916-7449 (fax) RBaggett@awkolaw.com

Riley L. Burnett, Jr.
Burnett Law Firm
55 Waugh Drive, Suite 803
Houston, TX 77007
832-413-4410 832-900-2120 (fax) rburnett@rburnettlaw.com

William H. McKee, Jr.
1804 Louden Heights Road
Charleston, WV 25314
304-546-2347 bmckee@suddenlink.net

"The Court has appointed William H. McKee, Jr. d/b/a WHM Resources LLC, **to the FCC as a non-attorney participant** with no financial interest in the common benefit fund. The Court finds that **the duties of Mr. McKee, as a non-attorney participant, do not involve the provision of professional services** legal, accounting, or otherwise. **He will be compensated quarterly by the common benefit fund for his service.** Such compensation must be approved by the Court."

Judge Joseph R. Goodwin's decades long personal friendship with William H. McKee Jr. is cause for recusal. Judge Goodwin sets up his friend William H. McKee Jr.'s payment from the Common Benefit Fund "*as a non-attorney participant* that does not involve the provision of professional services legal, accounting, or otherwise" while denying payment to Keeton from any Common Benefit Fund as a "**non-lawyer *objection***" who benefitted all Multidistrict Litigants, over 100,000 plus Plaintiffs.

Judge Goodwin ignores the facts, while ordering money be paid to his own long time friend, William H. McKee, Jr. d/b/a WHM Resources LLC when he appointed him to the Fee and Cost Committee, Pretrial Order 211. WHM Resources LLC was created on January 13, 2016 in the state of West Virginia 2 days before Judge Goodwin appointed his decades long friend, William H. McKee, Jr., to be paid from the Common Benefit Funds for NOT providing any professional services. What ex-parte communication was had between Judge Goodwin and his personal friend, William H. McKee, Jr. to cause him to create WHM Resources LLC on January 13, 2016? WHM Resources LLC was then registered in the State of Florida in December 2017 in Pensacola, FL. It is still active today. Why?

The fact that this activity derives from civil litigation does not mean these are not potentially criminal actions if there is obstruction of justice from the improper distribution of money from the Common Benefit Fund(s).

*The Fifth Amendment says to the federal government that no one shall be "deprived of*

> *life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states.*

This **Pretrial Order 211** (Order Establishing Criteria for Applications to MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit and Appointment of Common Benefit Fee and Cost Committee) signed by Judge Goodwin on January 15, 2016 demonstrates Judge Goodwin's clear cut bias against Lana C. Keeton in favor of his longtime personal friend William H. McKee, Jr. Judge Goodwin must recuse himself from any and all adjudication related to Lana C. Keeton.

Judge Goodwin paid, and pays, his very long time friend William H. McKee Jr. as a "non-attorney participant" from the Common Benefit Fund for **NOT** providing **ANY** professional services, legal, accounting, or otherwise. Judge Goodwin then completely DENIES "Non-Lawyer Objector" Keeton any payment whatsoever for over a decade of work benefitting all 100,000 plus Plaintiffs in the 7 Multidistrict Litigations under his authority in the Southern District of West Virginia.

The Honorable Court, Judge Joseph R. Goodwin interchanges names as he sees fit for various individuals to be paid under various Pretrial Orders from the Common Benefit Funds. See Pretrial Order 262 Ethicon MDL 02327, Exhibit 1, Pretrial Order 211, footnote 1 on page 1.

> "[1] ***In the PTOs already entered by the court*** on the topic of common benefit attorneys' fees and expenses, *counsel who wish to receive common benefit attorneys' fees and expenses <u>have been referred to as</u> <u>"participating counsel"</u> and <u>"eligible counsel."</u>* In this order, the court has referred to these individuals *more generically as <u>counsel, attorney or firm.</u>*"

Judge Goodwin gives all others applying for Common Benefit Funds ***<u>interchangeable</u> <u>names</u>***, and says so in the above footnote. Judge Goodwin's ruling in Pretrial Order 211 is clear evidence of bias against Plaintiff Pro Se Litigant "Non-Lawyer Objector" Lana C. Keeton.

Plaintiff Pro Se Litigant "Non-Lawyer Objector" Lana C. Keeton is **denied payment** from the Common Benefit Fund as a **"Non-Lawyer Objector"** while paying his long term personal friend **"as a non-attorney participant"** for unnamed non-professional services. [Emphasis added.]

