**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION                    MDL 2327

--------------------------------------------------
THIS DOCUMENT RELATES TO CASES
IDENTIFIED ON EXHIBIT A

**PRETRIAL ORDER # 346**
**(Docket Control Order – Ethicon, Inc. Wave 13 Cases)**

The court **ORDERS** that Pretrial Order ("PTO") # 341 is **AMENDED** to correct a typographical error in Paragraph A (Scheduling Deadlines).[1] The remaining provisions related to Wave 13 remain in effect and are set forth again below. The court **ORDERS** as follows for the cases on Exhibit A:

1. The cases are no longer eligible for placement or return to the inactive docket nor may notices of settlement be filed to relieve the parties from these scheduling deadlines*;*

2. *To the extent any other defendants are named in the cases on Exhibit A, the deadlines below also apply to them; and*

3. The following deadlines immediately apply in all Wave 13 cases with *one important exception. If the parties in any of these cases have previously filed dispositive and/or Daubert motions, the parties may not file or refile dispositive or Daubert motions without first seeking leave of court for good cause shown. It is not the court's intention to allow a new round of pleadings or a second bite at the apple for cases already worked up in previous waves.*

---

[1] The court has removed cases from the original Exhibit A that have since closed.

*A.* **SCHEDULING DEADLINES**. The following deadlines shall apply in all Ethicon Wave 13 cases:

| | |
|---|---|
| Plaintiff Fact Sheets.[2] | 07/01/2019 |
| Defendant Fact Sheets.[3] | 07/11/2019 |
| Deadline for written discovery requests. | 08/09/2019 |
| Expert disclosures served by plaintiffs pursuant to Fed. R. Civ. P. 26 as limited by ¶ 3.a. of this order. | 10/08/2019 |
| Expert disclosure served by defendants pursuant to Fed. R. Civ P. 26 as limited by ¶ 3.a. of this order.[4] | 11/07/2019 |
| Expert disclosure served for rebuttal pursuant to Fed. R. Civ. P. 26 as limited by ¶ 3.a. of this order. | 11/14/2019 |
| Deposition deadline and close of discovery. | 12/13/2019 |
| Filing of dispositive motions. | 12/20/2019 |
| Response to dispositive motions. | 01/03/2020 |
| Reply to response to dispositive motions. | 01/10/2020 |
| Filing of *Daubert* motions. | 12/20/2019 |
| Responses to *Daubert* motions. | 01/03/2020 |
| Reply to response to *Daubert* motions. | 01/10/2020 |

1.     **Completion Date.** The last date to complete depositions shall be the "discovery completion date" by which all discovery shall be completed.

2.     **Limitations on Interrogatories, Requests for Admissions and Depositions**. The following limitations apply:

a. Each defendant[5] is limited to 10 interrogatories, 10 requests for production of documents and 10 requests for admission per case.

---

[2] The court reminds plaintiffs who have named additional MDL defendants other than the Ethicon-related defendants to serve a defendant-specific Plaintiff Fact Sheet as required in that particular defendant's MDL.

[3] Where plaintiffs have named multiple defendants (i.e., C. R. Bard, Inc., and Ethicon, Inc., Boston Scientific Corp., etc.), each defendant must serve a Defendant Fact Sheet using the form agreed to in that defendant's MDL.

[4] Paragraph 3.a. of this order states the "the plaintiffs and each defendant are limited to no more than five (5) experts per case (exclusive of treating physicians)."

[5] In referring to the "defendant" or "defendants" throughout this order, it is my intention that a defendant(s) includes the defendant and its related entities, i.e., Ethicon, Inc. and Johnson & Johnson are related entities and treated as one

2

b.    Plaintiffs are limited to 10 interrogatories, 10 requests for production of documents and 10 requests for admission to each defendant.

c.    In each individual member case, no more than 4 treating physicians may be deposed.[6]

d.    Depositions of plaintiff's friends and family members may be taken at any time prior to trial provided the deposition is requested before the discovery completion date.

e.    The Deposition of any witness is limited to 3 hours absent agreement of the parties.

f.    The court will consider modifications to the above limitations only upon good cause shown.

3.    **Limitations on Experts.** The following limitations related to experts apply:

a.    The parties may conduct general and specific expert discovery on all products at issue in this Wave. In light of the products involved in this Wave, the likelihood of overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases, **the plaintiffs and each defendant are limited to no more than five experts per case (exclusive of treating physicians).**

b.    The parties shall coordinate the depositions of general causation experts.

