```
                IN THE UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT HUNTINGTON

_____x
IN RE:                          :  MDL NO.
ETHICON INC.,                   :  2:12-MD-02327
PELVIC REPAIR SYSTEM PRODUCTS   :
LIABILITY LITIGATION            :
                                :
_____x

THIS DOCUMENT RELATES TO:       :
                                :
Pamela Lynch v. Ethicon, Inc.,  :
Et. al.                         :
Case No. 2:13-cv-27345          :
_____x
```

                        TELEPHONIC HEARING
            BEFORE THE HONORABLE CHERYL A. EIFERT,
               UNITED STATES MAGISTRATE JUDGE,
                      SEPTEMBER 4, 2019

**APPEARANCES:**
**(BY TELEPHONE)**

**For the Plaintiff:**   MR. JODY CHANCE, ESQ.
                         Kline & Specter
                         Philadelphia, PA  19102

**For the Defendants:**  MS. ANITA MODAK-TRURAN, ESQ.
                         Butler Snow
                         Suite 1600
                         150 Third Avenue, South
                         Nashville, TN  37201

    Proceedings recorded by mechanical stenography,
transcript produced by computer.
                    _____
                    CATHERINE SCHUTTE-STANT, RDR, CRR,
                     Federal Official Court Reporter
                    300 Virginia Street, East, Room 6009
                           Charleston, WV 25301

*Catherine Schutte-Stant, RDR, CRR (304) 347-3151*

```
 1   CONTINUED APPEARANCES:
     (BY TELEPHONE)
 2

 3   For Patricia Ganja:    MITCHELL STIPP, ESQUIRE
                            1180 N. Town Center Drive
 4                          Suite 100
                            Las Vegas, NV 89144
 5
```

| | |
|---|---|
| 1 | P-R-O-C-E-E-D-I-N-G-S                2:30 p.m. |
| 2 | Had before The Honorable Cheryl A. Eifert, United |
| 3 | States Magistrate Judge, United States District Court for |
| 4 | the Southern District of West Virginia, at Huntington, via |
| 5 | teleconference, on September 4, 2019, as follows: |
| 6 | JUDICIAL ASSISTANT: Hello, everyone. This is |
| 7 | Laura, Judge Eifert's Judicial Assistant. |
| 8 | And I would first like to confirm our court reporter |
| 9 | today, Cathy Schutte-Stant, is on the line. |
| 10 | COURT REPORTER: Yes. Hi, Laura. This is Cathy. |
| 11 | JUDICIAL ASSISTANT: Hi. Thank you, Cathy. |
| 12 | We are here in the case of *Lynch versus Ethicon*, Case Number |
| 13 | 2:13-cv-27345. This is regarding counsel requested a |
| 14 | telephone conference with Judge Eifert concerning issues |
| 15 | regarding the deposition of Patricia Ganja. |
| 16 | May I have plaintiffs' counsel, please. |
| 17 | Anyone on the line for plaintiff? |
| 18 | MR. CHANCE: I'm here on behalf of Pamela Lynch, |
| 19 | Jody Chance. |
| 20 | JUDICIAL ASSISTANT: All right. Jody Chance for |
| 21 | plaintiff. |
| 22 | Counsel for Ethicon, please. |
| 23 | MR. CHANCE: I got an e-mail from her saying she's |
| 24 | trying to call in and it keeps hanging up on her. I'm going |
| 25 | to verify the information and send it back to her. |

|   |   |
|---|---|
| 1 | JUDICIAL ASSISTANT: All right, I'll go check on |
| 2 | that in just a moment. In the meantime, is counsel for Ms. |
| 3 | Ganja on the line? |
| 4 | (No response.) |
| 5 | JUDICIAL ASSISTANT: Is Mitchell Stipp on the |
| 6 | line? |
| 7 | (No response.) |
| 8 | JUDICIAL ASSISTANT: All right. Let me go check. |
| 9 | If you will hold one moment. |
| 10 | MR. CHANCE: Thank you. |
| 11 | (Pause in proceedings.) |
| 12 | JUDICIAL ASSISTANT: Hello. Who just entered the |
| 13 | call? |
| 14 | MS. MODAK-TRURAN: Anita Modak-Truran on behalf of |
| 15 | Ethicon and Johnson & Johnson. |
| 16 | JUDICIAL ASSISTANT: I'm glad you connected in. |
| 17 | It seems to be working. |
| 18 | MS. MODAK-TRURAN: It wasn't working from my cell |
| 19 | phone, so I switched to a hard line. |
| 20 | JUDICIAL ASSISTANT: This is Laura. Has Mr. Stipp |
| 21 | been able to connect yet? |
| 22 | MS. MODAK-TRURAN: Not that I can see. He said in |
| 23 | his e-mails to all of us that he tried and got the same |
| 24 | result. |
| 25 | JUDICIAL ASSISTANT: All right. Let me go check |

