**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

IN RE: ETHICON, INC.,                                             MDL No. 2327
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

_____

**MOTION TO ENFORCE COURT-ORDERED COMMON BENEFIT ASSESSMENT
AGAINST KLINE & SPECTER AND ETHICON, INC.**

COMES NOW, the Plaintiffs' Common Benefit Fee and Cost Committee, and move the Court require Kline & Specter and Ethicon, Inc. to deposit the 5% MDL Common Benefit Assessment from payment of the judgment entered in *Beltz, et al. v. Ethicon*, Phila. Court of Common Pleas, June Term 2013, Case No. 0385, into the MDL 2237 Fund pursuant to the terms of this Court's Orders, and show as follows:

**BACKGROUND**

On September 13, 2019, Lee Balefsky of the Kline & Specter law firm wrote to Henry Garrard, Coordinating Co-Lead Counsel for the MDLs and Chairman of the court-appointed Common Benefit Fee and Cost Committee (the "FCC"), advising as follows:

> The above-captioned pelvic mesh case [*Beltz, et al. v. Ethicon*, Phila. Court of Common Pleas, June Term 2013, Case No. 0385] was tried to a jury verdict in Philadelphia County. A final judgment of $2,764,341.35 was entered and paid by Ethicon on September 9, 2019. Kline & Specter has placed 5 percent of the total ($138,217.17) in escrow pending our Motion to Set an End Date for Common Benefit Assessment filed with the Court on August 20, 2019.

*See*, copy of Sept. 13, 2019 L. Balefsky letter to H. Garrard attached as **Exhibit 1**.

Mr. Garrard responded to Mr. Balefsky's on September 26, 2019, copying counsel for Ethicon, Inc., stating:

> On behalf of the Executive Committee in the Ethicon pelvic mesh MDL (MDL 2327) and as Chairman of the FCC, I am in receipt of a letter dated September 13, 2019 from Lee B. Balefsky on behalf of Kline & Specter informing us that Kline

1

> & Specter and Ethicon have not paid the 5% assessment into the Common Benefit when the Judgment in the Beltz case was satisfied by Ethicon. According to the letter $138,217.17 was not paid into the Common Benefit Fund but was instead placed into an escrow account controlled by Kline and Spector. This non-payment of the Court-ordered 5% assessment into the Common Benefit Fund is in violation of Ethicon PTO's 62 and 134.
>
> Please pay this money into the Common benefit Fund within five (5) business days from the date of this letter and notify me in writing that it has been paid. If the assessment is not paid within that time, we will be forced to make a motion in the District Court against both Kline & Specter and Ethicon to enforce payment of the funds pursuant to the terms of the MDL Court orders.

*See*, copy of Sept. 26, 2019 letter from H. Garrard to L. Balefsky, W. Gage and G. Malone attached as **Exhibit 2**.

> Mr. Balefsky responded in writing to Garrard's letter the same date, stating:
>
> We are in receipt of your letter dated September 26, 2019 requesting immediate payment to the Common Benefit Fund with regard to the above-captioned pelvic mesh case. As of this writing, Judge Goodwin has yet to rule on Kline & Specter's August 20, 2019 Motion to Set an End Date for Common Benefit Assessments. A ruling on this motion would affect whether the above-named matter would be subject to the 5% common benefit fee assessment. As stated in our previous letter dated September 13, 2019, we are waiting for a ruling on this issue before making payment to the Common Benefit Fund. The money will be held in an escrow account until the motion has been ruled on.

*See*, copy of Sept. 26, 2019 letter from L. Balefsky to H. Garrard (cc'ing W. Gage and G. Malone) attached as **Exhibit 3**.

## ARGUMENT

<u>Kline & Specter and Ethicon, Inc. are in violation of the Court's common benefit orders directing that 5% of any settlement or judgment of any "covered claim" be withheld and paid into the MDL common benefit fund, and pursuant to the Court's orders, both are jointly responsible for payment of the Assessment and are obligated to deposit the assessment into the MDL common benefit fund.</u>

The Court's August 26, 2013 PTO #62 "Agreed Order Establishing MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit" (the "Holdback Order") provided that "Defendants are directed to withhold the [5%] Assessment from amounts paid on any Covered Claim and to pay

2

the Assessment directly into the MDL 2327 Fund as a credit against the Settlement or Judgment. **If for any reason the Assessment is not or has not been so withheld, the Defendants as well as the plaintiff and his or her counsel are jointly responsible for paying the Assessment into the MDL 2327 Fund promptly**." (Holdback Order, ¶ 3(c)) (emphasis added).

Pursuant to the Participation Agreement, which was entered as part of the Holdback Order, all Participating Counsel agreed as follows:

> With respect to each and every Covered Claim, Participating Counsel understand and agree that Defendant and its counsel will hold back a percentage proportion of the gross recovery that is equal to five percent (5%) of the Gross Monetary Recovery ("the Assessment"). Defendants or their counsel will deposit the Assessment in the MDL 2327 Common Benefit Fund ("the Fund"). **Should Defendants or their counsel fail to hold back the Assessment for any Covered Claim, Participating Counsel and their law firms shall deposit or cause to be deposited the Assessment in the Fund**. …

(Participation Agreement (attached to Holdback Order), ¶ 3).

