## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL 2327** |
| **THIS DOCUMENT RELATES TO:** | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |
| *Tina Comouche et al. v. Ethicon, Inc., et al.* Case No. 2:15cv02095 | |
| *Cynthia Donall v. Ethicon, Inc., et al.* Case No. 2:13-cv-09239 | |
| *Anne-Marie Dubois et al. v. Ethicon, Inc., et al.* Case No. 2:13cv22851 | |
| *Roxanne Huish et al. v. Ethicon, Inc., et al.* Case No. 2:13cv21784 | |
| *Kimberly Ellis et al. v. Ethicon, Inc., et al.* Case No. 2:15cv03465 | |
| *Deborah Johnson et al. v. Ethicon, Inc., et al.* Case No. 2:14cv00773 | |
| *Elizabeth McCormack et al. v. Ethicon, Inc., et al.* Case No. 2:13cv26057 | |
| *Dana Meade et al. v. Ethicon, Inc., et al.* Case No. 2:13cv23918 | |
| *Michelle Morris et al. v. Ethicon, Inc., et al.* Case No. 2:13cv13594 | |
| *Victoria Mortimer et al. v. Ethicon, Inc., et al.* Case No. 2:13cv03046 | |
| *Karren Shilson et al. v. Ethicon, Inc., et al.* Case No. 2:13cv09236 | |
| *Phyllis Simmons et al. v. Ethicon, Inc., et al.* Case No. 2:14cv00839 | |
| *Karmen Thornton et al. v. Ethicon, Inc., et al.* Case No. 2:16cv04389 | |

1

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' AMENDED NOTICE TO TAKE DEPOSITION OF ELIZABETH A.
LAPOSATA, M.D, FCAP, FASCP**

COME NOW Plaintiffs in the above caption (herein collectively and individually as "Plaintiff") respond to the Amended Notice to Take Deposition of Elizabeth A. Laposata, M.D., FCAP, FASCP, and the request therein that the deponent bring with her to the deposition certain materials as listed as Exhibit A attached to the notice, filed October 8, 2019.  By making the accompanying responses and these objections to Defendants' requests for production, Plaintiff does not waive, and hereby expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges to these objections and responses.

Plaintiff objects to Defendants' assertion that "the person to be examined is required to produce any document reviewed by the deponent, prior to the commencement of the deposition, to prepare for the deposition and/or to refresh the deponent's recollection regarding the facts of this case, as well as all documents requested on Schedule A" as this request is beyond the scope of the requirements Rules 26 and 30 of the Federal Rules of Civil Procedure. Plaintiff further objects that the request as stated is vague and over burdensome.   As worded the discovery request would in effect require the expert to reproduce all training and entire research over the years relating to the subject matter of mesh, and all interactions with other professionals and scientists on the subject matter.

**Request No. 1:** All documents related to fees, billing, and/or time spent in connection with your opinions in any pelvic mesh litigation relating to either prolapse or stress urinary incontinence in which you have been consulted or disclosed as an expert witness.

2

**Responses and Objections to Request No. 1:**

1. Plaintiff objects to Request Number 1 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009). Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2. Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under

the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to the all-inclusive phrase "*all documents*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 2:** A copy of an up-to-date CV, along with a complete list of your publications and testimony.

**Responses and Objections to Request No. 2:**  Plaintiff refers Defendants to the expert witness' Rule 26 report and the expert witness' CV attached to the Rule 26 report. If an updated version of this CV is available, it will be produced.

**Request No. 3:** All documents, including but not limited to videotapes, recordings, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared

by or at your direction in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

**Responses and Objections to Request No. 3:**

1.     Plaintiff objects to Request Number 3 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to the all-inclusive phrase "*all documents*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 4:**  All final reports prepared in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this or any other pelvic mesh cases.

**Responses and Objections to Request No. 4:** Plaintiff objects to the extent Defendants' Request seeks discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.  Plaintiff also objects to the extent this Request as asking for material not recorded or retained by this witness and already in the possession of Defendants.  Plaintiff further objects to the extent this request calls for documents requested throughout the course of this MDL and in the possession of Defendants or their counsel.

**Request No. 5:**  Any reports or other documentation concerning testing done by you in connection with this or any other pelvic mesh case.

**Responses and Objections to Request No. 5:**

1.      Plaintiff objects to Request Number 5 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the

foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to the all-inclusive phrase "*[a]ny reports or other documentation*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product

doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 6:** Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from you and any persons with knowledge of facts relating to this or any other pelvic mesh cases, including any health care providers.

