**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC., <br> PELVIC REPAIR SYSTEM <br> PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |

_____

**REPLY IN SUPPORT OF MOTION TO ENFORCE COURT-ORDERED COMMON
BENEFIT ASSESSMENT AGAINST KLINE & SPECTER AND ETHICON, INC.**

COMES NOW, the Plaintiffs' Common Benefit Fee and Cost Committee (the "FCC"), and files its Reply in support of its motion to require Kline & Specter ("K&S") and Ethicon, Inc. ("Ethicon") to deposit the 5% MDL Common Benefit Assessment from payment of the judgment entered in *Beltz, et al. v. Ethicon*, Phila. Court of Common Pleas, June Term 2013, Case No. 0385, into the MDL 2237 Fund pursuant to the terms of this Court's Orders, and shows as follows:

**BACKGROUND**

The FCC's motion to enforce the Court-ordered common benefit assessment against K&S and Ethicon was filed October 3, 2019. (ECF No. 8675). K&S filed its response on October 14, 2019. (ECF No. 8684). Ethicon filed its response on October 16, 2019. (ECF No. 8690).

**ARGUMENT**

K&S's and Ethicon's responses to the FCC's motion confirm that this Court's orders requiring 5% of the *Beltz* case to be paid into the MDL fund were violated and that the Court-ordered assessment should be paid.

In its response, K&S does not deny that this Court's orders requiring that 5% of the gross recovery in the *Beltz* case be paid into the MDL Fund were violated. K&S does not dispute that it and Ethicon are jointly responsible for prompt payment of the 5% common benefit assessment

1

into the MDL Fund pursuant to the Court's orders. Likewise, K&S does not challenge the fact that when the *Beltz* assessment was not withheld by Ethicon, it was expressly obligated under the orders of this Court to deposit the assessment into the MDL Fund. Ethicon's response confirms that the 5% assessment on the *Beltz* case is owed, and that, but for an inadvertent error on its part, the assessment would have been withheld and paid into the MDL fund when the judgment in that case was satisfied. (ECF No. 8690).

K&S attempts to justify its knowing violation of this Court's orders based on its previously filed motion arguing that the assessment should be cut-off at a time period more than a year in the past. As Ethicon aptly described in its response, "[i]n essence, Kline & Specter has held the *Beltz* common benefit assessment 'hostage' until the resolution of its separate Motion to Set an End Date for Common Benefit Assessment…. **This is in direct disregard of the Orders of this Court concerning the 5% Common Benefit assessment**." (ECF No. 8690 at 1-2) (Emphasis added).

K&S's desire to reduce or avoid the 5% assessment on its cases does not provide a basis to knowingly disregard and violate this Court's orders requiring the assessment to be paid. K&S claimed in its motion to cut off common benefit assessments that "[a]s of this writing, the question of how to deal with future common benefit fee assessments remains unresolved." (ECF No. 8574 at 2). K&S knows that is not true. The Holdback Order establishing the 5% assessment was entered more than six years ago, and undeniably applies to every case in which K&S represents the plaintiff or has a financial interest. (ECF No. 747). This Court expressly addressed the assessment of cases that were to resolve in the future in its Common Benefit Award (ECF No. 7519 at 11-12), stating:

> The court also notes that to date, not all plaintiffs have resolved their cases. This means that the total amount of recovery the 104,000 plaintiffs will potentially

receive is not yet known. However, this court is equipped with sufficient information to make a reasonable estimate as to the total amount of recovery the plaintiffs will receive…. Because not all of the recoveries have been paid by the defendants, these MDL funds are pay-as-you-go, meaning the payments into the MDL common benefit funds will continue after this court's order is entered. "Where the settlement provides benefits on a 'pay-as-you-go' basis over a period beyond the point that a common benefit fee is to be awarded, the settlement fund also includes a reasonable estimate of the amount of future payments that will be made to" the individual plaintiffs. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on April 20, 2010*, MDL No. 2179, 2016 WL 6215974, at *15 (E.D. La. Oct. 25, 2016) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 334 (3d Cir. 1998)).

Indeed, in its briefing to the Fourth Circuit, K&S expressly acknowledged that the Court-ordered 5% assessment applied to all pelvic mesh cases subject to the Holdback Order, including cases that were not yet resolved, stating:

> On January 30, 2019, Judge Goodwin granted the Fee and Cost Committee petition and **ordered that 5% be held back <u>from every pelvic mesh plaintiffs' recovery</u>**, creating a common-benefit fund of $366,102,875.06 at this juncture. **That fund is expected to grow as more cases resolve <u>and 5% would be held back from those recoveries as well</u>**. At the current rate, the fund is predicted to exceed $550 million **before all cases resolve**.

