IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ETHICON WAVE 12 CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE GENERAL OPINIONS OF LENNOX HOYTE, M.D.**

Defendants Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (collectively "Ethicon") submit this brief in support of their motion to preclude Dr. Lennox Hoyte from providing general opinions in the cases set forth in Exhibit A to Ethicon's accompanying motion.

**INTRODUCTION**

Dr. Hoyte is a pelvic surgeon and urogynecologist in Florida with experience in the surgical treatment of stress urinary incontinence and pelvic organ prolapse, as well as the removal of sling systems. Dr. Hoyte has issued three case-specific reports in this wave. Ex. B, *Ashbrook* Rpt.; Ex. C, *England* Rpt.; Ex. D, *Hunt* Rpt. These reports, however, also include general opinions about TVT-O, Prolift, and TVT-Secur. The Court should preclude Dr. Hoyte from providing general opinions based on Dr. Hoyte's concession that he intends to limit his opinions at trial to specific causation opinions.

**ARGUMENT**

The Court should enter an Order confirming that Dr. Hoyte's testimony will be limited to case-specific opinions, because Dr. Hoyte testified that he was retained only as a specific causation expert and dodged questions about general opinions. *See* Ex. E, Hoyte (*England*) Dep.

74:5-14; Ex. F, Hoyte (*Ashbrook*) Dep. 22:10-23:4, 26:1-5, 63:24-65:14, 84:3-11.  Under these circumstances, the Court should preclude Dr. Hoyte from providing general opinions, including those set forth on pages 6-7 ("Method of Implantation"), 25-26 (complications faced by other women) and 28-29 (warnings) of his *Ashbrook* report (Ex. B); pages 6-12 ("Method of Implantation") and 35-36 (warnings) of his *England* report (Ex. C); and pages 3-4 ("Method of Implantation" and "Implant Properties") and 23-24 (complications faced by other women) of his *Hunt* report (Ex. D).  Ex. B-D.

Many of Dr. Hoyte's general opinions are subject to exclusion for other reasons, including Dr. Hoyte's unfamiliarity with the medical literature, refusal to provide such support for the opinions during his depositions, and lack of expertise.  *See* Ex. E, Hoyte (*England*) Dep. 74:5-14; Ex. F, Hoyte (*Ashbrook*) Dep. 22:10-23:4, 26:1-5, 63:24-65:14, 84:3-11.  However, because Dr. Hoyte has conceded that he will limit his trial testimony to specific causation opinions, Ethicon does not separately challenge those opinions here.  Ethicon reserves the right to raise separate challenges to Dr. Hoyte's general opinions in the event that Dr. Hoyte is somehow allowed to retract his concession that he will not offer general opinions.

## CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Hoyte's general opinions in these cases.

Respectfully submitted,

*/s/ William M. Gage*
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

/s/ *Susan M. Robinson*
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

*Counsel for Defendants Ethicon, Inc. and Johnson & Johnson*

**CERTIFICATE OF SERVICE**

    I certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *William M. Gage*
William M. Gage

49650502.v2

3