# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION          MDL 2327

**MEMORANDUM OPINION AND ORDER**
**(Re: Motion to Set an End Date for**
**Common Benefit Assessments)**

Pending is a Motion to Set an End Date for Common Benefit Assessments, filed on August 20, 2019 by Kline & Specter. [ECF No. 8574]. On September 3, 2019, the Fee and Cost Committee ("FCC") responded. [ECF No. 8657]. Kline & Spector did not reply, and the matter is ripe for decision.

In the motion, Kline & Specter, who represents plaintiffs in the seven MDLs assigned to me involving pelvic mesh, seeks an order directing that June 21, 2018, is the cut-off date for any common benefit fee assessments of settlements made or verdict awards paid. Thus, settlements made or verdict awards paid after June 21, 2018, would not have common benefit fees withheld. Kline & Specter's Motion is a rehash of its earlier arguments made to me in the context of the reasonableness of the 5% holdback award and the ultimate allocation order.

I considered and addressed Kline & Specter's arguments raised in the instant Motion in previous orders. In particular, in the Pretrial Order ("PTO") entered January 30, 2019, granting an aggregate fee award of 5%, I stated that the award was based on all assessments paid into the fund through that date, as well as a reasonable estimate of the total future payments of common benefit assessments: "[b]ecause not all of the recoveries have been paid by the defendants, these MDL funds are pay-as-you-go, meaning the payments into the MDL common benefit funds will continue after this court's order is entered." (ECF # 7519, PTO # 327, p. 11). In turn, in the subsequent

allocation PTO, I ordered distribution of "all of the common benefit money on hand as of July 25, 2019, after subtracting the expenses and assessments" and stated that "[f]or all future common benefit money received after July 25, 2019," the common benefit fund's accounting firm must disperse "70% of the received money on a quarterly basis." (ECF # 8453, PTO # 342, p. 6).

Accordingly, the court **ORDERS** that the Motion to Set an End Date for Common Benefit Assessments [ECF No. 8574] is **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 6, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE