## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION _____ THIS DOCUMENT RELATES TO: Case listed on attached Exhibit A | **Master File No. 2:12-MD-02327** **MDL No. 2327** **JOSEPH R. GOODWIN** **U.S. DISTRICT JUDGE** |

## NOTICE OF FILING PREVIOUSLY-FILED WAVE 12 DAUBERT MOTION RELATED TO EXPERT'S GENERAL OPINIONS IN GENERAL DOCKET

Defendants filed their Motion to Exclude Certain Opinions of Richard Bercik, M.D. in

the case of *Freeman v. Ethicon, Inc.*, No. 2:13-cv-24578, challenging both general causation and

specific causation opinions of Dr. Richard Bercik.  *See Freeman*, Doc. No. 47 (Nov. 1, 2019).

The motion was filed only in the *Freeman* matter because Dr. Bercik has been identified as a

general causation expert witness only in that one case and has never been identified as a general

causation expert in any other case in any other wave in this MDL.  Therefore, the only Plaintiff

to whom the Motion applies received timely service of the Motion under the Wave 12 deadlines.

Now, however, in an abundance of caution, given the language in PTO 337 that "[t]o the

extent a challenged expert is both a general and specific causation expert, the parties must file a

general causation motion in the main MDL 2327," Defendants file the identical Motion and

Memorandum previously submitted in *Freeman* in order to submit the challenges to Dr. Bercik's

general causation opinions on the general docket.  While this Motion also includes the challenges

to his specific causation opinions, Defendants did not want to submit anything that differed from

the already-submitted motion in order to prevent any possible prejudice to Plaintiffs, Terri and

Earl Freeman, in the slight delay of filing this on the general MDL docket.  As this Motion is the

same as the one that was served upon them on November 1, 2019, they had timely notice of the

challenges to Dr. Bercik's general opinions.

## CONCLUSION

For these reasons, the Court should limit Dr. Bercik's opinions consistently with the

foregoing.

Respectfully submitted,

/s/ William M. Gage
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

/s/ Susan M. Robinson
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

*Counsel for Defendants Ethicon, Inc. and Johnson & Johnson*

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed the foregoing document with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to the CM/ECF
participants registered to receive service in this MDL.

/s/ William M. Gage
William M. Gage

2