# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327 MDL 2327 |
| -------------------------------------------------- | |
| ETHICON WAVE 12 CASES LISTED IN EXHIBIT A TO PLAINTIFFS' NOTICE OF ADOPTION | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

## NOTICE OF ADOPTION OF PRIOR *DAUBERT* RESPONSE REGARDING THOMAS C. WRIGHT, JR., M.D. FOR WAVE 12

Plaintiffs filed a Notice of Adoption [Dkt. 8760] in Wave 12 cases identified in Exhibit A to their Notice adopting their Ethicon Wave 1 Amended Motion to Exclude the Opinions and Testimony of Thomas C. Wright, Jr., M.D., and Amended Supporting Memorandum, [*see* Dkts. 1986 (motion), 1988 (memorandum)]. Plaintiffs also give notice that they are adopting a reply brief filed in Ethicon Wave 4 [Dkt. 3844 (reply)]. In response, Defendants hereby adopt and incorporate by reference their *Daubert* response filed in relation to Thomas C. Wright, Jr., M.D. in Ethicon Wave 1 [Dkt. 2143]. Defendants respectfully request that the Court deny Plaintiffs' motion, for the reasons expressed in the Wave 1 response briefing.

Additionally, Defendants note that Plaintiffs' Wave 1 motion and memorandum [Dkts. 1986, 1988] address only Dr. Wright's opinions as they relate to pelvic organ prolapse and Prolift. Plaintiffs did not in Wave 1 raise any challenges to Dr. Wright's opinions specific to stress urinary incontinence and TVT. Plaintiffs apparently seek to avoid this deficit by adopting a reply brief filed in a different wave arguing that Plaintiffs' challenges should apply equally to both pelvic organ prolapse *and* stress urinary incontinence. *See* [Dkt. 3844]. But a reply brief cannot expand the issues or arguments beyond those contained in an initial motion. *See Ellis v. Pinnacle Mining Co., LLC*, No. 5:15-cv-16228, 2017 WL 116295, at *5 (S.D. W. Va. Jan. 11,

2017) ("To the extent Pinnacle's reply brief contained new arguments or raised new issues, the Court will disregard those arguments and issues."). Because Plaintiffs did not challenge Dr. Wright's opinions on stress urinary incontinence or TVT in their Wave 1 motion and supporting memorandum, they should not be permitted to do so now through adoption. To the extent Plaintiffs' Wave 4 Reply is taken into consideration by the Court, Ethicon requests that the Court consider its Wave 1 response to apply equally to TVT and deny Plaintiffs' Motion with respect to both prolapse and incontinence products.

Dated: November 12, 2019

Respectfully submitted,

*/s/ Susan M. Robinson*
Susan M. Robinson (W.Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
srobinson@tcspllc.com

*/s/ William M. Gage*
William M. Gage (MS Bar #8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
William.Gage@butlersnow.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Susan M. Robinson*
Susan M. Robinson (W.Va. Bar #5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807
srobinson@tcspllc.com