**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION | MDL 2327 |

THIS DOCUMENT RELATES TO ALL CASES ON EXHIBIT A

**ORDER**

Pending in the thirty-five cases on Exhibit A is Plaintiffs' Motion to Amend PTO # 337 Scheduling Deadlines and Strike Portions of Defendants' Rule 26 Expert Disclosures, filed on September 25, 2019. Defendants Ethicon, Inc., Ethicon, LLC and Johnson & Johnson (collectively "Ethicon") have responded, and plaintiffs have replied.

First, plaintiffs ask that the court strike Ethicon's expert witnesses in excess of five, i.e., non-retained and alternative expert witnesses identified by Ethicon in the cases on Exhibit A. Plaintiffs complain that in Ethicon's expert disclosures, Ethicon exceeded the limits provided in PTO Number 337, paragraph 3(a) for the number of experts – no more than five experts per case (exclusive of treating physicians). Plaintiffs argue that even when the treating physicians are removed from the list of expert disclosures in each case on Exhibit A, Ethicon designated between 7 and 24 expert witnesses per case, with an average of 18 experts per case on Exhibit A. Plaintiffs maintain that they cannot designate proper rebuttal experts.

Second, plaintiffs move to strike Ethicon's untimely expert disclosures or set a reasonable deadline of within one week of this order for plaintiffs to provide their rebuttal expert designations. Ethicon's expert disclosures were due September 18, 2019. Some, but not all, of Ethicon's expert disclosures were served by this deadline; others were served on the wrong email address for plaintiffs' counsel. Ethicon corrected the error, and all of Ethicon's expert disclosures were served

by September 24, 2019, one day before plaintiffs' rebuttal expert disclosures were due on September 25, 2019.

Finally, plaintiffs argue that Ethicon designated case-specific expert witnesses, but failed to provide substantive expert reports in certain identified cases. Plaintiffs seek an order prohibiting Ethicon from supplementing or amending their expert reports in the future in certain identified cases or setting a reasonable deadline for Ethicon to amend upon a showing of good cause and give plaintiffs one week from the date of any amendment by Ethicon for plaintiffs to provide their rebuttal witnesses.

The court has considered the arguments of plaintiffs and Ethicon and finds as follows. From the beginning of these MDLs, the court ordered in every single docket control order that **"the plaintiffs and each defendant are limited to no more than five experts per case (exclusive of treating physicians)."** The court **ORDERS** that Plaintiffs' Motions to Strike in the cases on Exhibit A are **GRANTED** to the extent plaintiffs seek an Order striking Ethicon's experts in excess of five, i.e., Ethicon's non-retained and alternative expert witnesses.

Turning to plaintiffs' second argument, the court further **ORDERS** that Plaintiffs' Motions to Strike are **DENIED** to the extent plaintiffs seek an order striking Ethicon's untimely Rule 26 expert disclosures, but **GRANTED** to the extent plaintiffs seek a reasonable extension for serving their rebuttal expert disclosures. The court **ORDERS** that the following amended deadlines from PTO Number 337 now apply in the cases on Exhibit A:

| | |
|---|---|
| Expert disclosure served for rebuttal pursuant to Fed. R. Civ. P. 26 as limited by ¶ 3.a. of this order. | 11/26/2019 |
| Deposition deadline and close of discovery. | 12/27/2019 |
| Filing of dispositive motions. | 01/03/2020 |
| Response to dispositive motions. | 01/17/2020 |
| Reply to response to dispositive motions. | 01/24/2020 |
| Filing of *Daubert* motions. | 01/03/2020 |
| Responses to *Daubert* motions. | 01/17/2020 |

Reply to response to *Daubert* motions. 01/24/2020

Turning to the final issue in these Motions, plaintiffs complain that in certain cases identified in the Motions, Ethicon designated case-specific witnesses but failed to provide substantive expert reports and stated that they reserved the right to do so at a later date. Plaintiffs ask that Ethicon be prohibited from supplementing or amending their expert reports in the future or, alternatively, that the court set a reasonable deadline for Ethicon to amend upon a showing of good cause and then give plaintiffs one week from the date of the disclosure to provide rebuttal expert designations. In response, Ethicon asserts that the two experts at issue, Drs. Shelby Thames and Steven MacLean, are important to Ethicon's defense of these cases, but the experts were unable to complete their reports because of a delay in the shipment of plaintiffs' explant specimens and the concomitant delay in the experts' cleaning protocol. As a result, these experts issued timely preliminary reports which they intend to supplement. Ethicon does not object to plaintiffs being afforded leave to serve a rebuttal expert report in response to supplemental opinions from these experts, deposing them or being afforded leave to file *Daubert* motions in response to their supplemental reports.

