IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *Ethicon Wave 12 cases listed as Exhibit A to Ethicon's Motion* | Master File No. 2:12-MD-02327, MDL No. 2187 <br><br> JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE GENERAL OPINIONS OF LENNOX HOYTE, M.D.**

Plaintiffs respectfully request that this Court deny Defendants' Motion to Exclude General Opinions of Lennox Hoyte, M.D. Dr. Hoyte is a pelvic floor surgeon who was the founding director of the Female Pelvic Medicine and Reconstructive Surgery fellowship program at the University of South Florida College of Medicine in Tampa. (Hoyte Ashbrook Report, Dkt. No. 8793-2, at p. 1). Dr. Hoyte performs approximately 350 pelvic surgical procedures per year. (*Id.*). He has performed more than 1,300 synthetic large-pore polypropylene retropubic sling procedures, more than 500 autologous rectus fascial sling procedures, more than 1,500 sacrocolpopexies, and hundreds of native tissue prolapse repairs. (*Id.* at 1-2). He has also explanted more than 800 trans-vaginal mesh and sling products due to complications. (*Id.* at 2).

In approximately 2002, an engineer from Johnson & Johnson approached Dr. Hoyte about creating 3D models to help understand the anatomy of the pelvic floor. (*Id.* at 2-3). Dr. Hoyte has served as a consultant for American Medical Systems and Bard Urological. (*Id.* at 3).

Ethicon's motion against Dr. Hoyte only asks this Court to limit him to case-specific opinions—it does not address the substance of Dr. Hoyte's opinions, other than to "reserve the

1

right" to challenge them at a later time.[1] (Def. Mot. at 2). Notably, the motion fails to mention or provide evidence as to whether Dr. Hoyte has been designated as a case-specific expert only, or also as a general expert, in the six cases listed in Ethicon's Exhibit A. And, despite listing six cases in which Dr. Hoyte has been designated to testify, Ethicon only addresses three cases in its motion.

The best approach for the Court is to deny the motion, as it sweeps more broadly than the arguments and evidence provided by Ethicon would support. In each individual case, the trial court judge should determine whether Dr. Hoyte's stated opinions are within the bounds of the opinions that he was designated to provide.

## LEGAL STANDARD

Federal Rule of Evidence 702 sets forth the basic framework for analyzing the admissibility of expert opinions. The rule reads, in pertinent part, as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

If the witness is suitably qualified, then the *Daubert* inquiry generally breaks down into a two-step analysis. The first issue is whether the proffered evidence represents "scientific knowledge," meaning that it is supported by appropriate validation. The second issue is whether the evidence would assist the jury. *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995). The relevance aspect of the inquiry is often discussed in terms of whether the expert's opinions "fit" the case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993).

---

[1] Plaintiffs understand the Defendants' right to raise challenges **at trial**, but this motion was Defendants' opportunity to raise any substantive issues before trial.

2

**LEGAL ARGUMENT**

As noted, Ethicon's only argument goes to the propriety of Dr. Hoyte offering general opinions. But there are several problems with Ethicon's motion. Ethicon's Exhibit A lists six cases on which Dr. Hoyte has been designated as an expert. (*See* Ex. A to Def. Mot., Dkt. No. 8793-1). In its brief, Ethicon only discusses three cases: *Ashbrook*, *England*, and *Hunt*. (Def. Mot. at p. 1). Thus, the motion should have no applicability to the other three cases listed in Exhibit A: *Ellerbee*, *Longoria*, and *Messina*.

And, while Ethicon's motion mentions the *Hunt* case, Ethicon's arguments do not touch on the *Hunt* case at all. Only in *England* and *Ashbrook* does Ethicon identify general opinions that Dr. Hoyte purportedly has stated and then allegedly has disclaimed during his deposition. (*See id.* at p. 2). Therefore, only as to *England* and *Ashbrook* is there even a potential basis for any relief being granted to Ethicon. Given that those are only one-third of the cases listed in Exhibit A, it should be clear to the Court why it would not be prudent to issue a general order on this matter.

Isolating the motion further to the *Ashbrook* and *England* matters, the motion fails to provide any evidence as to how Dr. Hoyte designated in those cases. If he was designated as a general expert, then he should be able to give general opinions, except to the extent that those opinions would be excluded for some other reason. As Ethicon's motion does not purport to seek exclusion on any other basis, and fails to show the Court how Dr. Hoyte has been designated in those cases, the motion offers no basis for relief.

Ethicon focuses on particular answers in Dr. Hoyte's *Ashbrook* and *England* depositions. In his *Ashbrook* deposition, Dr. Hoyte did refer to himself as a case-specific expert, but he went on to answer defense counsel's question about whether a sling placed through the transobturator has a higher incidence of dyspareunia than a sling placed retropubically. (*See* Hoyte Ashbrook

Dep., Ex. F to Def. Mot., Dkt. No. 8793-6, at 21:21-22:20).  In the *England* deposition, he indicated that he was not giving opinions about the state of the scientific literature.  (Hoyte England Dep., Ex. E to Def. Mot., Dkt. No. 8793-5, at 74:5-14).  Certainly, if Dr. Hoyte were to offer such an opinion in one of those trials, his prior statements could be used to impeach him.

In other words, Plaintiffs are not asking the Court to hold that Dr. Hoyte **may** give general opinions in the six cases at issue.  Rather, Plaintiffs are asking the Court to deny the motion on the basis that Defendants have not demonstrated a right to the relief that they seek as to every case.  This Court should deny the motion and let the trial court in each of these individual cases determine the permissible scope of Dr. Hoyte's testimony.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Ethicon's motion regarding Dr. Hoyte's testimony be denied.

**Dated:**  November 18, 2019

Respectfully submitted,

/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
rbaggett@awkolaw.com
baylstock@awkolaw.com

/s/ *Thomas P. Cartmell*
Thomas P. Cartmell      MO #45366
Jeffrey M. Kuntz       MO #52371
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service.

                /s/ D. Renee Baggett
                D. RENEE BAGGETT
                BRYAN F. AYLSTOCK
                Aylstock, Witkin, Kreis and Overholtz, PLC
                17 E. Main Street, Suite 200
                Pensacola, FL 32563
                P: 850-202-1010
                F: 850-916-7449
                rbaggett@awkolaw.com
                baylstock@awkolaw.com