# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| **IN RE:  ETHICON INC., PELVIC REPAIR** | : | |
| **SYSTEM PRODUCTS LIABILITY LITIGATION** | : | **MDL No.  2327** |
| | : | |
| | : | **2:12-md-02327** |
| _____ | : | |
| | : | |
| **THIS DOCUMENT RELATES TO:** | : | **HON. JOSEPH R. GOODWIN** |
| | : | |
| *Cynthia Newman. v. Ethicon, Inc. et al..,* | : | |
| *No. 2:14-cv-24066* | : | |
| | : | |
| | : | |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS'
### MOTION TO EXCLUDE THE GENERAL OPINIONS OF KONSTANTIN WALMSLEY

Plaintiff, Cynthia Newman, files this response in opposition out of an abundance of caution. Plaintiff designated Dr. Walmsley as a case specific expert. Because the general opinions Defendants take issue with are not part of his opinions in *Newman*, Plaintiff request Defendants motion be denied as it relates to *Newman*.

### Argument & Authority

Dr. Walmsley puts forward three (3) opinions specific to Ms. Newman:

- Ms. Newman's dyspareunia, suprapubic pain and left sided pelvic pain was caused by the TVT;

- Ms. Newman has urinary dysfunction manifested as SUI and urgency urinary incontinence (UUI) . . . It is my opinion the placement of the TVT and properties of the TVT exacerbated the urge portion of her incontinence due to mesh contraction and resultant obstruction.

- Ms. Newman was a candidate for alternatives procedures and alternative designs. . . . Such alternatives have high efficacy in treating incontinence and substantially reduce of eliminate the risk of chronic inflammation and chronic foreign body reaction which caused injury to Ms. Newman.

Rule 26 Report of Dr. Walmsley at Opinions 1, 2, 3 attached as <u>Exhibit A</u>.

In reaching these opinions, Dr. Walmsley performed a differential diagnosis. *Id* at section "Methodology." Dr. Walmsley "ruled in" the TVT as a potential cause of injury based on his qualifications and clinical experience. *Id.* at pg 2-3.  Dr. Walmsley has implanted transvaginal mesh including the TVT. *Id* at pg 2. He has explanted mesh and performed other revision procedures on SUI and POP kits. *Id.*

In addition, Dr. Walmsley reviewed the General Report of Dr. Rosenzweig and found his opinions "consistent with my clinical experience." *Id* at 3. This is a reliable foundation to proffer the above case specific opinions. Defendants had the opportunity to depose Dr. Walmsley and explore for the basis for his "ruling in" of the TVT as a potential source of injury. They elected not to do so.

As it relates to Dr. Walmsley's opinions in the *Newman* case, Defendants' motion sets up a straw man and knocks it down. The general opinions Defendants take issue with are not included in Dr. Walmsley's case specific report in *Newman*. *Compare* Def. Mot at pg 3-4; Exhibit A Opinions 1-3.

Defendants argue "Dr. Walmsley seeks to offer new general-causation opinion, which this Court has not previously addressed, by incorporating them into his case-specific expert report." This misconstrues Dr. Walmsley's opinions as they relates to *Newman*. In *Newman*, Dr. Walmsley is simply ruling in the device as a potential cause before ruling out other causes within the context

of a differential diagnosis. Dr. Walmsley is qualified and has the experience to perform this analysis because he is urologist familiar with MUS devices and has treated similar patients.

Further, Dr. Walmsley opines that Ms. Newman was injured by "chronic inflammation and chronic foreign body reaction" and she was a candidate for products which have a lower risk of chronic inflammation and chronic foreign body reaction. Exhibit A at Opinion No. 3.  As a urologist, Dr. Walmsley is qualified and has the clinical experience to identify what injured Ms. Newman and identify other SUI treatments that have a lower risk of foreign body reaction.

<u>Conclusion</u>

Plaintiff request Defendants motion be denied as it relates to *Newman.*

Dated: November 18, 2019                          **RESPECTFULLY SUBMITTED,**

**TRACEY & FOX LAW FIRM**

<u>By</u>*: /s/ Clint Casperson*
SEAN PATRICK TRACEY
State Bar No. 20176500
SHAWN FOX
State Bar No. 24040626
CLINT CASPERSON
State Bar No. 24075561
440 Louisiana, Suite 1901
Houston, Texas 77002
713-495-2333 Office
866-709-2333 Facsimile
stracey@traceylawfirm.com
sfox@traceylawfirm.com
ccasperson@traceylawfirm.com

**ATTORNEYS FOR PLAINTIFF**

***Attorneys for Plaintiff***

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on November 18, 2019, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which shall send notification of such filing to all

CM/ECF participants.

/s/ Clint Casperson
Clint Casperson