# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LIGIATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Tammy Pizzitola v. C.R. Bard, Inc., et al.*<br>Case No.: 2:13-cv-00249 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFF'S FIRST AMENDED DESIGNATION AND**
<u>**DISCLOSURE OF EXPERT WITNESSES**</u>

Pursuant to Pretrial Order (PTO) #346 and Rule 26 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff in the above-captioned civil action ("Plaintiff") submits the following Designation and Disclosure of Expert Witnesses and persons who may provide expert testimony specific to Plaintiff's case pursuant to Rule 702 of the Federal Rules of Evidence.

Due to the lack of discovery conducted to date on the Bard Alyte device involved in this case (*see* PTO 276, *In Re: C.R. Bard, Inc. Pelvic Repair System Products Liability Litigation* MDL 2187), and because Plaintiff has claims against two separate manufacturers relating to three different pelvic mesh devices, Plaintiff has moved the Court for a modification of the Court's Order entered on July 15, 2019, limiting the number of expert witnesses to a total of five (5) experts per case. Inasmuch as the current matter is effectively a consolidation of two separate cases against two separate defendants, it is logical that Plaintiff should be able to designate up to five (5) experts per case. The Court granted, in part, Plaintiff's Motion for Modification on November 8, 2019, and has allowed Plaintiff to designate two (2) additional experts in this case.

In order to adequately and appropriately prosecute her case, Plaintiff hereby includes

experts who will address all of her claims against each of the Defendant Manufacturers.

## RETAINED EXPERT WITNESSES

1) Dr. Bruce Rosenzweig (General) (adoption of previously served reports)
Rush University Professional Building
1725 West Harrison Street, Suite 358
Chicago, IL 60612
Urogynecologist

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL and are also being served by the Plaintiffs' Steering Committee. Dr. Rosenzweig's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Rosenzweig may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Dr. Rosenzweig's Expert Reports and all subparts and attachments thereto.

2) Dr. Bruce Rosenzweig (Case Specific Causation)
Rush University Professional Building
1725 West Harrison Street, Suite 358
Chicago, IL 60612
Urogynecologist

Plaintiff refers Defendants to Dr. Rosenzweig's Expert Report, which is being served contemporaneously with this disclosure as Exhibit "1" including all subparts and attachments thereto, which sets forth his opinions and the reasons and bases for them. Dr. Rosenzweig's Expert report and corresponding attachments set forth the facts, data and information considered by Dr. Rosenzweig, the exhibits that Dr. Rosenzweig may use to support his opinions, and Dr. Rosenzweig's qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Dr. Rosenzweig's Expert Report and all subparts and attachments thereto.

3) Robert P. Tremp, Jr., MA, CRC, CLCP, LAC
Deutsch, Tremp & Tremp, LLC
3101 North Central Avenue, Suite 930
Phoenix, AZ 85041
Economic/Life Care Plan

Plaintiff refers Defendants to Mr. Tremp's Expert Report, which is being served contemporaneously with this disclosure as Exhibit "2" including all subparts and attachments thereto, which sets forth his opinions and the reasons and bases for them. Mr. Tremp's Expert Report and corresponding attachments set forth the facts, data and information considered by Mr. Tremp, the exhibits that Mr. Tremp may use to support his opinions, and Mr. Tremp's

qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Mr. Tremp's Expert Report and all subparts and attachments thereto.

    4)    Dr. Daniel S. Elliott, M.D. (General) (adoption of previously served reports)
           200 1st Street SW
           Rochester, MN 55902
           Urologist

Plaintiff refers Defendants to Dr. Elliott's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL and are also being served by the Plaintiffs' Steering Committee. Dr. Elliott's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Elliott, the exhibits that Dr. Elliott may use to support his opinions, and Dr. Elliott's qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Dr. Elliott's Expert Reports and all subparts and attachments thereto.

    5)    Dr. med Uwe Klinge (General) (adoption of previously served reports)
           University Hospital of Aachen
           Aachen, Germany

Plaintiff refers Defendants to Dr. Klinge's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL and are also being served by the Plaintiffs' Steering Committee. Dr. Klinge's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Klinge, the exhibits that Dr. Klinge may use to support his opinions, and Dr. Klinge's qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Dr. Klinge's Expert Reports and all subparts and attachments thereto.

    6)    Dr. Peggy Pence (General) (adoption of previously served reports)
           Symbion Research International, Inc.
           3537 Old Conejo Road, Suite 115
           Newbury Park, CA 91320
           Regulatory

Plaintiff refers Defendants to Dr. Pence's Expert Reports, and all subparts and attachments thereto which sets forth her opinions and the reasons and bases for them. These reports have already been served in this MDL and are also being served by the Plaintiffs' Steering Committee. Dr. Pence's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Pence, the exhibits that Dr. Pence may use to support her opinions, and Dr. Pence's qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Dr. Pence's Expert Reports and all subparts and attachments thereto.

    7)      Dr. Vladimir Iakovlev (General) (adoption of previously served reports)
St. Michael's Hospital, Division of Pathology
30 Bond Street., Cardinal Carter, Room 2-015
Toronto, Ontario, Candada
M5B1W8

Plaintiff refers Defendants to Dr. Iakovlev's Expert Reports, and all subparts and attachments thereto which sets forth his opinions and the reasons and bases for them. These reports have already been served in this MDL and are also being served by the Plaintiffs' Steering Committee. Dr. Iakovlev's Expert Reports and corresponding attachments set forth the facts, data and information considered by Dr. Iakovlev, the exhibits that Dr. Iakovlev may use to support his opinions, and Dr. Iakovlev's qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Dr. Iakovlev's Expert Reports and all subparts and attachments thereto.

