IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON, INC. )
PELVIC REPAIR SYSTEMS )
PRODUCTS LIABILITY LITIGATION )
) MDL NO. 2327
)

PRETRIAL ORDER # 350
(ORDER APPOINTING RANDI S. ELLIS AS SPECIAL MASTER
FOR SETTLEMENT AGREEMENT
BETWEEN ETHICON AND CERTAIN PLAINTIFFS' COUNSEL)

Napoli Shkolnik, PLLC, (collectively, "Plaintiffs' Counsel") has entered into a separate Confidential Master Settlement Agreement (the "Settlement Agreement") with Ethicon Inc., Johnson & Johnson, and Ethicon LLC ("Ethicon"), to resolve the claims related to the implantation of Ethicon Pelvic Repair Products (as defined in the Settlement Agreement). Under the provisions of the Settlement Agreement, Plaintiffs' Counsel has agreed to seek the approval of this Court to appoint a Settlement Master to perform certain defined functions related to the administration and implementation of the Settlement Agreement. Plaintiffs' Counsel submits that Randi S. Ellis is well-qualified to perform these, and other functions discussed in the Unopposed Motion to Appoint Special Master [ECF No. 9093], and supported by an Affidavit from Randi S. Ellis attached thereto.

Defendant Ethicon does not oppose Plaintiffs' Counsel's request. The Court, pursuant to its inherent authority, and having considered the request, and cognizant of the important public policy of encouraging settlement among litigating parties, hereby issues the following Order.

**IT IS ORDERED THAT:**

1. The Unopposed Motion to Appoint Settlement Master [ECF No.9093] is **GRANTED.**

2. Randi S. Ellis is hereby appointed as the Special Master for the administration of the settlement reached between Plaintiffs' Counsel and Covidien, related to the implantation

of Ethicon Pelvic Repair Products (as defined in the Settlement Agreement).

3. The duties of the Settlement Master shall be as set forth in the Settlement Agreement.

4. In furtherance of the fair and efficient administration and implantation of the settlements, the Special Master may have *ex parte* communications with the parties to the Settlement Agreement, Plaintiffs' Counsel and their clients, Defendant Ethicon and its counsel, or the Court, and such *ex parte* communications shall not be deemed to have waived any attorney-client privileges.

5. The Special Master shall be compensated as specified in the Settlement Agreement.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-MD-02327.

ENTER: February 20, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE