# EXHIBIT A

# ESCROW AGREEMENT
## (Class Action/Litigation Settlement Escrow)

THIS ESCROW AGREEMENT is entered into as of _____, 2020, by and among **Johnson & Johnson and Ethicon, Inc.** (collectively the "Company"), **The Garretson Resolution Group, Inc. d/b/a Epiq Mass Tort (Epiq)** (the "Administrator"), **Napoli Shkolnik PLLC** ("Plaintiffs' Counsel", and together with Company and Administrator, sometimes referred to individually as "Party" or collectively as the "Parties"), and **JP Morgan Chase Bank, N.A.** (the "Escrow Agent").

**WHEREAS**, pursuant to a Settlement Agreement dated as of _____ (the "Settlement Agreement"), the Company has agreed, under certain circumstances, to make contributions into a settlement fund to be held in escrow subject to the terms and conditions set forth herein.

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1.      **Appointment**.  The Parties hereby appoint Escrow Agent as their escrow agent for the purposes set forth herein, and Escrow Agent hereby accepts such appointment under the terms and conditions set forth herein.

2.      **Settlement Fund; Investment.**  (a) Company agrees to deposit with Escrow Agent the sum of ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and such additional amounts as required under the Settlement Agreement ("Escrow Deposit").  The Company will provide the Escrow Agent with advance notice of any additional deposits into the Settlement Fund.  Escrow Agent shall hold the Escrow Deposit in one or more demand deposit accounts and shall invest and reinvest the Escrow Deposit and the proceeds thereof ("Settlement Fund") in an interest bearing deposit demand account(s) which has rates of compensation that may vary from time to time as determined by Escrow Agent. No other investment is permitted hereunder.

(b)      The Settlement Fund is to be treated for federal income tax purposes as a qualified settlement fund within the meaning of U.S. Department of Treasury ("Treas.") Reg. § 1.468B-1.  Administrator shall be the "administrator" (as that term is used in Treas.  Reg. §1.468B-2(k)(3)) of the Settlement Fund and will file such federal, state or local returns, pay such federal, state or local taxes, comply with applicable federal, state or local information reporting requirements and otherwise generally comply with the rules and regulations applicable to qualified settlement funds under Treas. Reg. § 1.468B-1 and relevant provisions of state and local tax law. Administrator is explicitly authorized to use the assets of the Settlement Fund (i) to satisfy such federal, state and local taxes as may be due with respect to the Settlement Fund and (ii) to reduce the amount of any payments under this Agreement by taxes paid or which Administrator reasonably concludes may become payable.  Company shall comply with the provisions of the Treas. Regulations applicable to the transferor to a qualified settlement fund and Administrator shall comply with its duties and obligations under the Treas. Reg. §1.468B rules.

(c) Administrator, and, as required, Company, shall jointly and timely make (or cause to be jointly and timely made) the "relation-back election" (as defined in Treas. Reg. § 1.468-1B) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations (or any successor regulations).  It shall be the responsibility of the Administrator to timely and properly prepare, and deliver the necessary documentation (including but not limited to the disclosures and elections referred to above) for signature by all necessary Parties, and thereafter to cause the appropriate filing to occur.

(d) The Parties hereto acknowledge that Administrator shall not be held accountable for any fines, penalties or interest associated with late filings as a result of the failure or refusal of others to cooperate with Administrator. Administrator may retain or hire a qualified third party or parties ("Qualified Third Party") to perform any of its duties or responsibilities specified herein or in Treas. Reg. § 1-468B-2.  The fees or costs of such Qualified Third Party shall be billed to Administrator and shall be paid from amounts on deposit in the Settlement Fund.

1

(e) Escrow Agent shall have no duty to comply with the provisions of Treasury Reg. § 1.468B, cited above or any other law or regulation governing qualified settlement funds.  Furthermore, Escrow Agent shall not be deemed to have any knowledge or responsibility concerning the applicability of such regulation to the transactions contemplated by this Agreement.  The Parties hereby represent to Escrow Agent that no other tax withholding or information reporting of any kind is required by the Escrow Agent.

