# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION                MDL 2327

THIS DOCUMENT RELATES TO CASES
IDENTIFIED ON EXHIBIT A

# TRANSFER ORDER
# FOR CASES ON EXHIBIT A

The individual cases on Exhibit A were directly filed in the United States District Court for the Southern District of West Virginia and are related to MDL 2327 ("Ethicon MDL"), 2:12-md-2327, one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation and totaling over 100,000 cases since inception.[1] Of the approximately 39,616 cases originally filed in or transferred to the Ethicon MDL, 79 remain. Of the remaining 79 cases, 9 are listed on Exhibit A and are ready to be transferred to the appropriate jurisdiction. The time to conduct discovery is complete in the cases on Exhibit A, and the parties have had time to file dispositive and *Daubert* motions, responses and replies. For the convenience of the parties and in order to promote the final resolution of these cases, it appears to the court that the cases would be more expeditiously concluded in the venues from which they arise. The parties have indicated collectively to the court or the court has determined that proper venue resides in the United States District Courts identified in Exhibit A. **Upon transfer, I urge the receiving court to immediately set these cases for trial without reopening discovery. Further discovery will only result in unjust delay. Extensive**

---

[1] One case on Exhibit A, *Wolf v. C.R. Bard, Inc.*, no longer includes the Ethicon defendants, and only names Boston Scientific Corporation. Other cases name the Ethicon defendants and other MDL defendants.

*development of these cases over a period of years has made such further action completely unnecessary.*

Accordingly, pursuant to 28 U.S.C. § 1404(a), it is **ORDERED** that on **December 4, 2020** (14 days after the entry of the order) (hereinafter the "Transfer Date") the cases identified on Exhibit A that are *still pending* shall be transferred to the United States District Courts identified on Exhibit A. On or before **December 3, 2020** (13 days after the date of entry of the order), the parties are **ORDERED** to confer and to file in each individual member case identified in Exhibit A, all documents from the main MDL that the parties jointly deem relevant to constitute an appropriate record for the receiving court to consider. When filing the documents from the main MDL, the parties are directed to use the CM/ECF event entitled "Designation of Record for MDL Transfers" (available under Civil > Other Filings > Other Documents). When completing the event, the "Main Document" should be the list of joint designations from the main MDL, and the "Attachments" should be each individual document on the joint designation list with the "Description" being the ECF number and a brief description of the document (i.e. ECF 96 – Defendant's Motion for Summary Judgment). All cases on Exhibit A that are pending on the Transfer Date shall be transferred, and the parties shall bear the consequences in the receiving court of any failure to prepare an appropriate record as directed in this order. The parties and the receiving court are advised that all Pretrial Orders entered in this matter are available for review on the court's website at www.wvsd.uscourts.gov/MDL/2327/orders.html and the master docket sheet can be found on this court's CM/ECF at 2:12-md-2327. *Finally, the court advises the parties that while the docket of the individual case will transfer to the receiving court, it is the parties' responsibility to follow the receiving court's procedure for identifying any individual motions that remain pending and in need of ruling.*

On the Transfer Date, the Clerk is hereby **DIRECTED** to use the appropriate function in CM/ECF to extract each member case listed on Exhibit A that remains pending and transfer it to the corresponding United States District Court listed on Exhibit A. After transfer of each member case listed in Exhibit A that is not dismissed prior to the Transfer Date, the Clerk is **DIRECTED** to formally close the case and strike it from the docket of this court.

The court further **DIRECTS** that a copy of this order and Exhibit A be filed in every case listed on Exhibit A and sent to counsel of record or any unrepresented party for the cases listed on Exhibit A.

ENTER: November 20, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

**Exhibit A**

|   | MDL Case No. | Last Name | Venue |
|---|---|---|---|
| 1 | 2:14-cv-28620 | Burgoyne | ND West Virginia |
| 2 | 2:13-cv-17012 | Shears | ND West Virginia |
| 3 | 2:15-cv-08119 | Wherry | WD Texas |
| 4 | 2:13-cv-24191 | Stebbins | WD Louisiana |
| 5 | 2:13-cv-06974 | Lim | SD Mississippi |
| 6 | 2:15-cv-02354 | Brown | WD Missouri |
| 7 | 2:15-cv-03395 | Campbell | SD Ohio |
| 8 | 2:16-cv-10320 | Wolf | D Maryland |
| 9 | 2:13-cv-01211 | Kessler | ED Pennsylvania |