# EXHIBIT A



# Citi Preferred Custody Services

Agreement
Between
Citibank, N. A.
as "Escrow Agent"
and

MOTLEY RICE LLC
("Lead Counsel")

and

ETHICON INC.
("Defendant")

MOTLEY RICE-ETHICON Qualified Settlement Fund Escrow Account

(Account Number)

*Citi Escrow Agent Custody Account*

THIS ESCROW AGREEMENT (the "**MOTLEY RICE-ETHICON Settlement Escrow Agreement**" herein) is made ▓▓▓▓▓▓▓▓▓▓ between / among MOTLEY RICE LLC ("**Lead Counsel**" herein), ETHICON INC. ("**Defendant**" herein), and CITIBANK, N.A. (the "**Escrow Agent**" herein). Lead Counsel and Defendant are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

The Parties appoint said Escrow Agent with the duties and responsibilities and upon the terms and conditions provided in Schedule A and any additional schedules annexed hereto and made a part hereof.

**ARTICLE FIRST**: The above-named parties agree that the following provisions shall control with respect to the rights, duties, liabilities, privileges and immunities of the Escrow Agent:

a) The Escrow Agent shall neither be responsible for or under, nor chargeable with knowledge of, the terms and conditions of any other agreement, instrument or document executed between/among the Parties, except as may be specifically provided in Schedule A annexed hereto. This MOTLEY RICE-ETHICON Settlement Escrow Agreement sets forth all of the obligations of the Escrow Agent, and no additional obligations shall be implied from the terms of this MOTLEY RICE-ETHICON Settlement Escrow Agreement or any other agreement, instrument or document. Nothing in this MOTLEY RICE-ETHICON Settlement Escrow Agreement shall create a fiduciary or partnership relationship between the Escrow Agent and any other party to this MOTLEY RICE-ETHICON Settlement Escrow Agreement.

b) The Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by any other party without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof, or the jurisdiction of the court issuing any judgment or order. The Escrow Agent may act in reliance upon any signature believed by it to be genuine, and may assume that such person has been properly authorized to do so.

c) Lead Counsel, on behalf of the Settlement Fund, agrees to reimburse the Escrow Agent on demand for, and to indemnify and hold the Escrow Agent harmless against and with respect to, any and all loss, liability, damage or expense (including, but without limitation, reasonable and necessary attorneys' fees, costs and disbursements) that the Escrow Agent may suffer or incur in connection with this MOTLEY RICE-ETHICON Settlement Escrow Agreement and its performance hereunder or in connection herewith, except to the extent such loss, liability, damage or expense arises from its willful misconduct or gross negligence as adjudicated by the United States District Court of the Southern District of West Virginia, MDL No. 2327 (the "Court"). The Escrow Agent shall have the further right from time to time to charge, and reimburse itself from, the property held in escrow hereunder upon written approval by Lead Counsel or the Court. In no event shall the Escrow Agent be responsible for special, indirect or consequential loss or

damage of any kind whatsoever even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

d) The Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected in acting in accordance with the opinion and instructions of such counsel. Lead Counsel, on behalf of the Settlement Fund, agrees to reimburse the Escrow Agent on demand for such reasonable legal fees, disbursements and expenses and in addition, the Escrow Agent shall have the right to reimburse itself for such fees, disbursements and expenses from the property held in escrow hereunder upon written approval by Lead Counsel or the Court.

e) The Escrow Agent shall be under no duty to give the property held in escrow by it hereunder any greater degree of care than it gives its own similar property.

f) The Escrow Agent shall invest the property held in escrow in such a manner as directed in Schedule A annexed hereto, which may include deposits in Citibank and mutual funds advised, serviced or made available by Citibank or its affiliates even though Citibank or its affiliates may receive a benefit or profit therefrom. The Escrow Agent and any of its affiliates are authorized to act as counterparty, principal, agent, broker or dealer while purchasing or selling investments as specified herein. The Escrow Agent and its affiliates are authorized to receive, directly or indirectly, fees or other profits or benefits for each service, task or function performed, in addition to any fees as specified in Schedule B hereof, without any requirement for special accounting related thereto.

