Exhibit 3

No. 19-1224(L)

In The

# United States Court of Appeals for the Fourth Circuit

In re: ETHICON, INC., Pelvic Repair System Products Liability Litigation

_____

KLINE & SPECTER, P.C.,

Appellant,

v.

COMMON BENEFIT FEE AND
COST COMMITTEE,

Appellee.

_____

**On Appeal from the United States District Court
For the Southern District of West Virginia
Civil Case No. 2:12-md-02327
Honorable Joseph R. Goodwin, District Judge**

_____

**APPELLEE'S MOTION
TO DISMISS CONSOLIDATED APPEALS**

_____

BENJAMIN L. BAILEY
RAYMOND S. FRANKS II
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
304-345-6555
bbailey@baileyglasser.com
rfranks@baileyglasser.com
*Counsel for Appellee*

April 2, 2019

## INTRODUCTION

On January 30, 2019, Judge Goodwin, having presided for nearly nine years over one of the largest cases in this nation's history — seven multidistrict litigation ("MDL") proceedings involving allegedly defective pelvic mesh products consisting of over 100,000 individual claimants — entered an Order approving a Common Benefit Fund for attorney fee awards that is likely to exceed $500 million. That sum, while daunting in its sheer size, amounts to a modest five percent of the more than $11 billion estimated to be recovered through settlements and judgments in the seven MDLs, and it will ultimately be shared by more than ninety law firms that made enormous investments of time and money for the common benefit of the MDLs' plaintiff-victims.

Plaintiffs' leadership submitted an agreed Management Order to Judge Goodwin near the outset of the proceedings in 2012, which includes a waiver of any right to appeal any potential award of attorney fees as a condition of being designated "Participating Counsel," and thus eligible to perform work that may ultimately be considered for compensation from any potential common benefit fund. Judge Goodwin signed and entered the agreed Management Order, providing that no matter what attorney fee and litigation expense awards — if any — he ultimately ordered, "Participating Counsel knowingly and expressly *waive any right to appeal* those decisions or the ability to assert the lack of enforceability of this Agreed Order or to otherwise challenge its adequacy." ECF No. 282, *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2327, 2:10-md-02327 (S. D. W. Va. Oct. 4, 2012), at 6 (emphasis added). A copy of the Management Order is attached as **Exhibit A**.

Appellant Kline & Specter, P.C., is a Participating Counsel within the definition of the Management Order and is expressly subject to and bound by the Management Order, and it has

1

not pretended otherwise. Appellant has nonetheless ignored the binding waiver to which it freely and willingly agreed, and it has taken this appeal of Judge Goodwin's fee award. Appellant seeks to press its objection that was rejected below, in which it argued that the district court's award of attorney fees that it will share should be reduced. Of the hundreds of law firms representing over 100,000 plaintiffs in this litigation, and over ninety firms seeking common benefit reimbursement, Appellant is alone in its objection.

Whatever the reason for this appeal, Appellant's argument should not be countenanced. FCC thus respectfully moves the Court to enforce the appeal waiver as written and dismiss these consolidated appeals. FCC further requests that, in the interests of judicial efficiency and economy, the Court enter an order suspending the briefing schedule pending its decision on this Motion.

## I. BACKGROUND

The Management Order set forth procedures, guidelines, and limitations for law firms' submissions of applications for reimbursement of common benefit fees and expenses.[1] Prior to its submission to Judge Goodwin, the Management Order was reviewed and approved by the Court-appointed Plaintiffs' Steering Committee, of which Appellant is a member. ECF No. 120, *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2327, 2:10-md-02327 (S. D. W. Va. April 17, 2012), at 4, 13. A copy of the district court's Order appointing Lee Balefsky of Kline & Specter to the Plaintiffs' Steering Committee is attached as **Exhibit B**.

The Management Order provides, in pertinent part:

---

[1] The Management Order was entered as a pretrial order in each of the seven individual MDLs: *Bard* MDL 2187, PTO # 54 [ECF No. 365]; *AMS* MDL 2325, PTO # 20 [ECF No. 303]; *BSC* MDL 2326, PTO # 17 [ECF No. 212]; *Ethicon* MDL 2327, PTO # 18 [ECF No. 282]; *Coloplast* MDL 2387, PTO # 6 [ECF No. 15]; *Cook* MDL 2440, PTO # 11 [ECF No. 43]; and *Neomedic* MDL 2511, PTO # 20 [ECF No. 78].

