IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                MDL NO. 2327

---

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 255**
**MEMORANDUM OPINION AND ORDER**
(Re: Allocation Order
– Second Round)

      On July 25, 2019, I entered my Memorandum Opinion and Order Re: Allocation Order for the initial round of common benefit submissions, ordering that all common benefit fees collected prior to July 25, 2019 be allocated in accordance with my order (the "first round"), but I further ordered 30% of all money collected after entry of my July 25, 2019 order to be withheld for evaluation for common benefit compensation for any work performed after the December 21, 2016 cut-off date (the "second round"). The Fee and Cost Committee ("FCC") has now performed its review of the work performed for the period of December 21, 2016, through December 30, 2020, and has recommended an allocation with respect to the 30% of withheld money for post-December 21, 2016, common benefit work performed. The External Review Specialist has made his Recommended Allocation for this second-round work.

      I am in receipt of the FCC's Final Written Recommendation, with the External Review Specialist's Recommended Allocation for distribution of the common benefit fund for the period of December 21, 2016, through December 30, 2020. [ECF Nos. 9220; 9221]. These recommendations have been made in response to this court's Order finding that a 5% holdback

1

of the plaintiffs' total recoveries was reasonable for compensating plaintiffs' attorneys for common benefit work ("Fee Award Order") as well as the Court's prior Allocation Order ordering 30% of money collected after July 25, 2019, to be considered for compensation for common benefit work performed after the December 21, 2016, cut-off date. PTO # 327 [ECF No. 7519]. I hereby **INCORPORATE BY REFERENCE** my Fee Award Order entered on January 30, 2019; my prior Allocation Order and my Judgment Order Re: Allocation Order.

As I did with the first round allocation, I have carefully reviewed the FCC's Final Written Recommendation for the second round and the External Review Specialist's suggested modifications to the FCC's recommendation, as well as the single objection thereto. Due to the substantial sum of money remaining to be distributed, as well as the large number of hours claimed in this second round, I have also paid careful attention to all of the documents submitted by the FCC for my *in camera* review. Those documents confirm what I have said before: "Members of the FCC were major contributors to, and claimants of, the monies contributed to the common benefit fund." That being true, their "diverse and competing interests offered a large measure of mutually assured fairness to the process" — a process "that was structurally designed for transparency and equitable distribution of common benefit fund moneys." [ECF No. 8453, at 2–3]. The FCC took a careful look at all of the more than 138,000 hours claimed in this round and determined that less than half of those hours had contributed to the common benefit of these cases. After this second round allocation review, I remain convinced that this process has been fair and equitable.

I **FIND** the recommended distribution to be fair and reasonable. I hereby **ADOPT** and **INCORPORATE BY REFERENCE** the FCC's Final Written Recommendation for the second round as submitted by the FCC, and as adjusted after consideration by the Honorable Daniel J. Stack, Retired, External Review Specialist, pursuant to the protocol agreed to by the parties and

ordered by me. I **OVERRULE** the objection [ECF No. 9223] and **ORDER** the distribution as recommended in Judge Stack's modification to the FCC's Final Written Recommendation. [ECF No. 9220]. I **ORDER** the chairman of the FCC to direct the accounting firm holding the fund to distribute the 30% of common benefit monies received that were withheld for purposes of common benefit work and expenses incurred after the December 21, 2016, cut-off to pay expenses according to Judge Stack's "Recommended Allocation of Expenses" and to disperse the remaining money in the 30% of common benefit monies received that were withheld for purposes of common benefit work and expenses incurred after the December 21, 2016, cut-off on deposit as of August 19, 2022, according to Judge Stack's "Recommended Allocation of Fees." [ECF No. 9220]. The common benefit fund is held by Smith Cochran & Hicks in seven different MDL accounts, which taken together are considered by me, and referred to by the FCC, as the common benefit fund.

     This extraordinarily large group of multidistrict litigations required unprecedented coordination and cooperation among and between the leadership counsel and those other lawyers who performed work for the common benefit of each of the individual plaintiffs. I entered the Order Establishing Criteria for Applications to . . . MDL Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit and Appointment of Common Benefit Fee and Cost Committee ("Appointment Order") on January 15, 2016, which "identif[ied] a process and committee" (the FCC) for determining common benefit fund allocations. PTO # 211 [ECF No. 1845]. I hereby **INCORPORATE BY REFERENCE** the Appointment Order that I entered on January 15, 2016. The FCC, tasked with making fee award recommendations for common benefit work, included lawyers in law firms representing or substantially responsible for the resolution of approximately 75% of the more than 100,000 cases filed in the seven MDLs assigned to me.

I entered the Fee Committee Protocol ("Protocol Order"), PTO # 262, on June 23, 2017, which established more specific procedures assuring procedural fairness in making claims against the common benefit fund [ECF No. 4044]. I hereby **INCORPORATE BY REFERENCE** the Protocol Order that I entered on June 23, 2017. That Order specified the tasks required of each attorney claimant, set a December 21, 2016, cut-off date for submitting common benefit time and expense records for the first round of common benefit submissions, outlined the procedural steps for making claims, and provided structural steps to guide the FCC's performance of its duties. *Id*. This order relates to the common benefit submissions since the cut-off date.

As I observed with respect to the first round allocation, the Protocol Order provided procedural guidance to claimants that assured fairness by offering multiple opportunities for each claimant to refine their claims, to object to preliminary conclusions, to advocate for changes, and to object to the penultimate recommendation of the FCC. These same opportunities were provided to common benefit claimants during this second round process. As in the first round, each firm seeking common benefit compensation was able to pursue its objections by requesting a further evaluation from Judge Stack, who was appointed by me as the External Review Specialist, through written objection to the FCC's Final Written Recommendation. Each firm was then afforded the opportunity to object to the External Review Specialist's final recommendation by appealing to me.