### MIS-STATEMENT OF FACTS BY THE COURT

"NON-LAWYER" LANA C. KEETON'S name is completely omitted on any and all documents submitted to the Court by the Fee and Cost Committee and/or by Judge Stack on "the Final Written Recommendation as adjusted by Judge Stack was then provided to the court."

*The following is a false and misleading and untrue statement by the court.* [Emphasis added]. There is absolutely nothing in Judge Stack's Final Written Recommendation of Lana C. Keeton as insinuated by the phrase: "*and one objection by a non-lawyer*".
"After Judge Stack finished his recommendation, the Final Written Recommendation as adjusted by Judge Stack was then provided to the court. There were only four remaining objectors *and one objection by a non-lawyer.* As I stated in the Participation Agreement referenced in the Fee Award Order, only MDL lawyers and lawyers who signed the agreement are eligible for common benefit compensation."

C.R. Bard MDL 02187 **PTO 308** 07/25/2019
Therefore, the one non-lawyer objection [ECF No. 7161] is **DENIED**.

American Medical Systems MDL 02325 **PTO 283** 07/25/2019
Therefore, the one non-lawyer objection [ECF No. 7297] is **DENIED**.

Boston Scientific MDL 02326 **PTO 212** 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 7940] is **DENIED**.

Ethicon MDL 02327 **PTO 342** 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 7733] is **DENIED**.

Cook Medical MDL 2440 **PTO 89** 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 713] is **DENIED**.

Coloplast MDL 02387  PTO  161 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 2402] is **DENIED**.

Neomedic MDL 02511   PTO 42 07-25-2019
Therefore, the one non-lawyer objection [ECF No. 220] is **DENIED**.

## JUDICIAL BIAS and PREJUDICE DEMANDS THE RECUSAL OF JUDGE JOSEPH R. GOODWIN

**Number 1** is the decade's long friendship/relationship of Judge joseph R. Goodwin with William H. McKee, Jr., Accountant on the Fee and Cost Committee who has been paid an undetermined amount of money from the $12,037,448.66 [Twelve million, Thirty Eight Thousand, Four Hundred Forty Eight dollars and 66 cents] paid out as costs.

> **Ethicon MDL 02327, Pretrial Order 332, Page 129**
> 21. An additional $12,037,448.66 has been paid from the common benefit fund as costs associated with general expert fees, special master fees, data warehousing and management fees, **and to the Court-appointed accountant overseeing the MDL fund.**

**Number 2** is the ex-parte communication by William H. McKee Jr, the other members of the Fee and Cost Committee and retired External Review Specialist Judge Daniel Stack (not a court appointed Special Master) with Judge Goodwin.

**Number 3** is the mishandling of Common Benefit Fund(s), a potential conspiracy and obstruction of justice by certain Plaintiffs Attorney Steering Committee members with Judge Daniel Stack, the Fee and Cost Committee members and their law firms, William H. McKee Jr. and Judge Joseph R. Goodwin.

These officers of the court should be disbarred for their corruption, concealment, conspiracy, collusion in their self-dealing of common benefit monies they have not earned. These criminal actions of the Fee and Cost Committee members render the current Allocation of the Common Benefit Funds pursuant to Pretrial Orders (listed above) of these 7 Multdistrict Litigations **null and void** pursuant to their obstruction of justice in violation of 18 U.S.C. 1503.

> "The somewhat sketchy legislative history of section 1503 suggests that a prime focus of the current version section1503 and of prior iterations was to refine the judicial power to address contempts of court. *However, nothing in the legislative history demonstrates that its broad language was not intended to cover allegedly "corrupt" conduct in civil litigation that impedes the "due administration of justice."* See Brogan v. United States, 118 S. Ct. at 808-09 (*holding that simple denial of guilt came within broad language of statute prohibiting making of false statement:* "We cannot imagine how it could be true

that falsely denying guilt in a government investigation does not pervert a governmental function"). In other words, contrary to defendants' argument, section 1503's inconclusive legislative history does not afford an especially compelling basis for constricting the statute's language.