---

defendant for purposes of these discovery limitations. Likewise, if more than one plaintiff is named, plaintiffs are treated as one entity for purposes of these discovery limitations.

[6] To the extent disputes arise regarding the division of time between the parties for the deposition of treating physicians (three hours total absent agreement), I will address those disputes, rather than the assigned Magistrate Judge, Judge Eifert.

Insofar as multiple plaintiffs or multiple defendants use the same general causation expert or experts or general causation rebuttal experts, those experts shall be deposed only once on the issue of general causation. As to defendants' experts, plaintiffs are instructed to choose a lead questioner.

c.  The court encourages the coordination of depositions of specific causation experts to the extent there is overlap in the parties' use of specific causation experts by multiple parties.

d.  The court will consider modifications to the above limitations only upon good cause shown.

4.     **Transferring to another MDL, requesting removal from the Wave and extensions of deadlines.**

a.  *Transfer of any case from this wave to any other MDL, whether by ruling upon a motion from plaintiff or defendants or sua sponte by the court, does not relieve the plaintiff or any remaining defendant(s) from the deadlines of this Docket Control Order.*

b.  If an Amended Short Form Complaint properly filed pursuant to Federal Rules of Civil Procedure 15(a), names a new party, then any party may move for an extension to the Docket Control Order.

**B.  MOTION PRACTICE.**

1.     ***Daubert* Motions.** For the filing of *Daubert* motions on general causation issues only, the parties are instructed to file one *Daubert* motion per expert in the main MDL (MDL 2327) instead of the individual member case.[7]  Each side may file one

---

[7] If parties wish to adopt previous *Daubert* motions on general causation experts from other MDLs, they may file

response and one reply in the main MDL to each *Daubert* motion. This limitation does not apply to specific causation *Daubert* motions, responses and replies. Specific causation *Daubert* motions, responses and replies must be filed in the individual member cases. To the extent a challenged expert is both a general and specific causation expert, the parties must file a general causation motion in the main MDL 2327 and an individual specific causation motion in an individual member case.

2. **Page Limitations.** The page limitations provided in Local Rule of Civil Procedure 7.1(a)(2) apply to memoranda in support of all dispositive and *Daubert* motions, oppositions and replies. The court will not consider pleadings that exceed these limitations.

3. **Confidential Documents.** In the past, the court has permitted parties to file placeholder exhibits in support of *Daubert*, dispositive and other motions, responses and replies in the place of confidential documents that may be sealed and then, within five days, redact/dedesignate the documents or file a motion to seal. *The court will no longer permit this practice. Parties may no longer file placeholder exhibits.* The court expects leadership counsel for plaintiffs and defendants to resolve issues related to confidential designations well before the filing of motions. In the event there are issues related to sealing of confidential documents that the parties are unable to resolve, they must be brought to the court's attention in a consolidated manner as follows: Any consolidated motion to seal is due on or before **November 4, 2019,** and any response is due by **November 18, 2019.** Any reply is due by **November 25, 2019**. The court expects full compliance with Local Rule of Civil Procedure 26.4(c).

---

a notice of adoption with a copy of the previous filing (if necessary) they wish to adopt in the main MDL 2327.

4. **Locations of Filings. With the exception of the general causation *Daubert* motions as outlined above, the parties are reminded that they must file dispositive and *Daubert* motions on specific causation, responses and replies in the applicable member cases only, not in the Ethicon MDL.**

**C. CASES READY FOR TRANSFER, REMAND OR TRIAL**

1. **Venue Recommendations.** By no later than **November 5, 2019**, the parties shall meet and confer concerning the appropriate venue for each of the cases, and the parties are **ORDERED** to file joint venue recommendations by **November 15, 2019**. The parties' joint recommendation(s) shall identify cases where venue is in dispute. The court may then request briefing.

2. **Transfer and Remand.** The court, pursuant to PTO # 15 and 28 U.S.C. § 1404(a), will transfer each directly-filed case to a federal district court of proper venue as defined in 28 U.S.C. § 1391. In the alternative, pursuant to PTO # 15 and 28 U.S.C. § 1407, cases that were transferred to this court by the MDL Panel shall be remanded for further proceedings to the federal district court from which each such case was initially transferred.[8]

3. **Trial Settings.** If a case is to be tried in the United States District Court for the Southern District of West Virginia (either by agreement of the parties or where venue in the Southern District is determined to be proper by the court), the case shall be deemed trial-ready when discovery is completed and the court rules on the parties' summary judgment motions. The trial date for cases transferred or remanded to other

---

[8] As expressly contemplated by PTO # 15, Ethicon does not waive its right to seek transfer–pursuant to 28 U.S.C. § 1406(a) or any other available ground–of any case to a court of proper venue, regardless of whether that case was transferred to or directly-filed in the Southern District of West Virginia. I entered identical PTOs in the remaining MDLs assigned to me.

federal district courts shall be set by the judge to whom the transferred or remanded case is assigned (including the undersigned through intercircuit assignment).