1  my e-mails and see if he responded to that.
2         (Pause in proceedings.)
3             JUDICIAL ASSISTANT: Is Mr. Stipp on the line?
4             MR. STIPP: Yes. This is Mitchell Stipp.
5             JUDICIAL ASSISTANT: Okay. Everybody, this is
6  Laura again. I just want to confirm that we have Jody
7  Chance on the line for the plaintiff, Anita Modak-Truran for
8  Ethicon, and Mitchell Stipp, counsel for Ms. Ganja.
9      Is that correct?
10            MR. CHANCE: Correct.
11            JUDICIAL ASSISTANT: All right, thank you.
12        Before I get Judge Eifert on the line, I just want to
13 remind everyone to please identify yourself when speaking.
14 And if you'll hold one moment.
15            THE COURT: Good afternoon.
16            MS. MODAK-TRURAN: Good afternoon, Your Honor.
17            MR. CHANCE: Good afternoon, Your Honor.
18            THE COURT: All right. I have looked at what I've
19 received from everyone, and I guess my first question is to
20 you, Mr. Stipp. I don't know if you still seriously have
21 any objection to this Court resolving this issue, and, if
22 so, we can talk about that from the beginning.
23            MR. STIPP: I do. I mean, I certainly was not
24 aware of the exact purpose of the call. I wasn't aware that
25 the judge would actually be a participant. And I did

1  indicate in my e-mail that we were not waiving any rights
2  with respect to jurisdiction.  Typically, it's not my
3  experience that these matters are handled informally;
4  although, I'm not necessarily opposed to trying to resolve
5  the matter informally, but -- those are my initial thoughts.
6          THE COURT:  Well, let me tell you that the
7  position that we have always taken -- and by we, I mean this
8  Court -- in these multidistrict litigations of which there
9  are five, is that 28, U.S.C., Section 1407 gives this Court
10 jurisdiction over any pretrial issue, including enforcing
11 subpoenas for pretrial depositions.  And I don't believe
12 there is a lot of dispute about that.
13    I know there have been some cases that have discussed
14 whether or not a court should transfer something to the
15 multidistrict litigation court under Rule 45(f), which is a
16 little bit different than having the motion actually filed
17 in the multidistrict litigation court.  But I can tell you
18 that it is -- it is our position and it is a position
19 supported by most recent case law that this Court does have
20 the jurisdiction to resolve this issue.  And, in fact, it is
21 preferable for it to be done in this Court, because,
22 otherwise, two things would happen:  First of all, we'd
23 never get any of these multidistrict litigations resolved
24 because we would have so many pending motions in other
25 courts; and secondly, it defeats the purpose of the

1  multidistrict litigation, which is that all of these matters
2  be addressed in an efficient and consistent manner.
3       So I have always had jurisdiction over these issues.
4  And in the rare case where they have been filed in some
5  other court, they've been transferred to this Court. So I
6  feel that I certainly do have the authority to rule on
7  their -- should they file a motion -- I guess, technically,
8  there is no motion pending at this point, but I do think
9  that this Court has the jurisdiction to resolve any pretrial
10 issue such as this.
11      So that's the first point.
12      And, you know, if you have -- if you seriously have
13 objections to it, then I'm not sure what to tell you to do.
14 Because I think that the matter is going to wind up in this
15 court and all you're going to do is delay the multidistrict
16 litigation from proceeding forward by raising an objection
17 to this Court's jurisdiction. But you can do whatever you
18 feel like you need to do.
19      And having said that, I think when I look at the
20 information in front of me, I really cannot understand why
21 this deposition has not been taken. I don't understand what
22 the problem is with the deposition. I don't understand why
23 there has been this position taken by either you or your
24 client, Mr. Stipp, that she doesn't want to proceed with
25 this deposition. It seems like -- is this woman not just a

1　treater of the plaintiff?