Indisputably, Kline & Specter is "Participating Counsel" and the *Beltz* case is a "Covered Claim" pursuant to the Holdback Order and the Participation Agreement. Kline & Specter acknowledges in its correspondence that the firm and Ethicon, Inc. failed to comply with the Holdback Order and its unambiguous requirement that the 5% common benefit assessment be withheld and paid directly into the MDL 2327 Fund. Thus, pursuant to the Holdback Order and the Participation Agreement, Kline & Specter and Ethicon, Inc. are jointly responsible for payment of the assessment into the MDL 2327 Fund and Kline & Specter is required to deposit or cause to be deposited the assessment into the fund.

Kline & Specter's attempts to justify the admitted failure to pay the Court-ordered assessment based on the pendency of its motion seeking to set an end date for common benefit assessments. The FCC has previously responded to Kline & Specter's motion seeking to end common benefit assessments. (ECF No. 8657). As shown in the FCC's response, Kline &

3

Specter's "end date" motion lacks merit. However, the assertion that filing a motion asking the Court to amend a prior order can justify violation of that order in the meantime is spurious.

Kline & Specter's argument further disregards that the Holdback Order expressly provides a means for a plaintiff to contest whether the assessment should be applicable to her case – after the assessment is paid into the MDL Fund. Specifically, Paragraph 3(e) of the Holdback Order, as amended on August 14, 2014, provides:

> If a Plaintiff contests whether the assessment applies to her case, then that objection shall be presented to the Executive Committee of the MDLs for resolution. If no resolution is reached, a petition for repayment of the assessed amount may be made to the Court for resolution at such time as the Court approves the final assessment fund amount and the distribution of those funds.

PTO #134 (Order Amending PTO #62).

Rather than following the Court's explicit instructions, Kline & Specter has chosen to act in direct violation of the Court's orders. Under the plain language of the Holdback Order, Kline & Specter and Ethicon, Inc. are jointly responsible for payment of the assessment. (Holdback Order, ¶ 3(c)). Because the defendant Ethicon, Inc. failed to withhold and pay the assessment, as it is fully aware, Kline & Specter is expressly obligated to deposit the 5% assessment into the MDL 2327 Fund under the Participation Agreement. (Participation Agreement, ¶ 3).

## CONCLUSION

A judgment on a "Covered Claim" subject to the Holdback Order was paid by a defendant without withholding or payment of the 5% Common Benefit Assessment. Kline & Specter and Ethicon, Inc. are jointly responsible for the payment of the 5% Common Benefit Assessment, and Kline & Specter is obligated to deposit the assessment into the MDL fund pursuant to the terms of the Holdback Order and the Participation Agreement. Kline & Specter

and Ethicon, Inc. should be ordered to pay the 5% assessment from the *Beltz* case into the MDL 2327 Fund immediately.

Dated: October 3, 2019

                                                                  Respectfully submitted,
THE COMMON BENEFIT FEE AND
COST COMMITTEE

*/s/ Henry Garrard*
Henry G. Garrard, III
Blasingame, Burch, Garrard & Ashley, PC
440 College Ave., Ste. 320
Athens, GA 30601
706-354-4000
706-549-3545 (fax)
hgarrard@bbga.com

Renee Baggett
Aylstock Witkin Kreis & Overholtz
Suite 200
17 East Main Street
Pensacola, FL 32502
850-202-1010
805-916-7449 (fax)
RBaggett@awkolaw.com

Riley L. Burnett, Jr.
Burnett Law Firm
3737 Buffalo Speedway, Suite 1850
Houston, TX 77098
832-413-4410
832-900-2120 (fax)
rburnett@rburnettlaw.com

Thomas P. Cartmell
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
816-531-2372 (fax)
tcartmell@wagstaffcartmell.com

Clayton A. Clark
Clark, Love & Hutson, GP
440 Louisiana St., Ste. 1600
Houston, TX 77002
713-757-1400
713-759-1217 (fax)
cclark@triallawfirm.com

Yvonne Flaherty
Lockridge Grindal Nauen
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
612-339-6900
612-339-0981 (fax)
ymflaherty@locklaw.com

Carl N. Frankovitch
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
304-723-4400
304-723-5892 (fax)
carln@facslaw.com

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9000
843-216-9450 (fax)
jrice@motleyrice.com

William H. McKee, Jr.
3041 Knotty Pine Drive
Pensacola, FL 32505
304-546-2347
bmckee@suddenlink.net

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, a true and correct copy of the foregoing **MOTION TO ENFORCE COURT-ORDERED COMMON BENEFIT ASSESSMENT AGAINST KLINE & SPECTER AND ETHICON, INC.** was served *via* electronic mail with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF counsel of record.

*/s/ Henry G. Garrard, III*
Henry G. Garrard, III
Chairman
The Common Benefit Fee and Cost Committee