**Responses and Objections to Request No. 6:**

1. Plaintiff objects to Request Number 6 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009). Plaintiff

further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2. Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure. Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced. Plaintiff further objects to the all-inclusive phrase "*[a]ny and all documents*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure. Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3. Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 7:**  Any and all documents which refer to, relate, record or set forth any conversations, correspondence, or communication between, among, to, or from and any persons concerning pelvic mesh.

**Responses and Objections to Request No. 7:**

1.      Plaintiff objects to Request Number 7 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to the all-inclusive phrase "*[a]ny and all documents*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 8:**  Any and all documents, records, literature and data or information of any kind reviewed or considered by or made available to you, whether you did or did not rely on such documents, records, literature and data or information.

**Responses and Objections to Request No. 8:**

1.      Plaintiff objects to Request Number 8 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under

the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to the all-inclusive phrase "*[a]ny and all documents…*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 9:**  All literature, published or unpublished, consulted by you in connection with your opinions in regarding pelvic mesh, including all literature that fails to support your opinions.

**Responses and Objections to Request No. 9:**  Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or

relating to expert witnesses under the Federal Rules of Civil Procedure.    Plaintiff objects to this Request as asking for material not recorded or retained by this witness.

**Request No. 10:**    All depositions, pleadings, or other records of any court or administrative proceeding, that were shown to, summarized for, or otherwise made available for review to you in connection with your expected testimony in this or any other pelvic mesh case, or in connection with the development of an opinion or belief, or an assessment or determination, relating to this or any other pelvic mesh case.

**Responses and Objections to Request No. 10:**

1.    Plaintiff objects to Request Number 10 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules.  Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).    See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.      Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case. Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

3.      Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

4.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff objects to this Request as asking for material not recorded or retained by this witness.

**Request No. 11:**  All photographs or other images including photos of the plaintiff or products taken by or for you which refer or relate to your opinions in this case.

**Responses and Objections to Request No. 11:**

1.      Plaintiff objects to Request Number 11 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure and beyond the agreed to scope of this deposition.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.  Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C). See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff object to this Request as asking for material not recorded or retained by this witness.

**Request No. 12:**  Any graphics or charts prepared by you for use at trial.

**Responses and Objections to Request No. 12:**

1.      Plaintiff objects to Request Number 12 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of

Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.      Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case. Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

3.      Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil

Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

4.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 13:**  Any Ethicon products in your possession.

**Responses and Objections to Request No. 13:**  Plaintiff objects to Request Number 13 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.  Plaintiff further objects to the all-inclusive phrase "*[a]ny Ethicon products*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of products requested. Plaintiff object to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information,

prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 14:**  All materials (including protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards) relating to any study, analysis, test, clinical trial or epidemiological study concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member.

**Responses and Objections to Request No. 14:**

1.      Plaintiff objects to Request Number 14 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure, would violate federal rules and regulations or other agreements, such as nondisclosure and confidentiality agreements.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii)

identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.*, No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

       2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 15:**  All specimens, paraffin blocks, slides, or other medium, and all documents relating to any other study, analysis, test, or clinical trial concerning hernia mesh, pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which you participated in any capacity, including as an investigator, safety monitor, advisor, or study committee member, to the extent you rely upon or reference such in the formation of your opinions and/or in your expert report in this case.

**Responses and Objections to Request No. 15:**  Plaintiff objects to Request Number 15 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.  Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 16:**  All documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by you relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**Responses and Objections to Request No. 16:**

1.　　Plaintiff objects to Request Number 16 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.　　Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under

24

the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.  Plaintiff further objects to the all-inclusive phrase "*[a]ll documents or communications*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel.  Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 17:**  All documents or communications relating to presentations or lectures given or contributed to by you which concerned pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**Responses and Objections to Request No. 17:**

1.      Plaintiff objects to Request Number 17 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect

any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.　　Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-

written or in electronic format, be produced.  Plaintiff further objects to the all-inclusive phrase "*[a]ll documents or communications*" in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.  Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

3.      Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 18:**  Copies of any letters, brochures, promotions, or other documents in which you advertise or discuss your work or availability as an expert or consultant in litigation.

**Responses and Objections to Request No. 18:**

1.      Plaintiff objects to Request Number 18 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the

expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

3.      Plaintiff further objects to the all-inclusive phrase "*copies of any letters . . .* " in said request as being so broad and all-inclusive as to be beyond the scope of discovery required to be produced by expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, the phrase places no boundaries on the type material requested, and places no definition of the scope or type of documents requested.

4.     Plaintiff objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B).   Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 19:**  Copies of the syllabus and texts used in any teaching setting by you.