Fourth Circuit Appeal No. 19-1224, Doc. 18 (K&S's April 12, 2019 Response to FCC Motion to Dismiss Appeal), excerpted copy attached as **Exhibit 1**, at 14 (Emphasis added).

Any contention by K&S that there is any question as to the applicability of the 5% assessment to "future" cases is specious. All of K&S's pelvic mesh cases, including the *Beltz* case, are subject to the 5% assessment.

K&S has simply manufactured another challenge to the Court's Common Benefit Award after its previous attempt to challenge that Order failed and its appeal of this Court's ruling was dismissed by the Fourth Circuit. In other words, K&S wants a do-over. As the FCC pointed out in its response to K&S's motion to cut off common benefit assessments, K&S has merely repackaged the same arguments it previously raised in seeking to reduce the 5% common benefit award. (ECF No. 8657). Not only were these same arguments addressed and rejected by this

Court (ECF No. 7519), K&S filed an appeal on these same grounds to the Fourth Circuit, which was dismissed, and K&S's petition for rehearing and rehearing *en banc* was denied with no member of the Fourth Circuit requesting a poll. (ECF Nos. 8409; 8441).

Moreover, even if it were not just a rehash of the same arguments that were previously rejected by this Court and dismissed by the Fourth Circuit, K&S's motion that the 5% assessment should be cut off as of June 2018 is mooted by the fact that K&S has received its allocated percentage of all funds paid into the MDL fund through July 25, 2019,[1] and the firm will continue to receive allocations from any future MDL funds in future Court-ordered common benefit distributions. The Court's Allocation Order provides that 70% of all assessments to be received in the MDL Fund after July 25, 2019 will be distributed by the Court-appointed CPA in accordance with the Court's percentage allocation (which includes a stated percentage to K&S), with 30% of all money collected after that date to be withheld and evaluated for common benefit compensation at a later time. (ECF No. 8453 at 5-6). K&S cannot reasonably contend that it should be allowed to receive an award from the assessments collected on all other firms' cases while simultaneously avoiding the assessment for its own cases. K&S is governed by the same Court orders as every other firm in this litigation, and it must be held to account for knowingly violating those orders.

## CONCLUSION

K&S and Ethicon should be ordered to pay the 5% assessment from the *Beltz* case into the MDL Fund immediately.

---

[1] The Court-appointed accounting firm of Smith, Cochran & Hicks, PLLC reported to the Court on October 16, 2019 that "it disbursed the singular common benefit fund in accordance with the Allocation Order and the corresponding Allocation Judgment including the payment of expenses, assessments, and fees as awarded in the Allocation Order and the corresponding Allocation Judgment." (ECF No. 8689).

Dated: October 18, 2019

Respectfully submitted,
THE COMMON BENEFIT FEE AND
COST COMMITTEE

*/s/ Henry Garrard*
Henry G. Garrard, III
Blasingame, Burch, Garrard & Ashley, PC
440 College Ave., Ste. 320
Athens, GA 30601
706-354-4000
706-549-3545 (fax)
hgarrard@bbga.com

Renee Baggett
Aylstock Witkin Kreis & Overholtz
Suite 200
17 East Main Street
Pensacola, FL 32502
850-202-1010
805-916-7449 (fax)
RBaggett@awkolaw.com

Riley L. Burnett, Jr.
Burnett Law Firm
3737 Buffalo Speedway, Suite 1850
Houston, TX 77098
832-413-4410
832-900-2120 (fax)
rburnett@rburnettlaw.com

Thomas P. Cartmell
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
816-531-2372 (fax)
tcartmell@wagstaffcartmell.com

Clayton A. Clark
Clark, Love & Hutson, GP
440 Louisiana St., Ste. 1600
Houston, TX 77002
713-757-1400
713-759-1217 (fax)
cclark@triallawfirm.com

Yvonne Flaherty
Lockridge Grindal Nauen
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
612-339-6900
612-339-0981 (fax)
ymflaherty@locklaw.com

Carl N. Frankovitch
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
304-723-4400
304-723-5892 (fax)
carln@facslaw.com

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9000
843-216-9450 (fax)
jrice@motleyrice.com

William H. McKee, Jr.
3041 Knotty Pine Drive
Pensacola, FL 32505
304-546-2347
bmckee@suddenlink.net

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO ENFORCE COURT-ORDERED COMMON BENEFIT ASSESSMENT AGAINST KLINE & SPECTER AND ETHICON, INC.** was served *via* electronic mail with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF counsel of record.

                                               */s/ Henry G. Garrard, III*
                                               Henry G. Garrard, III
                                               Chairman
                                               The Common Benefit Fee and Cost Committee