The court is troubled by Ethicon's failure to produce complete expert reports as to these two experts in the cases identified in plaintiffs' Motions. However, because of the extensions herein granted, the court **ORDERS** that plaintiffs' Motions are **DENIED** to the extent plaintiffs seek an order prohibiting Ethicon from supplementing or amending their expert reports identified above and **GRANTED** to the extent plaintiffs seek an order giving them one week from the date of any amendment by Ethicon for plaintiffs to provide their rebuttal expert designations as to these two experts. The court **ORDERS** that Ethicon provide the complete expert reports for Drs.

Thames and MacLean for the cases identified in plaintiffs' Motion on or before **December 2, 2019;** plaintiffs' rebuttal expert designations are due 1 week later on **December 9, 2019.**

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and in the individual cases on Exhibit A and to send a copy of the order to counsel of record and any unrepresented party in the cases on Exhibit A.

ENTER: November 18, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

|    | Civil Action No. | Case Style |
|----|------------------|------------|
| 1  | 2:12-cv-09496    | Baker, et al. v. Ethicon, Inc., et al. |
| 2  | 2:13-cv-14886    | Boomhower, et al. v. Ethicon, Inc., et al. |
| 3  | 2:13-cv-01947    | Britt, et al. v. Ethicon, Inc., et al. |
| 4  | 2:14-cv-00386    | Brown, et al. v. Ethicon, Inc., et al. |
| 5  | 2:13-cv-19305    | Buchholz v. Ethicon, Inc., et al. |
| 6  | 2:13-cv-01937    | Bush v. Ethicon, Inc., et al. |
| 7  | 2:13-cv-11240    | Chavez, et al. v. Ethicon, Inc., et al. |
| 8  | 2:13-cv-19143    | Dealba v. Ethicon, Inc., et al. |
| 9  | 2:14-cv-14081    | Epstein-Clark, et al. v. Ethicon, Inc., et al. |
| 10 | 2:14-cv-29513    | Frietze, et al. v. Ethicon, Inc., et al. |
| 11 | 2:13-cv-01942    | Garcia, et al. v. Ethicon, Inc., et al. |
| 12 | 2:13-cv-20166    | Greenwell v. Ethicon, Inc., et al. |
| 13 | 2:13-cv-28247    | Grundel, et al. v. Ethicon, Inc., et al. |
| 14 | 2:13-cv-04826    | Gurrola, et al. v. Ethicon, Inc., et al. |
| 15 | 2:13-cv-19177    | Hagler, et al. v. Ethicon, Inc., et al. |
| 16 | 2:14-cv-21296    | Haymart, et al. v. Ethicon, Inc., et al. |
| 17 | 2:14-cv-18418    | Henderson, et al. v. Ethicon, Inc., et al. |
| 18 | 2:12-cv-05839    | Hervey, et al. v. Ethicon, Inc., et al. |
| 19 | 2:12-cv-07873    | Hogge, et al. v. Ethicon, Inc., et al. |
| 20 | 2:12-cv-09490    | Marston v. Ethicon, Inc., et al. |
| 21 | 2:14-cv-00354    | Martin v. Ethicon, Inc., et al. |
| 22 | 2:13-cv-10804    | Martinez v. Ethicon, Inc., et al. |
| 23 | 2:13-cv-14913    | Mattox v. Ethicon, Inc., et al. |
| 24 | 2:15-cv-14436    | Mejia v. Ethicon, Inc., et al. |
| 25 | 2:14-cv-27841    | Miller, et al. v. Ethicon, Inc., et al. |
| 26 | 2:13-cv-01950    | Morreira v. Ethicon, Inc., et al. |
| 27 | 2:12-cv-09486    | Postil v. Ethicon, Inc., et al. |
| 28 | 2:14-cv-14089    | Reyna, et al. v. Ethicon, Inc., et al. |
| 29 | 2:15-cv-14756    | Reynolds v. Ethicon, Inc., et al. |
| 30 | 2:15-cv-07505    | Sexton, et al. v. Ethicon, Inc., et al. |
| 31 | 2:13-cv-20168    | Siefkas, et al. v. Ethicon, Inc., et al. |
| 32 | 2:14-cv-14101    | Solano, et al. v. Ethicon, Inc., et al. |
| 33 | 2:14-cv-21299    | Tidler, et al. v. Ethicon, Inc., et al. |
| 34 | 2:14-cv-00374    | Vasquez v. Ethicon, Inc., et al. |
| 35 | 2:14-cv-01060    | Vigil, et al. v. Ethicon, Inc., et al. |