    8)      Dr. Keith O. Reeves, M.D. (General) (adoption of previously served reports)
Houston Methodist Hospital
Department of Obstetrics and Gynecology
6560 Fannin Street
Houston, TX 77030

Plaintiff refers Defendants to Dr. Reeves' Rule 26 General Liability and Causation Report on the C.R. Bard Alyte Product, and all subparts and attachments thereto, which sets forth his opinions and the reasons and bases for them. Dr. Reeves' General Liability and Causation Report is being served by Plaintiffs' Steering Committee in MDL 2187. Dr. Reeves's Expert Report and corresponding attachments set forth the facts, data and information considered by Dr. Reeves, the exhibits that Dr. Reeves may use to support his opinions, and Dr. Reeves's qualifications, publications, testimonial history, and compensation. Plaintiff hereby adopts and incorporates by reference Dr. Reeves's Expert Report and all subparts and attachments thereto.

## **NON-RETAINED EXPERT WITNESSES**

Plaintiff intends to ask physicians and other health care practitioners who treated her, or provided consultation to her treating physicians, one or more questions that may call for the rendering of expert opinions. Said physicians and health care practitioners are not employed by Plaintiff and have not been retained by Plaintiff for the purpose of forming and expressing opinions in anticipation of the litigation or in preparation for trial. Their opinions and reports are contained in the medical records of the Plaintiff, which have made available to the Defendant, as well as their deposition testimony.

These treating physicians are expected to testify as to the nature of the Plaintiff's medical symptoms and diagnosis; the treatment rendered to the Plaintiff; and the fairness, reasonableness, necessity and causal relationship between the medical conditions suffered by the Plaintiff and the cost of the medical treatment rendered. These treating physicians are also expected testify as to the permanent nature of the Plaintiff's medical conditions, future medical expenses, and treatment which is reasonably expected in occur in the future. These physicians may also testify as to the process by which the Plaintiff was informed and consented on the risks of harms associated with the product at issue given their knowledge at the time of implantation, and how that process would have been different, if at all, given additional information. The doctors' opinions are based upon their review of the medical records, treatment and/or examination of the Plaintiff, history taken from the Plaintiff and years of experience and medical training.

The following is a list of said treating and consulting physicians who may testify regarding the Plaintiff's medical care and treatment:

| NAME | ADDRESS | SPECIALITY |
|---|---|---|
| Anthony Popek, M.D. | 10497 Town and Country Way Houston, TX 77024 | General Medicine |
| Brandon Sass, M.D. | 17510 W. Grand Parkway South, Suite 590 Sugar Land, TX 77479 | Urogynecology |
| Charles Popeney, M.D. | 2655 Cordes Drive, Suite 110 Sugar Land, TX 77479 | Neurology |
| Christina Pramudji, M.D. | 18400 Katy Fwy, Suite 530 Houston, TX 77094 | Urology/Urogynecology |
| Christopher Jayne, M.D. | 1401 St. Joseph Parkway Houston, TX 77002 | Urogynecology |
| David S. Kent, M.D. | 921 Gessner Road Houston, TX 77024 | Urology |
| Edward Rensimer, M.D. | 9230 Katy Fwy, Suite 400 Houston, TX 77055 | Infectious Disease |
| James Murphy, M.D. | 17500 W. Grand Parkway South Sugar Land, TX 77479 | Radiology |

| | | |
|---|---|---|
| Karan Madan, M.D. | 1332 Pin Oak Road<br>Katy, TX 77494 | Pain Management |
| Nina Dereska, M.D. | 17510 W. Grand Parkway South, Suite 590<br>Sugar Land, TX 77479 | Urogynecology |
| Peter M. Lotze, M.D. | 7900 Fannin Street<br>Houston, TX 77054 | Urogynecology |
| Roger Dmochowski, M.D. | 1211 Medical Center Drive<br>Nashville, TN 37212 | Urology |
| Schlomo Raz, M.D. | 200 Medical Plaza, Suite 140<br>Los Angeles, CA 90095 | Urology |
| William Drell, M.D. | 902 Frostwood Drive, Suite 283<br>Houston, TX 77024 | Psychiatry |

A General Designation and Disclosure has been or is being served by and on behalf of the Wave 13 cases for general expert opinions. In the event that any of the general expert(s) identified above is/are unavailable for trial in this case, Plaintiff reserves the right to elicit testimony, either through direct examination or cross-examination, of other of the general witnesses designated or identified by Plaintiff.

Plaintiff further reserves the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement this Designation and Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits introduced in depositions, documents produced, and any supplemental expert disclosures by any party.

Plaintiff's designation of expert witnesses is supplemental of all discovery requests seeking information regarding Plaintiff's expert witnesses.

Plaintiff reserves the right to call as a rebuttal witness any expert or fact witness not designated herein, and whose testimony could not have been reasonably anticipated before trial, whose testimony is necessary to rebut the testimony of any fact or expert witness called by any other party to testify at the time of trial.

Dated this 12th day of November, 2019.

          Respectfully submitted,

          */s/ Laura J. Baughman*_____
          Ben C. Martin
          Laura J. Baughman
          **MARTIN | BAUGHMAN**
          3710 Rawlins Street, Suite 1230
          Dallas, Texas 75219
          Office: 214.761.6614
          Fax: 214.744.7590
          bmartin@martinbaughman.com
          lbaughman@martinbaughman.com
          tarbon@martinbaughman.com

          **ATTORNEYS FOR THE PLAINTIFF**