3.  **Disposition and Termination.**    (a) The Escrow Agent shall release the Settlement Fund or any portion thereof in accordance with joint written instructions executed by an Authorized Representative of the Administrator, an Authorized Representative of Plaintiffs' Counsel, and an Authorized Representative of Company in substantially the form of Exhibit A-1.  The Escrow Agent shall be entitled conclusively to rely upon any such joint written instructions.

Notwithstanding anything to the contrary set forth in Section 8, any instructions setting forth, claiming, containing, objecting to, or in any way related to the transfer or distribution of the Settlement Fund, must be in writing and executed by the appropriate Party or Parties as evidenced by the signatures of the person or persons signing this Agreement or one of their designated persons as set forth on the Designation of Authorized Representatives attached hereto as Schedule 1-A, 1-B and 1-C (each an "Authorized Representative"), and delivered to Escrow Agent only by confirmed facsimile or as a Portable Document Format ("PDF") attached to an email only at the fax number or email address set forth in Section 8 below.   Each Designation of Authorized Representatives shall be signed by the Secretary, any Assistant Secretary or other duly authorized officer of the named Party.  No instruction for or related to the transfer or distribution of the Settlement Fund shall be deemed delivered and effective unless Escrow Agent actually shall have received it by facsimile or as a PDF attached to an email only at the fax number or email address set forth in Section 8 and in the case of a facsimile, as evidenced by a confirmed transmittal to the Party's or Parties' transmitting fax number. Escrow Agent shall not be liable to any Party or other person for refraining from acting upon any instruction for or related to the transfer or distribution of the Settlement Fund if delivered to any other fax number or email address, including but not limited to a valid email address of any employee of Escrow Agent. Notwithstanding anything to the contrary, the Parties acknowledge and agree that Escrow Agent (i) shall have no obligation to take any action in connection with this Agreement on a non-Business Day and any action Escrow Agent may otherwise be required to perform on a non-Business Day may be performed by Escrow Agent on the following Business Day and (ii) may not transfer or distribute the Settlement Fund until Escrow Agent has completed its security procedures.

(b)  Each Party authorizes Escrow Agent to use the following funds transfer instructions to disburse any funds due to Company, Administrator and/or Plaintiffs' Counsel, respectively, (each an "Initial Standing Instruction), without a verifying call-back or email confirmation as set forth:

Company (**Ethicon**):



Administrator (**On behalf of Claimants, Plaintiffs' Counsel, and Administrator**):

(c)  In the event any funds transfer instructions other than the Initial Standing Instructions are set forth in a permitted instruction from a Party or the Parties in accordance with this Agreement (each additional funds transfer instruction, an "Additional Standing Instruction" and together with the Initial Standing Instructions, the "Standing Instructions"), Escrow Agent will confirm such Additional Standing Instructions by a telephone call-back or email confirmation to an Authorized Representative of such Party or the Parties, and Escrow Agent may rely upon the confirmation of anyone purporting to be that Authorized Representative.  No funds will be disbursed until such confirmation occurs.  Each Party agrees that after such confirmation, Escrow Agent may continue to rely solely upon such Additional Standing Instructions and all identifying information set forth therein for such beneficiary without an additional telephone call back or email confirmation.  Further, it is understood and agreed that if multiple disbursements are provided for under this Agreement pursuant to any Standing Instructions, only the date, amount and/or description of payments may change without requiring a telephone  callback or email confirmation.

(d)  The persons designated as Authorized Representatives and telephone numbers for same may be changed only in a writing executed by an Authorized Representative or duly authorized officer of the applicable Party setting forth such changes and actually received by Escrow Agent via facsimile or as a PDF attached to an email.  Escrow Agent will confirm any such change in Authorized Representatives by a telephone callback or email confirmation to an Authorized Representative and Escrow Agent may rely and act upon the confirmation of anyone purporting to be that Authorized Representative.