> **The parties to this MOTLEY RICE-ETHICON Settlement Escrow Agreement acknowledge that non-deposit investment products are not obligations of, or guaranteed, by Citibank/Citigroup nor any of its affiliates; are not FDIC insured; and are subject to investment risks, including the possible loss of principal amount invested. Only deposits in the United States are subject to FDIC insurance.**

g) The Escrow Agent shall have no obligation to invest or reinvest the property held in escrow if all or a portion of such property is deposited with the Escrow Agent after 11:00 AM Eastern Time on the day of deposit. Instructions to invest or reinvest that are received after 11:00 AM Eastern Time will be treated as if received on the following business day in New York. The Escrow Agent shall have the power to sell or liquidate the foregoing investments whenever the Escrow Agent shall be required to distribute amounts from the escrow property pursuant to the terms of this MOTLEY RICE-ETHICON Settlement Escrow Agreement. Requests or instructions received after 11:00 AM Eastern Time by the Escrow Agent to liquidate all or any portion of the escrowed property will be treated as if received on the following business day in New York. The Escrow Agent shall have no responsibility for any investment losses resulting from the investment, reinvestment or liquidation of the escrowed property, as applicable, provided that the Escrow Agent has made such

investment, reinvestment or liquidation of the escrowed property in accordance with the terms, and subject to the conditions of this MOTLEY RICE-ETHICON Settlement Escrow Agreement.

h) In the event of any disagreement between/among any of the parties to this MOTLEY RICE-ETHICON Settlement Escrow Agreement, or between/among them or either or any of them and any other person, resulting in adverse claims or demands being made in connection with the subject matter of the MOTLEY RICE-ETHICON Settlement Escrow Agreement, or in the event that the Escrow Agent, in good faith, be in doubt as to what action it should take hereunder, the Escrow Agent may, at its option, refuse to comply with any claims or demands on it, or refuse to take any other action hereunder, so long as such disagreement continues or such doubt exists, and in any such event, the Escrow Agent shall not become liable in any way or to any person for its failure or refusal to act, and the Escrow Agent shall be entitled to continue so to refrain from acting until (i) the rights of all parties shall have been fully and finally adjudicated by the Court, or (ii) all differences shall have been adjusted and all doubt resolved by agreement among all of the interested persons, and the Escrow Agent shall have been notified thereof in writing signed by all such persons. The Escrow Agent shall have the option, after 30 calendar days' notice to the other parties of its intention to do so, to file an action in interpleader requiring the parties to answer and litigate any claims and rights among themselves. The rights of the Escrow Agent under this paragraph are cumulative of all other rights which it may have by law or otherwise.

i) The Escrow Agent is authorized, for any securities at any time held hereunder, to register such securities in the name of its nominee(s) or the nominees of any securities depository, and such nominee(s) may sign the name of any of the parties hereto to whom or to which such securities belong and guarantee such signature in order to transfer securities or certify ownership thereof to tax or other governmental authorities.

j) For purposes of this MOTLEY RICE-ETHICON Settlement Escrow Agreement, a "business day" shall mean a day (other than a Saturday, a Sunday or other public holiday) on which banks are open for general business in New York City.

k) Any court order presented hereunder shall be accompanied by a legal opinion satisfactory to the Escrow Agent to the effect that said order is final and non-appealable. The Escrow Agent shall act on such court order and legal opinion without further question.

l) Notice to the parties shall be given as provided in Schedule A annexed hereto.

m) The provisions of this Article First shall survive the termination or expiration of this MOTLEY RICE-ETHICON Settlement Escrow Agreement or the removal or resignation of the Escrow Agent.

**ARTICLE SECOND**: The Escrow Agent shall make payments of income earned on the escrowed property as provided in Schedule A annexed hereto. Each such payee shall

provide to the Escrow Agent an appropriate W-9 form for tax identification number certification or a W-8 form for non-resident alien certification. The Escrow Agent shall be responsible only for income reporting to the Internal Revenue Service with respect to income earned on the escrowed property.

a) The Parties acknowledge that they are solely responsible for, and that neither Citibank nor any of its affiliates have any responsibility for, any party's compliance with any laws, regulations or rules applicable to the use of the services provided by Citibank under this MOTLEY RICE-ETHICON Settlement Escrow Agreement, including, but not limited to, any laws, regulations or rules, in such party's jurisdiction or any other jurisdiction, relating to tax, foreign exchange and capital control, and for reporting or filing requirements that may apply as a result of such party's country of citizenship, domicile, residence or taxpaying status.