> "Participating counsel" are counsel who subsequently desire to be considered for common benefit compensation and as a condition thereof agree to the terms and conditions herein and acknowledge that the court will have ***final, non-appealable*** authority regarding the award of fees, the allocation of those fees and awards for cost reimbursements in this matter. Participating counsel have (or will have) agreed to and therefore will be bound by the court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and the Participating Counsel ***knowingly and expressly waive any right to appeal*** those decisions or the ability to assert the lack of enforceability of this Agreed Order or to otherwise challenge its adequacy.

**Exhibit A** at 5-6 (emphasis added). Neither Appellant nor any other party or law firm asserted any timely objection or challenge to the October 4, 2012 Management Order, or to any of its terms or provisions.

On January 15, 2016, Judge Goodwin entered a follow-up Order establishing the FCC and appointing nine persons to serve its purposes. *See* ECF No. 1845, *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2327, 2:12-md-02327 (S. D. W. Va. Jan. 15, 2016). A copy of the FCC Order is attached as **Exhibit C**.[2] The FCC was tasked with reviewing and managing applications for reimbursement of common benefit fees and expenses.

Judge Goodwin's common benefit Award — the direct object of this purported appeal — provides a thorough, yet concise, overview of the history of the pelvic mesh litigation generally, as well as the work performed by certain counsel for the common benefit of all pelvic mesh plaintiffs. *See* ECF No. 7519, *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2327, 2:12-md-02327 (S. D. W. Va. Jan. 30, 2019), at 3-8. A copy of the Award is attached as

---

[2] As with the Management Order, the FCC Order was entered in each of the seven individual MDLs: *Bard* MDL 2187, PTO # 207 [ECF No. 1744]; *AMS* MDL 2325, PTO # 204 [ECF No. 204]; *BSC* MDL 2326, PTO # 136 [ECF No. 1289]; *Ethicon* MDL 2327, PTO # 211 [ECF No. 1845]; *Coloplast* MDL 2387, PTO # 85 [ECF No. 441]; *Cook* MDL 2440, PTO # 71 [ECF No. 414]; and *Neomedic* MDL 2511, PTO # 23 [ECF No. 85].

**Exhibit D**.³ Judge Goodwin's Order encapsulating the Award supplies the factual and legal rationales underlying the court's decision to accept the FCC's recommendations concerning common benefit attorney fees and expenses. *See* **Exhibit D** at 10-21. Nearly 100 law firms applied for a portion of the Award. Of all those firms, and all of the hundreds of firms that represent the more than 100,000 plaintiffs in this litigation, Appellant is the only one that seeks to appeal Judge Goodwin's non-appealable Order.

## II. ARGUMENT

Because Appellant knowingly waived any right to appeal the Award, its express waiver should be enforced and this appeal dismissed. Federal appellate courts routinely dismiss appeals as waived under similar circumstances. *See, e.g.*, *MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 827–28 (10th Cir. 2005); *In re Lybarger,* 793 F.2d 136, 137 (6th Cir.1986); *Brown v. Gillette Co.*, 723 F.2d 192, 192-93 (1st Cir.1983); *Goodsell v. Shea,* 651 F.2d 765, 767 (C.C.P.A.1981); *Slattery v. Ancient Order of Hibernians in America, Inc.*, No. 97-7173, 1998 WL 135601, at *1 (D.C. App. 1998).

In *1651 North Collins Corp. v. Laboratory Corp. of America*, the court of appeals noted that "[j]ust as parties to civil litigation may agree to resolve a dispute out of court, they may also consent to making a trial court's determination final and waiving their right to appeal." 529 Fed. App'x 628, 631 (6th Cir. 2013);⁴ *accord* 15A Charles Alan Wright *et al.*, *Federal Practice and*

---

³ The Common Benefit Award was entered in each of the pelvic mesh MDLs: *Bard* MDL 2187 PTO # 298 [ECF No. 6986]; *AMS* MDL 2325 PTO # 273 [ECF No. 7122]; *BSC* MDL 2326 PTO # 201 [ECF No. 7758]; *Ethicon* MDL 2327, PTO # 327 [ECF No. 7519]; *Coloplast* MDL 2387 PTO # 148 [ECF No. 2337]; *Cook* MDL 2440 PTO # 86 [ECF No. 691]; and *Neomedic* MDL 2511 PTO # 39 [ECF No. 198].