As I observed with respect to the allocation made during the first round, the FCC's substantive determinations of recommended allocation of monies, as adjusted by the External Review Specialist, followed the guidance set forth in part C of the Protocol Order. [ECF No. 4044 at 5-8]. However, as I directed in the Protocol Order, the allocation of the common benefit fund among claimants required an individualized analysis that is guided by more subjective factors. The principal focus of the analysis is on the extent to which a claimant's work contributed to the

overall development and resolution of the mesh litigation in the seven pelvic mesh MDLs. The FCC and Judge Stack properly gave weight to the quality and impact of each claimant's efforts.

The self-audited time and expense records of law firms seeking common benefit compensation were submitted and carefully reviewed by the FCC. These reviews were guided by my court orders and were accompanied by presentations to every member of the FCC. Over 138,000 hours were claimed as time spent for the common benefit during this second round. After the complete review process, the FCC approved roughly 61,000 hours for compensation. [ECF No. 9220, at 33]. As in the round one allocation, MDL leadership and the FCC member firms were treated consistently with all of the non-FCC claimant firms in their claims for compensation.

The FCC's Final Written Recommendation was sent to the External Review Specialist for the purposes of ensuring additional procedural fairness. Judge Stack, the External Review Specialist, has provided his final recommendation to this court. Judge Stack received these finalized materials from the FCC after the FCC's lengthy review. Judge Stack gained significant familiarity with this litigation through his involvement in the first round allocation process. Judge Stack met with the FCC and the Chairperson of the FCC, and he observed the FCC meetings with those common benefit applicant firms who chose to appear where those firms' contributions to and participation in the litigation during the second round were discussed and analyzed. Based on his meetings with the FCC and with the FCC's Chairperson, his review of the materials presented by the applicant firms, and his attendance at each applicant firm's presentation to the FCC, Judge Stack "was able to evaluate the nature and quantity of the work performed by each applicant firm in considering each applicant firm's contribution to the outcome of the litigation." [ECF No. 9220, at 10].

Only two firms objected to the FCC's Final Written Recommendation as submitted to Judge Stack. These objectors were provided another opportunity to present their objections to the

External Review Specialist. Judge Stack considered the objections by the two objecting firms and he addressed their concerns and positions in writing in making his Recommended Allocation. Judge Stack was able to resolve the objections of one of the two objecting firms, leaving only one objector out of 37 firms seeking common benefit compensation.

After Judge Stack finished his recommendation, the FCC's Final Written Recommendation as adjusted by Judge Stack was then provided to the court. There is only one remaining objector.

The remaining objector focuses upon the structure and results of the allocation process which it agreed to several years ago. The objector has had many opportunities to object, including to the FCC, the External Review Specialist, and then to me. The objecting firm previously objected on largely these same grounds to the first round allocation, and I denied the firm's objections to the first round allocation. I would further note that the objecting firm filed an appeal to the Fourth Circuit after I denied its objections, and that the firm's appeal was dismissed. Each of the other appeals related to the first round allocation were also dismissed by the Fourth Circuit. Having considered the objection to Judge Stack's Recommended Allocation for this second round, I again find that it is entirely without merit. The remaining objection [ECF No. 9223] is **DENIED**.

Therefore, the court **ORDERS** that all expenses noted in the External Review Specialist's "Recommended Allocation of Expenses" be dispersed to each firm according to the "Total Expense Reimbursement" column of the recommendation. [ECF No. 9220, at 26]. For the 30% of common benefit monies received that were withheld for purposes of common benefit work and expenses incurred after the December 21, 2016, cut-off, the Court **ORDERS** that the common benefit fund's accounting firm, Smith Cochran & Hicks, to disburse those funds according to the External Review Specialist's "Recommended Allocation of Fees" percentages that are listed

6

under the "External Review Specialist's Recommended Allocation" column of the second round recommendation. [ECF No. 9220, at 24].  As funds continue to be deposited into the common benefit fund, Smith Cochran & Hicks is further **ORDERED** to continue to disburse 70% of the common benefit funds received in accordance with my prior order and to disburse 30% of the common benefit funds received in accordance with the External Review Specialist's "Recommended Allocation of Fees" percentages that are listed under the "External Review Specialist's Recommended Allocation" column of the second round recommendation.

The court issued orders in the seven pelvic mesh MDLs closing the MDLs to new cases. Because I am satisfied that the work that may be claimed for the common benefit in these MDLs was largely concluded as of December 30, 2020, the last date through which the FCC has reviewed any common benefit submissions, I find it unnecessary to have further common benefit submissions or review. The assessment of five percent (5%) on all cases subject to the Agreed Order established by the Court in each of the seven MDL's to create the MDL common benefit fund shall remain in effect. Any common benefit monies to be received after the date of this order shall be paid out in accordance with the terms of this Order, with 70% of those funds to be paid in accordance with my July 25, 2019, Memorandum Opinion and Order Re: Allocation Order and 30% to be paid to firms based on the External Review Specialist's "Recommended Allocation of Fees" percentages that are listed under the "External Review Specialist's Recommended Allocation" column of the second round recommendation. Smith Cochran & Hicks shall notify the Court quarterly and confirm the payment of common benefit funds in accordance with this Order.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at

www.wvsd.uscourts.gov.

ENTER: August 19, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8