*United States of America, Plaintiff, -against- Richard A. Lundwall and Robert W. Ulrich, Defendants. 97 Cr. 0211 (BDP) U. S. Dist Court for the S.D. of N. Y.* 1 F. Supp. 2d 249; 1998 U.S. Dist. LEXIS 4466

Judicial Bias and Prejudice by Judge Joseph R. Goodwin and corrupt actions by certain members of the Fee and Cost Committee and retired Judge Daniel Stack, External Review Specialist against "Non-Lawyer *Objection*", Pro Se Plaintiff Litigator Lana C. Keeton constitutes a Conspiracy against her rights under 18 U.S. Code § 241:

> "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the <u>free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States</u>, or because of his having so exercised the same;" or.

Due to the clear bias against "Non-Lawyer *Objection*", Lana C. Keeton, asks the NEW JUDGE appointed pursuant to this motion to contact an IRS forensic accountant to investigate all MDL Common Benefit Funds, approximately $366 million dollars, deposited with Smith, Cochran, Hicks accounting firm in Charleston, WVA. The purpose of the investigation of the accounts is to verify the distributions of costs to date: as listed above, $12,037.448.66, to include the exact amount of money distributed in payments to William H. McKee, Jr. d/b/a WHM Resources LLC and that they are not then being re-distributed to anyone else.

Keeton also asks the NEW JUDGE appointed pursuant to this motion that an IRS forensic accountant investigate the distribution of money from William H. McKee Jr.'s and WHM Resources LLC's various deposit, money market, credit card and bank accounts.

Keeton also request the NEW JUDGE appointed pursuant to this motion for an IRS forensic accountant to investigate all political campaign funds received by Judge Goodwin

and/or his relatives from William H. McKee, Jr. and WHM Resources LLC and any and all members of the Fee and Cost Committee and retired Judge Daniel Stack, External Review Specialist.

Despite Plaintiff Pro Se Litigant "Non-Lawyer *Objection*" LANA C. KEETON's substantial confidential and protected work product being accessed through Henry Garrard III, CEO and CFO of Blasingame, Burch, Garrard and Ashley PC and Bryan Aylstock of Aylstock, Witkin, Kreis and Overholtz and others on the Plaintiff's Steering Committee BY ALL 100,000 plus MESH PLAINTIFFS, Judge Joseph R. Goodwin ignored the facts and his own rulings in favor of LANA C. KEETON completely omitting Keeton, not only from being paid a single penny but completely omitting Keeton from the review process protocol established by Judge Goodwin himself.

Judge Joseph R. Goodwin has ruled in favor of "theft by allocation" by the members of the Fee and Cost Committee and retired Judge Daniel Stack, External Review Specialist, in various Pretrial Orders.

Judicial bias and prejudice are very serious issues which prevented delivery of justice for LANA C. KEETON. Plaintiff Pro Se Litigant "Non-Lawyer *Objection*" LANA C. KEETON has been denied the due administration of justice and the supposed fairness in a lawsuit.

> "However, if a judge fails to recuse himself or herself from a case where proper grounds clearly existed for recusal, then there may be penalties levied against them. **First**, the result of the case can be reviewed by an appellate court, and an entirely new trial may be ordered. This means that the judge's decision regarding a monetary award may be reversed or set aside. **Second**, a judge who refuses recusal when necessary may be further reprimanded or disciplined."
>
> https://www.legalmatch.com/law-library/article/consequences-of-judges-not-recusing-themselves.html

Judge Goodwin must step aside. He must recuse himself from further rulings related to payments from the over $366 million dollars in the Common Benefit Funds to LANA C. KEETON for the following MDL's as in the following Pretrial Orders:

MDL No. 2187   PTO 308, DE #7367
MDL No. 2325   PTO 283, DE #7444
MDL No. 2326   PTO 212, DE #8226
MDL No. 2327   PTO 342, DE #8453
MDL No. 2387   PTO 161, DE #2576
MDL No. 2440   PTO  89, DE #737
MDL No. 2511   PTO  42, DE #244
(All signed on July 25, 2019)

Judge Joseph R. Goodwin ignores the facts presented by "Non-Lawyer *Objection*", Pro Se Plaintiff Litigator Lana C. Keeton in favor of various Officers of the Court who he himself appointed to the Fee and Cost Committee. 86 Attorney Firms, and Ms. Keeton, seeking compensation for their common benefit work have been denied the due administration of justice.