D.      **COMMON BENEFIT TIME.** I have entered a number of Pretrial Orders related to the eventual recovery of the cost of special services performed and expenses incurred by participating counsel in this and the other MDLs assigned to me. I direct the parties' attention to PTO # 18[9], and its warning that "[n]o time spent on developing or processing purely individual issues in any case for an individual client (claimant) will be considered or should be submitted, nor will time spent on any unauthorized work." Pretrial Order No. 18, ECF No. 282, ¶ C. The court is of the opinion it is highly unlikely that any work performed by counsel on individual wave cases will be considered common benefit work. The court **DIRECTS** the Clerk:

1.      To file a copy of this order in 2:12-md-2327 **and in the Ethicon Wave 13 cases identified on Exhibit A**; and

2.      To remove any existing wave or inactive flags from the cases on Exhibit A and place the Ethicon Wave 13 flag.

It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court.  The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: September 10, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[9] I entered identical PTOs in the remaining MDLs assigned to me.

**EXHIBIT A**
**PTO 346**

| | Case Flags | Civil Action No. | Case Style |
|---|---|---|---|
| 1 | 2327 WAVE 13 | 2:12-cv-01025 | Dewey et al v. C. R. Bard, Inc. et al |
| 2 | 2327 WAVE 13 | 2:12-cv-01978 | Poole et al v. Ethicon, Inc. et al |
| 3 | 2327 WAVE 13 | 2:12-cv-02215 | Messer v. Cardinal Health, Inc. et al |
| 4 | 2327 WAVE 13 | 2:12-cv-02937 | Bowden v. Boston Scientific Corporation |
| 5 | 2327 WAVE 13 | 2:12-cv-04789 | Sobie et al v. Ethicon, Inc. et al |
| 6 | 2327 WAVE 13 | 2:12-cv-06198 | Labiche et al v. Nisbet et al |
| 7 | 2327 WAVE 13 | 2:12-cv-07720 | Barber v. C. R. Bard, Inc. et al |
| 8 | 2327 WAVE 13 | 2:13-cv-00249 | Pizzitola v. Ethicon, Inc. et al |
| 9 | 2327 WAVE 13 | 2:13-cv-02651 | Hanrihan et al v. Ethicon, Inc. et al |
| 10 | 2327 WAVE 13 | 2:13-cv-05338 | Risley et al v. Boston Scientific Corporation et al |
| 11 | 2327 WAVE 13 | 2:13-cv-06188 | Koch v. Boston Scientific Corporation |
| 12 | 2327 WAVE 13 | 2:13-cv-06974 | Lim v. Ethicon, Inc. et al |
| 13 | 2327 WAVE 13 | 2:13-cv-12166 | Wood v. Boston Scientific Corporation |
| 14 | 2327 WAVE 13 | 2:13-cv-16175 | Sutton et al v. Ethicon, Inc. et al |