2　　　　　MR. STIPP: I think that you're assuming things
3　that aren't reflected in the e-mails that you're provided,
4　and so I think probably the easiest thing to do is that
5　these matters be briefed, because I -- I think the idea here
6　is that noticing a deposition a few weeks before discovery
7　ends in this case always raises the prospect that the
8　parties are going to have issues. I don't think it's
9　surprising that if the parties wait until a couple of weeks
10　before the discovery deadline ends that there is a problem
11　like this. To me that's not surprising. Why the parties
12　waited as long as they did, you'd have to ask them.

13　　　　From our perspective, the world -- the world does not
14　revolve around this case or the litigation; my client's life
15　doesn't, my work and other responsibilities. When I was
16　engaged by my client to assist in this matter, it was a few
17　weeks before the end of the discovery deadline. I have
18　other matters that are ongoing, and I also had to travel for
19　the medical care of my son.

20　　　　So this shouldn't be positioned in any way as -- as a
21　surprise or an unwillingness on behalf of my client to
22　participate.

23　　　　Now, we asked for the -- we asked for the scheduling
24　order in this case, and the parties refused to provide it.
25　And we reviewed that order. And it was clear that the

1  discovery deadlines had passed after we had raised our
2  initial objections concerning the defectiveness of the
3  subpoena.  And so, you know, there isn't authority, unless
4  the deadline is moved.  We are not responsible for the
5  parties filing a defective subpoena.  We are not responsible
6  for the parties not getting the Court's approval to extend
7  discovery.
8      How is that our fault?
9      THE COURT:  Well, let me say this, Mr. Stipp, your
10 client received a notice of a deposition and a subpoena.
11 She chose to get you involved in the case.  While your life
12 doesn't revolve around this case or this case doesn't
13 revolve around your world, your world is not the most
14 important thing in this multidistrict litigation, which has
15 been pending now for many years, and it has involved many
16 different witnesses, and many different treaters.  And, you
17 know, our point is we need to get this finished.
18    The reason that the discovery deadline passed was
19 because you would not make your client available for
20 deposition, and then you have stalled ever since then.
21    And I don't really understand what the big problem is
22 with your client giving a deposition in this case.
23    One reason, perhaps, why the parties didn't Notice it
24 any sooner is because they are on very condensed discovery
25 periods.  They don't have a lot of time to work with.  And

1  that's because we've had 70,000 cases in these five
2  multidistrict litigations.
3       So my role is to make sure that this case gets fully
4  discovered and it either gets tried or it gets remanded or
5  it gets settled.
6       And, you know, with all due respect to you, I'm not
7  going to let one person's schedule upend what we have been
8  doing here for more than four or five years now.
9       So what I want to know is when will your client be
10  available for deposition?  And I will extend the discovery
11  deadline to make that happen.
12          MR. STIPP:  Well, I can't answer that question for
13  you today.
14          THE COURT:  Well, then what I'm going to do, Mr.
15  Stipp, is to grant an extension and allow the defendants to
16  serve her with another subpoena.  And you know what, she'll
17  have to show up.
18          MR. STIPP:  And that's fine.  And we may reserve
19  our right to, you know, file a protective order here locally
20  and address those matters.  Obviously, the matters haven't
21  been briefed.  You've already taken a position without
22  considering a number of factors, including that I was
23  traveling for the medical care of my son.  If that's not
24  important to you, or if that's not relevant, that's fine.
25  My client also was traveling for the month of August.  We

1  can supply those records.

2  I know you think that my client is being difficult, but
3  we have -- my client has every right to hire an attorney; we
4  have every right to raise an objection. If you want to
5  extend the discovery deadline, that's your choice. You are
6  the judge in this matter.

7  That doesn't mean we have to sit for a deposition. We
8  have our rights, and we'll pursue those accordingly.

9  THE COURT: Well, I will suggest you do that, but
10  your client doesn't have any greater special rights than
11  anybody else. If she has facts relevant to this case, and
12  her deposition is being noticed and she's being subpoenaed,
13  she needs to appear, because that's what the rule requires.
14  Frankly, I have the paperwork in here that you've provided
15  and it looks to me like the defendants in this case were
16  trying to accommodate your schedule and your client's
17  schedule, but, instead of working with them, you just kept
18  postponing it and postponing it and postponing it, and you
19  never actually would give them a date to take this
20  deposition.

21  And that was throughout the months of July and August
22  and here we are in September, and we still don't have a date
23  when your client can be available for this deposition.