**Responses and Objections to Request No. 19:**

1.     Plaintiff objects to Request Number 19 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).    See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).

2.     Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case. Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is

outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.

3.      Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 20:**  All transcripts of prior testimony or statements or presentations given by you in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

**Responses and Objections to Request No. 20:**

1.      Plaintiff objects to Request Number 20 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff object to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009). Plaintiff further objects to said request as seeking information outside the scope of discovery authorized under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2.      Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such

is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure.  Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

**Request No. 21:**  A copy of your complete file in this case.

**Responses and Objections to Request No. 21:**

1.      Plaintiff objects to Request Number 21 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.  Plaintiff will not ask the expert to produce materials exempted from discovery by the foregoing rules. Plaintiff objects to the request except as those matters specifically required to be produced by said Rule 26(b)(4)(C).   See also *Bluestone Coal Corp. v. CNX Land Resources, Inc.,* No. 1:07-00549, 2009 U.S. Dist. WL 1942435, at *1 (S.D. W.Va. July 1, 2009).  Plaintiff further objects to said request as seeking information outside the scope of discovery authorized

under the Federal Rules of Civil Procedure, which rules do not require such production by an expert and inquire about opinions given outside of the above captioned case.

2. Further Plaintiff objects to said request insofar as it would require the witness to produce any other material or to copy and produce any literature or other material the expert may have reviewed from published sources during his review and preparation of this matter, as such is outside the scope of discovery required to be produced by or relating to expert witnesses under the Federal Rules of Civil Procedure. Further Plaintiff objects to said request upon the grounds that it seeks discovery from expert witnesses exempted from discovery by Rule 26 of the Federal Rules of Civil Procedure. There is no requirement under the rules that an expert's notes, tapes, memoranda, or records generated in connection with involvement in the cases, whether hand-written or in electronic format, be produced.

3. Plaintiff further objects to this Request because it seeks data or other information relating to the mental impressions, conclusions, opinions, and legal theories of Plaintiff's counsel. Such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(B). Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness or beyond the scope agreed to for this deposition.

**Request No. 22:** Any communications between you and counsel for the plaintiff, to the extent that such communications:

a. Relate to your compensation;

b. Identify facts or data that you were provided and that you considered in forming your opinions; or

c. Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions.

**Responses and Objections to Request No. 22:**  Plaintiff objects to Request Number 22 upon the grounds that said requests seek discovery beyond that required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff further objects to this Request as being overly broad and as for asking for material not recorded or retained by this witness.

This 8th day of October, 2019

/S/ David Kuttles
David Kuttles, Esq. (NY 4034393)
**THE LANIER LAW FIRM, PLLC**
126 East 56th Street, 6th Floor
New York, NY 10022
Phone (212) 421-2800
Fax (212) 421-2878
david.kuttles@lanierlawfirm.com

*Attorneys for Plaintiffs Huish, Morris and Mortimer*

-and-

/S/ Dennis Costigan
Dennis Costigan, Esq.
**MOTLEY RICE LLC**
55 Cedar St., STE 100
Providence, RI 02903
Phone (401) 457-7705
Fax (401) 457-7708
dcostigan@motleyrice.com

*Attorneys for Plaintiffs Comouche, Dubois, Johnson, McCormack, Meade and Simmons*

-and-

/S/ Edward A. Wallace
Edward A. Wallace, Esq.
Timothy E. Jackson, Esq.
**WEXLER WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Phone (312) 346-2222
Fax (312) 346-0022
eaw@wexlerwallace.com
tej@wexlerwallace.com

*Attorneys for Plaintiffs Thornton and Ellis*

-and-

/S/ Gregory F. Coleman
Gregory F. Coleman (TN BPR #014092)
Adam A. Edwards (TN BPR #023253)
Justin G. Day  (TN BPR #033267)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee  37929
Phone (865) 247-0080
Fax (865) 522-0049
gregory@gregcolemanlaw.com
justin@gregcolemanlaw.com
adam@gregcolemanlaw.com

*Attorneys for Plaintiff Ellis*

-and-

/S/ Kimberly Wilson White____
Kimberly Wilson White, Esq. (NC Bar No: 30044)
**WILSON LAW, P.A.**
434 Fayetteville Street, Suite 2060
Raleigh, North Carolina 27601
Phone (919) 890-0180
Fax (919) 882-1758
kim@wilsonlawpa.com

*Attorneys for Plaintiffs Donall and Shilson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2019, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

<u>S/ David Kuttles</u>
David Kuttles, Esq.