(e)  Escrow Agent, any intermediary bank and the beneficiary's bank in any funds transfer may rely upon the identifying number of the beneficiary's bank or any intermediary bank included in a funds transfer instruction provided by a Party or the Parties and confirmed by an Authorized Representative. Further, the beneficiary's bank in the funds transfer instructions may make payment on the basis of the account number provided in such Party's or the Parties' instruction and confirmed by an Authorized Representative even though it identifies a person different from the named beneficiary.

(f)  As used in this Section 3, "Business Day" shall mean any day other than a Saturday, Sunday or any other day on which Escrow Agent located at the notice address set forth below is authorized or required by law or executive order to remain closed. The Parties acknowledge that the security procedures set forth in this Section 3 are commercially reasonable. Upon delivery of the Settlement Fund in full by Escrow Agent pursuant to this Section 3, this Agreement shall terminate and the related account(s) shall be closed, subject to the provisions of Section 6 and 7.

(g)  Notwithstanding anything to the contrary contained in this Agreement, in the event that an electronic signature is affixed to an instruction issued hereunder to disburse or transfer funds, such instruction shall be confirmed by a verifying callback (or email confirmation) to an Authorized Representative.

4.      **Escrow Agent**.  Escrow Agent shall have only those duties as are specifically and expressly provided herein, which shall be deemed purely ministerial in nature, and no other duties, including but not limited to any fiduciary duty, shall be implied. Escrow Agent has no knowledge of, nor any obligation to comply with, the terms and conditions of any other agreement between the Parties, including but not limited to the Settlement Agreement, nor shall Escrow Agent be required to determine if any Party has complied with any other agreement. Notwithstanding the terms of any other agreement between the Parties, the terms and conditions of this Agreement shall control the actions of Escrow Agent.  Escrow Agent may conclusively rely upon any written notice, document, instruction or request delivered by the Parties believed by it to be genuine and to have been signed by an Authorized Representative(s), as applicable, without inquiry and without requiring substantiating evidence of any kind and Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy or content of any such document, notice, instruction or request. Any notice, document, instruction or request delivered by a Party but not required under this Agreement may be disregarded by the Escrow Agent. Escrow Agent shall not be liable for any action taken, suffered or omitted to be taken by it in good faith except to the extent that Escrow Agent's gross negligence or willful misconduct was the cause of any direct loss to any Party. Escrow Agent may execute any of its powers and perform any of its duties hereunder directly or through affiliates or agents.   In the event Escrow Agent shall be uncertain, or believes there is some ambiguity, as to its duties or rights hereunder or receives instructions, claims or demands from any Party hereto which in Escrow Agent's judgment conflict with the

3

provisions of this Agreement, or if Escrow Agent receives conflicting instructions from the Parties, Escrow Agent shall be entitled either to: (a) refrain from taking any action until it shall be given (i) a joint written direction executed by Authorized Representatives of the Parties which eliminates such ambiguity or conflict or (ii) a court order issued by a court of competent jurisdiction (it being understood that the Escrow Agent shall be entitled conclusively to rely and act upon any such court order and shall have no obligation to determine whether any such court order is final); or (b) file an action in interpleader. Escrow Agent shall have no duty to solicit any payments which may be due it or the Settlement Fund, including, without limitation, the Escrow Deposit nor shall the Escrow Agent have any duty or obligation to confirm or verify the accuracy or correctness of any amounts deposited with it hereunder. The Parties grant to the Escrow Agent a lien and security interest in the Settlement Fund in order to secure any indemnification obligations of the Parties or obligation for fees or expenses owed to the Escrow Agent hereunder. Anything in this Agreement to the contrary notwithstanding, in no event shall Escrow Agent be liable for special, incidental, punitive, indirect or consequential loss or damage of any kind whatsoever (including but not limited to lost profits), even if Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