b) Citigroup, Inc., its affiliates, and its employees are not in the business of providing tax or legal advice to any taxpayer outside of Citigroup, Inc. and its affiliates. This MOTLEY RICE-ETHICON Settlement Escrow Agreement and any amendments or attachments are not intended or written to be used, and cannot be used or relied upon, by any such taxpayer or for the purpose of avoiding tax penalties. Any such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

**ARTICLE THIRD:** The Escrow Agent may, in its sole discretion, resign and terminate its position hereunder at any time following 30 calendar days' written notice to the Parties. Any such resignation shall terminate all obligations and duties of the Escrow Agent hereunder. On the effective date of such resignation, the Escrow Agent shall deliver this MOTLEY RICE-ETHICON Settlement Escrow Agreement together with any and all related instruments or documents to any successor escrow agent agreeable to the Parties, subject to this MOTLEY RICE-ETHICON Settlement Escrow Agreement herein. If a successor escrow agent has not been appointed prior to the expiration of 30 calendar days following the date of the notice of such resignation, the then acting Escrow Agent may petition the Court for the appointment of a successor escrow agent, or other appropriate relief. Any such resulting appointment shall be binding upon all of the parties to this MOTLEY RICE-ETHICON Settlement Escrow Agreement.

**ARTICLE FOURTH:** The Escrow Agent shall receive the fees provided in Schedule B annexed hereto. In the event that such fees are not paid to the Escrow Agent within 30 calendar days of presentment to the party responsible for such fees as set forth in said Schedule B, then the Escrow Agent may pay itself such fees from the property held in escrow hereunder. Once fees have been paid, no recapture or rebate will be made by the Escrow Agent. The provisions of this Article Fourth shall survive the termination or expiration of this MOTLEY RICE-ETHICON Settlement Escrow Agreement or the removal or resignation of the Escrow Agent.

**ARTICLE FIFTH:** Any modification of this MOTLEY RICE-ETHICON Settlement Escrow Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto.

**ARTICLE SIXTH:** In the event funds transfer instructions are given (other than in writing at the time of execution of this MOTLEY RICE-ETHICON Settlement Escrow Agreement), whether in writing, by telecopier or otherwise, the Escrow Agent is authorized to seek confirmation of such instructions by telephone call back to the person or persons designated in Schedule A annexed hereto, and the Escrow Agent may rely upon the confirmations of anyone purporting to be the person or persons so designated. To assure accuracy of the instructions it receives, the Escrow Agent may record such call backs. If the Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it will not execute the instruction until all issues have been resolved. The persons and telephone numbers for call backs may be changed only in writing actually received and acknowledged by the Escrow Agent. The Parties agree to notify the Escrow Agent of any errors, delays or other problems within 30 calendar days after receiving notification that a transaction has been executed. If it is determined that the transaction was delayed or erroneously executed as a result of the Escrow Agent's error, the Escrow Agent's sole obligation is to pay or refund such amounts as may be required by applicable law. Any claim for interest payable will be at the Escrow Agent's published savings account rate in effect in New York, New York.

**ARTICLE SEVENTH:** This MOTLEY RICE-ETHICON Settlement Escrow Agreement shall be governed by the law of the State of New York in all respects. The parties hereto irrevocably and unconditionally submit to the jurisdiction of the Court in connection with any proceedings commenced regarding this MOTLEY RICE-ETHICON Settlement Escrow Agreement, including but not limited to, any interpleader proceeding or proceeding for the appointment of a successor escrow agent the Escrow Agent may commence pursuant to this MOTLEY RICE-ETHICON Settlement Escrow Agreement, and all parties irrevocably submit to the jurisdiction of such Court for the determination of all issues in such proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue of inconvenient forum.

**ARTICLE EIGHTH:** This MOTLEY RICE-ETHICON Settlement Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same MOTLEY RICE-ETHICON Settlement Escrow Agreement. Facsimile signatures or signatures transmitted by electronic exchange of PDF files on counterparts of this MOTLEY RICE-ETHICON Settlement Escrow Agreement shall be deemed original signatures with all rights accruing thereto.

**ARTICLE NINTH:** The Escrow Agent shall not incur any liability for not performing any act or fulfilling any obligation hereunder by reason of any occurrence beyond its control (including, but not limited to, any provision of any present or future law or regulation or any act of any governmental authority, any act of God or war or terrorism, or the unavailability of the Federal Reserve Bank wire services or any electronic communication facility).