⁴ While recognizing this general rule that has been observed and applied in many circuit courts, the Sixth Circuit in *1651 North Collins Corp.* concluded that the ambiguous language of

4

*Procedure* § 3901 (2d ed.1992).  In *Goodsell*, *supra*, the Court of Customs and Patent Appeals dismissed the appeal based on an express appeal waiver, observing that

> It is common practice for parties in litigation to agree among themselves to be bound by the determination of a specific tribunal and not to prosecute an appeal…. In light of the public policy mandate that disputing parties should be encouraged to resolve their disputes through negotiation rather than litigation and, furthermore, should have a right to control their own litigious destinies to the extent of deciding not to pursue appellate review by accepting the decision of a specified tribunal as final and thereby avoiding protracted litigation involved in an appeal, agreements not to appeal should not be simply ignored.
>
> The great weight of authority favors enforceability of agreements not to appeal from a decision of a specified tribunal.... Such agreements have been honored by barring appellate review proceedings taken in violation of the agreement.

651 F.2d at 767.

That the Management Order binds Appellant here cannot reasonably be disputed.  From January 2012 through December 2016, Appellant submitted time and expenses for consideration as compensable common benefit in its role as "Participating Counsel."  Every firm that submitted time and expenses for reimbursement expressly agreed and acquiesced to, as a condition to consideration of its application, the district court's final authority in the matter.  Indeed, in the briefing of its objection below, Appellant acknowledged the Management Order's provision rendering the Award non-appealable on the basis of its knowing, express waiver.  *See* ECF No. 7242, *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2327, 2:12-md-02327 (S. D. W. Va. Nov. 26, 2018), at 5.

Moreover, Appellant is a member of the court-appointed Plaintiffs' Steering Committee, whose representatives endorsed and signed the agreed Management Order after consultation and approval with all members.  *See* **Exhibit A** at 15; **Exhibit B** at 4 and 13.  As the district court

---

the agreement at issue there did not amount to an explicit waiver.  Here, there is no ambiguity that Appellant expressly and knowingly waived any right to appeal.

5

recognized, "[e]very member of the PSC approved this Management Order, and the Management Order was entered in the seven MDLs." **Exhibit D** at 7.

The First Circuit explained in *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 531 (1st Cir.1993), that "nothing prevents a party from consenting by stipulation or contract not to pursue a specific issue on appellate review." Appellant knowingly and expressly waived any right to appeal any award of common benefit fees or expenses, as well as any right to otherwise challenge the adequacy or enforceability of the Management Order. The district court reaffirmed in making the Award: "As K&S correctly acknowledges in its response . . . the Agreed Order provides that the decision by this court would be final and non-reviewable." **Exhibit D** at 22.

Appellant's sole justification below for challenging the Award was that it "believed that this would be a fair and transparent process and the work [it] performed would be justly compensated." *See* ECF 7242, *In re Ethicon*, *supra*, at 5. In essence, Appellant contends that it agreed to waive its right to appeal based on its belief that the eventual allocation of common benefit fees would be acceptable, but would not have agreed to the waiver had it known in advance the ultimate outcome of the allocation (which had not yet been determined at the time of the Award on appeal). That argument is invalid on its face, as the possibility that Judge Goodwin would not exercise his discretion in the manner Appellant would prefer is precisely the risk that it expressly assumed by electing to participate in the Common Benefit Fund.

The obvious purpose of the appellate waiver in the Management Order was to avoid expensive and prolonged disputes with disgruntled or disappointed attorney fee applicants. At least one sister circuit has endorsed the well-established principle that a "'request for attorneys' fees should not result in a second major litigation.'" *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). Based

6

on this desire for finality and avoidance of a "second major litigation" over attorney fees, Appellant — and every other applicant firm seeking common benefit attorney fees — "knowingly and expressly" agreed to waive any right to appeal in order to be considered for potential common benefit fee compensation. This knowing and express waiver of the right to appeal is not somehow obviated because Appellant did not get its way, or because the outcome was not what Appellant expected. Indeed, the appeal waiver was plainly intended to avoid the sort of unnecessary delay and expense that this purported appeal embodies.

Appellant's precise point was soundly rejected in *Brown v. Gillette Co.*, 723 F.2d 192 (1st Cir.1983), as the court dismissed the appeal based on the defendant's express agreement that the trial court's determination of the issue of damages would be final, binding, and non-appealable:

> Notwithstanding this [appeal waiver] language, Gillette contends that it is entitled to appeal from the damages award made here, arguing that the award is based on an incorrect interpretation of the matter before the court and the parties' agreement relative thereto, and that the waiver does not preclude an appeal from such arbitrary decision-making.
>
> We hold that Gillette is bound by the waiver. As we have stated, "[t]hose who give up the advantage of a lawsuit in return for obligations contained in a negotiated decree, rely upon and have a right to expect a fairly literal interpretation of the bargain that was struck and approved by the court." *AMF, Inc. v. Jewett,* 711 F.2d 1096, 1101 (1st Cir.1983). This principle extends to clauses waiving the right to appeal. *Goodsell v. Shea,* 651 F.2d 765, 767 (Cust. & Pat.App.1981); *cf. Payne v. SS Tropic Breeze,* 423 F.2d 236, 238 & n. 4 (1st Cir.1970).... Gillette agreed to waive any right to appeal from the district court's determinations of the named plaintiffs' claims.