This Court should have considered the actual facts on the record from the legitimate Objections by the law firms of Kline Specter, Mazie, Slater, Katz, Ben Anderson Law Offices, and Bernstein Liebhard LLP. These respected law firms and respected Plaintiff Pro Se Litigant Lana C. Keeton were denigrated through innuendo by Henry G. Garrard III of Blasingame, Burch, Garrard & Ashley PC in his Omnibus Response, Case 2:12-md-02327 DE# 7816 Filed 04/08/19, because there are no legitimate facts NOT TO PAY each of them their fair and equitable portion of the Common Benefit Funds, which will most likely reach over $550 million dollars for the 95 total applicants, which include Keeton, to the Common Benefit Fund(s).

## MEMORANDUM OF LAW

"There are two circumstances in which a federal judge is ordinarily expected to recuse himself pursuant to 28 U.S.C. § 455. Under § 455(a), recusal is mandatory in "any proceeding in which his impartiality might reasonably be questioned." Under § 455(b), a judge is expected to disqualify himself **whenever any of the five statutorily prescribed criteria can be shown to exist in fact**; even if no motion or affidavit seeking such relief has been filed, and regardless of whether a reasonable person would question the judge's impartiality. "Section 455(b) (1) provides that a judge should disqualify himself in any proceeding in which he has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

http://www.judicialrecusal.com/28-u-s-c-%C2%A7-455-disqualification/

## SUPREME COURT RULINGS RE: JUDICIAL RECUSAL

### Rippo v. Baker Docket 16-316. Argued 03/06/2017

"The Supreme Court reversed, stating that precedent dictates recusal at times where actual bias is absent. "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.'"
**Holding**: In reviewing Michael Rippo's application for state post conviction relief -- contending under the due process clause of the 14th Amendment that his trial judge, the target of a federal bribery probe, could not have impartially adjudicated the case -- the Nevada Supreme Court did not ask the question required by precedent: whether, considering all the circumstances alleged, the risk of bias was too high to be constitutionally tolerable.

### Williams v. Pennsylvania [2016]

"In an opinion by Justice Anthony Kennedy, the Supreme Court vacated the Pennsylvania Supreme Court's judgment:

Where a judge has had an earlier significant, personal involvement as a prosecutor in a critical decision in the defendant's case, the risk of actual bias in the judicial proceeding rises to an unconstitutional level. Due process entitles Terrance Williams to "a proceeding in which he may present his case with assurance" that no member of the court is "predisposed to find against him."

Pursuant to these Supreme Court case laws and U.S. Judicial Codes, Judge Goodwin must recuse himself because:

1. the risk of bias was too high to be constitutionally tolerable.
2. Judge Goodwin's significant personal involvement in an earlier judicial proceeding related to Lana C. Keeton
3. Under 28 U.S.C. § 455 (a), recusal is mandatory in "any proceeding in which his impartiality might reasonably be questioned."
4. "Section 455(b) (1) provides that a judge should disqualify himself in any proceeding in which he has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." ie., Judge Goodwin's close personal relationship with William H. McKee, Jr. whom he appointed to be paid from the Common Benefit Fund(s) based on his "non-attorney participation" on the Fee and Cost Committee and his personal knowledge of the facts of Keeton's Case No. 2:13cv24276

Judge Joseph R. Goodwin's clear bias and prejudice against Lana C. Keeton mandate his recusal. He favors Henry G. Garrard III and other known bad actors, Officers of the Court, who do not hesitate to place false evidence into the United States Federal District Court System through their "theft by allocation" of unearned Common Benefits Fund over Lana C. Keeton's rights to the fair and honest and due administration of justice and her rights to Due Process under the $5^{th}/14^{th}$ Amendments of the Constitution.

Dated: August 22, 2019                                              Yours truly,

Miami Beach, Florida 33139                                          ***LANA C. KEETON***
                                                                                                             LANA C. KEETON
Plaintiff Pro Se
901 Pennsylvania Avenue, Suite 3-423
Miami Beach, FL 33139
305-342-8002 cell phone
305-671-9331 phone;
800-509-9917 fax
Lana@LanaKeeton.com

By: ***LANA C. KEETON***
            Lana C. Keeton, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Federal Express this 22nd day of August 2019 on all counsel or parties of record by filing it with the Clerk of the Court in the United States District Court of the Southern District of West Virginia.

*LANA C. KEETON*
LANA C. KEETON
Plaintiff Pro Se
901 Pennsylvania Avenue, Suite 3-423
Miami Beach, FL 33139
305-342-8002 cell phone
305-671-9331 phone;
800-509-9917 fax
Lana@LanaKeeton.com

By: *LANA C. KEETON*
Lana C. Keeton, Plaintiff Pro Se