| 15 | 2327 WAVE 13 | 2:13-cv-16681 | Bobczyk v. Boston Scientific Corporation |
| 16 | 2327 WAVE 13 | 2:13-cv-21483 | Schillachi v. Roberts et al |
| 17 | 2327 WAVE 13 | 2:13-cv-30047 | Perez et al v. Johnson & Johnson et al |
| 18 | 2327 WAVE 13 | 2:13-cv-32407 | Martinez et al v. Boston Scientific Corporation et al |
| 19 | 2327 WAVE 13 | 2:13-cv-32948 | Miller et al v. Johnson & Johnson et al |
| 20 | 2327 WAVE 13 | 2:14-cv-01694 | Hochstetler v. Ethicon, Inc. et al |
| 21 | 2327 WAVE 13 | 2:14-cv-02952 | Champion et al v. Ethicon, Inc. et al |
| 22 | 2327 WAVE 13 | 2:14-cv-03865 | Baker et al v. Boston Scientific Corporation |
| 23 | 2327 WAVE 13 | 2:14-cv-04509 | Myers v. Ethicon, Inc. et al |
| 24 | 2327 WAVE 13 | 2:14-cv-06455 | Batson v. Ethicon, Inc. et al |
| 25 | 2327 WAVE 13 | 2:14-cv-07274 | Garbarino et al v. Ethicon, Inc. et al |
| 26 | 2327 WAVE 13 | 2:14-cv-09748 | Westerfield v. Ethicon, Inc. et al |
| 27 | 2327 WAVE 13 | 2:14-cv-10221 | Parks et al v. Ethicon, Inc. et al |
| 28 | 2327 WAVE 13 | 2:14-cv-12764 | Heywood et al v. Boston Scientific Corporation |
| 29 | 2327 WAVE 13 | 2:14-cv-14097 | Rocha v. Ethicon, Inc. et al |
| 30 | 2327 WAVE 13 | 2:14-cv-17181 | Walters v. Ethicon, Inc. et al |
| 31 | 2327 WAVE 13 | 2:14-cv-17183 | Hoernis et al v. Ethicon, Inc. et al |
| 32 | 2327 WAVE 13 | 2:14-cv-22546 | Blair v. Boston Scientific Corporation |
| 33 | 2327 WAVE 13 | 2:14-cv-22872 | Larson et al v. Boston Scientific Corporation et al |
| 34 | 2327 WAVE 13 | 2:14-cv-23146 | Baggette v. Boston Scientific Corporation |
| 35 | 2327 WAVE 13 | 2:14-cv-27080 | Ontiberos et al v. Johnson & Johnson et al |
| 36 | 2327 WAVE 13 | 2:14-cv-28383 | Grover et al v. Ethicon, Inc. et al |
| 37 | 2327 WAVE 13 | 2:14-cv-28384 | Manes et al v. Ethicon, Inc. et al |
| 38 | 2327 WAVE 13 | 2:14-cv-28490 | Campbell et al v. Ethicon, Inc. et al |
| 39 | 2327 WAVE 13 | 2:14-cv-28503 | Bayer et al v. Ethicon, Inc. et al |
| 40 | 2327 WAVE 13 | 2:14-cv-28515 | Schulte et al v. Ethicon, Inc. et al |
| 41 | 2327 WAVE 13 | 2:14-cv-28532 | Russell et al v. Ethicon, Inc. et al |
| 42 | 2327 WAVE 13 | 2:14-cv-28536 | McCoy v. Ethicon, Inc. et al |
| 43 | 2327 WAVE 13 | 2:14-cv-28539 | Staigmiller v. Ethicon, Inc. et al |
| 44 | 2327 WAVE 13 | 2:14-cv-28541 | Lembke v. Ethicon, Inc. et al |