24  I think you're obstructing the discovery process in
25  this multidistrict litigation. And I don't know why you are

1  doing that. I don't know if it's you; I don't know if it's
2  your client; I don't know if it's both of you.
3      But the bottom line is this, there are rules that we
4  all have to follow. If you don't like what my order is,
5  then, by all means, do whatever you need to do. But what
6  I'm saying is your client needs to appear for a deposition.
7  If you don't give these defendants a date for that
8  deposition, then they are to go ahead and subpoena your
9  client and take it at their convenience, not at your
10 convenience and not at your client's convenience, because
11 they've tried to do that for two months now and they've
12 gotten nowhere.
13          MR. STIPP: Your Honor, my client isn't here. I
14 can't confer with her on the specific dates. But what I
15 would ask you to do, for the record, is if you could confirm
16 for me whether or not the parties have to comply with the
17 rules in terms of the preparation and delivery of a valid
18 subpoena, if you don't attach the exhibits that are
19 referenced in your subpoena, if you don't attach the
20 disclosures that are required by Rule 45. Are you
21 suggesting to me that we should waive those objections?
22      Are you suggesting that the Court doesn't care about
23 those rules? Are you suggesting --
24          THE COURT: Well, I think, Mr. Stipp, that was two
25 subpoenas ago. I think that was two subpoenas ago. You

1   have been -- your client has been properly served with a
2   subpoena between the first one and where we are now.  And,
3   you know, I don't really understand why you want to --
4           MR. STIPP:  And the discovery deadline has
5   closed --
6           THE COURT:  -- play all these games.
7           COURT REPORTER:  I'm sorry.  I'm sorry.  Excuse
8   me.  This is the court reporter.  I can't take down two
9   people speaking at one time.
10          THE COURT:  I don't know why you want to play
11  these games.
12          MR. STIPP:  Nobody is playing any games, Your
13  Honor.  I just don't think that -- I just don't think that
14  you are giving any weight to the issues that we've raised in
15  our objection letters.  It is very typical for me to have a
16  court look and say, look, this is a defective subpoena.
17  Okay, so it's not valid.
18      Why is that not a valid argument?
19          THE COURT:  Because that argument is no longer an
20  issue.  Since that time, you were served --
21          MR. STIPP:  No, that's --
22          THE COURT:  Mr. Stipp -- Mr. Stipp, will you
23  please let me finish.
24      Since that time, your client was served with a valid
25  subpoena.

1  MR. STIPP: No, that's not accurate. The subpoena
2  was issued after the discovery deadline. Look at your trial
3  order.
4  THE COURT: I can extend the discovery deadline,
5  sir. If I want to do that, I can do that.
6  MR. STIPP: That's correct, you can. But at the
7  time the subpoena was issued, the discovery had closed, so
8  it's not valid. If you want to extend it retroactively,
9  that's up to you, but we'll take it up. We'll take it up.
10 THE COURT: I think the subpoena was valid unless
11 you filed a motion for protective order. And I don't see
12 that you ever did that. And I don't see that your client
13 ever showed up. So what I'm saying here, sitting here
14 today, sir, is that --
15 MR. STIPP: I kind of feel like you're creating
16 circumstances to justify your ruling. Because I've already
17 articulated that the initial subpoenas were not valid. You
18 agree with them. And the final subpoena came after the
19 discovery deadline. There is not a court that will say that
20 the discovery is permissible if discovery is closed. That
21 is the reason why the parties didn't provide the trial
22 scheduling order, it's the reason why I had to pull it
23 myself. It is unbelievable to me that a court in your
24 jurisdiction would say that my client is responsible for
25 appearing for a deposition and producing documents when

1    discovery is closed in that case.  Now, that --

2             THE COURT:  All right.  Well, here's what I'm --

3             MR. STIPP:  -- now I'm going to change the

4    deadline retroactively because I don't like your objections.

5    Okay.

6             THE COURT:  Well, here's what I'm telling you,

7    sir, sitting here today, Mr. Stipp, I'm extending the

8    deadline in order for this witness to be deposed.

9         And now I'm asking you, when can your client be

10   available, because we don't have a lot of time to get this

11   deposition finished?  So we have to pick a date when she can

12   be there.

13        Now, if you are not going to provide a date, then I'm

14   telling the defendants to proceed to notice the deposition

15   and serve your client with a valid subpoena.  That is what

16   I'm saying today.

17            MR. STIPP:  Do you understand how absurd your

18   question is to me, Your Honor?  You are asking me, and I've

19   already told you, my client is not here.  How can I confirm

20   the date when she would be present?

21            THE COURT:  Well, I would have thought, knowing

22   what this whole hearing was about today, that you might have

23   talked to your client and found out when she could be

24   available.