5.      **Succession.**   Escrow Agent may resign and be discharged from its duties or obligations hereunder by giving not less than thirty (30) days advance notice in writing of such resignation to the Parties or may be removed, with or without cause, by the Parties at any time after giving not less than thirty (30) days advance joint written notice to the Escrow Agent.  Escrow Agent's sole responsibility after such thirty (30) day notice period expires shall be to hold the Settlement Fund (without any obligation to reinvest the same) and to deliver the same to a designated substitute escrow agent, if any, appointed by the Parties, or such other person designated by the Parties, or in accordance with the directions of a final court order, at which time of delivery, Escrow Agent's obligations hereunder shall cease and terminate.  If prior to the effective resignation or removal date, the Parties have failed to appoint a successor escrow agent, or to instruct the Escrow Agent to deliver the Settlement Fund to another person as provided above, or if such delivery is contrary to applicable law, at any time on or after the effective resignation date, Escrow Agent either (a) may interplead the Settlement Fund with a court located in the State of New Jersey and the costs, expenses and reasonable attorney's fees which are incurred in connection with such proceeding may be charged against and withdrawn from the Settlement Fund; or (b) appoint a successor escrow agent of its own choice.  Any appointment of a successor escrow agent shall be binding upon the Parties and no appointed successor escrow agent shall be deemed to be an agent of Escrow Agent.  Escrow Agent shall deliver the Settlement Fund to any appointed successor escrow agent, at which time Escrow Agent's obligations under this Agreement shall cease and terminate.  Any entity into which Escrow Agent may be merged or converted or with which it may be consolidated, or any entity to which all or substantially all the escrow business may be transferred, shall be the Escrow Agent under this Agreement without further act.

6.      **Compensation; Acknowledgment.**   (a) The Parties agree that the compensation of the Escrow Agent under this Agreement shall be considered an administrative expense of the settlement.  The Parties shall be responsible for directing payment from the settlement administrative expenses funds under the Settlement Agreement in the Settlement Fund to pay Escrow Agent under this Agreement and from time to time thereafter reasonable compensation for the services to be rendered hereunder, which unless otherwise agreed in writing, shall be as described in Schedule 2.

(b)  Each of the Parties further agrees to the disclosures and agreements set forth in Schedule 2.

7.      **Indemnification and Reimbursement.**   The Parties agree jointly and severally to indemnify, defend, hold harmless, pay or reimburse Escrow Agent and its affiliates and their respective successors, assigns, directors, agents and employees (the "Indemnitees") from and against any and all losses, damages, claims, liabilities, costs or expenses (including, attorney's fees) (collectively "Losses"), resulting directly or indirectly from (a) Escrow Agent's performance of this Agreement, except to the extent that such Losses are determined by a court of competent jurisdiction to have been caused by the gross negligence, willful misconduct, or bad faith of such Indemnitee; and (b) Escrow Agent's following, accepting or acting upon any instructions or directions, whether joint or singular, from the Parties received in accordance with this Agreement.  The Parties hereby grant Escrow Agent a right of set-off against the Settlement Fund for the payment of any claim for indemnification, fees, expenses and amounts due to

4

Escrow Agent or an Indemnitee. The obligations set forth in this Section 7 shall survive the resignation, replacement or removal of Escrow Agent or the termination of this Agreement.

8.     **Notices.**   Except as otherwise set forth in Section 3(a) above, all communications hereunder shall be in writing or set forth in a PDF attached to an email, and  shall be delivered by facsimile, email or overnight courier only to the appropriate fax number, email address, or notice address set forth for each party as follows:

|  |  |
|---|---|
| **If to Company:** | Office of General Counsel<br>One Johnson & Johnson Plaza WH6144<br>New Brunswick, NJ 08933<br>Attention: Zane Riester, Esq.<br>Tel No.: 732-524-3915<br>Fax No.:732-524-2788<br>Email: zriester@its.jnj.com |
| **With copies to:** | Butler Snow LLP<br>Renaissance at Colony Park, Suite 1400<br>1020 Highland Colony Parkway<br>Ridgeland, MS 39158-6010<br>Attention:  Donna Brown Jacobs, Esq. and Eric Hudson, Esq.<br>Tel No.:601-985-4523<br>Fax No.:601-985-4500<br>Email: donna.jacobs@butlersnow.com<br>Email: eric.hudson@butlersnow.com |
| **If to Administrator:** | Epiq<br>6281 Tri-Ridge Blvd, Suite 300<br>Loveland, OH 45140<br>Attention:  Stephanie Farrar, Disbursements Manager<br>Tel No.: (513) – 601-8171<br>Fax No.: (513) 936-5186<br>Email:  Stephanie.Farrar@epiqglobal.com |
| **Account statements<br>and billing:** | [same as above] |
| **If to Plaintiffs' Counsel:** |  |
| Account statements<br>and billing: | Napoli Shkolnik PLLC<br>400 Broadhollow Road, Suite 305<br>Melville, NY 11747<br>Attention: Chris LoPalo<br>Tel No.: (212) 397-1000<br>Fax No.: (646) 843-7603<br>Email: clopalo@napolilaw.com |
| If to Escrow Agent: | ███████████ |