**ARTICLE TENTH:** To help the U.S. Government fight the funding of terrorism and money laundering activities and to comply with Federal law requiring financial institutions to obtain, verify and record information on the source of funds deposited to

an account, the Parties agree to provide the Escrow Agent with the name, address, taxpayer identification number, and remitting bank for all parties depositing funds at Citibank pursuant to the terms and conditions of this MOTLEY RICE-ETHICON Settlement Escrow Agreement. For a non-individual person such as a business entity, a charity, a trust or other legal entity, the Escrow Agent will ask for documentation to verify its formation and existence as a legal entity. The Escrow Agent may also ask to see financial statements, licenses, identification and authorization documents from individuals claiming authority to represent the entity or other relevant documentation.

**ARTICLE ELEVENTH:** Notwithstanding anything to the contrary herein, any and all e-mail communications (both text and attachments) by or from the Escrow Agent that the Escrow Agent deems to contain confidential, proprietary, and/or sensitive information shall be encrypted. The recipient (the "E-mail Recipient") of the encrypted email communication will be required to complete a registration process. Instructions on how to register and/or retrieve an encrypted message will be included in the first secure email sent by the Escrow Agent to the E-mail Recipient. Additional information and assistance on using the encryption technology can be found at Citibank's Secure Email website at:

https://securemailserver.citigroup.com/index_en_us.html

or by calling ( 

**ARTICLE TWELFTH:** No printed or other material in any language, including prospectuses, notices, reports, and promotional material which mentions "Citibank" by name or the rights, powers, or duties of the Escrow Agent under this MOTLEY RICE-ETHICON Settlement Escrow Agreement shall be issued by any other parties hereto, or on such party's behalf, without the prior written consent of the Escrow Agent.

[The remainder of this page is intentionally blank.]

In witness whereof the parties have executed this MOTLEY RICE-ETHICON Settlement Escrow Agreement as of the date first above written. If a date is not referenced in the opening paragraph, the date of this MOTLEY RICE-ETHICON Settlement Escrow Agreement shall be the date this MOTLEY RICE-ETHICON Settlement Escrow Agreement is accepted by Citibank, N.A. as set forth below.



For additional signers, attach signature pages as needed.

## Schedule A

This "**Schedule A**" is the Schedule A referred to in the MOTLEY RICE-ETHICON Settlement Escrow Agreement dated ▇▇▇▇▇ (the MOTLEY RICE-ETHICON Settlement Escrow Agreement, including this schedule and any other schedules and/or exhibits attached hereto, all of the terms and conditions of which are incorporated herein by reference, in each case as amended and/or supplemented from time to time in accordance with the terms hereof, the "**MOTLEY RICE-ETHICON Settlement Escrow Agreement**") by and among Motley Rice LLC ("**Lead Counsel**") and Ethicon, Inc. ("**Defendant**") (Lead Counsel and Defendant, collectively the "**Parties**"); and Citibank, N.A. (the "**Escrow Agent**"). For purposes of this MOTLEY RICE-ETHICON Settlement Escrow Agreement, references to the Parties herein shall mean each of Lead Counsel and Defendant or their duly authorized signatories.

**WHEREAS**:

A.  Defendant and Lead Counsel have entered into a Master Settlement Agreement on behalf of certain identified Plaintiffs, dated as of ▇▇▇▇▇, (the Master Settlement Agreement, together with any duly authorized amendments or supplements, collectively, the "**Settlement Agreement**") pursuant to which Plaintiffs' claims will be settled and resolved;

B.  

C.  The Settlement Agreement provides for the establishment of the Escrow Account to facilitate the payment of Individual Plaintiff Settlement Amounts, Administrative Expenses, Tax Expenses, and attorneys' fees;

D.  Garretson Resolution Group is the lien administrator for the Settlement;

E.  Ankura is Claims Administrator for the Settlement;

F.  Epiq Class Action & Claim Solutions is the QSF Administrator.

G.  Lead Counsel has applied for a taxpayer identification number ("**TIN**") for the Escrow Account under the name "**MOTLEY RICE-ETHICON Qualified Settlement Fund**" and ▇▇▇▇▇ and

H.  Lead Counsel and Defendant have agreed to appoint Citibank, N.A. as the Escrow Agent for the Settlement, and Citibank, N.A. is willing to act as Escrow Agent for the Escrowed Funds (as herein defined) to be deposited with Citibank hereunder in accordance with the terms and conditions of the MOTLEY RICE-ETHICON Settlement Escrow Agreement.