*Id.* at 192-93.

Similarly, the Sixth Circuit dismissed an appeal of the district court's attorney fee award based on the parties' agreement, incorporated in a consent order, that the trial court's fee determination would be final and non-appealable. *See In re Lybarger,* 793 F.2d 136 (6th Cir. 1986). The appellate panel in *Lybarger* disallowed the plaintiff's attempt to circumvent the appeal

7

waiver through the contention that the district court had acted unlawfully and arbitrarily in making its fee award, stating instructively:

> Plaintiff also argues that even if the settlement agreement constitutes a valid waiver of her right to appeal, the parties premised the Consent Decree on the assumption that the District Court would rule in accordance with applicable law and would not act arbitrarily. Plaintiff claims the District Court acted arbitrarily and capriciously in denying the supplemental motion for payment of attorneys' fees without stating any reasons for its decision. Even assuming that the District Court acted arbitrarily and capriciously, we hold that plaintiff assumed the risk of an unreviewable decision in agreeing to submit the matter to the District Court for a final and nonappealable decision.

*Id.* at 138-39.

This Court has not hesitated to uphold appeal waivers, even those entered into in criminal proceedings. *See, e.g.*, *United States v. Penland*, 370 Fed. App'x 381, 383 (4th Cir. 2010) (waiver of appeal in plea to criminal charges provided basis for dismissal of appeal); *accord United States v. Odoffin*, 717 Fed. App'x 365 (4th Cir. 2018); *United States v. Alexander*, 694 Fed. App'x 205 (4th Cir.2017); *United States v. Hodza*, 650 Fed. App'x 167 (4th Cir.2016); *United States v. Burleigh*, 467 Fed. App'x 163 (4th Cir.2012). If a federal criminal defendant can waive the right to appeal when constitutional concerns such as liberty and punishment are at stake, then surely a sophisticated law firm well-versed in the relevant aspects of civil litigation may waive its right to appeal a court's decision regarding an award of attorneys' fees.[5]

Reminiscent of the unsuccessful attempts at appeal in *Goodsell*, *Brown*, *Lybarger*, and in myriad other cases, Appellant expressly agreed that the Award entered in this matter would be

---

[5] In dismissing the plaintiff's claims based on an agreed waiver of judicial review, the court in *Ziyad Mini Market v. U.S.*, 302 F. Supp. 2d 124, 126 (W.D.N.Y. 2003), observed "Plaintiff does not appear to contend that the waiver itself is invalid or unenforceable, and certainly a knowing and voluntary waiver of one's rights will generally be upheld…. Indeed, even in criminal cases, in which courts are particularly careful to safeguard defendants' rights, knowing and voluntary waivers of the right to appeal as part of a plea agreement are 'regularly enforced.'" (internal citations omitted).

8

final and non-reviewable, having "knowingly and expressly" waived its right of appeal. Like the arguments rejected in *Brown* and *Lybarger*, any contention here that Judge Goodwin's decision was unanticipated, unfair, or contrary to law must be unavailing. As the Sixth Circuit foretold in *Lybarger*, Appellant voluntarily assumed the risk of an unpalatable decision by agreeing to relinquish to the district court all discretion concerning the award of common benefit attorney fees and expenses.[6]

### III. CONCLUSION

Appellant is bound by the Management Order's express appeal waiver providing that Judge Goodwin's determination of attorney fees and litigation expenses would be final and non-reviewable. This appeal should therefore be dismissed. Given that dismissal is strongly indicated, the FCC asks the Court to conserve its resources and those of the parties by suspending the briefing schedule pending final resolution of this Motion.

---

[6] In *Ziyad Mini Market*, *supra* note 5, the district court rejected the plaintiff's argument that he could not have anticipated certain event subsequent to execution of the waiver, observing that such argument "has no bearing on the fact that plaintiff knowingly waived his right to judicial or administrative review of the penalty imposed by [the government]." *Id.* at 127. Instructively, the court there further observed "[h]ad plaintiff wanted a[n]… exception, he could have insisted that one be included in the agreement. He did not." *Id.* at 128.

9