**EXHIBIT A**
**PTO 346**

| | Case Flags | Civil Action No. | Case Style |
|---|---|---|---|
| 45 | 2327 WAVE 13 | 2:14-cv-28543 | Wilson et al v. Ethicon, Inc. et al |
| 46 | 2327 WAVE 13 | 2:14-cv-28545 | Dicomo-Wilson et al v. Ethicon, Inc. et al |
| 47 | 2327 WAVE 13 | 2:14-cv-29132 | Cable et al v. Ethicon, Inc. et al |
| 48 | 2327 WAVE 13 | 2:14-cv-29136 | Wallin v. Ethicon, Inc. et al |
| 49 | 2327 WAVE 13 | 2:14-cv-29146 | Davis v. Ethicon, Inc. et al |
| 50 | 2327 WAVE 13 | 2:14-cv-31166 | Bunch v. Roberts et al |
| 51 | 2327 WAVE 13 | 2:15-cv-01436 | Davidson et al v. Ethicon, Inc. et al |
| 52 | 2327 WAVE 13 | 2:15-cv-02531 | Walker et al v. Boston Scientific Corporation |
| 53 | 2327 WAVE 13 | 2:15-cv-02535 | Beckman et al v. Boston Scientific Corporation |
| 54 | 2327 WAVE 13 | 2:15-cv-05586 | Milam v. Ethicon, Inc. et al |
| 55 | 2327 WAVE 13 | 2:15-cv-05858 | Dorantes et al v. Johnson & Johnson et al |
| 56 | 2327 WAVE 13 | 2:15-cv-06033 | Warhol v. Johnson & Johnson et al |
| 57 | 2327 WAVE 13 | 2:15-cv-07038 | Holm v. Ethicon, Inc. et al |
| 58 | 2327 WAVE 13 | 2:15-cv-08091 | Marshall v. Ethicon, Inc. et al |
| 59 | 2327 WAVE 13 | 2:15-cv-09002 | Gilliss v. Boston Scientific Corporation |
| 60 | 2327 WAVE 13 | 2:15-cv-11284 | Garrow v. Ethicon, Inc. et al |
| 61 | 2327 WAVE 13 | 2:15-cv-12667 | Furtado v. Ethicon, Inc. |
| 62 | 2327 WAVE 13 | 2:15-cv-13135 | Brosie et al v. Ethicon, Inc. et al |
| 63 | 2327 WAVE 13 | 2:16-cv-01525 | Arnold v. Ethicon, Inc. et al |
| 64 | 2327 WAVE 13 | 2:16-cv-01835 | Torres et al v. Ethicon, Inc. et al |
| 65 | 2327 WAVE 13 | 2:16-cv-04193 | Snyder v. Ethicon, Inc. et al |
| 66 | 2327 WAVE 13 | 2:16-cv-05015 | Carlson v. Mentor Worldwide LLC et al |
| 67 | 2327 WAVE 13 | 2:16-cv-06001 | Watts v. Ethicon, Inc. et al |
| 68 | 2327 WAVE 13 | 2:16-cv-06626 | Hilliard v. Boston Scientific Corporation |
| 69 | 2327 WAVE 13 | 2:16-cv-08000 | Fischer v. Ethicon, Inc. et al |
| 70 | 2327 WAVE 13 | 2:16-cv-08237 | Brown v. Ethicon, Inc. et al |
| 71 | 2327 WAVE 13 | 2:16-cv-09513 | Smith v. C. R. Bard, Inc. |
| 72 | 2327 WAVE 13 | 2:16-cv-10467 | Macknis et al v. Ethicon, Inc. et al |
| 73 | 2327 WAVE 13 | 2:16-cv-11633 | Madsen et al v. C. R. Bard, Inc. |
| 74 | 2327 WAVE 13 | 2:16-cv-11877 | Blackmon et al v. Johnson & Johnson et al |
| 75 | 2327 WAVE 13 | 2:16-cv-11881 | Brawley et al v. Johnson & Johnson et al |
| 76 | 2327 WAVE 13 | 2:17-cv-00846 | Copeland v. Ethicon, Inc. et al |
| 77 | 2327 WAVE 13 | 2:17-cv-00881 | Harris v. Ethicon, Inc. et al |
| 78 | 2327 WAVE 13 | 2:17-cv-01121 | McKimmy v. Ethicon, Inc. et al |
| 79 | 2327 WAVE 13 | 2:17-cv-01903 | Ward v. Ethicon, Inc. |
| 80 | 2327 WAVE 13 | 2:17-cv-01986 | Cobos et al v. Ethicon, Inc. et al |
| 81 | 2327 WAVE 13 | 2:17-cv-01987 | Dempsey v. Ethicon, Inc. et al |
| 82 | 2327 WAVE 13 | 2:17-cv-04127 | Hinnewinkel v. Boston Scientific Corporation |
| 83 | 2327 WAVE 13 | 2:17-cv-04204 | Juarez v. Ethicon, Inc. et al |
| 84 | 2327 WAVE 13 | 2:17-cv-04334 | DeAngelo et al v. Ethicon, Inc. et al |
| 85 | 2327 WAVE 13 | 2:18-cv-01146 | Hall et al v. Ethicon, Inc. et al |
| 86 | 2327 WAVE 13 | 2:18-cv-01275 | Breen v. Ethicon, Inc. et al |
| 87 | 2327 WAVE 13 | 2:18-cv-01295 | Gonzalez et al v. Ethicon, Inc. et al |
| 88 | 2327 WAVE 13 | 2:18-cv-01550 | Renteria v. Ethicon, Inc. et al |

**EXHIBIT A**
**PTO 346**

|  | Case Flags | Civil Action No. | Case Style |
|---|---|---|---|
| 89 | 2327 WAVE 13 | 2:18-cv-01551 | Turner v. Ethicon, Inc. et al |
| 90 | 2327 WAVE 13 | 2:19-cv-00164 | Bowers v. Ethicon, Inc. et al |
| 91 | 2327 WAVE 13 | 2:19-cv-00266 | Deshon et al v. Ethicon, Inc. et al |
| 92 | 2327 WAVE 13 | 2:19-cv-00299 | Harrington v. Ethicon, Inc. et al |