25            MR. STIPP:  I just -- (inaudible.)

1  THE COURT: Well then, I will give you five days
2  to give them a date when your client is available. And if
3  you --
4  MR. STIPP: I specifically noted in my e-mail to
5  your law clerk that I was not waiving jurisdiction and that
6  I would be happy to participate on a telephone call. I
7  didn't know that you were going to have a telephonic
8  hearing.
9  THE COURT: Well, I'm --
10  MR. STIPP: I specifically indicated that we
11  weren't waiving jurisdiction and we were not appearing in
12  your case. So, so -- (inaudible) -- conduct an oral hearing
13  on these matters without informing you of our reservation.
14  THE COURT: Here's what I'm doing today. I'm
15  going to tell the defendants this, and then you can do
16  whatever you want to, Mr. Stipp. I believe that you are
17  obstructing discovery in this case, and I believe that you
18  are --
19  MR. STIPP: I believe the -- (inaudible) -- will
20  support that.
21  THE COURT: Will you stop interrupting me. I
22  believe you are rude and disrespectful, and I don't want to
23  hear anything else out of you. I understand your position.
24  I'm telling the defendants at this point that if you
25  don't give them a date when your client is available for a

1    deposition in the next five days, they should proceed to
2    notice it and serve her with a subpoena, and I will enter an
3    order allowing them whatever time frame it takes to get that
4    deposition done, because they have a right to take the
5    deposition in this multidistrict litigation, and you are
6    just playing games.
7            MR. STIPP:  I --
8            THE COURT:  Now, if you don't like that, file a
9    motion for a protective order in the court of your choice
10   and you can do all the briefing you want to do, and get
11   it --
12           MR. STIPP:  Perfect.  We are happy to do that.
13   Thank you, Your Honor, for telling us that we can file a
14   motion in any court that we choose in order to address these
15   matters.  I appreciate that.  Thank you.
16           THE COURT:  You know, you are getting dangerously
17   close to being sanctioned.  So if I were you, I would just
18   stop at this point.
19       Let me ask the defendants, do they have anything that
20   they wish to add?
21           MS. MODAK-TRURAN:  Yes, Your Honor, we do.  First,
22   we are going to want a copy of this transcript, so if the
23   court reporter can please do that, and we will pay for that.
24       Second, if Mr. Stipp does -- after we file a subpoena
25   and serve it properly and brings it to some sort of court in

1   Nevada, we will be moving to transfer it back to you, Your
2   Honor.
3       We will also be asking for sanctions, because I can
4   represent to the Court that I have worked on almost 10,000
5   of these cases for Ethicon, and this is the first time we've
6   ever had a lawyer be so disrespectful to the parties and to
7   the Court.  And I find it outrageous.
8       The reason why we sought to depose Ms. Ganja is because
9   she is currently the treater for the plaintiff in this case
10  and she has relevant information in her records that we are
11  allowed to explore.  And that attorney who represents her
12  has done nothing but try to obstruct the process, and really
13  it's a shame that we've even had to have this conference.
14  Because we will spend as much money as it takes, Your Honor,
15  to make sure that we take this deposition within the rules
16  of the law.  Thank you.
17          THE COURT:  Thank you.
18      Let me ask plaintiffs' counsel if there is anything
19  that counsel wants to add?
20          MR. CHANCE:  No, ma'am.  I have nothing
21  additional.
22          THE COURT:  All right.  Then this hearing is
23  recessed.
24      Thank you, Cathy, for taking this down.
25          COURT REPORTER:  Thank you, Judge.

1            MS. MODAK-TRURAN:  Thank you, Your Honor.
2       (Proceedings concluded at 2:56 p.m.)

*Catherine Schutte-Stant, RDR, CRR (304) 347-3151*

```
 1              CERTIFICATE OF OFFICIAL REPORTER

 2        I, Catherine Schutte-Stant, Federal Official Realtime

 3   Court Reporter, in and for the United States District Court

 4   for the Southern District of West Virginia, do hereby

 5   certify that, pursuant to Section 753, Title 28, United

 6   States Code, the foregoing is a true and correct transcript

 7   of the stenographically reported proceedings which were

 8   telephonically held in the above-entitled matter and that

 9   the transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12            s/Catherine Schutte-Stant, RDR, CRR

13        _____ September 30, 2019

14            Catherine Schutte-Stant, RDR, CRR
              Federal Official Court Reporter
15
```