9.     **Compliance with Directives.**  In the event that a legal garnishment, attachment, levy, restraining notice, court order or other governmental order ("Directive") is served with respect to any of the Settlement Fund, or the

5

delivery thereof shall be stayed or enjoined by a Directive, Escrow Agent is hereby expressly authorized, in its sole discretion, to obey and comply with all such Directives so entered or issued and in the event that Escrow Agent obeys or complies with any such Directive it shall not be liable to any of the Parties hereto or to any other person by reason of such compliance notwithstanding such Directive be subsequently reversed, modified, annulled, set aside or vacated.

10.      **Miscellaneous.** (a) The provisions of this Agreement may be waived, altered, amended or supplemented only by a writing signed by the Escrow Agent and the Parties.  This Agreement and any right or interest hereunder may be assigned by a Party only in a writing agreed upon and signed by the Escrow Agent and the Parties and any assignment in violation of this Agreement shall be ineffective and void.  This Agreement shall be governed by and construed under the laws of the State of New Jersey.  Each Party and Escrow Agent irrevocably waives any objection on the grounds of venue, forum non-conveniens or any similar grounds and irrevocably consents to service of process by mail or in any other manner permitted by applicable law and consents to the jurisdiction of the courts located in the State of New Jersey. To the extent that in any jurisdiction either Party may now or hereafter be entitled to claim for itself or its assets, immunity from suit, execution, attachment (before or after judgment) or other legal process or immunity from liability, such Party shall not claim, and hereby irrevocably waives, such immunity. Escrow Agent and the Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

(b)      No party to this Agreement is liable to any other party for losses due to, or if it is unable to perform its obligations under the terms of this Agreement because of, acts of God, fire, war, terrorism, floods, strikes, electrical outages, equipment or transmission failure, or other causes reasonably beyond its control.  This Agreement and any joint instructions from the Parties, may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument or instruction, as applicable. This Agreement may be executed and transmitted by facsimile or as a PDF attached to an email or may be electronically signed and each such execution shall be of the same legal effect, validity and enforceability as a manually executed, original, wet-inked signature.  All signatures of the parties to this Agreement may be transmitted by facsimile or PDF attached to an email, and each such execution shall be of the same legal effect, validity and enforceability as a manually executed, original, wet-inked signature.  If any provision of this Agreement is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.  The Parties each represent, warrant and covenant that (i) each document, notice, instruction or request provided by such Party to Escrow Agent shall comply with applicable laws and regulations; (ii) such Party has full power and authority to enter into this Agreement and to perform all of the duties and obligations to be performed by it hereunder; and (iii) the person(s) executing this Agreement on such Party's behalf and certifying Authorized Representatives in the applicable Schedule 1 has been duly and properly authorized to do so, and each Authorized Representative of such Party has been duly and properly authorized to take actions specified for such person in the applicable Schedule 1.   Except as expressly provided in Section 7 above, nothing in this Agreement, whether express or implied, shall be construed to give to any person or entity other than Escrow Agent and the Parties any legal or equitable right, remedy, interest or claim under or in respect of the Settlement Fund or this Agreement.

## [The rest of this page is intentionally left blank]

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date set forth above.


**COMPANY (Johnson & Johnson and Ethicon, Inc.)**

By:_____
Name: Zane Riester, Esq.
Title: Counsel for Johnson & Johnson and Ethicon, Inc.