I.  **Description of Transaction**

The Parties hereto hereby appoint Citibank, N.A. as the Escrow Agent for the Escrowed Funds (as hereinafter defined) and direct Citibank, N.A., as the Escrow Agent, to open and maintain the Escrow Account, upon the terms and conditions set forth in this MOTLEY RICE-ETHICON Settlement Escrow Agreement. Citibank, N.A. hereby accepts such appointment as the Escrow Agent for the Escrowed Funds and agrees to open and maintain the Escrow Account and to act as the Escrow Agent for the Escrowed Funds upon the terms and conditions set forth in this MOTLEY RICE-ETHICON Settlement Escrow Agreement.



The amount of all deposits in the Escrow Account, any interest, net realized gains and other earnings accrued on such deposits, minus any distributions therefrom hereunder are collectively referred to as the "**Escrowed Funds**". The Escrow Agent shall have no duty to solicit the delivery of any property into the Escrow Account.

The Escrow Agent is not a party to any other provisions, covenants or agreements as may exist between Lead Counsel and Defendant concerning the Escrowed Funds and shall not distribute or release the Escrowed Funds except in accordance with the express terms and conditions of this Motley Rice-Ethicon Settlement Escrow Agreement.

II.  **Investment Instructions**

Unless instructed otherwise in writing by Lead Counsel and Ethicon, the Escrow Agent shall hold the Escrowed Funds in United States Dollars in the Escrow Account and invest the Escrowed Funds in the following:

An interest-bearing deposit obligation of Citibank, N.A. insured by the Federal Deposit Insurance Corporation ("**FDIC**") to the applicable limits.

The Escrow Agent is authorized to establish an interest-bearing transaction account for the Escrowed Funds and to transfer cash balances between the Escrow Account and its respective interest bearing transaction account as necessary to facilitate transactions as contemplated by this MOTLEY RICE-ETHICON Settlement Escrow Agreement.

The Escrow Agent shall collect and reinvest all interest accrued thereon as provided herein. The Escrowed Funds shall at all times remain available for distribution

as may be instructed in writing as set forth herein.

**III.     Disbursement Instructions**



   Defendant shall have a reversionary interest in the Escrow Account for any amounts remaining in the Escrow Account after all disbursements have been paid. Any interest earned on the Escrowed Funds will be used to pay any outstanding Tax Expenses, Escrow Agent Fees or Administrative Expenses prior to reverting to Ethicon. Lead Counsel and Defendant will provide joint written instructions to the Escrow Agent for any amounts to be returned to Defendant.

## IV.  Tax Information

The Parties hereto agree that the Settlement Fund, of which the Escrow Account is a part, is intended to be a Qualified Settlement Fund within the meaning of U.S. Treasury Regulation §1.468B-1, *et seq.*, and Lead Counsel, as administrator of the Settlement Fund within the meaning of U.S. Treasury Regulation §1.468B-2(k)(3), shall be responsible for causing the filing of tax returns and any other tax reporting for the Settlement Fund and the payment from the Settlement Fund of any Tax Expenses owed with respect to the Settlement Fund. The Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and the Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest date possible. The Escrow Agent shall use the obtained taxpayer identification number [REDACTED] for the Escrow Account, which shall be titled "**MOTLEY RICE-ETHICON Qualified Settlement Fund.**" A W-9 for the MOTLEY RICE-ETHICON Qualified Settlement Fund shall be provided to the Escrow Agent upon execution of this MOTLEY RICE-ETHICON Settlement Escrow Agreement.

## V.  Termination of the Escrow Account

Unless otherwise agreed to in writing, this MOTLEY RICE-ETHICON Settlement Escrow Agreement, the duties of the Escrow Agent and the Escrow Account shall automatically terminate upon the payment in full by the Escrow Agent of the Escrowed Funds as directed herein.

## VI.  Modification

Any modification of this Schedule A shall be binding only if evidenced by a writing signed by each of the parties hereto.

## VII.  Notices

Any notice or other communication required or permitted to be delivered to any party under this MOTLEY RICE-ETHICON Settlement Escrow Agreement shall be in writing and shall be deemed properly delivered, given and received when delivered (by hand, by registered mail, by courier or express delivery service or by facsimile) to the address or facsimile telephone number set forth beneath the name of such party below (or to such other address or facsimile telephone number as such party shall have specified in a written notice given to the other parties):





### VIII. Account Statements and Advices



### IX.