**ADMINISTRATOR (Epiq)**


By:_____
Name: _____
Title: _____


**PLAINTIFFS' COUNSEL (Napoli Shkolnik PLLC)**


By:_____
Name: Christopher LoPalo
Title: Counsel for Plaintiffs


**JP MORGAN CHASE BANK, N.A.**
As Escrow Agent


By:_____
Name:_____
                         Title:_____EXHIBIT A-1

<u>**Form of Escrow Release Notice – Joint Instructions**</u>


Date:

**Re:  [Name of Parties] – Escrow Agreement dated [          ]**
**Escrow Account no. [    ]**

**Dear Sir/Madam:**

We refer to an escrow agreement dated [          ] between Johnson and Johnson and Ethicon, Inc. (collectively the "Company"), Epiq (the "Administrator"), Napoli Shkolnik PLLC ("Plainiffs' Counsel) and JPMorgan Chase Bank, N.A., as Escrow Agent (the "**Escrow Agreement**").

Capitalized terms in this letter that are not otherwise defined shall have the same meaning given to them in the Escrow Agreement.

The Parties instruct the Escrow Agent to release the Settlement Fund, or the portion specified below, to the specified party as instructed below.

Amount
(In writing)
Beneficiary
City
Country

**US Instructions:**

Bank
Bank address
ABA Number:
Credit A/C Name:
Credit A/C #:
Credit A/C Address:
If Applicable:
        FFC A/C Name:
        FFC A/C #:
        FFC A/C Address:


**International Instructions:**

Bank Name:
Bank Address
SWIFT Code:
US Pay Through ABA:
Credit A/C Name:
Credit A/C # (IBAN #):
Credit A/C Address:
If Applicable:
        FFC A/C Name:
        FFC A/C # (IBAN #):
        FFC A/C Address:


**FOR AND ON BEHALF OF ADMINISTRATOR:**


_____
Name:
Date:
Title:


**FOR AND ON BEHALF OF COMPANY:**

8

_____
Name:
Date:
Title:


**FOR AND ON BEHALF OF PLAINTIFFS' COUNSEL:**


_____
Name:    Christopher LoPalo
Date:
Title:    Plaintiffs' Counsel

9

**Schedule 1-A**

Epiq

**DESIGNATION OF AUTHORIZED
REPRESENTATIVES**

     The undersigned, Crystal Utley, being the duly elected, qualified and acting representative of The Garretson Resolution Group, Inc. d/b/a Epiq Mass Tort (Epiq) ("Administrator"), does hereby certify:

     1.    That each of the following representatives is at the date hereof an Authorized Representative, as such term is defined in the Escrow Agreement, dated _____ ____, 2020, by and among Administrator, Company, Plaintiffs' Counsel and Escrow Agent (the "Escrow Agreement"), that the signature appearing opposite each representative's name is the true and genuine signature of such representative, and that each representative's contact information is current and up-to-date at the date hereof.  Each of the Authorized Representatives is authorized to issue instructions, confirm funds transfer instructions by callback or email confirmation and effect changes in Authorized Representatives, all in accordance with the terms of the Escrow Agreement. Callbacks or emails confirming an instruction shall be made to an Authorized Representative other than the Authorized Representative who issued the instruction unless (a) only a single Authorized Representative is designated below, (b) the information set forth below changes and is not updated by Administrator such that only the Authorized Representative who issued the instruction is available to receive a callback or email confirmation, or (c) Administrator is an individual.   Administrator acknowledges that pursuant to this Schedule, Escrow Agent is offering an option for callback or email confirmation to a different Authorized Representative, and if Administrator nevertheless names only a single Authorized Representative or fails to update Authorized Representative information, Administrator agrees to be bound by any instruction, whether or not authorized, confirmed by callback or email confirmation to the issuer of the instruction.

| NAME | SIGNATURE | TELEPHONE, CELL NUMBERS and EMAIL ADDRESSES |
|---|---|---|
| Crystal Utley | _____ | (work):  704-365-6920<br>(cell):    919-673-5601<br>(email): Crystal.Utley@epiqglobal.com |
| Stephanie Farrar | _____ | (work):  513-601-8171<br>(cell):     513-602-1105<br>(email):Stephanie.Farrar@epiqglobal.com |
| David Graf | _____ | (work):  513-601-8109<br>(email): David.Graf@epiqglobal.com |

     2.    Email confirmation is only permitted to a corporate email address for purposes of this Schedule. Any personal email addresses provided will not be used for email confirmation.

     3.    This Schedule may be signed in counterparts and the undersigned certifies that any signature set forth on an attachment to this Schedule is the true and genuine signature of an Authorized Representative and that each such representative's contact information is current and up-to-date at the date hereof.

     4.    That pursuant to Administrator's governing documents, as amended, the undersigned has the power and authority to execute this Designation on behalf of Administrator, and that the undersigned has so executed this Designation this ___ day of _____, 2019.

     5.    Notwithstanding the above, if Administrator is an individual, no signature will be required below.

10

Signature:

_____

Name:          _____

Title:          _____

**FOR YOUR SECURITY, PLEASE CROSS OUT ALL UNUSED SIGNATURE LINES ON THIS SCHEDULE 1-A**

All instructions, including but not limited to funds transfer instructions, whether transmitted by facsimile or set forth in a PDF attached to an email,  must include the signature (or electronic signature subject to the conditions set forth in the Escrow Agreement) of the Authorized Representative authorizing said funds transfer on behalf of such Party.

11

**Schedule 1-B**

JOHNSON & JOHNSON and ETHICON, Inc.

**DESIGNATION OF AUTHORIZED
REPRESENTATIVES**

The undersigned, Zane Riester, being the duly elected, qualified and acting representative of Johnson & Johnson and Ethicon Inc. ("Company"), does hereby certify:

1. That each of the following representatives is at the date hereof an Authorized Representative, as such term is defined in the Escrow Agreement, dated _____ ___, 2020, by and among Administrator, Company, Plaintiffs' Counsel and Escrow Agent (the "Escrow Agreement"), that the signature appearing opposite each representative's name is the true and genuine signature of such representative, and that each representative's contact information is current and up-to-date at the date hereof.  Each of the Authorized Representatives is authorized to issue instructions, confirm funds transfer instructions by callback or email confirmation and effect changes in Authorized Representatives, all in accordance with the terms of the Escrow Agreement. Callbacks or emails confirming an instruction shall be made to an Authorized Representative other than the Authorized Representative who issued the instruction unless (a) only a single Authorized Representative is designated below, or (b) the information set forth below changes and is not updated by Company such that only the Authorized Representative who issued the instruction is available to receive a callback or email confirmation.    Company acknowledges that pursuant to this Schedule, Escrow Agent is offering an option for callback or email confirmation to a different Authorized Representative, and if Company nevertheless names only a single Authorized Representative or fails to update Authorized Representative information, Company agrees to be bound by any instruction, whether or not authorized, confirmed by callback or email confirmation to the issuer of the instruction.

| NAME | SIGNATURE | TELEPHONE, CELL NUMBERS and EMAIL ADDRESSES |
|---|---|---|
| Zane Riester | _____ | (732) 524-3915<br>zriester@its.jnj.com |
| Donna Brown Jacobs | _____ | (601) 985-4538<br>(cell) (601) 259-4191<br>donna.jacobs@butlersnow.com |
| Eric Hudson | _____ | (901) 680-7309<br>(cell) (901) 489-4697<br>eric.hudson@butlersnow.com |

2. Email confirmation is only permitted to a corporate email address for purposes of this Schedule. Any personal email addresses provided will not be used for email confirmation.
3. This Schedule may be signed in counterparts and the undersigned certifies that any signature set forth on an attachment to this Schedule is the true and genuine signature of an Authorized Representative and that each such representative's contact information is current and up-to-date at the date hereof.
4. That pursuant to Company's governing documents, as amended, the undersigned has the power and authority to execute this Designation on behalf of Company, and that the undersigned has so executed this Designation this ___ day of _____, 2020.

12

Signature: _____

Name:       Zane Riester

Title:          Counsel for Johnson & Johnson & Ethicon Inc.


**FOR YOUR SECURITY, PLEASE CROSS OUT ALL UNUSED SIGNATURE LINES ON THIS SCHEDULE 1-B**


All instructions, including but not limited to funds transfer instructions, whether transmitted by facsimile or set forth in a PDF attached to an email,  must include the signature (or electronic signature subject to the conditions set forth in the Escrow Agreement) of the Authorized Representative authorizing said funds transfer on behalf of such Party.

13

**Schedule 1-C**

Napoli Shkolnik PLLC (insert name of Plaintiff's Counsel)

**DESIGNATION OF AUTHORIZED**
**REPRESENTATIVES**

The undersigned, Christopher LoPalo_, being the duly elected, qualified and acting representative of Napoli Shkolnik PLLC ("Plaintiffs' Counsel"), does hereby certify:

1. That each of the following representatives is at the date hereof an Authorized Representative, as such term is defined in the Escrow Agreement, dated _____ ___, 2020, by and among Administrator, Company, Plaintiffs' Counsel and Escrow Agent (the "Escrow Agreement"), that the signature appearing opposite each representative's name is the true and genuine signature of such representative, and that each representative's contact information is current and up-to-date at the date hereof. Each of the Authorized Representatives is authorized to issue instructions, confirm funds transfer instructions by callback or email confirmation and effect changes in Authorized Representatives, all in accordance with the terms of the Escrow Agreement. Callbacks or emails confirming an instruction shall be made to an Authorized Representative other than the Authorized Representative who issued the instruction unless (a) only a single Authorized Representative is designated below, (b) the information set forth below changes and is not updated by Plaintiffs' Counsel such that only the Authorized Representative who issued the instruction is available to receive a callback or email confirmation, or (c) Plaintiffs' Counsel is an individual. Plaintiffs' Counsel acknowledges that pursuant to this Schedule, Escrow Agent is offering an option for callback or email confirmation to a different Authorized Representative, and if Plaintiffs' Counsel nevertheless names only a single Authorized Representative or fails to update Authorized Representative information, Plaintiffs' Counsel agrees to be bound by any instruction, whether or not authorized, confirmed by callback or email confirmation to the issuer of the instruction.

| NAME | SIGNATURE | TELEPHONE, CELL NUMBERS and EMAIL ADDRESSES |
|---|---|---|
| Christopher LoPalo | _____ | (work) (212) 397-1000<br>(cell):  (212) 397-1000<br>(email) clopalo@napolilaw.com |
| Paul Napoli | _____ | (work) (212) 397-1000<br>(cell) (212) 397-1000<br>(email) pnapoli@nsprlaw.com |
| Lisa Tancredi | _____ | (work) (212) 397-1000<br>(cell) (212) 397-1000<br>(email) ltancredi@napolilaw.com |

2. Email confirmation is only permitted to a corporate email address for purposes of this Schedule. Any personal email addresses provided will not be used for email confirmation.
3. This Schedule may be signed in counterparts and the undersigned certifies that any signature set forth on an attachment to this Schedule is the true and genuine signature of an Authorized Representative and that each such representative's contact information is current and up-to-date at the date hereof.
4. That pursuant to Plaintiffs' Counsel's governing documents, as amended, the undersigned has the power and authority to execute this Designation on behalf of Plaintiffs' Counsel, and that the undersigned has so executed this Designation this ___ day of _____, 2020.

14

5.   Notwithstanding the above, if Plaintiffs' Counsel is an individual, no signature will be required below.

Signature: _____

Name:    Christopher LoPalo

Title:        _____

**FOR YOUR SECURITY, PLEASE CROSS OUT ALL UNUSED SIGNATURE LINES ON THIS SCHEDULE 1-C**

All instructions, including but not limited to funds transfer instructions, whether transmitted by facsimile or set forth in a PDF attached to an email,  must include the signature (or electronic signature subject to the conditions set forth in the Escrow Agreement) of the Authorized Representative authorizing said funds transfer on behalf of such Party.

15

## Schedule of Fees and Disclosures for Escrow Agent Services